TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
JEB OBLAK (State Bar No. 241384)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jggilliland@townsend.com,
mboroumand@townsend.com,
mmchung@townsend.com,
jboblak@townsend.com

Attorneys for Plaintiff and Counterdefendant,
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PSYSTAR CORPORATION,<br><br>　　　　　Defendant. | Case No.　CV 08-03251 WHA<br><br>**APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS PSYSTAR'S COUNTERCLAIMS**<br><br>Date:　　　November 6, 2008<br>Time:　　　8:00 a.m.<br>Courtroom: 9, 19th Floor<br>　　　　　　Honorable William Alsup |
| PSYSTAR CORPORATION,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　Counterdefendant. | |

APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS PSYSTAR'S COUNTERCLAIMS, Case No. CV 08-03251 WHA

1       Apple Inc. ("Apple") hereby respectfully requests that pursuant to Rule 201 of the Federal
2  Rules of Evidence, the Court take judicial notice of the materials set forth below in its determination
3  of Apple's Motion to Dismiss Psystar Corporation's ("Psystar") Counterclaims:
4       1.    "Get a Mac campaign" television/video advertisements incorporated by reference and
5             relied upon in Psystar's Counterclaims (¶¶ 34-35, 42). A true and correct copy of the
6             text of the advertisements in the "Get a Mac" television/video campaign is attached
7             hereto as Exhibit A. Additionally, for reference purposes and convenience of the
8             Court, a true and correct copy of selected videos of ads from the "Get a Mac"
9             television/video campaign is attached hereto in CD format as Exhibit B. Exhibit B is
10            being filed and served manually with the Court because of its format together with a
11            manual filing notification.
12      2.    *Press Release: Google, Apple and Symantec's Customers are the Most Loyal*,
13            Satmetrix, July 11, 2006, available at
14            http://www.satmetrix.com/news/pressrelease_2006-07-11.htm, incorporated by
15            reference and relied upon in Psystar's Counterclaims (¶ 38). A true and correct copy of
16            this press release is attached hereto as Exhibit C.
17      3.    John Markoff, *As Apple Gains PC Market Share, Jobs Talks of a Decade of Upgrades*,
18            N.Y. TIMES, October 22, 2007, reporting Apple's domestic market share in the personal
19            computer market was 8.1% in the third quarter of 2007. A true and correct copy of this
20            article is attached hereto as Exhibit D.
21      4.    John Markoff, *Apple Riding A 51% Jump In Mac Sales*, N.Y. TIMES, April 24, 2008,
22            reporting Apple's domestic market share in the personal computer market was 6% in
23            the first quarter of 2008. A true and correct copy of this article is attached hereto as
24            Exhibit E.
25      5.    Nick Wingfield, *Microsoft Kicks Off Seinfeld Campaign*, WALL ST. J. / WSJ.COM,
26            September 5, 2008, reporting Apple's market share in the personal computer market in
27            the second quarter of 2008 was 7.8%. A true and correct copy of this article is attached
28            hereto as Exhibit F.

## I. THE COURT MAY TAKE JUDICIAL NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN THE PLEADING (CATEGORIES 1-2)

Where a document is incorporated by reference in a complaint, but is not physically attached, the entire document may be considered by the court if it is central to the claim and no party questions its authenticity. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) ("[the incorporation by reference doctrine] permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading,'" quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)); *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953-954 (N.D. Cal. 2007) ("documents referenced in [] complaint … are the proper subjects of judicial notice"); *In re Cornerstone Propane Partners, L.P.*, 355 F. Supp. 2d 1069, 1076-1077 (N.D. Cal. 2005).

Categories 1-2 above seek judicial notice of documents and information referenced in Psystar's counterclaims and are central to the claims asserted by Psystar. True and correct copies of the documents and information are attached (or submitted manually in the case of Exhibit B) for the Court's review and judicial notice.

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF NEWS ARTICLES REPORTING FACTS GENERALLY KNOWN (CATEGORIES 3-5)

Courts may take judicial notice of newspaper articles demonstrating that certain facts are generally known. *See, e.g., Washington Post v. Robinson*, 935 F.2d 282, 291-292 (D.C. Cir. 1991) (holding that under Rule 201, facts were generally known as a result of news articles). Moreover, because numerous market studies cited in news articles have reported Apple's general market share figures, Apple's market share in personal computer market is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201; *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-459 (9th Cir. 1995) (district court did not abuse its discretion by taking judicial notice of facts generally known and reported in newspaper articles or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *County of Santa Clara v. Astra USA, Inc.*, 2006 WL 1344572, 2 (N.D.

APPLE INC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS PSYSTAR'S COUNTERCLAIMS, Case No. CV 08-03251 WHA

2

Cal. 2006) (finding that "[j]udicial notice of news articles from *The Wall Street Journal* and the *Associated Press* is proper when the matter of which "notice is taken is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-821 (C.D. Cal. 1998) (taking judicial notice of press releases and news articles where the contents of the press releases and news articles were "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Categories 3-5 above seek judicial notice of news articles from *The New York Times* and *The Wall Street Journal* generally discussing Apple's market share in the personal computer market. Apple's market share is capable of accurate and ready determination and has been reported in numerous news articles. True and correct copies of two articles found in *The New York Times* and one article found in *The Wall Street Journal* are attached for the Court's review and judicial notice.

DATED: September 30, 2008         Respectfully submitted,

                                  TOWNSEND AND TOWNSEND AND CREW LLP

                                  By:  */s/ James G. Gilliland, Jr.*
                                       JAMES G. GILLILAND, JR.
                                   Attorneys for Plaintiff
                                   APPLE INC.

61533248 v2