Westlaw.

Not Reported in F.Supp.2d                                   Page 1
Not Reported in F.Supp.2d, 2005 WL 2204981 (N.D.Cal.)

C

Only the Westlaw citation is currently available.

United States District Court,N.D. California.

Thomas William SLATTERY, individually, and on behalf of all others similarly situated, Plaintiff(s),

v.

APPLE COMPUTER, INC., Defendant.

**No. C 05-00037 JW.**

Sept. 9, 2005.

Eric J. Belfi, Murray, Frank & Sailer LLP, Jacqueline Sailer, Rabin & Peckel LLP, New York, NY, Marc L. Godino, Michael David Braun, Braun Law Group, P.C., Los Angeles, CA, Roy A. Katriel, The Katriel Law Firm, P.L.L.C., Washington, DC, for Plaintiff(s).

Adam Richard Sand, Esq., Caroline N. Mitchell, Robert A. Mittelstaedt, Tracy Strong, Jones Day, San Francisco, CA, for Defendant.

ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO DISMISS

WARE, J.

### I. INTRODUCTION

**\*1** Plaintiff Thomas William Slattery ("Plaintiff") brings this action on behalf of himself and all other similarly situated to challenge alleged anticompetitive conduct by Defendant Apple Computer, Inc. ("Defendant"), relating to portable hard drive digital music players and legal online sales of digital music. On June 6, 2005, the Court heard arguments on Defendant's Motion to Dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6). Having carefully considered the arguments of the parties and the papers submitted, this Court GRANTS in part and DENIES in part Defendant's Motion.

### II. BACKGROUND

Plaintiff, alleges that at some undisclosed time, he purchased digital music from Defendant's iTunes online music store. (Compl.¶¶ 9, 14.) The music was downloaded to the hard drive of his computer. He admits that he could play the purchased music on his computer and compact disc ("CD") player. (Compl.¶¶ 39, 42.) However, the crux of Plaintiff's complaint is that if he wishes to directly play the downloaded music from iTunes on a portable hard drive digital music player, an iPod is the only product that can play the purchased songs. In this sense, Plaintiff claims he has been forced to buy an iPod. (Compl.¶ 9.)

The Plaintiff alleges that there are two separate relevant markets pertinent to these claims. The first is the market for the legal online sale of digital music. (Compl.¶ 11.) Plaintiff asserts that through its iTunes online music store, Defendant possesses monopoly market power in the legal online sale of digital music. (Compl.¶¶ 20-21.) The second market is portable hard drive digital music players. (Compl.¶ 11.) Plaintiff asserts that through its iPod product, Defendant possesses monopoly market power in the portable hard drive digital music players market.

The Plaintiff has pled a number of Claims that all relate to Defendant's alleged anticompetitive conduct. Primarily, the Plaintiff alleges that Defendant foreclosed iTunes digital music files from being played on any portable hard drive digital music player other than an iPod. Likewise, Defendant foreclosed digital music files downloaded from other online music vendors from being played on the iPod. The Complaint alleges that when it first launched iTunes, Defendant adopted an encoding format, called Advanced Audio Coding ("AAC"), for its digital music files. According to the Plaintiff, this format was an "open-source" format used by many competing vendors and players that would allow iTunes' music files to play on many different competing portable hard drive digital players. (Compl.¶¶ 37-45.) Plaintiff alleges that to stifle



© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

competition, Defendant altered the AAC format by embedding within it a separate propriety code that prevents portable hard drive digital music players other than the iPod from playing iTunes music files, and that also prevents music files bought from on-line music vendors other than iTunes from being played on the iPod. (Compl.¶¶ 26-27, 37-45.)

**\*2** According to the Plaintiff, the net effect of Defendant's alteration of the AAC format into the "AAC Protected" format is that the user must purchase both the online digital music file and the portable hard drive digital music player from Defendant. (Compl.¶ 41-43.) Likewise, due to the alteration of formats, an owner of Defendant's iPod who wishes to legally purchase online digital music files must purchase such files only from Defendant's iTunes to the exclusion of any other competing online digital music vendor. (Compl. ¶ 46.) Thus, but for the alteration, iTunes files would be readily playable on any number of competing portable hard drive digital music players other than the iPod, and owners of an iPod could play online digital music files purchased from any number of competing online music vendors other than Defendant's iTunes store. (Compl.¶¶ 43, 46.)

In addition to Defendant's initial alteration of the AAC format into its proprietary protected format, Plaintiff alleges that on one occasion, Defendant took action to prevent a competitor from selling online digital music to customers. According to Plaintiff, when RealNetwork, a competing online vendor of digital music files, independently defeated Defendant's "AAC Protected" format and began selling music files that played on the iPod for 45 cents a song verses iTunes' price at 99 cents per song, Defendant immediately changed its software code so as to prevent RealNetwork's music files from being played on Defendant's iPod devices. RealNetwork's digital music files were being sold for less than the price of Defendant's iTunes music files. Thus, Plaintiff alleges that Defendant's actions prevented consumers of the iPod from accessing these competing, less expensive music files.

(Compl.¶¶ 46-50.)

### III. STANDARDS

A complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A claim may be dismissed as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir.1984).*"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).* The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).* In determining the propriety of a FED. R. CIV. P. 12(b)(6) dismissal, a court may not look beyond the complaint. *Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir.1998)* ("The focus of any Rule 12(b)(6) dismissal ... is the complaint"). A court may dismiss a case without leave to amend if the Plaintiff is unable to cure the defect by amendment. *Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.2000).* To survive a FED. R. CIV. P. 12(b)(6) motion, an antitrust complaint "need only allege sufficient facts from which the court can discern the elements of an injury resulting from an act forbidden by the antitrust laws." *Newman v. Universal Pictures, 813 F.2d 1519, 1522 (9th Cir.1987), cert. denied, 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988); United States v. LSL Biotechnologies, 379 F.3d 672, 698 (9th Cir.2004)* (stating that notice pleading is the only requirement for an antitrust claim).

### IV. DISCUSSION

**\*3** Based on alleged anticompetitive behavior,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Plaintiff charges Defendant with violating the Sherman Act, California's Cartwright Act, California's unfair competition law, common law monopolization, and common law unjust enrichment. Defendant now moves the Court to dismiss Plaintiff's Complaint under FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

A. *Illegal Tying Claims*

In order to establish an illegal tying arrangement under 15 U.S.C. § 1, plaintiffs must show "three elements: (1) a tie between two separate products or services sold in relevant markets; (2) sufficient economic power in the tying product market to affect the tied market; and (3) an effect on a non-insubstantial volume of commerce in the tied product market." *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1157-58 (9th Cir.2001). Implicit in these elements is the need of the seller of the tying product "to force the buyer into the purchase of the tied product that the buyer did not want at all, or might have preferred to purchase elsewhere on different terms." *Jefferson Parish Hosp. Dist. No. 2 v. Hyde,* 466 U.S. 2, 12, 104 S.Ct. 1551, 80 L.Ed.2d 2 (1984); *Paladin Assocs., Inc. v. Montana Power Co.,* 328 F.3d 1145, 1159 (2003).

Plaintiff, in Claims I and II, alleges two federal antitrust tying claims against the Defendant. (Compl.19:8-21:17.) Claim I alleges that the tying product is the legal sale of online digital music files, sold through its iTunes music store. (Compl.¶ 63.) The tied product is the iPod. (Compl.¶ 63.) Plaintiff alleges, if a consumer purchases digital music from Defendant's iTunes music store and chooses to purchase a portable hard drive digital music player in order to listen to the purchased digital music remotely, Defendant coerces the consumer to purchase its iPod. (Compl.¶ 63.) Claim II alleges that the tying product is the iPod and the tied product is iTunes. (Compl.¶ 70.) If a consumer purchases Defendant's iPod and chooses to purchase an online digital music file, Defendant coerces the consumer to purchase online digital music from its iTunes music store. (Compl.¶ 70.)

In both Claims I and II, Plaintiff alleges that Defendant has market power in the tying product which is used to coerce the consumer to purchase the tied product. Both Claims include the same two allegedly separate products, the difference being the two products are switched as to which is the "tying" product and which is the "tied" product. It seems inconsistent to allege that a product is both a "tying" product and a "tied" product. However, for pleading purposes, the Court will allow the inconsistency to persist. At some appropriate point in the litigation, an election might be necessary.

Accepting Plaintiff's allegations as true, all elements of a tying claim are met. The Plaintiff alleges two relevant markets: the legal sale of online digital music files and portable hard drive digital music players in the geographic market of the United States. (Compl.¶ 11.) The Plaintiff also alleges that Defendant possesses an 80 percent market share in the legal sale of online digital music files, and over a 90 percent market share in portable hard drive digital music players. (Compl.¶¶ 20, 24.) This Court also finds that the tying would have an effect on a substantial volume of commerce. (Compl.¶¶ 20.) The element of coercion is also adequately plead in Plaintiff's Complaint. (Compl.19:8-21:17.) This Court finds that, at the pleading stage, Plaintiff has satisfied the burden of alleging Defendant has sufficient economic power in the tying markets to affect the tied markets.

**\*4** The Defendant argues that a tying claim cannot be made because consumers can purchase either iTunes or the iPod separately. (Motion to Dismiss at 4:26-5:8.) However, the fact that Plaintiff can purchase the items separately does not dismiss a tying claim. *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 463, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). The Defendant further contends that both products are capable of functioning independently without a consumer purchasing both.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2204981 (N.D.Cal.)

(Motion to Dismiss at 5:9-19.) However, this argument ignores Plaintiff's allegations of the relevant markets. The alleged relevant markets, as this Court must limit itself to, are the legal sale of online digital music files and portable hard drive digital music players. (Compl.¶ 11.) Plaintiff alleges that, within these relevant markets, the only legal digital music files capable of playing directly on an iPod are music files sold by Defendant's iTunes music store. (Compl.19:8-21:17.) Further, the only portable hard drive digital music player capable of directly playing music from Defendant's iTunes music store is the iPod. (Compl.19:8-21:17.) Although the alleged markets are narrowly defined by Plaintiff, this Court accepts these allegations as true for the purposes of this motion. Thus, as plead, Plaintiff alleges all of the elements of a tying claim to survive a motion to dismiss under Rule 12(b)(6).

## B. *Monopolization Claims*

Plaintiff, in Claims III and IV, alleges that Defendant violated 15 U.S.C. § 2 by acquiring or maintaining monopoly market power. (Compl. at 21:18-23:10.) In order to state a claim for monopolization under 15 U.S.C. § 2, a plaintiff must show that: "(1) the defendant possesses monopoly power in the relevant market; (2) the defendant has willfully acquired or maintained that power; and (3) the defendant's conduct has caused antitrust injury." *Cost Mgmt. Servs. v. Washington Natural Gas*, 99 F.3d 937, 949 (9th Cir.1996). Both Claims III and IV of Plaintiff's Complaint allege Defendant possesses monopoly market power in the legal sale of online digital music and portable hard drive digital music players, respectively. (Compl.¶¶ 79, 84.) Further, the Plaintiff alleges facts which if proven could be found to suggest the conclusion that Defendant has willfully acquired or maintained that power. (Compl.¶¶ 78, 83.) Finally, the Plaintiff alleges that an antitrust injury has resulted from Defendant's conduct. (Compl.¶¶ 80, 85.) This Court finds that Plaintiff has sufficiently plead the elements for a claim of monopolization to survive a FED. R. CIV. P. 12(b)(6) motion. Further, by satisfying the elements of a Sherman Act monopolization claim, the Plaintiff has adequately plead, in Claim X, a common law claim of monopolization.

## C. *Attempted Monopolization and Leveraging Claims*

Plaintiff, in Claims V and VI, alleges that Defendant has violated 15 U.S.C. § 2 by leveraging its power in one market to attempt to establish a monopoly in another. (Compl. at 23:11-24:17.) The Ninth Circuit does not view leveraging of a monopoly as an independent claim under section 2 of the Sherman Act. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 (9th Cir.1991). However, attempted monopolization may include allegations of monopoly leveraging. *Id. at 549* ("If there is a dangerous probability that a monopoly will be created by leveraging conduct, then the conduct will be reached under the doctrine of attempted monopoly."). Therefore, in order to state a claim, Plaintiff must allege the elements of attempted monopolization. The elements include, "(1) a specific intent to monopolize a relevant market-i.e., an intent to control prices or destroy competition in a relevant market; (2) predatory or anticompetitive conduct designed to control prices or destroy competition; (3) a dangerous probability of success-i.e., a probability of achieving monopoly power in the relevant market; and (4) causal antitrust injury."*Paladin Assocs.,* 328 F.3d at n. 22. This Court finds that Plaintiff has not adequately plead the elements of attempted monopolization. Therefore this Court dismisses Claims V and VI with leave to amend.

## D. *Cartwright Claim*

**\*5** Plaintiff, in Claim VII, alleges Defendant violated California state law under the Cartwright Act. (Compl. at 24:15-25.) "Because the Cartwright Act has objectives identical to the federal antitrust acts, the California courts look to cases construing the federal antitrust laws for guidance in interpreting

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2204981 (N.D.Cal.)

the Cartwright Act." *Vinci v. Waste Mgmt., Inc.,* 36 Cal.App.4th 1811, 43 Cal.Rptr.2d 337, n. 1 (Cal.Ct.App.1995). Typically, if a plaintiff is capable of maintaining a Sherman Act claim, the plaintiff is capable of maintaining a similar Cartwright Act claim. However, the laws are distinct. *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1478 (9th Cir.1986). In this instance, although Plaintiff uses overly broad language to allege a Cartwright Act violation, Plaintiff has incorporated the elements of the Sherman Act violation and thus, the Court will allow Claim VII to stand at the pleading stage of the litigation. (Compl. at 24:20-25.)

### E. *Unfair Competition Law Claim*

Plaintiff, in Claim VIII, alleges that Defendant has violated California's unfair competition law. (Compl. at 25:1-17.) A claim under California Business & Professions Code section 17200 is far broader than a federal antitrust claim, and thus Defendant's conduct may constitute a violation of section 17200 even if not rising for some technical reason to an antitrust violation. *Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).Section 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice."CAL. BUS. & PROF.CODE § 17200. The California Supreme Court has consistently recognized the sweeping nature of section 17200, stating: "When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law." *Cel-Tech,* 20 Cal.4th at 187, 83 Cal.Rptr.2d 548, 973 P.2d 527. This Court finds that Plaintiff's pleading of a section 17200 violation is adequate to survive a motion to dismiss.

### F. *Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law*

Plaintiff, in Claim IX, alleges that Defendant has been unjustly enriched from the money and business given for purchases from iTunes or iPods. (Compl.¶ 100.) Plaintiff further states that he is entitled to disgorgement of Defendant's ill-gotten gains. (Compl.¶ 100.) Defendant argues that the unjust enrichment claim should be dismissed as a matter of law because Plaintiff has purchased a product in a transaction that creates a contract. (Motion to Dismiss at 17:24-25.) Under California law, an action for unjust enrichment is not possible where a contractual relationship exists between the two parties. *Gerlinger v. Amazon,com, Inc.,* 311 F.Supp.2d 838, 856 (N.D.Cal.2004). By Plaintiff's own statements, a contract under California law is made when consumers purchase either an iPod or a music file from iTunes. *See*CAL. COM.CODE §§ 2106(1), 2204(1). Therefore, Plaintiff's common law unjust enrichment claim is dismissed as a matter of law with prejudice.

### V. CONCLUSION

**\*6** For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss First, Second, Third, Fourth, Seventh, Eighth, and Tenth Claims. The Court GRANTS Defendant's Motion to Dismiss Plaintiff's Fifth and Sixth Claims with leave to amend. This Court GRANTS Defendants' Motion to Dismiss Plaintiff's Ninth Claim with prejudice. To avoid confusion as the case proceeds, on or before October 11, 2005, Plaintiff shall file and serve an amended complaint which contains only the allowed claims, including those that the Court has granted leave to amend if Plaintiff wishes to amend. Defendant shall file a response to the amended complaint no later than 15 days following the filing and service of the amended complaint.

N.D.Cal.,2005.
Slattery v. Apple Computer, Inc.
Not Reported in F.Supp.2d, 2005 WL 2204981 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Date of Printing: OCT 14,2008

**KEYCITE**

**Slattery v. Apple Computer, Inc.,** 2005 WL 2204981 (N.D.Cal. Sep 09, 2005) (NO. C 05-00037 JW)

**Citing References**

**Positive Cases (U.S.A.)**

⭐⭐ **Cited**

1 Tele Atlas N.V. v. Navteq Corp., 397 F.Supp.2d 1184, 1191, 2005-2 Trade Cases P 75,047, 75047 (N.D.Cal. Nov 02, 2005) (NO. C-05-01673 RMW) "

**Secondary Sources (U.S.A.)**

2 Business and Commerical Litigation in Federal Courts s 61:58, s 61:58. Failure to state a claim (2008)

3 Legal Aspects of Selling and Buying s 4:13, s 4:13. Is it tying to require the purchase of two items that are part of the same product or are related?--What are examples of items that have been found to be separate products? (2008)

4 REVITALIZING ESSENTIAL FACILITIES, 75 Antitrust L.J. 1,  65 (2008)

5 CHALLENGES IN THE GLOBAL IT MARKET: TECHNOLOGY, CREATIVE CONTENT, AND INTELLECTUAL PROPERTY RIGHTS, 49 Ariz. L. Rev. 29,  44+ (2007)

6 A BITE OUT OF APPLE? ITUNES, INTEROPERABILITY, AND FRANCE'S DADVSI LAW, 22 Berkeley Tech. L.J. 267,  291+ (2007)

7 THE ANTITRUST ANALYSIS OF JOINT VENTURES AFTER THE SUPREME COURT'S DAGHER DECISION, 57 Emory L.J. 735,  808+ (2008)

8 ANTITRUST News Hot Air Balloon Maker Defeats Monopolization Claims Monopolization Class Actions Acquisitions Tying Premerger Notification Sector-Specific Regulation, 10/27/2005 N.Y. L.J. 3, col. 1,  3, col. 1 (2005)

9 IS APPLE PLAYING FAIR? NAVIGATING THE IPOD FAIRPLAY DRM CONTROVERSY, 5 Nw. J. Tech. & Intell. Prop. 332,  37+ (2007)

**Andrews Litigation Reporters (U.S.A.)**

10 13 Andrews Antitrust Litigation Reporter 1, WHAT'S INSIDE (2005)

11 13 Andrews Antitrust Litigation Reporter 8, ANTITRUST SUIT AGAINST APPLE OVER IPOD, ITUNES TO PROCEED (2005)

12 12 Andrews Class Action Litigation Reporter 1, WHAT'S INSIDE (2005)

13 12 Andrews Class Action Litigation Reporter 5, ANTITRUST SUIT AGAINST APPLE OVER IPOD, ITUNES TO PROCEED (2005)

14 23 Andrews Computer and Internet Litigation Reporter 1, WHAT'S INSIDE (2005)

© 2008 Thomson Reuters. All rights reserved.

15 23 Andrews Computer and Internet Litigation Reporter 2, ANTITRUST SUIT AGAINST APPLE OVER IPOD, ITUNES TO PROCEED (2005)

16 7 Andrews E-Business Law Bulletin 1, WHAT'S INSIDE (2005)

17 7 Andrews E-Business Law Bulletin 13, ANTITRUST SUIT AGAINST APPLE OVER IPOD, ITUNES TO PROCEED (2005)

**Court Documents**

**Trial Court Documents (U.S.A.)**

**Trial Motions, Memoranda and Affidavits**

18 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2008 WL 4082707, *4082707+ (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Jul 21, 2008) **Notice of Motion and Motion for Class ...** (NO. 505CV00037) ★★★

19 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2008 WL 460317, *460317+ (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Jan 02, 2008) **Reply in Support of Plaintiffs' Motion to Compel ...** (NO. C-05-00037-JW(RS)) ★★

20 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2007 WL 4937084, *4937084 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Dec 03, 2007) **Notice of Motion and Motion to Compel Defendant ...** (NO. C-05-00037-JW) ★★

21 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2007 WL 5145229, *5145229 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Oct 16, 2007) **Class Action Plaintiff's Opposition to ...** (NO. 505CV00037) ★★

22 Joseph BIRDSONG, Individually and as Representative of the Class, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2006 WL 3847561, *3847561+ (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Nov 10, 2006) **Defendant Apple Computer, Inc.'s Memorandum of ...** (NO. C06-02280JWPVT) ★★

23 Melanie TUCKER, On Behalf of Herself and All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., a California corporation, Defendant., 2006 WL 3619760, *3619760+ (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Oct 30, 2006) **Plaintiff's Memorandum in Opposition to ...** (NO. C-06-04457-JW) ★★★★

24 Melanie TUCKER, On Behalf Of Herself And All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., a California Corporation, Defendant., 2006 WL 5648187, *5648187+ (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Aug 21, 2006) **Defendant's Notice of Motion and Motion to ...** (NO. 506CV04457) ★★★★

25 Tele ATLAS N.V. and Tele Atlas North America, Plaintiff, v. NAVTEQ CORPORATION, Defendant., 2005 WL 2869293, *2869293+ (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Oct 14, 2005) **Opposition to Defendant's Motion to Dismiss ...** (NO. C05-1673RMW) ★★★

26 Tele ATLAS N.V. and Tele Atlas North America, Plaintiffs, v. NAVTEQ CORPORATION, Defendant., 2005 WL 3146939, *3146939+ (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Oct 07, 2005) **Defendant Navteq Corporation's Reply in Further ...** (NO. 05C01673RMW) ★★★★

© 2008 Thomson Reuters. All rights reserved.

27 In re: INSURANCE BROKERAGE ANTITRUST LITIGATION. Applies to All Commercial Insurance Brokerage Actions., 2006 WL 4643136, *4643136+ (Trial Motion, Memorandum and Affidavit) (D.N.J. Feb 13, 2006) **Property & Casualty Insurer Defendants' Reply ...** (NO. 04-5184) ★★

28 In re: INSURANCE BROKERAGE ANTITRUST LITIGATION, Applies to all Commercial Insurance Brokerage Actions., 2006 WL 466540, *466540+ (Trial Motion, Memorandum and Affidavit) (D.N.J. Feb 13, 2006) **Property & Casualty Insurer Defendants' Reply ...** (NO. CIV04-5184) ★★

29 In re: INSURANCE BROKERAGE ANTITRUST LITIGATION, Applies to All Commercial Insurance Brokerage Actions., 2006 WL 466544, *466544+ (Trial Motion, Memorandum and Affidavit) (D.N.J. Feb 13, 2006) **Property & Casualty Insurer Defendants' Reply ...** (NO. CIV04-5184) ★★

30 In re INSURANCE BROKERAGE ANTITRUST LITIGATION., 2006 WL 845902, *845902+ (Trial Motion, Memorandum and Affidavit) (D.N.J. Feb 13, 2006) **Property & Casualty Insurer Defendants' Reply ...** (NO. MDL1663) ★★

31 In Re: INSURANCE BROKERAGE ANTITRUST LITIGATION., 2006 WL 845906, *845906+ (Trial Motion, Memorandum and Affidavit) (D.N.J. Feb 13, 2006) **Property & Casualty Insurer Defendants' Reply ...** (NO. MDL1663) ★★

**Trial Filings**

32 Melanie TUCKER, On Behalf of Herself and All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., a California corporation, Defendant., 2006 WL 3852152, *3852152+ (Trial Filing) (N.D.Cal. Nov 16, 2006) **Joint Case Management Statement and Proposed] ...** (NO. C-06-04457-JW) ★★

© 2008 Thomson Reuters. All rights reserved.

Westlaw

Date of Printing: OCT 14,2008

## KEYCITE

C **Slattery v. Apple Computer, Inc.,** 2005 WL 2204981 (N.D.Cal., Sep 09, 2005) (NO. C 05-00037 JW)

### History

### Direct History

=> 1 **Slattery v. Apple Computer, Inc.,** 2005 WL 2204981 (N.D.Cal. Sep 09, 2005) (NO. C 05-00037 JW)

### Court Documents

### Trial Court Documents (U.S.A.)

#### N.D.Cal. Trial Pleadings

2 Thomas William SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC. Defendant., 2005 WL 3689273 (Trial Pleading) (N.D.Cal. Jan. 3, 2005) **Class Action Complaint** (NO. C0500037PVT)

3 Thomas William SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC. Defendant., 2005 WL 3689274 (Trial Pleading) (N.D.Cal. Sep. 23, 2005) **First Amended Class Action Complaint** (NO. C05-00037JW)

4 Thomas William SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2005 WL 3689275 (Trial Pleading) (N.D.Cal. Oct. 18, 2005) **Defendant Apple Computer, Inc.'s Answer and Defenses to Plaintiff Slattery's First Amended Complaint** (NO. C0500037JW)

5 SOMTAI TROY CHAROENSAK and Mariana Rosen, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2006 WL 2702737 (Trial Pleading) (N.D.Cal. Aug. 28, 2006) **Second Amended Class Action Complaint** (NO. C05-00037JW)

6 Somtai Troy CHAROENSAK and Mariana Rosen, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2006 WL 2870413 (Trial Pleading) (N.D.Cal. Aug. 28, 2006) **Second Amended Class Action Complaint** (NO. C05-00037JW)

7 Somtai Troy CHAROENSAK and Mariana Rosen, individually, and on behalf of all others similarly situated, Plaintiffs, v. APPLE COMPUTER, INC., Defendant., 2006 WL 3193481 (Trial Pleading) (N.D.Cal. Nov. 2, 2006) **Defendant Apple Computer, Inc.'s Answer and Defenses to Plaintiffs' Second Amended Complaint** (NO. C0500037JW)

#### N.D.Cal. Expert Testimony

© 2008 Thomson Reuters. All rights reserved.

8 SOMTAI TROY CHAROENSAK and Mariana Rosen, Individually and On Behalf Of All Others Similarly Situated, Plaintiffs, v. APPLE COMPUTER, INC., Defendant., 2007 WL 500179 (Expert Report and Affidavit) (N.D.Cal. Jan. 19, 2007) **Declaration of Lee Morse** (NO. 05-CV37-JW)

**N.D.Cal. Trial Motions, Memoranda And Affidavits**

9 Thomas William SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2005 WL 3705059 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Feb. 10, 2005) **Apple Computer, Inc.'s Motion to Dismiss Class Action Complaint** (NO. C0500037JW)

10 Thomas William SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2005 WL 3705060 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Feb. 28, 2005) **Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion to D** (NO. C05-00037JW)

11 Thomas William SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2005 WL 3705061 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Mar. 7, 2005) **Apple Computer, Inc'S Reply in Support of Its Motion to Dismiss Class Action Complaint** (NO. C0500037JW)

12 Thomas William SLATTERY, Individually, and on Behalf of all others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2005 WL 6128657 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Jun. 10, 2005) **Apple Computer, Inc.'s Response to Plaintiff's Request for Judicial Notice** (NO. 505CV00037)

13 Somtai Troy CHAROENSAK and Mariana Rosen, Individually, And On Behalf Of All Others Similarly Situated, Plaintiffs, v. APPLE COMPUTER, INC., Defendant., 2006 WL 2869846 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Sep. 15, 2006) **Defendant's Notice of Motion and Motion to Dismiss Antitrust Claims of Second Amended Complaint or,** (NO. 505CV00037)

14 Somtai Troy CHAROENSAK and Mariana Rosen, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2006 WL 3190513 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Oct. 30, 2006) **Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendant's Motion to D** (NO. 505CV00037)

15 Somtai Troy CHAROENSAK and Mariana Rosen, Individually, and on Behalf of all Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2006 WL 3193480 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Oct. 30, 2006) **Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendant's Motion to D** (NO. C05-00037JW)

16 Somtai Troy CHAROENSAK and Marianna Rosen, Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. APPLE COMPUTER, INC(2)27, Defendants., 2007 WL 1003058 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Feb. 12, 2007) **Plaintiffs Somtai Troy Charoensak's and Marianna Rosen's Response to the Court's January 18, 2007 Or** (NO. C-05-00037JW)

17 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2007 WL 5145228 (Trial Motion,

© 2008 Thomson Reuters. All rights reserved.

Memorandum and Affidavit) (N.D.Cal. Jul. 9, 2007) **Class Action Plaintiffs' Motion for Administrative Relief Pursuant to Civil Local Rule 7-11** (NO. 505CV00037)

18 THE APPLE IPOD ITUNES ANTITRUST LITIGATION., 2007 WL 2679873 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Jul. 12, 2007) **Apple Inc.'s Opposition to Plaintiffs' Motion for Administrative Relief** (NO. C0500037JW)

19 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2007 WL 5145229 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Oct. 16, 2007) **Class Action Plaintiff's Opposition to Administrative Motion to Consider Whether Cases Should be Rel** (NO. 505CV00037)

20 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2007 WL 4937084 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Dec. 3, 2007) **Notice of Motion and Motion to Compel Defendant Apple, Inc.'s Production of Documents Relating to Cl** (NO. C-05-00037-JW)

21 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2007 WL 4937085 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Dec. 21, 2007) **Apple's Opposition to Motion to Compel Production of Documents ""Relating to Class Certification"** (NO. C0500037JW)

22 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2008 WL 460317 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Jan. 2, 2008) **Reply in Support of Plaintiffs' Motion to Compel Defendant Apple, Inc.'s Production of Documents Rel** (NO. C-05-00037-JW(RS))

23 THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION., 2008 WL 4082707 (Trial Motion, Memorandum and Affidavit) (N.D.Cal. Jul. 21, 2008) **Notice of Motion and Motion for Class Certification and Appointment of Class Counsel** (NO. 505CV00037)

## N.D.Cal. Trial Filings

24 Thomas William SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant., 2005 WL 6129499 (Trial Filing) (N.D.Cal. Oct. 31, 2005) **Joint Case Management Statement and Ý Proposed¨ Order** (NO. C05-00037JW)

25 SOMTAI TROY CHAROENSAK and Mariana Rosen, Individually and on Behalf of All Others Similarly Situated, Plaintiffs, v. APPLE COMPUTER, INC., Defendants., 2006 WL 3847393 (Trial Filing) (N.D.Cal. Nov. 17, 2006) **Parties' Further Joint Case Management Statement and Proposed Order** (NO. C-05-00037JW)

## N.D.Cal. Verdicts, Agreements and Settlements

26 Thomas William SLATTERY, individually, and on behalf of all others similarly situated, Plaintiff, v. APPLE COMPUTER, INC., Defendant. Melanie Tucker, On Behalf of Herself and All Others Similarly Situated, Plaintiff, v. Apple Computer, Inc., a California corporation, Defendant., 2006 WL 2668423 (Verdict, Agreement and Settlement) (N.D.Cal. Aug. 22, 2006) **Stipulation Regarding Plaintiff Melanie Tucker's Administrative Motion to Consider Whether Cases Sho** (NO. C05-00037JWC-06-0445)

**Dockets (U.S.A.)**

## N.D.Cal.

© 2008 Thomson Reuters. All rights reserved.

27 SLATTERY v. APPLE COMPUTER, INC., NO. 5:05cv00037 (Docket) (N.D.Cal. Jan. 03, 2005)

**Expert Court Documents (U.S.A.)**

**N.D.Cal. Expert Testimony**

28 SOMTAI TROY CHAROENSAK and Mariana Rosen, Individually and On Behalf Of All Others Similarly Situated, Plaintiffs, v. APPLE COMPUTER, INC., Defendant., 2007 WL 500179 (Expert Report and Affidavit) (N.D.Cal. Jan. 19, 2007) **Declaration of Lee Morse** (NO. 05-CV37-JW)

© 2008 Thomson Reuters. All rights reserved.