| | |
|---|---|
| 1 | TOWNSEND AND TOWNSEND AND CREW LLP |
| | JAMES G. GILLILAND, JR. (State Bar No. 107988) |
| 2 | MEHRNAZ BOROUMAND SMITH (State Bar No. 197271) |
| | MEGAN M. CHUNG (State Bar No. 232044) |
| 3 | JEB OBLAK (State Bar No. 241384) |
| | Two Embarcadero Center, 8th Floor |
| 4 | San Francisco, California 94111 |
| | Telephone: (415) 576-0200 |
| 5 | Facsimile: (415) 576-0300 |
| | Email: jggilliland@townsend.com, |
| 6 | mboroumand@townsend.com, |
| | mmchung@townsend.com, |
| 7 | jboblak@townsend.com |
| 8 | Attorneys for Plaintiff, |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. CV 08-03251 WHA |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| v. | |
| PSYSTAR CORPORATION, a Florida corporation, and DOES 1-10, inclusive | Date: January 8, 2009 |
| | Time: 8:00 a.m. |
| | Courtroom: 9, 19th Floor |
| Defendant. | Honorable William Alsup |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

PLEASE TAKE NOTICE that on January 8, 2009, at 8:00 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable William Alsup, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff, Apple Inc. ("Apple") will, and hereby does, move for an order granting Apple leave to file its Amended Complaint and ordering that the Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Apple's Amended Complaint, and the [Proposed] Order filed herewith, on all of the

files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

Through this motion, Apple seeks leave to file its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) and this Court's November 7, 2008 Case Management Order. Apple's Amended Complaint, attached hereto as Exhibit A, adds a Digital Millennium Copyright Act claim, additional factual allegations relating to Apple's previously asserted claims and Doe defendants. The DMCA claim is based on new information that Apple has learned since the filing of its original complaint. Apple's Amended Complaint is timely, does not cause any prejudice to Psystar and should be permitted.

II.   STATEMENT OF FACTS

Apple filed this lawsuit on July 3, 2008. Psystar Corporation ("Psystar") answered on August 28, 2008. In the Case Management Statement, filed October 30, 2008, the parties agreed to a deadline of January 19, 2009 to amend pleadings. This Court's November 7, 2008 Case Management Order required that the parties seek leave to amend the pleadings to add claims or parties by November 30, 2008. Since filing the complaint, Apple has discovered additional information necessitating the filing of this Amended Complaint. Apple's counsel contacted Psystar's counsel to seek Psystar's written consent to the amendment pursuant to Federal Rule of Civil Procedure 15. However, Psystar has not consented to the filing of this Amended Complaint as of the time of this filing. Accordingly, Apple seeks an order permitting Apple to file the proposed Amended Complaint.

III.  ARGUMENT

    A.    **Leave Should Be Granted To Amend the Complaint.**

        1.    **Leave Is Freely Granted.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v.*

*Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

### B.     Amendment Should Be Permitted.

Apple's Amended Complaint is timely and should be allowed. In its Case Management Order, this Court permitted the parties to seek leave to amend to add new claims and/or parties until November 30, 2008. This motion is being filed prior to that deadline. Furthermore, Apple falls well within the liberal standard for freely allowing the amendment of pleadings. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'")

There is no prejudice to Psystar here. In the parties' Case Management Conference Statement, Psystar stipulated to a January 19, 2009 deadline for amendment of the pleadings. Additionally, Apple's Amended Complaint does not change the nature of the lawsuit, nor is Psystar precluded from seeking discovery in relation to the Amended Complaint. The deadline to complete discovery in this case is not until June 26, 2009. Indeed, Psystar just served its first set of discovery today. Accordingly, Psystar will not be prejudiced by an order granting leave to file Apple's Amended Complaint.

Moreover, Apple offers its Amended Complaint in good faith and without undue delay. Since filing its original complaint, Apple has discovered new information regarding Psystar's products and marketing. This information supports Apple's new claim under the Digital Millennium Copyright Act as well as Apple's assertion of additional details in support of its previously asserted claims. *See Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

In sum, Apple's Amended Complaint was filed timely and in good faith, contains claims similar to those originally asserted and does not prejudice Psystar. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Thus, Apple's motion for leave should be granted.

**IV.     CONCLUSION**

For the reasons discussed above, plaintiff respectfully seeks leave of this Court to file the proposed Amended Complaint.

DATED:  November 26, 2008           Respectfully submitted,

                                    TOWNSEND AND TOWNSEND AND CREW LLP


                                    By:  */s/ James G. Gilliland, Jr.*
                                         JAMES G. GILLILAND, JR.
                                         Attorneys for Plaintiff
                                         APPLE INC.

61710391 v1

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
Case No. CV 08-03251 WHA                                                                              4