Apple Inc. v. Psystar Corporation Doc. 48

ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTOPHER P. GREWE (SBN 245938)
cgrewe@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

PSYSTAR CORPORATION, a Florida corporation,

Defendant.

AND RELATED COUNTERCLAIMS.

CASE NO. CV-08-03251-WHA

**PSYSTAR CORPORATION'S REPLY TO APPLE INC. AND IN SUPPORT OF PSYSTAR'S MOTION FOR LEAVE TO AMEND**

| | |
|---|---|
| Date: | Thursday, January 22, 2009 |
| Time: | 8:00 a.m. |
| Courtroom: | 9, 19th Floor |
| Judge: | Hon. William Alsup |



Dockets.Justia.com

**TABLE OF CONTENTS**

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. APPLE MISINTERPRETS AND MISAPPLIES THE NINTH CIRCUIT'S HOLDING IN *ALTERA CORP. V. CLEAR LOGIC, INC.* .......... 2

II. THE NINTH CIRCUIT DECISION RECOGNIZING COPYRIGHT MISUSE ORIGINATED FROM A CLAIM FOR DECLARATORY RELIEF .......... 3

III. PSYSTAR SATISFIES THE REQUIREMENTS OF THE DECLARATORY JUDGMENT ACT .......... 4

IV. PSYSTAR PROPERLY PLEADS A COPYRIGHT MISUSE CLAIM .......... 6

1. Apple's Claims Do Not Flow from Apple's Exclusive Rights Under the Copyright Act and Constitute a Gross Attempt to Extend the Same .......... 7

2. Psystar Has Properly Plead a Copyright Misuse Claim .......... 9

3. Apple is Overly Reliant Upon *Triad*'s Scant Copyright Misuse Discussion .......... 10

V. PSYSTAR PROPERLY PLEADS AN UNFAIR COMPETITION CLAIM .......... 12

CONCLUSION .......... 13

## TABLE OF AUTHORITIES

**CASES**

*A&M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) .......... 6, 10, 11

*Alcatel USA, Inc. v. DGI Techs., Inc.*,
166 F.3d 772 (5th Cir. 1999) .......... 9

*Allstate Ins. Co. v. Employers Liability Assur. Co.*,
445 F.2d 1278 (5th Cir. 1971) .......... 5

*Altera Corp. v. Clear Logic, Inc.*,
424 F.3d 1079 (9th Cir. 2005) .......... 2, 3

*Arizona Cartridge v. Lexmark Intern, Inc.*,
421 F.3d 981 (9th Cir. 2005) .......... 12

*Beacon Const. Co. v. Matco Elec. Co.*,
521 F.2d 392 (2d Cir. 1975) .......... 5

*Bobbs-Merrill Co. v. Straus*,
210 U.S. 339 (1908) .......... 7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tech.*,
20 Cal. 4th 163 (1999) .......... 12

*DSC Communications Corp. v. DGI Techs., Inc.*,
81 F.3d 597 (5th Cir. 1996) .......... 9

*Horton v. Liberty Mut. Ins. Co.*,
367 U.S. 348 (1961) .......... 4

*In re Independent Services Organizations Antitrust Litigation*,
203 F.3d 1322 (Fed. Cir. 2000) .......... 9

*Lasercomb America, Inc. v. Reynolds*,
911 F.2d 970 (4th Cir. 1990) .......... 6, 9, 12

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
312 U.S. 270 (1941) .......... 4

*MedImmune Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) .......... 4, 5

*MGM Studios Inc. v. Grokster, Ltd.*,
269 F. Supp. 2d 1213 (C.D. Cal. 2003) .......... 5

*Morton Salt Co. v. G.S. Suppieger Co.*,
314 U.S. 488 (1942) .......... 10

*Open Source Yoga Unity v. Choudhury*,
2005 WL 756558 (N.D. Cal. April 1, 2005) .......... 3, 4

*Practice Mgmt. Information Corp. v. American Medical Ass'n*,
121 F.3d 516 (9th Cir. 1997) .......... 3, 6, 9

*qad, Inc. v. ALN Assocs., Inc.*,
770 F. Supp. 1261 (N.D. Ill. 1991) ........................................................................10

*Quanta Computer, Inc. v. LG Electronics*,
128 S.Ct. 2109 (2008) .........................................................................................12

*Sandisk Corp. v. ST Microelectronics, Inc.*,
480 F.3d 1372 (2007) ...........................................................................................5

*Sony Computer Entertainment, Inc. v. Connectix Corp.*,
203 F.3d 596 (9th Cir. 2000)....................................................................................3

*Sony Corp. of America v. Univ. City Studios, Inc.*,
464 U.S. 417 (1984) .............................................................................................5

*Ticketmaster L.L.C. v. RMG Technologies, Inc.*,
536 F. Supp. 2d 1191 (C.D. Cal. 2008).......................................................................5

*Triad Sys. Corp. v. Southeastern Express Co*,
64 F.3d 1330 (9th Cir. 1995)...........................................................................10, 11

**STATUTES**

17 U.S.C. § 109 .............................................................................................8, 9

17 U.S.C. § 117 ..............................................................................................8

17 U.S.C. § 1201 ............................................................................................9

28 U.S.C. § 2201 ...........................................................................................4, 7

**OTHER AUTHORITIES**

*Anticircumvention Misuse*, 50 UCLALR 1095 (2003) .................................................11

## INTRODUCTION

Apple Inc.'s ("Apple") OPPOSITION TO PSYSTAR CORPORATION'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS (OPPOSITION) is intentionally crafted to obfuscate the true nature of Psystar's amended counterclaims for **copyright misuse** and **unfair competition.** Apple repeatedly attempts to make the present motion a discussion of **antitrust law**; but **no antitrust claim is presented** in Psystar's first amended complaint. *See* OPPOSITION, 1 (alleging an attempt to circumvent the prior dismissal of Psystar's antitrust claims); 2 (discussing market power and relevant market); 11 (concerning a purported failure "to plead any incipient or actual violation of the antitrust law"); 12 (alleging an attempt to resuscitate dismissed antitrust claims). Psystar clearly stated in its MOTION FOR LEAVE TO AMEND (MOTION FOR LEAVE TO AMEND) that Psystar's first amended complaint "**does not re-plead its Sherman and Clayton Act antitrust claims.**" MOTION FOR LEAVE TO AMEND, 9 n. 1 (emphasis added). While Psystar reserved the right to later move for leave to amend and "reintroduce those antitrust claims," then—and only then—would Apple's ongoing antitrust analysis be appropriate for consideration. MOTION FOR LEAVE TO AMEND, 9 n. 1.

Psystar's present motion is rooted in Apple's misuse of copyrights. Psystar therefore seeks declaratory relief finding Apple's asserted copyrights to be unenforceable. A declaratory judgment as to Apple's misuse of copyrights would inure to **any party** presently relegated to the sidelines by Apple's inequitable and overly litigious conduct. Apple's attempts to mischaracterize Psystar's present claims for copyright misuse are, in that regard, understandable. Nevertheless, Psystar's assertions as to Apple's copyright misuse are viable. Psystar's first amended counterclaims evidence a clear case and controversy appropriate for adjudication. Psystar respectfully requests that the Court grant Psystar's MOTION FOR LEAVE TO AMEND.

## ARGUMENT

### I. APPLE MISINTERPRETS AND MISAPPLIES THE NINTH CIRCUIT'S HOLDING IN *ALTERA CORP. V. CLEAR LOGIC, INC.*

Apple alleges that Psystar's request for declaratory relief "directly contravenes controlling Ninth Circuit law holding that copyright misuse is available only as an affirmative defense and not for declaratory relief." OPPOSITION, 2. Apple contends that the Ninth Circuit "clearly stated" that copyright misuse "has no role "beyond 'its logical place as a defense to a claim of copyright infringement.'" OPPOSITION, 2 (*citing Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005)). Apple's reference to the Ninth Circuit's statement is taken out of context. The Ninth Circuit, as quoted by Apple, was stating nothing more than the procedural history from the district court below. The complete context of the Ninth Circuit's statement was:

> Finding no clear authority for extending the doctrine of copyright misuse beyond 'its logical place as a defense to a claim of copyright infringement,' **the district court rejected Clear Logic's argument** that Altera's license agreements should not be enforced.

*Altera*, 424 F.3d at 1090 (emphasis added). The Ninth Circuit ultimately affirmed the district court's decision. That finding was following a *de novo* review that did **not** apply a *per se* prohibition on the application of copyright misuse as suggested by Apple.

The Ninth Circuit found no reason "to allow Clear Logic to proceed on an independent claim for copyright misuse **when there has been no allegation of copyright infringement**." *Id*. (emphasis added). As noted by Apple's own opposition, "Clear Logic asserted copyright misuse solely as a counterclaim **in an action for induced breach of contract and intentional interference with contractual relations**." OPPOSITION, 2-3 (emphasis added). The Ninth Circuit in *Altera* dismissed copyright misuse as a counterclaim not because it was asserted as a counterclaim—as suggested in Apple's opposition—but because no copyright has been asserted that could be misused. *See Altera*, 424 F.3d at 1090 (holding that an agreement could not be voided "under the pretext of refusing to enforce **a copyright that has not been asserted**. Copyright

misuse is not a defense to the [non-copyright related] state law claims asserted by Altera") (emphasis added); *see also Open Source Yoga Unity v. Choudhury*, 2005 WL 756558 at *8 (N.D. Cal. April 1, 2005) (attached hereto) (Judge Hamilton allowed an assertion of copyright misuse when coupled with an adversarial claim for infringement of copyright); *cf. Sony Computer Entertainment, Inc. v. Connectix Corp.*, 203 F.3d 596, 608 (9th Cir. 2000) (refusing to consider copyright misuse following denial of an injunction for copyright infringement). The application of *Altera* is inapposite the present matter, which is clearly rooted in copyright. *See* (Apple's) AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, INDUCED COPYRIGHT INFRINGEMENT, VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ETC., 8-10 (alleging copyright infringement), 10-11 (alleging contributory and induced copyright infringement), 11-12 (alleging violation of the Digital Millennium Copyright Act).

## II. THE NINTH CIRCUIT DECISION RECOGNIZING COPYRIGHT MISUSE ORIGINATED FROM A CLAIM FOR DECLARATORY RELIEF

As noted in Psystar's MOTION FOR LEAVE TO AMEND, the Ninth Circuit adopted the copyright misuse doctrine in *Practice Mgmt. Information Corp. v. American Medical Ass'n. See* MOTION FOR LEAVE TO AMEND, 8 (*citing Practice Mgmt.*, 121 F.3d 516, 520 (9th Cir. 1997)). In the course of events leading to that decision, Practice Management had "filed [a] lawsuit seeking a **declaratory judgment** that the AMA's copyright . . . was invalid for two reasons," one of which was that "the AMA **misused its copyright**." *Practice Mgmt.*, 121 F.3d at 518 (emphasis added). Practice Management, therefore, successfully sought declaratory relief as to the misuse of copyrights by the AMA. Apple's opposition, however, would have this Court conclude that the Ninth Circuit recognized copyright misuse while concurrently denying the propriety of misuse as a counterclaim; this conclusion notwithstanding the fact that copyright misuse doctrine was adopted after having been asserted as a counterclaim in *Practice Mgmt*. Apple's opposition thus defies the bounds of reasonable logic. *See Open Source Yoga*, 2005 WL 756558 at *8 (*citing Practice Mgmt.*, 121 F.3d at 520 (allowing for a declaratory relief assertion of copyright misuse)) and *Open Source*

*Yoga*, 2005 WL 756558 at *8 n. 5 (finding argument against declaratory relief to constitute "an unduly narrow reading of the copyright misuse doctrine").

## III. PSYSTAR SATISFIES THE REQUIREMENTS OF THE DECLARATORY JUDGMENT ACT

Psystar's counterclaim arises under and is fully compliant with the Declaratory Judgment Act. The Declaratory Judgment Act allows an entity to file suit or counterclaim in an existing suit to obtain a declaration of rights with respect to another party regardless of whether other relief is sought. 28 U.S.C. § 2201 (2007). To maintain a declaratory judgment action, Psystar need only file an "appropriate pleading" such as a counterclaim that establishes (1) jurisdiction and (2) the existence of an actual case or controversy between parties having adverse legal interests. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 357 (1961). There is no universal rule for compliance with the latter element; the analysis is necessarily tied to the facts of the case. "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *quoted and affirmed in MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Psystar easily meets these requirements. Apple does not claim—nor could it—that the Court lacks jurisdiction over this controversy. *See* (Apple's) AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, INDUCED COPYRIGHT INFRINGEMENT, VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ETC., 6 at ¶ 19 (stating that "[t]his Court has subject matter jurisdiction" over the action). Likewise, Apple does not claim—nor could it—that there is not a real and substantial controversy between the parties. *See* (Apple's) AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, INDUCED COPYRIGHT INFRINGEMENT, VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ETC., 5 at ¶ 17 (alleging that Psystar is "misappropriating Apple's proprietary software and intellectual property for its own use"); *see also* OPPOSITION, 1 (alleging that Psystar is engaged in "ongoing violations of Apple Inc.'s . . . copyright, trademark and contractual rights").

The nature of Psystar's claim also weighs against dismissal as it embodies the guiding purpose of the Declaratory Judgment Act:  to guarantee the target of legal threats an opportunity to obtain a judicial declaration of rights.  The Declaratory Judgment Act "should be liberally construed to accomplish its intended purpose of affording a speedy and inexpensive method of adjudicating legal disputes without invoking coercive remedies of old procedures, and to settle legal rights and remove uncertainty and insecurity from legal relationships."  *See Beacon Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 397 (2d Cir. 1975); *see also Allstate Ins. Co. v. Employers Liability Assur. Co.*, 445 F.2d 1278, 1280 (5th Cir. 1971) ("[This chapter of the U.S. Code] is remedial and is to be liberally construed to achieve its wholesome and salutary purpose").

Relevant guidance may also be found in patent law, keeping in mind "the historic kinship between patent law and copyright law."  *Sony Corp. of America v. Univ. City Studios, Inc.*, 464 U.S. 417, 439 (1984).  With respect to the actual case and controversy requirement, the Supreme Court recently reaffirmed that the requirement is satisfied in patent, as in other cases, if the dispute is "definite and concrete, touching the legal relations of parties having adverse interests" and "real and substantial" such that it will permit "specific relief through a decree of a conclusive character." *MedImmune*, 549 U.S. at 126.   The Court of Appeals for the Federal Circuit, too, recently held that a party had standing to seek a declaratory judgment" where the opposing party "took a position that forced the declaratory judgment plaintiff to choose between pursuing arguably illegal behavior or abandoning that which he claimed to have a right to do."  *Sandisk Corp. v. ST Microelectronics, Inc.*, 480 F.3d 1372, 1381 (2007).  Contrary to Apple's assertion that copyright misuse is relegated to the realm of an affirmative defense, declaratory judgment standing focuses solely on whether the declaratory judgment claims pertain to a real and substantial controversy.

Psystar clearly evidences such standing; leave for amend to introduce corresponding counterclaims should be granted.  Apple, however, contends that to do so would "contravene[] the objectives of the Declaratory Judgments Act" and "serve only to complicate this litigation needlessly."  OPPOSITION, 3 (relying on *MGM Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213 (C.D. Cal. 2003) and *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 536 F. Supp. 2d 1191 (C.D. Cal. 2008)).  Despite this pretense, Apple fails to explain how Psystar's claims would contravene

the Declaratory Judgment Act. Apple likewise fails to explain how allowing Psystar's claims would needlessly complicate the present litigation. These unsupported arguments are nothing more than window dressing for Apple's true concern—the nuclear fallout from a declaratory judgment as to unenforceability of Apple's copyrights. Such a judgment would "have the force and effect of a final judgment" not only with respect to Psystar but to other parties attempting to compete alongside Apple. 28 U.S.C. § 2201(a); *see also* discussion *supra* INTRODUCTION.

## IV. PSYSTAR PROPERLY PLEADS A COPYRIGHT MISUSE CLAIM

Apple contends with great aplomb that Psystar's copyright misuse claims are 'futile' and would 'inevitably be defeated on summary judgment.' *See* OPPOSITION, 5. This exhibition of hubris continues in Apple's unfettered declaration that "Apple is well within its right to determine whether, how or by whom its software is reproduced and how it is to be licensed, distributed or used." *Id.* at 6-7. The Ninth Circuit says otherwise; Psystar elects to abide by the Ninth Circuit's determination.

A copyright holder is not entitled to "leverag[e] their **limited monopoly** to allow them to control areas outside the [copyright] monopoly." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026-27 (9th Cir. 2001) (emphasis added). Copyright misuse likewise "**forbids the use of the copyright** to secure an exclusive right or limited monopoly **not granted by the Copyright Office**." *Practice Mgmt.*, 121 F.3d at 520 (*quoting Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 977-79 (4th Cir. 1990) (emphasis added)). Notwithstanding the Ninth Circuit's clarity as to the limits of copyright and the corresponding license, distribution, and sale of software, Apple makes an unambiguous and unilateral declaration that it is immune from the likes of 17 U.S.C. § 117 (limitations on exclusive rights in computer programs), 17 U.S.C. § 109 (limitations on exclusive rights), and the first sale doctrine because Apple will decide "whether, how or by whom its software is . . . distributed or used." OPPOSITION, 5.

### 1. Apple's Claims Do Not Flow from Apple's Exclusive Rights Under the Copyright Act and Constitute a Gross Attempt to Extend the Same

Apple contends that because Psystar is "distributing computers with Apple's copyrighted software loaded on them" that "Apple is well within its rights in asserting copyright infringement claims against Psystar." OPPOSITION, 6. Apple likewise contends that "various individuals . . . have infringed Apple's intellectual property rights"; presumably Psystar customers. (Apple's) AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, INDUCED COPYRIGHT INFRINGEMENT, VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ETC., 6 at ¶ 18. Apple's assertion that Psystar cannot distribute computers with Apple software (and that a purchaser could not use the same) would run roughshod over 17 U.S.C. § 117(b). Psystar distributes computers with **legitimately purchased copies of Mac OS** loaded thereon; many of those copies directly obtained from Apple. And for every computer that Psystar distributes with the Mac OS installed, Psystar also includes a legitimately purchased copy of the Mac OS. While Psystar complies with Section 117(b) of the Copyright Act, Apple attempts to usurp those limitations by telling Psystar and its customers that Apple—and Apple alone—will say "whether, how or by whom its software is . . . distributed or used." OPPOSITION, 5.

Such declarations likewise run afoul of 17 U.S.C. § 109 and the first sale doctrine. Once a copyright owner consents to the sale of particular copies of a work, the owner may not thereafter exercise distribution rights with respect to those copies. *See, e.g., Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908) (recognizing more than 100 years ago the concept of first sale and the limitations imposed upon a copyright owner in light thereof). Psystar acquired lawful copies of the Mac OS from Apple; those copies were lawfully acquired from authorized distributors including some directly from Apple; Psystar paid good and valuable consideration for those copies; Psystar disposed of those lawfully acquired copies to third-parties. *See generally* 17 U.S.C. § 109(a) (2008).

Apple's assertions concerning the Digital Millennium Copyright Act (DMCA) and Apple's purported rights likewise offend the limited scope of a government granted copyright monopoly. *See* OPPOSITION, 6 (concerning Apple's DMCA claims). A violation of the DMCA requires that

circumvention of "a technological measure that effectively controls access to a work protected under [the Copyright Act]." 17 U.S.C. § 1201(A)(1)(a) (2007). Apple contends that Psystar has admitted to circumvention of such a technological measure. *See* OPPOSITION, 6. Psystar has not admitted to any circumvention—notwithstanding Apple's best efforts to suggest that Psystar has done otherwise—nor does Apple even identify such a measure for circumvention. Apple solely relies on a naked assertion that it "employs technological protection measures." (Apple's) AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, INDUCED COPYRIGHT INFRINGEMENT, VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ETC., 11 at ¶ 44. It was not until the parties engaged in the present motion practice that Apple asserted a so-called "check" constitutes this purported technological measure. *See* OPPOSITION, 6 (*quoting* PSYSTAR'S FIRST AMENDED COUNTERCLAIM, ¶ 40).

This discussion of a 'check' by Psystar is not an admission as to the existence of a technological measure or circumvention of the same. Psystar explicitly states that the Apple "code that causes kernel panic and/or infinite loop does **not** constitute a **technological copyright protection measure**." PSYSTAR'S FIRST AMENDED COUNTERCLAIM, ¶ 81 (emphasis added). Psystar likewise states that the Apple "code that causes kernel panic and/or infinite loop does **not effectively control access** to a copyrighted work." PSYSTAR'S FIRST AMENDED COUNTERCLAIM, ¶ 82 (emphasis added).

Psystar references kernel panic and infinite loop not with respect to circumventing software but to evidence that Apple is illicitly attempting to extend its reach in the copyrights of the Mac OS to non-copyrightable hardware. *See* PSYSTAR'S FIRST AMENDED COUNTERCLAIM, ¶ 45. Apple attempts to disguise interoperability—which is favored by the copyright laws—as circumvention. Apple then proceeds to bring suit under the DMCA to prohibit such interoperability. Customers are thereby required to utilize Apple-Labeled Computer Hardware Systems—hardware system that are wholly outside the scope of any copyright held by Apple. *See* PSYSTAR'S FIRST AMENDED COUNTERCLAIM, ¶ 84.

### 2. Psystar Has Properly Plead a Copyright Misuse Claim

Apple contends that Psystar "erroneously relies on *Alcatel*" from the Fifth Circuit "for the legal basis of its misuse claim." OPPOSITION, 7. While Apple may wish that Psystar relied upon a single case from the Fifth Circuit to evidence Apple's copyright misuse, Psystar's original motion and current reply rely upon the precedent set forth by the Ninth Circuit, namely in *Practice Mgmt.* To the extent that Psystar references another circuit—Fifth Circuit or otherwise—it is for a premise that the Ninth Circuit has adopted or to evidence complementary reasoning to the extent that the Ninth Circuit has not fully commented upon a specific issue. *See* discussion *supra* SECTION II; *see also* MOTION FOR LEAVE TO AMEND, 8 (concerning adoption of copyright misuse by the Ninth Circuit in light of *Practice Mgmt.*). But for Apple to suggest that Psystar exclusively lays the foundation of its motion on the reasoning Fifth Circuit is simply disingenuous.

While Psystar does reference the *Alcatel* decision—*Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772 (5th Cir. 1999)—it is initially for the premise that notwithstanding certain similarities between antitrust and copyright, a plaintiff need not evidence an underlying antitrust claim to prove copyright misuse. *See* MOTION FOR LEAVE TO AMEND, 8 (*citing Alcatel*). Psystar also refers to *Lasercomb*, 911 F.2d 970, *DSC Communications Corp. v. DGI Techs., Inc.*, 81 F.3d 597 (5th Cir. 1996), and *In re Independent Services Organizations Antitrust Litigation*, 203 F.3d 1322 (Fed. Cir. 2000) in this regard. Psystar also makes reference to the *Alcatel* decision in the context of Apple's misuse of the DMCA. *See* MOTION FOR LEAVE TO AMEND, 11 (noting that Apple's DMCA tactics "closely resemble[] the behavior at issue in *Alcatel*" where "the Fifth Circuit barred DGI from doing with contract and copyright what Apple is attempting to do vis-à-vis the DMCA"); *see also Anticircumvention Misuse*, 50 UCLALR 1095 (2003) (discussing *Alcatel* as a framework for copyright misuse in the context of the DMCA).[1] In the course of its motion, Psystar also refers to

---

[1] Reference to the *Alcatel* decision also addresses Apple's incorrect assertion that Psystar "provides no authority" with respect to a copyright misuse claim in the context of the DMCA. *See* OPPOSITION, 2 n. 1. Psystar also notes that it **does** assert a counterclaim for misuse of the DMCA, which is clearly labeled "Second Claim for Relief (Declaration of Unenforceability for Copyright Misuse (DMCA))." PSYSTAR'S FIRST AMENDED COUNTERCLAIM, 19 at l. 5-6 and ¶ 78-90.

the Supreme Court's holding in *Morton Salt Co. v. G.S. Suppieger Co.*, 314 U.S. 488 (1942) (MOTION FOR LEAVE TO AMEND, 9), the Ninth Circuit in *A&M Records* (MOTION FOR LEAVE TO AMEND, 8, 11), and the Northern District of Illinois in *qad, Inc. v. ALN Assocs., Inc.*, 770 F. Supp. 1261 (N.D. Ill. 1991) (MOTION FOR LEAVE TO AMEND, 10) with respect to addressing Apple's copyright misuse; Apple's suggestion that Psystar has placed all of its eggs in the basket of the Fifth Circuit is, therefore, simply incorrect.

### 3. Apple is Overly Reliant Upon *Triad*'s Scant Copyright Misuse Discussion

Apple relies upon *Triad Sys. Corp. v. Southeastern Express Co.* to support its contention that Psystar's copyright misuse claim is doomed to fail. *See* OPPOSITION, 7-8 (generally relying upon *Triad*, 64 F.3d 1330 (9th Cir. 1995)). Apple contends that because Triad "did not attempt to control the use of its hardware" that Apple should likewise escape a finding of copyright misuse that would render its copyrights unenforceable. OPPOSITION, 7. Apple's argument is fallacious.

'Use' of hardware as posited by Apple in the context of *Triad* is irrelevant to Psystar's copyright misuse claim. Psystar does not allege that Apple is controlling the specific use of an Apple-Labeled Computer Hardware System. Psystar does not allege that Apple requires an Apple-Labeled Computer Hardware system to only be used at particular times, in a particular fashion, or for a particular ends or purpose.

What Psystar *does* allege is that Apple is inappropriately extending its copyrights in the Mac OS to the purchase of an Apple-Labeled Computer Hardware System for the purpose of using the Mac OS. *See* FIRST AMENDED COMPLAINT, ¶ 72. Through Apple's End User License Agreement (EULA), to load or execute a copy of the Mac OS requires (according to Apple) the purchase and exclusive use of an Apple-Labeled Computer Hardware System with the Mac OS. *See* FIRST AMENDED COMPLAINT, ¶¶ 69, 70. A copyright is exclusive to creative works; Apple's copyrights in the Mac OS do not cover hardware. An Apple-Labeled Computer Hardware System does not embody an independently created expression protectable by the Copyright Act. *See* FIRST AMENDED COMPLAINT, ¶ 71. Not only is such an extension of copyrights in the Mac OS to an

independent hardware component anticompetitive (*i.e.*, to the detriment of other hardware manufacturers), Apple's EULA violates the public policy of the copyright laws by overextending the limited copyright monopoly. *See* FIRST AMENDED COMPLAINT, ¶ 73-75. This type of monopoly extension through tying is the *exact* behavior prohibited by the copyright misuse doctrine. Copyright misuse seeks to "prevent[] copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly" otherwise granted by the Copyright Act. *A&M Records*, 239 F.3d at 1026-27; *see also Practice Mgmt.*, 121 F.3d at 520 ("forbid[ding] the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office").

Notwithstanding the propriety of Psystar's copyright misuse claim, Apple's characterization that "[t]he Ninth Circuit's decision in *Triad* turned on the fact that competitors could design their own software to replace Triad software" and that Apple is therefore immune from copyright misuse liability is inaccurate. *Triad* was decided in the context of the issuance of a preliminary injunction. *See Triad*, 64 F.3d at 1334 (concerning Southeastern's appeal from a preliminary injunction). Because *Triad* was decided in the context of a preliminary injunction, the *Triad* court looked to issues of irreparable injury (64 F.3d at 1334-35), likelihood of success on the merits (64 F.3d at 1335), and fair use (64 F.3d at 1335-1337). Copyright misuse was addressed in the context of twelve, single column lines of discussion—a solitary paragraph. *See Triad*, 64 F.3d at 1337. And while the *Triad* court noted as a matter of *procedural history* that the district court had found "Triad did not attempt to prohibit Southeastern . . . from developing its own service software to compete with Triad," it would be inaccurate to suggest that the *Triad* court "based its decision" on this finding as is suggested by Apple. *Id.*; OPPOSITION, 8 (contending that *Triad* turned on the issue of copyright misuse). *Triad* can hardly be considered a keystone in the Ninth Circuit's application of the copyright misuse doctrine. *Practice Mgmt.*—as referenced by Psystar—is not only the more recent decision but clearly provides the more robust analysis of copyright misuse. *Practice Mgmt.* should be interpreted as controlling in the Ninth Circuit.

## V. PSYSTAR PROPERLY PLEADS AN UNFAIR COMPETITION CLAIM

Apple contends that "Psystar has failed to allege any predicate unlawful practice for its 17200 counterclaims." OPPOSITION, 10. Apple has engaged in the misuse of its copyrights. This activity is, at the least, unfair in that Apple has attempted (and continues to attempt) to extend the reach of its copyrights by tying them to computer hardware not otherwise protected by the Copyright Act. *See* FIRST AMENDED COUNTERCLAIM, ¶¶ 67-77, 78-90. Unfair conduct is conduct that "threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tech. Co.*, 20 Cal. 4th 163, 187 (1999).

Unfair conduct is inclusive of that behavior that violates the spirit of the antitrust laws. *Id.* A tying arrangement as implemented by Apple through the misuse of its copyrights constitutes a violation of the *spirit* of the antitrust laws but copyright misuse need not prove an *actual* antitrust violation. *See Lasercomb*, 911 F.2d at 976-79. Psystar has therefore evidenced unfair competition by Apple through conduct perpetuated by its copyright misuse. *See* MOTION FOR LEAVE TO AMEND, 12; *cf. Arizona Cartridge v. Lexmark Intern., Inc.*, 421 F.3d 981, 986-87 (9th Cir. 2005) (concerning post-sale restrictions that were found valid but prior to the United States Supreme Court rendering its decision in *Quanta Computer, Inc. v. LG Electronics*, 128 S.Ct. 2109 (2008), which would likely abrogate those restrictions under the new interpretation of patent exhaustion).

## CONCLUSION

For the foregoing reasons, Psystar respectfully requests that the Court grant Psystar's motion for leave to amend and allow for entry of the First Amended Counterclaim attached to its original motion as Exhibit A.

**January 7, 2009**

CARR & FERRELL *LLP*

By: /s/ Colby B. Springer

ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTOPHER P. GREWE

Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION