United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PSYSTAR CORPORATION, a Florida corporation,<br><br>Defendant. | No. C 08-03251 WHA<br><br>**ORDER RE PSYSTAR'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** |

## INTRODUCTION

Plaintiff Apple Incorporated filed this lawsuit against defendant Psystar Corporation asserting copyright, trademark and other claims related to PsyStar's use of Apple's computer operating system. PsyStar filed counterclaims against Apple alleging violations of federal and state antitrust laws. A previous order granted Apple's motion to dismiss the counterclaims without prejudice. Psystar now moves for leave to amend in order to assert counterclaims under the copyright misuse doctrine and state unfair competition laws. For the reasons stated below, the motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

In its proposed pleading, PsyStar no longer presses its antitrust counterclaims but instead seeks leave to amend in order to assert counterclaims for copyright misuse, and for unfair competition violations predicated on the alleged copyright misuse. The facts of this case

were set forth in detail in the order granting Apple's motion to dismiss and do not differ significantly in PsyStar's proposed amendment (Dkt. No. 33).

Apple manufacturers and markets the Macintosh Computer and the OS X Operating System ("Mac OS"). Operating systems like Mac OS control and direct the interaction between software applications such as word processors and internet browsers, and the central processing unit and the various hardware in a computer. Apple is the exclusive manufacturer and master licensor of Mac OS (Countercl. ¶¶ 9, 14, 17).[1]

PsyStar manufacturers and distributes a tailored line of computers called Open Computers. PsyStar's Open Computers support a wide range of operating systems including Mac OS, Microsoft Windows XP and XP 64-bit, Windows Vista and Vista 64-bit and Linux 32 and 64-bit kernels. PsyStar allows its customers to choose the operating system on the computers they purchase (Countercl. ¶¶ 11–12).

Numerous companies manufacturer entire computer hardware systems, including (but not limited to) Dell, Acer, Lenovo, Sony and Hewlett-Packard. In addition, numerous companies manufacture and sell components — such as hard drives, processors and graphics processing cards — used by those computer manufacturers. Few competitors, if any, other than PsyStar, however, currently sell computers compatible with Mac OS (Countercl. ¶¶ 18–19, 22, 57).

PsyStar alleges that Apple has improperly leveraged its Mac OS copyrights in order to gain exclusive rights with respect to Mac OS-compatible computer hardware systems not granted in the Mac OS copyrights, in two general respects.

*First*, PsyStar alleges that Apple has wrongfully extended the scope of its Mac OS copyright via its End User License Agreement ("EULA"), which specifically required that consumers install Mac OS *only* on Apple-labeled computers, as well as by embedding certain

---

[1] All references to the counterclaim and citations to "Countercl." hereafter refer to the proposed first amended counterclaim.

technical barriers to interoperability in Mac OS — kernel panic and infinite loops (Countercl. ¶¶ 36–51).[2]

*Second*, PsyStar alleges that Apple is leveraging its Mac OS copyrights by improperly asserting claims under the Digital Millennium Copyright Act, 17 U.S.C. 1201 *et seq*. ("DMCA"). PsyStar alleges, in effect, that Apple is improperly extending its Mac OS copyright into the computer hardware market by intimidating potential competitors into avoiding the market with dubious DMCA claims (Countercl. ¶¶ 52–56).

The proposed counterclaim asserts four claims for relief, all of which seek a declaratory judgment that Apple's Mac OS copyrights are unenforceable. The first claim alleges copyright misuse based on Apple's exclusive licensing of Mac OS in its EULA. The second claim alleges copyright misuse based on Apple's use or threat of DMCA claims against potential competitors for Apple's Mac OS -based computers. The third claim alleges a violation of California's unfair competition laws predicated on the alleged copyright misuse related to the EULA. The fourth claim alleges a violation of California's unfair competition laws predicated on the alleged copyright misuse related Apple's DMCA claims.

**ANALYSIS**

Under FRCP 15(a), leave to amend a complaint shall be freely given when justice so requires, but "[l]eave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002). As stated, in its proposed amendment PsyStar abandons its antitrust claims and instead asserts counterclaims for copyright misuse and for violations of California's unfair competition laws predicated on the alleged copyright misuse. In its answer to Apple's complaint, PsyStar asserted copyright misuse as an affirmative defense. PsyStar now seeks to assert it as a counterclaim as well.

Apple contends that the proposed amendment would be futile, for the following reasons: (1) copyright misuse may be alleged only as a defense, not as a counterclaim; (2) the

---

[2] The EULA states, "This license allows you to install, use and run (1) copy of the Apple Software on a single Apple-labeled computer at a time. You agree not to install, use or run the Apple Software on any non-Apple-Labeled computer or enable another to do so" (Countercl. ¶ 47).

3

counterclaims fail adequately to plead copyright misuse; (3) that state unfair competition claims may not be predicated on the defense of copyright misuse.

The Ninth Circuit explicitly adopted the doctrine of copyright misuse for the first time in *Practice Management*:

> We have implied in prior decisions that misuse is a defense to copyright infringement. *See Triad Sys. Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1337 (9th Cir.1995); *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1408 (9th Cir.1986). We now adopt that rule.

*Practice Management Information Corp. v. American Medical Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997). The doctrine "forbids the use of the [copyright] to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which is contrary to public policy to grant." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005) (citation omitted).

"Copyright misuse does not invalidate a copyright, but precludes its enforcement during the period of misuse." *Practice Management*, 121 F.3d at 520 n.9. Moreover, "a defendant in a copyright infringement suit need not prove an antitrust violation to prevail on a copyright misuse defense." *Id*. at 521.

Apple contends that copyright misuse may *only* be asserted as a defense, not as a counterclaim. This order is unconvinced, however, that misuse may never be asserted as a counterclaim for declaratory relief. PsyStar may well have a legitimate interest in establishing misuse independent of Apple's claim against it, for example, to clarify the risks it confronts by marketing the products at issue in this case or others it may wish to develop. Moreover, if established, misuse would bar enforcement (for the period of misuse) not only as to defendants who are actually a party to the challenged license but also as to potential defendants not themselves injured by the misuse who may have similar interests. *See Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 979 (4th Cir. 1990).

The best analogy is to patent misuse. *See Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 979 (4th Cir. 1990). Apple identifies no rule analogous to the one it here urges barring counterclaims for patent misuse, and in fact patent misuse counterclaims have been

4

permitted. *See, e.g.*, *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912 (7th Cir. 2008); *Glitsch, Inc. v. Koch Engineering Co., Inc.*, 216 F.3d 1382 (Fed. Cir. 2000) (both discussing patent misuse counterclaims). This order finds no reason to reject plaintiff's misuse counterclaims as necessarily futile.

It is true that the Ninth Circuit has described the doctrine of copyright misuse as a defense. *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005). The doctrine has, however, been permitted in actions for declaratory relief in this circuit as well. *Practice Management*, 121 F.3d at 518 (describing the doctrine as a defense, but the issue actually arose in an action for declaratory judgment); *Open Source Yoga Unity v. Choudhury*, 2005 WL 756558, *8 (N.D. Cal. 2005) (Hamilton, J.) (declaratory relief action). Insofar as other district courts have concluded that the doctrine may not be asserted as a counterclaim, this order respectfully disagrees.[3]

It is also true that, in *Altera,* the Ninth Circuit rejected an effort affirmatively to assert a misuse claim and emphasized that the doctrine is ordinarily a defense. *Altera*, 424 F.3d at 1090. That decision, however, is distinguishable. It simply agreed with the district court that the doctrine of copyright misuse should not be extended beyond its "logical place" as a defense to an infringement claim in order to allow it to be used as a defense to *state law* claims or as a "pretext" to avoid enforcement of certain licensing agreements, when no claim or threat of copyright infringement had been asserted. *Altera Corp.*, 424 F.3d at 1090. Here, Apple *has* asserted copyright claims against PsyStar, and as stated, Psystar's interest in the issue may not be limited solely to its defense of those claims. As in *Open Source Yoga*, subject-matter jurisdiction exists over the declaratory judgment action. *Open Source Yoga Unity*, 2005 WL 756558, at *8. This order, therefore, rejects the argument that misuse may never be asserted as a counterclaim and declines to find PsyStar's misuse counterclaims futile on that basis.

---

[3] *See, e.g.*, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1225–26 (C.D. Cal. 2003), *aff'd*, 380 F.3d 1154, *vacated on other grounds by Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005); *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 536 F. Supp. 2d 1191, 1199 (C.D. Cal. 2008).

5

Apple further argues that amendment would be futile because the proposed amended counterclaims fail to plead sufficient facts to support the claim. In its proposed amended counterclaims, PsyStar alleges that Apple leveraged Mac OS copyrights to secure exclusive rights not within the scope of the monopolies granted by those copyrights, *i.e.*, to Mac OS-compatible computer hardware systems. The complaint avers that Apple accomplished this through its EULA, through allegedly spurious litigation and by other means.

Apple responds that it is within its rights to determine whether, how or by whom its software is reproduced and how it is to be licensed, distributed or used. This may ultimately prove to be true. Apple, however, identifies no reason to bar the claims as a matter of law at the pleading stage. This order declines to find the claims futile.

Apple cites *Triad Systems v. Southeastern Express Company*, 64 F.3d 1330 (9th Cir.1995). Triad was a seller of computer systems that performed sales, inventory and accounting tasks for auto parts stores. It held copyrights in the computers' operating systems, application software, and in service software. The service software included utilities, diagnostic, and auxiliary software which was used by technicians to repair Triad computers. Triad sued Southeastern, an independent service organization that serviced Triad computers. Triad and Southeastern competed in the business of servicing Triad computers. Triad brought an infringement action against Southeastern claiming that in servicing the computers, Southeastern used the computers' OS and service software, and in so doing it infringed the copyrights because copies of the software were made in the computer's random access memory when the computer was in use. The service potentially also involved making copies onto the computer's hard drive or backup copies. *Triad*, 64 F.3d at 1333–34.

Triad had instituted a regime whereby it licensed rather than sold its software and, under the agreements, customers could not duplicate the software or allow it to be used by third parties. Southeastern asserted that these limitations constituted misuse. The decision agreed with the district court's rejection of the misuse defense, because "Triad did not attempt to prohibit Southeastern or any other ISO from developing its own service software to compete with Triad." *Id*. at 1337. Apple contends that *Triad* governs PsyStar's motion, because "[a]s is

6

the case with the Apple [EULA], Triad did not attempt to control the use of its hardware, but only the use of its copyrighted software" (Opp. at 7).

In *Triad*, the district court had rejected the misuse defense in the course of issuing a preliminary injunction, and the Ninth Circuit simply agreed with that ruling, finding that Southeastern could "[]not show that it is likely to prevail on its asserted copyright misuse defense." The issue did not arise in an effort to bar a claim or counterclaim. Moreover, *Triad* did not clarify the scope of its holding; its entire analysis consisted of four sentences. Apple interprets the decision to have hinged on whether or not Triad had sought to "control the use of its hardware," but that is not the only interpretation. The decision may eventually be found to provide some degree of guidance, but this order declines to find the proposed pleading futile based on *Triad*. Apple also cites language from the November 2008 order in this case granting Apple's motion to dismiss PsyStar's counterclaims. The order addressed the *antitrust* issues then before the court; it did not opine one way or the other on the merits of Apple's instant *copyright* claims or PsyStar's misuse allegations. For all of these reasons, PsyStar's motion for leave to amend is granted with respect to the proposed misuse counterclaims.

As stated, PsyStar also seeks leave to amend in order to assert Section 17200 claims predicated on the misuse claims. Apple's opposition thereto relies in part on its contentions that the misuse counterclaims themselves fail, and to that extent, its contentions are foreclosed by the conclusions reached above.

Apple also contends that those claims fail because PsyStar has failed adequately to plead any actual or incipient violation of the antitrust laws. Both sides agree that "unfair" conduct under Section 17200 is conduct that threatens or harms competition. *Cel-Tech Communications v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 186–87 (1999) (requiring "that any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition"). Thus, although the misuse doctrine does not hinge on antitrust violations, plaintiff's Section 17200 claims survive only if the complaint pleads conduct that "threatens an incipient violation of [] antitrust law[s], or violates the policy or spirit of one of those laws." *Id*. at 187.

PsyStar's single-product-market theory was previously rejected (Dkt. No. 33). Plaintiff fails otherwise to identify an actual or incipient violation of antitrust laws or the spirit thereof — harm to competition. PsyStar argues that the alleged misuse is, "at the least, unfair in that Apple has attempted (and continues to attempt) to extend the reach of its copyrights by tying them to computer hardware not otherwise protected by the Copyright Act" (Reply at 12). It fails to explain, however, how this conduct constitutes harm to competition or a violation of the spirit of the antitrust laws. In the context of single-firm conduct, tying requires monopolization. PsyStar has identified none — other than the limited monopolies inherent in the copyrights themselves. The Section 17200 claims, therefore, are futile. PsyStar's motion for leave to amend the Section 17200 claims is denied.

## CONCLUSION

For all of the above-stated reasons, PsyStar's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**. PsyStar should file its amended counterclaims, to the extent here permitted, within seven days of the date of entry of this order and Apple must answer within 20 calendar days. No more motion practice shall be allowed on the pleadings without leave of the Court. Both sides should be taking discovery and preparing themselves for trial and/or summary judgment.

**IT IS SO ORDERED.**

Dated: February 6, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE