# townsend.

James G. Gilliland, Jr.
(415) 273-7560
jggilliland@townsend.com

April 29, 2009

*Via Electronic Filing*

Honorable William Alsup
United States District Court
450 Golden Gate Avenue
Courtroom 9, 19th Floor
San Francisco, CA 94102

Re: *Apple Inc. v. Psystar Corp.*, Case No. C 08-03251 WHA

Dear Judge Alsup:

Despite numerous meet and confer sessions, defendant Psystar Corporation ("Psystar") has failed to provide, either through documents or testimony, clearly relevant financial information. Psystar has produced no monthly profit and loss statements, balance sheets or other financial statements and only a small subset of revenue and cost-related receipts. Moreover, at the 30(b)(6) deposition regarding Psystar's revenues, profits, assets and liabilities (including investors, lenders or other sources of financial support), taken on March 20, 2009, Psystar's CEO and founder, Rudy Pedraza, the person designated by Psystar to testify on this topic, would not answer basic questions about Psystar's financials.  Mr. Pedraza, who runs this small company, stated approximately 90 times during the deposition that he did not know or recall answers to basic questions about Psystar's sales, its general costs and profits, its costs and profits by product line, how it determined its prices and profit margins,

Townsend and Townsend and Crew LLP · Two Embarcadero Center, Eighth Floor, San Francisco, CA 94111-3834 · tel 415.576.0200 · fax 415.576.0300
San Francisco · Palo Alto · Walnut Creek · San Diego · Denver · Seattle · Washington DC · Tokyo · www.townsend.com

███████████████████████████████████████ Yet, as of the March 20 deposition, <u>no</u> customer purchase receipts or order documents had been produced by Psystar. Indeed, despite a supplemental production on April 13, 2009, Psystar still has not produced customer purchase receipts/invoices from at least April 2008, when it began selling its computers, to October 2008. Additionally, only a subset of vendor invoices[3], from December 2008 to March 2009, were produced (and those just one day before the deposition). Similar documents from April to November 2008 are still missing. Due to these deficiencies in both Psystar's document production and its 30(b)(6) testimony (along with others described below), Apple submits this letter brief requesting an order compelling Psystar to (1) produce financial documents sufficient to determine Psystar's revenues, costs, profits, assets and liabilities and (2) to make available a knowledgeable 30(b)(6) designee for another deposition on this topic at Psystar's expense.

I.     **Procedural Background**

On November 4 and 11, 2008, Apple served its First and Second Sets of Requests for Production in which it requested Psystar documents related to sales, revenue, costs, profits, assets, liabilities and financial projections. (RFP Nos. 25, 31, 33-34, 36-37, 42, 49 and 58-63, language reproduced in Ex. C.)[4] After numerous meet and confer sessions on December 17 and 19, 2008, February 13 and 20, and March 9, 2009, Psystar stated that it would produce documents responsive to these requests after entry of a protective order.[5] On March 16, 2009, Apple again reminded Psystar that it had not produced any financial documents (other than a few purchase records through a payment processor) and demanded production before the upcoming 30(b)(6) deposition. One day before the deposition, Psystar produced only a small subset of the vendor invoices mentioned above. After the deposition, Apple sent another letter identifying the documents Mr. Pedraza had testified were produced or may exist at Psystar. (Ex. D.) One week later, and three weeks after the deposition, Psystar produced purchase receipts from October 2008 to March 2009. No additional relevant documents have been produced even though Psystar has been selling computers since April 2008 and Mr. Pedraza testified that Psystar had not destroyed any documents. (Ex. A at 46:14-16.)

II.    **Categories of Missing Documents**

**P&L Statements, Balance Sheets And Other Financial Statements.** Psystar should be compelled to produce its financial statements. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Psystar has not produced that data or any financial statements. Moreover, Psystar has not produced

---

[3] The invoices show Psystar's purchases of hardware components, software and other supplies from various vendors that were used to build and ship Psystar's computer products.
[4] Of particular importance to this letter brief are requests seeking documents sufficient to demonstrate Psystar's monthly and annual sales volume revenue, costs and profits for Psystar products and product lines (Nos. 33 & 49).
[5] The Court approved the Stipulated Protective Order on March 3, 2009.

information that would allow Apple to conduct its damages analysis ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Underlying Documentation to Show Sales, Revenue, Costs, Etc.** Psystar should also be compelled to produce underlying documentation that is necessary to create a profit and loss statement or balance sheet. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Based on third-party productions, it is also evident that Psystar exchanged documents with its payment processors that show Psystar's sales and returns along with the fees paid to those payment processors. Psystar has not produced documents showing all of its sales and revenues from April 2008 to the present.

Furthermore, Psystar has not produced any summary document sufficient to show its costs from when it first began selling products in April 2008 through the present. Even if Psystar does not have a summary document, it should then produce documentation that would allow Apple to determine Psystar's costs. Psystar has not produced any documents that show its operating costs or overhead costs, including payroll. It has not even produced all the invoices from its own vendors and consultants.[6] Rather, Psystar has produced only a smattering of invoices that cover products purchased from December 2008 through March 2009. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These documents are important to determine Psystar's profits and margins and must be produced.

**Financial Projections.** Apple also requested financial projections for Psystar's products (RFP No. 25). Psystar has produced one financial projection but has not produced the drafts of that financial projection. (*See* PSY009277.) Those drafts clearly exist. In fact, Psystar has produced emails sending such drafts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as attachments to emails. Psystar, however, has not produced any attachments to e-mails in this case. Psystar should be required to produce the drafts of financial projections and all attachments to e-mails.

Apple respectfully requests pursuant to Rule 37(c) that Psystar be compelled to produce all documents responsive to the categories described above, to provide another knowledgeable witness to complete the 30(b)(6) deposition on Topic 2 without that day of deposition counting as another deposition, and to pay Apple reasonable expenses, including attorney's fees caused by Psystar's inordinate failure to produce and testify.

Very truly yours,

*/s/ James G. Gilliland, Jr.*

James G. Gilliland, Jr.
Counsel for Apple Inc.

---

[6] In addition to RFP Nos. 33 and 49, Apple specifically requested invoices from third party vendors and documents showing the costs of acquiring Mac OS X in RFP Nos. 34, 36 and 42. (Ex. C.)