

WRITER'S DIRECT DIAL & EMAIL
(650) 812-3496
CSpringer@CarrFerrell.com

May 4, 2009

**VIA ELECTRONIC FILING**

Honorable William H. Alsup
United States District Court
450 Golden Gate Avenue
Courtroom 9, 19th Floor
San Francisco, CA 94102

  **Re:**   *Apple Inc. v. Psystar Corporation* **(Case No. CV 08-03251 WHA)**

Dear Judge Alsup:

  Apple Inc. ("Apple"), through its letter dated April 29, 2009, asserts that Psystar Corporation ("Psystar") has failed to meet its discovery obligations with regard to the production of requested financial information.  Apple's assertion is incorrect as Psystar, a start-up company with a continuously changing staff of less than 20 employees, has made a good faith effort to meet—and has met—all of its obligations to produce responsive documents to Apple.  Apple's request for relief should be denied.

  Per the agreement of the parties, Psystar has produced documents on a rolling basis beginning December 5, 2008.  Psystar continues to produce documents to Apple on a rolling basis in line with latest documents created or received by Psystar in the month prior to production.[1]  As of the date of this letter, Psystar has produced all responsive financial documents in its possession.  Psystar continues to—and will continue to— produce responsive financial documents in line with its monthly rolling production.

  Psystar has also submitted proposed dates to Apple for supplementing deposition testimony on the 30(b)(6) deposition topic related to Psystar's financial information.  In that regard, Apple's motion to compel is moot.  Apple was informed of this forthcoming production and identification of dates prior to its filing of the April 29, 2009 letter.  Notwithstanding, Apple elected to submit the aforementioned letter to the

---

[1]  By comparison, Apple has produced almost exclusively non-responsive documents despite numerous meet and confer sessions on the part of Psystar to streamline Apple's production to certain keywords. The documents produced by Apple are generally publicly available documents (e.g., screen shots of Psystar's website) that ignore the scope of Psystar's discovery requests.  Absent a January 9, 2009 'production' of publically available copyright and trademark registrations along with copies of decades old litigation pleadings, Apple's 'production' did not even begin in earnest until April 13, 2009.

Dockets.Justia.com

Court.  Apple's filing serves no other purpose than to serve as fodder for a blogosphere otherwise rabid for new details on this litigation or to incur unnecessary expense on behalf of Psystar.  Such a filing, in either case, is inappropriate.

### The Categories of Alleging Missing Documents

Apple complains that Psystar has not produced P&L, balance, and "other" financial statements.  As Apple readily admits, Rudy Pedraza, CEO of Psystar, has testified that P&L and balance statements do not exist.  As explained during deposition and during meet and confer sessions between counsel, Psystar has not generated any formal monthly/quarterly/yearly profit and loss statements.  Psystar did create a financial statement for certain payment processor vendors, such as Gravity Payments, in order to do business with those entities based on receipts and other information that was either on hand or recalled at the time of its creation.  Psystar has produced such documents to Apple.  Apple has subpoenaed—and received—information from those third-party entities.  Apple's request—regardless of merit—thus seeks to have Psystar *reproduce* or create 'from scratch' information already in Apple's possession via a third-party production.

Psystar has also produced all of the underlying documentation in its possession, including invoices as well as those related to sales and revenue.  Prior to this litigation, some documents were lost during Psystar's transition to its current office space.  Psystar has, however, diligently retained and produced all documents in its possession responsive to Apple's discovery requests since Psystar retained counsel.  Psystar has also produced all of the paper invoices, electronic invoices, electronic receipts and other forms of receipts in its possession.

Psystar has produced the financial projections related to its products that exist and that are in its possession or control.  Despite Apple's assumption to the contrary, drafts of the financial projection document that Psystar created to obtain funding do not exist.  The document ultimately sent to possible venture capital investors was a work in progress; Psystar did not print and save a hard copy whenever a change to the document was made.  Because Apple *wants* a document to exist does not make it so.

Unlike Apple, Psystar is a small start-up company with limited resources.  Psystar has, due to Apple's discovery tactics, focused much of those resources on litigation.  Most of Psystar's financial transactions – including customer receipts – occur in electronic form.  Psystar does not receive hard copies of its bank statements.  Psystar does not unnecessarily create paper documents that exist in electronic form.  Psystar has

not created formal monthly/quarterly/yearly profit and loss statements and is just now beginning to aggregate such information based on the same documents and information that Psystar produced to Apple in this litigation.

Psystar has, however, undeniably met its obligation under the Federal Rules of Civil Procedure and produced all responsive documents in its possession in response to Apple's discovery requests regarding Psystar's financial information. Psystar has produced roughly 12,000 pages of documents in response to Apple's requests – roughly equivalent to the scope of Apple's limited production prior to the filing of this motion, which will, unfortunately, be the topic of a forthcoming letter from Psystar to this Court.

Psystar has also proposed additional dates for the supplemental 30(b)(6) deposition regarding Psystar's financial information. Apple's motion to compel is unnecessary and should be denied. The production that Apple seeks to compel has already been produced to the extent that it exists, and Psystar continues to produce documents on a rolling basis for each successive month.

Very truly yours,

Colby B. Springer
Counsel for Psystar Corporation