| | |
|---|---|
| JAMES G. GILLILAND, JR. (SBN 107988)<br>jggilliland@townsend.com<br>MEHRNAZ BOROUMAND SMITH (SBN 197271)<br>mboroumand@townsend.com<br>MEGAN M. CHUNG (SBN 232044)<br>mmchung@townsend.com<br>JEB OBLAK (SBN 241384)<br>jboblak@townsend.com<br><br>TOWNSEND AND TOWNSEND AND CREW LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, California 94111<br>Telephone: (415) 576-0200<br>Facsimile: (415) 576-0300<br><br>Attorneys for Plaintiff and Counterdefendant<br>APPLE INC. | ROBERT J. YORIO (SBN 93178)<br>ryorio@carrferrell.com<br>COLBY B. SPRINGER (SBN 214868)<br>cspringer@carrferrell.com<br>CHRISTOPHER P. GREWE (SBN 245938)<br>cgrewe@carrferrell.com<br><br>CARR & FERRELL LLP<br>2200 Geng Road<br>Palo Alto, California 94303<br>Telephone: (650) 812-3400<br>Facsimile: (650) 812-3444<br><br>Attorneys for Defendant and Counterclaimant<br>PSYSTAR CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>PSYSTAR CORPORATION, a Florida corporation,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.    CV 08-03251 WHA<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] REVISED CASE MANAGEMENT ORDER**<br><br>Date:      July 9, 2009<br>Time:     11:00 a.m.<br>Judge:    Hon. William Alsup<br>Courtroom: 9, 19th Floor |

Pursuant to this Court's June 26, 2009 Order, Plaintiff and Counterdefendant Apple Inc. ("Apple") and Defendant and Counterclaimant Psystar Corporation ("Psystar") (collectively referred to herein as "the Parties") jointly submit this Second Case Management Statement and Proposed Order and request that the Court adopt the portions it deems appropriate as the Revised Case Management Order in this matter.

## SECOND JOINT CASE MANAGEMENT STATEMENT

The Parties hereby incorporate by reference their October 30, 2008 Joint Case Management Statement with the exception of Paragraph 17 (Scheduling) and as amended based on developments described below. Since the Parties filed their initial Joint Case Management Statement, the following developments have occurred:

<u>Procedural Developments</u>

On November 18, 2008, the Court dismissed Psystar's antitrust and unfair competition counterclaims. Several weeks later, on December 2, 2008, by stipulation of the parties, Apple filed its Amended Complaint which added claims that Psystar violated the Digital Millennium Copyright Act by circumventing technological protection measures implemented by Apple to protect its copyrighted Mac OS X Leopard® operating system. Under 17 U.S.C. §1203(c), Apple is seeking actual damages suffered and any profits gained by Psystar resulting from its DMCA violations or the maximum statutory damages allowed. Moreover, Apple is seeking an injunction and its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b). Psystar filed its Answer to Apple's Amended Complaint on December 16, 2008.

That same month, Psystar moved the Court for permission to file an amended counterclaim. The Court granted Psystar's motion to amend its counterclaim to include declaratory relief claims on the basis of copyright misuse, but denied the addition of any unfair competition claims. On February 13, 2009, Psystar filed its Amended Counterclaim. Apple filed its Answer to Psystar's Amended Counterclaim on March 4, 2009.

The Parties engaged in discovery including exchanging written discovery, producing documents, taking depositions and issuing subpoenas to third parties. On April 30, 2009, Apple filed a letter brief seeking an order compelling Psystar to produce certain documents and a knowledgeable

1  30(b)(6) corporate designee for deposition. The Court granted Apple's request and issued an order
2  compelling Psystar's production of financial documents and a 30(b)(6) deposition. Psystar produced
3  some documents in response to the Court's Order; however, Apple contends that the production is still
4  deficient and plans to seek relief from the Court. Additionally, the 30(b)(6) deposition was scheduled
5  for June 4, 2009, but the deposition never took place. On May 22, 2009, counsel for Apple was
6  scheduled to meet and confer with Psystar regarding spoliation issues and deficiencies in Psystar's
7  production. On that call, Psystar's counsel informed Apple that Psystar had filed for bankruptcy.

8        On May 21, 2009, approximately one month prior to the fact discovery cutoff and opening
9  expert report deadline, Psystar filed for a Voluntary Petition for Chapter 11 Bankruptcy in United
10 States Bankruptcy Court for the Southern District of Florida (Case No. 09-19921 BKC-RAM). The
11 bankruptcy proceeding is currently pending before Judge Robert Mark; however, on June 19, 2009,
12 Judge Mark issued an order lifting the automatic stay with regard to this litigation pursuant to 11
13 U.S.C. § 362(d). On July 1, 2009, Psystar filed a Motion to Dismiss its Chapter 11 bankruptcy filing.
14 Other than the bankruptcy proceeding, the Parties are not aware of any related cases or proceedings
15 pending before another judge of this Court or before another court or administrative body.

16 <u>Developments in Facts and Disputed Facts</u>

17       Psystar has stated in its discovery responses that it has never sold servers using Mac OS® X
18 Leopard Server. Accordingly, at this time, Psystar's OpenServ line of products (OpenServ 1100 and
19 OpenServ 2400) and Apple's Mac OS X Leopard Server software are no longer at issue.

20       However, Psystar has offered additional products that run Mac OS X Leopard without Apple's
21 permission. These products include the Rackmount OpenPro, Open(3), Open(Q), Open(7),
22 Rackmount Open(7) and a "restore disc" that allows its customers to install Mac OS X. Indeed,
23 Psystar released the Open(7) line of products with Mac OS X on or around June 30, 2009, just days
24 after the bankruptcy court granted Apple relief from the automatic bankruptcy stay. Apple contends
25 that each of these products infringe Apple's intellectual property and other rights. On July 1, 2009,
26 Psystar issued a press release describing its newly released products and informing the public that it
27 was going to "emerge" from bankruptcy. On that same day, Psystar filed a motion to dismiss its
28 bankruptcy filing. Additionally, earlier in 2009, Psystar began distributing its computers with Apple's

iLife® and iWork® software application suites. Apple contends that this is a violation of its intellectual property rights and a breach of its software license agreements.

<u>Developments in Legal Issues Presented</u>

As described above, Apple asserted a DMCA claim in its Amended Complaint. Accordingly, in addition to the issues listed in ¶3 of the October 30, 2008 Joint Case Management Conference Statement, the following legal issue is in dispute: Whether Psystar's development, manufacture, advertising, distribution and/or sale of the Psystar Products with Mac OS X violates the Digital Millennium Copyright Act § 1201 *et seq*.

<u>Scheduling</u>

As a result of the bankruptcy stay, the Parties agree that a reasonable extension of the deadlines previously issued by the Court is appropriate. Accordingly, the Parties propose the following discovery and court dates:

| | |
|---|---|
| Serve list of issues on which party will offer expert testimony in its case-in-chief: | 7/22/09 |
| Fact Discovery Cutoff: | 8/21/09 |
| Expert Disclosures: | 8/21/09 |
| Rebuttal Expert Disclosures: | 9/4/09 |
| Reply Expert Disclosures: | 9/11/09 |
| Expert Discovery Cutoff: | 9/25/09 |
| Last Day to Hear Dispositive Motions: | 11/19/09 |
| Pretrial Conference Date: | 12/28/09 |
| Trial Date: | 1/11/10 |

DATED: July 2, 2009

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By:     */s/ James G. Gilliland, Jr.*
       JAMES G. GILLILAND, JR.
       MEHRNAZ BOROUMAND SMITH
       MEGAN CHUNG
       JEB OBLAK

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

| | | |
|---|---|---|
| 1 | DATED: July 2, 2009 | CARR & FERRELL LLP |

By:     */s/ Robert J. Yorio*
      ROBERT J. YORIO
      COLBY B. SPRINGER
      CHRISTOPHER P. GREWE

Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION

62097761 v2

**REVISED CASE MANAGEMENT ORDER**

1  
2       The Second Joint Case Management Statement and Proposed Order is hereby adopted by the
3  Court as the Revised Case Management Order for the case, and the parties are ordered to comply with
4  this Order.
5       In addition, the Court makes the following orders:
6
7
8
9
10  DATED: _____          _____
11                                          William Alsup
                                            United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL ORDER ATTESTATION**

I, James G. Gilliland, Jr., am the ECF user whose ID and password are being used to file this **SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] REVISED CASE MANAGEMENT ORDER.** In compliance with General Order 45.X.B., I hereby attest that Robert J. Yorio has concurred in this filing.

                                                */s/ James G. Gilliland, Jr.*
                                                JAMES G. GILLILAND, JR.