J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A., <br><br> Plaintiff, <br><br> v. <br><br> Akanoc Solutions, Inc., et al. <br><br> Defendants. | Case No. C 07 3952 JW <br><br> OPPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A. TO DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT; DECLARATION AND EXHIBITS IN SUPPORT <br><br> Date: September 8, 2008 <br> Time: 9:00 a.m. <br> Court: Hon. James Ware |

Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") submits this Opposition to the Supplemental Motion for Summary Judgment of Defendants Akanoc Solutions, Inc. ("Akanoc"), Managed Solutions Group, Inc. ("MSG") (collectively the "ISP Defendants") and Steven Chen ("Chen"). The ISP Defendants and Chen are collectively referred to herein as Defendants.

## INTRODUCTION

Defendants' belated "supplemental" motion (the "Supplemental Motion") should be denied.[1]

Like Defendants' initial motion for summary judgment, the Defendants' Supplemental Motion is predicated upon an inaccurate statement of applicable legal principles, an incomplete statement of the record and is properly denied based on the Defendants' own failure to meet its *prima facie* burden (which is nonetheless rebutted for additional reasons set forth in the attached supporting declaration of J. Andrew Coombs – the "Supp. Coombs Decl.").

## STATEMENT OF FACTS

Plaintiff notified Defendants of infringing websites directly and through counsel before the lawsuit, and after the lawsuit, through counsel only.  See Declaration of Nikolay Livadkin in Support of Plaintiff's Opposition to Motion for Summary Judgment ("Livadkin Decl.") at ¶¶ 17-19; Exhibit 1507 to Declaration of James A. Lowe in Support of Defendants' Supplemental Motion for Summary Judgment (Deposition of Nikolay Livadkin ("Livadkin Depo.")) at p. 181:2.

During the Parties' Rule 26(f) conference which took place on October 23, 2007,[2] Defendants' counsel requested that future notifications of infringing activity hosted on Defendants' services be directed to them so that Defendants could "take action instantly."  Supp. Coombs Decl. at ¶ 2.  Plaintiff then notified Defendants of a number of infringing sites prior to Defendants' "Interim Designation" of an agent to accept complaints with the Copyright Office, most of which

---

[1] Defendants bring this so-called Supplemental Motion to address additional Websites added in the First Amended Complaint (FAC) for which leave to file was granted after the Defendants' initial motion was filed.  It does not purport to alter grounds asserted in the initial motion as they pertain to the underlying contributory and vicarious infringement alleged in the original Complaint, only to insert additional grounds as they relate to the added websites alleged in the FAC.  Louis Vuitton therefore submits this Supplemental Opposition to try and help maintain clarity with respect to those separate issues alleged in the "Supplemental" Motion for Summary Judgment.  Of course, if the Court denies the underlying motion, this Supplemental Motion should also be denied for all reasons set forth in Louis Vuitton's Opposition to the underlying motion.

[2] An example of Defendants' misstatement of the record is clearly demonstrated in a footnote that the Parties' Rule 26 early meeting took place on December 6, 2007.  Proof of this clearly erroneous statement is that the Case Management Conference Statement and Proposed Order was filed with the Court on November 8, 2007.  Supplemental Motion, 3:27-28 n. 3.

were among the additional websites listed in the FAC.  Id. at ¶ 3.[3]  Still more websites listed in the FAC were first identified in discovery requests served on Defendants' counsel on January 3, 2008.  Id. at ¶ 4.  Notification protocol of letters to counsel continued until the settlement conference which took place on June 6, 2008, when Defendants' counsel indicated a Digital Millennium Copyright Act ("DMCA") format was necessary for notification letters.  Id. at ¶¶ 3-4.  Plaintiff thereafter sent DMCA formatted letters to counsel as the Defendants are represented parties, and Defendants' counsel sent responses to two, evidencing that complained of websites included in the FAC were hosted by Defendants.  Id. at ¶¶ 6-8, Exs. C-D.  Furthermore, Defendants forwarded a number of emails which show that complained of websites listed in the FAC were hosted by Defendants.  Id. at ¶ 5.  Contrary to Defendants' incomplete quote from the testimony of Robert L. Holmes, Plaintiff's investigator found "many dozens" of websites hosted by Defendants which were selling or offering goods that are purported to be counterfeit.  Coombs Decl. at ¶ 10, Ex. G at p. 167:17- 168:13 (Deposition of Robert L. Holmes).

More recently, Defendants' Objections to Magistrate Judge Lloyd's Order Compelling Discovery and their inapplicable argument as to the Stored Communications Act were overruled and compliance with the discovery order is expected to follow.  Id. at Ex F.  Plaintiff anticipates additional documents to be produced.

## ARGUMENT

**A. Defendants' Own Produced Documents, However Minimal, Show Unequivocally That They Hosted Infringing Websites Listed in the First Amended Complaint**

Defendants' argument that Louis Vuitton has no admissible evidence concerning the added websites listed in the FAC us flatly contradicted by the record.  Supplemental Motion, p. 10:11-12.  Defendants' corollary assertion that the allegations should be rejected for failure to disclose counsel of record as the "only" competent witness on these issues is accordingly, irrelevant.

_____

[3]. The ISP Defendants state they registered agents to receive complaints with the Copyright Office in compliance with the DMCA on November 30, 2007.  See Exhibits 1505 and 1506 to the Declaration of Steve Chen in Support of Defendants' Supplemental Motion for Summary Judgment.  Plaintiff's notifications which included most of the additional websites listed in the FAC, began at least as of November 26, 2007, pre-dating Defendants' belated registration.

Aside from the admissible evidence attached to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, this contention is also flatly false given Defendants' own records of contacting their "customers" in response to complaints by Louis Vuitton of websites listed in the FAC. Coombs Decl. ¶ 5 and Exs. A-D. The Defendants' own testimony and documents evidencing receipt of these demands and their stated protocol (to ping and forward complaints) corroborates their hosting of the sites. Declaration of Steven Chen in Support of Summary Judgment, ¶¶ 11-15. In other words, Louis Vuitton can prove up Defendants' receipt of the various demands without calling counsel of record (or defense counsel of record as a witness) given Mr. Chen's testimony and Defendants' documents evidencing activity taken in response to Louis Vuitton's post-litigation demands.

Defendants' contention is simply unsupported by their own record and the Supplemental Motion is properly denied.

**B. <u>Counsel for Plaintiff Does Not Make Himself a Witness By Acting on Behalf of a Client</u>**

Defendants' strategy of somehow characterizing Plaintiff's counsel as a necessary witness is unfounded and, given Defendants' own request for notices to defense counsel of record, Defendants are properly estopped from making any such assertion.

Plaintiff's witness clearly stated in the excerpt chosen by Defendants to include in support of their Supplemental Motion that later notices to Defendants were sent "through counsel." Livadkin Depo at p. 181:2. Plaintiff's same witness later declared that Plaintiff identified numerous other websites, some of which were the subject of letters sent by Plaintiff's counsel to Defendants. Livadkin Decl. at ¶¶ 17-19. Plaintiff is not familiar with any rule that automatically requires an attorney to be a necessary witness for sending letters on behalf of a client. Plaintiff properly identified its witnesses in its initial disclosures and Plaintiff's counsel is neither a necessary or appropriate witness in this case.

**C.** **Notices Sent by Louis Vuitton are Admissible in Light of Defendants' Counsel's Requests and Subsequent Responses as well as Defendants' Failures to Comply with the DMCA**

On October 23, 2007, Defendants' specifically requested that notices of additional infringing websites be forwarded to counsel for immediate handling. Coombs Decl. at ¶ 2. Plaintiff complied with this request. Id. at ¶¶ 3-4. After Defendants' counsel requested DMCA formatted letters in June 2008, Plaintiff complied with this request, and Defendants' counsel responded to two such letters. Id. at ¶¶ 6-8. In addition, Plaintiff sent to defense counsel a list of websites in connection with discovery, and Defendants were represented parties. Thus, communications from Plaintiff's counsel were not and could not be sent directly to Defendants.[4] Therefore, all of Plaintiff's notifications of infringing websites, including those listed in the FAC were proper and are admissible.

The irony of Defendants' reliance upon the technical requirements for notice under the Digital Millennium Copyright Act are record-breaking - even were it not for Defendants' counsels' express request during the early meeting of counsel and acquiescence in the various notices transmitted in reliance upon that request.

First, Louis Vuitton also claims infringement of trademarks which are in no way implicated by the DMCA which only applies to copyright infringement. Second, the requirement of notice under the DMCA does not speak to all liability but only to specified relief from which the ISP is given immunity. Third, the Defendants' own testimony in support of the motion demonstrates that they, themselves, were non-compliant with key elements of the DMCA, specifically including Defendants' own failure to designate an agent for receipt of complaints with the Copyright Office until after November 30, 2007, well after the complaint was filed, after several letters to Defendants concerning infringing websites went unanswered and after the November 26 demand raising issues with many of the additional websites listed in the FAC. Supp. Coombs Decl., Ex. A.

---

[4] Rules of Professional Conduct 2-100(A) states: "While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."

Defendants' have no excuse for their failure to adequately respond to notices both properly formatted under the DMCA or requested by Defendants', and actually received by Defendants or their attorneys.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' supplemental motion for summary judgment.

Dated:  August 18, 2008                    J. Andrew Coombs, A Professional Corp.


            /s/ J. Andrew Coombs
By:  J. Andrew Coombs
       Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

## DECLARATION OF J. ANDREW COOMBS

I, J. Andrew Coombs, declare as follows:

1.       I am an attorney at law duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California.  I am counsel of record for Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") in an action styled <u>Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.</u>, Case No. C 07 3952 JW.  I submit this declaration in support of Plaintiff's Opposition to Defendants' Supplemental Motion for Summary Judgment.  Except as otherwise stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.       On or about October 23, 2007, the Parties conducted their early meeting of counsel pursuant to Fed. R. Civ. P. 26(f) telephonically.  During this meeting, Defendants' counsel, James A. Lowe requested notifications be directed to them of additional infringing websites so that Defendants could "take action instantly."

3.       On November 26, 2007, my office sent to Defendants' counsel a letter on behalf of Louis Vuitton which included a number of websites, the majority of which constituted the additional websites listed in the First Amended Complaint ("FAC").  Attached hereto as Exhibit A is a true and correct copy of my letter from November 26, 2007.

4.       Most of the remaining additional websites listed in the First Amended Complaint were included in discovery requests which were served on Defendants' counsel on January 3, 2008.  An additional website listed in the FAC was the subject of a telephone and email follow up notification to Defendants' counsel on or about February 19, 2008.  Some of the websites listed in the discovery requests and other additional newly discovered websites were the subject of additional notification to Defendants' counsel by letter on behalf of Louis Vuitton on March 3, 2008, March 31, 2008, April 7, 2008, and June 2, 2008.  Attached collectively hereto as Exhibit B

are true and correct copies of the list of websites attached to Plaintiff's discovery requests as well as Plaintiff's letters (without exhibits) to Defendants' counsel from March 3, 2008, March 31, 2008, April 7, 2008, and June 2, 2008.

5.    I received production of documents on behalf of Defendants from Defendants' counsel and also an optical disc with various emails post-dating the lawsuit concerning some of the websites listed in the Exhibit A letter and now included in the FAC.  (These emails were produced in a <.pst> format.  Defense counsel provided instructions on accessing the content by importing the folder into Microsoft Outlook.  Although this enabled Louis Vuitton to access the text content, the format prints out in "native" format so the Defendants' own production appears printed with "Andy Coombs" headers which have been redacted.)  Attached as Exhibit E to my declaration in support of the Opposition to Defendants' Motion for Summary Judgment includes true and correct copies of some of the documents forwarded by Defendants to me showing correspondence between Defendants' and their "customers" regarding some of the additional websites listed in the FAC.

6.    At the settlement conference, on June 6, 2008, counsel for Defendants', James A. Lowe indicated to me that Plaintiff's notices to Defendants' counsel needed to conform to the DMCA.  On or about June 20, 2008, my office sent to Defendants' counsel a DMCA format letter on behalf of Louis Vuitton regarding one of the additional websites listed in the FAC because Defendants are represented Parties.  On or about June 24, 2008, Defendants' counsel responded and stated that Louis Vuitton's complaint was reported to Defendants' "customer".  Attached collectively hereto as Exhibit C are true and correct copies of Plaintiff's letter dated June 20, 2008, and Defendants' response of June 24, 2008.

7.    On or about June 24, 2008, my office sent to Defendants' counsel a DMCA format letter on behalf of Louis Vuitton regarding one of the additional websites listed in the FAC because Defendants are represented Parties.  On or about June 27, 2008, Defendants' counsel responded

and stated that Louis Vuitton's complaint was reported to Defendants' "customer". Attached collectively hereto as Exhibit D are true and correct copies of Plaintiff's letter dated June 24, 2008, and Defendants' response of June 27, 2008.

8. More recently, on or about July 25, 2008, my office sent to Defendants' counsel a DMCA format letter on behalf of Louis Vuitton regarding recidivist and additional websites, some of which were the subject of one or two prior complaints by Louis Vuitton. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's letter dated July 25, 2008.

9. Attached hereto as Exhibit F is a true and correct copy of the Court's Order Overruling Defendants' Objections to Magistrate Judge Lloyd's Order Compelling Discovery entered August 7, 2008.

10. Attached Exhibit G is a true and accurate copy of portions of the transcript from the deposition testimony of Robert L. Holmes which I attended.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of August, 2008, at Glendale, California.


_____/s/ J. Andrew Coombs_____
                J. ANDREW COOMBS

**EXHIBIT A**

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

November 26, 2007

**Via E-Mail and**
**First Class Mail**
jal@gauntlettlaw.com


James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

   Re: **Louis Vuitton Malletier, S.A. v. Akanoc Solutions, et al.**

Dear Mr. Lowe:

   I follow up on our discussion regarding sites hosted by Akanoc Solutions, Inc. and Managed Solutions Group, Inc. (collectively the "ISP Defendants") which are engaged in the offer, distribution, marketing, export and/or sale of Louis Vuitton counterfeit merchandise.  It is my understanding - based on our discussion during the early meeting – that, with the following information, the ISP Defendants will cease providing hosting services to the sites listed below.

   Please confirm that hosting services have been disabled.

| URL | ISP |
|---|---|
|  |  |
| Bag4Sell.com | Akanoc Solutions, Inc. |
| BigWorldShoes.com | Akanoc Solutions, Inc. |
| BrandFashioner.com | Akanoc Solutions, Inc. |
| BrandStyleSales.com | Akanoc Solutions, Inc. |
| BuyMyShoes.net | Akanoc Solutions, Inc. |
| DreamyShoes.com | Akanoc Solutions, Inc. |
| Eastarbiz.com | Akanoc Solutions, Inc. |
| GucciFendi.com | Akanoc Solutions, Inc. |
| LongTimeGroup.com | Akanoc Solutions, Inc. |
| Luxury2Us.com | Akanoc Solutions, Inc. |
| Nike558.com | Akanoc Solutions, Inc. |

| | |
|---|---|
| PickHipHop.com | Akanoc Solutions, Inc. |
| Shoes-Order.com | Akanoc Solutions, Inc. |
| SoApparel.com | Akanoc Solutions, Inc. |
| Super925.com | Akanoc Solutions, Inc. |
| WatchesReplica.net | Akanoc Solutions, Inc. |
| WearOnline.net | Akanoc Solutions, Inc. |
| Wendy929.com | Akanoc Solutions, Inc. |
| Wendy929.net | Akanoc Solutions, Inc. |
| YeahEBay.com | Akanoc Solutions, Inc. |
| | |
| 315EC.com | Managed Solutions Group, Inc. |
| Cn-Nike.com | Managed Solutions Group, Inc. |
| EBuyNike.com | Managed Solutions Group, Inc. |
| ECshoes.com | Managed Solutions Group, Inc. |
| EGoToBuy.com | Managed Solutions Group, Inc. |
| EMSYou.com | Managed Solutions Group, Inc. |
| EShoes99.com | Managed Solutions Group, Inc. |
| Famous-Shop.com | Managed Solutions Group, Inc. |
| GZ-Free.com | Managed Solutions Group, Inc. |
| HandBagSell.com | Managed Solutions Group, Inc. |
| LLouisVuitton.com | Managed Solutions Group, Inc. |
| Imitation-Gold.com | Managed Solutions Group, Inc. |
| InNike.com | Managed Solutions Group, Inc. |
| Louisvuittonbagz.com | Managed Solutions Group, Inc. |
| LoverNike.com | Managed Solutions Group, Inc. |
| LuxeLike.com | Managed Solutions Group, Inc. |
| LVBagz.com | Managed Solutions Group, Inc. |
| MailGoods.com | Managed Solutions Group, Inc. |
| NikeShoesOffer.com | Managed Solutions Group, Inc. |
| NikeWTO.com | Managed Solutions Group, Inc. |
| NonStopBeauty.com | Managed Solutions Group, Inc. |
| PFCStation.com | Managed Solutions Group, Inc. |
| PickYourGoods.com | Managed Solutions Group, Inc. |
| PickYourOrder.com | Managed Solutions Group, Inc. |
| Pro-Jordan.com | Managed Solutions Group, Inc. |
| RRGNL.com | Managed Solutions Group, Inc. |
| Sunny7Shoes.com | Managed Solutions Group, Inc. |
| WatchNReplica.net | Managed Solutions Group, Inc. |
| WorldKeyTrade.com | Managed Solutions Group, Inc. |

As you might expect, the sites Plaintiff is in a position to identify and, indeed, the sites hosted on servers owned and controlled by the ISP Defendants changes. The foregoing is without prejudice to Plaintiff's rights and remedies.

Very Truly Yours,
J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Counsel for Plaintiff Louis
Vuitton Malletier, S.A.

JAC:bm

**EXHIBIT B**

# EXHIBIT A

| | |
|---|---|
| 1 | 315EC.com |
| 2 | Ape168.com |
| 3 | Atozbrand.com |
| 4 | Bag4Sell.com |
| 5 | Bag925.com |
| 6 | BigWorldShoes.com |
| 7 | Bizyao.com |
| 8 | BrandFashioner.com |
| 9 | BrandStyleSales.com |
| 10 | Brandtrading.net |
| 11 | BuyMyShoes.net |
| 12 | Cn-Nike.com |
| 13 | DreamyShoes.com |
| 14 | Eastarbiz.com |
| 15 | EBuyNike.com |
| 16 | ECshoes.com |
| 17 | EGoToBuy.com |
| 18 | EMSYou.com |
| 19 | EShoes99.com |
| 20 | Famous-Shop.com |
| 21 | Fansjersey.com |
| 22 | Globefashion.com |
| 23 | GucciFendi.com |
| 24 | GZ-Free.com |
| 25 | HandBagSell.com |
| 26 | Imitation-Gold.com |
| 27 | InNike.com |
| 28 | LLouisVuitton.com |
| 29 | LongTimeGroup.com |
| 30 | Louisvuittonbags.com |
| 31 | Louis-vuitton-bags.org |
| 32 | Louisvuittonbagz.com |
| 33 | LoverNike.com |
| 34 | LuxeLike.com |
| 35 | Luxury2Us.com |
| 36 | LVBagz.com |
| 37 | lv-nike.com |
| 38 | MailGoods.com |
| 39 | Myshoes99.com |
| 40 | Nike558.com |
| 41 | Nikeexp.com |
| 42 | NikeShoesOffer.com |
| 43 | NikeWTO.com |
| 44 | NonStopBeauty.com |
| 45 | PFCStation.com |
| 46 | PickHipHop.com |
| 47 | PickYourGoods.com |
| 48 | PickYourOrder.com |
| 49 | Pro-Jordan.com |
| 50 | Replica-ebags.com |
| 51 | RRGNL.com |

| 52 | Shoes-Order.com |
|----|-----------------|
| 53 | SoApparel.com |
| 54 | Sunny7Shoes.com |
| 55 | Super925.com |
| 56 | Swisshours.biz |
| 57 | Tytrade88.com |
| 58 | Watchesnreplica.com |
| 59 | WatchesReplica.net |
| 60 | WatchNReplica.net |
| 61 | WearOnline.net |
| 62 | Wendy929.com |
| 63 | Wendy929.net |
| 64 | Wendyluxury.com |
| 65 | WorldKeyTrade.com |
| 66 | YeahEBay.com |
| 67 | Yseenet.net |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. My business address is 3950 Verdugo View Drive, Los Angeles, California 90065.

On January 3, 2008, I served on the interested parties in this action with a copy of the:

- **SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT MANAGED SOLUTIONS GROUP, INC.**

- **SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT STEVEN CHEN**

- **SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT AKANOC SOLUTIONS, INC.**

for the following civil action:

Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc., et al.

by hand delivery to the below referenced addressee.

| James A. Lowe, Esq.<br>Brian S. Edwards, Esq.<br>Gauntlett & Associates<br>18400 Von Karman Ave., Suite 300<br>Irvine, California 92612 | |
|---|---|

Executed on January 3, 2008, at Los Angeles, California.

_Jhonny Flores_
Jhonny Flores

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

March 3, 2008

**Via E-Mail and**
**First Class Mail**
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

Re:  **Louis Vuitton v. Akanoc Solutions, et al.**

Dear Mr. Lowe:

I follow up on our discussion last week concerning the Defendants' wholesale failure to produce documents evidencing their hosting of various infringing websites and, in particular, to produce any website content or traffic logs pertaining to those websites. The discovery deficiency and alternative steps to address this deficiency will be the subject of separate correspondence. In the meantime, this letter seeks to address your statement that the Defendants currently host none of the previously identified websites and your assertion that it has historically hosted only a small fraction of those sites identified by the Plaintiff in this matter.

Attached are (i) website printouts evidencing infringing offers at the websites listed below, and (ii) printouts from DomainTools.com which evidence continued hosting of infringing offers at IP addresses assigned to Defendants from within the past few days.

www.eastarbiz.com
www.soapparel.com
www.super925.com
www.handbagsell.com
www.lvbagz.com
www.nikewto.com
www.pickyourorder.com
www.pro-jordan.com
www.ebuynike.com
www.ecshoes.com
www.eshoes99.com

The attached evidences continued counterfeit offers (about which Defendants have now been on notice for several months) facilitated and hosted by Defendants and concerning which Plaintiff demands immediate action. If these offers and others are not immediately disabled and removed from the Defendants' servers, please construe this as Plaintiff's request to meet and confer on its motion for entry of a preliminary injunction against Defendants on terms substantially the same as outlined in the Complaint on file in this action.

Thank you for your attention to the foregoing.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

Enclosures

JAC:bm

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

March 31, 2008

**Via E-Mail and**
**First Class Mail**
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

      **Re:**    **Louis Vuitton v. Akanoc Solutions, et al.**

Dear Mr. Lowe:

Additional websites have been discovered that are hosted by Defendants and offering counterfeit Louis Vuitton merchandise. Attached are (i) website printouts evidencing infringing offers at the websites listed below, and (ii) printouts from DomainTools.com which evidence hosting of infringing offers at IP addresses assigned to Defendants.

            www.Soapparel.net
            www.eshoes99.net
            www.eastarbiz.net

If these offers and others are not immediately disabled and removed from the Defendants' servers, please construe this as Plaintiff's request to meet and confer on its motion for entry of a preliminary injunction against Defendants on terms substantially the same as outlined in the Complaint on file in this action.

Thank you for your attention to the foregoing.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

Enclosures

JAC:asw

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

April 7, 2008

**Via E-Mail and**
**First Class Mail**
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

        **Re:**    **Louis Vuitton v. Akanoc Solutions, et al.**

Dear Mr. Lowe:

        I follow up on our letter of March 31, 2008 concerning sites offering counterfeit Louis Vuitton merchandise hosted by servers owned and controlled by your clients, the defendants in the above-captioned matter. I note that one of those sites, eshoes99.net is still hosted by Akanoc Solutions, as evidenced by the attached.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

Enclosures

JAC:asw

LAW OFFICES
## J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

June 2, 2008

**Via E-Mail and**
**First Class Mail**
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

      **Re:**    **Louis Vuitton Malletier, S.A. v. Akanoc Solutions, et al. –**
               **Violation of Protective Order**

Dear Mr. Lowe:

        I write regarding the continuing infringement of intellectual property rights owned by Louis Vuitton Malletier, S.A. ("Louis Vuitton") using servers and routing services supplied by your clients, Akanoc Solutions, Inc. and/or Managed Solutions Group, Inc. ("Defendants")

        In particular, the following websites, some of which have been the subject of prior correspondence on behalf of Louis Vuitton, are hosted on servers owned or controlled by Defendants and/or located through routing services supplied by Defendants. All are associated with IP addresses allocated to one of the Defendants.

        www.eastarbiz.com

        www.at88.com

        www.cn-nike.us

        www.lkkfashion2006.com

        www.lv-handbag.com

        www.nikexp.com

        www.replicabc.com

        www.top-handbag.com

www.wearonline.net

www.bag1881.net

www.queen-bag.com

Please provide immediate written confirmation that the Defendants will take immediate steps to disable access to these wholesale offers of counterfeit products using the Defendant's goods and services. The foregoing is without prejudice to Louis Vuitton's rights all of which are expressly reserved.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

_Andrew Coombs / RA_

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

JAC:bm

**EXHIBIT C**

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

June 20, 2008

**Via E-Mail and**
**First Class Mail**
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

   Re: **Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al. –**
     **Additional Infringing Site**

Dear Mr. Lowe:

  I write regarding the continuing infringement of intellectual property rights owned by Louis Vuitton Malletier, S.A. ("Louis Vuitton") using servers and routing services supplied by your clients, Akanoc Solutions, Inc. and/or Managed Solutions Group, Inc. ("Defendants"). In keeping with your past statements on behalf of Defendants, we are sending this request to your attention. In view of your recent comments stating a preference that these notifications be made in the form specified in the Digital Millennium Copyright Act, we request that Defendants take immediate action to disable access to the website www.sportsvendor.biz (the "Website") hosted at IP address 208.77.40.136.

  I certify under penalty of perjury that I am authorized to act on behalf of Louis Vuitton, the owner of exclusive rights that have been infringed on pages posted by "liu zm". I am sending this notification on the basis of a good faith belief that www.sportsvendor.biz, with IP Address 208.77.40.136, is involved in the distribution of infringing material that is not authorized by Louis Vuitton, its agents or the law, which specifically infringes the properties specifically listed in the Complaint.

  Please act expeditiously to remove or disable access to the infringing materials which can be found at the following links, among others:

  www.sportsvendor.biz

Exhibit C Page 22

http://www.sportsvendor.biz/product0.asp?BigClassName=Handbag/Purse%20(c ommon)&SmallClassName=LV%20|

http://www.sportsvendor.biz/Product0.asp?BigClassName=Watches&SmallClass Name=
http://www.sportsvendor.biz/Product0.asp?BigClassName=Watches&SmallClass Name=

http://www.sportsvendor.biz/product0.asp?BigClassName=Sunglass&SmallClass Name=LV%20|

http://www.sportsvendor.biz/product0.asp?BigClassName=Casual%20Shoes(men )&SmallClassName=LV%20|

http://www.sportsvendor.biz/product0.asp?BigClassName=Fashion%20Sandal/bo ot(women)&SmallClassName=LV%20|

http://www.sportsvendor.biz/Product0.asp?BigClassName=Fashion%20Sandal/bo ot(women)&SmallClassName=LV%20|

http://www.sportsvendor.biz/product0.asp?BigClassName=Fashion%20Sandal/bo ot(women)&SmallClassName=LV(boot)%20|

http://www.sportsvendor.biz/Product0.asp?BigClassName=Fashion%20Sandal/bo ot(women)&SmallClassName=LV(boot)%20|

I may be contacted at:

J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

The foregoing is sent to you as the Internet Service Provider and in the form provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

Exhibit C Page 23

Mr. James A Lowe, Esq.
June 20, 2008
Page 3 of 3

Please provide immediate written confirmation that the Defendants will take immediate steps to disable access to these wholesale offers of counterfeit products using the Defendant's goods and services. The foregoing is without prejudice to Louis Vuitton's rights all of which are expressly reserved.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

JAC:bm

Exhibit C Page 24



### GAUNTLETT & ASSOCIATES

**A T T O R N E Y S  A T  L A W**

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10562-002

June 24, 2008

**VIA E-MAIL and U.S. MAIL**
andy@coombspc.com

J. Andrew Coombs, Esq.
Annie S. Wang, Esq.
LAW OFFICES J. ANDREW COOMBS, APC
517 E. Wilson Avenue, Suite 202
Glendale, CA 91206-5902

> **Re:** ***Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al.***
> **U.S.D.C., Northern District of CA, Case No. C07 3952-JW**
>
> • **Your complaint about www.sportsvendor.biz**

Dear Mr. Coombs:

Your letter of June 20, 2008 complained that a third-party Website, www.sportsvendor.biz was infringing rights of your client Louis Vuitton using the IP address 208.77.40.136. Our clients immediately acted on your notice and reported the complaint to their customer. Our clients were informed by their customer on June 21, 2008 that the Website had been inactivated. Our clients learned on June 22, 2008 that the Website had been moved to a different IP address but one in the range assigned to the same reselling customer. Our clients therefore unplugged the customer's server on that same day. Our clients have confirmed that the Website about which you complained is no longer using their servers or IP addresses.

Please contact us if you have any questions.

Very truly yours,

James A. Lowe

JAL:pam
cc:    Clients (via email)
       Brian S. Edwards, Esq.

10562-002-6/24/2008-161827.1

Exhibit C Page 25

**EXHIBIT D**

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

June 24, 2008

**Via E-Mail and**
**First Class Mail**
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

    **Re:**   **Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al. –**
          **Additional Infringing Site**

Dear Mr. Lowe:

    I write regarding the continuing infringement of intellectual property rights owned by Louis Vuitton Malletier, S.A. ("Louis Vuitton") using servers and routing services supplied by your clients, Akanoc Solutions, Inc. and/or Managed Solutions Group, Inc. ("Defendants"). In keeping with your past statements on behalf of Defendants, we are sending this request to your attention. In view of your recent comments stating a preference that these notifications be made in the form specified in the Digital Millennium Copyright Act, we request that Defendants take immediate action to disable access to the website www.brandstreets.com.cn (the "Website") hosted at IP address 205.209.184.220.

    I certify under penalty of perjury that I am authorized to act on behalf of Louis Vuitton, the owner of exclusive rights that have been infringed on pages posted by "王小". I am sending this notification on the basis of a good faith belief that www.brandstreets.com.cn, with IP Address 205.209.184.220, is involved in the distribution of infringing material that is not authorized by Louis Vuitton, its agents or the law, which specifically infringes the properties specifically listed in the Complaint.

    Please act expeditiously to remove or disable access to the infringing materials which can be found at the following links, among others:

    http://www.brandstreets.com.cn/handbags.asp

http://www.brandstreets.com.cn/handbags.asp?id=13

http://www.brandstreets.com.cn/products.asp?namekey=LV

http://www.brandstreets.com.cn/other.asp?id=466

I may be contacted at:

> J. Andrew Coombs, A Prof. Corp.
> 517 East Wilson Avenue, Suite 202
> Glendale, California 91206
> Telephone: (818) 500-3200
> Facsimile: (818) 500-3201

The foregoing is sent to you as the Internet Service Provider and in the form provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

Please provide immediate written confirmation that the Defendants will take immediate steps to disable access to these wholesale offers of counterfeit products using the Defendant's goods and services. The foregoing is without prejudice to Louis Vuitton's rights all of which are expressly reserved.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

JAC:bm



# GAUNTLETT & ASSOCIATES

**A T T O R N E Y S  A T  L A W**

18400 Von Karman, Suite 300
Irvine, California 92612
Phone: (949) 553-1010
Facsimile: (949) 553-2050

Email: info@gauntlettlaw.com
Website: www.gauntlettlaw.com

Our File Number:
10562-002

June 27, 2008

<u>**VIA E-MAIL and U.S. MAIL**</u>
andy@coombspc.com

J. Andrew Coombs, Esq.
Annie S. Wang, Esq.
LAW OFFICES J. ANDREW COOMBS, APC
517 E. Wilson Avenue, Suite 202
Glendale, CA 91206-5902

> **Re:**  *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al.*
>  **U.S.D.C., Northern District of CA, Case No. C07 3952-JW**

> • **Your complaint about www.brandstreets.com.cn**

Dear Mr. Coombs:

Your letter of June 24, 2008 complained that a third-party Website, www.brandstreets.com.cn was infringing rights of your client Louis Vuitton using the IP address 205.209.184.220. On June 24, 2007 at approximately 5:30 p.m. my office visited the web links listed in your letter. It appeared that no genuine or non-genuine Louis Vuitton products were located at those links. Notwithstanding, our clients immediately acted on your notice and reported the complaint to their customer. Our clients learned on June 25, 2008 that the Website had moved to a different IP address not within the IP range assigned to our clients. Our clients have confirmed that the Website about which you complained is no longer using their servers or IP addresses.

Please contact us if you have any questions.

Very truly yours,

James A. Lowe

JAL:pam
cc:     Clients (via email)
        Brian S. Edwards, Esq.

10562-002-6/27/2008-161921.1

Exhibit D 28

**EXHIBIT E**

# J. ANDREW COOMBS

July 25, 2008

**Via E-Mail and**
**First Class Mail**
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

Re:    <u>Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.</u> –
          **Recidivist and Additional Infringing Sites**

Dear Mr. Lowe:

I write regarding the continuing infringement of intellectual property rights owned by Louis Vuitton Malletier, S.A. ("Louis Vuitton") using servers and routing services supplied by your clients, Akanoc Solutions, Inc. and/or Managed Solutions Group, Inc. ("Defendants"). In keeping with your past statements on behalf of Defendants, we are sending this request to your attention. In view of your recent comments stating a preference that these notifications be made in the form specified in the Digital Millennium Copyright Act, we request that Defendants take immediate action to disable access to the websites eshoes99.net hosted at IP address 204.16.192.77, nikewto.com hosted at IP address 204.13.65.49, shoes-order.com hosted at IP address 204.16.198.243, as well as eastarbiz.com hosted at IP address 205.209.164.102 (collectively the "Recidivist Websites").

Additionally, the websites below found at the listed IP addresses ("Additional Infringing Websites") are also infringing Louis Vuitton's valuable intellectual property rights:

| Website: | IP Address: |
| --- | --- |
| Nft.cc | 205.209.185.218 |
| Ilovereplica.com | 66.79.176.109 |
| Equaldeal.com | 66.79.172.224 |
| 2008allshoes.com | 204.13.65.49 |
| 21cntrade.com | 204.13.65.49 |

| | |
|---|---|
| 21cn-trade.com | 204.13.65.49 |
| Activestreetwear.com | 204.13.65.49 |
| Aifacn.com | 204.13.65.49 |
| Aileapparelonline.com | 204.13.65.49 |
| Alijordan.com | 204.13.65.49 |
| Asiaagora.com | 204.13.65.49 |
| Bbnike.com | 204.13.65.49 |
| Bestgoods4u.com | 204.13.65.49 |
| Biz918.com | 204.13.65.49 |
| Bizwto.com | 204.13.65.49 |
| Brandshoesclub.com | 204.13.65.49 |
| Chinabizshop.com | 204.13.65.49 |
| China-sneakers.com | 204.13.65.49 |
| Cicitrade.com | 204.13.65.49 |
| Cn2009.com | 204.13.65.49 |
| Cnlv.us | 204.13.65.49 |
| Cn-nfl.com | 204.13.65.49 |
| Cntradetop.com | 204.13.65.49 |
| Cocotrade.com | 204.13.65.49 |
| Copy-offer.com | 204.13.65.49 |
| Copytransfer.com | 204.13.65.49 |
| Cxdtrade.com | 204.13.65.49 |
| Dadidatrade.com | 204.13.65.49 |
| Divastyle-exclusives.com | 204.13.65.49 |
| Dowellchina.com | 204.13.65.49 |
| E-bayshoe.com | 204.13.65.49 |
| Ebaytra.com | 204.13.65.49 |
| Ec21china.com | 204.13.65.49 |
| EC21copy.com | 204.13.65.49 |
| Ecvvcn.com | 204.13.65.49 |
| Ecvvnike.com | 204.13.65.49 |
| Electricvip.com | 204.13.65.49 |
| Eshoesbiz.com | 204.13.65.49 |
| Factory-trade.com | 204.13.65.49 |
| Fallinmall.com | 204.13.65.49 |
| Fashionholland.com | 204.13.65.49 |
| Fugems.com | 204.13.65.49 |
| Gegtrade.com | 204.13.65.49 |
| Gift-pop.com | 204.13.65.49 |

| | |
|---|---|
| Goingwto.com | 204.13.65.49 |
| Guangruntrade.com | 204.13.65.49 |
| Iknowkick.com | 204.13.65.49 |
| Joinustrade.com | 204.13.65.49 |
| Jordanaf1.com | 204.13.65.49 |
| Jordan-plaza.com | 204.13.65.49 |
| Kickaaa.com | 204.13.65.49 |
| Kneagle.com | 204.13.65.49 |
| Laceduptrade.com | 204.13.65.49 |
| Lg668.com | 204.13.65.49 |
| Look9good.com | 204.13.65.49 |
| Maike998.com | 204.13.65.49 |
| Mayfutrade.com | 204.13.65.49 |
| Nikejordan.us | 204.13.65.49 |
| Nikejordanun.com | 204.13.65.49 |
| Nike-king.com | 204.13.65.49 |
| Nikeme.com | 204.13.65.49 |
| Nikeseller.com | 204.13.65.49 |
| Nikeshoes888.com | 204.13.65.49 |
| Nikeshoeshua.com | 204.13.65.49 |
| Nikeshoesshopping.com | 204.13.65.49 |
| Nikeskyb2b.com | 204.13.65.49 |
| Niketrading.com | 204.13.65.49 |
| Nikezone23.com | 204.13.65.49 |
| Popularkicks8.com | 204.13.65.49 |
| Realfashion.us | 204.13.65.49 |
| Ruimachina.com | 204.13.65.49 |
| Sellcnshoes.com | 204.13.65.49 |
| Shoestrade.biz | 204.13.65.49 |
| Shoestrade168.com | 204.13.65.49 |
| Shopping-key.com | 204.13.65.49 |
| Shop-zappos.com | 204.13.65.49 |
| Shp365.com | 204.13.65.49 |
| Sndress-trade.com | 204.13.65.49 |
| Sneaker123.com | 204.13.65.49 |
| Sportshoesshow.com | 204.13.65.49 |
| Sport-sky.com | 204.13.65.49 |
| Super99nike.com | 204.13.65.49 |
| Thefirstshoes.com | 204.13.65.49 |

| Tmslw.com | 204.13.65.49 |
|---|---|
| Tomorrow-trade.com | 204.13.65.49 |
| Tophopworld.com | 204.13.65.49 |
| Trade31.com | 204.13.65.49 |
| Trade58.com | 204.13.65.49 |
| Trade789.com | 204.13.65.49 |
| Tradekey1.com | 204.13.65.49 |
| Tradewto.com | 204.13.65.49 |
| Trapkicks.com | 204.13.65.49 |
| Trendstown.com | 204.13.65.49 |
| Viciper.com | 204.13.65.49 |
| Vow-nike.com | 204.13.65.49 |
| Well-telecom.com | 204.13.65.49 |
| Wholesale-bn.com | 204.13.65.49 |
| Wholesalerelectron.com | 204.13.65.49 |
| Xinda-trade.com | 204.13.65.49 |
| Xinteshoes.com | 204.13.65.49 |
| Xqmade.com | 204.13.65.49 |
| Yabertrade.com | 204.13.65.49 |
| Yournikeshop.com | 204.13.65.49 |

I certify under penalty of perjury that I am authorized to act on behalf of Louis Vuitton, the owner of exclusive rights that have been infringed on pages posted by the Recidivist Websites and the Additional Infringing Websites hosted on your clients' servers. I am sending this notification on the basis of a good faith belief that the Recidivist Websites and the Additional Infringing Websites are involved in the distribution of infringing material that is not authorized by Louis Vuitton, its agents or the law, which infringes the properties specifically listed in the Complaint.

Please act expeditiously to remove or disable access to the infringing materials which can be found at the above links, among others.

I may be contacted at:

J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

The foregoing is sent to you as the Internet Service Provider and in the form provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

Please provide immediate written confirmation that the Defendants will take immediate steps to disable access to these wholesale offers of counterfeit products using the Defendant's goods and services. The foregoing is without prejudice to Louis Vuitton's rights all of which are expressly reserved.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

JAC:asw

**EXHIBIT F**

United States District Court

For the Northern District of California

1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    SAN JOSE DIVISION

10   Louis Vuitton Malletier, S.A.,                      NO. C 07-03952 JW

11                  Plaintiff,                 **ORDER OVERRULING DEFENDANTS'
                                               OBJECTION TO THE MAGISTRATE
12      v.                                     JUDGE'S ORDER COMPELLING
                                               PRODUCTION OF DOCUMENTS**
     Akanoc Solutions, Inc., et al.,
13
                  Defendants.
14   _____/

15
                            **I. INTRODUCTION**
16
         Luis Vuitton Malletier, S.A. ("Plaintiff") brings this action against Akonoc Solutions,
17
     Managed Solutions Group, and Steven Chen (collectively, "Defendants"), alleging contributory and
18
     vicarious trademark and copyright infringement.  Defendants are internet service providers who host
19
     third-party websites on their servers.  Plaintiff alleges that Defendants have knowingly facilitated the
20
     sale of counterfeit products through their hosting of web sites that sell such goods.  (See Amended
21
     Complaint for Contributory and Vicarious Trademark Infringement, Docket Item No. 71.)
22
         A discovery dispute arose concerning Plaintiff's request for information stored on
23
     Defendants' servers.  On July 15, 2008, Magistrate Judge Lloyd granted Plaintiff's motion to
24
     compel.  (hereafter, "Order to Compel," Docket Item No. 65.)  Judge Lloyd ordered Defendants to
25
     "produce all responsive publicly posted Internet content evidencing offers made of counterfeit Louis
26
     Vuitton merchandise and traffic logs evidencing the volume of underlying counterfeit activity....The
27
     discovery shall be limited to the 67 allegedly infringing websites identified by plaintiff."  (Id. at 5.)
28

United States District Court
For the Northern District of California

1    Presently before the Court is Defendants' objection to the order to compel. (hereafter,

2    "Objection," Docket Item No. 69.)

3    **II. DISCUSSION**

4    Defendants object to the order on the grounds that: (1) disclosing information stored by

5    third-parties would violate the Stored Communications Act ("SCA") 18, U.S.C. § 2702; and (2)

6    producing the contents requested is impossible. (Objection at 1, 9.)

7    A district court reviews a magistrate judge's ruling under the "clearly erroneous" or

8    "contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME

9    Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).

10    The Court considers each issue in turn.

11    **A.    Stored Communications Act**

12    Defendants contend that Judge Lloyd erred by ordering discovery that would require them to

13    violate the SCA. (Objection at 1.)

14    The SCA "prevents 'providers' of communication services from divulging private

15    communication to certain entities and/or individuals." Quon v. Arch Wireless Operating Co.,

16    —F.3d—, 2008 WL 2440559 at *5 (9th Cir., June 18, 2008). However, the SCA does not

17    "criminalize or create civil liability for acts of individuals who 'intercept' or 'access'

18    communications that are otherwise readily accessible by the general public." Snow v. Directv, Inc.,

19    450 F.3d 1314, 1320-21 (11th Cir. 2006).

20    Defendants contend that the discovery sought violates the SCA because it requires them to

21    disclose private information belonging to third-parties. (Objection at 3.) Defendants' contention

22    blatantly misrepresents Judge Lloyd's order. Judge Lloyd specifically limited his order to all

23    "publicly posted Internet content." (Order to Compel at 5.) Defendants are not required to disclose

24    private information stored on their computers; they are only required to disclose information that the

25    third-parties have made available to the public. Accordingly, the Court finds that the Order to

26    Compel does not violate the SCA.

27

28                                2

**B.**     **Compliance**

Defendants contend that they cannot comply with the Order to Compel because (1) they do not have access to the password protected content and (2) they have approximately 1500 servers, which make any search unduly burdensome. (Objection at 9.)

First, as discussed above, the discovery is limited to publicly available contents. Defendants have offered no evidence to suggest that they cannot produce publicly available contents without accessing password protected contents. Second, although Defendants claim they have more than 1500 servers, discovery is limited to 67 specific web sites. (Order to Compel at 5.) Defendants have offered no evidence to suggest that they cannot narrow the number of servers on which responsive contents might exist based on these 67 specific web sites and their own business records. Accordingly, the Court finds Defendants have not shown that the discovery sought is unduly burdensome.

### III. CONCLUSION

The Court OVERRULES Defendants' objection to the Order to Compel. As directed by Judge Lloyd, the parties shall meet and confer to determine an appropriate protocol for obtaining the discovery at issue. All other discovery disputes are referred to Judge Lloyd.

Dated: August 7, 2008

_____
JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

3

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Annie S Wang annie@coombspc.com
    Brian S. Edwards bse@gauntlettlaw.com
3   David A. Gauntlett info@gauntlettlaw.com
    J. Andrew Coombs andy@coombspc.com
4   James A. Lowe info@gauntlettlaw.com

5

6   **Dated:  August 7, 2008**                                      **Richard W. Wieking, Clerk**

7

8                                                                    **By:   /s/ JW Chambers**
                                                                        **Elizabeth Garcia**
9                                                                       **Courtroom Deputy**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**EXHIBIT G**

1            IN THE UNITED STATES DISTRICT COURT

2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

3               SAN JOSE DIVISION

4  LOUIS VUITTON MALLETIER, S.A.,  )
                            )

5               PLAINTIFF  )
          VS           )C.A. NO. C 07 3952 JW

6                            )
  AKANOC SOLUTIONS, INC., MANAGED  )

7  SOLUTIONS GROUP, INC., STEVEN    )
  CHEN AND DOES 1 THROUGH 10,     )

8  INCLUSIVE,                  )
                DEFENDANTS  )

9  _____)

10

11

12

13

14           ORAL DEPOSITION OF ROBERT L. HOLMES,

15  produced as a witness at the instance of the Defendants,

16  and duly sworn, was taken in the above-styled

17  and -numbered cause on the 1st day of April, 2008, from

18  9:31 AM to 6:22 PM, before Ronald R. Cope, a CSR in and

19  for the State of Texas, Registered Professional Reporter

20  and Certified Realtime Reporter, reported by machine

21  shorthand at the offices of U.S. Legal

22  Support/MillerParker, Inc., 5910 North Central

23  Expressway, 100 Premier Place, Dallas, Texas, 75206,

24  pursuant to the Federal Rules of Civil Procedure and the

25  provisions stated on the record or attached hereto.

ROBERT L. HOLMES

1   they -- I don't know of their advertising practices, so

2   I don't -- yeah.  I can't testify to how they advertise

3   or if they induce --

4       Q.   You have no knowledge or no evidence that the

5   three Defendants in this case have induced or caused the

6   infringing conduct on the part of website operators?

7       A.   Well, I know they have thousands of customers

8   that sell the product.

9            MR. COOMBS:  Move to strike to interpose

10  the same objections.

11      Q.   (BY MR. LOWE)  I don't believe you answered my

12  question.  Do you have any knowledge or any evidence

13  that the three Defendants -- any of the three Defendants

14  in this case induced or caused the infringing conduct on

15  the part of website operators?

16      A.   No personal knowledge.

17      Q.   Do you have any evidence or knowledge that any

18  of the three Defendants in this lawsuit have materially

19  contributed to the infringing conduct of website

20  operators?

21           MR. COOMBS:  Same objections.

22      A.   Yes.

23      Q.   (BY MR. LOWE)  What?

24      A.   They facilitate the sale of that product by

25  hosting the space that those items are stored upon, and

1    they also advertise to Chinese businesses to sell to the

2    United States.

3        Q.   So what you're saying is that they have

4    equipment upon which the websites are hosted?

5        A.   What I'm saying is their website advertises for

6    Chinese businesses to do business with the United

7    States, and all the customers that I found that are

8    customers of these entities are selling -- are offering

9    goods that are purported to be counterfeit.

10       Q.   All of the customers?

11       A.   All the ones that I've seen.

12       Q.   How many have you seen?

13       A.   Many dozens.

14       Q.   Do you have any idea how many websites are

15   hosted by the hosting services of the three Defendants?

16       A.   Many hundreds.  The reason --

17       Q.   What is the basis --

18            Go ahead.

19       A.   Oh, I'm sorry.  The reason I say that is --

20   okay.  With an IP address, say, for example, the one

21   that I believe ends with .66.161, with that IP address,

22   when you run a reverse IP search on that specific IP

23   address, there were maybe 20 or 30 domain names stored

24   on that IP address or that resolved to that IP address.

25   With each domain that resolves to that IP address is

Exhibit G Page 40