# townsend.

James G. Gilliland, Jr.
(415) 273-7560
jggilliland@townsend.com

August 10, 2009

*Via Electronic Filing*

Honorable William Alsup
United States District Court
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

Re: *Apple Inc. v. Psystar Corp.*, Case No. C 08-03251 WHA

Dear Judge Alsup:

Defendant, Psystar Corporation, has destroyed relevant evidence that it was legally required to preserve. Specifically, Psystar has overwritten – *i.e.*, erased – infringing versions of the software code used on computers sold to its customers. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Psystar's failure to preserve and produce this clearly relevant evidence violates both the Federal Rules and this Court's Supplemental Order governing discovery.

## I. Background

In this lawsuit, Apple contends and can prove that Psystar has violated the DMCA and infringed Apple's copyrights by modifying Apple's Mac OS X software, which is designed to be used solely on Apple computers, and by installing Mac OS X on non-Apple computers. In November 2008, Apple served discovery seeking the source and executable software code that Psystar uses to cause Mac OS X to run on non-Apple computers. (*See* RFP Nos. 3, 5, 8-11, 13, 15, 19, 46, 47, 55, 56 and IROG Nos. 7-8, language reproduced as Ex. A.) In March 2009, Apple deposed Psystar's 30(b)(6) designee, CEO Rodolfo Pedraza, to discover how Psystar circumvented technological protection measures in Mac OS X and installed it on Psystar computers (Topic 1). Apple also inspected Psystar's source code and deposed Roberto Pedraza (Psystar's co-founder) and Psystar's technical "consultant," ▉▉▉▉▉▉▉. This discovery revealed that Psystar has erased prior versions of its software that Apple's experts independently have found on defendant's computers. Apple sent a letter identifying this spoliation issue and other deficiencies in Psystar's document production (Ex. B), but before the parties could meet and confer Psystar filed for bankruptcy. On July 23, 2009, shortly after the bankruptcy stay was lifted, the parties finally met and conferred on these issues.

## II. Psystar's Destruction of, and Failure to Produce, Key Technical Documents

Since April, 2008, Psystar has sold various different non-Apple computers that run Mac OS X. Over time Psystar has created different versions of the software[1] it installs on these computers that allow them to run Mac OS X. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] In discovery, Apple sought production of Psystar's source code, software or programs used to run or update Mac OS X (RFP Nos. 3, 10, 13, 15, 46, 47 and 55-56) and documents relating to any modifications made to or reverse engineering of Mac OS X to enable Mac OS X on Psystar computers (RFP Nos. 8-11, 13). (*See* Ex. A.)

Townsend and Townsend and Crew LLP · Two Embarcadero Center, Eighth Floor, San Francisco, CA 94111-3834 · tel 415.576.0200 · fax 415.576.0300
San Francisco · Palo Alto · Walnut Creek · San Diego · Denver · Seattle · Washington DC · Tokyo · www.townsend.com

Dockets.Justia.com

**townsend.**

Hon. William Alsup
August 10, 2009
Page 2

Psystar contends it was under no obligation to preserve source code modifications[2] even though the Federal Rules specifically require litigants to preserve relevant evidence and this Court's Supplemental Order specifically required Psystar to take "affirmative steps as are necessary to preserve evidence." Supp. Order, ¶4; *see also Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1575 (Fed. Cir. 1996) ("uncompromising duty to preserve relevant records"). This duty required Psystar to stop overwriting code. *Computer Assoc. Int'l., Inc. v. Am. Fundware, Inc.*, 133 F.R.D. 166 (D. Colo. 1990) (duty to stop ongoing erasures of source code arose, at the latest, when a copyright infringement action was filed). Moreover, as stated in the October 30, 2008 Joint Case Management Statement, Psystar's principals were put on notice of this duty to preserve and a document preservation notice was sent out to Psystar's employees. Yet, as admitted by Mr. Pedraza, Psystar has not complied with its obligations and instead has destroyed evidence of its willful infringement. Below are specific examples discovered to date by Apple of code that has been erased:



---

[2] Interestingly, Psystar just implemented a software version control system – over a year after this lawsuit was instituted and months after Apple's meet and confer letter on spoliation.

[3] When asked why, Psystar's counsel stated that Psystar's email and customer support software (SupportSuite) randomly "deletes or loses" emails. While counsel says that Psystar has contacted SupportSuite regarding this issue, Psystar has yet to find any emails or chat messages showing such contact with that vendor. Psystar also has not provided evidence of, and Apple is unaware of, any other steps taken by Psystar to halt the deletion of relevant emails by Psystar's email system. Moreover, Psystar did not inform the Court of this email deletion at the two CMCs in this case or at the last motion to compel hearing where Psystar's emails and attachments were at issue.

[4] The findings of Apple's technical expert will be detailed in his August 21, 2009 opening expert report or can be submitted by declaration under seal should the Court so require.

[5] Psystar has produced one version of the bootloader and just last week provided its July 2009 bootloader. However, Psystar has not produced the other bootloaders it previously used on its computers.

**townsend.**

Hon. William Alsup
August 10, 2009
Page 3



### III.    Relief Sought

Apple requests that the Court order Psystar to produce the code for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and all master copies that Psystar has used. If Psystar does not or cannot produce these documents, Apple requests that the Court issue an order: (1) requiring Psystar – under the penalty of perjury – to admit that it has destroyed documents and (2) making a factual finding that prior versions of Psystar's software included ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and were destroyed by Psystar. Additionally, Apple requests that the Court sanction Psystar for its discovery misconduct. Federal courts have the inherent authority to impose sanctions for destruction of evidence and bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 365 (9th Cir. 1992); *Leon v. IDX Syst. Corp.*, 464 F.3d 951, 958-61 (9th Cir. 2006) (striking claims where computer files were intentionally deleted); *Computer Assoc.*, 133 F.R.D. at 170 (entering default judgment on liability in a copyright action where defendant overwrote source code upon each revision). If Psystar does not produce all prior versions of its code, then Apple respectfully requests that the Court exercise its inherent authority by granting Apple an inference adverse to Psystar on its copyright and DMCA claims and by awarding Apple its fees and costs associated with bringing this motion or as the Court otherwise sees fit.

Very truly yours,

/s/ *James G. Gilliland, Jr.*

James G. Gilliland, Jr.
Counsel for Apple Inc.