# CAMARA & SIBLEY

August 18, 2009

Judge William H. Alsup
United States District Court
450 Golden Gate Avenue
San Francisco, California

      Re:    Apple Inc. v. Psystar Corp., Case No. CV-08-3251-WHA

Dear Judge Alsup:

      Apple designated Senior Vice President of Worldwide Product Marketing Philip W. Schiller to testify as Apple's corporate representative on "[t]he injury suffered by Apple as a result of the allegedly unlawful acts about which Apple complains in this action." Mr. Schiller appeared at his deposition wholly unprepared and unwilling to testify on this subject. █████████████████████████
████████████████████████████████████████████████████████████████

## I.    Psystar's 30(b)(6) Notice and Apple's Response

      Apple designated Mr. Schiller as its corporate representative with respect to the following topic:

> 3.    The injury suffered by Apple as a result of the allegedly unlawful acts about which Apple complains in this action and the injury that Apple is likely to suffer if these acts continue, including but not limited to the amount and manner of calculation of any lost profits, and distinguishing between the injury caused by each unlawful act in which Apple alleges that Psystar engaged.

Psystar Corporation's Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) at 3.

      Apple objected to this topic on a variety of grounds, but ultimately stated that it would provide a witness to testify about "[t]he injury suffered by Apple":

> Subject to and without waiving these objections and the General Statement and Objections, **Apple will provide a witness to testify on**

**injury suffered by Apple as a result of the unlawful acts committed by Psystar that Apple complains about in this action.**

Apple Inc.'s Objections to Psystar Corporation's Notice of Rule 30(b)(6) Deposition of Apple Inc. (Topic Nos. 1–18) at 4–5 (emphasis added).

Nowhere in its objections or in any other correspondence or communications between counsel did Apple take the position that topic (3) was limited to irreparable injury or even that Mr. Schiller's testimony would be limited to irreparable injury. Even Apple's initial disclosures disclose Mr. Schiller as having information about "[h]arm to Apple."



30(b)(6) Deposition of Philip W. Schiller ("Schiller Depo.") at 6:2–6:8. When the depositions in this case were being scheduled, everyone understood Mr. Schiller's deposition to be the Apple deposition on injury.

## II.    Mr. Schiller's Refusal to Testify About Injury



2



### III. Relief Requested

Apple's furnishing a witness on injury who was wholly unprepared to testify about that subject is a discovery violation that relates to a core issue in this case, the harm, if any, that Apple suffered as a result of Psystar's conduct. Psystar respectfully requests that this Court (1) order Apple to properly prepare Mr. Schiller for his deposition as corporate representative on injury, (2) require that Mr. Schiller appear for a continuation of his deposition in Houston, at the offices of Psystar's lead counsel, within the next fourteen days, and (3) pay Psystar's attorneys' fees associated with Mr. Schiller's deposition, this letter brief, and any subsequent proceedings.

Respectfully submitted,

K.A.D. Camara
Counsel for Psystar Corporation

3

David Welker

Counsel for Psystar Corporation