TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jggilliland@townsend.com
       mboroumand@townsend.com
       mmchung@townsend.com
       jboblak@townsend.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PSYSTAR CORPORATION, a Florida corporation, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 08-03251 WHA<br><br>**APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL THE DISCLOSURE OF HIGHLY CONFIDENTIAL PROFIT MARGIN DATA AND IN SUPPORT OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER** |

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT OF
APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA

townsend.

Dockets.Justia.com

## I. INTRODUCTION

Apple Inc.'s highly confidential profit margin information is not relevant to any claim or defense in this case, including Apple's request for statutory damages as a remedy for Psystar Corporation's copyright infringement. Consequently, Apple seeks a Protective Order preventing Psystar from seeking testimony and documents relating to the profit margins that Apple earns on the sale of each of its computer models. Several courts, including the Ninth Circuit Court of Appeals, have identified various factors to consider when determining an appropriate statutory damages award for copyright infringement. None of those decisions requires an analysis of a plaintiff's lost profits. In fact, to the extent courts have considered a plaintiff's actual damages when determining a statutory damages award, they have confined their analysis to a defendant's profits without considering a plaintiff's lost profits. Moreover, despite Psystar's counsel's suggestion to the contrary at the August 20, 2009, hearing, nothing in the legislative history of the Copyright Act or in United States Supreme Court precedent states otherwise.

In addition to being irrelevant, Apple's profit-margin data on individual Apple computers is extremely confidential and is not publicly disclosed. Apple publishes its corporate-wide profit margin in its filings with the Securities Exchange Commission. *See* Declaration of Tyler Gee in Support of Apple's Supplemental Brief, Ex. A (Apple Inc. Form 10-K) at p. 46 (2008). However, Apple never publicly reveals its profit margins on a per product line basis because that information is extremely sensitive and highly confidential in nature. *See* Gee Decl., Ex. B (Schiller Depo.), at 21:14-24 and Ex. C (Apple Inc. Earnings Conference Call Transcript, Q2 2007), at p. 13. If this data were to leak it would place Apple at an extreme competitive disadvantage. Indeed, independent financial analysts devote substantial effort attempting to calculate these margins themselves, believing that having such data provides their subscribers or investors a competitive advantage over others. *See, e.g.,* http://financial-alchemist.blogspot.com. Apple's reluctance to reveal this information in this lawsuit is especially pronounced since, as detailed in Apple's August 19, 2009 Letter Brief, Psystar recently outlined its plans to reveal information obtained in discovery after the conclusion of this case, even though doing so would violate the Court's

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA

townsend.   - 1 -

Protective Order dated March 2, 2009.[1]  *See* Gee Decl., Ex. D (Printout from Psystar Website stating "we might not be able to release the answers to said questions until the conclusion of this litigation (re: Apple's Super Secret Protective Order). . . .").[2]

Consequently, Apple requests that the Court deny Psystar's motion to compel on the grounds that it seeks information that is not relevant and, instead, enter a Protective Order specifically excluding product line profit margins from discovery by Psystar.

## II.   APPLE'S PROFIT MARGINS ARE NOT RELEVANT AND SHOULD NOT BE PROVIDED TO PSYSTAR

Apple is not seeking lost profits as a measure of its actual damages in this case.  Rather, Apple plans to seek recovery of Psystar's ill-gotten gains resulting from Psystar's breach and induced breach of Apple's Software License Agreement.  For its copyright infringement and Digital Millennium Copyright Act claims, Apple will elect between recovering Psystar's ill-gotten profits and statutory damages.  And for its trademark and trade dress infringement and dilution claims, Apple will show the irreparable injury that Psystar has caused to Apple's brand, goodwill and business reputation.  As set forth in its Complaint and Amended Complaint, Apple is also seeking injunctive relief for all of its claims which allow such relief.  Apple's profit margins are not relevant to any of these remedies or to Psystar's defenses and therefore are not the proper subject of Psystar's discovery.

### A.   A Plaintiff's Lost Profits Are Not Relevant When Determining Statutory Damages Under the Copyright Act

Under the Copyright Act, courts and juries have wide discretion in calculating statutory damages, "constrained only by the specified maxima and minima."  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).  "The court is guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like . . . ."  *Peer Int'l Corp. v. Pausa Records, Inc.*, 990 F.2d 1332, 1336 (9th Cir. 1990).  Following

---

[1] To eliminate the need for disclosure of this highly confidential profit margin information under these circumstances, Apple has decided to forego its claim of lost profits.  Should the Court order that Apple nevertheless disclose this information, Apple reserves the right to re-institute its claim.
[2] Psystar's website was altered after the August 20, 2009, hearing to remove this offending text.

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA

townsend.                                                                                                                                          - 2 -

these broad guidelines, courts have developed several factors to ensure a statutory damages award is just. The relevant factors are:

> (1) the expenses saved and the profits reaped [by the infringer]; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1235, 1237 (E.D. Cal. 2008) (*citing Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003)); *see also N.A.S. Import Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) ("In determining an award of statutory damages . . . a court may consider 'the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind-whether willful, knowing, or merely innocent.'") (quoting *Nimmer on Copyright* § 14.04[B], at 14-41 (1991)); *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986). As is clear from the case law above, courts look at the infringer's profits (here, Psystar's profits) and the lost revenue (not profits) of the copyright holder (Apple) in determining a statutory damages award.

Moreover, the Ninth Circuit has determined that evidence of actual damages is not necessary to obtaining statutory damages. In *Peer Int'l Corp.*, *supra*, the defendant argued that a statutory damages award of the maximum $50,000 per violation "should not be converted into a windfall where, as a practical matter, the plaintiff has suffered only nominal damages." *Peer Int'l Corp.*, 990 F.2d at 1336-37. In rejecting this argument, the Ninth Circuit stated,

> [i]t is clear . . . that a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant. *Harris*, 734 F.2d at 1335. The Supreme Court has stated that 'even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within the statutory limits to sanction and vindicate the statutory policy of discouraging infringement.'

*Id.* at 1337 (*citing F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)).

Eight years later, the Ninth Circuit again affirmed its holding in *Peer Int'l Corp.* that evidence of actual damages is not necessary to obtaining statutory damages. In *Los Angeles News*

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA

townsend.                                                                                                           - 3 -

*Service v. Reuters Television Int'l Ltd*, 149 F.3d 987, 996 (9th Cir. 1998), the Ninth Circuit ruled that a plaintiff may recover statutory damages "whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant . . . ." *See also Chanel, Inc. v. Doan*, 2007 U.S. Dist. LEXIS 22691, *13 (N.D. Cal. March 13, 2007), *citing Los Angeles News Service*, 149 F.3d at 996 ("Plaintiff may recover statutory damages without offering evidence of plaintiff's actual damages or the defendant's profits because of the dual 'compensatory and punitive purposes' of statutory damages."); *Elecktra Entm't Group, Inc. v. Bryant*, 2004 U.S. Dist. LEXIS 26700, *14-15 (C.D. Cal. Feb. 13, 2004) ("Deterrence of future infringement is an important factor in determining damages under the Copyright Act, and therefore an award of statutory damages need not equal the amount of a plaintiff's actual damages."). [3]

### B. Neither the Copyright Act Nor the Supreme Court's *Feltner* Decision Requires Discovery of Plaintiff's Lost Profits

At oral argument on August 20, Psystar's counsel suggested that the legislative history of the Copyright Act and a decision by the United States Supreme Court in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), support discovery of Apple's extremely sensitive profit margin data. This argument is wrong. The legislative history of the Copyright Act is silent on the relevance of a plaintiff's lost profits in an analysis of statutory damages. In an introductory paragraph discussing damages, the House and Senate Reports on the 1976 Amendment state:

> Recovery of actual damages and profits under section 504(b) or of statutory damages under section 504(c) is alternative and for the copyright owner to elect; as under the present law, the plaintiff in an infringement suit is not obliged to submit proof of damages and profits if he chooses to rely on the provision for minimum statutory damages. However, there is nothing in section 504 to prevent a court from taking account of evidence concerning actual damages and profits in making an award of statutory damages with the range set out in subsection (c).

---

[3] Indeed, in two default judgment actions, this Court did not consider plaintiff's lost profits at all when awarding double the minimum statutory damages for copyright infringement. *Microsoft Corp. v. Ricketts*, 2007 U.S. Dist. LEXIS 40898, *12-13 (N.D. Cal. May 24, 2007) (internal citations omitted) (entering default judgment for copyright and trademark infringement); *Microsoft Corp. v. Coppola*, 2007 U.S. Dist. LEXIS 40515, *12-13 (N.D. Cal. May 24, 2007) (same). In fact, in awarding twice the minimum, this Court noted only that "plaintiff has presented no estimate of how much *defendant* profited from her infringing activity." *Id.* at 13 (emphasis added).

1  S. Rep. No. 94-473 (1976); H. Rep. No. 94-1476 (1976). While this language implies that
2  consideration of a plaintiff's actual damages *might* occur, it does not require a court to consider
3  plaintiff's lost profits or declare that such information is, in fact, relevant. In fact, the portion of
4  the Senate Report dealing specifically with statutory damages does not require any proof in order
5  to obtain statutory damages above the minimum let alone proof of a plaintiff's lost profits. S. Rep.
6  No. 94-473, pt. 1 ("As a general rule, where the plaintiff elects to recover statutory damages, the
7  court is *obliged to award between* $250 - $10,000. It can exercise discretion in awarding an
8  amount within that range . . . .") (emphasis added). Moreover, as discussed above, courts have not
9  looked to a plaintiff's lost profits when awarding statutory damages above the minimum amount.

10  Nor does *Feltner* hold (or even state in dicta) that a plaintiff's lost profits are relevant to
11  analyzing an appropriate amount of statutory damages. Rather, *Feltner* states that "the Seventh
12  Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages
13  under § 504(c) of the Copyright Act, including the amount itself." *Id.* at 355. While *Feltner*
14  established a right to have a jury determine all issues relating to statutory damages, it did not
15  discuss what evidence was relevant to the jury's determination and, therefore, does not support
16  Psystar's demand for profit margin data.

17  Indeed, the Ninth Circuit Model Jury Instruction on statutory damages in copyright cases
18  makes no mention of a plaintiff's lost profits in determining what statutory damages should be.
19  Instead it sets forth the range and allows the jury to determine how much to award within that
20  range. Moreover, the comments section specifically states that "[t]here is wide discretion in
21  determining the amount of statutory damages, constrained only by the specified statutory
22  maximum and minimum," and cites to both *Los Angeles New Serv., supra,* at 996 and *Harris v.*
23  *Emus Records Corp., supra*, 734 F.2d at 1335 (9th Cir. 1984) (the "trier of fact must be guided by
24  'what is just in the particular case, considering the nature of the copyright, the circumstances of
25  the infringement and the like' restrained only by the qualification it be within the prescribed
26  maximum or minimum."). *See* Gee Decl., Ex. E (Ninth Circuit Model Jury Instruction 17.25).

27
28

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA

townsend.    - 5 -

### C. A Plaintiff's Lost Profits Are Not Relevant To Establishing That A Statutory Damages Award Is Constitutional

In the meet and confer session prior to the hearing on August 20, 2009, Psystar's counsel argued that Apple's profit margins were relevant to ensuring that a statutory damages award meets due process requirements laid out by the United States Supreme Court in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual v. Campbell*, 538 U.S. 408 (2003). This is not the case. Neither *Gore* nor *Campbell* addressed statutory damages, but rather conducted a due process analysis of punitive damage awards. Moreover, in *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 587 (6th Cir. 2007), the Sixth Circuit specifically stated that "[t]he Supreme Court has not indicated whether *Gore* and *Campbell* apply to *statutory* damages awards." While the *Zomba* decision did consider due process limitations on the amount of a statutory damages award under a different analysis, it stated explicitly that the "sum [of plaintiff's net profits] is separate from the 'actual damages' as defined by 17 U.S.C. § 504(b)" and refused to consider plaintiff's net profits in its analysis of whether the statutory damages award was "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *Id.* at 587, 588 n.11.

Additionally, at least one district court has rejected Psystar's argument that plaintiff's lost profits may be relevant to a due process analysis of a statutory damages award. *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459 (D. Md. 2004). The district court in *Lowry's* reasoned that "[t]he unregulated and arbitrary use of judicial power that the *Gore* guideposts remedy is not implicated in Congress' carefully crafted and reasonably constrained statute." Similarly, any claim by Psystar here that Apple's product line profits are relevant to ensure any statutory damages award meets due process should also be rejected since Congress has already has set a statutory maximum fine even for willful infringement.[4]

---

[4] *But see In re Napster, Inc.*, 2005 U.S. Dist. LEXIS 11498, *37-41 (N.D. Cal. June 1, 2005) (Patel, J.) where in the context of class certification, the court observed in dicta that due process may require any statutory damage award not be "'out of all proportion' to the actual harm caused" by an infringer. However, the Court in *Napster* did not equate "harm caused" with lost profits. Thus, even if the Court determines that it should consider a due process challenge to the amount of a statutory damages award, Apple's lost profits are nevertheless still irrelevant to the analysis.

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA

townsend.   - 6 -

### III.  A PROTECTIVE ORDER IS APPROPRIATE WHERE IRRELEVANT INFORMATION IS HIGHLY SENSITIVE AND DEFENDANT STATES IT PLANS TO PUBLISH IT

As stated in Apple's August 19th Letter Brief, where "research, development or commercial information" is highly confidential and not relevant (or marginally relevant at best), courts routinely grant protective orders. *See* Fed. R. Civ. P. 26(c)(1)(6); *MacWade v. Kelly*, 230 F.R.D. 379, 383 (S.D.N.Y. 2005) ("given the sensitive nature of the material sought and [the] unproven need for the information, the Court grants [the] motion to shield the disputed documents and information"); *Caldwell v. Life Ins. Co. of North Am.*, 165 F.R.D. 633, 638 (D. Kan. 1996) ("Despite the relevance of portions of the proposed discovery, defendant has nevertheless demonstrated good cause for a protective order . . . . [The information sought] appear[s] irrelevant to the completeness of the record."); *U.S. ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 28 (D.D.C. 2002) (court determined that defendants met their burden of showing good cause where "[t]he unrestricted release . . . would be detrimental to [defendant's] competitive position, and [d]efendants will suffer significant harm . . . .").

As discussed above, the profit margin that Apple earns for each of its computer models is highly confidential information[5] that, if made public, would cause significant competitive harm to Apple's business, including among other things, by providing Apple's competitors with insight into costs incurred by Apple. Additionally, Apple's profit margins are not relevant to this lawsuit since Apple is not seeking lost profits. Nor is this information relevant to the statutory damages sought by Apple in this case as detailed in Section II above. Even where courts have considered "actual damages" in the process of awarding statutory damages they still have not analyzed the plaintiff's lost profits as the measure of actual damages.

Furthermore, the need for a Protective Order is even greater in light of Psystar's threatened disregard for the Protective Order entered in this case. Psystar previously requested that readers of its website submit questions for depositions of Apple witnesses and told readers to "[b]ear in mind

---

[5] As Apple's CFO, Peter Oppenheimer stated at Apple's Earnings Conference Call (Q2 of 2007), "[w]e have a long standing practice of not revealing specific gross margins, however, the corporate gross margin was over 35%, which exceeded our guidance." *See* Gee Decl., Ex. C at p. 13.

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA     - 7 -

townsend.

1  that we might not be able to release the answers to said [deposition] questions **until the**
2  **conclusion of this litigation (re: Apple's Super Secret Protective Order)** . . . ." This statement
3  clearly contemplates the posting of Apple's confidential information on the Internet when this
4  lawsuit ends.

### IV. CONCLUSION

Since Apple's profit margin information is highly confidential and not relevant to the issues in this case, Apple respectfully requests that this Court deny Psystar's motion to compel Apple's product line profit margins and grant Apple's cross-motion for a protective order.

DATED:  August 27, 2009

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: */s/ James G. Gilliland, Jr.*
      JAMES G. GILLILAND, JR.

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

62189018 v1
townsend.

APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR CORP.'S MOTION TO COMPEL AND IN SUPPORT
OF APPLE'S CROSS-MOTION FOR A PROTECTIVE ORDER, CASE NO. CV 08-03251 WHA                - 8 -