# EXHIBIT E

TO DECLARATION OF TYLER GEE IN SUPPORT OF APPLE INC.'S SUPPLEMENTAL BRIEF OPPOSING PSYSTAR'S MOTION TO COMPEL AND IN SUPPORT OF APPLE'S CROSS MOTION FOR PROTECTIVE ORDER


# Ninth Circuit Model Civil Jury Instructions

## 17.25 COPYRIGHT DAMAGES—STATUTORY DAMAGES
## (17 U.S.C. § 504(c))

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for [[the work infringed] [each work infringed]]. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

[However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.]

[However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.]

[Instruction[s] *[insert number of pertinent instruction, e.g., Instruction 17.26 (Innocent Infringement), Instruction 17.27 (Willful Infringement)]* will tell you [what constitutes innocent infringement] [and] [what constitutes willful infringement]].

### Comment

The jury should be provided with a special interrogatory form in order to report its findings on the issue of statutory damages. The minimum for statutory damages is $750 per work infringed and the maximum is $30,000 per work infringed. 17 U.S.C. § 504(c)(1).

The Seventh Amendment provides for the right to a jury trial on statutory damage issues, including the amount of such award. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998).

There is wide discretion in determining the amount of statutory damages, constrained only by the specified statutory maximum and minimum. *See Los Angeles News Serv. v. Reuters Television Intern.*, 149 F.3d 987, 996 (9th Cir.1998); *see also Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984) (trier of fact must be guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like" restrained only by the qualification it be within the prescribed maximum or minimum).

Because statutory damages serve both compensatory and punitive purposes, plaintiff can recover statutory damages whether or not there is adequate evidence of the actual damage suffered by plaintiff or

the profits reaped by the defendant. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir.1990); *see also Harris*, 734 F.2d at 1335. "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 334 U.S. 228, 233 (1952). When an injury can be shown, but neither profits nor damages can be proven, statutory profits are mandatory. *See Russell v. Price,* 612 F.2d 1123 (9th Cir.1979); *see also Pye v. Mitchell*, 574 F.2d 476, 481 (9th Cir.1978).

Statutory damages are precluded when the copyright holder does not register the copyright before the infringement. *See Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir.2004); *see also Mackie v. Rieser*, 296 F.3d 909, 912, n.3 (9th Cir.2002). Nor are statutory damages awarded if the infringing activity started after the date of first publication but before the effective date of registration of the work unless the copyright for the infringed work was registered within three months after the work was first published. 17 U.S.C. § 412.

The plaintiff has the right to make an election before final judgment to recover statutory damages instead of actual damages and defendant's profits. 17 U.S.C. § 504(c)(1). If the plaintiff is unable to meet its burden of proving actual damages, it may still seek statutory damages. *See Los Angeles News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 995 n.8 (9th Cir.1998). However, the converse is not true. Once copyright owner elects to recover statutory damages, the owner may not recover actual damages as well. *See Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1010 (9th Cir.1994). Apportionment of damages to reflect factors other than copyrighted work which may have led to infringer's profits is not available when the plaintiff elects statutory damages. *See id.* at 1012.

If statutory damages are assessed against one defendant or group of defendants who are jointly and severally liable, each work infringed may form the basis of only one award, regardless of number of separate infringements of that work. However, if separate copyright infringements are attributed to two or more defendants (in the same action) and those defendants are not jointly liable, separate awards of statutory damages are appropriate. *See Columbia Pictures Television v. Krypton Broadcasting*, 106 F.3d 284, 294 (9th Cir.1997) (television stations owned by same owner and broadcasting episodes of same work, were separate copyright infringers for purposes of determining statutory damages) *rev'd on other grounds, sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

The proper test for assessing what is a separate work when the infringement involves episodes of a broadcast series focuses on whether each episode has an independent economic value and is, in itself, viable. *Columbia Pictures Television*, 106 F.3d at 295-96.

## Document Download(s)

| File type: | File(s) for download: Click on the icon(s) below to start download. | Size of file(s): |
|---|---|---|
| WordPerfect | civil 17.25.wpd | 9 KBytes |