**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.:  C 07-3952 JW (HRL) |
| Plaintiff, | **SUPPLEMENTAL JURY INSTRUCTION NO. 6** |
| vs. | |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

## OBLIGATION OF RIGHTS HOLDER TO NOTIFY ISP – ISP PROHIBITED FROM MONITORING CONTENT OF SERVERS

Defendants MSG and Akanoc are Internet service providers. Federal law prohibits Internet service providers from knowingly divulging to any person or entity the contents of a communication while in electronic storage by that service. Internet service providers are also prohibited by federal law from observing or monitoring their customer's websites or other stored content on their servers for anything other than mechanical or service quality control checks.

The owner of a trademark or copyright must do its own policing. Internet service providers are not required to monitor the Internet or monitor websites appearing on their servers to locate infringing material.

*Lockheed Martin v. Network Solutions* 985 F.Supp. 949 (C.D. Cal. 1997) (a domain registrar has "no affirmative duty to police the internet in search of potentially infringing uses of domain names."); *Tiffany, Inc. v. Ebay, Inc.* 2008 WL 2755787 at *47 (S.D.N.Y. 2008); *See MDT Corp. v. New York Stock Exch.,* 858 F.Supp. 1028, 1034 (C.D.Cal.1994) ("The owner of a trade name must do its own police work."); *see also Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143, 1149 (7th Cir.1992) (defendants are not required "to be more dutiful guardians of [trademark plaintiffs'] commercial interests).

*Tiffany, Inc. v. Ebay, Inc.* 2008 WL 2755787 at *47 (S.D.N.Y. 2008) ("[E]ven if it were true that eBay is best situated to staunch the tide of trademark infringement to which Tiffany and countless other rights owners are subjected, that is not the law.")

18 U.S.C. §2511(2)(a)(i) provides that "a provider of wire communication service to the public shall not utilize service observing or random monitoring except for mechanical or service quality control checks."

18 U.S.C. § 2702(a)(1) prohibits disclosure of the content of communications in electronic storage:

> A person or entity providing an electronic communication[1] service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service.

18 U.S.C. 2511(2)(a)(i) provides:

> …[A] provider of wire communication service to the public shall not utilize service observing or random monitoring except for mechanical or service quality control checks.

Pursuant to 18 U.S.C. § 2510(17), the term "electronic storage" in Section 2702 is defined broadly as follows:

> (A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and
> (B) any storage of such communication by an electronic communication service for the purposes of backup protection of such communication.[2]

---

[1] An "electronic communication" is defined as: any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce..." 18 U.S.C. § 2510(12).

[2] Either part of the definition of "electronic storage" is sufficient under the SCA. *Quon,* 309 F.Supp.2d at 1207, citing to S.Rep. No. 99-541, at 35; 1986 U.S.C.C.A.N at 3590.

18 U.S.C. § 2702(b) allows an Internet Service Provider to divulge the contents of a communication under the following limited circumstances--

    (1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;

    (2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title;

    (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service;

    (4) to a person employed or authorized or whose facilities are used to forward such communication to its destination;

    (5) as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service;

    (6) to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 227 of the Victims of Child Abuse Act of 1990 (42 U.S.C. 13032);

    (7) to a law enforcement agency--

        (A) if the contents--

            (i) were inadvertently obtained by the service provider; and

            (ii) appear to pertain to the commission of a crime; or

    (8) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of communications relating to the emergency.

*Quon v. Arch Wireless Operating Co., Inc.*, 309 F.Supp.2d 1204, 1207 (C.D.Cal. 2004) Title II of the ECPA created the Stored Communications Act ("SCA"). ("The ECPA's legislative history indicates that Congress passed the SCA to prohibit a provider of an electronic communications service 'from knowingly divulging the contents of any communication while in electronic storage by that service to any person other than the addressee or intended recipient.'")

*Dyer v. Northwest Airlines Corporations,* 334 F.Supp.2d 1196, 1199 (D.N.D. 2004) ("The ECPA definition of 'electronic communications service' clearly includes Internet service providers such as America Online, as well as telecommunications companies whose cables and phone lines carry internet traffic.")

*Konop v. Hawaiian Airlines, Inc.,* 302 F.3d 868, 879 (9th Cir. (Cal.) 2002) ("The parties agree that the relevant 'electronic communications service' is Konop's Website, and that the website was in 'electronic storage.'")