**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | **SUPPLEMENTAL JURY INSTRUCTION NO. 7** |
| vs. | |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

CONTRIBUTORY COPYRIGHT INFRINGEMENT -
SUBSTANTIAL NON-INFRINGING USES

You must also determine whether the defendants' computer servers or services are capable of substantial non-infringing uses. If you find that the computer servers or services are capable of substantial non-infringing uses, the defendants cannot be held liable for contributory copyright infringement unless, in addition to all of the other required elements, you also find that each defendant had actual, specific knowledge of direct infringement occurring at the time at each accused website using their servers.

If there are substantial non-infringing uses, the defendants may also avoid liability by showing it would be disproportionately costly to eliminate or reduce infringing uses.

*A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1020-1021 (9th Cir. 2001) ("The *Sony* Court declined to impute the requisite level of knowledge where the defendants made and sold equipment capable of both infringing and "substantial noninfringing uses. . . We are bound to follow *Sony*, and will not impute the requisite level of knowledge to Napster merely because peer-to-peer file sharing technology may be used to infringe plaintiffs' copyrights.")

*Perfect 10 v. Google, Inc.,* 416 F.Supp.2d 828, 853 (C.D.Cal.2006) ("Under *Sony*, Google cannot be deemed to have constructive knowledge of infringing activity since its search engine clearly is capable of commercially significant noninfringing uses.")

*A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1020 (9th Cir. 2001) ("[A]ctual, specific knowledge of direct infringement renders *Sony's* holding of limited assistance to a defendant seeking to avoid contributory liability.")

*In re Aimster Copyright Litigation,* 334 F.3d 643, 655 (9th Cir. 2007) ("Even when there are non-infringing uses of an Internet file-sharing service, moreover, if the infringing uses are substantial then to avoid liability as a contributory infringer the provider of the service must show that it would have been disproportionately costly for him to eliminate or at least reduce substantially the infringing uses.")