**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL JURY INSTRUCTION NO. 8** |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

## CONTRIBUTORY COPYRIGHT INFRINGEMENT –
## INDUCED, CAUSED OR MATERIALLY CONTRIBUTED TO DIRECT INFRINGEMENT

You may find that the defendants induced, caused or materially contributed to infringing conduct at a particular website if you find that the defendants actively strived to provide the environment and market for counterfeiting sales to thrive, such that the defendants and the operator(s) of the particular website were engaged in a mutual enterprise of infringement. Defendants must be directly and substantially involved in the businesses of the infringing vendors, and cannot be liable unless they acted in concert with the direct infringer to sell items that infringed plaintiff's copyrights.

*Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 264 (9th Cir. 1996) (flea market proprieter liable as a contributory [copyright] infringer when it **"actively strives to provide the environment and market for counterfeit recording sales to thrive."**)

*Perfect 10, Inc. v. Visa International Service Association,* 494 F.3d 788, 798 (9th Cir.2007) ("In *Fonovisa,* we held a flea market proprieter liable as a contributory infringer when it provided the facilities for and benefitted from the sale of pirated works. The court found that **the primary infringers and the swap meet were engaged in a mutual enterprise of infringement** and observed that it would be difficult for the infringing activity to take place in the massive quantities alleged without the support services provided by the swap meet. . . The *Fonovisa* court found liability because the swap meet operator knowingly provided the "site and facilities" for the infringing activity.")

*Nimmer on Copyright,* § 12.04[A][3][a]: "In order to deemed a contributory infringer, the authorization or assistance must bear some direct relationship to the infringing acts, **and the person rendering such assistance or giving such authorization must be acting in concert with the infringer**."

*Lockheed Martin Corp. v. Network Solutions, Inc.,* 985 F.Supp. 949, 962 (C.D.Cal.1997) *affd. Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980 (9th Cir.1999) ("In *Fonovisa,* the Ninth Circuit adopted *Hard Rock's* analogy between landlord/tenant vicarious liability and trademark law contributory liability in order to extend the *Inwood* standard to the flea market context. *Fonovisa,* 76 F.3d at 265. **There, too, the court found that the flea market operator provided more than space, and was directly and substantially involved in the businesses of the infringing vendors**. *Id.* at 264.")

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 2004 WL 1773349, *3 (N.D.Cal.2004) ("**Examples of material contribution** from recent Internet case law **include providing an online index of copyrighted songs to facilitate their transfer between software users,** *A & M Records v. Napster,* 239 F.3d 1004, 1021 (9th Cir.2001), and **providing a bulletin board system allowing Internet users to upload and download copyrighted video games,** *Sega Enters. v. MAPHIA,* 948 F.Supp. 923, 933 (N.D.Cal.1996). In non-Internet cases, contributory infringement has traditionally been found where defendant **swap-meet owners provided infringing vendors at the swap-meet with "space, utilities, parking, advertising, plumbing, and customers**." *UMG Recordings, Inc. v. Sinnott,* 300 F.Supp.2d 993, 1001 (E.D.Cal.2004) (citing *Fonovisa, Inc. v. Cherry Auction. Inc.,* 76 F.3d 259, 264 (9th Cir.1996)). **All of these acts were directly tied to not only the business operations of the infringers, but specifically to their infringing conduct**.")

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 2004 WL 1773349, *4 (N.D.Cal.2004) ("Defendants' conduct does not begin to approach the level of involvement that existed in the cases enumerated above, where material contribution was found. **In each of those cases, the defendants' conduct specifically assisted the infringing activity itself.** Here, the websites would be every bit as capable of copying and distributing Plaintiff's copyrighted works regardless of whether they employed Defendants' services. As a result, Plaintiff has not adequately pled a claim for contributory copyright infringement.")