**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | **SUPPLEMENTAL JURY INSTRUCTION NO. 10** |
| vs. | |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

SUPPLEMENTAL JURY INSTRUCTION NO.10
– C 07-3952 JW

## CONTRIBUTORY COPYRIGHT INFRINGMENT - INDUCED, CAUSED OR MATERIALLY CONTRIBUTED TO DIRECT INFRINGEMENT

You may find that a defendant induced a third party to infringe plaintiff's copyright if you find that they provided web hosting services with the intent to promote their use to infringe, as shown by a clear expression or other affirmative steps taken to foster infringement of plaintiff's copyrights at particular websites. Purposeful, culpable expression and conduct by defendants must be shown. Mere knowledge of actual infringing uses or potential infringement is not enough to subject the defendants to liability.

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 936-937 (2005) ("[T]he inducement rule, too, is a sensible one for copyright. We adopt it here, holding that **one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties**. We are, of course, mindful of the need to keep from trenching on regular commerce or discouraging the development of technologies with lawful and unlawful potential. Accordingly, just as Sony did not find intentional inducement despite the knowledge of the VCR manufacturer that its device could be used to infringe, **mere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability.** Nor would ordinary acts incident to product distribution, such as offering customers technical support or product updates, support liability in themselves. **The inducement rule, instead, premises liability on purposeful, culpable expression and conduct, and thus does nothing to compromise legitimate commerce or discourage innovation having a lawful promise.**