**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | **SUPPLEMENTAL JURY INSTRUCTION NO. 11** |
| vs. | |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

# CONTRIBUTORY TRADEMARK INFRINGEMENT
# WILLFUL BLINDNESS

You may infer that a defendant had actual knowledge that a product was being used to infringe the plaintiff's trademark if you find that they were willfully blind to counterfeit goods bearing plaintiff's trademark being sold on the defendant's premises. To be willfully blind, each defendant must suspect wrongdoing and deliberately fail to investigate. It requires more than mere negligence or mistake and does not lie unless the defendant knew of a high probability of illegal conduct and purposely contrived to avoid learning of it. Willful blindness cannot be inferred by a defendant's failure to take reasonable precautions against counterfeiting, or failure to monitor websites located on computer servers for tortious content.

Any failure by the defendants to designate an agent for notification of infringement with the Patent and Trademark Office, adopt and reasonably implement a repeat infringer policy, or comply with any other requirement for safe harbor under the Digital Millennium Copyright Act is irrelevant and should not be considered by you in determining whether defendants were willfully blind.

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 855 (1982) ("To be liable for contributory trademark infringement, the defendants must have either "induced a third party to infringe the plaintiff's mark or supplied a product to a third party with actual or constructive knowledge that the product is being used to infringe the [mark].")

*Hard Rock Café Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1149 (7th Cir.1992) ("Willful blindness" is equivalent to actual knowledge for purposes of the Lanham Act. . . .To be willfully blind, a person must suspect wrongdoing and deliberately fail to investigate. The district court, however, made little mention of CSI's state of mind and focused almost entirely on CSI's failure to take precautions against counterfeiting. . . But CSI has no affirmative duty to take reasonable precautions against the sale of counterfeits.")

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 962, n. 7 (C.D.Cal.1997), *affd. Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980 (9th Cir.1999) ("Even though Internet service providers directly provide the storage and communications facilities for Internet communication, they cannot be held liable mely for failing to monitor the information posted on their computers for tortious content.")

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F.Supp. at 962 (affd., 194 F.3d 980) [citing *Zeran v. America Online, Inc.,* 129 F.3d 327, 330-31 (4th Cir.1997) (noting that Congress created a tort immunity for Internet service providers in the Communications Decency Act of 1996, 47 U.S.C. § 230, because "[i]t would be impossible for service providers to screen each of their millions of postings for possible problems."]).

*Hard Rock Café Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1148 (7th Cir.1992) ("The [district] court concluded that both defendants were 'guilty of willful blindness that counterfeit goods were being sold on [their] premises.'")

*Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980 984 (9th Cir.1999) ("Direct control and monitoring of the instrumentality used by a third party infringer to infringe the plaintiff's mark permits the expansion *of Inwood Lab's* "supplies a product" requirement for contributory infringement.")

*Tiffany, Inc. v. Ebay, Inc.* 576 F.supp.2d 463, 515 (S.D.N.Y. 2008) ("Willful blindness requires "more than mere negligence or mistake" and does not lie unless the defendant knew of a high probability of illegal conduct and purposefully contrived to avoid learning of it, for example, by failing to inquire further out of fear of the result of the inquiry.")

*Perfect 10, Inc. v. Amazon.com, Inc.,* 487 F.3d 701, 715, fn. 4 (9th Cir. 2007) ("The failure of a service provider's conduct to qualify for limitation of liability under [the DMCA] shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense.")

*Costar Group, Inc. v. Loopnet, Inc.,* 373 F.3d 544, 552 (4th Cir. 2004) ("CoStar argues that because the DMCA supplanted *Netcom*, Loopnet must rely for its defnse exclusively on the immunity conferred by the DMCA. This argument, however, is belied by the plain language of the DMCA

itself: . . . Other defenses not affected: The failure of a service provider's conduct to qualify for limitation of liability under this section shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense. . . Thus the statute specifically provides that despite a failure to meet the safe-harbor conditions in § 512(c) and (i), an ISP is still entitled to all other arguments under the law- whether by way of an affirmative defense or through an argument that conduct simply does not constitute a prima facie case of infringement under the copyright act."