**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL JURY INSTRUCTION NO. 13** |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

## CONTRIBUTORY COPYRIGHT INFRINGMENT – INDUCED, CAUSED OR MATERIALLY CONTRIBUTED TO DIRECT INFRINGEMENT

A defendant materially contributes to copyright infringement if its servers were expressly engineered, and their services were disseminated and promoted, explicitly for the purpose of facilitating the exchange of counterfeit goods.

*A&M Records, Inc. v Napster, Inc.,* 239 F.3d 1004 (9th Cir. 2001) ("Napster was a file sharing program which, while capable of non-infringing use, was **expressly engineered to enable the easy exchange of pirated music** and was widely so used.")

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 494 F.3d 788, 799 n. 10 (9th Cir. 2007) ("In fact, as virtually every interested college student knew-and as the program's creator expressly admitted-**the sole purpose of the Napster program was to provide a forum for easy copyright infringement.** [citation omitted] **Perfect 10 does not contend** that Defendants' payment systems were **engineered for infringement** in this way, and we decline to radically expand Napster's cursory treatment of "material contribution" to cover a credit card payment system that was not so designed

*Perfect 10, Inc. v. Visa International Service Association,* 494 F.3d 788, 801 (9th Cir.2007) ("**The software systems** in *Napster* and *Grokster* **were engineered, disseminated, and promoted explicitly for the purpose of facilitating piracy of copyrighted music** and reducing legitimate sales of such music to the extent. **Most** *Napster* and *Grokster* **users** understood this and **used those systems to purloin copyrighted music**. . . Perfect 10 does not allege that Defendants **created or promote their payment systems** as a means **to break laws**.")