**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:   (949) 553-1010
Facsimile:    (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL JURY INSTRUCTION NO. 15** |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

CONTRIBUTORY COPYRIGHT INFRINGEMENT - INDUCED, CAUSED OR MATERIALLY CONTRIBUTED TO DIRECT INFRINGEMENT

You may not find that a defendant materially contributes to infringing conduct if a particular website at issue could continue to operate effectively by moving to a different IP address after a defendant's web hosting services are terminated.

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 494 F.3d 788, 797-798 (9th Cir.2007) ("We acknowledge that Defendants' payment systems make it easier for such an infringement to be profitable, and that they therefore have the effect of increasing such infringement, but **because infringement of Perfect 10's copyrights can occur without using Defendants' payment system**, we hold that payment processing . . . **does not constitute a "material contribution"** under the test for contributory infringement of copyrights.")

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 2004 WL 1773349, *4 (N.D.Cal.2004) ("Plaintiff alleges that because Defendants provide essential financial services to the alleged infringers, they are materially contributing. There are two flaws with this argument. **The first flaw is the assumption that the services Defendants provide are essential to the functioning of the allegedly infringing websites.** Plaintiff asserts, "acceptance of MasterCard and Visa is necessary to an Internet merchant's commercial viability." This statement is belied by facts from the Plaintiff's own complaint. **Plaintiff itself was blacklisted by Visa and had its merchant account revoked, yet it still continues to operate its website and accept Visa and Mastercard as payment through an intermediate payment service.** The allegedly infringing websites could employ intermediate payment services if Defendants terminated their merchant accounts. The websites could also use alternate forms of payment such as personal checks, money orders, debit cards, or other credit card providers. **There is no reason to believe that the allegedly infringing websites could not continue to infringe and operate effectively if Visa and Mastercard were to terminate their financial services.**")