TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email: jggilliland@townsend.com
       mboroumand@townsend.com
       mmchung@townsend.com
       jboblak@townsend.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. CV 08-03251 WHA |
| Plaintiff, | **NOTICE OF PENDENCY OF OTHER ACTION BROUGHT BY PSYSTAR CORP. AND REQUEST FOR STATUS CONFERENCE** |
| v. | |
| PSYSTAR CORPORATION, a Florida corporation, and DOES 1-10, inclusive, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Plaintiff and counterdefendant Apple Inc. ("Apple") hereby files this notice in compliance with Civil Local Rule 3-13 to notify the Court that on August 27, 2009, defendant and counterclaimant Psystar Corporation ("Psystar") initiated a federal case against Apple in the Southern District of Florida with allegations that are nearly identical to the issues raised in this case. This second action is based primarily on antitrust theories of tying that this Court previously dismissed on November 18, 2008. (*See* Order Granting Motion to Dismiss Counterclaims, Dkt. No. 33.) The Florida action also seeks adjudication on the enforceability of Apple's Software License Agreements and Psystar's violation of the Digital Millennium Copyright Act, which are all being addressed by this Court in the first-filed action by Apple. Hence, Apple respectfully requests a status conference to address whether the two actions may be consolidated to avoid conflicts and conserve judicial resources.

### A. The California Action Filed First On July 3, 2008

On July 3, 2008, Apple filed this instant lawsuit against Psystar alleging copyright and trademark violations based on Psystar's unauthorized use of Apple's operating system "Mac OS X" and breach of contract of its license agreements covering Mac OS X. On August 28, 2008, Psystar answered and filed its original counterclaims alleging unlawful tying of Mac OS X to Apple's hardware, exclusive dealing of the same, and monopoly maintenance in Apple's Mac operating system market. (Psystar's Answer and Counterclaims, Dkt. No. 12.) On September 30, 2008, Apple filed its motion to dismiss Psystar's counterclaims. After reviewing the parties' papers and extensive hearing on the motion, the Court granted Apple's motion to dismiss Psystar's antitrust and unfair competition counterclaims on November 18, 2008. (Order Granting Motion to Dismiss Counterclaims, Dkt. No. 33, at 18.) The Court held that Psystar's antitrust "counterclaim does not plausibly allege that Mac OS is an independent market" (*id*. at 12) and "Psystar's claim that Mac OS-compatible computer hardware systems constitute a distinct submarket or aftermarket contravenes the pertinent legal standards" (*id*. at 17). Psystar, however, was provided an opportunity to amend its antitrust counterclaims and to "plead its best case." (*Id*. at 19.) However, Psystar chose not to amend its antitrust counterclaims and asserted counterclaims based on copyright misuse. (*See* Dkt. No. 35.)

NOTICE OF PENDENCY OF OTHER ACTION BROUGHT BY PSYSTAR CORP. AND REQUEST FOR STATUS CONFERENCE, CASE NO. CV 08-03251 WHA   - 1 -

townsend.

On December 2, 2008, Apple amended its complaint to add a claim for violation of the Digital Millennium Copyright Act ("DMCA"). (Am. Compl., Dkt. No. 38.) The DMCA claim alleges that Psystar "'developed [its] own code that allows it to operate on non-Apple-labeled computer system' and that such code overrides or gets around Apple's embedded codes." (*Id.* ¶ 46; *see also* ¶¶ 47-49.) Furthermore, in the Amended Complaint, Apple asserts, *inter alia*, copyright infringement of Apple's Mac OS X, irrespective of the particular version of Mac OS X, and breach of contract of the "applicable License Agreements" that govern the use of Mac OS X. (*Id.* at 8-10, 12-14.) Specifically, in its prayer for relief, Apple seeks judgment awarding Apple "a preliminary and/or permanent injunction against the sale or distribution of any software or device, including but not limited to the Psystar Open Computer, OpenPro computer, and OpenServ products, that allows for the installation or running of Apple Software on non-Apple computers" or "that allows for the installation or running of Apple Software on non-Apple computers, and requiring Psystar to recall all such products and software sold or distributed to the public as a result of Psystar's circumvention of an access control measure and/or trafficking in circumvention devices." (*Id.* at 20.)

**B.   Florida Action Filed On August 27, 2009**

Last week, more than nine months after Psystar's antitrust counterclaims were dismissed and Psystar chose not to file an amended counterclaim, Psystar filed a lawsuit in the Southern District of Florida, Fort Lauderdale Division. (*See* Original Compl., *Psystar Corp. v. Apple Inc.*, No. 09-22535 CIV Hoeveler, attached as Exhibit 1 to Declaration of Mehrnaz Boroumand Smith.) In its complaint, Psystar attempts to reassert the antitrust claims that were dismissed by this Court and re-alleging an antitrust theory based on tying and monopoly maintenance: "By tying its operating system to Apple-branded hardware, Apple restrains trade in personal computers that run Mac OS X, collects monopoly rents on its Macintoshes, and monopolizes the market for 'premium computers.'" (*Id.* ¶ 6; *see also id.* ¶ 23.) Psystar tries to avoid the California action by misrepresenting that the California action does not cover Apple's latest version of Mac OS X, Snow Leopard, and that the technical mechanisms used by Apple to allegedly "tie Mac OS X Snow Leopard" is somehow <u>not</u> within the scope of the California litigation. (*Id.* ¶ 13.) However,

throughout the Florida complaint, Psystar asserts that it seeks a judgment or injunction that will allow Psystar to use Apple's software, Mac OS X Snow Leopard, on its computers and that such actions do not violate the Copyright Act or the DMCA or breach Apple's license agreements. (*Id.* ¶¶ 4-5, 15-20, 29.) Psystar's Florida Complaint disregards the fact that these very issues are or have been before this Court.

### C. The Florida Action Involves Antitrust Claims Already Dismissed By This Court and Other Claims Currently Being Adjudicated In This Action

Psystar should not be allowed to re-assert in a new action the antitrust claims that this Court dismissed and that Psystar chose not to amend. Nor should Psystar be permitted to simultaneously litigate, in another forum, the same subject matter pending in this case and before this Court. Permitting this blatant forum shopping is not only prejudicial to Apple in that it will delay the determination of matters at issue in this case, but it is also a waste of judicial resources and will unnecessarily create the possibility of inconsistent results.

Psystar's market definitions alleged in the Florida action – defining the relevant markets as those for Mac OS X and hardware for premium computers priced at over $1000 – were and/or could have been raised in this California action. Psystar's limitation of the market to Mac OS X is no different than the one-product market definition previously asserted and dismissed in the California action. Nor does Psystar's modified definition for hardware take into account that many of Psystar's computers are sold for less than $1000. Moreover, this Court has already found that Mac OS-compatible computer hardware systems do not constitute a distinct submarket or aftermarket under applicable antitrust laws. Hence, the fact that Snow Leopard is a new version of the Mac OS X operating system does not raise any new issues in terms of the alleged tying and monopoly claims. Thus, Psystar's Florida claim is in essence a compulsory counterclaim that Psystar voluntarily dismissed when the Court gave it opportunity to amend its counterclaims nine months ago.

Furthermore, Psystar's Florida action raises no new legal issues. As mentioned above, Apple's Amended Complaint covers Mac OS X and any unlawful attempts to circumvent Apple's access control measures in that operating system in violation of the DMCA, as well as any

infringement of Apple's copyrights and trademarks, and breach of its license agreements. Apple's policies and license agreements restricting the use of Apple's software remain the same as previous versions of Mac OS X and it remains Apple's lawful prerogative to not license to its competitors.[1] Contrary to Psystar's allegations in the Florida complaint, Mac OS X Snow Leopard is covered by Apple's Amended Complaint in the California case. Indeed, as Psystar's lead counsel, K.A.D. Camara (who signed the Florida complaint), noted in a deposition for the California action, "Snow Leopard beta seeds are still within your cause of action."[2] (*See* Boroumand Smith Decl., Ex. 2.) Thus, the issues raised in the Florida action regarding Snow Leopard version is admittedly covered by the California case. More importantly, in the California action, Apple specifically requested in its prayer for relief a preliminary and/or permanent injunction that prevents the sale or distribution of any device that allows installation of Apple's software on non-Apple computers or that allows for the installation by circumventing Apple's access control measures. Psystar's later-filed complaint in Florida specifically requests the Florida district court to <u>allow</u> the sale and distribution of such infringing computers. The Florida action is a clear example of forum-shopping at its worst.

### D. All Issues Should Be Presented In The California Action Through Transfer Or Dismissal Of The Florida Action

Apple respectfully requests that this Court set a status conference at its earliest convenience to address the issues raised by Psystar in the Florida action. Psystar should not be allowed to delay resolution of the disputes between Apple and Psystar yet again through procedural tactics of filing yet another action in Florida, in addition to its prior tactic of filing for

---

[1] *See United States v. Colgate & Co.*, 250 U.S.300, 307 (1919) ("the [Sherman Act] does not restrict the long recognized right of a trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal. And, of course, he may announce in advance the circumstances under which he will refuse to sell."); *Verizon Communs. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 408 (2004); *Schor v. Abbott Labs.*, 457 F.3d 608, 610-11 (7th Cir. 2006).

[2] Additionally, Mr. Camara requested the deposition of an Apple witness to testify further regarding Apple's technological protection measures for Max OS X Snow Leopard. When asked by Apple's counsel whether Psystar was going to enable Snow Leopard to run on non-Apple computers, Mr. Camara responded that he would not answer that question. *See* Boroumand Smith Decl., ¶ 4.

1  bankruptcy in Florida (Case 09-19921-RAM). Though Apple has not been served yet with the
2  Florida complaint, Apple intends to notify the Florida court of the pending California action.
3  Furthermore, when appropriate, Apple will seek dismissal or transfer of the Florida action to
4  California and consolidation with the California action.

5  However, instead of waiting for the transfer – which may take some time and delay the
6  resolution beyond the trial date in this case – Apple respectfully requests that it be allowed to take
7  very limited discovery relating to Psystar's newly revealed plans regarding Snow Leopard as
8  alleged in Psystar's Florida complaint. Apple believes that Psystar cannot run Mac OS X Snow
9  Leopard on its computers without infringing Apple's copyrights and violating the DMCA.
10 However, to the extent that Psystar contends otherwise, Apple is entitled to this limited discovery.[3]
11 Apple does not seek more than 30-60 days for this additional discovery. And Psystar will not be
12 prejudiced by the further discovery in the California action since this will resolve the parties'
13 disputes more expeditiously. More importantly, judicial resources will be saved to resolve all the
14 issues in the first-filed action in California rather than allow potential inconsistent results from two
15 district court proceedings over the same issues. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v.*
16 *Haydu*, 675 F.2d 1169, 1174 ("In absence of compelling circumstances, the court initially seized
17 of a controversy should be the one to decide the case."); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946
18 F.2d 622, 625 (9th Cir. 1991) ("The first-to-file rule was developed to serve the purpose of
19 promoting efficiency well and should not be disregarded lightly.") (internal quotation marks and
20 brackets omitted).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

27  [3] Psystar alleges, in its Florida Complaint, that it utilizes a different circumvention method for Snow Leopard. Apple doubts this is true. A prompt review of Psystar's source code will answer this question.

Hence, Apple requests a status conference for Thursday, September 3, 2009, or on the earliest date that the Court is available.

DATED: August 31, 2009                Respectfully submitted,

                                      TOWNSEND AND TOWNSEND AND CREW LLP


                                      By:     /s/ James G. Gilliland, Jr.
                                             JAMES G. GILLILAND, JR.

                                      Attorneys for Plaintiff and Counterdefendant
                                      APPLE INC.

62193869 v1

NOTICE OF PENDENCY OF OTHER ACTION BROUGHT BY PSYSTAR CORP. AND REQUEST FOR STATUS CONFERENCE, CASE NO. CV 08-03251 WHA                - 6 -

townsend.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28