TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email: jggilliland@townsend.com
       mboroumand@townsend.com
       mmchung@townsend.com
       jboblak@townsend.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PSYSTAR CORPORATION,<br>a Florida corporation, and DOES 1-10,<br>inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 08-03251 WHA<br><br>**DECLARATION OF MEHRNAZ BOROUMAND SMITH IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR CORPORATION'S SUPPLEMENTAL BRIEFING ON THE RELEVANCE OF TOPIC 3 TESTIMONY, DEFENDANT'S MOTION TO COMPEL AND PLAINTIFF'S CROSS-MOTION FOR A PROTECTIVE ORDER** |

　　　　I, Mehrnaz Boroumand Smith, declare as follows:

　　　　1.　　I am an attorney licensed to practice law in the State of California and am admitted to practice before this Court.  I am a partner in the law firm of Townsend and Townsend and Crew LLP ("Townsend"), and am one of the attorneys representing plaintiff and counterdefendant Apple Inc. ("Apple") in the above captioned matter.  I make this declaration on personal knowledge and if called as a witness could and would competently testify with respect to the matters stated herein.

DECL. OF MEHRNAZ BOROUMAND SMITH IN SUPPORT OF APPLE'S ADMIN. MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR'S SUPPLEMENTAL BRIEF ON THE RELEVANCE OF TOPIC 3 TESTIMONY, ETC.
CASE NO. CV 08-03251 WHA

1

Dockets.Justia.com

2. On September 1, 2009, I asked Tyler Gee, an associate at Townsend, to meet and confer with opposing counsel and seek a stipulation regarding Apple's Administrative Motion For Leave To File a Reply Brief.

3. After his call with Kiwi Camara, counsel for Psystar, Mr. Gee reported that Psystar was willing to so stipulate, provided that Apple agreed to file the reply by noon on September 2, 2009, so that Psystar would have time to reply should Apple raise any new issues in the Reply.

4. Subsequently, another associate at Townsend, Jeb Oblak, sent Mr. Camara a copy of the proposed stipulation by email and copied me on that email. A true and correct copy of Mr. Oblak's September 1, 2009, email is attached hereto as Exhibit 1. A true and correct copy of the proposed stipulation attached to that email is attached hereto as Exhibit 2.

5. After having left Mr. Camara a follow-up voicemail, I sent an email to Mr. Camara and his team members at Camara and Sibley asking again whether they would agree to Townsend's filing the stipulation. A true and correct copy of that email is attached hereto as Exhibit 3.

6. Several minutes later, I received an email from Tim Nyberg of Camara and Sibley offering an explanation that Psystar would not stipulate, but noting that the response was not "official," and stating that an official response would be forthcoming from Mr. Camara. However, Mr. Nyberg stated that Psystar could not agree that it had raised new issues in its Supplemental Brief. A true and correct copy of Mr. Nyberg's email is attached hereto as Exhibit 4.

7. At 10:12 pm, I still had not received a response from Mr. Camara, so I sent Camara and Sibley an email explaining that Apple "disagreed with Psystar's position . . . [t]here were several issues brought up in [Psystar's] supplemental brief that were never raised in any meet and confer or at the hearing before the court." A true and correct copy of that email to Mr. Nyberg is attached hereto as Exhibit 5.

8. Apple's basis for seeking leave of the Court to file its reply brief is that Psystar's Supplemental Brief raised new issues not discussed either at the August 20, 2009, hearing, or in any meet and confer. Psystar has stated that it cannot agree that it raised new arguments in its supplemental brief. Consequently, Apple and Psystar cannot reach agreement on this issue through any further engagement in the meet and confer process.

DECL. OF MEHRNAZ BOROUMAND SMITH IN SUPPORT OF APPLE'S ADMIN. MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR'S SUPPLEMENTAL BRIEF ON THE RELEVANCE OF TOPIC 3 TESTIMONY, ETC.
CASE NO. CV 08-03251 WHA

2

9. Accordingly, Apple is seeking leave of the Court to file its Reply To Psystar Corporation's Supplemental Briefing On The Relevance Of Topic 3 Testimony, Defendant's Motion To Compel And Plaintiff's Cross-Motion For A Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 2, 2009, at San Francisco, California.

                                              */s/ Mehrnaz Boroumand Smith*
                                              Mehrnaz Boroumand Smith

62198053 V1

townsend.