CAMARA & SIBLEY LLP
K.A.D. CAMARA (admitted *pro hac vice*)
2339 University Boulevard
Houston, Texas 77005
Telephone: 713-893-7973
Fax: 713-583-1131
camara@camarasibley.com

WELKER & ROSARIO LLP
DAVID VERNON WELKER (SBN 252658)
2689 Sycamore Lane, Suite A6
Davis, California 95616–5583
Telephone: 949-378-2900
david.welker@werolaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    *Plaintiff*,<br><br>v.<br><br>PSYSTAR CORPORATION,<br><br>    *Defendants*.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV-08-03251-WHA<br><br>**PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR CORPORATION'S SUPPLEMENTAL BRIEFING ON THE RELEVANCE OF TOPIC 3 TESTIMONY** |

## **RESPONSE**

The second supplemental brief that Apple seeks leave to file contributes only one thing worth responding to: an entirely unprofessional personal attack on lead counsel for Psystar, K.A.D. Camara of Camara & Sibley LLP — that is, a personal attack on me. Apple accuses me of disclosing information in violation of the protective order to Professor Charles R. Nesson of Harvard. I have done no such thing. Neither has anyone at my firm or at Psystar. If anyone at our firm or at Psystar ever violated the protective order, we would, of course, be subject to contempt proceedings in this Court. The accusation that I have somehow violated the protective order is nothing more than an attempt to distract this Court from what is at issue in this round of supplemental briefing — namely,

PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR CORPORATION'S SUPPLEMENTAL BRIEFING ON THE RELEVANCE OF TOPIC 3 TESTIMONY CV 08-03251 WHA          1

Apple's complete failure to provide testimony from a corporate representative on damages.

Professor Nesson is the William F. Weld Professor of Law at Harvard Law School. He was my torts professor at Harvard, where he also teaches classes on evidence and the American jury, and is now co-counsel with me in several ongoing cases against the recording industry and Google. We are friends and colleagues. Professor Nesson has particular expertise in the public aspects of litigating high-profile cases, having been counsel, for example, in the defense of Daniel Ellsberg in connection with the release of the Pentagon Papers and in the toxic-tort litigation later described in the book and movie *A Civil Action*. I told Professor Nesson about our engagement in *Apple v. Psystar*, just as I have told him about many other cases on which our firm is working. I described for him the allegations leveled by Apple against Psystar and some of the legal issues involved in this case, including important legal questions about the first-sale doctrine, § 117 of the Copyright Act, and the enforceability of the Apple EULA. I did not disclose to him or to anyone else any information covered by the protective order in this case, such as the substance of deposition testimony designated confidential or the contents of any document designated confidential.

Apple's only evidence that I violated the protective order is a post on Professor Nesson's blog. A true and correct copy of this blog post is attached as Exhibit A. The blog post consists of an email exchange between me and Rudy Pedraza. In the first message, Mr. Pedraza suggests having a public event showcasing Psystar's products at the same time as Apple's then-upcoming inspection of Psystar's premises. I replied to Mr. Pedraza's email and copied Professor Nesson on my reply. In my reply, I describe certain aspects of our public-relations strategy in this case: how we should "start explaining the dispositive motions arguments to the world — first sale and 117 non-infringement, nominative use of trademarks, preemption, and copyright misuse"; and how I think that the idea of the public exhibition is good, but that "[w]e need to make sure that our circus day doesn't vary in

PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR CORPORATION'S SUPPLEMENTAL BRIEFING ON THE RELEVANCE OF TOPIC 3 TESTIMONY CV 08-03251 WHA

2

any material way from how we do business ordinarily." I also describe how we are negotiating with Apple over deposition dates and suggest that "[a] nice follow-up post [to the Psystar blog] might be the roster of Apple people being deposed — we can invite the world to send us questions." Finally, I say that I am copying Professor Nesson "who I told about the case, who likes our side and story, and who is expert in public litigation."

Nothing in this email exchange is protected by the protective order in this case. Even the identity of the deponents, which was later published on Psystar's blog, is not protected by the protective order in this case. With respect to depositions, only the substance of the witnesses' testimony (and summaries of it) is protected by the protective order. I disclosed nothing like this to Professor Nesson or to anyone else. And, of course, I am permitted to describe to Professor Nesson or to anyone else the legal issues involved in this case and the nature of the allegations leveled by Apple against Psystar — information that is available from the publicly filed pleadings and motions.

Apple has attempted to draw a veil of secrecy over this litigation and over the conduct at issue in this litigation that, in my view, goes well beyond what is warranted. That is why so many documents of interest to the computer industry have had to be filed under seal and made available only in heavily redacted form, despite the widespread interest in the case among members of the public and the media that a simple Google search reveals. There is no secret about the fact that since our firm's engagement, a part of Psystar's strategy has been to engage with the press and attempt to clear up some of the very negative and, in our view, mistaken coverage that has appeared about Psystar's business and this litigation. Engaging with the press in this way is Psystar's right, both under the protective order and as a constitutional matter. Neither Psystar nor I plan to violate the protective order; neither Psystar nor I have violated the protective order; and Apple's suggestion to the contrary is unprofessional in the extreme.

PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION
SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR CORPORATION'S
SUPPLEMENTAL BRIEFING ON THE RELEVANCE OF TOPIC 3 TESTIMONY CV 08-03251
WHA                                                                                                                3

1 | Dated: September 2, 2009

2 | CAMARA & SIBLEY LLP

By: /s/ K. A. D. Camara

K.A.D. CAMARA

*Attorney for Defendant / Counterclaimant*
*Psystar Corporation*

28 | PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR CORPORATION'S SUPPLEMENTAL BRIEFING ON THE RELEVANCE OF TOPIC 3 TESTIMONY CV 08-03251 WHA | 4

## CERTIFICATE OF SERVICE

I, Michael Wilson, declare I am employed in the City of Houston and County of Harris, Texas in the office of Camara & Sibley. I am over the age of eighteen and not a party to this action. My business address is Camara & Sibley, 2339 University Boulevard, Houston, Texas 77005.

I served the following document(s):

**PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION SEEKING LEAVE OF COURT TO FILE A REPLY TO PSYSTAR CORPORATION'S SUPPLEMENTAL BRIEFING ON THE RELEVANCE OF TOPIC 3 TESTIMONY**

Case No. CV 08-03251 WHA

on the interested parties in this action by placing a true and correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Camara & Sibley LLP. I sent the document(s) to the following:

| | |
|---|---|
| James G. Gilliland, Jr.<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, California 94111<br>Telephone: (415) 576-0200<br>Facsimile: (415) 576-0300 | email: jggilliland@townsend.com |

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF notification system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 2, 2009 at Houston, Texas.

*/s/ Michael Wilson*
Michael Wilson