**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>          Plaintiff,<br><br>     vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>          Defendants. | Case No.:  C 07-3952 JW (HRL)<br><br>**SUPPLEMENTAL DECLARATION OF JAMES A. LOWE IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #6 TO EXCLUDE ALL TESTIMONY ABOUT PINGING INTERNET DOMAINS** |

164463.1-10562-002-3/16/2009

**SUPPLEMENTAL DECLARATION OF JAMES A. LOWE IN SUPPORT OFDEFENDANTS' MOTION IN LIMINE #6
– C 07-3952 JW (HRL)**

I, JAMES A. LOWE, declare:

1. I am an attorney duly licensed to practice law before this Court and am a partner in the law firm of Gauntlett & Associates, counsel of record for defendants Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen ("Defendants").

2. I have personal knowledge of the facts stated in this Declaration and could testify competently to them if called upon as a witness.

3. This declaration is submitted in support of Defendants' Motion in Limine #6 to Exclude All Testimony about Pinging Websites.

4. Attached as **Exhibit "1529"** are additional excerpts from the deposition testimony of Nicolay Livadkin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Irvine, California on March 16+, 2009.

                                        s/ James A. Lowe
                                          James A. Lowe

EXHIBIT 1529

```
 1                UNITED STATES DISTRICT COURT

 2       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

 3

 4    LOUIS VUITTON MALLETIER, S.A.,    )
                                        )
 5              Plaintiff,              )
                                        )
 6    vs.                               ) Case No. C073952JW
                                        )
 7    AKANOC SOLUTIONS, INC., MANAGED   )
      SOLUTIONS GROUP, INC., STEVEN CHEN)
 8    and DOES 1 through 10, inclusive, )
                                        )
 9              Defendants.             )
                                        )
10    _____

11

12

13

14

15            Deposition of NIKOLAY LIVADKIN,

16       taken on behalf of the Defendants, at

17       18400 Von Karman, Suite 300, Irvine,

18       California, commencing at 9:28 a.m., on

19       Wednesday, April 23, 2008, before

20       Tami L. Le, CSR No. 8716, RPR.

21

22

23

24

25                    EXHIBIT
                       1529
```

```
 1   APPEARANCES OF COUNSEL:

 2


 3   For the Plaintiff:

 4           LAW OFFICES OF J. ANDREW COOMBS
             BY:  J. ANDREW COOMBS, ESQ.
 5           517 East Wilson Avenue
             Suite 202
 6           Glendale, California   91206-5902
             (818) 500-3200
 7           andy@coombspc.com

 8
     For the Defendants:
 9
             GAUNTLETT & ASSOCIATES
10           BY:  JAMES A. LOWE, ESQ.
             18400 Von Karman
11           Suite 300
             Irvine, California   92612
12           (949) 553-1010
             jal@gauntlettlaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    A    I'm sorry.  I didn't understand the question.
 2    Q    DomainTools would seek information from various
 3  third-party --
 4    A    Yes.
 5    Q    -- databases?
 6    A    Yes.
 7    Q    Do you know exactly how DomainTools obtains
 8  that information?  Do you know how they -- what they do?
 9    A    You mean the technical aspects?
10    Q    Yes.
11    A    No.
12    Q    Okay.  Do you know if they have any means of
13  verifying the information that they get from third
14  parties?
15    A    I believe so.
16    Q    Why do you believe so?
17    A    It's -- it's a tool that is very widely used
18  amongst people who deal with -- with domain names or
19  website.  It's -- I would say it's a standard in the
20  profession.
21    Q    But what -- what methods do they use to confirm
22  the accuracy of information they collect?
23    A    It's -- this is -- this is too technical.  I --
24  I'm not able to respond, but...
25    Q    So you don't know what they use -- how they
```

31

```
 1  might do that?
 2      A    If -- if I -- if I have a doubt on -- on
 3  something, I -- I -- as I told you, we -- we are
 4  double-checking or even triple-checking the information,
 5  so there is no -- there is no major risk that we are
 6  provided with inaccurate information.
 7      Q    Have you ever had inaccurate information
 8  provided to you by DomainTools?
 9      A    No.
10      Q    Never?
11      A    (Witness shakes head.)
12      Q    Now, do you know -- you mentioned some other
13  sources of information that you used, Netscan Tools, for
14  example.  Do you know anything about how they might
15  verify information that they report?
16      A    They query publicly accessible databases.
17      Q    So they obtain information from third parties?
18      A    Yeah.
19      Q    Just like DomainTools?
20      A    Yes.  The difference is that Netscan Tools is a
21  desktop software while DomainTools is a website where
22  you can do these operations.
23      Q    So when you obtain information from
24  DomainTools, you go -- you contact it through the
25  Internet and request some --
```

BARKLEY
Court Reporters

```
 1    Q    How is that?
 2    A    Well, in the present case, the IP address was
 3  assigned to -- to Akanoc or to Managed Solutions and the
 4  address that was provided, the -- the address that was
 5  provided was apparently incorrect because we sent -- we
 6  sent our notification and it was returned with -- marked
 7  with an incorrect address.
 8    Q    I'm not sure that that quite answers my
 9  question, but let me try this again.
10         You indicated that you identify a -- a web
11  hosting company by the IP address --
12    A    Yes.
13    Q    -- that's been assigned to -- or used by a
14  domain name.
15    A    Yes.
16    Q    Do you ever ping the domain name to determine
17  what the IP address is?
18    A    Yes.  There is -- on DomainTools there's a sort
19  of button which -- which does that.
20    Q    Okay.  Do you do it any other way?  You
21  mentioned Netscan Tools.  Is there a way to do it there?
22    A    Yes.
23    Q    Okay.  Do you ever do it at the DOS prompt?
24    A    I have -- I have done it a couple of times,
25  yeah.
```

```
1                DEPOSITION OFFICER'S CERTIFICATE
2

3   STATE OF CALIFORNIA      }
                             }   ss.
4   COUNTY OF ORANGE         }

5

6           I, TAMI L. LE, hereby certify:

7           I am a duly qualified Certified Shorthand

8   Reporter in the State of California, holder of

9   Certificate Number CSR 8716 issued by the Court

10  Reporters Board of California and which is in full force

11  and effect.  (Fed. R. Civ. P. 28(a)).

12          I am authorized to administer oaths or

13  affirmations pursuant to California Code of Civil

14  Procedure, Section 2093(b) and prior to being examined,

15  the witness was first duly sworn by me.  (Fed. R. Civ.

16  P. 28(a), 30(f)(1)).

17          I am not a relative or employee or attorney or

18  counsel of any of the parties, nor am I a relative or

19  employee of such attorney or counsel, nor am I

20  financially interested in this action.  (Fed. R. Civ. P.

21  28).

22          I am the deposition officer that

23  stenographically recorded the testimony in the foregoing

24  deposition and the foregoing transcript is a true record

25                          / / /
```

BARKLEY
Court Reporters

1  testimony given by the witness.  (Fed. R. Civ. P.
2  30(f)(1)).
3       Before completion of the deposition, a review of
4  the transcript [x] was  [ ] was not requested.  If
5  requested, any changes made by the deponent (and
6  provided to the reporter) during the period allowed, are
7  appended hereto.  (Fed. R. Civ. P. 30(e)).
8
9  Dated:  May 2, 2008.
10
11
12  _____
    TAMI L. IE
13  Certified Shorthand Reporter No. 8716, RPR