**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

|  |  |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>             Plaintiff,<br><br>    vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>            Defendants. | Case No.:  C 07-3952 JW (HRL)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #7 TO EXCLUDE EVIDENCE NOT PREVIOUSLY DISCLOSED IN INITIAL AND SUPPLEMENTAL DISCLOSURES** |

164430.1-10562-002-3/16/2009

1    **I.      THE 628 UNDISCLOSED EXHIBITS SHOULD BE EXCLUDED FROM USE AT
              TRIAL**

2

3            **A.      Vuitton Admits it Did Not Supplement Its Discovery Responses/Disclosures in
                       Violation of Fed. R. Civ. P. 26(e)**

4            Vuitton admits it produced over 2,700 pages of materials in its first response to request for

5    production of documents in February 2008. (Opp. 4:5-8)    There is no question that, until a few

6    weeks ago, it did not disclose documents comprising 628 exhibits that subsequently came into its

7    possession. Fed R. Civ. Proc. Rule 26(e) is clear that documents discovered or coming into a party's

8    possession after an earlier document request for such documents must be disclosed "in a timely

9    manner."

10                        In connection with these motions, the Boyces have attached as Exhibit
                          23 nine additional bank statements that purportedly reflect more
11                        payments on their tax liabilities. **These documents, however, were
                          not provided in discovery. Even though the Boyces did not have**
12                        **these documents when they were deposed, they had a continuing
                          duty to supplement their document production under Rule**
13                        **26(e)(2).** In addition, as discussed above, Judge Gonzalez's March 22,
                          2000, order contemplated the parties conducting discovery on the
14                        Boyces' argument they were not credited all monies received. **These
                          documents, therefore, can be precluded from consideration under**
15                        **the Court's inherent authority.** *United States v. Boyce*, 148
                          F.Supp.2d 1069, 1088 (S.D.Cal.2001)

16

17           The fact that the documents comprising the 628 exhibits are similar to documents produced

18   by Vuitton in February 2008 does not help Vuitton.  To the contrary, it demonstrates that they *should*

19   *have been disclosed* in a timely manner pursuant to Rule 26(e) (because they fell within a previous

20   production category or a general description in Vuitton's initial disclosures).   Vuitton does not

21   dispute this.

22           Rule 26(a)(3) also does not help Vuitton. (Opp. p. 4:21-24) The 30 day deadline mentioned

23   therein concerns *pre-trial disclosures* in lieu of a pre-trial conference order.  That rule does not apply

24   in this case,[1] but even if it did apply it would still not eliminate Vuitton's duty to supplement

25   document production "**in a timely manner** if the party learns that in some material respect the

26   disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A) Vuitton produced

27   _____

28   [1] The disclosures of Rule 26(a)(3)(A) were supplanted in this case by the requirements set forth in
     the Court's Preliminary Pre-trial Conference Scheduling Order [Doc. 93]

                                                      **DEFENDANTS' REPLY TO VUITTON'S
                                                      OPPOSITION TO MOTION IN LIMINE #7
                                                      – C 07-3952 JW**

1  documents in February 2008.  Disclosing additional documents 13 months later pursuant to a pre-
2  trial conference order (and 10 months after close of discovery) does not constitute disclosure 'in a
3  timely manner.'  Obviously, waiting until a few weeks before trial to dump documents comprising
4  628 new trial exhibits on defendants is not sufficient.

5  ### B. Vuitton Did Not Make The Required Disclosures

6  At page 3 of its opposition, Vuitton confuses the initial disclosure requirements of *Rule 26(a)*
7  with its duty to supplement not only those disclosures but also responses to document requests
8  pursuant to *Rule 26(e).* Vuitton's *initial disclosures* may have identified the *general category* of
9  documents that the 628 exhibits fell into; e.g. "Printouts from websites hosted by Defendants." But
10  Vuitton had a *continuing duty* under *Rule 26(e)* to supplement its initial disclosures and its responses
11  to document production in a timely manner. Fed. R. Civ. Proc. 26(e)(1). This continuing duty
12  pursuant to Rule 26(e) is separate from its duty to provide initial disclosures under Rule 26(a).

13  Vuitton did not disclose the additional 628 exhibits it plans to use at trial until a few weeks
14  ago.  The fact that defendants never objected to the *general category* of documents in Vuitton's
15  initial disclosures is irrelevant because Vuitton's had a continuing duty to disclose separate from the
16  Rule 26(a) duty to provide initial disclosures.

17  ### C. The 628 Undisclosed Exhibits Should Be Barred From Use at Trial

18  Vuitton cites no substantial justification for its failure to disclose.  Rule 37(c)(1) is clear that
19  a party that fails disclose, pursuant to Rule 26(e), subsequently discovered documents cannot use
20  them as exhibits at trial.

21  **If a party fails to provide information** or identify a witness **as
    **required by Rule** 26(a) or **26(e)**, **the party is not allowed to use that**
22  **information** or witness to supply evidence on a motion, at a hearing,
    or **at a trial**, unless the failure was **substantially justified** or is
23  harmless.

24

25  Vuitton offers no substantial justification for its conduct.  At page 5 of its opposition Vuitton
26  claims the Defendants have "deliberately and systematically" avoided their discovery obligations.
27  But Vuitton fails to substantiate this charge. Nor does Vuitton demonstrate how **any** discovery
28  conduct by Defendants in this case led to the creation of the 628 new exhibits, or forced Vuitton to

1  keep from disclosing them in a prompt manner as required by Rule 26(e).  In short, Vuitton can cite

2  no substantial justification for its failure to supplement its disclosures.  Vuitton's baseless attempts

3  to smear Defendants is a 'smokescreen' to divert attention away from Vuitton's blatant discovery

4  abuse, and should be rejected.

5  Nor did Vuitton put forth any evidence that its failure to disclose the 628 exhibits were

6  harmless.  *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is  that the burden is on the

7  party facing sanctions to prove harmlessness.")  Vuitton's opposition ignores this issue.  Obviously,

8  Defendants will be harmed if Vuitton is allowed to introduce 628 additional exhibits at trial that it

9  never previously disclosed.  The sheer volume creates a burden for the Defendants, as does the fact

10  that these exhibits were disclosed just prior to trial.

11  **II.  CONCLUSION**

12  Vuitton's blatant disregard for the continuing disclosure requirements of Rule 26(e) should

13  not be excused.  Defendants respectfully request that the 628 exhibits at issue be excluded at trial

14  pursuant to Fed. R. Civ. Proc. Rule 37(c) or the Court's inherent power.

15

16  Dated: March 16, 2009                                **GAUNTLETT & ASSOCIATES**

17

18                                                       By:      /s/James A. Lowe
                                                                 David A. Gauntlett
19                                                               James A. Lowe
                                                                 Brian S. Edwards
20                                                               Christopher Lai

21                                                       Attorneys for Defendants
                                                         Akanoc Solutions, Inc.,
22                                                       Managed Solutions Group, Inc.,
                                                         and Steve Chen
23

24

25

26

27

28