Juanita Brooks (SBN 75934)
Dina Grinshpun (SBN 212625)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130-2081
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Karen I. Boyd (SBN 189808)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiffs
UNITHER PHARMA, INC.,
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY,
and NEW YORK MEDICAL COLLEGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, and NEW YORK MEDICAL COLLEGE,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>ADVANCED NUTRITIONAL BIOSYSTEMS, INC. dba SCITEC NUTRITION,<br><br>Defendant and Counter-Claimant. | Case No. CV 03-0415 JW and Related Case No. CV 02-05284 JW<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Unither Pharma, Inc., the Board of Trustees of the Leland Stanford Jr. University, and New York Medical College hereby allege as follows:

### THE PARTIES

1. Unither Pharma, Inc. ("Unither") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 1110 Spring Street, Silver Spring, Maryland 20910. Unither is the successor in interest of Cooke Pharma, Inc. ("Cooke Pharma"),

1. which was incorporated under the laws of the state of California and located at the same address as Unither.

2. The Board of Trustees of the Leland Stanford Jr. University ("Stanford") is a body having corporate powers under the laws of the state of California with a location in Stanford, California.

3. New York Medical College ("NYMC") is a body having corporate powers under the laws of the state of New York with a location in Valhalla, New York.

4. Upon information and belief, Advanced Nutritional Biosystems, Inc. dba Scitec Nutrition ("ANB") is incorporated under the laws of the state of Florida, and has a regular and established place of business in Orlando, Florida, and a mailing address of P.O. Box 532079, Orlando, Florida 32853.

## JURISIDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1338(a), in which the district courts have original and exclusive jurisdiction of any civil action for patent infringement.

6. This Court has personal jurisdiction over Defendant because Defendant ANB has and continues to purposely avail themselves to this jurisdiction by continuing to do business in this judicial district.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400 because Defendant ANB resides in this judicial district.

## GENERAL ALLEGATIONS

8. Stanford is the assignee of certain patents related to the use of L-arginine in treating vascular disorders and improving vascular function and physical performance. These patents include U.S. Patent No. 5,428,070 ("the '070 patent," attached as "Exhibit A"), issued June 27, 1995, U.S. Patent No. 5,891,459 ("the '459 patent," attached as "Exhibit B"), issued April 6, 1999, U.S. Patent No. 6,117,872 ("the '872 patent," attached as "Exhibit C"), issued September 12, 2000, and U.S. Patent No. 6,646,006 ("the '006 patent," attached as "Exhibit D"), issued November 11, 2003.

9. NYMC is the assignee of U.S. Patent No. 5,217,997 ("the '997 patent," attached as "Exhibit E"), issued June 8, 1993, related to the use of L-arginine in treating high vascular resistance disorders.

10. Stanford and Cooke Pharma entered into agreements under which Stanford granted Cooke Pharma an exclusive license under the '872, '070, '459, and '006 patents for the use and sale of amino acid–based dietary supplements or pharmaceuticals to enhance the level of endogenous nitric oxide in the vascular system. Under the same agreements, Stanford provided Cooke Pharma with a right to institute actions and recover damages for infringement of the '872, '070, '459, and '006 patents and the right to join Stanford as a plaintiff in any such action. Unither is the successor in interest to all rights granted by Stanford to Cooke Pharma under the agreements.

11. NYMC and Cooke Pharma entered into an agreement under which NYMC granted Cooke Pharma an exclusive worldwide license under the '997 patent for the manufacture, use, and sale of amino acid–based functional foods, dietary supplements, medical foods, or pharmaceuticals. Under the same agreement, NYMC provided Cooke Pharma with a right to institute actions and recover damages for infringement of the '997 patent and the right to join NYMC as a plaintiff in any such action. Unither is the successor in interest to all rights granted to Cooke Pharma under that agreement.

12. Unither manufactures and sells products containing L-arginine designed to improve vascular health, improve human sexual performance, and treat erectile dysfunction, which are covered by the '872, '070, '459, '006, and '997 patents.

13. Upon information and belief, RZB, Inc. ("RZB") formally owned the assets of and did business as Scitec Nutrition until October 2001, at which time the Scittc Nutrition business activities were assigned or otherwise transferred to ANB.

14. Upon information and belief, Defendant ANB competes with Unither and manufactures and sells at least two products, Effergin™ and MyoMax™ Ten-in-One Formula, that contain L-arginine as the active ingredient.

15. Upon information and belief, Defendant ANB advertises, inter alia, that its L-arginine-based products improve vascular health and support healthy erectile functioning and blood pressure.

**FIRST CAUSE OF ACTION**

**(INFRINGEMENT OF THE '872 PATENT)**

16. Each allegation contained in paragraphs 1-15 above is incorporated herein by reference.

17. RZB had actual notice of the '872 patent since at least May 1, 2001 (Letter to RZB attached as "Exhibit F").

18. If not so informed when it acquired the Scitec Nutritional assets from RZB, Defendant ANB has had actual notice that the use of its products are covered by the claims of the '872 patent since at least November 21, 2002 (Letter from Damell Payne attached as "Exhibit G").

19. Defendant ANB is currently and has been infringing, inducing and/or contributing to the infringement of the claims of the '872 patent by making, using, selling, offering to sell and/or importing its products containing L-arginine without the consent of Unither.

20. Defendant ANB will continue to infringe, induce and/or contribute to the infringement of the claims of the '872 patent unless enjoined by this Court.

21. Defendant ANB has willfully and deliberately infringed, induced and/or contributed to the infringement of the claims of the '872 patent with full knowledge and disregard of Plaintiffs' rights thereunder, rendering this an "exceptional" case within the meaning of 35 U.S.C. § 285.

22. As a result of Defendant ANB's acts, Plaintiffs have suffered damages.

**SECOND CAUSE OF ACTION**

**(INFRINGEMENT OF THE '070 PATENT)**

23. Each allegation contained in paragraphs 1-22 above is incorporated herein by reference.

24. RZB had actual notice of the '070 patent since at least May 1, 2001 (Letter to RZB attached as "Exhibit F").

25.   If not so informed when it acquired the Scitec Nutritional assets from RZB, Defendant ANB has had actual notice that the use of its products are covered by the claims of the '070 patent since at least November 21, 2002 (Letter from Damell Payne attached as "Exhibit G").

26.   Defendant ANB is currently and has been infringing, inducing and/or contributing to the infringement of the claims of the '070 patent by making, using, selling, offering to sell and/or importing its products containing L-arginine without the consent of Unither.

27.   Defendant ANB will continue to infringe, induce and/or contribute to the infringement of the claims of the '070 patent unless enjoined by this Court.

28.   Defendant ANB has willfully and deliberately infringed, induced and/or contributed to the infringement of the claims of the '070 patent with full knowledge and disregard of Plaintiffs' rights thereunder, rendering this an "exceptional" case within the meaning of 35 U.S.C. § 285.

29.   As a result of Defendant ANB's acts, Plaintiffs have suffered damages.

## THIRD CAUSE OF ACTION
## (INFRINGEMENT OF THE '459 PATENT)

30.   Each allegation contained in paragraphs 1-29 above is incorporated herein by reference.

31.   RZB had actual notice of the '459 patent since at least May 1, 2001 (Letter to RZB attached as "Exhibit F").

32.   If not so informed when it acquired the Scitec Nutritional assets from RZB, Defendant ANB has had actual notice that the use of its products are covered by the claims of the '459 patent since at least November 21, 2002 (Letter from Damell Payne attached as "Exhibit G").

33.   Defendant ANB is currently and has been infringing, inducing and/or contributing to the infringement of the claims of the '459 patent by making, using, selling, offering to sell and/or importing its products containing L-arginine without the consent of Unither.

34.   Defendant ANB will continue to infringe, induce and/or contribute to the infringement of the claims of the '459 patent unless enjoined by this Court.

35. Defendant ANB has willfully and deliberately infringed, induced and/or contributed to the infringement of the claims of the '459 patent with full knowledge and disregard of Plaintiffs' rights thereunder, rendering this an "exceptional" case within the meaning of 35 U.S.C. § 285.

36. As a result of Defendant ANB's acts, Plaintiffs have suffered damages.

## FOURTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '997 PATENT)

37. Each allegation contained in paragraphs 1-36 above is incorporated herein by reference.

38. RZB had actual notice of the '997 patent since at least May 1, 2001 (Letter to RZB attached as "Exhibit F").

39. If not so informed when it acquired the Scitec Nutritional assets from RZB, Defendant ANB has had actual notice that the use of its products are covered by the claims of the '997 patent since at least November 21, 2002 (Letter from Damell Payne attached as "Exhibit G").

40. Defendant ANB is currently and has been infringing, inducing and/or contributing to the infringement of the claims of the '997 patent by making, using, selling, offering to sell and/or importing its products containing L-arginine without the consent of Unither.

41. Defendant ANB will continue to infringe, induce and/or contribute to the infringement of the claims of the '997 patent unless enjoined by this Court.

42. Defendant ANB has willfully and deliberately infringed, induced and/or contributed to the infringement of the claims of the '997 patent with full knowledge and disregard of Plaintiffs' rights thereunder, rendering this an "exceptional" case within the meaning of 35 U.S.C. § 285.

43. As a result of Defendant ANB's acts, Plaintiffs have suffered damages.

## FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '006 PATENT)

44. Each allegation contained in paragraphs 1-43 above is incorporated herein by reference.

45. Defendant ANB is currently and has been infringing, inducing and/or contributing to the infringement of the claims of the '006 patent by making, using, selling, offering to sell and/or importing its products containing L-arginine without the consent of Unither.

46. Defendant ANB will continue to infringe, induce and/or contribute to the infringement of the claims of the '006 patent unless enjoined by this Court.

47. Defendant ANB has willfully and deliberately infringed, induced and/or contributed to the infringement of the claims of the '006 patent with full knowledge and disregard of Plaintiffs' rights thereunder, rendering this an "exceptional" case within the meaning of 35 U.S.C. § 285.

48. As a result of Defendant ANB's acts, Plaintiffs have suffered damages.

## SIXTH CAUSE OF ACTION

## (PROVISIONAL RIGHTS UNDER THE '006 PATENT)

49. Each allegation contained in paragraphs 1-48 above is incorporated herein by reference.

50. The United States Patent and Trademark Office published U.S. Patent Application No. 10/060,252 ("the '252 application"), now the '006 patent, pursuant to 35 U.S.C. § 122(b), 37 C.F.R. § 1.211, et seq., on October 17, 2002, Publication No. US 2002/0151592 A2 (attached as "Exhibit H").

51. The invention as claimed in the '006 patent is substantially identical to the invention as claimed in the published '252 application.

52. Defendant ANB has had actual notice of the '252 application since at least October 25, 2002 (Letter to ANB attached as "Exhibit I").

53. Defendant ANB violated Plaintiffs' provisional rights under the '006 patent by making, using, selling, offering to sell and/or importing its products containing L-arginine without the consent of Unither.

54. As a result of Defendant ANB's acts, Plaintiffs have suffered damages and are entitled to a reasonable royalty.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. That this Court adjudge and declare that Defendant ANB has infringed, induced and/or contributed to the infringement of the '997, '872, '070, '459, and '006 patents;

b. That this Court adjudge and declare that Defendant ANB has violated Plaintiffs' provisional rights under the '006 patent;

c. That this Court preliminarily enjoin Defendant ANB, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert with them from infringing, actively inducing infringement or contributing to infringement of the '997, '872, '070, '459, and '006 patents;

d. That this Court permanently enjoin Defendant ANB, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert with them from infringing, actively inducing infringement and/or contributing to infringement of the '997, '872, '070, '459, and '006 patents;

e. That this Court award to Plaintiffs damages adequate to compensate them for Defendant ANB's acts of infringement, inducement of and/or contributions to infringement of the '997, '872, '070, '459, and '006 patents, together with interest thereon;

f. That this Court award to Plaintiffs reasonable royalties for Defendant ANB's violation of Plaintiffs' provisional rights under the '006 patent;

g. That this Court award treble damages against Defendant ANB for its willful infringement, inducement of and/or contribution to infringement of the '997, '872, '070, '459, and '006 patents;

h. That this Court order Defendant ANB to pay Plaintiffs their reasonable attorneys' fees for this action;

i. That this Court order Defendant ANB to pay Plaintiffs any and all costs of this action; and,

j. That this Court grant to Plaintiffs such other and further relief as it may deem just and equitable.

A JURY TRIAL IS DEMANDED BY PLAINTIFFS.

Dated: November 17, 2003          FISH & RICHARDSON P.C.

By: /s/
    Karen I. Boyd

Attorney for Plaintiffs
UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, AND NEW YORK MEDICAL COLLEGE

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

United Therapeutics Corporation, which is the parent of wholly owned subsidiary Unither Pharma, Inc., one of the plaintiffs in this action.

Dated: November 17, 2003  FISH & RICHARDSON P.C.

By:   /s/
    Karen I. Boyd

Attorney for Plaintiffs
UNITHER PHARMA, INC., THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, AND NEW YORK MEDICAL COLLEGE

50184886.doc