TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jggilliland@townsend.com
       mboroumand@townsend.com
       mmchung@townsend.com
       jboblak@townsend.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PSYSTAR CORPORATION,<br>a Florida corporation, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 08-03251 WHA<br><br>**DECLARATION OF MEHRNAZ BOROUMAND SMITH IN SUPPORT OF APPLE'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES**<br><br>Date:        September 24, 2009<br>Time:        8:00a.m.<br>Courtroom:   9<br>Trial Date:  January 11, 2010 |

DECLARATION OF MEHRNAZ BOROUMAND SMITH IN SUPPORT OF APPLE'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES, CASE NO. CV 08-03251 WHA

1

Dockets.Justia.com

I, Mehrnaz Boroumand Smith, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am admitted to practice before this Court. I am a partner in the law firm of Townsend and Townsend and Crew LLP, and am one of the attorneys representing Plaintiff and counterdefendant Apple Inc. ("Apple") in the above-captioned matter. I make this declaration on personal knowledge and if called as a witness could and would competently testify with respect to the matters stated herein.

2. Attached as Exhibit 1 is a true and correct copy of the complaint filed by Psystar Corporation ("Psystar") against Apple in the Southern District of Florida on August 27, 2009, Case No. 09-22535 CIV Hoeveler. The Florida complaint was signed by K.A.D. Camara, who is also lead counsel for Psystar in this lawsuit.

3. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the definitions included in both Apple and Psystar's discovery requests for production of documents, requests for admissions and interrogatories in this case.

4. Attached hereto as Exhibit 3 is a true and correct copy of Request for Production Nos. 12, 17 and 28 in Apple's First Set of Requests for Production of Documents served on November 4, 2008, and Request for Production No. 53 in Apple's Second Set of Requests for Production of Documents served on November 11, 2008. Documents relating to Psystar's development of prototypes and products capable of running Mac OS X Snow Leopard should have been produced in response to these requests. Psystar never produced any such documents.

5. On November 4, 2008, Apple served Psystar with Apple's First Set of Interrogatories, including Interrogatory No. 1. Attached hereto as Exhibit 4 is a true and correct copy of Apple's Interrogatory No. 1. Psystar responded to Interrogatory No. 1 on December 4, 2008 and supplemented its response on March 6, 2009. Attached hereto as Exhibit 5 are true and correct copies of Psystar's responses to Interrogatory No. 1. Psystar did not supplement its response to Interrogatory No. 1 to identify any Psystar prototype that could run Snow Leopard or product that it was contemplating or thinking of offering for sale with Mac OS X Snow Leopard.

6. Attached as Exhibit 6 is a true and correct copy of an excerpt from the transcript of the August 19, 2009 deposition of Simon Patience. I attended Mr. Patience's deposition and represented

1  him on behalf of Apple.  During that deposition, Mr. Camara asked Mr. Patience about the

2  technological protection measures for the beta seed of Mac OS X Snow Leopard.  The portion of the

3  testimony attached hereto as Exhibit 6 is the exchange between Mr. Camara and I in which he stated

4  that the testimony relating to the Snow Leopard seed that he sought was relevant to this case, followed

5  by some of Mr. Patience's testimony regarding Snow Leopard.

6   7. After Mr. Patience's deposition, Mr. Camara requested that Apple provide another

7  employee to further testify on the technological protection measure for Mac OS X Snow Leopard.  I

8  asked whether Psystar intended to release products running Mac OS X Snow Leopard and he said he

9  would not respond to that question.

10   8. In addition to Simon Patience, other Apple witnesses testified regarding Snow Leopard

11  at their depositions.  Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the

12  August 13, 2009 individual deposition of Philip Schiller where he testified regarding Snow Leopard.

13  Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the August 12, 2009

14  individual deposition of Kevin Van Vechten where he testified regarding Snow Leopard.  Attached

15  hereto as Exhibit 9 is a true and correct copy of excerpts from the August 14, 2009 individual

16  deposition of Michael Culbert where he testified regarding Snow Leopard.  Attached hereto as Exhibit

17  10 is a true and correct copy of excerpts from the August 21, 2009 individual deposition of Bob

18  Mansfield where he testified regarding Snow Leopard.  Attached hereto as Exhibit 11 is a true and

19  correct copy of excerpts from the August 21, 2009 individual deposition of Greg Christie where he

20  testified in response to a theoretical question regarding Snow Leopard.

21   9. Attached hereto as Exhibit 12 is a true and correct copy of the Software License

22  Agreement for Mac OS X Leopard.  Attached as Exhibit 13 is a true and correct copy of the Software

23  License Agreement for Mac OS X Snow Leopard.  Both license agreements restrict the use of Mac OS

24  X to Apple computers.  The Software License Agreement for Mac OS X Leopard states:

> **2. Permitted License Uses and Restrictions. …** This license allows you to install, use and run one (1) copy of the Apple Software on a single Apple-labeled computer at a time.  **You agree not to install, use or run the Apple Software on any non-Apple-labeled computer, or to enable others to do so.**  (Emphasis added.)

DECLARATION OF MEHRNAZ BOROUMAND SMITH IN SUPPORT OF APPLE'S MOTION TO DISMISS OR ENJOIN PROSECUTION OF THE RECENTLY-FILED FLORIDA ACTION AND TO RE-OPEN DISCOVERY FOR LIMITED PURPOSES, CASE NO. CV 08-03251 WHA

2

The Software License Agreement for Mac OS X Snow Leopard states:

> **2. Permitted License Uses and Restrictions. …** Subject to the terms and conditions of this License, unless you have purchased a family pack or Upgrade license for the Apple Software, you are granted a limited non-exclusive license to install, use and run one (1) copy of the Apple Software on a single Apple-branded-computer at a time. **You agree not to install, use or run the Apple Software on any non-Apple-branded computer, or to enable others to do so.** (Emphasis added.)

10. Attached hereto as Exhibit 14 is a true and correct copy of excerpts from the transcript of the August 26, 2009 individual deposition of Rodolfo Pedraza, Psystar's co-founder and CEO.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 11, 2009, at San Francisco, California.

                                                */s/ Mehrnaz Boroumand Smith*
                                                Mehrnaz Boroumand Smith

62211708 v1