1 | John Lynn Smith (State Bar No. 154657)
2 | Julia C. Nelson (State Bar No. 199133)
  | REED SMITH CROSBY HEAFEY LLP
3 | 1999 Harrison Street
  | Oakland, CA 94612-3572

4 | **Mailing Address:**
  | P.O. Box 2084
5 | Oakland, CA 94604-2084

6 | Telephone:      510.763.2000
7 | Facsimile:      510.273.8832

8 | Attorneys for Defendant
  | REDWOOD LANDFILL, INC.

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | NORTHERN CALIFORNIA RIVER          No. C 03 3991  SC
   | WATCH, a non-profit corporation,
13 |                                    **DEFENDANT REDWOOD LANDFILL,**
   |                Plaintiff,           **INC.'S NOTICE OF MOTION AND**
14 |                                    **MOTION FOR AN ORDER DISMISSING**
   |        vs.                          **THE COMPLAINT; MEMORANDUM OF**
15 |                                    **POINTS AND AUTHORITIES IN**
   | REDWOOD LANDFILL, INC.,             **SUPPORT THEREOF**
16 |
   |                Defendant.           Date:            January 2, 2004
17 |                                    Time:            10:00 a.m.
   |                                    Place:           Ctrm. 1, 17th Floor
18 |                                    Compl. Filed:    September 2, 2003
   |                                    Trial Date:      None Set
19 |
20 |                                    Honorable Samuel Conti

21

22

23

24

25

26

27

28

No. C 03 3991                                          DOCSOAK-9693130.1-JCNELSON

Defendant's Motion to Dismiss

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

# TABLE OF CONTENTS

Page

I     INTRODUCTION .......... 1

II    STATEMENT OF THE ISSUES TO BE DECIDED .......... 2

III   FACTUAL AND PROCEDURAL BACKGROUND .......... 2

IV   LEGAL ANALYSIS .......... 4

    A.   This Court Should Dismiss Plaintiff's Clean Water Act and RCRA Claims Pursuant to FRCP 12(b)(1) For Lack Of Subject Matter Jurisdiction .......... 4

        1.   River Watch's Clean Water Act Notice Is Insufficient .......... 6

            a.   Plaintiff's Notice That Redwood Violated Terms Of Its General Stormwater Permit Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem .......... 7

                i.   Plaintiff's Notice That Redwood Allegedly Discharges Storm Water Containing Pollutants and Non-Storm Water Pollutants Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem .......... 7

                ii.   Plaintiff's Notice That Redwood Did Not Develop or Adequately Implement Its Storm Water Pollution Prevention Plan or Monitoring Program Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem .......... 11

                iii.   Plaintiff's Notice that Redwood Has Failed to Develop Best Management Practices Using Best Available Technology and Best Conventional Technology Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem .......... 13

            b.   Plaintiff's Notice That Redwood Discharges Pollutants In the Absence of a NPDES Permit Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem .......... 14

        2.   River Watch's RCRA Notice Is Insufficient .......... 15

            a.   River Watch's Allegation in Its RCRA Notice That Redwood Violates "Location Restrictions" Does Not Meet The Required Specificity .......... 15

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware ("Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

b.    River Watch's Allegation in Its RCRA Notice That Redwood Does Not Comply With Operating Criteria Fails To Meet The Required Specificity ..... 16

c.    River Watch's Allegation in Its RCRA Notice That Redwood Fails to Meet Design Criteria Fails to Meet the Required Specificity ..... 17

d.    River Watch's Allegation in Its RCRA Notice That Redwood Does Not Properly Monitor or Manage for Groundwater Contamination or Corrective Action Fails to Meet the Required Specificity ..... 18

e.    River Watch's Notice That Redwood's Operations Present An Imminent and Substantial Endangerment to Human Health and the Environment Fails to Meet the Required Specificity ..... 18

3.    River Watch Did Not Wait The Requisite Ninety Days Before It Filed Its Claim Against Redwood For Alleged Violation of 42 U.S.C. § 6972(a)(1)(B) And Thus That Claim Must Be Dismissed ..... 19

4.    Because River Watch Failed to Give Redwood Notice of Intent to File Suit for Violation of RCRA Section 6925, That Claim Must Be Dismissed for Lack of Subject Matter Jurisdiction ..... 20

B.    This Court Should Dismiss Plaintiff's Clean Water Act Claim Re Separate Notices of Intent and Separate Stormwater Pollution Prevention Plans For Failure to State A Claim Pursuant to FRCP 12(b)(6) ..... 20

C.    This Court Should Dismiss Plaintiff's Third Claim For Relief Pursuant to FRCP 12(b)(6) Because It Is Not A Claim A Citizen Can Bring ..... 21

D.    This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims in the Absence of Any Federal Claim ..... 22

V    CONCLUSION ..... 23

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware    Reed Smith" and "Reed Smith Crosby Heafey, LLP" refer to Reed Smith LLP and related entities.

DOCSOAK-9694960.1-JCNELSON

Defendant's Motion to Dismiss

## CASES

Balistreri v. Pacifica Police Dept.,
901 F.2d 696 (9th Cir. 1990) .......................................................... 20

Cahill v. Liberty Mut. Ins. Co.,
80 F.3d 336 (9th Cir. 1996) ............................................................ 20

California Sportfishing Protection Alliance v. City of West Sacramento,
905 F. Supp. 792 (1995) .................................................................. 9

Community Ass'n for Restoration of the Environment v. Henry Bosma Dairy,
305 F.3d 943 (9th Cir. 2002) ...................................................... 10, 11

Gwaltney v. Chesapeake Bay Found., Inc.,
484 U.S. 49 (1987) ...................................................................... 5, 17

Hallstrom v. Tillamook County,
493 U.S. 20 (1987) ................................................................... 5, 6, 19

Kaufman & Broad-South Bay v. Unisys Corp.,
822 F. Supp. 1468 (N.D. Cal. 1993) ............................................... 20

Kokkonen v. Guardian Life Ins. Co. of America,
511 U.S. 375 (1994) ......................................................................... 4

Nat'l Resources Defense Council v. Southwest Marine, Inc.,
236 F.3d 985 (9th Cir. 2000) ...................................................... 6, 12

ONRC Action v. Columbia Plywood, Inc.,
286 F.3d 1137 (9th Cir. 2002) ....................................................... 20

San Francisco Baykeeper, Inc. v. Tosco Corp.,
309 F.3d 1153 (9th Cir. 2002) ......................................... 6, 9, 10, 11

Southwest Center for Biological Diversity v. Bureau of Reclamation,
143 F.3d 515 (9th Cir. 1998) ........................................................... 6

Stock West, Inc. v. Confederated Tribes,
873 F.2d 1221 (9th Cir. 1989) ......................................................... 4

Washington Trout v. McCain Foods, Inc.,
45 F.3d 1351 (9th Cir. 1995) ..................................................... 5, 19

## STATUTES

28 U.S.C. § 1367(a) ........................................................................ 22

33 U.S.C. § 1344 ................................................................. 1, 2, 21-23

33 U.S.C. § 1365 ................................................................... 4, 21, 22

DOCSOAK-9694960.1-JCNELSON

# TABLE OF AUTHORITIES
## (continued)

Page(s)

42 U.S.C. §6972 ................................................................ 5, 17, 19, 20

40 C.F.R. § 135.3(a) .......................................................... 4, 12

40 C.F.R. § 254.2 ............................................................. 19

40 C.F.R. § 254.3 ............................................................. 5

65 Fed. Reg. 64746, 64810 (Oct. 30, 2000) .......................... 21

FRCP 12(b)(1) .................................................................. 4

FRCP 12(b)(6) .................................................................. 17, 20, 21

California Business & Professions Code § 17200 ................... 2, 22, 23

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

DOCSOAK-9694960.1-JCNELSON

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1    On January 2, 2004 at 10:00 a.m. in Courtroom 1 of the above-entitled court,

2  Defendant Redwood Landfill, Inc. ("Redwood") will move for an order dismissing the complaint

3  on the grounds that this Court does not have subject matter jurisdiction over Plaintiff's claims for

4  violation of the Clean Water Act ("CWA") or the Resource Conservation and Recovery Act

5  ("RCRA") because Plaintiff failed to satisfy the notice requirements which are a mandatory

6  condition precedent to its CWA and RCRA claims; Plaintiff fails to state a claim under the CWA

7  for the alleged failure to file separate notices of intent an separate stormwater pollution

8  prevention plans because the General Permit does not require such separate filing; Plaintiff fails

9  to state a claim for violation of 33 U.S.C. section 1344 because it is not a suit a citizen can bring;

10  and, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law

11  claims.  This Motion will be based on this Notice and Motion, the Memorandum of Points and

12  Authorities and the Declaration of Julia C. Nelson in support of the Motion, the pleadings and

13  files in this matter, and such additional evidence or argument that may be presented at the

14  hearing.

15    By this Motion, Redwood seeks an order from the court dismissing Plaintiff's

16  claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Redwood Landfill, located in Marin County, operates under the oversight of no fewer than four regulatory agencies and is in full compliance with all applicable permits and laws. Thus, when it received notices of intent to sue from Northern California River Watch for alleged violations of these permits and for unauthorized discharges, it was understandably baffled.

To make matters worse, River Watch's notices failed to provide the required specifics of the alleged "violations," making it impossible for Redwood to figure out what was wrong and as such, figure out how to fix or address the alleged wrong. Consequently, the Landfill informed River Watch in writing that it was in full compliance with its permits and that River Watch must be looking at incorrect data. The Landfill also requested more specific information from River Watch so it could identify the alleged violation, if any, and correct it. After all, the intent behind the required pre-litigation notice provisions under the Clean Water Act and RCRA is to identify the alleged problem with enough specificity to allow the violator an opportunity to fix it so as to avoid the time and expense of litigation. But, River Watch refused the opportunity to correct its deficient notice and filed suit anyway.

River Watch's notices are legally insufficient and consequently its complaint should be dismissed for lack of jurisdiction. The Ninth Circuit and United States Supreme Court have declared that the requirements to serve notice of intent to sue that sets forth with reasonable specificity the alleged violation before filing an action under RCRA or the CWA must be strictly construed. These Courts have also held that if a plaintiff does not comply with the notice requirements, its complaint must be dismissed for lack of subject matter jurisdiction. River Watch's generalized notices do not pass muster. They fail to provide even the bare minimum of detail sufficient to inform Redwood of the alleged violations so it can determine how to remedy them. In addition, River Watch failed to comply with the statutes' simple instructions on how to serve the notice, who to serve it upon and how long one must wait before filing a complaint. As

Defendant's Motion to Dismiss

such, River Watch's complaint must be dismissed because the notices do not comply with the law and, therefore, subject matter jurisdiction over River Watch's CWA and RCRA claims does not attach.

## II

## STATEMENT OF THE ISSUES TO BE DECIDED

The issues to be decided by this court on this motion include:

- Whether Plaintiff's notice of its intent to file suit for violations of the Clean Water Act complies with the statutory notice requirements;

- Whether Plaintiff's notice of its intent to file suit for violations of the Resource Conservation and Recovery Act complies with the statutory notice requirements;

- Whether Plaintiff's allegations regarding the alleged failure to file separate notices of intent and storm water pollution prevention plans state a claim for violation of the Clean Water Act;

- Whether Plaintiff states a claim for violation of 33 U.S.C. section 1344; and,

- Whether this Court should exercise supplemental jurisdiction over Plaintiff's claim under California Business & Professions Code section 17200.

## III

## FACTUAL AND PROCEDURAL BACKGROUND

Redwood Landfill, Inc. ("Redwood") owns and operates the Redwood Landfill located in Novato, California in northeast Marin County. Since 1958, operations at the Redwood Landfill have included solid waste disposal, yard waste processing and composting, equipment maintenance, sludge storage and processing and various other landfill support activities for the communities in and surrounding Marin County. The Landfill property is approximately 600

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    acres, and the landfill operations described above occur on approximately 420 of those acres. The
2    Redwood Landfill is the only landfill in Marin County.

3          The Landfill is regulated by no fewer than four oversight and permitting agencies.
4    These are the State of California Integrated Waste Management Board, Marin County
5    Environmental Health Services, Bay Area Air Quality Management District and the California
6    Regional Water Quality Control Board, San Francisco Bay Region. Redwood Landfill is in full
7    compliance with all permits and does not have any outstanding violations.

8          On May 13, 2003, Northern California River Watch, an alleged 501(c)(3) non-
9    profit corporation, ("River Watch") sent a letter to Redwood purportedly notifying it of an intent
10   to file suit under the Federal Water Pollution Control Act ("Clean Water Act" or "CWA").
11   Complaint, Ex. A ("CWA Notice"). On June 17, 2003, Redwood responded, explaining that due
12   to the CWA Notice's cursory statements it did not understand what violations of the Clean Water
13   Act River Watch was alleging, how the alleged violations occurred, where they occurred or when
14   they occurred, all requirements of a valid notice of intent to sue under the CWA. Redwood
15   further explained that not only did it not understand the violations River Watch was alleging, but
16   Redwood's records did not evidence any discharges of pollutants that exceeded permitted limits.
17   In reply, River Watch said it felt its notice was adequate, but admitted it could have contained
18   more information.

19         Then, on June 30, 2003, River Watch sent Redwood another letter notifying it of
20   an intent to file suit under the Resource Conservation and Recovery Act ("RCRA"). Complaint,
21   Ex. B ("RCRA Notice"). On August 29, 2003, Redwood responded to the RCRA Notice by
22   pointing out that River Watch's claims were factually mistaken, constituted collateral attacks on
23   previously-issued permits, lacked the necessary specificity to provide Redwood Landfill with the
24   required adequate notice necessary to assess the merits of River Watch's claims, or to determine
25   what corrective actions, assuming any were warranted, might be implemented to address the
26   concerns. Redwood also pointed out that none of River Watch's alleged violations constituted an
27   "imminent and substantial endangerment" as required by RCRA for a citizen suit.

28

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    Nonetheless, on September 2, 2003, River Watch sued Redwood seeking

2    injunctive relief, civil penalties, restitution and remediation under the CWA, RCRA and the

3    California Business & Professions Code section 17200. At River Watch's request, Redwood

4    waived service of summons pursuant to Federal Rule of Civil Procedure 4.

5

6                                         **IV**

7                                  **LEGAL ANALYSIS**

8

9    **A.    This Court Should Dismiss Plaintiff's Clean Water Act and RCRA Claims**

10          **Pursuant to FRCP 12(b)(1) For Lack Of Subject Matter Jurisdiction**

11          Federal Rule of Civil Procedure ("FRCP") 12(b)(1) authorizes a motion to dismiss

12   for lack of subject matter jurisdiction. River Watch, the party invoking the jurisdiction of this

13   Court, has the burden of establishing that jurisdiction exists. <u>Kokkonen v. Guardian Life Ins. Co.</u>

14   <u>of America</u>, 511 U.S. 375, 377 (1994). In fact, the court presumes lack of jurisdiction until the

15   plaintiff establishes otherwise. <u>Id.</u>; <u>Stock West, Inc. v. Confederated Tribes</u>, 873 F.2d 1221, 1225

16   (9th Cir. 1989). Redwood moves to dismiss this action on the grounds that River Watch did not

17   meet mandatory conditions precedent to the filing of a citizen's suit under the RCRA or the

18   CWA.

19          A citizen cannot sue under the Clean Water Act without serving notice of its intent

20   to file suit at least sixty days prior to commencing suit. 33 U.S.C. § 1365(b)(1)(A). The Clean

21   Water Act provides that notice "shall be given in such manner as the [EPA] Administrator shall

22   prescribe by regulation." 33 U.S.C. § 1365(b). The EPA issued regulations specifying that:

23          Notice . . . shall include sufficient information to permit the
             recipient to identify the specific standard, limitation or order
24          alleged to have been violated, the activity alleged to constitute a
             violation, the persons or person responsible for the alleged
25          violation, the location of the alleged violation, the date or dates of
             such violation, and the full name, address and telephone number of
26          the person giving notice. 40 C.F.R. § 135.3(a) (1973).

27

28

No. C 03 3991                          - 4 -                        DOCSOAK-9693130.1-JCNELSON

                           Defendant's Motion to Dismiss

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    Similarly[1], before filing a citizen's suit under RCRA, a plaintiff must serve notice

2    of its intent to file at least sixty days prior to commencing suit if alleging a cause of action under

3    42 U.S.C. §6972(a)(1)(A) or ninety days prior commencing suit if alleging a cause of action

4    under 42 U.S.C. §6972(a)(1)(B). 42 U.S.C. § 6972(b)(1), (2). The regulation prescribing the

5    content of such notice states:

6            Notice regarding an alleged violation of a permit, standard,
             regulation, condition, requirement, or order which has become
7            effective under this Act shall include sufficient information to
             permit the recipient to identify the specific permit, standard,
8            regulation, condition, requirement, or order which has allegedly
             been violated, the activity alleged to constitute a violation, the
9            person or persons responsible for the alleged violation, the date or
             dates of the violation, and the full name, address and telephone
10           number of the person giving notice. 40 C.F.R. § 254.3 (1977).

11

12           The purpose of the notice is to give the defendant "an opportunity to bring itself

13   into complete compliance with the Act and thus likewise render unnecessary a citizen suit" and to

14   give governmental regulators an opportunity to take action. Gwaltney v. Chesapeake Bay Found.,

15   Inc., 484 U.S. 49, 59-61 (1987).

16           If the plaintiff does not comply with the notice provisions, then the suit must be

17   dismissed because the mandatory condition precedent to subject matter jurisdiction has not been

18   fulfilled. Hallstrom v. Tillamook County, 493 U.S. 20, 31-33 (1987) (strictly construing the

19   notice requirements prior to commencing RCRA action, Court dismissed suit because plaintiff did

20   not give mandatory 60-days notice). In the Ninth Circuit, if the notice does not strictly comply

21   with the requirements, the case must be dismissed even if the deficiencies are merely technical.

22   Washington Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354 (9th Cir. 1995) (because two named

23   plaintiffs were not listed in the notice, the court found the notice insufficient as required by the

24   regulations and dismissed the action for lack of subject matter jurisdiction). "A failure to strictly

25

26   [1] The CWA notice requirements are virtually identical to the RCRA notice requirements because they are both
     modeled after section 304 of the Clean Air Act Amendments. Hallstrom v. Tillamook County, 493 U.S. 20, 23, n.1
27   (1987); Washington Trout v. McCain Foods, Inc., 45 F.3d 1351, 1353, n.3 (9th Cir. 1995). As such, case law
     interpreting a notice requirement modeled after section 304 of the Clean Air Act Amendments is applicable to any
28   law mandating the use of such notice requirements, e.g., CWA, RCRA, the Endangered Species Act, etc.

No. C 03 3991                                    - 5 -                          DOCSOAK-9693130.1-JCNELSON

Defendant's Motion to Dismiss

comply with the notice requirement acts as an absolute bar to bringing suit." Southwest Center for Biological Diversity v. Bureau of Reclamation, 143 F.3d 515, 520 (9th Cir. 1998)(applying *Hallstrom* to the same notice requirements under the Endangered Species Act).

In discussing whether notice was sufficient, the Ninth Circuit stated, "[i]n practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions would avert a lawsuit." Nat'l Resources Defense Council v. Southwest Marine, Inc., 236 F.3d 985, 996 (9th Cir. 2000) (citation omitted); *see also* Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515, 521-22 (9th Cir. 1998) (dismissing action because notice did not inform defendant of one of the violations alleged in the complaint so defendant was wrongfully deprived of the opportunity to identify and attempt to abate the violation). The notice letter must be "reasonably specific as to the nature and time of the alleged violations." San Francisco Baykeeper, Inc. v. Tosco Corp., 309 F.3d 1153, 1155 (9th Cir. 2002). In addition, it must provide enough information so that the defendant can identify and correct the problem. Id.[2]

As discussed in more detail below, River Watch's CWA Notice and RCRA Notice fail to provide Redwood with even the "reasonably specific" information required to identify the alleged problem and thus deprived Redwood of its opportunity to correct it and avoid this action, assuming a problem even exists. Consequently, this action must be dismissed for lack of subject matter jurisdiction.

1.    **River Watch's Clean Water Act Notice Is Insufficient**

In Plaintiff's CWA Notice, it alleges that Redwood (1) violated the terms of its General Storm Water Permit; and (2) discharged pollutants in the absence of a National Pollution Discharge Elimination System ("NPDES") Permit. CWA Notice at 5, 10. As discussed below,

---

[2] Although the Baykeeper court found that the notice provisions and their enforcing regulations require no more than "reasonable specificity," that court reiterated that "[t]he key language in the notice regulations is the phrase 'sufficient information to permit the recipient to identify' the alleged violations and bring itself into compliance." Baykeeper, 309 F.3d at 1158. As demonstrated below, River Watch's notices fail to meet that standard.

- 6 -

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    Plaintiff's CWA Notice of these alleged violations is insufficient to allow Redwood to identify

2    and remedy the alleged violations, if any even exist.

3

4           **a.    Plaintiff's Notice That Redwood Violated Terms Of Its General
                    Stormwater Permit Does Not Provide Redwood With The Required
5                   Information To Allow Redwood To Identify And Correct The
                    Alleged Problem**

6           River Watch's CWA Notice alleges that Redwood violated the terms of its General

7    Storm Water Permit by (a) allowing various discharges from its facilities, (b) not fully developing

8    or implementing a Storm Water Pollution Prevention Plan ("SWPPP") or Monitoring Program for

9    its operations, and, (c) failing to develop best management practices ("BMP") using best available

10   technology ("BAT") and best conventional technology ("BCT") to control and/or eliminate

11   pollution[3]. As discussed in detail below, these allegations do not provide Redwood with

12   sufficient information to identify and correct the alleged violations.

13

14          **i.    Plaintiff's Notice That Redwood Allegedly Discharges Storm
                    Water Containing Pollutants and Non-Storm Water
15                  Pollutants Does Not Provide Redwood With The Required
                    Information To Allow Redwood To Identify And Correct
16                  The Alleged Problem**

17          Plaintiff generally alleges that Redwood violated the General Permit by:

18          •    failing to eliminate non-storm water discharges from its operation and that

19               "total suspended solids and specific conductivity in the storm water run

20               dangerously high" (CWA Notice at 5);

21          •    allowing materials other than storm water to discharge either directly or

22               indirectly into waters of the United States (CWA Notice at 6, ¶ 1);

23

24   _____

     [3] The General Permit states that one objective of the SWPPP is "to identify and implement site-specific best
25   management practices ("BMPs") to reduce or prevent pollutants associated with industrial activities in storm water
     discharges and authorized non-storm water discharges. BMPs may include a variety of pollution prevention
26   measures or other low-cost and pollution control measures. They are generally categorized as non-structural BMPs
     (activity schedules, prohibitions of practices, maintenance procedures, and other low-cost measures) and as structural
27   BMPs (treatment measures, run-off controls, cover-head coverage)." Ex. B to CWA Notice: State Water Board
     Water Quality Order No. 97-03-DWQ NPDES General Permit No. CAS 000001 ("General Permit") at 11. A review
28   of the General Permit does not reveal a requirement to use best available technology or best conventional technology.

Defendant's Motion to Dismiss

- causing or threatening to cause pollution, contamination or nuisance exceeding the specified effluent limitations identified above (CWA Notice at 6, ¶ 2);

- discharging storm water containing a hazardous substance equal to or in excess of a reportable quantity listing in 40 CFR Part 117 and/or 40 CFR Part 302 (CWA Notice at 6, ¶ 3);

- discharging storm water and non-storm water to surface or ground water which adversely impacts human health or the environment (CWA Notice at 6, ¶ 6); and,

- causing or contributing to an exceedance of any applicable water quality standards contained in a Statewide Water Quality Control Plan or the applicable Regional Water Board's Basin Plan (CWA Notice at 6, ¶ 7).

In addition, Plaintiff alleges that Redwood discharged storm water containing pollutants and non-storm water pollutants from its landfill site into San Antonio Creek and the Petaluma River and/or their tributaries during at least every rain event over 0.1 inches as measured by the National Oceanographic and Atmospheric Administration. CWA Notice at 6-7. Plaintiff further alleges that these violations are ongoing. Id. at 7. Plaintiff also alleges that Redwood's own self monitoring reports show that the groundwater in the area of these sites contains many hazardous constituents exceeding background limits. Id. at 5.

River Watch's generalized notice regarding discharges of stormwater is insufficient because it does not identify: the location of the alleged violation, the activity alleged to constitute a violation, the specific standard, limitation or order alleged to have been violated or the date or dates of such alleged violation or a even reasonable range of dates during which the alleged activity occurred. Such information is critical to serving the statute's purpose of informing the alleged violator of the exact conduct so it can fix it and avoid a lawsuit. Saying merely that stormwater has been discharged without dates, locations, etc. is not enough. This is why the Ninth Circuit has repeatedly interpreted the law to require much greater specificity.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

For example, in <u>California Sportfishing</u>, plaintiff's notice of alleged discharges stated, "the California Regional Water Quality Control Board notified you of chlorine violations, non-reporting, that bioassay samples were 'scrubbed,' that coliform organisms exceeded the effluent limitation, and that solid waste were observed over the Sacramento River Bank." <u>California Sportfishing Protection Alliance v. City of West Sacramento</u>, 905 F.Supp. 792, 797 (1995). The court found that this notice did "not suffice because there is no time given as to the violation, it is not clear in some instances what the violation is –e.g. 'non-reporting' of what?— and it is not clear whether [plaintiff] makes or adopts these allegations." <u>Id.</u> at 799-800. In addition, the notice states, "For the previous five years on hundreds of occasions you have violated your NPDES permit. Further, you have consistently misreported and/or failed to report the results of your testings." <u>Id.</u> at 800. The court found that this portion of the notice was insufficient because "it is vague as to which portions of the permit have been violated and which test results were not reported or were misreported" and there is no sufficient notice of the date or dates on which the violations are alleged to have occurred." <u>Id.</u> The court stated, "[T]he date or dates of the violation must be stated with some specificity. Ideally plaintiff will identify the precise date. But at the least plaintiff should give a range as to date that is reasonably limited." <u>Id.</u> at 799. Thus, the court dismissed these allegations for lack of jurisdiction. <u>Id.</u> at 800.

By contrast, in <u>Baykeeper</u>, the plaintiff alleged that Tosco allowed illegal discharges of petroleum coke to enter the New York Slough by storing petroleum coke in large uncovered piles and that this method of storage allowed coke to be carried into the slough by wind and rain and that careless loading procedures also allowed coke to spill into the slough. <u>Baykeeper</u>, 309 F.3d at 1156. Plaintiff claimed that rain came into contact with uncovered coke piles and then carried contaminants directly into the slough, or into the storm drain system which flowed into the slough. <u>Id.</u> Unlike River Watch, Baykeeper provided a list of 190 dates between 1994 and 1999 when the San Francisco Bay area received more than one-tenth of an inch of rain. <u>Id.</u> In addition, the <u>Baykeeper</u> plaintiff alleged that petroleum coke spilled into the water on each day of ship loading and listed fourteen dates when the ships were docked. <u>Id.</u> at 1158-59. River Watch provided no dates. Baykeeper also alleged that petroleum coke was blown by the wind

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1    into the water from uncovered piles on "each day when the wind has been sufficiently strong to

2    blow coke from the piles into the slough." The court held that this more specific notice was

3    sufficient, which identified the problem of uncovered piles and the effect of a strong wind,

4    because it clearly identified the alleged violation and was specific enough to give Tosco an

5    opportunity to correct the problem because it could cover or enclose the petroleum coke piles. Id.

6        In Community Ass'n for Restoration of the Environment v. Henry Bosma Dairy,

7    the plaintiff alleged, *inter alia*: "Illegal discharges occurred on at least the following dates:

8    1/22/92 liquid manure discharge into irrigation ditch; 3/26/93 manure discharge into agricultural

9    return drain; 3/31/93 manure wastewater discharge to SVID 26.6 . . .." Community Ass'n for

10    Restoration of the Environment v. Henry Bosma Dairy, 305 F.3d 943, 951 (9th Cir. 2002). In

11    addition, the Bosma Dairy court noted that there was only one drainage ditch that the manure

12    could run into on defendant's property. Id. at 952. Thus, the Court found the notice of alleged

13    violations provided sufficient detail to allow defendant to identify the violations and attempt to

14    remedy them. Id.

15        Unlike Baykeeper or Bosma Dairy, River Watch's CWA Notice does not give

16    Redwood any information about where the alleged discharges are taking place, how they are

17    occurring, or even when they occurred. For example, Redwood's property contains 31 designated

18    locations for storm water discharges. At which of these locations does River Watch allege the

19    unauthorized discharges are taking place? Or on what approximate location on Redwood's 600-

20    acre property are the alleged violating discharges occurring? What is the activity conducted by

21    Redwood that causes the discharge that violates the CWA? Further, Plaintiff's CWA Notice does

22    not identify the specific standard, limitation or order alleged to have been violated. Which

23    standard, limitation or order have the alleged discharges exceeded?

24        In addition, River Watch does not allege the dates, or at the very least a narrow

25    range of dates, of the alleged discharges. Instead, River Watch merely alleges that these

26    violations occurred from May 1, 1998 through May 1, 2003. CWA Notice at 3. River Watch

27    also claims these discharges are ongoing and occur during at least every rain event over 0.1

28    inches as measured by the National Oceanographic and Atmospheric Administration. CWA

Notice at 7. Unlike in <u>Baykeeper</u> which listed 190 rain dates or <u>Bosma Dairy</u> which listed specific dates, River Watch does not even attempt to offer a partial listing of the violation dates.

In short, River Watch's CWA Notice does not allege any information with the requisite reasonably specificity that would allow Redwood to identify the alleged problem and attempt to correct it. The Ninth Circuit has found such lack of specificity fatal to the required jurisdiction over CWA claims.

        **ii.**      **Plaintiff's Notice That Redwood Did Not Develop or Adequately Implement Its Storm Water Pollution Prevention Plan or Monitoring Program Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem**

In the CWA Notice, River Watch alleges that Redwood has not developed or adequately implemented a SWPPP or a Monitoring Program for its facilities[4]. CWA Notice at 5, 7, 9. In addition, River Watch alleges that Redwood failed to develop and implement a Storm Water Pollution Prevention Plan ("SWPPP") or Monitoring Program that complies with the requirements in Section A of the General Permit that includes best management practices ("BMP") using best available technology ("BAT") and best conventional technology ("BCT"), and that Redwood failed to update its SWPPP or Monitoring Program to reflect changes in BMPs, BATs and BCTs. CWA Notice at 6, 8-10. In addition, River Watch alleges that Redwood "does not take the necessary monitoring steps to ensure that incoming materials comply with the laws and regulations which pertain to Class III landfills or Class II storage, disposal and processing sites as ... as required" and "does not prevent the deposit of sludges and petroleum which exceed limits and does not prevent the deposit of hazardous or infectious waste." <u>Id.</u>

---

[4] Redwood's facilities consist of a landfill site, a composing site and a temporary sludge storage, disposal and processing site. Plaintiff's notice alleges that these are separate facilities and each separate facility requires its own SWPPP. That is simply not true. Redwood's SWPPP covers the landfill site, composting site and the temporary sludge storage, disposal and processing site. Using one SWPPP for multiple co-existing facilities is authorized by California's General Permit for Discharges of Storm Water Associated with Industrial Activities. General Permit at page 7, ¶ 7. These unfounded allegations are the subject of this motion to dismiss for failure to state a claim. <u>See</u> Section B, <em>infra.</em>

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    These allegations completely fail to give notice to Redwood of the specific

2    standard, limitation or order allegedly violated, or the activity alleged to constitute a violation as

3    required by the regulations. *See* 40 C.F.R. § 135.3(a) (1973). As an example of how to correctly

4    provide notice, the Ninth Circuit in <u>Southwest Marine</u> concluded that the plaintiff provided

5    adequate notice of the defendant's alleged failure to develop and implement a SWPPP by

6    identifying the specific provisions of the General Permit that the defendant allegedly violated and

7    explaining how the defendant's actions were deficient. <u>Southwest Marine</u>, 236 F.3d at 996, 1007

8    (reproduced notice letter). Specifically, the Ninth Circuit stated:

9            The letter charged, among other things, that Defendant failed to
         prepare a SWPPP that complied with the specific requirements of
10           Defendant's storm water permit; it identified the source of the
         requirement that Defendant prepare an adequate SWPPP; and
11           explained the ways in which Defendant's then-existing SWPPP did
         not comply with the storm water permit. <u>Southwest Marine</u>, 236
12           F.3d at 996.

13

14   River Watch's general notice of an allegedly deficient SWPPP and Monitoring

15   Program does not rise to this level. Redwood's General Permit includes specific and detailed

16   requirements for a SWPPP and a Monitoring Program. Despite River Watch's access to the

17   General Permit, it fails to state which sections of the General Permit it alleges are not included in

18   the SWPPP and Monitoring Program or which sections of the General Permit it alleges Redwood

19   did not comply with in its SWPPP or Monitoring Program. Accordingly, a boilerplate allegation

20   that Redwood has not developed or adequately implemented a SWPPP or Monitoring Program for

21   its facilities prevents Redwood from identifying which specific sections of the General Permit it

22   failed to comply with, as alleged by River Watch.

23   Further, River Watch fails to state the activity alleged to constitute a violation. For

24   example, how has Redwood failed to develop a SWPPP and Monitoring Program for its facilities

25   as River Watch alleges? How has it not "adequately implemented" the SWPPP and Monitoring

26   Program for its facilities? Under section 308(b) of the CWA, Plaintiff has access to Redwood's

27   SWPPP, but still failed to include specific information about what it alleges is wrong with it. In

28   addition, River Watch made no effort to identify how Redwood has allegedly failed to update its

No. C 03 3991                          - 12 -                    DOCSOAK-9693130.1-JCNELSON

Defendant's Motion to Dismiss

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware ("Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1　Monitoring and Reporting Program to reflect changes in BMPs, BATs and BCTs or what changes

2　in BMPs, BATs and BCTs occurred that are now applicable. Nor does it identify what

3　monitoring steps Redwood is allegedly not taking to ensure that incoming materials comply with

4　the laws and regulations or how Redwood allegedly fails to prevent the deposit of sludges and

5　petroleum which exceed limits for hazardous or infectious waste.

6　　　　Without additional information specifying sections of the SWPPP and Monitoring

7　Program that River Watch alleges are inadequate or have not been adequately implemented or

8　what Redwood needs to do to correct them, Redwood cannot fathom how to address River

9　Watch's concerns or remedy the violations. Instead, it becomes merely a guessing game. As

10　such, Plaintiff's CWA Notice regarding the general failure to develop or adequately implement a

11　SWPPP and Monitoring Program is inadequate and jurisdiction does not attach to those claims.

12

13　　　　**iii.　Plaintiff's Notice that Redwood Has Failed to Develop Best Management Practices Using Best Available Technology and Best Conventional Technology Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem**

14

15

16　　　　Plaintiff alleged that Redwood failed to "develop Best Management Practices

17　("BMP") using Best Available Technology ("BAT") and best conventional technology ("BCT")

18　to control and/or eliminate pollution." CWA Notice at 5. Plaintiff also alleged that Redwood

19　failed to reduce or prevent pollutants associated with industrial activity in storm water discharges

20　and authorized non-storm water discharges through implementation of BAT for toxic and non-

21　conventional pollutants and BCT for conventional pollutants. CWA Notice at 6, ¶ 4. It further

22　alleged that Redwood failed to submit "a report" to the RWQCB that describes the BMPs that are

23　currently being implemented and additional BMPs that will be implemented to prevent or reduce

24　any pollutants that are causing or contributing to the exceedance of water quality standards.

25　CWA Notice at 6, ¶ 8.

26　　　　Again, Plaintiff did not give Redwood sufficient notice of the activity constituting

27　the alleged violation. For example, what BAT for toxic and non-conventional pollutants has

28

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware 'Reed Smith' and 'Reed Smith Crosby Heafey LLP' refer to Reed Smith LLP and related entities

1    Redwood allegedly failed to implement? What BCT for conventional pollutants has Redwood

2    allegedly failed to implement? What BMPs are there that Redwood is not implementing?

3            Further, Plaintiff did not notify Redwood of the date of the alleged violation or the

4    specific standard, limitation or order alleged to have been violated. Plaintiff alleged that

5    Redwood has failed to submit an unidentified "report" to RWQCB. When was that report

6    required to be submitted? By what order, rule or regulation was the report required to be

7    submitted?

8            Once again, because Plaintiff failed to notify Redwood of the activity alleged to

9    constitute a violation, the date of the violation or the specific standard, limitation or order alleged

10   to have been violated, Plaintiff's notice regarding BMPs, BATs and BCTs is insufficient and does

11   not grant this Court jurisdiction over those claims.

12
13
14

        **b.**     **Plaintiff's Notice That Redwood Discharges Pollutants In the Absence of a NPDES Permit Does Not Provide Redwood With The Required Information To Allow Redwood To Identify And Correct The Alleged Problem**

15           River Watch alleges that Redwood discharges pollutants directly through

16   "conduits and other point sources" to San Antonio Creek and the Petaluma River and their

17   tributaries without a National Pollution Discharge Elimination System ("NPDES") permit. CWA

18   Notice at 10. River Watch's notice of this alleged violation of the CWA fails to identify either

19   the location or dates of these alleged discharges.

20           Instead, River Watch merely states that Redwood is discharging pollutants through

21   conduits and other point sources and the landfill, composting and Class II sites generally are point

22   sources. CWA Notice at 11. River Watch fails to state where, even generally, the discharges of

23   pollutants originate in or exit from the landfill. As discussed above, Redwood uses

24   approximately 400 acres of its 600 plus acre property for disposal activities and there are 31

25   storm water drainage points on the property. Without reasonably specific information from River

26   Watch regarding where the alleged unauthorized discharges originate or exit, Redwood cannot

27   possibly identify or correct the alleged violation. In addition, River Watch fails to specify any

28   reasonable date range for the alleged discharges or the number of occurrences. Instead, it says

No. C 03 3991                - 14 -               DOCSOAK-9693130.1-JCNELSON

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities.

1   they occurred from May 1, 1998 through May 1, 2003 and that it believes they are ongoing.

2   CWA Notice at 3. This lack of even reasonable specificity is fatal to establishing jurisdiction

3   over plaintiff's claim.

4

5   **2.    River Watch's RCRA Notice Is Insufficient**

6       River Watch's RCRA Notice alleges that Redwood's municipal solid waste

7   landfill facility operations violate permits, standards and regulations. RCRA Notice at 1. In

8   particular, River Watch alleges that Redwood violates "location restrictions," Redwood does not

9   comply with "required operating criteria," Redwood fails to meet "design criteria," and Redwood

10  "does not properly monitor or manage for groundwater contamination or corrective action."

11  RCRA Notice at 6-8. These allegations lack the required specificity necessary to allow Redwood

12  to identify or correct the alleged violations. Thus, River Watch's RCRA Notice is insufficient

13  and its RCRA claim must be dismissed for lack of subject matter jurisdiction.

14

15  **a.    River Watch's Allegation in Its RCRA Notice That Redwood**
        **Violates "Location Restrictions" Does Not Meet The Required**
16      **Specificity**

17      River Watch alleges that the Redwood landfill violates "location restrictions" and

18  claims Redwood is required to demonstrate that its landfill does not wash out solid waste during

19  floods, does not restrict the flow of a 100-year flood and does not reduce the temporary water

20  storage capacity of the flood plain. RCRA Notice at 6. In addition, River Watch alleges that

21  Redwood has not obtained a permit from the U.S. Army Corps of Engineers for dredge or fill of

22  wetlands. Id. Finally, River Watch alleges that Redwood has not demonstrated that the proposed

23  existing or lateral expansion of the landfill will not cause or contribute to significant degradation

24  of the wetland. Id.

25      This section of River Watch's RCRA Notice does not even approach fulfillment of

26  the notice requirements because it does not state the activity alleged to constitute a violation or

27  allege the dates of the alleged violation. River Watch simply asserts that Redwood is required to

28  do these certain things, but fails to provide information from which Redwood could determine

No. C 03 3991                                    - 15 -                          DOCSOAK-9683130.1-JCNELSON

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1  how to remedy these alleged violations.  For example, River Watch fails to inform Redwood of

2  what activity is alleged to constitute a violation.  Indeed, River Watch does not allege that solid

3  waste "is" washing out during floods, or that Redwood "does" restrict the flow of a 100-year

4  flood.  Rather, one presumes, River Watch is asking Redwood to prove a negative.  Such a

5  concept is not consistent with RCRA's notice requirements that an alleged wrongful conduct be

6  identified.

7        Finally, River Watch fails to inform Redwood of the date or dates of the alleged

8  wrongful activity, if any.  When was Redwood required to demonstrate these things?  When did it

9  allegedly fail to do so?  The only dates alleged in the RCRA Notice is the broad time frame of

10  June 30, 1998 through June 30, 2003.  RCRA Notice at 2.  This timeframe does not give

11  Redwood any clue as to when it allegedly failed to demonstrate certain things or seek the Corps'

12  approval.  In short, River Watch's notice completely fails to allow Redwood to attempt to identify

13  and remedy its alleged violation of "location restrictions."

14

15        b.      **River Watch's Allegation in Its RCRA Notice That Redwood Does
                  Not Comply With Operating Criteria Fails To Meet The Required
                  Specificity**

16

17        River Watch alleges that the Redwood landfill "does not comply with operating

18  criteria."  RCRA Notice at 7.  Just as cryptically, River Watch alleges that "incoming waste at

19  Redwood is not adequately inspected or otherwise monitored," "most constituents are not

20  properly monitored," "Redwood does not maintain adequate cover," "Redwood does not

21  adequately control for disease as the result of birds," "Redwood has inadequate control and

22  monitoring of landfill gases," and "Redwood does not manage its run-off/run-on systems as

23  required."  Id. at 7-8.

24        This section of River Watch's RCRA Notice does not satisfy the notice

25  requirements because it does not state the activity alleged to constitute a violation, and it does not

26  allege the dates of the violation.  If River Watch contends that Redwood is failing to *adequately*

27  inspect or monitor, what exactly is it doing that is "inadequate?"  What standards or permit

28  requirements is Redwood not meeting, if any?  What could Redwood be doing that it is not?  How

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    does River Watch contend that Redwood does not adequately control for disease? Again, what is

2    "adequate" and how does that contradict with what Redwood is doing? Without knowing such

3    vital information, how could Redwood possibly correct the alleged wrongdoing?

4         Further, River Watch fails to allege the date or dates of the alleged violations.

5    River Watch states that "inspections" revealed these alleged violations, but does not state when

6    these inspections took place.

7         Because River Watch's RCRA Notice fails to reasonably specify what Redwood is

8    allegedly doing wrong so it can fix the alleged violation, its notice is insufficient.

9

10        **c.    River Watch's Allegation in Its RCRA Notice That Redwood Fails
               to Meet Design Criteria Fails to Meet the Required Specificity**

11        River Watch's RCRA Notice alleges that Redwood "fails to meet design criteria."

12   RCRA Notice at 8, ¶ 3. This section of River Watch's notice alleges that Redwood is

13   aggressively pursuing an expansion into a "sensitive area." Id.

14        This four-sentence allegation well illustrates the defects in River Watch's notice.

15   For example, River Watch does not allege activity it is violating or when the alleged violation

16   occurred. In addition, the notice clearly indicates that River Watch is merely complaining about

17   an activity that has not even occurred, e.g., "Redwood has aggressively pursued permission to

18   expand its landfill."[5] This notice of alleged failure to meet "design criteria" does not even begin

19   to inform Redwood of how it could attempt to remedy such an alleged violation. As such, the

20   notice is deficient.

21

22

23

24

---

25   [5] A citizen's suit may only remedy ongoing violations; otherwise, the citizen has no standing. Gwaltney, 484 U.S. at
     59-60, 64; see also 42 U.S.C. § 6972(a)(1)(A)("any person may commence a civil action . . . against any person . . .

26   who is alleged to be in violation of any permit")(emphasis added); 42 U.S.C. § 6972(a)(1)(B)("any person may
     commence a civil action . . . against any person . . . who has contributed or who is contributing")(emphasis added).

27   If River Watch is alleging a potential future violation of RCRA, its claim must be dismissed for failure to state a
     claim under FRCP 12(b)(6).

28

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

### d. River Watch's Allegation in Its RCRA Notice That Redwood Does Not Properly Monitor or Manage for Groundwater Contamination or Corrective Action Fails to Meet the Required Specificity

River Watch's RCRA Notice alleges that Redwood "does not properly monitor or manage for groundwater contamination or corrective action." RCRA Notice at 8, ¶ 4. This section of River Watch's notice alleges that "many constituents are not properly monitored," "matrix interference, improper holding times and temperature are problems that occur on a regular basis," "Redwood's groundwater monitoring system, sampling, analysis, detection monitoring, and assessment monitoring systems are inadequate," "Redwood does not take the necessary monitoring steps," Redwood "does not prevent the deposit of sludge and petroleum that exceed limits, and, does not prevent the deposit [sic] hazardous or infectious waste." Id. at 8-9. Once again, River Watch fails to allege what activity constitutes the violation, when it occurred, if ever, or what law or standard Redwood alleged violated.

Conclusory statements simply do not meet legal notice requirements. As repeatedly stated, River Watch must allege the activity that constitutes the violation with reasonable specificity so that Redwood can investigate and attempt to remedy a violation if one exists. River Watch fails to meet this requirement. Instead, it repeatedly alleges that Redwood's monitoring systems are inadequate. How so? When and what did River Watch observe that led it to these conclusions? In addition, River Watch alleges that "violations of other federal laws … constitute violations of RCRA." However, Redwood fails to identify what "other federal laws" it contends Redwood violated. Without this requisite information, River Watch's notice is insufficient and this Court has no jurisdiction over this claim.

### e. River Watch's Notice That Redwood's Operations Present An Imminent and Substantial Endangerment to Human Health and the Environment Fails to Meet the Required Specificity

River Watch alleges that Redwood handles hazardous products in a manner that allows "significant quantities of hazardous constituents" to be discharged to soil and groundwater beneath the landfill site, to surface waters and to adjacent properties. RCRA Notice at p. 9, § B.

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware. "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    River Watch further alleges that "[t]hese pose an imminent and substantial endangerment to

2    public health, employees and the environment." Id.

3           Again, River Watch fails to identify how these "hazardous constituents" are

4    getting into the soil, where these alleged discharges occurred or what Redwood could be doing to

5    stop it, even if it is occurring. In addition, River Watch fails to allege when these discharges

6    occurred or under what circumstances they occurred. In short, River Watch has again failed to

7    provide Redwood with any information from which it can ascertain how to remedy the alleged

8    violations. As such, the notice is deficient.

9

10   **3.    River Watch Did Not Wait The Requisite Ninety Days Before It Filed Its
            Claim Against Redwood For Alleged Violation of 42 U.S.C. § 6972(a)(1)(B)
            And Thus That Claim Must Be Dismissed**

11

12          If a plaintiff files a claim under 42 U.S.C. section 6972(a)(1)(B) prior to the

13   expiration of the mandatory ninety day waiting period, this Court must dismiss the claim because

14   it is barred by the terms of the statute. Hallstrom, 493 U.S. at 33 (holding that where a party

15   suing under the citizen suit provisions of RCRA fail to meet the notice and delay requirements,

16   the court must dismiss the action). A claim under 42 U.S.C. section 6972(a)(1)(B) must not be

17   commenced prior to ninety days after notice of intent to file such a claim. 42 U.S.C. §

18   6972(b)(2). River Watch sent the RCRA Notice to Redwood on June 30, 2003. It filed this

19   action that includes a claim under 42 U.S.C. section 6972(a)(1)(B) on September 2, 2003, a mere

20   sixty-four days later. Because River Watch did not wait the requisite ninety days before filing

21   suit, its claim under 42 U.S.C. section 6972(a)(1)(B) must be dismissed.[6]

---

22   [6] In addition, the regulations for proper service of a notice of intent to sue under RCRA require the notice to be
     served by registered mail on the alleged violator and by regular mail on the violator's registered agent for service of
23   process. 40 C.F.R. § 254.2 (1977). The Ninth Circuit strictly construes these notice requirements. Washington
     Trout, 45 F.3d at 1354 (9th Cir. 1995) (strictly construing the notice requirements, because two named plaintiffs were
24   not listed in the notice, the court found the notice insufficient and dismissed the action). River Watch served the
     notice on Redwood by certified mail, not registered mail. RCRA Notice at 1, 13. In addition, River Watch failed to
25   send a copy of the notice to Redwood's registered agent, CT Corporation System, 818 West Seventh Street, Los
     Angeles, California 90017. Compare page 12 of RCRA Notice to Declaration of Julia C. Nelson, Ex. A. Thus,
26   because River Watch did not comply with RCRA's notice requirements, the RCRA claims must be dismissed for lack
     of jurisdiction.

27

28

4.   **Because River Watch Failed to Give Redwood Notice of Intent to File Suit for Violation of RCRA Section 6925, That Claim Must Be Dismissed for Lack of Subject Matter Jurisdiction**

The theory for relief alleged in a complaint for violation of RCRA cannot differ from the theory alleged in the requisite notice of intent to sue under RCRA. <u>ONRC Action v. Columbia Plywood, Inc.</u>, 286 F.3d 1137, 1143 (9th Cir. 2002)(dismissing suit under CWA because plaintiff's notice of intent to sue did not identify two theories alleged in complaint). In its fourth claim for relief for an alleged violation of 42 U.S.C. section 6972(a)(1)(A), River Watch alleges that "REDWOOD has not applied for or received a permit to discharge hazardous pollutants in violation of RCRA § 6925." Complaint, ¶ 50. This theory or ground for relief is not alleged in River Watch's RCRA Notice. Because River Watch did not give notice of intent to sue for failure to apply for or receive a permit to discharge in violation of RCRA section 6925, this claim for relief must be dismissed for lack of subject matter jurisdiction.

B.   **This Court Should Dismiss Plaintiff's Clean Water Act Claim Re Separate Notices of Intent and Separate Stormwater Pollution Prevention Plans For Failure to State A Claim Pursuant to FRCP 12(b)(6)[7]**

River Watch's CWA Notice alleged that Redwood failed to file a separate notice of intent and separate SWPPP for its composting operations and Class II site as required by the General Permit. CWA Notice at 2, 7, 9. However, the General Permit *does not* require Redwood to file a separate notice of intent and separate SWPPPs for its composting operations and Class II site. Instead, the General Permit specifically allows co-located facilities, such as Redwood's landfill, composting operations and Class II site, to file one notice of intent. The General Permit states "[f]acility operators that operate facilities with co-located industrial activities (facilities that

---

[7] Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure to state a claim. A Rule 12(b)(6) motion is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, a court must (1) construe the complaint in the light most favorable to plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. <u>Kaufman & Broad-South Bay v. Unisys Corp.</u>, 822 F.Supp. 1468, 1472 (N.D. Cal. 1993).

Defendant's Motion to Dismiss

REED SMITH CROSBY HEAFEY LLP
A limited liability partnership formed in the State of Delaware "Reed Smith" and "Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities

1    have industrial activities that meet more than one of the descriptions in Attachment 1) that are

2    contiguous with one another are authorized to file a single NOI to comply with the General

3    Permit."[8]  *See* General Permit, Page 7, ¶ 7.  River Watch's notice letter states that Redwood's site

4    consists of a landfill, composting facility and a Class II temporary sludge storage, disposal and

5    processing facility "all of which are located on 600 acres in northern Main County, California

6    referred to as 8950 Redwood Highway North, Novato, California.   CWA Notice at 2.  In addition

7    to the fact that these operations are all located at one address, the location map verifies that

8    Redwood's site is one contiguous area of land.  *See* Figure 2 attached to Exhibit C of the CWA

9    Notice:  California Regional Water Quality Control Board San Francisco Bay Region Order No.

10   95-110.  Redwood has filed a NOI. *See* last 4 pages attached to Exhibit C of the CWA Notice:

11   California Regional Water Quality Control Board San Francisco Bay Region Order No. 95-110.

12   Thus, because the General Permit does not require Redwood to file separate NOIs, River Watch

13   fails to state a claim under the CWA for failure to file separate NOIs.

14

15   **C.    This Court Should Dismiss Plaintiff's Third Claim For Relief Pursuant to FRCP**

16        **12(b)(6) Because It Is Not A Claim A Citizen Can Bring**

17              Plaintiff's third claim for relief in the complaint alleges a violation of 33 U.S.C.

18   section 1344 which addresses permits for the discharge of dredged or fill material into navigable

19   waters.  *See* Complaint at 9:22-10:9.  A citizen may only file suit for the alleged violation of an

20   "effluent standard or limitation" or an order issued by the Administrator or a State with respect to

21   such a standard or limitation.  33 U.S.C. § 1365(a).  An "effluent standard or limitation" is

22   defined as "(1) an unlawful act under subsection (a) of section 1311 of this title; (2) an effluent

23   limitation or other limitation under section 1311 or 1312 of this title; (3) standard of performance

24   under section 1316 of this title; (4) prohibition, effluent standard or pretreatment standards under

25   section 1317 of this title; (5) certification under section 1341 of this title; (6) a permit or condition

---

26   [8] EPA's General Permit contains a similar provision.  *See* 65 Fed. Reg. 64746, 64810 (Oct. 30, 2000)("Only one NOI

27   need be submitted to cover all of your activities at the facility (e.g., you do not need to submit a separate NOI for
     each separate type of industrial activity located at a facility or industrial complex, provided your SWPPP covers each
     area for which you are an operator.").

28

thereof issued under section 1342 of this title which is in effect under this chapter or (7) a regulation under 1345(d) of this title." 33 U.S.C. § 1365(f). A violation of 33 U.S.C. section 1344 is not a listed "effluent standard or limitation." More importantly, 33 U.S.C. section 1344 states that only the Secretary of the Army is allowed to file suit for an alleged violation of this section. 33 U.S.C. § 1344(s). Because a violation of section 1344 can only be brought by the Secretary and because it is not a listed claim that a citizen can sue under, River Watch cannot state a claim for violation of this section and River Watch's third claim for relief must be dismissed.

**D.      This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims in the Absence of Any Federal Claim**

River Watch claims that by violating the CWA and RCRA, Redwood has engaged in an unlawful business practice which constitutes unfair competition under California Business & Professions Code section 17200. Because section 17200 is a "borrowing" statute in the sense that it is triggered by the violation of another law, if the defendant is found not to have violated the "borrowed" law, then plaintiff has no claim under section 17200. In other words, River Watch's section 17200 claim rises and falls with its CWA and RCRA claims.

Under 28 U.S.C. section 1367(a), in any civil action in which the district court has jurisdiction, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Under section 1367(c), the district court has discretion to refuse to exercise supplemental jurisdiction over claims if: (1) it raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction; (3) the court has dismissed all claims over which it had original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Because plaintiff's claims under the CWA and RCRA should be dismissed for the reasons discussed above, the Court should exercise its

Defendant's Motion to Dismiss

discretion to decline to exercise supplemental jurisdiction over River Watch's California Business & Professions Code section 17200 claim.

## V

## CONCLUSION

The notice requirements under the CWA and RCRA were not intended to be a guessing game. In fact, it is just the opposite. The law requires notification with reasonable specificity sufficient to give the alleged wrongdoer an opportunity to fix the problem. River Watch did not do this. Consequently, its notices are defective. Because River Watch failed to strictly comply with the CWA and RCRA notice requirements as mandated by the Ninth Circuit and United States Supreme Court, its claims must be dismissed for lack of subject matter jurisdiction.

In addition, even construing the complaint in a light most favorable to River Watch, the allegations in the complaint regarding an alleged requirement to file separate notices of intent and prepare separate SWPPPs fail to state claims under the CWA because these separated notices are not required by the General Permit. In addition, the law does not allow a citizen to file a claim for violation of 33 U.S.C. section 1344 -- permits for the discharge of dredged or fill material into navigable waters. Finally, this Court should not exercise its discretion to apply supplemental jurisdiction to River Watch's claim under California Business & Professions Code section 17200 because no claims over which this Court has original jurisdiction will remain.

DATED: November 25, 2003.

REED SMITH CROSBY HEAFEY LLP

By _____
Julia C. Nelson
Attorneys for Defendant
REDWOOD LANDFILL, INC.

REED SMITH CROSBY HEAFEY LLP

A limited liability partnership formed in the State of Delaware "Reed Smith and 'Reed Smith Crosby Heafey LLP" refer to Reed Smith LLP and related entities