BRIAN C. ANDERSON (S.B. #126539)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

TROY M. YOSHINO (S.B. #197850)
Embarcadero Center West
275 Battery Street, 26th Floor
San Francisco, CA 94111-3344
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
FORD MOTOR COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SUSAN CHAMBERLAN AND HENRY FOK, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 03-02628 CW<br><br>**DECLARATION OF TROY M. YOSHINO IN SUPPORT OF STIPULATION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**[N.D. CAL. LOCAL R. 6-2]**<br><br>**[STIPULATION TO RESOLVE ISSUES RAISED BY FORD'S MOTION TO EXTEND TIME, FILED ON NOVEMBER 21, 2003 AND WITHDRAWN ON NOVEMBER 25, 2003]** |

I, Troy M. Yoshino, declare as follows:

1. I am an attorney licensed to practice law in the State of California associated with the law firm of O'Melveny & Myers LLP. We represent Ford Motor Company ("Ford") in the above-captioned proceeding filed by plaintiffs Susan Chamberlan and Henry Fok ("plaintiffs"). I

have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so under oath.

2. On November 14, 2003, plaintiffs filed a Notice of Motion, Motion for Class Certification, and Memorandum of Points and Authorities Supporting Motion ("Motion").

3. Pursuant to this Court's Order, Ford's Opposition to the Motion ("Opposition") would be due on Friday, December 12, 2003. At the time this schedule was set, Ford's counsel expressed concern that this schedule might not allow Ford sufficient time to perform the discovery it needed. The Court indicated that, although it did not want to build time into the schedule for discovery up front, it would be willing to revisit the issue once Ford had a chance to review plaintiffs' Motion and determine what discovery it needed.

4. Both plaintiffs and Ford (collectively, "parties") agree that good cause appears to grant Ford an extension of time to respond to plaintiffs' Motion for Class Certification from December 12, 2003 to January 9, 2004. There are three principal reasons. First, the named plaintiffs indicate that they are not available for deposition until December 8 and 9—just three days before Ford's opposition is presently due. (Ford has noticed the depositions for earlier dates, but had agreed to reschedule them at the named plaintiffs' convenience as part of the agreement that the parties would file a stipulated request to extend Ford's time to oppose the Motion.) Ford cannot depose the named plaintiffs, receive transcripts, analyze the named plaintiffs' testimony, and meaningfully incorporate that testimony into its Opposition in three days.

5. Second, Ford must have an appropriate opportunity to depose plaintiffs' expert, Dr. Anand David Kasbekar. Plaintiffs did not identify Dr. Kasbekar to Ford until Dr. Kasbekar filed a declaration in support of the Motion (on November 14). Plaintiffs cannot make Dr. Kasbekar available for deposition until December 16—four days *after* Ford's Opposition is due. Ford requires time to depose Dr. Kasbekar, to have its own expert analyze Dr. Kasbekar's deposition, and to incorporate these materials into its Opposition.

6. Third, Ford's engineering expert(s) must have sufficient opportunity to inspect the named plaintiffs' vehicles, analyze the results of the inspections, and incorporate that analysis into its Opposition. Those inspections are scheduled for December 1-2, which is only ten days

-2-

before Ford's Opposition is presently due.

7. Given the reasons set forth above in paragraphs 4-6, the parties agreed that good cause existed to modify the current schedule. As demonstrated by the Stipulated Request (filed herewith), the parties have agreed to a revised schedule that would account for these issues and pre-existing holiday (and holiday travel) plans. Both parties believe that there is good cause to grant the Stipulated Request.

8. Based on the foregoing, the existing schedule would cause substantial harm and prejudice to Ford. To accommodate the named plaintiffs—and in connection with the parties' negotiations to allow Ford additional time to respond to plaintiffs' Motion—Ford agreed to schedule the plaintiffs' depositions only three days before its Opposition is due. Moreover, plaintiffs cannot make their expert, Dr. Kasbekar, available for deposition until December 16, four days after Ford's Opposition is due. If the requested extension is denied, Ford would be required to file its Opposition without the discovery that it needs.

9. This motion is not made to shorten time for the Court to hear any motion.

10. There have been no prior extensions of time in this case.

11. The requested extension would necessitate the hearing on Plaintiffs' Motion being continued until some time after February 20, 2004 as the Court deems appropriate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of November 2003, at San Francisco, California.

/s/ Troy M. Yoshino
Troy M. Yoshino

SF1:532497.1