

DENIS T. RICE (No. 29937)
STEVEN N. SHERR (No. 161252)
CEIDE ZAPPARONI (No. 200708)
HOWARD, RICE, NEMEROVSKI,
CANADY, FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

Attorneys for Plaintiff
M. ARTHUR GENSLER JR. &
ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

M. ARTHUR GENSLER JR. & ASSOCIATES, INC.,

Plaintiff,

v.

LAWSON SOFTWARE, INC., DELOITTE & TOUCHE, LLP, and DOES 1 through 10,

Defendants.

No. C 03-3838 SBA

[San Francisco Superior Court Case No. CGC 03422549, On Removal]

DECLARATION OF STEVEN N. SHERR IN SUPPORT OF PLAINTIFF M. ARTHUR GENSLER JR. & ASSOCIATES, INC.'S REPLY TO LAWSON SOFTWARE INC.'S OPPOSITION TO MOTION TO PERMIT JOINDER AND REMAND PROCEEDING TO STATE COURT

Date: December 9, 2003
Time: 1:00 p.m.
Place: Courtroom 3, 3rd Floor
Judge: Honorable Saundra Brown Armstrong

Trial Date: None Set



Dockets.Justia.com

I, Steven N. Sherr, declare:

1. I am an attorney duly licensed to practice before this Court and all the Courts of this State, and I am employed by the law firm of Howard, Rice, Nemerovski, Canady, Falk & Rabkin, counsel of record for Plaintiff M. Arthur Gensler Jr. & Associates, Inc. ("Gensler") in this action. I make this declaration in support of Gensler's Reply to Lawson Software, Inc.'s Opposition to Motion to Permit Joinder And Remand Proceeding To State Court. Except as otherwise indicated, the statements in this declaration are made on the basis of my own personal knowledge and I could, and would, testify competently hereto if called upon to do so.

2. In paragraph 52 of Gensler's First Amended Complaint, Gensler alleges the existence of three agreements in addition to the July 12, 2001 agreement referenced in Lawson's opposition brief and that those agreements were entered into on or about September 13, 2001, March 4, 2002 and April 3, 2002, respectively.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

3. The final version of the March 4, 2002 Agreement, which I am informed and believe was transmitted electronically from Deloitte to Gensler, is attached hereto as Exhibit A. The last four pages of this agreement contain the General Business Terms, including Paragraph 9 which provides as follows:

> Limitation on Actions. No action, regardless of form, relating to this engagement, may be brought by either party more than four (4) years after the cause of action has accrued, except that an action for non-payment may be brought by a party not later than one (1) year following the date of the last payment due to such party hereunder.

The March 4, 2002 Agreement also contains an integration provision that expressly supercedes all prior agreements. Paragraph 15 of the March 4, 2002 Agreement provides in relevant part:

> Entire Agreement, Amendment and Notices. These terms, and the engagement letter to which these terms are attached, including exhibits, constitute the entire agreement between [Deloitte] and Gensler with respect to this engagement, supercede all oral and written representations, understandings or agreements relating to this engagement [].

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this ____ day of November, 2003 at San Francisco, California.

______________________________
STEVEN N. SHERR

WD 112503/1-0239256/1116561/v1

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation