# EXHIBIT 17

**MEGAN M. CHUNG'S DECLARATION IN SUPPORT OF APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT, DMCA VIOLATIONS AND PSYSTAR'S AFFIRMATIVE DEFENSES**

1 ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
2 COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
3 CHRISTOPHER P. GREWE (SBN 245938)
cgrewe@carrferrell.com
4 CARR & FERRELL *LLP*
2200 Geng Road
5 Palo Alto, California 94303
Telephone: (650) 812-3400
6 Facsimile: (650) 812-3444

7 Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11 SAN FRANCISCO DIVISION

12

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PSYSTAR CORPORATION,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV-08-03251-WHA<br><br>**PSYSTAR CORPORATION'S RESPONSES TO APPLE INC.'S SECOND SET OF REQUESTS FOR ADMISSION (SET NO. 30-100)** |

PROPOUNDING PARTY:     APPLE INC.

RESPONDING PARTY:      PSYSTAR CORPORATION

SET NO:                TWO (2)

    TAKE NOTICE THAT Defendant PSYSTAR CORPORATION responds as follows to the

second set of requests for admission of Plaintiff APPLE INC. dated November 11, 2008 (the

"Requests").

# RESPONSES TO REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 30:

Admit that PSYSTAR has distributed MAC OS X.

### RESPONSE TO REQUEST NO. 30:

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the term "distributed." Subject to and without waiving these objections, Psystar Corporation responds as follows:

Psystar Corporation legally acquired retail copies of MAC OS X from retailers, including without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com, and installed those legally acquired retail copies of MAC OS X on computers sold by Psystar Corporation. In this context, Psystar Corporation admits the request.

## REQUEST FOR ADMISSION NO. 31:

Admit that PSYSTAR distributes MAC OS X on its Open Computer.

### RESPONSE TO REQUEST NO. 31:

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the terms "distributes" and "on." Subject to and without waiving these objections, Psystar Corporation responds as follows:

Psystar Corporation legally acquired retail copies of MAC OS X from retailers, including without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com, and installed those legally acquired retail copies of MAC OS X on Open computers sold by Psystar Corporation. In this context, Psystar Corporation admits the request.

1 **REQUEST FOR ADMISSION NO. 32:**

2     Admit that PSYSTAR distributes MAC OS X on its OpenPro computer.

3     **RESPONSE TO REQUEST NO. 32:**

4     Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

5 full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

6 vague and ambiguous, *inter alia,* in its use of the terms "distributes" and "on." Subject to and

7 without waiving these objections, Psystar Corporation responds as follows:

8     Psystar Corporation legally acquired retail copies of MAC OS X from retailers, including

9 without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com, and

10 installed those legally acquired retail copies of MAC OS X on OpenPro computers sold by Psystar

11 Corporation. In this context, Psystar Corporation admits the request.

12

13 **REQUEST FOR ADMISSION NO. 33:**

14     Admit that PSYSTAR distributes MAC OS X on its OpenServ 800.

15     **RESPONSE TO REQUEST NO. 33:**

16     Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

17 full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

18 vague and ambiguous, *inter alia,* in its use of the term "distributes." Psystar Corporation further

19 objects to this request on the grounds that the request is overbroad and unduly burdensome and

20 seeks information that is not relevant to the claim or defense of any party. PSYSTAR has not

21 distributed OpenServ 800 servers with MAC OS X installed. Subject to and without waiving these

22 objections, Psystar Corporation responds as follows: Denied.

23

24 **REQUEST FOR ADMISSION NO. 34:**

25     Admit that PSYSTAR distributes MAC OS X on its OpenServ 1100.

26     **RESPONSE TO REQUEST NO. 34:**

27     Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

28 full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

1 vague and ambiguous, *inter alia,* in its use of the term "distributes." Psystar Corporation further

2 objects to this request on the grounds that the request is overbroad and unduly burdensome and

3 seeks information that is not relevant to the claim or defense of any party as PSYSTAR has not

4 distributed OpenServ 1100 servers with MAC OS X installed. Subject to and without waiving

5 these objections, Psystar Corporation responds as follows: Denied.

6

7 **REQUEST FOR ADMISSION NO. 35:**

8 Admit that PSYSTAR distributes MAC OS X on its OpenServ 2400.

9 **RESPONSE TO REQUEST NO. 35:**

10 Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

11 full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

12 vague and ambiguous, *inter alia,* in its use of the term "distributes." Psystar Corporation further

13 objects to this request on the grounds that the request is overbroad and unduly burdensome and

14 seeks information that is not relevant to the claim or defense of any party as PSYSTAR has not sold

15 OpenServ 2400 servers with MAC OS X installed. Subject to and without waiving these

16 objections, Psystar Corporation responds as follows: Denied.

17

18 **REQUEST FOR ADMISSION NO. 36:**

19 Admit that PSYSTAR distributes MAC OS X with its Open Computers.

20 **RESPONSE TO REQUEST NO. 36:**

21 Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

22 full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

23 vague and ambiguous, *inter alia,* in its use of the terms "distributed" and "with." Subject to and

24 without waiving these objections, Psystar Corporation responds as follows:

25 Psystar Corporation legally acquired retail copies of MAC OS X from retailers, including

26 without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com, and

27 installed those legally acquired retail copies of MAC OS X on Open computers sold by Psystar

28

Corporation. That legally acquired copy is then shipped with the Open computer. In this context, Psystar Corporation admits the request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that PSYSTAR distributes MAC OS X with its OpenPro computer.

**RESPONSE TO REQUEST NO. 37:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the terms "distributed" and "with." Subject to and without waiving these objections, Psystar Corporation responds as follows:

Psystar Corporation legally acquired retail copies of MAC OS X from retailers, including without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com, and installed those legally acquired retail copies of MAC OS X on OpenPro computers sold by Psystar Corporation. That legally acquired copy is then shipped with the OpenPro computer. In this context, Psystar Corporation admits the request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that PSYSTAR distributes MAC OS X with its OpenServ 1100.

**RESPONSE TO REQUEST NO. 38:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the term "distributes." Psystar Corporation further objects to this request on the grounds that the request is overbroad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party as PSYSTAR has not distributed OpenServ 1100 servers with MAC OS X installed. Subject to and without waiving these objections, Psystar Corporation responds as follows: Denied.

1  **REQUEST FOR ADMISSION NO. 39:**

2      Admit that PSYSTAR distributes MAC OS X with its OpenServ 2400.

3      **RESPONSE TO REQUEST NO. 39:**

4      Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

5  full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

6  vague and ambiguous, *inter alia,* in its use of the term "distributes." Psystar Corporation further

7  objects to this request on the grounds that the request is overbroad and unduly burdensome and

8  seeks information that is not relevant to the claim or defense of any party as PSYSTAR has not

9  distributed OpenServ 1100 servers with MAC OS X installed. Subject to and without waiving

10 these objections, Psystar Corporation responds as follows: Denied.

11

12 **REQUEST FOR ADMISSION NO. 40:**

13     Admit that PSYSTAR has distributed one or more discs of MAC OS X.

14     **RESPONSE TO REQUEST NO. 40:**

15     Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

16 full as if set forth herein. Psystar Corporation further objects to this request insofar as it calls for

17 documents or information outside the current possession, custody, or control of Psystar

18 Corporation. Psystar Corporation further objects on the grounds that this request is vague and

19 ambiguous, *inter alia,* in its use of the terms "distributed" and "discs." Subject to and without

20 waiving these objections, Psystar Corporation responds as follows:

21     Psystar Corporation legally acquired retail copies of MAC OS X from retailers, including

22 without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com. The

23 legally acquired retail copies (i.e., the discs) of MAC OS X are then shipped with the computers

24 sold by Psystar Corporation. In this context, Psystar Corporation admits the request.

25

26 **REQUEST FOR ADMISSION NO. 41:**

27     Admit that PSYSTAR has distributed one or more discs of MAC OS X within its original

28 shrink-wrapped plastic film.

**REQUEST FOR ADMISSION NO. 53:**

Admit that PSYSTAR has preinstalled MAC OS X on PSYSTAR's OpenServ 1100.

**RESPONSE TO REQUEST NO. 53:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the term "preinstalled." Psystar Corporation further objects to this request on the grounds that the request is overbroad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party. As the present request for admission is wholly unintelligible, Psystar Corporation denies the request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that PSYSTAR has preinstalled MAC OS X on PSYSTAR's OpenServ 2400.

**RESPONSE TO REQUEST NO. 54:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the term "preinstalled." Psystar Corporation further objects to this request on the grounds that the request is overbroad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party. As the present request for admission is wholly unintelligible, Psystar Corporation denies the request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that PSYSTAR has distributed a copy of MAC OS X to one or more of its customers for use with PSYSTAR's Open Computer.

**RESPONSE TO REQUEST NO. 55:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the terms "distributed," "copy" and "use with." Subject to and without waiving these objections, Psystar Corporation responds as follows:

-14-

Psystar Corporation admits that it legally acquired retail copies of MAC OS X from retailers, including without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com and that it has distributed those legally acquired copies to purchasers of Open computers sold by Psystar Corporation.

**REQUEST FOR ADMISSION NO. 56:**

Admit that PSYSTAR has distributed a copy of MAC OS X to one or more of its customers for use with PSYSTAR's OpenPro computer.

**RESPONSE TO REQUEST NO. 56:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the terms "distributed," "copy" and "use with." Subject to and without waiving these objections, Psystar Corporation responds as follows:

Psystar Corporation admits that it legally acquired retail copies of MAC OS X from retailers, including without limitation The Apple Store, Best Buy, Circuit City, NewEgg.com and Amazon.com and that it has distributed those legally acquired copies to purchasers of OpenPro computers sold by Psystar Corporation.

**REQUEST FOR ADMISSION NO. 57:**

Admit that PSYSTAR has distributed a copy of MAC OS X to one or more of its customers for use with PSYSTAR's OpenServ 800.

**RESPONSE TO REQUEST NO. 57:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the terms "distributed," "copy" and "use with." Psystar Corporation further objects to this request on the grounds that the request is overbroad and unduly burdensome and seeks information that is not relevant to the claim or defense of any party. Subject to and without waiving these objections, Psystar Corporation responds as follows:

**REQUEST FOR ADMISSION NO. 100:**

Admit that by transferring a PSYSTAR PRODUCTS with MAC OS X preinstalled to a customer or a THIRD PARTY, PSYSTAR is transferring portions of APPLE firmware.

**RESPONSE TO REQUEST NO. 100:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the terms "transferring," "preinstalled," "customer," "portions" and "APPLE firmware." As the request for admission is wholly unintelligible, the request is denied.


Dated: December 11, 2008                       CARR & FERRELL *LLP*


                                                    By: _____
                                                    ROBERT J. YORIO
                                                    COLBY B. SPRINGER
                                                    CHRISTOPHER P. GREWE

                                                    Attorneys for Defendant/Counterclaimant
                                                    PSYSTAR CORPORATION

# EXHIBIT 18

**MEGAN M. CHUNG'S DECLARATION IN SUPPORT OF APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT, DMCA VIOLATIONS AND PSYSTAR'S AFFIRMATIVE DEFENSES**

1   ROBERT J. YORIO (SBN 93178)
    yorio@carrferrell.com
2   COLBY B. SPRINGER (SBN 214868)
    cspringer@carrferrell.com
3   CHRISTOPHER P. GREWE (SBN 245938)
    cgrewe@carrferrell.com
4   CARR & FERRELL *LLP*
    2200 Geng Road
5   Palo Alto, California 94303
    Telephone: (650) 812-3400
6   Facsimile: (650) 812-3444

7   Attorneys for Defendant/Counterclaimant
    PSYSTAR CORPORATION
8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12
    APPLE INC., a California corporation,        CASE NO. CV-08-03251-WHA
13
                      Plaintiff,
14                                               **PSYSTAR CORPORATION'S**
          v.                                     **SUPPLEMENTAL RESPONSES TO**
15                                               **APPLE INC.'S SECOND SET OF**
    PSYSTAR CORPORATION,                         **REQUESTS FOR ADMISSION**
16
17                    Defendant.

18  _____
    AND RELATED COUNTERCLAIMS.
19

20

21
    PROPOUNDING PARTY:      APPLE INC.
22
    RESPONDING PARTY:       PSYSTAR CORPORATION
23
    SET NO:                 TWO (2)
24

25
         TAKE NOTICE THAT Defendant Psystar Corporation submits these supplemental
26
    responses to Plaintiff Apple Inc.'s second set of requests for admission to which Psystar
27
    Corporation originally responded on December 11, 2008. These responses supplement Psystar
28

1 | relevant to the claim or defense of any party as PSYSTAR has not sold OpenServ 1100 servers with
2 | MAC OS X installed.  Subject to and without waiving these objections, Psystar Corporation
3 | responds as follows: Denied.
4 |
5 | **REQUEST FOR ADMISSION NO. 92:**
6 |      Admit that PSYSTAR has used a MASTER COPY to preinstall MAC OS X on the
7 | OpenServ 2400.
8 |      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 92:**
9 |      Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in
10 | full as if set forth herein.  Psystar Corporation further objects on the grounds that this request is
11 | vague and ambiguous, *inter alia,* in its use of the term "used" and its use of the term "MASTER
12 | COPY" to mean "the copy of MAC OS X that PSYSTAR has used or used to install MAC OS X on
13 | more than one computer or server."  Psystar Corporation further objects to this request on the
14 | grounds that the request is overbroad and unduly burdensome and seeks information that is not
15 | relevant to the claim or defense of any party as PSYSTAR has not sold OpenServ 2400 servers with
16 | MAC OS X installed.  Subject to and without waiving these objections, Psystar Corporation
17 | responds as follows: Denied.
18 |
19 | **REQUEST FOR ADMISSION NO. 94:**
20 |      Admit that PSYSTAR's Open Computer copies portions of MAC OS X to random access
21 | memory (RAM) when running MAX OS X.
22 |      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 94:**
23 |      Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in
24 | full as if set forth herein.  Psystar Corporation further objects on the grounds that this request is
25 | vague and ambiguous, *inter alia,* in its use of the terms "copies" and "portions."  Subject to and
26 | without waiving these objections, Psystar Corporation responds as follows:
27 |      Psystar Corporation admits that computers, including but not limited to Psystar
28 | Corporation's Open Computer, run by utilizing random access memory to run an operating system.

1  RAM is volatile and is subsequently erased when the corresponding computer is "shut off" or

2  "restarted"; RAM is thus constantly being rewritten.  In this context, Psystar admits this request.

3

4  **REQUEST FOR ADMISSION NO. 95:**

5      Admit that PSYSTAR's OpenPro computer copies portions of MAC OS X to random access

6  memory (RAM) when running MAX OS X.

7      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 94:**

8      Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

9  full as if set forth herein.  Psystar Corporation further objects on the grounds that this request is

10  vague and ambiguous, *inter alia,* in its use of the terms "copies" and "portions."  Subject to and

11  without waiving these objections, Psystar Corporation responds as follows:

12      Psystar Corporation admits that computers, including but not limited to Psystar

13  Corporation's OpenPro Computer, run by utilizing random access memory to run an operating

14  system.  RAM is volatile and is subsequently erased when the corresponding computer is "shut off"

15  or "restarted"; RAM is thus constantly being rewritten.  In this context, Psystar admits this request.

16

17

18  **REQUEST FOR ADMISSION NO. 96:**

19      Admit that PSYSTAR's OpenServ 800 copies portions of MAC OS X to random access

20  memory (RAM) when running MAX OS X.

21      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 96:**

22      Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in

23  full as if set forth herein.  Psystar Corporation further objects on the grounds that this request is

24  vague and ambiguous, *inter alia,* in its use of the terms "copies" and "portions."  Psystar

25  Corporation further objects to this request on the grounds that the request is overbroad and unduly

26  burdensome and seeks information that is not relevant to the claim or defense of any party as

27  PSYSTAR has not sold OpenServ 800 servers with MAC OS X installed.  Subject to and without

28  waiving these objections, Psystar Corporation responds as follows:

1   Dated: January 9, 2009

                                         CARR & FERRELL *LLP*

2

3

                              By: _Christopher Grewe_____

4                                ROBERT J. YORIO
                               COLBY B. SPRINGER

5                                CHRISTOPHER P. GREWE

6                                Attorneys for Defendant/Counterclaimant
                               PSYSTAR CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 19

**MEGAN M. CHUNG'S DECLARATION IN SUPPORT OF APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT, DMCA VIOLATIONS AND PSYSTAR'S AFFIRMATIVE DEFENSES**

1  ROBERT J. YORIO (SBN 93178)
   yorio@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CHRISTOPHER P. GREWE (SBN 245938)
   cgrewe@carrferrell.com
4  CARR & FERRELL *LLP*
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile: (650) 812-3444

7  Attorneys for Defendant/Counterclaimant
   PSYSTAR CORPORATION

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12
   APPLE INC., a California corporation,          CASE NO. CV-08-03251-WHA
13
                  Plaintiff,
14                                                **PSYSTAR CORPORATION'S
         v.                                       RESPONSES TO APPLE INC.'S THIRD
15                                                SET OF REQUESTS FOR ADMISSION
   PSYSTAR CORPORATION,                           (NOS. 101-161)**
16
                  Defendant.
17

18 AND RELATED COUNTERCLAIMS.

19

20

21 PROPOUNDING PARTY:    APPLE INC.

22 RESPONDING PARTY:     PSYSTAR CORPORATION

23 SET NO:               THREE (3)

24

25       TAKE NOTICE THAT Defendant PSYSTAR CORPORATION responds as follows to the

26 third set of requests for admission of Plaintiff APPLE INC. dated December 3, 2008 (the

27 "Requests").

28

                                         -1-

**REQUEST FOR ADMISSION NO. 159:**

Admit that no PERSON has developed an operating system on behalf of PSYSTAR.

**RESPONSE TO REQUEST NO. 159:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Subject to and without waiving these objections, Psystar Corporation responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 160:**

Admit that PSYSTAR has not developed its own operating system.

**RESPONSE TO REQUEST NO. 160:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Subject to and without waiving these objections, Psystar Corporation responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 161:**

Admit that PSYSTAR did not expend resources to develop its own operating system.

**RESPONSE TO REQUEST NO. 161:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Subject to and without waiving these objections, Psystar Corporation responds as follows: Admitted.

Dated: January 16, 2009

CARR & FERRELL *LLP*

By _____
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTOPHER P. GREWE
Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION

# EXHIBIT 20

**MEGAN M. CHUNG'S DECLARATION IN SUPPORT OF APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT, DMCA VIOLATIONS AND PSYSTAR'S AFFIRMATIVE DEFENSES**

1  ROBERT J. YORIO (SBN 93178)
   yorio@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CHRISTOPHER P. GREWE (SBN 245938)
   cgrewe@carrferrell.com
4  CARR & FERRELL *LLP*
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile:  (650) 812-3444

7  Attorneys for Defendant/Counterclaimant
   PSYSTAR CORPORATION
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. CV-08-03251-WHA |
| Plaintiff, | |
| v. | **PSYSTAR CORPORATION'S SECOND SUPPLEMENTAL RESPONSES TO APPLE INC.'S REQUESTS FOR ADMISSION NOS. 14-18 AND 23-27; AND PSYSTAR CORPORATION'S FIRST SUPPLEMENTAL RESPONSES TO APPLE INC.'S REQUESTS FOR ADMISSION NO. 19 AND 20-22** |
| PSYSTAR CORPORATION, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

19

20  PROPOUNDING PARTY:   APPLE INC.

21  RESPONDING PARTY:    PSYSTAR CORPORATION

22  SET NO:              ONE (1)

23

24  TAKE NOTICE THAT at the request of and as a courtesy to Apple Inc., Defendant Psystar

25  Corporation submits these second supplemental responses to Plaintiff Apple Inc.'s first set of

26  requests for admission.  Psystar Corporation originally responded to Apple Inc.'s first set of

27  requests for admission on December 4, 2008.  Supplemental responses were served January 9,

28  2009; those response supplemented Psystar Corporation's original responses of December 4, 2008

-1-

installed. Subject to and without waiving these objections, Psystar Corporation responds as follows:

Psystar Corporation denies the request. Psystar Corporation believes that if Psystar Corporation had elected to, attempted to, or did install MAC OS X on OpenServ 2400 computers that Psystar Corporation did so with a license. Notwithstanding that belief, Psystar Corporation reiterates that certain terms of the APPLE Software License Agreements are invalid and/or unenforceable.

**REQUEST FOR ADMISSION NO. 19:**

Admit that PSYSTAR does not have a license to distribute MAC OS X.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the term "distribute." Subject to and without waiving these objections, Psystar Corporation responds as follows:

Psystar Corporation admits that it does not have a license to distribute MAC OS X. Psystar Corporation does not have a license because Psystar Corporation does not require a license to distribute MAC OS X. Any rights that Apple might have to control distribution of MAC OS X are, at the very least, exhausted upon Psystar Corporation having legally purchased a legitimate copy of the MAC OS X from an Apple authorized distributor.

**REQUEST FOR ADMISSION NO. 20:**

Admit that it is necessary to agree to the terms of APPLE's Software License Agreement when installing MAC OS X.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

vague and ambiguous, *inter alia,* in its use of the term "APPLE's Software License Agreement."

Subject to and without waiving these objections, Psystar Corporation responds as follows:

Denied. It is not necessary when installing the MAC OS X on an Open Computer or an OpenPro to acknowledge agreement to the terms of APPLE's Software License Agreement. Notwithstanding, Psystar contends that certain terms of the APPLE Software License Agreement are invalid and unenforceable.

**REQUEST FOR ADMISSION NO. 21:**

Admit that it is necessary to agree to the terms of APPLE's Software License Agreement before installing MAC OS X.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is vague and ambiguous, *inter alia,* in its use of the terms "necessary to agree" and "APPLE's Software License Agreement." Subject to and without waiving these objections, Psystar Corporation responds as follows:

Admitted. Before installing the MAC OS X on an Open Computer or an OpenPro, Psystar Corporation agreed to the terms of the Software License Agreement. That agreement occurred, however, on a MacMini before installation of the Mac OS X on the aforementioned Open Computer or OpenPro began. Notwithstanding, Psystar contends that certain terms of the APPLE Software License Agreement are invalid and unenforceable.

**REQUEST FOR ADMISSION NO. 22:**

Admit that when PSYSTAR installs MAC OS X, the installer must acknowledge agreement to the terms of APPLE's Software License Agreement.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

Psystar Corporation repeats and incorporates by reference its GENERAL OBJECTIONS in full as if set forth herein. Psystar Corporation further objects on the grounds that this request is

Dated: March 6, 2009

CARR & FERRELL *LLP*

By: _____
ROBERT J. YORIO
COLBY B. SPRINGER
CHRISTOPHER P. GREWE

Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION

# EXHIBIT 21

**MEGAN M. CHUNG'S DECLARATION IN SUPPORT OF APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT, DMCA VIOLATIONS AND PSYSTAR'S AFFIRMATIVE DEFENSES**

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. CV-08-03251-WHA |
| *Plaintiff,* | **PSYSTAR CORPORATION'S RESPONSE TO APPLE INC.'S FOURTH (CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 162-226)** |
| v. | |
| PSYSTAR CORPORATION, | |
| *Defendants.* | |
| AND RELATED COUNTERCLAIMS | |

PROPOUNDING PARTY:        APPLE INC.

RESPONDING PARTY:        PSYSTAR CORPORATION

SET NO:        FOUR (4) (CORRECTED)


Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Psystar Corporation hereby responds to plaintiff Apple Inc.'s Corrected Fourth Set of Requests for Admission (Nos. 162-226) as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.    Each of the following General Objections apply to each Request and are incorporated into each response (Nos. 162-226) below.  Specific assertion of the same, similar, or additional objections in any or all individual responses does not waive other objections set forth herein.

2.    Discovery in this case is continuing.  Psystar's responses below are based on and limited to discovery available as of the date of this response.  Continuing discovery, investigation, and analysis, may provide new and additional facts and may establish new factual and legal conclusions and contentions.  Such discovery may cause additions, changes, modifications,

RESPONSE TO REQUEST FOR ADMISSION NO. 163:

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure.

Psystar Corporation objects to the this request as vague, ambiguous, compound and unintelligible with regard to the phrase "YOU had knowledge" because it incorporates by reference a definition of YOU including "its present and former divisions, predecessors-in-interest, and related entities, subsidiaries, and all present and former employees, officers, directors, agents, representatives, and persons acting at its discretion, under its control, or on its behalf, including persons involved in the planning or startup process."

Psystar Corporation also objects to this request on the grounds that the phrase "knowledge of APPLE's Software License Agreement" is vague, ambiguous, compound and unintelligible.

Subject to and without waiving its foregoing objections and the General Statement and Objections, and based on the information now available to Psystar Corporation, Psystar Corporation responds as follows:

Psystar Corporation admits that a document entitled or purporting to be a Software License Agreement for Mac OS X Server exists. To the extent this request seeks to acknowledge the legal effect, if any, of a Software License Agreement for Mac OS X Server, Psystar Corporation is without sufficient information to admit or deny it; and therefore denies it. Except as expressly admitted, and based on its several objections, Psystar Corporation denies this request.

REQUEST FOR ADMISSION NO. 164:

Admit that Psystar offers a restore disc to its customers that allows customers to re-install Mac OS X on the computers purchased from PSYSTAR with MAC OS X.

PSYSTAR CORPORATION'S RESPONSE TO APPLE INC.'S FOURTH (CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 162-226)

- 10 -

RESPONSE TO REQUEST FOR ADMISSION NO. 164:

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure.

Psystar Corporation objects to the this request as vague, ambiguous, compound and unintelligible with regard to the phrase "Psystar [PSYSTAR] offers" because it incorporates by reference a definition of PSYSTAR including "its present and former divisions, predecessors-in-interest, and related entities, subsidiaries, and all present and former employees, officers, directors, agents, representatives, and persons acting at its discretion, under its control, or on its behalf, including persons involved in the planning or startup process."

Psystar further objects to this request as vague, ambiguous, compound and unintelligible with regard to the term "its customers" because Psystar Corporation's customers purchase a wide variety of computer hardware from Psystar.

Psystar objects to this request as redundant, or alternatively, to the extent it is redundant. See Apple, Inc.'s Second Set of Requests for Admission at Request For Admission No. 62.

Subject to and without waiving its foregoing objections and the General Statement and Objections, and based on the information now available to Psystar Corporation, Psystar Corporation responds as follows:

Psystar Corporation admits that it provides a "restore disk" to purchasers of computers sold by Psystar Corporation but otherwise denies this request. The "restore disk" does not allow a user to install MAC OS X on PSYSTAR PRODUCTS. The "restore disk" allows a user "to reinstall their OS should something go drastically wrong." The "restore disc" allows the "Open Computer to boot from the native Leopard installation DVD." (http://www.psystar.com/restore.html) If a

PSYSTAR CORPORATION'S RESPONSE TO APPLE INC.'S FOURTH (CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 162-226)

- 11 -

purchaser purchases Leopard and an Open Computer the restore disc allows reinstallation of the

Leopard OS X operating system, purchased by the purchaser, directly from the original retail-

packaged DVD which is included with the computer. (http://store.psystar.com/faqs/#faq2).

REQUEST FOR ADMISSION NO. 165:

Admit that PSYSTAR knows that one or more of its customers has installed MAC OS X

onto the Open Computer through the use of PSYSTAR's restore disc.

RESPONSE TO REQUEST FOR ADMISSION NO. 165

Psystar Corporation incorporates by reference herein its General Statement and Objections

stated above. Psystar Corporation objects to the above request to the extent that it calls for the

disclosure of information protected by the attorney-client privilege, the work product doctrine, or

any other applicable privilege, protection, or right providing for non-disclosure.

Psystar Corporation objects to the this request as vague, ambiguous, compound and

unintelligible with regard to the phrase "PSYSTAR knows" because it incorporates by reference a

definition of PSYSTAR including "its present and former divisions, predecessors-in-interest, and

related entities, subsidiaries, and all present and former employees, officers, directors, agents,

representatives, and persons acting at its discretion, under its control, or on its behalf, including

persons involved in the planning or startup process."

Psystar Corporation also objects to this request on the grounds that the phrase "knows that

one or more of its customers" is vague, ambiguous, compound and unintelligible.

Subject to and without waiving its foregoing objections and the General Statement and

Objections, and based on the information now available to Psystar Corporation, Psystar

Corporation responds as follows:

Psystar Corporation admits that it provides a "restore disk" to purchasers of computers sold

by Psystar Corporation but otherwise denies this request. The "restore disk" does not allow a user

PSYSTAR CORPORATION'S   RESPONSE TO APPLE INC.'S FOURTH
(CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 162-226)

- 12 -

Dated: August 6, 2009

CAMARA & SIBLEY *LLP*


By: /s   K. A. D. Camara
K.A.D. CAMARA

Dated: August 6, 2009                    WELKER & ROSARIO


By: /s   David Welker
DAVID WELKER

Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION

PSYSTAR CORPORATION'S   RESPONSE TO APPLE INC.'S FOURTH
(CORRECTED) SET OF REQUESTS FORADMISSION (NOS. 162-226)

CASE NO. CV 08-03251 WHA

# EXHIBIT 22

**MEGAN M. CHUNG'S DECLARATION IN SUPPORT OF APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT, DMCA VIOLATIONS AND PSYSTAR'S AFFIRMATIVE DEFENSES**

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. CV-08-03251-WHA |
| *Plaintiff,* | **PSYSTAR CORPORATION'S RESPONSE TO APPLE INC.'S FOURTH (CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 227-306)** |
| v. | |
| PSYSTAR CORPORATION, | |
| *Defendants.* | |
| AND RELATED COUNTERCLAIMS | |

PROPOUNDING PARTY:     APPLE INC.

RESPONDING PARTY:      PSYSTAR CORPORATION

SET NO:                FIVE (5)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Psystar Corporation hereby responds to plaintiff Apple Inc.'s Corrected Fourth Set of Requests for Admission (Nos. 227-306) as follows:

## GENERAL STATEMENTS AND OBJECTIONS

1.     Each of the following General Objections apply to each Request and are incorporated into each response (Nos. 226-306) below.  Specific assertion of the same, similar, or additional objections in any or all individual responses does not waive other objections set forth herein.

2.     The following responses are made without prejudice to Psystar's right to produce or rely on subsequently discovered information, facts and documents.  Psystar reserves its right to modify, amend, supplement, or change any response herein upon continuing: discovery information, analysis of existing information, and legal research and legal theory formulation; each of which may lead to additions, changes to, or variations from the information set forth herein.

PSYSTAR CORPORATION'S     RESPONSE TO APPLE INC.'S FIFTH (CORRECTED) SET OF REQUESTS FORADMISSION (NOS. 227-306)

- 1 -

including persons involved in the planning or startup process for the entity that became known as Psystar Corporation."

Subject to and without waiving the prior objections, denied.

REQUEST FOR ADMISSION NO. 245:

Admit that PSYSTAR has used a disk image to install iWork® on PSYSTAR PRODUCTS.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure.

Psystar Corporation objects to the this request as vague, ambiguous, compound and unintelligible with regard to the phrase "PSYSTAR created" because it incorporates by reference a definition of PSYSTAR including "its present and former divisions, predecessors-in-interest, and related entities, subsidiaries, and all present and former employees, officers, directors, agents, representatives, attorneys, and persons acting at its direction, under its control, or on its behalf, including persons involved in the planning or startup process for the entity that became known as Psystar Corporation."

Subject to and without waiving the prior objections, denied.

REQUEST FOR ADMISSION NO. 246:

Admit that each segment of a Mach-O file that has a flag 0x08 bit set is encrypted.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or

PSYSTAR CORPORATION'S RESPONSE TO APPLE INC.'S FIFTH (CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 227-306)

- 19 -

any other applicable privilege, protection, or right providing for non-disclosure.

Subject to and without waiving the prior objections, admitted.

REQUEST FOR ADMISSION NO. 247:

Admit that each segment of a Mach-O file that has a flag 0x08 bit set cannot be executed unless the segment is decrypted.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure.

Subject to and without waiving the prior objections, admited.

REQUEST FOR ADMISSION NO. 248:

Admit that a segment of a Mach-O file that has a flag 0x08 bit set cannot be executed on a PSYSTAR COMPUTER, purchased in March 2009, without OpenCojones.kext.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure.

Subject to and without waiving the prior objections, denied.

REQUEST FOR ADMISSION NO. 249:

Admit that PSYSTAR has stated on its website that PSYSTAR "will promote Open Source projects in every way possible."

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the

PSYSTAR CORPORATION'S RESPONSE TO APPLE INC.'S FIFTH (CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 227-306)

Admit that PSYSTAR has used an imaging station with a copy of MAC OS X to install MAC OS X onto PSYSTAR's Rackmount Open(7).

**RESPONSE:** Subject to and without waiving the prior objections, admitted.

REQUEST FOR ADMISSION NO. 300:

Admit that PSYSTAR has used an imaging station with a copy of iLife® to install iLife® onto PSYSTAR PRODUCTS.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure. Psystar further objects to the extent this request calls for legal conclusions.

Subject to and without waiving the prior objections, denied.

REQUEST FOR ADMISSION NO. 301:

Admit that PSYSTAR has used an imaging station with a copy of iWork® to install iWork® onto PSYSTAR PRODUCTS.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure. Psystar further objects to the extent this request calls for legal conclusions.

Subject to and without waiving the prior objections, denied.

REQUEST FOR ADMISSION NO. 302:

Admit that all PSYSTAR PRODUCTS contain one of the following three kernel extensions: dsmos.kext, AppleDecrypt.kext or OpenCojones.kext.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure. Psystar further objects to the extent this request calls for legal conclusions.

Subject to and without waiving the prior objections, admitted.

REQUEST FOR ADMISSION NO. 303:

Admit that PSYSTAR PRODUCTS shipped from April 2008 through July 2008 contain dsmos.kext or AppleDecrypt.kext.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or right providing for non-disclosure. Psystar further objects to the extent this request calls for legal conclusions.

Subject to and without waiving the prior objections, denied.

REQUEST FOR ADMISSION NO. 304:

Admit that PSYSTAR PRODUCTS shipped from April 2008 through July 2008 contain dsmos.kext and AppleDecrypt.kext.

**RESPONSE:**

Psystar Corporation incorporates by reference herein its General Statement and Objections stated above. Psystar Corporation objects to the above request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine, or

PSYSTAR CORPORATION'S RESPONSE TO APPLE INC.'S FIFTH (CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 227-306)

- 41 -

1  any other applicable privilege, protection, or right providing for non-disclosure. Psystar further

2  objects to the extent this request calls for legal conclusions.

3         Subject to and without waiving the prior objections, denied.

4  REQUEST FOR ADMISSION NO. 305:

5

6         Admit all Psystar PRODUCTS shipped from April 2008 through June 2009 contain on of
   the following three kernel extensions: dsmos.kext, AppleDecrypt.kext or OpenCojones.kext.

7  **RESPONSE:** Subject to and without waiving the prior objections: Admitted.

8  REQUEST FOR ADMISSION NO. 306:

9

10        Admit that all PSYSTAR PRODUCTS contain software to get around "countermeasures
    built into Mac OS X," as that term is used by PSYSTAR in PS00009264.

11 **RESPONSE:**

12

13        Psystar Corporation incorporates by reference herein its General Statement and Objections

14 stated above. Psystar Corporation objects to the above request to the extent that it calls for the

15 disclosure of information protected by the attorney-client privilege, the work product doctrine, or

16 any other applicable privilege, protection, or right providing for non-disclosure. Psystar further

17 objects to the extent this request calls for legal conclusions.

18        Subject to and without waiving the prior objections, denied.

19

20

21

22

23

24

25

26

27

28

PSYSTAR   CORPORATION'S     RESPONSE   TO   APPLE   INC.'S   FIFTH
(CORRECTED) SET OF REQUESTS FOR ADMISSION (NOS. 227-306)

- 42 -

CASE NO. CV 08-03251 WHA

Dated: August 19, 2009

CAMARA & SIBLEY *LLP*


By: /s  K. A. D. Camara

K.A.D. CAMARA


Dated: August 19, 2009                WELKER & ROSARIO


By: /s  David Welker

DAVID WELKER


Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION