1  K.A.D. CAMARA (TX Bar No. 24062646/
   MA Bar No. 661087 – *Admitted Pro Hac Vice*)
2  camara@camarasibley.com
   KENT RADFORD (TX Bar No. 24027640 –
3  *Admitted Pro Hac Vice*)
   radford@camarasibley.com
4  CAMARA & SIBLEY LLP
   2339 University Boulevard
5  Houston, Texas 77005
   Telephone:  (713) 893-7973
6  Facsimile:   (713) 583-1131

7  EUGENE ACTION (SBN 223023)
   eugeneaction@hotmail.com
8  1780 E. Barstow Ave., #5
   Fresno, California 93710
9  Telephone: (559) 283-9772
   Facsimile:  (559) 642-2843

10

11                     IN THE UNITED STATES DISTRICT COURT
12                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
                            SAN FRANCISCO DIVISION
13

14   APPLE INC., a California corporation,        CASE NO. CV-08-03251-WHA

         *Plaintiff*,
15
                                                 **PSYSTAR CORPORATION'S
16   v.                                          OPPOSITION TO APPLE'S MOTION
                                                 TO SEAL APPLE'S MOTION FOR
17   PSYSTAR CORPORATION,                        SUMMARY JUDGMENT**

18       *Defendants*.

19   AND RELATED COUNTERCLAIMS

20

21

22

23

24

25

26

27

28

PSYSTAR CORPORATION'S OPPOSITION TO APPLE'S MOTION TO SEAL APPLE'S MOTION        1
FOR SUMMARY JUDGMENT CV 08-03251 WHA

Psystar opposes Apple's request that the motions for summary judgment in this case, and the exhibits on which they are based, be filed under seal.

**A.       No "Compelling Reason" Exists To Seal The Dispositive Motions**

None of the materials in either party's motion for summary judgment contains anything approaching the type of sensitive material for which the courtroom can be sealed in the context of a dispositive motion or at trial.  *See Kamakana v. Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  When this Court granted the joint request for a protective order governing confidentiality designations in this case, it expressly stated that it was granting that request "subject to the following conditions, including adherence to the recently announced strict caution against sealing orders by the Ninth Circuit."  Order Approving Stipulated Protective Order Subject to Stated Conditions (Docket No. 55) at 2.

The fourth condition that this Court imposed stated in full:

> In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that ***more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial.**  Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised.  Therefore, no request for a sealing order will be allowed on summary judgment motions (or other dispositive motions) unless the movant first shows a "compelling reason," a substantially higher standard than "good cause."  This will be true regardless of any stipulation by the parties.  ***Counsel are warned that most summary judgment motions and supporting material should be completely open to public view.***  Only social security numbers, names of juveniles, home addresses and phone numbers, and trade secrets of a compelling nature (like the recipe for Coca Cola, for example) will qualify.  If the courtroom would not be closed for the information, nor should any summary judgment proceedings, which are, in effect, a substitute for trial.  Motions *in limine* are also part of the trial and must likewise be laid bare absent compelling reasons.  Please comply fully.  **Noncompliant submissions are liable to be stricken in their entirety.**

Order at 2 (italics in original, other emphasis added).  This condition makes clear that summary-judgment motions and supporting materials should be completely open to public view, except in the rarest circumstances — for example, if "the recipe for Coca Cola" were at issue.

The argument and evidence that Apple would have this Court seal falls far short of the standard for closing the courtroom.  The technological methods and other supposed trade secrets

described in the sealed portions of Apple's motion for summary judgment have already been

described in documents publicly available on the Internet. *See* Ex. C. People have been building

"Hackintosh" computers, that is, non-Apple computers that run Mac OS X, for years. As a result,

any number of publicly accessible websites describes in detail the Apple technology that is at issue

in this case. We compiled Exhibit C in about ten minutes using a few simple Google searches. It

provides a list of several web sites





Apple cannot even claim to be unaware of this publicly available information.

1

2

3

4

5

6

7

8        Most of the remaining material redacted by Apple pertains to information provided by

9    Psystar — which does *not* believe that this information warrants sealed filings in the context of a

10   dispositive motion.  Apple is attempting to hide evidence from the public in complete disregard of

11   the applicable standards, in just the same way it designated whole swathes of documents and entire

12   deposition transcripts as confidential or attorneys' eyes only throughout this litigation.  Apple

13   designated literally every word in every deposition of an Apple witness as at least "confidential" and

14

15   in almost all cases "attorneys' eyes only."

16       Apple cannot claim that it was unaware of this Court's order regarding sealing of dispositive

17   motions (as Apple has claimed it simply "forgot" about other court orders before).  On October 7,

18   Psystar informed Apple by email of the order and that, pursuant to it, Psystar intended to file its

19   entire motion and supporting exhibits publicly.  *See* Ex. A.  This email was a follow-up on earlier

20   discussions between counsel for Psystar and counsel for Apple at which counsel for Apple stated that

21   they did not believe that there was any special order applicable to motions for summary judgment as

22   distinguished from trial.  Counsel for Apple replied the next day that it would regard any filing by

23   Psystar of material designated confidential or attorneys' eyes only as "a violation of [the Protective

24   Order] subject to a motion for contempt."  *See* Ex. B.  Faced with this threat, Psystar redacted its

25   motion and exhibits and filed a motion to seal in which it requested that this Court deny its motion to

26   seal and allow its entire motion for summary judgment to be placed in the public record.  *See* Docket

27

28

No. 179.

This case pits the efforts of one company to dictate every aspect of the use of its technology against a much smaller company that defends itself on the law. The public has a right to understand and a strong interest in understanding the facts and circumstances leading to the final rulings of this Court. Many people wonder how far a large company's power extends when it wields the saber of late-twentieth-century intellectual-property law. This Court's answers, and the arguments and evidence on which they are based, should be a matter of public record.

**B.      This Court Should Strike Apple's Motion For Summary Judgment In Its Entirety As A Sanction For (Yet Again) Flouting A Court Order.**

The parties were warned when the original protective order was approved:

> Please comply fully.  **<u>Noncompliant submissions are liable to be stricken in their entirety.</u>**

Order at 2.  Such a sanction might be harsh were this Apple's first and only violation. But it is not. Throughout this litigation, Apple has taken a cavalier attitude towards the Rules of Civil Procedure and this Court's orders. As this Court will recall:

1.     Apple wholly ignored its obligation to produce documents as kept in the ordinary course of business or organized by document request, relying on an agreement between counsel that Apple could not produce, that former counsel for Psystar has said in writing never existed, and for which there was no written evidence at all.

2.     Apple failed to disclose a key witness, Jacques Vidrine, the head of OS X Security, whose declaration Apple then relied on in support of its motion to enjoin the Florida case, in blatant violation of a Court Order issued less than 10 days earlier barring Vidrine from this case entirely.

3.     Apple agreed to provide a witness, Phil Schiller, to testify about damages; at his deposition, Mr. Schiller refused to testify about this subject at all, even though Apple had agreed to the deposition on that topic and had not moved for any protective order in advance of the deposition.

To this list of violations already presented, we can now add two more.  Judge Zimmerman ordered Apple to serve on Psystar a demand including calculation of attorneys' fees 14 days before the settlement conference last week.  On the fourteenth day, no demand arrived.  Two days later,

1    counsel for Psystar reminded counsel for Apple of the need for a demand.  Counsel for Apple replied

2    that he simply "forgot" the order.  Two more days passed before Apple sent a demand to Psystar.

3    And when Apple sent its demand, it served Psystar with the confidential portion of its demand,

4

5    despite an order form Judge Zimmerman that Apple serve this portion only on him and not on

6    Psystar.  It is as though Apple couldn't be bothered to look at Judge Zimmerman's order at all.

7            And now we have the issue described in this opposition:  Again, Apple blatantly disregarded

8    an Order of this Court, this time to the prejudice not only of Psystar but also of the large and very

9    interested public that is following this case.  Psystar respectfully requests that this Court de-designate

10   all redacted materials in Apple's motion for summary judgment, deny Apple's motion to seal, and

11
     order that the unredacted version of Apple's motion and all supporting materials be placed in the
12

13   public file.  Psystar further submits that it would be entirely appropriate for this Court to make good

14   on its promise that "noncompliant submissions . . . be stricken in their entirety."

15

16
     Dated:  October 12, 2009            Respectfully submitted,
17

18                                       CAMARA & SIBLEY LLP

19

20                                       By:    /s/ K.A.D. Camara_____
                                                K.A.D. Camara
21

22                                       *Attorneys for Defendant / Counterclaimant*
                                         *Psystar Corporation*
23

24

25

26

27

28

PSYSTAR CORPORATION'S OPPOSITION TO APPLE'S MOTION TO SEAL APPLE'S MOTION            7
FOR SUMMARY JUDGMENT CV 08-03251 WHA

**CERTIFICATE OF SERVICE**

I, Michael Wilson, declare I am employed in the City of Houston and County of Harris, Texas in the office of Camara & Sibley. I am over the age of eighteen and not a party to this action. My business address is Camara & Sibley, 2339 University Boulevard, Houston, Texas 77005.

I served the following document(s):

PSYSTAR CORPORATION'S OPPOSITION TO APPLE'S MOTION TO SEAL APPLE'S MOTION FOR SUMMARY JUDGMENT
Case No. CV 08-03251 WHA

on the interested parties in this action by placing a true and correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Camara & Sibley LLP. I sent the document(s) to the following:

| James G. Gilliland, Jr. | email: jggilliland@townsend.com |
|---|---|
| TOWNSEND AND TOWNSEND AND CREW LLP | |
| Two Embarcadero Center, 8th Floor | |
| San Francisco, California 94111 | |
| Telephone: (415) 576-0200 | |
| Facsimile: (415) 576-0300 | |

☐   [By First Class Mail]  I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐   [By Overnight Courier]  I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐   [By Hand]  I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐   [By Facsimile Transmission]  I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒   [By Electronic Transmission]  I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF notification system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on October 12, 2009 at Houston, Texas.

/s/ Michael Wilson
Michael Wilson