TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email: jggilliland@townsend.com
       mboroumand@townsend.com
       mmchung@townsend.com
       jboblak@townsend.com

O'MELVENY & MYERS LLP
GEORGE RILEY (State Bar No. 118304)
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701
Email: griley@omm.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>PSYSTAR CORPORATION, a Florida corporation,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 08-3251 WHA<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69** |

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR
SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND
EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA

townsend.

Dockets.Justia.com

## I. INTRODUCTION

Psystar has unlawfully circumvented the security mechanism in Apple's Macintosh computers and its Mac OS X operating system software. Now Psystar wants to use the judicial process by which Apple has acted to halt this illegal conduct to reveal Apple's proprietary security mechanism to the world. But the "compelling reasons" required by the Ninth Circuit justify sealing that information: revealing it would cause competitive harm to Apple and chill use of the judicial system to stop violations of the Digital Millennium Copyright Act ("DMCA"). This Court can fully resolve the parties' cross-motions for summary judgment without public disclosure of the detailed operation of Apple's security mechanism. Apple believes that it is important that the public be aware of the outcome of the lawsuit. However, it is not necessary to disclose details of Apple's security mechanism to achieve that. The need for public access can be satisfied here by the same methods used by many other federal courts in DMCA cases – generally describing the technological protection measure in dispute, explaining the legal reasoning and outcome, but not revealing the details of the technological protection measure.

Apple invited Psystar to meet and confer about which evidence and briefing should be filed under seal and which need not be. As a result, the parties have narrowed the scope of their dispute. All that remains at issue here is the question whether documents that reveal the technological protection measure and other proprietary technology[1] in Mac computers and Mac OS X must be publicly disclosed. Apple contends this evidence properly has been filed under seal; Psystar still does not agree.

Like many other technology companies, Apple uses encryption as a lock and key mechanism designed to restrict access to its copyrighted work, Mac OS X. Psystar asks that the Court require Apple to publicly disclose the <u>details</u> regarding its implementation of its encryption method and Psystar's circumvention of that lock and key mechanism. There is no need to do this, and only harm can result. The public can easily understand the judicial proceedings taking place

---

[1] In addition to the information relating to the technological protection measure in Mac computers and Mac OS X, Apple also seeks to limit disclosure of details regarding other technology embedded in Mac OS X software referred to as Systems Integrity Checks. This proprietary information constitutes Apple trade secrets and should not be disclosed.

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA

- 1 -

townsend.

between Apple and Psystar without learning the implementation details of Apple's technological protection measure or its other proprietary technology. The relevant facts needed to understand the significance of this case are that Apple uses an encryption method and Psystar has found a way to circumvent it. Publishing the encryption scheme and the circumvention method in the Court's files will simply invite others to engage in the same unlawful conduct.

## II.     THE EVIDENCE TO BE FILED UNDER SEAL

Many of the documents, and much of the testimony Apple initially filed under seal were designated by <u>Psystar</u> as either Confidential or Highly Confidential. Although it never removed the confidentiality designations on this information, Psystar now contends that it "does *not* believe that this information warrants sealed filings in the context of a dispositive motion." (Opp. at 5.) Accordingly, Apple has agreed with Psystar through the meet and confer process that most of the Psystar testimony and documents will be filed publicly.[2] As a result, the only information Apple seeks to file under seal either reveals Apple's technological protection measure or other proprietary technology or discloses Psystar's methods for circumventing those protections.

Apple has never publicly disclosed how its technological protection measure works. Indeed, the information is only disseminated on a need-to-know basis even within Apple. Thus, over the course of this litigation and in its summary judgment filing, Apple has designated all testimony from its witnesses or analysis from its technical experts regarding its technological protection measure (including Chung Declaration Exs. 4, 6-7, and 12-16 and the Kelly Declaration) as Highly Confidential. Psystar contends it is possible to find bits and pieces of this information on the Internet. But the notion that third parties may have guessed Apple's secrets does not deprive Apple's information of its trade secret or confidential status. Nor has Psystar shown that an ordinary consumer could find, understand or use whatever information is publicly available to successfully circumvent Apple's protection measures.[3] Indeed, there is as much mis-

---

[2] The specific items that are no longer in dispute are set forth in Section III(C), *infra*.

[3] As is clear from Mr. Pedraza's declaration (Opp., Ex. D), there is nothing simple about following the instructions to find the key to decrypt Apple's encrypted files. Although a computer programmer like Mr. Pedraza who already knows what he is looking for may find information about Apple's security mechanism on the Internet, that alone is not enough to defeat the protection mechanism. Significant additional programming must be done to achieve that result.

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA

- 2 -

townsend.

information available on the Internet as information and no means for an ordinary consumer to distinguish between them. Using the Court system to reveal the specifics of Apple's security mechanism is exactly the type of "improper purpose[]" the Ninth Circuit has stated outweighs any interest served by publishing such information. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). This type of disclosure should not be permitted by the Court.

### III. ARGUMENT

#### A. Apple Meets the "Compelling Reasons" Standards in *Kamakana*

"In *Kamakana* … the Ninth Circuit held that *more* than good cause, indeed, 'compelling reasons' are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial." (Order Approving Stipulated Protective Order Subject To Stated Conditions, Docket No. 55 at 2.) "Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 (9th Cir. 2009) (internal citations omitted). "Relevant factors include the public interest in understanding the judicial process and **whether disclosure of the material could result in improper use** of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*. at 1116 n.6 (internal citation omitted and emphasis added.).

In this case, there are compelling reasons why the details of Apple's security mechanism and Psystar's circumvention of it should not be publicly disclosed. Apple has spent hundreds of millions of dollars writing and refining the best computer operating system in the world and integrating it with computers that are easy to use and reliable. Apple has created the technological protection measure at issue in order to prevent unauthorized access to, copying of, and use of its copyrighted Mac OS X software. In order to protect Apple's reputation for extraordinary, high-quality, products, and to ensure its customers have a uniformly excellent experience with its computers, Mac OS X is licensed only for use on Apple hardware.

Similarly, details relating to parts of the Mac OS X software referred to as System Integrity Checks should not be publicly disclosed. Although not part of Apple's technological protection

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA

- 3 -

townsend.

1  measure, these checks help verify that Mac OS X is running on the hardware for which it was
2  designed. Details regarding these checks are considered Apple trade secrets and are not publicly
3  disclosed. Disclosure would harm Apple and is not necessary to provide the public with an
4  understanding of the proceedings in this case.

5  Requiring Apple to publicly disclose the trade secret details of how it technically limits its
6  software to its hardware and how those restrictions can be disabled would directly undermine
7  Apple's business model in a case where the legality of Psystar's evasion of those very limitations
8  is the central issue. Indeed, disclosing this information would provide the public with specific
9  details of how a user might evade Apple's limitations, thereby enabling the type of behavior that
10 this lawsuit seeks to stop. Preventing the disclosure of information that invites the public to
11 infringe Apple's rights is exactly the type of compelling reason for filing under seal approved by
12 the Ninth Circuit in *Kamakana*.

      **B.** **The Merits of this Case Can Be Presented to the Public Without Disclosing the Details Of Apple's Technological Protection Measure or Psystar's Circumvention**

15 Many courts already have confronted the exact issue presented here – how to render a
16 decision and judgment providing useful public guidance when the claim at issue is circumvention
17 of a security mechanism in violation of the DMCA. Those same courts frequently have
18 considered precisely the same argument made here by Psystar, the notion that the circumvention
19 technology and/or public speculation regarding the protection technology is available on the
20 Internet to those who know where to look. Uniformly, courts that have addressed encryption,
21 decryption and decryption "keys" under the DMCA have thoroughly addressed the *merits of the*
22 *case publicly* while carefully *not disclosing the technical details* of the technological protection
23 measure ("TPM") at issue – even where the TPM allegedly is "broadly" available on the Internet.
24 No court has disclosed the precise technical details of the TPM or the specifics of the decryption
25 keys. *See, e.g.*, *RealNetworks, Inc. v. DVD Copy Control Ass'n*, __ F. Supp. 2d __, 2009 WL
26 2475338, at *3 and *17 (N.D. Cal. Aug. 11, 2009) (describing the TPM as, "at its core, an
27 encryption-based system that employs an algorithm configured by a set of security 'keys' to
28 encrypt," but not disclosing the technical details, even though the TPM and the keys had "been

compromised by hackers and made available on the Internet"); *321 Studios v. MGM Studios, Inc.*, 307 F. Supp. 2d 1085, 1089 (N.D. Cal. 2004) (noting that the keys "are broadly available on the Internet" but not disclosing them); *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 437 (2d Cir. 2001) (noting that the keys are kept "confidential" and not publishing them in the opinion despite widespread knowledge of the keys on the Internet); *Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 310 (S.D.N.Y. 2000) (describing the TPM as a "decryption algorithm that employs a series of keys stored on the DVD and the DVD player," but not publishing the technical details, even though the technical details and keys were available on the Internet). These decisions establish that the public can be fully informed without disclosing Apple's Highly Confidential information.

Most instructive are rulings from this summer, in *RealNetworks, Inc. v. DVD Copy Control Ass'n,*, *supra,* where Judge Patel reviewed a number of motions to seal filings and exhibits used in a five-day hearing on a preliminary injunction motion brought by the DVD Copy Control Association (the developer of the encryption system used on DVDs, and the movie studios that depend on that protective measure). The parties sought to seal, among other documents, the Motion for Preliminary Injunction, as well as forty-three (43) exhibits admitted for use in the five-day hearing, asserting the existence of "compelling reasons" under *Kamakana*. Reply Decl. of J. Oblak in Support of Administrative Motion to Seal at ¶¶ 2-3, Exs. A and B. Notably, the encryption system at issue, referred to as CSS, had been hacked, and the encryption keys made available on the Internet, at least nine years ago. *RealNetworks* at *17; *Universal City Studios,* F. Supp. 2d at 315, 318. Nonetheless, Judge Patel granted those motions to seal. *Id.* at ¶¶ 4-5, Exs. C and D. *See* __ F. Supp. 2d __, 2009 WL 2475338 (N.D. Cal. Aug. 11, 2009).

Here there is some limited information relating to Apple's technological protection measures on the Internet, less than that which was at issue in *RealNetworks*. There is also a fair amount of mis-information on the Internet. Certainly the public at large does not know the details of Apple's technological protection measure or how Psystar has circumvented it. This information and the details provided to the Court by Apple regarding its security mechanism is not and does not need to be disclosed to allow the public to understand and/or participate in this case.

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA - 5 -

townsend.

### C. Apple Has Met and Conferred With Psystar and Narrowed The Scope of Information that Should Be Filed Under Seal

As stated above, since receiving Psystar's opposition and learning that Psystar no longer believes the confidentiality designations it assigned to Psystar's documents and testimony are warranted, Apple has met and conferred with Psystar. The parties have agreed that the following information will now be filed publicly: (1) Portions of Apple's Motion for Summary Judgment that discuss Psystar's imaging of its computers; (2) Portions of the Kelly Declaration that discuss Psystar's imaging of its computers and general technology background; (3) Par. 11 of the Declaration of Matthew Lynde; and (4) Chung Declaration Exs. 3, 5 (portions), 8, 9, 10, 11 (portions), 23, 41, and 62-64. The remaining Psystar testimony and documents discuss Psystar's circumvention of Apple's technological protection measures including source code for one of the decryption files used by Psystar. That information should be filed under seal.

Additionally, Apple has determined that certain testimony from Apple witnesses that does not relate to its security mechanism can also be publicly disclosed. This information is found in Chung Decl. Exs. 4 (Culbert Dep.) at 43-45, 49-52, 68, 89-91, Ex. 6 (Mansfield Dep.) at 9-13, 23-26, 37:1-19, 38:5-25, Ex. 7 (Patience Dep.) at 115-117, Ex. 12 (Schiller Dep.) at 9-11, 14-20, 24-25, Ex. 13 (Van Vechten Dep.) at 26, 60, 62-65, Ex. 14 at 6, 15 and 16, and Ex. 15 at 95-105. The remaining testimony from Apple witnesses details Apple's technological protection measures or other Apple proprietary technology and should remain under seal.

As set forth in detail in Exhibit E to the Reply Declaration of Jeb Oblak in Support of Apple's Motion to Seal, the information that is now the subject of Apple's Administrative Motion to file under seal consists of: (1) limited portions of Apple's Motion for Summary Judgment relating to Apple's technological protection measure and Psystar's circumvention, (2) limited portions of the Kelly Declaration relating to Apple's technological protection measure and Psystar's circumvention, (3) limited portions of deposition testimony attached as Exs. 4-7, 11, 14 and 15 of the Chung Declaration regarding Apple's technological protection measure and other

///
///

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA - 6 -

townsend.

1  proprietary technology and Psystar's circumvention, and (4) Exhibit 69 of the Chung Declaration

2  containing source code for a Psystar decryption file.[4]

### D. Psystar's Request That Apple's Motion for Summary Judgment Be Stricken Is Baseless and Should Be Denied

Psystar's contention that Apple's motion for summary judgment should be stricken is baseless. Psystar's patch-work quilt of arguments regarding prior discovery rulings adds nothing to its contentions. This Court is well aware of its own rulings and knows that the only litigant in this matter that has been sanctioned for discovery abuse is Psystar. Psystar understandably may wish to avoid having the Court consider Apple's Motion for Summary Judgment on the merits, but there is no factual or legal basis to do so.[5]

### IV. CONCLUSION

Psystar does not seek to inform the public; rather, it seeks to compromise the technical details of Apple's encryption mechanism by disclosing them to the public as part of this lawsuit. Apple has presented compelling reasons why documents and testimony regarding Apple's security mechanism and proprietary technology and Psystar's circumvention of those measures should be filed under seal. Consequently, Apple respectfully requests that the Court grant its motion to seal: (1) limited portions of Apple's Motion for Summary Judgment relating to Apple's technological protection measure and Psystar's circumvention, (2) limited portions of the Kelly Declaration relating to Apple's technological protection measure and Psystar's circumvention, (3) limited portions of deposition testimony attached as Exs. 4-7, 11, 14 and 15 of the Chung Declaration

///

///

///

---

[4] Apple has also included for the Court's convenience, the portions of Psystar's Motion for Summary Judgment and related exhibits that it believes should be filed under seal. *See* Oblak Reply Decl. Ex. E.

[5] Psystar's statements regarding the timing of service of Apple's settlement demand is also irrelevant. The parties exchanged all required documents well in advance of the Settlement Conference and participated in the Conference with Magistrate Judge Zimmerman, but were unable to settle the case.

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA - 7 -

townsend.

regarding Apple's technological protection measure and other proprietary technology and Psystar's circumvention, and (4) Exhibit 69 of the Chung Declaration containing source code for a Psystar decryption file.

DATED: October 14, 2009      Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: */s/ James G. Gilliland, Jr.*
    JAMES G. GILLILAND, JR.

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

townsend.

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69, CASE NO. 08-3251 WHA

- 8 -

# CERTIFICATE OF SERVICE

I, Esther Casillas, declare I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Townsend and Townsend and Crew LLP, Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.

I served the following documents exactly entitled: **APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF APPLE'S MOTION FOR SUMMARY JUDGMENT, PORTIONS OF THE LYNDE DECLARATION, THE KELLY DECLARATION AND EXHIBITS 3-16, 23, 41, 62-64 AND 69** on the interested parties in this action following the ordinary business practice of Townsend and Townsend and Crew LLP, as follows:

| | |
|---|---|
| K.A.D. Camara<br>Kent Radford<br>Camara & Sibley LLP<br>2339 University Boulevard<br>Houston, TX  77005<br>Phone:  713-893-7973<br>Fax:  713-583-1131<br>Email:  camara@camarasibley.com | Eugene Action<br>1780 E. Barstow Avenue, #5<br>Fresno, CA  93710<br>Email:  eugeneaction@hotmail.com |

☒ [By First Class Mail]  I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service.  On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier]  I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand]  I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission]  I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission]  I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF notification system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on October 14, 2009, at San Francisco, California.

*/s/ Esther Casillas*
Esther Casillas

62259933 v1