Effie F. Anastassiou, Esq. (SBN 96279)
Jane E. Bednar, Esq. (SBN 138626)
Anastassiou & Associates
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
(831) 754-2501
FAX (831)754-0621

Richard C. Brenneman, Esq. (SBN 59172)
Of Counsel, Anastassiou & Associates
625 East Chapel Street
Santa Maria, California 93454
Tel. (805) 922-4553
Fax (805) 928-7262

Attorneys for Defendant
PARAGON SEED, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PROGENY ADVANCED GENETICS, INC., a California Corporation, | CASE NO. C03 04123 JW |
| Plaintiff, | |
| v. | ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES, DECLARATORY RELIEF, AND PERMANENT INJUNCTIVE RELIEF FOR: |
| PARAGON SEED, INC., a California corporation, | |
| Defendant. | 1.  DECLARATORY RELIEF PURSUANT TO THE FEDERAL DECLARATORY JUDGMENTS ACT, 28 U.S.C. §§2201 & 2202; |
| PARAGON SEED, INC., a California corporation, | 2.  VIOLATION OF FEDERAL SEED ACT; |
| Counterclaimant; | 3.  FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING; |
| v. | 4.  UNFAIR BUSINESS PRACTICES (Calif. Bus. & Prof. Code §17200, et seq.); and |
| PROGENY ADVANCED GENETICS, INC., a California Corporation, | 5.  UNFAIR COMPETITION |
| Counterdefendant. | DEMAND FOR JURY TRIAL |

Dockets.Justia.com

Defendant PARAGON SEED, INC. ("PARAGON" or "Defendant") hereby answers the Complaint ("Complaint") of the Plaintiff PROGENY ADVANCED GENETICS, INC. herein ("PROGENY" or "Plaintiff"), as follows:

## INTRODUCTION

1.      Defendant denies that the lettuce seeds sold by Defendant infringe United States Plant Variety Protection Act ("PVPA") Certificate No. 9600323 issued by the U.S. Department of Agriculture ("USDA") on April 9, denies that it made false representations or false designations, denies that it committed statutory or common law unfair competition, and denies each and every remaining allegation contained in this paragraph.

## PARTIES

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

3.      Defendant admits the allegations contained in this paragraph.

## JURISDICTION AND VENUE

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

5.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

6.      Defendant admits that Defendant is located and has its principal place of business within this district. Defendant denies that it has sold or offered for sale any infringing seeds; or that Defendant has sold, offered for sale, or marketed infringing seeds with the expectation of exploiting business opportunities in the State of California, and this district; or that Defendant has committed any tortious acts whatsoever with regards to Plaintiff, including the specific acts alleged in the Complaint. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

**INTERDISTRICT AND DISTRICT VENUE**

7.  Defendant admits that Defendant is located in Monterey County and is subject to personal jurisdiction in this district. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

**PROGENY AND ITS BUSINESS**

8.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

9.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

12. Defendant admits that it is familiar with Plaintiff. Defendant denies that Defendant and other lettuce seed sellers and growers in and around Salinas, California look to PROGENY as the industry leader in developing new, popular and profitable varieties of lettuce for sale to lettuce growers throughout the United States. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

# THE PLANT VARIETY PROTECTION ACT AND OFFICE

14. Defendant admits the allegations contained in this paragraph.

15. Defendant admits the allegations contained in this paragraph.

16. Defendant admits the allegations contained in this paragraph.

17. Defendant admits the allegations contained in this paragraph.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

19. Defendant denies that the Plant Variety Protection Act Certificate ("PVPA Certificate") for KING HENRY is valid, and denies that Defendant infringed said PVPA Certificate. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

# PROGENY AND ITS KING HENRY LETTUCE VARIETY

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

21. Defendant denies that Plaintiff has all the rights to enforce the PVPA Certificate. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

22. Defendant denies that KING HENRY is a new variety of lettuce. Defendant alleges that the KING HENRY lettuce variety is in fact indistinguishable from, and thus is one and the same as, the "Tall Guzmaine" lettuce variety which is a public variety and for which Plaintiff is not entitled to claim protection under the Plant Variety Protection Act ("PVPA"). Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

23. Defendant denies that KING HENRY is a new variety of lettuce or is distinct in any way from Tall Guzmaine, as set forth above. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each

and every allegation contained therein.

24. Defendant denies each and every allegation contained in this paragraph.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

## DEFENDANT PARAGON'S INFRINGING SEEDS AND ACTIVITIES

27. Defendant denies each and every allegation contained in this paragraph.

28. Defendant admits that it has developed, marketed and sold a variety of lettuce seeds under the name KING LOUIE/TG to lettuce growers in this district and elsewhere. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

29. Defendant denies each and every allegation contained in this paragraph.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

31. Defendant admits that Plaintiff wrote a letter to Defendant in 1999 asserting that Plaintiff had filed an application No. 96000323 for a PVPA certificate, and that Plaintiff expected such PVPA certificate to issue "very soon". Defendant denies that Plaintiff advised Defendant of the Plaintiff's alleged claim for PVPA infringement once a PVPA certificate was issued by the United States Department of Agriculture ("USDA).

32. Defendant admits it has sold the KING LOUIE/TG lettuce seed variety after the PVPA Certificate for KING HENRY was issued. Defendant denies that its KING LOUIE/TG variety has all of the characteristics of the KING LOUIE [sic] variety protected by the PVPA Certificate and described by the PVPA Certificate, and denies that the KING LOUIE/TG variety is not clearly distinguishable from the KING HENRY variety. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

33. Defendant admits that it has been selling, marketing, offering for sale, delivering, and shipping its KING LOUIE/TG variety in California and in interstate commerce. Defendant denies that such acts constitute infringement of the PVPA Certificate for KING HENRY held by Plaintiff, or that Plaintiff's KING HENRY variety is entitled to the protection of the PVPA or the PVPA Certificate issued by the USDA.

34. Defendant denies each and every allegation contained in this paragraph.

35. Defendant denies each and every allegation contained in this paragraph.

36. Defendant admits that it has been offering for sale, shipping, delivering, selling and marketing its KING LOUIE/TG seeds in the United States and this district. Defendant denies that such acts constitute infringement of the PVPA Certificate for KING HENRY held by Plaintiff, or that Plaintiff's KING HENRY variety is entitled to the protection of the PVPA or the PVPA Certificate issued by the USDA.

37. Defendant admits it has sexually multiplied the KING LOUIE/TG lettuce seed variety as a step in marketing (for growing purposes) the variety. Defendant denies that such acts constitute infringement of the PVPA Certificate for KING HENRY held by Plaintiff, or that Plaintiff's KING HENRY variety is entitled to the protection of the PVPA or the PVPA Certificate issued by the USDA.

38. Defendant admits it has stored the KING LOUIE/TG lettuce seed variety for the purpose of performing some or all of the following acts: the sale or marketing of the KING LOUIE/TG variety, the offering for sale of the KING LOUIE/TG variety, or the delivery or shipment of the KING LOUIE/TG variety. Defendant denies that such acts constitute infringement of the PVPA Certificate for KING HENRY held by Plaintiff, or that Plaintiff's KING HENRY variety is entitled to the protection of the PVPA or the PVPA Certificate issued by the USDA.

39. Defendant denies each and every allegation contained in this paragraph.

40. Defendant denies each and every allegation contained in this paragraph.

41. Defendant denies each and every allegation contained in this paragraph.

42. Defendant denies each and every allegation contained in this paragraph.

43.     Defendant denies that Plaintiff's PVP Certificate is valid. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

44.     Defendant admits that the PVPA provides remedies for infringement including damages and injunctive relief.  Defendant denies that Defendant has engaged in any infringing activities with regards to Plaintiff's KING HENRY variety or that such variety is entitled to protection under the PVPA or the PVPA Certificate, and that therefore this Court has no authority to award damages to Plaintiff or grant Plaintiff any injunctive relief.

45.     Defendant admits that in 1999, Plaintiff wrote a letter to Defendant stating it had filed an application for a PVPA Certificate as to its KING HENRY lettuce seed variety.  Defendant denies each and every remaining allegation contained in this paragraph.

46.     Defendant denies each and every allegation contained in this paragraph.

**FIRST CAUSE OF ACTION**
**(Plant Variety Protection Act Infringement)**
**(7 U.S.C. §2541, *et seq.*)**

47.     Defendant repeats and realleges and incorporates by reference each and every allegation of Paragraphs 1 through 46 above as if fully set forth herein.

48.     Defendant denies each and every allegation contained in this paragraph.

49.     Defendant admits that the KING LOUIE/TG and KING HENRY varieties share certain similar characteristics when grown into plants due to the fact that KING LOUIE/TG was developed by Defendant as a result of selection from cultivars of the Tall Guzmaine public variety of lettuce, and that the KING HENRY variety which was allegedly developed by PROGENY as a result of selection from cultivars of the Tall Guzmaine public variety of lettuce, is in fact indistinguishable from, and thus is one and the same as, the Tall Guzmaine variety.  Defendant denies that its KING LOUIE/TG variety infringes the Plaintiff's PVPA Certificate.

50.     Defendant denies each and every allegation contained in this paragraph.

51.     Defendant denies each and every allegation contained in this paragraph.

52.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation

1  contained therein.

2       53.    Defendant denies each and every allegation contained in this paragraph.

3       54.    Defendant denies that its activities with regards to its KING LOUIE/TG variety con-

4  stitute infringement of the PVPA Certificate held by Plaintiff, or that Plaintiff's KING HENRY variety is

5  entitled to the protection of the PVPA or the PVPA Certificate issued by the USDA, and based on such

6  denial, further denies that it had any duty to refrain from its activities with regards to its KING LOUIE/TG

7  variety or that it was on actual or constructive notice of any of the facts asserted in this paragraph.

8  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining

9  allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

10      55.    Defendant admits it was advised by Plaintiff in 1999 that Plaintiff had applied for a

11 PVPA Certificate for Plaintiff's KING HENRY variety.  Defendant denies that Plaintiff's KING HENRY

12 variety is entitled to the protection of the PVPA or the PVPA Certificate issued by the USDA.  Defendant

13 further denies that it infringed any rights Plaintiff allegedly has in the KING HENRY variety.  Defendant is

14 without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

15 contained in this paragraph, and on that basis denies each and every allegation contained therein.

16      56.    Defendant admits it was advised by Plaintiff in 1999 that Plaintiff had applied for a

17 PVPA Certificate for Plaintiff's KING HENRY variety.  Defendant denies that Plaintiff gave notice of any

18 claims of infringement or requested that Defendant discontinue the alleged infringement or alleged unfair

19 competition.  Defendant further denies that Plaintiff's KING HENRY variety is entitled to the protection

20 of the PVPA or the PVPA Certificate issued by the USDA.  Defendant further denies that it infringed any

21 rights that Plaintiff allegedly has in the KING HENRY variety.

22      57.    Defendant denies each and every allegation contained in this paragraph.

23                            **SECOND CAUSE OF ACTION**
**(False Designation of Origin and False Representation)**
24                                     **(15 U.S.C. §1125(a))**

25      58.    Defendant repeats and realleges and incorporates by reference each and every

26 allegation of Paragraphs 1 through 57 above as if fully set forth herein.

27      59.    Defendant admits that PROGENY sells a lettuce seed variety under the name of

28  KING HENRY, but denies that it is a new protected variety of lettuce.

60.     Defendant admits that PROGENY sells a lettuce seed variety under the name of KING HENRY, but denies that it is a new protected variety of lettuce. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

61.     Defendant denies that its variety KING LOUIE/TG infringes on Plaintiff's PVPA Certificate or that Plaintiff's KING HENRY variety is entitled to the protection of the PVPA or the PVPA Certificate issued by the USDA.  Defendant admits it has named a lettuce variety KING LOUIE/TG. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

62.     Defendant denies each and every allegation contained in this paragraph.

63.     Defendant denies each and every allegation contained in this paragraph.

64.     Defendant denies each and every allegation contained in this paragraph.

65.      Defendant admits that KING HENRY is the name of an English king.  Defendant denies that KING LOUIE/TG is the name of an English king.  Defendant further denies that KING LOUIE/TG is so similar in sight, sound and meaning to KING HENRY as to be likely to cause confusion, mistake or deception with the KING HENRY variety name.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies each and every allegation contained therein.

66.     Defendant denies each and every allegation contained in this paragraph.

67.     Defendant denies each and every allegation contained in this paragraph.

68.     Defendant denies each and every allegation contained in this paragraph.

69.     Defendant denies each and every allegation contained in this paragraph.

70.     Defendant denies each and every allegation contained in this paragraph.

71.     Defendant denies each and every allegation contained in this paragraph.

72.     Defendant denies each and every allegation contained in this paragraph.

### THIRD CAUSE OF ACTION
**(Unfair Competition - California Business & Professions Code §§17200 *et seq.*)**

73.     Defendant repeats and realleges and incorporates by reference each and every

allegation of Paragraphs 1 through 72 above as if fully set forth herein.

74.     Defendant denies each and every allegation contained in this paragraph.

75.     Defendant denies each and every allegation contained in this paragraph.

76.     Defendant denies each and every allegation contained in this paragraph.

### FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

77.     Defendant repeats and realleges and incorporates by reference each and every allegation of Paragraphs 1 through 76 above as if fully set forth herein.

78.     Defendant denies each and every allegation contained in this paragraph.

79.     Defendant denies each and every allegation contained in this paragraph.

80.     Defendant denies each and every allegation contained in this paragraph.

### AFFIRMATIVE DEFENSES

81.     Defendant repeats and realleges the statements contained in paragraphs 1 through 80 of this Answer, and incorporates those allegations in each of the following affirmative defenses by this reference.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein fails to state facts sufficient to constitute a claim for which relief can be granted as against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein fails to state facts sufficient to constitute any cause of action as against this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is guilty of laches with respect to Plaintiff's claims and therefore is not entitled to invoke the aid of the equity jurisdiction of this Court.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed subsequent to the occurrences described in the Complaint to properly mitigate its damages, and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the part of Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Each of the causes of action is barred by the applicable statute of limitations, including, without limitation, California Civil Code §3426.6; California Code of Civil Procedure §§337, 339 and 340; California Business and Professions Code §17208; and/or 7 U.S.C. §2566.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff consented to all the acts of the Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff by its actions has irrevocably waived any and all rights it might otherwise have had to assert any claim or claims whatsoever against this answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Due to the Plaintiff's own acts and omissions, the Plaintiff is estopped to assert any of the claims contained in the Complaint as against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was actively careless and negligent in and about the matters of which it complains, which negligence contributed to its own injuries and damages, if any there may be, and should, therefore, bar all recovery.

## TENTH AFFIRMATIVE DEFENSE

This answering Defendant did not owe the Plaintiff a duty with regard to any of the Complaint's allegations and the Plaintiff is, therefore, barred from recovering from this answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were the result of the fault and/or negligence of other parties to this action, and/or parties not presently named in this action, and that, therefore, this Defendant's liability is limited to said Defendant's percentage share of liability, if any (which liability is expressly denied).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking the relief sought against all defendants based upon the doctrine of unclean hands, and/or Plaintiff's misuse of its intellectual property, and the Plaintiff is therefore not entitled to invoke the equity jurisdiction of this Court.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's PVPA Certificate for the KING HENRY variety is invalid and unenforceable, because the KING HENRY variety is not distinguishable from the Tall Guzmaine lettuce variety in the manner set forth in Plaintiff's PVPA application for the KING HENRY variety.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's KING HENRY seed variety is not legally distinct from the Tall Guzmaine variety that is in the public domain within the meaning of 7 U.S.C. §2402(a)(2), and therefore Plaintiff's PVPA Certificate for the KING HENRY variety is invalid and unenforceable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's KING LOUIE/TG variety does not infringe on any PVPA Certificate issued to Plaintiff under the PVPA because Defendant's KING LOUIE/TG variety is legally distinct from Plaintiff's KING HENRY seed variety.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's KING HENRY variety is not new within the meaning of 7 U.S.C. §2402(a)(1), as claimed in Plaintiff's application for a PVPA Certificate, and therefore, Plaintiff was not entitled to a PVPA Certificate for its KING HENRY variety, which certificate is invalid and unenforceable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's KING HENRY variety is not uniform within the meaning of 7 U.S.C. §2402(a)(3), as claimed in Plaintiff's application for a PVPA Certificate and therefore, Plaintiff was not entitled to a PVPA Certificate for its KING HENRY variety, which certificate is invalid and unenforceable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's KING HENRY variety is not stable within the meaning of 7 U.S.C. §2402(a)(4), as claimed in Plaintiff's application for a PVPA Certificate and therefore, Plaintiff was not entitled to a PVPA Certificate for its KING HENRY variety, which certificate is invalid and unenforceable.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of violating the Federal Unfair Competition Act, 15 U.S.C. §1125(a) by making false and misleading representations that Plaintiff's KING HENRY variety is a new and legally distinct variety from the Tall Guzmaine seed variety, and that Plaintiff independently developed the KING HENRY seed variety through its own research and development program, when in fact the KING HENRY seed

variety is not distinguishable from the public domain Tall Guzmaine seed variety, and is not legally distinct from the Tall Guzmaine seed variety, and therefore, Defendant is entitled to an offset against any damages that may be awarded to Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's use of KING HENRY, or trademarks or names including KING HENRY, constitutes a false designation of origin and is a false representation under the Lanham Act, 15 U.S.C. §1125(a), Section 43(a), in that KING HENRY is not legally distinct from the Tall Guzmaine variety, and therefore, Plaintiff is not entitled to the relief sought in its Complaint.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiff's action against it is not based on good faith, is frivolous, and entitles it to recover reasonable expenses and attorneys' fees pursuant to the Federal Rules of Civil Procedure, Rule 11.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Any activities by the Defendant involving the breeding or selection of the KING LOUIE/TG variety have been done fairly and honestly based upon the lawful research and breeding activities of Defendant.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff shall have no recovery for that part of any alleged infringement know to Plaintiff for more than one year or committed more than six years prior to the filing of Plaintiff's Complaint pursuant to 7 U.S.C. §2566.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages on it First Cause of Action in its Complaint pursuant to 7 U.S.C. §2567

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring one or more of the causes of action alleged in its Complaint.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to acquire the rights to the PVP Certificate for KING HENRY from the alleged developer of KING HENRY.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not yet completed a thorough investigation and study or completed its discovery as to all the facts and circumstances of the subject matter of this action, and accordingly reserves the right to amend, modify, revise or supplement is Answer, and to plead such further defenses and to take such further action as it may deem proper and necessary in its defense of this action.

## COUNTERCLAIM

For a counterclaim herein, PARAGON SEED, INC. (hereinafter, "Paragon" or "Counterclaimant") alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for violation of the Federal Seed Act, 7 U.S.C. §1571(b), *et seq* ("Federal Seed Act"); the Federal Unfair Competition Act, 15 U.S.C. §1125(a), section 43(a) ("Federal Unfair Competition Act"); and for declaratory relief under the Federal Declaratory Judgments Act, 28 U.S.C. §§2201 and 2202 ("Federal Declaratory Judgements Act"), together with related causes of action for violations of the California Unfair Business Practices Act, Bus. & Prof. Code §§17200 *et seq*., and for common-law unfair competition.

2.      This Court has subject matter jurisdiction over the Federal Seed Act, Federal Unfair Competition Act, and Federal Declaratory Judgements Act claims under 7 U.S.C. §1571(b) *et seq*., 7 U.S.C. §2541 *et seq*., 15 U.S.C. §1121, 28 U.S.C. §§1331 and 1338(a).  This court has subject matter jurisdiction over the remaining claims under 28 U.S.C. §1338(b).

3.      This court has jurisdiction over Counterdefendant PROGENY ADVANCED GENETICS, INC. (hereinafter, "PROGENY" of "Counterdefendant") because PROGENY has alleged that it is located and has its principal place of business within this district.

## INTRA-DISTRICT AND DISTRICT VENUE

4.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claims and counterclaims alleged occurred in this district, and under §§1391(b)(1), (b)(2), and (c), and §1400(b), in that Counterdefendant is subject to personal jurisdiction in this district.  Intra-district venue is appropriate in the San Jose division because Counterclaimant resides in Monterey County and Counterdefendant has alleged that it resides in Monterey County.

## FACTUAL ALLEGATIONS

5. PARAGON is active in the field of lettuce plant breeding. Counterclaimant and its plant breeder, Vic Heintzberger, have devoted substantial economic and other resources to PARAGON's research and breeding program for the purpose of developing novel strains and varieties of lettuce that represent improvements over the strains and varieties of lettuce that are available to the producers of fresh lettuce (farmers), and to the public from other breeders of lettuce seed, including, without limitation, Counterdefendant PROGENY.

6. The process of developing and bringing to market new varieties of lettuce is long and expensive, with no guarantee of success. First, a market need for a new type of lettuce must be identified; for example, a need for a lettuce variety which is resistant to a particular pest or disease that is devastating farmers' crops; or a need for a variety that grows in a particular type of climate such as hot desert conditions; or a need for a variety with a particular texture or color for a designated use, such as in a packaged salad mix. Next, the genetic makeup of potential varieties of lettuce that might be used as the base materials for crosses and/or for selections to be made in the development of a new variety, must be evaluated and determined. If the selection process is used, frequently numerous selections will be made from genetic material and planted for trialing ("trialing" is the process whereby plants are reviewed in the field to determine whether they have the desired characteristics, whether the seed uniformly produces plants with the desired characteristics, or whether subsequent generations of seed produce plants with the desired characteristics.) Of course, since growing plants are involved, it normally takes several months to complete each trial and to reproduce seed from the desired plants. Further, if a variety is targeted for a growing season in a particular region, the grow-out trials may be done only once a year, so that the desired characteristics of the new variety can be observed under actual growing conditions. After completion of several trials, various lines (particular selections and/or their progeny) will be eliminated, and a decision may be made that there is a finished variety with the desired market characteristics.

7. The plant breeding process of making selections and subsequent trialing generally takes several years. Further, once a new variety of lettuce is chosen for commercial marketing and sale, it usually takes approximately one to two years for the reproduction of enough seed to be able to make substantial commercial lettuce seed sales because the seed produced from one plant is a very small amount. Several seed increases (reproductions of seed) are required to produce bulk amounts of lettuce seed from the initial

1  seed selections.

2      8.      In 1997, PARAGON obtained a sample of the lettuce seed variety known as "Tall

3  Guzmaine" from the USDA field research station in Salinas, California. Tall Guzmaine is a variety of

4  Romaine lettuce that was developed in approximately 1986 by the University of Florida Agricultural

5  Experiment Stations as a cultivar resistant to the lettuce mosaic virus, a disease commonly afflicting

6  agricultural lettuce sold for human consumption. Tall Guzmaine is in the public domain and is not subject

7  to any restrictions as to its use under the PVPA. Numerous companies sell Tall Guzmaine; for example,

8  the USDA field research station in Salinas, California acquired Tall Guzmaine produced in 1988 by Royal

9  Sluis, a seed company located in the Netherlands.

10     9.      Beginning in 1997 and continuing to 2002, PARAGON made selections from Tall

11 Guzmaine and/or conducted trials of these selections in the San Joaquin Valley and Salinas Valley areas

12 in California, and in the Yuma, Arizona area. From this time-consuming and costly process, PARAGON

13 developed a variety derived from Tall Guzmaine, but differing from Tall Guzmaine in that the new variety

14 was slightly larger, more uniform, and had a higher yield potential than Tall Guzmaine. PARAGON

15 identified the new variety by the name KING LOUIE/TG to indicate that it was essentially derived from

16 the Tall Guzmaine variety. At no time did PARAGON use PROGENY's KING HENRY lettuce variety

17 in its breeding program to breed the KING LOUIE/TG variety. KING LOUIE/TG was solely derived

18 from the public domain variety Tall Guzmaine.

19     10.     PARAGON elected not to seek a PVPA certificate for KING LOUIE/TG from the USDA

20 because, while KING LOUIE/TG was an improvement from Tall Guzmaine, it was an essentially derived

21 variety from a public domain variety that PARAGON did not believe merited the time and expense

22 required to obtain a PVPA certificate. Therefore, once PARAGON had commercially exploited its KING

23 LOUIE/TG variety for more than one year, the variety entered the public domain. Numerous commercial

24 lettuce growers located in California and Arizona have purchased KING LOUIE/TG seed from

25 PARAGON or its authorized seed dealers, and have developed a preference for the KING LOUIE/TG

26 seed variety over the public domain seed variety Tall Guzmaine, and other competing lettuce seed varieties.

27 The KING LOUIE/TG seed variety has come to be identified and recognized within the wholesale and

28 retail market for lettuce seeds as associated with PARAGON. PARAGON has developed substantial

good will as a result of its development of the KING LOUIE/TG seed variety, and as a result of its reputation in the lettuce industry for honesty, integrity, and the development of extremely high-quality lettuce seed varieties.

11. On information and belief, GeneFresh, Inc., has also acquired the PARAGON developed KING LOUIE/TG seed from one or more third parties (other than PARAGON), and has reproduced, marketed and sold such seed variety under the name of KING LOUIE to commercial lettuce growers. On information and belief, GeneFresh, Inc. is a California corporation that is owned, controlled, and/or operated by Nathan J. Olivas, the father of Nathan K. Olivas, who, on information and belief, is the chief executive officer of PROGENY and an owner of PROGENY. On information and belief, Nathan J. Olivas was previously involved in the management and/or ownership of PROGENY, and as such, would be quite familiar with PROGENY's alleged development of the lettuce variety KING HENRY and PROGENY's alleged proprietary rights in the lettuce variety KING HENRY. On information and belief, PROGENY permitted GeneFresh, Inc. to openly market the KING LOUIE variety to commercial lettuce growers, without complaint, until PARAGON protested that PROGENY had acted inconsistently toward the two parties with respect to its claims that the KING LOUIE/TG variety infringes upon PROGENY's KING HENRY variety.

12. PARAGON is informed and believes and thereon alleges that Counterdefendant, by filing its Complaint against PARAGON, and otherwise attempting to prevent PARAGON from breeding, marketing and selling the KING LOUIE/TG seed variety, is wrongfully attempting to prevent PARAGON and other persons and entities from breeding with, reproducing, marketing and selling seed of both the Tall Guzmaine variety and the KING LOUIE/TG variety, both of which lettuce seed varieties are in the public domain. By so doing, Counterdefendant is attempting to gain an unfair advantage over PARAGON and other commercial seed developers, producers and sellers who are not related to, or affiliated with, Counterdefendant, in violation of the law and the public policy promoting research and development through the use of public domain varieties developed by public institutions, such as the Tall Guzmaine variety.

## FIRST CAUSE OF ACTION

### For Declaratory Relief Pursuant to Federal Declaratory Judgment Act

**(28 U.S.C. §§2201, 2202)**

13.     Counterclaimant repeats and realleges and incorporates by reference each and every allegation of Paragraphs 1 through 12 above as if fully set forth herein.

14.     The PVPA, at 7 U.S.C. §2402(a)(1), provides that in order to qualify for plant variety protection, a variety must be "new, in the sense that, on the date of filing of the application for plant variety protection, propagating or harvested material of the variety has not been sold or otherwise disposed of to other persons, by or with the consent of the breeder, or the successor in interest of the breeder, for purposes of exploitation of the variety (A) in the United States, more than 1 year prior to the date of filing."

15.     The PVPA, at 7 U.S.C. §2402(a)(2), also provides that in order to qualify for plant variety protection, a variety must be "distinct, in the sense that the variety is clearly distinguishable from any other variety the existence of which is publicly known or a matter of common knowledge at the time of the filing of the application for plant variety protection."

16.     The PVPA, at 7 U.S.C. §2402(a)(3), also provides that in order to qualify for plant variety protection, a variety must be "uniform, in the sense that any variations are describable, predictable and commercially acceptable."

17.     The PVPA, at 7 U.S.C. §2402(a)(4), also provides that in order to qualify for plant variety protection, a variety must be "stable, in the sense that the variety, when reproduced, will remain unchanged with regard to the essential and distinctive characteristics of the variety with a reasonable degree of reliability commensurate with that of varieties of the same category in which the same breeding method is employed."

18.     On information and belief, the business operations of the company known as PROGENY initially started in May of 1993 as a sole proprietorship of Nathan K. Olivas, and then subsequently became known as a corporation in October of 1994. PROGENY claims in its PVP application for the KING HENRY variety that it developed, within the meaning of the PVPA, a new, distinct, uniform and stable variety called KING HENRY in July of 1993, only two months after the start-up of the sole proprietorship of Nathan K. Olivas, from one single plant selection from the Tall Guzmaine public domain variety. PROGENY's claims of development of a new variety that is legally distinguishable from the Tall Guzmaine variety, uniform and stable in such an abbreviated time period by a start-up

company are not credible, given the normal time period required to develop a new commercial lettuce variety as set forth in detail above. On information and belief, PROGENY's KING HENRY variety appears to be indistinguishable from, and one and the same as, the public domain Tall Guzmaine variety, and not legally distinct from the Tall Guzmaine variety.

20. An actual controversy has arisen and now exists between Counterclaimant and Counterdefendant relative to their respective rights and duties in that Counterdefendant claims that it holds a valid PVPA Certificate for the KING HENRY variety in that: 1) Counterdefendant claims to have filed its PVPA application for protection of the KING HENRY variety within one year or less from the date it first sold or otherwise disposed of the KING HENRY variety for purposes of exploitation; 2) Counterdefendant claims the KING HENRY variety is distinct from Tall Guzmaine in that (a) it allegedly is taller growing; (b) it allegedly produces a longer heart; (c) it allegedly has a larger frame diameter; (d) it allegedly has a significantly larger core diameter; (e) is allegedly has a significantly longer core; (f) it allegedly has a significantly heavier plant weight; and (g) it allegedly differs in color, than tall Guzmaine; 3) Counterdefendant claims that KING HENRY is uniform; and 4) Counterdefendant claims that KING HENRY is stable. In addition, Counterdefendant claims that the KING LOUIE/TG variety is not legally distinct or distinguishable from the KING HENRY variety and therefore, Counterclaimant, by selling or otherwise commercially exploiting the KING LOUIE/TG variety, is infringing on the PVPA Certificate held by Counterdefendant for the KING HENRY variety. In addition, Counterdefendant contends that PARAGON's use of the name "KING LOUIE/TG" is misleading and constitutes unfair competition, false designation of origin, and a false representation as to the nature of the relationship with, identity to, or association with Counterdefendant's "KING HENRY" variety.

21. Counterclaimant, on the other hand, claims that the PVPA Certificate for KING HENRY is invalid because: 1) Counterdefendant did not file its PVPA application for protection of the KING HENRY variety within one year or less from the date it first sold or otherwise disposed of the KING HENRY variety for purposes of exploitation; and/or 2) KING HENRY is not legally distinct from the Tall Guzmaine variety because the KING HENRY variety is indistinguishable from the Tall Guzmaine with regards to the characteristics enumerated above, so that KING HENRY in reality is the Tall Guzmaine variety, and not a distinct variety as Counterdefendant claims; and/or 3) KING HENRY is not legally

uniform; and/or 4) KING HENRY is not legally stable. In addition, Counterclaimant claims that it is entitled to commercially exploit or otherwise use the public variety it developed known as KING LOUIE/TG, as well as the public variety Tall Guzmaine, and that such exploitation or use of these varieites does not infringe on Counterdefendant's PVPA Certificate for KING HENRY. In addition, Counterclaimant claims that its use of the name "KING LOUIE/TG" is not misleading and does not constitute unfair competition, false designation of origin, or a false representation of any kind with regards to the KING HENRY variety.

22. Counterclaimant desires a judicial determination of its rights and duties, and a declaration as to whether or not the KING HENRY PVPA Certificate is valid; and as to Counterclaimant's rights to commercially exploit or otherwise use the KING LOUIE/TG and Tall Guzmaine varieties.

23. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Counterclaimant may ascertain its rights and duties with regards to the KING LOUIE/TG variety and Tall Guzmaine varieties.

### SECOND CAUSE OF ACTION

### Violation of the Federal Seed Act

### (7 U.S.C. §1571 *et seq*.)

24. Counterclaimant repeats and realleges and incorporates by reference each and every allegation of Paragraphs 1 through 23 above as if fully set forth herein.

25. 7 U.S.C. §1571(b)(3) of the Federal Seed Act provides, in pertinent part, that it is unlawful for any person to transport or deliver for transportation in interstate commerce any vegetable seed in a container of more than one pound unless the container bears a label with the name of each kind and variety of seed contained therein.

26. 7 U.S.C. §1571(d) of the Federal Seed Act provides, in pertinent part, that it is unlawful for any person to transport or deliver for transportation in interstate commerce any vegetable seed having a false labeling.

27. On information and belief, Counterdefendant violated 7 U.S.C. §1571(b)(3) of the Federal Seed Act by transporting or delivering for transportation in interstate commerce containers of Tall Guzmaine lettuce seed which bore labels that stated that KING HENRY was the variety name for the

1  lettuce seed contained in the container, which labels did not identify the lettuce seed as the Tall Guzmaine

2  variety.

3         28.     On information and belief, Counterdefendant violated 7 U.S.C. §1571(d) of the Federal

4  Seed Act by transporting or delivering for transportation in interstate commerce containers of Tall

5  Guzmaine lettuce seed that bore false labels that stated that KING HENRY was the variety name for the

6  lettuce seed contained in the container, when in fact the seed contained in the container was the Tall

7  Guzmaine variety.

8         29.     As a result of the aforesaid violations of the Federal Seed Act by Counterdefendant,

9  confusion has been created in the marketplace for commercial lettuce seed and Counterdefendant has

10  obtained an unfair competitive advantage in the marketplace for commercial lettuce seed, which has caused

11  the Counterclaimant to suffer damages which include, but are not limited to, loss of revenues from the sales

12  of its KING LOUIE/TG seed variety, as well as other damages in an amount to be proven at trial.

13                        **THIRD CAUSE OF ACTION**

14            **False Designation of Origin and False Advertising**

15                         **(15 U.S.C. §1125(a))**

16         30.     Counterclaimant repeats and realleges and incorporates by reference each and every

17  allegation of Paragraphs 1 through 29 above as if fully set forth herein.

18         31.     Upon information and belief, Counterdefendant has represented, and continues to

19  represent, to its customers and potential customers that the KING HENRY seed variety is a new and

20  legally distinct variety from the Tall Guzmaine seed variety, and that the Counterdefendant independently

21  developed the KING HENRY seed variety through its own research and development program, when in

22  fact the KING HENRY seed variety is not distinguishable from the public domain Tall Guzmaine seed

23  variety, and is not legally distinct from the Tall Guzmaine seed variety.

24         32.     The aforementioned representations are false and misleading and likely to deceive and

25  confuse the customers and potential customers for which Counterclaimant and Counterdefendant compete

26  to sell lettuce seed to in the marketplace, as well as members of the lettuce seed industry and the general

27  public.

28

33. In making and disseminating the aforementioned representations, Counterdefendant knew, or by the exercise of reasonable care should have known, that such representations were and are untrue and misleading.

34. Said acts, representations and advertising are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin, nature, and characteristics of the KING HENRY seed variety and will continue to deceive the public as described above.

35. As a direct and legal proximate result of the Counterdefendant's aforementioned actions, Counterclaimant has suffered, and will continue to suffer, damages which include, but are not limited to, loss of revenues from the sales of its KING LOUIE/TG seed variety, as well as other damages in an amount to be proven at trial, which amount is presently unknown, but which amount exceeds the jurisdictional minimum of this Court.

36. Counterclaimant has no plain, speedy or adequate remedy at law, and has and will continue to suffer irreparable harm unless Counterdefendant's conduct is enjoined by this court. Furthermore, the damages sustained by Counterclaimant will be extremely difficult to ascertain.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices

### (Calif. Bus. & Prof. Code §17200, *et seq.*)

37. Counterclaimant repeats and realleges and incorporates by reference each and every allegation of Paragraphs 1 through 36 above as if fully set forth herein.

38. The Counterdefendant's conduct set forth in this Counterclaim violates federal law, including, without limitation, the PVPA, the Federal Seed Act and the Federal Unfair Competition Law. The acts of Counterdefendant as alleged herein also constitute unfair competition under California common law and California Business and Professions Code §17200 et seq.

39. Each of the actions described herein constitutes unfair business competition and were and are being committed for purposes of commercial gain and to obtain an unfair advantage in the lettuce seed market over other lettuce seed producers like Counterclaimant, who conduct their business affairs without resort to unfair competition

40. As a direct and proximate result of Counterdefendant's aforementioned actions,

1  Counterclaimant has suffered, and will continue to suffer, damages which include, but are not limited to, loss

2  of revenues from the sales of its KING LOUIE/TG seed variety, in an amount which is presently unknown,

3  but which exceeds the jurisdictional minimum of this Court. Counterclaimant has no adequate remedy at

4  law to protect itself from Counterdefendant's actual or threatened unfair competition, and will continue to

5  cause Counterclaimant, and the general public, irreparable harm unless Counterdefendant's conduct is

6  enjoined by this Court. Therefore, Counterclaimant is entitled to permanent injunctive relief prohibiting

7  Counterdefendant from such unfair competition.

8                        **FIFTH CAUSE OF ACTION**

9                       **Common Law Unfair Competition**

10      41.    Counterclaimant repeats and realleges and incorporates by reference each and every

11  allegation of Paragraphs 1 through 40 above as if fully set forth herein.

12      42.    The foregoing acts and conduct of Counterdefendant constitute improper, unlawful, and

13  unfair competition, prohibited by the common law of California.

14      43.    Counterclaimant has no adequate remedy at law to protect itself from Counterdefendant's

15  actual or threatened unfair competition, and will continue to cause Counterclaimant irreparable harm unless

16  Counterdefendant's conduct is enjoined by this Court. Therefore, Counterclaimant is entitled to permanent

17  injunctive relief prohibiting Counterdefendant from such unfair competition.

18      44.    As a proximate result of the aforementioned conduct of Counterdefendant, Counterclaimant

19  has suffered, and will continue to suffer, injury and damages including, but not limited to, loss of sales of

20  the KING LOUIE/TG seed variety, in an amount which is presently unknown, but which exceeds the

21  jurisdictional minimum of this Court.

22      45.    The aforementioned unlawful, wrongful, and improper acts of Counterdefendant were

23  malicious, fraudulent, oppressive and intentional and thus Counterclaimant is entitled to exemplary damages

24  in a sum to be proven at trial.

25      WHEREFORE, Defendant PARAGON SEED, INC. prays that the Plaintiff take nothing by its

26  Complaint on file herein; that Defendant be hence dismissed with an award of its attorneys' fees and costs

27  incurred in its defense herein; and for such other and further relief as the Court may deem just and proper.

28      FURTHER, Counterclaimant, PARAGON SEED, INC. prays for judgment against

Counterdefendant PROGENY ADVANCED GENETICS, INC. as follows:

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**:

1.   For a declaration that:

    a.   Counterdefendant PROGENY ADVANCED GENETICS, INC. is not entitled to a PVPA Certificate for KING HENRY under 7 U.S.C. §2402, *et seq*., and that the PVPA Certificate No. 9600323 held by Counterdefendant is void, invalid and unenforceable;

    b.   Counterclaimant PARAGON SEED, INC. is entitled to sell, commercially exploit, or otherwise use the KING LOUIE/TG lettuce seed variety;

    c.   Counterclaimant PARAGON SEED, INC. is entitled to use the name "KING LOUIE/TG" to describe the aforementioned lettuce seed variety; and

    d.   Counterclaimant PARAGON SEED, INC. is entitled to sell, commercially exploit, or otherwise use the Tall Guzmaine lettuce seed variety

2.   For costs of suit, including attorneys' fees; and

3.   For such other and further relief as the court deems just and proper.

**SECOND CAUSE OF ACTION FOR VIOLATION OF FEDERAL SEED ACT**:

1.   For compensatory damages according to proof;

2.   For costs of suit, including attorneys' fees; and

3.   For such other and further relief as the court deems just and proper.

**THIRD CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**:

1.   For compensatory damages according to proof;

2.   For costs of suit, including attorneys' fees;

3.   For a preliminary and permanent injunction enjoining Counterdefendant, its officers, agents, employees, related entities, and all others acting for or through it, from:

    a.   Representing that the KING HENRY variety is legally distinct from the Tall Guzmaine variety; and

    b.   Representing that the Counterdefendant independently developed the KING HENRY seed variety through its own research and development program.

4. For such other and further relief as the court deems just and proper.

**FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**:

1. For costs of suit, including attorneys' fees;

2. For a preliminary and permanent injunction enjoining Counterdefendant, its officers, agents, employees, related entities, and all others acting for or through it, from:

    a. Representing that the KING HENRY variety is legally distinct from the Tall Guzmaine variety; and

    b. Representing that the Counterdefendant independently developed the KING HENRY seed variety through its own research and development program.

3. For such other and further relief as the court deems just and proper.

**FIFTH CAUSE OF ACTION FOR UNFAIR COMPETITION**:

1. For compensatory damages according to proof;

2. For costs of suit, including attorneys' fees; and

3. For such other and further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.


DATED: November 26, 2003        Anastassiou & Associates


By:_____
       Effie F. Anastassiou
       Attorneys for Defendant & Counterclaimant
       PARAGON SEED, INC.

F:\VHT\AnswerCounterClaimProgeny.wpd