UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>       Plaintiff,<br><br>v.<br><br>DIANE TRAN, *et al.*,<br><br>       Defendants. | Case Nos. C-03-0927 and C-03-1780<br><br>**ORDER FOR DEFAULT JUDGMENT** |
| PHILIP MORRIS USA INC.,<br><br>       Plaintiff,<br><br>v.<br><br>LILLIAN LIM, et al.,<br><br>       Defendants. | |

  Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having served Summons and Complaint ("complaint") upon Defendants Ajaib Singh, d/b/a Family Market; Johnny Kau, d/b/a Johnny's Café and Donuts; Diab Omar, d/b/a Majestic Market; and Athittha Phanthaphonsy, d/b/a Diamond Bakery and Donut Shop ("Defendants"), and Defendants having failed to timely respond to Complaint, it is hereby ORDERED, ADJUDGED and DECREED as follows:

  1.  These are actions for: (i) infringement of registered trademarks in violation of

Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition and trademark infringement in violation of the common law of the State of California; and (iv) unfair competition in violation of California Business & Professions Code §§ 17200 et seq. This Court has personal jurisdiction over Philip Morris USA and Defendants, and subject matter jurisdiction of the matters in controversy between Philip Morris USA and Defendants. Venue in this judicial district is proper.

2. Any objections Defendants may have regarding the sufficiency of process or the sufficiency of service of process in these actions are hereby deemed waived.

3. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
| --- | --- | --- |
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4. Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have

acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5. Beginning in or about January, 2003, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendants offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. Philip Morris USA filed the Complaint in *Philip Morris USA, Inc. v. Diane Tran, et al.*, No. C-03-0927 SBA on March 3, 2003. The Complaint in *Philip Morris USA, Inc. v. Lillian Lim, et al.*, No. C-03-1780 SBA was filed on April 22, 2003.

7. Defendants were served with Summons and Complaint as follows: Ajaib Singh d/b/a Family Market was served on April 29, 2003; Johnny Kau d/b/a Johnny's Café and Donuts was served on April 25, 2003; Diab Omar, d/b/a Majestic Market was served on March 6, 2003; Athittha Phanthaphonsy, d/b/a Diamond Bakery and Donut Shop was served on April 25, 2003.

8. Entry of Default was recorded against each of the Defendants due to their failure to answer or otherwise respond to the Complaints. On October 9, 2003, Plaintiff presented this Court with its Application for default judgment against Defendants.

9. Accordingly, it is hereby **ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(ii) assisting, aiding or abetting any other person on entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

10. **IT IS FURTHER ORDERED THAT,** pursuant to 15 U.S.C. § 1117(c),

Defendants are liable to Plaintiff in the amount not less than $10,000 per retailer for violations of Sections 32 and 43(a) of the Lanham Act.

11. The Court DENIES Plaintiffs' request for attorneys' fees in the amount of $14,168.00. The Court finds that attorneys' fees are not warranted because the case is not exceptional. 15 U.S.C. § 1117(a); <u>Lindy Pen Co. v. Bic Pen Corp</u>., 982 F.2d 1400, 1409 (9th Cir. 1993). Furthermore, there is no evidence of Defendants' rampant disregard for the judicial process. <u>Taylor Made Gold Co., Inc. v. Carsten Sports Ltd</u>., 175 F.R.D. 658, 663 (S.D. Cal. 1997), citing, <u>Lien v. Compusoft v. Kalamazoo, Inc</u>., 1991 WL 641575, at *5 (W.D. Mich. 1991).

12. The terms of this Judgment and Permanent Injunction shall be enforceable against Defendants, their successors in interest and assigns, and any persons or business entities working in concert with Defendants.

IT IS SO ORDERED

DATED: November 21, 2003     <u>s/Saundra Brown Armstrong</u>
                                             The Honorable Saundra Brown Armstrong
                                             United States District Judge