K.A.D. CAMARA (TX Bar No. 24062646/
MA Bar No. 661087 – *Admitted Pro Hac Vice*)
camara@camarasibley.com
KENT RADFORD (TX Bar No. 24027640 –
*Admitted Pro Hac Vice*)
radford@camarasibley.com
CAMARA & SIBLEY LLP
2339 University Boulevard
Houston, Texas 77005
Telephone: (713) 893-7973
Facsimile: (713) 583-1131

EUGENE ACTION (SBN 223023)
eugeneaction@hotmail.com
1780 E. Barstow Ave., #5
Fresno, California 93710
Telephone: (559) 283-9772
Facsimile: (559) 642-2843

Attorneys for Defendant/Counterclaimant
PSYSTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PSYSTAR CORPORATION,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV-08-03251-WHA<br><br>**PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR A PERMANENT INJUNCTION** |

**PSYSTAR'S RESPONSE IN OPPOSITION TO
APPLE'S MOTION FOR A PERMANENT INJUNCTION**

Psystar and Apple today entered into a partial settlement that is embodied in a stipulation that will be filed with the Court tomorrow. Psystar has agreed on certain amounts to be awarded as statutory damages on Apple's copyright claims in exchange for Apple's agreement not to execute on

these awards until all appeals in this matter have been concluded. Moreover, Apple has agreed to voluntarily dismiss all its trademark, trade-dress, and state-law claims. This partial settlement eliminates the need for a trial and reduces the issues before this Court to the scope of any permanent injunction on Apple's copyright claims.

Psystar's argument with respect to the scope of a permanent injunction is very limited. Psystar argues only that any injunction from this Court should not extend to Rebel EFI, a Psystar product that has not been litigated in this case, that has not been the subject of discovery in this case, that is presently the subject of litigation in the Florida case, that is composed exclusively of Psystar software, that is not sold in conjunction with any hardware, and that is sold entirely apart from any copy of Mac OS X or any computer running Mac OS X.

**I.     An injunction covering Rebel EFI is foreclosed by this Court's order denying Apple's motion to dismiss the Florida Action.**

This case concerns Psystar's Open Computers, computers that come with Mac OS X installed, along with Psystar software that makes Mac OS X compatible with non-Apple hardware. This case also concerns a particular version of Mac OS X, the version known as Mac OS X Leopard. When Apple sought to expand the scope of discovery in this case to litigate new Psystar products that relate to the next version of Mac OS X, known as Mac OS X Snow Leopard, this Court held that Apple was barred from so expanding the litigation. *See* Docket No. 152 (Order Denying Apple's Motion to Enjoin Florida Action).

If this Court were to grant an injunction broad enough to cover Mac OS X Snow Leopard, it would be undoing its earlier decision not to allow Apple to introduce Snow Leopard into this case after maintaining that discovery about Snow Leopard was irrelevant. Indeed, Apple asks this Court to go one step further and enjoin not only Psystar computers running Mac OS X Snow Leopard, but also an entirely new software-only product, Rebel EFI, that has not been the subject of any discovery

at all in this action.

This Court should not give Apple an injunction covering a software product the legality of which Apple has yet to litigate anywhere.  Such an injunction would give Apple relief on the very issues that it decided not to include in this case.  If this limitation prejudices Apple, "The problem is one largely of Apple's own making."  Docket No. 152 at 2 (Order Denying Apple's Motion to Enjoin Florida Action).  If Apple needed an injunction broad enough to cover Psystar's new products, it should have welcomed discovery on Snow Leopard and sought to timely amend its complaint.

II.     **An injunction covering Rebel EFI is inappropriate because Rebel EFI is currently the subject of litigation in the United States District Court for the Southern District of Florida.**

An injunction covering Rebel EFI would invade the jurisdiction of Judge Hoeveler of the United States District Court for the Southern District of Florida.  As the Ninth Circuit announced last year:

> [W]hen exercising its equitable powers to issue an injunction, a court must be mindful of any effect its decision might have outside its jurisdiction.  **Courts ordinarily should not award injunctive relief that would cause substantial interference with another court's sovereignty.**

*United States v. AMC Entertainment*, 549 F.3d 760, 770 (9th Cir. 2008) (emphasis added).  Because an injunction preventing Psystar from using or selling Rebel EFI would effectively decide the case currently pending before Judge Hoeveler, it would be a gross interference with the "sovereignty," or jurisdiction, of his court.

Apple has filed a motion to transfer the Florida action to this Court.  If that motion is granted, then this Court can properly determine the preclusive effect of its summary-judgment order, if any, and, upon a judgment on liability, issue an appropriate injunction with respect to Rebel EFI.  Until then, however, whether Rebel EFI is legal or not remains within the jurisdiction of the United States District Court for the Southern District of Florida, the first court in which a case concerning Rebel

EFI was filed.

**III.   An injunction covering Rebel EFI is inappropriate because Psystar's conduct in selling Rebel EFI involves entirely different factual and legal questions from those that the parties have litigated in this case.**

The summary judgment in this case turned on the manner in which Psystar assembled its Open Computers. It turned on such things as the use of the Psystar imaging station and what this Court found to be the creation of multiple copies and derivative works of Mac OS X along the way. *See* Docket No. 214 (Order on Cross-Motions for Summary Judgment). None of these same facts is involved in Rebel EFI. Rebel EFI is entirely a software product. It does not involve the assembly by Psystar of any computers. *Cf. id.* at 13 (finding a DMCA violation because Psystar "obtain[ed] access to Mac OS X and . . . circumvent[ed] Apple's technological measure when modifying Mac OS X in its production process"). Nor does Rebel EFI contain or include Mac OS X. A Mac OS X DVD does not even accompany sales of Rebel EFI. Rebel EFI consists solely of Psystar software available for sale and download through Psystar's website.

In particular, whether sales of Rebel EFI are lawful or not depends on whether Psystar's end users have a defense under 17 U.S.C. § 117. This issue has not been litigated in this case at all. Psystar's end users do not engage in commercial use of Mac OS X and their use would qualify as use for "internal purposes" even under the standards articulated by Apple in its summary-judgment briefing. If Psystar's end users are protected by § 117, then Psystar cannot be violating the DMCA by selling Rebel EFI because Rebel EFI, as used by the end users, does not facilitate infringement. Apple correctly explains that this Court has power "to restrain acts which are the same type or class as unlawful acts which the court has found to have been committed." M. at 9. But Rebel EFI is a different kind of act altogether.

Apple's injunction briefing does not address Rebel EFI by name. Apple only addresses Snow Leopard. And the cases that Apple cites in its argument about Snow Leopard, M. at 11–13,

PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR A PERMANENT INJUNCTION (CV 08-03251 WHA)                                                                                                          4

although they hold that an injunction may sweep broader than the specific conduct that gave rise to the litigation, concern only cases where the additional, non-litigated conduct was the same in all legally relevant respects to the actually litigated conduct. *See, e.g., Walt Disney Co. v. Powell*, 897 F.2d 565, 566 (D.C. Cir. 1990) (different Disney characters being printed on t-shirts).

These cases do not justify an injunction that extends to Rebel EFI because Rebel EFI differs from the conduct that was litigated in this case in the critical respect that the legality of Rebel EFI depends, as the legality of the conduct in this case did not, on whether end users have a § 117 right to run Mac OS X on their own computers for personal use. If so, then Rebel EFI does not facilitate infringement and does not violate the DMCA.

## IV.   Relief Requested

Psystar respectfully requests that any injunction expressly exclude from its coverage "any conduct that is the subject of litigation in *Psystar Corp. v. Apple Inc.*, No. 09-22535, in the United States District Court for the Southern District of Florida, assigned to Judge Hoeveler." This will guarantee that so long as that case is ongoing, this Court does not invade the judicial province of Judge Hoeveler by issuing an injunction that enters upon matters that this Court has already ruled were not part of this action and were, instead, properly filed in Florida.

Dated:  November 30, 2009

CAMARA & SIBLEY LLP

By:   /s   K. A. D. Camara_____

K.A.D. CAMARA

*Attorney for Defendant / Counterclaimant
Psystar Corporation*

# CERTIFICATE OF SERVICE

I, Michael Wilson, declare I am employed in the City of Houston and County of Harris, Texas in the office of Camara & Sibley. I am over the age of eighteen and not a party to this action. My business address is Camara & Sibley, 2339 University Boulevard, Houston, Texas 77005.

I served the following document(s):

**PSYSTAR'S RESPONSE IN OPPOSITION TO APPLE'S MOTION FOR A PERMANENT INJUNCTION**

CV 08-03251 WHA

on the interested parties in this action by placing a true and correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Camara & Sibley LLP. I sent the document(s) to the following:

| | |
|---|---|
| James G. Gilliland, Jr.<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, California 94111<br>Telephone: (415) 576-0200<br>Facsimile: (415) 576-0300 | email: jggilliland@townsend.com |

☐ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above via the court's ECF notification system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 30, 2009 at Houston, Texas.

/s/   Michael Wilson
Michael Wilson

CERTIFICATE OF SERVICE
CASE NO. CV 08-03251 WHA