TOWNSEND AND TOWNSEND AND CREW LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
MEGAN M. CHUNG (State Bar No. 232044)
J. JEB B. OBLAK (State Bar No. 241384)
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jggilliland@townsend.com
       mboroumand@townsend.com
       mmchung@townsend.com
       jboblak@townsend.com

O'MELVENY & MYERS LLP
GEORGE RILEY (State Bar No. 118304)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Email: griley@omm.com

Attorneys for Plaintiff and Counterdefendant
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 08-3251 WHA |
| Plaintiff, | **APPLE INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PERMANENT INJUNCTION** |
| v. | |
| PSYSTAR CORPORATION, a Florida corporation, | Date:       December 14, 2009<br>Time:      2:00 p.m.<br>Courtroom: 9 |
| Defendant. | Judge:     Hon. William Alsup |
| AND RELATED COUNTERCLAIMS. | |

## I. INTRODUCTION

Psystar concedes that this Court may properly enjoin distribution of Psystar computers installed with Mac OS X version 10.5 Leopard and Mac OS X version 10.6 Snow Leopard. (Opp. Br. at 2, 4.) Psystar also fails to introduce any evidence to controvert Apple's entitlement to an injunction prohibiting Psystar from infringing, or inducing its customers to infringe, Apple's copyrights in Mac OS X, and from circumventing, or trafficking in circumvention technology, for Mac OS X. Yet, remarkably, Psystar insists that the Court make a special exception for Psystar's "Rebel EFI" circumvention technology because Psystar now traffics in the technology by selling it separately rather than installed on a computer. Psystar's request is contrary to both the factual record in this case and the law governing remedies for copyright and DMCA violations.

Psystar argues that its special exception is somehow justified because the Court's summary judgment findings "turned on the manner in which Psystar assembled" its computers. (Opp. Br. at 4.) The Court's findings are not so limited. Among other things, the Court found that Psystar committed contributory infringement by enabling its customers to run unauthorized copies of Mac OS X. The Court also found that Psystar facilitated circumvention of Apple's technological protection measures by providing its customers with circumvention technology. Based on these findings and well-established precedent, Apple is entitled to an injunction prohibiting Psystar from engaging in any acts that infringe Apple's copyrights in Mac OS X, that contribute to others' infringement of those copyrights, or that circumvent, or enable others to circumvent, any technological protection measure in Mac OS X.

The injunction must not be limited by reference to Psystar products. Such a limitation would only serve to encourage Psystar to evade the Court's order by engaging in a shell game of renaming and re-characterizing its products and practices. Permitting Psystar to continue its pattern of direct and contributory infringement and violations of the DMCA will continue to cause irreparable harm to Apple and encourage others to follow Psystar's example. Therefore, the Court should enter Apple's proposed injunction to stop Psystar from continuing to engage in its pattern of unlawful conduct in violation of the Copyright Act and the DMCA.

## II.   PSYSTAR SHOULD BE ENJOINED FROM INFRINGING AND INDUCING INFRINGEMENT OF APPLE'S COPYRIGHTS

While acknowledging that it is an adjudged infringer of Apple's copyrights in Mac OS X, Psystar ignores the Court's finding that Psystar has induced its customers to infringe those copyrights.  (*See* Docket No. 214 at 14.)  As the Court found, Psystar's customers infringe Apple's copyrights in Mac OS X when "running the modified Mac OS X [that] results in an unauthorized copy to RAM."  (Docket No. 214 at 14.)  Psystar facilitates this infringement by providing its customers with circumvention software that modifies Mac OS X and uses Apple's decryption key, thereby enabling Mac OS X to run on non-Apple hardware.  (*Id.* at 10, 14.)[1]  Accordingly, the law entitles Apple to an injunction prohibiting Psystar from infringing Apple's copyrights in Mac OS X, inducing others to infringe those copyrights and, as discussed below, circumventing or inducing circumvention of any technological protection measure in Mac OS X.  17 U.S.C. § 502; *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001); *MDY Indus., LLC v. Blizzard Entm't, Inc*., 616 F. Supp. 2d 958, 974 (D. Ariz. 2009).  Even if Psystar no longer sells computers preinstalled with Mac OS X, the injunction must prohibit Psystar from offering any material support of infringement by Psystar's customers.[2]

Psystar argues that the injunction must not extend to future forms of conduct that induce infringement of Apple's copyrights in Mac OS X, including Psystar's sale of the Rebel EFI circumvention technology, which Psystar argues "differs from the conduct that was litigated in this case."  (Opp. Br. at 4-5.)  Psystar attempts to distinguish *Walt Disney Co. v. Powell*, 897 F.2d 565 (D.C. Cir. 1990), arguing that it involved an injunction "where the additional, non-litigated conduct was the same in all legally relevant respects to the actually litigated conduct."  (Opp. Br.

---

[1] Psystar has now stipulated that it induces others to breach their Software License Agreements with Apple, another basis for a broad injunction.

[2] Psystar again asserts a Section 117 defense in support of its argument that Rebel EFI must be expressly excluded from the injunction.  This argument has no relevance as the Court has already dismissed it as frivolous.  (Docket No. 214 at 5-6.)  Moreover, Psystar's customers' use, even if it were legal, which Apple does not concede, is not relevant to determining whether Psystar has violated the DMCA.  *321 Studios v. MGM Studios, Inc.*, 307 F. Supp. 2d 1085, 1097-98 (N.D. Cal. 2004) ("[L]egal downstream use of copyrighted material by customers is not a defense to the software manufacturer's violation of the provisions of the [DMCA]."); *see also Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 443 (2d Cir. 2001).

at 5.) In *Walt Disney*, however, the court enjoined the defendant from infringing Disney's copyrights in Mickey and Minnie Mouse, which were at issue in the suit, and in other copyrighted Disney characters that were not at issue. *Id.* at 568. The court stated that where "liability has been determined adversely to the infringer, there has been a history of continuing infringement and a significant threat of future infringement remains, it is appropriate to permanently enjoin the future infringement of works owned by the plaintiff but not in suit." *Id.* The injunction included copyrights that were not litigated, and was not limited (as Psystar suggests) to the means of infringement that the defendant had used – printing the copyrighted characters on t-shirts. *Id.* at 566, 568. *See also A & M Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896, 925 (N.D. Cal. 2000), *aff'd in part and rev'd in part on other grounds*, 239 F.3d 1004 (2001) (injunction covering plaintiffs' copyrighted works in suit and those not yet named).

Like the *Walt Disney* injunction, Apple's proposed injunction addresses a pattern of conduct that was actually litigated in this case: Psystar's repeated infringement, and inducement of infringement, of Apple's copyrights in Mac OS X. Among other things, Psystar induced its customers to infringe Apple's copyrights in Mac OS X by providing them with circumvention technology. The Court's summary judgment decision and the facts presented to the Court fully justify the injunction Apple seeks. Whether Psystar's distribution of Rebel EFI circumvention technology would violate the injunction's prohibitions against inducing infringement and trafficking in circumvention devices for Mac OS X – an issue on which Psystar has produced no evidence in this motion – is a question properly raised on a full factual record after the injunction has been entered.

### III. PSYSTAR SHOULD BE ENJOINED FROM TRAFFICKING IN CIRCUMVENTION TECHNOLOGY

This Court found that Apple uses "a decryption key as a technological protection measure to prevent access to Apple's Mac OS X and to prevent Mac OS X from running on a non-Apple computer." (Docket No. 214 at 13). The Court held that Psystar's use and distribution of decryption technology to obtain access to Mac OS X violates both the anti-circumvention (17 U.S.C. § 1201(a)(1)(A)) and anti-trafficking provisions (17 U.S.C. § 1201(a)(2) and (b)(1)) of the

DMCA.  (Docket No. 214 at 13-14.)  Apple's proposed injunction is consistent with the Court's summary judgment decision and the terms of the DMCA.

### A. Apple's Proposed Injunction Prohibits A Pattern Of Conduct This Court Has Found Unlawful Under the DMCA

Apple's proposed injunction addresses Psystar's pattern of unlawful *conduct*, not a specific Psystar product.  Enjoining circumvention conduct rather than specific products is necessary and appropriate under the DMCA.  *See Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 339 (S.D.N.Y. 2000) (enjoining defendant from engaging in conduct proscribed by the DMCA); *Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, 2008 U.S. Dist. LEXIS 109842, at *25 (N.D. Cal. Nov. 3, 2008) (injunctions routinely cover patterns of misconduct, including future violations).  Psystar has a history of circumvention and trafficking in circumvention technology to enable others to gain access to and copy Mac OS X without Apple's consent.  There is a concrete threat that Psystar will continue this misconduct: Psystar has declared its intention to continue its unlawful practices in open defiance of the law and the terms of Apple's software license agreements. (*See* Docket No. 231-1, Chung Declaration in Support of Apple's Motion for Permanent Injunction ¶ 6 and Ex. 5 thereto.)

In accordance with this Court's findings regarding Psystar's DMCA violations (Docket No. 214 at 13-15), Psystar should be permanently enjoined from any further use or distribution of circumvention technology for Mac OS X, including any software that makes use of the Mac OS X decryption key.  *See, e.g.*, *321 Studios*, 307 F. Supp. 2d at 1108 (enjoining defendant "from manufacturing, distributing, or otherwise trafficking in any type of DVD circumvention software"); *RealNetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 954 (N.D. Cal. 2009) (enjoining the existing circumvention product or "any substantially similar software application or other product, service, device, component or part thereof that circumvents . . .").

Contrary to Psystar's argument, there is no basis in law or fact to limit the injunction to the specific computer models at issue in the summary judgment motion.  Rather, the injunction should also apply to any new technology that circumvents any technological protection measure in

Mac OS X. (Opp. Br. at 4-5.)³ Courts have enjoined parties from circumventing protection measures not yet released when the injunction issued. *See Universal City Studios, Inc., v. Reimerdes*, 2000 U.S. Dist. LEXIS 554, at *2 (S.D.N.Y. Jan. 20, 2000) (enjoining the trafficking in circumvention devices that defeated the protection measures at issue "or any other [effective] technological measure adopted by plaintiff"). By their very nature, injunctions prohibit future conduct, including conduct the defendant has not yet conceived. *See, e.g.*, *Warner Bros. Records, Inc. v. Brown*, 2008 U.S. Dist. LEXIS 95171, at *6 (N.D. Cal. Nov. 13, 2008) ("It has . . . been generally accepted that upon a finding of infringement, an injunction may be issued as to existing *and* future works."); *see also Warner Bros. Records, Inc. v. Romero*, 2007 U.S. Dist. LEXIS 79848, at *3-4 (N.D. Cal. Oct. 29, 2007). As the case law demonstrates, Apple is entitled to an injunction that will stop Psystar's pattern of violating the DMCA by providing its customers with technology to circumvent any technological protection measures in Mac OS X.

**B. Apple's Proposed Injunction Closely Tracks The DMCA**

Apple's proposed injunction falls squarely within the DMCA's scope. Section 1201(a)(1)(A) states that "[n]o person shall circumvent a technological protection measure." Apple requests that Psystar be enjoined from "circumventing any technological protection measure in Mac OS X." (Docket No. 235-2 at 1, Proposed Order ¶ 4.) Apple further seeks to enjoin Psystar from "[m]anufacturing, importing, offering to the public, providing, or otherwise trafficking in circumvention devices using, containing or capable of generating Apple's decryption key, or any technology, product, service, device, component or part thereof for use in circumventing any technological protection measure in Mac OS X" or from inducing or aiding others "in circumventing any technological protection measure in Mac OS X". (*Id.* ¶¶ 6-7.) This language carefully tracks DMCA section 1201(a)(2). The injunction would also prohibit Psystar

---

³ This Court has ruled that Psystar's "circumvention technology," which uses the decryption key to gain access to and copy Mac OS X, violates anti-circumvention and anti-trafficking provisions of the DMCA. (Docket No. 214 at 13-15.) It has also held that without Apple's decryption key, Mac OS X software will not run on a non-Apple computer. (*Id.* at 14.) Thus, Psystar should be prohibited from selling any product that includes that key, whether it be hardware or software. And Psystar has presented no evidence, nor can it, refuting Apple's evidence that all of its products use the decryption key. (*See* Docket No. 232, Kelly Declaration In Support of Apple's Motion for Permanent Injunction ¶¶ 6-8.)

1 from "[p]ossessing any technology . . . that has been used to circumvent any technological
2 protection measure in Mac OS X" and requiring its destruction. This is consistent with sections
3 1203(b)(2) and (b)(6) that authorize the impounding and destruction of circumvention devices and
4 products. Psystar's attempt to limit the injunction is inconsistent with the DMCA and should be
5 rejected.

### C. The Court's Prior Order Does Not Preclude It From Issuing An Injunction To Prohibit Psystar's Pattern Of Unlawful Conduct

Psystar incorrectly maintains that the Court's decision not to enjoin the Florida action somehow limits the Court's ability to enjoin the continuing violations found in this action. (Opp. Br. at 3.) In its September 24, 2009 Order, the Court exercised its judicial discretion by declining to enjoin or dismiss an action filed in another court. (*See* Docket No. 152.) The issue now before the Court – the scope of a permanent injunction following adjudications of copyright infringement and DMCA violations – was not raised or implicated in that Order. Nothing in that Order precludes the Court from now enjoining conduct that it has found to be unlawful in *this lawsuit*. To the contrary, the Copyright Act "grants broad discretion to the court in fashioning a remedy that the Court deems appropriate under the circumstances of a particular case." *CBS Broad. v. Primetime 24 Joint Venture*, 48 F. Supp. 2d 1342, 1360 (S.D. Fla. 1998).[4]

The case Psystar cites, *United States v. AMC Entertainment*, 549 F.3d 760 (9th Cir. 2008), is inapposite. There, the Ninth Circuit reversed and remanded a nationwide injunction against AMC because the injunction included theaters within the geographic coverage of the Fifth Circuit, which had *previously held* that AMC's wheelchair seating did not violate the ADA. *Id.* at 773. The Ninth Circuit held that "[c]ourts in the Ninth Circuit should not grant relief that would cause substantial interference with the established judicial pronouncements of such sister circuits. To hold otherwise would create tension between circuits and would encourage forum shopping." *Id.*

---

[4] *See also Xiao v. Reno,* 930 F. Supp. 1377, 1379 (N.D. Cal. 1996) ("[w]here, as here, the equitable jurisdiction of the court has properly been invoked for injunctive purposes, the court has the power to decide all relevant matters in dispute and to award complete relief (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 399 (1946)). *See also Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 938 (9th Cir. 2004) ("in view of [the defendant's] past abuse, the district court was within its discretion in giving extended reach to its injunction to assure that the owner, or others like him, would not be a channel for further abuse.").

1  Here, there has been no "established judicial pronouncement" by the Florida court or the Eleventh
2  Circuit, let alone one that insulates Psystar's unlawful conduct.  If this Court's judgment renders
3  all or part of the Florida action moot, that is simply a result of Psystar's forum-shopping attempt to
4  bring a parallel action in another jurisdiction on virtually identical legal and factual issues.

### D.  Psystar Is Responsible for Ensuring That Its Conduct Is Not Unlawful

Psystar concedes that "an injunction may sweep broader than the specific conduct that gave rise to the litigation . . . where the additional, non-litigated conduct was the same in all legally relevant respects to the actually litigated conduct." (Opp. Br. at 5.)  Yet Psystar seeks an exception for any conduct at issue in the Florida action – without offering a single piece of evidence in support of its position.  This Court should not accept Psystar's unsupported invitation to make a special "carve-out" for its conduct.  Instead, the injunction should stop Psystar from circumventing Apple's technological protection measures in Mac OS X, trafficking in circumvention technologies, and infringing or inducing its customers to infringe Apple's copyrights – the very issues that have been litigated before, and decided by, this Court.  Psystar is in the best position to ensure that its future conduct does not violate these proscriptions.

## IV.  CONCLUSION

Psystar has demonstrated a brazen disregard for Apple's intellectual property rights.  Its pattern of misconduct fully justifies an order prohibiting Psystar from engaging in any acts that constitute infringement of Apple's copyrights in Mac OS X, that contribute to others' infringement of those copyrights, or that circumvent, or enable others to circumvent, any technological protection measure in Mac OS X.  Anything less will only embolden Psystar to continue the unlawful conduct that has already caused irreparable injury to Apple.

DATED:  December 7, 2009          Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP


By: */s/ James G. Gilliland, Jr.*
    JAMES G. GILLILAND, JR.
    Attorneys for Plaintiff and Counterdefendant
    APPLE INC.

62338252 v3