Randall C. Creech, Cal. Bar No. 65542
CREECH, LIEBOW & KRAUS
99 Almaden Boulevard, Eighth Floor
San Jose CA 95113
Telephone:408-993-9911
Facsimile: 408-993-1335

ATTORNEYS FOR DEFENDANT
OLIN CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JESSE J. HUTCHINGS and JUANITA C. HUTCHINGS, as Trustees of the Jesse J. Hutchings and Juanita C. Hutchings Revocable Living Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>OLIN CORPORATION, STANDARD FUSEE CORPORATION, ORION SAFETY PRODUCTS, SANTA CLARA VALLEY WATER DISTRICT, and DOES 1 Through 50, inclusive,<br><br>Defendants. | Civil Action No: 1:03 CV 007519<br><br>**DEFENDANT OLIN CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendant Olin Corporation ("Olin") hereby answers the Plaintiffs' Complaint as follows:

## ANSWER

## NATURE OF THE CASE

1. The first and third sentences of Paragraph 1 appear to contain legal conclusions to which no answer is required. To the extent that such allegations contain any factual element, Olin denies them. Olin denies each and every other allegation of Paragraph 1 of the Complaint



Dockets.Justia.com

to the extent that the allegations pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies same.

2. Olin denies each and every allegation of Paragraph 2 of the Complaint to the extent that the allegations pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2, and therefore denies same.

3. Olin denies each and every allegation of Paragraph 3 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

4. Olin admits that governmental agencies and environmental consultants, including consultants retained by Olin, are investigating the presence of perchlorate in groundwater in and around a former manufacturing facility located in Morgan Hill, California and that Olin is cooperating with the governmental agencies. Olin denies each and every remaining allegation of Paragraph 4 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

**THE PARTIES**

5. Olin admits that Plaintiffs Jesse J. Hutchings and Juanita C. Hutchings, as Trustees of the Jesse J. Hutchings and Juanita C. Hutchings Revocable Living Trust ("Plaintiffs") have alleged that they are residents of Gilroy, California. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and therefore denies same.

6. With respect to Paragraph 6, Olin admits that it is authorized to do business in the State of California and that, between approximately 1956 and 1987, it owned and operated a facility for the manufacture of signal flares at 425 Tennant Avenue, in the City of Morgan Hill, County of Santa Clara, State of California. Olin denies the remaining allegations in Paragraph 6 of the Complaint.

7. With respect to Paragraph 7 of the Complaint, Olin admits that Standard Fusee Corporation was a lessee of a facility for the manufacture of signal flares at 425 Tennant Avenue, in the City of Morgan Hill, County of Santa Clara, State of California from approximately 1988 to 1996. Olin denies the remaining allegations in Paragraph 7 of the Complaint.

8. With respect to Paragraph 8 of the Complaint, Olin admits that Standard Fusee Corporation purchased certain assets from Olin in early 1988. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies same.

9. Paragraph 9 of the Complaint contains legal conclusions to which no answer is required. To the extent that such allegations contain any factual element, Olin lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. For the reasons stated in Olin's Notice of Removal, Olin denies that the Santa Clara Valley Water District ("SCVWD") is properly joined as a party defendant. Olin further asserts that SCVWD's attempted joinder by Plaintiffs is "fraudulent" as defined in Ninth Circuit case law addressing "fraudulent joinder" issues for purposes of determining diversity jurisdiction and also is a "fraudulent *mis*joinder" under Rule 20 of the Federal Rules of Civil Procedure. Olin lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies same.

10. The allegations of Paragraph 10 of the Complaint appear to be legal conclusions as to which no answer is required; to the extent that such allegations contain any factual element, Olin denies them.

11. The allegations of Paragraph 11 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent that such allegations contain any factual element, Olin denies the existence of any "conspiracy," and denies any and all allegations directed against Olin. Olin lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations and therefore denies the same.

12. The allegations of Paragraph 12 of the Complaint appear to be definitional conclusions as to which no answer is required. To the extent that such allegations contain any factual element, Olin admits that it is a Virginia Corporation with its principal place of business in Connecticut, but otherwise denies them.

## JURISDICTION AND VENUE

13. The allegations of Paragraph 13 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent that such allegations contain any factual matter, Olin admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 *et seq.,* because defendants timely and properly removed this matter from the Superior Court of California, County of Santa Clara, to the United States District Court Northern District of California, San Jose Division on grounds of fraudulent misjoinder and diversity jurisdiction. Olin denies any factual matters in Paragraph 13 except as expressly admitted above.

14. The allegations of Paragraph 14 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent that such allegations contain any factual matter, Olin admits that venue is proper in this Court pursuant to 28 U.S.C. § § 1391(a) and1441 *et seq.* because Plaintiffs purport to allege a cause of action arising in this judicial district. Olin denies any and all factual allegations directed to Olin not specifically admitted above. Olin lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies same.

15. The allegations of Paragraph 15 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent that such allegations contain any factual matter, Olin admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 *et seq.,* because defendants properly removed this matter from the Superior Court of California, County of Santa Clara, to the United States District Court Northern District of California, San Jose Division, on grounds of diversity jurisdiction. Olin denies any factual matters in Paragraph 15 except as expressly admitted above.

## POTASSIUM PERCHLORATE OVERVIEW

16. With respect to Paragraph 16, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

17. Paragraph 17 appears to consist of Plaintiffs' attempted paraphrase of vaguely identified articles. To the extent such articles exist in published or unpublished format, the contents will speak for themselves. Due to the vague and ambiguous nature of these allegations, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies same.

18. Paragraph 18 appears to consist of Plaintiffs' attempted paraphrase of vaguely identified articles. To the extent such articles exist in published or unpublished format, the contents will speak for themselves. Due to the vague and ambiguous nature of Plaintiffs' allegations, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies same.

19. Paragraph 19 appears to consist of Plaintiffs' attempted paraphrase of vaguely identified articles. To the extent such articles exist in published or unpublished format, the contents will speak for themselves. Due to the vague and ambiguous nature of these allegations, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies same.

## FACTUAL ALLEGATIONS

20. Olin denies each and every allegation of Paragraph 20 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

21. Olin denies each and every allegation of Paragraph 21 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

22. Olin denies each and every allegation of Paragraph 22 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

23. Olin denies each and every allegation of Paragraph 23 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

24. With respect to Paragraph 24, Olin admits that between approximately 1956 and 1987, it owned and operated a facility for the manufacture of signal flares at 425 Tennant Avenue, in the City of Morgan Hill, County of Santa Clara, State of California. Olin denies the remaining allegations in Paragraph 24 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

25. With respect to Paragraph 25, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

26. With respect to Paragraph 26, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

27. With respect to Paragraph 27, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

28. With respect to Paragraph 28, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

29. With respect to Paragraph 29, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

30. With respect to Paragraph 30, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

31. With respect to Paragraph 31, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

32. With respect to Paragraph 32, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

33. With respect to Paragraph 33, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

34. With respect to Paragraph 34, Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

35. Olin denies each and every allegation of Paragraph 35 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

36. Olin denies each and every allegation of Paragraph 36 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

37. Olin admits that state and local governmental bodies are investigating the presence of perchlorate in groundwater in and around a former manufacturing facility located in Morgan Hill, California. Olin denies each and every other allegation of Paragraph 37 of the Complaint to the extent the allegations pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

38. Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies same.

39. Olin denies each and every allegation of Paragraph 39 of the Complaint.

**FIRST CAUSE OF ACTION**

**[Negligence Against All Defendants]**

40. With respect to Paragraph 40 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 above with the same force and effect as if fully set forth herein.

41. Olin denies each and every allegation of Paragraph 41 of the Complaint to the extent that they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

42. The allegations of Paragraph 42 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent such allegations contain any factual matter, Olin denies each and every allegation of Paragraph 42 of the Complaint to the extent they pertain

to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

43. Olin denies each and every allegation of Paragraph 43 of the Complaint.

44. Olin denies each and every allegation of Paragraph 44 of the Complaint.

45. Olin denies each and every allegation of Paragraph 45 of the Complaint.

**SECOND CAUSE OF ACTION**

**[Nuisance Against All Defendants]**

46. With respect to Paragraph 46 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 above with the same force and effect as if fully set forth herein.

47. The allegations of Paragraph 47 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent such allegations contain any factual matter, Olin denies each and every allegation of Paragraph 47 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

48. The allegations of Paragraph 48 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent such allegations contain any factual matter, Olin denies each and every allegation of Paragraph 48 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

49. Olin denies each and every allegation of Paragraph 49 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

50. Olin denies each and every allegation of Paragraph 50 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

51. The allegations of Paragraph 51 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent such allegations contain any factual matter, Olin denies each and every allegation of Paragraph 51 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

52. The allegations of the last sentence of Paragraph 52 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent such allegations contain any factual matter, Olin admits only that Plaintiffs have "allege[d] damages . . . in excess of the minimum jurisdictional amount of this Court." Olin denies each and every allegation in the first sentence of Paragraph 52 and each and every allegation of Paragraph 52 not specifically admitted above.

53. Olin denies each and every allegation of Paragraph 53 of the Complaint.

54. Olin denies each and every allegation of Paragraph 54 of the Complaint.

55. Olin denies each and every allegation of Paragraph 55 of the Complaint.

56. Olin denies each and every allegation of Paragraph 56 of the Complaint.

**THIRD CAUSE OF ACTION**

**[Intentional Infliction of Emotional Distress Against All Defendants]**

57. With respect to Paragraph 57 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

58. Olin denies each and every allegation of Paragraph 58 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

59. Olin denies each and every allegation of Paragraph 59 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

60. Olin denies each and every allegation of Paragraph 60 of the Complaint.

61. Olin denies each and every allegation of Paragraph 61 of the Complaint.

62. Olin denies each and every allegation of Paragraph 62 of the Complaint.

63. Olin denies each and every allegation of Paragraph 63 of the Complaint.

**FOURTH CAUSE OF ACTION**

**[Trespass Against All Defendants]**

64. With respect to Paragraph 64 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

65. Olin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and therefore denies same.

66. Olin denies each and every allegation of Paragraph 66 of the Complaint to the extent they pertain to Olin. Olin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies same.

67. The allegations of the last sentence of Paragraph 67 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent such allegations contain any factual matter, Olin admits only that Plaintiffs have "allege[d] damages . . . in excess of the minimum jurisdictional amount of this Court." Olin denies each and every allegation in the first sentence of Paragraph 67 and each and every allegation of Paragraph 67 not specifically admitted above.

68. Olin denies each and every allegation of Paragraph 68 of the Complaint.

69. Olin denies each and every allegation of Paragraph 69 of the Complaint.

70. Olin denies each and every allegation of Paragraph 70 of the Complaint.

**FIFTH CAUSE OF ACTION**

**[Equitable (Injunctive and/or Declaratory) Relief and Damages**

**Against All Defendants]**

71. With respect to Paragraph 71 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

72. The allegations of Paragraph 72 of the Complaint appear to be legal conclusions as to which no answer is required. To the extent such allegations contain any factual matter, Olin denies each and every allegation of Paragraph 72 of the Complaint.

73. The allegations of Paragraph 73 appear to be a request for relief as to which no answer is required. To the extent such allegations contain any factual matters, Olin denies them, including each and every subparagraph in Paragraph 73.

74. Olin denies each and every allegation of Paragraph 74 of the Complaint.

**SIXTH CAUSE OF ACTION**

**[Punitive Damages Against All Defendants]**

75. With respect to Paragraph 75 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

76. Olin denies each and every allegation of Paragraph 76 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**[Equitable (Injunctive and/or Declaratory) Relief Against SCVWD]**

77. With respect to Paragraph 77 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

78. With respect to Paragraphs "78" through "79" of the Complaint, no response by Olin should be required since Plaintiffs' Seventh Cause is directed solely against fraudulently joined and/or misjoined defendant SCVWD. However, to the extent an answer is required, Olin denies each and every allegation of Paragraphs "78" through "79" to the extent they pertain to Olin and denies knowledge or information sufficient to form a belief as to the truth of these allegations to the extent they may pertain to any one or more of the other defendants.

**EIGHTH CAUSE OF ACTION**

**[Failure to Discharge Mandatory Duties Against the SCVWD]**

80. With respect to Paragraph 80 of the Complaint, Olin repeats and re-alleges its response to Paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

81. With respect to Paragraphs "81" through "105" of the Complaint, no response by Olin should be required since Plaintiffs' Eighth Cause is directed solely against fraudulently joined and/or misjoined defendant SCVWD. However, to the extent an answer is required, Olin denies each and every allegation of Paragraphs "81" through "105" to the extent they pertain to

Olin and denies knowledge or information sufficient to form a belief as to the truth of these allegations to the extent they may pertain to any one or more of the other defendants.

WHEREFORE, Olin requests that Plaintiffs' Complaint, and each and every allegation and purported "Cause of Action" in it, be dismissed with prejudice at Plaintiffs' costs.

**ANSWER AS TO ALL CLAIMS**

106. Olin denies each and every allegation of the Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES TO ALL COUNTS AND ALLEGATIONS DIRECTED TO OLIN**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and each putative "cause of action" contained therein fail to state a claim upon which relief can be granted against Defendant Olin.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Olin are barred by any applicable statutes of limitations including, without limitation, California Code Civ. Proc. § § 338 and 340(3), which bar each and every claim asserted by the Plaintiffs, and by any other applicable statutes of limitation and/or by the doctrine of laches and/or statutes of repose.

**THIRD AFFIRMATIVE DEFENSE**

Olin's manufacturing operations at 425 Tennant Avenue, Morgan Hill, California were at all relevant times conducted in accordance with the then-existing state of the art in conformity with the generally recognized state of technological and scientific knowledge existing at the time of the operations at issue. Olin's conduct and activities were reasonable, prudent and common in the industry and met the standards set by the appropriate governmental agencies.

**FOURTH AFFIRMATIVE DEFENSE**

At all relevant times, Olin had no knowledge, either actual or constructive, and had no reason to know of alleged propensities, if any, of the materials identified in Plaintiffs' Complaint, to cause or contribute to any alleged injury or damage to property or to any illnesses

of any type, and could not have acquired such knowledge by the application of reasonable, developed human skill and foresight.

**FIFTH AFFIRMATIVE DEFENSE**

Olin acted with due care and in accordance with federal, state and local laws and regulations in effect at the time of any alleged acts or omissions. Retroactive application of statutes, regulations and/or case law to any alleged acts or omissions by Olin is barred and/or violates the California Constitution and/or the United States Constitution. At all relevant times, Olin's conduct was licensed and permitted by the State of California and the United States of America, barring Plaintiffs from any recovery herein.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times, Olin's use and operation of the manufacturing facility in the industrial area in question was lawful, legally justified, reasonable and authorized.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages alleged in the Complaint are impermissibly remote and speculative and, therefore, Plaintiffs are barred from the recovery of any such alleged damages from Olin.

**EIGHTH AFFIRMATIVE DEFENSE**

Olin owed no duty of care to Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by the failure to join indispensable parties.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs have impermissibly and fraudulently joined claims by unrelated parties regarding unrelated alleged occurrences, contrary to the Federal Rules of Civil Procedure, such that these proceedings will become confused before a jury and thereby deprive defendants of due process of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

The right to set and control standards for drinking water is vested in Federal, State and/or Local agencies and the jurisdictions and prerogatives of those agencies preempt any claims of Plaintiffs and prevent any attempt by Plaintiffs to have a Court take over the remediation.

Additionally, Plaintiffs' claims, including any equitable remediation claims, are moot and are pre-empted by the primary jurisdiction doctrine.

**TWELFTH AFFIRMATIVE DEFENSE**

Olin alleges that Plaintiffs have not exhausted the administrative remedies available to their claims and Plaintiffs are therefore not entitled to relief in this or any other Court.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and alleged damages are barred in whole or in part and/or reduced by Plaintiffs' own contributory or comparative negligence, contributory fault, comparative fault and/or assumption of the risk (either primary and/or secondary). Olin denies liability, but if liability were assessed to Olin, then Olin prays for a determination and apportionment of fault among Plaintiffs, Olin, and other persons or entities who may or may not be parties at the time this cause is submitted to a jury or trier of fact and who caused or contributed to cause any alleged injuries claimed by Plaintiffs herein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any alleged acts or omissions by Olin were not a substantial factor in bringing about the injuries and damages for which Plaintiffs seek recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any injuries allegedly sustained by Plaintiffs were produced, if at all, by an intervening cause or causes, and any alleged act or omission of Olin was not the proximate or competent producing cause of Plaintiffs' injuries.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The alleged injuries and/or damages, if any, of Plaintiffs were the result of unavoidable circumstances which could not have been prevented by anyone.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Olin denies that it caused Plaintiffs or any other person to incur costs or damages. If any such alleged costs or damages are found to have been caused by Olin, which Olin denies, such alleged costs or damages are distinct, divisible and separate from all alleged other costs or damages, and therefore Olin cannot be held liable for costs or damages not caused by Olin.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The failure of Plaintiffs to identify with specificity that chemicals allegedly released by this defendant in fact caused their alleged injuries and damages is repugnant to the due process requirements of the United States and California Constitutions and repugnancy bars any claim that Plaintiffs allegedly might have had.

**NINETEENTH AFFIRMATIVE DEFENSE**

Olin is entitled under § 877.6 to a setoff for settlements, if any, reached by others. Additionally, Olin is entitled to the protections of Cal. Civ. Code § 1431.2(a).

**TWENTIETH AFFIRMATIVE DEFENSE**

The injuries or damages alleged to be suffered by Plaintiffs, if any, were the sole proximate result of the willful and/or negligent misconduct of persons or entities other than Olin.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs purport to seek relief on behalf of the general public, the Complaint and each of its claims for relief therein violate Olin's right to due process under the California and United States Constitutions. Plaintiffs lack standing to sue Olin on behalf of the general public.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Olin denies that it has created or contributed to any alleged "nuisance" affecting Plaintiffs or Plaintiffs' property. However, if any such nuisance is found to exist, Olin alleges that Plaintiffs acquired the property and/or exercised their property rights with full knowledge of the alleged nuisance.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel and waiver.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to use reasonable care to minimize or mitigate damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Any equitable relief sought is barred because the Plaintiffs have an adequate remedy at law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, and each putative cause of action contained therein, fail to state a claim against Olin for which punitive or exemplary damages may be awarded.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for exemplary or punitive damages against Olin fail to state a claim on which relief can be granted and are not recoverable on any grounds, including, *inter alia*, to the extent they are based on alleged acts or omissions outside the State of California. White v. Ford Motor Co., 312 F.3d 998 (9th Cir. 2002) or with respect to conduct that has no rational nexus to the alleged harm to Plaintiffs. State Farm Mutual Automobile Ins. Co. v. Campbell, 01-1289 (U.S., April 7, 2003) *available at* http://supremecourtus.gov/opinions/02pdf/01-1289.pdf).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages based on unlimited jury or court discretion or in "grossly excessive" amounts is unconstitutional and in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, as set forth in BMW of North American, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1991), State Farm Mutual Automobile Ins. Co. v. Campbell, 01-1289 (U.S., April 7, 2003) *available at* http://supremecourtus.gov/opinions/02pdf/01-1289.pdf) and related case law, and in violation of comparable provisions of the California Constitution.

(a) The Plaintiffs seek to have this Court impose multiple penalties for the same alleged conduct;

(b) The standards for determining both the amount and/or the subsequent imposition of punitive damages are vague, supply no notice to defendants of the potential repercussions of their alleged conduct, and are subject to the unbridled discretion of the jury, thereby denying due process under the California Constitution.

(c) The standards for determining both the amount and/or the subsequent imposition of punitive damages are vague, supply no notice to defendants of the repercussions of their alleged conduct, and are subject to the unbridled discretion of the jury, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

(d) Plaintiffs' claims for punitive damages are criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable.

(e) Plaintiffs' claims for punitive damages are criminal in nature and the rights given defendants in criminal proceedings should apply under the California Constitution.

(f) Plaintiffs' claims for punitive damages constitute a request for and/or imposition of an excessive fine in violation of the Eighth Amendment of the United States Constitution.

(g) Plaintiffs' claims for punitive damages constitute a request for and/or imposition of an excessive fine in violation of the California Constitution.

(h) Plaintiffs' claims for punitive damages constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

(i) Plaintiffs' claims for punitive damages constitute cruel and unusual punishment in violation of the California Constitution.

(j) Plaintiffs' claims for punitive damages discriminate against defendants and constitute a denial of equal protection under the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendants' wealth or net worth may be requested to be considered by the jury in determining the amounts of any such damage awards.

(k) Plaintiffs' claims for punitive damages discriminate against defendants and constitute a denial of equal protection under the law in violation of the California Constitution.

(l) Plaintiffs' claims for punitive damages constitute a subsequent imposition of punitive-type damages against defendants and defendants cannot protect against multiple punishments for the same alleged conduct or wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

(m) Plaintiffs' claims for punitive damages constitute a subsequent imposition of punitive-type damages against defendants and defendants cannot protect against multiple punishments for the same alleged conduct or wrong, thereby denying due process under the California Constitution.

(n) The law of California does not provide an adequate procedure for the determination of damages in the nature of punitive damages in violation of the equal protection and substantive and procedural due process requirements of the California Constitution and the United States Constitution and in violation of the United States Supreme Court decision in Pacific Mutual Ins. Co. v. Haslip, *supra*.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The conduct and/or acts of Olin as alleged in the Complaint were and are not willful, malicious, fraudulent or done with a conscious disregard for the rights of Plaintiffs and the safety of the public. Olin exercised reasonable care at all times alleged in the Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

Olin adopts and incorporates herein by reference each and every applicable defense pleaded by any other defendant in this case as if stated fully herein.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Olin reserves the right to assert additional defenses should the investigation and discovery in this action demonstrate their applicability.

**DEMAND FOR JURY TRIAL**

Olin hereby demands a trial by jury of any and all claims and issues triable of right by a jury.

Dated: December 1, 2003

Respectfully submitted,

CREECH, LIEBOW & KRAUS

By: /S/ Randall C. Creech
Randall C. Creech, Cal Bar. No. 65542

ATTORNEYS FOR DEFENDANT
OLIN CORPORATION