1  O'MELVENY & MYERS LLP
   GEORGE RILEY (State Bar No. 118304)
2  DAVID EBERHART (State Bar No. 195474)
   DAVID SEPANIK (State Bar No. 221527)
3  Two Embarcadero Center, 28th Floor
   San Francisco, CA 94111-3305
4  Telephone:  (415) 984-8700
   Facsimile:  (415) 984-8701
5
   Attorneys for Plaintiff and Counterdefendant
6
   APPLE INC.
7

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12 | APPLE INC.,                          | Case No. CV-08-3251-WHA
13 |          Plaintiff,                  | **RENEWED MOTION TO FILE UNDER SEAL PORTIONS OF APPLE INC.'S AND PSYSTAR CORP.'S SUMMARY JUDGMENT FILINGS**
14 |     v.                               |
15 | PSYSTAR CORPORATION, a Florida corporation, |
16 |          Defendant.                  |
17
18 | AND RELATED COUNTERCLAIMS            |

19
20      Pursuant to the Order Setting Briefing Schedule (Dkt. 264), Apple Inc. moves the Court to
21 seal those portions of the parties' summary judgment filings that reveal Apple trade secrets
22 relating to three aspects of its Mac OS X operating system and computer products: Apple's
23 Technological Protection Measure ("TPM"), Apple's system integrity checks, and Apple's
24 thermal management techniques. Apple seeks to protect only compelling trade secrets and has
25 limited its request to a narrower set of material than identified for sealing by Apple in 2009.
26 Apple's motion is supported by the declaration of Simon Patience, and Apple lodges herewith
27 highlighted documents showing precisely what Apple seeks to seal. All remaining portions of the
28 parties' crossing motions for summary judgment may be filed in the public record.

### 1. Apple Seeks To Seal Three Compelling Trade Secrets And Nothing More

Apple has spent hundreds of millions of dollars creating and refining its Mac OS X operating system and integrating it with computer hardware to produce systems that are easy to use and highly reliable. (Declaration of Simon Patience ("Patience Decl.") ¶ 4.)) In order to protect Apple's reputation for extraordinary, high quality products and to ensure its customers have a uniformly excellent experience with its computers, Apple licenses Mac OS X software only for use on Apple hardware. (*Id.*) As this Court found, and the Ninth Circuit affirmed, Psystar Corporation violated Apple's copyright by reproducing, distributing, and creating derivative works from Apple's Mac OS X software and selling it with non-Apple hardware. *Apple Inc. v. Psystar Corp.*, 673 F.Supp.2d 931, 939 (N.D. Cal. 2009); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150 (9th Cir. 2011). Psystar's infringement was egregious; the Court deemed Psystar's acts "hardcore infringement" at oral argument on December 14, 2009.

Two of the trade secrets at issue comprise technology that Apple developed and deployed to ensure that its Mac OS X software is only used on Apple hardware: Apple's TPM and system integrity checks. (*Id.*) Apple has maintained as trade secrets the details regarding the TPM and system integrity checks—including the details at issue in this motion. (*Id.* ¶ 9.) This Court found, and the Ninth Circuit affirmed, that Psystar violated the anti-circumvention and anti-trafficking provisions of the DMCA by circumventing Apple's TPM. 673 F.Supp.2d at 942; 658 F.3d 1150.

The third trade secret at issue is Apple's proprietary thermal management techniques, which allow Apple to optimize the performance of its computer systems while reducing the need for cooling of those systems. (*Id.* ¶ 8.) Apple protects as trade secrets those details of its thermal management techniques that are the subject of this motion. (*Id.* ¶ 9.)

Each of these three trade secrets has value by not being known to the general public or to those who could make use of the secrets. As detailed in the Patience Declaration, certain of the trade secrets could be used to facilitate the type of infringement Psystar had undertaken, and competitors could use others to attempt to compete with Apple. (*Id.* ¶ 18-19.) Apple takes

reasonable measures to protect each of these trade secrets. As also described in the Patience Declaration, Apple protects these trade secrets through legal restrictions, electronic security, and physical security. (*Id.* ¶ 10.)

Apple has ensured that the material which is the subject of this motion is as narrowly limited as possible, while still protecting Apple's trade secrets. For the convenience of the Court, Apple has lodged the material to be protected in two alternative forms. First, Apple has lodged a binder comprising only those pages (or particular words/lines from pages) that Apple seeks to seal, with the material to be sealed highlighted and the binder organized by the type of trade secret. The organization of this binder tracks the discussion in the Patience Declaration of the different types of trade secrets at issue, and that declaration lists tab numbers that correspond to the tabs in that binder. Second, Apple has lodged a binder comprising each complete document that includes any material Apple seeks to seal, with the material to be sealed highlighted. After the Court has ruled, Apple promptly will submit public versions of the documents that are consistent with the Court's ruling.

### 2. Ninth Circuit Authority Supports Sealing Of The Trade Secrets At Issue

Sealing of dispositive motion papers is proper where supported by "compelling reasons." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling reasons exist when the materials at issue might "become a vehicle for improper purposes," such as the use of court records to release trade secrets. *Id.* (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)). In *Nixon*, the U.S. Supreme Court established that "the right to inspect and copy judicial records is not absolute," and, in particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (citing *Nixon* at 598).

Apple seeks to seal only trade secret material. As the Patience Declaration demonstrates, there can be no reasonable dispute that the information at issue constitutes trade secrets. A "trade secret may consist of any formula, pattern, device or compilation of information which is used in

one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement (First) of Torts § 757 cmt. b (1939); *see also*, *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) (computer software can qualify for trade secret protection).

Disclosure of trade secret information about Apple's TPM, system integrity checks, and thermal management techniques would harm Apple and is not necessary to educate the public regarding this litigation. Furthermore, publicly disclosing information about Apple's TPM and system integrity checks would not only reveal Apple's protected trade secrets, it would invite and instruct others to engage in the same unlawful conduct as Psystar and facilitate, if not encourage, the illegal copying of Mac OS X. Preventing the disclosure of trade secret information that invites others to infringe Apple's rights—thereby ensuring that court records do not become "a vehicle for improper purposes"—is exactly the type of compelling reason for filing under seal approved by the Ninth Circuit in *Kamakana*.

Psystar has argued previously that public speculation about certain of the trade secrets at issue should preclude sealing of those trade secrets. But Apple is not the source of that public speculation, has not endorsed or confirmed any of that speculation, and is not doing so now. (Patience Decl. ¶ 20.) In short, Apple has not revealed to the public whether any of the speculation accurately describes Apple's trade secrets. Public speculation regarding Apple's trade secrets cannot strip them of their trade secret status any more than public speculation about the formula for Coca-Cola could strip that information of its trade secret status. *See* http://en.wikipedia.org/wiki/Coca-Cola_formula (listing four "purported secret recipes" for Coca-Cola.) And when another court in this District considered how to handle similar trade secrets under *Kamakana*, it avoided disclosing details of the technological protection measure there at issue—even though the TPM and/or related decryption keys were allegedly "broadly" available on the internet. *See, RealNetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 919, 932 (N.D. Cal. 2009) (describing the TPM as, "at its core, an encryption-based system that employs an algorithm configured by a set of security 'keys' to encrypt," but not disclosing the

1  technical details, even though individuals had posted on the internet speculation regarding the
2  TPM and the keys).
3       Apple is ultimately seeking to seal an extremely narrow subset of information that
4  describes the details of its TPM, system integrity checks, and thermal management techniques.
5  That Apple uses a TPM, and that Psystar circumvented it, are still publicly available facts, and the
6  public's understanding of the judicial process will not be inhibited if the precise, technical details
7  of Apple's proprietary processes remain confidential. The public interest in understanding this
8  dispute and the resulting law has been well served by the published decisions of both this Court
9  and the Ninth Circuit. Publishing the details of Apple's trade secrets would directly harm Apple
10 without serving any legitimate public interest. Accordingly, Apple requests that this Court seal
11 the portions of the parties' summary judgment motions described in the Patience Declaration and
12 lodged herewith to ensure that these records do not become "a vehicle for improper purposes."

15 DATED: December 1, 2011      Respectfully submitted,
16      O'MELVENY & MYERS LLP

18      By: /s/ *David R. Eberhart*
19      David R. Eberhart
20      Attorneys for Plaintiff and Counterdefendant APPLE INC.

23 OMM_US:70133432.2