IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

    Plaintiff,

  v.

PSYSTAR CORPORATION, a Florida corporation,

    Defendant.
                             /

No. C 08-03251 WHA

**ORDER DENYING MOTIONS TO SEAL**

## INTRODUCTION

In this copyright-infringement action, plaintiff moves to seal portions of the parties' summary judgment filings and the Patience declaration in support of its renewed motion to seal. For the following reasons, the motions are **DENIED**.

## STATEMENT

In November 2009, this Court granted summary judgment for plaintiff Apple Inc. on copyright infringement and DMCA violations, and also granted Apple's motions to seal documents in the summary judgment filings. Defendant Psystar Corporation appealed. Our court of appeals affirmed the order granting summary judgment, but vacated the orders granting Apple's motions to seal. This order follows additional briefing by both parties on remand.

Apple seeks to seal documents relating to three aspects of its Mac OS X operating system and computer products: Apple's Technological Protection Measure (TPM), Apple's system

1 integrity checks, and Apple's thermal management techniques. Apple asserts that these
2 documents contained "compelling trade secrets" (Br. 1). Apple asserts that these trade secrets
3 had value by not being known to the general public or to those who could make use of the secrets.
4 Specifically, Apple argues that this information could have been used to facilitate the type of
5 infringement Psystar had undertaken (Br. 4).

**ANALYSIS**

To overcome the strong presumption of public access to judicial records, the party seeking to seal must articulate compelling reasons supported by specific factual findings. In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted).

California defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code 3426.1. Public disclosure (absence of secrecy) is fatal to the existence of a trade secret. *In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 304 (2002) (upholding the trial court's determination that a certain matter designated as confidential be unsealed because the party asserting trade secret status did not meet its burden of proof). "It is well recognized that a trade secret does not offer protection against discovery by fair and honest means such as by independent invention, accidental disclosure or by so-called reverse engineering, that is, starting with the known product and working backward to divine the process." *Chicago Lock Co. V. Fanberg*, 676 F.2d 400 (9th Cir. 1982).

1  Apple argues that accurate "public speculation" cannot strip trade secret protection (Br. 4). That is, even if the information that Apple seeks to seal is publicly available, trade secret protection will still exist if Apple is not the *source* of that publicly available information, and has not endorsed or confirmed any of that information. This order disagrees.

What Apple calls "public speculation" is more appropriately termed "reverse engineering" under these circumstances. Much of the information that Apple seeks to seal is publicly available by examining OS X itself or by consulting publicly available sources such as the website for the book OS X Internals by Amit Singh. Comparing the information Apple seeks to seal and the information publicly available reveals that much of the publicly available information is accurate. For example, Apple seeks to seal documents listing the encrypted executable binaries: Dock, Finder, loginwindow, SystemUIServer, mds, and translate (*see, e.g.*, Apple Motion Tab 2 at 3). This same information is available online and in print (*see* Dkt. No. 268 Exh. 1 at 2 (webpage of Mac OS X Internals)). Another example: Apple seeks to seal information relating to "Don't Steal Mac OS X.kext" kernel extension (*see, e.g.*, Apple Motion Tab 2 at 4). This same information is available online (*see* Dkt. No. 268 Exh. 1 at 5). One more example: Apple seeks to seal information relating to its decryption key haiku, "our hard work / by these words guarded / please don't steal (c) Apple Computer Inc" (*see, e.g.*, Apple Motion Tab 2 at 5). This haiku is available to any user who compiles and runs publicly available code on a MacBook Air laptop computer (Dkt. No. 187 at Exh. D). Apple even seeks to seal quotes from online published works written by others (*compare* Apple Motion Tab 19 *with* Dkt. No. 268 Exh. 2 at 1–2).

Apple does not deny that some of the information it seeks to seal are publicly available (Patience Decl. ¶ 20). Notably, Apple does not argue that any of the publicly available information was unlawfully learned or misappropriated. In fact, Apple's Vice-President of Core OS Software admits that "third parties may have *accurately deduced* and published some of the material Apple seeks to maintain as sealed" (*ibid.* (emphasis added)).

It is unnecessary to go through the entire record and list every instances where Apple is seeking to seal information that is publicly available. There are too many examples. For the

3

1 purposes of this order, it is sufficient that Apple's motion to seal is too broad and not narrowly
2 tailored to compelling trade secrets.

3       There is no compelling reason to justify sealing the documents if the information is
4 already available to the public. The information about technological protection measure and
5 system integrity checks that Apple seeks to seal *was* relied on by the order granting Apple's
6 motion for summary judgment (Dkt. No. 214 at 3). Thus, the public interest in disclosure of such
7 information to better understand the judicial proceeding is very strong. Apple cannot have this
8 Court seal information merely to avoid confirming that the publicly available sources got it right.

## CONCLUSION

10       For the reasons stated, Apple's renewed motion to seal portions of the parties' summary
11 judgment filings and motion to seal the Patience declaration in support of its renewed motion to
12 seal are **DENIED**. The clerk shall publicly file the unredacted versions of the documents.

15 **IT IS SO ORDERED.**

17 Dated: January 3, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE