Stephen Shaiken, Esq. Bar No. 90915
LAW OFFICE OF STEPHEN SHAIKEN
170 Columbus Avenue, Suite 100
San Francisco, CA 94133-5102
Telephone: (415) 248-1012
Fax: (415) 248-0019

Attorney for Petitioner
ERLINDA ONGKINGCO BALUYOT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In The Matter of<br>ERLINDA ONGKINGCO BALUYOT<br><br>Petitioner,<br>vs.<br><br>JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. C-0304107 PJH<br>Ins No.: A75-250-616<br><br>**PETITIONER S REPLY TO RESPONDENT S OPPOSITION TO PETITION FOR WRIT OF MANDAMUS** |

PetitioPetitionerPetitioner Petitioner ErlindaPetitioner Erlinda Petitioner Erlinda OngkingcoPetitioner to her petition for a writ of mandamus:

**STATEMENT OF THE CASE**

PetitionerPetitioner is a citizen and national of the Philippines who was denied political asylum by ImmigrationImmigration Judge (I.J.) Immigration Judge (I.J.) She was also denied voluntary departure, solely she had in her possession a Philippine that had expired.she had in her possession a Philippine that had expi ofof immigration Appeals, whichof immigration Appeals, which denied the appeal, and then petitioned for whichwhich denied the petition forwhich denied the petition for lack of jurisdiction and stated in footnote t to her filing a petition for writ of habeas corpus.

Petitioner is not in the custody of the Attorney General, because after March 1,Petitioner is not in th waswas effectuated by the Department of Homeland Security, which is currently seeking towas effectuated by has a date of December 15, 2003, for her to report for removal.



Dockets.Justia.com

PetitionerPetitioner filed a Petition for Writ of ManPetitioner filed a Petition for Writ of Mandate, voluntaryvoluntary departure was based upon the mistaken belief that she wasvoluntary departure was based atat the time voluntary departure was granted, aat the time voluntary departure was granted, a finding of error act to grant voluntary departure.

TheThe Attorney General has answered and has argued that pet6itoner was required to present a currentcurrent passport at the timecurrent passport at the time of the hearing andcurrent passport at the time Attorney General does not deny that the basis ofAttorney General does not deny that the basis of theAttorne passport and does not argue that her were derogatory factors on the record.

**ISSUES**

1.) Is mandamus precluded for removal matters?

2.) IsIs a current passport required at the time voluntary deIs a current passport required at th available at the time voluntary departure is effected?

**ARGUMENT**

**I**

**THISTHIS COURT HAS JURISDICTIONTHIS COURT HAS JURISDICTION TO HEAR MANDATE**

RespondentRespondent raisesRespondent raises two arguments in claiming that this Court lacks juris forfor writ of mandate brought pursuant to 28for writ of mandate brought pursuant to 28 U.S.C. §1361. for wri hashas limited review tohas limited review to habeas corpus, and second, thathas limited review to habeas corp proceeding matters. Respondent cites no authority which truly supports these assertions.

WhenWhen the Ninth Circuit denied the petition forWhen the Ninth Circuit denied the petition for r ofof 1996 had removed its jurisdiof 1996 had removed its jurisdiction tof 1996 had removed its jurisdictio notednoted that it wasnoted that it was not precluding the use of habeas to obtain review. In point of fact, CircuitCircuit sated was thatCircuit sated was that itCircuit sated was that it did not pass judgment on wheth mention mandamus.

WhenWhen the petitionWhen the petition for review was foiled, the Attorney General was the official

bbothboth the administrative court system known as the Executive Office for Immigration Review (EOIR) abo thethe enforcementthe enforcement arm ofthe enforcement arm of the immigration system, known as the Imm AsAs respondent notes, effective March 1, 2003, the INS ceased to exist andAs respondent notes, effective M toto the Department of Homeland Security (DHS), which now is responsible for the executionto the Departme ordersorders.orders. Petitioner is thus not in the custody of the Attorney General, but rather, the custodyor DHS.

PetitionerPetitioner argues that the IJ was incorrect in fiPetitioner argues that the IJ was incorrect have her Philippine passport be current at thee time he granted voluntary departure. have her Philippine pas thatthat it is sufficient that she have such a current passport at or before the time she depathat it is sufficie If she did not comply with this, the order of the IJ would become an order of removal.

RespondentRespondent do not cite any authority to support their claim that as a matterRespondent do r thethe removal processthe removal process cannot be subject to mandamus. Here we have a situation wheret clearlyclearly be appropriate if the court were to find that the IJ misapplied theclearly be appropriate if the c negativenegative factors supporting a denial of voluntary departure, and with the admission of the resnegat thatthat the sole basis fore denial was the passport issue, mandamus is mothat the sole basis fore denia voluntary departure be granted.

TheThe cases cited by respondent on the issue of mandamus in immigration matters dThe cases ci remotelyremotely discuss whether or not mandamus is available in remoremotely discuss whether or not n mandamus imposes no such limitations either.

## II

## THETHE REGULATION CITED BY RESPONDENT DOES NOT RTHE REGU CURRENT PASSPORT AT THE TIME VOLUNTARY DEPARTURE IS GRANTED.

TheThe regulation cited by respondent was not theThe regulation cited by respondent was not the re hearinghearing in immigration court.hearing in immigration court. The regulation in effect at the time of respo courtcourt on September 24, 1999,court on September 24, 1999, was 8court on September 24, 1999, was 8 C 88 C.F.R.§240.26(b)(3)(i) stated that 8 C.F.R.§240.26(b)(3)(i) stated that at8 C.F.R.§240.26(b)(3)(i) st departure subject todeparture subject to certain conditions,departure subject to certain conditions, and as tha

bebe that The alien shallbe that The alien shall be required tobe that The alien shall be required to present t passportpassport or other travel document sufficientpassport or other travel document sufficient to assure la departing....

ThisThis regulation entirely supports petitioner argument that it wouldThis regulation entirely suppor presented the passport to the Service (or its successor) it was current.

InIn the case of IINS v. St. CyINS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that applicationapplication of changes inapplication of changes in the immigrationapplication of changes in the i therethere was reliance upon the law as itthere was reliance upon the law as it existed at the relevant time, in InIn Magana-Pizano v. INS, 200 F.3d 603 (9th Cir. 199 Cir. 1999) the Ninth Cir. 1999) the Ninth Circu violated when new rules were put in place to the detriment of an alien already in proceedings.

Here, at the time that Ms. Baluyoit requested voluntary departure, the statute was silentHere, at the issueissue of a travel document, and the regulation state only that a valid travel dissue of a travel docu presentedpresented to thepresented to the formerpresented to the former INS prior to departure. Thus, petition by theby the IJ because she had the ability to have herby the IJ because she had the ability to have her pass regulations not applicable to her case.

**CONCLUSION**

TheThe IJ incorrectly interpreted the law as it existed at theThe IJ incorrectly interpreted the law nothingnothing in statutory or case law precluding a court from usingnothing in statutory or case law precludi inin removal proceeding. the regulationin removal proceeding. the regulation cited by the respondent is the w inin effectin effect at the time of the removal hearing. the writ of mandate should issue and the Attorney Ge ordered toordered to remand this matter backordered to remand this matter back to the BIA and then to the departure.

Dated: December 7, 2003 at San Francisco, CA

Respectfully submitted,

THE LAW OFFICES OF STEPHEN SHAIKEN

By:

S/Stephen Shaiken S/Stephen Shaiken

# MANUAL FILING NOTIFICATION

Regarding: __(*insert docket text or filing information here*)_________________

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk s office.

If you are a participant in this case, this filing will be served in hard-copy shortly.

For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

___ Voluminous Document (PDF file size larger than the efiling system allows)

___X Unable to Scan Documents

___ Physical Object (description): _____________________________________

_________________________________________________________

___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

___ Item Under Seal

___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

___ Other (description): _______ [redacted] _______