Apple Inc. v. Psystar Corporation Doc. 291

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
ALAN SCHULMAN (Bar No. 128661)
ROBERT S. GANS (Bar No. 214420)
NIKI L. O'NEEL (Bar No. 214646)
12544 High Bluff Drive, Suite 150
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

Attorneys for Plaintiffs
Otter Creek Partners I Limited Partnership
and Otter Creek International Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CLARENT CORPORATION SECURITIES LITIGATION | Master File No. C-01-3361 CRB (JCS)<br><br>CLASS ACTION |
| OTTER CREEK PARTNERS I LIMITED PARTNERSHIP and OTTER CREEK INTERNATIONAL LIMITED, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG LLP; DEBORAH J. LUDEWIG; and COOLEY GODWARD LLP,<br><br>Defendants. | **THIS DOCUMENT RELATES TO: Civ. No. C-03-4732 CRB**<br><br>Date: January 16, 2004<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 8, 19th Floor<br>Judge: Hon. Charles R. Breyer |

NOTICE OF MOTION AND MOTION FOR AFFIRMATION OF PRIOR ORDER APPOINTING LEAD PLAINTIFF IN THE CONSOLIDATED CASES AND ALL SUBSEQUENTLY FILED RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF AND IN RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION



Dockets.Justia.com

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

NOTICE OF MOTION AND MOTION ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION AND IN RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION ..... 1

I. SUMMARY OF ARGUMENT ..... 1

II. PROCEDURAL HISTORY ..... 2

A. Clarent Completes Massive Restatement ..... 2

B. This Court Consolidates All Related Lawsuits And Appoints Otter Creek Partners As Lead Plaintiff ..... 2

C. The Court Upholds The First Amended And Consolidated Class Action Complaint Against Clarent And Its Officers And Directors, Master File No. 01-3361 CRB ..... 3

D. Otter Creek Partners Files A Related Case Against Clarent's Auditor And Legal Advisor, Civ. No. 03-4732 CRB ..... 4

III. ARGUMENT ..... 5

A. Otter Creek Partners Is The Lead Plaintiff For The Consolidated Cases ..... 5

IV. CONCLUSION ..... 11

## TABLE OF AUTHORITIES


Case — Page

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ....... 6

*Cheney v. Cyberguard Corp.*,
213 F.R.D. 484 (S.D. Fla. 2003) ....... 7, 9, 10

*Greenberg v. Bear Stearns & Co.*,
80 F. Supp. 2d 65 (E.D.N.Y. 2000) ....... 6, 7, 8, 10

*In re Cendant Corp. Litig.*,
182 F.R.D. 476 (D.N.J. 1998) ....... 6

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....... 6

*In re Sunbeam Sec. Litig.*,
1998 WL 1990884 (S.D. Fla. Dec. 4, 1998) ....... 6, 7, 11

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ....... 6

*Lax v. First Merchants Acceptance Corp.,*
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ....... 8, 9, 10

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ....... 8

Statutes, Rules and Regulations

11 U.S.C.
§ 362 ....... 4

15 U.S.C.
§ 78j(b) ....... 1
§ 78t(a) ....... 1
§ 78u-4 ....... 9
§ 78u-4(a) ....... 6, 9
§ 78u-4(a)(3)(A)(i) ....... 9
§ 78u-4(a)(3)(A)(ii) ....... 9, 10
§ 78u-4(a)(3)(B)(i) ....... 8
§ 78u-4(a)(3)(B)(iii)(I) ....... 7

Civil Local Rules
Rule 3-12 ....... 4, 5
Rule 3-12(b) ....... 5
Rule 7-2(3) ....... 1

Federal Rules of Civil Procedure
Rule 23 ....... 7
Rule 42 ....... 6
Rule 42(a) ....... 5

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 16, 2004, at 10:00 a.m., or as soon thereafter as counsel may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Otter Creek Partners I Limited Partnership and Otter Creek Partners International Limited ("Otter Creek Partners" or "Lead Plaintiff"), will and hereby do move the Court for an order affirming this Court's prior Order appointing Otter Creek Partners as Lead Plaintiff over the consolidated cases and all subsequently filed related cases. This motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities in support thereof, the pleadings and records on file in this action, and such oral argument as the Court may consider in deciding this motion.

Pursuant to Civil L.R. 7-2(3), the relief sought by Otter Creek Partners is an affirmation of this Court's prior Order appointing it as Lead Plaintiff over the consolidated cases and all subsequently filed related cases, including the recently filed case encaptioned *Otter Creek Partners et. al., v. Ernst & Young LLP, et. al.,* Civ. No. C-03-4732 CRB (N.D. Cal. Oct. 22, 2003).

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION AND IN RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION

I. SUMMARY OF ARGUMENT

This Court appointed Otter Creek Partners as Lead Plaintiff over the consolidated cases and all subsequently filed related cases. In fulfilling its lead plaintiff duties, Otter Creek Partners obtained information through lengthy witness interviews and voluminous document review indicating that additional parties – Clarent's auditor and legal advisor – may also be liable for the substantial losses incurred by investors relating to Clarent's massive restatement. Thus Otter Creek Partners filed an additional complaint against these parties. The additional complaint is a direct outgrowth of Lead Plaintiff's investigation into the fraud and relates to the same restatement and the same transactions as in the consolidated complaint. Consequently, the additional complaint was deemed a related case and is consolidated with the other related cases

pursuant to the Court's prior consolidation order. Requiring additional notice and lead plaintiff motion practice under these circumstances makes no sense and would be contrary to the purposes of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## II. PROCEDURAL HISTORY

### A. Clarent Completes Massive Restatement

This class action arises from an admitted accounting fraud by Clarent Corporation ("Clarent" or the "Company"). Clarent has admitted that it overstated its revenues by $129.4 million (nearly half of the Company's reported revenues) for six quarters, including fiscal 2000 and the first two quarters of 2001 – periods in which defendants Ernst & Young LLP and Deborah J. Ludewig were Clarent's outside auditor and primary legal advisor, respectively – and that these accounting "irregularities" were the product of intentional fraudulent reporting. Clarent further disclosed that Ernst & Young notified the Company that its previously issued report on the Company's financial statements for fiscal 2000 should no longer be relied upon. Clarent's stock was delisted from the NASDAQ National Market effective January 30, 2002, and the Securities and Exchange Commission ("SEC") is conducting an investigation regarding the events giving rise to Clarent's restatement.

On December 13, 2002, Clarent filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

### B. This Court Consolidates All Related Lawsuits And Appoints Otter Creek Partners As Lead Plaintiff

Immediately following Clarent's initial announcement that it was conducting an investigation into potential overstatements, various securities fraud cases were filed alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), on behalf of investors who purchased or otherwise acquired shares of Clarent's common stock in the open market during the period of the fraud.

Pursuant to the PSLRA, on September 5, 2001, plaintiffs in the first-filed *Carson* action published a notice of pendency of this action via the *Business Wire*, advising investors of the

existence of the lawsuit, describing the claims asserted, and informing them of the right to move for appointment of lead plaintiff by November 5, 2001. *See* Exhibit ("Ex.") A to the Declaration of Niki L. O'Neel in Support of Plaintiffs' Motion for Affirmation of Prior Order Appointing Lead Plaintiff in the Consolidated Cases and All Subsequently Filed Related Cases ("O'Neel Decl.").

Pursuant to the PSLRA, the Court consolidated the actions and appointed Otter Creek Partners as the Lead Plaintiff over the consolidated cases, finding that it is the most adequate plaintiff to represent the class and that it satisfied the requirements of Federal Rule of Civil Procedure 23. *See* Order Appointing Lead Plaintiff dated December 14, 2001, *In re Clarent Corporation Securities Litigation,* Master File No. 01-3361 CRB (N.D. Cal. Sept. 5, 2001) [Doc. No. 98].

The Court then consolidated additional cases for pretrial proceedings, and ordered that "[a]ll related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court."[1]

The Consolidation Order further provides that "Lead Plaintiff's Counsel has the authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities." *Id.*

C. The Court Upholds The First Amended And Consolidated Class Action Complaint Against Clarent And Its Officers And Directors, Master File No. 01-3361 CRB

On June 21, 2002, Lead Plaintiff Otter Creek Partners filed the First Amended and Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Amended

---

1 *See* Order filed April 9, 2002 [Doc. No. 116] (incorporating Stipulation For Consolidation filed April 5, 2002 [Doc. No. 112]) (collectively referred to as the "Consolidation Order"). The Stipulation and Order are attached as Exhibit C to the Declaration of Michele F. Kyrouz in Support of Defendants' Motion for Clarification re Lead Plaintiff Notice Procedures ("Motion for Clarification").

Consolidated Complaint") against Clarent and several of its officers and directors. Clarent and its former Chief Executive Officer answered the Amended Consolidated Complaint, and the remaining defendants moved to dismiss. The Court predominantly denied defendants' motions to dismiss and granted Lead Plaintiff leave to amend. *See* Minute Entry dated November 22, 2002 [Doc. No. 218]. The Second Amended Consolidated Complaint was filed on March 31, 2003 against the individual defendants.[2] Two defendants answered, and an entry of default was issued as to a third.

D. Otter Creek Partners Files A Related Case Against Clarent's Auditor And Legal Advisor, Civ. No. 03-4732 CRB

In fulfilling its obligations as Lead Plaintiff, Otter Creek Partners conducted lengthy witness interviews and voluminous document review in investigating the facts making up the fraud. As part of its investigation, Otter Creek Partners obtained information indicating that Clarent's auditor and legal advisor during the period of the fraud may also be liable for investors' losses. Based on this new information, on October 22, 2003, Otter Creek Partners filed an additional complaint against these parties, relating to the same overstatement of revenues and transactions as in the Second Amended Consolidated Complaint. *See* Class Action Complaint for Violations of the Federal Securities Laws ("Auditor Complaint"), *Otter Creek Partners et. al., v. Ernst & Young LLP, et. al.,* Civ. No. C-03-4732 CRB ("Auditor Proceeding").

Pursuant to Civil L.R. 3-12, Otter Creek Partners filed a Notice of Related Case, noting that the Auditor Proceeding was "related" to *In re Clarent Corporation Securities Litigation*, Master File No. C-01-3361 CRB ("the Consolidated Action") because it arises from the same transactions, during the same time period, and involves the same material misstatements concerning Clarent's financial results. *See* Notice of Related Case [Doc. No. 256 in 01-3361; Doc. No. 7 in 03-4732]. No objection was filed in response to the Notice of Related Case.

---

[2] The Second Amended Consolidated Complaint was not filed against Clarent solely by reason of the automatic stay imposed by 11 U.S.C. § 362 arising from Clarent's bankruptcy filing.

By Order dated November 6, 2003, this Court found that the cases are related within the meaning of Civil L.R. 3-12, and thus the Auditor Proceeding was transferred to the Honorable Charles R. Breyer. *See* Related Case Order [Doc. No. 257 in 01-3361; Doc. No. 8 in 03-4732].

Now before the Court is defendants' motion for "clarification" regarding lead plaintiff procedures. Otter Creek Partners hereby responds to that motion and moves the Court for affirmation of its prior Order appointing Otter Creek Partners as Lead Plaintiff for the consolidated cases and all subsequently filed related cases.

## III. ARGUMENT

### A. Otter Creek Partners Is The Lead Plaintiff For The Consolidated Cases

Pursuant to the statutory scheme prescribed by the PSLRA and the procedural rules for related cases, this Court consolidated all previously and subsequently filed related cases, and appointed Otter Creek Partners as Lead Plaintiff to manage and prosecute this litigation. *See* Consolidation Order, ¶4. In fulfilling its lead plaintiff duties, Otter Creek Partners obtained information through its investigation and prosecution of the litigation indicating that additional parties, Clarent's auditor and legal advisor, may also be liable for the fraud. Based on this new information – obtained directly from its prosecution and investigation – Otter Creek Partners filed an additional complaint against these new parties relating to the same restatement, the same overstatement of revenues, and the same transactions as in the Second Amended Consolidated Complaint. The Auditor Proceeding was deemed a related case,[3] and thus automatically consolidated into the Consolidated Action, over which Otter Creek Partners is the Lead Plaintiff. *See* Related Case Order [Doc. No. 257]; Consolidation Order, ¶2.[4]

---

3 Civil L.R. 3-12(b) defines two cases as "related" when both concern: (1) substantially the same parties, property, transaction, event or question of law; and (2) when it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Civil L.R. 3-12(b).

4 Even if, as apparently argued by defendants, this case was not *automatically* consolidated based on the Consolidation Order, consolidation is appropriate. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, when "actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The

Requiring additional notice and new lead plaintiff proceedings under these circumstances makes no sense and would be contrary to the purposes of the PSLRA. *See Greenberg v. Bear Stearns & Co.,* 80 F. Supp. 2d 65, 70 (E.D.N.Y. 2000) (finding that appointing new lead plaintiffs would be "contrary to the unambiguous language in the [PSLRA] and run counter to one of the stated purposes of the PSLRA which is to 'minimize costs' and to 'give control of the litigation to lead plaintiffs with substantial holdings to the securities of the issuer.'") (citation omitted); *see also Cendant,* 182 F.R.D. at 480 (denying motion to appoint additional lead plaintiff because it would "injure the purpose of the PSLRA by fragmenting the plaintiff class and decreasing client control . . . '[i]ncreasing the number of Lead Plaintiffs would detract from the [PSLRA's] fundamental goal of client control as it would inevitably delegate more control and responsibility to the lawyers for the class and make the class representatives more reliant on the lawyers'").

A similar common sense approach was taken by the court in *In re Sunbeam,* 1998 WL 1990884. There, a later filing plaintiff objected to consolidation of his complaint, and moved to alter the lead plaintiff structure previously ordered. *Id.* at *1. In response, lead plaintiffs over the consolidated action moved for affirmation of the court's prior appointment of lead plaintiff. *Id.* The court found that the claims presented and facts alleged in the consolidated action and a separate individual action stem from a common course of conduct by Sunbeam, its officers, and

---

PSLRA refers to consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a). "The plain language of these authorities establishes that consolidation pursuant to Fed. R. Civ. P. 42 and PSLRA does not require that the actions in question be identical." *In re Sunbeam Sec. Litig.,* 1998 WL 1990884, at *2 (S.D. Fla. Dec. 4, 1998) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied,* 498 U.S. 920 (1990)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 292-93 (E.D.N.Y. 1998) (finding consolidation appropriate despite differences in complaints because all allegations were "based upon disclosures that concern facts common to all four actions," and the complaints "rely upon the same series of allegedly false and misleading public statements and omissions"); *In re Cendant Corp. Litig.,* 182 F.R.D. 476 (D.N.J. 1998) (consolidating cases even though they covered different class periods and had different damage calculations) (citing *Blackie v. Barrack,* 524 F.2d 891, 908 (9th Cir. 1975)).

its accounting firm, and thus held that the prior consolidation order – virtually identical to the Consolidation Order in this case[5] – was "proper and binding" on the individual action. *Id.* at *2.

The court concluded that the prior lead plaintiff appointment should not be disrupted because the court had previously appointed the lead plaintiff over the consolidated action pursuant to the procedures in the PSLRA, and the presumption that the lead plaintiff would fairly and adequately protect the interests of the class was not rebutted despite variations in the class periods. *Id.* at *3-*4. The court thus denied the motion for appointment as lead plaintiff, and granted lead plaintiff's motion for affirmation of the prior order appointing lead plaintiffs in the consolidated cases and all subsequently filed cases. *Id.* at *4-*5; *see also Cheney v. Cyberguard Corp.,* 213 F.R.D. 484, 503 (S.D. Fla. 2003) (finding lead plaintiffs are appropriate class representatives for entire class period; rejecting argument that new notice should have been published allowing for new lead plaintiff motions).

Lead Plaintiff respectfully suggests that the same result is appropriate here. As in *Sunbeam,* the Court's consolidation order automatically consolidates all subsequently filed related actions. Also as in *Sunbeam,* the Court has already appointed a lead plaintiff over the consolidated cases who this Court has determined can fairly and adequately represent the interests of all the investors harmed by the common conduct which led to Clarent's restatement.[6]

Moreover, logic dictates that if the Court found – as it did – that Otter Creek Partners was the most adequate plaintiff to serve as lead plaintiff in the Consolidated Action, then *a fortiori*, it is also the most adequate plaintiff to serve as lead plaintiff in the related Auditor Proceeding based on the same restatement and transactions but covering a shorter class period. *See Greenberg,* 80 F. Supp. 2d at 69-70 (refusing to subdivide class in multi-district litigation and appoint lead plaintiffs in separate sub-classes; considering largest financial interest of class, not

---

[5] The Order stated in part: "This Order shall apply to each action that is subsequently filed in or transferred to this Court that arises out of or relates to the same facts and claims alleged in the complaints in the consolidated actions . . . ." *Sunbeam,* 1998 WL 1990884, at *1.

[6] The PSLRA directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff and, in making this determination, to presume that the "most adequate plaintiff" is the entity that, among other things, has "the largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

largest financial interest of sub-class).[7] The efforts of Lead Counsel to date, including the filing of the Auditor Complaint, demonstrate that Lead Plaintiff is vigorously representing the Class by pressing claims against Clarent's auditor and legal advisor. It would be completely contrary to the purposes of the PSLRA to deem Otter Creek Partners inadequate due to its aggressive prosecution of all claims on behalf of the Class. *Cf. Lax v. First Merchants Acceptance Corp.,* 1997 WL 461036, *7 (N.D. Ill. Aug. 11, 1997) (questioning whether a proposed lead plaintiff who does not assert claims against the auditor "can adequately represent the interests of those plaintiffs who do bring such claims."). Accordingly, even assuming arguendo defendants have standing to make such an argument,[8] this Court's lead plaintiff appointment should not be disrupted.

Indeed, even defendants apparently agree that if Otter Creek Partners had merely amended the complaint in the Consolidated Action to add these new defendants instead of filing a new related complaint, additional notice and lead plaintiff motion practice would be unnecessary. *See* Defendants' Motion for Clarification, p. 2; *see also Greenberg,* 80 F. Supp. 2d at 69 ("None of the cases cited . . . stand for the proposition that another notice by the lead plaintiffs must be published after an amended complaint naming a new defendant is filed. In fact, the Court is unable to locate any authority within this Circuit or elsewhere, which stands for that proposition."). There is no reason – and defendants offer none – why the same rationale should not apply here.

In this case, Lead Plaintiff had sound tactical reasons to assert claims against the auditor and legal advisor in a separate related complaint. For example, the complaint in the Consolidated Action has been upheld, defendants have answered, and an entry of default has

---

7 The class period in the Second Amended Consolidated Complaint, April 26, 2000 through August 31, 2001, consumes the class period in the Auditor Complaint, March 31, 2001 (the day Clarent filed its annual report attaching Ernst & Young's clean audit opinion), through August 31, 2001.

8 It is well established that defendants do not have standing to challenge lead plaintiff appointment. *See, e.g., Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i) (court shall consider any motion made by a purported class member in determining adequacy and adequacy may be rebutted by proof *by a member of the purported plaintiff class*) (emphasis added)).

been entered. It would, therefore, be especially inefficient to unnecessarily open back up that complaint to add related allegations against Clarent's auditor and legal advisor.

Similarly, if the Auditor Complaint had been filed *prior* to the Court's consolidation of cases and appointment of a lead plaintiff, there would be no question that it would be consolidated with the other related cases, and that Otter Creek Partners would be Lead Plaintiff over those claims. It is illogical that filing the separate Auditor Complaint after, rather than before, the Court's Consolidation Order would produce a different result.

In addition, contrary to defendants' argument, the technical requirements of the PSLRA have been satisfied. Notice was given,[9] the related cases were consolidated,[10] and a lead plaintiff was appointed. Nothing more is required. *See Lax,* 1997 WL 461036 (lead plaintiff notice not required in a later filed action against auditor because claims were also under Exchange Act and related to same restatement).

*Lax* is factually similar to this case. There, several securities class action complaints were filed against First Merchants Acceptance Corporation ("First Merchants") arising from its restatement due to "irregularities involving unauthorized entries in the Company's financial records." *Id.* at *1. The complaints asserted various class periods, and some complaints contained additional claims against additional defendants, including First Merchants' auditor. *Id.* at *1. Despite some differences in class periods, claims, and defendants contained in the various complaints, the court designated the cases as related and reassigned them to a single judge. *Id.* at

---

[9] Section 21D(a)(3)(A)(ii) of the Exchange Act provides:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this Act is filed, ***only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published*** . . . .

15 U.S.C. § 78u-4 (emphasis added).

Here, the required notice was published on September 5, 2001 by the plaintiffs in the first-filed *Carson* complaint, Civ. No. C-01-3361, and thus the notice requirement has been satisfied. *See id*.; 15 U.S.C. § 78u-4(a)(3)(A)(i); *see also Cheney v. Cyberguard Corp.,* 213 F.R.D. 484, 502 (S.D. Fla. 2003) (purpose of the notice requirement is "to provide class members with sufficient information about the suit and inform class members of their right to move to be appointed lead plaintiff so they can make an informed and reasoned judgment about whether they should seek lead plaintiff status").

[10] *See* 15 U.S.C. § 78u-4(a).

*2. The court found that "[lead plaintiff] notice is not required" in a later-filed action against the auditor because the auditor claims were substantially similar to the claims in other complaints against other defendants in that they too asserted claims based on the Exchange Act relating to First Merchants' restatement. *Id.* at *4 ("The fact that a later filed complaint alleges a different class period would not bring that complaint out of the aegis of § 21D(a)(3)(A)(ii). . . . If a later action asserts substantially the same claims, no new notice is required"; additional lead plaintiff notice would be contrary to the PSLRA's dictate that a lead plaintiff should be appointed as quickly as practicable); *see also Cheney,* 213 F.R.D. at 502-03 (additional lead plaintiff notice not required when class period extended by eleven months); *Greenberg,* 80 F. Supp. 2d at 69 ("[N]either case law nor the provisions of the PSLRA require a second notice to be published when the complaint was amended to add the Bear Stearns additional defendant.").

The same rationale applies here. The later filed Auditor Complaint, like the Second Amended Consolidated Complaint, asserts claims under the Exchange Act, based on the same transactions, relating to the same restatement by Clarent. Requiring additional notice and subsequent lead plaintiff motion practice would undermine the PSLRA's dictate to appoint a lead plaintiff early, and would contravene this Court's prior Consolidation Order that Lead Plaintiff Otter Creek Partners "shall manage the prosecution of this litigation to avoid duplicative or unproductive activities." *See* Consolidation Order, ¶4; *Lax,* 1997 WL 461036, at *4, *6, *7 (finding that despite differing class periods, all of the complaints are "based upon a common set of operative facts," and plaintiffs who asserted additional claims against auditor are not inadequate).

Furthermore, defendants' purported fear that "other plaintiffs may file follow-on suits claiming they have not yet had the opportunity to seek relief against these defendants and that they should be appointed lead plaintiff" is unfounded. Defendants' Motion for Clarification, p. 3. To curb this fear and speculation, this Court could issue an Order (a proposed version of which is submitted herewith), similar to the Consolidation Order, stating that the complaint filed in the Auditor Proceeding is the operative complaint as to the defendants in that proceeding, and that those defendants need not respond to any other complaint. *See* Consolidation Order, p. 2

("Defendants are not required to respond to the complaint in any action consolidated into this action, other than a consolidated complaint or a complaint designated as the operative complaint.").[11] Any future argument that a plaintiff lacked the opportunity to seek relief against these defendants and that it should be appointed lead plaintiff, would be without merit. *See Sunbeam,* 1998 WL 1990884.

## IV. CONCLUSION

Pursuant to the PSLRA, following notice to investors this Court consolidated all related actions and appointed Otter Creek Partners as Lead Plaintiff over the consolidated cases and all subsequently filed related cases, including the complaint against Clarent's auditor and legal advisor which directly resulted from Otter Creek Partners' lead plaintiff duties. Further proceedings are not required, and would be wasteful and contrary to the purposes of the PSLRA. For the foregoing reasons, Otter Creek Partners respectfully requests that the Court affirm its prior Order appointing it as Lead Plaintiff over the consolidated cases and all subsequently related cases.

Dated: December 12, 2003

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

/s/ Niki L. O'Neel

NIKI L. O'NEEL

ALAN SCHULMAN
ROBERT S. GANS
NIKI L. O'NEEL
12544 High Bluff Drive, Suite 150
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

Attorneys for Plaintiffs
Otter Creek Partners I Limited Partnership
and Otter Creek International Limited

::ODMA\PCDOCS\BLBGCA\12274\2

[11] Plaintiffs offered a substantively identical draft Stipulation and Proposed Order to defendants on November 19, 2003, which defendants rejected. *See* O'Neel Decl., ¶4.