Apple Inc. v. Psystar Corporation Doc. 367

LYNN H. PASAHOW (CSB No. 054283)
CHARLENE M. MORROW (CSB No. 136411)
PATRICK E. PREMO (CSB No. 184915)
FENWICK & WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

JAMES E. HOLST (CSB No. 34654)
JOHN F. LUNDBERG (CSB No. 42956)
P. MARTIN SIMPSON (CSB No. 122867)
UNIVERSITY OF CALIFORNIA
1111 Franklin Street, 8th Floor
Oakland, CA 94607
Telephone: (510) 987-9800
Facsimile: (510) 987-9757

Attorneys for Non-Party
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION AND TARGET THERAPEUTICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORDIS NEUROVASCULAR,<br><br>Defendant. | Case No. 02-1474JW<br><br>**DECLARATION OF PATRICK PREMO IN SUPPORT OF NON-PARTY THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S EX PARTE APPLICATION COMPELLING THE RETURN OF IMPROPERLY PRODUCED DOCUMENTS**<br><br>Judge: Mag. Judge Bernard Zimmerman<br>Courtroom G, 15th Floor |

I, PATRICK PREMO, declare:

1. I am an attorney duly licensed to practice in the state of California and before this Court, and an associate with the law firm of Fenwick & West LLP in Mountain View, California. Fenwick & West is counsel of record for Non-Party The Regents of the University of California ("The Regents") in this action. I make the following statements based on my personal



Dockets.Justia.com

knowledge. If I am called as a witness, I would and could testify competently regarding each of these statements.

2. I am the attorney coordinating The Regents' response to three subpoenas issued by Defendant Cordis Neurovascular in the above litigation. One of the subpoenas is directed to the University of California, Los Angeles ("UCLA") Medical Center and seeks production of confidential documents, including private medical records for patients treated for brain aneurysms using a medical device called the Guglielmi Detachable Coil.

3. I have attempted to work with counsel for the subpoenaing party, Lisa Schneider of Sidley Austin, to appropriately narrow the requests and ensure that patient privacy interests are protected. Although we were making progress, we had not reached an agreement. The parties were still exchanging proposals for resolution of our dispute. Attached as Exhibit A is a copy of Ms. Schneider's letter dated December 11, 2003.

4. During the week of December 15, Ms. Schneider and I exchanged multiple voicemail messages regarding the scope of the protective order applicable to this case, HIPAA compliance, and the meaning and scope of a court order issued against the University of Wisconsin. Attached as Exhibit B is a copy of the letter dated December 17, 2003 from Ms. Schneider responding in part to my concerns. Attached as Exhibit C is a copy of the Protective Order entered in the *Boston Scientific v. Cordis* action, which was sent for my review by Ms. Schneider on December 17, 2003.

5. In addition to the outstanding discovery dispute, I needed to conclude my analysis and review of documents under HIPAA to ensure that any production fully complied with the detailed provisions aimed at protecting patient privacy.

6. On the afternoon of December 18, 2003, before any agreement had been reached, I learned for the first time that IKON delivered a box of UCLA documents directly to Ms. Schneider without authorization from me or any other person at Fenwick & West. I immediately contacted, Adam Manezes, the IKON account representative. Mr. Manezes admitted he had not received instructions from my firm to produce the documents. He thought it was alright to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

produce the documents to Ms. Schneider because she had asked him to send the documents directly to her and provided a Federal Express account number to facilitate delivery. He later told me he had requested return of the documents from Ms. Schneider, but that she had refused. Attached as Exhibit D is a copy of Adam Manezes' letter dated December 19, 2003.

7. After talking with Mr. Manezes, I called and left a message for Ms. Schneider informing her that I had not authorized release of the documents and requested return of the documents. I followed up with a letter, which is attached as Exhibit E. At first, she seemed willing to return the box. However, in a letter sent the next day, she refused. Attached as Exhibit F is a copy of Lisa Schneider's letter dated December 19, 2003.

8. Ms. Schneider has refused subsequent requests for return of the documents, even though there is also a provision for inadvertent production of documents in the *Cordis* protective order. Attached as Exhibit G is a copy of my letter dated December 19, 2003.

9. Ms. Schneider will only return the documents if I comply with her demands, which were the subject of our meet and confer discussions leading up to IKON's improper disclosure. Attached as Exhibit H is a copy of Lisa Schneider's letter dated December 22, 2003. Attached as Exhibit I is a copy of my letter in response to Ms. Schneider, which is also dated December 22, 2003.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ____ day of December 2003 at Mountain View, California.

______________________________

Patrick E. Premo

1181249

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW