Apple Inc. v. Psystar Corporation
Doc. 367 Att. 2

# Exhibit C

Dockets.Justia.com

[SEE SIGNATURE PAGE FOR ATTORNEY NAMES]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and TARGET THERAPEUTICS, INC., Plaintiffs, vs. CORDIS CORPORATION, Defendant. | Case No. C 02 1474 JW<br>[CORRECTED]<br>**REVISED STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

To facilitate production and receipt of information during discovery in the above-referenced action, plaintiffs Boston Scientific Corporation and Target Therapeutics, Inc. (collectively, "Plaintiffs"), and defendant Cordis Neurovascular, Inc. ("Cordis"), which was incorrectly named as Cordis Corporation in the complaint, have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential research, development, or commercial information that may be produced or otherwise disclosed by them or by any third party during the course of this action.

Upon consideration of the record and proceedings herein and the stipulation of the parties:

IT IS ORDERED THAT;

1. "Confidential Information" shall mean and include any documents (whether in hard copy or computer readable form), things, deposition testimony, responses to requests for production, or other information provided in discovery in this action ("Discovery Material"), which contain non-public, confidential or proprietary information, whether personal or business-related, including trade secrets, know-how or proprietary data, business, financial or commercial information and patient identifiable information (including but not limited to patient names, social security numbers or other identifying information in medical records). Any party to this action, or a third-party producing Discovery Material in response to a subpoena ("Designating Party") may designate its Confidential Information as CONFIDENTIAL. Confidential Information shall not include any Discovery Materials that:

a. Have been or become lawfully in the possession of the party receiving the same ("Receiving Party") through communications other than production or disclosure in this action; or

b. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

2. The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as CONFIDENTIAL shall be made by conspicuously affixing the appropriate legend on each page (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. To the extent practical, the CONFIDENTIAL designation shall be placed near the Bates number. If a document has more than one designation, the more restrictive designation applies.

3. All designations of Discovery Material as CONFIDENTIAL shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and a party may so designate Discovery Material thereafter subject to the protections of this Protective Order.

4. Inadvertent (i.e. unintentional) production of documents (including physical objects) subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production. After notification is made, the Receiving Party shall immediately return to the Designating Party all copies of such inadvertently produced documents and shall immediately confirm in writing that all electronic copies have been deleted or destroyed. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work

product immunity designation by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the proprietary of the privilege or immunity designation on the grounds that the privilege or immunity was waived by production of the document. If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy such documents. Furthermore, if no such challenge is brought, or if any such challenge is unsuccessful, the Receiving Party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been deleted and/or destroyed.

5. Subject to paragraph 6 of this Protective Order, "Qualified Persons" having access to Discovery Material designated CONFIDENTIAL in this action are:

a. Goodwin Procter LLP, and its employees whose duties and responsibilities require access to such materials;

b. Thelen Reid & Priest LLP, and its employees whose duties and responsibilities require access to such materials;

c. Sidley Austin Brown & Wood, LLP, and its employees whose duties and responsibilities require access to such materials;

d. For all parties, designated in-house attorneys, whose names are listed below and who now have responsibility for maintaining, defending or evaluating this litigation (but who do not have direct responsibility for prosecuting patent applications related to apparatuses or devices used to cause the formation of embolisms) and clerical employees whose duties and responsibilities require access to such materials:

i. For Plaintiffs, Peter Gafner, Director and Managing Counsel for Cardiology Litigation; Albert Kau, Patent Counsel; Luke Dohmen, Vice President and Chief Patent Counsel, Cardiology; and Paul Sandman, Senior Vice President, Secretary and General Counsel;

ii. For Cordis, Cordis, Theodore Van Itallie, Jr., Associate General Counsel; Eric I. Harris, Assistant General Counsel and Chief Antitrust Counsel; Paul A. Coletti, Associate Patent Counsel; Rob Deberardine, Associate Patent Counsel; and Phil Johnson, Chief Patent Counsel.

e. Independent consultants and expert witnesses retained by or for the parties and their counsel, including technical consultants and accounting or financial experts.

f. Vendors retained by or for the parties for preparing audiovisual aids, *e.g.*, exhibits, models, graphics and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation;

g. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this action; and

h. Outside document copying services, and/or document coding or computerization services.

6. Qualified Persons defined in paragraph 5(e) shall be allowed access to Confidential Information only after the Receiving Party has complied with the following procedure:

a. Before receiving any Confidential Information the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the secrecy agreement

form Attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

b. Outside counsel for the Receiving Party shall furnish a copy of the executed secrecy agreement form to the Disclosing Party, along with a curriculum vitae of the person.

c. The Disclosing Party will have seven (7) business days to object in writing to the disclosure of Confidential Information to the particular person. If objection to the disclosure is made within seven (7) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, no Confidential Information shall be made available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

7. Confidential Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than to Qualified Persons, and subject to the restrictions in paragraphs 5-6 of this Protective Order. Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

8. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

9. If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all

pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure

10. When Confidential Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraph 5 of this Protective Order to have access to such Confidential Information are present. The use of any Confidential Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

11. During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown Confidential Information from another party's Discovery Materials that appears to be authored or received in the normal course of business by the deponent/witness. Use of Confidential Information during a deposition shall be subject to compliance with this Protective Order.

12. Any deposition transcript containing Confidential Information shall be marked on the cover as CONFIDENTIAL as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested to separate those portions of the transcript containing CONFIDENTIAL information and separately bind them from each other and from the non-confidential portions. However, a Designating Party may also designate any portion or all (if appropriate) of the transcript or exhibits as CONFIDENTIAL with page and line references as to the affected testimony, by so advising the deposition reporter (who shall accordingly indicate the designations in the transcripts or exhibits) and all parties in writing, within thirty (30) days after receipt of the transcript. Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be CONFIDENTIAL. It is understood that Qualified Persons pursuant to paragraph 5(d) may attend depositions and review deposition transcripts and exhibits. In the event of disagreement about the

confidential status of a deposition transcript, it shall be treated as CONFIDENTIAL until this Court rules otherwise.

13. Any pleading, paper or other documents filed in this action which contains or discloses Confidential Information shall be filed under seal in ~~according~~ accordance with Civil Local Rule 79-5 and Judge Ware's Standing Orders.

14. Entering into, agreeing to and/or producing or received Confidential Information or otherwise complying with the terms of this Protective Order shall not:

a. Operate as an admission by any party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Protective Order;

e. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information;

f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Confidential Information by that party.

15. The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as CONFIDENTIAL to challenge or object to the CONFIDENTIAL or designation shall not be deemed a waiver of its right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as CONFIDENTIAL and may request permission to use or disclose information with the CONFIDENTIAL designation other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least five (5) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Confidential Information, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within five (5) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

16. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties and any third party from whom documents are produced agree otherwise in writing. Any and all originals and copies of Discovery Materials designated CONFIDENTIAL shall, at the request of the Designating Party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the Designating Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, and documents constituting work product which were internally generated based upon or which include Confidential Information. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of Confidential Information to another party or third party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

17. Third parties who produce information in this action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

18. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

**ATTESTATION OF SIGNATURE**

**(N.D. Cal. General Order 45)**

Boston Scientific Corporation and Target Therapeutics, Inc. v. Cordis Corporation

Case No. C 02 1474 JW

I, Susan E. Bower, hereby attest that concurrence in the filing of the following document:

**REVISED STIPULATED PROTECTIVE ORDER**

has been obtained from the following signatory:

Roland Schwillinski

Dated: November 10, 2003

SIDLEY AUSTIN BROWN & WOOD LLP

By: /s/ Susan E. Bower

Attorneys for Defendant Cordis Neurovascular, Inc.

## EXHIBIT A

## SECRECY AGREEMENT

I, ______________________________________________, state:

I reside at ________________________________________

________________________________________.

I have read the Stipulated Protective Order dated ____________________, 2003 and have been engaged as a ________________________________ on behalf of ________________________________________________ in the preparation and conduct of the action *Boston Scientific Corporation, et al. v. Cordis Corporation*, Civil Action No. 02 1474 JW, United States District Court, Northern District of California.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any designated Confidential Information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any designated Confidential Information are to be returned to counsel who provided me with such material. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order. I agree to submit to the jurisdiction of the Court for purposes of enforcement of the Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _______ day of ________________, 2003

________________________________