Apple Inc. v. Psystar Corporation
Doc. 367 Att. 5

# Exhibit F

Dockets.Justia.com

SIDLEY AUSTIN BROWN & WOOD LLP

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com

FOUNDED 1866

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
(312) 853 7567

WRITER'S E-MAIL ADDRESS
lschneider@sidley.com

December 19, 2003

**By Facsimile**

Patrick E. Premo
Fenwick & West LLP
Silicon Valley Center
810 California Street
Mountain View, California 94041

Re: Boston Scientific and Target Therapeutics v. Cordis Neurovascular, Case Number C 02 1474 JW

Dear Patrick:

I write in response to your letter of December 18 requesting the return of the UCLA documents. It has always been, and continues to be, Cordis' position that patient records should be produced in response to the subpoena. As you will recall, on December 11, I wrote you a letter indicating that Cordis would reimburse UCLA for the cost of redacting patient information (other than the date of procedure) from the medical records responsive to the UCLA subpoena, noting that 45 C.F.R. 512(e)(1)(ii) authorized production of these documents, and asking for confirmation that the documents would be promptly produced. In response, you left me a voicemail on December 12 indicating that, given that Cordis had agreed to pay for the redaction of the documents, the UCLA patient records would be produced once the confidentiality issues had been resolved. You also asked for a copy of the protective order in this case, which I forwarded to you the morning of December 17. Along with the protective order, I included a letter specifically pointing out the provisions of the protective order that were relevant to an analysis under 45 C.F.R. 512(e)(1)(ii) and stating that it was Cordis' position that patient records should be produced without the date of procedure redacted.

Furthermore, the documents were sent to me by IKON. An IKON representative had called me indicating that your office had provided them with a box of documents for production and requesting authorization to bill Cordis for a copy set and requesting a shipping number to ship the documents to me. Obviously, Cordis would not have agreed to pay for the copying and labeling of documents that UCLA did not intend to promptly produce.

Upon receipt of the documents, we therefore had every reason to assume the documents were properly produced to us. Indeed, upon an initial review, it appears that the documents have been bates labeled, marked confidential, and heavily redacted (including the redaction of all patient names, birth dates and the like). Furthermore, it appears that the documents are responsive to the subpoena, and that the documents are highly relevant to the litigation. Additionally, I have since learned that your office requested multiple copies of the documents, furthering the conclusion that these documents were ready for production.

We therefore see no basis for your request that the documents be returned. If there is specific information you believe still needs to be redacted, or if you believe there are attorney client privileged documents in the box, please so advise us. We will agree to cease further review of the documents until December 26 to ensure that you have had an adequate opportunity to identify any such information. However, we will not return the documents simply because you have now decided (contrary to your telephone call of December 12) not to produce the documents.

Very truly yours,

Lisa A. Schneider

cc: Roland H. Schwillinski