Apple Inc. v. Psystar Corporation
Doc. 367 Att. 7

# Exhibit G

Dockets.Justia.com

FENWICK & WEST LLP

PATRICK PREMO

EMAIL PPREMO@FENWICK.COM
DIRECT DIAL 650.335.7963

December 19, 2003

**VIA FACSIMILE AND U.S. MAIL**

Lisa A. Schneider, Esq.
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603

Re: *Boston Scientific Corp. v. Cordis Neurovascular*
Case No. C 02-1474JW

Dear Lisa:

This letter is in response to your letter and our telephone calls today, in which you refused to return the medical records that IKON improperly and erroneously released to you.

As you know, these documents contain highly confidential, private patient information from UCLA Medical Centre. My client, The Regents of the University of California, is a third party to this dispute. It has consistently tried to work with you to ensure that it fully complies with the subpoenas. You have no basis to hold these documents hostage in order to force concessions from the University.

You argue in your letter that you believed that the documents were correctly produced. Given the fact that you and I have been in negotiations ever since the University of California served its objections on November 21, it is unreasonable for you to have assumed that we had reached a resolution. You and I spent all week trading voicemail messages regarding how the private patient information would be properly protected and how your client would compensate for the expense associated with your third party demand. We had not concluded these discussions.

I was very clear in my voicemails to you this week that we needed to ensure the protective order complied with HIPAA (45 C.F.R § 164.512(e)(1)(ii)), that our own redactions complied with the statute, and that Cordis appropriately compensated the University for its efforts. At no time did we exchange letters confirming resolution of our dispute.

You and your firm's involvement to date has been highly suspect. The photocopy service claims you told them to send the documents directly to you and provided a Federal Express number to assist them. You and I never discussed, let alone agreed, that the production would be handled in this manner. While you and IKON appear to be in disagreement over what happened, the fact remains that neither you nor IKON was ever authorized to receive the information. Moreover, neither ever contacted me or anyone at my firm to confirm that the documents could be released. If there was any question, you could easily have called me. In any event, now that you know that IKON has made the error, you should comply with our request and return the documents.

From the beginning of this process, we have been more than willing to work with you to provide responsive materials. My client fully intends to comply with its obligations. We take issue, however, with your attempt to exploit this situation and force concessions that might jeopardize federally protected privacy interests. Therefore, we once again request that you immediately release these records and comply with your ethical obligations as well as the terms of the protective order, which require return of privileged documents inadvertently produced. IKON has acknowledged its error and is willing to pay for the shipment costs for return of the documents.

Your attempt to exploit IKON's error is indefensible and, frankly, outrageous. Please confirm in writing ***by noon on Monday, December 22*** that you will return the documents and destroy any copies, or we will file an ex parte application. At that time, we will also seek sanctions for reimbursement for costs incurred in bringing the application.

Very truly yours,

Patrick Premo

PEP:mg

cc: Lynn H. Pasahow, Esq.

1181193