Apple Inc. v. Psystar Corporation

Doc. 367 Att. 8

# Exhibit H

Dockets.Justia.com

SIDLEY AUSTIN BROWN & WOOD LLP

BEIJING | BRUSSELS | CHICAGO | DALLAS | GENEVA | HONG KONG | LONDON

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com

FOUNDED 1866

LOS ANGELES | NEW YORK | SAN FRANCISCO | SHANGHAI | SINGAPORE | TOKYO | WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
(312) 853 7567

WRITER'S E-MAIL ADDRESS
lschneider@sidley.com

December 22, 2003

**By Facsimile**

Patrick E. Premo
Fenwick & West LLP
Silicon Valley Center
810 California Street
Mountain View, California 94041

Re: Boston Scientific and Target Therapeutics v. Cordis Neurovascular, Case Number C 02 1474 JW

Dear Patrick:

In response to your voice mail that I received at approximately 5:30 p.m. on Friday and the letter I received long after the close of business on Friday, please be advised that Cordis stands by its position with respect to the UCLA documents. As far as I can tell, your primary complaint is that the documents were not quality checked to ensure patient identifiable information was redacted. I have informed you repeatedly that, although Cordis is willing to accept partially redacted documents, no redaction is necessary in light of 45 C.F.R. 512(e)(1)(ii) which authorizes the disclosure of protected information in response to a subpoena when there is a qualified protective order in place. You have never suggested that UCLA disagrees with this position, nor have you indicated that the protective order in this case is inadequate; you have merely stated that UCLA is looking into it. Furthermore, as an accommodation to you, Cordis proposed that the parties consider an arrangement whereby Cordis would return the documents if UCLA would agree to re-produce the documents after the redactions had been quality checked. You have now rejected that proposal out of hand.

Furthermore, your allegations of "suspect" behavior are completely without merit. IKON contacted me, asked for approval to bill the copy charges to Cordis, and asked me for a shipping number to use to ship the documents to us. I never asked IKON for a copy set, nor do I believe that IKON would have provided Sidley with a copy set of documents received from another law firm simply because I had asked for them. Furthermore, there was no reason why I would have contacted you to ensure IKON was acting appropriately. IKON could only have received my name and telephone number from your office and, once I was contacted by IKON, it was entirely reasonable to conclude that you had decided to produce additional documents. If

you intended to copy documents at Cordis' expense that you did not intend to produce, it is you who should have sought advance approval.

We are unaware of any provision in the Federal Rules that requires us to return documents that have been produced in response to a subpoena. Furthermore, your allegation that these documents constitute work product and therefore fall under the inadvertent production provision of the protective order is unsupportable -- the vast majority of the documents are patient records that simply do not constitute work product. That said, we have segregated the documents, and ceased any review of the documents, pending your identification of attorney-client privileged documents, or other documents that have a legitimate basis for not being produced. Furthermore, if you can identify particular documents that need to be further redacted, they will be returned so long as UCLA agrees to re-produce redacted versions of those documents. Finally, the entire box will be returned if: (1) UCLA agrees to promptly re-produce all of the documents that are either dated prior to February 24, 1992 or refer to relevant procedures which occurred prior to February 24, 1992; (2) agrees not to redact the date of procedure; (3) agrees not to redact the physician name; and (4) agrees not to redact any references to detachable coils. Your refusal to consider such a reasonable proposal -- especially when our initial review has demonstrated that these documents are responsive to the subpoena -- can only be taken as an attempt to circumvent UCLA's discovery obligations.

Very truly yours,

Lisa A. Schneider

Lisa A. Schneider

cc: Roland H. Schwillinski