TOWNSEND AND TOWNSEND AND CREW LLP
PAUL W. VAPNEK (State Bar No. 36576)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

FULBRIGHT & JAWORSKI L.L.P.
PETER F. FELFE
BRUCE J. KOCH
THORSTEN SCHMIDT
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
Telephone: (212) 318-3163
Facsimile: (212) 318-3400

FULBRIGHT & JAWORSKI L.L.P.
DAVID L. PARKER (Tx. Bar No. 15475320)
600 Congress Avenue, #1900
Austin, Texas 78701
Telephone: (512) 536-3055
Facsimile: (512) 536-4598

Attorneys for Defendants
C. STIEFELMAYER GMBH & CO. KG,
CERION GMBH and VITRO LASER
GMBH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LASER DESIGN INTERNATIONAL, LLC and NORWOOD OPERATING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>C. STIEFELMAYER GMBH & CO. KG, a German limited partnership, XEON SYSTEMS GMBH (aka CERION GMBH), a German limited liability company, CRYSTAL CAPTURE INTERNATIONAL, LLC, a Nevada limited liability company, G.W. PARTNERS INTERNATIONAL, INC., a California corporation, HIRSCH GIFT INC., a Texas corporation, VISIONS IN CRYSTAL, INC., a California corporation, VITRO LASER GMBH, a German limited liability company, and DOES 1-20,<br><br>Defendants. | Lead Case No. C 03-1179 JSW<br>Consolidated with No. C 03-3905 JSW<br><br>**DEFENDANT CERION GMBH'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |

CERION GMBH

Counterclaimant,

v.

LASER DESIGN INTERNATIONAL, LLC and NORWOOD OPERATING COMPANY,

Counterdefendants

Defendant Cerion GmbH ("Cerion"), hereby answers the First Amended Complaint of Plaintiffs Laser Design International, LLC ("LDI") and Norwood Operating Company ("Norwood") (collectively, "Plaintiffs"), as follows:

**Statement of Related Case**

1. Cerion admits that there is a pending case before this Court entitled *Laser Design Int'l, LLC et al. v. BJ Crystal, Inc. et al.*, No. C 03-1179 JSW which concerns the patent-in-suit, U.S. Patent No. 5,206,496 C1, and which has been consolidated with this case No. C 03-3905 JSW pursuant to an Order of Consolidation dated November 18, 2003.

**The Parties**

2. On information and belief Cerion admits the allegation in paragraph 2 of the First Amended Complaint.

3. On information and belief Cerion admits the allegation in paragraph 3 of the First Amended Complaint.

4. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 4, and on that basis denies those allegations of the First Amended Complaint.

5. Cerion admits the allegations of paragraph 5 of the First Amended Complaint.

6. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 6, and on that basis denies those allegations of the First Amended Complaint.

7. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 7, and on that basis denies those allegations of the First Amended Complaint.

8. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 8, and on that basis denies those allegations of the First Amended Complaint.

9. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 9, and on that basis denies those allegations of the First Amended Complaint.

10. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 10, and on that basis denies those allegations of the First Amended Complaint.

11. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 11, and on that basis denies those allegations of the First Amended Complaint.

12. Cerion lacks knowledge or information sufficient to admit or deny the allegations of paragraph 12, and on that basis denies those allegations of the First Amended Complaint.

**Jurisdiction and Venue**

13. Cerion admits that the Court has subject matter jurisdiction over this action, and except as specifically stated, denies the allegations of paragraph 13 of the First Amended Complaint.

14. Cerion denies the allegations of paragraph 14 of the First Amended Complaint, specifically, that the Court has personal jurisdiction over it. Cerion's contacts with this jurisdiction are not legally sufficient.

15. Cerion denies that venue is proper in this District because Cerion's contacts with this District are not sufficient.

**The Patent**

16. Cerion admits that U.S. Patent 5,206,496 (the "'496 patent") entitled Sub-Surfacing Marking was issued by the United States Patent and Trademark Office ("USPTO") on April 27, 1993 but denies that it was duly and legally issued. Cerion admits that the '496 patent was reexamined by the USPTO and a reexamination certificate ("U.S. Patent No. 5,206,496 C1" or the "'496-C1 patent") was issued on November 19, 2002 but denies that it was duly and legally issued. Cerion further admits that Plaintiffs attached a copy of the '496 patent and the '496-C1 patent to its First Amended Complaint. Except as expressly admitted, Cerion denies the allegations of paragraph 16 of the First Amended Complaint.

17. Cerion lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17 concerning ownership of the '496-C1 patent, and on that basis denies those allegations. The cover page of the '496-C1 patent lists United Distillers PLC as assignee.

**Patent Infringement**

18. Cerion denies the allegations of paragraph 18 of the First Amended Complaint.

19. Cerion denies the allegations of paragraph 19 of the First Amended Complaint.

20. Cerion denies the allegations of paragraph 20 of the First Amended Complaint.

21. Cerion denies the allegations of paragraph 21 of the First Amended Complaint.

22. Cerion denies the allegations of paragraph 22 of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

For its further and separate affirmative defenses to the First Amended Complaint, Cerion asserts as follows:

**First Affirmative Defense**

23. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Cerion.

**Second Affirmative Defense**

24. The claims of the '496-C1 patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

**Third Affirmative Defense**

25. Cerion has not infringed, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '496-C1 patent.

**Fourth Affirmative Defense**

26. Some or all of Plaintiffs' claims are barred by 35 U.S.C. § 307(b).

**Fifth Affirmative Defense**

27. Any cause of action alleged in the First Amended Complaint is barred in whole or in part by the doctrines of laches and/or estoppel.

**Sixth Affirmative Defense**

28. Any cause of action alleged in the First Amended Complaint is barred in whole or in part by plaintiff's misuse of the '496-C1 patent.

**Seventh Affirmative Defense**

29. The '496-C1 patent is invalid and/or unenforceable due to the patentee's inequitable conduct in procuring the '496-C1 patent.

## COUNTERCLAIMS

Cerion alleges for its counterclaims against Plaintiffs, on personal knowledge and belief as to its own activities and on information and belief as to the activities of others, as follows:

### The Parties

30. Cerion is a German limited liability company with a principal place of business at Lübbecker Straβe 240, 32429 Minden, Germany.

31. On information and belief, Laser Design International, LLC ("LDI") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business at 140 Seascape Ridge Drive, Aptos, California 95003.

32. On information and belief, Norwood Operating Company, Inc. d/b/a Norwood Promotional Products ("Norwood") is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 1309 Plainfeld Avenue, Janesville, Wisconsin 35545.

### Jurisdiction and Venue

33. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

34. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

### Intra-District Assignment

35. Pursuant to Civil L-R 3-2(c), assignment to any Division within the Northern District of California is appropriate.

### FIRST COUNTERCLAIM FOR DECLARATORY RELIEF
(Declaration of Non-Infringement Regarding the '496-C1 Patent)

36. Cerion realleges and incorporates by reference each allegation contained in Paragraphs 30 through 35, inclusive, as if fully set forth herein.

37. On or about November 19, 2002, the reexamination certificate to the '496-C1 patent was issued.

38. On August 22, 2003, LDI and Norwood filed a Complaint for Infringement of U.S. Patent No. 5,206,496 C1 ("'496-C1 patent"), naming Cerion as a defendant. Subsequently, on

September 10, 2003, LDI and Norwood filed a First Amended Complaint for Patent Infringement of the '496-C1 patent, naming Cerion as a defendant.

39. Cerion has not infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '496-C1 patent.

40. LDI and Norwood deny some or all of the allegations in Paragraphs 36 through 39 above. Therefore, a justiciable controversy has arisen and exists between Cerion and LDI and Norwood. Cerion desires a judicial determination and declaration of the parties' respective rights and duties concerning the '496-C1 patent. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity and alleged infringement of this patent.

**SECOND COUNTERCLAIM FOR DECLARATORY RELIEF**
(Declaration of Invalidity of the '496-C1 Patent)

41. Cerion realleges and incorporates by reference each allegation contained in Paragraphs 30 through 40, inclusive, as if fully set forth herein.

42. The '496-C1 patent is invalid because it fails to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code.

43. LDI and Norwood deny some or all of the allegations in Paragraphs 41 through 42 above. Therefore, a justiciable controversy has arisen and exists between Cerion and LDI and Norwood. Cerion desires a judicial determination and declaration of the parties' respective rights and duties concerning the '496-C1 patent. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity and alleged infringement of this patent.

**THIRD COUNTERCLAIM FOR DECLARATORY RELIEF**
(Declaration of Unenforceability of the '496-C1 Patent)

44. Cerion realleges and incorporates by reference each allegation contained in Paragraphs 30 through 43, inclusive, as if fully set forth herein.

45. The '496-C1 patentees improperly failed to disclose material information including prior art to the USPTO with an intent to deceive the USPTO into issuing the '496-C1 patent.

46. The '496-C1 patentees improperly failed to disclose known prior use and knowledge of the alleged invention of the '496 patent.

47. The '496-C1 patentees improperly failed to disclose to the USPTO during the reexamination of the '496 patent with an intent to deceive, prior art, including declarations showing prior use and knowledge of the alleged invention which were filed by defendants in *Laser Design Int'l, LLC et al. v. Scanova, Ltd. et al.*, No. C-97 20274 RMW (PVT), and other prior art of record in European Patent Office proceedings and/or otherwise available to Plaintiffs.

48. The '496-C1 patent is unenforceable due to the failure of the patentees, assignees or its predecessor in interest to cite material prior art to the USPTO, to disclose known prior use and knowledge, and to disclose declarations showing prior use.

## FOURTH COUNTERCLAIM FOR DECLARATORY RELIEF

(Declaration of Intervening Rights Pursuant to 35 U.S.C. §§ 252 and 307(b))

49. Cerion realleges and incorporates by reference each allegation contained in Paragraphs 30 through 48, inclusive, as if fully set forth herein.

50. During the reexamination of the '496 patent the patentees amended claims of the '496 patent in an attempt to confer patentability to these claims under 35 U.S.C. Additionally, patentees added claims during the reexamination that were not present in the '496 patent. These amended and new claims were accepted by the USPTO and issued in the '496-C1 patent.

51. Prior to the issuance of the '496-C1 patent Cerion imported, sold or offered to sell into the U.S. or made substantial preparations to manufacture, sell or import into the U.S. articles that LDI and Norwood allege are covered by the '496-C1 patent.

52. If the '496-C1 patent is valid and infringed, Cerion has intervening rights to continue to manufacture, sell or import such articles into the U.S.

## Prayer for Relief

Wherefore, Cerion requests that the Court enter judgment in its favor and against both LDI and Norwood's Complaint and Cerion's Counterclaims as follows:

A. Dismissing Plaintiffs' claims for patent infringement;

B. Declaring that the '496-C1 patent is invalid and/or unenforceable;

C. Declaring that Cerion has not infringed, contributed to the infringement of or induced others to infringe any valid claim of the '496-C1 patent;

D. Declaring that the patentees were guilty of inequitable conduct in the procurement of the '496-C1 patent;

E. Declaring that if the '496-C1 patent is valid and infringed, Cerion has intervening rights to continue to manufacture, sell or import into the U.S. that are covered by the '496-C1 patent or made by its method;

F. Ordering Plaintiffs, its agents, and all persons acting in concert or participation with any of them, be enjoined from charging infringement of or instituting any further action for infringement of the '496-C1 patent against Cerion or its customers;

G. Awarding Cerion its costs incurred in this action, together with reasonable attorneys' fees and a declaring that this is an exceptional case under 35 U.S.C. § 285;

H. Granting such other and further relief as this Court may deem just and proper.

Dated: January 5, 2004

TOWNSEND and TOWNSEND and CREW LLP

By /s/
Paul W. Vapnek

Attorneys for Defendants
C. STIEFELMAYER GMBH & CO. KG,
CERION GMBH and VITRO LASER GMBH

60110360 v1