KEVIN V. RYAN (California State Bar No. 118321)
United States Attorney
JAY R. WEILL (California State Bar No. 75434)
Assistant United States Attorney
Chief, Tax Division
DAVID L. DENIER (California State Bar No. 95024)
Assistant United States Attorney
10th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6888

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **LAWRENCE F. ANDERSON,** | **No. C-01-3747-VRW** |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES OF AMERICA,** | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| **Defendant.** | **DATE: JANUARY 27, 2004**<br>**TIME: 9:00 A.M.** |

The parties submit the following joint case management conference statement.

1. A brief description of the events underlying the action:

On February 5, 1993, the IRS issued a notice of levy to Sutro & Co. on an IRA account held by plaintiff. The taxes owing shown on the levy totaled $225,251.54 and are related to a 1982 Form 1040 and three liabilities for three separate periods shown on Form 5330, Return of Excise Taxes Related to Employee Benefit Plans. Proceeds were not immediately paid over by Sutro & Co. as plaintiff filed for bankruptcy protection under Chapter 11 on February 19, 1993. The bankruptcy case was converted to a Chapter 7 on March 2, 1995, and was dismissed on May 30, 1995. No tax liabilities were discharged as a result of the bankruptcy proceedings. On January 18, 1996, Sutro & Co. paid the IRS $225,251.54 pursuant to the levy.

By his amended complaint, plaintiff seeks a refund in the amount of $225,251.54, plus interest, relating to the levy on his IRA at Sutro & Company. Plaintiff also appears to claim damages under 26 U.S.C. § 7433 for unauthorized collection action.

Dockets.Justia.com

The government contends that the Court is without subject matter jurisdiction because plaintiff failed to timely file a claim for refund and because plaintiff failed to file an action for damages under 26 U.S.C. § 7433 within two years from the date when his right of action accrued. The plaintiff disagrees with the government's position. Plaintiff contends that he filed a timely original claim with IRS agent Han in September 1995 and subsequently. Plaintiff also contends that the period of limitations for filing a claim for refund and for damages was suspended because plaintiff was financially disabled within the meaning of 26 U.S.C. § 6511(h). The government filed a motion to dismiss plaintiff's original complaint based on lack of subject matter jurisdiction on June 7, 2002. The Court terminated the government's motion on February 27, 2003, after it allowed the plaintiff to file an amended complaint. Plaintiff contends that his amended complaint contains facts and offers proof that the government's original motion to dismiss lacks merit, therefore, a renewed motion on the same basis is groundless and is a waste of the court's time.

Plaintiff contends among other things that the notice of levy served on Sutro & Co. by the IRS on February 5, 1993, with respect to which the levied funds were paid on January 18, 1996, was invalid as to the IRAs. Plaintiff also contends that he is not liable for the aforementioned tax assessments that were made against him. Plaintiff further contends that the IRS improperly refused to cooperate in bankruptcy plan that had sufficient assets to pay the taxes without destroying his entire estate and leaving him and his minor son homeless, objected to the confirmation of his bankruptcy plan and encouraged the Bankruptcy court to convert his case to Chapter 7. Plaintiff also alleges that the IRS failed to follow proper assessment procedures.

2. The principal issues in dispute:

a. Whether plaintiff timely filed a claim for refund, either within three years of filing the return or two years from payment of the tax? See 26 U.S.C. § 6511(a).

b. Assuming plaintiff filed a timely claim for refund, whether or not the tax assessments made against plaintiff were erroneous as claimed in the amended complaint?

c. Whether plaintiff's action for damages pursuant to 26 U.S.C. § 7433 was brought within two years of the date the right of action accrued?

d Assuming plaintiff filed a timely action under 26 U.S.C. § 7433, whether the notice of levy served on Sutro & Co by the IRS on February 5, 1993, with respect to which the levied funds were paid on January 18, 1996, was valid as to the IRA accounts?

3. Discovery:

The United States response to plaintiff's initial discovery will be completed before the case management conference. The parties had a two hour telephone conversation on January 21, 2004. Plaintiff will seek additional discovery. Plaintiff has agreed to try to be more specific in his subsequent discovery requests. Plaintiff contends that the government has not cooperated in discovery.

4. Litigation Plan:

The government intends to renew its motion to dismiss for lack of subject matter jurisdiction. It is the government's position that all the relevant facts and documents surrounding these issues have been discovered. Plaintiff disagrees and contends that additional discovery is required before the government's motion should be heard. The government proposes that it file its motion on or before February 19, 2004, to be heard on March 25, 2004. The plaintiff's response would be due on March 4, 2004 and the government's reply would be do on March 11, 2004. The government would not object to granting the plaintiff additional time to respond if he requires it.

If the government's motion is denied in full or in part, a further case management conference should be held to schedule a trial on the remaining issues.

Dated: JAN 22, 2004

LAWRENCE F. ANDERSON
Plaintiff In Pro Per

KEVIN V. RYAN
United States Attorney

Dated: JAN 22, 2004

DAVID L. DENIER
Assistant United States Attorney
Tax Division
Attorneys for Defendant United States

d. Assuming plaintiff filed a timely action under 26 U.S.C. § 7433, whether the notice of levy served on Sutro & Co. by the IRS on February 5, 1993, with respect to which the levied funds were paid on January 18, 1996, was valid as to the IRA accounts?

3. Discovery:

The United States response to plaintiff's initial discovery will be completed before the case management conference. The parties had a two hour telephone conversation on January 21, 2004. Plaintiff will seek additional discovery. Plaintiff has agreed to try to be more specific in his subsequent discovery requests. Plaintiff contends that the government has not cooperated in discovery.

4. Litigation Plan:

The government intends to renew its motion to dismiss for lack of subject matter jurisdiction. It is the government's position that all the relevant facts and documents surrounding these issues have been discovered. Plaintiff disagrees and contends that additional discovery is required before the government's motion should be heard. The government proposes that it file its motion on or before February 19, 2004, to be heard on March 25, 2004. The plaintiff's response would be due on March 4, 2004 and the government's reply would be do on March 11, 2004. The government would not object to granting the plaintiff additional time to respond if he requires it.

If the government's motion is denied in full or in part, a further case management conference should be held to schedule a trial on the remaining issues.

Dated: ___________

LAWRENCE F. ANDERSON
Plaintiff In Pro Per

KEVIN V. RYAN
United States Attorney

Dated: 1/23/04

DAVID L. DENIER
Assistant United States Attorney
Tax Division
Attorneys for Defendant United States