Apple Inc. v. Psystar Corporation Doc. 467 Att. 1



Daniel Rapaport (Bar No. 67217)
Charles M. Miller (Bar No. 148746)
**WENDEL, ROSEN, BLACK & DEAN, LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928

Attorneys for Plaintiffs
BALCH ENTERPRISES, INC. and BALCH, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BALCH ENTERPRISES, INC. and BALCH, LLC., Plaintiffs, vs. INSURANCE COMPANY STATE OF PENNSYLVANIA, a foreign corporation, and DOES 1 through 10, Defendants. | Case No. C-03-01783 CRB ARB<br><br>**DECLARATION OF PETE LIGEROS IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION** |

I, Pete Ligeros, declare:

I make the following statements upon my own personal knowledge unless otherwise indicated.

**BASIS OF OPINIONS**

The opinions stated in this report are limited in scope to the issues addressed and are based upon: (1) insurance and risk management industry custom and practice as I have come to know and understand it, (2) review of the materials listed in this report, (3) the experience described herein and in my curriculum vitae, which is attached as Exhibit A, and (4) my understanding of insurance coverage in general.



Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

EXHIBIT B

Dockets.Justia.com

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**EXPERIENCE/QUALIFICATIONS**

I have worked as a risk management and insurance consultant since March of 1983. My work involves consulting with insurance companies, claims managers, insurance company underwriters, commercial and public entities, and lawyers on matters relating to the identification and transfer of risk through the use of insurance, self-insurance, pooling arrangements, fronting arrangements, wrap-up insurance programs, contracts of indemnity, and other appropriate mechanisms.

My consulting activities focus on the drafting, interpretation, meaning, history and application of first and third-party insurance coverage; coverage formats and policy provisions of insurance policies including commercial general, umbrella and medical professional liability coverages; pooling arrangements; fronting arrangements; wrap-up insurance programs; and the interaction of these coverages with contracts of indemnity and others. I have been involved in the review and analysis of insurance and risk management programs for numerous Fortune 500, small and medium size companies, public entities and entities utilizing pooling and fronting arrangements.

In the course of my work over the years, I have reviewed and studied various Insurance Services Office (ISO and its predecessor) drafting documents dating back to 1957, dealing with commercial liability coverage, which discuss the intent behind the coverage terms and exclusions common to liability coverage. In addition, I have drafted policy wording and entire coverage documents for insurers, self-insured entities and pooling arrangements.

I have routinely consulted with underwriters of companies whose policies I review or assisted in drafting, and others, to discuss various policy provisions and the intent behind them. I routinely consult with insurance claims managers, agents, brokers, underwriters, and risk managers across the country to answer questions regarding the areas of expertise described above and with claims managers, underwriters and attorneys for insureds and insurers seeking advice regarding coverage disputes involving the application and/or denial of coverage.

I also routinely consult with various law firms across the country as a consultant and/or expert witness on the issues set forth above. In the capacity as an expert witness, I have been retained by

attorneys representing insurance companies and policyholders. As a consultant and expert witness I have been called upon individually, as an employee and in conjunction with my associate Donald S. Malecki in Cincinnati, Ohio to review the application of coverage by claim managers and others in coverage disputes around the country.

Attached hereto is a list of the documents that I have reviewed in this matter.

## OPINIONS

## I. THE PURPOSE OF ADDITIONAL INSURED COVERAGE

The term "additional insured" as used in the insurance and risk management industries is intended to signify those insureds not automatically included as insureds under the liability policy of another, but for whom the named insured, in this case 360 Networks USA (360), desires or is contractually required to provide protection under its liability policy.

Those seeking additional insured status typically do so for a variety of reasons. Among those relevant for purposes for this case is the need to obtain direct rights under the policy, particularly in relation to defense coverage. Another is to transfer any risks assumed or imposed by contract to the insurance of another party, so as to avoid having to deplete the limits of insurance the additional insured has under its own policy.

Another is to avoid a loss of protection should the indemnity agreement contained in the underlying contract be held by a court to be invalid, thus eliminating contractual liability coverage that would otherwise be available under the policy of the party agreeing to indemnify and/or provide additional insured status.

## II. ADDITIONAL INSURED STATUS VS. CONTRACTUAL LIABILITY COVERAGE

Once added to the indemnitor's policy as an additional insured, the indemnitee is provided with direct rights under the policy. Those rights are governed by the terms of the policy not by the terms of the underlying contract. Any proceeds payable under the policy on behalf of the additional insured are paid directly to or on behalf of the additional insured. With contractual liability coverage, if the indemnitee is not claiming coverage as an insured under the policy, it has no direct rights under that policy, save for defense in some cases depending on policy wording.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Contractual liability coverage applies to the named insured indemnitor, and the insurer's obligation to pay runs through the named insured, not directly to the indemnitee.

When both contractual liability coverage and additional insured coverage is available, in custom and practice the insurer is expected to apply which ever coverage will address the insured's needs. Thus for example, if an indemnity agreement requires that the indemnitor provide broader protection than the coverage provided to the indemnitee by an additional insured endorsement, the insurer would be expected to apply coverage under the policy's contractual liability coverage. Likewise, where the additional insured endorsement provides the broader coverage, the insurer would be expected to provide coverage based on the terms of the policy/endorsement.

## III. ADDITIONAL INSURED COVERAGE BROADER THAN INDEMNITY OBLIGATION

In the insurance and risk management industries, it has long been a common practice for indemnities to seek broader coverage as an additional insured than they would be entitled to under the wording of the applicable indemnity agreement, contained in the underlying contract; particularly given the growing awareness of a need for broad additional insured coverage and the superior bargaining power of many additional insureds.

## IV. INDEMNITY PROVISION IN THE UNDERLYING LEASE

The lease at issue requires in relevant part that, except for Lessor's gross negligence or willful misconduct, 360 shall:

> . . . Indemnify, protect, defend and hold harmless the Premises, Lessor and its agents . . . from and against any and all claims, loss of rents and/or damages, liens, judgments, penalties, attorneys' and consultants' fees, expenses and/or liabilities arising out of, involving, or in connection with, the use and/or occupancy of the premises by Lessee.

The wording shown above does not state that the indemnitor's obligation must arise in whole or in part by any act, error, or omission of the indemnitor, in this case 360. Rather, the indemnity obligation is said to apply to liability arising out of the use and or occupancy of the premises by 360. Insureds and Insurers would view this as encompassing all activities pertaining

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

to the lease including, the subject of the underlying litigation.

## V. ATTEMPTS TO LIMIT ADDITIONAL INSURED COVERAGE TO THE EXTENT

Required By Contract Render Additional Insured Endorsement/Wording Mere Surplusage.

In custom and practice in the insurance and risk management industries, insurers are aware and insurers reasonably expect that additional insured coverage provided with respect to liability arising out of the named insured's (in this case 360) ongoing operations will be interpreted broadly. Those Insureds enjoying additional insured status, do not anticipate that insurers will attempt to limit such coverage to the extent required in the the underlying contract.

If that is done, particularly when additional insured coverage is provided by a broadly worded endorsement that broad coverage would be ignored. In its place would be coverage provided by the terms of the underlying agreement not the policy/endorsement, a result which is contrary to industry practice and expectations.

## VI. POLICY PROVISIONS AT ISSUE DO NOT LIMIT ADDITIONAL INSURED COVERAGE TO THAT CALLED FOR IN UNDERLYING CONTRACT-SUCH COVERAGE IS PROVIDED BY THE CONTRACTUAL LIABILITY COVERAGE FEATURE OF THE POLICY AT ISSUE

The wording of the additional insured endorsement at issue in this matter is standard Insurance Services Office (ISO) wording. ISO was established in 1970. Its predecessor organization was known as the national Bureau of Casualty Underwriters. ISO drafts policies, coverage forms, and endorsements for the majority of the insurance companies writing property and liability insurance business today. They are "standard" in the sense that the language of the policy provisions is the same regardless of the insurer. ISO also gathers statistics from insurers based on loss and expense history and publishes the manuals and rules for writing coverage on its forms.

The standard wording at issue is not viewed by the insurance and risk management industries as limiting coverage to the extent required by the underlying contract. Additional Insured coverage limited to the extent called for in the indemnity provisions of the underlying

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

contract is the function of contractual liability coverage, a feature distinctly separate and different from additional insured coverage, as referenced earlier. Nothing has been added to the standard additional insured endorsement wording at issue, limiting coverage in this manner.

**VII. ADDITIONAL INSURED ENDORSEMENTS LIMITING COVERAGE TO EXTENT REQUIRED BY CONTRACT HAVE BEEN IN USE AND AVAILABLE FOR YEARS**

Insurers seeking to limit the scope of coverage provided to additional insured's have had the wording available to accomplish that goal for years, long before the policies in this case were issued. Such wording for example, states that coverage for additional insured's applies automatically when required by contract, to the extent required by contract. There are variations of such wording, found in a variety of liability forms.

**MODIFICATION OF OPINIONS**

Any opinions and conclusions expressed in this declaration are subject to change and revision pending my receipt, identification and/or review of additional relevant materials (including, but not limited to, the opinions of experts retained by Lexington) which have not yet been received or identified as of the date of this report. I respectfully retain the right to alter, modify, change, or add to, these opinions and conclusions, and offer additional opinions as further information becomes available.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 6 day of February, 2004 at Newport Beach, California.

Pete Ligeros, JD

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

## MATERIALS REVIEWED

A. Balch Enterprises Memorandum of Points and Authorities in Support of its Motion for Summary Judgment

B. Stipulated facts and exhibits

C. Balch Enterprises' Separate Statement of Undisputed Facts and Exhibits

D. Insurance Company of State of Pennsylvania's Memorandum of Points and Authorities in Opposition to Balch Enterprises Motion for Summary Judgment.

E. Balch Enterprise Reply Brief.

F. Plaintiffs request for Judicial Notice in Support of Motion for Summary Judgment.

G. Underlying Complaint and Answer of Balch Enterprises and Fremont Investment.

H. Cross Complaint of Balch Enterprises.

I. Balch Enterprises Separate Statement of Uncontroverted Facts in Support of Plaintiffs Motion for Summary Judgment, and Accompanying Declarations.

J. Insurance Company of State of Pennsylvania's Memorandum of Points and Authorities in Opposition to Balch Enterprises as to Separate Statement of Undisputed Facts.

K. Howard S. Wright Construction Co. Motion for Summary Judgment and Points and Authorities as to Balch Enterprises Sixth Affirmative Defense.

L. Howard S. Wright Construction Co. Separate Statement of Undisputed Facts.

M. Reporters Transcript of Proceedings January 9, 2004.

N. Joint Statement of Stipulated and Undisputed Facts in Support of Motions for Summary Judgment.

O. Copies of the California Appellate Court decisions in St. Paul Fire and Marine Ins. Co., et al v. American Dynasty Surplus Lines Ins. Co., et al.(2002) 101 Cal. App. 4th 1038, and Vitton Construction Co., Inc., et al v. Pacific Ins. Co. (2003) 110 Cal. App.4th 762.

P. Policy# 933-13-20 RA

Q. Policy# 267-69-87 RA

R. Lease between Balch Enterprises and 360 Networks and Addendum Designed-Build Agreement between 360 Networks USA Inc. and Howard S. Wright Construction Company.

S. Miscellaneous correspondence to and from American International Group.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**PETE LIGEROS, JD**

5020 Campus Drive
Newport Beach, California 92660

4959 Delhi Road
Cincinnati, Ohio 45238

## EXPERIENCE SUMMARY

**Pete Ligeros & Associates, Inc. /Donald S. Malecki & Associates, Inc.,**

*Risk Management Consultant/writer, 1992 to Present*

Risk management and insurance consulting in conjunction with Donald S. Malecki & Associates, Inc., Cincinnati, Ohio (one year with Synectics, Inc.), for commercial and public entities, risk retention groups, attorneys, brokers and insurers (claims and underwriting). Drafting and reviewing insurance policies and coverage provisions, identifying and applying coverage provided by insurance, self-insurance, pooling arrangements, fronting arrangements and wrap-ups, often in relation to contracts of indemnity and other mechanisms of risk transfer.

Consultant for insurers, public and private commercial entities and law firms on issues pertaining to the above areas of expertise. Editor and co-author of Malecki on Insurance, a monthly newsletter discussing risk management, insurance and claims issues.

Review of risk management and insurance programs, indemnity agreements and other contracts for risk identification, transfer and interaction, drafting insurance specifications and indemnity provisions for various contracts. Technical analysis and comparison of primary, excess umbrella and property policy forms and their relation to other insurance and business agreements.

**Warren, McVeigh & Griffin, Inc.**

*Risk Management Consultant/Senior Editor, 1983 to 1992*

Risk management consulting as per present activities set forth above. Also responsible for production, marketing, development and editing of newsletter and other insurance publications, including comparison of various ISO CGL forms and charts comparing and analyzing the coverage features and limitations for hundreds of umbrella, excess and primary insurance forms. Routine interaction with underwriters and insurers regarding drafting and interpretation of

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

liability policies.

**First American Title Insurance**

*Legal Technical Writer while attending law school*

**Law Clerk/Paralegal**

Various Law Firms-Self Employment, during and immediately following law school

**Eimco Mining & Machinery**

Dispatcher/Expediter: Processed documentation necessary to move manufacturing components through to completion. Full time evening position while attending college

**ABC Records/Alta Industries**

Operations Manager and buyer

## PROFESSIONAL ORGANIZATIONS

Society of Risk Management Consultants

Orange County Bar Association

American Bar Association

Defense Research Institute

Southern California Mediation Association

## SEMINARS

Ongoing development and presentation of seminars (listed below) addressing coverage issues and claims handling in relation to; liability and property coverage, structuring multi-layer liability insurance coverage programs, additional insured issues, cybertorts, Year 2000 issues, coverage implications of underlying contract terms, comparison of various ISO and non-standard CGL forms, ongoing revisions to standard ISO policy wording.

**Risk and Insurance Management Society (RIMS)**

Houston Chapter, 1984

National Conference, New Orleans; 1985

National Conference, Toronto, Canada; 1986

National Conference, Washington, D.C.; 1988

National Conference, Anaheim, California; 1992



Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

National Conference, Atlanta, Georgia; 1997

National Conference, Dallas Texas; 1999

National Conference, San Francisco, California 2000

**Public Risk Insurance Management Association (PRIMA)**

California Chapter Fall Conference; 1985

Chemical Manufacturers Association, Washington, D.C.; 1986

**Orange County Bar Association**

Insurance Section; 1987

Construction Section; 1993

Institute of Real Estate Management, O.C. Chapter; 1993

Liability Claims Managers Conference

San Antonio, Texas; 1993

Anaheim, California; 1996

**Southern California Joint Powers Insurance Services Authority**

Volunteer Liability Workshop 1996

CPCU Workshops

Advanced Umbrella Coverage Issues, CPCU Society, Philadelphia, Pennsylvania, 1997;

Akron Ohio, 1997;

Chantilly, Virginia; 1998

CPCU All Industry Day

Claims Management in the 21st Century, 1996

Alternative Forms of Risk Transfer in a Hard Market. 2003

**American Association of Insurance Services (AAIS)**

Emerging Coverage Issues; 1998

Ohio Insurance Institute

Ramifications of The Ever Expanding Net; 1998

Institute for International Research

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Additional Insured Endorsements and Contractual Indemnity Agreements;

Dallas, Texas 1998

Atlanta, Georgia 1999

Dallas, Texas 2000

Orlando, Florida 2001

International Risk Management Institute

Luncheon sessions on additional insured coverage issues;

2000, 2001, 2002

**Society of Risk Management Consultants**

Current Additional Insured Issues; 2000

Owner/Contractor Controlled Insurance Programs (Wrap-ups) 2002

**Surplus Lines Association of California (Continuing education)**

Actual Case Studies, San Francisco, CA; 2003

Los Angeles, CA; 2003

## PUBLICATIONS

*Malecki on Insurance, Editor/Writer*

*The Additional Insured Book*, Third and Fourth Editions, published by International Risk Management Institute, Inc., Co-Author

*Chartered Property Casualty Underwriter (CPCU) 4; Curriculum Course Guide*, Excess and Umbrella Policies, Co-Author

*Chartered Property Casualty Underwriter (CPCU) 4*; Curriculum Textbook; Commercial Liability Insurance & Risk Management, Contributing Author 1996 edition

*The Umbrella Book*, Sr. Editor 1983 through July 1992

*The Risk Management Letter*, Editor 1984 through May 1992

*The Old and New CGL Forms*: A Practical Comparison (Volumes 1 and 2), Co-Author

## EDUCATION

**Western State University College of Law**, Fullerton, California;

Juris Doctor degree. Two American Jurisprudence Awards for academic excellence, Deans Honor Roll.

**University of Utah**, Salt Lake City, Utah. Bachelor of Science, Cum laude

Mediation Certificate; September 1999

- The writings of Pete Ligeros may have been edited by others

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036