LINDA Y. CHAN, Esq. (St. Bar #91319)
563 Clay Street
San Francisco, CA 94111
TEL: (415) 982-0787
FAX: (415) 982-4808

Attorney for Plaintiff
MICHAEL P. KATZ

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. KATZ<br><br>Plaintiff,<br><br>vs.<br><br>THE PERMANENTE MEDICAL GROUP, INC. LONG TERM DISABILITY PLAN FOR PHYSICIANS, an employee welfare benefit plan established and maintained pursuant to ERISA; THE LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, and DOES I through X, inclusive,<br><br>Defendants. | Case No. C 03-4483 PJH<br><br>**PLAINTIFF'S DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES Fed.R.Civ.P. 12(b)(6)]**<br><br>Date: March 10, 2004<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br><br>The Honorable Phyllis J. Hamilton |

I, Michael P. Katz, declare as follows:

1. I am an emergency room physician for defendant Kaiser PERMANENTE Group and the Plaintiff in the above referenced action. I have been a participant in The PERMANENTE Medical Group, Inc. Long Term Disability Plan for Physicians ("The Plan") for seventeen (17) years. Due to my position as Plaintiff in this case and as a plan participant in "The Plan", I have personal knowledge of the facts as set forth below and if called as a witness could and would testify competently thereto.

2. At the current rate of $400.00 per month, I have paid over $72,000 in disability



Dockets.Justia.com

premiums to "The Plan" to various disability companies, including the defendant, The Life Insurance Company of North America . This claim is the first claim I have ever made.

3. In July 2002, I applied for disability benefits and was denied benefits in October 2002. I requested an administrative appeal which resulted in denial of benefits in February 2003. This was despite letters from all three of my treating physicians stating that I could not return to work July 16, 2002, but could return half-time September 1, 2002 and attempt full-time work January 1, 2003. Based on the same information, both California State Disability and Unum Provident (a small individual policy I held for 30 years) granted me disability benefits. The denial letter advised me that my only option was a lawsuit. (Exhibit 1)

4. In March 2003 I hired a close friend, Linda Y. Chan, Attorney at Law, who only took the case as a personal favor to me, to help me file my lawsuit for benefits. Ms. Chan met with me and spent many hours going over my administrative record in preparation for the lawsuit. She then wrote a letter to LINA demanding benefits on my behalf and set a deadline for the filing of the lawsuit. There was no new information presented in this demand. (Exhibit 2)

5. On April 17, 2003, LINA wrote that the case was out of administrative phase and had been transferred to the legal department. (Exhibit 3) They instructed Ms. Chan to deal with Mr. Gary Person, instead of the administrative person with whom I had been corresponding. On April 25, Ms. Chan wrote back to advise Mr. Person that she has delayed the filing of the lawsuit because of the transfer of the case to the legal department and requested an answer by May 17, 2003. (Exhibit 4)

6. On April 30, 2003, Mr. Person wrote that CIGNA would consider reasonable attorneys fees incurred in preparation for the lawsuit. (Exhibit 5)

7. On June 23, 2003, Mr. Person advised us that they would pay full benefits. This change of position was made with no new information from the original claim and appeal save for the fact that I was going to file a lawsuit for benefits and attorney’s fees. I instructed Ms. Chan to accept the offer if and only if LINA paid the attorney’s fees incurred to get these benefits. Per Mr. Person’s request, Ms. Chan sent her attorney’s fees invoice as an enclosure. (Exhibit 6)

8. On July 22, 2003, Mr. Person phoned Ms. Chan and asked if the check should be made out to me alone or to both of us. Ms. Chan advised Mr. Person that the attorneys' fees issue was still not settled, and until it was settled, I would not accept any payment whatsoever from the insurance company. Mr. Person said he would get back to Ms. Chan, but never did.

9. On July 28, 2003, I received a check for full benefits of $28,691.69, but no attorney's fees were included per Ms. Chan's July 28, 2003 final demand letter. (Exhibit 7)

10. On August 1, 2003 I returned the check and advised Mr. Person that I wanted my attorney's fees paid per previous written and oral discussions between Mr. Person and Ms. Chan. (Exhibit 8)

11. On August 14, 2003, I filed the lawsuit that had been prepared months earlier because I was frustrated with LINA's deceptive and unfair claims practices. We sent a courtesy copy of the lawsuit to LINA by Federal Express. (Exhibit 9)

12. On August 15, 2003, I received the returned check back with a letter stating that Ms. Chan had misconstrued this check as a "settlement" and in fact it was simply "full benefits" fully contradicting their April 17, 2003 letter stating that it was a "settlement". As a result, no attorneys fees would be considered. (Exhibit 10)

13. On August 18, 2003 Ms. Chan wrote to LINA acknowledging receipt of the returned check. She pointed out that the LINA had reversed its April 30, 2003 position on attorneys fees. (Exhibit 11)

14. On August 20, 2003 Ms. Chan wrote to LINA advising them that I refused to accept the full benefits check and pointed out Cigna's sudden and blatant change of position, which ultimately severely prejudiced the outcome of my litigation. (Exhibit 12)

15. Despite Ms. Chan's concern that she is an estate and tax attorney, not a litigator, I insisted that she file the Amended Complaint and the Opposition to the Motion to Dismiss. Ms. Chan hired a former litigator, John B. Evans, to draft and file the complaint and oppose the motions to dismiss. On no new medical evidence, LINA paid me full benefits because I hired an attorney and filed a lawsuit.

15. The Honorable Judge Hamilton ruled against me on January 7, 2003 on what was a procedural technicality that the record showed I was paid full benefits *before the lawsuit was filed*. Judge Hamilton did not have the record before her court to determine when I was paid. The exhibits presented with this declaration will provide the Court with the record which shows that the defendant LINA paid me *after the lawsuit was filed*. The timing of this payment and its reclassification as "full benefits" issued during the administrative appeal instead of a "settlement" issued during litigation was the reason the Honorable Judge Hamilton granted Defendants' Motion to Dismiss.

16. If I have to pay LINA $27,230.00 for asserting my right to file a legitimate claim, then I will lose more than the $28,691.69 in disability benefits I received.

17. My lawsuit was not a frivolous meritless lawsuit. It was a lawsuit first for ERISA benefits and attorneys' fees which was filed before LINA returned the $28,691.69 full benefits check.

18. While the Court has granted LINA their motion to dismiss my lawsuit on a strict application of the statute, LINA did concede the major issue in the litigation by paying me legitimate benefits claim during the litigation process, not the administration process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Francisco, California on February 18, 2004.

/S/ Michael P. Katz, MD

Table of Exhibits

1. Exhibit 1 - Cigna's February 20, 2003 denial letter advising claimant's right to file lawsuit
2. Exhibit 2 - Chan's March 14, 2003 demand letter to Cigna
3. Exhibit 3 - Cigna's April 17, 2003 letter stating that Chan's demand letter was for settlement and was transferred to the Legal Department
4. Exhibit 4 - Chan's April 25, 2003 letter advising delay of lawsuit due to transfer of case to Legal Department
5. Exhibit 5 - Cigna's April 30, 2003 letter stating that reasonable attorney's fees in preparation for the lawsuit would be considered
6. Exhibit 6 - Chan's June 23, 2003 conditional acceptance of Cigna's Offer to Settle Claim on payment of attorney's fees with invoice attached
7. Exhibit 7 - Chan's July 28, 2003 demand letter for benefits and attorney's fees
8. Exhibit 8 - Chan's August 1, 2003 letter returning benefits check
9. Exhibit 9 - Chan's August 14, 2003 courtesy notice of filing of lawsuit
10. Exhibit 10 - Cigna's August 15, 2003 letter returning benefits check recharacterizing the check as one for "full benefits" not "settlement"
11. Exhibit 11 - Chan's August 18, 2003 letter acknowledging receipt of benefits check without previously discussed attorney's fees
12. Exhibit 12 - Chan's August 20, 2003 letter rejecting the benefits check due to sudden and blatant recharacterization of check as full benefits issued during the administrative appeal  instead of "settlement" issued during the litigation process