Apple Inc. v. Psystar Corporation Doc. 507

**KATHLEEN P. CLACK** 196405
Attorney at Law
5200 North Palm Avenue, Suite 408
Fresno, California 93704-2225
Telephone: (559) 241-7000
fax: (559) 241-7119

Attorney for PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDA QUIROZ<br><br>Plaintiff,<br><br>vs.<br><br>ANN VENEMAN, Secretary of the United States Department of Agriculture; The United States Department Of Agriculture, Department Of Rural Development; Management and Directors Of) the San Jerardo Cooperative, Inc., Does 1 Through 25 Inclusive<br><br>Defendant. | Case No. C-03-04624<br><br>**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AS AGAINST FEDERAL DEFENDANTS**<br><br>DATE: February 27, 2004<br>TIME: 9:30 AM<br>LOCATION: TBA<br>JUDGE: Whyte |

**NOTICE OF OPPOSITION**

PLEASE TAKE NOTICE that Fernanda Quiroz, plaintiff, hereby moves for denial of motion to dismiss as against federal defendants filed by Ann Veneman, Secretary of Agriculture (the "Secretary"), Rural Development of the United States Department of Agriculture (**"**Rural" and "the Department"). This motion will be heard at 9:30 a.m. on Wednesday, February 4, 2004, before the Hon. Patricia Trumbull, in the U.S. Courthouse, 280 S. First Street, San Jose, California.

**ISSUES PRESENTED**

The issues have taken on a new dimension since plaintiff's complaint was filed. Plaintiff believes it will be helpful to put the issues presented by the federal defendants into



Dockets.Justia.com

context with the issues pled by plaintiffs in the opposition filed herein. This motion and opposition concerns only the federal defendants and all reference to defendants means 'federal defendants'.

The crux of the defense motions are twofold. With respect to counsel, plaintiff will attempt a shorthand notation for reference purposes only in the following law and argument discussion. Defendants allege:

1. Money damages preclude sovereign immunity and thus subject matter jurisdiction over plaintiff.
   a. Sovereign immunity is waive for state law tort claims, not for claims against agencies;
   b. Sovereign immunity has not been waived for constitution torts;
   c. Title VI does not waive sovereign immunity for money damages.
2. Plaintiff has not stated facts to state a claim upon which relief can be granted.
   a. Color of state law has not been alleged under 42 USC § 1983;
   b. Acts of discrimination based on age or disability have not been alleged;
   c. Acts of discrimination based on race, color or national origin have not been alleged.

Plaintiff recaps the issues presented in the complaint in the following way which illustrates the inapplicability of the above defenses and the irrelevance of the issues presented by defendants.

1. Plaintiff sued directly under existing statutes that provide private relief. The prayer for damages is not determinative. Sovereign immunity is not an issue when suit is brought directly under the statute and its provisions. Plaintiff did not sue defendants under the Federal or State Tort Claims Acts. Defendant erroneously assumes that the allegations amount to the same, when the allegations fall directly from federal statutes.
2. Color of law and discrimination is based on statutory construction of age, disability, due process and equal protection under 42 USC § 1983.

The facts are thoroughly laid out in plaintiff's complaint. The following emphasis is on the facts fully explored in the complaint with which plaintiff departs from defendants' summary of the facts. As a federally funded farm worker housing project under the Department of Agriculture, the Secretary and the Department must annually qualify the members living in the project as eligible farm workers. The Secretary and Department have failed to enforce this requirement. About one third of the members are not now farm workers.

Plaintiff has suffered numerous acts of discrimination by Board of Directors of the Cooperative and their agents and or relations. The Board of Directors are required to operate according to federal anti discrimination laws and in accordance with all constitutional rights to due process. The Department knew about these violations, investigated the problems, but did not act pursuant to its enabling authority under the Rural Development Program to stop the abuse of plaintiff's civil rights.

Discrimination occurs when the Board of Directors deny only plaintiff her due process rights, singling her out from among the other members for singular actions which deprive her of equal protection of the federal statutes of the United States. Age discrimination occurs at the hands of both the Department and the Board of Directors wherein they seek to deprive her of her residence due the re-finance scheme planned and perpetrated by both. Her age benefits, after 62 years of age are the source of the involuntary eviction. She will not be able to pay the new fees on her fixed income. Disability discrimination occurs when she is denied equal access to the housing designed to support her physical infirmity for which she was disabled from farm work, and by means of which she qualified as a disabled farm worker in the Cooperative project. If this is taken from her through involuntary constructive eviction she will loose the equal protection she should have from the enforcement agency, the Department and is discriminated against by the Department's knowing omission of enforcement required by statute, when, as an elderly lady, she is incapable of transitioning to equivalent housing on her income to meet her disability.

///

///

## LAW AND ARGUMENT

**ISSUE 1: THERE IS SUBJECT MATTER JURISDICTION UNDER FEDERAL STATUTES.**

The following table indicates the federal statutes invoked in this case and the related, supporting statutes referenced in the complaint. Plaintiff properly brought suit in federal court because the statutes are federal and the defendants are federal, except the Cooperative Board of Directors.

| STATUTE | SUBSTANCE |
|---|---|
| 42 USC § 1983 | Due Process; Construction with other laws. |
| 7 USC § 6943b<br>42 USC § 1471, et seq. | Rural Housing functions under Title V Housing Act |
| 42 USC § 1471(3) | Duty under financial assistance by the Secretary to elderly persons over 62 or handicapped persons;<br><br>Owners includes lessees, entitled to adequate dwellings which means safe housing and the avoidance of involuntary displacement |
| 42 USC § 1472 | Policy for duties of the Secretary to elderly and handicapped persons to protect its residents with a safe house and from involuntary displacement |
| 7 USC § 2204b | Rural Development Policy supports the above |
| 42 USC § 12101 | Finding and purpose of protection of disabled persons and against the elderly from discrimination as insular minorities |
| 42 USC § 2000d<br><br>Executive Order #13160, 6/23/00<br>65 F.R. 39775 | Prohibits discrimination and exclusion from participation in federally assisted programs;<br><br>Prohibits discrimination on the basis of age and disability |
| 42 USC 6104(f) | Provides for private right of action after exhaustion of administrative remedies or inaction after 180 days of notice of the claim |

Each of the above statutes demonstrates the applicability of plaintiff's causes of action in federal court by means of subject matter jurisdiction. As demonstrated both here and in the

complaint, there is no reference to the Federal Tort Claims Act. Thus the defense argument is moot. No waiver of sovereign immunity exists.

An agency's refusal to exercise its discretionary jurisdiction puts an end to concerns regarding primary jurisdiction and enables the court to adjudicate the dispute. Owner-Operator Independent Drivers Assn., Inc. V. New Prime, Inc. (8th Cir. 1999) 192 F.3d 778, 785.

Regarding monetary damages, this request is contained in the prayer section of the complaint. The prayer is not a limit on relief. "Every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the pleadings." FRCP 54 ( c); Pension Benefit Guar. Corp. V. East Dayton Tool & Die Company 6th Cir. 1994) 14 F.3d 1122, 1127 Inversely, if monetary damages are not appropriate and they are demanded in the pleadings, the demand is not determinative since the party is entitled to the appropriate relief.

Moreover, TRG CA Practice Guide, Fed Civ Proc, Ch 8-60, states that, "A complaint is not subject to a motion to dismiss because the prayer seeks relief that is not recoverable as a matter of law. It is the defense that turns the prayer for monetary damages into a basis dismissal. In fact, the issue of damages is not determinative and indeed subordinate to the substance of the case on its merits. A waiver of sovereign immunity is misplaced.

But defendants submit that constitutional claims require a waiver of sovereign immunity. However, plaintiff has a right of private action under the statutes, as above, for enforcement against age and disability discrimination.

Lastly, plaintiff is not required to exhaust all administrative remedies if defendants do not act after notice of the problems claimed has passed in 180 days (6 months). Defendant argues that plaintiff's attached "Declaration" attached does not allege sufficient facts upon which defendants could act. Looking at only the length of the document and its pages upon pages of factual allegations could hardly be regarded as vague. Not only does plaintiff's complaint allege sufficient facts for the formation of a remedy to the plaintiff, so too and in even greater detail does the attached Declaration. The facts are alarming.

For the Department to have abstained from even a response is abominable. They

completely abandoned their statutory duty. They left plaintiff in an incredibly dangerous situation. Defendant states that this is merely a case of alleged criminal conduct in plaintiffs adjacent alley. No. It is the essence of retaliation against plaintiff, deliberate, methodical revenge. If the Board cannot scare her out of her home, they have found various ways of intimidating her, discriminating against her, depriving her of her due process rights, and evicting her. If the Department did not have a clear path to enforce proper lawful conduct at the Cooperative, it is hard to imagine what more it would have taken to engage.

Plaintiff desperately prays for the Court to allow this complaint to move forward so that she may be granted some modicum of safety and protection from the abuses she has suffered from the members of the Board of Directors and the Department.

**ISSUE 2: FACTS ARE SUFFICIENT FOR CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED UNDER COLOR OF LAW.**

The court in Conley v. Gibson F(1957) 355 US 41, 47-48, 78 S.Ct. 99, 103 ruled that the pleadings need not allege facts constituting the claim for relief or defense. They need only give fair notice of the pleader's claim so that opposing parties can respond, undertake discovery and prepare for trial. The 9th Circuit in Yamaguchi v. U.S. Dept. Of the Air Force (1997) 109 F3d 1475, 1481 held that allegations are sufficient if they, "establish a basis for judgment against the defendant." The claim is inadequate, "only if it fails (1) to provide notice of the circumstances which give rise to the claim, or (2) sets forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." Beanal v. Freeport-McMoran, Inc. (5th Cir. 1999) 197 F3d 161, 164; Lewis v. ABC Business Services, Inc. (6th Cir. 1998) 135 F3 389, 405-406

Plaintiff makes numerous factual allegations about the conduct of the federal defendants. Defendant's local agent knew about the actions taken against plaintiff at Board of Directors meetings, by relatives of members of the Board, about Board resolutions to involuntarily evict plaintiff, and the abuses of due process during those meetings. As the body authorized by the enabling Cooperative Bylaws, which invoke and were promulgated under

federal assistance regulations, the Board of Directors acted with the support and often guidance of the Department and the local agent. The Board could not act without the tacit or implied cooperation or support of the Department. The Cooperative Manager informed the local Department representative such that she was brought to the Cooperative to observe physical problems between neighbors.

Further, the Department can not be deemed an independent and unbiased authority in statutory enforcement of its obligations under the financial assistance program. The Department has a direct interest in the outcome of this case in that if plaintiff fails in this litigation, the refinancing of the Cooperative will proceed. Refinancing of the Cooperative relieves the Secretary and the Department of all responsibility for the Cooperative. It is this very escape from the Cooperative and its business that induces the Department to turn away from enforcement against due process and discriminatory violations by the Directors. By failing to perform its duties, the Department encourages more violations which are continual and which the Department to this day has done nothing to stop. By allowing the refinancing to proceed without enforcement of the eligibility requirements, due process and equal protection and basic fairness at the property which it finances, the Department perpetuates the age and disability discrimination which directly relates to the refinancing.

As a federal agency, the entire circumstance involving the government is approved, ratified, impliedly supported, etc., under color of law. The Board of Directors acts according to that which can be supported by the Department. The Department is integrally involved in the pattern of discrimination and denial of due process to plaintiff.

Furthermore, the case law, above, does not require the actual, final statement of all facts in order for the complaint to move forward. It is apparent that the Department is involved and that the Department has and refuses to assert its legal authority to enforce lawful conduct at the Cooperative.

**ISSUE 3: DISCRIMINATORY ACTS BASED ON AGE, DISABILITY.**

As above, age and disability are the essence of the allegations under the statutes, as

provided under several federal statutes. Plaintiff has met her pleading requirements within the notice pleading requirements. However, defendants challenge the discrimination claimed as unprotected. Since the statutes under 42 USC § 1983 requires the construction of § 1983 with other laws, 42 USC 1471, et seq., relies on the authority and precepts of discrimination through that identified under Title V of the Housing Act. Indeed, the extensive grievance system required under the Housing Act of 1983 is enforceable under a civil rights suit. Imes v. Philadelphia Housing Authority (E.D. Pa. 1996) 928 F.Supp. 526

18 USC § 242 states that, "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any state territory, commonwealth, possess, or district to the deprivation of any rights, privileges, or immunities or protected by the Constitution or laws of the United States...". To act "under color" of law for purposes of this section prohibiting, under color of law, willfully subjecting any inhabitant of any state to deprivation of any rights privileges or immunities secured or protected by the Constitution or laws of the United States does not require that accused by an officer of state and it is enough that he is a willful participant in joint activity with the state or its agents. U.S. v. Price, U.S.Miss. (1966) 86 S.Ct. 1152, 383 U.S. 787, 16 L.Ed.2d 267

## SUMMARY

Defendants have run out of excuses. They must assume their statutory obligations for enforcement of the laws of the United States. There is subject matter jurisdiction and some contrived circuitous defense argument to obfuscate the plain and simple conduct and absence thereof by the Department.

DATED: January 13, 2004 LAW OFFICES OF KATHLEEN P. CLACK

__________________________________
Kathleen P. Clack, attorney for Plaintiff