KEVIN V. RYAN (CA SBN 118321)
United States Attorney
JOCELYN BURTON (CA SBN 135879)
Chief, Civil Division
Mark St. Angelo (CA SBN 74045)
Assistant United States Attorney

280 South First Street, Room 371
San Jose, California 95113
Telephone: 408-535-5087
Facsimile: 408-535-5081

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SETH PRETTOL<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. C-02-04800 HRL<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

The United States of America ("Defendant" or "the United States"), by and through its undersigned attorneys, answers the Second Amended Complaint for Damages (the "Second Amended Complaint") filed on behalf of plaintiff Seth Prettol ("Plaintiff" or "Prettol") as follows:

**First Defense**

1. Denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1, except admits that there is an area referred to as Willow Cove at Bass Lake in Madera County, California, and denies that there is any National Park in California named Sierra National Park or that Bass Lake is within any National Park.

2. Denies the averments of paragraphs 2.

3. Denies the averments of paragraph 3, except admits that prior to July 23, 2000 the United States Forest Service ("USFS") had been notified on at least one prior occasion that someone had been injured in connection with the use of a rope swing at Bass Lake.



Dockets.Justia.com

4. Denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 4, 5, 6 and 7.

5. Admits that on July 23, 2001, a Claim for Damages, Injury or Death was delivered to the United States Department of Agriculture by Certified Mail. The remainder of paragraph 9 consists of statements of legal conclusions as to which no answer or other response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

7. Denies the averments of paragraphs 10 and 11.

8. Answering paragraph 12, the United States repeats and restates its answers to paragraphs 1 through 11 of the Complaint as if set forth herein again in full.

9. Denies the averments of paragraphs 13, 14, 15, 16, 17, 18 and 19.

10. Answering paragraph 20, the United States repeats and restates its answers to paragraphs 1 through 19 of the Complaint as if set forth herein again in full.

11. Denies the averments of paragraphs 21 and 22.

12. Denies, or in each instance as may be appropriate denies knowledge or information sufficient to form a belief as to the truth of, each averment of the Second Amended Complaint not specifically admitted in one of the preceding paragraphs of this Answer to Second Amended Complaint.

**Second Defense (First Affirmative Defense)**

13. This Court lacks subject matter jurisdiction over this action.

**Third Defense (Second Affirmative Defense)**

14. The Complaint fails to state a claim upon which relief can be granted.

**Fourth Defense (Third Affirmative Defense)**

15. The United States, through its employees, exercised due care and diligence in all matter which are relevant to the subject matter of the Complaint.

**Fifth Defense (Fourth Affirmative Defense)**

16. Any injury or loss to Plaintiff was not proximately caused by any negligent or otherwise wrongful act or omission of any employee or agent of the United States.

///

**Sixth Defense (Fifth Affirmative Defense)**

17. To the extent any injury, damage or loss to Plaintiff was caused by negligence, such injury, damage or loss was proximately caused by the negligence of the Plaintiff.

**Seventh Defense (Sixth Affirmative Defense)**

18. To the extent any injury, damage or loss to Plaintiff may have been proximately caused by any person(s) other than Plaintiff, such injury, damage or loss was proximately caused by the intervening or superseding act of someone other than an employee of the United States acting within the course and scope of his or her employment.

**Eighth Defense (Seventh Affirmative Defense)**

19. Any recovery or other award against the United States must be reduced by the percentage of fault of the Plaintiff.

**Ninth Defense (Eighth Affirmative Defense)**

20. Any recovery or other award against the United States herein for non-economic damages must be limited to the percentage of fault, if any, of the United States.

**Tenth Defense (Ninth Affirmative Defense)**

21. To the extent Plaintiff may have failed to mitigate his damages herein, any recovery or other award to Plaintiff must be reduced accordingly.

**Eleventh Defense (Tenth Affirmative Defense)**

22. To the extent Plaintiff may seek by his Complaint to recover from the United States any monetary relief in excess of the amount set forth in his administrative claim presented to the United States Department of Agriculture, pursuant to the provisions of 28 U.S.C. § 2675(b) Plaintiff is barred from obtaining any such recovery in excess of the amount sought in the administrative claim.

**Twelfth Defense (Eleventh Affirmative Defense)**

23. To the extent any recovery or other award against the United States may be granted herein, the United States is entitled to an offset for any benefits paid to Plaintiff as a result of any injury suffered by Plaintiff which is the subject of the Complaint, to the extent those benefits were paid to Plaintiff by the United States or by any state agency which receives funds from the United States and pays those funds to claimants.

**Thirteenth Defense (Twelfth Affirmative Defense)**

24. On information and belief, Plaintiff recognized and was aware of the risk of injury as a result of his activities at Bass Lake and assumed the risk of any such injury, and therefore Plaintiff is barred from obtaining any recovery from the United States, or, in the alternative, any recovery which Plaintiff may obtain must be reduced accordingly as a result of Plaintiff's assumption of the risk.

**Fourteenth Defense (Thirteenth Affirmative Defense)**

25. Plaintiff's claims are barred by the provisions of the California recreational use immunity statute, Cal. Civil Code § 846.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint for Damages filed herein, the United States of America prays that this Court dismiss the Second Amended Complaint as against it, or, in the alternative, that this Court grant judgment in favor of the United States and against Plaintiff so that Plaintiff takes nothing hereby as against the United States, and that the Court further award to the United States its costs of suit herein together with such other and further relief as the Court deems just and equitable in the premises.

Dated: February 23, 2004

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

/s/ Mark St. Angelo
Mark St. Angelo
Assistant United States Attorney