Apple Inc. v. Psystar Corporation Doc. 570

MICHAEL B. ROGER, Bar No. 041042
BARRY E. HINKLE, Bar No. 071223
EZEKIEL D. CARDER, Bar No. 206537
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Avenue, Suite 1400
Oakland, California 94612-3752
Telephone (510) 839-6600
Fax (510) 891-0400

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALVARADO, in his capacity as Trustee of the CARPENTERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS VACATION AND HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA; and CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA, and CALIFORNIA DRYWALL/LATHING INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE, INC., FOR AND ON BEHALF OF THE CARPENTER FUNDS ADMINISTRATIVE OFFICE OF NORTHERN CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APEX PARTITIONS, INC., a California Corporation; COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, A Maryland Corporation<br><br>Defendants. | Case No. 03-05502 RMW<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, ACTUAL DAMAGES, BREACH OF FIDUCIARY DUTY, TO RECOVER MONEY DUE ON PAYMENT BOND, AND FOR PETITION TO CONFIRM ARBITRATION AWARD (ERISA 29 U.S.C. §1001, et seq., 29 U.S.C. §185)** |



Dockets.Justia.com

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The jurisdiction of this Court is founded on 28 U.S.C. § 1331. Venue properly lies in this district court because a substantial part of the events and omissions giving rise to these claims occurred in this district, including, but not limited to Defendant's agreement with Plaintiff, which requires that trust funds contributions are due and payable in the County of San Francisco.

## PARTIES

II.

Plaintiff Robert Alvarado (hereinafter referred to as "Alvarado") is, and at all relevant times was, a Trustee of the Carpenters Health and Welfare Trust Fund For California; Carpenters Vacation-Holiday Trust Fund for Northern California; Carpenters Pension Trust Fund for Northern California; and Carpenters Training Trust Fund for Northern California. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written trust agreement subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Plaintiff Trust Funds are express trust funds as defined in Civil Code section 3111, and are therefore considered Laborers as defined in Civil Code section 3089. Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. All of the above named Trust Funds and their respective Board of Trustees together with Alvarado, shall hereinafter be designated collectively as "Plaintiffs".

/ / /

/ / /

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

III.

Plaintiff, California Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc. (hereinafter referred to as "Union"), is a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185), a California non-profit corporation, and labor organization within the meaning of 29 U.S.C. § 152 (5), existing under and pursuant to the laws of the State of California, to which various local unions belong and in which said local unions participate for the purpose of providing standards of wages, hours and working conditions, and for the purpose of obtaining collective bargaining agreements on behalf of local union members.

IV.

At all times material herein APEX PARTITIONS, INC., a California Corporation (hereinafter referred to as "Apex"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145), an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 150 et seq.). Apex is, and at all times relevant to this action was engaged in the business of contracting. Plaintiffs are informed, believe and allege that Apex is required to be licensed by the State of California.

V.

Defendant COLONIAL AMERICAN CASUALTY AND SURETY COMPANY (hereinafter "Colonial American") is, and at all material times herein, was, a Maryland corporation, engaged in the business of issuing surety bonds in connection with construction projects, and issued a surety bond in connection with the construction of the Science Center Project at California State University Monterey Bay (hereinafter known as the "Science Center Project"). Plaintiffs are informed and believe and allege that said defendant is a licensed surety in the state of California.

/ / /

/ / /

/ / /

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

VI.

At all relevant times, Defendant Apex was signatory and bound to a written collective bargaining agreement with the Carpenters 46 Northern California Counties Conference Board (hereinafter "Union") entitled Northern California Drywall Lathing Master Agreement (hereinafter "Master Agreement" or "Agreement") . Defendant Apex became subject to all the terms and conditions of the Master Agreement by virtue of signing a Memorandum of Agreement (hereinafter "Memorandum Agreement") with the Union, which incorporated by reference the Master Agreement. A true and correct copy of the relevant sections of said Master Agreement is attached hereto as Exhibit "A" and a true and correct copy of the Memorandum Agreement is attached hereto as Exhibit "B", both of which are incorporated by reference herein.

VII.

Said Master Agreement by its terms incorporates the various Trust Agreements establishing each of the Plaintiff Trust Funds. By said Master Agreement, Defendant Apex promised that it would contribute and pay to Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of their employees who performed any work covered by said Agreements, and that they would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreements as incorporated by the terms of the Master Agreement.

VIII.

The above-mentioned Trust Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Trust Funds' losses at the time the Agreement was negotiated.

IX.

The Trust Agreements provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

employers' books and records in order for the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

X.

Section 9 of the Master Agreement provides for the resolution of grievances between the parties, and said section sets out a procedure to be followed for the resolution of grievances, the final step of which is the submission of the grievance to an impartial arbitrator or a Joint Adjustment Board, whose decision shall be final and binding upon the parties.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

XI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XII.

Defendant Apex has failed, neglected, or refused to make timely fringe benefit contributions as required by the collective bargaining agreements and Trust Agreements and there is now due and owing and unpaid to Plaintiffs contributions in the sum estimated to be at least $64,853.18.

XIII.

Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement.

XIV.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XV.

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant Apex' failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

/ / /



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

**SECOND CLAIM FOR RELIEF**
**(DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)**

XVI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVII.

Defendant Apex has failed, neglected or refused to allow a full and complete audit of its books and records by the Trust Funds as required by the applicable Agreements.

XVIII.

Defendant Apex's neglect or refusal pursuant to the terms of the above-mentioned collective bargaining agreement constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

XIX.

Defendant Apex, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant Apex to submit timely and accurate reports of hours worked or amounts due, together with payments to Plaintiff's Trust Funds. Defendant Apex exercised control over any contributions due, which are assets of Plaintiff's Trust Funds, and Defendant Apex was a fiduciary as defined by ERISA section 3(21), 29 U.S.C. § 1002(21).

XX.

The actions of Defendant Apex complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.

XXI.

Unless enjoined by this Court, Defendant Apex will continue to fail, neglect, or refuse to submit to an audit or to remit appropriate fringe benefit contributions to the Plaintiffs Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

/ / /

/ / /

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

**THIRD CLAIM FOR RELIEF**
**(BREACH OF CONTRACT BASED ON AUDIT)**

XXII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XXIII.

Pursuant to the Master Agreement and the Trust Agreements, an audit of the books and records of Defendant Apex for the period of April 2001 to May 2003 was conducted, which revealed that fringe benefit contributions to the Trust Funds have not been submitted as required by said agreements.

XXIV.

Demand has been made of Defendant Apex for payment of the amounts determined to be due and owing pursuant to the audit, and Defendant Apex has refused to pay such amounts and there is now due, owing and unpaid to Plaintiff Trust Funds from Defendant Apex, fringe benefits contributions in the amount of $19,401.27.

XXV.

Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement.

XXVI.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XXVII.

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

/ / /

/ / /

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

**FOURTH CLAIM FOR RELIEF**
**(FOR ENFORCEMENT OF PAYMENT BOND AGAINST DEFENDANT COLONIAL AMERICAN CASUALTY AND SURETY COMPANY ON THE SCIENCE CENTER PROJECT)**

XXVIII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XXIX.

Plaintiffs are informed, believe and allege that Apex, as principal, and Defendant Colonial American, as surety, executed a payment bond in connection with the Science Center Project. The bond provides for payment in full of claims of all claimants and is by its terms made to inure to the benefit of all claimants to give them a right of action to recover on the bond in this action.

XXX.

On or about May 29, 2003, a written notice as provided in California Civil Code sections 3227(b) and 3252 was given to the surety and the bond principal within 75 days after completion of the Science Center Project. Service of the notice was made under California Civil Code section 3227(a) in the following manner: United States Postal Service Return Receipt Requested #7001 2510 0007 2027 5300. No preliminary 20-day notice was given. No notice of completion was recorded. Attached hereto as Exhibit "C" is a true and correct copy of the Science Center Payment Bond Demand.

XXXI.

On May 29, 2003, Plaintiffs made demand on Defendant Colonial American for payment in the amount of Fifty-six Thousand Two Hundred Eighty-two Dollars and Eighty-one cents ($56,282.87), which was due and owing for the Science Center Project, and Defendant Colonial American has failed and refused, and continues to fail and refuse, to pay the amounts demanded, or any amount whatsoever to Plaintiffs.

XXXII.

Under California Civil Code section 3250, Plaintiffs are entitled to the award of reasonable attorney fees in a sum to be fixed by the court, for costs of suit, and for prejudgment interest from September 29, 2003, as provided by law.



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

**FIFTH CLAIM FOR RELIEF**
**(PETITION TO CONFIRM ARBITRATION AWARD)**

XXXIII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XXXIV.

A grievance arose between the parties concerning a dispute over the application or interpretation of the Master Agreement and Trust Agreements (hereinafter collectively referred to as "Collective Bargaining Agreements"). Pursuant to the terms and conditions of the Collective Bargaining Agreements, a grievance was filed over this dispute, and the parties proceeded to follow the steps outlined in the grievance procedure, ultimately submitting the grievance to a Board of Adjustment appointed pursuant to the Collective Bargaining Agreements.

XXXV.

A hearing on the grievance was conducted on June 3, 2003, and again on September 10, 2003, before the Board of Adjustment. At the hearing, the parties were permitted to submit evidence, testimony and argument. On September 11, 2003, the Board of Adjustment issued a Decision and Award in favor of the Plaintiffs' grievance. A copy of the September 11, 2003 Decision and Award is attached hereto as Exhibit "D". The grievance proceedings were reconvened on December 2, 2003, and on December 3, 2003, the Board of Adjustment issued a Decision and Award ("the Award") ruling in favor of Plaintiffs' grievance. A copy of the Award is attached hereto as Exhibit "E" and incorporated herein by reference as though set forth at length.

XXXVI.

Subsequent to the issuance of the Award in this matter, Plaintiffs have made demands upon the Defendant to comply fully with the Award, however, the Defendant has refused to comply with the Award. Said Award is still outstanding, not having been paid or otherwise complied with by Defendant.

XXXVII.

Plaintiffs have no adequate remedy at law other than the filing of this Petition and Complaint, and have exhausted all of its available administrative remedies.



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

XXXVIII.

Plaintiffs have been required to secure the services of counsel for the prosecution and enforcement of the Award issued by the Board of Adjustment. Because Defendant's refusal to comply with the arbitration award is unjustified and in bad faith, Plaintiffs seek attorneys' fees incurred to obtain compliance with the Award.

**WHEREFORE**, Plaintiffs pray judgment against Apex Partitions, Inc., and Colonial American Casualty and Surety Company as follows:

1. For Judgment against Defendant Apex for contributions in the amount of $84,254.45 plus interest thereon;

2. For actual damages according to proof;

3. For an Order directing and permanently enjoining Defendant Apex to timely submit to the Trust Funds, all reports and contributions due and owing by Defendant, plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

4. For an Order permanently enjoining Defendant Apex for so long as it remains obligated to contribute to Plaintiff Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the Collective Bargaining Agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

5. For judgment on the payment bond against Defendant Colonial American, in the sum of $56,282.87 in favor Plaintiffs, as their respective interests appear, together with interest provided by law from May 29, 2003, until paid, plus costs and reasonable attorney fees under California Civil Code sections 3248(b) and 3250;

6. That this Court confirm the decision of the Board of Adjustment (Exhibit "E" hereto) referred to herein and make said Award a Judgment of this Court;

7. For attorneys' fees;

8. For costs of suit herein; and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600

9. For such further relief as this Court deems just and proper.

Dated: March 4, 2004

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: //S//
EZEKIEL D. CARDER
Attorneys for Plaintiffs

102921/336221



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
180 Grand Ave. Ste. 1400
Oakland, CA 94612-3752
(510) 839-6600