Apple Inc. v. Psystar Corporation Doc. 570 Att. 3

# IN GRIEVANCE PROCEEDINGS
# PURSUANT TO ARTICLE 9 OF THE NORTHERN CALIFORNIA DRYWALL/LATHING MASTER AGREEMENT

| | |
|---|---|
| **CALIFORNIA DRYWALL/LATHING INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE, INC., FOR AND ON BEHALF OF THE CARPENTER FUNDS ADMINISTRATIVE OFFICE OF NORTHERN CALIFORNIA, INC.,** | **Grievance #D03-021** |
| **Grievant,** | **DECISION AND AWARD OF THE BOARD OF ADJUSTMENT** |
| **vs.** | |
| **ANCA MATICIUC, INDIVIDUALLY; ANCA MATICIUC, Individually and doing business as APEX PARTITIONS, INC.; ANCA MURPHY, Individually; ANCA MURPHY, Individually and doing business as APEX PARTITIONS, INC.; SAMMY R. MURPHY, Individually; SAMMY R. MURPHY, Individually and doing business as APEX PARTITIONS, INC.; APEX PARTITIONS, INC.** | |
| **Employer.** | |

---

These grievance proceedings were convened on the 3rd day of June 2003, and again on the 10th day of September 2003, in the offices of the Northern California Joint Adjustment Board for the Drywall Industry located at 446 Hegenberger Road, Oakland, California.

The Grievant, the California Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc., for and on behalf of the Carpenter Funds Administrative Office of Northern California, Inc., appeared through its representative, Blythe Mickelson of Weinberg, Roger & Rosenfeld. Donald Kearin of the California Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc. and Roland "Sam" Almer and Richard Alcantar of the Carpenter Funds Administrative Office of Northern California, Inc. also appeared.

EXHIBIT D

Dockets.Justia.com

The Respondent Employer, Apex Partitions, Inc., appeared through its representative Ronald H. Kahn.

The Respondent Employers, Anca Maticiuc, Individually; Anca Maticiuc, individually and doing business as Apex Partitions, Inc.; Anca Murphy, Individually; Anca Murphy, individually and doing business as Apex Partitions, Inc.; Sammy R. Murphy, Individually; and Sammy R. Murphy, individually and doing business as Apex Partitions, Inc., did not appear, although notice was duly given to the Respondent Employers.

All of the above listed Respondent Employer(s) are hereinafter collectively referred to in this Decision and Award as "Employer".

Pursuant to agreement, the matter was submitted to the Board of Adjustment for decision, which decision is final and binding on the parties.

The following exhibits were introduced on June 3, 2003:

1. Copy of a Northern California Drywall/Lathing Master Agreement;

2. Copy of a Drywall/Lathing Memorandum Agreement signed and dated by the company, effective May 7, 2001;

3. Copy of Notice of Grievance, with attachments, dated May 10, 2003;

4. Copies of letters dated May 19, 2003, notifying the Employer, and each of them, of the date and time of the grievance hearing, which letters were sent to the last known addresses of Anca Maticiuc, Individually; Anca Maticiuc, individually and doing business as Apex Partitions, Inc.; Anca Murphy, Individually; Anca Murphy, individually and doing business as Apex Partitions, Inc.; Sammy R. Murphy, Individually; Sammy R. Murphy, individually and doing business as Apex Partitions, Inc.; and Apex Partitions, Inc.;

5. Return receipt from certified mail;

6. Copy of a letter dated May 6, 2003 from the Carpenter Trust Funds to Blythe Mickelson;

7. Copy of a letter dated May 5, 2003 granting continuance;

8. Copy of a letter dated May 5, 2003 from the Law Offices of Ronald H. Kahn to William Feyling;

9. Copy of a letter dated May 5, 2003 from the Law Offices of Thomas E. Campagne & Associates to William Feyling;

10. Copy of a letter dated May 5, 2003 requesting continuance;

11. Copies of letters dated April 15, 2003, notifying the Employer, and each of them, of the date and time of the grievance hearing, which letters were sent to the last known addresses of Anca Maticiuc, Individually; Anca Maticiuc, individually and doing business as Apex Partitions, Inc.; Anca Murphy, Individually; Anca Murphy, individually and doing business as Apex Partitions, Inc.; Sammy R. Murphy, Individually; Sammy R. Murphy, individually and doing business as Apex Partitions, Inc.; and Apex Partitions, Inc.;

12. Return receipt from certified mail;

13. Copy of a letter dated March 26, 2003 granting continuance;

14. Copy of a letter dated March 25, 2003 requesting continuance;

15. Copies of letters dated March 17, 2003, notifying the Employer, and each of them, of the date and time of the grievance hearing, which letters were sent to the last known addresses of Anca Maticiuc, Individually; Anca Maticiuc, individually and doing business as Apex Partitions, Inc.; Anca Murphy, Individually; Anca Murphy, individually and doing business as Apex Partitions, Inc.; Sammy R. Murphy, Individually; Sammy R. Murphy, individually and doing business as Apex Partitions, Inc.; and Apex Partitions, Inc.;

16. Return receipt from certified mail;

17. Copy of a Northern California Carpenters Trust Fund Remittance Report for the month of November 2002;

18. Copy of a Northern California Carpenters Trust Fund Remittance Report for the month of December 2002.

The following additional exhibits were introduced on September 10, 2003:

19. Copy of a letter dated September 5, 2003 from the Law Offices of Ronald H. Kahn to William Feyling;

20. Copy of a letter dated September 5, 2003 from the Northern California Joint Adjustment Board for the Drywall Industry to Ronald H. Kahn;

21. Copy of a letter dated September 5, 2003 from Gerald R. McKay to Ronald H. Kahn;

22. Copy of a letter dated September 4, 2003, with attachment, from the Northern California Joint Adjustment Board for the Drywall Industry to Gerald McKay;

23. Copy of a letter dated September 3, 2003 from the Law Office of Thomas E. Campagne & Associates to William Feyling, Secretary for the Joint Adjustment;

24. Copy of a letter dated September 3, 2003 from J.H. Lee Accountancy Corporation to Ronald H. Kahn;

25. Copy of a letter dated August 21, 2003 from J.H. Lee Accountancy Corporation to Ronald H. Kahn;

26. Copies of letters dated August 20, 2003, notifying the Employer, and each of them, of the date and time of the grievance hearing, which letters were sent to the last known addresses of Anca Maticiuc, Individually; Anca Maticiuc, individually and doing business as Apex Partitions, Inc.; Anca Murphy, Individually; Anca Murphy, individually and doing business as Apex Partitions, Inc.; Sammy R. Murphy, Individually; Sammy R. Murphy, individually and doing business as Apex Partitions, Inc.; and Apex Partitions, Inc.;

27. Return receipt from certified mail;

28. Copy of a letter dated August 6, 2003 from the Carpenter Funds Administrative Office to Ronald H. Kahn;

29. Copy of a letter dated July 18, 2003 granting continuance;

30. Copy of a letter dated July 17, 2003 requesting continuance;

31. Copies of letters dated July 16, 2003, notifying the Employer, and each of them, of the date and time of the grievance hearing, which letters were sent to the last known addresses of Anca Maticiuc, Individually; Anca Maticiuc, individually and doing business as Apex Partitions, Inc.; Anca Murphy, Individually; Anca Murphy, individually and doing business as Apex Partitions, Inc.; Sammy R. Murphy, Individually; Sammy R. Murphy, individually and doing business as Apex Partitions, Inc.; and Apex Partitions, Inc.;

32. Return receipt from certified mail;

33. Packet of material (summary and backup documentation) from the Carpenter Funds Administrative Office;

34. Copy of a letter dated September 10, 2003 from Ronald H. Kahn to the Northern California Joint Adjustment Board.

Testimony was given by both sides with respect to the grievance.

Remedy sought:

That the Employer forthwith cease and desist any further violations of the Northern California Drywall/Lathing Master Agreement for the remainder of its term;

That the Employer forthwith comply with said Agreement for the remainder of its term;

That the Employer be assessed for violations as found.

The evidence having been taken, the matter stood submitted for decision by the Board of the Adjustment.

## DECISION

1. Based upon the evidence submitted, it is found that Anca Maticiuc, Individually; Anca Maticiuc, individually and doing business as Apex Partitions, Inc.; Anca Murphy, Individually; Anca Murphy, individually and doing business as Apex Partitions, Inc.; Sammy R. Murphy, Individually; Sammy R. Murphy, individually and doing business as Apex Partitions, Inc.; and Apex Partitions, Inc. (hereinafter referred to collectively in this Decision and Award as "Employer"), are each party to and bound to the current Northern California Drywall/Lathing Master Agreement. The Northern California Drywall/Lathing Master Agreement specifically requires the Employer to participate in the grievance procedure and authorizes the Board of Adjustment or Arbitrator to hear and decide the matter on a default basis in the event of Employer non-participation.

2. The Board of Adjustment has considered the evidence pertaining to the merits of the grievance and finds that the grievance filed by the California Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc., for and on behalf of the Carpenter Funds Administrative Office of Northern California, Inc. (hereinafter referred to as "Grievant") is meritorious and that the Grievant is entitled to a remedy to resolve this matter.

3. Having found in favor of the Grievant, the Arbitrator issues the following Award:

## AWARD

1. The Employer shall forthwith cease and desist any further violations of the current Northern California Drywall/Lathing Master Agreement for the remainder of its term. The Employer shall forthwith comply with said Agreement for the remainder of its term.

2. The Employer is found to be in violation of the collective bargaining agreement and shall pay the amount of $61,069.73 in unpaid fringe benefits and liquidated damages to the Carpenter Trust Funds, as well as unpaid fringe benefits and liquidated damages to the Drywall Funds in the amount of $3,783.45.

3. The Employer is further ordered by the Panel to submit the information requested by the auditors contained in Exhibits 24 and 25 by September 22, 2003, copies attached hereto.

4. In the event that there is any dispute between the parties to this award concerning the amounts due and owing, or to whom said amounts are to be paid, the Arbitrator hereby retains jurisdiction over these proceedings to resolve or adjust said differences upon further submission to him by any of the parties to this Award.

5. In the event that the Employer does not comply with the terms of this Award and if the Union files suit to confirm this Award, the Union shall be entitled to reasonable attorneys' fees and court costs incurred in enforcing this Award. Said attorneys' fees and court costs are deemed a part of the remedy award by the Board of Adjustment in order to resolve the issues raised in the grievance procedure as set forth in Article 9 of the Northern California Drywall/Lathing Master Agreement.

6. It is further ordered that, pursuant to Article 9, the Employer shall pay the sum of $300.00 as and for its share of the cost of these proceedings, in addition to a $300.00 fine for its failure to comply with the Agreement.

7. Amount due under this Award:

| | |
|---|---|
| (a) Unpaid fringe benefits and liquidated damages to the Carpenter Trust Funds | $61,069.73 |
| (b) Unpaid fringe benefits and liquidated damages to the Drywall Funds | 3,783.45 |
| (c) Cost of proceeding | 300.00 |
| (d) Failure to comply with agreement | 300.00 |
| **Amount due:** | **$65,453.18** |

9/11/03
Date

Fred R. Wright
Fred R. Wright, Member of the Board of Adjustment for and on behalf of the Board