BRIAN W. NEWCOMB, C.S.B. #55156
ATTORNEY AT LAW
770 Menlo Avenue, Suite 101
Menlo Park, CA 94025
Tel: (650) 322-7780
Fax: (650) 327-0619

Attorney for Defendants
WILLIAM F. GARLOCK,
WILLIAM F. GARLOCK AND CO., INC,
GARLOCK& CO.
PARCTEL PARTNERS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CODANY HOLIDAY<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM F. GARLOCK, WILLIAM F. GARLOCK AND CO., INC, GARLOCK & CO., PARCTEL PARTNERS Does One through Ten<br><br>Defendants. | Case No.: C 03-05663 SBA<br><br>**ANSWER OF WILLIAM F. GARLOCK, WILLIAM F. GARLOCK AND CO., INC, GARLOCK & CO., PARCTEL PARTNERS** |

Comes now the Defendants, WILLIAM F. GARLOCK, WILLIAM F. GARLOCK AND CO., INC., GARLOCK & CO., and PARCTEL PARTNERS answering for themselves and each of them, alleging as follows:

**NATURE OF CLAIM**

1. In answering paragraph 1 of the Complaint these answering Defendants admit the Complaint filed herein is by a former employee of Parctel Partners and that Plaintiff seeks damages pursuant to Title 29 U.S.C. Section 216(b), the California Labor Code , attorneys' fees and costs, and prejudgment interest. As



Dockets.Justia.com

to the remaining allegations, Defendants deny generally and specifically each and every such allegation contained therein;

**PARTIES**

2. In answering paragraph 2 of the Complaint, these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, if any there are, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

3. In answering paragraph 3 of the Complaint, these answering Defendants admit the following: (i) WILLIAM F. GARLOCK is an individual; (ii) WILLIAM F. GARLOCK AND CO., INC. is a California corporation; and (iii) PARCTEL PARTNERS is a partnership and was the employer of Mr. CODANY HOLIDAY. As to the remaining allegations in paragraph 3, these answering Defendants deny generally and specifically each and every such allegation contained therein;

4. [*omitted*]

**JURISDICTION**

5. In answering paragraph 5 of the Complaint, these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, if any there are, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

6. In answering paragraph 6 of the Complaint these answering Defendants deny generally and specifically that Defendant, GARLOCK, as defined by Plaintiff, is a California business. As to the remaining allegations in paragraph 6, these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, if any there are, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

## GENERAL ALLEGATIONS

7. In answering paragraph 7 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant and/or GARLOCK, as defined by Plaintiff. Defendants further generally and specifically deny that Plaintiff was employed under the title "Parking Attendant". These answering Defendants admit that Plaintiff was employed during the period from October of 1999 through April of 2003 by Parctel Partners running the day to day operations at the location: 1603 Montgomery St., San Francisco, California;

8. In answering paragraph 8 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined by Plaintiff. Defendants further generally and specifically deny that Plaintiff was employed pursuant to an implied employment agreement. These answering Defendants admit that Plaintiff was employed by Parctel Partners for an indefinite duration pursuant to an oral agreement and that the terms of the agreement generally provided that Plaintiff's employment consisted of full time managerial services, and in return, he would be paid a weekly salary during said employment in addition to other consideration;

9. In answering paragraph 9 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein;

10. In answering paragraph 10 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein;

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*
*Labor Code §§510, 1194-1173*

11. In answering paragraph 11 of the Complaint these answering Defendants incorporate by this reference the responses herein to the allegations of paragraphs 1 through 10, *supra*;

12. In answering paragraph 12 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein;

13. In answering paragraph 13 of the Complaint, these answering Defendants admit that between October of 1999 through April of 2003, Plaintiff, at times, worked in excess of forty hours per week and in excess of eight hours per day. Except as expressly admitted herein, these answering Defendants deny generally and specifically each and every allegation contained therein;

14. In answering paragraph 14 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined by Plaintiff. Defendants further generally and specifically deny the allegations contained therein in that Plaintiff was an exempt employee working at managerial level and in addition to his weekly salary Plaintiff received further compensation. Defendants further generally and specifically deny that failure to work the hours Plaintiff worked would have resulted in loss of employment;

15. In answering paragraph 15 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined by Plaintiff. These answering Defendants further deny generally and specifically each and every allegation contained therein in that Plaintiff as an exempt employee working at managerial level was not subject to California Labor Code §1194;

16. In answering paragraph 16 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined as Plaintiff. These answering Defendants further generally and specifically deny the allegations contained therein in that Plaintiff was an exempt employee working at managerial level and in addition to his weekly salary Plaintiff received further compensation;

17. In answering paragraph 17 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined by Plaintiff. These answering Defendants further generally and specifically deny the allegations contained therein in that Plaintiff was an exempt employee working at managerial level and in addition to his weekly salary Plaintiff received further compensation;

18. In answering paragraph 18 of the Complaint, these answering Defendants deny generally and specifically those allegations contained therein.

**COUNT TWO**
*Violation of the Fair Labor Standards Act,*
*29 U.S.C. Section 209, et seq.*

19. In answering paragraph 19 of the Complaint these answering Defendants incorporate by this reference the responses herein to the allegations of paragraphs 1 through 18, *supra*;

20. In answering paragraph 20 of the Complaint these answering Defendants admit that Plaintiff was an individual employee. Except as expressly admitted herein, these answering Defendants lacks sufficient information to form a belief regarding the truth of the allegations contained therein, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

21. In answering paragraph 21 of the Complaint, these answering Defendants admit that between October of 1999 through April of 2003, Plaintiff, at times, worked in excess of forty hours per week. Except as expressly admitted herein, these answering Defendants deny generally and specifically each and every allegation contained therein;

22. In answering paragraph 22 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined by Plaintiff. Defendants further generally and specifically deny the allegations contained therein in that Plaintiff was an exempt employee

working at a managerial level and in addition to his weekly salary Plaintiff received further compensation. Defendants further generally and specifically deny that failure to work the hours Plaintiff worked would have resulted in loss of employment;

23. In answering paragraph 23 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined by Plaintiff. As to the remaining allegations, these answering Defendants lack sufficient information to form a belief regarding the truth of such allegations contained in this paragraph, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

24. In answering paragraph 24 of the Complaint these answering Defendants deny generally and specifically each and every allegation contained therein as to Defendant, as defined by Plaintiff. As to the remaining allegations, these answering Defendants lack sufficient information to form a belief regarding the truth of such allegations contained in this paragraph, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

25. In answering paragraph 25 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

26. In answering paragraph 26 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

**COUNT THREE**

*For Restitution of Unpaid Overtime Wages in Violation of California Unfair Trade Practices Act. (B.P.C. 17203)*

27. In answering paragraph 27 of the Complaint these answering Defendants incorporate by this reference the responses herein to the allegations of paragraphs 1 through 26, *supra*;

28. In answering paragraph 28 of the Complaint these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

29. In answering paragraph 29 of the Complaint these answering Defendants deny generally and specifically that Defendant, as defined by Plaintiff, was Plaintiff's employer. Except as to those allegations expressly denied, these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

30. In answering paragraph 30 of the Complaint, these answering Defendants admit that between October of 1999 through April of 2003, Plaintiff, at times, worked in excess of forty hours per week and in excess of eight hours per day. Except as expressly admitted herein, these answering Defendants deny generally and specifically each and every allegation contained therein;

31. In answering paragraph 31 of the Complaint these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

32. In answering paragraph 32 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

33. In answering paragraph 33 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

34. In answering paragraph 34 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

////

////

**COUNT FOUR**
*Penalty for Failure to Overtime Wages,*
*Labor Code §558.*

35. In answering paragraph 35 of the Complaint these answering Defendants incorporate by this reference the responses herein to the allegations of paragraphs 1 through 34, *supra*;

36. In answering paragraph 36 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

37. In answering paragraph 37 of the Complaint these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

38. In answering paragraph 38 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

**COUNT FIVE**
*Penalty for Failure to Wages at Termination,*
*Labor Code §203.*

39. In answering paragraph 39 of the Complaint these answering Defendants incorporate by this reference the responses herein to the allegations of paragraphs 1 through 38, *supra*;

40. In answering paragraph 40 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein;

41. In answering paragraph 41 of the Complaint these answering Defendants lack sufficient information to form a belief regarding the truth of the allegations contained in this paragraph, and, basing their denial on that ground, deny generally and specifically each and every allegation contained therein;

42. In answering paragraph 42 of the Complaint these answering Defendants deny generally and specifically those allegations contained therein.

AS AND FOR A SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGES AS TO EACH OF THE CAUSES OF ACTION FILED HEREIN AS

FOLLOWS:

**FIRST AFFIRMATIVE DEFENSE**
**[Failure to State a Cause of Action]**

Defendants alleges that each of the purported causes of action of the Complaint on file herein fails to state facts sufficient to constitute a cause of action against these answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**
**[Unclean Hands]**

Defendants are informed and believe and on such basis allege that Plaintiff is not entitled to the assistance of this Court in any respect in that said Plaintiff comes into Court with unclean hands and is prosecuting this case for an improper purpose. Accordingly, Plaintiff is not entitled to the assistance of this Court and each and every one of its purported causes of action within its Complaint is barred by the Doctrine of Unclean Hands.

**THIRD AFFIRMATIVE DEFENSE**
**[Estoppel]**

Defendants allege that Plaintiff is estopped by action of law or by conduct from maintaining the causes of action filed in this case, in that Plaintiff has failed to prosecute its complaint in conformity with the law.

**FOURTH AFFIRMATIVE DEFENSE**
**[Equity]**

Defendants alleges that Plaintiff is not entitled to any relief from this Court pursuant to the facts set forth in the Complaint by reason of Plaintiff's failure to do equity in the particulars listed in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**[Standing]**

Defendants alleges that Plaintiff is not entitled to any relief from this Court pursuant to the facts set forth in the Complaint by reason of Plaintiff's lack of

standing to prosecute this action.

**SIXTH AFFIRMATIVE DEFENSE**
**[Release]**

Defendants allege that Plaintiff is not entitled to any relief from this Court pursuant to the facts set forth in the Complaint in that Plaintiff, knowingly and intentionally, released Defendants from any such obligations now raised by the Plaintiff in his Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
**[Waiver]**

Defendants allege that no relief may be obtained by Plaintiff by way of the Complaint on file herein or any cause of action contained therein by reason of the doctrine of waiver. The Plaintiff knowingly, and intentionally, relinquished any rights he may have based upon the facts and circumstances alleged in the Complaint on file herein. The Plaintiff knew, or should have known, the events, occurrences, facts or use complained of in the Complaint and with full knowledge of such facts, acquiesced in and failed to complain or otherwise stop the activities of these answering Defendants. As a result of such action, the Plaintiff waived any claims which are now alleged by way of the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**
**[Consent]**

Defendants allege that no relief may be obtained by Plaintiff by way of this Complaint on file herein or any causes of action contained therein by reason of the doctrine of consent. The Plaintiff knowingly and intentionally relinquished any rights he may have based on the facts and circumstances alleged in the Complaint in that he consented to the actions of the parties hereto.

**NINTH AFFIRMATIVE DEFENSE**
**[Estoppel Based on Knowledge of Plaintiff]**

The Plaintiff was fully advised and had full knowledge of the nature of the

matters about which he complains in his Complaint, and therefore is estopped from obtaining any damages as demanded in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**[Reservation of Rights to Assert Additional Defenses]**

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**
**[Statute of Limitations]**

Defendants allege that Plaintiff's Complaint, and each cause of a action thereon, is barred by the provisions of the Statute of Limitations, in particular, but not restricted to, Code of Civil Procedure sections 337, 337.2, 338, 339, 339.5, 340, 340.6 and/or 343.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Laches)**

Defendants allege that each cause of action of the Complaint on file herein is barred by the principle of laches in that the events giving rise to the claims set forth in the Complaint on file herein occurred quite some time ago. As a result of the inexcusable delay of Plaintiff in commencing this action, the Defendants are prejudiced in their ability to defend in that memories have faded, documents may have been lost, and the sheer passage of time has rendered it more difficult for Defendants to defend the claims set forth in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**[Payment-Full Performance]**

Defendants allege that the parties entered into an oral agreement for the employment of Plaintiff by Defendant Parctel Partners and that Defendant fully performed all obligations required of it under said agreement with the exception

of those which it was excused from performing due to Plaintiffs own failure to fully perform his obligations under said agreement.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**[Satisfaction of Obligation]**

Defendants allege that prior to the commencement of this action, these answering Defendants duly performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations, or contracts made by them or on their behalf and this action is therefore barred by the provisions of Civil Code §§1473 et seq.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**[Satisfaction of Obligation]**

Defendants allege that any obligations they did not discharge, perform or satisfy or duties of obligations they may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by them or on their behalf, was excused due to impossibility or impractibility in each instance.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**[Satisfaction of Obligation]**

Defendants allege that prior to the commencement of this action, these answering Defendants duly performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations, or contracts made by them or on their behalf which were subsequently accepted, fully executed and therefore satisfied pursuant to the provisions of Civil Code §§1521 et seq.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**[Satisfaction of Obligation]**

Defendants allege that prior to the commencement of this action, these answering Defendants duly performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all

agreements, representations, or contracts made by them or on their behalf pursuant to any novations reached between Defendants and Plaintiff and this action is therefore barred by the provisions of Civil Code §§1530 et seq.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**[Exempt Employee]**

Defendants allege that at all times relevant to this action, Plaintiff was an exempt employee and therefore is barred from obtaining any damages as demanded in the Complaint.

**WHEREFORE**, Defendants pray for judgment as hereinafter set forth:

1. That Plaintiff takes nothing by way of this Complaint on file herein and that judgment be rendered in favor of Defendants;
2. For costs of suit incurred herein;
3. For such other and further relief as the Court deems just and proper.

Dated: ___________, 2004

_______________________________
Brian W. Newcomb, Attorney for
Attorney for Defendants,
WILLIAM F. GARLOCK
WILLIAM F. GARLOCK AND CO., INC,
GARLOCK& CO.
PARCTEL PARTNERS

## PROOF OF SERVICE

*HOLIDAY v. GARLOCK et al*

Docket No: C-03-5663 SBA

I declare that:

I am employed in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to the within causes, and my business address is 770 Menlo Avenue, Suite 101, Menlo Park, California 94025. On February 16, 2004, I served the within Answer on the party(ies) in said cause by facsimile transmission and by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California, addressed as follows:

Michael M. Herrick
ATTORNEY AT LAW
1750 Montgomery St., #1104
San Francisco, CA 94111-1063

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on February 16, 2004 at Menlo Park, California.

Stephen S. Fry