Apple Inc. v. Psystar Corporation
Doc. 632

# EXHIBIT C

Dockets.Justia.com

KAREN L. UNO State Bar #117410
DAVID P. BOROVSKY State Bar #216588
LONG & LEVIT LLP
601 Montgomery, Suite 900
San Francisco, CA 94111
TEL: (415) 397-2222 FAX: (415) 397-6392

Attorneys for Defendant
AMCO Insurance Company, erroneously sued herein as
"Allied Group, Inc. and Allied Insurance"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mario San Paolo,<br><br>Plaintiff,<br><br>vs.<br><br>AMCO Insurance Company, dba Allied Group, Inc. and Allied Insurance, an Iowa Corporation and DOES 1 through 50, Inclusive,<br><br>Defendant. | CASE No. C02 – 02367 JW EAI<br><br>**RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS, SET ONE, BY DEFENDANT AMCO INSURANCE COMPANY** |

PROPOUNDING PARTY: Plaintiff Mario San Paolo

RESPONDING PARTY: Defendant AMCO Insurance Company

SET NO.: ONE (1)

Defendant AMCO Insurance Company ("AMCO" or Defendant") erroneously sued herein as "Allied Group, Inc. and Allied Insurance", hereby responds to Plaintiff Mario San Paolo's ("Plaintiff") Request for Production of Documents and Tangible Things, Set One.

## I. PRELIMINARY STATEMENT

1. AMCO has not completed discovery, investigation of the facts or preparation for trial in this litigation and therefore reserves the right to rely on any facts, documents or other evidence subsequently discovered or which may otherwise come to light during the completion of



LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

its discovery. Therefore, AMCO reserves the right to supplement or amend these responses if and when such information is ascertained.

2. This response is made by AMCO subject to and without in any way waiving AMCO's right to introduce, use, or refer to information which it presently has, but which it has not yet had sufficient time to analyze and evaluate, as well as AMCO's right to amend or supplement its responses in the event that any information previously available to it is unintentionally omitted from this response.

3. Nothing herein shall be construed as an admission respecting the admissibility or relevance of any information, fact or document, or truth or accuracy of any characterization or statement of any kind contained in plaintiff's requests.

## II. GENERAL OBJECTIONS

Each of the general objections listed below is to be considered applicable to and is hereby incorporated into each and every response by AMCO to these requests, and each response is made without waiving any of the general objections. The assertion of these general objections in response to individual requests shall not be considered a waiver of the remaining general objections.

1. AMCO objects to these requests to the extent they seek privileged information, including information encompassed by the attorney-client privilege, the attorney work-product doctrine, any right to privacy and/or the trade secret or proprietary information privileges.

2. AMCO objects to plaintiff's requests to the extent that they include facts or events occurring after the filing of this action.

3. AMCO objects to plaintiff's requests on the grounds that they are unduly burdensome and oppressive to the extent they seek to compel AMCO to locate, obtain and/or provide information which is in plaintiff's possession or which is otherwise equally accessible to plaintiff.

4. AMCO objects to plaintiff's requests on the grounds that they are unduly burdensome and oppressive to the extent they would require AMCO to incur unreasonable time and expense.

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Defendant AMCO's complete claims files relating to the claim at issue in this action, whether maintained in Defendant's field office, regional office, home office, or any other office.

**ANSWER TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request to the extent it seeks writings which are privileged under the attorney-client, attorney work product and/or in anticipation of litigation privileges. Also, objection is made to the extent the request is overbroad as to time period and seeks information beyond the permissible scope of discovery. Also, objection is made to the extent the documents sought are privileged from disclosure by the right to privacy regarding personnel information. Without waiving and subject to these objections, defendant agrees to produce the plaintiff's claim file as to the claim at issue in this lawsuit, with the exception of those documents which are subject to defendant's objections.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all letters, memoranda, and other forms of written or computerized communication to or from any employee of Defendant AMCO relating in any way to the processing of the claim at issue in this action.

**ANSWER TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request to the extent it seeks writings which are privileged under the attorney-client, attorney work product and/or in anticipation of litigation privileges. Also, objection is made to the extent the request is overbroad by virtue of the language "related in any way to the processing of the claim", and seeks information beyond the permissible scope of discovery. It is also burdensome and oppressive. Also, objection is made to the extent the documents sought are privileged from disclosure by the right to privacy regarding personnel information. Without waiving and subject to these objections, non-privileged relevant documents, to the extent that they exist and are separate from the claim file, will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all written or computerized records of any oral communication, whether in

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO,
CALIFORNIA 94111
(415) 397-2222

person or by telephone, to or from any employee of Defendant AMCO relating in any way to the processing of the claim at issue in this action.

**ANSWER TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request to the extent it seeks writings which are privileged under the attorney-client, attorney work product and/or in anticipation of litigation privileges. Also, objection is made to the extent the request is overbroad by virtue of the language "related in any way to the processing of the claim", and seeks information beyond the permissible scope of discovery. It is also burdensome and oppressive. Also, objection is made to the extent the documents sought are privileged from disclosure by the right to privacy regarding personnel information. Without waiving and subject to these objections, non-privileged relevant documents, to the extent that they exist and are separate from the claim file, will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant AMCO and plaintiff relating in any way to the claim at issue in this action.

**ANSWER TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request to the extent the request seeks documents which are subject to the attorney-client, attorney work product, or right to privacy privileges. Without waiving and subject to these objections, defendant will produce, to the extent they exist separate from the claim file, non-privileged documents reflecting communications between AMCO and Mario San Paolo relating to the claim at issue in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant AMCO and any third party relating in any way to the claim at issue in this motion.

**ANSWER TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the grounds that it is overbroad because of the phrase "relating in any way to the claim" and therefore seeks information beyond the permissible scope

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

of discovery and is burdensome and oppressive. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, right to privacy privileges, including any rights under the Insurance Privacy Protection Act, objection is made. Also, objection is made to the extent the documents sought are equally available to plaintiff. Without waiving and subject to these objections, defendant will produce, to the extent they exist separate from the claim file, responsive, non-privileged documents with the exception of those documents which are subject to Defendant's other objections.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all written or computerized records of any investigation conducted in connection with the claim at issue in this action.

**ANSWER TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the grounds that it is overbroad as to time period and therefore seeks information beyond the permissible scope of discovery. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, or right to privacy privileges, objection is made. Without waiving and subject to these objections, defendant will produce, to the extent they exist separate from the claim file, responsive non-privileged documents with the exception of those documents which are subject to Defendant's other objections.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant AMCO relating in any way to the decision to deny any of Plaintiff's claim for benefits.

**ANSWER TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to the request to the extent it mischaracterizes the plaintiff's claim. Significant payments were made by AMCO to plaintiff for many claim items. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, or right to privacy privileges, objection is made. Without waiving and subject to these objections, defendant will produce, to the extent they exist separate from the claim file,

responsive, non-privileged documents with the exception of those documents which are subject to Defendant's other objections.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant AMCO relating in [any] way to the decision to deny any of Plaintiff's claim for benefits.

**ANSWER TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request to the extent it mischaracterizes the disposition of plaintiff's claim. Significant payments were made by AMCO to plaintiff for many claim items. Defendant will produce, to the extent they exist separate from the claim file, responsive non-privileged documents with the exception of those documents which are subject to Defendant's other objections.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant AMCO and any third party relating in any way to the decision to deny any of Plaintiff's claim for benefits.

**ANSWER TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request to the extent it mischaracterizes the disposition of plaintiff's claim. Significant payments were made by AMCO to plaintiff for many claim items. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, or right to privacy privileges, objection is made. Without waiving and subject to these objections, defendant will produce, to the extent they exist separate from the claim file, responsive, non-privileged documents with the exception of those documents which are subject to Defendant's other objections.

**REQUEST FOR PRODUCTION NO. 10:**

Defendant AMCO's complete underwriting files referring or relating in any way to the

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

policy at issue in this action, including but not limited to all letters, memoranda, and other forms of written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, referring or relating in any way to the issuance of the policy at issue in this action.

**ANSWER TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overbroad as to time period and subject matter and therefore seeks information beyond the permissible scope of discovery. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, right to privacy privileges, or are of a proprietary nature, objection is made. Also, objection is made to the extent the documents sought are not relevant to the subject matter of this action. Without waiving and subject to these objections, defendant will produce relevant, non-privileged responsive documents with the exception of those documents which are subject to Defendant's other objections.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all claims manuals, memoranda directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or other person acting on behalf of Defendant AMCO in the handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action.

**ANSWER TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to time period and subject matter and therefore seeks information beyond the permissible scope of discovery. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, right to privacy privileges, or are of a proprietary nature, objection is made. Also, objection is made to the extent the documents sought are not relevant to the subject matter of this action. Also, objection is made to the extent that the request is vague, ambiguous, and unintelligible as it seeks documents "that refer or relate in any way to the handling of claims" "of like character" to the claim at issue in this action. Also,

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

because the request is so overbroad, it is oppressive and burdensome in that is seeks all documents "that refer or relate in any way to the handling of claims generally". Based on the above objections, AMCO will not produce the documents requested. Subject to its objections, AMCO will produce relevant, non-privileged, responsive documents that refer to first party property claims under homeowners policies for the relevant time frame.

**REQUEST FOR PRODUCTION NO. 12:**

The documents reflecting Defendant AMCO's claim settlement and payment policies of claims of like character to the claim at issue in this action as they existed at the time Defendant denied Plaintiff's claim.

**ANSWER TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overbroad as to subject matter and time period and therefore seeks information beyond the permissible scope of discovery. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, or right to privacy privileges, objection is made. Also, objection is made to the extent the documents sought are not relevant to the subject matter of this action. Also, objection is made to the extent that the request is vague, ambiguous, and unintelligible as it seeks documents "reflecting . . . settlement and payment policies of claims of like character" to the claim at issue in this action at the time "Defendant denied Plaintiff's claim". The request incorrectly assumes that AMCO had "settlement and payment policies". Rather, AMCO makes payment and resolves claims based upon the specific circumstances of each claim as each claim is different. Also, the request incorrectly assumes that AMCO "denied Plaintiff's claim".

Also, objection is made because the request is oppressive and burdensome in that is seeks all documents "reflecting" AMCO's purported claim settlement and payment policies. Theoretically, this could include specific documents from thousands of claim files for other insureds. Production of such documents from other claim files would be unreasonably time consuming and expensive. In addition, other insureds have privacy rights that protect their claim information from disclosure to other parties under the Insurance Privacy Protection Act. Based

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

on the above objections, AMCO will not produce the documents requested. Should the court order such production, defendant will seek an order that the plaintiff bear the cost that would be incurred in responding to the order.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all promotional materials distributed or broadcast by Defendant AMCO, in print or by radio or television, including without limitation advertisements and sale brochures, during the twelve months preceding the issuance of the policy at issue in this action, which refer or relate in any way either to AMCO or to insurance policies like the policy at issue in this action.

**ANSWER TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the grounds that it is vague, ambiguous and overbroad as to subject matter and time period and therefore seeks information beyond the permissible scope of discovery. Also, objection is made to the extent the documents sought are not relevant to the subject matter of this action. Also, because of the overbreadth of the request it is oppressive and burdensome because production of the requested documents would be unreasonably time consuming and expensive. Based on the above objections, AMCO will not produce the documents requested. Should the court order such production, defendant will seek an order that the plaintiff bear the cost that would be incurred in responding to the order.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all reinsurance files or relating in any way to Defendant AMCO's reinsurance of the risks covered by the policy at issue in this action, including but not limited to any and all letters, memoranda and other forms of written or computerized communication between any employee of Defendant AMCO and any reinsurer whether in person or by telephone, between any employee of Defendant AMCO and any reinsurer.

**ANSWER TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the grounds that it is overbroad as to subject matter and therefore seeks information beyond the permissible scope of discovery. Further, to the extent the request seeks documents which are subject to the attorney-client, attorney work product, or right to privacy privileges, objection is made. Also, objection is made to the extent the

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

documents sought are not relevant to the subject matter of this action. Without waiving and subject to these objections, defendant will produce relevant, responsive documents with the exception of those documents which are subject to Defendant's objections, to the extent they exist. At this time, AMCO doubts that such documents exist.

**REQUEST FOR PRODUCTION NO. 15:**

The claim files relating to every claim Defendant AMCO caused to be denied during the period starting one year before the loss at issue in this action and extending to the present as such claims that pertain to the issue of mold and/or mold remediation.

**ANSWER TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the grounds that it seeks documents that are irrelevant, beyond the permissible scope of discovery, and overbroad as to time period and subject matter. Also, objection is made to the extent that the request is vague, ambiguous, and unintelligible as to the phrases "caused to be denied" and "issue" of mold and/or mold remediation. Contrary to the request, significant payments were made to plaintiff during the course of his claim, thus the claim was not denied and the request clearly seeks irrelevant documents. Without plaintiff describing in more specific terms what denial they have in mind as it relates to this claim, the request is vague, ambiguous and beyond the permissible scope of discovery.

Also, production of the requested documents from the claim files of other insureds in which they may be contained would be burdensome and oppressive (especially given the complete lack of relevance of the materials requested) because it would be unreasonably time consuming and expensive. Further, other insureds have privacy rights with regard to their claim information which precludes disclosure to third parties. Also to the extent that other insureds' claim files contain attorney-client, attorney work product or other privileged documents, objection is made. For these reasons, AMCO will not produce the requested documents. Should the court order such production, defendant will seek an order that the plaintiff bear the cost that would be incurred in responding to the order.

//

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

**REQUEST FOR PRODUCTION NO. 16:**

The claims files relating to every claim under policies that Defendant AMCO denied during the period starting one year before the loss at issue in this action and extending to the present as such claims that pertain to the issue of mold and/or mold remediation.

**ANSWER TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the grounds that it seeks documents that are irrelevant, beyond the permissible scope of discovery, and overbroad as to time period and subject matter. Also, objection is made to the extent that the request is vague, ambiguous, and unintelligible as to the phrases "caused to be denied" and "issue" of mold and/or mold remediation. Contrary to the request, significant payments were made to plaintiff during the course of his claim, thus the claim was not denied and the request clearly seeks irrelevant documents. Without plaintiff describing in more specific terms what denial they have in mind as it relates to this claim, the request is vague, ambiguous and beyond the permissible scope of discovery.

Also, production of the requested documents from the claim files of other insureds in which they may be contained would be burdensome and oppressive (especially given the complete lack of relevance of the materials requested) because it would be unreasonably time consuming and expensive. Further, other insureds have privacy rights with regard to their claim information which precludes disclosure to third parties. Also to the extent that other insureds' claim files contain attorney-client, attorney work product or other privileged documents, objection is made. For these reasons, AMCO will not produce the requested documents. Should the court order such production, defendant will seek an order that the plaintiff bear the cost that would be incurred in responding to the order.

Dated: January 17, 2003

LONG & LEVIT LLP

By [signature] for Karen Uno
KAREN L. UNO
Attorneys for Defendant
AMCO Insurance Company

DOCS\S5240-123\454259.V1

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action. My business address is Long & Levit LLP, 601 Montgomery Street, Suite 900, San Francisco, CA 94111.

On January 17, 2003, I served the documents named below on the following attorney(s) of record and/or interested parties in the case of *Mario San Paolo v. AMCO Insurance Company, et al.*, United States District Court, Northern District, San Jose Division, Case No. C02-02367 JW EAI:

**RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS, SET ONE, BY DEFENDANT AMCO INSURANCE COMPANY**

SERVED UPON: **ATTORNEY(S) NAMES – OR – "SEE ATTACHED SERVICE LIST"**

**Daniel P. Schrader**
**Fisher, Norris & Schrader, LLP**
**Ryan Ranch, 6 Harris Court, Suite A**
**Monterey, CA 93940**

☒ (BY MAIL) I am readily familiar with Long & Levit LLP's practice for collection and processing of documents for mailing with the United States Postal Service. I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, to be deposited with the United States mail at San Francisco, California, that same day in the ordinary course of business. [CCP § 1013]

☐ (BY OVERNIGHT MAIL) I am readily familiar with Long & Levit LLP's practice for collection and processing of documents for mailing via overnight delivery. I caused such document(s) to be placed in a sealed envelope designated by the overnight service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnight service carrier with delivery fees paid or provided for. [CCP § 1013(c)]

☐ (BY FACSIMILE) I caused the document(s) described herein to be transmitted from facsimile number (415) 397-6392 to the facsimile number(s) for each party indicated on the attached service list. [CCP § 1013(e)]

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 17, 2003, at San Francisco, California.

Patricia Jeffries

PATRICIA JEFFERIES

DOCS\S5240-123\454330.V1



LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222