PETER D. KEISLER
Assistant Attorney General
KEVIN V. RYAN
United States Attorney
SHANNEN W. COFFIN
Deputy Assistant Attorney General
ANTHONY J. COPPOLINO (D.C. Bar No. 417323)
Special Litigation Counsel
MARK T. QUINLIVAN (D.C. Bar No. 442782)
W. SCOTT SIMPSON (VA Bar No. 27487)
TERRY M. HENRY (TX Bar No. 09484150)
KAIJA M. CLARK (D.C. Bar No. 467376)
PREEYA M. NORONHA (NY Bar No. 3972692)
ANDREW I. WARDEN (IN Bar No. 23840-49)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883, Room 7122
Washington, D.C. 20044
Telephone: (202) 514-3495
Facsimile: (202) 616-8470
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC. and PLANNED PARENTHOOD GOLDEN GATE,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN ASHCROFT, Attorney General of the United States, in his official capacity,<br><br>Defendant. | Civil Action No. C-03-4872 PJH<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DOCUMENTS PRODUCED BY CALIFORNIA MEDICAL ASSOCIATION** |

WHEREAS, the defendant has served a subpoena upon non-party California Medical Association ("CMA") under Rule 45 of the Federal Rules of Civil Procedure;

AND WHEREAS, the California Medical Association desires to maintain the confidentiality of certain of the documents responsive to defendant's subpoena;

NOW THEREFORE, counsel for the plaintiffs, the defendant, and the California Medical Association hereby stipulate and agree as follows, and request that the Court so order:

1. CMA will designate as confidential those responsive documents as to which it desires to maintain confidentiality ("CMA Designated Material").

2. CMA Designated Material shall be used only for the prosecution or defense of this case.

3. Subject to the following additional provisions, the parties shall not disclose CMA Designated Material to anyone other than the following:

a. attorneys for the parties in this case (including their paralegals, clerical, and other assistants) who have a clear need for access to CMA Designated Material in connection with this action. Attorneys, paralegals, clerical, and other assistants who have a clear need for access to CMA Designated Material in connection with this action shall be furnished with a copy of this stipulation and order and be told that they are bound by its terms and may not disclose CMA Designated Material to any other individual except as provided in this order;

b. outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials, provided such persons have signed an acknow-ledgment in the form appended hereto as Appendix A, attesting to the fact that they have read this stipulation and order and agree to be bound by its terms;

c. persons retained by a party or counsel to a party to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action, or persons other-wise providing expert testimony in this action, provided such persons have signed an acknowledgment in the form appended hereto as Appendix A, attesting to the fact that they have read this stipulation and order and agree to be bound by its terms;

d. court reporters, videographers, and stenographers engaged to record, videotape, or transcribe depositions and court proceedings conducted in this action;

e. witnesses with factual knowledge relating to the case in the course of an interview, deposition, or testimony, provided that the witness is associated with the source of the CMA Designated Material to be disclosed, or the CMA Designated Material relates to or is about the witness;

f. the Court and its support personnel.

4. To the extent any party chooses to mark any CMA Designated Material as an exhibit to the Rule 30(b)(6) deposition of CMA, those exhibits will be bound separately from any other exhibits to the deposition and will be marked "Confidential Information." To the extent any party asks the CMA witness about any CMA Designated Material during the deposition, that portion of the deposition will be designated as confidential and will be transcribed and bound separately, and will be marked "Confidential Information."

5. Should any party in this case desire to file any CMA Designated Material with the Court, to disclose any CMA Designated Material during the trial of this case, or to use any CMA Designated Material in any other way, in this case, that would make it available to the public, the party shall, at least ten calendar days before intending to file, disclose, or use the CMA Designated Material, give written notice of such intent to counsel for CMA. The notice shall identify the CMA Designated Material which the party intends to file, disclose, or use, and shall describe the intended filing, disclosure, or use. If CMA and the party giving such notice are unable to reach agreement regarding the intended filing, disclosure, or use of the CMA Designated Material identified in the notice, CMA may ask the Court to enter an order preventing the intended filing, disclosure, or use. Pending resolution of CMA's request to the Court for such an order, the intended filing, disclosure, or use shall not occur. If CMA fails to ask the Court for such an order within ten calendar days after transmission of the party's notice, the party may proceed with the intended filing, disclosure, or use.

6. The inadvertent production of any document or thing by CMA shall be without prejudice to a claim that such material is protected by the attorney-client privilege or the work product doctrine. If CMA asserts that certain materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving parties shall not use the inadvertently produced privileged materials and shall take prompt steps to ensure that all known copies of such materials are returned. Nothing in this portion of our agreement shall preclude any party from challenging the propriety of the claim of privilege in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Dated: March ____, 2004

Respectfully submitted,

______________________________

KURT G. CALIA (SBN 214300)
EVAN R. COX (SBN 133229)
COVINGTON & BURLING
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
E-mail: kcalia@cov.com

MARGARET C. CROSBY (SBN 56812)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
1663 Mission Street, Suite 460
San Francisco, CA 94103
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for California Medical Association

PETER D. KEISLER
Assistant Attorney General

KEVIN V. RYAN
United States Attorney

SHANNEN W. COFFIN
Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Special Litigation Counsel

______________________________

MARK T. QUINLIVAN
W. SCOTT SIMPSON
TERRY M. HENRY
KAIJA M. CLARK
PREEYA M. NORONHA
ANDREW I. WARDEN
Attorneys

6. The inadvertent production of any document or thing by CMA shall be without prejudice to a claim that such material is protected by the attorney-client privilege or the work product doctrine. If CMA asserts that certain materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving parties shall not use the inadvertently produced privileged materials and shall take prompt steps to ensure that all known copies of such materials are returned. Nothing in this portion of our agreement shall preclude any party from challenging the propriety of the claim of privilege in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Dated: March 22 2004

Respectfully submitted,

[signature]
KURT G. CALIA (SBN 214300)
EVAN R. COX (SBN 133229)
COVINGTON & BURLING
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
E-mail: kcalia@cov.com

MARGARET C. CROSBY (SBN 56812)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
1663 Mission Street, Suite 460
San Francisco, CA 94103
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for California Medical Association

PETER D. KEISLER
Assistant Attorney General

KEVIN V. RYAN
United States Attorney

SHANNEN W. COFFIN
Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Special Litigation Counsel

[signature]
MARK T. QUINLIVAN/
W. SCOTT SIMPSON
TERRY M. HENRY
KAIJA M. CLARK
PREEYA M. NORONHA
ANDREW I. WARDEN
Attorneys

BINGHAM McCUTCHEN LLP
BETH H. PARKER (SBN 104773)
TERESA FEDERER (SBN 221454)
GISELLE FAHIMAN (SBN 225572)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
E-mail: beth.parker@bingham.com

PLANNED PARENTHOOD
FEDERATION OF AMERICA
EVE C. GARTNER
HELENE T. KRASNOFF
ROGER K. EVANS
434 West 33rd Street
New York, NY 10001
Telephone: (212) 541-7800
Facsimile: (212) 247-6811
E-mail: eve.gartner@ppfa.org

Attorneys for Plaintiffs

United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883, Room 7122
Washington, DC 20044
Telephone: (202) 514-3495
Facsimile: (202) 616-8470
E-mail: scott.simpson@usdoj.gov

Attorneys for Defendant

DENNIS J. HERRERA (SBN 139669)
City Attorney
THERESE STEWART (SBN 104930)
Chief Deputy City Attorney
ALEETA VAN RUNKLE (SBN 124563)
ELLEN FORMAN (SBN 147479)
KATHLEEN S. MORRIS (SBN 196672)
Deputy City Attorneys
Fox Plaza
1390 Market Street, Suite 1008
San Francisco, California 94102-5408

Telephone: (415) 554-4708
Facsimile: (415) 554-4715
E-Mail: therese.stewart@sfgov.org

Attorneys for Plaintiff-Intervenor
City and County of San Francisco

**IT IS SO ORDERED.**

Dated: March ____, 2004

PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

Appendix A

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he (she) has read the Stipulation and Order Regarding Documents Produced by California Medical Association, entered in the United States District Court for the Northern District of California, in the case captioned Planned Parenthood Federation of America v. John Ashcroft, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any CMA Designated Material made available to him (her) other than in strict compliance with the Stipulation and Order. The undersigned acknowledges that his (her) duties under the Stipulation and Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Stipulation and Order may result in the imposition of sanctions by the Court.

BY: ______________________________

(type or print name)

SIGNED: ______________________________