Apple Inc. v. Psystar Corporation Doc. 696

KEVIN V. RYAN (California State Bar No. 118321)
United States Attorney
JAY R. WEILL (California State Bar No. 75434)
Assistant United States Attorney
Chief, Tax Division
10th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7017
Fax: (415) 436-6748

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **TEXACO INC. & SUBSIDIARIES,**<br>**Plaintiff,**<br>**vs.**<br>**UNITED STATES OF AMERICA**<br>**Defendant.** | **Case No. C-04-0316-SBA**<br><br>**ANSWER OF THE UNITED STATES** |

COMES NOW the defendant United States of America by and through its counsel of record, Kevin V. Ryan, United States Attorney for the Northern District of California, Jay R. Weill, Assistant United States Attorney, Chief, Tax Division, Tax Division, and for its answer to plaintiff's Petition To Quash Summons, admits, denies and alleges as follows:

Denies each and every allegation of such petition, qualified or otherwise specifically referred to below:

Furthering answering, the defendant United States of America says that:

1. Admits the allegations contained in paragraph 1 of the complaint.
2. Admits the allegations contained in paragraph 2 of the complaint.
3. Admits the allegations contained in paragraph 3 of the complaint.
4. Admits the allegations contained in paragraph 4 of the complaint.
5. Admits the allegations contained in paragraph 5 of the complaint.

Dockets.Justia.com

6. Admits the allegations contained in paragraph 6 of the complaint, except denies that any taxes were illegally assessed and collected from plaintiff.

7. Admits the allegations contained in paragraph 7 of the complaint.

8. Admits the allegations contained in paragraph 8 of the complaint, except denies the allegations contained in the refund claims attached as Exhibit A, unless otherwise admitted herein.

9. With respect to the allegations contained in paragraph 9, admits that the refund claims relate to payments the plaintiff made to the Department of Energy and Exxon Corporation and denies that the tax liabilities in the Refund Claims were correctly calculated in accordance with 26 U.S.C. § 1341 for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

10. Admits the allegations contained in paragraph 10 of the complaint.

11. Denies the allegations contained in paragraph 11 of the complaint.

12. Admits the allegations contained in paragraph 12 of the complaint.

13. Denies the allegations contained in paragraph 13 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except admits that plaintiff was a refiner, producer and reseller in the production, importation, sale, and refining of crude oil.

14. Denies the allegations contained in paragraph 14 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except admits that during the years at issue there were federal petroleum price and allocation regulations regarding the pricing and allocation of crude oil, refined petroleum products, natural gas liquids, and natural gas liquid products, which were regulated by the Department of Energy.

15. Denies the allegations contained in paragraph 15 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

16. Denies the allegations contained in paragraph 16 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a

belief as to the truth thereof, except admits that as early as 1973 the Department of Energy began an audit to determine plaintiff's compliance with the federal price and allocation regulations.

17. Admits the allegations contained in paragraph 17 of the complaint.

18. With respect to the allegations contained in paragraph 18, alleges that the DOE Consent Order speaks for itself.

19. Denies the allegations contained in paragraph 19 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except admits that the DOE Consent Order obligated plaintiff to make certain payments to the Department of Energy.

20. Denies the allegations contained in paragraph 20 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except admit that the DOE Consent Order obligated plaintiff to make certain payments to the Department of Energy.

21. With respect to the allegations in paragraph 21, alleges that the DOE Consent Order speaks for itself.

22. Denies the allegations contained in paragraph 22 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

23. Denies the allegations contained in paragraph 23 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

24. Denies the allegations contained in paragraph 24 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

25. Denies the allegations contained in paragraph 25 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

26. Denies the allegations contained in paragraph 26 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

27. With respect to the allegations contained in paragraph 27, alleges that the District Court decision cited by plaintiff speaks for itself.

28. Denies the allegations contained in paragraph 28 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except alleges that the complaint filed in the action cited by plaintiff speaks for itself

29. With respect to the allegations contained in paragraph 29, alleges that the Hawkins Settlement Agreement speaks for itself.

30. With respect to the allegations contained paragraph 30, alleges that the Hawkins Settlement agreement speaks for itself.

31. Denies the allegations contained in paragraph 31 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

32. Denies the allegations contained in paragraph 3of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except alleges that the Hawkins Settlement Agreement speaks for itself.

33. Denies the allegations contained in paragraph 33 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

34. With respect to the allegations contained in paragraph 34, incorporates by reference the above responses to paragraph 1 through 33 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof, except admit that in the 1973 through 1981 tax years, plaintiff included in gross receipts the sales of crude petroleum and refined petroleum products.

36. Denies the allegations contained in paragraph 36 of the complaint.

37. Denies the allegations contained in paragraph 37 of the complaint.

38. Denies the allegations contained in paragraph 38 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

39. Denies the allegations contained in paragraph 39 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

40. Denies the allegations contained in paragraph 40 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

41. Denies the allegations contained in paragraph 41 of the complaint for the reason that defendant United States of America presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

42. Denies the allegations contained in paragraph 42 of the complaint.

43. The United States requests a trial by jury.

**WHEREFORE**, having fully answered each and every allegation contained in plaintiff's petition. defendant United States of America prays that:

(A) Plaintiff takes nothing by its complaint;

(B) That judgment be entered in favor of the United States against Texaco Inc. and Subsidiaries.

(C) The United States of America be awarded its costs of suit.

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

JAY R. WEILL
Assistant United States Attorney
Chief, Tax Division