Apple Inc. v. Psystar Corporation Doc. 710

CHAPMAN, POPIK & WHITE LLP
John G. Heller (State Bar No. 129901)
Benjamin J. Riley (State Bar No. 226904)
650 California Street, 19th Floor
San Francisco, CA 94108
Telephone: (415) 352-3000
Facsimile: (415) 352-3030

Attorneys for Third-Party Plaintiffs SCANLAN KEMPER BARD COMPANIES and ROYAL INSURANCE COMPANY OF AMERICA and Third-Party Defendants ORINDA INVESTMENTS LLC and MAIN STREET HOLDINGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANLAN KEMPER BARD COMPANIES, an Oregon corporation, ROYAL INSURANCE COMPANY OF AMERICA, an Illinois corporation,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>EMG, Inc., a Maryland corporation,<br><br>Third-Party Defendant.<br>________________________________<br><br>AND RELATED CROSS-ACTION.<br>________________________________ | No. C-03-1003 BZ<br><br>REPLY TO EMG'S OPPOSITION TO THE MOTION TO DISMISS EMG'S THIRD-PARTY IMPLEADER UNDER RULE 12(b)(6) AND TO STRIKE THE IMPLEADER UNDER RULE 14(a)<br><br>Date: April 28, 2004<br>Time: 2:00 p.m.<br>Court: Courtroom G, 15th Fl. |

## Introduction

EMG's opposition brief fails to resuscitate its attempted impleader of third-party defendants Orinda Investments and Main Street Holdings. The most striking feature of this



Dockets.Justia.com

brief is its failure to make a single mention of the "direct line of liability" requirement under Rule 14(a). EMG seeks to ignore this issue by focusing on – and misconstruing – state law indemnity issues. But under federal law, a third-party plaintiff must allege facts that would support a finding of "derivative" liability flowing directly from the third-party defendant to the third-party plaintiff. EMG's third-party complaint alleges no facts that would support such a finding, and in its brief, EMG does not suggest that any such facts could be alleged. Its interpleader therefore must be dismissed with prejudice. And because the third-party complaint against the present property managers of Orinda Theater Square suffers from the same fatal defect, it should be stricken.

## Argument

### 1. EMG's third-party complaint fails to allege any facts that would support a finding of a 'direct line of liability' between EMG and the third-party defendants, and EMG's opposition brief fails to justify – or even mention – this fatal defect.

Notably absent from EMG's third-party complaint is any allegation that the present owners or property managers owed – and breached – any duty or obligation to EMG. EMG simply ignores the requirement – articulated by this court in *Banks v. City of Emeryville*,[1] as well as *Moorehead Constr. Co. v. City of Grand Forks*,[2] Wright & Miller,[3] and in and numerous other cases[4] – that EMG establish "a direct line of liability between the third-party plaintiff [i.e., EMG] and the third-party defendant [i.e., the present owners and managers] . . . ."[5] Having failed to allege any facts that would support such a line of liability – or any relationship

---

[1] 109 F.R.D. 535 (N.D. Cal. 1985)("[A] third party may be impleaded only if the third party 'is or may be liable to him [the original defendant] for all or part of the plaintiff's claim against him [the original defendant].")

[2] 508 F.2d 1008, 1012 (8th Cir. 1975)("[A] direct line of liability [must exist] between the third-party plaintiff and the third-party defendant independent of that between the first-party plaintiff and defendant.")

[3] 6 Fed. Prac. & Proc. Civ. 2d §§ 1446.

[4] *See, e.g.*, *U.S. v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983); *In re Eads*, 135 B.R. 387, 395 (E.D. Cal. 1991).

[5] Wright & Moore, 6 Fed. Prac. & Proc. Civ. 2d §§ 1446.

whatsoever between these parties – EMG's impleader fails as a matter of law.

EMG cites *Banks* for the proposition that a third-party complaint is permissible "even if there is no basis for the third-party defendants to be liable to the plaintiffs."[6] This is true, but irrelevant. *Banks* merely affirms that if the present owners and managers were potentially liable to EMG, EMG could implead them, even if the present owners and managers were not potentially liable to plaintiffs SKB or Royal. EMG appears to misapply *Banks* to suggest that if Orinda Investments, Main Street Holdings and the present property managers breached duties to *each other*, this somehow entitles EMG to implead these third-party defendants.[7] *Banks* does not stand for this proposition, nor does any other case.

**2. EMG's reliance on state law as 'substantiation' for its third-party claims is misplaced.**

**A. EMG misunderstands the requirements of *Banks*.**

EMG cites *Banks* incorrectly for the proposition that "third-party claims for contribution are permitted if they meet the substantive requirements of state law."[8] That is not what the *Banks* court said. Rather, it held that an attempt to implead a third-party defendant in federal court for indemnity is proper only if "the claims satisfy the requirements of Rule 14(a) *and* the substantive requirements of state law."[9] *Banks* thus establishes a two-prong test: the impleader must satisfy both the federal rules of procedure and substantive state law. As discussed above, EMG has failed to allege that a direct line of liability exists between it and the present owners and managers, as required by Rule 14(a). Having failed to meet the first prong of *Banks*,

---

[6] *Banks*, 109 F.R.D. at 540.

[7] *See*, *e.g.*, EMG's Opposition Brief at p. 2, ln 11-14: "In violation of their obligations *to each other* [the present owners and managers] neglected to undertake repairs, inspections and maintenance . . . ."; *Id.* at p. 3, ln. 1-2: "Main Street, OI and their property managers [failed] to satisfy the standard of care *they owed each other* with regard to the inspection, maintenance and repair of the Property"; EMG's Complaint, ¶ 14: Orinda Investments and Main Street Holdings "performed their obligations *to each other* . . . in a negligent manner." (Emphasis added.)

[8] EMG's Opposition Brief, p. 5, ln. 20-22.

[9] *Banks*, 109 F.R.D. at 539 (emphasis added).

EMG's third-party complaint fails as a matter of law.

### B. EMG misconstrues the analysis and holding in *Kohl's Department Stores v. Target Stores, Inc.*[10]

EMG's discussion of *Kohl's* illustrates its misunderstanding of the law. Despite EMG's contention to the contrary, the *Kohl's* court did not dismiss a third-party plaintiff's impleader based on an evaluation of its rights to indemnification under Virginia law. Just the opposite:

> But, if ReUse [the third-party plaintiff] were correct that contribution is available in this case under Virginia's substantive law . . . then this sort of contribution would be highly atypical, and not permissible under the terms of Rule 14(a). Just because a putative third-party plaintiff's theory of recovery from the third-party defendant purports to be 'contribution,' it does not follow that Rule 14(a) must permit the claim . . . '*Although state law governs whether a substantive right to relief exists,* ***federal law*** *determines whether that right may be asserted by way of impleader.*'[11]

Thus, the *Kohl's* court recognized that, even assuming Virginia law allowed for contribution, Rule 14(a) did not permit impleader. Because ReUse was "asserting a variant of the 'it's him, not me' argument," the court concluded "any liability on the part of [the third-party defendants] can be neither derivative of, nor secondary to, the liability of ReUse on the claim asserted against it [by the plaintiff]."[12] Consequently, ReUse's impleader was dismissed.

EMG's impleader fails for the same reasons. EMG alleges that the present owners and managers neglected their duties to one another. But this "it's them, not us" argument – like the one in *Kohl's* – fails to establish the requisite derivative liability between EMG and these third-party defendants. Consequently, EMG's impleader must be dismissed.

## 3. SKB's and Royal's motion to strike should be granted because the claims against the present property managers are fatally defective for the same reasons described in the motion to dismiss.

SKB and Royal have moved to strike EMG's third-party complaint against the present

---

[10] 214 F.R.D. 407 (E.D. Va. 2003).

[11] *Kohl*, 214 F.R.D. at 413 (citing Wright & Miller)(emphasis added).

[12] *Kohl*, 214 F.R.D. at 413.

property managers because, among other reasons, EMG's boilerplate allegations made against them are without merit: EMG's complaint alleges no facts suggesting the present property managers communicated, contracted or interacted in any manner with EMG. Thus, as with Orinda Investments and Main Street Holdings, EMG has failed to demonstrate any line of liability between itself and the present property managers, and this court should strike these improper and unnecessary parties from EMG's complaint. EMG's "litigation by shotgun" will only cause – indeed, has already caused – unnecessary complication to an already complex case.

In a remarkable display of chutzpah, EMG claims that the motion to strike should not be granted because SKB and Royal are trying to "renege upon their stipulation."[13] The stipulation was predicated on EMG's representation that it intended to bring a third-party complaint against the previous owners and their agents. No mention was made by EMG's counsel that EMG intended to bring in a host of other parties. Indeed, the selective disclosure of third-party defendants has been an issue of ongoing concern.[14] This is a matter of professional courtesy that must be resolved between counsel, not the court, but having never stipulated to the addition of these parties, SKB and Royal are not somehow estopped from seeking their dismissal.

Finally, EMG incorrectly argues that this court's decision in *Etak, Inc. v. Zexel USA Corporation*[15] is "not persuasive with the facts now at issue."[16] *Etak* summarizes the grounds for not permitting impleader under Rule 14(a). These grounds include prejudice to the original plaintiff and the third-party defendants, complication of issues, likelihood of trial delay, and the

---

[13] EMG's Opposition Brief, p. 9, ln. 1.

[14] This understanding – or lack thereof – was memorialized in a letter from John Heller (counsel for SKB) to Jane Pandell (counsel for EMG) dated December 15, 2003: "As you know, Bert Kirby [counsel for EMG] represented to me that it was appropriate and advisable to stipulate to vacate the original scheduling order . . . based on the fact that you would be bringing in the sellers of Orinda Theater Square, and their agents, as third-party defendants . . . ."

[15] 1995 WL 621829 (N.D. Cal. 1995). EMG claims that *Etak* is not a published opinion. It is.

[16] EMG's Opposition Brief, p. 9, ln. 7.

merits of the third-party complaint. All of these factors weigh in favor of striking EMG's complaint as against Orinda Investments, Main Street Holdings, and the present property managers.

## Conclusion

After EMG provided its property condition evaluation report to SKB, it was not involved with Orinda Theater Square until the initiation of this lawsuit. There is no allegation of any interaction or relationship between EMG and Orinda Investments, Main Street Holdings, or the present property managers. In light of this, it is impossible to imagine any scenario under which EMG could allege facts giving rise to a cause of action against these third-party defendants. Thus, whether under Rule 12(b)(6) or Rule 14(a), EMG's third-party complaint must be dismissed and struck without leave to amend so that this complex lawsuit is no longer muddled by meritless complaints.

DATE: March 26, 2004

CHAPMAN, POPIK & WHITE, LLP

By: /s/
Benjamin J. Riley
Attorneys for Third-Party Plaintiffs Scanlan Kemper Bard Companies and Royal Insurance Company of America, and Third-Party Defendants Orinda Investments LLC and Main Street Holdings

G:\872\P\Reply Brief in SKB's motion to dismiss EMG impleader v2.wpd