Apple Inc. v. Psystar Corporation Doc. 776

Michael N. Edelman (State Bar No. 180948)
Sarah Wager (State Bar No. 209277)
DECHERT LLP
975 Page Mill Road
Palo Alto, California 94304
Telephone: 650.813.4800
Facsimile: 650.813.4848

Attorneys for Defendant ELONEX UK PLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., a Taiwanese limited liability company; ENVISION PERIPHERALS, INC., a California corporation,

Plaintiffs,

vs.

HITACHI, LTD., a Japanese corporation; ELONEX UK PLC, a UK corporation,

Defendants.

Case No. C 03 5792 WHA

**ELONEX UK PLC'S NOTICE OF MOTION AND MOTION TO DISMISS [REDACTED VERSION]**

Date: May 6, 2004
Time: 8:00 a.m.
Courtroom: 9
Honorable William H. Alsup

**PURSUANT TO COURT ORDER, CERTAIN PORTIONS OF THIS DOCUMENT HAVE BEEN FILED UNDER SEAL**



Dockets.Justia.com

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT at 8:00 a.m. on Thursday, May 6, 2004 or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Elonex UK PLC, by and through attorneys for the real party in interest, Elonex UK Limited, will move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (4) to dismiss the Complaint filed by Plaintiffs Top Victory Electronics (Taiwan) Co. Ltd. and Envision Peripherals Inc. against Elonex UK PLC.

This motion is supported by Elonex's Memorandum of Points and Authorities in Support of the Motion contained herein, the Declaration of Michael Spiro, all pleadings and documents on file with the Court, any reply memoranda that may be filed, the argument of counsel, and any documentary or oral evidence which may be presented at the time of hearing. A proposed order granting the motion is filed herewith.

## RELIEF SOUGHT

Defendant Elonex UK PLC moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (4) to dismiss the Complaint against it on the ground that there is no legal entity with that name which can be sued, served or made a proper party to a declaratory judgment action. Presumably, plaintiffs intended to name Elonex UK Limited as a defendant; however, Elonex UK Limited would not be a proper party to this patent infringement case because it lacks a sufficient interest in the patents and is not subject to personal jurisdiction in this district. Accordingly, the Court should dismiss the Complaint against Elonex UK PLC with prejudice and without leave to amend to add Elonex UK Limited as a party.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Plaintiffs Top Victory Electronics (Taiwan), Ltd. ("TVE") and Envision Peripherals, Inc. ("EPI") (collectively "Top Victory") filed this declaratory judgment action against Hitachi, Ltd. ("Hitachi") and Elonex UK PLC, seeking a declaration of non-infringement, invalidity and

unenforceability of U.S. Patent Nos. 6,247,090, 6,513,088, and 6,549,970 (the "Patents in Suit"). Elonex UK PLC is not a proper party to the action for the fundamental reason that there is no entity by that name. Accordingly, the Court should dismiss the claims against Elonex UK PLC under Fed. R. Civ. P. 12(b)(1), (2) and (4), for lack of subject matter jurisdiction, lack of personal jurisdiction and lack of service.

Plaintiffs undoubtedly intended to sue Elonex UK Limited, Hitachi's licensing agent with respect to the Patents in Suit, and presumably, plaintiffs will seek to amend the Complaint to add Elonex UK Limited as a defendant. Accordingly, it would be expedient (and Elonex UK Limited has no objection), for the Court to take up the issue now as to whether Elonex UK Limited is a proper party to the action. In fact, a declaratory judgment action against Elonex UK Limited will not lie in this Court for several reasons.

First, this Court would lack subject matter jurisdiction over any declaratory judgment action asserted against Elonex UK Limited because Elonex UK Limited is neither an assignee, nor a licensee under the Patents in Suit. **REDACTED AND SEALED** Since Elonex UK Limited has no standing to sue for patent infringement, it cannot be sued as a defendant in a mirror-image declaratory judgment action.

Second, this Court would lack personal jurisdiction over Elonex UK Limited, a United Kingdom company. Elonex UK Limited is not incorporated in California, does not regularly transact business in California, does not sell products in California, and does not have employees in California. Elonex UK Limited lacks the minimum contacts with California necessary to satisfy the requirements of due process.

## II. FACTUAL BACKGROUND.

Elonex UK Limited is a United Kingdom private company with its principal place of business in the United Kingdom. There is no entity named "Elonex UK PLC." See Declaration of Michael Spiro ("Spiro Decl."), ¶¶ 2-3.

**REDACTED AND SEALED**

**REDACTED AND SEALED**

## III. ARGUMENT.

### A. Elonex UK PLC Must Be Dismissed Because The Court Lacks Subject Matter Jurisdiction And Personal Jurisdiction Over The Non-Existent Entity, And No Service Was Ever Made On The Company.

Because Elonex UK PLC has never been organized under any state's or country's laws, it has no capacity to be sued. See Fed. R. Civ. P. 17(b) ("The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."). By definition, there cannot

be any live case or controversy with a party that does not exist, and the Court, therefore, lacks subject matter jurisdiction over the dispute. Similarly, the Court lacks personal jurisdiction over the non-existent company, and plaintiffs have not made proper service on Elonex UK PLC. The claims against Elonex UK PLC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (4).

**B. The Court Should Dismiss The Complaint Without Leave To Amend The Caption To Substitute Elonex UK Limited Because There Is No Case Or Controversy Between The Plaintiffs And Elonex UK Limited.**

Article III of the Constitution and The Declaratory Judgment Act require that there must be an actual controversy between the parties to invoke the subject matter jurisdiction of the federal courts. See 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."); Cygnus Therapeutics Sys. v. Alza Corp., 92 F.3d 1153, 1158 (Fed. Cir. 1996) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-240 (1937)). "In general, the presence of an 'actual controversy' within the meaning of the statute depends on whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." EMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996). "Even if there is an actual controversy, a district court has discretion to refuse to entertain a declaratory judgment action." Id. (affirming district court's discretionary refusal to exercise jurisdiction over a declaratory judgment claim). "The declaratory judgment plaintiff bears the burden of proving that there is an actual controversy." Fina Research, S.A. v. Baroid Ltd., 141 F.3d 1479, 1481 (Fed. Cir. 1998).

The Declaratory Judgment Act is frequently used to resolve disputes between patent holders and alleged infringers. See, e.g. Fina Research; Arrowhead Ind. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 734-35 (Fed. Cir. 1988). An alleged infringer's declaratory judgment action is the mirror image of the patentholder's affirmative case for patent infringement. The parties are reversed, but the cause of action and nature of the dispute are the same. Accordingly, the proper defendants in a declaratory judgment action arising under the Patent Laws are the patentholder and

any other entity which would be entitled to sue for patent infringement. See, e.g., Fina Research S.A. v. Baroid Ltd., 141 F.3d 1479, 1480-81 (Fed. Cir. 1998) (referring to earlier decision Fina Research S.A. v. Baroid Drilling Fluids, Inc., 1996 WL 521465, *2 (Fed. Cir. Sept. 16, 1996) (nonprecedential)); Contracting Division, A.C. Horn Corp. v. New York Life Ins. Co., 113 F.2d 864, 865 (2d Cir. 1940).

For example, in Fina Research v. Baroid Drilling Fluids, Inc., 1996 WL 521465 (Fed. Cir. Sept. 16, 1996), the Federal Circuit affirmed the dismissal of a declaratory judgment claim against a party that had no legal interest in the two patents in suit. The Federal Circuit reasoned that "because [the defendant] had no legal interest in the two patents and therefore could not bring suit for patent infringement, there was no actual controversy between [plaintiff] and [defendant] that would support jurisdiction under the Declaratory Judgment Act." Fina Research, 141 F.3d at 1480-81. The district courts which have considered the issue have uniformly recognized that whether a party can be sued for a declaratory judgment in a patent dispute turns on whether that party would have standing to sue for patent infringement. See, e.g., Orion Electric Co. Ltd. v. Funai Electric Co., Ltd., 2001 WL 1506009, *3 (S.D.N.Y. Nov. 26, 2001) (recognizing that if defendant is merely a non-exclusive licensee of the patents in suit, defendant "would not have sufficient ownership rights to sue and would not be a proper defendant" to a declaratory judgment claim); EMS-America Grilon Inc. v. DSM Resins U.S. Inc., 15 USPQ.2d 1472, 1474 (D.N.J. 1989) ("[W]hen a party divests itself of all of its interest in a patent . . . that same party does not retain a sufficient stake in the outcome of an infringement controversy to require it to remain as a defendant to the action, and that no case or controversy can be said to exist between the parties."); Caldwell Mfg. Co. v. Unique Balance Co., 18 F.R.D. 258, 264 (S.D.N.Y. 1955) ("In the absence of an independent right to bring an action for patent infringement, defendant licensee herein has no independent right to defend a suit seeking a declaration as to the validity of the licensed patent.").

The law is quite clear that only a patent holder and an exclusive licensee are proper parties to an infringement action. Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1551-52 (Fed. Cir. 1995). It is horn book law that a bare licensee has no standing to sue. Textile Productions, Inc. v. Mead Corp., 184 F.3d 1481, 1484 (Fed. Cir. 1998) ("[A] bare licensee has no standing at all.").

From the perspective of legal standing, Elonex UK Limited is a stranger to the Patents in Suit. Elonex UK Limited does not own the patents and it is not an exclusive licensee or even a bare licensee.

**REDACTED AND SEALED**

Elonex UK Limited would not have standing to sue for infringement of the Patents in Suit. See Rite-Hite, 56 F.3d at 1551-52 (holding that only assignees and exclusive licensees have standing to sue for infringement). Accordingly, it is not a proper party to this declaratory judgment action.

**C. The Court Should Dismiss The Claims Without Leave To Amend The Caption To Substitute Elonex UK Limited Because The Court Would Lack Personal Jurisdiction Over Elonex UK Limited.**

The Court should dismiss the case without leave to substitute or amend the pleadings to add Elonex UK Limited for the additional reason that the Court would lack personal jurisdiction over Elonex UK Limited.

Determining whether a court may exercise personal jurisdiction over a defendant ordinarily requires a two-step inquiry: (1) whether the forum state's long arm statute reaches the defendant, and (2) whether the exercise of jurisdiction comports with the federal constitutional requirements of due process. Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998).[1] The California long-arm statute confers jurisdiction to the limits of due process. See Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Thus, the two-steps become one: whether the exercise of personal jurisdiction comports with due process.

Due process requires that the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). If the defendant has "continuous and systematic contacts" with the forum, due process is satisfied even if the cause of action does not arise out of or relate to those contacts. Helicopteros Nacionales de

[1] In cases concerning patent rights, the law of the Federal Circuit controls whether the district court has personal jurisdiction. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). This is so called "general jurisdiction." Under Federal Circuit law, a court may also have "specific jurisdiction" over a defendant if: (1) the defendant has purposefully directed its activities at residents of the forum state; (2) the claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is fair and reasonable. Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001). The burden is on the plaintiff to establish the existence of personal jurisdiction. Id. at 1363.

This Court could not assert general jurisdiction over Elonex UK Limited because Elonex UK Limited does not have "continuous and systematic contacts" with California. Elonex UK Limited is not incorporated in California, does not regularly transact business in California, does not sell any products in California, and does not have any employees in California. See Spiro Decl., ¶ 4.

**REDACTED AND SEALED**

Plaintiffs have failed to plead a single contact by Elonex UK Limited directed at California, let alone that this action arises out of or relates to such a contact. In short, Elonex UK Limited does not have the minimum contacts with California necessary to justify the assertion of personal jurisdiction over it in this district.

## IV. CONCLUSION.

For the reasons set forth above, this Court should grant Elonex UK PLC's Motion to Dismiss with prejudice and without leave to amend the Complaint to add or substitute Elonex UK Limited as a party.

DATED: April 5, 2004 DECHERT LLP

By: /s/Sarah Wager
Sarah Wager
Attorneys for Defendant Elonex UK PLC