NIALL P. McCARTHY (#160175)
GLORIA D. SMITH (#200824)
**COTCHETT, PITRE, SIMON & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 692-3606

SARAH E. SISKIND
CHARLES BARNHILL
ELIZABETH J. EBERLE (196914)
**MINER, BARNHILL & GALLAND, P.C.**
44 East Mifflin Street, Suite 803
Madison, Wisconsin 53703
Telephone (608) 255-5200

Attorneys for Plaintiff
Aurora and Innocente Cortazar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AURORA AND INNOCENTE CORTAZAR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>WELLS FARGO & CO., WELLS FARGO FINANCIAL CORPORATION, INC., WELLS FARGO HOME MORTGAGE, INC. and DOES 1 through 50, inclusive,<br><br>Defendants | Case No. 04-894 JSW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF NIALL P. McCARTHY**<br><br>Date: July 16, 2004<br>Time: 9:00 a.m.<br>Courtroom.: 21<br>Judge: Hon. Jeffrey S. White |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 16, 2004 at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Jeffrey S. White of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Aurora and Innocente Cortazar (herein after "Plaintiffs" or "Cortazars"), will move the Court for an order remanding this action in its entirety to the Superior Court of the State of California, County of San Francisco, where the action was originally filed.

Plaintiff's motion to remand is brought pursuant to 28 U.S.C. §§ 1441 and 1447 and supporting case law on the grounds that this Court lacks subject matter jurisdiction over the claims alleged against the Defendants. Plaintiff's causes of action are brought under California Business and Professions Code § 17200 and common law causes of action. Therefore, under the well-pleaded complaint rule, this Court lacks subject matter jurisdiction to entertain claims brought solely under California statutory provisions and common claims and this matter should be remanded in the interests of justice and judicial economy and efficiency.

This motion is based upon this notice of motion and motion, the supporting memorandum of points and authorities, the supporting declaration of Niall P. McCarthy, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

///

///

///

///

///

///

///

///

## RELIEF SOUGHT

Plaintiffs seek remand of this matter in its entirety to the California Superior Court for the County of San Francisco.

Dated: April 5, 2004

**COTCHETT, PITRE, SIMON & McCARTHY**

By: /s/
NIALL P. McCARTHY
*Attorneys for Plaintiffs Aurora and Innocente Cortazar*

Dated: April 5, 2004

**MINER, BARNHILL & GALLAND, P.C.**

By: /s/
SARAH SISKIND
*Attorneys for Plaintiffs Aurora and Innocente Cortazar*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Aurora and Innocente Cortazar (hereinafter "Plaintiffs" or "the Cortazars") filed this action under California Business and Professions Code section 17200 and common law claims in the Superior Court for the State of California in and for the County of San Francisco on December 18, 2003.

On March 4, 2004, Defendants, Wells Fargo & Co., Wells Fargo Financial Corporation, Inc., and Wells Fargo Home Mortgage, Inc. (hereinafter "Wells Fargo" or "Defendants") removed this action to the Northern District of California on the basis of federal question jurisdiction, pursuant to 28 U.S.C. §1446. Because this Court lacks subject matter jurisdiction to entertain claims brought solely under California statutory provisions and the common law, this matter should be remanded.

### II. ALLEGATIONS IN THE COMPLAINT

Plaintiffs' principal claim in this action is brought under Cal. Bus. & Prof. Code Section 17200. Plaintiffs allege that Defendants—relying on the reputation and prestige of the Wells Fargo name, violated Section 17200 by a scheme of predatory lending in the "sub-prime" market through a multi-faceted pattern of unfair, unlawful, and deceptive business practices. They assert essentially four theories in support of this claim: First, they allege that Defendants "baited" their customers with deceptive loan promotion offers and then, at closing, presented them with higher interest rates, points and costs than those originally offered; second, Plaintiffs allege that Defendants simply omitted the costly points, prepayment penalties and other material terms of their loans in the promotion of those loans; third, Plaintiffs allege that Defendants imposed costly points and penalties, known in the industry as tools to "buy down" interest rates, without actually reducing the loans' interest rates in exchange; and, forth, under the "unlawful" prong of Section

17200, they allege that Defendants' disclosures were inadequate. Complaint at ¶¶ 17-26, 31-34.[1] Each of these theories is sufficient, independently, to support Plaintiffs' Section 17200 claim.

Defendants assert two bases for removal jurisdiction. First, with respect to Plaintiffs' claims against all defendants, they assert that Plaintiffs raise a federal question of Defendants' non-compliance with federal disclosure rules. Plaintiffs show below that they are not seeking to enforce federal law, and that assertion of violations of federal law under Section 17200 does not support removal jurisdiction.

Defendants' second argument concerns Plaintiffs' claims against only one defendant, Wells Fargo Home Mortgage Inc. (WFHMI). Defendants contend that because WFHMI is wholly owned and operated by Wells Fargo Bank, any claims against it have been completely preempted. Plaintiffs' show below that this contention, as well, is wrong.

## III. GENERAL PRINCIPLES

### A. Federal Statutes And Case Law Are Strictly Construed *Against* Federal Jurisdiction, And In *Favor* Of Remand To State Court

Because federal courts are courts of limited jurisdiction, "parties who invoke[] the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *Tortola Restaurants v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188 (N.D. Cal. 1997) (remanding diversity case alleging claims under Cal. Bus. & Prof. Code). Moreover, removal jurisdiction is extremely circumscribed, and the removal statute is strictly construed against removal. *See, e.g.*, *Sacramento Metropolitan Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1010-1014 (9th Cir. 2000); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Ninth Circuit applies a "'strong presumption' against removal jurisdiction." *Gaus*, 980 F.2d at 566 (citation omitted); *see also, e.g. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941), superseded by statute on other grounds as stated in *Breuer v. Jim's Concrete of*

---

[1] Plaintiffs also allege that Defendants engaged in a pattern of concealment and negligent misrepresentation resulting in Defendants' unjust enrichment, all California common law claims. *See* Complaint at ¶¶ 36, 42, 45.

*Brevard Inc.* 538 US 691 (2003) ("[d]ue regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"). Any doubts as to jurisdiction are resolved in favor of remand, *see e.g., Gaus* 980 F.2d at 566, as lack of federal jurisdiction would make litigating this matter in federal court a futile effort. As discussed below, Defendants cannot overcome the strong presumption against removal jurisdiction or meet their burden of establishing that removal is proper in this case. Therefore, this action must be remanded to the San Francisco County Superior Court.

### B. The Court Must Limit Its Inquiry To The Face Of Plaintiff's Well-Pleaded Complaint To Determine Whether A Federal Question Exists

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Under this rule, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiffs' properly pleaded complaint." *See Braco v. MCI Worldcom Communs., Inc.,* 138 F.Supp.2d 1260, 1264 (C.D. Cal. 2001). Because the existence of a federal question is determined by looking only to the plaintiff's complaint, removal may not be based upon a potential federal law defense or counterclaim presented by a defendant. *See Rivet*, 522 U.S. at 475.

Pursuant to the well-pleaded complaint rule "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, *Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986) n.6 ("[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced"). In short, the well-pleaded complaint rule is a powerful doctrine that severely limits the number of cases in which state law creates the cause of action that may be initiated in or removed to federal district court. *Lippitt v. Raymone James Financial Services, Inc.,* 340 F.3d 1033, 1039-1040 (2003) *citing Franchise Tax Bd. Of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9-10 (1983).

The Ninth Circuit Court of Appeal stated three narrow exceptions to the well-pleaded complaint rule. *ARCO Envtl. Remediation v. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000). The first exception is the preemption doctrine. Under the preemption doctrine, a complaint based exclusively on state law but falling under one of the few areas of pervasive federal legislation is deemed completely preempted and thus presents a federal question. *ARCO*, 213 F.3d at 1114. The second exception to the well-pleaded complaint rule occurs where plaintiff's complaint is explicitly brought pursuant to state law yet the claims are "necessarily federal in character." *ARCO*, 213 F.3d at 1114, *citing Brennan v. Southwest Airlines, Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998), *amended by* 140 F.3d 849 (9th Cir. 1998). This is also known as the artful pleading exception. Finally, federal jurisdiction is proper if the "right to relief depends on the resolution of a substantial, disputed federal question." *ARCO*, 213 F.3d at 1114.

In their notice of removal, Defendants appear to argue, without expressly stating, that the "necessarily federal in character" and preemption exceptions to the well-pleaded complaint rule apply to the case at bar. Plaintiffs discuss both exceptions, and show that neither apply to the instant case. Accordingly, this case must be remanded.

## IV. <u>DEFENDANTS ARGUMENTS FOR REMOVAL LACK MERIT</u>

### 1. <u>Plaintiffs' State Court Claims Do Not Raise Federal Questions Because They Are Not 'Necessarily Federal in Character"</u>

Defendants' contend that the case is removable by all defendants because Plaintiffs assert federal questions under "TILA," "HOEPA," "HELCPA" and "RESPA" that could have been brought in federal court. Removal Petition at ¶¶ 6-8. In fact, Plaintiffs assert violations of these laws as predicate unlawful acts under Section 17200.[2/]

---

[2] California's Section 17200 provides that: "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…" The law thus establishes three varieties of unfair competition" acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Communications, Inc .v. Los Angeles Cellular Tel. Co.,* (1999) 20 Cal.4th 163, 180. A plaintiff can properly plead a claim under Section 17200 under the "fraud" or "unfairness" prongs without

As the Ninth Circuit held in *Lippitt v. Raymone James Financial Services, Inc.,* 340 F.3d 1033, 1039-40 (9th Cir. 2003), asserting a violation of federal law as a predicate unlawful act under Section 17200 does not support federal," according to *Lippitt*, only where "(1) a substantial, disputed question of federal law is a *necessary* element of … the well-pleaded state claim … or the complaint claims an inherently federal claim articulated in state law terms; or (2) the right to relief depends on the resolution of a substantial, disputed federal question. *Lippitt*, 340 F.3d at 1042-43. Similarly if "a plaintiff can support his claim with 'alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach." *Id.*

Like the plaintiffs in *Lippitt,* the Plaintiffs here seek only to hold Defendants liable under California law. Their allegations of failure to comply with federal law are neither necessary elements of their Section 17200 claim, and do not pose a question upon which Plaintiffs' relief depends. They are not "necessarily" federal in character.

### 2. <u>Removal Is Not Warranted By The Preemption Doctrine Under Either Of Defendants' Arguments</u>

Defendants make two arguments for why removal is supported by the preemption doctrine. First, relying on *Beneficial National Bank v. Anderson*, ___ U.S. ___, 123 S.Ct. 2058 (2003), they argue that Plaintiffs' have asserted claims against WFHMI that are "completely preempted" by Section 85 and 86 of the National Bank Act (12 U.S.C. §§ 85, 86). Defendants do not assert that Plaintiffs claims against any other defendants are preempted. Second, Defendants argue that complete preemption of Plaintiffs' claims has been created by new regulations

---

alleging that Defendants violated *any* law. *Klussman v. Cross-Country Bank*, 2002 WL 1000184, 3 (N.D.Cal., May 15, 2002). The "unlawful" prong of the law "borrows violations of other law and treats them as unlawful practices and makes them independently actionable. "*Cel-Tech*, 20 Cal. 4th at 180. Virtually any civil or criminal state, federal, municipal, or administrative law or regulation can serve as the predicate act. *Klein v. Earth Elements, Inc.,* (1997) 59 Cal.App.4th 965; *Lippitt*, 340 F.3d at 1045. "The Legislature … intended by this sweeping language to permit tribunals to … deal with the innumerable new schemes which the fertility of man's invention would contrive." *Barquis v. Merchants Collection Ass'n,* (1972) 7 Cal.3d 94, 111-112.

promulgated in January 2004 by the Office of the Comptroller of Currency ("OCC"). *See* 12 C.F.R. § 7.4009 (Jan. 13. 2004). Plaintiffs show below that neither argument supports removal.

Federal courts rarely find complete preemption; indeed, they have found it in only three areas: the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58 (1987); *Beneficial National Bank v. Anderson.* To "remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987); *see also ARCO Environmental Remediation L.L.C. v. Dep't of Health and Envitl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000).

### a. <u>There Are No Usury Claims To Preempt Under The National Bank Act</u>

Defendants' reliance, in the first of their two preemption arguments, on *Beneficial National Bank v. Anderson* is misplaced, 123 S.Ct. 2058 (2003). All *Beneficial National* holds is that Sections 85 and 86 of the National Bank Act preempt state law with respect to claims asserting limits on interest rates and usury, respectively.[3/] Plaintiffs make no such claims. In

---

[3] Section 85, entitled "rate of interest on loans, discounts and purchases," states:

> Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidence of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under state laws, the rate so limited shall be allowed for associations organized or existing in any such State, or Territory, or District, the bank may take, receive, reserve, or charge a rate not exceeding 7 per centum, or 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and such interest may be taken in advance, reckoning the days for which the note, bill or other evidence of debt has to run. The maximum amount of interest or discount to be charged at a branch of an association located outside of the States of the United States and the District of Columbia shall be at the rate allowed by the laws of the country, territory, dependency, province, dominion, insular possession, or other political subdivision where the branch is located. And the purchase, discount, or sale of a bona fide bill of exchange, payable at another place than the place of such purchase, discount,

order to fit Plaintiffs' claims under *Beneficial Bank*, therefore, Defendants distorted them, quoting Plaintiffs' allegations selectively and out of context to make it appear that Plaintiffs were attempting to assert limits on permissible interest rates. Defendants' distortion is that Plaintiffs make a claim that WFHMI violated the law simply by charging exorbitant finance charges, prepayment penalties, and fees without other wrongful conduct. In fact, this is not Plaintiffs' claim. Plaintiffs claim, rather, as an aspect of Defendants' deceptive sales practices, that Defendants deceive consumers by (1) "baiting and switching" loan terms, (2) "flipping" loans without reducing interest rates,[4/] and (3) charging points and penalties, which under standard industry practice are tools to "buy down" interest rates, *without reducing, in exchange, the borrowers' interest rates. See* Complaint, ¶¶ 3 and 19. Plaintiffs are not claiming usurious interest rates as a stand-alone theory; they are asserting that interest rates and connected wrongful conduct. Thus, in purporting to restate the claim from Plaintiffs' Complaint, Defendants' removal petition baldly omitted the operative phrase. Removal Petition at ¶ 12. In truth, then, while Sections 85 and 86 of the National Bank Act indeed preempt state usury laws placing

---

> or sale, at not more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest.

Section 86, titled "Usurious interest; penalty for taking; limitations, states:

> The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest had been paid, the person by whom it has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred.

[4] "Flipping" occurs when a lender refinances a borrower from one loan with costly fees and points to another loan with costly fees and points without refunding the fees and points charged on refinanced loans. Complaint at ¶ 3.

limits on interest rates, Plaintiffs make no such claims.[5/] Defendants' argument for complete preemption under *Beneficial National Bank* accordingly fails.

**b. <u>Congressional Intent Is Necessary For The Creation of Complete Preemption; An Agency Regulation Is Not Enough</u>**

Defendants' second preemption argument is that the conduct targeted by Plaintiffs' deceptive practices allegations is "governed exclusively by the OCC" and subject exclusively to "standards … prescribed by the OCC." Removal Petition at ¶ 13. Defendants appear to disregard the principle that preemption of state laws arises from the intent of the Congress, not the OCC. *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504 (1992). Defendants cite no language in the National Bank Act or any act of Congress supporting the broad preemption principle on which they base their claim for removal. Nor do they cite any authority for the proposition that the OCC—an executive agency charged with carrying out the acts of Congress, not creating them—has authority to preempt state law. Rather, Defendants rely on OCC regulations (12 C.R.F. §§ 34.3 and 34.4) as the sole basis for preempting Plaintiffs' state law claims.[6/] Such reliance on federal regulations is misplaced, and must be rejected.

---

5 In *Beneficial Bank,* by contrast, the plaintiffs asserted common law usury doctrine and state usury statutes. *Id.* at 2063 ("[The] complaint sought relief for 'usury violations' and claimed the [bank] charged …excessive interest in violation of the common law usury doctrine …thus [the] complaint expressly charged petitioners with usury."). In finding complete preemption in that case, the Supreme Court was careful to limit its preemption determination to usury: "In actions against national banks for *usury*, these provisions supercede both the substantive and the remedial provisions of state *usury* laws and create a federal remedy for overcharges that is exclusive …there is, in short, no such thing as a state-law claim for usury against a national bank." *Id.* at 2064 (emphasis added).

6 Curiously, in 12 C.F.R. § 34.3, the OCC announces a general rule, not found anywhere in its own statutory mandate, against national banks engaging in unfair or deceptive practices "within the meaning of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)," an Act the OCC does not enforce, and which undisputedly does *not* preempt state unfair and deceptive practices laws. *See, e.g., Austin v. American General Finance, Inc.*, 900 F. Supp. 396, 399-400 (M.D.Ala. 1995); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978), *cert. denied*, 440 U.S. 981 (1979); *400 Days Inn of America Franchising, Inc. v. Windham*, 699 F.Supp. 1581 (N.D.Ga.1988).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court remand this action to the California Superior Court for County of San Francisco.

Dated: April 5, 2004 **COTCHETT, PITRE, SIMON & McCARTHY**

By: /s/
NIALL P. McCARTHY
*Attorneys for Plaintiffs Aurora and Innocente Cortazar*

Dated: April 5, 2004 **MINER, BARNHILL & GALLAND, P.C.**

By: /s/
SARAH SISKIND
*Attorneys for Plaintiffs Aurora and Innocente Cortazar*

## TABLE OF CONTENTS

**Page Nos.**

**NOTICE OF MOTION AND MOTION** . . . . . . . . . . 1

**RELIEF SOUGHT** . . . . . . . . . . 2

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . 3

**I. INTRODUCTION** . . . . . . . . . . 3

**II. ALLEGATIONS IN THE COMPLAINT** . . . . . . . . . . 3

**III. GENERAL PRINCIPLES** . . . . . . . . . . 4

**A. Federal Statutes And Case Law Are Strictly Construed *Against* Federal Jurisdiction, And In *Favor* Of Remand To State Court** . . . . . . . . . . 4

**B. The Court Must Limit Its Inquiry To The Face Of Plaintiff's Well-Pleaded Complaint To Determine Whether A Federal Question Exists** . . . . . 5

**IV. DEFENDANTS ARGUMENTS FOR REMOVAL LACK MERIT** . . . . . . . . . . 6

**1. Plaintiffs' State Court Claims Do Not Raise Federal Questions Because They Are Not 'Necessarily Federal in Character"** . . . . . . . . . 6

**2. Removal Is Not Warranted By The Preemption Doctrine Under Either Of Defendants' Arguments** . . . . . . . . . . 7

**a. There Are No Usury Claims To Preempt Under The National Bank Act** . . . . . . . . . . 8

**b. Congressional Intent Is Necessary For The Creation of Complete Preemption; An Agency Regulation Is Not Enough** 10

**V. CONCLUSION** . . . . . . . . . . 11

LAW OFFICES
COTCHETT, PITRE, SIMON & McCARTHY

## TABLE OF AUTHORITIES

**Page Nos.**

### CASES

***ARCO Envtl. Remediation v. Dep't of Health and Envtl. Quality*,**
**213 F.3d 1108 (9th Cir. 2000) . . . . . . . . . . 6, 8**

***Austin v. American General Finance, Inc.*,**
**900 F. Supp. 396 (M.D.Ala. 1995) . . . . . . . . . . 10**

***Barquis v. Merchants Collection Ass'n*,**
**7 Cal.3d 94 (1972) . . . . . . . . . . 7**

***Beneficial National Bank v. Anderson*,**
**__U.S.__ 123 S.Ct. 2058 (2003) . . . . . . . . . . 8-10**

***Braco v. MCI Worldcom Communs., Inc.*,**
**138 F.Supp.2d 1260 (C.D. Cal. 2001) . . . . . . . . . . 5**

***Brennan v. Southwest Airlines, Co.*,**
**134 F.3d 1405 (9th Cir. 1998) . . . . . . . . . . 6**

***Breuer v. Jim's Concrete of Brevard Inc.***
**538 US 691 (2003) . . . . . . . . . . 4**

***Caterpillar, Inc. v. Williams*,**
**482 U.S. 386 (1987) . . . . . . . . . . 5, 8**

***Cel-Tech Communications, Inc .v. Los Angeles Cellular Tel. Co.*,**
**(1999) 20 Cal.4th 163 . . . . . . . . . . 6, 7**

***Cipollone v. Liggett Group, Inc.*,**
**505 U.S. 504 (1992) . . . . . . . . . . 10**

***Days Inn of America Franchising, Inc. v. Windham*,**
**699 F.Supp. 1581 (N.D.Ga.1988) . . . . . . . . . . 10**

***Franchise Tax Bd. Of California v. Construction Laborers Vacation Trust*,**
**463 U.S. 1 (1983) . . . . . . . . . . 5**

***Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978)**
***cert. denied*, 440 U.S. 981 (1979) . . . . . . . . . . 10**

***Gaus v. Miles, Inc.*,**
**980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . 4, 5**

***Holloway v. Bristol-Myers Corp.*,**
**485 F.2d 986 (D.C. Cir. 1973) . . . . . . . . . . 10**

***Klein v. Earth Elements, Inc.*,**
**(1997) 59 Cal.App.4th 965 . . . . . . . . . . 7**

*Klussman v. Cross-Country Bank*,
2002 WL 1000184 (N.D.Cal., May 15, 2002) . . . . . 7

*Lippitt v. Raymone James Financial Services, Inc.*,
340 F.3d 1033 (2003) . . . . . 5, 7

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*,
478 U.S. 804 (1986) . . . . . 5

*Metropolitan Life Ins. v. Taylor*,
481 U.S. 58 (1987) . . . . . 8

*Rivet v. Regions Bank of La.*,
522 U.S. 470 (1998) . . . . . 5

*Sacramento Metropolitan Air Quality Mgmt. Dist. v. United States*,
215 F.3d 1005 (9th Cir. 2000) . . . . . 4

*Shamrock Oil & Gas Corp. v. Sheets*,
313 U.S. 100 (1941) . . . . . 4

*Tortola Restaurants v. Kimberly-Clark Corp.*,
987 F.Supp. 1186 (N.D. Cal. 1997) . . . . . 4

*Young v. Anthony's Fish Grottos, Inc.*,
830 F.2d 993 (9th Cir. 1987) . . . . . 8

## STATUTES & RULES

12 C.F.R.

§ 34.3 . . . . . 10

§ 7.4009 . . . . . 8

§§ 34.3 and 34.4 . . . . . 10

28 U.S.C.

§1446 . . . . . 3

California Business and Professions Code

§ 17200 . . . . . 3, 4, 6, 7

Federal Trade Commission Act ,15 U.S.C.

§ 45(a)(1) . . . . . 10

National Bank Act, 12 U.S.C.

§§ 85 and 86 . . . . . 7, 8