CHARLES A. KOSS CSB #099864
GAGEN, McCOY, McMAHON & ARMSTRONG
279 Front Street
P.O. Box 218
Danville, CA 94526
Telephone: (925) 837-0585
Facsimile: (925) 838-5985

Attorneys for Defendants
VALLEY OF CALIFORNIA, INC. dba
COLDWELL BANKER and LOU RAE KAGEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON HANCOCK and ELLEN HANCOCK,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID RYAN; STEPHANIE TRIFELOS; PACIFIC PROPERTY INSPECTION; REAL ESTATE INSPECTION GROUP, INC.; LOU RAE KAGEL; JOSEPHINE B. BUCHANAN; DAVID LEWIS TROYER; VALLEY OF CALIFORNIA, INC. d.b.a. COLDWELL BANKER; and DOES 1 TO 100,<br><br>Defendants. / | No.: C03-04327 JF<br><br>**ANSWER OF DEFENDANTS VALLEY OF CALIFORNIA, INC. AND LOU RAE KAGEL TO FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, FRAUD, NEGLIGENCE, UNJUST ENRICHMENT, BREACH OF FIDUCIARY DUTY, CONSTRUCTIVE FRAUD, BREACH OF IMPLIED WARRANTY, RESCISSION, AND INJUNCTIVE RELIEF AND STATUTORY DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants VALLEY OF CALIFORNIA, INC. dba COLDWELL BANKER and LOU RAE KAGEL answer the unverified First Amended Complaint of Plaintiffs JASON HANCOCK and ELLEN HANCOCK as follows:

1. In answering the allegations set forth in Paragraphs 1, 2 and 3 of the First Amended Complaint, Defendants have insufficient information and belief upon which to answer said allegations, and on that ground, deny each and every allegation set forth therein.

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585



Dockets.Justia.com

2. In answering the allegations set forth in Paragraph 4 of the First Amended Complaint, Defendants admit that Defendant LOU RAE KAGEL is an individual and citizen of California, and that Defendant VALLEY OF CALIFORNIA, INC., dba COLDWELL BANKER is a corporation duly licensed to do business in the State of California.

3. In answering the allegations set forth in Paragraph 5 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs.

4. In answering the allegations set forth in Paragraphs 6 and 7 of the First Amended Complaint, Defendants admit that Plaintiffs purchased the Property, as that term is defined in the First Amended Complaint, but except as expressly so admitted, deny each and every allegation of said paragraphs.

5. Defendants deny the allegations of Paragraphs 8, 9 and 10 of the First Amended Complaint.

6. In answering the allegations in Paragraph 11 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs.

7. Defendants deny the allegations of Paragraphs 12, 13, 14, 15, 16 and 17 of the First Amended Complaint.

8. In answering the allegations in Paragraph 18 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs.

9. Defendants deny the allegations of Paragraphs 19, 20, and 21 of the First Amended Complaint.

10. In answering the allegations in Paragraph 22 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs.

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585

11. Defendants deny the allegations of Paragraph 23 of the First Amended Complaint.

12. In answering the allegations in Paragraph 24 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs.

13. In answering the allegations set forth in Paragraph 25 of the First Amended Complaint, Defendants admit that Defendants acted as real estate agents and/or brokers in the purchase and sale of the Property, and in such capacity owed certain fiduciary duties as established by law, but except as expressly so admitted, Defendants deny each and every allegation of said paragraph.

14. Defendants deny the allegations in Paragraphs 26, 27, 28 and 29 of the First Amended Complaint.

15. In answering the allegations in Paragraph 30 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs.

16. Defendants deny the allegations of Paragraphs 31, 32, 33 and 34 of the First Amended Complaint.

17. In answering the allegations in Paragraph 35 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs

18. In answering the allegations set forth in Paragraphs 36, 37, 38, 39 and 40, Defendants have insufficient information and belief upon which to answer said allegations, and on that ground, deny each and every allegation set forth therein.

19. In answering the allegations in Paragraph 41 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs.

20. Defendants deny the allegations of Paragraphs 42, 43, 44 and 45 of the First Amended Complaint.

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585

21. In answering the allegations in Paragraph 46 of the First Amended Complaint, Defendants incorporate by reference the responses set forth in all preceding paragraphs

22. In answering the allegations set forth in Paragraphs 47, 48, 49, 50 and 51, Defendants have insufficient information and belief upon which to answer said allegations, and on that ground, deny each and every allegation set forth therein.

23. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, these answering Defendants allege that the First Amended Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

24. AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the injuries and damages of which Plaintiffs complain, if any there were, were proximately caused by the negligence, and other fault of other persons, firms, corporations, including Plaintiffs and other Defendants, and should judgment be rendered against these answering Defendants, which should not occur, such judgment should be reduced, abated and discharged in accordance with the percentage of negligence and other fault charged against such other persons, firms, corporations, including Plaintiffs, and other Defendants.

25. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the incidents and damages alleged by Plaintiffs were either wholly or in part, negligently or otherwise, caused by persons, firms or entities other than these answering Defendants, and such fact eliminates or comparatively reduces the percentage of liability, if any, of these answering Defendants.

26. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that if it should be established that these answering Defendants are in any manner legally responsible for Plaintiffs' alleged damages, which is denied, these answering Defendants are entitled to indemnity and/or contribution from the other parties named in this litigation in direct proportion to the negligence or other

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585

actionable conduct which proximately caused or contributed to the alleged damages if any.

27. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs, and each of them, were themselves partially, if not wholly, negligent on their respective parts and, pursuant to the doctrine of comparative negligence, should be barred from recovery of that portion of the damages directly attributable to their proportionate share of the negligence

28. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint, these answering Defendants allege that these Defendants exercised ordinary care, caution and prudence to avoid the alleged loss by Plaintiffs, and thus Defendants did not breach any duty to Plaintiffs.

29. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint, these answering Defendants allege on information and belief that each cause of action of the First Amended Complaint fails to set forth facts sufficient to impute to these answering Defendants joint and several liability for any of the damages claimed by any party against these answering Defendants. Any liability of these answering Defendants, which liability is expressly denied, would therefore be limited to those injuries, losses, or damages, if any there were, for which these answering Defendants' actionable conduct, if any, was a primary contributing factor.

30. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at the time and place set forth in the First Amended Complaint, Plaintiffs, and each of them, had knowledge of, appreciated and voluntarily assumed the risks incident to those matters and happenings alleged in said First Amended Complaint. The damages, if any, alleged by Plaintiffs, and each of them, were caused and arose out of such risks assumed.

31. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint, these answering Defendants allege that said First Amended Complaint, and each and every cause of action therein, is barred by the applicable statutes

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585

of limitations, including but not limited to those found at California Code of Civil Procedure §§ 312 through 349 3/4, and more particularly by Code of Civil Procedure §§ 312, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 329.5, 330, 335, 336, 336a, 337, 337a, 337.1, 337.15, 337.2, 337.5, 337.6, 338, 338.1, 339, 339.5, 340, 340.1, 340.2, 340.3, 340.4, 340.5, 340.6, 341, 341a, 342, 343, 344, 345, 346, 347, 348, 349, 349.1, 349.2, 349.4, 349 ½, and 349 3/4; and Sections 2607(3(a), 2725(1) and (2) of the Uniform Commercial Code of the State of California.

32. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiffs, and each of them, approved the actions of these answering Defendants, thereby estopping the Plaintiffs from now complaining of damages, if any.

33. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times relevant hereto, the Plaintiffs, and each of them, were under an obligation to mitigate any damages that they may have incurred and that the entirety of any loss incurred by the Plaintiffs, and each of them, is for detriment which they could have avoided with reasonable effort and without undue expense.

34. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs, and each of them, took ownership and/or control of the property in question after making an inspection thereof for defects and accepted the property in question as turned over to them and are now barred and/or estopped from asserting the claims in the First Amended Complaint.

35. AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that no act or omission of these answering Defendants was a substantial factor in bringing about the alleged damages of the Plaintiffs, nor was any act or omission a contributing cause thereof. Any alleged acts or omissions of these answering Defendants were superseded by the acts or omissions of others, including Plaintiffs and/or other individuals or entities not named as Defendants in the First

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585

Amended Complaint herein which were the independent, intervening and proximate cause of damage or loss allegedly sustained by Plaintiffs.

WHEREFORE, these answering Defendants pray that Plaintiffs take nothing by way of their First Amended Complaint, that these answering Defendants be dismissed with their costs of suit and attorney's fees incurred herein, and for such other and further relief as this Court deems just and proper.

**THE DEFENDANTS DEMAND TRIAL BY JURY**

Dated: April 2, 2004

GAGEN, McCOY, McMAHON & ARMSTRONG
A Professional Corporation

By: ______________________
CHARLES A. KOSS
Attorneys for Defendants
VALLEY OF CALIFORNIA dba COLDWELL BANKER and LOU RAE KAGEL

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585

**PROOF OF SERVICE**
**[C.C.P. § 1013; C.R.C. Rule 2008]**

**Hancock v. Ryan, et al.**
**U.S. District Court Case No. C03-04327 JF**

I, the undersigned, declare that I am a citizen of the United States, a resident of the State of California, and am employed in the County of Contra Costa , State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 279 Front Street, Danville, California. On ***APRIL 5, 2004***, I served the following document(s) in the manner indicated below:

**DEFENDANTS VALLEY OF CALIFORNIA, INC. dba COLDWELL BANKER AND LOU RAE KAGEL'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, FRAUD, NEGLIGENCE, UNJUST ENRICHMENT, BREACH OF FIDUCIARY DUTY, CONSTRUCTIVE FRAUD, BREACH OF IMPLIED WARRANTY, RESCISSION, AND INJUNCTIVE RELIEF AND STATUTORY DAMAGES; DEMAND FOR JURY TRIAL.**

☑ **U.S. Mail:** by placing the document(s) listed above in a sealed envelope, with First Class postage thereon fully prepaid, and depositing same with the U.S. Postal Service, at Danville, California, addressed as set forth below, in the ordinary course of business and on the date below, and I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. [C.C.P. § 1013a.]

☐ **Facsimile Transmission:** by transmitting via facsimile from (925) 838-5985, and at the time indicated on the attached transmission report, complete and without error on the date indicated below, to the person(s) and fax number(s) set forth above, and the attached transmission record(s) was/were issued by the facsimile machine. [C.C.P. § 1013a; Cal. Rules of Court, rule 2008]

☐ **Via Messenger:** by causing personal delivery via messenger of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **Personal Delivery:** by personally delivering the document(s) listed above to the person(s) at the address(es) noted below.

☐ **Overnight Delivery:** by placing the document(s) listed above in a sealed envelope and marked for next-day delivery by [Delivery Method] . [C.C.P. § 1013a.]

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on ***APRIL 5, 2004***, at Danville, California.

Wendy Williams
WENDY WILLIAMS

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA
94526
(925) 837-0585

# SERVICE LIST

***Hancock v. Ryan, et al.***

***U.S. District Court Case No. C03-04327 JF***

| | |
|---|---|
| Michel J. Rouhani<br>Dhaliwal & Rouhani<br>2005 De La Cruz Blvd, Suite 185<br>Santa Clara, CA 95050<br>Ph: (408) 988-7722<br>Fax: (408) 988-3345<br>**Attorneys for Plaintiff HANCOCK** | |
| | |
| | |
| | |

Law Offices of
**GAGEN, McCOY, McMAHON & ARMSTRONG**
A Professional Corporation
279 Front Street
Danville, CA 94526
(925) 837-0585