**THE LAW OFFICES OF SHAWN R. PARR**
A Professional Law Corporation
SHAWN R. PARR, ESQ. (SBN: 206616)
150 Almaden Blvd., Suite 1380
San Jose, CA 95113
Telephone: (408) 267-4500
Facsimile: (408) 267-4535

Attorneys for Defendant ARTHUR TYDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIRECTV, INC. a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>BOB RODGERS; RICHARD THANG; EMIL FAJARDO; ARTHUR TYDE; TED CHAU,<br><br>Defendants. | CASE NO. C-03-05299 BZ<br><br>**ANSWER TO COMPLAINT**<br><br>*DEFENDANT ARTHUR TYDE DEMANDS TRIAL BY JURY* |

COMES NOW DEFENDANT, ARTHUR TYDE who hereby responds, alleges and answers the Complaint as follows:

1. With respect to paragraphs 1, 2 and 3 of the complaint, this answering defendant lacks information sufficient so as to form a belief as to the truth or falsity of the allegations and on that basis denies each and every all and singular, the allegations contained therein; As to the allegations directed toward defendants having made specific purchases of illegal devices, this answering defendant expressly denies making said purchases and denies committing any wrongful acts.
2. With respect to paragraph 4 of the complaint, this answering defendant lacks information sufficient so as to form a belief as to the truth or falsity of said allegations



Dockets.Justia.com

as they relate to other defendants and on that basis denies the same; As to the allegation that "defendant has purchased and used illegally modified DIRECTV Access Cards and other devices" this answering defendant expressly denies said allegation; save and except that this answering defendant admits that he is in fact a resident of this judicial district.

3. With respect to paragraph 5 of the complaint, this answering defendant denies each and every all and singular, the allegations contained therein.

4. With respect to paragraphs 6, 7 and 8 of the complaint, this answering defendant admits that subject matter jurisdiction is proper where there are true issues based upon federal question jurisdiction and admits that in that factual circumstance (which circumstance is expressly denied) subject matter jurisdiction is appropriate in this court; However, subject matter jurisdiction is challenged by way of affirmative defense together with in personam jurisdiction. Qualified as stated, venue would be proper in this district. However, this answering defendant denies any wrongdoing that would make this matter subject to federal question jurisdiction and on that basis denies the same.

5. With respect to paragraph 9 of the subject complaint, this answering defendant lacks information sufficient so as to form a belief as to the truth or falsity of said allegations and on that basis denies the same; however this responding defendant agrees that assignment of this action to the San Francisco Division is proper but denies any wrongful acts.

6. With respect to paragraph 10 of the subject complaint, this answering defendant lacks information sufficient so as to form a belief as to the truth or falsity of said allegations and on that basis denies the same.

7. With respect to paragraph 11, 12, 13 and 15 of the subject complaint, this answering defendant lacks information sufficient so as to form a belief as to the truth or falsity of said allegations and on that basis denies the same and further alleges that these allegations and individually named defendants have no relationship in fact or

The Law Offices of
Shawn R. Parr
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

otherwise with this answering defendant and that there is no common nucleus of operative fact or other such relationship so as to justify or make reasonable this answering defendant being named and/or sued or joined in the same action as those other named defendants. On that basis, this answering defendant seeks, by way of motion to be filed, the order of this court severing this answering defendant's action from those of the other named defendants.

8. With respect to paragraph 14 of the subject complaint, this answering defendant expressly denies each and every allegation therein contained save and except that this answering defendant may recall making purchases over the internet of perfectly legal technology although this answering defendant expressly asserts that the information alleged is insufficient so as to allow him to form a belief as to the specific purchases that are referenced and on that basis denies the same and expressly denies that any purchases heretofore made by this answering defendant had anything at all to do with illegal acts, acts of piracy or that they were in any way intended for or at any time used with or for DIRECTV signal reception or interception.
9. With respect to paragraph 16 of the subject complaint, this answering defendant repeats the averments and answers given to each and every of the paragraphs of the complaint, 1 through 15, inclusive.
10. With respect to paragraphs 17, 18 and 19 of the subject complaint, this answering defendant denies each and every all and singular, the allegations contained therein.
11. With respect to paragraph 20 of the complaint, this answering defendant repeats the averments and answers given to each and every of the paragraphs of the complaint, 1 through 19, inclusive.
12. With respect to paragraphs 21, 22 and 23 of the subject complaint, this answering defendant denies each and every all and singular, the allegations contained therein.
13. With respect to paragraph 24 of the subject complaint, this answering defendant repeats the averments and answers given to each and every of the paragraphs of the complaint, 1 through 23, inclusive.

The Law Offices of
Shawn R. Parr
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

14. With respect to paragraphs 25, 26, 27 and 28 of the subject complaint, this answering defendant denies each and every all and singular, the allegations contained therein.
15. With respect to paragraph 29 of the complaint, this answering defendant repeats the averments and answers given to each and every of the paragraphs of the complaint, 1 through 28, inclusive.
16. With respect to paragraphs 30, 31 and 32 of the subject complaint, this answering defendant denies each and every all and singular, the allegations contained therein.
17. With respect to paragraph 33 of the complaint, this answering defendant repeats the averments and answers given to each and every of the paragraphs of the complaint, 1 through 32 inclusive.
18. With respect to paragraphs 34, 35 and 36 the subject complaint, this answering defendant denies each and every all and singular, the allegations contained therein.

**WHEREFORE**, this answering defendant prays that Plaintiff take nothing by way of its complaint and that this court declare this action frivolous and without merit and award to this answering defendant

1. Reasonable attorney's fees
2. Rule 11 Sanctions
3. Costs of suit herein incurred
4. All such other and further relief as this court deems just and proper

**Affirmative Defenses**

AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant asserts that plaintiff has failed to state a claim upon which relief can be granted and has failed to state facts sufficient to constitute a cause of action.

AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that this court lacks subject matter jurisdiction over Counts I, II, III, IV and V of the complaint.

The Law Offices of
Shawn R. Parr
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's claims, Counts I, II, III, IV and V are all time barred in that the Statute of Limitations on the causes of action are two years and have expired as of the filing of the complaint.

AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's entire case is predicated on the allegation of possession of an illegal device and that no private right of action exists under the statute Plaintiff has brought this claim for possession under, to wit: Title 18 USC §2512 and §2520.

AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that any injury, which these defendants deny, occurred solely as a result of the plaintiff's negligence which proximately resulted in the injuries complained of and that said negligence of plaintiff operates as a complete bar to any proposed recovery on behalf of plaintiff.

AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that this action is barred by the equitable doctrines of laches and/or unclean hands on the part of plaintiff.

AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff is collaterally estopped from bringing this action.

AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges the Plaintiff and Plaintiff's attorney lack evidence with which to prosecute any and all claims made hereunder and that Plaintiff and Plaintiff's attorney were aware of this fact at and before the time they brought the complaint and that the known lack of merit of these claims, based upon a lack of evidence necessary to prove these claims, should subject them both to sanctions and as to the Attorney, sanctions and penalties under FRCP Rule 11.

AS AND FOR AN NINTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that Plaintiff's damages, if any there be, were caused by third parties whose identities are unknown to this answering defendant and that no acts of this answering defendant can be shown to have caused any harm to Plaintiff whatsoever.

The Law Offices of
Shawn R. Parr
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that a third party is the intervening and superseding cause of Plaintiff's damages, if any, and that in addition to indemnification rights in this answering defendant, Plaintiff should pursue said third party for the damages claims asserted in the Complaint, if any there be.

AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that Plaintiff has no evidence of any wrongdoing and the definitions of "illegal satellite theft device" or "piracy device" and all other definitions relevant to the statutory violations alleged in the complaint are not present under the facts as plead or as they truly exist and that therefore there can be no satisfaction of the elements required for successful prosecution under the enumerated federal statutes.

AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE, this answering defendant alleges that the "devices" alleged to have been purchased by this answering defendant is/are an ISO7816 industry standard "smart card programmer (s)" and do(does) not have as it's primary purpose the surreptitious interception and decryption of satellite signals. In fact, the devices alleged are not capable of intercepting or decrypting a satellite signal. This affirmative defense is in no way an admission of possession or purchase of such a device(s).

AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE this answering defendant alleges that the "devices" alleged to have been purchased by this answering defendant are of the stated industry standard and that said device(s) have/has many purposes and do/does not allow an individual to "surreptitiously intercept and decrypt" encrypted satellite signals. This affirmative defense is in no way an admission of possession or purchase of such a device.

AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE this answering defendant alleges that the Plaintiff lacks standing to bring this action in this court and at all in that, among other things, there is no case or controversy in that Plaintiff has not suffered damages or tangible harm by acts or omissions of defendant and Plaintiff cannot evidence any such harm or acts or omissions of the defendant.

The Law Offices of
Shawn R. Parr
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE this answering defendant alleges that an actual controversy has arisen and now exists between the parties in that Plaintiff contends that purchases made by defendant were violative of federal statutes cited in the complaint and defendant contends that no purchases, even if true, violated any such statutes, or that said purchases could, if true, be capable of violating said statutes and affirmatively asserts that he never illegally received or intercepted DIRECTV's satellite transmissions at any time and that unless Plaintiff can provide evidence of actual interception, the case against defendant as to the statutory violations should be dismissed. A declaratory Judgment as to the fact that an affirmative showing of actual interception is required to satisfy the elements of the statutes plead by Plaintiff is requested by defendant.

AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE this answering defendant alleges that any and all claims for equitable relief of Plaintiff are barred by the doctrine of unclean hands in that DIRECTV has committed acts and omissions and otherwise engaged in inequitable conduct including deceptive practices, unfair and misleading statements in letters and phone calls and has committed extortion in it's letter demands made prior to this lawsuit and has brought this lawsuit for an improper purpose.

AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE this answering defendant alleges that Plaintiff has waived any and all claims it had or has against this answering defendant due to the fact that Plaintiff knowingly failed to act for an unreasonable amount of time following the accrual of any potential right of action. This in no way constitutes an admission of any wrongdoing on the part of these answering defendants.

WHEREFORE, defendant prays that plaintiff takes nothing by reason of its Complaint, that judgment should be rendered in favor of defendant, that defendant be awarded his costs of suit incurred in defense of this action including attorney's fees, Rule 11 Sanctions should issue, and for such other and further relief as this court may deem proper.

The Law Offices of
Shawn R. Parr
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

Dated: April 5, 2004

THE LAW OFFICES OF SHAWN R. PARR

____/s/ Shawn R. Parr___________________
SHAWN R. PARR
Attorney for Defendant ARTHUR TYDE

The Law Offices of
Shawn R. Parr
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535