PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff
RICHARD STICKNEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STICKNEY,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE MINI MART; LOC T. BUI; JANNA L. BUI; and DOES 1-25, Inclusive,<br><br>Defendants.<br>_______________________________/ | Case No. C03-5820 TEH<br>Civil Rights<br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: April 26, 2004<br>Time: 1:30 p.m.<br>Place: 450 Golden Gate Ave.<br>19th Floor, Courtroom 12<br>San Francisco, CA 94102<br>Judge: Hon. Thelton Henderson |

Plaintiff herein submits his Case Management Statement. Plaintiff’s counsel contacted defense counsel and scheduled a “meet and confer” pursuant to Court Order, to be held on April 2, 2004. Prior to this date, plaintiff’s counsel transmitted to defense counsel Terry Shannon a draft of a Joint Case Management Statement for his review. On April 2, Mr. Shannon called plaintiff’s counsel and indicated that he was in a settlement conference in another case and did not have time to discuss the case. He indicated that he was in agreement with the issues as set forth by plaintiff in the draft

Statement, and that he would send defendants' portions to be incorporated into the Joint Statement. However, despite multiple contacts by plaintiff's counsel, including an email on April 12, two phone calls on April 16 and two phone calls on April 19, Mr. Shannon never provided defendants' portions of a statement or made himself available for the preparation of a Joint Statement. Therefore, plaintiff has no choice but to submit this Case Management Statement without input from defendants.

## I. JURISDICTION AND PARTIES

This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of Title III of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

All parties are subject to the Court's jurisdiction, and all known parties have been served. The parties reserve the right to seek joinder of additional parties when and if their capacities and relative responsibilities are ascertained.

## II. FACTUAL AND LEGAL BASIS FOR PLAINTIFF'S CLAIMS AND DEFENDANTS' DEFENSES

On or about July 26, 2003, Plaintiff RICHARD STICKNEY, who requires the use of a wheelchair for mobility,

traveled in his disabled licensed van to the subject property for the purpose of purchasing gasoline and using the public restroom. When plaintiff drove his van onto the subject premises, he looked for but did not see any designated disabled parking places. He pulled to one of the gas pumps and exited his vehicle in his wheelchair. He found this station was not equipped with "card reader" pumps so that he could pay at the pump with his credit card, so he attempted to enter the mini-mart to pay (in advance) for his gasoline. Although this station is large enough to service four gas pumps, usable by eight cars at a time, the only entrance to the mini-mart was <u>blocked by a six inch step</u>, and plaintiff could not enter in his wheelchair.

After plaintiff RICHARD STICKNEY was finally able to attract the attention of an employee within the store, plaintiff gave this individual his cash money and had to wait for a receipt, while the employee returned to the cash register inside of the store. He noticed that the inside of the store appeared jammed with merchandise, and that there did not appear to be any accessible paths of travel within the store even if he had been able to enter past the six inch step threshold. After plaintiff learned that the only restroom was <u>inside</u> the store, and thus inaccessible to plaintiff, he left the premises to seek accessible restroom facilities elsewhere, in great physical discomfort. As a result of the lack of restroom access, plaintiff had a bodily functions accident before he was able to reach an accessible restroom, all to his humiliation,

embarrassment, and physical, psychological and emotional damages.

In addition to the lack of proper accessible and van accessible parking, lack of an accessible entrance, lack of proper and accessible paths of travel, and lack of any accessible restroom, this public facility is inaccessible to persons with disabilities in other aspects, including but not limited to the following: lack of proper “disabled accessible” signage throughout the exterior and interior of the property; lack of proper door clearance and lack of a proper kick plate at the entrance to the building; lack of accessible door hardware; and lack of any accessible restrooms. Even if plaintiff had managed to access the building over the six inch step barricade, he would have discovered there was no wheelchair accessible path of travel to the restroom (unisex) and the restroom itself was not configured to allow use by a disabled wheelchair user, rendering the premises inaccessible to and unuseable by disabled persons. The restroom facilities and entrance to the store must be brought into compliance with all applicable federal and state code requirements.

The removal of each of the barriers to access complained of was also “readily achievable” under the standards of §301(9) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12181(a)). Further, since 1970, pursuant to California law, Health & Safety Code §§ 19955 et seq., and since July 1, 1982, by Title 24 of the California Code of Regulations, state laws have required disabled access to all new construction, the area of remodel in renovations, the path of travel leading to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

the renovated or altered area, and the drinking fountains, sanitary facilities and telephones servicing the renovated altered area, upon the construction of "alterations, structural repairs, or additions" to the premises, or upon changes in occupancy. Similar provisions exist under §303(a)(2) of the ADA, effective June 26, 1992 (42 U.S.C. 12183(a)(2)). Plaintiff alleges that the subject facilities has had "alterations, structural repair and additions" between November 13, 1970 and December 28, 2002 that each triggered provisions of state and federal laws requiring provisions of disabled access.

Failing to provide proper disabled access as required under Health and Safety Code §§19955-19959 also constitutes a *per se* violation of California Civil Code §54.1 which guarantees "full and equal access" for disabled persons without the necessity of proving any wrongful "intent." (Hankins v. El Torito Restaurants, Inc., et al. (1998) 63 Cal.App.4th 510; Donald v. Cafe Royale (1990) 218 Cal.App.3d 168.) Damages, injunctive relief, and attorney's fees are available pursuant to sections 54.3 and 55 of the Civil Code, section 1021.5 of the Civil Procedure, and section 19953 of the Health & Safety Code; and injunctive relief and attorney's fees are available pursuant to sections 308(a) and 505 of the ADA. Plaintiff's Complaint in this action alleges a continuing, day-to-day violation from the date of plaintiff's discriminatory incident of July 26, 2003, until proper access is finally provided. Any violation of the ADA is also incorporated as an independent violation of §§54(c) and 54.1(d) California Civil Code, guaranteeing damages

per §54.3 Civil Code on this additional basis.

The parties have represented the intention of cooperating toward an early resolution at a settlement conference before a Magistrate Judge. Plaintiff requests referral to Magistrate Judge Joseph C. Spero, Magistrate Judge James Larson or Magistrate Judge Maria-Elena James for an early settlement conference to be set within 90 days of the Case Management Conference with a Further Case Management Conference to be scheduled 30 days after the early settlement conference in the event the parties do not settle the case.

## III. FACTUAL ISSUES IN DISPUTE

1) What construction or "alterations, structural repairs or additions," have the subject facilities undergone since July 1, 1970 (Health & Safety Code §§ 19955 and 19959), and since January 1, 1982 (Cal. Code Regulations, Title 24, and Title III of the Americans with Disabilities Act)?

2) Were the subject facilities, goods and services cited in plaintiff's Complaint and other relevant facilities serving the subject facility accessible to plaintiff and other disabled wheelchair users on July 26, 2003, when plaintiff visited the premises?

3) What would be the individual cost, per ADA statutory and regulatory standards, for removal of each barrier to access at the facilities remaining after the enactment of the ADA on July 26, 1990, and after ADA compliance deadline of January 26, 1992?

4) What are the "overall financial resources" of

each defendant (and of any "related entities," including all holding and parent companies, subsidiaries, affiliates, trusts, joint ventures, and general partners) for purposes of determining whether each individual barrier removal is "readily achievable" under the standards of §301(9) of the Americans With Disabilities Act of 1990 and associated ADA regulations? (See Guzman v. Denny's Inc. 40 F. Supp. 2d 930 (USDC S.Dist Ohio 1999); Botosan v. MacNally Realty, 216 F.3d 827 (2000, 9th Cir.).)

5) What damages did the plaintiff incur as a result of lack of access, under California state law standards including §54.3 Civil Code, from the date of his visit on July 26, 2003, to the subject premises until whatever date that full and equal access to the subject facilities is finally provided?

6) What access improvements/modifications have defendants already made in response to plaintiff's lawsuit?

7) What barriers have been removed since defendants were served with the complaint? (Government Code §4452, adopted by §19955 Health & Safety Code, requires correction of access deficiencies within 90 days of receiving "notice.")

## IV. LEGAL ISSUES IN DISPUTE

1) What access changes and reasonable modifications in policy are required under the Americans with Disabilities Act of 1990 and the corresponding regulations entitled Americans with Disabilities Act Access Guidelines (ADAAG)?

2) What access changes and monetary damages are required for a finding of violation of Civil Code §54.1?

3) What damages are also required under California law for a finding of access violations under ADA standards, as incorporated by reference into Civil Code §§ 54(c) and 54.1(d)?

4) Must any deviations from Title 24's access requirements be formally approved through an "unreasonable hardship" exception and provide useable and accessible "equivalent facilitation?" (Donald v. Cafe Royale (1990) 218 Cal.App.3d 168; City and County San Francisco v. Grant Co. (1986) 181 Cal.App.3d 1085; People v. Ex Rel Deukmejian v. CHE, (Charthouse) (1983) 150 Cal. App.3d 123.)

5) Do local building departments have authority to enforce the ADA, or waive any requirements under the ADA, or is enforcement authority vested only in the U.S. Department of Justice and through private lawsuits?

## V. ISSUES WHICH CAN BE NARROWED BY AGREEMENT OR MOTION

The parties may be able to agree on the construction and alteration history of the subject facility, and the required injunctive relief at the subject facility. If no agreement can be reached on these issues, plaintiff may file a motion for summary adjudication on these issues. In any event an immediate cooperative site inspection is necessary, to be followed either by acooperative settlement, or discovery followed by summary judgment motion.

## VI. MOTIONS ANTICIPATED BY THE PARTIES

Plaintiff will attempt to work cooperatively with defendants to reach a complete settlement of plaintiff's

claims. However, if the parties are unable to reach such a settlement, plaintiff anticipates filing a motion for summary judgment or a motion for summary adjudication on liability issues. Alternatively, plaintiff may file a motion for preliminary injunction to enjoin defendants' violation of the ADA and California civil rights laws. Depending on the progress of the litigation, plaintiff may file motions in limine to limit evidence and/or testimony.

**VII. RELIEF SOUGHT BY PLAINTIFF**

Plaintiff is seeking injunctive relief to make defendants' facilities accessible to persons with disabilities. Such injunctive relief is provided by §19953 Health & Safety Code, California Civil Code §55, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff also seeks statutory and compensatory damages, including emotional distress damages, pursuant to Civil Code §54.3. Plaintiff also seeks statutory attorney fees, litigation expenses, and costs, pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5.

**VIII. DISCOVERY PLAN**

The parties have agreed to exchange information informally and cooperatively and withhold formal discovery at this time. However, plaintiff does not agree to a formal stay on discovery. To this end, the parties are working towards scheduling a site inspection of the subject facilities as a

first step towards resolving plaintiff's claims for injunctive relief.

If the court selects the suggested trial date of August 2005, the parties suggest the following limitations and deadlines.

**Limitations**:

i. Depositions: As per Federal Rules of Civil Procedure.

ii. Interrogatories: The parties agree to proceed as per the Federal Rules of Civil Procedure.

iii. Experts. The parties do not agree to any limitations on discovery from experts other than those in the Federal Rules of Civil Procedure.

iv. Supplemental disclosures: Per F.R.C.P. Rule 26(a) and (e).

v. Initial Disclosures From Any Newly Added Parties: within 45 days of the new party's initial appearance.

**Deadlines**: If a trial date is set for August 2005:

Deadline to disclose experts and expert reports ................ Feb. 22, 2005

Deadline to complete discovery including experts, and deadline to complete dispositive motions ... Mar. 30, 2005

Deadline to disclosure of identities of all witnesses to be called in each party's case-in-chief ......................... Apr. 30, 2005

## IX. ALTERNATIVE DISPUTE RESOLUTION AND SETTLEMENT PROSPECTS

Plaintiff requests referral to Magistrate Judge Joseph C. Spero, Magistrate Judge James Larson or Magistrate Judge Maria-Elena James for an early settlement conference. This case is not suitable for reference to binding arbitration, Special

Master or to Magistrate Judge for trial. The case is not suitable for reference to the Judicial Panel on Multidistrict Litigation.

## X. TRIAL LENGTH

**The parties expect that the trial will last for the following number of days:** Estimate without the benefit of discovery and identification of issues through pre-trial statement: 5-7 trial days. The parties have requested a jury trial.

## XI. RELATED CASES

There are no cases pending before other Judges of this Court which should be related to this case.

## XII. CLASS ACTION

This case is not a class action.

RESPECTFULLY SUBMITTED,

Dated: April 19, 2004

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

/s/ Paul L. Rein
Attorneys for Plaintiff
RICHARD STICKNEY

## ***Certificate or Proof of Service by Mail, Fax or Personal Delivery***

I, the undersigned, state: I am and was at all times herein mentioned, a citizen of the United States and a resident of the County of Alameda, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is Law Office of Paul L. Rein, 200 Lakeside Drive, Suite A (Corner of Jackson & 19th Streets), Oakland, CA 94612; that on the below date, following normal business practice, I caused to be served the foregoing document described as:

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

TERRANCE J. SHANNON
ATTORNEY AT LAW
34052 La Plaza Dr., Suite 205
Dana Point, CA 92629

on the interested parties in this action, by taking a true copy thereof and conveying as follows:

❑ **Personal Delivery:** By personally delivering through a fax-filing or messenger agency true and exact copies of these documents to the above entitled place of business (or as indicated on the attached service list) with directions to deliver them immediately to __________ attorneys for the Defendants.

❑ **Facsimile:** By facsimile transmission, from our regular facsimile machine at (510) 832-4787, at approximately _________________, or soon thereafter, addressed to the following facsimile machine (**❑ Without exhibits, which are to follow by mail; ❑ With exhibits; ☑ N/A):**

*Name of Person Served:* See Above

*Facsimile Telephone No:* See Above

A facsimile machine report was printed immediately thereafter, which verified that the transmission was complete and without error.

☑ **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with postage thereon fully prepaid, marked with the above address(es), and placed in:

☑ in First Class United States Mail

❑ in ❑ priority, or ❑ standard, overnight mail via Federal Express,

I am readily familiar with our office's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will be deposited with the United States Postal Service at Oakland, and designated overnight packages will be timely scheduled for pickup or placed in Federal Express drop boxes or left at drop centers at Oakland.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States and the state of California. Executed this **April 19, 2004**, in Oakland, California.

By: /s/ Scott Holmes
❑ Steve L. Rein ☑ Scott Holmes ❑ Patricia Barbosa
❑ Paul L. Rein ❑ Julie McLean
(Original signed)