BINGHAM McCUTCHEN LLP
WILLIAM BATES III (SBN 63317)
THOMAS E. KUHNLE (SBN 178055)
PATRICK T. WESTON (SBN 211448)
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Defendant
BRAINSTORMUSA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA TAMAYO and JUAN ALGARATE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BRAINSTORM USA, a limited liability company; and THE PROVIDENT BANK, a corporation; DOES 1-25,<br><br>Defendants. | No. C01-20386 JF (RS)<br><br>JOINT FURTHER CASE MANAGEMENT STATEMENT<br><br>Date: May 3, 2004<br>Time: 10:30 a.m.<br>Place: Ctrm. 3, 5th Floor<br>Judge: Hon. Jeremy Fogel |

Plaintiffs Cynthia Tamayo and Juan Algarate, and Defendants The Provident Bank and BrainstormUSA, LLC ("Brainstorm"), jointly submit this Further Case Management Statement:

## I. BACKGROUND

On March 29, 2001, Plaintiffs filed this action in the Superior Court of the State of California, Santa Clara County. Defendants removed this action to U.S. District Court and



Dockets.Justia.com

each filed motions to compel arbitration. The parties participated in discovery before the motions to compel arbitration were heard in September 2001. On March 29, 2002, the Court denied both Defendants' motions. Defendants separately appealed. Defendants moved to stay these proceedings pending the outcome of the appeals. The Court denied the motion to stay, but imposed reasonable limitations (including a stay on trial) to mitigate harm to the Defendants pending disposition of the appeal. Defendants filed answers to the Complaint in May 2002. A few months later, in anticipation of mediation, Plaintiffs served written discovery requests and noticed and took the depositions of Defendants' representatives.

## II. NINTH CIRCUIT MEMORANDUM

On March 10, 2004, the Ninth Circuit issued a Memorandum opinion regarding Brainstorm's and Provident Bank's appeals. The Ninth Circuit concluded that Brainstorm was not a party to the arbitration agreement nor a third-party beneficiary to it. Accordingly, the judgment denying Brainstorm's motion to compel arbitration was affirmed, and the case was remanded. The mandate of the Ninth Circuit issued on April 5, 2004.

With regard to Provident Bank, however, the Ninth Circuit vacated submission of the appeal to await the decision of the California Supreme Court in *Discover Bank v. Superior Court*, Cal. S.Ct. Case No. S113725. Plaintiffs submitted to the Ninth Circuit a Petition for Reconsideration, which was denied. Accordingly, Provident Bank's appeal remains pending before the Ninth Circuit.

## III. BRAINSTORM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On April 15, 2004, Brainstorm filed a Motion for Partial Summary Judgment. Brainstorm's motion, which was noticed to be heard by the Court on May 24, 2004, seeks to dispose of three causes of action that are based on The Truth in Lending Act, California's Unfair Practices Act, and California's Spanish Language Contract Act.

## IV. THE PARTIES' VIEWS ON CASE MANAGEMENT

The parties' positions on case management are sufficiently different that they are presented separately below:

### A. Plaintiffs' Position on Case Management

Based upon the Ninth Circuit's recent ruling in this case, Plaintiffs may now proceed with discovery against Brainstorm regarding the various causes of action. Plaintiffs would agree with Provident Bank that it is not appropriate to have Brainstorm's Motion for Summary Judgment heard at this time based not only upon Provident Bank's position set forth in Section B, but also because Plaintiffs shall have the opportunity to propound additional discovery. Plaintiffs plan on propounding pattern and practice discovery to Brainstorm and to take various depositions. Prior to the Ninth Circuit's recent ruling, the parties had agreed to focus the discovery on class certification issues as opposed to the merits of the case. Plaintiffs are now seeking to obtain discovery relating to the merits of its case, and it therefore would be premature to hear Brainstorm's Motion for Partial Summary Judgment. Plaintiffs suggest that the matter be continued for 120 days to give Plaintiffs an opportunity to complete further discovery. At this time, Plaintiffs are not suggesting that the matter be bifurcated but believe it would be more appropriate to await the Ninth Circuit's ruling with regard to Provident Bank's Motion to Compel Arbitration.

### B. Provident Bank's Position on Case Management

Given that Provident Bank's appeal is still pending before the Ninth Circuit, it is premature to advance any issues that may impact arbitration between the Plaintiffs and Provident Bank, including Brainstorm's Motion for Partial Summary Judgment or any efforts to move forward with class certification. Provident Bank is concerned that resolution of Brainstorm's motion will likely require construction of the Revolving Credit Agreement, which will be the subject of arbitration should the Ninth Circuit reverse the Court's Order denying Provident Bank's Motion to Compel Arbitration.

Likewise, Provident Bank is concerned that permitting Plaintiffs to move forward with discovery, including class certification discovery, or class certification proceedings, will be a substantial prejudice to Provident Bank. This would require Provident Bank either to actively participate (thus prejudicing Provident Bank with respect to the arbitration issue) or to decline to participate (thus prejudicing its defense of this case, in the event that the dispute is not arbitrated). Accordingly, Provident Bank requests that the Court defer consideration of Brainstorm's Motion for Partial Summary Judgment as well as any other substantive proceedings, including Plaintiffs' efforts to perform class discovery or to certify a class, until Provident Bank's appeal is resolved.

**C. Brainstorm's Position on Case Management**

The Ninth Circuit concluded that Brainstorm was neither a party to the arbitration provision in the Revolving Credit Agreement, nor an intended third-party beneficiary. The Ninth Circuit's analysis compels the conclusion that Brainstorm was not a "creditor," as defined by The Truth in Lending Act ("TILA"), in its transaction with Plaintiffs. Brainstorm has thus filed a Motion for Partial Summary Judgment that seeks to dispose of Plaintiffs' third cause of action under TILA and the fourth cause of action made under California's Unfair Practices Act, which is tethered to the alleged TILA violation. Brainstorm also seeks resolution of Plaintiffs' fifth cause of action which was made individually (and not on behalf of a class) under the Spanish Language Contract Act ("SLCA"). Brainstorm's motion points out that since Plaintiffs were able to rescind their contract with Brainstorm, and received a full refund from Brainstorm, they do not have standing to pursue their claim under the SLCA.

The other parties argue that Brainstorm's motion should be deferred. Plaintiffs argue for delay so they can take discovery on Brainstorm's "pattern and practice" of doing business. Such discovery, however, is irrelevant to Brainstorm's motion which relies on undisputed facts, admissions, and binding rulings to resolve the narrow issue of whether Brainstorm was a "creditor" in the transaction with Plaintiffs, and whether Plaintiffs have

standing to make a claim under the SLCA in light of their own admission that they suffered no damages. Plaintiffs' stated intent to propound substantial discovery also conflicts with Provident Bank's interest in reducing any prejudice by keeping legal costs low before the Ninth Circuit decides its appeal.

Moreover, Plaintiffs' discovery, particularly with respect to TILA issues, will be superfluous if Brainstorm's motion is granted. Indeed, deciding a summary judgment motion before class certification is favored "when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation." *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984). By narrowing the claims in this action, Brainstorm's motion should facilitate resolution of the dispute between Plaintiffs and Brainstorm, and will allow discovery to be tailored to reduce any burden on Provident Bank.

BINGHAM McCUTCHEN LLP

DATED: April 19, 2004

By: s/Thomas E. Kuhnle
Thomas E. Kuhnle
Attorneys for Defendant
BRAINSTORMUSA, LLC

SQUIRE, SANDERS & DEMPSEY LLP

DATED: April 19, 2004

By: s/Diane L. Gibson
Diane L. Gibson
Attorneys for Defendant
THE PROVIDENT BANK

KEMNITZER, ANDERSON, BARRON & OGILVIE

DATED: April 19, 2004

By: s/Bryan Kemnitzer
Bryan Kemnitzer
Attorneys for Plaintiffs
CYNTHIA TAMAYO & JUAN ALGARATE