Apple Inc. v. Psystar Corporation Doc. 916 Att. 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MISHA CONSULTING GROUP, INC., d/b/a eBUSINESS DESIGN,<br><br>**Plaintiff(s),**<br>**v.**<br><br>SOURCE MEDICAL SOLUTIONS, INC.<br><br>**Defendant(s).** | **CASE NO. C 02-04908-JW**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

**The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.**

## DESCRIPTION OF THE CASE

### 1. A brief description of the events underlying the action:

Plaintiff provided software consulting services to Defendant. Plaintiff alleges that it was not paid for a portion of the services it provided and that Defendant hired away certain of its employees, in violation of the parties' contract. Defendant anticipates filing an answer and counterclaim in which it will allege that Plaintiff provided poor quality services, that some of Plaintiff's invoices were fraudulent, and that Plaintiff's failures caused substantial damages to Defendant.

### 2. The principal factual issues which the parties dispute:

1) The nature and terms of the parties' contract.
2) The nature and quality of the software consulting services provided by Plaintiff to Defendant.
3) The validity of the invoices submitted by Plaintiff to Defendant and the proper amount owing to Plaintiff, if any.
4) The cause of Defendant's alleged loss of customers and inability to properly serve its primary customer.

### 3. The principal legal issues which the parties dispute:

1) Whether the parties concluded a written contract and the terms of any contract.
2) The validity of a clause in the contract alleged by Plaintiff restricting Defendant's right to hire employees of Plaintiff.
3) Whether an account was stated under the circumstances.



Dockets.Justia.com

**4. The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

The parties are currently unaware of any such issues.

**5. The parties which have not been served and the reasons:**

There are no unserved parties currently, but there may be additional parties associated with Plaintiff's amended complaint or Defendant's counterclaim.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

Plaintiff may join officers of Defendant as parties. Defendant does not anticipate any joinder at this time.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

Plaintiff.

**ALTERNATIVE DISPUTE RESOLUTION**

**8. [Please indicate the appropriate response(s).]**

5 **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)* ______________________.

5 **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process):* ______________________.

5 **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** ______________________.

5 **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is:** a settlement conference before a United States Magistrate, with the date to be determined later.

**9. Please indicate any other information regarding ADR process or deadline.**

The parties' preliminary discussions suggest that they are too far apart in their views of the case for settlement discussions to be productive at this time. The parties' request that the settlement issue be re-evaluated at a subsequent time, perhaps at a later pretrial conference, after significant fact discovery has occurred.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]*:

The date for the parties' disclosures has not arrived, and no disclosures have been made. The parties jointly request that the date for disclosures be extended to April 1, 2003 as a result of the current open state of the pleadings.

## DISCOVERY

**11. The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the* number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for *completing discovery]:*

The parties will abide by the limitations on discovery under the Federal Rules with the following exceptions:

The parties jointly request that the limit for interrogatories be raised to 35 per side.
Plaintiff requests that the limit for depositions be raised to 15 per side.
Defendant requests that the limit for depositions be raised to 35 per side.

Defendant makes its request on the ground that it is currently aware of over 25 programmers and management of Plaintiff who had direct involvement in the project at issue. In light of the detailed factual issues in dispute, including each of Plaintiff's employees' billings and work performed, all of these individuals will need to be deposed. Their testimony may vary greatly, as illustrated by the parties' declarations submitted with respect to Plaintiff's attachment motion. Thus, they will all need to be deposed, in addition to third party contractors who worked on the project and others yet to be discovered.

Plaintiff opposes Defendant's request on the ground that the extensive deposition discovery proposed by Defendant is unjustified at this time. Plaintiff is already willing to consent to what could be a total of thirty depositions—15 per side. If during the course of discovery it appears that there is reason for a larger number, Defendant can apply to the Court upon a particularized showing of good cause. To permit a potential total of 70 depositions before pretrial disclosures are made is not in the spirit of the Federal Rules.

The parties propose the following schedule for discovery and pretrial preparation:

| | |
|---|---|
| Close of fact discovery | October 30, 2003 |
| Expert disclosure and reports | November 21, 2003 |
| Responsive expert disclosure | January 14, 2004 |
| Close of expert discovery | February 27, 2004 |
| Dispositive motion filing deadline | March 5, 2004 |

## TRIAL SCHEDULE

**12. The parties request a trial date as follows:**

Consistent with the Court's schedule, the parties request a trial date on or after May 10, 2004.

**13. The parties expect that the trial will last for the following number of days:**

The parties anticipate ten trial days.

**Dated:**

______________________ ______________________________

**Todd E. Thompson, Attorney for Plaintiff**

**Dated:**

______________________________

**Elizabeth R. Potts, Attorney for Defendant**

## CASE MANAGEMENT ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:**

*[The Court may wish to make additional orders, such as:*

*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*

**Dated:**

______________________ ______________________________

**UNITED STATES DISTRICT JUDGE**

Published March 2000