Apple Inc. v. Psystar Corporation
Doc. 916 Att. 3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MISHA CONSULTING GROUP,

Plaintiff,

v.

SOURCE MEDICAL SOLUTIONS, INC.,

Defendant.

/

NO. C 02-04908 JW

**SCHEDULING ORDER; REFERRING PARTIES TO SETTLEMENT WITH MAGISTRATE JUDGE**

Based upon the February 13, 2003 Joint Case Management Conference Statement filed by the parties, the Court has vacated the February 24, 2003 case management conference and orders as follows:

A. Disclosure of Expert Witnesses

1. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) on or before December 5, 2003.

2. This disclosure must be made with respect to a person who is either (1) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (2) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

3. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

United States District Court
For the Northern District of California

Dockets.Justia.com

4. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than January 26, 2004.

B. Rebuttal Expert Witnesses

5. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than December 15, 2003.

C. Limitation on Testimony by Expert Witnesses

6. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

D. Close of Discovery

7. Pursuant to Civil L.R. 26-2, all discovery, including depositions of expert witnesses, must be completed by February 5, 2004.

E. Deadline for Hearing Pretrial Motions

8. The final date the Court will hear dispositive motions is April 5, 2004 at 9:00 a.m. In accordance with Civil L.R. 7-2, any motion which a party wishes to be heard on or before the deadline, must be filed, served and noticed in writing no less than 35 days before the deadline.

F. Preliminary Pretrial Conference

9. The attorneys who will try the case are ordered to appear on May 10, 2004 at 10:00 a.m. for a preliminary pretrial conference. The purpose of the preliminary pretrial conference is to confirm the trial date and to establish a firm trial schedule.

10. At the preliminary pretrial conference, based upon the nature of the case and the estimations of counsel, the Court will ask counsel to agree to a schedule for the trial of the case. Once

a stipulated schedule has been reached, the Court will use that schedule for purposes of summoning and selecting jurors and scheduling other matters.

G. Deadline for Final Pretrial Conference Submissions

11. A final pretrial conference will be conducted on June 28, 2004 at 3:00 p.m. The trial attorneys must attend the conference. The purpose of the final pretrial conference is to discuss issues raised in the final pretrial conference statement, and to discuss the trial of the case.

12. On or before May 28, 2004, the parties shall file and lodge with Chambers the following:

a. Joint Pretrial Conference Statement: The parties shall file a joint pretrial statement which shall contain the following information: (1) a brief description of the substance of claims and defenses which remain to be decided; (2) a detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages; (3) a plain and concise statement of all relevant facts not reasonably disputable, as well as which facts the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits; (4) a plain and concise statement of all disputed factual issues which remain to be decided; (5) a statement assessing whether all or part of the action may be presented upon an agreed statement of facts; (6) a statement of stipulations requested or proposed for pretrial or trial purposes; (7) without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions; (8) a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal; (9) an estimate of the number of court days needed for the presentation of each party's case; (10) citations to evidence the parties intend to present at trial through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission; (11) a statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses; (12) a statement of whether bifurcation or a separate trial of specific issues is feasible and desired; and (13) any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive

determination.

The parties shall also submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the proposed testimony relates and an estimate of the time required for direct and cross examination of each prospective witness. Counsel are directed to meet and confer in advance of the date for submission of pretrial material with respect to the pretrial conference statement.

b. *In Limine* Motions: *In limine* motions shall be filed in writing and submitted along with the joint pretrial statement. Any opposition is to be filed in writing and served no later than June 18, 2004. These matters will be deemed submitted without oral argument unless the Court orders otherwise.

H. Trial Date

13. The trial shall commence on July 13, 2004.

I. Alternative Dispute Resolution

14. The parties are referred to Magistrate Judge Howard R. Lloyd for settlement. The parties are directed to contact Patricia Cromwell at (408) 535-5365 no later than 10 days from the date of this Order.

J. Electronic Storage of Exhibits

15. This Court has available a digital and video electronic evidence presentation system. The parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1:

100,000-299,999; Defendant #2: 300,000-500,000).

Dated: February 27, 2003

/s/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

**Bryan K. Anderson** **bkanderson@sidley.com, mrose@skjerven.com**

**Elizabeth R. Potts** **epotts@sidley.com**

**Todd E Thompson** **tthompson@hrice.com,**

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

**Bruce D. Fischman**
**F. William Harvey**
**Jonathan E. Kanov**
**Fischman Harvey & Dutton, P. A.**
**Suite 600, 3050 Biscayne Boulevard**
**Miami, FL 33137**

**Dated: February 27, 2003**

**Richard W. Wieking, Clerk**

**By: /s/ JW Chambers**
**Ronald L. Davis**
**Courtroom Deputy**

United States District Court
For the Northern District of California