Apple Inc. v. Psystar Corporation Doc. 916 Att. 9

BRYAN K. ANDERSON (SBN 170666)
TRACY J. PHILLIPS (SBN 209505)
SIDLEY AUSTIN BROWN & WOOD LLP
555 California Street, Suite 5000
San Francisco, CA 94104-1715
Telephone: (415) 772-1200
Facsimile: (415) 397-4621

BRUCE D. FISCHMAN
JONATHAN E. KANOV
FISCHMAN, HARVEY & DUTTON, P.A.
3050 Biscayne Boulevard, Suite 600
Miami, Florida 33137
Telephone: (305) 576-5522
Facsimile: (305) 576-7079

Attorneys for Defendant
SOURCE MEDICAL SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MISHA CONSULTING GROUP, INC., a California corporation, d/b/a eBUSINESS DESIGN,<br><br>Plaintiff,<br><br>vs.<br><br>SOURCE MEDICAL SOLUTIONS, INC., a Delaware corporation,<br><br>Defendant/Counter Plaintiff. | Action Filed: October 9, 2002<br><br>No. C02-04908 JW (HRL)<br><br>**DEFENDANT SOURCE MEDICAL SOLUTION, INC.'S MOTION FOR ORDER CHANGING TIME FOR DISCLOSURE OF REBUTTAL EXPERT WITNESSES, FOR THE HEARING OF MOTIONS TO EXCLUDE EXPERTS OR EXPERT TESTIMONY, AND FOR CLOSE OF DISCOVERY** |

Defendant/Counter-Plaintiff, SOURCE MEDICAL SOLUTIONS, INC. ("Source"), pursuant to Local Rule 6-3, hereby files this motion for an order extending the deadline for disclosure of rebuttal expert witnesses to March 22, 2004, the deadline for hearing any motions to exclude experts or expert testimony to April 5, 2004, and for the close of discovery to April 12, 2004, and Source states as follows:



Dockets.Justia.com

1. There is currently a February 10, 2004 deadline for disclosure of rebuttal expert witnesses, along with the filing of reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(B), and a March 1, 2004 deadline for the close of discovery.

2. Last week Misha Consulting Group, d/b/a eBusiness Design ("EBD") designated two experts and filed two accompanying expert reports. One of EBD's experts, Michael J. Wagner, was retained to analyze and provide his opinions on damages caused by Source as a result of its purported breaches of the agreement with EBD. He was also asked to analyze and provide his opinions on Source's damage claims and its counterclaims against EBD.

3. Mr. Wagner states in his report that he understands that additional relevant discovery has yet to be completed, and such is necessary for the updating and completion of his opinions. He also notes that any of this additional information may cause him to change his opinions.

4. Specifically, Mr. Wagner includes a lengthy section in his report on the damages claimed by Source which are attributable to the loss of HealthSouth as a SourceRad customer. He acknowledges, as do the parties, that more information needs to be collected regarding the nature of HealthSouth's agreement to use SourceRad. The parties are in the process of taking the depositions of six HealthSouth employees throughout the month of February, all of which directly impacts the case and Mr. Wagner's expert testimony, as they should provide vital information towards substantiating or illuminating these damages. In fact, on February 6, 2004, Janet Young, HealthSouth's 30(b)(6) designee, was deposed and she was questioned extensively about these damages and any contract for the use of the software. Her deposition was not able to be concluded by Plaintiff's counsel, and it must be rescheduled for completion at a later date. Thus, Mr. Wagner will have to fill in the gaps, update and/or modify his testimony after all of the facts relating to HealthSouth's use of the SourceRad software have been gathered.

5. Furthermore, Source's proposed rebuttal expert witnesses cannot yet provide the necessary information in order to timely submit a report fully compliant with Federal Rule of Civil Procedure 26(a)(2)(B), since he (along with Mr. Wagner) cannot possibly provide a complete

statement of all opinions to be expressed and the bases and reasons therefore without the record properly being developed. Both Source and EBD are taking the depositions of these key HealthSouth personnel throughout the country, as the parties realize the importance of gathering the facts on HealthSouth's use of and agreement for SourceRad before going to trial on this matter.

6. Furthermore, Mr. Wagner also states that there are aspects of his report in which he could not provide calculations at all, and that he will need to supplement his report when he receives the necessary documents to calculate the revenues and profitability of SourceRad and Source's other software. Again, Source's rebuttal expert cannot fully comply with the filing of a timely and accurate report until EBD's expert has properly given a complete statement of all opinions to be expressed and the bases and reasons therefor. Mr. Wagner cannot do same unless and until the parties have completed discovery.

7. One of the last HealthSouth individuals to be deposed, Jane Bagnall, is scheduled for February 25, 2004. Janet Young will have to complete her deposition sometime in March. Assuming the parties can receive all of the deposition transcripts by the second week of March, Source hereby requests an extension of time until March 22, 2004, in order to file expert rebuttal witness disclosures and reports. This should give Mr. Wagner a chance to update and/or revise his report, and Source's expert will then get a chance to fully comply with his obligations under F.R.C.P. 26(a)(2)(B). Furthermore, the deadline for hearing any motions to exclude experts or expert testimony should be extended until April 5, 2004.

8. Additionally, the parties will not be able to complete all of the relevant discovery by the current March 1, 2004 deadline. The parties are taking 8 depositions in the month of February throughout the country, and there is absolutely no possible way for the parties to be able to take depositions of each other's experts prior to March 1. Both Source and EBD readily admit that this is an extremely fact-intensive case, and the parties have diligently worked to make substantial progress in the discovery phase of this case. There are currently three expert witnesses designated by the two sides who will need to be deposed, in addition to rebuttal expert witnesses,

and any other fact witnesses. Thus, Source requests that close of discovery be scheduled for April 12, 2004.

9. Also, as previously mentioned, Janet Young, HealthSouth's 30(b)(6) designee was deposed on February 6 but her deposition was not concluded by EBD's counsel, Jason Gerlach, at that time. Source did not get to cross-examine her. Thus, Ms. Young will have to be reset to conclude her deposition, and this cannot take place before at least the middle of March pursuant to both counsels' schedules.

10. EBD's counsel has expressed numerous times in this case that their concern is that they do not want to move the currently scheduled trial date of July 13, 2004. Source certainly feels that it may be ambitious for the parties to try the case at that time, but Source is not seeking a continuance of the trial in this motion. Furthermore, none of the extensions as listed would impact the currently scheduled trial date. In fact, the only purpose the extension of these deadlines would serve is to insure that the parties have the opportunity to fully develop the record and allow their experts to review all of the necessary materials in order to provide a proper expert report in compliance with F.R.C.P. 26(a)(2)(B).

11. If the Court does not change these dates, there would be substantial prejudice and harm to Source, as it will be unable to depose any of EBD's expert witnesses, or key HealthSouth personnel (Janet Young), and its rebuttal expert witness would be handcuffed to offer opinions based on a record which is incomplete and an EBD expert report which is based on that incomplete record.

12. Source has cooperated with EBD throughout this case in attempting to make any extensions for time fall within the currently set trial date. The parties previously filed a stipulation and the Court entered an order extending the deadline for disclosure of expert witnesses to January 30, 2004, disclosure of rebuttal expert witnesses until February 10, 2004, extending the deadline for hearing any motions to exclude experts or expert testimony until March 1, 2004, and for close of discovery to March 1, 2004. The parties filed their expert witness disclosures and reports. However, the remainder of these dates proved ambitious.

13. Although Source again took pains in selecting extensions of time which would allow for completion of all discovery and not affect the trial date, Source contacted EBD's counsel and discussed the entry of a stipulation with him, to no avail. EBD's counsel, Mr. Gerlach, has stated that they will not agree to a stipulation regarding any further extension of any deadlines in this action. Thus, Source must go to the Court for the requested necessary relief.

14. This motion is being filed in good faith and is in the best interests of justice. The parties and counsel have expended much hard work to date, and they need the opportunity to properly complete discovery. Given that trial is not currently set until July 13, 2004, Source strongly believes that these extensions must be granted to allow Source, and EBD, to properly gather all testimony and present its best case to the fact finder. These extensions will in no way impede the progress of the case or prejudice either side or the Court.

WHEREFORE, Source respectfully requests that this Court enter an order extending the deadlines for disclosure of rebuttal expert witnesses to March 22, 2004, the deadline for heairng any motions to exclude experts or expert testimony to April 5, 2004, and for the close of discovery to April 12, 2004.

Dated: February 9, 2004

SIDLEY AUSTIN BROWN & WOOD LLP

By: s/ Tracy J. Phillips
Tracy J. Phillips

Attorneys for Defendant and Counter Plaintiff
Source Medical Solutions, Inc.