MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 085713)
CHRISTOPHER L. WANGER (Bar No. CA 164751)
EUGENE L. HAHM (Bar No. CA 167596)
JEFFREY J. LOKEY (Bar No. CA 200825)
RYAN S. HILBERT (Bar No. 210549)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Plaintiffs and Counterdefendants,
DRAPER FISHER JURVETSON MANAGEMENT COMPANY V, LLC;
DRAPER FISHER JURVETSON MANAGEMENT CO. VI, LLC;
TIMOTHY C. DRAPER; JOHN H.N. FISHER; AND STEPHEN T. JURVETSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DRAPER FISHER JURVETSON MANAGEMENT COMPANY V, LLC; and DRAPER FISHER JURVETSON MANAGEMENT CO. VI, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>I-ENTERPRISE COMPANY LLC<br><br>Defendant. | Case No. C 03 1561 MMC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS CERTAIN OF I-ENTERPRISE'S COUNTERCLAIMS PURSUANT TO F.R.C.P. RULE 12(B)(6) AND/OR TO STRIKE UNDER FRCP RULE 12(F)**<br><br>DATE: May 7, 2004<br>TIME: 9:00 a.m.<br>JUDGE: Honorable Maxine M. Chesney<br>COURTROOM: 7, 19th Floor |
| AND RELATED CROSS-ACTION | |



Dockets.Justia.com

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. I-ENTERPRISE'S BREACH OF CONTRACT CLAIM BASED ON THE USE OF NON-RECOURSE NOTES REMAINS DEFICIENT ........ 3

- A. The SAC Fails To Cure Deficiencies Identified By This Court ........ 3
- B. The Court Can and Should Ignore I-Enterprise's Conclusory Allegations That The Notes Are Worthless ........ 4
- C. I-Enterprise's Allegation of "Material Breach" Fails To Revive Its Claim. ........ 6
- D. I-Enterprise's Claim of Damages Against Fund V LLC Based on Alleged Disproportionate Charges of Loss Are Similarly Inadequate ........ 8
- E. I-Enterprise's Prayer for Rescission Does Not Save the Claims ........ 9
- F. I-Enterprise Cannot Amend Its Counterclaim to State a Claim for Damages ........ 10

III. I-ENTERPRISE'S RELATED CLAIMS BASED ON THE IMPROPER FORM OF NOTES AND/OR A FAILURE TO CALL IN THE NOTES MUST ALSO FAIL ........ 11

- A. Counterdefendants Have Not Waived Their Arguments ........ 11
- B. I-Enterprise Cannot State Related Claims Based On Fund V LLC's and Fund VI LLC's Alleged Failure to Make Capital Contributions ........ 12
- C. I-Enterprise Cannot State Related Claims Based On A Failure to Call in Notes. ........ 13

IV. THE COURT SHOULD DISMISS COUNTS VIII AND XVII ........ 14

V. THE COURT SHOULD STRIKE THE ALLEGATIONS AS STATED IN THE OPENING BRIEF ........ 14

VI. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*A. B. Group v. Wertin*,
59 Cal. App. 4th 1022 (Cal. App. 1997) ........ 12, 14

*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*,
855 F.2d 1470 (9th Cir. 1988) ........ 12

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*,
11 Cal. Rptr. 3d 412 (2004) ........ 7

*Bodom v. GTE Corp.*,
197 F. Supp. 2d 1225 (C.D. Cal. 2002) ........ 11

*Bowen v. Ziasun Technologies, Inc.*
2004 WL 414897 ........ 14

*Carma Developers (Cal.) Inc. v. Marathon*,
2 Cal. App. 4th 342 (1992) ........ 14

*Durning v. First Boston Corp.*,
815 F.2d 1265 (9th Cir. 1987) ........ 6, 7

*Fisher v. First Int'l Bank*,
109 Cal. App. 4th 1433 (2003) ........ 7

*Gerdlund v. Electronic Dispensers, Int'l*,
190 Cal. App. 3d 263 (1987) ........ 14

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,
896 F.2d 1542, 1555, n. 19 (9th Cir. 1990) ........ 10

*Holden v. Hagopian*,
978 F.2d 1115 (9th Cir. 1992) ........ 4

*Holiday Inns of America v. Knight*,
(1969) 70 Cal.2d 327, 329, 74 Cal.Rptr. 722 ........ 9

*Kopczynski v. Prudential Ins. Co.*,
164 Cal. App. 3d 846 (Cal. App. 1985) ........ 12

*Lobdell v. Miller*,
114 Cal. App. 2d 328 (1952) ........ 13

*McLaran v. Plastic Industries, Inc.*,
97 F.3d 347 (9th Cir. 1996) ........ 13

*O'Hearn v. Bodyonics, Ltd.*,
22 F. Supp. 2d 7 (E.D.N.Y. 1998) ........ 12, 14

*People v. Beaumont Investment, Ltd.*,
111 Cal. App. 4th 102 (2003) ........ 13

*Sidebotham v. Robison*,
216 F.2d 816 (9th Cir. 1955) ........ 12

*Solomon v. North America Life and Cas. Ins. Co*,
151 F.3d 1132 (9th Cir. 1998) ........ 12, 14

## TABLE OF AUTHORITIES
## (continued)

**Page**

### STATUTES

California Corporations Code § 15018 .......... 12
Civil Code § 1636 .......... 7
Civil Code § 1691 .......... 9
Federal Rules of Civil Procedure 12(b)(6) .......... 11, 12
Federal Rules of Civil Procedure 12(g) .......... 11, 12
Federal Rules of Civil Procedure 12(h)(2) .......... 11
U.C.C. § 3-104(e) .......... 10

### OTHER AUTHORITIES

*Financial Institution Bond No. 24, Conditions and Limitations*, § 1(h) (Rev. 1986) .......... 10

## I. INTRODUCTION

I-Enterprise's Opposition cannot conceal the fatal flaws remaining in its Second Amended Counterclaim ("SAC"). I-Enterprise still has not alleged and cannot allege – as this Court stated it must - that Fund V LLC or Fund VI LLC are: (1) unable to pay their respective capital contribution obligations when they come due in 2008 and 2009, or (2) that the obligations are secured by inadequate capital. Although I-Enterprise brushes off this failure as a mere "factual dispute" created by Counterdefendants, this Court has already held that a failure to include either of these allegations would be fatal to I-Enterprise's claim. *See* February 10th Order on Motion to Dismiss ("Order"), at p. 19:15-19.

Specifically, I-Enterprise's new "damages" allegations do nothing to address the Court's identified concerns. I-Enterprise alleges that Fund V LLC and Fund VI LLC were required to contribute capital in the form of notes totaling $4.7M. I-Enterprise alleges that the notes that Fund V LLC or Fund VI LLC provided to make these capital contributions were "worthless" but then simultaneously negates this conclusion by alleging that the notes were "secured" by Fund V LLC's and Fund VI LLC's respective interests in Fund V and Fund VI. I-Enterprise's own complaint establishes that those interests of Fund V LLC and Fund VI LLC securing the notes have already entitled Fund V LLC to management fees and distributions totaling over $100M and will entitle Fund V LLC and Fund VI LLC to future management fees of $65M. As a result, I-Enterprise has not alleged and cannot allege the requisite inability of Fund V LLC and Fund VI LLC to repay the notes or the requisite lack of security to I-Enterprise.

I-Enterprise's allegations that Fund V LLC and Fund VI LLC committed a "material breach" of the Limited Partnership Agreements and/or that I-Enterprise was charged a disproportionate share of losses are based on the conclusory assumption that the capital accounts of Fund V LLC and Fund VI LLC are worthless. As this Court has previously held, it need not accept I-Enterprise's bald claims of damage or worthlessness. *Id.*, 19:4-6 ("[E]ven if long-term, nonrecourse notes were used, I-Enterprise has not alleged how they have suffered any damages). In any event, these allegations are also flatly contradicted by the terms of the Limited Partnership Agreement, further grounds on which the Court may disregard them.

Even if I-Enterprise were to amend its counterclaim to include reference to "newly discovered" facts, it still could not state a claim for damages. Rule 11 obligates I-Enterprise to acknowledge that Fund V LLC and Fund VI LLC have corrected their previous technical oversight and put into place full recourse demand notes for each and every capital call (notes which I-Enterprise now has in its possession) *and* that, from the time the first capital call was made, Fund V LLC and Fund VI LLC have consistently acknowledged their capital contribution obligations to the Limited Partners (as they do again here in this pleading) and in each and every one of their financial statements. Thus, even for the period prior to I-Enterprise's receipt of physical "notes" from Fund V LLC and Fund VI LLC, I-Enterprise cannot allege cognizable damages; namely, it cannot be in accord with this Court's February 10, 2003 Order by alleging that Fund V LLC and Fund VI LLC repudiated their obligations to the Partnership, that Fund V LLC and Fund VI LLC were unable to pay the amount of the capital calls or that the capital contributions were secured by inadequate collateral.

Finally, for the same reason that I-Enterprise cannot allege a contract claim based on the use of nonrecourse notes (or the non-delivery of any notes), it cannot state any related claims for breach of fiduciary duty or the covenant of good faith and fair dealing either. It also cannot state any related claims based on Counterdefendants' failure to call in the notes when due.

Because the Limited Partnership Agreements expressly address the scope of Fund V LLC's and Fund VI LLC's duties to make their capital contributions, these duties are bounded by those Limited Partnership Agreements. Thus, if the alleged use of non-recourse notes fails to state a claim for breach of the Limited Partnership Agreements, it cannot state a claim under any other theory. Any other conclusion would effectively rewrite the Limited Partnership Agreements. Moreover, a claim under any theory based on the use of non-recourse notes lacks the requisite element of cognizable damages.

## II. I-ENTERPRISE'S BREACH OF CONTRACT CLAIM BASED ON THE USE OF NON-RECOURSE NOTES REMAINS DEFICIENT.

### A. The SAC Fails To Cure Deficiencies Identified By This Court.

Rather than address the defects inherent in its contract claim, I-Enterprise mischaracterizes its SAC, making the odd argument that Fund V LLC and Fund VI LLC have improperly focused on the theory that they used the "wrong form of note". Opposition, pp. 6-7. Contrary to I-Enterprise's claim, Fund V LLC and Fund VI LLC did not "create" these allegations. Instead, *I-Enterprise* alleged that Counterdefendants used nonrecourse notes for all of their capital calls, and this remains the basis for I-Enterprise's breach of contract claim as stated in the SAC.[1] More specifically, I-Enterprise alleges that the Fund V LLC and Fund VI LLC failed to contribute capital as required, but:

> . . . [t]o disguise their failure to contribute capital, ***the Fund V and VI General Partners provided worthless, long-term, nonrecourse notes for all of their capital calls.***

SAC, ¶ 87 (emphasis added).

As the Court previously held, however, such a claim is deficient absent allegations that Fund V LLC and Fund VI LLC would be unable to repay the notes and/or that the notes are secured by adequate collateral:

> . . . there is no allegation that the LLC Counterdefendants were unable to repay any of the nonrecourse notes when due, nor is there any allegation that notes that are not yet due are secured by collateral that has plunged in value and that will remain inadequate to satisfy the notes when they become due. ***Consequently, I-Enterprise has not alleged that it has suffered any damages . . .***

Order, at p. 19:15-19 (emphasis added).

---

[1] I-Enterprise admits, for example, that its SAC reiterates the claims made in its First Amended Counterclaim ("FAC") -- "Counterdefendants failed to contribute capital to the partnerships, as required by the Offering Memoranda . . . ." Opposition, at p. 1. (I-Enterprise concedes that its SAC contains allegations that "it has always alleged" concerning the failure to contribute the proper form of notes). *Compare* FAC, ¶ 87 and SAC, ¶ 90 (" . . . the Fund V and VI General Partners provided only long-term, nonrecourse notes for all of their capital calls).

I-Enterprise's failure to include any of the requisite damages allegations – *i.e.*, inability to pay and/or insufficiency of collateral securing Fund V LLC's and Fund VI LLC's obligation to pay when the notes are due – are thus not simply "factual disputes" created by Counterdefendants.[2] Similarly, the Court should not excuse I-Enterprise from pleading such facts under the notice provisions of Rule 8. Opposition, p. 9 (arguing that Rule 8 does not require more detailed pleading of contract damages than already provided). Rather, the Court rejected this very claim when it identified additional allegations that must be included to state a claim for relief. Order, 19:5-19. In short, this Court identified fatal defects in I-Enterprise's FAC, but I-Enterprise did *nothing* to cure them with its SAC.

**B. The Court Can and Should Ignore I-Enterprise's Conclusory Allegations That The Notes Are Worthless.**

I-Enterprise revisits its arguments that Fund V LLC's and Fund VI LLC's capital accounts were "worthless". *See, e.g.,* Opposition, pp. 8-9. I-Enterprise ignores, however, that this Court has also previously considered and rejected the very same conclusory allegation made in the FAC. *See* Order, p. 13 (citing *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (conclusory allegations, unsupported by the facts alleged, need not be accepted as true)). Indeed, it was the conclusory nature of this allegation that led the Court to conclude that additional damages allegations were needed:

> The LLC Counterdefendants concede that the limited partnership agreements require the Fund V and VI General Partners to make their capital contributions 'in cash or by full recourse demand promissory note.' . . . ***The LLC Counterdefendants correctly note, however, that even if long-term, nonrecourse notes were actually used, I-Enterprise has not alleged how they suffered any damages as a result of the LLC Counterdefendants' use of long-term nonrecourse notes.***

Order, p. 19:2-7 (emphasis added).

---

[2] As discussed below, I-Enterprise's own allegations establish that Fund LLC and Fund VI LLC are able to pay these obligations and that I-Enterprise has adequate security for the obligations.

Although I-Enterprise also argues that "worthlessness" is an issue of fact, *see* Opposition, pp. 8-9, the Court previously held that *no facts* supported this bald claim: "[t]he only difference between recourse and nonrecourse notes is in the manner repayment of the notes is secured . . .". Order, 19:8-9. Absent allegations that Fund V LLC and Fund VI LLC would be unable to pay its obligations and/or that the obligations were secured by inadequate collateral, I-Enterprise had not alleged any fact supporting a damages claim, and the Court need not accept conclusory damages claims as true. *Id.*, 13, 19:13-19.

I-Enterprise also disregards that other allegations in the SAC squarely contradict its claim of worthlessness. The SAC alleges that, to make their capital calls, Fund V LLC and Fund VI LLC are required to have contributed full recourse demand promissory notes totaling approximately $4.7M. SAC, ¶ 86.[3] I-Enterprise alleges that Fund V LLC and Fund VI LLC instead provided worthless notes but then contradicts this conclusion by alleging that the notes *were secured by Fund V LLC's and Fund VI LLC's interest in, respectively, a $150M fund and a $375M fund*. SAC, ¶¶ 31, 38. I-Enterprise also alleges that, based on their interests in the Funds, Fund V LLC and Fund VI LLC have already been paid a combined $70M in management fees and will receive another combined $65M in management fees. SAC, ¶ 37. I-Enterprise also alleges that Fund V LLC has received $30M in distributions as a result of its ownership interest in Fund V. SAC, ¶ 43. These allegations negate any inference that the notes allegedly provided by Fund V LLC and Fund LLC for $4.7M are worthless.

While I-Enterprise suggests that Counterdefendants cannot establish the "value" of their capital account by relying on these "disputed facts", *see* Opposition, pp. 9-10, I-Enterprise ignores that *these facts come from its own SAC*. Taken as true, and read as a whole,

[3] As the following demonstrates, I-Enterprise effectively alleges that Fund V LLC is required to have contributed full recourse demand promissory notes for approximately $1.8M and Fund VI is required to have contributed full recourse demand promissory notes for approximately $2.96M. Specifically, I-Enterprise alleges that the total committed capital for Fund V is $181M and the total committed capital for Fund VI is $375M. SAC, ¶ 29. I-Enterprise also alleges that 99% of the Fund V committed capital has been called and that 79% of Fund VI committed capital has been called. SAC, ¶¶ 31-32. I-Enterprise also alleges that Fund V LLC and Fund VI LLC are required to contribute 1 -1/99% of the amount committed by the Funds' limited partners. SAC, ¶¶ 31. Accordingly, Fund V LLC is alleged to have been required to contribute full recourse demand promissory notes totaling approximately $1.8M ($180M multiplied by 99% multiplied by 1 1/99%) and Fund VI is alleged to have been required to contribute full recourse demand promissory notes totaling approximately $2.96M ($375M multiplied by 79% multiplied by 1 1/99%).

*I-Enterprise's* factual allegations confirm that Fund V LLC's and Fund VI LLC's respective interests in Funds V and VI are more than adequate security for their capital account contributions. I-Enterprise is correct that any additional facts – such as whether Fund V LLC's and Fund VI LLC's have retained their management fees and/or whether they might be removed – are not before the Court, and are not properly resolved on this Motion because they have not been alleged. *Id.*, at p. 10.

Finally, I-Enterprise's effort to disavow Section 14.4 of the Partnership Agreement is unavailing. I-Enterprise has alleged that Fund V LLC and Fund VI LLC have contributed nonrecourse notes in response to all capital calls. *See, e.g.*, SAC, ¶ 90. Because Section 14.4 allows for the inclusion of *any* note in the General Partners' capital account, according to I-Enterprise's own allegations, those accounts cannot be worthless, but rather must include the value of nonrecourse demand notes allegedly contributed. The Court should reject I-Enterprise's allegations otherwise. *See* Order, p. 13 (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) ("The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint.")).

**C. I-Enterprise's Allegation of "Material Breach" Fails To Revive Its Claim.**

As noted above, I-Enterprise has added new allegations to its SAC, but none of them support a cognizable damage theory. See Counterdefendants' Opening Brief, pp. 5-10. For example, I-Enterprise conclusorily alleges that the Fund V LLC and Fund VI LLCs' provision of the wrong form of note was a "material breach" that absolved I-Enterprise (and, therefore, all of the Fund V and Fund VI Limited Partners) from its obligation to contribute capital to the Funds. Opposition, pp. 5-6. In essence, I-Enterprise contends that it is entitled to return of its capital contributions. This is not a claim for damages but rather for restitution.

The Limited Partnership Agreements also refute I-Enterprise's claims that the alleged failure to provide the notes was a material breach. In fact, the terms of the Agreements flatly contradict I-Enterprise's claim that provision of the wrong form of note amounts to a material breach.

Section 4.2 of the Partnership Agreements concern the Limited Partners' obligation to make capital contributions, while Section 4.3 of the Agreement concerns the General Partners' obligation to make capital contributions. I-Enterprise's obligations to make capital contributions are separate and independent from the General Partners' obligations, and are not triggered by General Partners' alleged *failure* to contribute capital. *Ibid.*

In addition, Section 4.5 of the Agreement states that "[t]he Partnership shall be entitled to enforce the obligations of each Partner to make the contributions to capital set forth in paragraph 4.2 [concerning the capital contributions of *Limited Partners*] . . .". *Id.*, § 4.5(a). The Agreement further explicitly provides that the failure of a Limited Partner to make such contributions will be considered a default, but provides for no such corresponding default if the *General Partner* fails to make contributions:

> . . . should any *Limited Partner* fail to make any of the contributions required of it under this Agreement, such Partner shall be in default . . .

*Id.*, § 4.5(b) (emphasis added).

Because the parties chose to include specific provisions concerning only a Limited Partners' failure to make capital contributions, failure to include such provisions concerning a General Partners' failure to make capital contributions permits this Court to infer that the parties did not intend to treat the latter action as a default of the Limited Partnership Agreement. *See, e.g., Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 11 Cal. Rptr. 3d 412, 422 (2004) (construction of contract is a question of law); Civil Code § 1636 (a court must interpret a contract in a way to give effect to the mutual intention of the parties at the time of contracting). *See also Fisher v. First Int'l Bank*, 109 Cal. App. 4th 1433, 1447 (2003) (though resolved in the context of a summary judgment, court's construction of contract was a question of law, drawing inferences based on parties' explicit inclusion of one party, while failing to include the other). Again, because I-Enterprise's allegation of material breach is flatly contradicted by the terms of the Partnership Agreement, the Court need not accept this allegation as true. *See* Order, p. 13 (citing *Durning*, 815 F.2d at 1267).

To allege any breach arising from the use of the wrong form of note, let alone a *material* breach that would relieve I-Enterprise of its obligation to make capital contributions, I-Enterprise would either have to wait until the obligations were due (at the termination of the Partnerships in 2008 and 2009), or it would have to allege that Fund V LLC and Fund VI LLC anticipatorily repudiated their obligations to pay their 1% at the end of the terms of the partnership agreement. *See, e.g.,* Order, 19:15-19. *See also* Partnership Agreement, § 2.1 (Counterdefendants' obligation to pay the debt does not arise until the termination of the Partnerships, at the earliest in July of 2008). I-Enterprise cannot do so because Counterdefendants' have never failed or refused to acknowledge that they owed the money and expressly affirm that duty to the Court as they have done in all prior pleadings. This Court should reject I-Enterprise's most recent bootstrapping argument that bald allegations of damage or breach state a claim for relief.

**D. I-Enterprise's Claim of Damages Against Fund V LLC Based on Alleged Disproportionate Charges of Loss Are Similarly Inadequate.**

I-Enterprise also alleges that Fund V LLC's alleged failure to make its capital contributions reduced the net assets of the partnership and caused certain losses to be disproportionately charged to I-Enterprise. Opposition, at p. 6. I-Enterprise has expressly limited this claim of damage to its claims against Fund V LLC and, therefore, these allegations cannot satisfy the damages element for any claim against Fund VI LLC. Opposition, at p. 6 and SAC, ¶ 88. Moreover, this limited claim of damage is premised on the purely conclusory allegation – previously rejected by this Court, and contradicted by I-Enterprise's own SAC -- that Fund V LLC "had no value in its capital account." *Ibid.* By I-Enterprise's own account, nonrecourse notes were used for every capital call. *See* SAC, ¶¶ 87, 90. According to the Partnership Agreement, these notes would be included in the valuation of the account, thus precluding I-Enterprise's allegations that they are worthless. Partnership Agreement, § 14.4.

I-Enterprise also fails either to explain or to allege any facts to support its conclusion that it suffered damages because "certain losses" sustained by Fund V "could only be . . . charged against positive capital account balances." SAC, ¶ 88. I-Enterprise fails to explain what losses it is referring or to cite any provision of the Fund V Limited Partnership Agreement that requires

losses to be charged only to "positive capital account balances". Section 5.3(b)(i) of the Fund V Limited Partnership Agreement is the only subsection in the Partnership Allocations section that refers to "positive balances" in a capital account. That section, however, cannot provide the basis of any damage claim. Section 5.3(b)(i) provides as follows:

> Any loss or expense otherwise allocable to a *Limited Partner* which exceeds the positive balance in such *Limited Partner's Capital Account* shall instead be allocated first to all Partners who have positive balances in their Capital Accounts in proportion to their respective Partnership Percentages, and when all Partners' Capital Accounts have been reduced to zero, *then to the General Partner*.

Partnership Agreement, § 5.3(b)(i) (emphasis added).

Under this provision, no losses are allocated to the General Partner (Fund V LLC) until all of the Limited Partners' capital accounts are reduced to zero. For purposes of such an allocation under section 5.3, the issue of whether the General Partner has a positive balance in its capital account is irrelevant.

**E. I-Enterprise's Prayer for Rescission Does Not Save the Claims.**

I-Enterprise argues that even that if it cannot establish damages, its claims based on Fund V LLC's and Fund VI LLC's alleged failure to make their capital calls should not be dismissed because I-Enterprise also seeks rescission. Opposition at p. 12. First, I-Enterprise has not asserted and could not assert any claim against Fund V LLC for rescission. I-Enterprise admits that it has received distributions totaling in excess of $9.6M from Fund V LLC. SAC, ¶ 43, 34. I-Enterprise could not obtain rescission without first restoring this amount to Fund V LLC. Civil Code § 1691. Thus, I-Enterprise's prayer only seeks "[r]escission of I-Enterprise's investment commitment and a return of the amounts contributed to Fund VI." FAC, Prayer, paragraph (d) at p. 54.

Moreover, I-Enterprise is not entitled to rescission against either Fund V LLC or Fund VI LLC based on the failure to provide notes. Any failure to supply the notes was merely a technical breach that could not warrant rescission. *Holiday Inns of America v. Knight,* (1969) 70 Cal.2d 327, 329, 74 Cal.Rptr. 722 (mere delay in performance will not support rescission if rescission

would work a forfeiture and the default is not willful, grossly negligent or a fraudulent breach of duty).

**F. I-Enterprise Cannot Amend Its Counterclaim to State a Claim for Damages.**

Though I-Enterprise repeatedly accuses Counterdefendants of making inappropriate "factual arguments", I-Enterprise's Opposition is rife with materials beyond the pleadings. I-Enterprise inappropriately relies on recent deposition testimony from Mark Greenstein to claim that Fund V LLC and Fund VI LLC failed to contribute any notes until requested to deliver them by I-Enterprise in 2003.[4] *See, e.g.,* Opposition, pp. 10-11. A party may not oppose a motion to dismiss by relying on such matters or evidence outside the pleadings. *See, e.g., Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555, n. 19 (9th Cir. 1990). I-Enterprise apparently concedes as much by suggesting that it is prepared to amend its SAC to address this new evidence. Opposition, p. 11.[5]

Because a note is, as a matter of law, merely a document evidencing a debt and/or a promise to pay a fixed amount of money, the failure to provide a physical copy of the "notes" has no effect on the obligation and/or debt assumed by General Partners. *See, e.g.,* U.C.C. § 3-104(e); *Financial Institution Bond No. 24, Conditions and Limitations*, § 1(h) (Rev. 1986). Counterdefendants have always acknowledged this debt, and I-Enterprise could not, in good faith,

---

[4] While the Court should not consider such evidence on this motion, Counterdefendants raise it because I-Enterprise has introduced evidence outside the pleadings and has accused Counterdefendants of bad faith in failing to address it. *See* Opposition, pp. 9-11. Counterdefendants are not obligated to plead I-Enterprise's case, but rather are obligated to respond to the allegations as made. Counterdefendants have done so, and have never withheld relevant information regarding any of these matters from I-Enterprise.

[5] Even assuming I-Enterprise were permitted to amend its counterclaim to incorporate this evidence, however, such an amendment would not "cure" the deficiencies identified by this Court. In this case, Rule 11 would act as a double-edged sword, permitting I-Enterprise to state that no notes were physically delivered until 2003, but also obligating I-Enterprise to concede that Fund V LLC and Fund VI LLC have consistently acknowledged their debt to the Funds since the first capital contributions were triggered – both to the Limited Partners and on every one of their financial statements. During his 30(b)(6) deposition, for example, Mr. Greenstein confirmed that Counterdefendants have always acknowledged the existence of the debt to the Partnership, have recognized the debt on every financial statement prepared, and that the physical delivery of notes did not create the obligation, but was merely a housekeeping matter. (Greenstein Depo. Tr., at pp. 101:10-102:13, 103:9-12, 18-25, 106:8-23, 182:25-183:5). In addition, I-Enterprise could not, in good faith, fail to acknowledge that Fund V LLC and Fund VI LLC have now put into place full recourse demand notes for all of their capital contributions. I-Enterprise has copies of all of those notes and any failure by I-Enterprise to admit the same should violate Rule 11.I-Enterprise has not alleged (and could not allege) that any fund managed by the Counterdefendants has ever failed to honor any note mentioned in any partnership agreement.

contend otherwise. Thus, just like I-Enterprise's allegation that Fund V LLC and Fund VI LLC delivered the "wrong form of note", even if Fund V LLC and Fund VI LLC merely acknowledged and financially recognized the debts when due (and subsequently delivered copies of the full recourse demand notes to I-Enterprise in 2003), I-Enterprise has not alleged how they have suffered any damage as a result.

I-Enterprise cannot allege that Fund V LLC and Fund VI LLC would be unable to repay the debts when they come due (at the *earliest* in 2008), nor can I-Enterprise allege that Fund V LLC's and Fund VI LLC's debts were secured by inadequate collateral. Specifically, I-Enterprise simply does not recognize that any claim based on a failure to contribute capital does not become ripe unless and until Fund V LLC and Fund VI LLC fail to satisfy their debt at the termination of the partnership and/or repudiate their obligation to pay the debt. Neither event has occurred, and I-Enterprise's could not possibly state a claim as a result.

## III. I-ENTERPRISE'S RELATED CLAIMS BASED ON THE IMPROPER FORM OF NOTES AND/OR A FAILURE TO CALL IN THE NOTES MUST ALSO FAIL.

### A. Counterdefendants Have Not Waived Their Arguments.

Contrary to I-Enterprise's claims, the Court should not disregard Counterdefendants' request to dismiss these related claims as "piecemeal" or somehow waived. *See* Opposition, pp. 11-12. Because of I-Enterprise's kitchen-sink approach to pleading, Counterdefendants' were unable to determine from a review of the FAC whether the allegations concerning the notes and/or the failure to call them were intended to form a basis for the other claims. In fact, Counterdefendants learned of I-Enterprise's intention only in connection with its Opposition to the Motion to Dismiss the FAC – *after* it had Noticed its Motion to Dismiss the FAC. In any event, although the Federal Rules will consider arguments not raised when first known "waived", those Rules do not apply to a motion to dismiss under Rule 12(b)(6). *See, e.g.,* Fed. R. Civ. P. 12(g) and 12(h)(2). A party may make a motion to dismiss for failure to state a claim at any time, and, in fact, may raise a new issue in a Rule 12(b)(6) motion even if the basis for that motion could have been raised in response to an earlier pleading. *See, e.g., Bodom v. GTE Corp.*, 197 F. Supp. 2d 1225, 1227 (C.D. Cal. 2002) (a party may make a Rule 12(b)(6) motion

regarding a SAC even if it could have made the same argument regarding the FAC); *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474-75 (9th Cir. 1988) (Rule 12(g) did not bar a party from making a second 12(b)(6) claim raising a new issue for the first time); *Sidebotham v. Robison*, 216 F.2d 816, 823 (9th Cir. 1955) (a party is free to challenge any allegations in an amended pleading – even if not "new" – through a 12(b)(6) motion).

**B. I-Enterprise Cannot State Related Claims Based On Fund V LLC's and Fund VI LLC's Alleged Failure to Make Capital Contributions.**

As detailed in the Opening Brief, for the same reasons that I-Enterprise has failed to state, and could not properly state, a claim for damages based on a failure to make capital contributions through full recourse demand notes, I-Enterprise cannot state any related claims based on these theories either. Opening Brief, pp. 10-12. Though claims of breach of fiduciary duty and/or breach of the implied or statutory covenant of good faith and fair dealing are not necessarily bound by contract, the *only* basis for these claims in this case arises out of contract. There is no general or implied duty, for example, that Fund V LLC and Fund VI LLC make capital contributions. Instead, the only "duty" to make such contributions by full recourse, demand note arises out of the Limited Partnership Agreements. *See, e.g.,* Partnership Agreement, § 4.3.

Indeed, I-Enterprise does not dispute that its breach of the implied covenant claims should not survive absent a cognizable breach of contract theory, and characterizes the fiduciary duty obligations at issue as arising from the "objectives set forth in the Offering Memoranda and Partnership Agreements". Opposition pp. 13-14. Accordingly, because the underlying breach of contract claim is deficient, these derivative claims are deficient as well. *See, e.g., Solomon v. North America Life and Cas. Ins. Co,* 151 F.3d 1132, 1136-37 (9th Cir. 1998) and *Kopczynski v. Prudential Ins. Co.*, 164 Cal. App. 3d 846, 849 (Cal. App. 1985) (breach of good faith and fair dealing claim that is based on same allegations supporting breach of contract claim should be dismissed for the same reasons that breach of contract claim was dismissed). *See also A. B. Group v. Wertin,* 59 Cal. App. 4th 1022, 1037 (Cal. App. 1997); Cal. Corp. Code § 15018 (the fiduciary duties between parties may be subject to any agreement between them); *O'Hearn v. Bodyonics, Ltd.*, 22 F. Supp. 2d 7, 13 (E.D.N.Y. 1998) (if allegations of breach of fiduciary duty

are based on breach of contract terms, fiduciary duty claims will be dismissed if breach of contract claim is deficient).

I-Enterprise tautologically argues that:

> [i]ndependent from any breach of contract, by failing to contribute capital as required by the Fund Partnership Agreements, . . . I-Enterprise was damaged to the extent the Funds were managed recklessly, and not in the best interests of I-Enterprise, as a result of Counterdefendants' failure to contribute capital.

Opposition, p. 14. Among other things, I-Enterprise argues that it has stated claims entitling it to rescission. *Id.*, pp. 12-13. Of course, as was the case with the breach of contract claim, the Court need not accept these conclusory allegations as true. As detailed above, I-Enterprise has made no sufficient allegation that it suffered *any* damage – or merited a remedy of rescission – because of the failure to provide the notes. *See* Sections II(B) – (E). It is well-settled that the remedy of rescission necessarily involves repudiation of the contract. *People v. Beaumont Investment, Ltd.*, 111 Cal. App. 4th 102, 133 (2003); *Lobdell v. Miller*, 114 Cal. App. 2d 328, 343 (1952). It is equally well settled that a repudiation consists of "the indication by words or conduct that a party is not going to render a performance of the contract." *McLaran v. Plastic Industries, Inc.*, 97 F.3d 347, 355 (9th Cir. 1996).

Not only has I-Enterprise failed to allege that Counterdefendants repudiated their obligations to the Partnership, but I-Enterprise could not amend its counterclaim to do so. As I-Enterprise is well aware, Fund V LLC and Fund VI LLC have consistently acknowledged their debt to the Partnership in all Partnership records and in financial statements, and have now provided I-Enterprise with physical copies of full recourse notes for the obligations when they come due. I-Enterprise's rescission claim necessarily fails as well.

**C. I-Enterprise Cannot State Related Claims Based On A Failure to Call in Notes.**

Similarly, claims for breach of fiduciary duty and/or the covenant of good faith and fair dealing related to this theory must fail. The only basis for a "duty" to call in notes would be found in the terms of the Limited Partnership Agreement. The Court expressly found, however,

that there was *no* contractual duty to call in the notes. Order, p. 20:4-7. Thus, it would be improper to re-write the terms of that contract to impose a fiduciary or good faith duty not otherwise intended by the parties. Civ. Code § 1636. *See also Carma Developers (Cal.) Inc. v. Marathon,* 2 Cal. App. 4th 342, 372 (1992); *Gerdlund v. Electronic Dispensers, Int'l,* 190 Cal. App. 3d 263, 277 (1987).

The Limited Partnership Agreement did not require Fund V LLC and Fund VI LLC to make contributions in cash – as I-Enterprise's theory would have this Court impose -- and their failure to do so cannot amount to a breach of fiduciary duty of a covenant of good faith and fair dealing. *See Solomon*, 151 F.3d at 1136-37 and *Kopczynski*, 164 Cal. App. 3d at 849 (breach of good faith and fair dealing claim that is based on same allegations supporting breach of contract claim should be dismissed for the same reasons that breach of contract claim was dismissed). *See also Wertin*, 59 Cal. App. 4th at 1037; Cal. Corp. Code § 15018 (the fiduciary duties between parties may be subject to any agreement between them); *O'Hearn*, 22 F. Supp. 2d at 13 (if allegations of breach of fiduciary duty are based on breach of contract terms, fiduciary duty claims will be dismissed if breach of contract claim is deficient). Any conclusion to the contrary would result in a rewriting of the Limited Partnership Agreements to eliminate the provisions that expressly allow the General Partner to make its capital contributions by promissory notes that are due at the termination of the partnerships. See sections 4.3, 2.1, and 10.4.

## IV. THE COURT SHOULD DISMISS COUNTS VIII AND XVII.

I-Enterprise does not dispute that the case of *Bowen v. Ziasun Technologies, Inc.* 2004 WL 414897 disposes of its two section 17200 claims. Accordingly Counts VIII and XVII should be dismissed.

## V. THE COURT SHOULD STRIKE THE ALLEGATIONS AS STATED IN THE OPENING BRIEF

For reasons set forth in more detail in the Opening Brief, the Court should strike various allegations in the SAC. *See* Opening Brief, pp. 14-15. The identified allegations are misleading, confusing and/or immaterial to any cognizable theory.

## VI. CONCLUSION

I-Enterprise's Opposition offers no cure for its defective breach of contract claim. It has not alleged, nor could it in good faith allege, that Fund V LLC and Fund VI LLC would be unable to pay their obligations when due or that the obligations were secured by inadequate collateral. Thus, whether the claim is based on I-Enterprise's current allegation that Fund V LLC and Fund VI LLC contributed the wrong form of note, or whether it would be based on a proposed amendment that Fund V LLC and Fund VI LLC contributed no form of note until 2003, I-Enterprise cannot possibly allege that it was harmed as a result.

Similarly, because related claims for rescission, breach of fiduciary duty and/or breach of the implied or statutory covenant of good faith and fair dealing are inexorably linked to the contract between the parties, those claims based on a failure to contribute capital and/or a failure to call in notes fail as well. Accordingly, this Court should dismiss these claims with prejudice and should strike the allegations identified as confusing and/or immaterial to the claims at issue in this case.

Dated: April 23, 2004

MANATT, PHELPS & PHILLIPS, LLP
Ronald S. Katz
Christopher L. Wanger
Eugene L. Hahm
Jeffrey J. Lokey

By: s/ Christopher L. Wanger
Christopher L. Wanger
*Attorneys for Plaintiffs*
DRAPER FISHER JURVETSON MANAGEMENT COMPANY V, LLC; DRAPER FISHER JURVETSON MANAGEMENT CO. VI, LLC; TIMOTHY C. DRAPER; JOHN H.N. FISHER; AND STEPHEN T. JURVETSON