SQUIRE, SANDERS & DEMPSEY L.L.P.
David S. Elkins (State Bar # 148077)
Nicole L. Leonard (State Bar # 219090)
600 Hansen Way
Palo Alto, CA 94304-1043
Telephone: +1.650.856.6500
Facsimile: +1.650.843.8777

SQUIRE, SANDERS & DEMPSEY L.L.P.
Richard Gurbst *(pro hac vice)*
4900 Key Towner, 127 Public Square
Cleveland, OH 44114-1304
Telephone: +1.216.479.8500
Facsimile: +1.216.479.8780

Attorneys for Defendants
NURENBERG, PLEVIN, HELLER &
MCCARTHY CO., L.P.A. and JAMIE R.
LEBOVITZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Thomas O. Wichelmann,<br><br>Plaintiff,<br><br>vs.<br><br>Nurenberg, Plevin, Heller & McCarthy Co., L.P.A. and Jamie R. Lebovitz,<br><br>Defendants. | Case No. C 03 04450 HRL<br><br>**DECLARATION OF DAVID S. ELKINS IN SUPPORT OF DEFENDANTS' MISCELLANEOUS ADMINISTRATIVE REQUEST FOR CASE MANAGEMENT CONFERENCE [CIV. L. R. 7-10]**<br><br>Magistrate Judge Howard R. Lloyd |

I, DAVID S. ELKINS, declare:

1. I am an attorney-at-law, licensed to practice before this Court and the Courts of the State of California, and am a partner at the law firm Squire, Sanders & Dempsey L.L.P., counsel of record for Defendants Nurenberg, Plevin, Heller & McCarthy Co., L.P.A. and Jamie R. Lebovitz. Unless indicated otherwise, I make this declaration based on my own personal

knowledge, and, if required to do so, would and could testify competently as to the matters contained below.

2. By letter dated April 16, 2004, from plaintiff's counsel, Rebecca Connolly, plaintiff requested, among other things, that defendants stipulate to a revised pretrial schedule that would extend the fact discovery cut-off date to as late as October 1, 2004. Plaintiff also contended that defendants' jury demand was untimely. Attached as ***Exhibit A*** is a true and correct copy of Ms. Connolly's April 16, 2004 letter.

3. On April 19, 2004, I responded in writing to Ms. Connolly's April 16 letter. Among other things, my letter declined plaintiff's request to extend the discovery cut-off on the ground that this case involves a one-count breach of contract claim, the agreements are clear on their face, and the parties' respective legal positions are straight-forward. The letter also stated that defendants had never waived their jury rights and filed their jury demand in light of plaintiff's apparent belief that defendants had waived their right to demand a jury, to ensure that their position is understood. Attached as ***Exhibit B*** is a true and correct copy of my April 19, 2004 letter.

4. On April 20, 2004, I received a letter from Ms. Connolly, again requesting that defendants agree to extend the discovery cut-off of October 1, 2004, and restating plaintiff's objection to defendants' jury demand. Ms. Connolly's letter stated that plaintiff wants additional time for discovery because he anticipates that he will need to move to compel further responses to discovery (for which responses were not yet due) and additional discovery following the deposition of defendant Lebovitz. Attached as ***Exhibit C*** is a true and correct copy of Ms. Connolly's April 20, 2004 letter.

5. Defendant Mr. Lebovitz represents multiple individual clients in a trial in Chicago beginning May 3. The trial involves tort claims arising out of a rail accident. Plaintiff was informed of Mr. Lebovitz's upcoming trial in early March, when the parties discussed mediation dates. The trial has a common component and then individual components, including not only Mr. Lebovitz's clients but others. Unless the trials are continued, settle, or otherwise disappear, Mr. Lebovitz is not available for deposition in May. Defendants have offered Mr. Lebovitz for



SQUIRE, SANDERS & DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

deposition in California (he lives in Cleveland, Ohio) the week of June 7—before the June 10 mediation and June 29 summary judgment hearing. Defendants have proposed plaintiff's deposition for the same week. If Mr. Lebovitz's May trials disappear, he will make himself available for deposition in Cleveland as soon as possible.

6. On April 22, 2004, I telephoned and emailed Ms. Connolly in attempt to resolve the parties' disagreement as to the discovery cut-off and jury demand.

7. On the morning of April 23, 2004, I spoke with Ms. Connolly by telephone and reiterated that defendants do not believe additional time is necessary for discovery because this case is straight-forward and extending the discovery cut-off to October 1 would run up too close to trial currently set for November 2, 2004. I advised Ms. Connolly that defendants were nevertheless willing to agree to a reasonable extension of discovery from June 4 to August 4, in consideration for (a) a 15-20 day extension of time for defendants to respond to plaintiff's written discovery (because of defendant Lebovitz's current trial preparation), and (b) plaintiff's withdrawal of his contention that defendants waived their right to jury trial. Ms. Connolly responded that the defendants had previously agreed to an October 1, 2004 discovery cut-off date in the pretrial schedule proposed in the parties' Joint Pretrial Case Management Statement. While true, the parties' agreement to an October 1 fact discovery cut-off was made in the context of a trial date scheduled no earlier than March 2005. I explained that defendants would consider an extension longer than two months, but an extension to October 1 would be unreasonable unless the trial date of November 2 were also changed, which I said defendants would entertain. Ms. Connolly stated that she needed to consult with Mr. Ebey about defendants' proposal.

8. Later on April 23 I received a letter from Ms. Connolly refusing to agree to defendants' proposal. Instead, Ms. Connolly indicated that plaintiff would file a motion to reschedule fact and expert discovery cut-off dates and move for an order shortening time to hear plaintiff's motion. Attached as ***Exhibit D*** is a true and correct copy of Ms. Connolly's April 23, 2004 letter.

9. Defendants believe that these issues are best resolved through a case management conference that can address overarching issues, rather than through piecemeal, time-consuming



SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

motion practice. Resolution is dependent on numerous variables, including the Court's schedule and availability, as well as counsel and clients' availability. These matters can be more efficiently addressed in one status conference, which will allow for an open dialogue with the Court and counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 23, 2004

/s/ David S. Elkins

David S. Elkins

PaloAlto/68033.1



SQUIRE, SANDERS & DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043