Apple Inc. v. Psystar Corporation

Doc. 918 Att. 1

SQUIRE, SANDERS & DEMPSEY L.L.P.

SQUIRE SANDERS | LEGAL COUNSEL WORLDWIDE

600 Hansen Way
Palo Alto, California 94304-1043

Office: +1.650.856.6500
Fax: +1.650.843.8777

Direct: +1.650.843.3378
DElkins@ssd.com

April 19, 2004

**VIA FACSIMILE AND MAIL**

Rebecca Connolly, Esq.
Grunsky, Ebey, Farrar & Howell
A Professional Corporation
240 Westgate Drive
Watsonville, CA 95076

**Re: Wichelmann v. Nurenberg, Plevin, Heller & McCarthy Co., et al.**

Dear Rebecca:

In Nicole's absence, I'm responding to your faxed letter dated April 16, 2004. I address below each of the topics in your letter.

**1. Discovery Cut-Off And Other Related Dates.**

Defendants decline your request to stipulate to modifying the current case management order by altering the current discovery deadline. This is a one-count case for breach of contract. The two identical agreements on which plaintiff bases his breach of contract claim are clear on their face. As made clear by defendants' motion for summary judgment, the agreements may be construed as a matter of law; no discovery is required. Even taking into account the differences in the parties' positions, only minimal discovery is required. Delaying the end of discovery is not justified here.

As to the stipulated protected order, the form you sent is acceptable subject to our review for any small changes that might be appropriate. If we have any changes, we will send them to you next week. If we have no changes, we will convey that too, so that you can e-file the document for the court's consideration.

**2. Scheduling Depositions.**

You have asked for Jamie Lebovitz's availability for a deposition in May "in addition to other dates for third party depositions." As you know, Mr. Lebovitz has a trial in Chicago beginning on May 3, 2004, and we understand that it may last several weeks. We propose that whatever depositions need to be taken in this case—including Mr. Wichelmann's deposition—take place on June 7, 8 and 9, the three days before the mediation. That way all depositions may take place in the Bay Area. Please let us know if that schedule is acceptable, and please confirm that Mr. Wichelmann is available during that period.



Dockets.Justia.com

While your letter refers to "other dates for third party depositions," you have not identified any. Please let us know the identity of any third party depositions that plaintiff plans on noticing.

**3. Response To The Court's Interim Order.**

Your letter contends that defendants did not comply with the Court's Interim Order Re Plaintiff's Motion to Compel Discovery. As your letter itself recognizes, the Court ruled that plaintiff's motion to compel would be denied upon the filing of a declaration, under seal, "clearly and unequivocally identifying the amount of fees defendants recovered in the Flight 261 Litigation." The sealed Declaration of David Paris states that in the Flight 261 Litigation, "attorneys' fees for the law firm Nurenberg, Plevin, were ordered paid and were paid in the total amount of $ [amount omitted for purposes of this letter]." This complies with the letter of the court's Interim Order. The statement in your letter that the declaration "sets forth the net, as opposed to the gross, amount of attorneys' fees recovered by your firm in this matter," makes a distinction between net and gross recovery that is not addressed either by the Court's Interim Order or in the Declaration of David Paris. (And, by the way, our firm did not receive any fees, and played no role whatsoever, in the Flight 261 Litigation. We assume the reference to "your firm" in your letter is a typographical error.) Accordingly, defendants did comply with the Court's Interim Order. Your argument that defendants did not do so lacks any basis.

**4. Defendant's Jury Demand.**

Defendants' jury demand was proper. Defendants never waived their jury rights, but filed the demand to ensure that their position is clearly understood. We respectfully decline your request to withdraw the demand.

* * *

If you want to discuss any of these matters further, please feel free to call Nicole or me.

Sincerely,

David S. Elkins

DSE/kb

PaloAlto/67751.1