Apple Inc. v. Psystar Corporation Doc. 918 Att. 2



LAW OFFICES
GRUNSKY, EBEY, FARRAR & HOWELL
A PROFESSIONAL CORPORATION
240 WESTGATE DRIVE
WATSONVILLE, CALIFORNIA 95076
TELEPHONE (831) 722-2444
FACSIMILE (831) 722-6153

April 20, 2004
**Submitted via Facsimile & US Mail**

David Elkins, Esq.
Squire, Sanders & Dempsey, LLP
600 Hansen Way
Palo Alto, CA 94304-1043

Re: Wichelmann v. Nurenberg, Plevin, Heller & McCarthy Co., et al.

Dear David:

**1. Discovery Cut-Off and Other Related Dates**

You have suggested scheduling the depositions of the main parties subsequent to the discovery cut-off on June 4, 2004. Such a schedule would not allow us to conduct any discovery subsequent to the depositions of the main parties involved, much less file a motion to compel 10 days after the discovery cut-off consistent with Local Rule 26-2.

The parties originally agreed to a discovery cut-off date of October 1, 2004. Clearly the originally suggested date would provide for depositions in June with follow-up written discovery. Your client's unavailability until June, given your unwillingness to stipulate to a continued discovery cut-off, is unreasonable. Moreover, the trial date was set based on the fact that this would be a bench trial, as opposed to a jury trial. Now that you have changed your position with respect to requesting a jury trial, the dates set at the Case Management Conference are unrealistic and prejudicial to our client.

If you are unwilling to reconsider your position, please inform us as to whether you would stipulate to hearing a motion to modify the discovery cut-off and trial dates on a shortened time.

**2. Scheduling Depositions**

We will confer with our client as to his availability on June 7, 8 and 9 for deposition. While we are in agreement that it makes sense to schedule your client's



Dockets.Justia.com

deposition during this same time period, unless the discovery cut-off is modified, we must insist on an earlier date for the deposition of your client. Until we receive your discovery responses and depose Mr. Lebovitz, we will not be able to notify you as to the other necessary third-party depositions, with the exception of Ms. Ford.

**3. The Court's Interim Order**

Your client was aware that he split the fee from the cases with another attorney. This fact was not disclosed either in defendants' initial disclosures or in any of the documents filed by defendants regarding the motion to compel. Thus, as defendants were the sole parties in possession of such facts, your representation that the gross fees were not included in the Court's Interim Order is less than sanguine. This declaration is filed under seal. There is no harm to your client in providing a declaration that completely complies with the Court's Interim Order by providing the total amount of fees recovered. If we are forced to file a motion to compel compliance with the Court's order, we will request sanctions.

**4. Defendant's Untimely Jury Demand**

Defendants failed to provide any support for defendants' position that defendants' belated jury demand was merely a clarification. If this were in fact the case, any such clarification should have been made immediately following the Case Management Conference. Defendants delayed more than 60-days in making such clarification, clearly to the prejudice of the plaintiff herein. Defendants provide no authority for the proposition that a defendant who consents to a bench trial may subsequently file a written demand for a jury trial without seeking relief from the Court by way of a motion under Rule 39(b).

Very truly yours,

GRUNSKY, EBEY, FARRAR & HOWELL

Rebecca Connolly

Rebecca Connolly

cc: Richard Gurbst, Esq.
Thomas Winchelmann

W:\WORD\wic\17276\l-elkins042004.doc