Apple Inc. v. Psystar Corporation Doc. 918 Att. 3



LAW OFFICES
GRUNSKY, EBEY, FARRAR & HOWELL
A PROFESSIONAL CORPORATION
240 WESTGATE DRIVE
WATSONVILLE, CALIFORNIA 95076
TELEPHONE (831) 722-2444
FACSIMILE (831) 722-6153

April 23, 2004
**Submitted via Facsimile & US Mail**

David Elkins, Esq.
Squire, Sanders & Dempsey, LLP
600 Hansen Way
Palo Alto, CA 94304-1043

Re: Wichelmann v. Nurenberg, Plevin, Heller & McCarthy Co., et al.

Dear David:

Thank you for speaking with me today in an attempt to resolve our differences relating to scheduling, discovery, etc. Unfortunately, despite our attempts to resolve these differences, our positions are too divergent and will require court intervention.

Today you indicated that you would be willing to extend the current discovery cut-off date by 60 days if we agreed to grant you both a 15-20 day extension of time within which to file your discovery responses *and* agreed to withdraw our objection to your belated jury demand. We do not view these issues as linked. As set forth in our prior correspondence, the Ninth Circuit construes relief from waiver strictly. You also indicated that you would be unwilling to stipulate to hear our request to modify the discovery cut-off on a shortened time.

I also requested that you provide us with available dates in May for your client's deposition. You indicated that unless Mr. Lebovitz' trial scheduled on May 3, 2004 were continued or settled, Ms. Lebovitz would be unavailable until the suggested dates in June, subsequent to the close of discovery.

Based on the foregoing, upon receipt of your discovery responses on April 26, 2004, we will be moving the court for an order shortening time to hear our motion to re-schedule the fact and expert discovery cut-off dates in accordance with the dates set forth in our Case Management Conference Statement. I would appreciate it if you would fax or electronically submit your discovery responses to me.

Dockets.Justia.com

Additionally, you indicated that the reference to fees paid to the Knapp & Viola Law Firm involved the defendants' representation of a client in a third matter in which Mr. Wichelmann was uninvolved. Please provide me with written clarification of this representation.

Very truly yours,

GRUNSKY, EBEY, FARRAR & HOWELL

Rebecca Connolly

Rebecca Connolly

cc: Richard Gurbst, Esq.
Thomas Wichelmann

W:\WORD\wict17276\l-elkins042004.doc