ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Robert Fried, State Bar No. 85579
5776 Stoneridge Mall Road, Suite 200
Pleasanton, California 94588
Telephone: (925) 227-9200
Facsimile: (925) 227-9202

Attorneys for Defendant
HORIZON PACIFIC GLASS CO.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, et al.,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON PACIFIC GLASS CO., et al.,<br><br>Defendants. | CASE NO. 01-03209 VRW (JL)<br><br>**DECLARATION OF ROBERT FRIED IN SUPPORT OF REPLY TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** |

I, Robert Fried, declare as follows:

1. I am an attorney at law, duly qualified to practice before all the courts of the State of California. I make this declaration in support of Reply to Plaintiffs' Response to Order to Show Cause.

2. I am a partner with Atkinson, Andelson, Loya, Ruud & Romo and am counsel to Defendants in this action. I have knowledge of the matters stated herein and, if called as a witness, I could and would competently testify thereto.

3. In March of 2002, the parties met and with the assistance of Magistrate Judge James Larson, devised a settlement plan which included an audit of Defendant's books and records. The right to audit was disputed as a matter of law because the contract on which it was based had been terminated with no further audit rights. Plaintiffs nevertheless claimed audit

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

rights on vague allegations that work performed was engaged in by an alter ego entity (California Contract Glazing).

4. The audit occurred in April of 2002. After the audit, counsel engaged in a series of communications which, in the main, concerned Plaintiffs' asserted inadequacies about the information and documents received. In an effort to resolve these issues, Defendants completed a detailed review of the extant issues and the audit, as conducted, and, consistent with the settlement process, offered an additional session for audit. This offer was made in July of 2002, with dates suggested in August of 2002.

5. This second session took place in August 2002. Three months later, on November 26 2002, Plaintiffs' counsel responded for the first time on the result of the audit, suggesting that Defendants make themselves available for interview by Plaintiffs counsel. Although counsel represented that she had the auditor's report, the report was not provided or offered.

6. By letter dated December 10, 2002, Defense counsel requested a copy of the report and/or the findings for review so that an audit review meeting could be scheduled. Copies of letters dated July 31, 2002, December 10, 2002 and February 19, 2004 are attached hereto and incorporated herein as Exhibit 1

7. Plaintiff did not respond to that letter for one year and two months.

8. On February 19, 2004, I responded to a letter from Plaintiffs' counsel, Michelle Stafford, in a letter which stated, in pertinent part, "I am in receipt of your letter to me dated February 12, 2004. I have forwarded your letter to my client for review. We were under the impression that this matter had been dismissed as I have not heard from your office since my last letter addressed to Muriel Kaplan dated December 10, 2002 (a copy for your ready reference is enclosed)." See Exhibit 1, attached.

///

///

///

///

9. In a subsequent telephone conversation, I asked Ms. Stafford to specifically advise me if the case was going forward and, at this point what it was all about - Ms. Stafford could not tell me, promised to get back to me and, as of this date, neither she nor anyone from her office has done so, orally or in writing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of April, 2004, at Pleasanton, California.

ATKINSON, ANDELSON, LOYA,
RUUD & ROMO

By: ______________________
Robert Fried
Attorneys for Defendants
HORIZON PACIFIC GLASS CO.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

ATKI..ON, ANDELSON, LOYA, RUUD & ..OMO

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
(925) 227-9200

FAX (925) 227-9202
WWW.AALRR.COM

CERRITOS
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CALIFORNIA 90703-8597
(562) 653-3200 • (714) 826-8480
FAX (562) 653-3333

RIVERSIDE
3612 MISSION INN AVENUE, UPPER LEVEL
RIVERSIDE, CALIFORNIA 92501
(909) 683-1122
FAX (909) 683-1144

SACRAMENTO
555 CAPITOL MALL, SUITE 645
SACRAMENTO, CALIFORNIA 95814
(916) 447-4300
FAX (916) 447-4333

SAN DIEGO
11440 WEST BERNARDO COURT, SUITE 174
SAN DIEGO, CALIFORNIA 92127
(858) 485-9526
FAX (858) 485-9412

OUR FILE NUMBER:

July 31, 2002

08871.
56756v1

***VIA FACSIMILE - 415-882-9287***
***AND FIRST CLASS MAIL***

Muriel B. Kaplan
Saltzman & Johnson
120 Howard Street, Suite 520
San Francisco, CA 94105

RE: *Northern California Glaziers, et al., v. Horizon Pacific Glass Company, et al.*
U.S.D.C. Case No. C01-3209 VRW(JL)

Dear Ms. Kaplan:

As I stated in my earlier letter, there is consensus among counsel and the parties that we must now complete the audit portion of the settlement agreement soon. You have raised a series of issues that the auditors wanted to address in another session. Given the amount of time involved, as well as the fact that much had already been signed off on by them (copies available on request), I, after review with the client, am providing some feedback that I trust will be helpful in wrapping this up.

A. Horizon Pacific Glass

1. Canceled checks for the time period 2/1/98- 9/12/98 were already provided in the initial review. This constitutes all checks issued. The phrase in your letter "only from a payroll account" is inaccurate. The auditors signed off on this item when present at the employer, who was present to assist and answers questions. There should be no reason to revisit this, but the checks are available again per your request.

   As to the issue you raise with respect to cash disbursements (check Nos. 5902, etc.), kindly point me to the language in the court order that requires invoices, as requested. Without waiving this point, the auditor was permitted to review the cash disbursement journals and provided line item explanations. Let me put this plainly - where are you going with this line of inquiry and why is it of concern? The answer should help us resolve this fairly quickly.

2. The Horizon Pacific Glass records regarding any job performed was already provided in the initial review. As you know, the Trust Funds have specifically informed this employer that they were not permitted to make trust fund contributions for work outside of the territorial jurisdiction of Local 767. However, records were provided without regard to the qualification of "outside of Local 767 jurisdiction." In doing

so, the records are provided as a part of the settlement process and not out of any agreement that any trust fund agreement or collective bargaining agreement applied to this work. So it is clear, the payroll records provided to the auditors included the B5(a)-(d) jobs identified in the Court's order. Although the company does not have a specific document entitled "job cost report," which the auditors were told, all of the requested information was on the payroll reports. In this context, the auditors should properly have asked the employer if they had questions as to which job a particular person worked on, hours, etc., as the information was present just for that purpose. The payroll records and canceled checks can be provided again if necessary. Also, DE-6 forms were provided.

Please analyze this as if it were a discovery request. Had you propounded it, you would have been given these documents. Had you then requested a deposition, you would have been able to ask the employer questions, as above, based on these documents. This is what we have already permitted once. Accordingly, please discuss this with the auditors and let us know your thoughts on what you want to do.

B. Vacaville Horizon Glass Company

1. Payroll records for the periods of July 8, 1999, November 18, 1999, and November 25, 1999, are missing from company files although we are continuing to look for them. However, the Quarterly DE-6s and/or Workers' Compensation reports provide the same information in a detailed format for auditing. Note: the Workers' Compensation reports have a detailed spreadsheet listing each employee and their weekly earnings with the date just as a payroll register does. These records were provided in the initial review and can be made available again if necessary. The statement in your letter - "not revealed until the auditor made her report and summarized her findings" is not accurate. The auditor made this observation during the audit and it was discussed and reflected in the sign-off executed during the audit.

2. The same is true for the third quarter DE-6. The auditor was aware and discussed the fact that it is missing from our records and had access to the Workers' Compensation reports as stated above. The auditor again signed off on this element knowing that they had access to the Workers' Compensation Reports. Do you want them to look at them again?

3. As with the invoice question already discussed, kindly point me to the language in the court order that requires invoices, as requested. Without waiving this point, the auditor was permitted to review the payment information and provided line item explanations. Please let me know where are you going with this line of inquiry and why is it of concern so we can resolve it.

C. California Contract Glazing

1. As with the invoice question already discussed, kindly point me to the language in the court order that requires invoices, as requested, so this requires a response of the

same kind. The only payments made for labor involved shop drawings and computer networking labor. Discussion between the employer and the auditor covered this.

2. Canceled checks were ordered from the banking institution for the months of April through June 2000. These have arrived and are available for review.

3. All the transactions were made available for review. The suggested contradiction set out in your letter does not exist. For purposes of clarity, the employer reviewed the transactions to determine if they were of sufficient magnitude that 1099s were required to be prepared and, as a result, there are no 1099s filed for the period in question. None have been withheld. Cash disbursement journals were provided as requested in the initial review showing all payments made that could possibly be subject to a 1099.

Finally, please note that in the spirit of the settlement process under which this review is occurring, as the Judge specifically affirmed, there is no agreement as to entitlement for or scope or nature of the compensation of the auditor for these reviews, which, as you know, are taking place under that settlement process and not the trust agreement. The same caveat applies to the actual time spent by the auditors. We reserve the right to contest any of the above time as reasonably necessary but will not engage in a debate on this now.

With those concerns in mind, the client is available for an additional session on August 16, 2002. Thereafter, Wednesdays and Thursdays in September are generally available. The last week of August has potential availability on the same days, but conflicts remain to be resolved so I cannot, at this time, give you an okay to schedule on those days.

Very truly yours,

ATKINSON, ANDELSON, LOYA
RUUD & ROMO

By ROBERT FRIED

RF/dm

ATK. SON, ANDELSON, LOYA, RUUD ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94566
(925) 227-9200

FAX (925) 227-9202
WWW.AALRR.COM

CERRITOS
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CALIFORNIA 90703-8597
(562) 653-3200 - (714) 826-5480
FAX (562) 653-3333

RIVERSIDE
3612 MISSION INN AVENUE, UPPER LEVEL
RIVERSIDE, CALIFORNIA 92501
(909) 683-1122
FAX (909) 683-1144

SACRAMENTO
555 CAPITOL MALL, SUITE 645
SACRAMENTO, CALIFORNIA 95814
(916) 447-4300
FAX (916) 447-4333

SAN DIEGO
11440 WEST BERNARDO COURT, SUITE 174
SAN DIEGO, CALIFORNIA 92127
(858) 485-9526
FAX (858) 485-0412

OUR FILE NUMBER:
08871.000
59719v1

December 10, 2002

***VIA FACSIMILE - 415-882-9287***
***AND FIRST CLASS MAIL***

Muriel B. Kaplan
Saltzman & Johnson
120 Howard Street, Suite 520
San Francisco, CA 94105

RE: *Northern California Glaziers, et al., v. Horizon Pacific Glass Company, et al.*
U.S.D.C. Case No. C01-3209 VRW(JL)

Dear Ms. Kaplan:

I have discussed the anticipated audit review meeting as promised. Pat and Michelle independently suggested the usefulness and necessity of having the audit findings and/or questions in advance of any such meeting in order for it to be effective. Please advise me when this is completed and please forward a copy to me for their review so we can proceed to schedule a meeting and resolve any issues as may exist.

Very truly yours,

ATKINSON, ANDELSON, LOYA
RUUD & ROMO

By ROBERT FRIED

RF/dm
cc: Client ✓

EXHIBIT 1
PAGE 4 OF 5

ATK( ON, ANDELSON, LOYA, RUUD & RO(

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
(925) 227-9200

FAX (925) 227-9202
WWW.AALRR.COM

CERRITOS
17871 PARK PLAZA DRIVE, SUITE 200
CERRITOS, CALIFORNIA 90703-8597
(562) 653-3200 - (714) 826-5480
FAX (562) 653-3333

RIVERSIDE
3612 MISSION INN AVENUE, UPPER LEVEL
RIVERSIDE, CALIFORNIA 92501
(909) 683-1122
FAX (909) 683-1144

SACRAMENTO
555 CAPITOL MALL, SUITE 645
SACRAMENTO, CALIFORNIA 95814
(916) 447-4300
FAX (916) 447-4333

SAN DIEGO
11440 WEST BERNARDO COURT, SUITE 174
SAN DIEGO, CALIFORNIA 92127
(858) 485-9526
FAX (858) 485-9412

OUR FILE NUMBER:
005871.00001
69106v1

February 19, 2004

***VIA FACSIMILE TO 415-882-9287***
***AND FIRST CLASS MAIL***

Michele R. Stafford
Saltzman & Johnson
120 Howard Street, Suite 520
San Francisco, CA 94105

*Re:* *Northern California Glaziers v. Horizon Pacific Glass Company*
U.S.D.C. Case No.: C01-3209 VRW (JL)

Dear Ms. Stafford:

I am in receipt of your letter to me dated February 12, 2004. I have forwarded your letter to my client for review. We were under the impression that this matter had been dismissed as I have not heard from your office since my last letter addressed to Muriel Kaplan dated December 10, 2002 (a copy for your ready reference is enclosed).

I will be on vacation until March 4, 2004, and will be able to discuss this matter with you upon my return.

Very truly yours,

ATKINSON, ANDELSON, LOYA,
RUUD & ROMO

By ROBERT FRIED

RF/dm
Enclosure

cc: Client ✓

EXHIBIT 1

PAGE 5 OF 5