Apple Inc. v. Psystar Corporation Doc. 968

*E-FILED 5/4/04*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA MUNOZ, et. al.,<br>Plaintiffs,<br>v.<br>INTERNATIONAL HOME CAPITAL CORPORATION, et. al.,<br>Defendants. | Case No. C 03-01099 RS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS TO CLAIMS FOR RELIEF 1-7, 10, AND 11 AND GRANTING DEFENDANTS' MOTION TO DISMISS AS TO CLAIMS FOR RELIEF 8 AND 9.** |

## I. INTRODUCTION

Plaintiffs Teresa Munoz, Gabriel Munoz, Marisol Enriquez, Magdaleno Enriquez, Martha Chavez ("Chavez"), Roberto Espinoza and Maria Gonzalez ("plaintiffs") filed a second amended complaint against Mario Andrade dba Alum Rock Real Estate, Jorge G. Ortiz, Adriana R. Sandoval ("the Andrade defendants"), Phuc Dinh Do dba Affordable Home Loans and Realty ("AHL"), Lien Ta, Aidee Armendariz Adriana Sandoval ("the Do defendants"), International Home Capital Corporation, dba Apex Lending Services ("IHCC") and United Capital Funding ("UCF"). Plaintiffs aver[1] the following claims: 1) violations of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. against all defendants; 2) violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, et. seq. against all defendants; 3) violations of the Real Estate and Settlement Procedures Act, 12 U.S.C. §§ 2601-17 against IHCC; 4) violations of the California Fair

[1]Claim 3 and 10 are only brought by plaintiff Martha Chavez.

United States District Court
For the Northern District of California

Dockets.Justia.com

United States District Court
For the Northern District of California

Employment and Housing Act, Cal. Gov't Code §§ 12955, et seq. against all defendants; 5) violations of the California Unruh Civil Rights Act, Cal. Gov't Code §§ 51 et seq. against all defendants; 6) violations of the California Civil Code § 1632 against all defendants; 7) breach of fiduciary duty against the Andrade, Do and UCF defendants; 8) fraud and misrepresentation against all defendants; 9) unconscionability against all defendants; 10) negligence against IHCC; and, 11) unfair business practices under Cal. Bus. & Prof. Code §§ 17200, et seq. and 7150, et seq. against all defendants. All defendants move to dismiss for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1) as to the first, second, fourth, fifth, sixth, eighth, and ninth claims for relief. Further, the Adrade, Do and UCF defendants move under Rule 12(b)(6) as to the seventh claim for relief; IHCC moves under Rules 12(b)(6) and 12(b)(1) as to the third and tenth claims for relief; and, the Do, IHCC and UCF defendants move under both subsections as to the eleventh claim for relief.

The motions were fully briefed and heard by the Court on April 14, 2004. At the hearing, UCF and plaintiffs obtained leave of the court to file supplemental briefs on the proper interpretation of plaintiffs' claim under the California's Spanish Language Contracts Act, Cal. Civ. Code § 1632. Based on all papers filed to date, as well as on the oral argument of all the parties, the Court denies defendants' motion to dismiss as to claims for relief 1-7, 10 and 11 and grants defendants' motion to dismiss as to claims for relief 8 and 9 for the reasons set forth below.

## II. BACKGROUND

Plaintiffs, who are Hispanic, are predominantly Spanish speakers and generally do not read or write in English. Between June 2000 and March 2002, each of the respective plaintiffs engaged in the process of acquiring a house. During that process, plaintiffs allege that they interacted with 1) the Adrade defendants, who are all licenced real estate brokers or salespersons; 2) the Do defendants, who are agents of AHL and participated in the brokering of plaintiffs' loans; 3) UCF, a corporation doing business in the County of Santa Clara which participated in the brokering and origination of one or more of the plaintiffs' loans; and, 4) IHCC, the original beneficiary of all the deeds of trust for the real properties that are the subject of this action and the lender that originated all the purchase mortgage loan notes.

Plaintiffs aver that the Adrade and Ta defendants represented to them, in Spanish, that based on their individual incomes, plaintiffs could afford to buy their respective homes and assured plaintiffs that their mortgage payments would not exceed a certain amount. According to plaintiffs, they were rushed into signing their loan documents and the loan transaction as a whole. As a result, plaintiffs aver that defendants "baited and switched" them into loans that contained higher principal loan amounts and interest rates than the plaintiff borrowers originally wanted or were able to repay. Specifically, plaintiffs aver that defendants 1) engaged in a practice of predatory and racially discriminatory lending by issuing "split loans"[2] to Hispanic borrowers; 2) misrepresented actual loan terms and engaged in unfair business practices; 3) failed to translate the necessary writings from English to Spanish; 4) failed to explain, until the time of closing escrow, that their loans had much higher repayment terms than was previously represented; and, 5) made little or no effort to ascertain or verify plaintiffs' ability to repay their loans. Consequently, plaintiffs aver that defendants' issuance of predatory loans were ultimately designed to fail and inevitably triggered foreclosure proceedings causing all but one of the plaintiffs to lose their homes.

In response, defendants contend that they are honest loan agents, real estate agents and brokers who participated in the sale of one or more of the loans which are the subject of plaintiffs' second amended complaint and are not in violation of any statute or law. Defendants accordingly have filed the instant motion to dismiss claiming that plaintiffs fail to state claims on which relief can be granted, and that federal subject matter jurisdiction is absent with respect to the bulk of those claims.

## III. STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Potter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Unlike the practice in many states, the Federal Rules do not draw distinctions between pleading facts, ultimate facts, or conclusions of law as long as the conclusions provide defendant with at least minimal notice of the claim. Jackson v. Marion County, 66 F3d 151, 153 (7th Cir. 1995).

[2] Each of plaintiffs' purchase loans were allegedly"split" in such a manner that the final loan transactions for each of their loans provided for two loans, thus allegedly allowing defendants to charge the plaintiffs numerous undisclosed, duplicate or improper fees and closing costs.



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

In ruling on a motion to dismiss, the court must accept as true all averments of material fact and must construe such averments in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). Thus, in resolving a motion to dismiss, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual averments as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mut. Ins. Co., 80 F3d 336, 337-338 (9th Cir. 1996).

## IV. DISCUSSION

Generally, defendants aver that plaintiffs fail to state claims upon which relief can be granted, thus warranting a motion to dismiss.[3] Each of these claims will be addressed separately below.

As an initial matter, defendants generally argue that plaintiffs fail to separate out particular defendants or any specific wrongs committed by them. Plaintiffs respond that the separate defendants are indeed liable to the extent that they acted as agents, servants and/or employees of the remaining defendants and for each other. The Ninth Circuit has held that averments of agency are not required in a complaint. Greenberg v. Sala, 822 F.2d 882, 886 (9th Cir. 1987). “A person legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact.” Id. Therefore, in this regard, plaintiffs pleadings of agency are sufficient.

### A. PLAINTIFFS HAVE SUFFICIENTLY AVERRED THEIR FIRST CLAIM FOR RELIEF UNDER THE FAIR HOUSING ACT, 42 U.S.C. § 3605 and § 3604.

The Andrade and Do defendants generally argue that because plaintiffs’ first claim for relief, brought under 42 U.S.C. §§ 3605 and 3604, do not specifically refer to defendants or to any wrongs committed by them, plaintiffs’ claim must be dismissed. In response, plaintiffs point out that defendants’ argument ignores the language in the complaint wherein plaintiffs aver that both the Andrade and Do

[3] The Andrade and Do defendants filed a notice of joinder in IHCC’s motion to dismiss. UCF filed a notice of joinder as to the Andrade defendants’ motion to dismiss on claims for relief 4-9 and IHCC’s motion to dismiss as to claims for relief 1, 2, 4, 5, 6, 8, 9 and 11.

United States District Court
For the Northern District of California

defendants individually took part in the sale of the properties and/or the brokering of the loans at issue. Given that the second amended complaint does specifically aver that the Andrade and Do defendants engaged in selling, brokering, or appraising residential real property associated with the complaint, plaintiffs have sufficiently pled their first claim for relief.

1. IHCC's motion to dismiss is denied as to plaintiffs' claim for relief under § 3605.

More specifically, IHCC argues that plaintiffs' claim is not a violation of section 3605 given that 1) plaintiffs do not aver that IHCC refused to issue a loan, but instead only aver that they were provided loans that were allegedly "designed to ultimately fail;" 2) plaintiffs' claim is contradictory given that it inconsistently cites undisclosed terms in the loans while also alleging that terms were disclosed but were only accepted by the plaintiffs because of pressure from the realtor; and, 3) plaintiffs fail to aver that IHCC's actions were discriminatory because "someone, someplace, got better loans, but not that IHCC made better loans to people similarly situated." In response, plaintiff argues that 1) section 3605 of the FHA makes it clear that the Act prohibits not just the refusal of loans, but the making and purchasing of a loan; 2) IHCC has no authority for the proposition that plaintiffs' knowledge of the predatory nature of the loans is in any way legally relevant to a discrimination claim; and, 3) IHCC acted in a discriminatory manner and thus violated section 3605 when it participated in "reverse redlining."[4]

As to IHCC's first contention, section 3605 does prohibit the "making or purchasing of loans or providing other financial assistance." See 42 U.S.C. § 3605 (b)(1). As to IHCC's second contention, its argument that plaintiffs are inconsistent in grounding their claims on both "undisclosed" and "disclosed" terms does not render it defective under the expansive pleading standard embodied in Rule 8. The rules are designed specifically to minimize disputes over pleading technicalities. See Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

As to IHCC's third contention, although this issue has not been directly addressed by the Ninth Circuit, other courts have held that "reverse redlining" claims are cognizable under the FHA. See Honorable v. Easy Life Real Estate System, 100 F. Supp. 2d 885, 892 (N.D. Ill. 2000). In order to establish a *prima facie* case of discrimination in violation of section 3605 based on reverse redlining, the

---

[4] The practice of *extending* credit on unfair terms to specific geographic areas due to income, race, or ethnicity. Honorable v. Easy Life Real Estate System, 100 F. Supp. 2d 885, 892 (N.D. Ill. 2000)

plaintiff must show: (1) that she is a member of a protected class; (2) that she applied for and was qualified for loans; (3) that the loans were given on grossly unfavorable terms; and (4) that the lender continues to provide loans to other applicants with similar qualifications, but on significantly more favorable terms. See Matthews v. New Century Mortg. Corp., 185 F.Supp. 2d 874, 886-87 (S.D. Ohio 2002). "In the alternative, if the plaintiff presents direct evidence that the lender intentionally targeted her for unfair loans...the plaintiff need not also show that the lender makes loans on more favorable terms to others." Id.

Here, plaintiffs have averred sufficient facts to plead "reverse redlining" under section 3605 given that the Second Amended Complaint recites: 1) they are members of a protected class; 2) they applied for and were qualified for loans; and, 3) IHCC gave them loans on grossly unfavorable terms. The absence of an averment that similarly situated people obtained loans on more favorable terms does not defeat the claim in that plaintiffs may be able to show directly that IHCC intentionally targeted them for unfair loans on the basis of their racial status, thus eliminating the necessity of proving the fourth element of the *prima facie* case. See Matthews, 185 F. Supp. 2d at 887. Given this, the Court finds that the plaintiffs have pled facts sufficient to withstand IHCC's motion to dismiss as to plaintiffs' first claim for relief.

2. IHCC's motion to dismiss is denied as to plaintiffs' claim for relief under § 3604.

IHCC contends that section 3604 applies to the sale of homes and does not regulate the activities of lenders. IHCC further avers that section 3604 is not implicated where only lending activities are involved. In response, plaintiffs correctly contend that courts have expressly extended the reach of section 3604 to mortgage lending, including cases in which loans were granted on discriminatory bases:

> section 3604 reveals that it not only deals with discrimination in the sale or rental of housing in the broadest possible manner, but also has explicit application to other situations as well, so that its coverage clearly extends beyond the usual purview of the terms "sale or rental." For example, section 3604(b) prohibits racial discrimination "in the provision of services or facilities" in connection with the sale or rental of a dwelling. This has been held to include municipal services such as sewage treatment. And, section 3604(c) prohibits racially discriminatory advertising practices in connection with the sale or rental of housing. This subsection has been interpreted as prohibiting the recorder of deeds in the District of Columbia from accepting for filing instruments that contain racially restrictive covenants.

Laufman v. Oakley Bldg.& Loan Co., 408 F. Supp. 489, 492-93 (S. D. Ohio 1976) (internal citations omitted). Thus, in view of the wide applicability of section 3604, IHCC's suggestion that the statute should be limited to discrimination in the sale or rental of housing in some narrow sense misstates its purpose. In

United States District Court
For the Northern District of California

any event, that section is nevertheless applicable given that IHCC's lending activities with plaintiffs allegedly occurred in connection with the sale of a dwelling.

B. PLAINTIFFS HAVE SUFFICIENTLY AVERRED THEIR SECOND CLAIM FOR RELIEF UNDER THE EQUAL CREDIT OPPORTUNITY ACT, 15. U.S.C. § 1691.

The Andrade, Do and IHCC defendants argue that because plaintiffs' second claim for relief brought under 15. U.S.C. § 1691 does not refer to defendants or any wrongs committed by them and does not demonstrate discrimination based on race, plaintiffs' claim must be dismissed. Further, IHCC argues that because 1) section 1691 was primarily designed to address the denial of credit, not an extension of credit, which IHCC concedes it did and, 2) plaintiffs knew the terms of the IHCC loan before accepting the loans, section 1691 does not apply to IHCC. In response, plaintiffs contend that 1) section 1691 extends to persons who have received credit on a discriminatory basis and, 2) IHCC has no authority for the proposition that plaintiffs' knowledge of the predatory nature of the loans is in any way legally relevant to a discrimination claim.

As to the Andrade, Do and IHCC defendants' first argument, plaintiffs have indeed averred that all defendants violated the Equal Credit and Opportunity Act (ECOA), 15 U.S.C. § 1691, given that plaintiffs' complaint avers: 1) plaintiffs received mortgage loans on a discriminatory basis from IHCC due to their race, color or national origin and, 2) all defendants took part in the sale of the properties and brokering of these loans. Furthermore, under section 1691, it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction -- (1) on the basis of race." Hargraves v. Capital City Mortg. Corp., 140 F. Supp. 2d 7, 23 (D.C. 2000); See 15 U.S.C. § 1691(a). "By the plain language of the provision, protection is not limited to those applicants who were rejected. To the contrary, the language 'with respect to *any aspect* of a credit transaction' suggests that more than one aspect of the transaction, i.e. the extension of credit, is subject to the provision. The implementing regulations provide that a 'credit transaction' includes not only the extension of credit but investigation procedures, terms of credit, collection procedures, and other matters." Id. Additionally, a creditor includes,

> a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit. The term creditor includes a creditor's assignee, transferee, or subrogee who so participates...the *term creditor also includes a person who, in the ordinary course of business, regularly refers applicants or prospective applicants to creditors, or selects or offers to select creditors to whom requests for credit may be made...*

12 C.F.R. 202.2 (l) (italics added). Because the Andrade, Do, and IHCC defendants either extended plaintiffs credit or referred plaintiffs to IHCC, all defendants were “creditors” within the definition of the ECOA. Further, IHCC provides no support that plaintiffs’ claim should be dismissed on the grounds that plaintiffs knew of the terms of the loans before voluntarily accepting them.

As to defendants’ contention that plaintiffs fail to provide evidence demonstrating discrimination, the standards for pleading discrimination claims are no higher than the relaxed notice pleading standard requiring a “short and plain statement of the claim showing that the pleader is entitled to relief.” See Fed. R. Civ. P. 8(a); Swierkierwicz v. Sorema N.A., 534 U.S. 506, 512 (2002). “Rather than adduce a prima facie claim in the complaint itself-- before discovery, often necessary to uncover a trail of evidence regarding the defendants' intent in undertaking allegedly discriminatory action, has taken place--a plaintiff need only give the defendant fair notice of what the plaintiffs’ claim is and the grounds upon which it rests...[t]he prima facie case is an evidentiary standard, not a pleading requirement.” Id. at 510. Failure to adduce it may result in a later loss at summary judgment, but failure to plead it does not support dismissal at the outset.” Edwards v. Martin Park, Inc., 356 F.3d 1058, 1061-62 (2004) (citing Swierkierwicz, 534 U.S. at 510, 514). Here, plaintiffs have put defendants on notice in their claim alleging that defendants discriminated against plaintiffs based on race, color, or/and national origin in their credit and finance practices, determination of borrower creditworthiness, and provision of services in connection with the offering of credit and the making of loan transactions. Therefore, plaintiffs have adequately stated a claim under the ECOA.

C. CHAVEZ HAS SUFFICIENTLY AVERRED HER THIRD CLAIM FOR RELIEF UNDER THE REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. §2601-17.

IHCC contends that Chavez’s third claim for relief alleging it violated 12 U.S.C. § 2607(a) and (b), 24 C.F.R. §§ 3500.14(b) and (c) by paying kickbacks or referrals and giving or accepting a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service is defective. The basis of IHCC’s motion is, 1) the absence in the complaint of any reference to specific kickbacks and, 2) the absence of any complaint averments reflecting a failure to perform any specific settlement services. In response, plaintiffs restate numerous facts provided in other portions of the complaint both as to kickbacks and to the various settlement services allegedly not performed.



United States District Court
For the Northern District of California

Notice pleading requires a plaintiff to provide only the bare outlines of her claim. See Bautista v. Los Angeles County, 216 F.3d 837, 843 (2000) "Except when specific pleading is required . . .evidentiary facts need not be set forth in the complaint...[f]ederal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims...[t]hus, to the extent that a complaint lacks detail that the defendants believe they need to investigate the claims and prepare their defense strategy, they can obtain such detail readily through interrogatories or early depositions." Id.

Here, although Chavez' complaint states the relevant facts at a high level of generality, "it is not always necessary to specify the precise nature of the claim asserted as long as the facts averred put defendant on notice thereof." Self Directed Placement Corp. v. Control Data Corp., 908 F2d 462, 466 (9th Cir. 1990). Given that Chavez' complaint gives fair notice of the legal claims being asserted, the Court finds that Chavez has sufficiently pled facts necessary to withstand IHCC's motion to dismiss.

### D. PLAINTIFFS HAVE SUFFICIENTLY AVERRED THEIR FOURTH CLAIM FOR RELIEF UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (FEHA), CALIFORNIA GOVERNMENT CODE § 12955.

Defendants Andrade and IHCC contend that plaintiffs fail to state a claim under Fed. R. Civ. P. 12(b)(6) given that California Government Code § 12955 does not pertain to plaintiffs' claims of predatory and discriminatory lending practices. Further, the Do defendants contend that their motion to dismiss is warranted given that plaintiffs provide no "allegations to statistically demonstrate that the defendants have discriminated against Hispanics or any other minority." As to both of these averments, plaintiffs respond that 1) plaintiffs' claims are covered under FEHA given that it prohibits any person, bank, mortgage company or financial institution that provides financial assistance for the purchase of any housing accommodation from discrimination against borrowers and 2) plaintiffs have in fact averred that the split purchase loans that defendant IHCC originated–a majority of which were made to Hispanic borrowers–were referred, processed or underwritten by the other defendants, who operate as real estate salespersons.

California Government Code § 12955 reads in relevant part:

> It shall be unlawful...for any person, bank, mortgage company or other financial institution that provides financial assistance for the purchase, organization, or construction of any housing accommodation to discriminate against any person or group of persons because of the race, color, religion, sex, sexual orientation, marital status, national origin, ancestry, familial status, source of income, or disability in the terms, conditions, or privileges relating to the obtaining or use of that financial assistance.

Given that the plain language of section 12955 allows for claims against "any person, bank, mortgage company or other financial institution that provides financial assistance for the purchase," it is reasonable to infer that section 12955 covers lending practices. Given this, and because a Rule 12(b)(6) dismissal is proper only where there is either a "*lack* of a cognizable legal theory" or "the absence of sufficient facts averred under a cognizable legal theory," Balistreri v. Pacifica Police Dept., 901 F2d 696, 699 (9th Cir. 1990), defendants Andrade's and IHCC's motion to dismiss is denied.

As to defendant Do's contention that plaintiffs fail to "statistically demonstrate that the defendants have discriminated against Hispanics or any other minority," the standards for pleading discrimination claims are no higher than the relaxed notice pleading standard requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a); Swierkierwicz, 534 U.S. at 512 (2002). In that plaintiffs have adequately stated a claim under the FEHA, plaintiffs have given the Do defendants sufficient notice of their claims to withstand a 12(b)(6) motion to dismiss.

E. PLAINTIFFS HAVE SUFFICIENTLY AVERRED THEIR FIFTH CLAIM FOR RELIEF UNDER THE CALIFORNIA UNRUH CIVIL RIGHTS ACT, CALIFORNIA GOVERNMENT CODE § 51 ET SEQ.

Defendants Andrade, Do and IHCC contend that "nowhere within plaintiffs' second amended complaint have plaintiffs averred the elements for a California Unruh Civil Rights violation." In response, plaintiffs contend that their complaint sufficiently averred that defendants' actions "constitute a denial of full and equal access to housing accommodation to plaintiffs within the meaning of California Civil Code section 51," which closely tracks the operative language of the statute and is thus sufficient for pleading purposes.

"The Unruh Civil Rights Act, guarantees to all persons within the jurisdiction of California, no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition, the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Koebke v. Bernardo Heights Country Club, 116 Cal. App. 4th 791, 807 (2004). Courts have held the following claims for relief to be sufficient under the Unruh Act: Hales v. Ojai Valley Inn and Country Club, 140 Cal. Rptr. 555 (1977) (A claim for relief was sufficient to indicate the nature of plaintiffs' contention that defendant violated the Unruh Civil Rights Act by requiring a different standard of dress for men than women); Lambert v. Mandel's of Cal., 156 Cal. App 2d Supp 855 (1957) (Claim for relief was stated by complaint alleging that retail shoe store refused to serve plaintiffs for reason that they



United States District Court
For the Northern District of California

were African Americans); Jackson v. Superior Court, 30 Cal. App 4th 936 (1994) (Plaintiffs' averment that defendants acted in a certain way because of plaintiff's race was an averment of ultimate fact and not a mere legal conclusion, even though there was no further averment that the bank discriminated as a matter of policy and practice). Given that the California Unruh Act does not require that plaintiffs plead specific elements in order to bring a claim under the act, plaintiffs' claim is sufficient for pleading purposes and thus survives defendants' motion to dismiss.

F. PLAINTIFFS HAVE SUFFICIENTLY AVERRED THEIR SIXTH CLAIM FOR RELIEF AGAINST IHCC FOR VIOLATION OF CALIFORNIA CIVIL CODE § 1632.

Defendants Andrade, Do, IHCC and UCF allege that plaintiffs fail to state a claim for relief under California Civil Code section 1632 given that section 1632(a)(1) specifically excludes loans secured by real property, the type of loans given by defendants to plaintiffs. Further, IHCC argues that it was not acting as a real estate broker, thereby rendering the provisions of section 1632(a)(4) inapplicable to IHCC. In its supplemental reply, UCF argues that plaintiffs' claim fails given that their loans all exceed the statutory maximums allowed by section 10245.

In response, plaintiffs state that while section 1632(a)(1) generally exempts loans secured by real property, section 1632(a)(4) brings the transactions at issue in the case within purview of the Act. California Civil Code § 1632(a)(4) identifies those transaction subject to the Act as,

> a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with § 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code, or Division 7 (commencing with § 18000), or Division 9 (commencing with § 22000) of the Financial Code.

Cal. Civil. Code. § 1632(a)(4) (2004). Here, defendants Andrade and Do's motion to dismiss must be denied because the loans at issue are of the type secured by real property that come back within the ambit of section 1632, through subsection (a)(4).

As to UCF's assertion that plaintiffs' loans exceed the statutory maximum, UCF has incorrectly interpreted the language of Business and Professions Code section 10245. That section states in relevant part:

> The provisions of this article, *exclusive of the provisions of sections 10240, 10242.5, and 10242.6*, do not apply to any bona fide loan secured directly or collaterally by a first trust deed, the principal of which is thirty thousand dollars ($30,000) or more, or any bona fide loan secured directly or collaterally by any lien junior thereto, the principal of which is twenty thousand dollars ($20,000 or more). (italics added)



United States District Court
For the Northern District of California

Here, plaintiffs complaint does not implicate the statutory maximum in section 10245 because the transactions involved are expressly excluded as falling within section 10240.

As to IHCC's contention that section 1632(a)(4) is inapplicable in the absence of an averment that IHCC was acting as a real estate broker, plaintiffs reasonably counter that the brokering activities of AHL and the Andrade defendants are attributable to IHCC under the general rules of agency. See Montoya v. McLeod, 176 Cal.App. 3d 57, 64 (1985). Given that the Court must construe the complaint in the light most favorable to the plaintiff and determine whether plaintiff can prove *any set of facts* to support a claim that would merit relief, Cahill, 80 F3d at 337-338 (italics added), when resolving a motion to dismiss, plaintiffs have sufficiently pled facts necessary to withstand IHCC's motion to dismiss. Again, federal courts and litigants must rely on summary judgment and tools of discovery to weed out all averred unmeritorious claims. See Bautista, 216 F.3d at 843.

G. PLAINTIFFS HAVE SUFFICIENTLY AVERRED THEIR SEVENTH CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY.

Defendants Andrade and Do argue that because plaintiffs fail to aver the elements of a claim for relief for breach of fiduciary duty, the seventh claim for relief should be dismissed. In response, plaintiffs contend that they have included all of the elements for a breach of fiduciary duty claim.

Regardless of whether plaintiffs specifically pled each of the claim's elements, "a claim based on breach of fiduciary duty need not be plead with specificity...[t]he circumstances surrounding the averred breach of fiduciary duty may frequently defy particularized identification at the pleading stage." See Concha v. London, 62 F3d 1493, 1503 (9th Cir. 1995); See Firestone v. Firestone, 76 F3d 1205, 1211 (DC Cir. 1996). Accordingly, plaintiffs' seventh claim for relief is sufficient for pleading purposes.

H. THE EIGHTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR RELIEF FOR FRAUD AND MISREPRESENTATION.

Defendants Andrade and Do contend that plaintiffs' eighth claim for relief for fraud and misrepresentation must be dismissed in that plaintiffs have failed to aver the necessary elements for concealment. Further IHCC argues for dismissal because IHCC's own communications with plaintiffs were not alleged to be fraudulent, to which plaintiffs contend that IHCC is liable under agency law.

"In all averments of fraud..., the circumstances constituting fraud must be stated with particularity." See Desaigoudar v. Meyercord, 223 F3d 1020, 1022-1023 (9th Cir. 2000). By requiring the plaintiff to

aver the who, what, where, and when of the fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate. Ackerman v. Northwester Mut. Life Ins. Co., 172 F3d 467, 469 (7th Cir. 1999). The averments must be "specific enough to give defendants notice of the particular misconduct which is averred to constitute the fraud...so that they can defend against the charge and not just deny that they have done anything wrong." See Semegen v. Weidner, 780 F2d 727, 731 (9th Cir. 1985).

Here, plaintiffs point to their contention that defendants "suppressed and concealed from plaintiffs material and key information regarding the subject loans" and their incorporations of other complaint averments as sufficient for pleading purposes. However, courts interpret Fed. R. Civ. P. 9(b) to require that the complaint 1) specify the averred fraudulent representations; 2) aver the representations were false when made; 3) identify the speaker; 4) state when and where the statements were made; and, 5) state the manner in which the representations were false and misleading. See In re GlenFed, Inc. Secur. Litig, 42 F3d 1541, 1547, fn.7 (9th Cir. 1994); See DiLeo v. Ernst & Young, 901 F2d 624, 627 (7th Cir. 1990). Because plaintiffs fail to plead their eighth claim with the required specificity, defendants' motion to dismiss as to plaintiffs' eighth claim for relief is granted, with leave to amend.

I. THE NINTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR RELIEF FOR "UNCONSCIONABILITY."

Defendants Andrade, Do and IHCC jointly contend that plaintiffs' ninth claim for relief for "unconscionability" should be dismissed because, 1) there is no authority to support a claim for relief based on "unconscionability" and 2) "nowhere within the claim for relief are there any allegations as to the defendants." In response, plaintiffs concede that California courts have recognized "the doctrine of unconscionability has historically provided only a defense to enforcement of a contract, and normally cannot be used offensively to obtain mandatory injunctive relief," but argue that the claim for relief may possibly be maintained under California's Unfair Competition Law, Business and Professions Code § 17200 et seq.

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts averred under a cognizable legal theory." See Balistreri v. Pacifica Police Dept., 901 F2d 696, 699 (9th Cir. 1990). Here, because "unconscionability" is not a cognizable legal theory, defendants' motion to dismiss as to plaintiffs' ninth claim for relief is granted with prejudice.

J. CHAVEZ HAS SUFFICIENTLY AVERRED HER TENTH CLAIM FOR RELIEF FOR NEGLIGENCE.

IHCC contends that Chavez' tenth claim for relief for negligence warrants dismissal for failure to demonstrate that IHCC owed a duty of care to Chavez under California law. In response, Chavez asserts that IHCC owed a duty of care to Chavez to act in a reasonably prudent manner in its capacity as a lender. At the pleading stage, it is sufficient for plaintiffs to aver that IHCC had a general duty of care to plaintiffs, which they have done consistent with Rule 8(a)(2). Potter, 319 F.3d at 494.

K. PLAINTIFFS HAVE SUFFICIENTLY AVERRED THEIR ELEVENTH CLAIM FOR RELIEF UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 EXCLUDING CLAIMS RELATING TO PLAINTIFFS' EIGHTH AND NINTH CLAIMS FOR RELIEF.

Defendants Do, IHCC and UCF contend that their eleventh claim for relief under Cal Bus & Prof Code § 17200 is meritless and warrants dismissal on the grounds that plaintiffs prior ten claims for relief on which its section 17200 rests are deficient. In response, plaintiffs contend that because they have demonstrated extensively that each of their prior claims for relief were sufficiently pled, the Court should deny defendants' motion to dismiss.

As plaintiff states, California unfair competition law contains three varieties of unfair competition: (1) unlawful, (2) unfair, and (3) fraudulent business acts or practices. People ex rel. Bill Lockyer v. Fremont Life Ins. Co., 104 Cal. App. 4th 508, 508 (2002). Part of plaintiffs' section 17200 claim consists of "borrowing" the violations set forth in the preceding ten claims for relief under the "unlawful prong." Given this, as to the prior claims for relief which are not dismissed, plaintiffs' section 17200 claim remains, and defendants' motion to dismiss is denied.

L. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER BOTH PLAINTIFFS' FEDERAL AND STATE CLAIMS.

As previously set forth, plaintiffs have sufficiently pled federal claims for relief under the Fair Housing Act, Equal Credit Opportunity Act, and Real Estate Settlement Procedures Act. As a result of the sufficiency of those federal claims, the Court may exercise supplemental jurisdiction over the remaining state claims for relief. See Churchill Vill., L.L.C. v. GE, 361 F.3d 566, 571 (9th Cir. 1994). Therefore, defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) must be denied.

## V. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is denied as to claims for relief 1-7, 10, and 11. Defendants' motion to dismiss is granted with leave to amend as to claim for relief 8 and without leave to amend as to claim for relief 9. Plaintiffs shall have 10 days from the date of this order to file an amended complaint, if any.

DATED: May 4, 2004 /s/ Richard Seeborg

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Michael Robert Brooks mbrooks@brooksfirm.net,

Jennifer Wendy Garber jgarber@fenwick.com,

Tamila Chris Jensen tamila@earthlink.net,

Kyra Ann Kazantzis kyrak@lawfoundation.org

Heidi M. Li heidil@lawfoundation.org

James F. Zahradka jamesz@lawfoundation.org, teresam@lawfoundation.org

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Tamila C. Jensen, Esq.
10324 Balboa Boulevard, Suite 200
Granada Hills, CA 91344

Jeremie Ginelli, Esq.
Edward McCutchan, Esq.
Ginder, Sunder & Carlson
412 Aviation Boulevard, Suite D
Santa Rosa, CA 95403

Phuc Dinh Do, Esq.
Morris Kemper, Esq.
Law Offices of Phuc Dinh Do
330 South King Road
San Jose, CA 95116

Edward C. Chang, Esq.
Enterprise Industry
American Executive Center
19925 Stevens Creek Blvd.
Cupertino, CA 95014

Michael E. Stone, Esq.
3425 South Bascom Avenue, Suite I
Campbell, CA 95008

Dated: May 4, 2004

/s/ BAK
Chambers of Magistrate Judge Richard Seeborg

United States District Court
For the Northern District of California