Apple Inc. v. Psystar Corporation Doc. 971

Michael G. Long, Esq. (Bar No. 129771)
David R. Johnson, Esq. (Bar No. 174883)
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
3 Park Plaza, Suite 1500
Irvine, California 92614
(949) 852-6700 telephone
(949) 261-0771 facsimile

Attorneys for Plaintiffs and Counter-Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE SCOTT COMPANIES, INC., et al.<br><br>Defendants.<br>________________<br><br>AND RELATED COUNTERCLAIM<br>________________ | CASE NO. C 03 5376-SBA<br><br>**PLAINTIFFS' REPLY TO SEPARATE DEFENDANTS/CROSS-PLAINTIFFS' RESPONSE TO PLAINTIFF/CROSS-DEFENDANTS' MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE**<br><br>Date: May 18, 2004<br>Time: 1:00 p.m.<br>Crtrm: 3, Third Floor |

Plaintiffs United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, St. Paul Fire and Marine Insurance Company and St. Paul Medical Liability Insurance Company, individually and as assignee of Economy Fire & Casualty Company (collectively, "St. Paul"), respectfully submit their Reply to Separate Defendants/Cross-Plaintiffs' Response to Plaintiff-Cross-Defendants' Motion to Dismiss, Motion for a More Definite Statement and Motion to Strike.

///

///

///

///

///



Dockets.Justia.com

## TABLE OF CONTENTS


I. INTRODUCTION ........ 2

II. REPLY TO RESPONSE TO MOTION TO DISMISS ........ 2

- A. Defendants Fail To Assert A Viable Breach Of Written Contract Claim ........ 2
- B. Defendants' Breach Of Oral Contract Cause Of Action Fails As A Matter Of Law ........ 3
  - 1. Defendants Cannot Sever the Alleged Oral Promise From The Agreement ........ 3
  - 2. Contrary To Defendants' Claims, The Evidence Of The Oral Promise Is Barred By The Parol Evidence Rule ........ 4
    - a. Defendants' Claim That The Alleged Promise Is A Separate Promise, And Therefore Not Subject To The Parol Evidence Rule, Is Invalid ........ 5
    - b. The Alleged Oral Promise Was Made Contemporaneously With The Execution Of The Rider ........ 6
    - c. Defendants Cannot Rely On The "Fraud Exception" To The Parol Evidence Rule ........ 7
  - 3. The Alleged Oral Promise Is Not A Modification Of The Agreement ........ 7
  - 4. Defendants' Alleged Oral Promise Is Barred By The Statute Of Frauds ........ 8
- C. Defendants' Breach Of Fiduciary Duty Cause Of Action Fails As A Matter of Law ........ 8
- D. Defendants' Causes Of Action For Intentional Interference With Prospective Business Interests Fails As A Matter of Law ........ 9
- E. Defendants' Cause Of Action For Negligent Interference With Prospective Business Interests Fails As A Matter of Law of Law ........ 9
- F. Defendants' Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Must Fail As A Matter of Law ........ 10
  - 1. The Alleged Oral Promise Cannot Be A Basis Of A Breach Of The Implied Covenant Claim ........ 10
  - 2. Even When The Alleged Oral Promise Is Attached to the Agreement, Defendants Still Cannot Assert A Valid Breach Of The Implied Covenant Claim ........ 11
- G. Defendants Cause Of Action For Fraudulent Inducement Fails As A Matter Of Law ........ 11
  - 1. Defendants' Claim That St. Paul Orally Promised To Provide Future Bonding Is Barred By The Parol Evidence Rule ........ 11
  - 2. Defendants Have Failed To Allege Their Fraud Cause of Action With Sufficient Particularity ........ 12

H. Defendants Have Failed To Allege Facts Sufficient For A Promissory Estoppel Claim .......... 13

I. Defendants' Claim For Economic Duress Is Not Valid .......... 14

III. REPLY TO RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT .......... 14

IV. REPLY TO RESPONSE TO MOTION TO STRIKE .......... 15

V. CONCLUSION .......... 15

# TABLE OF AUTHORITIES


**Federal Cases**

Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994) ........................................ 3,4

Chambers v. Time Warner, 282 F.3d 147 (2nd Cir. 2002) ........................................ 3,4

DiLeo v. Ernst & Young, 901 F.2d 624 (7th Cir. 1990) ........................................ 13

Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) ........................................ 3

Glenfed Securities Litigation v. Glenfed, Inc., 42 F.3d 1541 (9th Cir. 1994) ........................................ 13,14

Han v. Mobile Oil Corporation, 73 F.3d 872 (9th Cir. 1995) ........................................ 6

Marksman Partners, L.P. v. Chantal Pharmaceutical Corporation
927 F.Supp. 1297 (C.D. Cal. 1996) ........................................ 13

STAC Electronics Securities Litigation, 89 F.3d 1399 (9th Cir. 1996) ........................................ 3,4

Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559 (8th Cir. 1974) ........................................ 15

**California Cases**

Arntz Contracting Co. v. St. Paul Fire and Marine Insurance Company
47 Cal.App.4th 464 (1996) ........................................ 9,10,14,15

Banco Do Brasil v. Latian, Inc., 234 Cal.App.3d 973 (1991) ........................................ 4,6,7,12,15

Bank of America, Etc. v. Pendergrass, 4 Cal.2d 258 (1935) ........................................ 12

Beggerly v. Gbur, 112 Cal.App.3d 180 (1980) ........................................ 7

Blitz v. Flour Enterprises, Inc., 115 Cal.App.4th 185 (2004) ........................................ 12

Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371 (1990) ........................................ 10

Carma Developers (California), Inc. v. Marathon Development California,
2 Cal. 4th 342 (1992) ........................................ 11

Cates Construction, Inc. v. Talbot Partners, 21 Cal. 4th 28 (1999) ........................................ 8,10,15

David Welch Co. v. Erskine & Tully, 203 Cal.App.3d 884 (1988) ........................................ 8

Jonathon Lange et. al. v. TIG Insurance Company et. al., 68 Cal.App.4th 1179 (1998) ........................................ 10,15

Long v. Cramer Meat Packing, Co., 155 Cal. 402 (1909) ........................................ 8,13

Mosier v. Southern Cal. Physicians Ins. Exch., 63 Cal.App.4th 1022 (1998) ........................................ 8

Munoz v. Kaiser Steel Corporation, 156 Cal.App.3d 965 (1984) ........................................ 13

Newmark v. H and H Products Mfg. Co., 128 Cal.App.2d 35 (1954) ........................................ 5,12

Pacific State Bank v. Green, 110 Cal.App.4th 375 (2003) ..... 7

Price v. Wells Fargo Bank, 213 Cal.App.3d 465 (1989) ..... 11

Racine & Laramie, Ltd. v. Department of Parks and Recreation, 11 Cal.App.4th 1026 (1992 ..... 11

Schmidt v. Insurance Company of North America, 230 Cal.App.3d 245 (1997) ..... 2,8,10,15

Worldvision Enterprises, Inc. v. American Broadcasting Companies, Inc., 142 Cal.App.3d 589 (1983) ..... 9,10

**Federal Rules**

Federal Rule of Civil Procedure 9 ..... 12,14

Federal Rule of Civil Procedure 12(b)(6) ..... 3

Federal Rule of Civil Procedure 12(e) ..... 14

Federal Rule of Civil Procedure 12(f) ..... 15

**California Statutes**

California Civil Code § 1550 ..... 4

California Civil Code § 1641 ..... 4

California Civil Code § 1698(c). ..... 7

California Civil Code § 1856(g) ..... 7,11

## I. INTRODUCTION

In an attempt to avoid reimbursing St. Paul for over $25,000,000, Defendants allege that St. Paul orally promised to provide future bonding to Defendants. This alleged promise provides the flimsy foundation on which Defendants' entire amended counterclaim is constructed. Defendants' response to St. Paul's motion primarily consists of repeating that they have pled the elements of each of their causes of action. However, based on established principles of law and the terms of the agreements between the parties, it is readily apparent that Defendants have actually not done so in their amended counterclaim, and cannot do so.

Because Defendants cannot correct the legal deficiencies of their amended counterclaim, each of Defendants' causes of action should be dismissed. If, however, the Court is not inclined to grant Defendants' motion in its entirety, St. Paul respectfully requests that those causes of action that the Court finds legally deficient be dismissed, and that St. Paul's motion for a more definite statement and motion to strike be granted.

## II. REPLY TO RESPONSE TO MOTION TO DISMISS

### A. Defendants Fail To Assert A Viable Breach Of Written Contract Claim

Although Defendants allege that St. Paul breached the written indemnity agreements that Defendants admittedly executed in favor of St. Paul[1] by placing the Scott Entities "in claim" and by refusing to issue future bonds on their behalf, they cannot point to any provision in the agreements that St. Paul allegedly violated. (Amended Counterclaim, ¶¶13(a) – (d); 16; 20; 27). None of the agreements contain a provision regarding placing the Scott Entities "in claim" that St. Paul could have breached. Schmidt v. Insurance Company of North America, 230 Cal.App.3d 245, 258 (1997) (a surety owes no duty to protect its principal and "undertakes no liability for anything which is not within the letter of his contract.").

Defendants' allegation regarding St. Paul's alleged promise of future bonding is similarly unfounded, in that it is directly contrary to the terms of the indemnity agreements, including, specifically, the April 2001 General Agreement of Indemnity and the November 15, 2002 Rider thereto (collectively,

---

[1] The indemnity agreements that are the subject of this motion, the authenticity of which Defendants have acknowledged in their amended counterclaim, are attached to St. Paul's complaint on file herein as Exhibits "A" – "E." The April 2001 General Agreement of Indemnity is Exhibit "D," and the Rider thereto is Exhibit "E."

"Agreement"). Specifically, the Agreement states clearly as follows:

> **The SURETY shall have the right to decline to execute any BOND** and to assent or refuse to assent to changes in any BOND without in any way releasing or affecting the obligations of the UNDERSIGNED to SURETY.

(Complaint, Ex. D, ¶9 (emphasis added)).[2]

Defendants cannot avoid the express terms of the indemnity agreements by claiming that the agreements are not attached to their amended counterclaim. Defendants specifically refer to the agreements throughout their amended counterclaim, the agreements are attached to the complaint, the agreements are clearly central to Defendants' claims, and Defendants do not question the authenticity of the agreements. (See, e.g., Amended Counterclaim, ¶¶13 (a) – (d); 16; 27). As a result, the terms of the agreements are appropriately considered by the Court:

> As it makes sense and it comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does "not convert the motion to dismiss into a motion for summary judgment." [Citation omitted].

Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds, Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); see also In re STAC Electronics Securities Litigation, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); Chambers v. Time Warner, 282 F.3d 147, 153 n.3 (2nd Cir. 2002).

Accordingly, Defendants' cause of action for breach of written contract must be dismissed.

B. **Defendants' Breach Of Oral Contract Cause Of Action Fails As A Matter Of Law**

Defendants allege that St. Paul "orally represented and promised. . . to provide future bonds to the Scott Entities if the Scott Entities and the Indemnitors executed the Rider." (Amended Counterclaim, ¶ 26). However, as explained above, the alleged promise must be considered in light of the terms of the Agreement. When Defendants' allegations are so considered, it is evident that the alleged promise is barred by the parol evidence rule, the terms of the Agreement and the statute of frauds.

1. **Defendants Cannot Sever The Alleged Oral Promise From The Agreement**

Defendants argue **both** that the alleged oral promise that they attribute to St. Paul is **separate and**

[2] See also Complaint, Ex. A, ¶VII; Ex. B, ¶VII; and Ex. C, ¶9.

**independent** from the Rider, and that, **in exchange for** the oral promise, they executed the Rider. (Response, p.3, lns.12-20). Defendants cannot have it both ways, as a matter of law.

If the alleged oral promise is separate and independent from the Agreement, and is the basis for Defendants' breach of oral contract claim, as Defendants argue at times in their response, then the alleged promise must stand separately and independently as a contract. It clearly cannot as a matter of law, because, by Defendants' own allegations, St. Paul received **no consideration** for its alleged promise. Cal. Civ. Code §1550 ("It is essential to the existence of a contract that there should be . . . [a] sufficient cause or consideration.").

If, on the other hand, Defendants claim that St. Paul made the alleged oral promise in exchange for Defendants' execution of the Rider, as Defendants also argue, then they cannot ignore the terms of the Agreement. See Cal. Civ. Code §1641 ("The whole of the contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."). Indeed, the sufficiency of Defendants' claims is appropriately tested by the terms of the Agreement, including the Rider. See Branch, supra, 14 F.3d at 454; see also In re STAC Electronics Securities Litigation, supra, 89 F.3d at 1405 n.4; Chambers, supra, 282 F.3d at 153 n.3.

As explained below, when Defendants' allegations regarding the alleged oral promise are appropriately considered in connection with the terms of the Agreement, the alleged promise is rendered unenforceable, as a matter of law.

2. **Contrary To Defendants' Claims, The Evidence Of The Oral Promise Is Barred By The Parol Evidence Rule**

In an attempt to avoid the parol evidence rule, Defendants argue that the alleged oral promise of future bonding is a separate agreement apart from the indemnity agreements, and that it was not made prior to or contemporaneously with the execution of the Agreement. Defendants also argue that the alleged oral promise is subject to the "fraud exception" to the parol evidence rule. Neither of Defendants' arguments have merit.

As explained in detail in St. Paul's moving papers, the parol evidence rule prohibits the admission of oral or written evidence to vary or contradict the terms of an integrated agreement. Banco Do Brasil v. Latian, Inc., 234 Cal.App.3d 973, 1000 (1991). "Whether the parol evidence rule applies in a given set of

circumstances is a question of law." Id. at 1001.

California courts utilize a two-part test to determine if an agreement is integrated:

> [The parol evidence rule's] application involves a two-part analysis: 1) was the writing intended to be an integration, i.e., a complete and final expression of the parties' agreement precluding any evidence of collateral agreements [citation]; and 2) is the agreement susceptible of the meaning contended for by the party offering the evidence?

Id.

The Agreement is fully integrated. The Agreement contains an integration clause, and states unequivocally that St. Paul is under no obligation to issue additional bonds on behalf of Defendants. The alleged oral promise of future bonding **directly contradicts** the terms of the Agreement, which expressly provides that St. Paul is **not** required to issue future bonds. Accordingly, parol evidence of the alleged contradictory oral promise is barred. See id. at 1008 (holding that where an agreement is determined to be fully integrated, parol evidence can only be offered to prove a meaning "to which the language of the instrument was reasonably susceptible," and such evidence is always improper when it directly contradicts the contract's express terms).

a. **Defendants' Claim That The Alleged Promise Is A Separate Promise, And Therefore Not Subject To The Parol Evidence Rule, Is Invalid**

Defendants argue that the alleged oral promise is offered to prove an "independent promise" which was separate from the terms of the Agreement, and therefore not subject to the parol evidence rule. (Response, p.5, lns.4-7). However, as explained above, the promise, alone, is not an enforceable agreement. Further, although Defendants argue that the alleged promise is being offered to show an alleged separate, fraudulent promise by St. Paul, and not "to show a promise 'direct at variance with the promise in writing,'" it nevertheless is at direct variance with the terms of the Agreement. (Response, p.5., lns.1-7). Accordingly, it is barred by the parol evidence rule. Newmark v. H and H Products Mfg. Co., 128 Cal.App.2d 35, 37 (1954)("Parol evidence of fraud to establish the invalidity of a written instrument induced by a promise made without any intention of performing it is only permissible in the case of a promise to do some additional act which was not covered by the terms of the contract and such evidence is not admissible in the case of a promise directly at variance with the terms of the written

instrument."); see also Banco Do Brasil, supra, 234 Cal.App.3d at 1002 ("[I]n determining the issue of integration, the collateral agreement will be examined only insofar as it does not directly contradict an express term of the written agreement.").

b. **The Alleged Oral Promise Was Made Contemporaneously With The Execution Of The Rider**

Defendants cannot credibly argue that the alleged oral promise of future bonding that they attribute to St. Paul was not made prior to or contemporaneously with the execution of the Agreement. Defendants allege throughout their amended counterclaim that St. Paul's alleged promise of future bonding **caused them to execute the Rider**. (See, e.g., Amended Counterclaim, ¶¶26; 27). For Defendants' "cause-effect" argument to be possible, the alleged oral agreement necessarily had to be either prior to or contemporaneous with the parties' execution of the Rider.

Defendants' assertions are based on their misunderstanding regarding the effect of the Rider. The Rider is a modification to the April 2001 General Agreement of Indemnity, and, as such, it updated the agreement, leaving all other provisions of the April 2001 agreement valid and enforceable. See Han v. Mobile Oil Corporation, 73 F.3d 872, 876-877 (9th Cir. 1995)("A modification supersedes those terms to which it relates."). Indeed, the parties, themselves, expressed this understanding in the Rider itself:

> 6. It is further understood and agreed by the Indemnitors and the Surety that this Rider is to be attached to and become a part of the Agreement [April 2001 General Agreement of Indemnity], **and such Agreement shall remain in full force and effect except as herein modified.**

(Complaint, Ex. E, at ¶6) (emphasis added).

The Rider modified the April 2001 General Agreement of Indemnity, and incorporated all of the agreement's terms not modified by the Rider, including the provision that memorialized St. Paul's right to decline to issue any bonds on behalf of Defendants and the integration clause. Defendants' alleged oral promise is therefore contrary to the terms of the Agreement (i.e., the Rider and the April 2001 General Agreement of Indemnity), and therefore barred by the parol evidence rule. Banco Do Brasil, supra, which involved, as Defendants acknowledge, prior or contemporaneous agreements, is therefore on point, and its holding barring the admission of parol evidence should therefore be controlling.

///

c. **<u>Defendants Cannot Rely On The "Fraud Exception" To The Parol Evidence Rule</u>**

Defendants attempt to avoid the parol evidence rule bar to their breach of oral contract claim by arguing that the alleged oral promise is being offered "to prove that the Rider Agreement is void as a result of fraud." (Response, p.4, lns.21-23). In other words, Defendants argue that the alleged oral promise is admissible to establish the existence of a contract that is unenforceable.

Defendants' attempt to use the "fraud exception" to the parol evidence rule as both a sword and shield is contrary to the express terms of the statute, which allows the admission of such evidence only "to establish illegality or fraud." Cal. Civ. Code §1856(g). The cases cited by Defendants in their response (p.4, lns. 19-28) also demonstrate this fatal inconsistency. <u>See</u> <u>Pacific State Bank v. Green</u>, 110 Cal.App.4th 375, 387 (2003) ("evidence **to prove** that the instrument is **void or voidable** for mistake, fraud, . . or other **invalidating cause** is admissible. This evidence shows. . . that the purported instrument **has no legal effect**.")(emphasis added); <u>Banco Do Brasil</u>, <u>supra</u>, 234 Cal.App.3d at 1010 (". . . this separate false promise constitutes fraud which may be proven to **nullify the main agreement**.") (emphasis added).

3. **<u>The Alleged Oral Promise Is Not A Modification Of The Agreement</u>**

St. Paul agrees with Defendants that the alleged oral promise was not a modification of the Agreement, but not for the same reasons. Defendants claim that the alleged promise was a separate agreement, and their contention has been addressed above. Contrary to Defendants' contention, the alleged oral promise cannot be a modification because it was not in writing, in accordance with the terms of the Agreement. (Complaint, Ex. D, ¶15 ("The rights and remedies afforded SURETY by the terms of this Agreement may not be waived or modified unless agreed to in a writing executed by SURETY.)). Under California law, the parties' agreed-upon provision is enforceable. Cal. Civ. Code §1698(c) (**"[u]nless the contract otherwise expressly provides**, a contract in writing may be modified by an oral agreement supported by new consideration")(emphasis added); <u>Beggerly v. Gbur</u>, 112 Cal.App.3d 180 (1980). Because the alleged oral future bonding promise is not in writing, contrary to the agreement of the parties, it is unenforceable.

///

4. **Defendants' Alleged Oral Promise Is Barred By The Statute Of Frauds**

Defendants claim that the alleged oral promise is not barred by the statute of frauds because it was a promise for an indefinite time period. (Response, p.7, lns.24-27). However, the California Supreme Court held that an oral promise that called for performance "forever" violated the statue in Long v. Cramer Meat Packing, Co., 155 Cal. 402 (1909) (the court finds that a parol agreement that land would "always" be used for grazing could not be performed in one year, and therefore violated the statute of frauds). The alleged oral promise for future bonding asserted by Defendants similarly calls for St. Paul to issue bonds for, in effect, "forever," and should similarly be barred. Accordingly, Defendants' breach of oral contract cause of action is not viable, and should be dismissed.

C. **Defendants' Breach of Fiduciary Duty Cause Of Action Fails As A Matter Of Law**

Defendants erroneously argue that they have sufficiently alleged the existence of a fiduciary duty between St. Paul and Defendants. The existence of a fiduciary duty is a necessary element of a claim for breach of fiduciary duty. Mosier v. Southern Cal. Physicians Ins. Exch., 63 Cal.App.4th 1022, 1044 (1998). "With respect to a cause of action alleging breach of a fiduciary duty, the existence of a duty is a question of law." David Welch Co. v. Erskine & Tully, 203 Cal.App.3d 884, 890 (1988).

As explained in St. Paul's moving papers, California law is well settled that there is **no** fiduciary relationship between parties to a surety relationship, like St. Paul and Defendants. Cates Construction, Inc. v. Talbot Partners, 21 Cal.4th 28, 44 (1999) (the court observed that surety bonds, unlike typical insurance policies, are not characterized by "elements of adhesion, public interest, **or fiduciary responsibility**") (emphasis added); see also Schmidt, supra, 230 Cal.App.3d at 258 (the court states that "it is not the duty of the surety to protect the principal").

To avoid the application of settled California law, Defendants argue that they have pled various allegations establishing a relationship of trust and confidence between the parties. (Response, p.8, lns.27-28; p.9, lns.1-4). However, California courts have already recognized that a "trust and confidence" relationship, without the existence of a legal duty, does not give rise to breach of fiduciary duty claim:

> The mere fact that in the course of their business relationships the parties reposed trust and confidence in each other does not impose any corresponding fiduciary duty in the absence of an act creating or establishing a fiduciary relationship known to law.

Worldvision Enterprises, Inc. v. American Broadcasting Companies, Inc., 142 Cal.App.3d 589, 595 (1983) (emphasis added). As explained above, no such duty exists to parties to a surety relationship. Because there can be no fiduciary relationship between St. Paul and Defendants as a matter of law, Defendants' cause of action for breach of fiduciary duty should be dismissed.

D. **Defendants' Cause of Action For Intentional Interference With Prospective Business Interests Fails As A Matter Of Law**

Defendants recognize that, in order to assert a claim for intentional interference, there must be a wrongful act that is independent from the interference itself. Although they recognize the law, they fail to address controlling California authority cited by St. Paul in its moving papers, Arntz Contracting Co. v. St. Paul Fire and Marine Insurance Company, 47 Cal.App.4th 464 (1996). The contractor in Arntz claimed that the wrongful conduct of its surety intentionally interfered with Arntz's prospective economic relations with other sureties by: (1) terminating its bonding of the contractor, (2) putting the contractor "in claim," and (3) sending false reports to the surety's reinsurers. Id. at 478. The Arntz court held that the surety was not liable for intentional interference with prospective economic advantage, finding that the contractor failed to establish the requisite "wrongfulness":

> **The exercise of contractual rights...and truthful statements** to interested parties about one's standard business practices...**is not wrongful conduct** actionable as intentional interference with prospective economic relations.

Id. at 480 (emphasis added).

Setting aside the fact that St. Paul had an **express contractual right** to refuse to issue future bonds, the conduct alleged by the contractor in Arntz is strikingly similar to the allegations that Defendants have pled in the instant action. As in Arntz, Defendants claim that St. Paul refused to issue bonds on behalf of the Scott Entities, as allegedly promised. As in Arntz, Defendants allege that St. Paul wrongfully put the Scott Entities "in claim." Because the surety's conduct in Artnz did not rise to the level of wrongful conduct, St. Paul's alleged identical conduct cannot be wrongful. Accordingly, Defendants' intentional interference claim should be dismissed.

E. **Defendants' Cause Of Action For Negligent Interference With Prospective Business Interests Fails As A Matter Of Law**

Defendants acknowledge in their response that, in order to allege a claim for negligent interference

with prospective business interests, they must establish the existence of a duty on the part of St. Paul, and that St. Paul engaged in independently "wrongful" conduct. Jonathon Lange et. al. v. TIG Insurance Company et. al., 68 Cal.App.4th 1179, 1187 (1998). Defendants can do neither.

As explained above, California law is clear that there is no duty, fiduciary or otherwise, between parties to a surety relationship. Cates Construction, Inc., supra, 21 Cal.4th 28; Schmidt, supra, 230 Cal.App.3d at 258 ("[I]t is not the duty of the surety to protect the principal."). Defendants' allegations do not, and cannot, alter the fact that there is no such relationship. See Worldvision Enterprises, Inc., supra, 142 Cal.App.3d at 595.

Further, as Arntz establishes, there must be some wrongful conduct that is independent of the acts constituting the alleged interference. The exercise of one's rights, or the failure to perform one's obligations, under a contract do not constitute the requisite "wrongful conduct." See Arntz, supra, 47 Cal.App.4th at 480; see also Jonathon Lange, supra, 68 Cal.App.4th at 1187-1188. Accordingly, Defendants' negligent interference cause of action fails as a matter of law.

F. **Defendants' Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fails As A Matter Of Law**

Defendants claim that St. Paul impliedly promised that it would deal fairly with Defendants under the terms of the various indemnity agreements and the alleged oral promise. (Amended Counterclaim, ¶78). Defendants' claim, which is necessarily a contract–based claim, adds nothing to their amended counterclaim, and should therefore be dismissed. Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1395 (1990) (emphasis added) (court states if the allegations in a breach of the implied covenant claim are the same as in a breach of contract claim, "**they may be disregarded as superfluous as no additional claim is actually stated.**"). Further, regardless of whether they try to base their implied covenant claim on the alleged oral promise or the indemnity agreements, Defendants cannot assert a viable breach of the implied covenant cause of action against St. Paul as a matter of law.

1. **The Alleged Oral Promise Cannot Be A Basis Of A Breach Of The Implied Covenant Claim**

As explained above, the alleged oral promise of future bonding that Defendants attribute to St. Paul, by itself, does not create a valid contract because there is a complete lack of consideration. The

breach of the implied covenant necessarily requires the existence of a valid contract. Racine & Laramie, Ltd. v. Department of Parks and Recreation, 11 Cal.App.4th 1026, 1032 (1992) ("There is no obligation to deal fairly or in good faith absent an existing contract."). Accordingly, there can be no covenant to deal fairly implied into the alleged oral promise.

2. **Even When The Alleged Oral Promise Is Attached To The Agreement, Defendants Still Cannot Assert A Valid Breach Of The Implied Covenant Claim**

Although the implied covenant of good faith and fair dealing is implied in all contracts, it cannot be asserted to contradict the express terms of a contract. Carma Developers (California), Inc. v. Marathon Development California, 2 Cal. 4th 342, 374 (1992) (the court recognizes that "'[t]he general rule [regarding the covenant of good faith] is plainly subject to the exception that the parties may, by express provisions in the contract, grant the right to engage in the very acts and conduct which would have otherwise been forbidden by an implied covenant of good faith and fair dealing.'"). Similarly, the implied covenant does not impose an affirmative duty on a party to forbear from enforcing rights expressly given under the contract. Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 479 (1989).

St. Paul was expressly permitted under the terms of the various indemnity agreements, including the Agreement, to refuse to issue any bonds on behalf of Defendants. St. Paul's decision to exercise its express contractual right cannot be a basis for the breach of the implied covenant as a matter of law. Carma Developers (California), Inc., supra, 2 Cal. 4th at 374. Accordingly, Defendants' cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed.

G. **Defendants' Cause Of Action For Fraudulent Inducement Fails As A Matter Of Law**

Defendants claim that their fraud in the inducement cause of action is not barred by the parol evidence rule, and is pled with sufficient particularity. (Response, p.12, lns.14-28, p.13, lns.1-26). Defendants are incorrect in both regards.

1. **Defendants' Claim That St. Paul Orally Promised To Provide Future Bonding Is Barred By The Parol Evidence Rule**

The California Supreme Court has held that the so-called "fraud exception" (Cal. Civ. Code §1856(g)) to the parol evidence rule should be narrowly construed, and that the exception does not apply

to an alleged false promise that directly contradicts a term of the parties' agreement. Bank of America, Etc. v. Pendergrass, 4 Cal.2d 258 (1935); see also Newmark, supra, 128 Cal.App.2d at 37 ("Parol evidence for fraud to establish the invalidity of a written instrument induced by a promise made without any intention of performing it . . . is not admissible in the case of a **promise directly at variance** with the terms of the written instrument.")(emphasis added).

Defendants summarily state that the parol evidence rule is not applicable to an independent, false promise, and quote Banco Do Brasil, supra, 234 Cal.App.3d at 1008 for this proposition. (Response, p.12, lns.27-28; p.13, lns.1; 6-9). However, Defendants failed to provide the full quote, which contradicts their assertion. The full quote is as follows:

> [California courts] have held that if, to induce one to enter into any agreement, a party makes an independent promise without intention of performing it, this separate false promise constitutes fraud which may be proven to nullify the main agreement; **but if the false promise relates to the matter covered by the main agreement and contradicts or varies the terms thereof, any evidence of the false promise directly violates the parol evidence rule and is inadmissible."** [Citations omitted].

Id. (emphasis added).

Defendants cannot credibly claim that the alleged oral promise of future bonding is consistent with the terms of the Agreement. Under the terms of the Agreement, St. Paul was not required to issue any bonds on behalf of the Scott Entities. Had Defendants truly believed that the inclusion of this alleged "future bonding" promise was a part of their agreement with St. Paul, they could have insisted that the alleged term be included within the Rider. They did not. They are now barred by the parol evidence rule from presenting evidence of such an alleged promise. Blitz v. Flour Enterprises, Inc., 115 Cal.App.4th 185, 191 (2004) (court notes that a party could insist on the alleged promise being included into the writing, and "[i]f that could not be accomplished, the dissatisfied party could simply walk away without incurring any legal detriment-disappointed, perhaps, but not defrauded.").

2. **Defendants Have Failed To Allege Their Fraud Cause Of Action With Sufficient Particularity**

Under Rule 9 of the Federal Rules of Civil Procedure, fraud claims must be alleged with particularity. Fed.R.Civ.P. 9(b). As explained by one court:

> Fed.R.Civ.P. 9(b) requires the plaintiff to state "with particularity" any "circumstances constituting fraud". Although states of mind may be pleaded generally, the "circumstances" must be pleaded in detail. This means the **who, what, where, and how**: the first paragraph of any newspaper story.

DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)(emphasis added); see also In re: Glenfed Securities Litigation v. Glenfed, Inc., 42 F.3d 1541, 1548 n.7 (9th Cir. 1994), superceded by statute on other grounds, Marksman Partners, L.P. v. Chantal Pharmaceutical Corporation, 927 F.Supp.1297 (C.D. Cal. 1996).

In their amended counterclaim, Defendants fail to allege their fraud in the inducement claim with any particularity. Defendants allege that St. Paul made an oral promise to provide future bonds on behalf of the Scott Entities. However, they fail to allege which of the four plaintiffs made the alleged promise (Defendants collectively refers to them as "USF&G"). In addition, Defendants fail to allege the specific individual who made the alleged promise. Further, Defendants do not allege when the promise was allegedly made, where it was made and how, other than orally, it was made. Consequently, and contrary to Defendants' claims, Defendants have failed to allege their fraud cause of action with sufficient particularity, thereby rendering it fatally defective.

H. **Defendants Have Failed To Allege Facts Sufficient For A Promissory Estoppel Claim**

Defendants assert in their response that their promissory estoppel cause of action is not barred by the statute of frauds, and that they reasonably relied on St. Paul's alleged oral promise of future bonding. (Response, p.14, lns.1-10). Defendants are incorrect in both regards.

The statute of frauds applies to the promise that is the subject of a claim for promissory estoppel, if it does not include a promise to reduce the promise to writing. Munoz v. Kaiser Steel Corporation, 156 Cal.App.3d 965, 973-974 (1984). Defendants have never alleged that there was a promise to reduce the alleged oral promise to writing. In accordance with Long, supra, 155 Cal. 402, which held that a promise to "always" permit grazing violated the statute of frauds, the promise of future bonding therefore violates the statute of frauds, and is inadmissible.

Further, Defendants do not allege how their reliance on the promise of future bonding is reasonable, in light of the provisions in the Agreement that expressly state that St. Paul was under no obligation to issue any bonds. By failing to do so, their promissory estoppel claim is fatally defective.

I. **Defendants' Claim For Economic Duress Is Not Valid**

In their response, Defendants fail to demonstrate that they have alleged a viable cause of action for economic duress. Defendants do not allege that St. Paul performed any "wrongful act" that caused them to execute the Rider. Rather, they summarily state that St. Paul "coerced" them by "economic duress" into executing the Rider. (Amended Counterclaim, ¶102). St. Paul is left to guess what Defendants are alleging. More importantly, as a matter of law, St. Paul's exercise of its contractual rights not to issue bonds is not "wrongful." <u>See</u> <u>Arntz</u>, <u>supra</u>, 47 Cal.App.4th at 480.

Further, Defendants do not allege that the Rider was unfavorable to them at the time that they executed it, or why it became unfavorable. Instead, they argue in their response, but do not allege in their amended counterclaim, that it became unfavorable on some unspecified, future date. Defendants state only that it "was an unfavorable contract when [St. Paul] failed to issue the future bonds to the Defendants." (Response, p.14, lns.26-28). Accepting as true Defendants' argument that St. Paul made an oral promise of future bonding (which St. Paul denies), all that Defendants have alleged is a breach of contract. In fact, using Defendants' reasoning, every disappointed party to a contract that was breached would have grounds to sue for economic duress, because, by definition, all such contracts would be unfavorable. Accordingly, Defendants' economic duress cause of action must be dismissed.

III. **REPLY TO RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT**

Defendants assert that St. Paul has failed to specify how their amended counterclaim is defective. Throughout their amended counterclaim, Defendants improperly incorporate all their allegations into each cause of action, thereby rendering it difficult for St. Paul to ascertain just what Defendants are claiming.

Further, and as explained above, Defendants' causes of action are insufficiently pled. For example, Defendants failed to plead their fraud in the inducement cause of action with any particularity, much less the particularity required by FRCP Rule 9. <u>See</u> <u>In re</u>: <u>Glenfed Securities Litigation</u>, <u>supra</u>, 42 F.3d at 1548 n.7 ("<u>Rule 9(b)</u> requires particularity as to the circumstances of the fraud -- this requires pleading facts that by any definition are "evidentiary": time, place, persons, statements made, [and an] explanation of why or how such statements are misleading"). Similarly, and as explained above, Defendants' economic duress cause of action forces St. Paul to guess what Defendants' think, but do not allege, St. Paul did wrong. Accordingly, pursuant to FRCP 12(e), if the Court does not dismiss

Defendants' amended counterclaim, St. Paul respectfully requests that the Court grant its motion for a more definite statement before its responsive pleading shall be required.

## IV. REPLY TO RESPONSE TO MOTION TO STRIKE

Defendants seek to recover punitive damages and mental distress damages for their tort-based claims for interference with prospective business interests, breach of fiduciary duty and fraud in the inducement. As explained above, because St. Paul owed no duty to Defendants, no breach of fiduciary duty claim is possible. Cates Construction, Inc., supra, 21 Cal.4th 28; Schmidt, supra, 230 Cal.App.3d 245. Further, because St. Paul did not perform any independently wrongful act, and there is no duty owed by St. Paul to Defendants, Defendants' interference claims are not viable as a matter of law. See Arntz, supra, 47 Cal.App.4th 464; Jonathon Lange, supra, 68 Cal.App.4th 1179. Finally, because the alleged oral promise of future bonding that Defendants attribute to St. Paul is barred by the parol evidence rule, Defendants' fraud in the inducement cause of action is barred as a matter of law. Banco Do Brasil, supra, 234 Cal.App.3d 973.

Because Defendants have no legal basis to request mental distress and punitive damages, the allegations and prayers for them are irrelevant, and should be stricken. See Fed.R.Civ.P. Rule 12(f); Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir. 1974) (a motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law.).

## V. CONCLUSION

Defendants' response fails to provide any meritorious reason why St. Paul's instant motion should not be granted. Accordingly, St. Paul respectfully requests that each and every cause of action asserted by Defendants in their amended counterclaim be dismissed with prejudice. Alternatively, St. Paul requests that its motion for more definite statement and motion to strike be granted.

Dated: May 21, 2004

Michael G. Long, Esq.
David R. Johnson, Esq.
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
3 Park Plaza, Suite 1500
Irvine, California 92614
Tel:(949) 852-6700; Fax (949) 261-0771
Attorneys for Plaintiffs and Counter-Defendants

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
)
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3 Park Plaza, Suite 1500, Irvine, California 92614.

On May 4, 2004, I served the foregoing document(s) described ass **Plaintiffs' Reply to Separate Defendants/Cross-Plaintiffs' Response to Plaintiff/Cross-Defendants' Motion to Dismiss, Motion for a More Definite Statement and Motion to Strike.**

[X] **BY ELECTRONIC FILING**: the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Michael J. Bettinger, Esq.
Timothy P. Walker, Esq.
Preston Gates & Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA 94105
tel: (415) 882-8200; fax: (415) 882-8220
**Attorneys for The Scott Companies, Inc.; Scott Co. of California; WTE, Inc.' Scott Mechanical International, Inc.' Scott-Norman Mechanical, Inc.; Joseph Anthony Guglielmo aka J.A. Guglielmo; and Robert Nurisso aka R.T. Nurisso**

Richard W. Miller, Esq.
Scott H. Murphy, Esq.
Miller Law Firm, PC
4310 Madison Ave.
Kansas City, Missouri 64111
tel: (816) 531-0755; fax: (800) 982-3150
**Attorneys for The Scott Companies, Inc.; Scott Co. of California; WTE, Inc.' Scott Mechanical International, Inc.' Scott-Norman Mechanical, Inc.; Joseph Anthony Guglielmo aka J.A. Guglielmo; and Robert Nurisso aka R.T. Nurisso**

Stan Roman, Esq.
Krieg, Keller, Sloan, Reilly & Roman, LLP
114 Sansome Street, 7th Floor
San Francisco, CA 94104
tel: (415) 249-8330; fax: (415) 249-8333
**Attorneys for Larry Gerard Hengl aka L. Hengl**

J. Douglas Kirk, Esq.
Kirk & Toberty, LLP
2201 Dupont Drive, Suite 820
Irvine, CA 92612
tel: (949) 851-0355; fax: (949) 851-1250
**Attorneys for Robert Hollowed aka R. Hollowed**

Robert F. Kidd, Esq.
Stein, Rudser, Cohen & Magid, LLP
505 Seventeenth Street
Oakland, CA 94612
tel: (510) 987-8300; fax: (510) 987-8333
**Attorneys for Richard William Davis aka R.W. Davis**

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 4, 2004, at Irvine, California.

Hildegarde Schucker
Hildegarde Schucker

73601