LAW OFFICES OF R. MICHAEL HOFFMAN
R. Michael Hoffman SBN 154481
Marilyn E. Minger SBN 154307
601 Montgomery Street, Suite 325
San Francisco, CA 94111
Telephone: 415/362-1111
Facsimile: 415/362-1112

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES NAVARRO,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL NUTRITION CORPORATION, a Pennsylvania corporation; and DOES 1-30, inclusive,<br><br>Defendants. | Case No. C03-0603 SBA<br><br>**PLAINTIFF'S OPPOSITION TO GNC'S MOTION TO COMPEL DISCOVERY RESPONSES OR ALTERNATIVELY TO STRIKE PLAINTIFF'S CLAIMS FOR PSYCHOLOGICAL AND/OR EMOTIONAL DAMAGES**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 3<br>Judge: Saundra B. Armstrong<br>Trial: May 17, 2004 |

Plaintiff opposes Defendant GNC's Motion to Compel Discovery Responses or Alternatively to Strike Plaintiff's Claims for Psychological and/or Emotional Damages (hereafter, "Motion to Compel") on the grounds that Plaintiff should not be charged with Kaiser's failure to produce records, on the grounds (1) that Plaintiff objected to a wholesale



Dockets.Justia.com

production of the Kaiser psychiatric records because of the third parties involved, but proposed an alternative which GNC rejected, and (2) that the records sought are irrelevant to the issues in the case in that they relate to third parties and Plaintiff's custody dispute over her daughter.

GNC also seeks to depose additional health care providers beyond the deadline to do so. Plaintiff objects.

**INTRODUCTION**

In its Motion to Compel Defendant GNC seeks medical records from Kaiser and "any other health care provider that Plaintiff identifies in this case." Plaintiff does not contest that her psychiatric records are relevant but believes that the psychiatric records regarding her child custody dispute and the psychiatric evaluations of her daughter are not relevant to the issues in this case. Plaintiff signed a release for GNC to obtain all of her medical records, but when she realized that that included psychiatric records relating to third parties, she withdrew her consent subject to a screening process of the records. Plaintiff believes that there is sensitive information in those records about her daughter and does not want such information to be made public. The proposed screening process, set forth in attorney Michael Hoffman's letter of April 12, 2004 (erroneously dated March 12, 2004), to Patrick Love of Kreig, Keller, Sloan, Reilley & Roman, GNC's counsel, suggests that Plaintiff have a "first look" at the records to withhold any that pertain to third parties. The letter is Exhibit G to the declaration of Christopher Holland filed in support of GNC's Motion to Compel (hereafter, "Holland Decl.").

GNC rejected Plaintiff's proposal in an April 14, 2004, letter from attorney Christopher Holland to attorney Michael Hoffman. (Holland Decl., Exhibit H). Thereafter GNC brought this motion to compel.

**ARGUMENT**

Evidence Code section 917 provides that there is a psychotherapist-patient privilege. In California there is also a right to privacy, as set forth in Cal. Const. art. I, § 1. Such rights and privileges apply to Plaintiff's daughter as well as any one else. Plaintiff does not and cannot waive those rights and privileges on behalf of her daughter. Plaintiff has been reasonable in her attempts to resolve the issue of production of third party psychiatric records to GNC, but she opposes a wholesale review of psychiatric records that were generated in connection with the custody dispute between Plaintiff and Walter Albers over their daughter and that may contain private information about third parties. GNC has refused to submit to a reasonable procedure to screen out third party psychiatric records.

Plaintiff further objects to the production of the psychiatric records from Kaiser because of the use to which GNC will put them. Other documents that GNC has obtained from the father of Plaintiff's child, Walter Albers, have been turned over to GNC's psychological expert, Stuart J. Eisendrath, M.D. Dr. Eisendrath has used those documents for no purpose other than to supplement his initial report with a character assassination of Plaintiff. Character evidence may only be used to attack the credibility of a witness, but then the only evidence that may be presented is that for truthfulness or untruthfulness. Fed. Rules of Evid. R. 608(a). Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. Fed. Rules of Evid. R. 608(b). Nor is it appropriate for GNC's expert to enter character evidence in the guise of information underlying his opinion. (See April 29, 2004, letter of Dr. Eisendrath to Chris Holland, attached as Exhibit A to the Declaration of R.

Michael Hoffman in Opposition to GNC's Motion to Compel Discovery Responses or Alternatively to Strike Plaintiff's Claims for Psychological And/or Emotional Damages) (hereafter Hoffman Decl.).

Plaintiff also objects to the production of the psychiatric records on the grounds of relevance. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. Rules Evid. R. 403. While the discovery standard is broader than the introduction of evidence at trial, the psychiatric records of Plaintiff regarding her custody dispute over her daughter will serve little purpose other than to unfairly paint Plaintiff in a poor light. *(See Grimes v. Employers Mut. Liability Ins. Co.*, 73 F.R.D. 607, 610 (D.C. AK 1977).) Their probative value is of minimal consequence, while their prejudicial value is significant. Further, they will serve to confuse the issues and contribute to an undue waste of time and needless presentation of cumulative evidence. Plaintiff worked for over three years for GNC without any apparent psychological issues or distress. To say that records pre-dating her employment with GNC are relevant is a stretch. The only thing they may show is the fragile condition Plaintiff was in all along, a condition with which she coped until she was wrongly terminated and the cards fell down around her.

Plaintiff objects to the taking of any further depositions of health care providers or any one else on the grounds that the deadline for taking depositions has passed. It is true, as asserted by GNC, that **"due to scheduling conflicts** among witnesses and counsel, that parties have generally cooperated to complete several depositions after [March 5, 2004, the discovery cut-off

date], without burdening the court" (emphasis added). (Holland Declaration in Support of Motion to Compel, paragraph 8). All such depositions, however, were agreed to by the parties, and all such depositions were noticed before the discovery cut-off date. (See Hoffman Decl., paragraph 3).

GNC's attempt to persuade the court at this point to let it take depositions of health care providers is a sham. GNC asserts that it is entitled to further discovery in this matter because Plaintiff did not reveal certain health care providers until her deposition on March 30, 2004. The depositions that GNC is herewith attempting to take at this point are health care providers of which it has known since February 27, 2004, three days before the discovery cut-off date. For GNC to attempt to take those depositions now is unreasonable and outside the bounds of the discovery framework set in place by the court.

Finally, GNC was not able to complete its discovery earlier, in part, because of Kaiser's own procedures. Plaintiff should not be subject to penalty because Kaiser's procedures did not permit GNC's discovery to be completed by the discovery cut-off date.

**CONCLUSION**

For the foregoing reasons, GNC's Motion to Compel should be denied in its entirety.

Dated: April 27, 2004

/s/
R. Michael Hoffman, Attorney for Plaintiff