SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
ROBERT J. STUMPF, JR., Cal. Bar No. 72851
DAVID SCHNAPF, Cal. Bar No. 100199
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Defendant and Counterclaimant
SALESONE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC A. KLEIN,<br>Plaintiff,<br>v.<br>SALESONE LLC, and WIZZER INC. dba WIZZERTOYS.COM,<br>Defendant. | Case No. C03-5759 VRW<br>The Hon. Vaughn R. WALKER |
| SALESONE LLC,<br>Cross-Complainant,<br>v.<br>ERIC A. KLEIN,<br>Cross-Defendant. | **ANSWER AND COUNTERCLAIM** |

Defendant, SalesOne LLC, ("SalesOne") hereby Answers the Complaint filed by Plaintiff, Eric A. Klein, ("Klein") as follows:

1. SalesOne admits that original jurisdiction exists in this Court under 28 U.S.C. § 1338 for patent cases and that the Court's original jurisdiction



Dockets.Justia.com

extends to a claim of unfair competition which is joined with a patent case. SalesOne denies that 28 U.S.C. § 1498 has any applicability to this action.

2. SalesOne admits the allegations of this paragraph.

3. SalesOne admits that a copy of U.S. Pat. No. 6,419,649 ("the '649 patent") is attached to Klein's Complaint, and that the cover page of the '649 patent indicates an issue date of July 16, 2002, and names Klein as the inventor. SalesOne denies that the '649 patent is directed to a single device which is more fully described in the patent on the basis of the patent examiner's uncontested holding that the '649 patent describes three patentably distinct devices, only one of which is covered by the patent. SalesOne is without information concerning the remaining allegations of this paragraph and, on that basis, denies the same.

3 (second). SalesOne is without information concerning the allegations of this paragraph and, on that basis, denies the same.

4. SalesOne denies the allegations of this paragraph.

5. On information and belief, SalesOne denies that Klein makes, markets or sells any products covered by the '649 patent. SalesOne is without information concerning the remaining allegations of this paragraph and, on that basis, denies the same.

6. SalesOne denies the allegations of this paragraph.

7. SalesOne realleges and incorporates its answers to paragraph 1 through 6 above as though fully set forth here.

8. The allegations of this paragraph fail to give SalesOne reasonable notice of the basis for Klein's claim of unfair competition and, therefore, should be dismissed for failure to meet the minimum standards for "notice pleading." SalesOne is without information concerning the allegations of this paragraph and, on that basis, denies the same.

9. SalesOne realleges and incorporates its answers to paragraph 1 through 8 above as though fully set forth here.

10. SalesOne admits the allegations of this paragraph.

11. SalesOne admits that it agreed to stop selling certain products in settlement of the prior action. SalesOne is without information concerning the remaining allegations of this paragraph and, on that basis, denies the same.

12. SalesOne denies the allegations of this paragraph.

13. SalesOne denies the allegations of this paragraph.

14. SalesOne denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

15. During prosecution of U.S. Pat. No. 6,419,649 ("the '649") the patent examiner issued a first Official Action imposing a "restriction requirement", stating that the application contained three patentably distinct inventive species as follows: (1) the species depicted in FIGS. 1 – 3, wherein the motor housing and battery housing are positioned at opposite ends of a post; (2) the species of FIGS. 4

and 5, wherein the motor housing and battery housing are positioned on the same end of a post; and (3) the species of FIGS. 6 – 13 wherein the motor housing and battery housing are attached to a "tongue cup." In the Official Action imposing the restriction requirement, the patent examiner further stated that there was no generic claim.

16. The restriction requirement imposed a duty on the applicant to elect only one of the three species for prosecution. In response to the restriction requirement, the applicant elected the first species (FIGS. 1 – 3) wherein the motor housing and battery housing are positioned on opposite ends of a post. The applicant's response did not contest the propriety of the restriction requirement nor did it contest the examiner's holding that there was no generic claim. In its response to the restriction requirement the applicant added new claims to his application which were said to be "generic" claims.

17. In the second Official Action the patent examiner: (1) allowed the claims that were directed to the first (elected) species, (2) withdrew the claims that were directed to the second and third (non-elected) species, and (3) rejected the newly added so-called "generic" claims. The applicant responded by arguing in favor of the patentability of the new, "generic" claims, but did not contest the propriety of the examiner's withdrawal of the non-elected claims.

18. In a third, "final" Official Action, the examiner confirmed the rejection of the "generic" claims. The applicant then canceled both the rejected and the withdrawn claims, so that the '649 patent issued with claims directed only to the first, elected species. At no time during the prosecution did the applicant suggest that any of the allowed claims covered either of the non-elected species. Thus, the prosecution history of the '649 patent clearly shows that the patent only covers the

elected species of the "invention," as depicted in FIGS. 1 – 3, which has a motor housing and a battery housing at opposite ends of a post. Applicant is estopped from asserting that the patent claims cover either of the non-elected species.

19. SalesOne's product has its battery and its motor on the same end of a post. Accordingly, this configuration is clearly not within the scope of the species elected by the applicant during prosecution of the '649 patent there can be no infringement as a matter of law. In addition, there are other differences between the structure of SalesOne's products and the claims of the '649 patent, such that the products do not infringe the patent.

20. Klein's allegation that the '649 patent covers a product which clearly is outside the scope of the elected species is objectively baseless, and is made in bad faith for purposes of oppression and harassment. Accordingly, assertion of the '649 patent against SalesOne constitutes patent misuse, rendering the patent unenforceable.

21. This is an exceptional case which warrants the award of attorneys fees to SalesOne.

22. This action and the relief requested by Klein are in whole or in part barred by the equitable doctrine of laches, equitable estoppel, and/or unclean hands.

23. Klein's demand for an accounting of "all profits defendants received by infringing said patent" lacks merit. There is no legal basis for demanding an accounting for patent infringement.

24. SalesOne does not have sufficient knowledge or information upon which to for a belief as to whether they may have additional affirmative defenses. SalesOne therefore reserves the right to assert and rely upon additional affirmative defenses.

## PRAYER

WHEREFORE, SalesOne respectfully requests that this Court:

A. Deny the relief requested by Klein;

B. Declare this an exceptional case under 35 U.S.C. § 285

C. Award SalesOne its costs, disbursements and reasonable attorneys fees incurred in defending this action; and

D. Award such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaimant SalesOne brings this action seeking a declaratory judgment of patent non-infringement and unenforceability against counterdefendant Eric A. Klein based on the following allegations:

## JURISDICTION

1. This is a mandatory counterclaim under Fed. R. Civ. P. 13, arising under 28 U.S.C. § 2201.

**FIRST CLAIM**

**NON-INFRINGEMENT**

2. SalesOne realleges and incorporates paragraphs 1 – 24 of its Answer and paragraph 1 of its Counterclaim above as though fully set forth here.

3. SalesOne does not infringe the '649 patent.

**SECOND CLAIM**

**PATENT MISUSE**

4. SalesOne realleges and incorporates paragraphs 1 – 24 of its Answer and paragraphs 1 – 3 of its Counterclaim above as though fully set forth here.

5. Klein's objectively baseless, bad faith assertion of patent infringement constitutes patent misuse.

**PRAYER**

WHEREFORE, SalesOne respectfully requests that this Court:

A. Issue a Declaratory Judgment that SalesOne does not infringe the '649 patent.

B. Issue a Declaratory Judgment that Klein's attempt to enforce the '649 patent against non-elected species constitutes patent misuse, rendering the '649 patent unenforceable.

C. Declare that this is an exceptional case pursuant to 35 U.S.C. § 285.

D. award SalesOne its costs, disbursements and attorneys fees incurred in this action.

E. Enter such other and further relief as this Court deems just and proper.

DATED: May 5, 2004

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________
ROBERT J. STUMPF
DAVID SCHNAPF

Attorneys for SalesOne LLC

Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947