United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED,

Plaintiff,

v.

DAMODER REDDY, et al.,

Defendants

---

DAMODER REDDY,

Cross Complainant

v.

PENTALPHA OFFSHORE LIMITED, et al.,

Cross Defendants

/

No. 03-5914 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

(Docket No. 4)

Before the Court is defendant Damoder Reddy's motion to dismiss plaintiff Pentalpha Macau Commercial Limited's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for a more definite statement, pursuant to Rule 12(e). Plaintiff has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for May 7, 2004, and rules as follows.

Dockets.Justia.com

1. Defendant's argument that plaintiff lacks standing to assert a breach of fiduciary duty claim on behalf of Opsys U.S. Corporation ("Opsys") lacks merit because plaintiff has sufficiently alleged that it owns choses in action formerly owned by Opsys, (see Compl. ¶ 30), and has offered evidence to support such allegation, specifically, the Sales Agreement under which it obtained the property of Opsys, (see Stillman Decl. ¶ 2 and Ex. 1). Moreover, contrary to defendant's argument, plaintiff has sufficiently alleged the basis for a fiduciary duty on the part of defendant toward Opsys, specifically, that defendant was a member of Opsys's Board of Directors. (See Compl. ¶ 33.)

2. Defendant's argument that plaintiff has not, in support of its claim for interference with contractual relations, specifically identified any contractual relations lacks merit because the complaint identifies the three contracts at issue, the dates those contracts were executed, and the parties to the contracts. (See Compl. ¶¶ 13, 23, 24.)

3. Defendant's argument that plaintiff has not, in support of its claim for conversion, identified the property defendant is alleged to have converted lacks merit because the complaint identifies the general nature of such property. (See Compl. ¶¶ 26, 45, 47.) To the extent defendant may be arguing that plaintiff is required to identify with particularity the property at the pleading stage, defendant is incorrect because a conversion claim is a strict liability tort and requires no showing of fraud. See Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1066 (1998) ("Conversion is a strict liability tort. The foundation of the action rests neither in the knowledge nor the intent of the defendant."); cf. Fed. R. Civ. P. 9(b) (providing "circumstances constituting fraud . . . shall be stated with particularity").

4. Defendant is entitled to dismissal of plaintiff's fraud claim because plaintiff fails to allege the circumstances constituting the alleged fraudulent concealment with the requisite particularity. See Fed. R. Civ. P. 9(b). Specifically, plaintiff does not allege any statements made by defendant that, by virtue of any material omission, were fraudulent, or, assuming any

such omissions occurred, when they occurred.[1]

5. Defendant has not demonstrated his entitlement to a more definitive statement as to plaintiff's claims for breach of fiduciary duty, interference with contractual relations, or conversion because those claims are not "so vague or ambiguous that [defendant] cannot reasonably be required to frame a responsive pleading." See Fed. R. Civ. P. 12(e).[2]

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss or for a more definite statement is GRANTED in part and DENIED in part, as follows:

1. Plaintiff's Fourth Cause of Action, alleging a claim for fraud, is DISMISSED, with leave to amend.

2. In all other respects, the motion is DENIED.

3. Plaintiff's First Amended Complaint, if any, shall be filed no later than May 21, 2004.

**IT IS SO ORDERED.**

Dated: May 5, 2004

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

---

[1]Plaintiff, in its opposition, asserts that "although not explicitly pled, Opsys has a fraud claim against [defendant]," (see Pl.'s Opp. at 6:26-27), and argues that if the fraud claim currently pleaded is dismissed, "Opsys would be entitled to bring the same claim," (see id. at 6:28, 7:24). As a fraud claim on behalf of Opsys has not been pleaded, "explicitly" or otherwise, the Court expresses no opinion on the validity, or lack thereof, of any such claim.

[2]Defendant's motion for a more definite statement is moot insofar as it is directed at plaintiff's fraud claim.