Apple Inc. v. Psystar Corporation Doc. 1015

ARTHUR A. LEONARD, State Bar No. 110858
FORGIE JACOBS & LEONARD
4165 E. Thousand Oaks Blvd., Suite 355
Westlake Village, California 91362
Telephone: (805) 494-9795
Facsimile: (805) 494-0997

Attorneys for Defendant
JAS FORWARDING (USA), INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FREDERIC BELLETON, individually and d.b.a. EURODES INTERNATIONAL,<br><br>Plaintiffs,<br><br>vs.<br><br>JAS FORWARDING (USA), INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.: C 04 1613 WHA<br><br>**ANSWER OF JAS FORWARDING (USA), INC. TO COMPLAINT** |

Defendant, JAS FORWARDING (USA), INC., answers Plaintiff's Complaint as follows:

1. Defendant admits that it conducts business in California and other states throughout the United States but denies each and every other remaining allegation in paragraph 1.



Dockets.Justia.com

2. Defendant is uncertain as to what Plaintiff means by “international corporation” and accordingly denies said allegation; however, Defendant admits the remaining allegations of Paragraph 2.

3. Defendant is without knowledge as to the allegations of Paragraph 3 and therefore denies same and demands strict proof thereof.

4. Defendant is without knowledge as to the allegations of Paragraph 4 and therefore denies same and demands strict proof thereof.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant admits that various rates have risen during the business relationship but denies each and every other remaining allegation in paragraph 6.

7. Defendant admits that exhibit ‘a’ purports to be a true and correct copy of an e-mail from Defendant to Plaintiff and that said document speaks for itself, but denies the remaining allegations of paragraph 7.

8. Defendant admits that exhibit ‘a’ purports to be a true and correct copy of an e-mail from Defendant to Plaintiff and that said document speaks for itself, but denies the remaining allegations of paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

## **FIRST CAUSE OF ACTION**

**(Conversion)**

10. Defendant repeats and realleges the allegations set forth in paragraphs 1 through 9.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

## SECOND CAUSE OF ACTION
## (Trespass of Chattels)

20. Defendant repeats and realleges the allegations set forth in paragraph 1 through 9.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

## THIRD CAUSE OF ACTION
## (Breach of Contract)

27. Defendant repeats and realleges the allegations set forth in paragraph 1 through 9.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

## FOURTH CAUSE OF ACTION
## (Breach of Covenant of Good Faith and Fair Dealing)

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant repeats and realleges the allegations set forth in paragraph 1 through 9.

35. Defendant is without knowledge as to the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

## FIFTH CAUSE OF ACTION
## (Inducing Breach of Contract)

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant repeats and realleges the allegations set forth in paragraph 1 through 9.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

## SIXTH CAUSE OF ACTION
## (Interference with Economic Relations)

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant repeats and realleges the allegations set forth in paragraph 1 through 9.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

## SEVENTH CAUSE OF ACTION
## (Interference with Prospective Economic Advantage)

49. Defendant repeats and realleges the allegations set forth in paragraph 1 through 9.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

55. The complaint in whole or in part fails as a matter of law to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

56. Tort recovery is barred to the extent a contractual relationship exists/existed between the parties.

## THIRD AFFIRMATIVE DEFENSE

57. Defendant is entitled to setoff.

## FOURTH AFFIRMATIVE DEFENSE

58. Plaintiff's failure to mitigate its losses bars or limits its claim.

## FIFTH AFFIRMATIVE DEFENSE

59. The business relationship between the parties was alterable at-will.

## SIXTH AFFIRMATIVE DEFENSE

60. The proposed changes were commercially necessary and/or required for safety reasons.

## SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff's anticipatory breach bars plaintiff's claims in whole or in part.

**WHEREFORE**, Defendant, JAS FORWARDING (USA), INC., respectfully requests that the instant complaint be dismissed for the reasons more fully set forth herein, together with an award of costs of suit, and such other relief as this Court deems just, equitable and proper.

\\

\\

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. MAIL this 10th day of May, 2004 upon Nini T. Lee, Esq., Attorney for Frederic Belleton d/b/a Eurodes International, Gianelli & Fores, 1014 – 16th Street, P.O. Box 3212, Modesto, CA 95353.

Date: May 10, 2004 FORGIE JACOBS & LEONARD

By: ______________________________

ARTHUR A. LEONARD, attorneys for Defendant, JAS FORWARDING (USA), INC.