Apple Inc. v. Psystar Corporation Doc. 1071 Att. 5


Marc Van Der Hout (California Bar #80778)
Stacy Tolchin (California Bar #217431)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003

Attorneys for Petitioner
Javier Lopez-Urenda

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOPEZ-URENDA, Javier<br><br>Petitioner,<br><br>Nancy ALCANTAR, in her Official Capacity, Director San Francisco Office of Detention and Removal, U.S. Immigration and Customs Enforcement; Tom RIDGE, in his Official Capacity, Secretary Department of Homeland Security, John ASHCROFT, in his Official Capacity, Attorney General Department of Justice; UNITED STATES OF AMERICA.<br><br>Respondents. | Case No. C04-2014 (EDL)<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** |


Dockets.Justia.com

The Court, having reviewed Petitioner's Motion for Preliminary Injunction and all filings from the parties in relation to that motion, and having heard arguments from counsel, HEREBY FINDS that Petitioner warrants a preliminary injunction enjoining Respondents from removing Petitioner from the U.S. pending further order from this Court.

The standard for granting a preliminary injunction requires the moving party to show either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the movant's favor. Gilder v. PGA Tour, Inc., 936 F.2d 417 (9th Cir. 1991); Dumas v. Gommerman, 865 F.2d 1093, 1095 (9th Cir. 1989); Apple Computer Inc v. Formula Int'l, Inc., 725 F.2d 521, 525 (9th Cir. 1984). These two alternatives represent extremes of a single continuum, rather than two separate tests. Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978) cert. dismissed, 441 U.S. 937, 60 L. Ed. 2d 667 (1979). Thus, the greater the relative hardship to the moving party, the less probability of success must be shown. National Ctr. for Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)). At a minimum Petitioner has established that he raises serious legal questions and that the balance of hardships tip sharply in his favor.

As to the serious legal questions inquiry, Petitioner has raised serious legal questions. First, Petitioner has raised a serious legal question as to whether the filing of his deferred action request tolled the voluntary departure period in his case. See 8 U.S.C. § 1229c(d), Immigration and Nationality Act ("INA") § 240B(d); Desta v. Ashcroft, __ F.3d __ 2004 U.S. App. LEXIS 7204 *22 (Apr. 14, 2004) (noting that the voluntary departure period is subject to tolling).

Next, Petitioner has raised serious legal questions regarding whether in order to comply with principles of fundamental fairness, and in order to prevent manifest injustice, Petitioner must be found statutorily eligible for adjustment of status pursuant to 8 U.S.C. § 1255, INA § 245, even if he overstayed his period of voluntary departure and that the Motion to Reopen was filed after 90 days of the BIA's decision on his case. The Department of Labor's unreasonable delay in adjudicating his employer FullBloom Bakery's application for labor certification may have been the cause of his overstay, which appears to have been the reason the Motion to

Reopen was not filed earlier. Courts have recognized, based on principles of fundamental fairness and manifest justice, that individuals should be eligible for relief from deportation and removal, irrespective of their statutory ineligibility, where that ineligibility was acquired as the direct result of the administrative agency's delay in adjudicating their applications or through other agency misfeasance. See, e.g., Otarola v. INS, 270 F.3d 1272 (9th Cir. 2001); Aoun v. INS, 342 F.3d 503 (6th Cir. 2003); Tejeda v. INS, 346 F.2d 389 (9th Cir. 1965); De Cardenas v. Reno, 278 F.Supp. 2d 284 (D. Conn. 2003).

Finally, Petitioner raised a serious legal question regarding whether the San Francisco U.S. Immigration and Customs Enforcement ("U.S. ICE") has failed to exercise the discretionary authority authorized by law, in failing to grant deferred action requests since March 1, 2003, the date the Immigration and Naturalization Service was abolished and the Department of Homeland Security was implemented. See "Homeland Security Act of 2002" 107 Pub. L. 296, 116 Stat. 2135 (Nov. 25, 2002). Even when an issue is left to the discretion of an agency, the agency's failure to utilize its discretionary authority constitutes a due process violation. United States ex. rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S. Ct. 499 (1954) (noting that due process requires adherence to agency regulations, even when Congress has purely delegated a decision to the discretion of the agency).

The balance of hardships clearly tips in Petitioner's favor. The failure to stay Petitioner's removal would deprive the Board of Immigration Appeals of jurisdiction over Petitioner's motion to reopen and would render Petitioner ineligible for admission to the U.S. for a period of ten years. 8 U.S.C. § 1182(a)(9)(B)(i)(II), INA § 212(a)(9)(B)(i)(II). Furthermore, Petitioner would be separated from his three U.S. citizen children, his wife, his job and career at FullBloom Bakery, and his community. In comparison, the government's hardship in Petitioner's remaining in the United States while this case is resolved is de minimus.

THEREFORE, THE COURT HEREBY ORDERS THAT Respondents, their officers, agents, servants, employees, and attorneys, are restrained and enjoined from removing Petitioner from the United States pending further order of this Court.

IT IS SO ORDERED.

Date: ____________________

______________________________
United States District Court Judge