Apple Inc. v. Psystar Corporation
Doc. 1074

Rex M. Clack, Esq. (SBN 59237)
David E. Russo, Esq. (SBN 112023)
STERLING & CLACK
A Professional Corporation
101 Howard Street, Suite 400
San Francisco, California 94105
Telephone: (415) 543-5300
Facsimile: (415) 543-3335

Attorneys for Defendant and Cross-Defendant
EAGLE GLOBAL LOGISTICS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC, a limited liability corporation,<br><br>Plaintiffs,<br>vs.<br><br>EAGLE GLOBAL LOGISTICS, et al,<br><br>Defendants. | Case No.: C 04-00988 MMC ARB<br><br>**ANSWER OF EAGLE GLOBAL LOGISTICS TO CROSS-COMPLAINT [SIC] OF RON NOLAN TRUCKING FOR INDEMNITY, DECLARATORY RELIEF, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |
| RON NOLAN TRUCKING<br><br>Cross-complainant,<br>vs.<br><br>EAGLE GLOBAL LOGISTICS, et al,<br><br>Cross-defendants. | |
| AND RELATED CROSS-ACTIONS | |



Dockets.Justia.com

Cross -Defendant EAGLE GLOBAL LOGISTICS (hereafter "cross-defendant" or "EGL") hereby answers the cross-complaint [sic] of RON NOLAN TRUCKING, and alleges as set forth below.

**ON THE FIRST CAUSE OF ACTION: INDEMNITY**

1. Answering paragraph 1 of the cross-complaint filed herein by RON NOLAN TRUCKING (hereafter "RON NOLAN"), alleging that it lacks sufficient information or belief to affirmatively admit or deny said allegations and answering on that basis, EGL denies the allegations contained in said paragraph 1.

2. Answering paragraph 2 of the cross-complaint filed herein by RON NOLAN, alleging that it lacks sufficient information or belief to affirmatively admit or deny said allegations and answering on that basis, EGL denies the allegations contained in said paragraph 2.

3. Answering paragraph 3 of the cross-complaint of RON NOLAN, EGL admits that on or about December 16, 2003, plaintiff SEAGATE TECHNOLOGY LLC filed and served its complaint against RON NOLAN, EGL and others, asserting claims for damages based upon alleged non-delivery of cargo. Except as so expressly admitted, EGL denies each and every allegation contained in paragraph 3 of the cross-complaint.

4. Answering paragraph 4 of the cross-complaint of RON NOLAN, EGL denies each and every allegation contained therein.

5. Answering paragraph 5 of the cross-complaint of RON NOLAN, EGL denies each and every allegation contained therein.

6. Answering paragraph 6 of the cross-complaint of RON NOLAN, alleging that it lacks information or belief concerning RON NOLAN's legal fees and costs and answering on that basis, EGL denies that RON NOLAN has incurred or will incur attorney's fees, court costs, and other litigation expenses in this action. Further answering said paragraph 6, EGL denies any and all other material allegations contained in said paragraph 6.

WHEREFORE, EGL prays for judgment against RON NOLAN as hereinafter set forth.

**ON THE SECOND CAUSE OF ACTION: DECLARATORY RELIEF**

7. EGL incorporates herein by this reference as though fully set forth herein, each and every allegation and averment set forth in paragraphs 1 - 6 above.

8. Answering paragraph 8 of the cross-complaint of RON NOLAN filed herein, EGL denies each and every material allegation contained in said paragraph.

9. Answering paragraph 9 of the cross-complaint filed herein by RON NOLAN, EGL denies each and every material allegation contained therein.

WHEREFORE, EGL prays for judgment against RON NOLAN as hereinafter set forth.

**ON THE THIRD CAUSE OF ACTION: TORT OF ANOTHER**

10. Answering paragraph 10 of the cross-complaint of RON NOLAN filed herein, EGL incorporates herein by this reference as though fully set forth herein, each and every allegation and averment contained in paragraphs 1 - 6, above.

11. Answering paragraph 11 of the cross-complaint of RON NOLAN filed herein, EGL denies that it committed any wrongful act or omission. Further answering paragraph 11 on the basis of its lack of information or belief, EGL denies that RON NOLAN has been required to pay legal fees or costs.

12. Answering paragraph 12 of the cross-complaint of RON NOLAN filed herein, EGL denies each and every allegation contained therein.

13. Answering paragraph 13 of the cross-complaint filed herein by RON NOLAN, EGL denies each and every material allegation contained therein.

WHEREFORE, EGL prays for judgment against RON NOLAN as hereinafter set forth.

//

//

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that neither the cross-complaint, nor the alleged causes of action therein, state facts sufficient to constitute a cause of action upon which relief may be granted against this answering cross-defendant.

## SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that this court lacks subject matter jurisdiction of cross-complainant's claims and causes of action against this cross-defendant.

## THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that this action is subject to dismissal for improper venue and transfer to another forum as being brought contrary to the forum selection clause set forth in the applicable waybill or waybills or bill or bills of lading, tariffs and/or contract of affreightment and/or other contract or agreement, including all printed, typed, stamped or handwritten clauses or terms thereof.

## FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS- DEFENDANT ALLEGES that this action is subject to the choice of law provision set forth in the applicable waybill or waybills or bill or bills of lading, tariffs and/or contract of affreightment and/or other contract or agreement, including all printed, typed, stamped or handwritten clauses or terms thereof.

**FIFTH AFFIRMATIVE DEFENSE**

AS AND FOR A FIFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that cross-complainant's recoverable damages, if any, are limited by virtue of the applicable waybill or waybills or bill or bills of lading, tariffs and/or contract of affreightment and/or other contract or agreement, including all printed, typed, stamped or handwritten clauses or terms thereof.

**SIXTH AFFIRMATIVE DEFENSE**

AS AND FOR A SIXTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that cross-complainant's recoverable damages, if any, are subject to weight, per package or customary freight unit limitations provided by any applicable statute or provision, and the terms, conditions, exclusions, and limitation of liability provisions of the applicable waybill or waybills or bill or bills of lading, tariffs and/or contract of affreightment and/or other contract or agreement, including all printed, typed, stamped or handwritten clauses or terms thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

AS AND FOR A SEVENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that it relies upon all other defenses, limitations and provisions available to them under the terms of the applicable waybill or waybills or bill or bills of lading, tariffs and/or contract of affreightment and/or other contract or agreement, including all printed, typed, stamped or handwritten clauses or terms thereof.

**EIGHTH AFFIRMATIVE DEFENSE**

AS AND FOR A EIGHTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES, asserts and invokes all of the rights and

immunities granted to them under any applicable law, including but not limited to the Carmack Amendment, 49 U.S.C. § 14706, *et seq.*, 49 U.S.C. § 11706, the Warsaw Convention, and the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.*

**NINTH AFFIRMATIVE DEFENSE**

AS AND FOR A NINTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that the cross-complaint and each cause of action therein are barred by each and every applicable statute of limitations under state and federal law.

**TENTH AFFIRMATIVE DEFENSE**

AS AND FOR A TENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that the cross-complaint asserts claims for damages that are exempt from the liability provisions of the Carmack Amendment, 49 U.S.C. § 14706.

**ELEVENTH AFFIRMATIVE DEFENSE**

AS AND FOR A ELEVENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that to the extent the cross-complaint alleges state law and common law claims against defendant for alleged activities which fall under the Carmack Amendment, 49 U.S.C. § 14706, *et seq*., the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq*., 49 U.S.C. § 11706, the Warsaw Convention, and any other applicable federal laws, all such state law and common law claims are pre-empted by the liability provisions within the aforesaid federal statutes.

**TWELFTH AFFIRMATIVE DEFENSE**

AS AND FOR A TWELFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that cross-complaint has unreasonably failed to act in such a manner as to mitigate the damages of which it complains, if any there were.

**THIRTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A THIRTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that if cross-complaint sustained damages by reason of the matters alleged in the cross-complaint, which is denied, the damages complained of were either wholly, or in part, directly and proximately caused by the negligence, wrongful acts, or breach of obligations of the cross-complainant, and said damages, if any, were not caused or contributed to by the negligence, fault, or breach of obligation of this answering cross-defendant, its officers, agents, servants, employees or others for whom this answering cross-defendant is responsible.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A FOURTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that if cross-complaint sustained damages by reason of the matters alleged in the cross-complaint, which is denied, the damages complained of were either wholly, or in part, directly and proximately caused by the negligence, wrongful acts, or breach of obligations of other persons or firms, for none of whom were this answering cross-defendant responsible, and said damages, if any, were not caused or contributed to by the negligence, fault, or breach of obligation of this answering cross-defendant, its officers, agents, servants, employees or others for whom this answering cross-defendant is responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that cross-complainant's alleged damages, if any there were, were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for whom this answering cross-defendant is not liable or responsible and over whom this answering cross-defendant exercised no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that the cross-complaint and the alleged causes of action therein are barred by the doctrines of waiver, release, estoppel, consent, laches, unclean hands and ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that the shipment referred to in the cross-complaint was loaded and counted by the shipper and/or its agent. Cross-defendant was not responsible for any damage to such shipment caused by the improper loading thereof.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that whatever shipments were received for transportation by cross-defendant, if any, were accepted in accordance with, and subject to, all the terms and conditions of the contract of carriage, bills of lading, any transportation agreements and the terms and conditions of the applicable railroad governing publications and the rules set forth therein, which form the contract of carriage between the parties for the transportation of the shipments and the responsibility of cross-defendant in this matter. Cross-defendant duly performed the terms and conditions on its part to be performed, and the transportation contract bars

recovery.

**NINETEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A NINETEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that to the extent that the shipper or claimant failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

**TWENTIETH AFFIRMATIVE DEFENSE**

AS AND FOR A TWENTIETH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING CROSS-DEFENDANT ALLEGES that cross-complainant failed to file suit within the period prescribed by the contract of carriage and this lawsuit is therefore time barred.

**PRAYER FOR RELIEF**

WHEREFORE, EGL prays for judgment against RON NOLAN as follows:

i. That cross-complainant RON NOLAN TRUCKING taking nothing by its cross-complaint;

ii. That judgment be entered in favor of Eagle Global Logistics and Against RON NOLAN TRUCKING on the cross-complaint;

iii. For attorney's fees incurred herein by Eagle Global Logistics;

iv. For costs of suit incurred herein; and

v. For such other and further relief as the Court deems proper and just.

STERLING & CLACK
Rex M. Clack
David E. Russo

Dated: By:____________________
Rex M. Clack
Attorneys for Cross-Defendant
EAGLE GLOBAL LOGISTICS

c:/310024/P/Answer(EGL)

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), EAGLE GLOBAL LOGISTICS hereby demands trial by jury on all issues so triable.

Dated: By:____________________
Rex M. Clack

## PROOF OF SERVICE

**CASE NAME: Seagate Technology, LLC v. Eagle Global Logistics, et al.**
**COURT: United States District Court, Northern District of California**
**CASE NO.: C 04-00988 MMC ARB**
**S&C FILE: 310.02-4**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is 101 Howard Street, Suite 400, San Francisco, CA 94105. On May 24, 2004, I served the following document(s):

**ANSWER OF DEFENDANT EAGLE GLOBAL LOGISTICS TO CROSS-COMPLAINT [SIC] OF RON NOLAN TRUCKING FOR INDEMNITY, DECLARATORY RELIEF, AND DAMAGES**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelope(s) addressed as shown below by the following means of service:

[ X ] By First-Class Mail – I caused such envelope(s) with first-class postage thereon fully prepaid to be placed at Sterling & Clack, 101 Howard Street, San Francisco, California for collection by and deposit and mailing in the United States Postal Service in accordance with the ordinary business practices of Sterling & Clack for collection and processing of correspondence for mailing with the United States Postal Service, with which I am readily familiar. Under that practice, the correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

[ ] By Personal Service - I caused such envelope(s) to be given to a courier messenger to personally deliver to the office of the addressee.

[ ] By Overnight Courier - I caused such envelope(s) to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

[ ] By Facsimile - I caused a copy of such document(s) to be sent via facsimile (from facsimile number (415) 543-3335 at the time stated on the attached transmission report) to the office(s) of the addressee(s) as listed below in accordance with the standard business practices of this firm. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. A true and correct copy of the transmission report sheet(s) is attached hereto.

Addressee(s)

See Attached Service List of Attorneys of Record.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States that the foregoing is true and correct. Executed on May 24, 2004, at San Francisco, California.

________________________________
Leighann Schreyvogel

**<u>Attorneys of Record</u>**

**Seagate Technology LLC v. Eagle Global Logistics, et al.**
**United States District Court, Northern District of California**
**Case Number: C 04-00988 MMC ARB**

| | |
|---|---|
| Jennifer T. Sanchez<br>GIBSON ROBB & LINDH LLP<br>275 Battery Street, Suite 920<br>San Francisco, CA 94111 | Attorneys for Plaintiff<br><br>Facsimile: (415) 291-1705<br>Telephone: (415) 283-2300 |
| Amelia Yaros<br>SCOPELITIS, GARVIN, LIGHT & HANSON<br>601 Montgomery Street, Suite 325<br>San Francisco, CA 94111 | Attorneys for Defendant<br>CARGO - MASTER, INC.<br><br>Facsimile: (415) 986-2379<br>Telephone: (415) 986-2479 |
| B. Scott Levine<br>GOODMAN & LEVINE LLP<br>180 Grand Avenue, Suite 330<br>Oakland, CA 94612 | Attorneys for Defendant<br>SWAN TRANSPORTATION SERVICES, LTD.<br><br>Facsimile: (510) 763-2305<br>Telephone: (510) 763-2300 |
| Michael R. Welch<br>CAUDLE, WELCH & UMIPEG<br>1390 Willow Pass Road, Suite 360<br>Concord, CA 94520 | Attorneys for Defendant/Cross-Complainant<br>RON NOLAN TRUCKING<br><br>Facsimile: (925) 688-8800<br>Telephone: (925) 688-8801 |