Apple Inc. v. Psystar Corporation Doc. 1116


# THE LAW OFFICES OF OLUMIDE K. OBAYEMI

**2710 Telegraph Avenue, Suite 260**
**Oakland, CA 94612**
**Tel/ Fax: (510) 836-0716**
**Cell: (510) 798-8732**

**Olumide K. Obayemi, Esq**
**LL.B. (Hons); B.L. (Hons.)**
**LL.M. (Alberta, Canada) 1999**
**LL.M. in Taxation Law, 2001**


**May 13, 2004**

Hon. Saundra B. Armstrong
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Oakland Division
1301 Clay Street, Suite 400S,
Oakland, CA 94612-5212

**Bayview, Inc., et.al. vs. U.S. Bank e.al.**
**Suit No. C-04-1596 SBA/CGC-04-429-486**

**REQUEST FOR LEAVE TO FILE ADDITIONAL DOCUMENTS TO ADDRESS NEW FACTUAL AND LEGAL ISSUES RAISED IN THE DEFENDANTS REPLY TO PLAINTIFFS MOTION TO COMPEL ARBITRATION.**

We write in reply to Defendants' Letter dated June 2, 2004.

By this Letter and pursuant to Rule 7-3(d) of the Local Civil Rules of the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, the Plaintiffs hereby seek the approval of Hon. Saundra B. Armstrong to file additional documents to address the new factual and legal issues as raised in the Defendants' Reply Memorandum to Plaintiffs' Opposition to the Motion to Compel Arbitration. ("Defendants' Reply").

The Documents (all e-filed on May 26 and 27, 2004) are as follows:

1. Plaintiffs' Reply to Defendants' Objections to the Declaration of Mary Ratcliff in Support of Plaintiffs' Opposition to Defendants' Motion for an Order Compelling Arbitration.

2. Plaintiffs' Reply to Defendants' Objections to the Declaration of Olumide K. Obayemi in Support of Plaintiffs' Opposition to Defendants' Motion for an Order Compelling Arbitration.

3. Declaration of Olumide K. Obayemi in Support of Plaintiffs' Opposition to Defendants' Motion for an Order Compelling Arbitration.

4. Plaintiffs' to Defendants' Objections to the Declaration of Vicki McFee in Support of Defendants' Motion for an Order Compelling Arbitration (e-filed on May 27, 2004).



Dockets.Justia.com

The Plaintiffs admit that they had filed the documents without complying with the requirements of Rule 7-3(d), such was neither willful nor deliberate. It was out of inadvertence.

The plaintiffs will further argue that the unclean hands of the Defendants, fairness, and justice require that the documents should be considered since they address the **new factual and legal issues** that were raised in the Defendants' Reply Memorandum which, hitherto, were not raised in prior documents.

**Vicki McFee Declaration**

Even though all the documents submitted as attachments/exhibits to Vicki McFee Letter had always been in the Defendants possession (assuming that those documents exist in fact and are not forgeries), *the Defendants waited until the last minute before submitting them.*

This is despite the fact that the Plaintiffs had always maintained that the Plaintiffs never consented, agreed, nor negotiated any agreement containing an arbitration clause.

In fact, in the Plaintiffs' Letter dated April 30, 2004, the Plaintiffs had notified the Defendants thus: "*We have received you offer of arbitration. We do not see our clients' signatures on any page of the 'Arbitration Agreement.' We do not know the origin of document. At this stage, we cannot ascertain the authenticity of the document. We request that you forward to us any document that will support your claim that our clients agreed to the terms of the document… We await your production of documents showing that our clients are parties to such a document which you presented with your Cross Complaint*." **See Exhibit C attached to Defendants' Motion to Compel Arbitration**.

The Defendants failed to provide the documents exhibited by Vicki McFee on time. The Vicki McFee Declaration, also, was full of factual inconsistencies, as the Defendants failed to explain why a cover letter which was used to convey the impugned arbitration agreement to the Plaintiffs *expressly* mentioned a smaller document on 3 main occasions, but failed to mention a much larger and more important document (even though "the document" contained an arbitration clause).

Plaintiffs believe that interests of justice will be better served by pointing out to the court the factual inconsistencies in the Vicki McFee Declaration, as well as the fact that even though the Defendants had notice since April 30, 2004 that the Plaintiffs needed evidence that the arbitration agreement was actually in existence and/or was mailed to the Plaintiffs, the Defendants waited till the very end of the filing of papers before bringing forth the attached "exhibits."

Justice requires that the Plaintiffs be afforded an opportunity to comment on the Declaration and the "exhibits."

Further, the Vicki McFee Declaration contained conclusions, hearsay, legal opinions, and references to primary evidence. In addition, it amounts to secondary evidence and is unsupported by personal knowledge.

The Defendants had raised 3 main objections to Plaintiffs' previous Declarations on similar grounds.

Finally, justice requires that the Plaintiffs be able to point out all the defects in direct disobedience to the requirements of Local Rule 7-5(b), which provides thus: "An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."

For the above reasons, the Plaintiff, respectfully and humbly, request an approval to file additional documents under Rule 7-3(d).

**Plaintiffs' Replies to Defendants' Objections to the Declarations of Mary Ratcliff & Olumide K. Obayemi ("the Replies").**

The Plaintiffs will also request the Court's approval to file Plaintiffs Replies to the Defendants' Two (2) Objections filed against the Declarations of Mary Ratcliff and Olumide K. Obayemi, respectively.

As will be seen from the contents of the Replies, both Declarations aim to address the unconscionable terms/provisions contained in the arbitration agreement.

The Replies address the cost of arbitration process under both the NAF (relied on by the Plaintiffs) and the AAA (relied on by the Defendants).

If the NAF Arbitration Rules apply, both Replies aimed to show that the terms of the "arbitration clause" and the whole "agreement" are procedurally and substantively unconscionable because, amongst other things, the cost of the arbitration process favors the financially strong Defendants and will cost the Plaintiffs a lot more than if the case were to be heard by a court of law.

Even, if American Arbitration Association ("AAA")'s "Commercial Arbitration Rules and Mediation Procedures" marked as **Exhibit C attached to Endter Declaration**, were to be used, both Replies show that the minimum cost for a 20-hour hearing would therefore be $4,200, i.e., a total of $12,600 for the 3 Plaintiffs.

The Replies should be considered because they contain all the answers to the objections filed by the defendants.

The court should consider the substance of the Plaintiffs' Replies, otherwise, the Defendants would have effectively shut out the Plaintiffs from putting his own side of the story, especially, the facts concerning the unconscionable agreement.

The Defendants, in the Reply Memorandum, also address the legal rules surrounding posting arbitration agreements.

The Plaintiff's Replies with the attachments also address these legal rules.

For the above reasons, the Plaintiff, respectfully and humbly, request an approval to file additional documents under Rule 7-3(d).

**Declaration of Olumide K. Obayemi**

The Defendants also object to the Declaration of Olumide K. Obayemi, submitted in support the Plaintiffs' Reply to Defendants' Objections to the Declaration of Olumide K. Obayemi. ("the Declaration").

Fairness and Justice requires that the Declaration be considered by the Court.

The Defendants filed the American Arbitration Association ("AAA")'s "Commercial Arbitration Rules and Mediation Procedures" marked as Exhibit C attached to Endter Declaration, which was in turn attached to the Defendants' Reply Memorandum to Plaintiffs' Opposition to the Motion to Compel Arbitration. ("Defendants' Reply").

This AAA Rules is about 30 pages in length.

The Defendants purport to rely on the AAA Rules to prove that the "Arbitration Agreement" is not unconscionable.

However, the Olumide K. Obayemi Declaration addresses the substance of the AAA Rules.

First, the Declaration addresses the AAA Filing Fees, and concludes that: "Under the arbitration provision applicable to this matter, defendants would pay the first $100 of the filing fee and the balance would be split equally between the claimant and the defendants. Thus each plaintiff's filing fee would be ($3,250 + $750 - $100 divided by 2) $1950."

Second, the Declaration addresses the subject of "AAA Arbitrator's Fees" and concludes that "The estimated cost for each plaintiff (that is, the filing fee plus the arbitrator's fees) would be at minimum $4,950."

These statements are in direct conflict with assertions in Endter Declaration and the Exhibits attached thereto.

It is therefore equitable that the court consider the Declaration of Olumide K Obayemi, which addresses the new facts and contents of the AAA rules.

For the above reasons, the Plaintiff, respectfully and humbly, request an approval to file additional documents under Rule 7-3(d).

Yours truly

Olumide K. Obayemi, Esq.

Cc: Mr. Eduardo G. Roy
Squire, Sanders & Dempsey LLP
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492