Apple Inc. v. Psystar Corporation Doc. 1141

PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
1617 Clay Street
Oakland, CA 94612
Telephone: (510) 452-0292

Attorneys for Plaintiff
MARVIN M. JACKSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARVIN M. JACKSON, Plaintiff, v. CITY OF SUNNYVALE, OFFICER STARTWELL, INDIVIDUALLY, OFFICER T. ZITNAY, INDIVIDUALLY, and DOES 1 through 10, inclusive, Defendants. | NO. C02-5957 JF (PVT) **EXHIBITS A THROUGH E TO ANTHONY D. PRINCE'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO MODIFY PRETRIAL SCHEDULING ORDER** Date: July 19, 2004 Time: 9:00 a.m. Dept: Courtroom 3, 5th Floor HON. JEREMY FOGEL |



Dockets.Justia.com

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARVIN M. JACKSON,<br>Plaintiff,<br>v.<br>CITY OF SUNNYVALE, et al.,<br>Defendants. | Case No.: C 02-5957 JF (PVT)<br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

On February 2, 2004, Plaintiff filed a Motion to Compel Production of Documents.[1] Defendant opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to rule on the motion without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that no later than March 15, 2004, Defendant City of Sunnyvale shall submit to this court for *in camera* review all documents responsive to Document Request Nos. 4–6, and 10–12 propounded on Defendant City of Sunnyvale. After reviewing the documents, the court will issue an order regarding which documents must be produced.

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED as to Request Nos. 2-6

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.



EXHIBIT A

United States District Court

For the Northern District of California

propounded on Defendants Sartwell and Zitnay, except that tax returns and any accounting records created solely for the purpose of preparing tax returns are excluded from these requests. California Civil Code section 3295 is inapplicable in federal court. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285-86 (C.D. Cal. 1998). In federal court, plaintiffs claiming punitive damages are allowed to discover financial information without making any such prima facie showing. *See U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D.Ohio 2001) ("[t]he overwhelming majority of federal courts ... have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover such damages.").

IT IS FURTHER ORDERED that, no later than March 23, 2004, the parties shall submit to this court either a stipulated form of protective order, or else their respective proposed forms of protective order, to govern the handling of confidential information in this litigation. A model form of protective order is available on the "local rules" page of the court's website (www.cand.uscourts.gov). Pending entry of the protective order, the financial information of Defendants Sartwell and Zitnay shall be governed by Local Patent Rule 2-2 (confidentiality).

Dated: *3/8/04*

*/s/ Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
1617 Clay Street
Oakland, CA 94612
Telephone: (510) 452-0292

Attorneys for Plaintiff
MARVIN M. JACKSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN M. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUNNYVALE, OFFICER STARTWELL, INDIVIDUALLY, OFFICER T. ZITNAY, INDIVIDUALLY, and DOES 1 through 10, inclusive,<br><br>Defendants. | NO. C02-5957 JF (PVT)<br><br>**DECLARATION OF PAMELA Y. PRICE IN SUPPORT OF MOTION TO COMPEL DEPOSITION TESTIMONY OF ANITA MORALES**<br><br>Date: April 6, 2004<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br><br>HON. PATRICIA V. TRUMBULL |

I, PAMELA Y. PRICE, hereby declare that:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice before this Court. I am lead counsel for Plaintiff MARVIN M. JACKSON. I make this Declaration on personal knowledge in Support of Plaintiff's Motion to Compel the deposition testimony of Anita Morales.

**EXHIBIT B**

2. I attended the deposition of Anita Morales on November 6, 2003. Prior to the deposition, the only unusual thing I noticed about the deposition was that it was scheduled to commence at 3:00 p.m. I directed my then associate, Attorney Farimah Farahani, to contact defense counsel regarding the start time. Ms. Farahani reported back to me that it was set to accommodate the witness' work schedule. I did not object, however, I notified defense counsel that I could not stay late in the evening for the deposition due to a previous engagement.

3. On November 6th, I started my day at 8:30 a.m. I was out of the office all morning at another deposition in Martinez, California, starting at 9:30 a.m. I returned to my office briefly in the afternoon and then left and drove to Redwood City where I thought the deposition was taking place at defense counsel's office. En route, I learned for the first time that the deposition was actually taking place in Sunnyvale at the Sunnyvale Police Department. I had to reroute to Sunnyvale and got stuck in traffic and lost my way, ultimately resulting in an almost hour-long delay in my arrival in Sunnyvale. When I arrived at the Sunnyvale Police Department, I had to wait for the officer at the counter to assist me and grant me access to the room where the deposition was taking place, resulting in even further delay.

4. On November 6th, defense counsel questioned Ms. Morales for almost two (2) hours. During this part of the deposition, she identified her statement regarding the events of that morning which I had earlier received and reviewed. (A true and correct copy of her signed statement is attached hereto as Exhibit A.) I was very surprised when Ms. Morales disclaimed portions of the statement and asserted that she had been compelled by Mr. Jackson to include inaccurate information in the statement. She became quite animated in her testimony even when being lead by Mr. Masters. (True and correct copies of pp. 31, 38, 39, 40, 41, 72 , 74, 84-88 are attached hereto as Exhibit B.)

5. When defense counsel completed his questioning it was after 5:30 p.m. I was tired and did not wish to proceed at that time. When I advised Ms. Morales that we would need reschedule her deposition for another date, she became extremely hostile and argumentative. Her current boyfriend, Robert Buick, who was also present in the room also got very agitated and became verbally abusive toward defense counsel. For a brief period of time, there was literally pandemonium in the room and then Ms. Morales stormed out of the room with her boyfriend. (True and correct copies of the final pages of Ms. Morales' deposition transcript are attached hereto as part of Exhibit B.)

7. The next day I contacted Mr. Masters regarding his availability to resume and complete the deposition and arrangements for service of a subpoena. He informed me that he was not willing to assist us in serving her and he would not disclose her home address. Accordingly, after meeting and conferring with Mr. Masters regarding his availability, I issued a subpoena to Ms. Morales and retained a process server, Mr. Jeff Cunningham, to serve the subpoena.

8. The week following the deposition, on or about November 13th, Mr. Masters contacted my associate and informed her that if I agreed to pay Ms. Morales' wages for time spent in the deposition, she would voluntarily appear for her deposition. I declined to enter into any such financial arrangement. Mr. Masters contacted Ms. Farahani regarding this proposal several times. Each time I directed Ms. Farahani to tell him that I was not willing to make that type of financial arrangement.

9. On or about November 13, 2003, Mr. Masters also informed Ms. Farahani that Ms. Morales had reported to him that I had been to her place of employment and followed her and Mr. Buick in my car from her place of employment to her residence. According to Mr. Masters, Ms. Morales reported seeing me on at least two separate occasions

1115P246

"stalking" her in Sunnyvale. When I next spoke to Mr. Masters, he asked me "was it true" that I had been following Ms. Morales. I explained to Mr. Masters that the accusation was so implausible given my responsibilities and schedule that it was extremely humorous. I told him that I would try to control my amusement and give him a "straight" answer which was "no."

10. Thereafter, Mr. Cunningham advised me that he was having difficulty serving Ms. Morales. I issued another subpoena for Ms. Morales' deposition on November 25, 2003, setting her deposition for December 16, 2003. Once again, we cleared the new date with Mr. Masters' office.

11. Shortly thereafter, Mr. Masters advised Ms. Farahani that Ms. Morales would agree to resume her deposition on December 16, 2003, for one hour only at the Sunnyvale Police Department between 1:00 and 2:00 p.m. I agreed to return to Sunnyvale for the deposition. That afternoon I was delayed in leaving the office until after noon, and arrived at the deposition approximately fifteen (15) minutes late. When I arrived, I again had to wait to be cleared for access to the room. We went on the record at 1:24 p.m.

12. During the deposition, she refused to answer many of my questions. (*See* Exhibit C @ pp. 93, 97, 98, 99, 102:7-105:25.) After less than thirty (30) minutes of very limited testimony, she gave a signal to Mr. Bridges who was again present, and they left the deposition. Her actual deposition testimony consists of only eighteen (18) pages. (A true and correct copy of pp. 110-115 of her deposition transcript are included in Exhibit C.)

13. On December 17, 2003, the next day following Ms. Morales' second deposition, her boyfriend Mr. Bridges appeared at my office in Oakland. He gained access to our office by telling the Receptionist that he had an appointment with me which was not true. Once he was inside the office, my staff ascertained that he did not have an appointment and asked him to leave the office. Although he was very antagonistic and belligerent toward them,

my administrative assistant was able to convince him to leave the building. I did not invite Mr.

14. In addition to the unexpected visit from Mr. Bridges, my staff has also received several threatening and hostile telephone calls from Ms. Morales. When she calls the office, she refuses to leave a telephone number where she can be reached but gives instructions to my staff to comply with her various requests. On several occasions, her telephone messages were so hostile that it alarmed my staff. My administrative assistant tape-recorded two of the messages. (A transcript of two of the early calls is attached hereto as Exhibit D.)

15. Nonetheless, in order to allay her alleged fears and as an accommodation to her, I have assured her that Mr. Jackson would not attend her deposition in my office in Oakland. I informed Ms. Morales in writing on January 9, 2004 that Mr. Buick was welcome to accompany her to the deposition. (A true and correct copy of my letter to Ms. Morales of January 9, 2004 is attached hereto as Exhibit E.)

20. Ms. Morales is a percipient witness to the unlawful entry in her and Mr. Jackson's home, his arrest and the force that was used to subdue him in the home. She hired an attorney to file a government tort claim with the City of Sunnyvale on behalf of herself, her two children and Mr. Jackson shortly after the incident. The tort claim was submitted on February 23, 2002. Shortly after her relationship with Mr. Jackson ended in March 2002, however, she fired their attorney and abandoned her pursuit of damages.

21. Although Ms. Morales and Mr. Jackson have parted ways and she is obviously very angry at him, her testimony regarding the events of that night is undeniably relevant and material. It would be extremely unfair to allow Ms. Morales to appear as a cooperative witness on behalf of the defense and deny Mr. Jackson any meaningful opportunity to cross-examine her.

22. To date, I have not had a meaningful opportunity to cross-examine Ms.

Morales. She has been unnecessarily hostile and belligerent, rude and disrespectful. Her anger toward me is totally misplaced inasmuch as I have no personal animosity toward her and no intent to harm her in any way. I certainly do not have the time or the inclination to follow her anywhere. I have never been to her place of employment and I have not "stalked" her or Mr. Buick. I do believe that I have the right as well as the duty to cross-examine her and obtain information from her, including the location and contact information for her children, who are also percipient witnesses to the events at issue in this litigation.

23. The other two percipient witnesses other than the Defendants were Lashay Morales and Brandon Morales, Ms. Morales' two children. I have tried unsuccessfully to locate Lashay Morales and Brandon Morales. Ms. Morales testified that she knows where and how to contact Ms. Lashay Morales, however, she refused to provide this information in response to my questions. I am informed and believe that Brandon Morales still resides with Ms. Morales and she is actively concealing his whereabouts in order to evade service of a deposition subpoena. If Ms. Morales is actively concealing material evidence, a jury is entitled to consider that conduct in assessing her credibility and truthfulness.

24. In response to the Court's direction to state "what steps Plaintiff's counsel proposes to take to avoid imposing undue burden or expense on Ms. Morales," I propose to take her deposition at a local court reporter's office in either San Jose or Palo Alto starting at 3:00 p.m. and continuing until the deposition is completed up to four hours (actual testimony). My staff has not been able to locate a court reporters' office in Sunnyvale. While I am prepared to pay the witness' fees required by law, only if the Court directs me to will I tender payment of a days wages to Ms. Morales. Mr. Jackson has been unemployed for several years and does not have the financial resources to pay Ms. Morales' wages or any other extra expenses.

25. I am not aware of any expenses incurred by Ms. Morales in connection with the deposition and I am not able to contact Ms. Morales to determine what undue burden or expense the deposition presents to her.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true. If called as a witness, I could and would testify competently to the facts stated herein.

Executed in Oakland, California on March 2, 2004.

Pamela Y. Price

PAMELA Y. PRICE, Declarant

1115P246

PRICE AND ASSOCIATES
A PROFESSIONAL LAW CORPORATION
RESPONSIBLE, RELIABLE & EXPERIENCED LEGAL SERVICES
1617 CLAY STREET
VOICE: (510) 452-0292
E-MAIL: pypesq@aol.com
OAKLAND, CALIFORNIA 94612-1426
FAX: (510) 452-5625
FAX: (510) 452-0294

April 6, 2004

**VIA FAX TRANSMISSION**

Todd Master, Esq.
Howard Rome Martin & Ridley LLP
1775 Woodside Road, Suite 200
Redwood City, CA 94061-3436

Re: Jackson v. City of Sunnyvale et al, U.S. District Court Case No. C02-5957 JF (PVT)

Dear Mr. Master:

This will confirm that our conversation this morning at the deposition of Anita Morales regarding Defendants' production of documents, wherein you agreed to "try" to produce the documents covered by Magistrate Judge Trumbull's March 8th Order by this Friday, April 9th. You indicated that although you did not understand why the documents should be produced, you intend to comply with the Court's Order.

Please be advised that we believe that a month is long enough for you to comply with the Court's Order, and if we do not receive the documents by the close of business on April 9th, we will be forced to bring another motion to compel and seek monetary sanctions against the Defendants and/or your Firm. Additionally, enclosed for your information and review is a draft form of protective order. Please contact Attorney Anthony Prince in my office as soon as possible to discuss any proposed changes or additional provisions to this Protective Order.

Thank you for your prompt attention to this matter. Please feel free to call me if you have any questions or need additional information.

Very truly yours,

PRICE AND ASSOCIATES

Pamela Y. Price

PAMELA Y. PRICE

PYP:adp1115L200

cc: Marvin Jackson

EXHIBIT C

# PRICE AND ASSOCIATES

A PROFESSIONAL LAW CORPORATION

RESPONSIBLE, RELIABLE & EXPERIENCED LEGAL SERVICES

1617 CLAY STREET
OAKLAND, CALIFORNIA 94612-1426
VOICE: (510) 452-0292
FAX: (510) 452-5625
E-MAIL: pypesq@aol.com
FAX: (510) 452-0294


April 13, 2004

**VIA FAX TRANSMISSION**

Todd Master, Esq.
Howard Rome Martin & Ridley LLP
1775 Woodside Road, Suite 200
Redwood City, CA 94061-3436

Re: Jackson v. City of Sunnyvale et al, U.S. District Court Case No. C02-5957 JF (PVT)

Dear Mr. Master:

I am writing to schedule the depositions of your clients in the above-captioned matter. As I will be in trial beginning April 19, 2004, Fridays work best for me and I therefore propose April 23 and April 30, 2004, respectively, to take the depositions of Officers Startwell and Zitnay. Although these would be the preferred dates, I can nevertheless make myself available on any of the following days, if necessary: April 21, 22, 26, 27, 28 and 29, 2004, so long as we can confirm dates by the close of business tomorrow, April 14, 2004. I am also available in the evenings and on the weekends.

Thank you for your prompt attention to this matter. Please feel free to call me if you have any questions or need additional information.

Very truly yours,

PRICE AND ASSOCIATES

ANTHONY D. PRINCE

ADP:sfd1115L201

cc: Marvin Jackson

**EXHIBIT D**

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARVIN M. JACKSON, Plaintiff, v. CITY OF SUNNYVALE, et al., Defendants. | Case No.: C 02-5957 JF (PVT) **ORDER RE IMPROPER LETTER REQUEST FOR *IN CAMERA* REVIEW** |

By letter dated May 7, 2004, Defendant City of Sunnyvale requested that the court conduct an *in camera* review of certain documents and to instruct the City which, if any, of the documents it should produce in response to Plaintiff's Request for Production Nos. 28 and 30.[1] Based on the letter received,

IT IS HEREBY ORDERED that Defendant City's request is DENIED without prejudice to a proper motion or stipulated request. *See* CIVIL L.R. 7-1(a) (any written request to the court for an order must be made via an authorized form of motion or a stipulation). Any such motion should include a concise statement of Defendant's position regarding the discoverability of the subject documents[2] (or, in the event of a stipulation, a concise statement of the parties' respective positions).

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] Merely referencing the boilerplate objections stated in Defendant's response to the requests for production is insufficient.



EXHIBIT E

In addition to being procedurally improper, Defendant City's request for relief from the court is premature. The usual meet and confer requirements of Rule 37 of the Federal Rules of Civil Procedure apply to this potential discovery dispute. Defendant City submitted its request to the court on the same day it served the responses on Plaintiff. Thus, it is clear that no adequate meet and confer was conducted, and the request for relief is premature.

IT IS FURTHER ORDERED that Defendant shall promptly contact this court's chambers (at 408/535-5434) to arrange to retrieve the documents it submitted to the court with its letter request.

Dated: *5/17/04*

*/s/ Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

United States District Court
For the Northern District of California