Apple Inc. v. Psystar Corporation Doc. 1147

NINA F. LOCKER, State Bar No. 123838
IGNACIO E. SALCEDA, State Bar No. 164017
BAHRAM SEYEDIN-NOOR, State Bar No. 203244
NATALIE L. BRIDGEMAN, State Bar No. 223717
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
Genesis Microchip Inc., Amnon Fisher, Eric Erdman, and Anders Frisk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINE KUEHBECK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENESIS MICROCHIP INC., AMNON FISHER, ERIC ERDMAN, and ANDERS FRISK,<br><br>Defendants. | CASE NO.: C02 05344 JSW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT**<br><br>Date: October 1, 2004<br>Time: 9:00 A.M.<br>Before: Hon. Jeffrey S. White |

Defendants Genesis Microchip, Inc. ("Genesis"), Amnon Fisher, Eric Erdman, and Anders Frisk hereby request that this Court take judicial notice of the documents specified herein under Fed. R. Evid. 201. This Request for Judicial Notice is submitted in support of Defendants' Motion to Dismiss Plaintiff's Corrected Second Amended Complaint, filed concurrently herewith.

The Court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of



Dockets.Justia.com

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

The Court may take judicial notice of a document if it is relied on in plaintiff's complaint and its authenticity is not questioned. *See In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (hereinafter "*SGI*"); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, <u>but which are not physically attached to the pleading</u>, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") (emphasis added), *overruled on other grounds Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *In re Adaptive Broadband Sec. Litig.*, [2001-2002 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 91,759, at 98,600-01, 98,607-08 (N.D. Cal. Apr. 2, 2002) (taking judicial notice of SEC filings mentioned in complaint); *see also Hockey v. Medhekar*, 30 F. Supp. 2d 1209, 1212 (N.D. Cal. 1998) (recognizing the doctrine of incorporation by reference); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of documents selectively referenced in the complaint).[1]

This doctrine serves the important function of allowing the court to weed out baseless claims at the pleading stage. If a court could not consider documents referred to in the complaint, "a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997); *see also Cooper v. Picket*, 137 F.3d 616, 623 (9th Cir. 1997) (stating that "a court ruling on a motion to dismiss may consider the full texts of documents which the complaint quotes only in part"); *In re Autodesk, Inc. Sec. Litig.,* 132 F. Supp. 2d 833, 837 (N.D. Cal. 2000) ("defendants may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's

---

[1] *See also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (judicial notice and incorporation by reference are "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (documents "crucial" to plaintiff's claims but not attached to the pleading may be considered at the pleading stage if authenticity is not disputed).

claim"); *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir.1995))(holding that the court may consider the full text of those documents, even when the complaint quotes only selected portions). As the Ninth Circuit stated in *SGI*, where plaintiffs rely on documents in formulating securities fraud complaints, "[plaintiffs] can hardly complain when [the defendants] refer to the same information in their defense." 183 F.3d at 986. *See Burroughs v. Northrop Grumman Corp.*, No. CV-98-6540-DT, slip op. at 20 (C.D. Cal. Oct 16, 2000) (same). This principle holds as much for internal documents cited in a complaint as it does for publicly available documents. *Id.* at 21-22, 25 (taking judicial notice of internal company memorandum and board of director minutes when those documents referenced or quoted in complaint). In the Second Amended Complaint, plaintiff purports to quote from several Genesis public statements as well as from a number of internal emails. Despite quoting portions of those documents, and relying heavily on them in support of her allegations, plaintiff did not attach any of those documents to the Complaint. In order to prevent a plaintiff from using partial or misleading quotations while failing to attach the document quoted, the incorporation by reference doctrine allows the Court to consider the documents plaintiff omitted on a motion to dismiss. Accordingly, the Court may take judicial notice of the emails, SEC filings, conference call transcripts and press releases that plaintiff relies on in her Corrected Second Amended Complaint.

The Court may additionally take judicial notice of documents filed with the SEC because they are required to be filed by law. *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1353 n.3 (S.D. Cal. 1998) (citation omitted) (judicial notice taken of Form 4 because it was required by law to be filed by the SEC); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1241 n.8 (N.D. Cal. 1998) ("Plaintiffs cannot preclude consideration of defendants' SEC forms by artful pleading.") (citing *SGI*); *Plevy*, 38 F. Supp. 2d at 821 (taking judicial notice of SEC filings).

While mentioned in the Complaint and therefore subject to judicial notice under *SGI* based on the reasoning above, the Court may also take judicial notice of the conference call transcripts for the independent reason that the conference call statements must be assessed to determine whether or not forward-looking statements are accompanied by meaningful cautionary language to protect the statements alleged through the PSLRA's Safe Harbor. *Wenger*, 2 F. Supp. 2d at 1242

(taking judicial notice of conference call transcripts, even though not specifically mentioned in the complaint, because the transcript contained cautionary statements pertaining to allegedly fraudulent forward-looking statements).

WHEREFORE, the Defendants hereby request that this Court take judicial notice of the following documents originally cited in Plaintiff's Second Amended Complaint, and attached as exhibits to the Declaration of Natalie L. Bridgeman in Support of Defendants' Motion to Dismiss Plaintiff's Corrected Second Amended Complaint, filed concurrently herewith.

| | |
|---|---|
| Exhibit A: | Genesis' April 29, 2002 Press Release (SAC ¶¶ 6, 8, 10, 92, 130, 133, 146, 154-58) |
| Exhibit B: | Genesis' July 25, 2002 Press Release (SAC ¶ 192) |
| Exhibit C: | Genesis' February 27, 2002 Conference Call Transcript (SAC ¶¶ 56, 81) |
| Exhibit D: | Genesis' April 29, 2002 Conference Call Transcript (SAC ¶¶ 6, 8, 10, 92, 115-16, 136, 146, 154-58, 160-63, 166, 177) |
| Exhibit E: | Genesis' June 14, 2002 Conference Call Transcript (SAC ¶¶ 11, 12, 40, 177-78, 180, 182-83) |
| Exhibit F: | Genesis' Form 10-K for the fiscal year ended March 31, 2001 (SAC ¶ 51) |
| Exhibit G: | Genesis' Registration Statement on Form S-4 filed October 25, 2001 |
| Exhibit H: | Genesis' Form 10-Q/A for quarter ended September 30, 2001 |
| Exhibit I: | Genesis' Amendment No. 1 to Registration Statement on Form S-4 filed December 3, 2001 |
| Exhibit J: | Genesis' Form 14A Proxy Statement, dated August 16, 2002 |
| Exhibit M: | Email dated October 5, 2001 from M. Ready to K. Chen, *et al.*, entitled "HP meeting notes from Matt to be added to John P's data" (SAC ¶ 105) |
| Exhibit N: | Email dated December 3, 2001 from P. Chappell to M. Ready, entitled "read me" (SAC ¶ 106) |
| Exhibit O: | Email dated January 30, 2002 from T.Chan to A. Bouwer, entitled "Phillips Chung Li visit on 1/28/02" (SAC ¶ 107) |
| Exhibit P: | Email dated February 1, 2002 from M. Ready to M. Ready, A. Fisher, *et al.*, entitled "Taiwan trip update....PART 2" (SAC ¶¶ 144, 177) |
| Exhibit Q: | Email dated March 15, 2002 from S. Sharland to A. Fisher entitled "FAE Resource" (SAC ¶ 110) |

Exhibit R: Email dated April 25, 2002 from M. Ready to J. Traynor, E. Erdman and A Fisher, entitled "10m less this qtr!" (SAC ¶¶ 10, 116)

Respectfully submitted,

Dated: June 16, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Ignacio E. Salceda
Ignacio E. Salceda

Attorneys for Defendants