Apple Inc. v. Psystar Corporation

Doc. 1151



Dockets.Justia.com

## I. INTRODUCTION

The defendant Secretary concedes that most of the elements of class certification are satisfied. He challenges only one aspect, typicality, which is described at Rule 23(a)(3). He agrees that the other three components of Rule 23(a) are met and also that the case satisfies the requirements of Rule 23(b)(2). He also does not question plaintiffs' contention that their counsel should be appointed as class counsel under Rule 23(g).

The Secretary also contends that the Court should not certify this as a nationwide class action.

The Secretary's contention about typicality is not well taken, and strong equitable reasons counsel in favor of certifying this matter as a nationwide class. Accordingly, the Court should certify this class as requested, appoint plaintiffs' counsel as class counsel, and sign plaintiffs' proposed order.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

In light of defendant's concessions, the issues presented have been considerably narrowed. They are:

1. Is the typicality standard of Rule 23(a)(3) satisfied?
2. Is certification of this case as a nationwide class appropriate?

## III. ARGUMENT

### A. Plaintiffs easily satisfy the typicality requirement.

The Secretary makes a perfunctory argument that the named plaintiffs' claims are not typical, contending that "significant variations exist concerning the[ir] claims ...." Def. Class Opp. at 2. This is a smokescreen, for the core claims and requests for relief of the named plaintiffs are precisely those of the class members. The case challenges the Secretary's decision not to provide automatic written notice when hospitalized Medicare beneficiaries are discharged. In that critical respect, the claims of the named plaintiffs are identical to those of the class members, and there can be no doubt about typicality.

For the most part, the defendant ignores the applicable standards for evaluating typicality. Plaintiffs outlined these points in their initial brief, see Pl. Motion on Class Certification (hereinafter, "Pl. Opening Class Mem."), at 10. Since the Secretary has focused on this issue, however, some

additional scrutiny is appropriate.

The Ninth Circuit has summarized the inquiry as follows: "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Put another way: "We do not insist that the named plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001). Moreover, "[t]he purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). See also, *e.g., Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir.) ("a named plaintiff's claim is typical if it stems from the same event, practice, or course of conduct that forms the basis of the class claims and is based upon the same legal or remedial theory"), vacated, 459 U.S. 810 (1982). As the Supreme Court noted in observing that "the commonality and typicality requirements of Rule 23(a) tend to merge": "Both serve as guideposts for determining ... whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

In the face of this "permissive standard," the Secretary argues that the named plaintiffs' claims are not typical. He states that all beneficiaries are supposed to receive the Important Message from Medicare and that those beneficiaries who dispute the intent to discharge should also receive a written notice. Def. Class Opp. at 3-5. The named plaintiffs' claims differ, he argues, because they did not receive either the Important Message or the written notice that they should have received when they questioned the discharge. *Id.* at 5-7. The Secretary therefore contends that "any deprivation of information was the result of the deviations of the respective hospitals from the required/expected path [and] [a]ny resulting harm is therefore unique to the named plaintiffs and not the result of HHS's decision ...." *Id.* at 7.

This argument is a red herring. Putting aside that there is no evidence that the Secretary has

any idea who actually receives either the Important Message or the written notice when discharge is questioned, these distinctions are irrelevant to the core issue of this case. Hospital failures are not the point of this lawsuit; the point is that the Secretary has decided as a matter of policy not to provide a written notice of rights at the time of the discharge. The injuries to the named plaintiffs and the class members all flow from that decision. The actions or inactions of hospitals may have peripheral effects, but the focus of this case is on the Secretary's blanket decision not to provide written notice at the time of discharge to all hospitalized Medicare beneficiaries. Whatever "additional" problems befell the named plaintiffs – and it is their belief that in fact their claims are typical in that respect as well – there can be no dispute that everyone in the class, named and unnamed, is subject to the same policy that denies them written notice at discharge as a matter of course. Therefore, the named plaintiffs' claims are "co-extensive with those of absent class members," their interests are aligned with those of the class members, and they will have every incentive to pursue the litigation aggressively on behalf of the absent class members as well as themselves.

The Ninth Circuit's observation in the context of a dispute about commonality is equally applicable here: "What makes the plaintiffs' claims suitable for a class action is the common allegation that the INS's procedures provide insufficient notice." *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998). Similarly, regardless of what individual hospitals have done or not done since May 5, 2003, and regardless of what the named plaintiffs did or did not receive, the issue of this case is the Secretary's decision *as a matter of policy* not to require adequate and timely written notice at the time of discharge. Plaintiffs challenge that decision as violative of the APA and the Due Process Clause, and their determination to pursue those allegations will ensure that the class members' rights are fully protected and enforced as well.[1]

---

[1] The Secretary also contests the principle of organizational plaintiffs acting as class representatives. Def. Class Opp. at 2 n.1; see Pl. Opening Class Mem. at 11 n.3. The courts have not required, however, that an organization be a member of the class in order to be a representative. See*, e.g., Smith v. Board of Education*, 365 F.2d 770, 777 (8th Cir. 1966)

**B. Certification of a nationwide class is proper in this circumstance**.

The Secretary also argues that, if the class is certified, it should not be nationwide in scope. Def. Class Opp. at 7-9. He does not suggest, however, how the class should be limited, which is not surprising given the inherently national scope of the issue here presented. Indeed, because Medicare is a federal program with uniform statutory and regulatory requirements, nationwide class actions are particularly appropriate. See *infra* at 6-7 (listing some Medicare nationwide class actions). This case fits perfectly within that parameter, as it questions a policy that is equally applicable to hospitalized Medicare beneficiaries and their families throughout the country. Furthermore, the named plaintiffs are in California, Connecticut, and Pennsylvania, and there is no logic in limiting the class geographically to one state, region, or other geographical designation. As the Supreme Court concluded in the decision on which the Secretary primarily relies: "Nor is a nationwide class inconsistent with principles of equity jurisprudence, since the scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

The Secretary relies on one paragraph in *Yamasaki*, 442 U.S. at 702, that directs a district court to consider the appropriateness of nationwide certification in a given case, ensuring "that certification of such a class would not interfere with the litigation of similar issues in other judicial districts."[2] The Secretary does not suggest that other litigation exists on this issue, and plaintiffs are

---

(Blackmun, J.); *Mass. Ass'n of Older Americans v. Spirito*, 92 F.R.D. 129, 135 (D.Mass. 1981). The commentators are in agreement with this common sense outlook: "This approach seems sound inasmuch as the primary consideration should be whether the party can adequately represent the interests of the class." Wright, Miller & Kane, 7A *Federal Practice & Procedure*, § 1761 at 150 (2d ed. 1986); see also Alba Conte and Herbert Newberg, 1 *Newberg on Class Actions*, § 3:34 at 484 (4th ed. 2002) ("Numerous decisions have recognized the ability of associations ... to act as class representatives under Rule 23. These entities are afforded representative status, provided that the underlying purpose of the organization is to represent the interests of the class.")

[2] Contrary to the Secretary's assertion (Def. Opp. at 7), nationwide class actions are not disfavored. As Judge Sporkin noted in rejecting the same contention in another Medicare nationwide class action:

not aware of any. Moreover, plaintiffs' counsel are among the most experienced advocates in the country on Medicare issues, see Pl. Opening Class Mem. at 11-12 & n.4, are regularly in contact with those few other attorneys around the country who advocate on Medicare issues, and are aware of no other litigation on this issue, existing or planned. There will be no interference with other litigation. This is the only case on the issue, and no purpose would be served by limiting its geographic scope. Plaintiffs are sufficiently confident of their position on the merits that they deemed this case appropriate to proceed on a national basis; they are willing to take the chance on losing nationally because of their belief that, in all likelihood, they will prevail and the policy will be favorably altered for everyone affected.

Moreover, this case will not have an adverse impact on the court's docket because of its nationwide status. See *Yamasaki*, 442 U.S. at 702. As this is a Rule 23(b)(2) class for which declaratory and injunctive relief are sought, no additional time or effort will be required to impose relief throughout the country as opposed to in some restricted geographic region. The language of the court's order will be slightly different, but it will not require any additional work. "If a class action is otherwise proper, and if jurisdiction lies over the claims of the members of the class, the fact that the class is nationwide in scope does not necessarily mean that the relief afforded the plaintiffs will be more burdensome than necessary to redress the complaining parties." *Id*.

Nor is this a situation where it would be "preferable to allow several courts to pass on a given class claim in order to gain the benefit of adjudication by different courts in different contexts." *Id*. There are no different factual situations at issue. There is one policy – the refusal to require automatic written notices at hospital discharge – and several legal arguments challenging that policy.

---

> *Yamasaki* ... involved the affirmation, not the reversal, of nationwide class certification for a class of plaintiffs challenging the administration of a national program. Nowhere in *Yamasaki* do I find the 'strong presumption' [against certification of nationwide classes] to which defendants refer. In this case, as in *Yamasaki*, I find that the denial of class certification is likely to lead to repetitious litigation.

*Duggan v. Bowen*, 691 F.Supp. 1487, 1503 n. 21 (D.D.C. 1988).

The named plaintiffs here fully exemplify the manner in which the policy is carried out and its impact; other plaintiffs would not present different facts that would lead to a better understanding of the issue. The issues before the Court are clear-cut as presented and would not benefit from varying adjudications. The Supreme Court's observation in *Yamasaki*, also a case raising notice issues in the context of the Social Security Act, is fully applicable here: "The issues ... turn on questions of law applicable in the same manner to each member of the class .... It is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue." 442 U.S. at 701.

In *Yamasaki*, the Court did not prohibit nationwide class actions, see *id*. at 702-703, and it affirmed the nationwide class certified in that case as an entirely appropriate action by the district court: "On the facts of this case we cannot conclude that the District Court ... abused [its] discretion especially in light of its sensitivity to ongoing litigation of the same issue in other districts, and the determination that counsel was adequate to represent the class." *Id*. at 703. Since there is no other litigation on the issue of this case in other districts, and assuming the Court agrees with defendant's acceptance of plaintiffs' attorneys' adequacy to represent the class, nationwide certification is appropriate here as well.

That determination would be consistent with historical practice in Medicare litigation. As a general rule, class actions challenging the Secretary's national implementation of the Medicare statute are invariably brought and certified as nationwide class actions. See, *e.g., Erringer v. Thompson*, --- F.3d ---, —, 2004 WL 1276840, *2 (9th Cir., June 10, 2004) (challenge to lack of notice and to failure to follow APA in promulgating criteria for adopting local coverage determinations); *Healey v. Thompson*, 186 F.Supp.2d 105, 107 (D.Conn. 2001) (challenge to lack of notice and hearing rights for terminated home health patients), aff'd in part, rev'd in part on other grounds *sub nom. Lutwin v. Thompson*, 361 F.3d 146 (2d Cir. 2004); *Grijalva v. Shalala*, 946 F.Supp. 747 (D.Ariz. 1996), aff'd, 152 F.3d 1115 (9th Cir. 1998), vacated on other grounds, 526 U.S. 1096 (1999) (challenge to lack of notice and hearing rights for Medicare beneficiaries in HMOs); *Vorster v. Bowen*, 709 F.Supp. 934, 935 (C.D.Cal. 1989) (challenge to use of "screens" in coverage determinations); *Duggan*, 691 F.Supp. at 1501-1504 (challenge to interpretation of statutory term that results in reduced coverage);

*Gray Panthers v. Schweiker*, 652 F.2d 146 (D.C.Cir. 1981) (challenge to notice and hearing rights for claims of under $100); *McLure v. Harris*, 503 F.Supp. 409, 412-414 (N.D.Cal. 1980) (challenge to procedures for making Part B determinations), rev'd on merits, 456 U.S. 188 (1982).

In these and other Medicare decisions, and in nationwide class actions certified under other provisions of the Social Security Act and other federal benefit programs,[3] courts regularly recognize the propriety of certifying nationwide classes. Given that the policy here at issue is equally applicable to millions of hospitalized Medicare beneficiaries around the country, and that it would be inequitable to treat them differently by narrowing the geographic scope of the class, this case should also be certified as a nationwide class.

---

[3] See, *e.g.*, *Ford v. Shalala*, 87 F.Supp.2d 163, 164 (E.D.N.Y. 1999) (challenge to notices provided to SSI recipients); *Pirus v. Bowen*, 869 F.2d 536, 537-538 (9th Cir. 1989) (challenge to eligibility standard for Social Security benefits for divorced spouses); *Linquist v. Bowen*, 633 F.Supp. 846 (W.D.Mo. 1986), aff'd, 813 F.2d 884 (8th Cir. 1987) (challenge to offset policy for recipients of Social Security and Railroad Retirement benefits); *Darling v. Bowen*, 685 F.Supp. 1125, 1126-1127 (W.D.Mo. 1988), aff'd, 878 F.2d 1069 (8th Cir. 1989) (challenge to Secretary's interpretation of eligibility provision of Medicaid statute); *Shannon v. U.S. Civil Service Commission*, 444 F.Supp. 354, 356 (N.D.Cal. 1977), aff'd in part, rev'd in part, 621 F.2d 1030 (9th Cir. 1980) (challenge to notice and hearing procedures for recoupment of alleged overpayments in the Civil Service program).

## IV. CONCLUSION

For the reasons stated in this and in plaintiffs' opening memorandum on class certification, the Court should certify the class as requested.

Respectfully submitted,

DATED: June 17, 2004

By /s/ [Gill Deford]

Lenore Gerard
Sally Hart
Gill Deford
Judith A. Stein
Mary T. Berthelot
Vicki Gottlich
Alfred J. Chiplin, Jr.

CERTIFICATE OF SERVICE

I hereby certify that, on June 17, 2004, the Plaintiffs' Reply Memorandum in Support of Motion to Certify the Class and to Appoint Class Counsel was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/

Gill Deford