ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (St. Bar #50246)
220 Sansome Street Suite 600
San Francisco, CA 94104
Telephone: (415) 392-5431

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER, TRUSTEE;<br><br>Plaintiffs,<br><br>vs.<br><br>BART PETTIJOHN, an individual, doing business as BEST AROUND ROOF TOPS,<br><br>Defendants. | NO. C 04- 2245 SI<br><br>COMPLAINT |

Plaintiffs complain of defendants and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendants have violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in

a case of actual controversy between plaintiffs and defendants, and for a Judgment that defendants pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs, BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND, (hereinafter "TRUST FUNDS"), named in the caption, are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multi employer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff DOUG ZIEGLER is a Trustee. Said TRUST FUNDS are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believes and thereupon allege that defendants reside and do business in this judicial district. The collective bargaining agreement for Local 81 was entered to in Oakland, California. Performance of the obligations set forth therein is in this judicial district.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendant and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto defendant BART PETTIJOHN, an individually and doing business as BEST AROUND ROOF TOPS, were bound by a written collective bargaining agreement with Local 81, of the United Union of Roofers, Waterproofers and Allied Workers, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendants shall make contributions to the TRUST FUNDS on behalf of defendants' employees on a regular basis on all hours worked, and that defendants shall be bound to and abide by all the provisions of the respective Agreement and Declarations of Trust of said TRUST FUNDS (hereinafter the "Trust Agreements").

6. Defendant have breached both the provisions of the collective bargaining agreement and the Trust Agreements above referred to by failing to pay all monies due thereunder on behalf of defendants' employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

7. Pursuant to the terms of the collective bargaining agreement, there is now due, owing and unpaid from defendants to the TRUST FUNDS contributions for hours worked by covered employees found due by a payroll audit for the period July 8, 1997 through September 1, 1999 and liquidated damages which are specifically provided for by said agreement. The total amount due is $29,859.86. Interest is due and owing on all principal amounts due and unpaid at the legal are from the dates on which the principal amount due accrued. Interest continues to accrue on the principal amount. Additional amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case.

8. Demand has been made upon said defendants, but defendants have failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendants the amounts set forth in Paragraph 7 above.

9. An actual controversy exists between plaintiffs and defendants in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreement, and defendants refuse to make such payments in a timely manner.

10. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendants shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fees should be allowed by the Court on account of the employment by plaintiffs of said attorneys.

WHEREFORE, plaintiff prays:

1. That the court render a judgment on behalf of plaintiff for all contributions due and owing to the date of judgment, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendants from violating the terms of the collective bargaining agreement and the Trust Agreement for the full period for which defendants are contractually bound to file reports and pay contributions to the TRUST FUNDS..

3. That the Court retain jurisdiction of this cause pending compliance with its

orders.

4. For such other and further relief as the Court deems just and proper.

Dated: June 4, 2004

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: /s/ Michael J. Carroll
Michael J. Carroll
Attorneys for Plaintiffs