Apple Inc. v. Psystar Corporation

Doc. 1168 Att. 4

# MINUTES OF A TELEPHONIC MEETING OF THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF EBAY INC.

**April 14, 2003**

A telephonic meeting of the Compensation Committee (the "Committee") of the Board of Directors of eBay Inc. (the "Company") was held pursuant to notice at 10:40 am PDT on April 14, 2003. Present were Philippe Bourguignon, Robert Kagle, Tom Tierney and Howard Schultz of the Committee. Also present were Mike Jacobson, Meg Whitman, Nancy Barrett and Brian Levey of the Company. Robert Kagle acted as chairman and Mike Jacobson acted as secretary. Each Director confirmed that he could hear each other Director.

## 1. DEAN KRUSE DISABILITY

Mr. Jacobson summarized the factual background concerning Mr. Kruse's disability claim as set forth in the presentation previously circulated to the Committee. He then read the conclusions of an analysis undertaken by Dr. Clive M. Segil, an orthopedic surgeon, who had reviewed Mr. Kruse's medical records. Mr. Jacobson then summarized the likely costs, financially and in time and effort, if Mr. Kruse were to bring a lawsuit. A full discussion ensued. On motion duly made and seconded, the resolutions attached hereto as Exhibit A were unanimously carried.

## 2. DETERMINATION OF "DISABILITY" UNDER COMPANY'S EQUITY COMPENSATION PLANS

Mr. Jacobson next discussed the ruling of a recent New York case that ruled it was improper for a compensation committee to delegate its discretionary authorities to a subcommittee under benefit plans without express plan authorization do so. After further discussion, on motion duly made and seconded, the resolutions attached hereto as Exhibit B were unanimously approved.

## 3. ADJOURNMENT

There being no further business, the meeting was adjourned at 10:55 am.

Respectfully Submitted

[signature]

Michael R. Jacobson, Secretary

EXHIBIT E

115 K

EBA/KRU 0266

36

Dockets.Justia.com

**EXHIBIT A**

## RESOLUTIONS ADOPTED BY THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF EBAY INC. AT A MEETING HELD ON

**April 14, 2003**

**DETERMINATION OF "DISABILITY" OF MR. DEAN KRUSE UNDER EBAY INC. 1998 EQUITY INCENTIVE PLAN**

**WHEREAS,** in connection with the Company's acquisition of Kruse, Inc. and certain of its affiliates in May 1999, the Company granted Mr. Dean Kruse stock options under the terms of the Company's 1998 Equity Incentive Plan (the "***1998 Plan***"); on December 17, 2002, the Company sold the outstanding capital stock of Kruse, Inc. and certain of its affiliates to an investment vehicle owned by Mr. Dean Kruse (the "***Kruse Transaction***"); concurrent with the closing of the Kruse Transaction, Mr. Kruse and the Company entered into a one-month consulting agreement ending January 15, 2003 under which Mr. Kruse would provide consulting services to the Company, if requested by the Company, and contemporaneously continue to vest on his Company stock options granted under the 1998 Plan; on January 14, 2003, Mr. Kruse, in a letter to the Company, Mr. Kruse asserted that he was unilaterally terminating the consulting agreement because he believed he was "disabled" and purportedly could no longer perform the requirements of his consulting services under such agreement; Mr. Kruse claimed that his asserted "disability" under the consulting agreement satisfied the definition of "disability" as set forth in the 1998 Plan and that, accordingly, he should be entitled to exercise his vested stock options granted under the 1998 Plan over a 12-month period, as opposed to the customary 3-month period;

**WHEREAS,** Section 4.1 of the 1998 Plan gives the Compensation Committee, among other things, the full power to implement and carry out this plan, construe and interpret this plan and any document or agreement executed pursuant to this plan, determine the vesting, exercisability and payment of stock option grants, and the authority to prescribe, amend and rescind rules and regulations relating to the 1998 Plan or any stock option grant made under the 1998 Plan;

**WHEREAS,** Section 4.2 of the 1998 Plan gives the Compensation Committee sole discretion over the governance of the terms and provisions of all stock options granted under the 1998 Plan and further provides any such determinations made by the Compensation Committee are final and binding on the Company and all persons granted stock options;

**WHEREAS,** Section 9 of the 1998 Plan's Stock Option Agreement provides that any dispute regarding the interpretation of a stock option granted is to be submitted to the Compensation Committee and that the Compensation Committee will have the sole, final and binding authority to determine the result of such dispute;

**WHEREAS,** Mr. Kruse signed the 1998 Plan's Stock Option Agreement on July 26, 1999, and thus acknowledging his agreement to be bound by the terms and conditions of the

1998 Plan and underlying stock option agreement in connection with his May 1999 stock option grant;

**WHEREAS**, Section 23 of the 1998 Plan defines "Disability" as "a disability, whether temporary or permanent, partial or total, as determined by the [Compensation] Committee";

**WHEREAS**, in determining whether the particular medical condition of Mr. Kruse satisfies the definition of "Disability" under the 1998 Plan, the Compensation Committee reviewed various data, including a written report from an independent orthopedic surgeon (Dr. Clive M. Segil), who unequivocally concluded that, based on the documentation presented to him (including all medical documentation submitted on behalf of Mr. Kruse), Mr. Kruse's condition did not satisfy the definition of "Disability" under the 1998 Plan previously adopted by the Board, and, although not a required element of its determination, further noted that, in any event, Mr. Kruse's condition did not constitute a "temporary" or "partial" disability for purposes of the 1998 Plan taking into account the duties required by Mr. Kruse under his one-month consulting agreement with the Company;

**WHEREAS**, the Compensation Committee also considered the fact that the parties intended and expected that the consulting services to be rendered by Mr. Kruse to the Company under his one-month consulting agreement were to be of a non-physical nature, and that such services would be related to facilitating cooperation in connection with the Kruse companies' cooperation with the transfer of documents and software under the terms of a transition services agreement involving the Kruse companies and the Company,; and the fact that in addition, the Committee took into account the fact that the inability of Mr. Kruse's left shoulder to rotate seemed irrelevant to the type of non-physical consulting services expected of Mr. Kruse during his consulting period (as described above); Mr. Kruse was not expected to, and was not asked to, perform any services of a physical nature relating to auctioneering activities; and

**WHEREAS**, the Compensation Committee further considered the timing of the "termination notice" (in which Mr. Kruse even stated that his medical condition had not impaired his mental abilities), which was provided by Mr. Kruse to the Company on the afternoon of January 14, 2003, the second to last day of the consulting agreement, and therefore subsequent to the time when any of Mr. Kruse's consulting services would be required since the Kruse companies had already completed the requisite transitional services (as described in the prior paragraph) to allow the third-party purchaser of Kruse's "fleet business" to begin listing on the eBay website on January 15, 2003.

**NOW, THEREFORE, BE IT RESOLVED**, based upon careful review and consideration of the factual background concerning Mr. Kruse's asserted disability, the findings of the independent orthopedic surgeon retained by the Company, and the application of the definition of "Disability" under the 1998 Plan, the Compensation Committee hereby determines that Mr. Kruse's particular medical condition does not satisfy the definition of "Disability" under the Company's 1998 Plan. Although not required as part of its final determination of this matter, the Committee also found that, Mr. Kruse's medical condition does not constitute a "temporary" or "partial" disability for purposes of the 1998 Plan;

**RESOLVED FURTHER**, that the proper officers of the Company be, and any one of them, hereby are authorized and directed, for and on behalf of the Company, to take such further action and execute and deliver such additional documents as each may deem necessary or appropriate to carry out the foregoing resolutions.

[redacted]

**RESOLVED FURTHER**, that the Compensation Committee hereby ratifies, confirms, adopts and approves, for and on behalf of the Company, any and all acts and other things done to make, execute, and deliver, or cause to be made, executed, and delivered, in the name and on behalf of the Company or otherwise, including the preparation and delivery of such documents or instruments as were deemed necessary or advisable in order to effectuate fully the purposes and intent of the foregoing resolutions.

# EXHIBIT B

## RESOLUTIONS ADOPTED BY THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF EBAY INC. AT A MEETING HELD ON

**April 14, 2003**

**ADMINISTRATION GUIDELINES ADOPTED FOR EBAY INC. EQUITY COMPENSATION PLANS-DETERMINATION OF "DISABILITY"**

WHEREAS, the Board of Directors (the "***Board***") of eBay Inc., a Delaware corporation (the "***Company***") has delegated the authority to administer, interpret and prescribe rules and regulations relating to each of the Company's 1998 Equity Incentive Plan (as amended, the "***1998 Plan***"), 2001 Equity Incentive Plan (as amended, the "***2001 Plan***"), and 1999 Global Equity Incentive Plan (as amended, the "***1999 Plan***", and collectively with the 1998 Plan and the 2001 Plan, the "***Plans***") to the Compensation Committee (the "***Compensation Committee***") of the Board of Directors;

WHEREAS, pursuant to Section 23 of the 1998 Plan, defines "Disability" to means "a disability what the Compensation Committee shall determine, whether partial or total, temporary or permanent, whether temporary or permanent, partial or total, as determined by the Committee";

WHEREAS, the Compensation Committee's had formerly previously delegated the authority to determine whether an optionee was "disabled" under the 1998 Plan to the Company's Human Resources department, in consultation with appropriate medical advisors;

WHEREAS, due to the ruling in a recent court case, the Compensation Committee deems it advisable and in the best interests of the Company that it shall make the final determination, after reviewing and considering recommendations made to the Compensation Committee from by the Company's Human Resources department, and in consultation with such medical advisors or consultants as the Compensation Committee may deem necessary or appropriate, in consultation with appropriate medical advisors, whether an optionee is "disabled" under the 1998 Plan in accordance with the following definition previously adopted by the Compensation Committee:

> "Disability" shall mean the inability of a Participant, by reason of any medically determinable physical or mental impairment, to engage in any services for more than nominal remuneration for a period that is expected to be of a continuous duration of at least three (3) months."

[redacted]

WHEREAS, Section 2(k) of the 2001 Plan and Section 2(j) of the 1999 Plan each provides a definition of "Disability" that the Compensation Committee desires to be determined, applied and administered using the definition set forth in the foregoing preamble as a decision-making benchmark.

NOW, THEREFORE, BE IT RESOLVED, that the Compensation Committee shall make the final determination, after reviewing and considering recommendations made to the Compensation Committee by the Company's Human Resources department, and in consultation with such medical advisors or consultants as the Compensation Committee may deem necessary or appropriate, in consultation with such medical advisors or consultants it may deem necessary or appropriate, under pursuant to its authority under Section 23 of the 1998 Plan, whether an optionee is disabled under such plan in accordance with the following definition previously adopted by the Compensation Committee:

> "Disability" shall mean the inability of a Participant, by reason of any medically determinable physical or mental impairment, to engage in any services for more than nominal remuneration for a period that is expected to be of a continuous duration of at least three (3) months."

RESOLVED FURTHER, that the Compensation Committee shall make the determination, and shall review and consider recommendations made to the Compensation Committee from by the Company's Human Resources department, and in consultation with such medical advisors or consultants as the Compensation Committee may deem necessary or appropriate, in applying the definition set forth in the previous resolution as a decision-making benchmark when applying or making a determination as to whether a disability exists with respect to an optionee under Section 2(k) of the 2001 Plan and/or Section 2(j) of the 1999 Plan.