Apple Inc. v. Psystar Corporation

Doc. 1199

Helen L. Duncan (State Bar No.: 101661)
Robert W. Fischer, Jr. (State Bar No.: 57001)
Brandon C. Fernald (State Bar No.: 222429)
FULBRIGHT & JAWORSKI L.L.P.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017-2576
Telephone: (213) 892-9200
Facsimile: (213) 680-4518

Attorneys for Defendants Lehman Brothers Inc. and Lehman Commercial Paper, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABEL LANG,<br><br>Plaintiff,<br><br>v.<br><br>LEHMAN BROTHERS INCORPORATED; LEHMAN COMMERCIAL PAPER, INC.,<br><br>Defendants. | CASE NO: C 04-01209 JF ARB<br><br>REPLY MEMORANDUM IN SUPPORT OF LEHMAN BROTHERS INC.'S AND LEHMAN COMMERCIAL PAPER, INC.'S MOTION TO DISMISS<br><br>Date: July 12, 2004<br>Time: 9:00 a.m.<br>Courtroom: 3 |



Dockets.Justia.com

TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... iii

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. LANG'S CLASS ALLEGATIONS REGARDING THE TRACK ARE IMMATERIAL IN THIS CASE, WHICH INVOLVES AN INDIVIDUAL FRAUD CLAIMS, AND SHOULD BE STRICKEN .......... 1

II. LANG ADMITS SHE HAS NO LEGAL BASIS FOR CLAIMING ATTORNEYS' FEES AND THEREFORE THE CLAIM SHOULD BE STRICKEN .......... 2

CONCLUSION .......... 3

# TABLE OF AUTHORITIES

## Cases

Aetna Cas. and Sur. Co. v. Continental Ins. Co., Case No. C-95-0491 MHP, 1996 U.S. Dist. LEXIS 4832, *10 (N.D. Cal. 1996)........................................................ 2

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)............................................ 1

Sidney-Vinstein v. A.H. Robins Co., 697 F2d 880, 885 (9th Cir. 1983)............................. 1

Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150 (S.D. Cal. 2001) ..................................... 2

United States v. Southern California Edison Co., 300 F. Supp. 2d 964, 992 (E.D. Cal. 2004)......................................................................................................... 2

## INTRODUCTION

Lang's Opposition ("Opp." or "Opposition") to Lehman's Motion to Strike suffers from the same flaw as her Opposition to Lehman's Motion to Dismiss—it fails to distinguish between the prior Lehman class action[1] and this case, which is an individual action for fraud. Because this case involves an individual action for fraud, the generic class allegations concerning the Track are immaterial and should therefore be stricken.

Lang's claim for attorneys' fees should also be stricken as she admits in her Opposition that there is "no basis" for the claim.

## ARGUMENT

### I.

### LANG'S CLASS ALLEGATIONS REGARDING THE TRACK ARE IMMATERIAL IN THIS CASE, WHICH INVOLVES AN INDIVIDUAL FRAUD CLAIM, AND SHOULD THEREFORE BE STRICKEN

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (alterations in original). "'[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .'" Id. (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F2d 880, 885 (9th Cir. 1983)) (alterations in original). "'Immaterial matter' is that which has no essential or important relationship to the claim for relief [and] 'impertinent matter' consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (citation omitted).

As argued at length in Lehman's Memoranda in Support of Its Motion to Dismiss, Lang's generic allegations regarding the Track (Compl. ¶¶9-32) are class allegations lifted from the complaint filed in the Lehman class action. While generic allegations involving a scripted sales

---

[1] Austin v. Chisick, Case No. SA CV 01-971 DOC (C.D. Cal.).

DOCUMENT PREPARED ON RECYCLED PAPER

pitch may support a class action lawsuit, they are immaterial in this case which involves a single plaintiff alleging individualized fraud. Lang, as an individual plaintiff, is required to plead fraud with particularity, including the time, place and falsity of the statements made which she alleges to be fraudulent, as well as her actual and justifiable reliance on said statements. Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152-1153 (S.D. Cal. 2001). Lang's Track allegations do not speak to these issues—e.g., what was specifically said to her; why what was said to her was false; and whether she actually and justifiably relied upon what was said. As a result, the Track allegations should be stricken as immaterial.

## II.

## LANG ADMITS SHE HAS NO LEGAL BASIS FOR CLAIMING ATTORNEYS' FEES AND THEREFORE THE CLAIM SHOULD BE STRICKEN

Lang admits in her Opposition that there is no basis for her claim for attorneys' fees. (Opp. at 3:26-28.) Contrary to Lang's arguments, a Motion to Strike is a perfect vehicle for dismissing immaterial portions of her Complaint. See, e.g., United States v. Southern California Edison Co., 300 F. Supp. 2d 964, 992 (E.D. Cal. 2004) (granting motion to strike claim for attorneys' fees because plaintiffs "fail to set forth a basis upon which attorneys' fees are recoverable"); Aetna Cas. and Sur. Co. v. Continental Ins. Co., Case No. C-95-0491 MHP, 1996 U.S. Dist. LEXIS 4832, *10 (N.D. Cal. 1996) (granting motion to strike claim for attorneys' fees finding that fees were unavailable under controlling law).

## CONCLUSION

For the above stated reasons, paragraphs 9 through 32 of the Complaint and the prayer for attorneys' fees should be stricken.

DATED: June 28, 2004

HELEN L. DUNCAN
ROBERT W. FISCHER, JR.
BRANDON C. FERNALD
FULBRIGHT & JAWORSKI L.L.P.

/S/

Robert W. Fischer, Jr.
Attorneys for Defendants Lehman Brothers Inc. and Lehman Commercial Paper, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I, Brandon C. Fernald, am employed in the City and County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 865 South Figueroa Street, 29th Floor, Los Angeles, California 90017.

On June 28, 2004, I caused to be served the following to Larry Gabriel, Esq. (lgabriel@pszyjw.com):

**LEHMAN BROTHERS INC.'S AND LEHMAN COMMERCIAL PAPER, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

☒ (BY E-MAIL) By transmitting by electronic mail, pursuant to order of the Court to the e-mail addressee(s) listed above.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 28, 2004, at Los Angeles, California.

/S/

Brandon C. Fernald

DOCUMENT PREPARED
ON RECYCLED PAPER