Apple Inc. v. Psystar Corporation Doc. 1214

IRELL & MANELLA LLP
Michael Fehner (SBN 207312)
Harry J. Schulz, III (SBN 205625)
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Plaintiff
The Flintkote Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE FLINTKOTE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA, a Canada insurance company; GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED OF PERTH, SCOTLAND, a Scotland insurance company; and DOES ONE through TEN,<br><br>Defendants. | Case No. C 04-01827 MHP ARB<br><br>**DECLARATION OF JOHN BAY IN SUPPORT OF THE FLINTKOTE COMPANY'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO F.R.C.P. 12(b)(2)**<br><br>**Date: July 26, 2004**<br>**Time: 2:00 p.m.**<br>**Judge: Chief Judge Marilyn H. Patel**<br>**Ctrm.: 15, 18th floor** |



Dockets.Justia.com

I, John Bay, declare as follows:

1. I am the Vice-President and Insurance Counsel of Plaintiff The Flintkote Company ("Flintkote"). I have been involved with Flintkote on insurance matters continuously for over sixteen years in various capacities. I make this Declaration in Support of Flintkote's Opposition to Aviva Insurance Company of Canada's ("Aviva's") motion to dismiss for lack of personal jurisdiction. I have personal knowledge of the facts set forth in this declaration, with the qualifications as noted below, and, if called as a witness, could and would testify competently to such facts under oath.

2. Flintkote is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California. During my work for Flintkote, I have researched and reviewed Flintkote's business records on its operations. Flintkote, from the turn of the last century until the 1980s, manufactured and distributed building materials in the United States (and Canada, through wholly owned subsidiaries in Canada). Until about 1984, some of these materials contained asbestos fibers, which were primarily supplied to Flintkote from Flintkote Mines of Canada, Ltd. ("Flintkote Mines"). Flintkote Mines stopped production in the 1970s. Since its 1945 incorporation in Quebec, Flintkote Mines has been a direct subsidiary of Flintkote. Flintkote had other direct subsidiaries, including The Flintkote Company of Canada Limited, incorporated in 1931 as Colas Roads Limited, later named Flintkote Holdings Limited, and which was dissolved in 1992.

3. Flintkote Mines' primary asbestos mine was located in the province of Quebec, Canada. Flintkote's primary refining and production facilities were located in the United States. As was common in the industry, Flintkote's operations were "vertically integrated," meaning that the materials mined in Canada primarily were shipped directly down a chain of refining and manufacturing facilities, all within the Flintkote family of companies.

4. The insurance policies at issue, retrieved from Flintkote's files, cover the period from 1951 through 1960. A true and correct copy of Comprehensive Liability Policy No. C.L. 2037 is attached hereto as Exhibit A. A true and correct copy of Comprehensive Liability Policy No. L. 6265 is attached hereto as Exhibit B. A true and correct copy of Certified Policy No. L 90-4672 is attached hereto as Exhibit C. A true and correct copy of Certified Policy No. L. 90-5010 is attached hereto as Exhibit D.

5. The first two policies (Exhibits A and B) were underwritten by the General Accident Fire & Life Assurance Corporation Limited of Perth, Scotland, by the "Canadian Head Office – Toronto, Ontario, Canada." The remaining policies (Exhibits C and D) were underwritten by the General Accident Assurance Company of Canada by the "Head Office – Toronto." On information and belief, as well as the Declaration of Judith Gold in support of Defendant's removal papers (who states she is counsel of record for Defendant Aviva Insurance Company of Canada), General Accident Assurance Company of Canada was acquired by CGU Insurance Company of Canada, which later changed its name to Aviva. The General Accident Fire & Life Assurance Corporation Limited of Perth, Scotland seems to have been tightly affiliated with its namesake, the General Accident Assurance Company of Canada, and appears to have followed the same path of ownership. For example, the policies issued by both insurers share the same logo, and the same manager's name, Douglas B. Hall, appears on both Exhibits A and B (issued by the Scottish insurer) and Exhibit C (issued by the General Accident Assurance Company of Canada). *See* Ex. A at 10; Ex. B (signatures on all endorsements); Ex. C at 9.

6. The insurance policies indicate that they were issued to "THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK CITY, N.Y. U.S.A." *See, e.g.*, Ex. A, Endorsement No. 1 (p.11); Ex. C at 3. The declaration pages of the insurance policies indicate that the insured's address was 30 Rockefeller Plaza, New York City, N.Y. U.S.A, and the premiums for the policies

were to be paid in U.S., not Canadian, dollars. This was Flintkote's address at the time.

7. The early insurance policies also note that "the Insured's books and records are kept in the Flintkote Company's plant at West Rutherford, New Jersey, U.S.A.," and the insurer could inspect these records. *See* Ex. A at 7; Ex. B at 7.

8. The earlier policies indicated that they would "insure each subsidiary, affiliated or associated company in the same manner and to the same extent as if a separate policy had been issued to each." *See* Ex. A at 4; Ex. B at 4. The later policies indicated that "Additional Insureds" would include "[p]ersons, firms or corporations financially controlling or controlled by the Insured." *See* Ex. C at 4; Ex. D at 3. Further, the Declarations page of each policy refers to the Insured as including subsidiary or affiliated corporations "now existing or hereafter created as their respective interests may appear." *E.g.*, Ex. C at 3.

9. The earlier policies excluded from coverage "occurrences or accidents occurring outside the Dominion of Canada or the United States of America, its territories or possessions." *See* Ex. A at 5; Ex. B at 4. The later policies, under the "Territory" clause, indicate that "[t]his policy shall apply to occurrences or accidents occurring in the Dominion of Canada or the United States of America, its territories or possessions." *See* Ex. C at 5, Ex. D at 4. The insurance policies, in addition to including a duty of indemnification, also stated that the insurer had a duty to defend the covered actions. For example, in Exhibit C, the insurer agreed to "defend in the name and on behalf of the Insured any suit against the Insured alleging such injury or destruction and seeking damages on account thereof." *Id*. at 4; *see also* Ex. A at 3; Ex. B at 3; Ex. D at 3.

10. I am aware of and review litigation pending against Flintkote. There are approximately 150,000 cases pending against Flintkote and its former subsidiaries in American courts – even Canadian claimants have brought their claims in United States courts. A very substantial number of these cases are

pending in California.  Aviva has not paid one cent under the policies at issue in this lawsuit.

11. Flintkote has been seeking coverage on these cases pending against it from the defendant insurers.  The most recent discussions began in Fall 2003, with a written demand for coverage being made by Flintkote in October 2003.  I set up two meetings in California, the second of which I personally attended, between Flintkote and its representatives and Aviva and its representatives, including Kari Elovaara, Head Office Claims Analyst for Aviva.  The first of these recent face-to-face meetings occurred in Los Angeles in or about December 2003.  The parties did not reach a resolution, but agreed to another meeting.  In April 2004, the second meeting occurred in San Francisco – again, Aviva and Flintkote could not reach a resolution.  In light of the failure of Aviva to agree to cover Flintkote claims after over six months of discussion, Flintkote filed the present lawsuit in San Francisco Superior Court on or about April 14, 2004.

12. Approximately one week later, I am informed and believe that Aviva filed suit against Flintkote, concerning the same insurance policies at issue here, in Ontario Superior Court in Toronto, Ontario, Canada.  However, Flintkote did not receive notice of this lawsuit until approximately May 12, 2004.

13. Before receiving notice of Aviva's action in Ontario, but after Flintkote's filing of this action in San Francisco Superior Court, Flintkote filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware, its state of incorporation, on or about May 1, 2004.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on the ________ day of ____________, 2004, in Tacoma, Washington.

_________________________________
John Bay

pending in California. Aviva has not paid one cent under the policies at issue in this lawsuit.

11. Flintkote has been seeking coverage on these cases pending against it from the defendant insurers. The most recent discussions began in Fall 2003, with a written demand for coverage being made by Flintkote in October 2003. I set up two meetings in California, the second of which I personally attended, between Flintkote and its representatives and Aviva and its representatives, including Kari Elovaara, Head Office Claims Analyst for Aviva. The first of these recent face-to-face meetings occurred in Los Angeles in or about December 2003. The parties did not reach a resolution, but agreed to another meeting. In April 2004, the second meeting occurred in San Francisco – again, Aviva and Flintkote could not reach a resolution. In light of the failure of Aviva to agree to cover Flintkote claims after over six months of discussion, Flintkote filed the present lawsuit in San Francisco Superior Court on or about April 14, 2004.

12. Approximately one week later, I am informed and believe that Aviva filed suit against Flintkote, concerning the same insurance policies at issue here, in Ontario Superior Court in Toronto, Ontario, Canada. However, Flintkote did not receive notice of this lawsuit until approximately May 12, 2004.

13. Before receiving notice of Aviva's action in Ontario, but after Flintkote's filing of this action in San Francisco Superior Court, Flintkote filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware, its state of incorporation, on or about May 1, 2004.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 28th day of June, 2004, in Tacoma, Washington.

John Bay