Apple Inc. v. Psystar Corporation

Doc. 1214 Att. 1

8 0 2 2 0 2 1 1 6 5

Replacing Policy No. C.L.2037

COMPREHENSIVE LIABILITY POLICY

No. L.6265

Covering all operations of

THE FLINTKOTE COMPANY OF CANADA LIMITED and/or THE FLINTKOTE MINES LIMITED and/or Subsidiary or affiliated corporation or corporations now existing or hereafter created as their respective interests may appear.

Policy Period: JANUARY 1st, 1954 to JANUARY 1st,1957.

---

GENERAL
ACCIDENT FIRE AND LIFE
ASSURANCE CORPORATION LIMITED
OF PERTH,SCOTLAND.

CANADIAN HEAD OFFICE - TORONTO, ONTARIO, CANADA.

Exhibit B
Page 1

Dockets.Justia.com

8022021167

DECLARATIONS

POLICY No. L-6265

Item 1. Name of Insured: THE FLINTKOTE COMPANY OF CANADA LIMITED and/or THE FLINTKOTE MINES LIMITED and/or Subsidiary or affiliated corporation or corporations now existing or hereafter created as their respective interests may appear.

Address: 30 Rockefeller Plaza, New York City, N.Y. U.S.A.

Item 2. Business of the Insured: Consists principally of Asbestos Mining and Milling, Wood Preserving, Manufacturers of Road Surfacing and Waterproofing materials, Asphalt and Asbestos Products.

Item 3. No Insurer has cancelled any similar insurance issued to the Insured except as herein stated : No

Item 4. Estimated Premium: $3,642.57, payable : $3,642.57 in advance, subject to Conditions 2 and 3.

Item 5. The Minimum Annual Premium for this portion of the policy shall be : $40.50

Item 6. Policy Period: From 12.01 A.M. JANUARY 1st, 1954 to 12.01 A.M. JANUARY 1st, 1957, standard time at the address of the Insured as stated herein.

Item 7. It is agreed that $737.90 of the Estimated advance premium is not subject to adjustment.

It is further agreed that $2,904.67 of the estimated advance premium is subject to adjustment.

It is further agreed that Computation and adjustment of earned premium shall be made at the end of each annual period, that one-third of the three year estimated advance premium subject to adjustment shall be applied each year against the earned premium.

AGENT: MARSH & McLENNAN LTD. 8519-1 507 PLACE D'ARMES, MONTREAL.

Exhibit B
Page 2

8 0 2 2 0 2 1 1 6 6

COMPREHENSIVE LIABILITY POLICY

No. L. 6265

GENERAL
ACCIDENT FIRE AND LIFE
ASSURANCE CORPORATION
LIMITED
OF PERTH, SCOTLAND.

Head Office for Canada - TORONTO

(Herein called the Insurer)

Agrees with the Insured, named in the Declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the Declarations and subject to the exclusions and conditions of this policy :

INSURING AGREEMENTS

Coverage A - Bodily Injury Liability.

To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed by him under contract, for damages because of bodily injury (including death at any time resulting therefrom) caused by events which occur during the policy period by any person or persons.

Coverage B - Property Damage Liability.

To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed by him under contract, for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident during the policy period.

I. Defense.

To defend in his name and on his behalf any suit against the Insured alleging bodily injury (including death at any time resulting therefrom) or injury to or destruction of property, and seeking damages on account thereof, even if such suit is groundless,false or fraudulent.

2. Supplementary Payments.

To pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit (but without any obligations to apply for or furnish such bonds), all costs taxed against the Insured in any such suit, all expenses incurred by the Insurer, all interest accruing after entry of judgment until the Insurer has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Insurer's liability thereon, and, in the event of bodily injury, expenses incurred by the Insured for such immediate medical and surgical relief to others as may have been imperative at the time of the occurrence.

3. <u>Reimbursement</u>.

To reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Insurer's request. The amounts incurred under these additional Insuring Agreements shall be payable in addition to the applicable limit of liability of this policy.

ADDITIONAL INSURED

(A) This policy shall insure each subsidiary, affiliated or associated company in the same manner and to the same extent as if a separate policy had been issued to each.

(B) This policy shall cover as additional Insured, any partner, executive officer, employee, director or stockholder thereof while acting within the scope of his duties as such.

AUTOMATIC COVER

This policy shall cover additional elevators acquired during the policy period without prior notice to the Insurer but for the purpose of inspection only the Insured shall within sixty days of their acquisition give written notice to the Insurer.

EXCLUSIONS

THIS POLICY DOES NOT APPLY to liability imposed upon the Insured by law, or assumed by him under contract, if such liability arises from :

1. bodily injury sustained by any employee of the Insured while engaged in his duties, except in any case where with relation to such employee the Insured has assumed liability therefor under contract ;

2. except with respect to operations performed by independent contractors, to the ownership, maintenance, operation or use (including loading and unloading) by or on behalf of the Insured of any of the following, including their equipment:

   Any motor vehicle, trailer or semi-trailer obligated by law to carry a license, aircraft or watercraft.

   This exclusion shall not apply to motor vehicles having no apparatus for the load, and which are equipped for purposes of construction, repairs or maintenance, for which reduced license fees have been established by Order-in-Council No.91 dated February 3, 1949, nor to motor vehicles which are not intended to circulate on the public highways, for which special fees have been established by Order-in-Council No.125, dated February 10, 1949.

3. "products" as defined herein;

4. occurrences or accidents occurring outside the Dominion of Canada or the United States of America, its territories or possessions;

5. injury to or destruction of :

   (a) property owned or occupied by, or leased to Insured;
   (b) any other property used by or in the care, custody or control of the Insured, except with respect to liability assumed under contract and the use of elevators or escalators;
   (c) goods or products manufactured, sold, handled, or distributed by the Insured.

## LIMITS OF LIABILITY

(A) The liability of the Insurer for loss or damage resulting from bodily injury to or the death of any one person shall be limited to the sum of $100,000.00 ; and subject to such limit the liability of the Insurer for loss or damage resulting from bodily injury to or death of two or more persons in any one occurrence shall be limited to $200,000.00.

(B) The liability of the Insurer for loss or damage because of injury to or destruction of property in any one accident shall be limited to the sum of $20,000.00.

(C) It is agreed, however, that in consideration of the reduced Property Damage rate charged in respect of the Insured's Asbestos Mining and Milling operations at Thetford Mines, Quebec, the liability of the Insurer for loss or damage because of injury to or destruction of property in any one accident shall be limited to the sum of $1,000.00.

The foregoing limits of liability shall apply separately to each elevator insured by this policy.

Inclusion herein of more than one Insured shall not operate to increase the limits of the Insurer's liability.

## DEFINITIONS

I. "BODILY INJURY" shall be construed to include sickness, disease and mental anguish.

2. When used as a basis for premium computation :

   (a) "PREMISES" shall mean each 100 square feet of floor area and each linear foot of street frontage of buildings and grounds owned or operated;

   (b) "COSTS" shall mean total cost of work performed for the Insured by independent contractors (including cost of labour and material used in the execution of such work);

(c) "RECEIPTS" shall mean the gross amount of money, including taxes, charged by the Insured or by others for such of the Insured's operations as are rated on a receipts basis;

(d) "PAYROLL" shall mean the entire remuneration (but excluding payments under a profit sharing plan where such payments form no part of the contract of employment) earned during the policy period by all employees other than drivers of teams or automobiles, subject to a maximum fixed amount of $2,500.00 per employee per annum.

(e) "SALES" shall mean the gross amount of money, including taxes, charged (a) for all goods and products sold or distributed during the policy period by the Insured or, (b) for construction operations entered into during the policy period by the Insured.

3. "CONTRACT" shall mean a written agreement covering a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement, or elevator or escalator maintenance agreement, or any other written agreement provided copy of such agreement is submitted to the Insurer within sixty (60) days after having been received by the Insurance Department of the Insured and for the purpose of establishing the premium to be charged.

4. "RAILWAY TANK CARS" shall mean railway tank cars owned or leased, hired or borrowed during the policy period.

5. "PRODUCTS" shall mean :

(a) the handling or use of, the existence of any condition in or a warranty of, goods or products manufactured, sold, handled or distributed by the Insured, other than equipment rented to or located for use of others but not sold, if the occurrence or accident on which the claim is founded arises after the Insured has relinquished possession thereof to others and away from premises owned, rented or controlled by the Insured;

(b) the construction operations of the Insured, if the occurrence or accident on which the claim is founded arises after such operations have been completed or abandoned at the place of such occurrence and away from premises owned, rented or controlled by the Insured, provided operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to a service or maintenance agreement.

6. "ELEVATOR" shall mean a hoisting and lowering mechanism equipped with a car or platform which moves in guides in a substantially vertical direction, including its shaft, hoistway, equipment and operating machinery.

7. "ESCALATOR" shall mean a moving, inclined, continuous stairway or runway used for raising or lowering passengers or freight.

CONDITIONS

1. Investigation of Claims.

The Insurer shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Insurer.

2. Premium.

(a) The premium stated in the declarations is an estimated premium. Upon termination of this policy, the earned premium shall be computed in accordance with the Insurer's rules, rates, rating plans, premiums and minimum premiums applicable. If the earned premium thus computed exceeds the estimated advance premium paid, the Insured shall pay the excess to the Insurer; if less, the Insurer shall return to the Insured the unearned portion paid by such Insured.

(b) The Insured shall maintain and furnish the Insurer either at the end of the policy period or at such times as the Insurer may direct with a record of all premises, costs, receipts, payroll, sales, contracts, elevators, escalators, number of drivers and bicyles., on forms submitted by the Insurer to permit of computing such earned premium for hazards assumed under the policy.

3. Inspection and Audit.

The Insurer shall be permitted to inspect the Insured's premises, operations and elevators and to examine and audit the Insured's books and records as far as they relate to the premium basis or the subject matter of this insurance at any time during the policy period and any extension thereof and within one year after the final termination of this policy.

Notice is hereby received and accepted that the Insured's books and records are kept in the Flintkote Company's plant at (West) Rutherford, New Jersey, U.S.A. East

4. Notice of Occurrence or Accident.

When an occurrence or accident on which a claim may be founded takes place, notice shall be given by or on behalf of the Insured to the Insurer or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured, and also complete information respecting the time, place and circumstances of the occurrence or accident, the names and addresses of the injured, and particulars of the damaged property, and the names and addresses of all witnesses.

5. Notice of Claim or Suit.

If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Insurer every demand, notice, summons or other process received by him or his representative.

6. <u>Assistance and Co-operation of the Insured.</u>

The Insured shall co-operate with the Insurer, and, upon the Insurer's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as may have been imperative at the time of the occurrence.

7. <u>Other Insurance.</u> Out

If the Insured has other insurance against a loss covered by this policy, the Insurer shall not be liable for a greater proportion of such loss than the applicable limit of liability bears to the total applicable limit of liability of all valid and collectible insurance against such loss,

8. <u>Subrogation.</u>

In the event of any payment under this policy, the Insurer shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

9. <u>Changes.</u>

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Insurer from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by its Manager for Canada and countersigned by a duly authorized representative of the Insurer.

10. <u>Assignment.</u>

Assignment of interest under this policy shall not bind the Insurer until its consent is endorsed hereon.

If the Insured shall die or be adjudged bankrupt or insolvent, this policy unless cancelled shall for a period of sixty days thereafter cover the Insured's legal representative in the same manner and to the same extent as the named Insured, but the policy shall lapse at the expiration of such period unless prior notice in writing of such death or adjudication shall have been given to and accepted by the Insurer.

Bankruptcy and Insolvency of the Insured or of the Insured's estate shall not relieve the Insurer of any of its obligations previously incurred hereunder.

11. Cancellation.

This policy may be cancelled by the Insured by mailing to the Insurer written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the Insurer by mailing to the Insured at the address shown in this policy written notice by registered mail stating when, not less than thirty days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Insured or by the Insurer shall be equivalent to mailing.

If the Insured cancels, the earned premium shall be computed in accordance with the Insurer's short rate table and procedure. If the Insurer cancels, the earned premium shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation become effective. The Insurer's cheque or the cheque of its authorized representative, mailed or delivered as aforesaid, shall be a sufficient tender of any refund of premium due to the Insured.

12. Action Against Insurer.

No action shall lie against the Insurer unless, as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Insurer.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Insurer as a co-defendant in any action against the Insured to determine the Insured's liability. ?

what about Amer. Mutual? Excess. wording questionable

13. Terms of Policy to Conform to Statute.

Terms of this policy which are in conflict with the statutes of the Province wherein this policy is issued are hereby amended to conform to such statutes.

14. Gender and Number.

The personal pronoun herein used to refer to the Insured shall apply regardless of gender and number.

15. Declarations.

By acceptance of this policy the Insured agrees that the statements in the declarations are his agreements and representations, that this

policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Insurer or any of its agents relating to this insurance.

16. Cross Liability Clause.

Insurance as is afforded by this policy shall apply with respect to any action brought against any one Insured by any other Insured or any employee of such other Insured.

IN WITNESS WHEREOF THE GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED has caused this Policy to be signed by its Manager for Canada but this Policy shall not be binding upon the Insurer until countersigned by a duly authorized representative of the Insurer.

Countersigned :

J.A. Redpath

Authorized Representative.

Douglas B. Hall

MANAGER FOR CANADA

LB.

8022021174

| CLASSIFICATION OF OPERATIONS | Estimated 3 Yr.Payroll | Rates per $100. of Payroll B.I. | P.D. | Estimated Premium B.I. | P.D. |
|---|---|---|---|---|---|
| All operations of the Insured based on payroll | $2,032,000.00 | .065 | .041 | $1320.80 | $833.12 |
| | | Rate per car | | | |
| Railway Tank Cars | 105 cars | 3.90 | 3.25 | 409.50 | 341.25 |
| Owners Protective - work sublet to others during the policy period. | If any | .0156 | .0095 | - | - |
| Railway Locomotive Newfoundland | | Flat Charge | | 28.44 | 36.56 |
| Plant Manager's Residence Newfoundland | | Flat Charge | | 10.08 | 6.20 |
| 2 Sidetrack Agreements at Ville St.Pierre, Que. | | Flat Charge | | | |
| 1 Sidetrack Agreement at Brantford, Ont. | | Flat Charge | | 204.75 | 149.17 |
| 1 Sidetrack Agreement at Longbranch, Ont. | | Flat Charge | | | |
| 1 Agreement of lease at Ville St.Pierre, Que. | | Flat Charge | | 13.71 | 7.80 |
| 1 Agreement - Shell Oil Clear Vision Pump and 500 gal. storage tank, Toronto, Ont. Plant | | Flat Charge | | 12.80 | 15.53 |
| 1 Siding Agreement St.Catharines, Ont. | | Flat Charge | | 51.19 | 37.31 |
| 1 Siding Agreement Thetford Mines, Que. | | Flat Charge | | 30.71 | 18.65 |
| 1 Land Lease Agreement Thetford Mines, Que. | | Flat Charge | | 30.71 | 18.65 |
| 1 Siding Agreement Lloydminster, Sask. | | Flat Charge | | 30.71 | 18.65 |
| Plant Manager's Residence Thetford Mines, Que. | | Flat Charge | | 10.08 | 6.20 |
| | | Total Estimated Premium | | $2,153.48 | $1,489.09 |

out

out

check totals

Exhibit B

Replacing Policy No. C.L.2037

COMPREHENSIVE LIABILITY POLICY

No. L-6265

EMPLOYERS LIABILITY COVER

of

THE FLINTKOTE COMPANY OF CANADA LIMITED and/or THE FLINTKOTE MINES LIMITED and/or Subsidiary or affiliated corporation or corporations now existing or hereafter created as their respective interests may appear.

POLICY PERIOD : JANUARY 1st, 1954 to JANUARY 1st, 1957.

---

GENERAL
ACCIDENT FIRE & LIFE
ASSURANCE CORPORATION LIMITED
OF PERTH, SCOTLAND.

CANADIAN HEAD OFFICE - TORONTO, ONTARIO, CANADA

8022021176

# DECLARATIONS

Item 1. Name of Insured : THE FLINTKOTE COMPANY OF CANADA LIMITED and/or THE FLINTKOTE MINES LIMITED and/or Subsidiary or Affiliated corporation or corporations now existing or hereafter created as their respective interests may appear.

Address: 30 Rockefeller Plaza, New York City, N.Y. U.S.A.

Item 2. Location of premises: Salesmen in the Provinces of Manitoba and Alberta, Canada. Nfld ? ? (last pol.)

Item 3. No Insurer has cancelled any similar insurance issued to the Insured except as herein stated : No.

Item 4. Estimated Premium: $150.00, payable $150.00 in advance, subject to Conditions 2 and 3.

Item 5. The Minimum Annual Premium for this portion of the policy shall be : $50.00

Item 6. Policy Period: From 12.01 A.M. JANUARY 1st,1954 to 12.01 A.M. JANUARY 1st,1957, standard time at the address of the Insured as stated herein.

Item 7. Schedule of Operations :

| CLASSIFICATION OF OPERATIONS | Estimated 3 Yr.Payroll | Rate per $100. of Payroll | Estimated Premium |
|---|---|---|---|
| Outside (Salesmen,) or other representatives, Collectors and Messengers (wherever engaged) who do not deliver merchandise. Manitoba and Alberta. | $10,000.00 | $0.40 | $40.00 |

AGENT: MARSH & McLENNAN LTD. 8519-7 — 507 PLACE D'ARMES, MONTREAL.

Exhibit B
Page 13

8 0 2 2 0 2 1 1 7 7

COMPREHENSIVE LIABILITY POLICY

No. L-6265

GENERAL
ACCIDENT FIRE & LIFE
ASSURANCE CORPORATION LIMITED
OF PERTH, SCOTLAND.

HEAD OFFICE FOR CANADA - TORONTO

(Herein called the Insurer)

Agrees with the Insured named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the exclusions and conditions of this policy :

## INSURING AGREEMENTS

Coverage A - Bodily Injury Liability.

To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law, for damages because of bodily injury (including death at any time resulting therefrom) sustained during the policy period by any person or persons, employed by the Insured, while engaged in the Insured's business within or upon the premises or while engaged elsewhere wherever such employees may be temporarily sent, in the Dominion of Canada or the United States (exclusive of Hawaii, PortoRico and Alaska) in the performance of their duties.

## EXCLUSIONS

THIS POLICY DOES NOT APPLY to liability imposed upon the Insured by law, if such liability arises from :

(1) Any liability assumed by the Insured under contract expressed or implied.

(2) Any liability in respect of bodily injury or ~~death caused~~ by the insured wholly or in part (a) By any person employed in violation of Law as to age, or under the age of 14 years in any event or by any convict or prison labour. (b) By the making of any structural additions, structural alterations or repairs (ordinary maintenance or minor repairs excepted) unless specifically included in the classification of operations. (c) By the demolition of any building or structure. (d) By aircraft travel or operation or the performance of any duty in connection with aircraft. (e) Liability under any Workmen's Compensation Law, Plan or Agreement which has been enacted or which may hereafter be enacted in any Province.

B.C.D ? askl'd cut

Exhibit B
Page 14

LIMITS OF LIABILITY

(A) The liability of the Insurer for loss or damage resulting from bodily injury to or the death of any one person shall be limited to the sum of $10,000.00; and subject to such limits the liability of the Insurer for loss or damage resulting from bodily injury to or death of two or more persons in any one occurrence shall be limited to $50,000.00.

Inclusion herein of more than one Insured shall not operate to increase the limits of the Insurer's liability.

VOLUNTARY COMPENSATION INSURANCE
with Specified Benefits

In consideration of the premium provided in the policy the Insurer further agrees that upon the happening of an accident arising out of and in the course of employment, causing bodily injury to an employee (including death resulting therefrom), whether such accident gives rise to any liability imposed by Law upon the employer; TO PAY VOLUNTARILY THE BENEFITS herein set out to such employee, or in the event of his death, to his dependents as herein set out.

PROVIDED HOWEVER :

(a) That the benefits herein contained shall not be payable unless at the time of the accident the employee was engaged in duties coming within the scope of the classification of operations specified in the policy;

(b) That a full legal release of all claims of such employee or any person claiming by, through or under him, against the Insured is executed and delivered and that any rights of such employee or person against anyone other than the Insured be subrogated and assigned in full to the Insurer.

took out hernia exclusion.

DEFINITION

The term "weekly indemnity" referred to in this endorsement shall mean two thirds of the employee's weekly wage at the date of the accident, but not exceeding in any event the sum of Thirty Dollars ($30.00) per week.

SCHEDULE OF BENEFITS

SECTION I. In the event of death resulting from such bodily injury within a period of twenty-six (26) weeks after the date of the accident the Insurer will pay:

LOSS OF LIFE

(a) to dependents of the said employee who were wholly dependent upon him, an amount equal to one hundred (100) times the weekly indemnity in addition to the benefits provided under Section 2 up to the date of death;

(b) the actual funeral expenses not exceeding, however, the sum of one hundred and twenty-five dollars ($125.00).

**SECTION 2. TEMPORARY TOTAL DISABILITY**

If such bodily injury shall within fourteen (14) days from the date of accident totally and continuously disable the employee and prevent him from performing any and every duty pertaining to any occupation or employment the Insurer will pay weekly indemnity for the period of such disability, or for twenty-six (26) weeks whichever is the lesser period.

Provided however, that if the period of such disability is less than six (6) weeks, no benefit under this Section shall be payable for the first seven (7) days of such disability.

**SECTION 3. PERMANENT TOTAL DISABILITY**

If within twenty-six (26) weeks from the date of the accident and as a direct result of such bodily injury the employee shall be deemed permanently and totally disabled and prevented from performing any and every duty pertaining to any occupation or employment, by medical evidence satisfactory to the Insurer, the Insurer, will pay, in addition to the benefits provided under Section 2, weekly indemnity for a further period of one hundred (100) weeks.

**SECTION 4. DISMEMBERMENT BENEFITS**

If such bodily injury shall within twenty-six (26) weeks from the date of the accident result in any one or more of the incapacities listed hereinafter in the "Schedule of Incapacities" the Insurer will pay weekly indemnity for the number of weeks shown opposite the incapacity in the said schedule in addition to the benefits payable under Section 2, but in no event shall it be payable in addition to the benefits provided by Sections 1 and 3.

The total amount payable under this Section for one or more incapacities shall not exceed one hundred (100) times the weekly indemnity.

## SCHEDULE OF INCAPACITIES

| LOSS or TOTAL IRRECOVERABLE LOSS of USE of | No. of WEEKS |
|---|---|
| Arm at or above elbow | 100 |
| Arm below elbow or hand at wrist | 80 |
| Thumb or Index Finger, at or above proximal phalangeal joint | 25 |
| Any other finger, at or above proximal phalangeal joint | 15 |
| Thumb or Index Finger, distal phalange of | 18 |
| Any other finger, distal phalange of | 8 |
| Both eyes | 100 |
| One eye | 50 |

NOTE: More than one finger and/or thumb - Period equal to the sum of the periods for each finger and/or thumb, but not exceeding eighty (80) weeks.

| LOSS or TOTAL IRRECOVERABLE LOSS of USE of | No. of WEEKS |
|---|---|
| Hearing of both ears | 100 |
| Hearing of one ear | 25 |
| Leg at or above knee | 100 |
| Leg below knee or foot at ankle | 75 |
| Great Toe, at or above proximal phalangeal joint | 15 |
| Any other toe, at or above proximal phalangeal joint | 10 |
| Great Toe, distal phalange of | 8 |
| Any other toe, distal phalange of | 5 |

NOTE: More than one toe, Period equal to the sum of periods for each toe, but not exceeding thirty-five (35) weeks.

Ear? Agree?

---

**SECTION 5.**

**MEDICAL SURGICAL HOSPITAL ETC. EXPENSES**

If such bodily injury shall necessitate medical or surgical treatment or confinement to hospital, the Insurer will pay IN ADDITION TO ALL OTHER BENEFITS provided by this endorsement:

(a) the cost of the necessary medical, surgical, pharmaceutical and hospital charged in accordance with the scale of charges provided by the Workmen's Compensation Board not to exceed in all, in any event, the sum of five hundred dollars ($500.00) during a period not exceeding twenty-six (26) weeks from the date of the accident; and in addition,

(b) the cost of supplying or the reasonable renewing of prosthetic or orthopedic appliances as may be necessary for a period not exceeding fifty-two (52) weeks from the date of the accident.

## SPECIAL CONDITION

Insured consents that the insurer may request the right

The Insurer shall have the right to examine the person of the injured employee when and as often as may be required while the claim is pending and also in the case of death of the injured employee to make an autopsy subject to any law of the Province relating to autopsies.

estate & physicians
we can't give the right.

8 0 2 2 0 2 1 1 8 2



Subject otherwise to all the terms, definitions and conditions of the policy of which this forms a part.

IN WITNESS WHEREOF The General Accident Fire and Life Assurance Corporation Limited has caused this Policy to be signed by its Manager for Canada but this Policy shall not be binding upon the Insurer until countersigned by a duly authorized representative of the Insurer.

Countersigned :

J.A. Redpath.

Authorized Representative.

LB.

Douglas B. Hall

MANAGER FOR CANADA.

8 0 2 2 0 2 1 1 8 3

C-1191

ENDORSEMENT No.1

CONTINGENT EMPLOYERS LIABILITY COVER

In consideration of an additional premium of ONE HUNDRED AND SEVENTY-FIVE - - - - - 00/100 Dollars ($175.00), it is agreed that Exclusion 1 of the General Liability policy is hereby deleted and replaced with the following :

EXCLUSION 1.

This policy does not apply to any liability imposed upon or assumed by the Insured under any Workmen's Compensation Statute, Law or Plan.

Nothing herein contained shall vary, alter or extend any provision or condition of the Policy other than above stated.

THIS ENDORSEMENT attached to Policy No.L-6265 issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL, of NEW YORK, N.Y. U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12.01 A.M. on the 1st day of January, 1954, standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned :

J. Redpath
Authorized Representative.

LB.

Douglas B Hall
MANAGER FOR CANADA.

Exhibit B
Page 19

8 0 2 2 0 2 1 1 8 4

ENDORSEMENT No.2

CONTRACTUAL LIABILITY

It is agreed that this policy is extended to cover the Insureds liability arising out of contract dated October 1, 1951 between the Canadian Pacific Railway Company, hereinafter called the "Railway Company", and the Montreal Transportation Commission, hereinafter called the "Applicant", wherein The Flintkote Company of Canada Limited guarantees and becomes security for the obligations contracted by the Applicant. Excerpts are as follows :

In consideration of the convenants and conditions herein contained and on the part of the Applicant to be performed and observed the Railway Company hereby grants to the Applicant the right to place and maintain one (1) steel pole on a portion of the lands of the Railway Company at Mileage 0.6 North Bank Branch, in the Town of St.Pierre aforesaid, a t the location shown in red on the plan hereto attached, dated the Nineteenth day of July, 1951, bearing No.1346-3A, prepared by the Railway Company, which is hereby declared to be a part of this agreement, said plan being signed by the parties hereto for identification.

The Applicant hereby undertakes to r elease the Railway Company from all liability in the event of any damage being caused to the said Pole, no matter how caused.

The said pole shall be placed and maintained on the property of the Railway Company in a manner satisfactory to the Railway Company and upon the termination of this agreement the Applicant shall forthwith remove the said pole.

The Applicant hereby undertakes to indemnify and save harmless the Railway Company from all claims, loss or damage that may be caused by, result from, or be attributable to the presence of the said pole on the property of the Railway Company, including all loss or damage that would not have happened had the said pole not been placed on the property of the Railway Company.

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than above stated.

THIS ENDORSEMENT attached to Policy No.L-6265 issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK, N.Y. U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12.01 A.M. on the 1st day of January, 1954, s tandard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned :

J. A. Ledpath.
Authorized Representative.

LB.

Douglas B. Hall
MANAGER FOR CANADA

Exhibit B
Page 20

8 0 2 2 0 2 1 1 8 5

C-1547

ENDORSEMENT NO. 3

The Insurer has been furnished with a copy of an agreement dated the first day of November 1953, entered into by the Insured with the Canadian National Railway Company, regarding the laying and maintaining of an eight (8) inch oil pipe line under the right of way of the Railways, at Clarenville, Newfoundland, mile 131.06.

Arising out of the existence of such agreement an additional premium of Thirty - - - 00/100 Dollars ($30.00), is hereby charged.

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than above stated.

THIS ENDORSEMENT attached to Policy No. L-6265 issued to the FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK, N.Y. U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12.01 on the 1st day of January, 1954, standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned :

J A Redpath
Authorized Representative

MANAGER FOR CANADA

YG.

Exhibit B
Page 21

8 0 2 2 0 2 1 1 8 6

ENDORSEMENT No.5

It is agreed that Exclusion 5 (c) of the policy is amended to read : (c) goods or products manufactured, sold, handled, or distributed by the Insured out of which the damage arises.

It is further agreed that Condition 3, Inspection and Audit, is amended to read, East Rutherford, New Jersey, U.S.A. and not West Rutherford as shown in the policy.

It is further agreed that the following paragraph is added to Condition 7 of the policy having reference to Other Insurance.

Excess insurance shall not be considered as valid and collectible insurance until such time as the limit of primary insurance has been exhausted as the result of a loss.

It is further agreed that Condition 8 of the policy is amended to read:

CONDITION 8 - SUBROGATION

Inasmuch as the insurance provided by this policy is not the sole insurance applicable to the risks insured by this policy, the Insured's right of recovery against any person or other entity cannot be exclusively subrogated to others. It is, therefore, agreed that in case of any payment hereunder, the Insurers will act in concert with all other interests concerned (including the Insured) in the exercise of such right of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any interests (including the Insured's) that shall have paid amounts in excess of this policy shall first be reimbursed up to the amount paid by them; the Insurers are then to be reimbursed out of the balance of the recovery then remaining up to the amount paid hereunder. Expenses necessary to the recovery of any such amounts shall be apportioned between the interests (including the Insured) concerned in the ratio of their respective recoveries as finally settled.

In consideration of a return premium of ONE HUNDRED - - - - - -00/100 DOLLARS ($100.00), it is agreed that the Employers Liability with Voluntary Compensation portion of the policy is hereby cancelled.

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than above stated.

THIS ENDORSEMENT attached to Policy No.L-6265 issued to the FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK, N.Y. U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12.01 on the 1st day of January, 1955, standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned :

J. A. Redpath

Authorized Representative.

Douglas B. Hall

MANAGER FOR CANADA.

Exhibit B
Page 22

8022021199

**LIABILITY DEPARTMENT.**

**ENDORSEMENT**

**No. 6**

In consideration of a return premium of $52.78, it is hereby understood and agreed that the Classification of Operations forming part of this Policy is amended by the deletion of the following coverages:-

1. RAILWAY LOCOMOTIVE, NEWFOUNDLAND
2. PLANT MANAGER'S RESIDENCE, NEWFOUNDLAND

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L 6265

issued to THE FLINTKOTE COMPANY OF CANADA ETAL. of NEW YORK, N.Y., U.S.A.

when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 19th day of JANUARY 1955 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned: G. E. Smythe

(Authorized for the purpose.)

Douglas B. Hall

Manager for Canada.

655D

EK.

80220211187

LIABILITY DEPARTMENT

ENDORSEMENT

In consideration of an additional premium of One Thousand Two Hundred and One Dollars and Fifteeen Cents, ($1,201.15), it is hereby understood and agreed that the actual figures reported for the term, January 1, 1957 to January 1, 1958 are as follows:

FLINTKOTE MINES LIMITED

| | |
|---|---|
| Payroll | $915,147.38 |
| Sublet Work | $139,113.20 |

2

THE FLINTKOTE COMPANY OF CANADA LIMITED

| | | |
|---|---|---|
| Payroll | | $956,448.59 |
| Sublet Work | | $564,862.55 |
| Railway Tank Cars | 40 | |

It is also understood and agreed that a further additional premium of Two Hundred and Eighty Five Dollars and Ninety Cents, ($285.90) is due for that portion of the risk not subject to adjustment.

In consideration of the above the expiry date of the undermentioned policy is amended to read January 1, 1958.

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L. 6265 issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK, N.Y., U.S.A when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 1st day of JANUARY 1958 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned: R.B. Mooney

(Authorized for the purpose.)

MC

Exhibit B

Page 24

Douglas B Hall

Manager for Canada.

CERTIFIED COPY LIABILITY DEPARTMENT

ENDORSEMENT

In consideration of an additional premium of One Thousand Two Hundred and One Dollars and Fifteen Cents, ($1,201.15), it is hereby understood and agreed that the actual figures reported for the term, January 1, 1957 to January 1, 1958 are as follows:

FLINTKOTE MINES LIMITED

| | |
|---|---|
| Payroll | $915,147.38 |
| Sublet Work | $139,113.20 |

THE FLINTKOTE COMPANY OF CANADA LIMITED

| | | |
|---|---|---|
| Payroll | | $956,448.59 |
| Sublet Work | | $564,862.55 |
| Railway Tank Cars | 40 | |

It is also understood and agreed that a further additional premium of Two Hundred and Eighty Five Dollars and Ninety Cents, ($285.90) is due for that portion of the risk not subject to adjustment.

In consideration of the above the expiry date of the undermentioned policy is amended to read January 1, 1958.

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L. 6265 issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK, N.Y., U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 1ST day of JANUARY 19 58 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

This is a true and certified copy of Endorsement

for Manager Liability Dept.

Countersigned:

Douglas B. Hall

(Authorized for the purpose.)

Manager for Canada.

MC

Exhibit B

Page 25

ENDORSEMENT **LIABILITY DEPARTMENT**

NO. 7

In consideration of a return premium of $19.48, it is hereby understood and agreed that Endorsement #3 referring to an agreement with the Canadian National Railway Company concerning an oil pipe line is cancelled.

2 1

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L. 6265
issued to THE FLINTKOTE COMPANY OF CANADA ETAL. of NEW YORK: N.Y. U.S.A.
when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 19th. day of JANUARY 1955 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned: S. E. Smythe
(Authorized for the purpose.)

Douglas B. Hall
Manager for Canada.

ML

Exhibit B
Page 26

ENDORSEMENT

LIABILITY DEPARTMENT

It is Hereby Understood and Agreed that Condition 2 (a) second line, the words "Upon termination of this policy", are deleted and it is further understood and agreed that premium adjustments are to be made annually.

2

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L. 6265

issued to THE FLINTKOTE COMPANY OF CANADA ETAL. of NEW YORK: N.Y. U.S.A.

when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 1st. day of JANUARY 19 54 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

Mrs Cochrane
(Authorized for the purpose.)

Douglas B Hall
Manager for Canada.

ML

Exhibit B
Page 27

ENDORSEMENT LIABILITY DEPARTMENT

#9

In consideration of an additional premium of One Hundred and Twenty-Three Dollars and Eighty-Six Cents ($123.86), it is hereby understood and agreed that the actual payroll, Sublet contract prices, and tank cars in use for the period January 1, 1954 to January 1, 1955 were as follows:

| | |
|---|---|
| Actual operations payroll | $894,485.04 |
| Total sublet contracts | 101,029.98 |
| Tank cars in use 2 | .40 |

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L.6265
issued to THE FLINTKOTE COMPAY OF CANADA ET AL of NEW YORK, N.Y. U.S.A.
when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 1st day of JANUARY 1955 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

(Authorized for the purpose.)

Douglas B. Hall
Manager for Canada.

emb

Exhibit B
Page 28

ENDORSEMENT

NO.10

In consideration of an additional premium of $70.00, it is hereby understood and agreed that Endorsement No.4 dated October 25, 1954 is cancelled.

It is further understood and agreed that [illegible] amount subject to adjustment under Item number seven [illegible] Declarations is $2,904.67.

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L.6265
issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK CITY, N.Y., U.S.
when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 15th day of NOVEMBER 1955, standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

Eric B. Laurence
(Authorized for the purpose.)

Douglas B. Hall
Manager for Canada.

emb

ENDORSEMENT

In consideration of a return premium of $123.86, it is hereby understood and agreed that the Endorsement dated January 1, 1955 charging an additional premium of $123.86 is cancelled.

2 1 1

2 1

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L.6265 issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK CITY, N.Y. U.S when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 15th day of NOVEMBER 19 55 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

(Authorized for the purpose.)

Douglas B Hall

Manager for Canada.

emb

Exhibit B
Page 30

ENDORSEMENT LIABILITY DEPARTMENT

No. 12

In consideration of an additional premium of $100.62 it is hereby understood and agreed that the [illegible] payroll, sublet contract prices, and tank cars in use [illegible] the period January 1, 1954 to January 1, 1955 were as [illegible]:-

| | |
|---|---|
| Actual Operations Payroll | $894,[illegible] |
| Total Sublet Contracts | $101,029.98 |
| Tank Cars In Use | 40 |

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L.6265 issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK CITY, N.Y. U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 15th day of NOVEMBER 1955 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

(Authorized for the purpose.)

Douglas B Hall

Manager for Canada.

emb

Exhibit B
Page 31

ENDORSEMENT

NO. 13 **LIABILITY DEPARTMENT**

In consideration of an additional premium of $180.71 it is hereby understood and agreed that the actual payroll, sublet contract prices and tank [illegible] in use for the period January 1, 1955 to January [illegible] 1956 were as follows:

| | | |
|---|---|---|
| 2 | Actual Operations Payroll | $ 940,205.47 |
| | Total Sublet Contracts | $ 227,630.57 |
| 2 | Tank Cars in Use | 40 |

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L.6265

issued to THE FLINTKOTE COMPANY OF CANADA ETAL of NEW YORK: N.Y. U.S.A.

when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 1st day of JANUARY 19 56 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

A. Cochrane
(Authorized for the purpose.)

McK.

Douglas B Hall
Manager for Canada.

ENDORSEMENT LIABILITY DEPARTMENT

It is hereby understood and agreed that Item 6 of the Declarations is extended to cover a further term of 6 months as from January 1st, 1957, 12.01 A.M. standard time to June 30th, 1957, 12.01 A.M. Standard time.

It is further understood and agreed that the Insured will submit statement of payroll for the period of the above mentioned.

2

2

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L.6265

issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL of NEW YORK: N.Y. U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 1st day of JANUARY 1957, standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

Eric B. Lawrance
(Authorized for the purpose.)

Douglas B. Hall
Manager for Canada.

emb

ENDORSEMENT

NO. 15

In consideration of an additional premium of Two [illegible] and Seventeen Dollars and Eighty Three Cents ($217.83) [illegible] hereby understood and agreed that the actual payroll, sublet contract prices and Tank Cars in use for the period January [illegible] 1956 to January 1, 1957 were as follows:-

| | |
|---|---|
| Actual Operations Payroll | 1562,611.34 |
| Total Sublet Contracts | 224,875.86 |
| Tank Cars in Use | 40 |

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L.6265

issued to THE FLINTKOTE COMPANY OF CANADA ETAL of NEW YORK, N.Y., U.S.A. when signed by the Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 1st day of JANUARY 1957 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED by

Countersigned:

(Authorized for the purpose.)

655D

AG.

Manager for Canada.

Exhibit B

Page 34