Apple Inc. v. Psystar Corporation
Doc. 1214 Att. 3

8022040476

Canadian

POLICY NO. L.90-5010

4 of 20

THE

# General Accident

ASSURANCE COMPANY
OF CANADA

HEAD OFFICE - TORONTO

Expires 1/1/61

THE FLINTKOTE COMPANY OF
CANADA LIMITED ET AL

NEW YORK CITY, NEW YORK

1/1/58

MARSH & McLENNAN
LIMITED
INSURANCE
44 KING ST. W. TORONTO 1, ONT. EMPIRE 6-1581

Exhibit D
Page 1

Dockets.Justia.com

8022040475

# THE GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA

HEAD OFFICE - TORONTO

REPLACING
POLICY NO.L.-90-4672

POLICY NO.L.-90-5010

DECLARATIONS

Item 1. NAME OF INSURED: THE FLINTKOTE COMPANY OF CANADA LIMITED and/or THE FLINTKOTE MINES LIMITED and/or Subsidiary or Affiliated corporation or corporations now existing or hereafter created as their respective interests may appear.

ADDRESS: 30 ROCKEFELLER PLAZA, NEW YORK CITY, NEW YORK, U.S.A.

Item 2. BUSINESS OF THE INSURED: Consists principally of asbestos mining and milling, wood preserving, manufacturing of road surfacing and waterproofing materials, asphalt and asbestos products.

Item 3. ~~No~~ Insurer has cancelled any similar insurance issued to the Insured except as herein stated: NO

Item 4. Estimated Advance Premium: $5,112.00

Item 5. The Minimum Annual Premium shall be? $500.00

Item 6. Policy Period: From 12.01 A.M. JANUARY 1st, 1958 to 12.01 A.M. JANUARY 1st, 1961, Standard time at the address of the Insured as stated herein.

Item 7. It is agreed that the Estimated Advance Premium is subject to adjustment annually at the following rates:

Est. 3 year Sales $21,300,000.00@.024 per $100.00 - 3 year Prem. $5,112.00

AGENT: MARSH & McLENNAN LIMITED ADDRESS: TORONTO : ONTARIO

Exhibit D
Page 2

THE GENERAL ACCIDENT ASSURANCE
COMPANY OF CANADA

POLICY NO. L.90-5010

---

AGREES with the Insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the exclusions and conditions of this policy:

INSURING AGREEMENTS

1. Coverage A - Bodily Injury Liability

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay by reason of liability for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons.

Coverage B - Property Damage Liability

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay by reason of liability for damages because of injury to or destruction of property, including the loss of use thereof.

II. Assumed Liability. Products Liability

Coverage A and Coverage B shall include coverage for liability assumed by the Insured under any contract or agreement in force at any time during the policy period, and also for liability arising out of the possession, consumption, processing or use of any merchandise or product manufactured, sold, processed or distributed by the insured.

III. Additional Insured

This policy shall cover the following as Additional Insureds in respect of liability arising from the risk of the named Insured:

(1) Persons, firms or corporations financially controlling or controlled by the Insured.
(2) Agents of the Insured having care, custody or control of the property or operations of the Insured.

IV. Defense, Settlement, Supplementary Payments

It is further agreed that the Company shall:

(a) defend in the name and on behalf of the Insured any suit against the Insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company.

(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, all costs taxed against the Insured in any such suit, all expenses incurred by the Company, all interest accruing after entry of judgment until the Company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon, and any expense incurred by the Insured, in the event of bodily injury, for such immediate medical and surgical relief to others as shall be imperative at the time of occurrence.

The Company agrees to pay the expenses incurred under divisions (a) and (b) of this section in addition to the applicable limit of liability of this policy.

V. Assault

Bodily injury or death alleged to have been caused by an assault shall be deemed the result of an occurrence within the meaning of this policy, provided that the assault was not committed at the specific instance or direction of the Insured.

VI. Cross Liability Clause

It is understood and agreed that the coverage provided by this policy shall apply with respect to any action brought against any one Insured by any other Insured or by any employee of such other Insured.

VII. Territory

This policy shall apply to occurrences occurring anywhere in the World, provided suit is brought in the Dominion of Canada or the United States of America, its territories or possessions.

DEFINITIONS

1. "BODILY INJURY" as used in this policy shall be construed to include sickness, disease, disability and mental anguish, and also personal injury arising out of:

   (1) False arrest, false imprisonment, false eviction, detention or malicious prosecution.

   (2) Libel, slander or defamation of character, except that which arises out of advertising activities.

2. The unqualified word "INSURED" wherever used includes not only the named Insured but also any partner, executive officer, director stockholder or employee thereof for claims arising out of his status as such.

3. "PRODUCTS" shall mean
   (1) the processing or use of, the existence of any condition in, or a warranty of goods or products manufactured sold, processed or distributed by the Insured (other than anything belonging to the Insured located outside the Insured's own premises for the use of others, whether or not a charge is made for such use) if the occurrence on which the claim is founded arises after the Insured has relinquished possession thereof to others and away from premises owned, rented or controlled by the Insured.

   (2) the construction operations of the Insured, if the occurrence on which the Claim is founded arises after such operations have been completed or abandoned at the place of such occurrence and away from premises owned, rented or controlled by the Insured, provided that operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to a service or maintenance agreement.

4. "ELEVATOR" shall mean a hoisting and lowering mechanism equipped with a car or platform which moves in guides in a substantially vertical direction, including its shaft, hoistway, equipment and operating machinery.

5. "ESCALATOR" shall mean a moving, inclined, continuous stairway or runway used for raising or lowering passensers or freight.

6. When used as a basis for premium computation:

(1) "RECEIPTS" shall mean the gross amount of money, including taxes, charged by the Insured or by others for such of the Insured's operations as are rated on a receipts basis;

(2) "SALES" shall mean the total amount of money, including taxes, charged (a) for all goods and products sold or distributed during the policy period by the Insured or, (b) for construction operations entered into during the policy period by the Insured.

EXCLUSIONS

Except with respect to liability assumed under contract, this policy does not apply to:

(1) bodily injury sustained by any employee of the Insured while engaged in his duties as such. This exclusion shall not apply to those employees not covered by any Workmen's Compensation Statute, Law or Plan;

(2) except with respect to operations performed by independent contractors, the ownership, maintenance, operation or use (including loading and unloading) by or on behalf of the Insured of any of the following, including their equipment: Any self-propelled vehicle, trailer or semi-trailer which may only be covered by a statutory automobile insurance policy, any aircraft, watercraft.

IN THE PROVINCE OF QUEBEC this exclusion shall not apply to motor vehicles having no apparatus for the load, and which are equipped for purposes of construction, repairs, or maintenance, for which reduced license fees have been established by Order in Council No. 91, dated February 3, 1949, nor to motor vehicles which are not intended to circulate on the public highways, for which special fees have been established by Order in Council No. 125, dated February 10, 1949;

(3) injury to or destruction of:

(a) property owned or occupied by or leased to the Insured; or any other property used by or in the care, custody or control of the Insured. This exclusion shall not apply to

(i) injury to or destruction of property of others in charge of or transported by the Insured caused by elevators or escalators;
(ii) injury to or destruction of leased premises;
(iii) injury to or destruction of employees' personal effects.

(b) any personal property or any fixtures as a result of any work performed thereon, by the Insured or anyone on his behalf;

(c) goods or products, manufactured, sold, processed, or distributed by the Insured in or out of which the accident arises;

(d) work done by or for the Insured where the cause of accident is defect in such work.

CONDITIONS

**A Limitation of Liability** In respect of coverages A and B, the liability of the Company for all damages, including damages for care and loss of services, arising out of bodily injury to or death of one person, shall be limited to the sum of $100,000.00 in any one occurrence, and subject to the same limit for each person, the total limit of the Company's

liability for all damages, including damages for care and loss of services, arising out of bodily injury to or death of two or more persons, shall be limited to the sum of $200,000.00 in any one occurrence. The liability of the Company on account of all claims for damages because of injury to or destruction of property including the loss of use thereof, shall be limited to the sum of $20,000.00 as the result of any one occurrence. There is no limit to the number of occurrences for which claims may be made hereunder, provided such occurrences occur during the currency of this policy, except as hereinafter provided.

The inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability.

**B Premium** — The premium for this policy is as stated in the Declarations.

**C Automatic Coverage** — This policy shall cover automatically additional premises and elevators acquired during the terms of this policy without prior notice to the Company, but the Insured shall, within ninety days of their acquisition or installation in the Insured's services, report additional elevators to the Company by written notice for the sole purpose of enabling the Company to afford adequate inspection service.

**D Notice of Occurrence** — Upon the happening of an occurrence, considered as coming within the scope of this policy, written notice shall be given by or on behalf of the Insured to the Company or to Marsh & McLennan Limited as soon as practicable after notice thereof has been received by its executive officers at the Insured's head office at New York, N.Y., or by its Insurance Manager. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence or accident, the name and address of the injured, and of any available witnesses, If claim is made or suit brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by it or its representatives.

**E Assistance and Co-Operation of the Insured** — The Insured shall co-operate with the Company, and upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits, and the Company shall reimburse the Insured for any expenses, other than loss of earnings, incurred at the Company's request. The Insured shall not, except at its own cost, voluntarily make any payments, assume any obligation, or incur any expense other than for such immediate medical,and surgical relief to others as shall be imperative at the time of the occurrence or accident. Upon the Company's request, the Insured shall give to the Company a signed statement of facts containing all available information deemed necessary by the Company to determine and define its liability and rights under this policy.

**F Action Against Company** — No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the conditions hereof, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company, nor in either event unless suit is instituted within three years and one day after the date of such judgment or written agreement.

Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the Insured.

Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability. Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations hereunder.

**G Other Insurance**

If the Insured has other insurance against a loss covered by this policy, the Insurer shall not be liable for a greater proportion of such loss than the applicable limit of liability bears to the total applicable limit of liability of all valid and collectible insurance against such loss.
Excess insurance shall not be considered as valid and collectible Insurance until such time as the limit of primary insurance has been exhausted as the result of a loss.

**H Conflicting Statutes**

If any condition in this policy conflicts with any specific statutory provision in the province or state in which it is claimed that the Insured is liable for any such injuries or loss as are covered by this policy, such specific statutory provision shall be substituted for such condition.

**I Subrogation**

Inasmuch as the insurance provided by this policy is not the sole insurance applicable to the risks insured by this policy, the Insured's right of recovery against any person or other entity cannot be exclusively subrogated to others. It is, therefore, agreed that in case of any payment hereunder, the Insurers will act in concert with all other interests concerned (including the Insured) in the exercise of such right of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any interests (including the Insured's) that shall have paid amounts in excess of this policy shall first be reimbursed up to the amount paid by them; the Insurers are then to be reimbursed out of the balance of the recovery then remaining up to the amount paid hereunder. Expenses necessary to the recovery of any such amounts shall be apportioned between the interests (including the Insured) concerned in the ratio of their respective recoveries as finally settled.

**J Changes**

No notice to any agent or knowledge possessed by any agent or by any other person shall be held to effect a waiver or change in any part of this policy nor stop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by the General Manager.

**K Assignment**

No assignment of interest under this policy shall bind the Company until its consent is endorsed hereon. If the Insured shall be adjudged bankrupt or insolvent within the policy period, this policy, unless cancelled, shall cover the Insured's legal representative for the unexpired portion of such period.

**L Cancellation**

This Policy may be cancelled at any time by either party by written notice to the other stating when thereafter cancellation shall be effective. Such notice by Registered Mail by the Company to the Insured's address stated in the Declarations, given not less than sixty (60) days prior to the effective date of cancellation

8022040486



shall be a sufficient notice. The mailing of notice by Registered Mail as aforesaid shall be sufficient proof of notice and the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice, either by the Insured or the Company shall be equivalent to mailing. The Company's cheque or the cheque of its representative similarly mailed or delivered shall be a sufficient tender of any refund of premium due to the Insured. In the event of cancellation the minimum premium as stated in the Declarations of the policy shall apply.

M
Declarations

By acceptance of this policy, the Insured agrees that the statements in the Declarations are its agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between itself and the Company or any of its agents relating to the insurance.

IN WITNESS WHEREOF The General Accident Assurance Company of Canada has caused this Policy to be signed by its General Manager, but this Policy shall not be binding upon the Company until countersigned by a duly authorized representative of the Company.

Countersigned:

............................
(Authorized Representative)

GENERAL MANAGER

8 0 2 2 0 4 0 4 7 7

**ENDORSEMENT** LIABILITY DEPARTMENT

PREMIUM ADJUSTMENT

In consideration of x/an additional premium in the amount of NINE HUNDRED AND ONE AND......80/100Dollars,($901.80) it is hereby understood and agreed that the actual figures declared by the Insured for the period JANUARY 1, 1960 to JANUARY 1, 1961 were as follows:

| | | |
|---|---|---|
| THE FLINTKOTE COMPANY OF CANADA LIMITED | - | $ 9,023,004.00 |
| THE FLINTKOTE MINES LIMITED | - | 1,834,500.00 |

Nothing herein contained shall vary, alter or extend any provision or condition of the Policy other than as above stated.

This endorsement, effective JANUARY 1ST, 1961 and attached to Policy No. L.-90-5010

issued to THE FLINTKOTE COMPANY OF CANADA LIMITED A/O THE FLINTKOTE MINES LIMITED A/O ET AL

by ☒ The General Accident Assurance Company of Canada

☐ General Accident Fire and Life Assurance Corporation Limited

☐ Scottish Canadian Assurance Corporation

and executed by an Officer of the Insurer and countersigned by a duly authorized representative shall be valid and form part of said Policy,

Executed on behalf of the Insurer by

Douglas B Hall

8757

Countersigned:

E McDonald

(Authorized Representative

MC

7-655 REVISED 1959 SHORT

Exhibit D

Page 9

8 0 2 2 0 4 0 4 7 8

ENDORSEMENT LIABILITY DEPARTMENT

PREMIUM ADJUSTMENT

In consideration of a/an additional premium in the amount of SEVEN HUNDRED & ELEVEN &......10/100 Dollars, ($711.10) it is hereby understood and agreed that the actual figures declared by the Insured for the period
JANUARY 1, 1959 to JANUARY 1, 1960
were as follows:

THE FLINTKOTE CO. OF CANADA LTD. - $ 8,251,215.00

THE FLINTKOTE MINES LIMITED - 1,811,724.00

Nothing herein contained shall vary, alter or extend any provision or condition of the Policy other than as above stated.

This endorsement, effective JANUARY 1, 1960 and attached to Policy No. L.-90-5010

issued to THE FLINTKOTE COMPANY OF CANADA LIMITED ET AL

by ☒ The General Accident Assurance Company of Canada

☐ General Accident Fire and Life Assurance Corporation Limited

☐ Scottish Canadian Assurance Corporation

and executed by an Officer of the Insurer and countersigned by a duly authorized representative shall be valid and form part of said Policy,

Executed on behalf of the Insurer by

Douglas B. Hall

S757
Countersigned:

E. McDonald

(Authorized Representative

MC

7-655 REVISED 1959 SHORT

Exhibit D

Page 10

8 0 2 2 0 4 0 4 7 9 ENDORSEMENT

LIABILITY DEPARTMENT

PREMIUM ADJUSTMENT

In consideration of x/an additional premium in the amount of FIVE HUNDRED & FORTY-FIVE &75/100 Dollars, ($545.75) it is hereby understood and agreed that the actual figures declared by the Insured for the period JANUARY 1,1958 to DECEMBER 31, 1958 were as follows:

ACTUAL GROSS SALES

| | |
|---|---|
| THE FLINTKOTE COMPANY OF CANADA LTD | - $7,061,484.00 |
| FLINTKOTE MINES LIMITED | - 2,312,459.00 |

Nothing herein contained shall vary, alter or extend any provision, or condition of the Policy other than as above stated.

THIS ENDORSEMENT attached to Policy No. L90-5010

issued to FLINTKOTE COMPANY OF CANADA LIMITED ETAL of NEW YORK, N.Y., U.S.A.

when signed by the General Manager and countersigned by a duly authorized representative of the Company shall be valid and form part of said Policy and shall come into force at 12:01 a.m. on the 11th day of MARCH 1959 standard time at the Insured's address contained in the Declarations of said Policy.

Executed on behalf of THE GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA by

Countersigned:

J. Claude Darie

(Authorized for the purpose.)

Form 4-133

mfw

Douglas B Hall

General Manager.

Exhibit D

Page 11