Apple Inc. v. Psystar Corporation Doc. 1298

QUALLS & WORKMAN, L.L.P.
Daniel H. Qualls (Bar # 109036)
Robin G. Workman (Bar # 145810)
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660

Attorneys for Plaintiff David A. Dudash and all
all others similarly situated.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. DUDASH,<br>Plaintiff,<br><br>vs.<br><br>VARNELL STRUCK & ASSOCIATES, INC.,<br>Defendant. | No. C 04-02748 MHP<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff David A. Dudash (Dudash) by his attorneys, brings this action on behalf of himself, all other persons similarly situated and the general public hereby alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. section 1331 because this action arises under numerous laws of the United States including the Fair Labor Standards Act of 1947, 29 U.S.C. section 207, et. seq. In addition, because the claims stated herein arise from the same or substantially similar facts and circumstances and derive from a common nucleus of operative facts, the Court has pendant jurisdiction to hear all claims presented in this action pursuant to 28 U.S.C. section 1367.



Dockets.Justia.com

2. The claims involved in this action arose in the Northern District of California, in that events described herein occurred in this judicial district. Venue is accordingly proper in this Court pursuant to 28 U.S.C. section 1391.

**PARTIES**

3. Plaintiff is a California resident and natural person.

4. Plaintiff is informed and believes and on that basis alleges that Defendant Varnell, Struck & Associates (VSA) is and at all times material herein mentioned was, a corporation doing business in the State of California and within this judicial district.

**FACTS APPLICABLE TO ALL CLAIMS**

5. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 4 above.

6. This action alleges that VSA (1) failed to pay employees overtime in violation of the Fair Labor Standards Act of 1947 (FLSA), California Labor Code §1194, and applicable California Industrial Welfare Commission Orders; and, (2) failed to pay its California employees compensation for work without meal and break periods in violation of California Labor Code § 226.7 and applicable Industrial Welfare Commission Orders.

7. This action seeks relief for unremedied violations of Federal and California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the practices at issue, who have not been paid the appropriate rate of pay for overtime worked, who have not received overtime pay for overtime worked, who have not received compensation for labor provided without rest or meal period breaks, and who have failed to receive accurate wage statements.

8. Dudash is an adequate and proper class representatives. Dudash brings this action in his individual capacity, on behalf of all others similarly situated, and, pursuant to California Business & Professions Code §17204, on behalf of the general public. Plaintiff Dudash was and is employed by VSA in California, from February 2002, to the present. Dudash was and remains employed by VSA as a service representative, aka service specialist (SR). While employed as an SR, Plaintiff Dudash was required to work overtime on a routine, daily and weekly basis. Duties

and tasks performed by Dudash as an SR, and all others similarly situated, were such that Plaintiff Dudash and class members, were non-exempt employees and entitled to overtime compensation. As a result, VSA paid Plaintiff Dudash wages significantly less than that required by law. In addition, VSA failed to provide Dudash, and all other similarly situated VSA California employees, with off-duty rest and meal period breaks, and failed to provide Dudash and all others similarly situated California employees with accurate statement of wages.

9. VSA is, and at all relevant times was, an employer under applicable California Industrial Welfare Commission Orders.

10. This action seeks relief on behalf of a class of persons in the employ of VSA between July, 2000, and the present comprised of two subclasses of VSA employees (the Class):

a. SRs employed by VSA in the United States (excluding California);

b. SRs employed by VSA in California.

11. The class is sufficiently numerous, since it is estimated to include approximately 600-700 or more VSA employees geographically dispersed, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

12. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may affect individual class members, including but not limited to the following:

(a) Whether VSA implemented and engaged in a systematic practice whereby it unlawfully failed to pay overtime and failed to pay employees for either meal breaks and/or rest breaks worked as required by law;

(b) Whether VSA implemented and engaged in a systematic practice whereby it failed to provide accurate wage statements to California employees;

(c) Whether the systematic acts and practices of VSA as alleged herein violated, inter alia, applicable provisions of the Federal Fair Labor Standards Act of 1947, 29 U.S.C. section 207, et. seq., and the California

Labor Code, including but not limited to, sections 221, 226, 226.7, 512, 1174, 1194 and 2698, and applicable Industrial Welfare Commission Orders, and California Business & Professions Code § 17200, et seq.

13. Because Plaintiff worked overtime on a daily and weekly basis, was routinely required to work through both meal and rest brakes on a daily basis, for which Plaintiff was not properly compensated, was and is a non-exempt employee, based upon the duties and responsibilities actually required and performed by Plaintiff, failed to receive timely and accurate wage statements, Plaintiff is asserting claims that are typical of the claims of the Class.

14. Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflict of interest that would be antagonistic to those of the other members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

15. Because Plaintiff and the members of the Class have all similarly suffered irreparable harm and damages as a result of VSA's unlawful and wrongful conduct, including but not limited to VSA's systematic failure to pay overtime wages, systematic failure to provide for rest and meal period breaks, and systematic failure to pay for meal and break periods worked class treatment is especially appropriate. Because the hours worked by VSA employees and class members follow common patterns, all of which are reflected in the records possessed by VSA, this action will provide substantial benefits to both. Absent this action, VSA's unlawful conduct will continue unremedied and uncorrected.

## CLAIMS PRESENTED

## FIRST CAUSE OF ACTION

**(Failure To Pay Overtime Wages In Violation Of The Fair Labor Standards Act Of 1947, 29 U.S.C. sec. 207 et. seq.)**

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1-15 of this Complaint as if fully set forth herein.

17. During all relevant periods, VSA required Plaintiff and class members to work shifts in excess of forty hours per week.

18. During all relevant periods, the FLSA required that all work performed by a non-exempt employee in excess of forty hours in any workweek be compensated at one and one-half times the employee's regular rate of pay. VSA failed to compensate Plaintiff and class members for overtime hours they worked in excess of forty hours in any workweek, at one and one-half times their regular rate of pay. As a result, VSA failed to pay Plaintiff and class members earned overtime wages. Plaintiff and class members are entitled to recover their unpaid overtime compensation and penalties arising therefrom.

19. Plaintiff and the other members of the class members are therefore entitled to the relief requested below.

**SECOND CAUSE OF ACTION**

**(Failure To Pay Overtime Wages Pursuant to California Labor Code Section 1194)**

20. Plaintiff Dudash incorporates by reference the allegations contained in paragraphs 1-19 of this Complaint as if fully set forth herein.

21. During all relevant periods, VSA required Plaintiff and class members to work shifts in excess of eight hours per day, and to work in excess of forty hours per week.

22. During all relevant periods, both the California Labor Code and the pertinent wage orders required that all work performed by an employee in excess of eight hours in any workday, on the seventh day of work in any workweek, or in excess of forty hours in any workweek be compensated at one and one-half times the employee's regular rate of pay. VSA failed to compensate Plaintiff and class members for overtime hours they worked in excess of eight hours in any workday, or in excess of forty hours in any workweek, at one and one-half times a rate of pay, based upon their regular rate of pay. As a result, VSA failed to pay Plaintiff and class members earned overtime wages. Plaintiff and class members are entitled to recover their unpaid overtime compensation and penalties arising therefrom.

23. Plaintiff and the other members of the class members are therefore entitled to the relief requested below.

## THIRD CAUSE OF ACTION

**(Failure To Provide Rest And Meal Period Breaks Pursuant To California Labor Code Sections 226.7, 512)**

24. Plaintiff Dudash incorporates by reference the allegations contained in paragraphs 1-23 of this Complaint as if fully set forth herein.

25. During all relevant periods, VSA illegally and unlawfully required Plaintiff Dudash and class members to work through meal periods and break periods.

26. During all relevant periods, both the California Labor Code and the pertinent wage orders required that Plaintiff Dudash and class members be compensated for the meal periods and break periods for which VSA required Plaintiff and class members to work. VSA failed to compensate Plaintiff and class members for meal periods and break periods worked as required by law. Plaintiff and class members are entitled to recover their unpaid wages and compensation and penalties arising therefrom.

27. By unlawfully requiring Plaintiff and class members to work without lunch breaks and rest periods and in failing to properly compensate Plaintiff and class members for the meal periods and break periods they worked as alleged herein, VSA acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiff and class members by reaping economic gain at plaintiffs' and class members' expense, in willful and conscious disregard of plaintiffs' and class members' statutory and regulatory right to lunch and rest periods and overtime compensation.

28. Plaintiff and the other members of the class are therefore entitled to the relief requested below.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair And Fraudulent Business Practices Pursuant To Business & Professions Code Sections 17200, et seq.)**

29. Plaintiffs and class members incorporate by reference the allegations contained in paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Business & Professions Code section 17200, et seq. prohibits acts of unfair competition, which shall mean and include any “unlawful business act or practice.”

31. The policies, acts and practices heretofore described were and are an unlawful business act or practice because VSA's failure to pay overtime wages, failure to provide rest and meal period breaks, failure to pay wages and compensation for work without rest and meal period breaks, and failure to provide accurate and timely wage statements violates applicable Labor Code sections, including but not limited to Labor Code §§ 221, 226, 226.7, 512, 1174 and 1194, applicable Industrial Welfare Commission Wage Orders, the Labor Code Private Attorney General Act of 2004, Labor Code Section 2698 et. seq., and other provisions of California common and/or statutory law. Plaintiff reserves the right to allege additional statutory and common law violations by VSA. Such conduct is ongoing to this date.

32. Business & Professions Code §17200, et seq. also prohibits acts of unfair competition, which shall mean and include any “unfair business act or practice.”

33. The policies, acts or practices described herein were and are an unfair business act or practice because any justifications for VSA’s illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused plaintiffs, the class members, and the members of the general public. Such conduct is ongoing to this date.

34. Plaintiff and the other members of the Class are therefore entitled to the relief requested below.

## FIFTH CAUSE OF ACTION

**(California Labor Code Private Attorneys General Act of 2004: Labor Code Sec. 2698)**

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1-34 of this Complaint as if fully set forth herein.

36. The policies, acts and practices heretofore described were and are an unlawful business act or practice because VSA's failure to pay overtime wages, failure to provide rest and meal period breaks, failure to pay wages and compensation for work without rest and meal period breaks, and failure to provide accurate wage statements to Plaintiffs and class members violates applicable Labor Code sections and gives rise to statutory penalties as a result of such conduct,

including but not limited to penalties as provided by Labor Code §§ 221, 226, 226.7, 558, 1174, 1194, and applicable Industrial Welfare Commission Wage Orders. Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of himself and other current and former employees of VSA against whom one or more violations of the Labor Code was committed.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment and relief as follows:

1. An order certifying that the action may be maintained as a class action;

2. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, inter alia, the unpaid balance of overtime compensation VSA owes;

3. For recovery of penalties as provided by the Labor Code Private Attorneys General Act of 2004;

4. Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

5. An order enjoining VSA from pursuing the policies, acts, and practices complained of herein;

6. Reasonable attorneys' fees pursuant to inter alia, California Labor Code § 1194(a); the Labor Code Private Attorneys General Act of 2004; and pursuant to the Fair Labor Standards Act of 1947;

7. Costs of this suit;

8. Pre- and post-judgment interest; and

9. Such other and further relief as the Court deems just and proper.

///

///

///

///

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Date: ______________________

QUALLS & WORKMAN, L.L.P.

By: ________________________________

Daniel H. Qualls
Attorneys for Plaintiff and all others similarly situated.