Apple Inc. v. Psystar Corporation Doc. 1303

Matthew T. Powers (SBN 124493)
SIDLEY AUSTIN BROWN & WOOD LLP
555 California Street, Suite 5000
San Francisco, CA 94104-1715
Telephone: (415) 772-1200
Facsimile: (415) 397-4621

David T. Pritikin (*Pro Hac Vice*)
Hugh A. Abrams (*Pro Hac Vice*)
Lisa A. Schneider (*Pro Hac Vice*)
Stephanie P. Koh (*Pro Hac Vice*)
SIDLEY AUSTIN BROWN & WOOD LLP
10 S. Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Defendant
CORDIS NEUROVASCULAR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and TARGET THERAPEUTICS, INC., | Case No. C 02 1474 JW (RS) |
| Plaintiffs, | **NOTICE OF MOTION; MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CORDIS' MOTION FOR LEAVE TO AMEND FINAL INVALIDITY CONTENTIONS (PATENT L.R. 3-7)** |
| vs. | |
| CORDIS CORPORATION, | [Proposed] Order Granting Defendant Cordis' Motion for Leave to Amend Final Invalidity Contentions is filed concurrently herewith. |
| Defendant. | Hearing Date: August 16, 2004<br>Time: 9:00 a.m.<br>Place: Courtroom of the Hon. James Ware |



Dockets.Justia.com

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 16, 2004 at 9:00 a.m., or as soon thereafter as counsel may be heard in the above entitled Court, Defendant Cordis Neurovascular, Inc. ("Cordis") will and hereby does move the Court for leave to amend its Final Invalidity Contentions, pursuant to Patent Local Rule 3-7.

This motion is supported by this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, and the Declaration of Stephanie P. Koh in Support of Defendant Cordis' Motion for Leave to Amend Final Invalidity Contentions ("Koh Decl."), all of which are filed or lodged concurrently herewith, and by such evidence and argument as may be presented to the Court before or at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant Cordis seeks leave to further amend its Final Invalidity Contentions, pursuant to Patent Local Rule 3-7. Cordis has met and conferred with counsel for plaintiffs Boston Scientific Corp. and Target Therapeutics, Inc. (collectively, "plaintiffs") and attempted, unsuccessfully, to secure plaintiffs' agreement to this amendment.[1] Concurrently with this motion, Cordis is serving a complete set of its Second Amended Final Invalidity Contentions on plaintiffs' counsel.[2] As the Amended Final Contentions are over 600 pages long (Koh Decl. ¶ 4), the amended Contentions are not included with this motion.[3] As with its previous motion to amend its invalidity contentions, Cordis is not adding any new theories of invalidity, but only seeks to supplement its Contentions to reflect recently acquired documents that are important to the just disposition of this case. The Federal Circuit's emphasis on the strong public interest in the accurate determination of patent invalidity supports the need to consider these documents. *See, e.g., In re Baker Hughes, Inc.*, 215 F.3d 1297, 1302 (Fed. Cir. 2000) ("The public interest lies in having valid patents upheld and invalid

---

[1] Declaration of Stephanie P. Koh in Support of Defendant Cordis' Motion for Leave to Amend Final Invalidity Contentions ("Koh Decl.") ¶ 3.

[2] Koh Decl. ¶ 4.

[3] If the Court prefers, a copy of the entire amended Contentions will be submitted.

patents rendered invalid, and hence patents should be reexamined when a substantial question of patentablility is raised."). Cordis could not have included these documents in its Contentions before November 26, 2003, the deadline for submitting Final Invalidity Contentions, or before April 29, 2004, the date on which Cordis served Cordis' Revised Disclosure of Final Invalidity Contentions Relating to the Guglielmi and Sepetka Patents, because these documents were obtained or became relevant only recently.

Cordis seeks to add as references to its Final Invalidity Contentions an Invention Disclosure Statement[4] and U.S. Patents Nos. 6,458,119 ("the '119 patent")[5] and 5,147,315 ("the '315 patent").[6] Cordis seeks to add these references to its Contentions because they are highly relevant to Cordis' already existing theories of invalidity.

Cordis has acted diligently in seeking leave to amend its Final Invalidity Contentions to include these references that only recently were obtained or became relevant. There is no prejudice to plaintiffs resulting from the addition of these references. As with Cordis' previous motion to amend its Contentions, which the Court granted, the proposed Amended Contentions will not require significant additional discovery and discovery is not closed. Plaintiffs are being served the Amended Contentions concurrently with this motion and rebuttal expert reports have not yet been exchanged on invalidity. Plaintiffs' expert can easily review and respond to the Amended Contentions in the rebuttal expert reports due July 23, 2004 and Cordis' expert can be deposed regarding the Amended Contentions. Cordis' proposed amendments will not lead to burdensome and substantial discovery or delay of the discovery cutoff. Accordingly, good cause to amend the Final Invalidity Contentions is established, as required by Patent Local Rule 3-7, and the Court should grant Cordis' motion for leave to amend its Final Invalidity Contentions.

## ARGUMENT

An amendment to Final Invalidity Contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause. Patent L.R. 3-7. *See also, e.g.*, *LG Elecs. Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002); *E-Pass Techs., Inc. v.*

[4] Koh Decl. Ex. 1.
[5] Koh Decl. Ex. 2.
[6] Koh Decl. Ex. 3.

*3Com Corp.*, 222 F. Supp. 2d 1157, 1161 (N.D. Cal. 2002), *vacated and remanded on other grounds*, 343 F.3d 1364 (Fed. Cir. 2003). A "good cause" standard "primarily considers the diligence of the party seeking amendment," and also considers the existence or degree of prejudice to the party opposing the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (discussing "good cause" standard under Fed. R. Civ. P. 16(b)).

## I. CORDIS HAS DILIGENTLY ACTED TO SEEK LEAVE TO AMEND.

The Invention Disclosure Statement, the '119 patent and the '315 patent that Cordis seeks to add to its Contentions were acquired or became relevant <u>after</u> Cordis' deadline for submitting Final Invalidity Contentions, and <u>after</u> Cordis' previous motion to amend its Contentions. After acquiring these references, Cordis has diligently evaluated them to ensure that they were significant to and not duplicative of other references in its Final Invalidity Contentions. Once Cordis confirmed that these references were relevant and important to add, this motion was prepared promptly. These references however do not add any new theories of invalidity -- each of them relate to Cordis' existing theories of invalidity. The references should therefore be included in Cordis' invalidity contentions and Cordis' invalidity defenses in this case.

Cordis had no opportunity to include the Invention Disclosure Statement until it was produced by plaintiffs on May 4, 2004, after Cordis filed its previous motion to amend its Contentions.[7] Even after Cordis' receipt of the Invention Disclosure Statement, Cordis did not know that plaintiffs would be allowed to offer it as evidence until the Court issued its Order Denying Cordis' Motion to Preclude Plaintiffs from Offering Invention Disclosure or Other Evidence to Support an Earlier Conception Date for the '415 Patent, dated June 10, 1994. Plaintiffs allege that the Information Disclosure Statement supports a conception date of March 25, 1994 for U.S. Patent No. 6,238,415.[8] Cordis merely seeks to add the Invention Disclosure Statement so that Cordis is not prejudiced by plaintiffs' recent production of this document. To adequately address plaintiffs' assertion of an earlier conception date for the '415 patent, Cordis' invalidity contentions must reference and discuss the significance of this document.

---

[7] *See* Kessel Letter to Schneider dated May 4, 2004 (Koh Decl. Ex. 4).
[8] *See* Order Denying Cordis' Motion To Preclude dated June 10, 2004 at 3.

The '119 patent also relates to the issue of conception date of the '415 patent that is raised by the Invention Disclosure Statement. Cordis' invalidity contentions already include a reference to PCT patent publication number WO 94/10936. The disclosure in the '119 patent is virtually identical to the disclosure in the PCT publication (and therefore raises no new validity issues), but it claims priority back to 1992, while the PCT is only prior art as of the publication date, May 26, 1994. In light of plaintiffs' recent production of the Invention Disclosure Statement -- and their contentions that the '415 patent is entitled to an earlier priority date based on that Invention Disclosure Statement -- the '119 patent may become important. As with the Invention Disclosure Statement, Cordis did not have notice that the '119 patent was important to include in its Final Invalidity Contentions until the Court established that the plaintiffs are not precluded from offering the Invention Disclosure Statement.

The '315 patent was acquired by Cordis less than three weeks ago.[9] The new prior art '315 patent raises a significant additional invalidity issue because it provides additional support for the obviousness of the marker claims in U.S. Patents Nos. 5,895,385 ("the '385 patent") and 6,010,498 ("the '498 patent"). The '385 and '498 patents describe the use of radiopaque markers to position a wire within a catheter.[10] The '315 patent also discloses the use of multiple markers that enable alignment and relative measurement of the position of multiple catheter components with respect to the location of the components in the body and with respect to other devices. The disclosure provided in the '315 patent is similar to, but not duplicative of, other references in Cordis' contentions that describe the positioning of elements of a catheter system and the use of radiopaque markers to locate objects within the body.

Cordis' motion for leave to amend does not raise any of the concerns that have led other district court judges to deny motions to amend infringement contentions under the "good cause" standard. For instance, in *Atmel v. Information Storage Devices*, No. C 95-1987 FMS, 1998 WL 775115, *1 (N.D. Cal. Nov. 5, 1998), the Court denied an attempt by the plaintiff to amend its infringement contentions after the claim construction to assert an entirely new theory of liability

---

[9] *See* Koh Decl. at ¶ 9.
[10] *See e.g.* '385 patent, col. 11, ll. 41-45 (Koh Decl. Ex. 5).

under the doctrine of equivalents, because the Patent Local Rules were "designed to prevent the 'shifting sands' approach to claim construction." *Id.* at *2. No similar problem exists in this case because Cordis' amendments do not affect the Court's prior claim construction. *See also E-Pass*, 222 F. Supp. 2d at 1161 (N.D. Cal. 2003) (denying motion to amend infringement contentions to add additional allegedly infringing products after claim construction and during briefing on motions for summary judgment); *JSR Corp. v. Tokyo Ohka Kogyo Co., Ltd.*, 2001 U.S. Dist. LEXIS 24959, 2001 WL 1812378 at *5 (N.D. Cal. Sept. 13, 2001) (citing *Atmel* and refusing to allow a party to abandon its prior stipulated claim construction because it would "encourage the vexatious shuffling of positions" that the Patent Local Rules were designed to avoid). Here Cordis' motion implicates no such concerns because Cordis is not changing its invalidity positions, but rather is adding supplemental references that are highly relevant to Cordis' existing invalidity contentions.

## II. THE REQUESTED AMENDMENTS DO NOT PREJUDICE THE PLAINTIFFS.

Plaintiffs will not suffer prejudice if Cordis' motion is granted. Plaintiffs' rebuttal expert report regarding invalidity is not due until July 23, 2004, and fact and expert discovery does not close until August 6, 2004. Thus, plaintiffs' expert will have ample time to review the new contentions and formulate appropriate reports and opinions, and plaintiffs will be able to depose Cordis' expert regarding the additional references. As the Court found in granting Cordis' previous motion to amend its Invalidity Contentions, leave to amend invalidity contentions under these circumstances does not cause undue prejudice to plaintiffs. *See* Order Granting Cordis' Motion To Amend Final Invalidity Contentions, dated June 4, 2004. *See also IXYS Corp. v. Advanced Power Technology, Inc.*, No. C 02-03942 MHP, 2004 WL 1368860, *1 (N.D. Cal. June 16, 2004) (finding no prejudice to plaintiffs and granting leave to amend final invalidity contentions where plaintiffs' expert was able to incorporate references into his rebuttal report).

Plaintiffs have been in control of the Invention Disclosure Statement and did not produce this document until long after Cordis' deadline to submit its Final Invalidity Contentions.[11] Cordis served a discovery request long ago seeking production of documentation relating to conception.[12]

[11] *See* Kessel Letter to Schneider dated May 4, 2004 (Koh Decl. Ex. 4).
[12] *See* Cordis's First Request For Production Of Documents dated September 19, 2002 at ¶ 27 (Koh Decl. Ex. 6).

The Invention Disclosure Statement also should have been produced as part of plaintiffs' initial disclosure under Patent Local Rule 3-2 which requires that "[a]ll documents evidencing conception…of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3.1(e)[.]" *See Integrated Systems, Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F. Supp. 2d 1106, 1107 at n.1 (N.D. Cal. 2004) (Court noting that "[t]here may well be cases where supplementation would be appropriate, such as where a party locates documents which should have been produced as part of a previously made initial disclosure under Patent Local Rule 3-2"). Any "prejudice" plaintiffs claim thus results from their own delay in producing the Invention Disclosure Statement and cannot support denial of this motion.

The plaintiffs are not prejudiced by the inclusion of the '119 patent because it provides evidence that the '415 patent is anticipated or obvious in the same way as the existing PCT patent reference, WO 94/10936, which is already included in Cordis' Contentions. Thus, there is no additional or new issues for the plaintiffs to address due to the addition of the '119 patent. The '119 patent, however, is not duplicative of the PCT patent because it claims priority to an earlier patent application. This priority date is newly significant because of plaintiffs' recent production of the Invention Disclosure Statement that allegedly supports an earlier conception date for the '415 patent. As with the Invention Disclosure Statement itself, plaintiffs are not prejudiced by the addition of a document that is now significant because of plaintiffs' own recent production, especially since the '119 patent has a virtually identical disclosure as the WO 94/10936 reference that is already included in Cordis' Contentions.

Cordis has also repeatedly requested that plaintiffs produce all potential prior art documents.[13] At the same time, Cordis has surveyed and attempted to stay apprised of any relevant prior art. As a result of its ongoing efforts, Cordis recently identified the '315 patent as highly relevant prior art with respect to the radiopaque marker claims in the '385 and '498 patents. Cordis is not changing its theory of invalidity by seeking to add the '315 patent to its Contentions, but rather is adding the '315 patent as further evidence that prior art renders the marker claims of the '385 and

[13] *See e.g.*, Koh Decl. Ex. 6 at ¶¶ 17, 18.

'498 patents obvious. Plaintiffs have known all along that Cordis contends that the marker claims are obvious, and the '315 patent is merely one additional reference for them to address. This is not unduly burdensome and therefore does not prejudice plaintiffs.

## CONCLUSION

Cordis merely seeks to add an Invention Disclosure Statement, the '119 patent and the '315 patent to its invalidity contentions. Cordis has diligently sought to amend its invalidity contentions, and good cause exists for the amendment, because discovery has not closed and expert reports and depositions have not even begun. Finally, Cordis does not seek to add any new theory of invalidity to the case and the instant motion raises no concerns of delay and additional burdensome discovery. Accordingly, Cordis respectfully submits that its motion for leave to amend should be granted.

Dated: July 9, 2004

Respectfully submitted,

By: /s/ Matthew T. Powers
Attorneys for Defendant Cordis Neurovascular, Inc.

Matthew T. Powers (SBN 124493)
SIDLEY AUSTIN BROWN & WOOD LLP
555 California Street, Suite 5000
San Francisco, CA 94104-1715
Telephone: (415) 772-1200
Facsimile: (415) 397-4621

David T. Pritikin (*Pro Hac Vice*)
Hugh A. Abrams (*Pro Hac Vice*)
Lisa A. Schneider (*Pro Hac Vice*)
Stephanie P. Koh (*Pro Hac Vice*)
SIDLEY AUSTIN BROWN & WOOD LLP
10 S. Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

SF1 1396797v1