MATTHEW D. POWERS (Bar No. 104795)
EDWARD R. REINES (Bar No. 135960)
DOUGLAS E. LUMISH (Bar No. 183863)
MATTHEW SARBORARIA (Bar No. 211600)
JEFFREY G. HOMRIG (Bar No. 215890)
EUGENE Y. MAR (Bar No. 227071)
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants
SONY COMPUTER ENTERTAINMENT
AMERICA INC. and SONY COMPUTER
ENTERTAINMENT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC., SONY COMPUTER ENTERTAINMENT INC., and MICROSOFT CORPORATION,<br><br>Defendants. | Case No. C 02-0710 CW (WDB) |
| AND RELATED COUNTERCLAIMS | |

**DECLARATION OF MATTHEW M. SARBORARIA IN SUPPORT OF SONY'S MOTION TO MODIFY THE STIPULATED PROTECTIVE ORDER**

Date: August 13, 2004 (Motion to Shorten Time to be filed separately)
Time: 1:00 p.m.
Courtroom 4, Third Floor
Hon. Wayne D. Brazil



Dockets.Justia.com

I, Matthew M. Sarboraria, declare as follows:

1. I am a member of the Bar of this Court and an attorney at the law firm of Weil, Gotshal & Manges LLP, counsel of record for Sony Computer Entertainment America Inc. and Sony Computer Entertainment Inc. (collectively "Sony"), in this case. I submit this declaration based on personal knowledge and following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. On July 7, 2004, I participated in a meet-and-confer teleconference with Immersion's counsel, Christine Byrd. During this call I asked Ms. Byrd if Immersion would reconsider its objection to allowing Sony's recently hired in-house counsel, Anne-Marie Dinius, to have access to confidential information. I reiterated Ms. Dinius's qualifications under the Protective Order, explaining Ms. Dinius's role and responsibilities at Sony, including her lack of any involvement in patent prosecution or any other form of competitive decisionmaking. Ms. Byrd would not agree to withdraw Immersion's objection, but offered to raise the issue with her colleagues. During this same call we discussed Immersion's July 6, 2004 designation of an additional outside consultant, James Berger, to receive Sony confidential information under the Protective Order. Ms. Byrd informed me that she wishes to disclose such information to Mr. Berger so that he can assist Immersion in preparing for trial.

3. On July 9, 2004, I participated in meet-and-confer teleconference with Immersion's counsel, Richard Birnholz. He again refused to withdraw Immersion's objection to allowing Ms. Dinius to have access to confidential information under the Protective Order. Mr. Birnholz did not question Ms. Dinius's qualification to receive confidential information under the Protective Order's patent prosecution and competitive decisionmaking provisions, and did not state or suggest that allowing Ms. Dinius to have access to such information poses any undue risk of inappropriate disclosure. Rather, he asserted that adding a Sony in-house attorney would be "unfair" because Immersion's General Counsel, Patrick Reutens, is barred from access to confidential information under the Protective Order, and suggested that Sony allow Mr. Reutens to have access to Sony's confidential information. I explained to Mr. Birnholz, however, that Ms. Dinius and Mr. Reutens have very different roles and responsibilities at their respective

companies—a point that Mr. Birnholz did not dispute. In particular, I again noted that Ms. Dinius has no involvement whatsoever in patent prosecution or any other competitive decisionmaking, while Mr. Reutens, in contrast, is a senior executive at Immersion and is heavily involved in Immersion's patent-related activities and other types of competitive decisionmaking.

4. Attached hereto as Exhibit A is a true and correct copy of the Stipulated Protective Order in this case, dated September 23, 2002.

5. Attached hereto as Exhibit B is a true and correct copy of a letter from Eugene Mar to Andrei Iancu, dated June 1, 2004.

6. Attached hereto as Exhibit C is a true and correct copy of a letter from Eugene Mar to Andrei Iancu, dated May 28, 2004.

7. Attached hereto as Exhibit D is a true and correct copy of a letter from Andrei Iancu to Eugene Mar, dated June 1, 2004.

8. Attached hereto as Exhibit E is a true and correct copy of a letter from Christine Byrd to me, dated July 6, 2004.

9. Attached hereto as Exhibit F is a true and correct copy of Immersion's Opposition to Microsoft's Motion for Entry of a Protective Order and Immersion's Cross-Motion for an Entry of Its Own Version of The Protective Order, dated September 3, 2002.

Executed July 9, 2004 at Redwood Shores, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

By: /s/ Matthew M. Sarboraria
Matthew M. Sarboraria