Apple Inc. v. Psystar Corporation Doc. 1305

MATTHEW D. POWERS (Bar No. 104795)
EDWARD R. REINES (Bar No. 135960)
DOUGLAS E. LUMISH (Bar No. 183863)
MATTHEW M. SARBORARIA (Bar No. 211600)
JEFFREY G. HOMRIG (Bar No. 215890)
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants
SONY COMPUTER ENTERTAINMENT AMERICA INC. and SONY COMPUTER ENTERTAINMENT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC., SONY COMPUTER ENTERTAINMENT INC., and MICROSOFT CORPORATION,<br><br>Defendants. | Case No. C 02-0710 CW (WDB) |
| AND RELATED COUNTERCLAIMS | |

**DECLARATION OF JENNIFER Y. LIU**

Hearing: August 13, 2004 (Motion to Shorten Time filed separately)
Time: 1:00 p.m.
Courtroom 4, Third Floor
Hon. Wayne D. Brazil



Dockets.Justia.com

I, JENNIFER Y. LIU, declare as follows:

1. I am Director of Legal and Business Affairs for Sony Computer Entertainment America Inc. ("Sony"). I submit this declaration based on personal knowledge. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. I am responsible for and actively involved in managing all litigation for Sony, including the instant case, and I am qualified to review confidential information under the Stipulated Protective Order entered in this litigation.

3. Sony hired attorney Anne-Marie Dinius in March of 2004 to join its in-house legal department. I personally oversaw Sony's hiring of Ms. Dinius, and she reports to me and works under my supervision. Ms. Dinius's patent law and patent litigation experience were principal factors in my and Sony's decision to hire her. Ms. Dinius's technical training as an electrical engineer was also a significant consideration in Sony's decision to hire her. Ms. Dinius' technical expertise and experience with patent law in fact were the chief reasons I hired her. I do not have a technical background, other than a handful of undergraduate courses in computer science taken nearly two decades ago, nor does my colleague, Daniel Herp, who is the other Sony in-house attorney qualified to review confidential information under the Protective Order.

4. Ms. Dinius is currently assisting Sony to prepare its case for trial. To do so in a substantive and meaningful way, she needs to have access to all evidence that may be introduced at trial, including the substantial volume of information that has been designated "confidential," "attorneys' eyes only," and/or "attorneys' only – source code" under the Protective Order.

5. I am the only person at the company to whom Ms. Dinius reports. Ms. Dinius's role at Sony does not encompass making any business decisions regarding the production, pricing, design, development, sales, or marketing of products sold by Sony. She does not have responsibility for, or give advice to, Sony management about these competitive business matters. Her role solely encompasses working with in-house and outside counsel on litigation-related matters. She is not involved in, nor does her role encompass involvement in, patent

prosecution or any scientific or technological research for Sony or for any other company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed July 9, 2004, at Foster City, California.

By: ______________________
Jennifer Y. Liu