THOMAS B. BROWN, CITY ATTORNEY (SBN. 104254)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN. 129881)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone: (707) 257-9516
Facsimile: (707) 257-9274

Attorneys for CITY OF NAPA, OFFICER DEBBIE PEECOOK,
and OFFICER BRENT POTTER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHANIE HERRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NAPA, a municipal entity, POLICE OFFICER DEBBIE PEECOOK, POLICE OFFICER BRETT POTTER, in their individual and official capacities, and DOES 1-100, Jointly and Severally,<br><br>Defendants. | CASE NO: C04 0958 JSW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>**DATE: JULY 16, 2004**<br>**TIME: 1:30 p.m.**<br>**COURTRM: 2, 17th Floor**<br><br>**The Honorable Jeffrey S. White** |

The parties hereby submit the following Joint Case Management Conference Statement:

1. Jurisdiction:: : The Court has federal question jurisdiction of this matter including, pursuant to 42 USC Section 1983.

2. Description of Case and Defenses:

PlaintiffPlaintiff allegesPlaintiff alleges that defendant Officers Peecook andPlaintiff alleges that defendant forceforce tforce to arrest her based upon the statements of her ex-husband, a convicted felon, followingforce t allegedalleged domestic dispute. Plaintiff, who suffers from an inherited spinalalleged domestic dispute. Plaintiff, asas brachyolmia, which reqas brachyolmia, which requiras brachyolmia, which requires her to use a wheel c draggeddragged by the officers todragged by the officers to a patrol car, without affording plaintiffdragged by the of At the Napa Jail, plaintiff was ridiculed and maltreated because of her disability.

CityCity Defendants deny that any excessive force took place, and affirmatively allegeCity Defendan Plaintiff refused to voluntarilyPlaintiff refused to voluntarily accompany them for transportationPlaintiff refused



Dockets.Justia.com

thatthat they were ultimately compelled to assist her to the police vehicle forthat they were ultimately compelled to repeatedlrepeatedlyrepeatedly refusedrepeatedly refused and failed to walk there under her own power and using desired.desired. City Defendandesired. City Defendants furthedesired. City Defendants further assert that no requiredrequired by the Government Code, and that Plaintiff s staterequired by the Government Code, and that Pl (4th-7th(4th-7th Causes of Action) are thus barred. City Defendants further assert(4th-7th Causes of Action) are th barredbarred by the doctribarred by the doctrine of qubarred by the doctrine of qualified immunity and furthe accommodationaccommodation at the timeaccommodation at the time of her arrest that she accompany officersac herher own power and by using her crutches which she refused. The County, not the City, operates thethe jail.the jail. City defendant Officer Peecookthe jail. City defendant Officer Peecook witnessed no improper brief involvement in the booking process.

CountyCounty denies that Plaintiff was mistreated or ridiculed for any reason;County denies that Plaintiff adequate measures were taken to attend to her medical and physical needs.

3. <u>Description of Legal Issues:</u>

1. Whether defendant police officers had reasonable suspicion to detain plaintiff;
2. Whether defendant police officers are entitled to qualified immunity under the facts and circumstances of this case;
3. Whether defendant police officers were entitled to use reasonable force to effect the arrest of plaintiff;
4. Whether defendant police officers used excessive force to effectuate the arrest;
5. Whether defendant police officers were motivated by improper animus towards disabled persons in detaining plaintiff and using force upon her;
6. Whether defendants CITY and COUNTY, with deliberate indifference, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff s rights;
7. Whether defendants CITY and COUNTY breached their duty of care to plaintiff, in that each defendant failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant police officers, in the proper use of force upon disabled people, and/or failed to have adequate policies and procedures regarding the proper use of force and use of force upon disabled people (the City and the County deny any breach of

duty, and assert that the alleged negligence is not a ground for recovery under any cause of action);

8. Whether said defendants alleged lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force by police officers employed by defendant CITY.

9. Whether any of defendant police officers and jail officers alleged misconduct towards plaintiff proximately caused injuries and damages to plaintiff;

10. Whether the above-described alleged misconduct of defendants CITY and COUNTY proximately caused injuries and damages to plaintiff;

11. Whether the above-described alleged misconduct of defendants was a violation of the American With Disabilities Act.

4. ProceduralProcedural History: All parties are before the Court, a All parties are before the motions.

5. DiscoveryDiscovery to Date: There has be There has been no There has been no disc DefendantsDefendants haveDefendants have fully and timely complied with the initialDefendants have fully and ti 26.

6. Discovery Plan:

The parties Joint Proposed Discovery Plan states, as follows:

The parties will need to conduct discovery with regard to the following subjects:

**A. DISCOVERY GUIDELINES:**

1. All discovery, except that regarding expert witnesses to this action, shall be commenced in time to be completed no later than February 1, 2005.

2. The exchange of identities of expert witnesses are to be disclosed by not later than February 15, 2005, with discovery of said expert witnesses to be completed by no later than March 15, 2005.

3. The Federal Rules of Civil Procedure shall govern all discovery and supplementations.

4. All reports from retained experts, if any exist, shall be disclosed no later than ten (10) days before that expert s deposition.

7. AnticipatAnticipatedAnticipated Motions: City and County Defendants intend to bring a moti

summsummarysummary judgment or partial summary judgment, depending upon the evidence acquired su discovery.

All potentially dispositive motions will be heard by no later than May 20, 2005 however, Plaintiff requests that any dispositive motion on the specific basis of the sufficiency or timeliness of Plaintiff s Government Claim be heard by September 24, 2004, to resolve that issue and those causes of action as early as possible.

8. Relief Sought:

Plaintiff suffered physical injury to her neck, back, shoulders, and wrist and suffered severe emotional distress. Plaintiff seeks medical expenses, lost wages, compensation for pain and suffering, punitive damages, and injunctive relief related to defendants policies and procedures for arresting and jailing disabled persons.

9. AlternativeAlternative Dispute Resolution: Plaintiff and City D Plaintiff and City Defendan EarlyEarly Neutral Evaluation. Early Neutral Evaluation. City Defendants doEarly Neutral Evaluation. City Def would be fruitful.

10. Magistrate Judge: The parties do not consent to assignment to a magistrate judge.

11. Proposed Deadlines and Dates:

1. All discovery, except that regarding expert witnesses to this action, shall be commenced in time to be completed no later than February 1, 2005.

2. The exchange of identities of expert witnesses are to be disclosed by not later than February 15, 2005, with discovery of said expert witnesses to be completed by no later than March 15, 2005.

3. The Federal Rules of Civil Procedure shall govern all discovery and supplementations.

4. All reports from retained experts, if any exist, shall be disclosed no later than ten (10) days before that expert s deposition.

5. All potentially dispositive motions will be heard by no later than May 20, 2005 however, Plaintiff requests that any dispositive motion on the specific basis of the sufficiency or timeliness of Plaintiff s Government Claim be heard by September 24, 2004, to resolve that issue and those causes of action as early as possible.

XXX

6. This action should 6. This action should be ready for trial by, and the parties request a trial date of July Trial is expected to take approximately seven (7) to ten (10) days.

12. Service List for All Counsel:

Plaintiff:
David M. Helbraun, Esq.
HELBRAUN LAW FIRM
180 Sutter Street, Suite 200
San Francisco, CA 94104

City Defendants:
Thomas B. Brown, Esq.
David C. Jones, Esq.
City of Napa
P.O. Box 660
Napa, CA 94559

County Defendants:
Gary M. Lepper, Esq.
Jennifer R. Beierle, Esq.
LEPPER & HARRINGTON
1600 S. Main Street, Suite 305
Walnut Creek, CA 94596

13. Additional Items: None at this time.

14. DisqualificationDisqualification or Recusal: The The parties are aware of no facts that would sugge disqualification or recusal.

HELBRAUN LAW FIRM

Dated: July ____, 2004 By: ____/S/______________________________
DAVID M. HELBRAUN
Attorneys for Plaintiff

CITY OF NAPA

THOMAS B. BROWN, City Attorney

Dated: July ____, 2004 By: ____/S/______________________________
DAVID C. JONES, Deputy City Attorney
Attorneys for City of Napa, Officer Debbie Peecook and Officer Brent Potter

XXX

XXX

COUNTY OF NAPA

LEPPER & HARRINGTON

Dated: July ____, 2004 By: ___/S/______________________________
GARY M. LEPPER
Attorneys for County Defendants

**IT IS SO ORDERED:**

Dated:______________________ ________________________________
JEFFREY S. WHITE
United States District Court Judge