Apple Inc. v. Psystar Corporation Doc. 1327

CHERYL A. STEVENS (SBN 146397)
JAMES T. DIAMOND, JR. (SBN 131525)
**STEVENS & DIAMOND LLP**
The Arlington Building
492 Ninth Street, Suite 300
Oakland, California 94607
Telephone: (510) 267-0900
Facsimile: (510) 267-0901

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MYUNG-SUP SHIN, and HAN-SUP SHIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF UNION CITY, CALIFORNIA, UNION CITY CALIFORNIA POLICE DEPARTMENT, BRUCE VANCE, DENNIS BENITEZ, MIKE DALISAY, and DOES 1-50,<br><br>Defendants. | No. C-02-2648-CRB<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PROPOSED JURY INSTRUCTION NO. 8**<br><br>Date: July 26, 2004<br>Time: 1:30 p.m.<br>Dept.: Courtroom 2, 17th Floor<br>Hon. Charles R. Breyer |

## INTRODUCTION

Defendants Bruce Vance, Dennis Benitez and Mike Dalisay ("defendants") hereby file this memorandum of law in support of their Proposed Jury Instruction No. 8. The instruction is supported by evidence that will be introduced at trial, is supported by the law, and is not argumentative or cumulative. Accordingly, defendants respectfully submit that they are entitled to have this instruction read to the jury.

## THE PROPOSED INSTRUCTION

> The outcome of the criminal charges filed against plaintiff are irrelevant to your decision as to whether Officers Vance, Dalisay and Benitez had probable cause to arrest plaintiff. Therefore, whether plaintiff actually committed a crime is not



Dockets.Justia.com

relevant in your evaluation of his conduct.

## ARGUMENT

A party has a right to have the jury instructed on its defense, if that theory is supported by some evidence, or by reasonable inferences from facts in evidence, and the instruction is legally correct. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1402 (7th Cir. 1991). The basic requirement is that the proposed instruction fairly and adequately cover the issues presented, correctly state the applicable law, and not be misleading. *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998).

### A. THE PROPOSED INSTRUCTION IS SUPPORTED BY EVIDENCE.

Defendants' Proposed Jury Instruction No. 8 is based on facts that will be introduced in evidence. At trial, plaintiff is expected to introduce into evidence and argue to the jury that plaintiff was not charged with a violation of Penal Code § 148 (obstruction of justice), and that criminal charges for a violation of Penal Code § 602.1 filed against him by the Alameda County district attorney's office were ultimately dismissed. Plaintiff is expected to contend to the jury that these facts negatively impact the decision of whether defendants acted with probable cause when they arrested plaintiff on June 5, 2001.

### B. THE PROPOSED INSTRUCTION CORRECTLY STATES THE LAW.

Defendants' Proposed Jury Instruction No. 8 fairly and adequately covers the issue that the determination of whether the failure to convict or even charge the suspect with a crime has any impact on the determination of whether probable cause existed for an arrest. As the Supreme Court instructs, the validity of an arrest "does not depend on whether the suspect actually committed a crime; the mere fact that he was later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

Accordingly, the mere fact that plaintiff was not charged with the crime of obstruction of justice, and was not convicted of the charged crime of trespass which was dismissed, is irrelevant to the determination of whether probable cause existed for his arrest on June 5, 2001.

For all these reasons, the proposed jury instruction fairly and adequately covers the issue

that the jury should not determine that there was no probable cause for plaintiff's arrest merely because he was not convicted of any crime, which is clearly a defense to that element of plaintiff's claims in this case.

Accordingly, for all these reasons, defendants' Proposed Jury Instruction No. 8 should be read to the jury. *Gulliford*, 136 F.3d at 1348.

**CONCLUSION**

Defendants respectfully request that their Proposed Jury Instruction No. 8 should be read to the jury.

Dated: July 14, 2004

STEVENS & DIAMOND LLP

By: ______________________________
CHERYL A. STEVENS
Attorneys for Defendants
BRUCE VANCE, DENNIS BENITEZ, and MIKE DALISAY

M:\DOCS\CLIENT\Geohill.shin\Trial\juryinstructions\Memo of Law-Proposed Instr. No. 8.wpd