Apple Inc. v. Psystar Corporation Doc. 1330

CHERYL A. STEVENS (SBN 146397)
JAMES T. DIAMOND, JR. (SBN 131525)
**STEVENS & DIAMOND LLP**
The Arlington Building
492 Ninth Street, Suite 300
Oakland, California 94607
Telephone: (510) 267-0900
Facsimile: (510) 267-0901

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MYUNG-SUP SHIN, and HAN-SUP SHIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF UNION CITY, CALIFORNIA, UNION CITY CALIFORNIA POLICE DEPARTMENT, BRUCE VANCE, DENNIS BENITEZ, MIKE DALISAY, and DOES 1-50,<br><br>Defendants. | No. C-02-2648-CRB<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PROPOSED JURY INSTRUCTION NO. 4**<br><br>Date: July 26, 2004<br>Time: 1:30 p.m.<br>Dept.: Courtroom 2, 17th Floor<br>Hon. Charles R. Breyer |

**INTRODUCTION**

Defendants Bruce Vance, Dennis Benitez and Mike Dalisay ("defendants") hereby file this memorandum of law in support of their Proposed Jury Instruction No. 4. The instruction is supported by evidence that will be introduced at trial, is supported by the law, and is not argumentative or cumulative. Accordingly, defendants respectfully submit that they are entitled to have this instruction read to the jury.

**PROPOSED INSTRUCTION**

> Plaintiff Michael Shin claims that Officers Vance, Dalisay and Benitez violated his federal constitutional rights to be free from unlawful arrest for trespass or obstruction of police officer in performing his or her duties. The sole basis for all of plaintiff's claims against Officers Vance, Dalisay and Benitez is his assertion that the officers lacked probable cause to believe that plaintiff had



Dockets.Justia.com

obstructed the officers in performing their duties based on an alleged trespass by plaintiff. Plaintiff claims that the actions of Officers Vance, Dalisay and Benitez violated his constitutional rights under the Fourth Amendment.

The Fourth Amendment provides that the right of the people to be secure in their persons against unreasonable arrest shall not be violated except upon a finding of probable cause for the arrest.

## ARGUMENT

A party has a right to have the jury instructed on its defense, if that theory is supported by some evidence, or by reasonable inferences from facts in evidence, and the instruction is legally correct. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1402 (7th Cir. 1991). The basic requirement is that the proposed instruction fairly and adequately cover the issues presented, correctly state the applicable law, and not be misleading. *Gulliford v. Pierce County*, 136 F.3d 1345, 1348 (9th Cir. 1998).

### A. THE PROPOSED INSTRUCTION IS SUPPORTED BY EVIDENCE.

Defendants' Proposed Jury Instruction No. 4 is based on facts that will be introduced in evidence. Plaintiff was arrested on June 5, 2001 for a violation of California Penal Code § 148. On June 12, 2001, the Alameda County district attorney dismissed that claim. However, plaintiff filed the instant action against defendants alleging the officers did not have probable cause to arrest him and therefore violated his Fourth Amendment rights against unreasonable search and seizure.

### B. THE PROPOSED INSTRUCTION CORRECTLY STATES THE LAW.

Defendants' Proposed Jury Instruction No. 4 fairly and adequately reflects an accurate statement of the rights protected by the Fourth Amendment, namely that plaintiff had the right to be free from unreasonable search and seizure. Plaintiff contends that this right was violated on June 5, 2001 when he was arrested for obstructing the officers in the performance of their duties. Proposed Jury Instruction No. 4 merely states the Constitutional grounds for this action. *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). Defendants therefore request this instruction to provide the jury with a clear and accurate statement of the law upon which plaintiff's claim is

based.

Plaintiff objects to this instruction on defendants' alleged failure to provide him with the content of the instruction. Plaintiff's allegation is without merit and unsupported by the facts in this case. On July 7, 2004, defendants faxed a copy of this instruction to plaintiff's counsel at approximately 3:00 p.m. when it was discovered that the instruction was inadvertently omitted from a fax sent earlier that same morning. Defendants asked plaintiff to provide comments and feedback to the proposed instruction along with the other proposed pre-trial documents sent on July 7, 2004. Plaintiff repeatedly failed and refused to provide any comments whatsoever on the proposed documents for approximately one week. In fact, the first time plaintiff even advised defendants that he did not have a copy of the proposed instruction was on July 13, 2004. Plaintiff's objection is therefore without merit and untimely.

Defendants are not proposing another jury instruction on this issue.

Defendants' Proposed Jury Instruction No. 4 is therefore not misleading, repetitive, cumulative or argumentative.

Accordingly, for all these reasons, defendants' Proposed Jury Instruction No. 4 should be read to the jury. *Gulliford*, 136 F.3d at 1348.

## CONCLUSION

Defendants respectfully request that their Proposed Jury Instruction No. 4 should be read to the jury.

Dated: July 14, 2004

STEVENS & DIAMOND LLP

By: ______________________________

CHERYL A. STEVENS
Attorneys for Defendants
BRUCE VANCE, DENNIS BENITEZ, and MIKE DALISAY

M:\DOCS\CLIENT\Geohill.shin\Trial\juryinstructions\Memorandum of Law -Proposed Jury Instruction 4.wpd