Apple Inc. v. Psystar Corporation Doc. 1341

James M. Finberg (SBN 114850)
Bill Lann Lee (SBN 108452)
Lexi J. Hazam (SBN 224457)
Chimène I. Keitner (SBN 226948)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Todd M. Schneider (SBN 158253)
Guy B. Wallace (SBN 176151)
Joshua Konecky (SBN 182897)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Waukeen Q. McCoy (SBN 168228)
Kelly H. Armstrong (SBN 213036)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, CA 94103
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

John L. Burris (SBN 69888)
Miles Washington (SBN 88288)
LAW OFFICES OF JOHN BURRIS
7677 Oakport Bldg., Suite 1120
Oakland, CA 94612
Telephone: (510) 839-5210
Facsimile: (510) 839-3882

Michael S. Davis (SBN 160045)
LAW OFFICES OF MICHAEL S. DAVIS
345 Hill Street
San Francisco, CA 94109
Telephone: (415) 282-4315
Facsimile: (415) 358-5576

Kay McKenzie Parker (SBN 143140)
1318 East Shaw Avenue, Suite 415
Fresno, CA 93710
Telephone: (559) 222-1509
Facsimile: (559) 222-9045

Attorneys for Plaintiffs and the Proposed Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRICK SATCHELL, KALINI Boykin, VALERIE BROWN, RICK GONZALES, CYNTHIA GUERRERO, RACHEL HUTCHINS, KELVIN SMITH, SR., and KEN STEVENSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FEDEX EXPRESS, a Delaware corporation,

Defendant.

Case No. C 03-2659 SI; C 03-2878 SI

**CLASS ACTION**

**STIPULATED AND [PROPOSED] PROTECTIVE ORDER**

Date: None Set
Time: None Set
Judge: The Honorable Susan Illston



Dockets.Justia.com

WHEREAS, Plaintiffs in the above-captioned case served a subpoena dated June 21, 2004, on Psychological Services, Inc. ("PSI") for the production of documents relating to the Professional Employment Test ("PET") and any other PSI measurement instruments or services used by or at FedEx Express;

WHEREAS, PSI asserts that the materials subpoenaed include information which is confidential business information pursuant to applicable trademark protections;

WHEREAS this Stipulation is intended to facilitate the delivery to Plaintiffs of the information responsive to the subpoena, including the information asserted as confidential by PSI, and to establish the parties' rights and obligations with respect to such information;

WHEREAS, "Confidential Information" shall mean all documents, e-mails, faxes, computer files, agreements, records, reports, data, forecasts, projections, business plans, interpretations, audit reports, and all other information, written, visual, or oral, regardless of how transmitted, relating to or concerning PSI, and prepared by or on behalf of, or furnished by or on behalf of, PSI which contain, or are based upon or derived from, in whole or in part, information relating to or concerning PSI which, at the time it is furnished to Plaintiffs, is not available to the general public and which PSI believes in good faith is entitled to confidentiality pursuant to applicable trademark protections.

WHEREAS the Court has ordered that the following cases, including the above-captioned matter, are related within the meaning of Civil L.R. 3-12(b) of the Local Rules for the Northern District of California: Derrick Satchell, et al., v. Fedex Express, C03-2659 SI (e); Patricia Caldwell, et al., v. Fedex Corporation, et al., C03-2878 SI (e); Edward Alvardo, et al., v. Fedex Corporation, C04-0098 SI (e); and Gary White, et al., v. Fedex Corporation, et al., C04-0099 SI (e); and that all these actions and any other subsequently related actions are collectively referred to herein as "the Actions."

IT IS HEREBY STIPULATED AND AGREED, by and between the below-signed counsel for Plaintiffs and PSI, as follows:

1. PSI shall mark "Confidential" on any written Confidential Information which it intends to subject to the provisions of this Stipulation prior to delivering that information

to Plaintiffs. Confidential Information disclosed orally or visually, if any, shall be accompanied by, or promptly followed by, a written statement from PSI designating the portion constituting Confidential Information. In designating information as Confidential Information, PSI will act in good faith to protect only proprietary or other sensitive information whose confidentiality has otherwise been maintained and which PSI believes in good faith is entitled to confidentiality. PSI will not so mark any information that is generally known or available to the public.

2. If PSI designates information as Confidential Information and Plaintiffs dispute this designation, Plaintiffs shall give prompt written notice of the dispute, stating with particularity the reasons for the proposed disclosure. Plaintiffs and PSI shall then negotiate in good faith to resolve the dispute. If any dispute cannot be resolved through negotiations, Plaintiffs shall notify PSI in writing of the impasse. PSI shall have ten (10) business days from the written notice of the impasse to file a motion requesting the Court to resolve the dispute. If the motion is not filed within this time, then the confidential designation shall be deemed waived. If the motion is filed, the disputed information shall be treated as Confidential Information pending the Court's decision and pending appeal if PSI appeals any decision adverse to PSI. During all proceedings to resolve a dispute concerning confidentiality, PSI shall have the burden of establishing that the information is Confidential Information covered by this Stipulation.

3. Plaintiffs agree to use their reasonable best efforts (a) to maintain the confidentiality of all Confidential Information in accordance with the terms of this Stipulation and (b) not to disclose any Confidential Information except as expressly provided in this Stipulation.

4. Plaintiffs may disclose Confidential Information in pleadings or other papers filed in these Actions. Plaintiffs also may disclose Confidential Information to any of their attorneys, experts and/or other agents (including the support staff of such attorneys, experts and/or other agents) actively advising and/or assisting them with respect to these Actions, provided that Plaintiffs first inform such persons of, and provide them with, a copy of this Stipulation.

5. If Plaintiffs, or any of their agents, are (a) subpoenaed in this or any other action, (b) served with a discovery request in this or any other action, or (c) served with any legal

process by one not a party to this litigation, including, without limitation, any regulatory or governmental agency (a "Requesting Party"), seeking Confidential Information, Plaintiffs shall give prompt written notice, as soon as reasonably possible, to PSI. To the extent permitted by law, regulation, or relevant rule, Plaintiffs shall not produce the requested Confidential Information for at least ten (10) business days after giving PSI notice of the relevant subpoena or other legal process and underlying action. In the event that PSI files an objection, motion to quash, or motion for a protective order seeking to prevent the disclosure of such Confidential Information to the Requesting Party within such ten-day period, Plaintiffs shall not produce such Confidential Information to the Requesting Party during the pendency of such objection or motion. If PSI does not object or otherwise move too prevent the requested production within the above time frame, Plaintiffs may produce such Confidential Information to the Requesting Party. Nothing herein shall be construed as requiring Plaintiffs or anyone else covered by this Agreed Protective Order to challenge or to appeal any Order by this Court or any other lawfully constituted court requiring production of Confidential Information covered by this Stipulated Protective Order, or to subject themselves to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

6. Information designated Confidential Information shall not be entitled to the protections of this Stipulation if Plaintiffs or any of Plaintiffs' agents receive such information from a third party on a non-confidential basis, provided that Plaintiffs are not legally obligated to maintain the confidentiality of such information. Confidential Information shall cease to be treated as Confidential Information if publicly disclosed by PSI or otherwise becomes publicly known by any means other than wrongful disclosure attributable to Plaintiffs or any of their agents.

7. PSI and Plaintiffs shall have standing to enforce the terms of this Stipulation, or to seek relief from its terms, by appropriate proceedings brought before the Court presiding over these Actions on due notice thereof and opportunity to be heard. Plaintiffs, PSI, and all persons agreeing to be bound by the terms of this Stipulation hereby irrevocably and unconditionally submit to the exclusive jurisdiction and venue of the Northern District of

California for purposes of any suit, action, or other proceeding arising out of or relating to the enforcement or interpretation of this Stipulation.

8. This Stipulation may be executed by facsimile signature and in counterparts and each such counterpart shall for all purposes be deemed an original, and all such counterparts shall together constitute one and the same instrument.

9. Upon execution, Plaintiffs shall submit this Stipulation for "so ordering" by the Court, and shall promptly serve a conformed copy thereof on PSI.

10. PSI shall, within five (5) business days of Court approval of this Stipulation or by July 30, 2004, whichever is later, produce all the Confidential Information contemplated herein.

11. The Confidential Information, and any copies thereof, remain the property of PSI, and shall be maintained as confidential during the remainder of the trial proceedings and on any appeal. After all appeals, or rights thereto, have been exhausted, Plaintiffs shall promptly return to PSI, and/or certify to the destruction of, all outstanding Confidential Information and all copies thereof.

| | |
|---|---|
| Dated: July 9th, 2004 | By: [signature]<br>Keith M. Pyburn, Jr.<br>(Louisiana Bar No. 10914)<br>FISHER & PHILLIPS, LLP<br>201 St. Charles Avenue, Suite 3710<br>New Orleans, Louisiana 70170<br>Telephone: (504) 522-3303<br>Facsimile: (504) 529-3850<br><br>Attorneys for Nonparty PSI |
| | |

| | |
|---|---|
| Dated: July 13, 2004 | By: Joshua Konecky<br>[all counsel listed on caption page]<br>Attorneys for Plaintiffs |
| | |

IT IS SO ORDERED.

| | |
|---|---|
| Dated: July 15, 2004 | ~~s/Susan Illston~~<br>The Honorable Susan Illston<br>U.S. District Court Judge |

# PROOF OF SERVICE BY FACSIMILE AND MAIL

Sections 1013(a), 2015.5 C.C.P.

I am a citizen of the United States and am employed in the County of San Francisco. I am over the age of eighteen years and not a party to the within entitled action. My business address is 180 Montgomery Street, Suite 2000, San Francisco, CA 94102.

On July 14, 2004, I served the within:

**Stipulated and Proposed Protective Order**

on the parties by placing a copy thereof over the facsimile machine for facsimile transmission to the fax number indicated and by placing a copy thereof in a sealed envelope, postage fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

**Keith Pyburn**
**Fisher & Phillips**
**201 St. Charles Avenue, Suite 3710**
**New Orleans, LA 70170**
**(504) 529-3850**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on July 14, 2004, at San Francisco, California.

[signature]
SALLY MENDEZ