HANSON, BRIDGETT, MARCUS, VLAHOS & RUDY, LLP
M.D. MOYE - 152871
WALTER R. SCHNEIDER - 173113
LORIANNE G. CONKLIN- 213344
333 Market Street, Suite 2100
San Francisco, CA 94105-2173
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
wschneider@hansonbridgett.com

Attorneys for Defendants
WOODRUFF-SAWYER and DERMOD HOUWELING

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLIED NORTH AMERICA INSURANCE BROKERAGE CORP. OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>WOODRUFF-SAWYER, a California corporation; DERMOD HOUWELING, an individual,<br><br>Defendants. | No. C-04-2527 MJJ<br><br>**DECLARATION OF WILLIAM STRONCK IN SUPPORT OF REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Date: tba<br>Time: tba<br>Judge: Honorable Martin J. Jenkins<br>Dept: tba<br>Action Filed: June 24, 2004<br>Trial Date: None Set |

I, William Stronck, declare that:

1. I am the President of Gonsalves & Stronck, a construction company that I founded with my partner, Keith Gonsalves, in 1993. Prior to that, Keith Gonsalves and I were with S.J. Amoroso Construction Co., Inc. I make this declaration in support of the Motion for Reconsideration brought by defendants Woodruff-Sawyer and Dermod Houweling. This declaration is based upon my personal knowledge and the business records of my company, and if called as a witness, I could and would testify competently to the matters set forth herein. Where my knowledge is based on information provided to me from employees of Gonsalves & Stronck, I have so indicated.

///



Dockets.Justia.com

2. Derm Houweling has handled all of our insurance matters for our company, Gonsalves & Stronck, since it was founded. I have known Mr. Houweling since I first started working at S.J. Amoroso. Keith Gonsalves and I have only worked with Mr. Houweling regarding insurance matters for our company and he has acted like a mentor to us with respect to this part of our business. When he has changed employers, we have moved our business with him. For example, when Mr. Houweling moved from ABD Insurance and Financial Services to Allied North America Insurance Brokers of California ("Allied"), we immediately moved our business to follow Mr. Houweling to his new employer Allied.

3. I had no idea that Mr. Houweling was planning to leave Allied prior to June 15, 2004. On June 15, 2004, our office received a faxed announcement indicating that Mr. Houweling had left Allied and moved to Woodruff-Sawyer. My partner Keith Gonsalves and I discussed the notice about Mr. Houweling moving to Woodruff-Sawyer and we agreed that we would move our account to follow Mr. Houweling. I met with Mr. Houweling and told him to take whatever steps were necessary to move our insurance business to Woodruff-Sawyer so that he would continue to handle our account. Mr. Houweling prepared a letter giving notice that Gonsalves & Stronck was appointing Woodruff-Sawyer as its exclusive broker of record for all insurance related matters and I signed it. A true and correct copy of that letter is attached hereto as Exhibit A and bears my signature.

4. We received a number of phone calls from Jim Untiedt at Allied on June 15 and 16, 2004. In one of those calls, he left a voicemail message indicating that he would like to talk about Allied continuing to act as our broker. I did not return any of his calls and neither did my partner Keith Gonsalves. I have no desire to do business with Mr. Untiedt or Allied for several reasons. First, on one occasion when Derm Houweling was on vacation, I needed to get information regarding our insurance coverage from Mr. Untiedt to secure a construction contract worth approximately $3,250,000. It took numerous calls to the Allied office to finally get in touch with Mr. Untiedt and ultimately he failed to provide the information we needed. As a result, our client awarded the contract to another company. Mr. Untiedt never gave me a satisfactory response for his failure to address this item. Second, we had ongoing concerns about

Allied's high turnover of staff in the office, which made it difficult for us to get certificates of insurance and other information on a timely basis. Because of my concerns about Mr. Untiedt's performance when we needed his assistance and our general concerns about the staffing at Allied's office, I told Derm Houweling that if he ever retired, I would not keep my business at Allied. Once I found out that Mr. Houweling was leaving, I wanted to make sure that our account was transferred as soon as possible.

5. Our policy with respect to insurance matters is that our account goes wherever Derm Houweling goes. It is as simple as that. Over the years, we have had other insurance agents try to solicit our business, but we have always told them that until he retires, Mr. Houweling will be the only person representing us on insurance related matters. In fact, some of these agents still contact us on a semi-annual basis to advise that they would like to talk to me about insurance matters once Mr. Houweling retires, but they no longer attempt to solicit our insurance business.

6. By signing the attached letter and giving the instructions to Mr. Houweling to move our account, it was our intent to move all of our insurance related matters that had been handled by Mr. Houweling at Allied to his new employer, Woodruff-Sawyer. To the extent any of our insurance related matters remain at Allied, it is contrary to our intent and our desire to have those transferred to Woodruff-Sawyer so Mr. Houweling can service our account. I understand that Allied will receive whatever premiums it has earned while acting as our broker of record, but that Woodruff-Sawyer and Mr. Houweling took over the administration of all of our existing insurance and surety work when we appointed Woodruff-Sawyer as our exclusive broker of record on June 15, 2004.

7. Because Mr. Houweling had no information about our company's insurance and surety programs when he arrived at Woodruff-Sawyer, our employees have been directed to provide him with this information so that Mr. Houweling can create a portfolio reflecting all of our insurance matters. My office staff confirms that Mr. Houweling has collected information from our files to do this. He has not shown me any documents or provided me with any information taken from Allied since he left that company on June 15, 2004.

I declare under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 9th day of July 2004, at San Carlos, California.

/s/
William Stronck