United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESTEVE ANDRE,

Plaintiff,

v.

PATRICK M. GALVIN, and THE CITY OF SANTA ROSA,

Defendants

_______________________________________/

No. C-03-4599 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES; VACATING HEARING**

(Docket No. 43)

Before the Court is defendants' motion for attorneys' fees, filed June 16, 2004 and noticed for hearing July 30, 2004. No opposition has been filed. The Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the July 30, 2004 hearing on the motion. For the reasons set forth below, the Court GRANTS defendants' motion.

**BACKGROUND**

In the instant dispute between plaintiff Esteve Andre ("Andre") and defendants City of Santa Rosa ("City") and Patrick Galvin ("Galvin"), Andre contended that the City unlawfully required him to obtain a permit before installing sculpture in his front yard and then maliciously prosecuted him for failing to obtain the requisite permit. Andre alleged that the installation of artworks is not covered by the City zoning regulations and that no other citizen has ever been required to acquire a permit to install art on their property.

Dockets.Justia.com

Andre asserted four causes of action against the City and Galvin. Andre's first cause of action was a state law claim for malicious prosecution, as well as a claim under 42 U.S.C. § 1983 based on the same prosecution. The second cause of action was brought pursuant to 42 U.S.C. § 1983, based on an alleged violation of Andre's free speech rights and rights to equal protection and due process under the federal constitution, and alleged violations of "similar provisions" of the state constitution as well as violations of state law governing the unauthorized practice of law. Andre's third cause of action was for intentional infliction of emotional distress and fraud, wherein Andre alleged that Galvin is not an attorney and committed a fraud on the court by prosecuting Andre. The fourth cause of action was for injunctive relief, based on Galvin's alleged unlawful practice of law by prosecuting the Andre action on behalf of the City, wherein Andre sought an order enjoining Galvin from employment in any area related to law for three years, and "enjoining law students from appearing for the City of Santa Rosa directly by contract with the District Attorney's office without proper prior approval by the trial court with written client consent in writing prior and a statement in writing in the case file by the actual supervising attorney as well as the prosecuting attorney if they are not the same person." (<u>See</u> Compl. at 8, Prayer for Relief.)

On April 2, 2004, defendants moved for summary adjudication of all claims other than the § 1983 claims against the City. Andre did not oppose or otherwise respond to the motion. In an order filed April 30, 2004, the Court granted the motion in its entirety. The Court found that the § 1983 claims against Galvin were based entirely on Galvin's alleged malicious prosecution of Andre, that Galvin did not prosecute Andre, and that even if Galvin had prosecuted Andre, he would be entitled to prosecutorial immunity. The Court granted summary judgment in favor of Galvin on Andre's state law claims, on the ground that Galvin was entitled to absolute immunity from suit under § 821.6 of the California Government Code. The Court granted summary judgment in favor of the City on all state law claims, holding that the City is immune from suit, pursuant to § 815.2 of the California Government Code. Finally, the Court granted summary judgment in favor of the City on

Andre's claim for punitive damages under § 1983, because municipal entities are not subject to liability for punitive damages in suits brought under § 1983.

On May 17, 2004, the Court granted defendants' motion to amend their answer to assert an additional defense based on the statute of limitations. Again, Andre had failed to oppose or otherwise respond to the motion. On the same date, the Court issued an order to show cause why the remainder of the action should not be dismissed for failure to prosecute, noting that Andre had failed to respond to two consecutive motions filed by defendants. When Andre failed to respond to the order to show cause, the Court dismissed the action, with prejudice.

Defendants now move, pursuant to 42 U.S.C. § 1988, for an award of the attorneys' fees they incurred in preparing the April 2, 2004 motion for summary adjudication.

## LEGAL STANDARD

In a civil rights action brought pursuant to 42 U.S.C. § 1983, the Court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" See 42 U.S.C. § 1988(b). A prevailing defendant may recover attorneys' fees under § 1988 "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in bad faith.'" See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980) (quoting Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978)). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." Id. "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Id. Thus, "'a plaintiff should not be assessed his opponent's attorneys' fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" See id. (quoting Christiansburg Garment Co., 434 U.S. at 422).

## DISCUSSION

As noted, the Court granted defendants' motion for summary adjudication based on Galvin's lack of responsibility for Andre's prosecution and both parties' immunities from suit. Those immunities were clearly applicable. Indeed, Andre made no attempt to assert any

argument as to why the immunities were inapplicable. The Court finds the claims that were summarily adjudicated were groundless and without foundation, and, consequently, an award of attorney's fees to defendants is appropriate. See, e.g., Franceschi v. Schwartz, 57 F.3d 828, 832 (9th Cir. 1995) (awarding fees to defendants under § 1988 where the plaintiff's counsel "should have known" that the defendants were immune from suit).

Defendants seek an award of $5681.25 in fees, reflecting 25.25 hours of work expended in preparing the motion for summary adjudication at a rate of $225 per hour. The hours spent are adequately documented in the declaration of Patrick C. Wilson, and the Court finds both the number of hours spent and the hourly rate to be reasonable.

## CONCLUSION

For the reasons set forth above, defendants' motion for attorneys' fees is GRANTED and defendants are hereby awarded their attorneys' fees in the amount of $5681.25.

This order terminates Docket No. 43.

**IT IS SO ORDERED.**

Dated: July 23, 2004

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge