United States District Court
For the Northern District of California

E-Filed: 7/27/04

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CARON RAKICH,

Plaintiff

v.

EMC CORPORATION, KIRBY ROUSER, JOHN HANLON, DOES 1-100

Defendants.

_______________________________________/

Case No. C03-04205 JF (HRL)

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF INFORMATION AND DOCUMENTS RELATING TO PLAINTIFF'S CLAIM FOR EMOTIONAL DISTRESS**

On July 27, 2004, this court heard defendant's motion to compel production of information and documents relating to plaintiff's claim for emotional distress. Plaintiff opposed the motion. Based upon the papers submitted, and the arguments of counsel, the court DENIES the motion.

## I. BACKGROUND

On May 29, 2003, plaintiff Caron Rakich filed suit against her former employer, EMC Corporation (EMC) in San Jose Superior Court. Defendant subsequently answered and removed the case to federal court based on diversity jurisdiction on September 15, 2003. Plaintiff alleged numerous violations of California law arising from her employment and termination from EMC, including breach of contract, discrimination, and wrongful termination. Neither plaintiff’s complaint nor her initial disclosures sought damages for emotional distress. In responding to defendant’s

Dockets.Justia.com

interrogatory asking plaintiff to specify her damages, however, plaintiff listed emotional distress damages of $1 million, but provided no information to support this claim, and did not object to the request on privacy grounds.

On May 11, 2004, defense counsel asked plaintiff's counsel to produce medical and psychological records and/or any documentation supporting plaintiff's claim for emotional distress. Plaintiff's counsel objected on privacy grounds. Defendant then filed this motion, seeking an order compelling plaintiff to produce all information and documents relating to plaintiff's emotional state since her employment with EMC, including: 1) the cause, onset, degree of severity, and duration of the emotional distress, and any physical manifestations; 2) alternative causes of the emotional distress; 3) names and addresses of doctors and health care providers; 4) medical and psychological records; 4) bills for medical and psychological treatment; and 5) any other documents evidencing plaintiff's need for such treatment.

## II. ANALYSIS

### A. Whether Plaintiff's Privacy Objection is Waived

Under Fed. R. Civ. P. 33, any ground for objection not timely stated is waived "unless the party's failure to object is excused by the court for good cause shown." Given the circumstances of this case, plaintiff's privacy objection was sufficient. An interrogatory should "give[] the other party a reasonably clear indication of the information to be included in its answer." *Babcock Swine, Inc. v. Shelbco, Inc.*, 126 F.R.D. 43, 45 (S.D. Ohio 1989). Defendant's discovery did not specifically request medical or psychological information pertaining to plaintiff. Plaintiff's interpretation that the discovery requests did not seek such information was reasonable, and her objection should not be waived. Additionally, her counsel objected immediately upon learning that defendant wanted such information. Finally, "failure to object to on privacy grounds does not automatically waive a right to privacy." *Pearce v. Club Med Sales, Inc.*, 172 F.R.D. 407, 410 (N.D. Cal. 1997) (interpreting California privacy law).

//

//

//

**B. Whether the Emotional Distress Information is Protected by Plaintiff's Right to Privacy[1]**

The California Constitution states that all people have "inalienable rights," among which is the right to privacy. CAL. CONST. art. I, § 1. This right to privacy encompasses a person's medical and psychological history, and protects against invasion by both private citizens and the state. *See Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1019 (Cal. Ct. App. 1992); *Heda v. Superior Court*, 225 Cal. App. 3d 525, 527 (Cal. Ct. App. 1990). The constitutional right to privacy exists even where a statutory privilege does not apply. *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 656 (Cal. 1975).

However, a person's right to privacy is not absolute, and can be waived. *Davis,* 7 Cal. App. 4th at 1014. The scope of such waivers is narrowly construed. *Id*; *See also Heda*, 225 Cal. App. 3d at 530. While a party may waive their right by filing a suit, such a waiver "encompasses only discovery *directly relevant* to the plaintiff's claim and essential to the fair resolution of the lawsuit." *Davis*, 7 Cal. App. 4th at 1014. Courts have found a waiver of privacy rights where a party alleges continuing emotional distress and injury as a result of defendant's conduct. *Vinson v. Superior Court*, 43 Cal. 3d 833, 840 (Cal. 1987). However, courts have been less willing to find waivers of privacy rights where parties are not alleging distinct and continuing emotional injuries. *See Davis*, 7 Cal. App. 4th at 1017; *Heda*, 225 Cal. App. 3d. at 530. The party seeking the information bears the burden of demonstrating that the information is directly relevant. *Davis*, 7 Cal. App. 4th at 1017.

The court finds that plaintiff's claim for emotional distress does not waive her right to privacy. Plaintiff has alleged emotional distress only in connection with her employment and termination from EMC, and has not made a separate claim for emotional injury. *See id.* at 1018 (refusing to find a waiver of privacy rights where plaintiff limited her emotional distress claim to pain and suffering associated with her personal injury claim). The right to privacy is "too important to be brushed aside

---

[1]Although plaintiff states that this motion "implicat[es] California privilege law," and both sides cite cases interpreting the psychotherapist-patient privilege, plaintiff's only objection appears to be that her right to privacy is violated. Plaintiff has not specifically asserted that the psychotherapist-patient privilege applies, nor has she proved the facts necessary to show such a privilege. *See Mahoney v. Superior Court*, 142 Cal. App. 3d 937 (Cal. Ct. App. 1983) (rejecting assertion of the psychotherapist-patient privilege where party seeking protection failed to "prove [the] preliminary facts").



United States District Court
For the Northern District of California

when the medical condition of the plaintiff may be only peripherally involved." *Davis*, 7 Cal. App. 4th at 1017. Further, plaintiff is not alleging a continuing emotional injury that would waive her right to privacy. *See id.; see also Vinson*, 43 Cal. 3d at 839-40.

Additionally, defendant's argument that the discovery may reveal that the emotional distress was caused by other factors does not establish direct relevance, as courts have rejected this theory where the plaintiff was not alleging continuing emotional distress. *See Doyle v. Superior Court*, 50 Cal. App. 4th 1878, (Cal. Ct. App. 1996) (holding that the possibility of discovering "alternative sources" for the distress does not waive the right to privacy where plaintiff was not seeking damages for ongoing emotional distress).

## III. ORDER

Defendant's motion to compel is DENIED. Plaintiff did not waive her privacy objection, as defendant's interrogatories were not specific, and plaintiff's objection was made as soon as defense counsel requested the emotional distress information. Additionally, plaintiff's request for emotional distress damages does not entitle defendant to the information sought. Plaintiff's right to privacy in this information has not been waived, as she is not alleging a distinct emotional injury or making allegations of continuing emotional distress. Defendant has failed to meet its burden of demonstrating that the discovery is directly relevant.

**IT IS SO ORDERED.**

Dated: 7/27/04

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Howard Clinton Hay howardhay@paulhastings.com,

Alden Knisbacher aknisbacher@yahoo.com,

Baldwin J. Lee blee@allenmatkins.com, jmacgregor@allenmatkins.com

Robyn J. Lerner robynlerner@paulhastings.com, christinajones@paulhastings.com

Jeffrey D. Wohl jeffwohl@paulhastings.com, meredithmitchell@paulhastings.com

* Counsel are responsible for providing copies of this order to co-counsel who have not registered under the Court's ECF system.

Dated: 7/27/04

/s/ KWN
Chambers of Magistrate Judge Lloyd

United States District Court
For the Northern District of California