Apple Inc. v. Psystar Corporation Doc. 1424

H. Renton Rolph/ State Bar No. 73457
JAMES & McCLELLAN
One Front Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 837-3820
Facsimile: (415) 837-3835

Attorney for Defendants
**Carl's Jr. Restaurant 7041**
**And By-The-Bay Investments, Inc.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RIKER,<br><br>Plaintiff,<br><br>vs.<br><br>CARL'S JR. RESTAURANT 7041, BY-THE-BAY INVESTMENTS, INC.;YU-CHEN; YEE C. CHEN; ALEXANDER B. CHEN; SELINA W. CHEN CHAO; JIMMY C. K. CHEN; MAGGIE W.T. CHEN; DOE TRUSTS 1-5; MALL PARKING LOT OWNERS DOE 6-10; AND DOES 11-50, Inclusive,<br><br>Defendants. | CASE NO. C-04-1829 HRL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY** |

Defendants Carl's Jr. Restaurant 7041 and By –The-Bay Investments, Inc. for its answer to the complaint herein, alleges as follows:

1. Admit the allegations contained in paragraphs 1, 4, 5, 6, 7, 8, 9,10,11, 22,23, 24, 33, 34, 44, 45, 46, 47, 48, 49, 66.



Dockets.Justia.com

2. Deny the allegations contained in paragraphs 3, 12, 18, 21, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38m 39, 40, 41, 42, 43, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70-78.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 2, 13, 14, 15, 16, 17, 19, 20, 21, 52.

As a First Affirmative Defense, defendants allege:

4. That the complaint fails to state a cause of action upon which relief may be granted.

As a Second Affirmative Defense, defendants allege:

5. Plaintiff failed to exhaust her administrative and other remedies before filing this lawsuit.

As a Third Affirmative Defense, defendants allege:

6. Removal of the architectural barriers alleged by plaintiff is not readily achievable.

As a Fourth Affirmative Defense, defendants allege:

7. Plaintiff was not deprived of any right, privilege or immunity secured to her under the US Constitution, the California Constitution or the laws of the Untied States or California.

As a Fifth Affirmative Defense, defendants allege:

8. Defendants, at all times relevant hereto, acted under the reasonable belief that their actions were in accordance with federal law. At no relevant time did defendants act in contravention of clearly established federal statutory or constitutional rights of plaintiff of which a reasonable person should have known. Therefore, defendants are qualifiedly immune from liability in damages.

As a Sixth Affirmative Defense, defendants allege:

9. At no time did defendants act with oppression, fraud or malice.

As a Seventh Affirmative Defense, defendants allege

10. Plaintiff has acted unreasonably and beyond the intent of the applicable statutes in that she has filed numerous lawsuits such as this one primarily seeking money for herself and his attorney.

As a Eighth Affirmative Defense, defendants allege:

11. Defendants have not remodeled the restaurant sufficient to require compliance with ADA and California accessibility requirements.

Wherefore, defendants pray for judgment in their favor plus costs and attorney's fees.

Dated: July 28, 2004

JAMES & McCLELLAN

By: ______________________________

H. Renton Rolph
Attorney for Defendants
**Carl's Jr. Restaurant 7041 and By-The-Bay Investments, Inc.**