***E-FILED 7/28/04***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

United States District Court
For the Northern District of California

XIN-HIE MEN,

Plaintiff,

v.

GREAT WALL IMPERIAL RESTAURANT, et al.,

Defendants.

______________________________________/

No. C 04-01121 RS

CASE MANAGEMENT SCHEDULING ORDER
(Rule 16, F.R.Civ.P.)

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a Case Management Conference was held on July 28, 2004. After considering the Case Management Statement and Proposed Order submitted by the parties and consulting with the attorneys of record for the parties and good cause appearing, **IT IS HEREBY ORDERED THAT:**

1. ALTERNATIVE DISPUTE RESOLUTION

EARLY NEUTRAL EVALUATION. Pursuant to the parties' stipulation and good cause appearing, this case has been referred to Early Neutral Evaluation for appropriate action to be completed within one hundred twenty (120) days, if possible.

2. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS. Any amendments to the pleadings or the joinder of additional parties shall be completed on or before **September 30, 2004**.



Dockets.Justia.com

3. FURTHER CASE MANAGEMENT CONFERENCE. A further case management conference will be held on **December 15, 2004 at 2:30 p.m.** A joint case management conference statement shall be filed no later than December 8, 2004

4. DISCOVERY.

On or before **March 31, 2005,** all non-expert discovery shall be completed by the parties. Any discovery requests pursuant to Rule 33-36 and 45, F.R.Civ.P. shall be served far enough in advance so that responses to written discovery shall be due, as provided in said rules, no later than the discovery completion date. All depositions shall be concluded by the discovery completion date.

Discovery shall be limited as follows: (a) **ten (10)** depositions per party; (b) **twenty-five (25)** interrogatories per party, including all discrete subparts; (c) a reasonable number of requests for production of documents or for inspection per party; and (d)a reasonable number of requests for admission per party.

5. EXPERT WITNESSES. The disclosure and discovery of expert witness opinions shall proceed as follows:

A. On or before **April 15, 2005,** plaintiff shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

B. On or before **April 29, 2005,** defendant shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

C. On or before **May 31, 2005,** all discovery of expert witnesses pursuant to Rule 26(b)(4), F.R.Civ.P. shall be completed.

6. PRETRIAL MOTIONS. All pretrial motions must be filed and served pursuant to Civil Local Rule 7. All pretrial motions shall be **heard** no later than **June 29, 2005**.

7. PRETRIAL STATEMENTS. At a time convenient to both, counsel shall meet and confer to discuss preparation of a joint pretrial statement and on or before **July 11, 2005**, counsel shall file a Joint Pretrial Statement in accordance with the attached Standing Order re: Pretrial Preparation.

8. PRETRIAL CONFERENCE. The final pretrial conference will be held on **July 20, 2005 at 2:30 p.m.**, in Courtroom 4 at the United States Courthouse, 280 S. First Street, San Jose, California. Each party or lead counsel who will try the case shall attend personally. Counsel shall comply with the attached Standing Order re: Pretrial Preparation.

9. TRIAL DATE. Jury trial shall commence on **August 1, 2005 at 9:00 a.m.**, in Courtroom 4, United States Courthouse, San Jose, California.

**IT IS SO ORDERED.**

DATED: July 28, 2004

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR FINAL PRETRIAL CONFERENCE**

**IN JURY CASES BEFORE MAGISTRATE JUDGE RICHARD SEEBORG**

**A.** **<u>Required Meeting and Disclosure Prior to Pretrial Conference</u>**: At least 21 days before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

1. Settlement of the case;
2. Preparation and content of the Joint Pretrial Statement and Order in accordance with this Standing Order;
3. Preparation and exchange of pretrial materials to be served and lodged pursuant to Rule 26(a)(3) F.R. Civ. P. and this Standing Order; and,
4. Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy and efficient determination of the case.

**B.** **<u>Joint Pretrial Statement and Order</u>:** At least ten (10) days before the Pretrial Conference, unless otherwise ordered, the parties shall lodge and serve a Joint Pretrial Statement and Proposed Order containing the following information:

1. <u>Substance of the Action</u>. A brief description of the parties, the substance of claims and defenses that remain to be decided, and the operative pleadings that raise the issues;
2. <u>Relief Prayed</u>. A detailed statement of all relief claimed, particularly itemizing all elements of damages claimed;

United States District Court
For the Northern District of California

3. Amendments or Dismissals. A statement of proposed amendments to pleadings or dismissals of parties, claims or defenses;

4. Undisputed Facts. A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits. The parties shall exercise good faith in stipulating to facts that are not reasonably disputable;

5. Disputed Factual Issues. A plain and concise list of the issues of fact that are contested and remain to be litigated at trial;

6. Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts;

7. Stipulations. A statement of proposed stipulations or agreements that will expedite the presentation of evidence;

8. Witnesses to be Called. A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. No party shall be permitted to call any witness in its case in chief that is not disclosed in its pretrial statement without leave of court for good cause;

9. Exhibits, Schedules and Summaries. A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each, describing its substance or purpose and the identity of the sponsoring witness;

10. Disputed Legal Issues. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions;

11. Pending Motions or Matters. A statement of any motions or matters that must be resolved prior to trial;

12. Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired;

13. Estimate of Trial Time. An estimate of the number of hours or days needed for the trial; and,

14. Miscellaneous. Any other matters that will facilitate the just, speedy and efficient determination of the action.

C. **Binding Effect of the Joint Pretrial Statement and Order:** The Joint Pretrial Statement and Order described above shall recite, directly above the signature lines of each party, the following:

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this cause, unless modified to prevent manifest injustice.

**D. Preparation For Trial**

1. Exhibits:

a. At least (10) days before the final Pretrial Conference, the parties shall exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment or rebuttal.

b. Each exhibit shall be premarked for identification. Counsel shall meet and confer and reach agreement upon a method for marking exhibits (for example, Plaintiff shall use numbers and Defendant shall use letters, or Plaintiff shall use numbers 100-199 and Defendant shall use numbers 200-299, etc.).

c. Unless otherwise ordered, at least five (5) days prior to the commencement of trial the parties shall deliver three sets of all premarked exhibits contained in three ring binders to the judge's deputy clerk.

d. No party shall be permitted to offer any exhibit at trial that is not disclosed in its pretrial statement without leave of court for good cause, unless it is offered solely for impeachment or rebuttal.

2. Motions in Limine: Unless otherwise ordered, the parties shall file and serve any motions in limine at least ten (10) days before the final Pretrial Conference, and any oppositions thereto at least three (3) days before the final Pretrial Conference. Ordinarily, these motions will be deemed submitted without oral argument.

3. Deposition and Discovery Designations: Unless otherwise ordered, at least five (5) days before the commencement of trial, the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal. (A copy of the designated deposition testimony with page and line references, or the interrogatory response or admission shall be provided). Any objections to the use of designated excerpts and any counter-designations of deposition testimony shall be filed and served prior to the commencement of trial.

4. Jury Materials:

a. Unless otherwise ordered, at least five (5) days prior to the commencement of trial, the parties shall file and serve:

(1) Jury Voir Dire Questions;

(2) Proposed Jury Instructions; and

(3) Proposed Jury Verdict Forms.

b. Ordinarily, the court will give the standard preliminary jury instructions contained in the Model Jury Instructions of the Ninth Circuit prior to opening statements and will give the standard closing instructions in the Model Jury Instructions of the Ninth Circuit after closing arguments.

c. As to substantive case specific instructions, the parties shall meet and confer and submit jointly an agreed set of instructions, using the Model Jury Instructions of the Ninth Circuit where appropriate. In the event the parties are unable to agree to the language of a particular instruction, the objecting party shall submit a written objection or an alternative proposed instruction placed in sequence immediately following the disputed instruction. The joint set of jury instructions shall be submitted in hard copy as well as on a computer disk in Word Perfect format.

5. Trial Briefs: Trial briefs are optional, but any party wishing to file a trial brief must do so not less than five (5) days prior to the commencement of trial

IT IS SO ORDERED.

DATED: October 23, 2001

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

**Counsel for Plaintiff(s)**

Adam Q. Wang, Esq.
Email: waqw@attbi.com

**Counsel for Defendant(s)**

Gordon J. Finwall, Esq.
Email: Gordon@Finwalllaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated: July 28, 2004

/s/ BAK
Chambers of Magistrate Judge Richard Seeborg