Steven M. Fink, Esq. (Bar No. 47789)
**MESIROW, FINK, EISENHART & DAWSON**
A PROFESSIONAL ASSOCIATION INCLUDING A PARTNERSHIP
10 Almaden Boulevard, Suite 400
San Jose, California 95113-2226
Tel: (408) 288-8100
Fax: (408) 288-9409

Attorneys for Plaintiff, JESSE BARAJAS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JESSE BARAJAS,<br><br>Plaintiff,<br><br>vs.<br><br>ALISAL UNION SCHOOL DISTRICT; JESUS VELASQUEZ, JOSE CASTANEDA, GARY KARNES, JUAN FLORES, and ALBERT MALDONADO INDIVIDUALLY AND AS TRUSTEES OF THE ALISAL UNION SCHOOL DISTRICT, and DOES 1-20,<br><br>Defendants. | **CASE NO. C03-04520 RS**<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

### 1. A BRIEF DESCRIPTION OF THE EVENTS UNDERLYING THE ACTION:

As more particularly set forth in Plaintiff, JESSE BARAJAS' 65 page verified complaint which was originally filed in Monterey Superior Court ("VERIFIED COMPLAINT")[1], Mr. BARAJAS contends that he was wrongfully terminated from his position

[1]In setting forth the factual and legal issues herein, the parties do not wish to waive the myriad legal and factual issues described in the VERIFIED COMPLAINT and does not

Mesirow & Fink

as Superintendent of Defendant, ALISAL UNION SCHOOL DISTRICT ("ALISAL") for various illegal reasons. Mr. BARAJAS also contends that the individual members of the Board Of Trustees of ALISAL violated his federal civil rights in doing so.

Defendants denied these allegations and have asserted various affirmative defenses, some of which that: (1) the decision to discharge plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons; (2) the individual defendants are immune from liability under the doctrine of qualified immunity; (3) that defendants' conduct was the result of an exercise of discretion and is entitled to immunity pursuant to Government Code section 820.2; and (4) plaintiff's constitutional rights were not violated by defendants.

**2. THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE:**

The principal and/or ultimate factual issues which the parties dispute are:

1. Did Defendants, JESUS VELASQUEZ, JOSE CASTANEDA, GARY KARNES, JUAN FLORES, and ALBERT MALDONADO ("INDIVIDUAL DEFENDANTS") fire Mr. BARAJAS, traduce him publically, and/or otherwise act to harm Mr. BARAJAS in retaliation for his protected free speech and petitioning activities under the First Amendment in violation of 42 U.S.C. 1983?

2. Did ALISAL submit actual or potential "false claims" to the State of California within the meaning of California Government Code §§12650(b)(1) and 12653?

3. Did the INDIVIDUAL DEFENDANTS intentionally violate Mr. BARAJAS' rights to equal protection and due process under the Fourteenth Amendment and in violation

---

intend to do so [ 11 F.3d 948, 950 (9th Cir. 1993) ("**A pretrial order generally supersedes the pleadings, and the parties are bound by its contents.")** Fed.R.Civ.Pro. 16; *United States v. Joyce*, 511 F.2d 1127, 1130 n. 1 (9th Cir.1975) ("[T]he parties are bound by their agreement to limit the issues to be tried."). Since the pretrial order did not leave the question of Patterson's total disability open for determination at trial, the district court abused its discretion in deciding that issue.") (Emphasis added.)]. If the Court deems that a more elaborate version of this Joint Case Management Statement ("JCMS") is necessary to prevent such implied or express waiver, then the parties hereby request leave to submit such an amended or supplemental JCMS.

Mesirow & Fink

of 42 U.S.C. 1983?

4. Did the INDIVIDUAL DEFENDANTS engage in harmful actions against Mr. BARAJAS which were irrational or intentional or arbitrary with the intent to deny him equal protection of the laws as set forth in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75 (2000)?

5. Are any or all of the charges set forth in the "STATEMENT OF CHARGES. . . ." described in detail in the VERIFIED COMPLAINT and the exhibits thereto pretextual or false or misleading?

6. Did ALISAL breach its written contract with Mr. BARAJAS ("EMPLOYMENT AGREEMENT") without objective good cause to do so?

7. Did ALISAL retaliate against Mr. BARAJAS in violation of California's False Claims Act, California Government Code §12653 and thereby cause him damage?

8. Did ALISAL retaliate against Mr. BARAJAS for refusing to engage in or declining to engage racial or ethnic discrimination in violation of the California Fair Employment and Housing Act, California Government Code §12940(h)?

9. Did ALISAL retaliate against Mr. BARAJAS, and thereby injure him, for disclosing violations of federal and/or state law or for what Mr. BARAJAS reasonably perceived to be such violations to a government agency in violation of California Government Code §1102.5(b)?

10. Did ALISAL terminate Mr. BARAJAS' employment in violation of the public policy or policies set forth in the VERIFIED COMPLAINT?

11. Are the provisions of §VII(d) of the EMPLOYMENT AGREEMENT, purporting to limit the damages of Mr. BARAJAS illegal and unenforceable?

12. Are Defendants immune from liability pursuant to the discretionary immunity (California Government Code section 820.2)?

13. Is the qualified immunity defense applicable to the individual defendants?

**3. <u>THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE:</u>**

The principal and/or ultimate factual issues which the parties dispute are:

1. Did Defendants, JESUS VELASQUEZ, JOSE CASTANEDA, GARY KARNES,

JUAN FLORES, and ALBERT MALDONADO ("INDIVIDUAL DEFENDANTS") fire Mr. BARAJAS, traduce him publically, and/or otherwise act to harm Mr. BARAJAS in retaliation for his protected free speech and petitioning activities under the First Amendment in violation of 42 U.S.C. 1983?

2. Did ALISAL submit actual or potential "false claims" to the State of California within the meaning of California Government Code §§12650(b)(1) and 12653?

3 . Did the INDIVIDUAL DEFENDANTS intentionally violate Mr. BARAJAS' rights to equal protection and due process under the Fourteenth Amendment and in violation of 42 U.S.C. 1983?

4. Did the INDIVIDUAL DEFENDANTS engage in harmful actions against Mr. BARAJAS which were irrational or intentional or arbitrary with the intent to deny him equal protection of the laws as set forth in *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75 (2000)?

5. Did ALISAL breach their EMPLOYMENT AGREEMENT in violation of California Labor Code §2924?

6. Did ALISAL retaliate against Mr. BARAJAS in violation of California's False Claims Act, California Government Code §12653 and thereby cause him damage?

7. Did ALISAL retaliate against Mr. BARAJAS for refusing to engage in or declining to engage racial or ethnic discrimination in violation of the California Fair Employment and Housing Act, California Government Code §12940(h)?

8. Did ALISAL retaliate against Mr. BARAJAS, and thereby injure him, for disclosing violations of federal and/or state law or for what Mr. BARAJAS reasonably perceived to be such violations to a government agency in violation of California Government Code §1102.5(b)?

9. Did ALISAL terminate Mr. BARAJAS' employment in violation of the public policy or policies set forth in the VERIFIED COMPLAINT?

10. Are the provisions of §VII(d) of the EMPLOYMENT AGREEMENT, purporting to limit the damages of Mr. BARAJAS illegal and unenforceable?

**4. THE OTHER FACTUAL ISSUES *[E.G. SERVICE OF PROCESS, PERSONAL JURISDICTION, SUBJECT MATTER JURISDICTION OR VENUE]* WHICH REMAIN UNRESOLVED FOR THE REASON STATED BELOW AND HOW THE PARTIES PROPOSE TO RESOLVE THOSE ISSUES:**

Not applicable.

**5. THE PARTIES WHICH HAVE NOT BEEN SERVED AND THE REASONS:**

Not applicable.

**6. THE ADDITIONAL PARTIES WHICH THE BELOW-SPECIFIED PARTIES INTEND TO JOIN AND THE INTENDED TIME FRAME FOR SUCH JOINDER:**

None are anticipated at this time.

## ALTERNATIVE DISPUTE RESOLUTION

**7. THE FOLLOWING PARTIES CONSENT TO ASSIGNMENT OF THIS CASE TO A UNITED STATES MAGISTRATE JUDGE FOR *[COURT OR JURY]* TRIAL:**

The parties so consent for all purposes.

**8. THE PARTIES HAVE ALREADY BEEN ASSIGNED *[OR THE PARTIES HAVE AGREED]* TO THE FOLLOWING COURT ADR PROCESS *[E.G. NONBINDING ARBITRATION, EARLY NEUTRAL EVALUATION, MEDIATION, EARLY SETTLEMENT WITH A MAGISTRATE JUDGE] [STATE THE EXPECTED OR SCHEDULED DATE FOR THE ADR SESSION]:***

The ENE took place of July 26, 2004.

**9. THE ADR PROCESS TO WHICH THE PARTIES JOINTLY REQUEST *[OR A PARTY SEPARATELY REQUESTS]* REFERRAL:**

The ENE took place of July 26, 2004.

## DISCLOSURES

**10. THE PARTIES CERTIFY THAT THEY HAVE MADE THE FOLLOWING DISCLOSURES *[LIST DISCLOSURES OF PERSONS, DOCUMENTS, DAMAGE COMPUTATIONS AND INSURANCE AGREEMENTS]:***

The parties anticipate making their initial disclosures within the time frame provided for in Federal Rule of Civil Procedure 26(a).

## DISCOVERY

**11. THE PARTIES AGREE TO THE FOLLOWING DISCOVERY PLAN *[DESCRIBE THE PLAN E.G., ANY LIMITATION ON THE NUMBER, DURATION OR SUBJECT MATTER FOR VARIOUS KINDS OF DISCOVERY,- DISCOVERY FROM EXPERTS; DEADLINES FOR COMPLETING DISCOVERY]:***

As set out in the prior Pretrial Order. Plaintiff's discovery motions were continued to the date of the CMC.

## TRIAL SCHEDULE

**12. THE PARTIES REQUEST A TRIAL DATE AS FOLLOWS:**

**13. THE PARTIES EXPECT THAT THE TRIAL WILL LAST FOR THE FOLLOWING NUMBER OF DAYS:**

10-15 Court days

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated:_________________ __________/S/_____________________________
Plaintiff, JESSE BARAJAS. by STEVEN M. FINK

Dated:_________________ _________/S/_________________________________
Defendants, ALISAL UNION SCHOOL DISTRICT; JESUS VELASQUEZ, JOSE CASTANEDA, GARY KARNES, JUAN FLORES, and ALBERT MALDONADO INDIVIDUALLY AND AS TRUSTEES OF THE ALISAL UNION SCHOOL DISTRICT, by MARK

Mesirow & Fink

Mesirow & Fink

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders: