Apple Inc. v. Psystar Corporation Doc. 1566

GEORGE A. RILEY (State Bar #118304)
JOHN C. KAPPOS (State Bar #171977)
DARIN J. GLASSER (State Bar #223788)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street, Suite 2600
San Francisco, California 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant and Counterclaimant,
Discus Dental, Inc.

MAYER, BROWN, ROWE & MAW LLP
Michael Molano (SBN 171057)
Shirish Gupta (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, California 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Plaintiff BriteSmile, Inc.
and BriteSmile Development, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

BRITESMILE, INC. and BRITESMILE DEVELOPMENT, INC.,

Plaintiffs,

v.

DISCUS DENTAL, INC. and SALIM NATHOO,

Defendants.

Case No. 3:02-CV-03220 JSW

CONSOLIDATED ACTION

**SECOND REVISED JOINT CLAIMS CONSTRUCTION STATEMENT FOLLOWING MARKMAN HEARING**

Claims Construction Hearing: July 28, 2004

The Honorable Jeffrey S. White



Dockets.Justia.com

The Claims Construction Hearing was conducted Wednesday, July 28, 2004. This filing takes into account argument by the parties and questioning by the Court at the Hearing. BriteSmile, Inc., and BriteSmile Development, Inc. (collectively "Plaintiffs") and Defendant Discus Dental, Inc. respectfully submit this Second Revised Joint Claims Construction Statement Following Markman Hearing regarding terms in the asserted claims of the patents-in-suit, U.S. Patent Nos. 6,343,933 ("the '933 Patent"); 6,514,543 ("the '543 Patent"); and 6,536,628 ("the '628 Patent").

The proposed constructions of the following terms have been revised in view of the hearing:

"*wherein the actinic radiation is transmitted through the oxidizing composition*"

"*substantially free of an alkaline pH adjusting agent*"

"*the second formulation is substantially free of the hydrogen peroxide*"

## I. AGREED TERMS

Pursuant to Patent L.R. 4-3(a), the parties agree to the construction of the following claim terms, phrases, or clauses:

| **Term**<br>'933 Patent<br>'543 Patent<br>'628 Patent | **Definition** |
|---|---|
| photosensitizer precursor<br>Found in claim numbers:<br>'933 Patent: 1, 2, 11, 12, 13, 26, 27, 40, 43 | an ingredient of a composition that, in the context of the particular composition and application, will, when in contact with the surface of a stained tooth, become a photosensitizing agent, wherein the photosensitizing agent when exposed to actinic light activates an oxidizing compound in the composition |
| to activate<br>Found in claim numbers:<br>'933 Patent: 1, 11, 26 | to increase the rate of decomposition of the oxidizing agent by an amount that results in at least a measurable increase in the rate of tooth whitening |
| calcium chelating agent<br>Found in claim numbers:<br>'543 Patent: 4, 12, 15, 20, 26, 29 | an ingredient that, in the context of a composition, forms chelates with calcium ions to inhibit the precipitation of calcium ions, i.e., one molecule of ingredient may chelate one or more calcium ions |

| Term<br>'933 Patent<br>'543 Patent<br>'628 Patent | Definition |
|---|---|
| '628 Patent: 4, 12, 15 | |
| wherein the actinic radiation is transmitted through the oxidizing composition<br>Found in claim numbers:<br>'933 Patent: 41 | wherein greater than 70% of the actinic radiation is transmitted through the oxidizing composition |
| mixer<br>Found in claim numbers:<br>'543 Patent: 2, 18<br>'628 Patent: 2 | in the context of the claims at-issue, a device that causes at least some mixing of two formulations before use |
| mixture<br>Found in claim numbers:<br>'543 Patent: 2, 18<br>'628 Patent: 2 | in the context of the claims at-issue, a combination or blend of the two separate formulations into a single mass |

## II. DISPUTED TERMS

Pursuant to Patent L.R. 4-3(b), each party provides below their proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses:

| **Claim Language to be Construed by Court**<br>'933 Patent<br>'543 Patent<br>'628 Patent | **Plaintiffs' Proposed Construction and Evidence in Support** | **Defendant's Proposed Construction and Evidence in Support** |
|---|---|---|
| **the tooth whitening composition comprises a transparent carrier compound, a transparent oxidizing compound, a photosensitizer precursor**<br>Found in claim numbers:<br>'933 Patent: 1, 11, 26* | PROPOSED CONSTRUCTION: the tooth whitening composition comprises a carrier compound, an oxidizing compound, and a photosensitizer precursor, which when in contact with the surface of a stained tooth becomes a photosensitizing agent wherein the entire tooth whitening composition is capable of transmitting greater than 70% light energy at a specified wavelength or within a wavelength range when measured through a 1-2 mm layer of the composition.<br>INTRINSIC EVIDENCE:<br>'933 Patent col. 4:4-5 ("highly transparent to light energy in the range of 400 to 700 nm")<br>'933 Patent col. 4:9-10 ("not transparent to visible light, but rather are quite opaque") | PROPOSED CONSTRUCTION: in the context of a particular composition, the carrier compound and the oxidizing compound are each "transparent," i.e. each has a greater than 70% transmission of light at a specified wavelength or within a specified wavelength range when measured through a 1 mm thick gel containing the component. It does not require that the entire composition be "transparent."<br>INTRINSIC EVIDENCE<br>'933 patent: Abstract; col. 8, l 62 - col. 9, l 3; col. 9, ll 22-24; Examples 1 and 3; claims 1, 6-9, 11, 15-18, 26, 29-32, 40 and 43<br>EXTRINSIC EVIDENCE<br>Dictionary Definitions:<br>"**compound.** (1) A substance composed of atoms or ions of two |

| Claim Language to be Construed by Court<br>'933 Patent<br>'543 Patent<br>'628 Patent | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | '933 Patent col. 5:16-20 ("tooth whitening compositions that are relatively transparent to light energy in the wavelength range at which tooth chromogens absorb in order to allow exposure of the tooth enamel surface to said light energy while in contact with said tooth whitening compositions")<br>'933 Patent col. 5:31-32 ("a tooth whitening composition that is transparent to photoactive light")<br>'933 Patent col. 5:43-44 ("transparent to the wavelengths of light that are absorbed by tooth stain chromogens")<br>'933 Patent col. 6:30-31 ("allowing actinic radiation to penetrate through the oxidizing compound")<br>'933 Patent col. 6:35-37 ("allow actinic radiation to reach the stained tooth surface at higher power densities than prior art compositions that are specifically designed to absorb light")<br>'933 Patent col. 6:59-60 ("having greater than 70% transmission of light at a specified wavelength or within a wavelength range")<br>'933 Patent col. 10:35-38 ("the oxidizing composition must be transparent to the actinic radiation utilized in order to allow the wavelength-specific light energy to reach the tooth surface and underlying structure") | or more elements in chemical combination. The constituents are united by bonds or valence forces. A compound, a homogeneous entity where the elements have definite proportions by weight and are represented by a chemical formula. A compound has characteristic properties quite different from those of its constituent elements. It is decomposed by energy in the form of a chemical reaction, of heat, or of an electric current. Example: Water is a liquid formed by chemical combination of two gases; it can be separated into hydrogen and oxygen by an electric current (electrolysis); in certain reactions it is split into its constituent ions (H, OH) (hydrolysis); it is not chemically changed by heat or cold."<br>Hawley's Condensed Chemical Dictionary, 11th Ed., p. 302; see also McGraw Hill Dictionary of Scientific and Technical Terms, p. 425;<br>"**composition** [CHEM] The elements or compounds making up a material or produced from it by analysis."<br>McGraw Hill Dictionary of Scientific and Technical Terms, p. 425<br>MPEP §2111.03 |

| Claim Language to be Construed by Court<br>'933 Patent<br>'543 Patent<br>'628 Patent | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | '933 Patent FIGs. 4A and 4B (depicting the light transmission of a glass microscope slide and the inventive composition)<br><br>Claim 43 ("oxidizing composition is sufficiently transparent to actinic radiation such that about 10 to about 200 milliWatt/$cm^2$ of light can be applied to the one or more tooth surfaces")<br><br>EXTRINSIC EVIDENCE: Montgomery Depo (04/07/03): p. 22, 161-62<br><br>Montgomery Depo (08/29/03): p. 108-113, 135-55, 174-76<br><br>RICHARD VAN NOORT, INTRODUCTION TO DENTAL MATERIALS 59 (2d ed. 2002) (a transparent material allows light to pass through it, however, selective absorption of certain wavelengths may take place)<br><br>JACK L. FERRACANE, MATERIALS IN DENTISTRY: PRINCIPLES AND APPLICATIONS 334 (1995) (the quality of allowing light to pass through with minimal scattering or absorption)<br><br>BR 00656-658, BR 00664-670, BR 07564, BR 09796 | |

| **Claim Language to be Construed by Court**<br><br>'933 Patent<br>'543 Patent<br>'628 Patent | **Plaintiffs' Proposed Construction and Evidence in Support** | **Defendant's Proposed Construction and Evidence in Support** |
|---|---|---|
| **alkaline pH adjusting agent**<br><br>Found in claim numbers:<br><br>'543 Patent: 2, 10, 18, 24<br><br>'628 Patent: 2, 10 | PROPOSED CONSTRUCTION: an agent which functions to raise the pH of the formulation.<br><br>INTRINSIC EVIDENCE:<br><br>'628 Patent* Abstract ("maintained at a substantially constant pH range of 6.0-10.0")<br><br>'628 Patent col. 3:9-12 ("a pH adjusting agent …, wherein the pH of the tooth-bleaching composition during the bleaching process is substantially constant within a range of pH 6.0-10")<br><br>'628 Patent col. 3:46-50 ("a chemical tooth-bleaching agent such as hydrogen peroxide can be significantly enhanced at a pH greater than 5.5, more particular a pH in the range of 6-10, for example in a range of pH of 7-10, more particularly between 8.0 and 9.5, providing that the pH is maintained at a substantially constant range throughout the tooth-bleaching process")<br><br>'628 Patent col. 3:52-55 ("suitable pH adjusting agents include, but are not limited to, sodium hydroxide, potassium hydroxide, ammonium hydroxide, sodium carbonate, potassium carbonate, TRIS and triethanolamine")<br><br>'628 Patent col. 4:10-11 ("the ability to maintain a constant pH range above 5.5 throughout the | PROPOSED CONSTRUCTION: an agent that, when added to water, has a pH above 7.<br><br>INTRINSIC EVIDENCE<br><br>'628 patent: col. 2, ll. 30-40; col. 3, ll. 52-55; col. 4, ll. 61-65; Tables 1-3.<br><br>EXTRINSIC EVIDENCE<br><br>Montgomery deposition: p. 94:2 - 95:4<br><br>Exemplary prior art patents disclosing alkaline pH adjusting agents: U.S. Patent Nos. 4,812,173 to Tsao, et al.; and 3,657,413 to Rosenthal. |

| Claim Language to be Construed by Court<br>'933 Patent<br>'543 Patent<br>'628 Patent | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| | period of tooth bleaching")<br><br>'628 Patent Example 1, including Table 1 (includes non-limiting examples of alkaline pH adjusting agents)<br><br>'628 Patent Example 2, including Table 2 (includes non-limiting examples of alkaline pH adjusting agents)<br><br>'628 Patent Example 4, including Table 4 (includes non-limiting examples of alkaline pH adjusting agents)<br><br>Prosecution History of U.S. Patent No. 5,922,307; 6,312,670; 6,514,543; 6,536,628 (discussing the positive effect of increasing the pH of a hydrogen peroxide whitening agent) BR 30302-30399, BR 30560-30725, BR 30956-31102, BR 29577-29682<br><br>EXTRINSIC EVIDENCE: Montgomery Depo (08/29/03): p. 23-25, 48-50, 55-56, 77, 93-95<br><br>Grace Sun, *The Role of Lasers in Cosmetic Dentistry*, THE DENTAL CLINICS OF NORTH AMERICA 837-38 (2000) ("before application, the tooth whitening composition should be buffered to a much higher pH value with the salt of an alkaline base….[For example,] sodium hydroxide [can be used] as a buffering agent to raise the pH value….")<br><br>BR 07564 | |

| **Claim Language to be Construed by Court**<br>'933 Patent<br>'543 Patent<br>'628 Patent | **Plaintiffs' Proposed Construction and Evidence in Support** | **Defendant's Proposed Construction and Evidence in Support** |
|---|---|---|
| **substantially free of an alkaline pH adjusting agent**<br>Found in claim numbers:<br>'543 Patent: 2, 18<br>'628 Patent: 2 | PROPOSED CONSTRUCTION: lacks a sufficient amount of an agent that functions to raise the pH of the formulation enough to markedly decrease the stability of the hydrogen peroxide.<br>INTRINSIC EVIDENCE:<br>'628 Patent** Col. 2, lines 30-55 (discussing the reasons for the instability of prior art compositions).<br>'628 Patent** Example 2, Table 2 (part A lacks an agent that markedly decreases the stability of the sodium percarbonate)<br>Prosecution History of U.S. Patent Nos. 6,312,670; 6,322,773 (BR 30560-30725, BR 30802-30955)<br>EXTRINSIC EVIDENCE:<br>Montgomery Depo (08/29/03): p. 75-76, 93, 96 | PROPOSED CONSTRUCTION: no more than a trace amount of alkaline pH adjusting agent is present in the first formulation and, in addition, the amount of alkaline pH adjusting agent, if any, cannot markedly decrease the stability of the oxidizing agent. Trace amounts could be introduced, e.g., by the manufacturing process.<br>INTRINSIC EVIDENCE:<br>'628 patent:col. 2, ll. 30-40; col. 3, ll. 52-55; col. 4, ll. 61-65; Tables 1-3.<br>'628 patent file history: Information Disclosure Statement (BR 29623-27)<br>EXTRINSIC EVIDENCE<br>Montgomery deposition: p. 94:2-95:4.<br>Exemplary prior art patents disclosing alkaline pH adjusting agents: U.S. Patent Nos. 4,812,173 to Tsao, et al.; and 3,657,413 to Rosenthal. |

| Claim Language to be Construed by Court<br>'933 Patent<br>'543 Patent<br>'628 Patent | Plaintiffs' Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| **the second formulation is substantially free of the hydrogen peroxide**<br>Found in claim numbers:<br>'543 Patent: 2, 18<br>'628 Patent: 2 | PROPOSED CONSTRUCTION:<br>the second formulation has no more than an insubstantial amount of hydrogen peroxide<br>INTRINSIC EVIDENCE<br>Plain and ordinary meaning of the claim language. | PROPOSED CONSTRUCTION:<br>no more than a trace amount of hydrogen peroxide is present in the second formulation. Trace amounts could be introduced, e.g., by the manufacturing process.<br>INTRINSIC EVIDENCE<br>Plain and ordinary meaning of the claim language.<br>Doctrine of consistency |
| **pH of approximately 8.0**<br>Found in claim numbers:<br>'543 Patent: 17, 31<br>'628 Patent: 17 | PROPOSED CONSTRUCTION: pH between 7.6 and 8.4.<br>INTRINSIC EVIDENCE:<br>'628 Patent** col. 3:48 ("between 8.0 and 9.5") | PROPOSED CONSTRUCTION: pH of between 7.95 and 8.04.<br>INTRINSIC EVIDENCE<br>'628 patent: col. 3, ll. 47-48; Tables 1-5; Examples 2, 3<br>EXTRINSIC EVIDENCE<br>Effect of pH on Hydrogen Peroxide Bleaching Agents by Frysch, et al., J. Esthetic Dentistry, 1995 (demonstrating pH measurements, e.g., 4.4, to first decimal point.) |

*The elements of this phrase are included in each of Claims 1, 11, and 26; however, the elements are slightly rearranged in Claims 11 and 26.

**Citations by the parties to the '543 Patent have been omitted because the '543 Patent includes the same passages at slightly different column and line ranges than the '628 Patent. Should the Court request, the parties will supply these citations.

/ / /

/ / /

Dated: July 30, 2004

___/s/ John Kappos___________________________
John Kappos, Esq.
O'MELVENY & MYERS LLP
Attorneys for Defendant Discus Dental, Inc.

___/s/ Robert Rigg ___________________________
Robert Rigg, Esq.
MAYER, BROWN, ROWE & MAW LLP
Attorneys for Plaintiff BriteSmile, Inc. and BriteSmile Development, Inc.

## ECF CERTIFICATION

I, John C. Kappos, am the ECF User whose identification and password are being used to file this Second Revised Joint Claims Construction Statement Following Markman Hearing. In compliance with General Order 45.X.B, I hereby attest that Robert Rigg has concurred in this filing.

Dated: July 30, 2004

O'MELVENY & MYERS LLP

By: /s/ John Kappos
Attorneys for Attorneys for Defendant Discus Dental, Inc.