Apple Inc. v. Psystar Corporation

Doc. 1568

*JumpSport, Ins. v. Hedstrom Corporation et al.*
Case no. 04-0199 PJH

# Exhibit J

**To Declaration of Kevin Gannon**
**In Support of Defendant Hedstrom Corporation's Motion for Partial Summary Judgment of Non-Infringement**

Dockets.Justia.com

TOK

PETER H. GOLDSMITH (Bar No. 91294)
CHRISTINE A. AMATRUDA (Bar No. 111244)
HARRY SHULMAN (Bar No. 209908)
LEGAL STRATEGIES GROUP
5905 Christie Avenue
Emeryville, California 94608-1925
Telephone: 510-450-9600
Facsimile: 510-450-9601

RECEIV[illegible]
JUL 15 2002
CESARI & McKENNA

Attorneys for Plaintiff and Counterdefendant
JumpSport, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUMPSPORT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUMPKING, INC., a Utah corporation, et al.<br><br>Defendants.<br>___<br>AND COUNTERCLAIMS. | Case No. C 014986 PJH<br><br>**PLAINTIFF JUMPSPORT, INC.'S SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**Trial Date: June 30, 2003**<br>**Complaint Filed: December 19, 2001** |

Pursuant to meet and confer discussions among the parties, plaintiff JumpSport, Inc. ("JumpSport") hereby makes the following Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions. JumpSport maintains that its initial disclosures provided sufficient notice and information to defendants. To avoid a dispute, however, and without

extending defendants' time to issue their preliminary invalidity contentions, JumpSport makes these supplemental disclosures.

JumpSport asserts that by manufacturing, using, selling, and offering for sale their trampoline enclosures, defendants committed direct infringement, and induced infringement of, the claims identified below. These disclosures are based on information reasonably available to JumpSport at this time, following an inquiry that is reasonable under the circumstances. Pursuant to Patent L.R. 3-6 and Fed.R.Civ.P. 26(e), JumpSport reserves the right to supplement these disclosures and/or to produce additional information during the course of discovery, and to rely on such information as evidence in this action.

In these disclosures, JumpSport identifies which manufacturers have infringed particular claims of U.S. Patent No. 6,053,845 ("the '845 patent") and U.S. Patent No. 6,261,201 ("the '207 patent"). JumpSport has not specifically identified which retailer defendant has infringed each particular claim; however, JumpSport further contends that the retailers which sold these manufacturers' products themselves infringed the identified claims in JumpSport's patents. Moreover, JumpSport contends that defendant ICON Health & Fitness, Inc. is liable for the infringement of JumpSport's patents by the Jumpking products identified below.

///

///

///

///

///

///

///

///

///

///

///

///

## I. CLAIMS CHART

**Asserted Claims of U.S. Patent Nos. 6,053,845 and 6,261,207**
**Preliminary Infringement Contentions**

| Claim - '845 Patent | Accused Inst. | Description |
|---|---|---|
| Claim 1: A trampoline having a safety enclosure therearound, comprising a frame (1); a rebounding mat (2) coupled to the frame by plural spring members (3); | Jumpking original "Fun Ring," all sizes; Jumpking new Fun Ring (using U-shaped independent pole design), all sizes (hereafter, "Jump-king"); Hedstrom JumpGuard trampoline enclosures, all sizes ("Hed-strom"). Variflex Airzone trampoline enclosures, all sizes ( 4-935, 4-925 and 4-920) ("Variflex") (collectively "Accused Products"). | These limitations generally describe the trampoline and enclosure. **All Jumpking and Hedstrom** trampoline enclosures include these elements.<br><br>For its spring element, **Variflex** uses elastic bands which are sewn to the mat. This mat assembly is connected to the frame. JumpSport contends this is a literal infringement of the "rebounding mat coupled to the frame by plural spring members" element; to the extent it is not a literal infringement, JumpSport alleges the claim is infringed under the doctrine of equivalents. |

| | | |
|---|---|---|
| plural independent poles(4), each extending above the rebounding mat; | | **Jumpking Fun Ring 1 (JK1), Jumpking Fun Ring 2 (JK2), Hedstrom and Variflex** trampoline enclosures all use independent poles which extend above the rebounding mat.[1] |
| the safety enclosure comprising a flexible material (5) coupled (6) to said independent poles and to the rebounding mat (coupling to mat not visible in photos of accused products); | | **JK1, JK2, and Hedstrom** have safety enclosure made of flexible material coupled to the independent poles and to the rebounding mat.<br><br>**Variflex** similarly uses a safety enclosure made of flexible material coupled to the independent poles. JumpSport has observed Variflex enclosure products with the flexible material coupled to the mat assembly, notwithstanding that certain instructions suggest otherwise. |
| wherein the coupling (7) of the safety enclosure to both the independent poles and to the rebounding mat helps in absorption of impact forces to the safety enclosure. | | **JK1, JK2, Hedstrom and Variflex** all have enclosures wherein the coupling of the safety enclosure to both the independent poles and to the rebounding mat helps in absorption of impact forces to the safety enclosure. |
| | | |
| Claim 2: | Hedstrom<br>Variflex | |
| The trampoline of claim 1 | | see claim 1 |

[1]Photographs of the JK1 and JK2 products are attached as Exhibits 1 and 2, respectively, to avoid any confusion as to what these products are.

Hedstrom



///

///

///

///

///

///

## IV. DOCUMENT PRODUCTION

JumpSport will produce the documents required by Patent L.R. 3-2 in conjunction with its overall document production. Since JumpSport is producing original documents, it is unable at this time to identify those documents by production number.

DATED: July 12, 2002. LEGAL STRATEGIES GROUP

By: ______________________
HARRY SHULMAN
Attorneys for Plaintiff and Counterdefendant
JumpSport, Inc.