KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JOCELYN BURTON (CSBN 135879)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7198
FAX: (415) 436-6748

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. C 03-2065 CW<br><br>STIPULATION AND ORDER APPROVING COMPROMISE SETTLEMENT |

IT IS HEREBY STIPULATED by and between Jesse James, plaintiff, and the United States of America, defendant, by and through their respective attorneys as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. The United States of America, defendant, agrees to pay to the plaintiff the sum of eighteen thousand five hundred dollars and no cents ($ 18,500.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for which plaintiff or his heirs, executors, administrators, or assigns, and each of them, now have



Dockets.Justia.com

or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the sum of eighteen thousand five hundred dollars and no cents ($18,500.00), in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit, including any future claim for wrongful death. Plaintiff and his heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of the United States, its agents, servants, or employees, and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the agreement.

6. It is also agreed, by and among the parties, that the settlement amount of eighteen thousand five hundred dollars and no cents ($18,500.00) represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8. Payment of the settlement amount will be made by a check drawn on the account of the United States Postal Service for eighteen thousand five hundred dollars and no cents ($18,500.00) and made payable to Jesse James and Aspelin & Bridgman L.L.P.

9. In consideration of this Agreement and the payment of eighteen thousand five hundred dollars and no cents ($18,500.00) thereunder, plaintiff Jesse James agrees that upon notification that the settlement check is ready for delivery, he will deliver to defendant's counsel a fully executed Stipulation for Dismissal with prejudice of C 0-2065 CW, James v. United States. Upon delivery of the Stipulation for Dismissal, defendant's counsel will release the settlement check to plaintiff's counsel.

10. Plaintiff hereby releases and forever discharges the United States and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

11. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. Plaintiff has been informed that payment may take sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously process said payment.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any

respect except by writing, duly executed by all of the parties or their authorized representatives.

Dated: ____________ ____________________________
JESSE JAMES
Plaintiff

ASPELIN & BRIDGMAN, L.L.P.

Dated: ____________ ____________________________
JAMES C. BRIDGMAN
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: ____________ ______________
JOCELYN BURTON
Assistant United States Attorney
Attorneys for Defendant

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 8/9/04 /s/ CLAUDIA WILKEN
CLAUDIA WILKEN
United States District Court Judge