Apple Inc. v. Psystar Corporation

Doc. 1611

*E-filed 8/10/04

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**United States District Court**
For the Northern District of California

KAREEM W. NAHAS, ANDREW NAHAS, and BIG SKY ENTERTAINMENT, Inc., a California Corporation,

Plaintiffs,

v.

CITY OF MOUNTAIN VIEW, WHITNEY McNAIR, in her individual capacity and representative capacity, and DOES 1 through 50, INCLUSIVE

Defendants.

_______________________________________/

Case No. C03-05057 JW (HRL)

**ORDER (1) DENYING DEFENDANTS' MOTION TO PRECLUDE EVIDENCE OF PLAINTIFFS' DAMAGES; (2) GRANTING DEFENDANTS' MOTION TO COMPEL SUPPLEMENTAL INITIAL DISCLOSURES; AND (3) DENYING REQUESTS FOR SANCTIONS**

On August 10, 2004, this court heard defendants' motion to preclude evidence of plaintiffs' damages, or in the alternative, to compel supplemental initial disclosures. Defendants also requested sanctions. Plaintiffs opposed the motion, and requested sanctions. Based upon the papers submitted and the arguments of counsel, the court GRANTS the motion to compel and DENIES the motion to preclude evidence of plaintiffs' damages and the requests for sanctions.

## I. BACKGROUND

On November 14, 2003, plaintiffs filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants deprived them of their 5th and 14th amendment rights to operate a business. Plaintiffs

Dockets.Justia.com

United States District Court
For the Northern District of California

allege that the city's restrictions on the operation of their nightclub, The Limelight, resulted in an unlawful taking, and deprived plaintiffs of their free speech and due process rights.

Plaintiffs provided their initial disclosures on March 8, 2004, specifying six categories of damages. Plaintiffs provided witness names and some documentation supporting their damages claim, but did not include a computation of damages, stating that it was "an amount unknown at this time." Ex. B to Decl. of Louis A. Leone at 6. On March 25, 2004, defense counsel wrote plaintiffs' counsel, stating that the damages disclosures were insufficient for this reason. Defendants gave plaintiffs fourteen days to supplement their initial disclosures. Plaintiffs' counsel responded by stating that they would supplement their initial disclosures subsequent to the filing of their First Amended Complaint. Although the First Amended Complaint was filed on April 28, 2004, and defense counsel made further requests for the information, no supplemental initial disclosures have yet been made.

## II. DISCUSSION

Fed. R. Civ. P. 26(a)(1)(C) states that parties must, without waiting for a discovery request, provide "a computation of any category of damages claimed" and must make available the "documents or evidentiary material . . . on which such computation is based." Fed. R. Civ. P. 37(c)(1) provides that a party who without "substantial justification" fails to comply with Rule 26(a) or (e)(1) disclosure requirements "is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed."

The court finds that precluding evidence of plaintiffs' damages is inappropriate in this case, as their failure to produce the damages information was harmless. Defendants have suffered no real prejudice at this point in the litigation as a result of not having the information. Trial is over a year away, on October 18, 2005, and the deadline for mediation, while originally set for July 30, 2004, has been continued to September 30, 2004. Compelling plaintiffs to supplement their initial disclosures should provide the defendants with the damages information in sufficient time for review before either the mediation or the trial takes place.

## III. ORDER

Based on the forgoing, it is ordered that:

1. The motion to preclude evidence of plaintiffs' damages is DENIED.

2. The motion to compel supplemental initial disclosures is GRANTED. For each category of damages, plaintiffs shall provide defendants with a computation of damages. For categories of damages not subject to expert testimony, plaintiffs shall also provide the method and information used to calculate the damages. For categories of damages subject to expert testimony, however, plaintiffs need only produce the method and information used to calculate the damages to the extent it is reasonably available to them. The information not provided at this shall be timely provided during expert discovery. *See City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221-22 (N.D. Cal. 2003).

3. The requests for sanctions are DENIED.

4. Plaintiffs shall comply with the terms of this order by August 17, 2004.

**IT IS SO ORDERED.**

Dated: 8/10/04

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Marwa Elzankaly melzankaly@mfmlaw.com, prussell@mfmlaw.com

Louis A. Leone lleone@stubbsleone.com

James McManis jmcmanis@mfmlaw.com, smaes@mfmlaw.com

Eric Sidebotham esidebotham@mfmlaw.com, eschneider@mfmlaw.com

Michael D. Martello
Office of the City Attorney
500 Castro Street
Mountain View, CA 94039-7540

* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 8/10/04

/s/ KWN
Chambers of Magistrate Judge Lloyd