Apple Inc. v. Psystar Corporation
Doc. 1622

KEKER & VAN NEST, LLP
ROBERT A. VAN NEST - #84065
ETHAN A. BALOGH - #172224
DANIEL PURCELL - #191424
EUMI K. LEE - #209481
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
JAMES D. DURHAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES D. DURHAM,<br><br>Plaintiff,<br><br>v.<br><br>QUADRAMED CORPORATION; and DOES 1 through 10,<br><br>Defendants. | Case No. C 04-0429 CW<br><br>**CONFIDENTIALITY AGREEMENT AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |
| QUADRAMED CORPORATION,<br><br>Counter-Claimant,<br><br>v.<br><br>JAMES D. DURHAM,<br><br>Counter-Defendant. | |



Dockets.Justia.com

WHEREAS, the parties agree that protection of information produced during discovery in this action is warranted because plaintiff and counter-defendant James Durham ("Durham") and defendant and counter-claimant QuadraMed Corporation ("QuadraMed") each possess, controls, or has in its custody certain non-public information that it considers confidential.

Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 7-11, and upon stipulation of the parties, the Court hereby enters the following Protective Order to govern the discovery process.

1. Any documents disclosed in or discovery responses (including depositions) (collectively "Discovery") provided by a party (the "Producing Party") in this matter may be used by the party to which it was disclosed or produced to (the "Receiving Party") solely for the purposes of this litigation and for no other purpose. Discovery provided by the Producing Party may only be reviewed by the Receiving Party's counsel, designated client representatives, any expert witnesses it retains for the purposes of providing testimony in the above-captioned case, and (in the case of QuadraMed) its Board of Directors. Any person to whom Discovery disclosed by the Producing Party are disclosed must acknowledge in writing—prior to any disclosure—that he or she is familiar with the terms of this Confidentiality Agreement and Protective Order, will not disseminate any Discovery disclosed by the Producing Party to others save under the terms of this Agreement, and will return to counsel or certify the destruction of the Discovery at the termination of this litigation.

2. Within sixty (60) days of the conclusion of this matter, all Discovery received by the Receiving Party subject to this Stipulation that are in the possession, custody, or control of the Receiving Party or its agents either shall be destroyed or returned to Counsel of Record for the Producing Party. If the records are destroyed, the Receiving Party shall provide a certificate signed under the penalty of perjury so stating. Outside counsel for Durham and QuadraMed, however, each may retain one (1) copy of the Discovery disclosed by the Producing Party in its records.

3. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document at any court proceeding related to this matter.

4. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

5. If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production of such Discovery during the pendency of this litigation or any time up to one year thereafter, that party shall give written and telephone notice to counsel for the Producing Party within ten (10) business days after receipt of the subpoena or compulsory processing identifying the information sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Discovery called for prior to receiving a court order or the consent of the Producing Party.

6. This agreement becomes effective upon its execution by both parties. Executing counsel warrant and attest that he has conferred with his appropriate client representative and is authorized to execute this Confidentiality Agreement and Protective Order on his client's behalf.

IN WITNESS WHEREOF, the parties hereto caused this agreement to be duly executed as of the day and year written below.

Dated: August 3, 2004 KEKER & VAN NEST, LLP

By: /s/ Ethan A. Balogh ____________________
ETHAN A. BALOGH
Attorneys for Plaintiff
JAMES D. DURHAM

Dated: August 3, 2004

MILES & STOCKBRIDGE P.C.

By: /s/ Brian F. Kenney ___________________
BRIAN F. KENNEY
Attorneys for Defendant/Counter-Claimant
QUADRAMED CORPORATION

IT IS SO ORDERED

Dated: 8/10/04

/s/ CLAUDIA WILKEN

THE HONORABLE CLAUDIA WILKEN
U.S. DISTRICT COURT JUDGE