Apple Inc. v. Psystar Corporation Doc. 1660

Ellen B. Kamon, Esq., State Bar No. 102757
David E. Mead, Esq., State Bar No. 155827
STEPHAN, ORINGHER, RICHMAN & THEODORA, P.C.
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone (310) 557-2009
Facsimile (310) 551-0283

Attorneys for Defendant
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. FOSTER,<br>Plaintiff,<br>v.<br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 - 100, inclusive,<br>Defendants. | Case No. C03 02644 JW (e-filing)<br>(Hon. James Ware)<br>**EX PARTE APPLICATION FOR ORDER CONTINUING (1) THE DEADLINE FOR FINAL PRETRIAL CONFERENCE SUBMISSIONS; (2) FINAL PRETRIAL CONFERENCE DATE; AND (3) TRIAL DATE; ORDER THEREON** |

Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") hereby applies to the court *ex parte* for an Order continuing the August 13, 2004, deadline for the Final Pretrial Conference submissions, the September 13, 2004 date of the Final Pretrial Conference, and the September 28, 2004 Trial date.

**GOOD CAUSE**

This Application is made on the grounds that good cause exists for the requested orders as follows:

Presently, the deadline for the Final Pretrial Conference submissions is August 13, 2004. However, this date is ten days before the parties will have even held the Preliminary Pretrial Conference in this matter. The preliminary conference was



Dockets.Justia.com

originally scheduled for July 26, 2004, but was continued by this Court, on its own motion, to August 23, 2004. Under the present court-ordered schedule, the parties will be required to prepare and file the required Joint Pretrial Conference Statement, witness information, and Motions in Limine before they have had the chance to preliminarily meet with the Court to discuss and confirm the trial date, the trial schedule and any other pertinent issues in this matter. As such, a continuance of these dates makes practical sense under the circumstances. Moreover, clarification is needed as to whether September 28, 2004 has been confirmed as the trial date.

Moreover, as this Court may recall, at the time of its ruling on MetLife's motion for summary adjudication, it invited the parties to file cross-motions for summary judgment even though the deadline for such motions had already passed. MetLife is in the process of preparing such a motion which will be timely filed to be heard on September 20, 2004. If the August 13th deadline for the Final Pretrial Conference submissions and the September 13th date of the Final Pretrial Conference remain as presently set, then the parties will be required to prepare various trial related documents, including the joint pretrial conference statement, motions in limine, and witness information, before the hearing on its motion for summary judgment. In addition, the parties would be required to have the case prepared to proceed forward with trial on September 28th. MetLife believes this would not be in the interests of judicial economy and resources since a favorable ruling on its motion for summary judgment would allow the parties and the Court to avoid unnecessary time and expense related to these pretrial matters and the trial. MetLife is not requesting and would oppose any continuance of the long-past discovery and motion cut-off dates, except the motion for summary judgment which has been expressly permitted by the Court.

Accordingly, MetLife respectfully requests that this Court continue the August 13th deadline for the Final Pretrial Conference submissions to after the September 20th hearing date on its motion for summary judgment. MetLife further respectfully requests that the Final Pretrial Conference and Trial dates be set in accordance therewith.

Plaintiff's counsel Mr. Shepardson was notified by the undersigned by telephone on August 6, 2004, of this ex parte application and grounds therefor; he indicated he would not oppose this request.

An ex parte application for the order requested hereby is appropriate in that this is an unusual situation which cannot be remedied by a regular noticed motion due to the impending deadline. Plaintiff will not suffer any prejudice from the granting of this application, but instead will benefit therefrom.

DATED: August 10, 2004

Respectfully submitted,

STEPHEN, ORINGHER, RICHMAN & THEODORA, P.C.

By: Ellen Kamon

Ellen B. Kamon, Esq.
Attorneys for Defendant, METROPOLITAN LIFE INSURANCE COMPANY

# <u>ORDER</u>

Having considered MetLife's ex parte application for an order continuing the August 13, 2004, deadline for the Final Pretrial Conference submissions, as well as the September 13, 2004 date of the Final Pretrial Conference, and finding good cause therefor,

IT IS HEREBY ORDERED that the September 13, 2004 date of the Final Pretrial Conference is ~~continued to~~ vacated, and the August 13, 2004, deadline for the Final Pretrial Conference submissions is ~~continued to~~ vacated. The trial date will be set ~~for~~ at the preliminary pretrial conference scheduled for August 23. 2004.

Date: August 13, 2004

/s/James Ware
Honorable James Ware
United States District Judge