Apple Inc. v. Psystar Corporation Doc. 1695

GILBERT R. SEROTA (No. 75305)
CURT HOLBREICH (No. 168053)
MICHAEL L. GALLO (No. 220552)
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

Attorneys for Defendant and Counter-Claimant
NATIONAL ARBITRATION FORUM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELLEN CORBETT and CONSUMER ACTION, as private attorneys general,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ARBITRATION FORUM, a Minnesota corporation,<br><br>Defendant. | No. C-04-2689 CW<br><br>FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY RELIEF OF DEFENDANT NATIONAL ARBITRATION FORUM TO PLAINTIFFS ELLEN CORBETT AND CONSUMER ACTION'S COMPLAINT<br><br>DEMAND FOR JURY TRIAL |
| NATIONAL ARBITRATION FORUM, a Minnesota corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>ELLEN CORBETT, an individual, and CONSUMER ACTION, a California corporation<br><br>Counter-Claim Defendants. | |

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation



Dockets.Justia.com

Defendant National Arbitration Forum ("NAF") hereby amends it answer to the Complaint For Violations Of The Unfair Business Practices Act And For Declaratory And Injunctive Relief ("Complaint") brought against it by Plaintiffs Ellen Corbett and Consumer Action (collectively, "Plaintiffs") by asserting the following amended affirmative defenses and counterclaims, as set forth herein below:

## ANSWER

## INTRODUCTORY STATEMENT

1. NAF admits that the Complaint alleges that this is a lawsuit charging NAF with refusing to comply with a California statute, Code of Civil Procedure Section 1281.96 ("Section 1281.96"). The statute in question does not define what, if any, arbitration cases are required to be disclosed, since it fails to define "consumer arbitration", which is the crux of the alleged disclosure requirement. Although Plaintiff Corbett and her staff have publicly acknowledged the faults of Section 1281.96, and introduced legislation last year to amend the statute, those amendments were not enacted. It is this flawed and incomplete version of the statute that is now being used by the author of the legislation to sue NAF. Additionally, there is no similar disclosure requirement in Section 1281.96 for other dispute resolution methods, including lawsuits, so the statute impermissibly burdens arbitration, as prohibited by the Federal Arbitration Act ("FAA"). Except as specifically admitted, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 1 and on that basis denies them.

2. NAF denies the allegations of Paragraph 2. All of NAF's arbitrators are independent from NAF. They are not employees of NAF nor are they shareholders of NAF. NAF has no ability to influence the outcome of arbitration decisions (which are made solely by independent arbitrators) and its arbitrators have no financial or business interest in NAF. NAF accepts arbitration filings (much like a clerk of court), and eventually forwards all cases on to independent arbitrators who render decisions on the merits of each case. NAF

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

arbitrators are compensated on a case-by-case basis for the work they perform as arbitrators. NAF utilizes the services of more than 1,000 arbitrators. NAF arbitrators serve in all 50 states and in numerous countries. The inherent fairness of NAF's system has been recognized by numerous courts across the country:

- In *Green Tree Financial Corporation-Alabama v. Randolph*, 531 U.S. 79, 95 (2000), Justice Ginsburg recognized NAF as having developed a model of "fair cost and fee allocation."
- "Rule 20(d) of the National Arbitration Forum, the arbitrators selected in the parties' contract, currently authorizes arbitrators to 'grant any remedy or relief allowed by applicable substantive law and based on a Claim, Response, or Request properly submitted by a Party under this Code.'" *Johnson v. West Suburban Bank*, 225 F.3d 366, 375 n.2 (3d Cir. 2000).
- "[The National Arbitration Forum] boasts an impressive assembly of qualified arbitrators . . . All legal remedies and injunctive relief are available to the parties. Any party may request a written opinion of the arbitrator's ruling. The filing fee structure is clearly stated and reasonable based on the amount of the claim. The NAF Code authorizes its director to waive the filing fees for indigent individuals in accordance with applicable federal poverty standards. Moreover, the arbitrator may award the cost of the filing fees to the prevailing party . . . The Court is satisfied that NAF will provide a reasonable, fair, and impartial forum within which Plaintiffs may seek redress for their grievances. In addition, an arbitration award is subject to review by the Court." *Marsh v. First USA Bank, N.A.*, 103 F. Supp. 2d 909, 925-6 (N.D. Tex. 2000).
- "This fee schedule in the NAF Code has been upheld as adequate and fair by numerous courts. In *Green Tree*, Justice Ginsburg, in a separate opinion, concurring in part and dissenting in part, characterized the NAF *Code* provisions limiting fees in consumer small claims cases, as a 'model [] for fair cost and fee allocation.' This Court agrees . . . . Thus, plaintiffs are in no worse a position under the NAF Code then they would be in federal court." *In re Currency Conversion Fee Antitrust Litigation*, 265 F. Supp. 2d 385,

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

412 (S.D.N.Y. 2003) (citations omitted).

- "[NAF] provisions respecting payment of fees and costs foreclose only the plaintiffs' contention that the agreement does not provide them an adequate arbitral forum as an alternative to a judicial forum; the fees provisions do not foreclose plaintiffs' access to an arbitral forum that compares favorably to a judicial forum." *Smith v. Equifirst Corp.*, 117 F. Supp. 2d 557, 564 (S.D. Miss. 2000).
- There is "no persuasive evidence that the National Arbitration Forum is anything but neutral and efficient." *Lloyd v. MBNA America Bank, N.A.*, No. Civ.A. 00-109-SLR, 2001 WL 194300, *4 (D. Del. Feb. 22, 2001).
- "[A]ny relief available to the plaintiff . . . in a judicial forum would be available in arbitration in the NAF . . . .[N]umerous courts have found the NAF to be an adequate and fair arbitral forum and have upheld arbitration provisions requiring arbitration in the NAF." *Hale v. First USA Bank*, No. 00CIV5406JGK, 2001 WL 687371, *3 (S.D.N.Y. June 19, 2001).
- "[T]he Court has reviewed the rules and fee schedules of the NAF . . . and finds that they do not reflect a bias or expense which would deny [plaintiff] an adequate forum in which to resolve her dispute . . . . [T]he NAF not only sets forth a reasonable fee schedule, but provides that those fees may be awarded to the prevailing party, and permits waiver of fees for indigent litigants." *Garcia v. Household Bank*, No 00-4470CIV-Huck/Brown, Order Granting Motion to Stay Proceedings and to Compel Arbitration (S.D. Fla. Aug. 17, 2001).

3. NAF denies the allegations of Paragraph 3. Any arbitration decision that has been given legal effect must be confirmed in a court of competent jurisdiction. This information is available to any party in the same way information about any court case is available.

4. NAF denies the allegations of Paragraph 4. Section 1281.96 does not require the courts or other forms of dispute resolution to publish their case data in a format similar to that required of private arbitration companies. This requirement illustrates California's

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

attempt to single out arbitration for special (and negative) treatment, which is the very conduct Congress enacted the Federal Arbitration Act to prevent.

5. NAF denies the allegations of Paragraph 5. The time and resources necessary to comply with Section 1281.96 is burdensome. NAF estimates that it will expend at least $100,000 per year, each and every year, if it is forced to collect and distribute the extensive case data identified by this California law.

6. NAF denies the allegations of Paragraph 6.

## THE PARTIES

7. Upon information and belief, NAF admits that Ellen Corbett is a resident of San Leandro, California, a member of the California Assembly representing the 18th Assembly District and the Chair of the Assembly Judiciary Committee. Except as specifically admitted, NAF lacks knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 7 and on that basis denies them.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

8. Upon information and belief, NAF admits that Plaintiff Consumer Action is a non-profit corporation formed under the laws of the State of California with its principal place of business in San Francisco, California. Except as specifically admitted, NAF lacks knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 8 and on that basis denies them.

9. NAF admits that it is a private arbitration company with its principal place of business in Minneapolis, Minnesota. NAF has no employees or offices in California. NAF physically administers all of its cases in Minnesota and New Jersey. Except as specifically admitted, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 9 and on that basis denies them.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

10. NAF admits that the Complaint states that Plaintiffs purport to bring this action acting as private attorneys general pursuant to the Unfair Business Practice Act. Except as

specifically admitted, NAF denies the allegations contained in Paragraph 10.

## VENUE

11. NAF admits that Plaintiffs have quoted selected portions of NAF's Code of Procedure and the "Commentary" to its "Arbitration Bill of Rights". Except as specifically admitted, NAF denies the allegations contained in Paragraph 11. NAF has no employees in California. NAF has no offices in California. All of the arbitrators to whom NAF provides services are independent professionals. Moreover, the very act that would be required by Section 1281.92—posting data on a website—would be done by NAF in the State of Minnesota on computer servers located in the State of Minnesota.

## GENERAL ALLEGATIONS

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

12. NAF admits that Plaintiffs have set forth the language of Section 1281.96. Except as specifically admitted, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 12 and on that basis denies them.

13. NAF admits that federal law preempts the enforcement of Section 1281.96 as applied to NAF. Except a specifically admitted, NAF denies the allegations of Paragraph 13.

14. NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 14 and on that basis denies them. For example, there is no definition of "consumer" or "consumer arbitration" in Section 1281.96.

15. The allegations of Paragraph 15 state a legal conclusion to which no response is required. To the extent that any response is required, NAF denies the allegations of Paragraph 15. NAF disagrees with Plaintiffs' characterization of the law. The FAA requires that arbitration agreements be enforced "as written". Arbitration contracts that incorporate the NAF Code into the parties' agreement provide that the arbitrations are to be confidential.

(a) The allegations of Paragraph 15A state a legal conclusion to which no response is required. To the extent that any response is required, NAF denies the allegations

of Paragraph 15A.

(b) NAF denies the allegations of Paragraph 15B.

(c) NAF admits that Plaintiffs have quoted selected portions of *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior University*. The remainder of the allegations of Paragraph 15C state a legal conclusion to which no response is required. To the extent that any response is required to the allegations that NAF has not specifically admitted, NAF denies the allegations of Paragraph 15C.

(d) The allegations of Paragraph 15D state a legal conclusion to which no response is required. To the extent that any response is required, NAF denies the allegations of Paragraph 15D.

(e) NAF denies the allegations of Paragraph 15E.

(f) NAF denies that it has failed to make the disclosures apparently identified in Section 1281.96. NAF also denies that it derives an unfair competitive advantage over its competitors whether or not it is in compliance with Section 1281.96. Except as to those allegations specifically denied, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 15F and on that basis denies them.

16. NAF denies that it has a practice of refusing to comply with Section 1281.96, or that it has acted in an unlawful manner or in a way that is unfair to consumers. Except as to those allegations specifically denied, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 16 and on that basis denies them.

17. NAF denies that it has a practice of refusing to comply with Section 1281.96, or that it has acted in a manner unfair to consumers. Except as to the allegations specifically denied, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 17 and on that basis denies them. Parties to arbitrations governed by NAF's rules do not gain an advantage by having previously appeared before a particular arbitrator. Rule 21 A of NAF's procedural rules allows any party to opt for jointly selecting an arbitrator who is not on NAF's roster of independent contractor arbitrators. In addition, standard procedure for cases involving two parties is for the parties to get a "strike

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

list" of three arbitrators, for both parties to strike one arbitrator, and for the third independent arbitrator to serve as the arbitrator on the case. Under the rules, no party can have special knowledge of who the ultimate arbitrator will be.

18. NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 18 and on that basis denies them.

19. NAF denies that its rules permit NAF to influence the outcomes of arbitrations against consumers. NAF also denies that its rules permit NAF administrators to steer cases to particular decision makers. NAF denies that under the NAF Code of Procedure parties must select an arbitrator from a short list of individuals approved and pre-selected by NAF. NAF admits that one method of arbitrator selection under the NAF Code of Procedure consists of NAF's providing the parties with a list of arbitrators containing one more name than the number of parties and the parties each striking one name. Rule 21 A of the NAF Code of Procedure also allows any party to opt for selecting an arbitrator not on NAF's list of independent and neutral arbitrators. Under its rules, NAF has no ability to influence who the parties select as an arbitrator for their case. Professor Geist's article cited in the Complaint reviewed the dispute resolution system set up by the Internet Corporation for Assigned Names and Numbers (ICANN), in which no arbitrations are "consumer" arbitrations, under any reasonable interpretation of Section 1281.96. NAF is one of the administrators for this program, along with the United Nations' World Intellectual Property Organization (WIPO). Geist's purported findings were later discredited in a study entitled "The UDRP By All Accounts Works Effectively: Rebuttal to Analysis and Conclusions of Professor Michael Geist" (International Trademark Association Internet Committee, May 6, 2002). Except as to those allegations specifically admitted or denied, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19 and on that basis denies them.

20. NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 20 and on that basis denies them. Based on information and belief, as the published reports indicated, the cases Plaintiffs refer to in their Complaint

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

were *uncontested default collection* actions.

21. NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21 and on that basis denies them. NAF has no "links" to any parties, whether they be corporations, consumers, employees or any other individual, organization, association or entity that is a party to the arbitration cases NAF administers. NAF provides information about arbitration and dispute resolution to businesses. NAF also provides information about arbitration and dispute resolution to plaintiff counsel and consumers. NAF readily makes this information available to the public on its website.

(a) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21A and on that basis denies them.

(b) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21B and on that basis denies them.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

22. NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22 and on that basis denies them.

(a) NAF denies that its rules contain a "loser pays" rule. As interpreted by the courts as a matter of law, NAF's rules do not contain a loser pays provision. *Hutcherson v. Sears Roebuck & Co.*, 793 N.E. 2d 886, 897-8 (Ill. App. Ct. 2003) (NAF rules contain no loser pays provisions nor do they permit repeat player effect). Expect as specifically denied, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22A and on that basis denies them.

(b) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22B and on that basis denies them. NAF's rules do not contain a loser pays provision, as interpreted by the courts. *Hutcherson*, 793 N.E. 2d at 897-8 (NAF rules contain no loser pays provisions nor do they permit repeat player effect).

(c) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22C and on that basis denies them. The NAF rules contain provisions for discovery that have been held by courts to provide the proper due process for all parties. *See* Paragraph 2 of this Answer.

(d) NAF denies the allegations contained in Paragraph 22D.

(e) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22E and on that basis denies them. Numerous legal decisions have found NAF to be a fair forum for a consumer to resolve a legal dispute (*see* Paragraph 2 of this Answer). Additionally, the *Patterson* decision cited in the Complaint was based on the court's interpretation of the parties arbitration agreement, not NAF's rules.

23. NAF denies that it has made statements showing a bias towards corporations. The federal courts have examined these exact allegations of bias related to the fact that NAF has, from time-to-time, marketed its services to business entities, and have specifically rejected them, finding NAF to be a fair and neutral forum for consumer disputes. *See, e.g., Bellavia v. First USA Bank, N.A.*, No. 02C3971, 2003 WL 22425008, *3 (N.D. Ill. Oct. 22, 2003 ).

(a) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23A and on that basis denies them.

(b) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23B and on that basis denies them.

(c) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23C and on that basis denies them.

(d) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23D and on that basis denies them.

(e) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23E and on that basis denies them.

24. NAF denies that it has taken positions and made statements in court that demonstrate a predisposition toward corporate defendants. NAF has provided information to a few courts over the years as an amicus, supporting arbitration of claims, but *supporting neither party*. In cases in which the NAF submitted an amicus brief, both the Northern District of Texas and the Eleventh Circuit Court of Appeals lauded the NAF in their opinions and Justice Ginsburg of the U.S. Supreme Court praised the NAF in the *Randolph*

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
*A Professional Corporation*

case.

(a) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 24A and on that basis denies them.

(b) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 24B and on that basis denies them.

25. NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 25 and on that basis denies them. Plaintiffs mischaracterize the holdings of the two cases they cite in this paragraph. Furthermore, there are numerous other reported cases in which courts have ruled, in particular, that parties should proceed to arbitration before NAF because it was a fair, impartial and competent forum in which to receive legal relief. *See* Paragraph 2 of this Answer.

(a) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 25A and on that basis denies them.

(b) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 25B and on that basis denies them.

26. NAF denies the allegations of Paragraph 26. NAF includes in its Code a "Fee Schedule" setting forth the exact cost of each and every arbitration in its procedural rules, including the cost of an in-person or Participatory hearing.

(a) NAF admits that Plaintiffs have quoted a portion of Section 1281.96(a)(9). Except as specifically admitted, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 26A.

(b) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 26B and on that basis denies them.

(c) NAF denies the allegations contained in Paragraph 26C.

(d) NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 26D and on that basis denies them.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

## FIRST CAUSE OF ACTION

(Violation of the Unfair Competition Law,
California Business and Professions Code §§17200 et seq.)

27. NAF realleges and incorporates herein by reference its responses to the allegations set forth in Paragraphs 1 through 26 above.

28. The allegations of Paragraph 28 state a legal conclusion to which no response is required. To the extent a response is required, NAF lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 28 and on that basis denies them.

## SECOND CAUSE OF ACTION

(Declaratory Relief)

29. NAF realleges and incorporates herein by reference its responses to the allegations set forth in Paragraphs 1 through 28 above.

30. NAF admits that an actual controversy has arisen and now exists relating to the rights and duties of the parties herein. NAF also admits that the Complaint alleges that NAF has refused to disclose information required by Section 1281.96 and alleges that such refusal is unlawful and unfair under California law. NAF further admits that Section 1281.96 is preempted by federal law as applied to it. Except as specifically admitted, NAF lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 30 and on that basis denies them.

31. NAF admits that the Complaint purports to seek a declaration as to the legality of NAF's practices with respect to Section 1281.96. Except as specifically admitted, NAF denies the allegations of Paragraph 31.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Plaintiffs' Complaint, and without conceding that the burden of proof as to any of these matters lies with NAF, NAF alleges as follows:

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

## FIRST AFFIRMATIVE DEFENSE

32. This Court lacks personal jurisdiction over this controversy because NAF lacks sufficient minimum contacts with the forum.

## SECOND AFFIRMATIVE DEFENSE

33. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against NAF.

## THIRD AFFIRMATIVE DEFENSE

34. NAF has complied with a reasonable interpretation of the disclosure requirements of Section 1281.96 and the statute provides that there is no legal liability to an arbitration administrator for the data it discloses pursuant to this statute.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

## FOURTH AFFIRMATIVE DEFENSE

35. The causes of action alleged in Plaintiffs' Complaint are barred, in whole or in part, under the doctrine of federal preemption because granting the relief prayed for therein would impermissibly infringe upon and conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

36. The causes of action alleged in Plaintiffs' Complaint are preempted, in whole or in part, by the Federal Arbitration Act, 9 U.S.C. §§1 *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

37. The causes of action alleged in Plaintiffs' Complaint are preempted, in whole or in part, by the Commerce Clause of the United States Constitution, U.S. Const., art. I, §8, cl. 3.

## SEVENTH AFFIRMATIVE DEFENSE

38. As applied to the facts set forth in the Complaint, the provisions of California Code of Civil Procedure Section 1281.96 relied upon by Plaintiffs are unconstitutionally vague, and thus violate NAF's rights under the United States and California Constitutions.

## EIGHTH AFFIRMATIVE DEFENSE

39. The causes of action in Plaintiffs' Complaint are barred by the doctrine of arbitral immunity.

## COUNTERCLAIM

By and for its Counterclaim against Counter-Defendants Ellen Corbett and Consumer Action, Counter-Claimant NAF alleges as follows:

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

## JURISDICTION AND VENUE

40. Defendant and Counter-Claimant NAF is a corporation organized and existing under the laws of the State of Minnesota, with its principle place of business located in Minneapolis, Minnesota.

41. Upon information and belief, Plaintiff and Counter-Claim Defendant Ellen Corbett is a resident of San Leandro, California.

42. Upon information and belief, Ellen Corbett is a member of the general public and a consumer.

43. Upon information and belief, Plaintiff and Counter-Claim Defendant Consumer Action is a non-profit corporation formed under the laws of the State of California with its principal place of business in San Francisco, California.

44. Upon information and belief, Consumer Action is a membership organization that advocates on behalf of consumers, including its members, on arbitration issues.

45. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332(a)(1), 28 U.S.C. §1367(a) and Federal Rule of Civil

Procedure 13(a).

46. The matter in controversy exceeds $75,000, excluding interest and costs.

47. Venue is proper in this District pursuant to 28 U.S.C. §1391 because, upon information and belief, Counter-Claim Defendants reside in this judicial district.

## GENERAL ALLEGATIONS

### A. Plaintiffs' Complaint.

48. Plaintiffs' Complaint alleges that they are bringing a private attorney general action against NAF pursuant to the California Unfair Business Practices Act. Business and Professions Code §§17200 *et seq*. Plaintiffs allege that NAF has failed to disclose consumer arbitration information required by California Code of Civil Procedure Section 1281.96 ("Section 1281.96") and that such failure is unlawful, unfair, deceptive and illegal. Plaintiffs seek an injunction requiring NAF to comply with Section 1281.96.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

### B. California Code Of Civil Procedure Section 1281.96.

49. Section 1281.96 purports to require private arbitration companies to publicly disclose certain information related to "consumer arbitrations." In particular, it states:

> (a) Except as provided in paragraph (2) of subdivision (b), any private arbitration company that administers or is otherwise involved in, a consumer arbitration, shall collect, publish at least quarterly, and make available to the public in a computer-searchable format, which shall be accessible at the Internet Web site of the private arbitration company, if any, and on paper upon request, all of the following information regarding each consumer arbitration within the preceding five years:
>
> (1) The name of the nonconsumer party, if the nonconsumer party is a corporation or other business entity.
>
> (2) The type of dispute involved, including goods, banking, insurance, health care, employment, and, if it involves employment, the amount of the employee's annual wage divided into the following ranges: less than one hundred thousand dollars ($ 100,000), one hundred thousand dollars ($ 100,000) to two hundred fifty thousand dollars ($ 250,000), inclusive, and over two hundred fifty thousand dollars ($ 250,000).
>
> (3) Whether the consumer or nonconsumer party was the prevailing party.

(4) On how many occasions, if any, the nonconsumer party has previously been a party in an arbitration or mediation administered by the private arbitration company.

(5) Whether the consumer party was represented by an attorney.

(6) The date the private arbitration company received the demand for arbitration, the date the arbitrator was appointed, and the date of disposition by the arbitrator or private arbitration company.

(7) The type of disposition of the dispute, if known, including withdrawal, abandonment, settlement, award after hearing, award without hearing, default, or dismissal without hearing.

(8) The amount of the claim, the amount of the award, and any other relief granted, if any.

(9) The name of the arbitrator, his or her total fee for the case, and the percentage of the arbitrator's fee allocated to each party.

(b)(1) If the information required by subdivision (a) is provided by the private arbitration company in a computer-searchable format at the company's Internet Web site and may be downloaded without any fee, the company may charge the actual cost of copying to any person who requests the information on paper. If the information required by subdivision (a) is not accessible by the Internet, the company shall provide that information without charge to any person who requests the information on paper.

(2) Notwithstanding paragraph (1), a private arbitration company that receives funding pursuant to Chapter 8 (commencing with Section 465 of Division 1 of the Business and Professions Code) and that administers or conducts fewer than 50 consumer arbitrations per year may collect and publish the information required by subdivision (a) semiannually, provide the information only on paper, and charge the actual cost of copying.

(c) This section shall apply to any consumer arbitration commenced on or after January 1, 2003.

(d) No private arbitration company shall have any liability for collecting, publishing, or distributing the information required by this section.

50. Section 1281.96 applies only to consumer arbitrations, not to other forms of dispute resolution.

51. Section 1281.96 appears to contain no language limiting its application to arbitrations administered in California, or to arbitrations involving California parties.

52. Neither Section 1281.96 nor any of the other provisions of Title 9 of the Code of Civil Procedure—which contains statutes pertaining to arbitration—provides a definition of the term "consumer arbitration."

53. Legislation designed to provide statutory definitions of "consumer arbitration" was vetoed in 2002 by the Governor of California.

### C. NAF's Confidentiality Agreements And Disclosure Of California Consumer Arbitration Information.

54. All arbitration agreements by which parties contract for or agree to arbitration provided by NAF incorporate by reference the NAF Code of Procedure ("Code of Procedure"), unless the parties agree otherwise. The Code of Procedure sets forth numerous rules for the conduct of arbitrations.

55. Rule 48 of the Code of Procedure provides that "[u]nless the Parties agree otherwise, any Arbitration Agreement . . . and all arbitration proceedings, Hearings and Awards are [to] be governed by the Federal Arbitration Act, 9 U.S.C. §§1-16."

56. Rule 4 of the Code of Procedure, which governs the confidentiality of NAF arbitrations, provides that:

> Arbitration proceedings are confidential, unless all Parties agree otherwise. Arbitration Orders and Awards are not confidential and may be disclosed by the Parties. A Party who improperly discloses confidential information shall be subject to Sanctions. The Arbitrator and Forum may disclose case filings, case dispositions, and other case information as required by a Court Order.

Thus Rule 4 prevents NAF from disclosing any information about arbitrations it administers except in response to a court order or by agreement of the parties.

57. NAF provides administrative services for arbitrations throughout the United States. Many of these arbitrations involve interstate commerce. NAF physically administers all of its cases in Minnesota and New Jersey. The arbitrations themselves are conducted by independent contractors who are not employed by NAF. The vast majority of the arbitrations for which NAF provides administrative services take place outside of California.

58. Section 1281.96's disclosure requirement is preempted by federal law, in particular the Federal Arbitration Act ("FAA"). Nonetheless NAF has voluntarily disclosed on its website data concerning some arbitrations it has administered between January 1, 2003 and April 1, 2004.

## FIRST COUNTERCLAIM
## (Declaratory Relief)

59. NAF realleges and incorporates herein each of the allegations set forth in Paragraphs 40 through 58 above.

60. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein. Plaintiffs contend that NAF is failing to designate consumer arbitration information in violation of Section 1281.96 and that such failure constitutes an unfair and illegal business practice in violation of Business & Professions Code Sections 17200 et seq. By contrast, NAF contends that any failure by it to disclose consumer arbitration information is excused because Section 1281.96 is preempted by federal law, violates the Commerce Clause of the U.S. Constitution and is void for vagueness under the United States and California constitutions. NAF further contends that in any event it has complied with a reasonable interpretation of the requirements of Section 1281.96 notwithstanding the fact that the statute is preempted or otherwise unenforceable.

61. The FAA preempts Section 1281.96 as applied to NAF for two reasons. First, by requiring arbitration providers (and, indirectly, arbitrating parties) to disclose information about their cases to the public on a website, and to incur the significant expense of maintaining and updating that information, Section 1281.96 places special burdens on arbitrations relative to other forms of dispute resolution. Such disparate treatment is forbidden by the FAA. Second, when parties agree to arbitrate under the NAF Code of Procedure, one of the terms of that agreement is that NAF will not disclose "case filings, case dispositions, and other case information" except in response to a Court Order. Section 1281.96 would require NAF to disclose this information in spite of the arbitrating parties' prior agreement that it would not do so and prevents the parties from conducting their arbitration according to the terms of their arbitration agreement. Thus, Section 1281.96 conflicts with the NAF Code of Procedure and is preempted by the FAA because it interferes with the agreements of parties who have chosen to incorporate the NAF Code of Procedure into their agreements.

62. Section 1281.96 violates the Commerce Clause of the United States Constitution because it may be construed to require national arbitration providers such as NAF to disclose information about *all* consumer arbitrations administered by them *anywhere*. Thus, the practical effect of enforcement of Section 1281.96 would be that California would be regulating the commercial behavior of out-of-state parties because California would be dictating a particular disclosure regime to parties even where all of them are located outside of California and have no contact whatsoever with California and ultimately arbitrate wholly outside of California.

63. Section 1281.96 is void for vagueness under the United States and California Constitutions because it provides no guidance from which a rational person could discern what the statute means by "consumer arbitration." Without a definition of consumer arbitration, arbitration providers like NAF can only guess at which arbitrations they are supposed to provide information about, or whether their disclosures are sufficient to avoid violating the statute. NAF has disclosed the information apparently identified in Section 1281.96 as to some arbitrations it has conducted, but it has no way of knowing whether it has complied with the statute, or whether it has provided more information than the statute requires.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

## PRAYER FOR RELIEF

WHEREFORE, NAF prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;

2. That this Court declare that Section 1281.96 is preempted by the FAA and/or the Commerce Clause of the United States Constitution as applied to NAF;

3. In the alternative, that this Court declare that Section 1281.96 is void for vagueness;

4. In the alternative, that this Court find that NAF is in compliance with Section 1281.96;

5. That NAF be awarded reasonable attorneys' fees and costs of suit; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

NAF demands trial to the jury as to all issues so triable.

## CERTIFICATION OF INTERESTED PARTIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: August 17, 2004.

Respectfully,

GILBERT R. SEROTA
CURT HOLBREICH
MICHAEL L. GALLO
HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN
A Professional Corporation

By: ______________________________
CURT HOLBREICH

Attorneys for Defendant and Counter-Claimant
NATIONAL ARBITRATION FORUM

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
*A Professional Corporation*