Alan J. Kessel, Esq. (Cal. Bar No.: 130707)
Suzanne M. Burke, Esq. (Cal. Bar No.: 188597)
Kimberly R. Colombo, Esq. (Cal. Bar No.: 210451)
**BUCHALTER, NEMER, FIELDS & YOUNGER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Attorneys for Plaintiff DIRECTV, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KARL HAGEMANN, et al.,<br><br>Defendants. | CASE NO.: 03-CV-04876-RS<br><br>Hon. Richard Seeborg<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF DIRECTV, INC. TO SEVER CLAIMS AGAINST DEFENDANT SEAN WILLIAMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: October 6, 2004<br>Time: 9:30 a.m.<br>Room: Courtroom 4, 5th Floor |

TO THE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on October 6, 2004, at 9:30 a.m., or as soon thereafter as counsel may be heard, Plaintiff DIRECTV, Inc. ("DIRECTV") shall apply to the Honorable Richard Seeborg at the above-entitled Court located at 280 South 1st Street, San Jose, California, for an order severing its claims against Defendant Sean Williams ("Defendant").

This Motion shall be made pursuant to Rule 21 of the Federal Rules of Civil Procedure and this Court's August 5, 2004 Order, pursuant to which all defendants except the first-named defendant in this action will be dismissed without prejudice unless a motion severing the claims against certain defendants is filed on or before August 26, 2004.

This Motion is made on the grounds that, if the claims asserted in this action against Defendant were dismissed, some part or all of those claims may be subject to dismissal in a re-filed action based upon the statute of limitations. Where, as here, the Court has found that Defendant has been improperly joined in this action, and the claims against him may otherwise be barred by the statute of limitations in a re-filed action, the proper remedy is severance, not dismissal. DIRECTV therefore respectfully requests that its clams against Defendant be severed from this action and DIRECTV be permitted to proceed against Defendant separately pursuant to Federal Rules of Civil Procedure, Rule 21.

PLEASE TAKE FURTHER NOTICE, that at the aforesaid time and place, DIRECTV shall rely upon this Notice and Motion, the accompanying Memorandum of Points and Authorities and any reply submitted on behalf of DIRECTV in accordance with the Rules of this Court, and such oral argument or other pleadings, documents and matters deemed appropriate by the Court.

Respectfully submitted,

Dated: August 25, 2004

BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation

By: /s/
Suzanne M. Burke
Attorneys for Plaintiff DIRECTV, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action was filed on October 31, 2003 against Defendant Sean Williams ("Defendant") and other individuals against whom DIRECTV asserts claims identical to those asserted against Defendant. Those claims arose out of defendants' alleged piracy of DIRECTV's satellite programming. DIRECTV discovered Defendant's identity from purchase and other records seized and/or received from vendors of DIRECTV satellite piracy devices. Those records indicate that Defendant purchased equipment and/or services from such vendors, thus evidencing Defendant's participation in DIRECTV satellite piracy.

Pursuant to the Order to Show Cause issued in this action by the Honorable James Ware, the Court has found that the defendants in this action have been improperly joined. This Court has further ordered that all but the first-named defendant in this action shall be dismissed without prejudice, unless DIRECTV moves to sever claims against defendants that may be subject to dismissal on statute of limitations grounds.

The earliest arguable date upon which the statute of limitations began to run for the claims asserted in this action against Defendant is the date upon which DIRECTV obtained the records indicating Defendant's purchase of piracy equipment. The date upon which DIRECTV obtained the purchase evidence against Defendant here was more than two years ago. If DIRECTV is required to re-file a Complaint against Defendant now, its claims arguably are barred by the two-year statute of limitations applicable to DIRECTV's claims under 18 U.S.C. § 2520. DIRECTV, therefore, respectfully requests that the Court sever its claims against Defendant and permit DIRECTV to proceed against Defendant separately.

### II. SUMMARY OF RELEVANT FACTS

DIRECTV is the nation's leading direct broadcast television provider delivering over 225 channels of television and other programming to more than 11 million homes and businesses in the United States. DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide security for, and to prevent unauthorized viewing of, its satellite television programming. Despite the measures taken by DIRECTV to prevent individuals from viewing its programming

without authorization, DIRECTV has been and continues to be victim to satellite television "pirates" who endeavor to circumvent DIRECTV's security measures to gain unlimited and free access to all DIRECTV programming, including pay-per-view events.

DIRECTV has executed numerous Writs of Seizure, with the assistance of local law enforcement, at manufacturers, distributors and shipping facilities used by several major sources of pirate technologies. Pursuant to these raids and lawsuits against the manufacturers, distributors, and shipping facilities, DIRECTV has come into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records.

Among the vendors from whom DIRECTV has received such records is Kick Ass Clones ("KAC"). On or about November 3, 2001, United States Marshals, with the assistance of DIRECTV personnel, served Temporary Restraining Orders on Steve LaMothe, Sr., doing business as "Kick Ass Clones." Steve LaMothe, Sr., was physically located in Florida, but due to the expansive reach of internet sales, KAC was able to conduct business nationwide and across many countries. KAC's business enterprise focused on distributing electronic devices primarily designed for the surrepitious interception of satellite communications broadcast by DIRECTV. Pursuant to the Temporary Restraining Order, DIRECTV obtained various business records evidencing the ongoing illegitimate enterprise, including orders, invoices, electronic communications, shipping documentation, purchase receipts, credit card receipts and customer lists. Each record confirmed the existence of a distribution source for the country-wide transmission of devices primarily designed for the unauthorized interception of DIRECTV's Satellite Programming. Morever, the records plainly evidenced that KAC provided its services and devices to actively program and reprogram DIRECTV Access Cards at the request of customers eager to continue illegal access to DIRECTV's television programming without payment to DIRECTV.

The business records obtained in that raid evidence the purchase by Defendant of illegally modified DIRECTV Access Card(s) and/or other devices that are designed to permit viewing of DIRECTV's television programming without authorization by, or payment to, DIRECTV ("Pirate Access Devices"). In particular, DIRECTV discovered that Defendant purchased the following Pirate Access Devices from KAC: On or about September 5, 2001, Defendant purchased:

one (1) printed circuit board device called an "Unlooper," one (1) printed circuit board device called a "Loader," and one (1) programmer primarily designed to illegally modify DIRECTV Access Cards. The devices were shipped to Defendant at his address in San Jose California. The earliest possible date that DIRECTV could have discovered Defendant's purchase(s) was November 3, 2001, the initial raid date of KAC.

DIRECTV asserts claims against Defendant for violation of the Federal Communications Act of 1934, as amended (47 U.S.C. § 605), the Electronic Communications Privacy Act (Federal Wiretap Laws) (18 U.S.C. §§ 2510-2521), and for Conversion arising from his purchase and use of illegal devices that are designed to permit viewing of DIRECTV's television programming without payment to DIRECTV and his unauthorized interception of that programming.

## III. WHERE THE COURT FINDS THAT PARTIES HAVE BEEN IMPROPERLY JOINED, SEVERANCE IS THE PROPER REMEDY

Pursuant to the Order to Show Cause issued in this action by the Honorable James Ware, this Court has found that DIRECTV has improperly joined the defendants in this action. Rule 21 of the Federal Rules of Civil Procedure makes clear that the proper remedy for improper joinder is severance, not dismissal:

> Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage in the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P., Rule 21.

The Seventh Cirsuit in *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), has confirmed that it is inappropriate to dismiss an action where misjoinder occurs. In *Elmore*, the District Court dismissed plaintiff's claim on the basis of improper joinder, thus requiring plaintiff to re-file separate complaints against the misjoined defendants. The defendant in the later filed action successfully moved to dismiss the claims on the basis of the statute of limitations. In reviewing the decision on the statute of limitations issue, the Seventh Circuit concluded that in formulating a remedy for misjoinder, a Court should avoid gratuitous harm to the parties. *Id.* at 1012. Thus, the parties should have been severed from the original action, rather than dismissed. *Id.* Upon dismissal

for misjoinder, the plaintiff's proper remedy is an appeal of that decision, not re-filing the complaint in the absence of an order addressing the statute of limitations by the dismissing Court. *Id.*

In this case, dismissing Defendant without prejudice would cause gratuitous harm to DIRECTV as the statute of limitations could potentially bar some or all of the claims asserted in this action against Defendant. Specifically, the earliest possible date upon which the statute of limitations could have began on DIRECTV's claims against Defendant here is November 3, 2001.[1] The statute of limitations for claims asserted under the Electronic Communications Privacy Act is two years (18 U.S.C. § 2520), and three years for claims under 47 U.S.C. § 605. As a result, DIRECTV, at the very least, may be required to expend resources to defend against statute of limitations defenses asserted by Defendant in any re-filed action, or, at worst, suffer a dismissal with prejudice of its claims in the subsequent action on statute of limitations grounds. Accordingly, dismissal is not warranted and DIRECTV respectfully requests that the Court sever its claims against Defendant and permit DIRECTv to proceed separately against him. *See Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000); Fed. R. Civ. P., Rule 21.

## IV. CONCLUSION

Dismissal of Defendant Sean Williams here on the grounds that he was improperly joined in this action would cause gratuitous harm to DIRECTV in that the statute of limitations on DIRECTV's claims may arguably have expired and could subject those claims to dismissal in any re-filed action. DIRECTV therefore respectfully submits that, under such circumstances, the law is clear that DIRECTV's claims against Defendant should be severed, not dismissed. DIRECTV

/ / /

/ / /

/ / /

/ / /

---

[1] While DIRECTV does not concede that it necessarily discovered the conduct of these defendants on November 3, 2001 due to the overwhelming amount of documentation received on that date and the need to decode certain material, the date of this raid is ***arguably*** the date that DIRECTV could have first become aware of the identities of the thousands of purchasers of Pirate Access Devices whose purchase records were obtained as a result of the raid.

therefore requests that the Court sever DIRECTV's claims against Defendant and permit DIRECTV to proceed against Defendant separately.

Respectfully submitted,

Dated: August 25, 2004

BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation

By: /s/
Suzanne M. Burke
Attorneys for Plaintiff DIRECTV, INC.