Apple Inc. v. Psystar Corporation Doc. 1820

Stephen D. Hibbard (State Bar No. 177865)
Bruce B. Kelson (State Bar No. 202441)
Jiyoun Chung (State Bar No. 226900)
SHEARMAN & STERLING LLP
525 Market Street, 15th Floor
San Francisco, California 94105-2723
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

Robert B. McCaw (Admitted *Pro Hac Vice*)
Fraser L. Hunter, Jr. (Admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE & DORR LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Attorneys for Defendants
Credit Suisse First Boston LLC,
George F. Boutros and Storm Duncan

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK SCOGNAMILLO, an individual; FRANK SCOGNAMILLO and ELLEN H. SCOGNAMILLO in their capacities as Trustees for the SCOGNAMILLO FAMILY TRUST, UTA dated March 1, 1993; DAVID E. SHEIN, and individual; STEPHEN B. GALASSO, an individual; STEPHEN B. GALASSO and LINDA GALASSO in their capacities as Trustees for the GALASSO FAMILY TRUST, UTA dated August 26, 1998; and JOHN J. CRESTO, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT SUISSE FIRST BOSTON LLC f/k/a CREDIT SUISSE FIRST BOSTON CORPORATION, a Delaware Corporation; FRANK P. QUATTRONE, an individual; GEORGE F. BOUTROS, an individual; STORM DUNCAN, an individual; WEST SHELL, III, an individual; and JOHN F. LONGINOTTI, an individual;<br><br>Defendants. | Case No. C 03-02061 TEH<br><br>Assigned to The Hon. Thelton E. Henderson<br><br>MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS CREDIT SUISSE FIRST BOSTON LLC, GEORGE F. BOUTROS AND STORM DUNCAN IN OPPOSITION TO PLAINTIFFS' MOTION FOR DENIAL OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OR, IN THE ALTERNATIVE, FOR A CONVERSION OF DEFENDANTS' MOTIONS TO MOTIONS FOR SUMMARY ADJUDICATION<br><br>Date: September 20, 2004<br>Time: 10:00 a.m.<br>Room: Courtroom 12, 19th Floor<br>Judge: The Honorable Thelton E. Henderson |



Dockets.Justia.com

Defendants Credit Suisse First Boston LLC ("CSFB"), George F. Boutros and Storm Duncan (together, the "CSFB Defendants") hereby submit this opposition to plaintiffs' motion for denial of defendants' joint request for judicial notice or for conversion of defendants' motions to dismiss into motions for summary judgment.

## INTRODUCTION

Plaintiffs' motion is premature and moot, and plain wrong in virtually every aspect.

Plaintiffs' motion is premature because it has been presented for consideration in advance of the underlying motions to dismiss, which were taken off calendar by the Court's July 12, 2004 Order. It makes no sense to put the cart before the horse and have the Court address plaintiffs' motion first, in isolation, without the reference and context provided by the motions to dismiss – which could of course lead to dismissal of this action altogether on numerous separate grounds. Moreover, to grant or even address plaintiffs' motion in any meaningful way at this point would unnecessarily increase the costs of this fundamentally flawed lawsuit and would thwart the proper threshold assessment as to whether any claim might survive going forward.

At the same time, plaintiffs' motion is moot, at least as to the CSFB Defendants, because the original request for judicial notice that plaintiffs' motion purports to address will be revised and resubmitted by the CSFB Defendants in response to the Court's Order. Thus, at least as to the CSFB Defendants, the request for judicial notice (and the underlying motion to dismiss) are currently in limbo or effectively do not exist. Thus, strictly speaking there is currently no request to attack and no motion to convert.

For these two basic reasons, plaintiffs' motion should be denied, or at a minimum should be continued for later consideration in conjunction with defendants' motions to dismiss, whenever those motions to dismiss are re-noticed for hearing or re-filed and noticed for hearing.

Notwithstanding that plaintiffs' motion is premature and moot, if the Court were to give substantive consideration to plaintiffs' motion at all at this point, the motion should be rejected out of hand because it is fundamentally flawed and riddled with errors. It wrongly suggests that requests for judicial notice are improper in connection with motions to dismiss and must invariably be denied or the motion be converted to one for summary judgment. It wrongly

suggests that statute of limitations arguments are the core and bulk of defendants' motions to dismiss. It wrongly suggests that the CSFB Defendants' statute of limitations arguments attempt to establish the requisite "notice" of potential claims solely through newspaper articles not referenced in the complaint. It wrongly suggests that it is inappropriate to grant judicial notice as to newspaper articles in connection with such limitations issues. And it completely ignores the other documents submitted by the CSFB Defendants for the Court's consideration. Moving beyond plaintiffs' misguided challenges, the only proper conclusion is that all of the documents submitted by the CSFB Defendants may and should be considered by the Court on the motion to dismiss.

As the accompanying declaration of plaintiffs' counsel makes exceedingly clear, plaintiffs' motion is nothing more than an attempt to divert attention from the multitude of defects in plaintiffs' complaint – and away from the multitude of meritorious arguments warranting dismissal with prejudice – and instead wrongfully to seize an opportunity to obtain wide ranging merits discovery under the guise of Rule 12(b) conversion. For these reasons, if plaintiffs' motion is to be considered at all, it should be denied outright.

## STATEMENT OF RELEVANT FACTS

This is a case of "seller's remorse" based on plaintiffs' unhappiness stemming from their decision to sell their company to an Internet company, Netcentives, Inc., in March 2000 – at a time which hindsight has now shown to have been the pinnacle of the market – in return for Netcentives stock, whose shares shortly thereafter declined sharply in value as the market for technology stocks generally declined sharply. Indicative of plaintiffs' vain search for any legal claim or remedy, the Third Amended Complaint purports to assert nineteen causes of action against the six defendants.

On July 1, 2004, the three CSFB Defendants filed a combined Rule 12(b)(6) motion seeking dismissal of all nineteen causes of action for failure to state a claim, based on a multitude of separate legal arguments each applicable to one or more of the causes of action. With respect to just one of those many arguments for dismissal – a statute of limitations argument applicable to only two causes of action (Counts XI and XII for fraud and market manipulation

under the California Corporations Code) – the CSFB Defendants requested judicial notice of a single newspaper article illustrating that plaintiffs had sufficient notice of their potential claims for a period of time preceding the filing of their original complaint by more than the applicable limitations period. As to certain other arguments involving various causes of action, the CSFB Defendants requested judicial notice of eight additional documents. In each case, the document for which judicial notice was requested supported a "supplemental" argument, i.e., an argument in addition to arguments independently sufficient for dismissal based solely on the text of the complaint and argument from applicable law.

Also on July 1, 2004, the other three defendants, Frank Quattrone, West Shell and John Longinotti, filed separate Rule 12(b)(6) motions to dismiss. Defendant Quattrone requested judicial notice as to 63 documents, and defendant Longinotti requested judicial notice of one document. In the interests of administrative convenience, the parties combined their separate requests into a single joint request for judicial notice (the "RJN").[1]

On July 12, 2004, the Court issued an Order vacating the briefing schedule and hearing date on defendants' motions to dismiss. The Court noted it was unclear whether the briefing plan adopted by defendants, as proposed and presented to the Court shortly before the briefs were filed, would result in significant efficiencies. The Court further noted that it would consider how it would like to proceed in this case and would issue a scheduling order once it had determined how best to proceed.

On August 13, 2004, notwithstanding the fact that the motions to dismiss had been taken off calendar, and notwithstanding the uncertainty regarding the briefing on the motions going forward, plaintiffs filed the instant motion for denial of the RJN or for conversion of the motions. Plaintiffs offered no explanation for the timing of their motion, except to refer obliquely to their own interest in providing their "views" concerning the documents submitted in the RJN.

---

[1] Of the 73 documents presented in the RJN, the nine documents as to which the CSFB Defendants requested judicial notice were: Exhibits 38-39 (stock price charts and quotes); Exhibits 42-44 (merger-related agreements signed by plaintiffs); Exhibit 51 (Wall Street Journal article regarding investigations into IPO marketing practices); Exhibit 61 (state bar newsletter); and Exhibits 72-73 (employment agreements of plaintiffs Scognamillo and Galasso).

Pltfs. Mot. at 1. In substance, although plaintiffs' motion purports to cover all 73 exhibits to the RJN, in fact plaintiffs' argument covers only those documents submitted in support of the "notice" issue on defendants' statute of limitations arguments. Plaintiffs further distort the matter by suggesting that the statute of limitations argument is "central" to the CSFB Defendants' motion to dismiss, instead of acknowledging what that argument really is: just one of a multitude of independently sufficient arguments set forth in the motions to dismiss, in fact one that attacks just two causes of action and does so on the basis of language contained in the complaint and applicable law, with reference to newspaper articles (just one, in the case of the CSFB Defendants) only as a "supplemental" point.

DISCUSSION REGARDING BRIEFING ON MOTIONS TO DISMISS

The CSFB Defendants apologize to the Court for the poor coordination in defendants' briefing on the motions to dismiss, and for clumsily proposing a briefing plan to the Court as the motions were due to be filed. It may help explain, though not excuse, the briefing submitted on behalf of the CSFB Defendants to note that defendants' approach to the briefing in this Court was based on and driven in large part by the fact that a comparably extensive briefing plan had previously been followed when motions to dismiss the first amended complaint were filed in the transferor District Court in Arizona in 2003.

In light of the Court's July 12, 2004 ruling, defendants have discussed the matter and have attempted in good faith to agree on a plan for coordinated and/or consolidated briefing on the motions to dismiss. Defendants have, however, been unable to agree on such an approach. Accordingly, the four groups of defendants (the three CSFB Defendants and individual defendants Quattrone, Shell and Longinotti) now propose to file separate briefs, but with each brief meeting the maximum page length requirements under the local rules (i.e., 25 pages or less), with joinder or cross-referencing of arguments as each defendant deems appropriate.

Thus, at a minimum, the CSFB Defendants will be submitting a revised motion to dismiss. In connection with that revised brief, the CSFB Defendants currently intend to submit a separate, revised request for judicial notice that may or may not include the same nine documents as to which they had initially sought judicial notice.

## ARGUMENT

As noted above, plaintiffs' motion should be denied, or at least deferred, because it is both premature and, at least as to the CSFB Defendants, moot. If the motion is to be considered at this point at all, it should be rejected for the additional reasons presented below.

## I. THE COURT MAY TAKE JUDICIAL NOTICE OF APPROPRIATE MATTERS IN CONNECTION WITH A RULE 12(b)(6) MOTION AND NEED NOT CONVERT THE MOTION OR PERMIT DISCOVERY

With breathtaking misstatements of basic procedural law, plaintiffs suggest that, on a Rule 12(b)(6) motion to dismiss, a party may not submit, and the Court may not consider, any material or matter outside of the complaint. Pltfs. Mot. at 1-2, 4-5. Plaintiffs further suggest that an attempt to do so should be denied as a matter of course or should lead to the conversion of the motion into a motion for summary judgment motion and to the commencement of related discovery. Id. at 6-9.

Of course, each of these points ignores the well-recognized exception for matters that may be judicially noticed – matters which may be presented and considered on motions to dismiss and which do not require Rule 12(b) conversion or the commencement of related discovery. In the interest of economy, the CSFB Defendants cross-reference and join the arguments on this point as set forth by defendant Quattrone in his opposition to plaintiffs' motion. Quattrone Opp. Mem. at 9-13.

In any event, it would be improper to permit discovery related to the statute of limitations issues in this case, much less the broad merits discovery actually sought by plaintiffs through this motion, because the statute of limitations issues form a mere fraction of this case and because there is no justification for the broad discovery plaintiffs actually seek. The motion is a clear attempt to thwart the motion to dismiss process, and threatens to needlessly prolong, and multiply the costs related to, this deeply flawed case. On these points as well, the CSFB Defendants join the argument presented by Mr. Quattrone. Id. at 11-13.

## II. THE COURT MAY AND SHOULD TAKE JUDICIAL NOTICE OF THE SINGLE NEWS ARTICLE SUBMITTED BY THE CSFB DEFENDANTS TO SHOW INQUIRY NOTICE

In their previously filed motion to dismiss, the CSFB Defendants included an argument that plaintiffs' two claims for primary liability under the California Corporations Code (Counts XI and XII) were time-barred because plaintiffs had filed suit more than one year – the applicable limitations period – after they had sufficient notice of the alleged fraud and market manipulation. CSFB Defts. Mot. at 44-46. The CSFB Defendants provided relevant authority specifically holding that such a question of notice may be decided as a matter of law. Id. at 44. The CSFB Defendants then established the clear existence of such notice with respect to plaintiffs based on four sources: (i) admissions in the complaint itself as to plaintiffs' awareness of misstatements and "damages," (ii) admissions in the complaint as to a "precipitous" drop in the Netcentives stock price, which would itself provide notice of potential fraud, (iii) existing caselaw regarding presumed investor awareness of potential fraud at that time, and, finally, (iv) a prominent Wall Street Journal article regarding government investigations into alleged investment banking abuses – the very same abuses alleged by plaintiffs in this case – which the CSFB Defendants requested the Court to judicially notice as Exhibit 51 to the RJN. Id. at 44-46. The CSFB Defendants provided specific caselaw authority supporting the taking of judicial notice of such articles in circumstances such as here. Id. at 46.

Without acknowledging or attempting to distinguish these arguments and authorities in any way, plaintiffs now claim that questions of notice are inappropriate for resolution on a Rule 12(b)(6) motion to dismiss (i.e., as a matter of law) and that newspaper articles are an improper source from which to find such notice. Pltfs. Mot. at 3-6. Plaintiffs are wrong on both points, as clearly established by the authorities noted above and by the additional authorities presented on this point by Mr. Quattrone. Quattrone Opp. Mem. at 10-11.

## III. THE COURT MAY AND SHOULD CONSIDER THE OTHER DOCUMENTS SUBMITTED BY THE CSFB DEFENDANTS

Plaintiffs' motion makes scant or no reference to the other eight documents that the CSFB Defendants requested the Court to consider on their motion to dismiss, and plaintiffs'

motion provides no argument whatsoever as to why the Court should not do so. These additional eight documents are not covered by plaintiffs' motion, have not been challenged, and are not now at issue.

In any event, those additional documents may and should be considered by the Court on the motion to dismiss. For instance, the Netcentives stock price charts and quotes submitted as Exhibits 38 and 39 to the RJN – which further undermine plaintiffs' attempt to plead fraud and market manipulation with the requisite particularity and further establish plaintiffs' notice of potential claims of fraud and market manipulation for purposes of the statute of limitations (CSFB Defts. Mot. at 34, 45 n.38) – are unquestionably proper subjects of judicial notice. *In re Copper Mountain Securities Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Information about the stock price of publicly traded companies is the proper subject of judicial notice"); *McMichael v. U.S. Filter Corp.*, 2001 WL 418981, *8 n.9 (C.D. Cal. 2001) (taking judicial notice of stock price in motion to dismiss); *In re 3Com Securities Litigation*, 1999 WL 1039715, *4 (N.D. Cal. 1999) (taking judicial notice of stock prices over plaintiff's objection). Similarly, the website posting of an Illinois State Bar newsletter referring to plaintiff Cresto's status as an attorney experienced and practicing in the field of corporate mergers and acquisitions, submitted as Exhibit 61 to the RJN – which further establishes the plaintiffs' business and legal sophistication and further rebuts their claims of reasonable reliance (CSFB Defts. Mot. at 5, 40, 42) – is also unquestionably a proper subject of judicial notice. *See Bassiouni v. CIA*, 248 F. Supp. 2d 795, 795 (N.D. Ill. 2003) (taking judicial notice of website describing plaintiff's background and areas of expertise).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion should be denied, or at a minimum should be continued for hearing in connection with the consideration of defendants' motions to dismiss, as and when presented to the Court.

Dated: August 30, 2004

SHEARMAN & STERLING LLP
Stephen D. Hibbard
Bruce B. Kelson
Jiyoun Chung

By: /s/ Stephen D. Hibbard
Stephen D. Hibbard

WILMER CUTLER PICKERING HALE & DORR LLP
Robert B. McCaw
Fraser L. Hunter, Jr.

Attorneys for Defendants
Credit Suisse First Boston LLC,
George F. Boutros and Storm Duncan