Apple Inc. v. Psystar Corporation Doc. 1828

STEVEN M. MCQUILLAN (SBN 107339)
JACOBSON, HANSEN, NAJARIAN & McQUILLAN
A Professional Corporation
1690 W. Shaw Avenue, Suite 201
Fresno, California 93711
Telephone: (559) 448-0400
Facsimile:

Attorneys for Defendants, HEALTHCOMP

FILED
AUG 4 10 03 AM
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOBIE H. TRIVITTE, Administrator of the Estate of Eleanor Ann Trivitte,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCOMP, a California corporation and DOES 1 to 50,<br><br>Defendants. | Case No.: C04 03125 PVT<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [F.R.C.P.§12(b)(6) AND F.R.C.P.§43]**<br><br>Date: September 7, 2004<br>Time: 10:00 a.m.<br>Dept: 5, 4th Floor<br>Trial: N/A |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE ON September 7, 2004, in Department 5 of the above-entitled court located at 280 S. First Street, San Jose, California, Defendant, HEALTHCOMP will move the court to dismiss the action pursuant to F.R.C.P. §12(b)(6) because Plaintiff's Complaint fails to state a cause of action upon which relief can be granted and on the separate grounds that Plaintiff has failed to exhaust her administrative remedies prior to the filing of suit.



Dockets.Justia.com

## MEMORANDUM OF POINTS AND AUTHORITIES

HEALTHCOMP, INC. (sued erroneously herein as HealthComp) submits the following points and authorities in support of its motion to dismiss pursuant to F.R.C.P. §12(b)(6).

### 1.

### STATEMENT OF FACTS

This lawsuit relates to certain allegedly unpaid medical expenses incurred by Eleanor Ann Trivitte following an auto accident that occurred on September 3, 2002. Plaintiff alleges at Paragraph 5 of the complaint that the decedent was promised medical insurance through her employer, the Northern California Golf Association. The complaint alleges that Defendant Healthcomp had entered into a contract with the decedent's employer to provide insurance in the event decedent should sustain bodily injuries. It is evident from the language of Paragraph 5 of the complaint that the decedent received her medical benefits through an employee benefit plan provided by her employer.

The Northern California Golf Association Employee Health Care Plan (hereinafter referred to as "the Plan") is a self-funded employee welfare benefit plan subject to the provisions of the Employee Retirement Income Security Act. HealthComp Inc. is the licensed Third Party Administrator of the Northern California Golf Association Employee Health Care Plan.

The Complaint alleges a single cause of action against the defendant for breach of contract. Defendant HealthComp contends that the cause of action asserted in the complaint is preempted by ERISA and by reason thereof that the suit should properly be dismissed. Defendant HealthComp also contends that the complaint should be dismissed in its entirety by reason of Plaintiff's failure to exhaust her administrative remedies prior to the filing of her complaint.

///

///

2.

## STATEMENT OF LAW

### A. Procedural Authority

Federal Rule of Civil Procedure 12(b)(6) provides in pertinent part:

> Every defense, and law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the player be made by motion:... (6) failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion is similar to a general demurrer in that it tests the legal sufficiency of the claim or claims stated in the complaint. A motion to dismiss pursuant to 12(b)(6) may only be granted when the court determines that the plaintiff is not legally entitled to recover assuming the truth of all facts alleged in the complaint. A Rule 12(b)(6) dismissal is proper only when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept. (9th Cir. 1990) 901 F.2d 696 at 699, Graehling v. Village of Lombard Illinois (7th Cir. 1995) 58 F.3d 295 at 297. It is also well recognized that the court should, not only accept the truth of all facts pled, but construe those facts in the light most favorable to the plaintiff. Cahill v. Liberty Mutual Insurance Company (9th Cir. 1996) 80 F.3d 336 at 337. Although HealthComp disputes the facts as alleged in the complaint, Defendant recognizes that the Court is required to take, as true, the allegations asserted in the Complaint.[1]

///

///

///

[1] HealthComp merely serves as a third administrator of funds belonging to self-insured employee welfare benefit plans. Contrary to the allegations raised by Plaintiff in the complaint, HealthComp is not an insurance company and is not in any position to enter into any agreement to pay all or any part of any employee health claim.

**B. Substantive Authority**

The Complaint alleges a single cause of action against the defendant for breach of contract. The cause of action asserted in the complaint is founded upon state law. Although plaintiff expressly recognizes that the decedent received medical benefits as consequence of her employment with the Northern California Golf Association, nowhere within the complaint does plaintiff expressly identify the " plan" or the fact that the " plan" is a self-funded ERISA qualified health and welfare benefit plan. HealthComp, contrary to the allegation in the complaint, is not the "employee health insurance company provided under plaintiff's husband's work plan", but rather only the third party claims administrator of that plan.

In this subject action, Plaintiff has alleged a cause of actions founded on state contract law. Plaintiff has alleged that decedent was, at the time she incurred medical treatment, provided medical benefits through her employer. (See paragraph 5 of the Complaint) These facts are sufficient to enable this court to conclude the health plan at issue to have been an ERISA plan. And while Plaintiff has nowhere within their complaint asserted a violation of ERISA, such is of no consequence in this analysis. Adept pleading cannot control the proceedings.

> In our recent decision in Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368 (9th Cir.), *cert. denied*, 484 U.S. 850, 108 S. Ct. 150, 98 L. Ed. 2d 106 (1987), we had occasion to examine in depth the "artful pleading" doctrine. We explained that the doctrine is an out-growth of the well-pleaded complaint rule. See *id.* at 1372.That is, although the plaintiff is master of the complaint and may rely on either federal or state law to define his or her cause of action, and thereby control the forum for the complaint's adjudication, it is also an accepted rule that "the plaintiff cannot defeat removal by masking or 'artfully pleading' a federal claim as a state claim." *Id.* (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3722 (1985)).
>
> Since our decision in Sullivan, the Court has used the term "complete pre-emption doctrine" to describe those cases in which federal law completely preempts state law and provides a federal remedy. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987);

> *see also* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987). We have done the same, and have placed these cases under the rubric of the artful pleading doctrine. In Hyles v. Mensing, 849 F.2d 1213 (9th Cir. 1988, the complaint failed to disclose a collective bargaining agreement that formed the basis for the plaintiff's action. We held that the plaintiff's claims were completely preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and that the plaintiff could not avoid removal by "artfully pleading" his claims to omit references to preemptive federal law. Hyles at 1215. We also stated: "Even if the plaintiff's complaint does not refer to federal law, the case may be removed if federal law preempts completely the state law on which it relies and 'supplants' the state claim with a federal claim." *Id.* (citation omitted).
>
> Ethridge V. Harbor House Restaurant
> 861 F.2d 1389

See also Cantrell V. Great Republic Ins. Co., 873 F.2d 1249 and Lembo v. Texaco, Inc. (1986) 182 Cal.App.3d 299. Plaintiff's complaint is an attempt to hold the third party administrator of an ERISA qualified plan to a standard of conduct other than specifically provided by ERISA.

## C. Preemption Of State Law

### 1. Rules of Preemption

The Employment Retirement Income Security Act (ERISA) was enacted in 1974 following recognition by the Congress of the United States that the subject of private employee benefit plans was an area of growth, both in numbers and complexity. It was determined that ERISA was necessary to provide for a comprehensive legislative scheme to remedy the problems and afford security, stability, and uniformity in the area of private benefit plans.

ERISA as amended, 29 U.S.C. Section 1001 et seq., subjects to federal regulation, plans providing employees with fringe benefits. The term "employee benefit plan" is

defined as including both pension and welfare plans. (ERISA Section 3(3), 29 U.S.C. §1002 (3)).

> (1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (a) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 (other than pensions on retirement or death and insurance to provide such pensions).

The statute imposes participation, funding and vesting requirements on pension plans. (Section 201-306, 29 U.S.C. §1051-1086.) ERISA also sets forth various uniform standards, including rules governing reporting, disclosure and fiduciary responsibilities for both pension and welfare plans. (Section 101-111, 404-414, 29 U.S.C. §§1021-1031, 1101-1114). Employers who are "engaged in commerce, or in any industry or activity affecting commerce" are covered by ERISA regulations, if they establish or maintain an employee benefit plan. 29 U.S.C. §1003(a)(1).

ERISA provides a uniquely federal framework for the regulation of employee pension and benefit plans. In order to ensure that pension and benefit plans would be an exclusively federal concern, Congress included a "deliberately expansive" preemption provision as part of ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981) *see also* General American Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1521 (9th Cir.1993)( ERISA's) preemption provision is one of the broadest ever enacted by Congress).

ERISA does not mandate that employers provide any particular benefits, but rather strictly enforces how those benefits actually provided are administered. While ERISA does

itself contain no federal regulation of the terms of employee benefit plans, it does contain a broad preemption provision, insuring that the states themselves do not attempt to create such regulation. Section 514(a) of ERISA, 29 U.S.C. §1144(a) preempts any and all state laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA. This broad preemption provision is, however substantially qualified by the "savings clause" of Section 514(b)(2)(A), 29 U.S.C. §1144(b)(2)(A). This Section provides, with one exception, that nothing in ERISA shall be construed so as to exempt or relieve any person from any law of-any state that regulates insurance, banking or securities. The one noted exception to the "savings clause" and particularly relevant here, is found in Section 514(b)(2)(B), 29 U.S.C. §1144(b)(2)(B). This section, known as the "deemer clause", states that no employee benefit plan (with certain non-relevant exceptions) "shall be deemed to be an insurance company or other insurer, bank, trust company or investment company or to be engaged in the business of insurance or banking for purposes of any law of any state purporting to regulate insurance companies, insurance contracts, banks, trust companies or investment companies."

**2. Application of Rules of Preemption**

In any analysis of an ERISA preemption question, the initial examination to be made is whether or not the state law at issue relates to an employee benefit plan.

Section 1144(a) provides in pertinent part that, with certain statutory exceptions, ERISA, shall supercede any and all state laws, insofar as they may now/or hereafter relate to any employee benefit plan. It is now settled section 1144 does not preempt only state laws dealing with subject matters specifically covered by ERISA. It applies to any state law that regulates directly or indirectly the terms and conditions of employer benefits plans. Pacific Airmotive Corp. v. First Interstate Bank, 178 Cal.App.3d 1130 at 1136. As the court in Provience v. Valley Clerks Trust Fund, 163 Cal.App.3d 249 at 257 recognized:

> "In 1983, in Shaw v. Delta Airlines, Inc., supra, 463 U.S. 85, the United States Supreme Court endeavored to eliminate much of the conflict among various state and federal courts as to the scope of the preemptive language of section 1144(a). Noting that it had previously described section 1144(a) as a 'virtually unique preemption provision' (cite omitted), the Supreme Court interpreted the section expansively: Section 514(a) of ERISA, 29 U.S.C. §1144(a) [29 U.S.C.S. §1144(a)] preempts 'any and all state laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA'. (Citations omitted):
>
> Shaw held that 'a law relates to an employee benefit plan in the normal sense of the phrase, if it has a connection with, or reference to, such a plan..."
>
> Provience v. Valley Clerks Trust Fund, supra 163 Cal.App.3d at 257.

Significantly, the court in Provience went on to discuss a 9th Circuit decision of particular significance to this subject action.

> In Russell v. Massachusetts Mutual Life Insurance Company, supra, 722 F. 2d 482, the 9th Circuit applied the Supreme Court's construction of-section 1144(a) to facts similar to those of the instant case. The plaintiff in Russell, brought suit against her employer for inter alia, breach of the statutory covenant of good faith and fair dealing. (Insurance Code §790.03, subdivision (h)(5)), and intentional infliction of emotional distress arising out of her employer's handling of her claim for disability benefits under her employer's ERISA employee benefit plan. The court held that 'since the state laws here involved authorized state causes of action for the improper handling of claims under benefit plans, there is a direct connection between the state laws and the employment benefit plan' and found plaintiff's state claims preempted by ERISA.' (Id. at p. 487: and see, Johnsons v. Transworld Airlines, Inc. (1983) 149 Cal.App.3d 518 at 528-529.
>
> Provience v. Valley Clerks Trust Fund 163 Cal.App.3d at 258.

The 9th Circuit's decision in Russell v. Massachusetts Mutual Life Insurance Company, supra, though later overruled by the Supreme Court with regards to the 9th Circuit's holding that ERISA allowed for the recovery of punitive damages, was left intact

with regards to the court's discussion on the subject of the preemption of the state based causes of action.

Each of the causes of action asserted herein against HealthComp alleges a breach of a duty founded on the laws of the State of California. Defendant respectfully submits that to impose such laws on how HealthComp is to carry out their duties as the third party administrator of the self funded employee welfare benefit plan to which plaintiff was a participant, or defining what those duties are to be, can only be interpreted as laws "relating" to an employee benefit plan. Many of the causes of action asserted by Plaintiff have already specifically been held as "related" to employee benefit plans and by reason thereof, preempted by ERISA.

In Provience v. Valley Clerk's 'Trust Fund, (1984) 163 Cal.App.3d 249 the court held that the California based tort claims for fraud, bad faith denial of benefits, misrepresentation of benefits, and intentional infliction of emotional distress, were all related to employee benefit plans and therefore, preempted by ERISA. In Drummond v. McDonald Corp., 167 Cal.App.3d 428 (1985) the court held that the causes of action based on state law asserted against the administrator of the plan for bad faith, fraud, and intentional infliction of emotional distress were all also related to employee benefit plans and therefore, preempted by ERISA. See also Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 288 (2d Cir. 1992) (state fraud law claim); Salaried Retirement Plan v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992)(state contract law claim), *cert. denied,* 122 L. Ed. 2d 370, 113 S. Ct. 1066 (1993); Van Camp v. AT&T Info. Sys., 963 F.2d 119, 123(6th Cir.) (state civil rights law claim), *cert. denied,* 121 L. Ed. 2d 278, 113 S. Ct. 365 (1992); Settles v. Golden Rule Ins. Co., 927 F.2d 505, 509 (10th Cir. 1991) (state wrongful death law claim).

In Bast v. Prudential Insurance Co. of America, 150 F.3d 1003 (9th Cir.1998), the Ninth CIrcuit held that the husband and son of a woman who allegedly died from cancer

as a result of an ERISA plan administrator's failure to timely authorize lifesaving treatment could not maintain state law causes of action for, *inter alia,* breach of contract, loss of consortium, and emotional distress because these claims were preempted by ERISA. In so doing, the court characterized these torts as causes of action "asserting improper processing of a claim for benefits under an insured employee benefit plan." But for the denial of the Basts' claim, there would have been no grounds for their state law actions.

The cause of action asserted by plaintiff arises from the alleged non-payment of decedent's medical expenses as promised by her employer. Accordingly, the claim asserted necessarily relates to the administration of that plan. See General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1522 (9th Cir.1993) ERISA preempts all state tort and contract causes of action brought by participants against their plan); *see also* Pilot Life, 481 U.S. at 57 (ERISA preempts all common law causes of action arising from improper handling of a claim for benefits under an ERISA plan); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987) (ERISA preempts state common law breach of contract claims); Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1131 (9th Cir.1992)"( ERISA preempts state law claim for breach of the covenant of good faith and fair dealing); Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489 (9th Cir.1988) (ERISA preempts claims brought pursuant to California Insurance Code § 790.03(h); Cox v. Eichler, 765 F.Supp. 601, 606-07 (N.D.Cal.1990) (Patel, J.) (ERISA preempts state law claim for breach of fiduciary duty).

The court in Drummond, while holding that state law based causes of action arose out of an ERISA regulated plan, noted:

> The plans provide long term disability benefits and health insurance, both provided under separate insurance policies issued by the Travelers Insurance Company. The plans are employee welfare benefit plans within the meaning of and subject to ERISA.
>
> Drummond v. McDonald Corp., supra 167 Cal.App.3d at 430.

It should also be mentioned that the United States Supreme Court has held that preemption applies to any state law relating to an employee benefit plan and not merely to those state laws that directly conflict with a substantive provision in the federal statute. "The preemption provision was intended to displace all state laws that fall within its sphere, including state laws that are consistent with ERISA's substantive requirements." Shaw v. Delta Airlines, Inc. 463 U.S. 85 at 97.

Defendant contends that state based contract laws that Plaintiff alleges this Defendant to have violated necessarily "relates" to the health and welfare benefit plan. ERISA governs how this defendant is to conduct themselves and any state laws which plaintiff would seek to impose on this defendant as a standard of conduct have been preempted.

**3. The Savings Clause**

A finding that a cause of action is preempted does not terminate the analysis. The next issue to determine is whether the savings clause of Section 1144(b)(2)(A) saves from preemption the asserted causes of action.

In Metropolitan Life Insurance Company v. Massachusetts, 105 S.Ct. 2380 (1985) Supreme Court discusses at length the effect to be given to the savings clause. The Court recognized that Congress' intent in creating the savings clause was to retain to the states the power to regulate the "business of insurance" and to be exempted from ERISA's

preemption. The Court went to great length to define what the business of insurance saved to the states to regulate is.

> Congress was concerned McCarran-Ferguson Act) with the type of state regulation that centers around the contract of insurance ... the relationship between the insurer and the insured, the type of policy which could be issued, its reliability, its interpretation and enforcement ... these were at the core of the business of insurance. The focus of the statutory term was on the relationship between the insurance company and the policy holder. Statutes aimed at protecting or regulating this relationship, directly or indirectly are laws regulating the business of insurance. (Citations omitted)
>
> Metropolitan Life Insurance Company v. Massachusetts, supra 105 S.Ct. at 2391.

At first glance one might assume that the Plaintiff's causes of action are each related to how the "insurance claims" of Hughes were to be processed, that this would be related to the business of insurance and thereby saved from preemption by the savings clause of Section 1144(b)(2)(A). Such an assumption would be in error.

The savings clause of Section 1144(b)(2)(A) has one important limitation placed on it by Section 1144(b)(2)(B). That section, known as the "deemer clause", prevents an employee benefit plan from being deemed an insurance company or in the business thereof, for purposes of any state law purporting to regulate same.

> "The deemer clause bars the state from treating the plan as if it were an insurance company because the drafters must have assumed that if the plan were an insurance company, it would still be subject to state law due to the savings clause. The effect of the deemer clause is to prohibit a state from regulating an employee benefit plan, even though the plan serves as a self insurer on its benefits." (citation omitted) Thus, the deemer clause distinguishes between true insurance companies, which are subject to state law and employee benefit plans, which are exempt from state regulation even though they exhibit some of the same risk distributing characteristics as traditional insurance.
>
> Eversol v. Metropolitan Life Insurance Company, Inc. 500 F.Supp. 1162 at 1169.

It is the deemer clause that creates the distinction between ERISA benefit plans and true insurance companies highlighted by the Court in Eversol, which rationalizes the apparently

inconsistent results reached by the courts. An example of this distinction can be found in the Supreme Court decisions of <u>Metropolitan Life Insurance v. Massachusetts</u>, supra, and <u>Massachusetts Mutual Life Insurance Company v. Russell</u>, 105 S. Ct. 3085 (1985).

In <u>Russell</u>, (infra), a beneficiary of a self-insured plan sought to apply state law based causes of action to a claim of defendant's negligent processing of her claim. In a decision of critical importance to this case at bar, the Court held that such causes of action were preempted by ERISA. Under ERISA, the Court held that only certain specified relief was authorized. A claim for extra-contractual damages arising out of improper or untimely processing of benefit claims was not, however, among the relief provided under ERISA.

The Court in <u>Metropolitan Life</u> upheld a Massachusetts statute that required certain minimum mental health care benefits be provided in every general health insurance policy issued in Massachusetts. The appellant contended that any such requirements would directly regulate employee welfare benefit plans and were as such preempted by ERISA.

The Court held that as against Metropolitan Life Insurance Company, the statute was not preempted as it regulated insurance contracts purchased by the plans themselves, and was thus within the scope of the savings clause. The Court was equally clear that a different outcome would have resulted if the Massachusetts statute had attempted to regulate self-insured plans.

> Footnote 14, Section 47(b) also require benefit plans that are self insured to provide the mandated mental health benefits. In light of ERISA's "deemer clause" Section 514(b)(2)(B), 29 U.S.C. Section 1144 (b)(2)(B) which states that a benefit plan shall not "be deemed an insurance company" for purposes of the insurance savings clause, Massachusetts has never tried to enforce Section 479(b) as applied to benefit plans directly, effectively conceding that such application of Section 47(b) would be preempted by ERISA's preemption clause, Section 514(a), 29 U.S.C. Section 1144(a)
>
> <u>Metropolitan Life Insurance Company v. Massachusetts</u>
> 105 S.Ct. at 2387, Footnote 14.

The apparently inconsistent results reached by the Court in Metropolitan Life and Russell can only be understood when it is recognized that in Russell, no insurer except the plan itself was involved, i.e., a self-funded plan, while in Metropolitan Life the appellant was an insurance company which provided benefits to the plans. The insurer whose policy provides benefits under an ERISA plan remains an insurer subject to regulation by the state despite the fact that the results thereof may be indirect regulation of an employee benefit plan. The employee benefit plan itself remains immune to state regulation since they may not be deemed an insurer or to be acting as such, even though for all appearances it is acting as an insurer. The Court in Metropolitan Life Insurance Company recognized this distinction and believed such was required under ERISA to give force to Congress' apparent intention in creating the deemer clause. Metropolitan Life Insurance Company v. Massachusetts 105 S.Ct. at 2393.

Since the employee benefit plan which Plaintiff was a member may not be deemed an insurance company or in the business thereof, the function of HealthComp in carrying out their duties under the plan is likewise not subject to state regulation.

> While an insurer whose policies provide benefits under an ERISA plan has no exemption from the thrust of state law (citation omitted), the permissive funding of an ERISA plan through insurance, and the resultant claim processing activity of the plan administrator in reason cannot transmute a Big Mac into an insurer subject to state law.
>
> Drummond v. McDonald Corp.supra
> 167 Cal.App.3d at 432.

In Drummond, the employee benefit plan was entirely funded by insurance and the employer the administrator of its own plan. The court held that the employer was not subject to insurance regulation. The deemer clause may not be bypassed by calling the trustee or administrator of a benefit plan an agent of the insurance company, which provides insurance to it and therefore, subject that trustee or administrator to the California Insurance Code governing the conduct of insurance companies.

While it is proper for the state to regulate the business of insurance and protect the relationship between an insured and an insurer, it is improper for the state to regulate the relationship between a beneficiary of an employee benefit plan and those who administer the plan. The causes of action asserted by plaintiff herein seek to impose on the third party administrator of an ERISA employee health and welfare benefit plan, standards meant to regulate the conduct of insurance companies doing business in this state. The Congress and the Supreme Court of the United States have stated that such standards are inapplicable; ERISA's guidelines shall be the exclusive ones to regulate the Defendants' conduct. Plaintiff has therefore failed to state a cause of action against the HealthComp and consequently this motion to dismiss should be granted.

**D. Failure to Exhaust Administrative Remedies**

It is the Defendant's contention that Plaintiff has failed exhaust the administrative remedies available to them prior to the filing of the complaint. Plaintiff has failed to allege compliance with the exhaustion of administrative remedies requirement in her complaint as evidenced by the Declaration of Phil Musson filed in support of this motion.

Quite early in ERISA's history, the Ninth Circuit announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court. Amato v. Bernard 618 F.2d 559, 566-68 (9th Cir.1980) Although not explicitly set out in the statute, the exhaustion doctrine is consistent with ERISA's background, structure and legislative history and serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a non adversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise. Id. at 566- 68. "Consequently the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA,

and as a matter of sound policy they should usually do so." Judicial economy is an important purpose of exhaustion requirements. McKart v. United States, (1969) 395 U.S. 185, 193- *1421 94, 89 S.Ct. 1657, 1662-1663 Exceptions to exhaustion requirements are usually limited, and apply only in extraordinary circumstances, such as, when the arbitral process would be futile or would cause the plaintiff irreparable injury. See, e.g., Flying Tiger Line, 830 F.2d at 1252; Central States Southeast, 826 F.2d at 329.

Defendant respectfully submits that their motion to dismiss should be granted by reason of the plaintiff's failure to allege that the Estate exhausted their administrative remedies prior to the filing of suit.

Dated: July 28, 2004

**JACOBSON, HANSEN, NAJARIAN & McQUILLAN**

By ______________________
STEVEN M. MCQUILLAN
Attorneys for Defendant, HealthComp Inc.