Apple Inc. v. Psystar Corporation Doc. 1835

Alan J. Kessel (State Bar No.: 130707)
Keli N. Osaki (State Bar No.: 179920)
BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Attorneys for Plaintiff DIRECTV, INC.

FILED AUG 23 AM 10:04 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br>Plaintiff,<br>vs.<br>ULYSSES WILLIAMS,<br>Defendant. | Case No.<br><br>**NOTICE OF RELATED CASE** |

FMS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THE ABOVE AND BELOW REFERENCED CASES:

NOTICE IS HEREBY GIVEN, pursuant to Civil Local Rule 3-12, that the following related action is currently pending in the above-referenced Court: *DIRECTV, Inc. v. Dummer, et al.*, U.S.D.C., N.D. Cal., Case No. 03-CV-04144 MEJ (the "Related Action").

Defendant ULYSSES WILLIAMS ("Defendant") was dismissed from the Related Action pursuant to the Order of the Honorable James Ware dated July 26, 2004 (the "Order"). Further pursuant to the Order, this separate action against Defendant is deemed a continuation of the Related Action for purposes of the Statute of Limitations.

These cases are related because they involve substantially the same parties, property, transactions, and questions of law. For instance, in both the present case and the Related Action,



Dockets.Justia.com

DIRECTV alleges that the respective defendants ("Defendants") purchased, possessed, modified, manufactured, assembled and/or used pirate access devices that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV ("Pirate Access Devices"). DIRECTV further alleges that Defendants purchased the Pirate Access Devices via the Internet and, in most instances, from the same vendors.

In addition, in both the above-captioned case and the Related Action, DIRECTV asserts nearly identical statutory claims against Defendants for their alleged wrongdoings and is seeking redress under the same legal theories against Defendants. Specifically, DIRECTV alleges that each Defendant violated the Federal Communications Act, the Electronic Communications Privacy Act, and converted DIRECTV's property, and seeks statutory or compensatory damages for each claim.

DIRECTV will also be introducing almost identical documentary proof against each of the Defendants, concerning, among other items: (1) the records and other information obtained by DIRECTV from the vendor of the Pirate Access Devices; (2) the lawsuit against the vendors and distributors of the Pirate Access Devices; (3) advertising and other promotional and instructional materials distributed by the vendors; (4) the design, purpose and use of the Pirate Access Devices; (5) the manner of purchase and shipment or delivery of the Pirate Access Devices purchased by Defendants; (6) how satellite piracy is accomplished through the devices purchased by Defendants; (7) and how DIRECTV is harmed by satellite piracy. Moreover, because each of the Defendants purchased similar devices, the expert testimony against Defendants will be nearly identical.

Based on the foregoing, it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. And, assignment of the present case and the Related Action to a single Judge is likely to conserve judicial resources and promote an efficient determination of the actions.

Respectfully Submitted,

Dated: August 19, 2004

BUCHALTER, NEMER, FIELDS & YOUNGER

By: ______________________
KELI N. OSAKI
Attorneys for Plaintiff DIRECTV, INC.