ANDREW P. SCLAR, ESQ. (SBN 112022)
ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.
111 Sutter Street, Suite 575
San Francisco, California 94104
Telephone No.: (415) 362-7126 Facsimile No.: (415) 362-6401

STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 55219
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113-1733
Telephone (408) 282-1949 Facsimile (408) 275-9930

Attorneys for Defendant and Counterclaimant,
POKER INDUSTRIES, INC.,
and Defendant MC COMICS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U2 HOME ENTERTAINMENT, INC., a California Corporation doing business as CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (formerly TAI SENG VIDEO MARKETING),<br><br>Plaintiff,<br>vs.<br><br>POKER INDUSTRIES, INC., a corporation whose state of incorporation is unknown, and DOES 1-200,<br><br>Defendant. | CASE NO. C 03 4130 JF MED<br><br>Action Filed September 10, 2003<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT OF DEFENDANT AND COUNTER CLAIMANT POKER INDUSTRIES, INC. AND DEFENDANT MC COMICS, INC.**<br><br>Date: September 3, 2004<br>Time: 9:00 a.m.<br><br>The Honorable Jeremy Fogel |
| POKER INDUSTRIES, INC., a New Jersey Corporation,<br><br>Counterclaimant,<br>vs.<br><br>U2 HOME ENTERTAINMENT, INC., a California Corporation doing business as CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (formerly TAI SENG VIDEO MARKETING); and DOES 1 through 50, inclusive,<br><br>Counter-defendants. | |

Counter-claimant, POKER INDUSTRIES, INC, and Defendant MC Comics, Inc. submit this Case Management Conference Statement pursuant to the recently-set Case Management Conference.

## I. NEED FOR APPOINTMENT OF SPECIAL MASTER/MAGISTRATE TO ELIMINATE FROM CASE THOSE TITLES FOR WHICH PLAINTIFF DOES NOT HAVE ENGLISH LANGUAGE RIGHTS

As the Court will recall, plaintiff asserts it is the assignee of copyright holders with respect to approximately 300 Asian video titles. Plaintiff further asserts that defendants infringed on plaintiff's rights by importing into the United States DVD discs containing the involved titles.

As alleged in Poker's Counter Claim, Docket No. 104, including Exhibit A thereto, for many of the involved titles, the rights allegedly conveyed to plaintiffs do <u>not</u> include rights to versions of the films containing English subtitles. As all of the films imported by defendant do contain English subtitles, this is a significant issue. Elimination from the case of all those titles for which plaintiff did not receive an assignment of English rights version would substantially narrow discovery, trial preparation, and trial.

For all of the involved titles, the "chain of title" documents show at least three conveyances: from the author/copyright owner to an intermediary (usually Woodward Management Ltd., a Liberian company), from the first intermediary to a second intermediary (usually Splendid Choice Holdings, Ltd, a British Virgin Islands company) and from the second intermediary to plaintiff.

As alleged in the Counter Claim (paragraph 17, et seq.) of the 303 titles currently involved in this case, at least 79 are titles for which plaintiff did not receive an assignment of the English subtitle versions of the films. An example is the work titled "Guilty Or Not". The assignment from the "author" to Woodward conveys exclusive United States Distribution rights to import and distribute and then goes on to provide:

> These rights are assigned in respect of Cantonese and Mandarin versions of the programs and in all Asian languages dubbed and/or subtitled versions of the programs. (Document produced by plaintiff bearing Bates No. U2P 00918.)

The same English language version limitation appears in the assignment from Splendid Choice to plaintiff. (Document produced by plaintiff bearing Bates U2P 00915.)

The assignments for other titles contain substantially similar provisions which, again, confirm that plaintiff did not receive rights to English language versions. An example is the work titled “A Game Of No Rule” in which the assigned rights are stated to be:

> In respect of the original Cantonese and Mandarin versions of the Programs and in Vietnamese, Cambodian, Thai and Korean languages dubbed and/or subtitled versions of the Programs. (Documents produced by plaintiff bearing Bates No. U2P 00847, U2P 00852)

In contrast to the at least 79 titles for which plaintiff did not receive English rights, there are titles for which the assignments produced by plaintiff in discovery do appear to convey rights for English language versions. An example is the work titled “Dragon Inn” in which the rights assigned to plaintiff are:

> Granted in English languages and versions of the Film(s) including dubbed, subtitled, and narrated versions of the Film(s).” (Document produced by plaintiff bearing Bates No. U2P 003409.)

For other involved titles the documents produced by plaintiff indicate plaintiff received English rights but the phraseology for the “language grant” is different. An example is the assignments for the work “Dragon Loaded 2003” for which the assignment documents state:

> These rights are granted in respect of Cantonese and Mandarin versions with Chinese and/or English subtitles of the Film and in Vietnamese language dubbed and/or subtitled version of the Film. (Document produced by plaintiff bearing Bates No. U2P 03414.)

Because every disc imported by defendant contains English subtitles, and because plaintiff does not have rights to such versions of the films, defendants’ importation cannot be said to infringe on plaintiff’s rights.

For this reason we have asked plaintiff to voluntarily dismiss those titles for which plaintiff did not receive an assignment of English rights. Plaintiff has refused, however, and we ask the Court to fashion a process by which these non-English rights titles can be removed from this litigation. While this potentially could be accomplished by motion for summary judgment,

we respectfully request consideration of the appointment of a special master or magistrate to review the assignment documents on an expedited basis and to order a dismissal as respects those titles for which the documents produced by plaintiff clearly establish plaintiff did not receive an assignment of English rights.

## II. APPOINTMENT OF A SPECIAL MASTER/MAGISTRATE FOR THOSE TITLES FOR WHICH PLAINTIFF IS NOT ENTITLED TO RECOVER STATUTORY DAMAGES

As set forth in the Counter Claim, including Exhibit B thereto, there are a substantial number of titles for which plaintiff will not be entitled to recover statutory damages and/or attorneys fees, pursuant to 17 U.S.C. 412. While defendants' analysis of this issue is not complete (pending review of documents produced by both parties) we believe there are at least 99 titles for which plaintiff will be precluded from recovering statutory damages/attorneys fees. This total does not include titles for which plaintiff does not have English rights (with respect to which plaintiff would have no recovery of any damages).

## III. PROBLEMS CONCERNING THE DEPOSITION OF BERNARD SOO

Defendant believes Bernard Soo, a principal of plaintiff, is a material witness whose deposition is essential. Mr. Soo signed <u>every</u> assignment of <u>every</u> title involved in this case and apparently was plaintiff's representative in negotiating whatever assignments plaintiff procured. Mr. Soo was not disclosed by plaintiff in the Rule 26 disclosure, and plaintiff's counsel originally resisted producing him for deposition.

Recently, however, plaintiff's counsel agreed to produce Mr. Soo for deposition. The problem: according to plaintiff's counsel, Mr. Soo is out of the United States "until at least October" and cannot be reached until he returns. Plaintiff's counsel had advised that counsel is only available for depositions on five days in October, the earliest of which is October 20. However, because counsel purportedly cannot reach Mr. Soo, the parties apparently are unable to set Mr. Soo for deposition, and his deposition may not occur until November. This is problematic because defendant fully expects that Mr. Soo's deposition will lead to the need for follow-up discovery, potentially including depositions and/or document subpoenas issued to principals of the intermediaries involved in plaintiff's purported "chain of title".

## IV. DISCOVERY DISPUTE RE WRITTEN DISCOVERY

There is a major dispute between the parties with regard to plaintiff's response to defendant's written discovery (interrogatories and document requests). We will take up the details of that matter in a motion soon to be filed with Magistrate Lloyd. However, the Court should be aware that plaintiff has failed to produce significant documentation and information.

Almost every assignment on which plaintiff relies states that it is entered pursuant to a "copyright purchase agreement" which has not been produced. Each assignment expressly states that it "is executed in connection with and is subject to the" non-produced agreement.

There are other significant discovery disputes which need to be resolved, and which may entail the need for follow-up discovery.

Plaintiff has also failed to produce any documentation or information regarding its purported damages.

## V. MEDIATION

Defendant believes that mediation reflecting recognition of the titles for which plaintiff does not have English rights and the titles for which plaintiff is precluded from recovering statutory damages/attorneys fees would be fruitful. We have been in contact with the Court-appointed mediator and advised of our willingness to attend another mediation session. We understand, however, that plaintiff has not committed to this process.

## VI. DATES FOR DISCOVERY CUT-OFF AND FILING DISPOSITIVE MOTIONS

Defendant submits that defendants will be severely prejudiced if these dates are set at this time. In light of the delay in scheduling the deposition of Mr. Soo (through no fault of defendant), the need to bring a motion to compel discovery from plaintiff, and the

///

///

///

///

///

possible/probable need to engage in discovery involving foreign nationals, defendant asks that the Court reconsider the trial date previously scheduled.

DATED: July 28, 2004

ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.

By: /s/Andrew P. Sclar
ANDREW P. SCLAR
Attorneys for Defendants