Apple Inc. v. Psystar Corporation Doc. 1861

Alan J. Kessel (State Bar No.: 130707)
Keli N. Osaki (State Bar No.: 179920)
Sandeep J. Shah (State Bar No.: 210449)
BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Attorneys for Plaintiff DIRECTV, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAMIRO PEREZ,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES; AND FOR INJUNCTIVE RELIEF** |

Plaintiff DIRECTV, Inc. ("DIRECTV") hereby complains as follows with respect to its claims arising under federal question jurisdiction 28 U.S.C. §§ 1331 and 1338(a):

**NATURE OF THIS CASE**

1. DIRECTV, a California company, is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. DIRECTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DIRECTV has invested more than $1.25 billion to develop its direct broadcast satellite system.

2. DIRECTV encrypts - electronically scrambles - its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. DIRECTV offers its television programming to residential and business customers on a subscription and pay-



Dockets.Justia.com

per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3. On or about December 1, 2001, DIRECTV executed Writs of Seizure, with the assistance of the United States Marshals Service, upon The Computer Shanty, ("hereinafter "Shanty") an Internet seller of Pirate Access Devices. Shanty's business enterprise focused on distributing satellite signal theft devices, primarily designed for the surreptitious interception of satellite communications broadcast by DIRECTV, through the website Shanty.com. The raid revealed information related to Shanty and its customers. DIRECTV obtained various business records evidencing the ongoing illegitimate enterprise, including orders, invoices, electronic communications, shipping documentation, purchase receipts, credit card receipts and customer lists. Each record confirmed the existence of a distribution source for the country-wide transmission of devices primarily designed for the unauthorized interception of DIRECTV's Satellite Programming.

4. Shanty's customers ordinarily place orders over a website operated by Shanty. The business records obtained in the raid evidence the purchase of Pirate Access Device(s) by Defendant RAMIRO PEREZ ("Defendant") from Shanty. In reliance on these records and other information, and upon information and belief, DIRECTV brings this lawsuit against Defendant for the purchase, possession, modification, manufacture, assembly and/or use of Pirate Access Device(s).

5. Defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2510-2521. As a result of Defendant's decision to obtain Pirate Access Devices and the detrimental impact that such activities have on the company, DIRECTV brings this action seeking damages and injunctive relief against Defendant's continued possession and/or use of Pirate Active Devices.

6. The claims asserted herein were originally brought against Defendant on November

26, 2003, in the action entitled *DIRECTV, Inc. v. Cortez, et al.*, U.S.D.C., N.D. Cal., Case No. 03-05306 EMC. Defendant was dismissed from that action pursuant to the Order of the Honorable James Ware dated July 26, 2004 (the "Order"). Further pursuant to the Order, this separate action against Defendant is deemed a continuation of the original action for purposes of the Statute of Limitations.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 47 U.S.C. § 605(e)(3)(A) and 18 U.S.C. § 2520(a) because the claims in this action arise under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Federal Wiretap Laws, 18 U.S.C. §§ 2510-2521.

8. This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this district and is subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

10. Assignment of this action to the San Francisco Division of the United States District Court for the Northern District of California is proper pursuant to Civil Local Rule 3-2(c) and (e) because the events which gave rise to the claims in this action occurred in the County of Contra Costa.

## PARTIES

11. Plaintiff DIRECTV is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in maintaining and securing the integrity of its satellite transmissions of television programming and in prohibiting the unauthorized reception and use of same.

12. Defendant is a resident of Richmond, California. Upon information and belief, beginning in or about July 2001, Defendant purchased one or more Pirate Access Devices from Shanty. Defendant placed each order by using interstate or foreign wire facilities, and received the orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal

purchases included the following transactions:

(a) On or about July 27, 2001, Defendant purchased a Pirate Access Device, consisting of a printed circuit board device called a "Shanty Ultimate," also known as a "Loader," from Shanty. The device was shipped to Defendant at Defendant's address in Richmond, California.

(b) On or about November 5, 2001, Defendant purchased a Pirate Access Device, consisting of a printed circuit board device called a "Shanty Ultimate," also known as a "Loader," from Shanty. The device was shipped to Defendant at Defendant's address in Richmond, California.

**FIRST CAUSE OF ACTION**

**UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS**

**IN VIOLATION OF 47 U.S.C. § 605(a)**

13. DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

14. Defendant has received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

15. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

16. Defendant knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendant will continue to violate 47 U.S.C. § 605(a).

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF 18 U.S.C. § 2520(a)

17. DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

18. By using Pirate Access Devices to decrypt and view DIRECTV's satellite television transmissions, Defendant disclosed or intentionally used, intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2520(a). DIRECTV is a "person," as that term is defined by 18 U.S.C. § 2510(6), whose wire, oral, or electronic communication has been and/or is continuing to be intercepted, disclosed and/or used by Defendant in violation of 18 U.S.C. §§ 2510 *et seq.*, including, but not limited to, 18 U.S.C. § 2511.

19. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

20. Defendant knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendant will continue to violate 18 U.S.C. § 2520(a).

## THIRD CAUSE OF ACTION

## WILLFUL ASSEMBLY OR MODIFICATION OF DEVICES OR EQUIPMENT IN VIOLATION OF 47 U.S.C. § 605(e)(4)

21. Plaintiff DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

/ / /

22. Upon information and belief, Defendant knowingly manufactured, assembled, sold, distributed, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite programming, or direct-to-home services, or is intended for any other prohibited activity. Upon information and belief, Defendant actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV satellite programming. Further, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, Defendant engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of satellite programming.

23. Such conduct by Defendant violates 47 U.S.C. § 605(e)(4) and such activity entitles DIRECTV to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II).

24. DIRECTV is a person aggrieved by Defendant's independent violations of 47 U.S.C. § 605 and is authorized to institute this action against Defendant pursuant to 47 U.S.C. § 605(e)(3)(A).

**FOURTH CAUSE OF ACTION**

**CONVERSION**

25. Plaintiff DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

26. By possessing and using Pirate Access Devices, Defendant has unlawfully converted to his own use and benefit property belonging to DIRECTV.

27. Such conversion was done intentionally and wrongfully by Defendant to deprive DIRECTV of its proprietary interests and for said defendant's direct benefit and advantage.

28. As a direct and proximate result of Defendant's unlawful acts, DIRECTV has suffered and continues to suffer damages, including lost subscription and pay-per-view revenues and other valuable consideration.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1) Find Defendant's conduct in possessing and using Pirate Access Devices violates 47 U.S.C. § 605(a) and (e)(4), and 18 U.S.C. § 2520(a), and California common law, and further find that said violations were willful, malicious, or for a tortious or illegal purpose;

(2) In accordance with 47 U.S.C. § 605(e)(3)(B)(i), and 18 U.S.C. § 2520(b)(1), enjoin and restrain Defendant and persons controlled directly and indirectly by said defendant, from possessing or using Pirate Access Devices, and further order Defendant to surrender all Pirate Access Devices;

(3) In the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device used and possessed in violation of 18 U.S.C. § 2520(c)(2) and 47 U.S.C. § 605(e)(4), and a further award of DIRECTV's reasonable attorneys' fees and costs of suit;

(4) In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II), and 18 U.S.C. § 2520(c)(2); or (b) compensatory and punitive damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2), and California common law; and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii) and 18 U.S.C. § 2520(b)(3); and

(5) For such additional relief as the Court deems just and equitable.

Dated: September 2, 2004 BUCHALTER, NEMER, FIELDS & YOUNGER

By: ______________________________
KELI N. OSAKI
Attorneys for Plaintiff DIRECTV, INC.