Philip M. Miller (SBN 87877)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900

Attorneys for Plaintiffs, SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, ANDREW STERN, Trustee, ROD BASHIR, Trustee, CHARLES RIDGELL, Trustee, SHARLEEN STEWART, Trustee, JAMES BERG, Trustee, EDWARD J. MANKO, Trustee, JOHN J. SHERIDAN, Trustee, LARRY T. SMITH, Trustee, WILLIAM F. STUHLBARG, Trustee

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, ANDREW STERN, Trustee, ROD BASHIR, Trustee, CHARLES RIDGELL, Trustee, SHARLEEN STEWART, Trustee, JAMES BERG, Trustee, EDWARD J. MANKO, Trustee, JOHN J. SHERIDAN, Trustee, LARRY T. SMITH, Trustee, WILLIAM F. STUHLBARG, Trustee,<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC., a California corporation,<br><br>Defendant. | **CIVIL CASE NO. 04-02853 WHA**<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 14, 2004<br>Time: 8:00 a.m.<br>Ctrm: Nine, 19th Floor |

TO: ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC., a California corporation.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure § 55(b)(2), the court shall conduct a hearing on the application of the plaintiffs for the entry of default judgment in this matter. Said hearing shall be conducted Thursday, October 14, 2004 at 8:00 a.m., or as



Dockets.Justia.com

soon thereafter as the matter may be heard by the Honorable William H. Alsup, in Courtroom 9, 9th Floor, of the Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California.

## I. STATEMENT OF RELIEF SOUGHT.

Plaintiffs SEIU National Industry Pension Fund and its trustees ("Fund") seek entry of judgment by default ordering defendant to submit required reports of employees and their covered hours of employment, and to make payment of monthly employee benefit contributions due for the period May 2003 through the present. The Fund requests interest and liquidated damages for those unpaid contributions and for late-paid contributions for the work months November 2002 through April 2003. A summary of the relief sought follows:

| | | | |
|---|---|---|---|
| A. | Estimated delinquent contributions | | $ 14,356.50 |
| B. | Estimated liquidated damages on delinquent contributions | | $ 3,143.39 |
| C. | Interest on unpaid contributions calculated at 10% simple interest through October 10, 2004 | | $ 1,294.49 |
| D. | Costs of suit: Complaint filing fee | 150.00 | |
| | Process service fee | 76.00 | |
| | | | $ 226.00 |
| E. | Attorneys' fees | | $ 2,647.50 |
| | **TOTAL** | | **$21,667.88** |

## II. PLAINTIFFS TRUST AND TRUSTEES ARE ENTITLED TO DEFAULT JUDGMENT

### A. FACTUAL BASIS FOR ENTRY OF DEFAULT

This action was filed on July 14, 2004. Service on the defendant was completed on July 22, 2004. A Proof of Service was filed with the Court on July 27, 2004. Defendant has failed to plead or otherwise defend or appear, and pursuant to plaintiffs' Request to Enter Default and Declaration of Philip M. Miller, filed with the Court on August 16, 2004, the Clerk entered the default of the defendant on August 16, 2004.

/ / /

### B. THE COURT HAS JURISDICTION TO ENTER DEFAULT JUDGMENT.

ERISA Section 515 (29 U.S.C. § 1145) states:

> "Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

The Complaint in this action states a claim by a multiemployer employee benefit plan to the violation by defendant of the terms of the plan and of ERISA Section 515. The Court has jurisdiction under ERISA Section 502(e), 29 U.S.C. Section 1132(e).

Rule 55 of the Federal Rules of Civil Procedure, the entry of judgment by default, is appropriate. Defendant St. Luke's Subacute Hospital and Nursing Centre, Inc. was properly served with the Summons and Complaint in this action. Defendant also was properly served with plaintiffs' Request to Enter Default and this Notice of Motion for Default Judgment, and has made no appearance in this matter. The defendant is not an infant or an incompetent person. Accordingly, the grant of a default judgment is appropriate.

### C. THE JUDGMENT GRANTED SHOULD INCLUDE ALL OF THE DELINQUENT CONTRIBUTIONS OWED BY DEFENDANT, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS, AND SHOULD REQUIRE SUBMISSION OF REPORTS OF EMPLOYEES AND HOURS ENTITLED TO PENSION CREDITS.

In an action by a multiemployer plan to collect delinquent contributions,

"the court shall award the.....

(B) interest on the unpaid contributions

©) an amount equal to the greater of

(I) interest on the unpaid contributions,

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],

(D) reasonable attorneys fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate."

ERISA Section 502(g)(2); 29 U.S.C. § 1132(g)(2).

Defendant agreed in the applicable collective bargaining agreement to contribute to the Fund monthly for covered employee hours, to submit such monthly reports with the contributions as the Fund requires and to be bound by the Trust Agreement of the Fund (Exhibit A to Parroff Declaration at 16-18). Pursuant to the authority of that Trust Agreement (Exhibit A to Miller Declaration at 2-4), the Board of Trustees of the Fund adopted a collections policy ("Policy") (Exhibit B to Miller Declaration). The Policy provides, in the case of delinquent contributions owed at time a lawsuit is filed, for liquidated damages after the filing of a lawsuit which parallels the above statutory language (See Exhibit B to Miller Declaration at 6). It provides for pre-judgment interest at a rate of ten percent (10%) simple interest per annum (See Exhibit B to Miller Declaration at 6).

To award statutory liquidated damages, the Ninth Circuit requires that unpaid contributions exist at the time the lawsuit was filed. ***Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc.***, 875 F.2d 212 (9th Cir. 1989). In this case, delinquencies existed at the time the Complaint was filed on July 14, 2004, for contributions owed for hours worked by defendant's employees from May 2003 through July 2004, which were unpaid at the time of the filing of this action. (See Declaration of Tearyn J. Parroff).

Statutory liquidated damages also shall be awarded where suit was filed to collect unpaid contributions and further unpaid contributions become delinquent after the filing of the lawsuit. (See ***Local 81 v. Wedge Roofing***, 811 F. Supp. 1398 (N.D. Cal. 1991). Contributions due since the filing of this Complaint continue to remain unpaid for hours worked through August 2004, which have been delinquent since September 15, 2004. Under ERISA Section 502(g)(2)c), 29 U.S.C. 1132(g)(2)c), statutory liquidated damages of this action must be awarded for delinquencies arising during this period also.

For contributions which became delinquent but are late-paid before the filing of a lawsuit, liquidated damages are payable at a rate of five percent of the late-paid contributions, with a minimum of $50 per month and a maximum of $800 per month (Exhibit B to Miller Declaration at 2). In this case, defendant's late-paid contributions for the period November 2002

through April 2003, resulted in the assessment of liquidated damages which are now due in the amount of $272.09. (Exhibit B to Parroff Declaration).

Defendant reported contributions due for hours worked in April 2003 in the sum of $957.10 and has failed to provide any information concerning covered hours worked since that date (See Parroff Declaration at 2). Defendant's failure to report credits due to employees and contributions due to the Trust has violated defendant's statutory and contractual duties under 29 U.S.C. Section 1059(a)(1) and Trust written policy (Exhibit B to Miller Declaration, at 1-2). As a result, under Trust policy, the Trust is entitled to seek a judgment based upon the last reported hours of defendant in April 2003, and the burden shifts to defendant to rebut that presumption. See Combs v. King, 764 F.2d 818 (11th Cir.1985); see also Brick Masons Pension Trust v. Industrial Fence and Supply, 839 F.2d 133 (9th Cir.1988).

Based on monthly hours worked by covered employees equal to those reported by defendant for April 2003, defendant owes delinquent contributions to the Trust for the period May 2003 through July 2004 at the rate of $957.10 per month. Therefore defendant owes contributions to the Trust in the sum of $14,356.50. Interest is owed on those contributions and late-paid contributions for the period November 2002 through April 2003 in the total sum of $1,294.49 and liquidated damages in the sum of $3,143.39 (See Parroff Declaration at 2-3 and Exhibits B and C attached thereto).

The Fund has incurred attorneys' fees in the litigation of this matter as a result of defendant's statutory and contractual violations in the amount of $2,647.50 and has incurred costs in the sum of $226.00, as specified in the Declaration of Philip M. Miller filed herewith. Under ERISA Section 502(g)(2)(D), 29 U.S.C. Section 1132(g)(2)(D), the Court also should grant judgment of these amounts.

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the Declarations of Philip M. Miller and Tearyn J. Parroff filed herewith, the Court should grant judgment by default in the following amounts:

| | |
|---|---|
| Unpaid Contributions | $ 14,356.50 |
| Interest (at 10% simple interest per annum) | $ 1,294.49 |
| Liquidated Damages (20%) | $ 3,143.39 |
| Attorneys' Fees | $ 2,647.50 |
| Costs | $ 226.00 |
| Total Judgment | $ 21,667.88 |

The Fund also requires monthly reports from contributing employers to determine which employees are entitled pension credits for each month and in what amounts (Miller Declaration). The Court should grant a judgment requiring defendant to submit delinquent remittance reports for the months May 2003 through the present. The Court should retain jurisdiction to enforce this aspect of the Judgment with sanctions or contempt orders, as necessary.

Dated: September 7, 2004 Respectfully submitted,

By:__________________/s/_______________
Philip M. Miller

j/seiu/stluknotmot

## PROOF OF SERVICE

I, the undersigned, declare that I am employed in the City and County of San Francisco, California; I am over the age of eighteen (18) years and not a party to the within action; my business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On September 7, 2004, I served the following documents:

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested party in this action:

Administrator
St. Luke's Subacute Hospital and Nursing Centre, Inc.
1652 Mono Avenue
San Leandro, CA 94578

by placing a true copy thereof enclosed in a sealed envelope addressed as above, with first-class postage fully prepaid, and personally deposited same with the United States Postal Service for mailing at San Francisco, California. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of September, 2004, at San Francisco, California.

/s/
Julie Jellen