PETER M. REHON (SBN 10012)
MARK V. ISOLA (SBN 154614)
TIFFANY L. GOODMAN (SBN 217950)
REHON & ROBERTS
A Professional Corporation
Ten Almaden Boulevard, Suite 550
San Jose, CA 95113
Telephone: (408) 494-0900
Facsimile: (408) 494-0909

Attorneys for Plaintiff and Counterdefendant
Family Mortgage Corporation No. 15
and Counterdefendant Eastern Savings Bank

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FAMILY MORTGAGE CORPORATION NO. 15, a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>PERRY L. GREINER, an individual,<br><br>Defendant. | Case No. C03 01380 RMW<br><br>**PLAINTIFF AND COUNTERDEFENDANT FAMILY MORTGAGE CORPORATION NO. 15 AND COUNTERDFENDANT EASTERN SAVINGS BANK'S PRETRIAL STATEMENT** |
| PERRY L. GREINER, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>FAMILY MORTGAGE NO. 15, a Maryland Corporation, and EASTERN SAVINGS BANK, F.S.B.,<br><br>Counterdefendants. | Date: September 16, 2004<br>Time: 2:00 p.m.<br>Courtroom: Six<br>280 South First Street<br>San Jose, California<br>Judge: Ronald M. Whyte<br><br>Trial Date: October 18, 2004 |

Pursuant to District Court Judge Ronald M. Whyte's Standing Order Re: Pretrial Preparation dated February 24, 2003, Plaintiff and Counterdefendant Family Mortgage Corporation No. 15 ("Plaintiff") and Counterdefendant Eastern Savings Bank ("ESB") hereby respectfully submit their Pretrial Statement. Plaintiff and ESB submit this Pretrial Statement unilaterally as all attempts to



Dockets.Justia.com

obtain input or participation in drafting the Pretrial Statement from counsel for Defendant and Counterclaimant Perry L. Greiner ("Greiner") were unsuccessful.

## I. SUBSTANCE OF THE ACTION

A. Underlying Facts.

In June 1999, Cross-Defendant ESB made a loan to Defendant Perry Greiner ("Defendant" or "Greiner") in the sum of $2,675,000.00. This loan was evidenced by a promissory note dated June 18, 1999 (the "Note") and secured by a deed of trust on 36 acres of undeveloped land in Santa Clara County located at 16100 Greenridge Terrace, Los Gatos, California 95023 (the "Property"). ESB made the loan to refinance Greiner's existing indebtedness on the Property. ESB contends that the purpose of the loan was to cure Greiner's default, to provide an interest reserve so that Greiner could maintain the loan in good standing, and to facilitate the development of the Property through the engineering phase. ESB contends that at various times, Greiner represented to ESB that he was planning to build his own house on the Property or to engineer and subdivide the property into lots for sale. Greiner failed to make payments under the Note and defaulted thereunder. The maturity date of the loan and the Note was extended by a modification and extension agreement dated June 18, 2000 (the "First Loan Modification Agreement"). Greiner failed to make payments under the Note and the First Loan Modification Agreement and thereby defaulted on both. ESB contends that Greiner was also required, among other things, to use $80,000 of the proceeds of the loan (the "Engineering Funds") to pay for the costs of engineering to develop the Property and to improve its value to make the Property more marketable. ESB and Plaintiff contend that no engineering was done on the Property. ESB commenced foreclosure proceedings and a trustee's sale was scheduled.

Prior to the trustee's sale, on April 3, 2001, Greiner and ESB entered into a forbearance agreement dated April 3, 2001 (the "Forbearance Agreement") which postponed the sale of the Property, and entered into a second loan modification and extension agreement dated April 3, 2001 (the "Second Loan Modification Agreement"). Greiner defaulted on the Second Loan Modification Agreement and the Forbearance Agreement and by reason of Greiner's default, a trustee's sale was rescheduled. ESB contends that all of the foregoing agreements were designed to assist Greiner with development and sale of the Property.

Prior to the rescheduled trustee's sale, Griener and Plaintiff, an entity related to ESB, entered into a limited liability company agreement dated June 27, 2001 (the "LLC Agreement"). This Agreement formed an LLC named "16100 Greenridge Terrace, LLC" which took title to the Property. It is this agreement, and the relationship it creates between the parties, which is the subject of this litigation. A true and correct copy of the LLC Agreement is attached to the Complaint filed in this action as Exhibit A.

In this action, Plaintiff seeks a declaration pursuant to the Agreement that it now has the right to control the sale of the Property. Plaintiff and ESB further contend that at all relevant times Greiner was provided with the ability, opportunity and control over the development and sale of the Property, and has simply failed to do so. Plaintiff and ESB also contend that Greiner has never received an offer to purchase the Property and has failed to sell the Property as required by the LLC Agreement.

Plaintiff seeks a declaration that:

1. Section 5.3 of the LLC Agreement governs the parties' rights to the Property;
2. Plaintiff may sell the Property without Greiner's consent pursuant to Section 5.3;
3. Plaintiff has the sole and absolute discretion over the terms and conditions of the marketing and sale of the Property pursuant to Section 5.3;
4. Plaintiff is entitled to sell the Property for any price so long as the sale is an arms-length transaction the terms of which are fully disclosed to Greiner;
5. Plaintiff may sell the Property even if Greiner would not take any proceeds from the sale;
6. Plaintiff is authorized to take all steps necessary to effect a sale of the Property without the authorization or consent of Greiner; and
7. The proceeds of any sale of the Property shall be distributed in accordance with the formula provided in paragraphs 5.3(a) and (b) of the LLC Agreement.

Greiner contends, among other things, that all of the foregoing relationships and agreements between the parties were partially oral and partially written, and that the function of the LLC Agreement was to serve as a disguised security device and that it was entered into by Family

Mortgage with the intent of evading California's laws regarding the foreclosure process, the "One-Form-Of-Action" Rule, and California's usury laws.

Greiner further contends that even if he is determined to be a member of the limited liability company, 16100 Greenridge Terrace, LLC, with Plaintiff, then the proceeds of any sale should be distributed pursuant to Section 10.2 of the LLC Agreement rather than as provided in Section 5.3 of the LLC Agreement. Greiner further contends that upon the sale of the Property, any debt that may have otherwise existed at one time to ESB will be forgiven and that any funds otherwise payable to Greiner shall not be reduced as the result of any payment to ESB. Greiner further contends that any distribution following sale of the Property should be based upon the respective capital account balances of the parties. Greiner seeks a judicial declaration regarding these issues and others set forth in his counterclaim.

B. Procedural Posture.

Responsive pleadings have been filed, Rule 26 disclosures have been made, and the parties have mediated the case with no success. On August 20, 2004 this Court heard Plaintiff's Motion for Summary Judgment which was thereafter taken under submission. The parties await this Court's ruling with respect to this motion.

## II. STIPULATIONS, AGREED STATEMENT AND UNDISPUTED FACTS

A. Stipulations

The parties stipulate to the possible use of Gary Campi, a percipient witness, as an expert witness with respect to the current value of the Property, the market for sale of such Property in its surrounding area, and the current potential buyers of the Property.

B. Agreed Statement

The parties have been unable to stipulate to an agreed statement of facts for use at trial. However, the following facts set forth below have not been disputed by either party.

C. Undisputed Facts

1. In June 1999, ESB made a loan to Greiner in the sum of $2,675,000.00 (the "Loan").

2. The Loan was evidenced by a promissory note dated June 18, 1999 (the

"Note") and secured by a deed of trust on 36 acres of undeveloped land in Santa Clara County located at 16100 Greenridge Terrace, Los Gatos, California 95023 (the "Property").

3. ESB made the Loan to refinance Greiner's existing indebtedness on the Property.

4. Greiner failed to make payments under the Note and defaulted thereunder.

5. The maturity date of the Loan and the Note was extended by a modification and extension agreement dated June 18, 2000 (the "First Loan Modification Agreement").

6. Greiner failed to make payments under the Note and the First Loan Modification Agreement.

7. After Greiner failed to make payments under the Note and the First Loan Modification Agreement, ESB commenced foreclosure proceedings and a trustee's sale was scheduled.

8. Prior to the trustee's sale, on April 3, 2001, Greiner and ESB entered into a forbearance agreement dated April 3, 2001 (the "Forbearance Agreement") which postponed the sale of the Property, and entered into a second loan modification and extension agreement dated April 3, 2001 (the "Second Loan Modification Agreement").

9. Greiner defaulted on the Second Loan Modification Agreement and the Forbearance Agreement and by reason of Greiner's default, a trustee's sale was rescheduled.

10. Prior to the rescheduled trustee's sale, Greiner and Plaintiff, an entity related to ESB, entered into a limited liability company agreement dated June 27, 2001 (the "LLC Agreement").

11. This Agreement formed an LLC named "16100 Greenridge Terrace, LLC" which took title to the Property.

12. Under the LLC Agreement Greiner possessed the power to manage the sale of the Property during a period of time defined in the LLC Agreement as the first sale period.

13. Under the LLC Agreement both Greiner and Family Mortgage possessed the power to manage the sale of the Property during a period of time defined in the LLC Agreement as the second sale period.

14. Under the LLC Agreement Family Mortgage alone possessed the power to manage the sale of the Property during a period of time defined in the LLC Agreement as the third sale period.

## III. DISPUTED FACTUAL ISSUES

There are no factual issues in dispute for matters on which the parties have admissible evidence.

## IV. DISPUTED LEGAL ISSUES

The following legal issues are briefed in detail within Plaintiff's Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment, filed with the Court herein.

1. Is the LLC Agreement clear and unambiguous?
2. Does California's Parol Evidence Rule, codified at Code of Civil Procedure section 1856, operate to bar any oral agreements alleged by Greiner to have existed between ESB and Greiner or Family Mortgage and Greiner?
3. Does Greiner possess any valid defenses excusing his performance under the LLC Agreement?
    a. Is the LLC Agreement usurious?
    b. Is the LLC Agreement a hidden security device?
    c. Is the LLC Agreement unconscionable?
    d. Does the LLC Agreement fail for lack of certainty?
    e. Did Plaintiff or ESB waive any rights relating to the LLC Agreement?
    f. Are Plaintiff and ESB estopped from exercising their rights relating to the LLC Agreement?
    g. Does the doctrine of laches apply to bar this action?
4. Does Section 5.3 of the LLC Agreement govern the parties' rights to the Property?
5. May Family Mortgage sell the Property without Greiner's consent pursuant to Section 5.3?
6. Does Family Mortgage have the sole and absolute discretion over the terms and conditions of the marketing and sale of the Property pursuant to Section 5.3?

7. Is Family Mortgage entitled to sell the Property for any price so long as the sale is an arms-length transaction the terms of which are fully disclosed to Greiner?

8. May Family Mortgage sell the Property even if Greiner would not take any proceeds from the sale?

9. Is Family Mortgage authorized to take all steps necessary to effect a sale of the Property without the authorization or consent of Greiner?

10. Should the proceeds of any sale of the Property be distributed in accordance with the formula provided in paragraphs 5.3(a) and (b) of the LLC Agreement?

## V. DEPOSITION EXCERPTS AND DISCOVERY RESPONSES

Plaintiff will not designate any deposition excerpts for use at trial. Plaintiff will not designate any discovery responses for use at trial.

## VI. WITNESSES TO BE CALLED

A. <u>Plaintiff's Witnesses</u>

1. Jonathan Feldman
2. Defendant Perry L. Greiner
3. Gary Campi
4. Frank May

## VII. EXHIBITS SCHEDULES AND SUMMARIES

C. <u>Plaintiff's Exhibits, Schedules and Summaries</u>

1. Promissory Note
2. First Loan Modification Agreement
3. Forbearance Agreement
4. Second Loan Modification Agreement
5. LLC Agreement
6. Appraisal and Report by Frank May dated December 2001
7. Appraisal by Frank May dated August 2004
8. Gary Campi valuation letter dated August 13, 2004

## VIII. RELIEF PRAYED

Plaintiff prays for that relief requested in its Complaint filed with the Court herein and set forth below:

A declaration of its rights under the LLC Agreement, including but not limited to a declaration that (1) section 5.3 of the LLC Agreement governs the parties's rights to the Property; (2) Plaintiff may sell the Property without Defendant's consent; (3) Plaintiff has the sole and absolute discretion over the terms and conditions of the marketing and sale of the Property; (4) Plaintiff is entitled to sell the Property for any price that Plaintiff approves so long as the sale is an arms-length transaction on terms which are fully disclosed to Defendant; (5) Plaintiff may sell the Property even if the sale price would not entitle Defendant to any proceeds according to the formula set forth in section 5.3 of the LLC Agreement; (6) Plaintiff is authorized to take all steps necessary to effect a sale of the Property without further authorization or consent of Defendant and (7) The proceeds from any sale of the Property shall be distributed in accordance with the formula set forth in paragraph 5.3 (a) and (b); its attorneys fees and costs of suit herein; other such relief as the Court may deem proper.

## IX. ESTIMATE OF TRIAL TIME

Plaintiff estimates it will need approximately six (6) hours for a full presentation of its case, including cross-examination of opposing witnesses, opening statement and closing argument.

## X. AMENDMENTS, DISMISSALS

Plaintiff does not submit any amendments of its pleadings or request dismissal of any of its claims or defenses.

## XI. SETTLEMENT DISCUSSION

The parties previously mediated this case before retired Judge John A. Flaherty on March 30, 2004, without success. Since then the parties have continued discussions but have been unable to attain a resolution of this matter. The parties are scheduling a settlement conference with Magistrate Judge Lloyd to be completed before the Pretrial Conference.

## XII. MISCELLANEOUS

A. <u>Further Outstanding Discovery or Motions</u>

Plaintiff will take the deposition of Defendant Perry Greiner on September 14, 2004 due to a

stipulation between the parties to extend the discovery cut off date for the purposes of this deposition only. Plaintiff will also take the deposition of Defendant's expert witness Gary Campi on September 15, 2004 due to a stipulation between the parties to extend the discovery cut off date for the purposes of this deposition only.

On August 20, 2004, Plaintiff's Motion for Summary Judgment came on for hearing and was taken under submission by Judge Whyte. To date, the parties have not received an order from the Court relating to this motion.

Plaintiff submits herewith its Motion in Limine to Strike Defendant's Expert Disclosure and Preclude the Expert Testimony of Daniel Hoffman and Todd Johnson. Plaintiff also submits herewith its Motion in Limine Barring the Admission of Parol Evidence.

B. Bifurcation or Separation of Issues at Trial

Plaintiff does not wish to bifurcate the issues of this action at trial.

Dated: September 7, 2004

REHON & ROBERTS
A Professional Corporation

/s/
Peter M. Rehon
Attorneys for Plaintiff and Counterdefendant Family Mortgage Corporation No. 15 and Counter-defendant Eastern Savings Bank