DANIEL J. BERGESON, State Bar No. 105439
MELINDA M. MORTON, State Bar No. 209373
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN
J.C. ROZENDAAL
KELLOGG, HUBER, HANSEN, TODD & EVANS, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OKI AMERICA, INC., OKI ELECTRIC INDUSTRY CO., LTD., OKI DATA CORPORATION, and OKI DATA AMERICAS, INC.,

Plaintiffs,

vs.

ADVANCED MICRO DEVICES, INC.,

Defendant.

Civil Action No. C04-03171-CRB

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND FOR DECLARATORY JUDGMENT OF INVALIDITY, UNENFORCEABILITY, AND NONINFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

Plaintiffs Oki America, Inc., Oki Electric Industry Co., Ltd., Oki Data Corporation, and Oki Data Americas, Inc., complain and allege as follows against Defendant Advanced Micro Devices, Inc. ("AMD" or the "Defendant"), and demand a jury trial of all issues triable by jury.

## THE PARTIES

1. Plaintiff Oki America, Inc. ("Oki America") is a Delaware corporation with its principal place of business at 785 North Mary Avenue, Sunnyvale, California 94085, within this District.

2. Plaintiff Oki Electric Industry Co., Ltd. ("Oki Electric") is a Japanese corporation

with its principal place of business in Tokyo, Japan.

3. Plaintiff Oki Data Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan.

4. Plaintiff Oki Data Americas, Inc. is a Delaware corporation with its principal place of business in Mt. Laurel, New Jersey.

5. Defendant AMD is a Delaware corporation with its principal place of business at One AMD Place, Sunnyvale, California 94088-3453, within this District.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

6. This is an action for patent infringement and declaratory judgment under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331(a) and 1338. The Court has personal jurisdiction over AMD.

8. Venue is proper in this District. Pursuant to Civil L.R. 3-2(c), this action is an Intellectual Property Action to be assigned on a District-wide basis.

**BACKGROUND**

9. The parties are manufacturers and sellers of semiconductor integrated circuit devices, products including such devices, or both. The parties on each side own patents and accuse one another of infringement.

10. Although Plaintiff Oki America and Defendant AMD have their principal places of business in Sunnyvale, California, in this district and within a few miles of one another, AMD sued Oki America and the other Plaintiffs in the United States District Court for the Eastern District of Texas, alleging that Plaintiffs have infringed the AMD patents identified below in this Complaint. On July 30, 2004, AMD's suit was dismissed without prejudice for lack of personal jurisdiction and improper venue in the district in which the suit was filed. As a result of AMD's activities, Plaintiffs reasonably apprehend that AMD will sue them again on these patents. Therefore, an actual, justiciable controversy exists between the parties with respect to these AMD patents.

**FIRST CLAIM FOR RELIEF**

**AMD'S INFRINGEMENT OF OKI '986 PATENT**

**(BY PLAINTIFF OKI ELECTRIC AGAINST DEFENDANT AMD)**

11. Plaintiff Oki Electric incorporates by reference and realleges the allegations of paragraphs 1-10 above. This is a claim for patent infringement by Plaintiff Oki Electric against Defendant AMD.

12. On August 16, 1994, United States Letters Patent 5,338,986 were duly and legally issued to Oki Electric for an invention with the title "Latch-up resistant CMOS output circuit." Since that date Oki Electric has been and still is the owner of those Letters Patent.

13. AMD has been and still is infringing those Letters Patent by making, selling, offering to sell, using, and/or importing semiconductor devices embodying the patented invention. Said AMD semiconductor devices include AMD's AXP1800, AXP2000, AXP2100, and AXP2200 devices.

14. Oki Electric has given AMD actual notice of the infringement. AMD will continue such infringement unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**

**AMD'S INFRINGEMENT OF OKI '747 PATENT**

**(BY PLAINTIFF OKI ELECTRIC AGAINST DEFENDANT AMD)**

15. Plaintiff Oki Electric incorporates by reference and realleges the allegations of paragraphs 1-10 above. This is a claim for patent infringement by Plaintiff Oki Electric against Defendant AMD.

16. On July 6, 2004, United States Letters Patent 6,759,747 were duly and legally issued to Oki Electric for an invention with the title "Semiconductor device having damascene interconnection structure that prevents void formation between interconnections." Since that date Oki Electric has been and still is the owner of those Letters Patent.

17. AMD has been and still is infringing those Letters Patent by making, selling, offering to sell, using, and/or importing semiconductor devices embodying the patented invention. Said AMD semiconductor devices include AMD's AXP2200 device.

18. Oki Electric has given AMD actual notice of the infringement. AMD will continue such infringement unless enjoined by this Court.

**THIRD CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT WITH RESPECT TO AMD '678 PATENT**

19. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1-10 above. This is a claim for declaratory judgment by all Plaintiffs.

20. U.S. Patent No. 4,518,678 (the "'678 patent") issued on May 21, 1985. AMD asserts that it is the owner of the foregoing patent.

21. The foregoing patent and each claim thereof is invalid and not infringed for the following reasons:

(a) Plaintiffs did not directly, indirectly, or contributorily infringe, or actively induce infringement of, any claim of the patent or otherwise violate AMD's rights under such patent.

(b) The patent is invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including 35 U.S.C. §§ 101-103 and 112.

(c) The statute of limitations has run.

(d) Any claim of patent infringement by AMD is barred in whole or in part by laches, waiver, estoppel, and acquiescence due to its inaction in timely asserting the patent.

(e) AMD is estopped from construing or interpreting the claims to cover any acts of the defendants by reason of the proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications upon which the patents issued and the admissions and representations made therein to the PTO on behalf of the applicants.

(f) AMD has failed consistently and continuously to mark substantially all of the patented products made by it or under its authority with the applicable patent numbers, as provided in 35 U.S.C. § 287(a), and failed to give timely actual notice of infringement.

(g) In regard to any products imported into the United States and allegedly made by

processes patented in AMD's patent, said products were materially changed by subsequent processing before such importation or became a trivial and nonessential component of another product before such importation.

22. An actual, justiciable controversy exists between AMD and Plaintiffs concerning the enforceability, validity, and infringement of the foregoing patent, with respect to which Plaintiffs are entitled to a declaratory judgment in their favor.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT WITH RESPECT TO AMD '830 PATENT

23. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1-10 above. This is a claim for declaratory judgment by all Plaintiffs.

24. U.S. Patent No. 4,737,830 (the "'830 patent") issued on April 12, 1988. AMD asserts that it is the owner of the foregoing patent.

25. The foregoing patent and each claim thereof is invalid and not infringed for the following reasons:

(a) Plaintiffs did not directly, indirectly, or contributorily infringe, or actively induce infringement of, any claim of the patent or otherwise violate AMD's rights under such patent.

(b) The patent is invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including 35 U.S.C. §§ 101-103 and 112.

(c) The statute of limitations has run.

(d) Any claim of patent infringement by AMD is barred in whole or in part by laches, waiver, estoppel, and acquiescence due to its inaction in timely asserting the patent.

(e) AMD is estopped from construing or interpreting the claims to cover any acts of the defendants by reason of the proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications upon which the patents issued and the admissions and representations made therein to the PTO on behalf of the applicants.

(f) AMD has failed consistently and continuously to mark substantially all of the patented products made by it or under its authority with the applicable patent numbers, as provided in 35 U.S.C. § 287(a), and failed to give timely actual notice of infringement.

26. An actual, justiciable controversy exists between AMD and Plaintiffs concerning the enforceability, validity, and infringement of the foregoing patent, with respect to which Plaintiffs are entitled to a declaratory judgment in their favor.

**FIFTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT WITH RESPECT TO AMD '732 PATENT**

27. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1-10 above. This is a claim for declaratory judgment by all Plaintiffs.

28. U.S. Patent No. 4,960,732 (the "'732 patent") issued on October 2, 1990. AMD asserts that it is the owner of the foregoing patent.

29. The foregoing patent and each claim thereof is invalid and not infringed for the following reasons:

(a) Plaintiffs did not directly, indirectly, or contributorily infringe, or actively induce infringement of, any claim of the patent or otherwise violate AMD's rights under such patent.

(b) The patent is invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including 35 U.S.C. §§ 101-103 and 112.

(c) The statute of limitations has run.

(d) Any claim of patent infringement by AMD is barred in whole or in part by laches, waiver, estoppel, and acquiescence due to its inaction in timely asserting the patent.

(e) AMD is estopped from construing or interpreting the claims to cover any acts of the defendants by reason of the proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications upon which the patents issued and the admissions and representations made therein to the PTO on behalf of the applicants.

(f) AMD has failed consistently and continuously to mark substantially all of the patented products made by it or under its authority with the applicable patent numbers, as provided in 35 U.S.C. § 287(a), and failed to give timely actual notice of infringement.

(g) In regard to any products imported into the United States and allegedly made by processes patented in AMD's patent, said products were materially changed by subsequent processing before such importation or became a trivial and nonessential component of another product before such importation.

(h) The '732 patent is unenforceable because of AMD's failure to disclose to the PTO during the prosecution of the application for the '732 patent information, including the information in U.S. Patent No. 4,640,004, which was known to AMD and was material to the patentability of the '732 patent.

30. An actual, justiciable controversy exists between AMD and Plaintiffs concerning the enforceability, validity, and infringement of the foregoing patent, with respect to which Plaintiffs are entitled to a declaratory judgment in their favor.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**DECLARATORY JUDGMENT WITH RESPECT TO AMD '483 PATENT**

31. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1-10 above. This is a claim for declaratory judgment by all Plaintiffs.

32. U.S. Patent No. 4,962,483 (the "'483 patent") issued on October 9, 1990. AMD asserts that it is the owner of the foregoing patent.

33. The foregoing patent and each claim thereof is invalid and not infringed for the following reasons:

(a) Plaintiffs did not directly, indirectly, or contributorily infringe, or actively induce infringement of, any claim of the patent or otherwise violate AMD's rights under such patent.

(b) The patent is invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including 35 U.S.C. §§ 101-103 and 112.

(c) The statute of limitations has run.

(d) Any claim of patent infringement by AMD is barred in whole or in part by laches, waiver, estoppel, and acquiescence due to its inaction in timely asserting the patent.

(e) AMD is estopped from construing or interpreting the claims to cover any acts of the defendants by reason of the proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications upon which the patents issued and the admissions and representations made therein to the PTO on behalf of the applicants.

(f) AMD has failed consistently and continuously to mark substantially all of the patented products made by it or under its authority with the applicable patent numbers, as provided in 35 U.S.C. § 287(a), and failed to give timely actual notice of infringement.

34. An actual, justiciable controversy exists between AMD and Plaintiffs concerning the enforceability, validity, and infringement of the foregoing patent, with respect to which Plaintiffs are entitled to a declaratory judgment in their favor.

## SEVENTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT WITH RESPECT TO AMD '672 PATENT

35. Plaintiffs incorporate by reference and reallege the allegations of paragraphs 1-10 above. This is a claim for declaratory judgment by all Plaintiffs.

36. U.S. Patent No. 5,142,672 (the "'672 patent") issued on August 25, 1992. AMD asserts that it is the owner of the foregoing patent.

37. The foregoing patent and each claim thereof is invalid and not infringed for the following reasons:

(a) Plaintiffs did not directly, indirectly, or contributorily infringe, or actively induce infringement of, any claim of the patent or otherwise violate AMD's rights under such patent.

(b) The patent is invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including 35 U.S.C. §§ 101-103 and 112.

(c) The statute of limitations has run.

(d) Any claim of patent infringement by AMD is barred in whole or in part by laches, waiver, estoppel, and acquiescence due to its inaction in timely asserting the patent.

(e) AMD is estopped from construing or interpreting the claims to cover any acts of the defendants by reason of the proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications upon which the patents issued and the admissions and representations made therein to the PTO on behalf of the applicants.

(f) AMD has failed consistently and continuously to mark substantially all of the patented products made by it or under its authority with the applicable patent numbers, as provided in 35 U.S.C. § 287(a), and failed to give timely actual notice of infringement.

38. An actual, justiciable controversy exists between AMD and Plaintiffs concerning the enforceability, validity, and infringement of the foregoing patent, with respect to which Plaintiffs are entitled to a declaratory judgment in their favor.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court:

1. Enter judgment declaring that Defendant AMD has infringed the '986, and '747 patents;

2. Issue a permanent injunction against further infringement of the '986, and '747 patents by Defendant AMD or any persons acting in concert with it;

3. Enter judgment declaring that Defendant AMD's infringement was willful;

4. Enter judgment on behalf of Plaintiff Oki Electric Industry Co., Ltd. for its actual damages from said infringement;

5. Enter judgment on behalf of Plaintiff Oki Electric Industry Co., Ltd., for treble damages as provided by 35 U.S.C. § 284;

6. Award plaintiff Oki Electric Industry Co., Ltd. its costs, expenses and prejudgment interest, as provided by 35 U.S.C. § 284;

7. Enter judgment that the Plaintiffs do not infringe and have not infringed any valid or enforceable claim of the '678 Patent, the '830 Patent, the '483 Patent, the '672 Patent, or the '732 Patent, and that they are not liable to Defendant AMD for infringement of the '678 Patent, the '830 Patent, the '483 Patent, the '672 Patent, or the '732 Patent, or for violating any right of AMD thereunder;

8. Enter judgment that each of AMD's patents in suit is invalid or unenforceable or both;

9. Adjudge each of the Plaintiffs to be a prevailing party in this action and award it the costs and expenses incurred in this lawsuit;

10. Find that this is an exceptional case in which reasonable attorney fees should be awarded to the Plaintiffs; and

11. Award Plaintiffs such other and further relief as the Court may deem just and appropriate in the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a jury trial of all issues triable by jury.

Dated: September 14, 2004

DANIEL J. BERGESON
MELINDA M. MORTON
BERGESON, LLP

By:______________________________

Attorneys for Plaintiffs
OKI AMERICA, INC. *et al.*

KELLOGG, HUBER, HANSEN,
TODD & EVANS, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036