Apple Inc. v. Psystar Corporation Doc. 1969

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS (190264)
MARC M. UMEDA (197847)
BRADLEY R. MATHEWS (202055)
1010 Second Ave., Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

FARUQI & FARUQI, LLP
NADEEM FARUQI
SHANE T. ROWLEY
DAVID H. LEVENTHAL
320 East 39th Street
New York, NY 10016
Telephone: 212/983-9330
Facsimile: 212/983-9331

Co-Lead Counsel for State Court Plaintiffs

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re GILEAD SCIENCES SECURITIES LITIGATION, | Master File No.: C-03-4999-MJJ |
| | CLASS ACTION |
| This Document Relates To: | SPECIALLY APPEARING STATE COURT PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF DISCOVERY IN FACTUALLY-RELATED STATE DERIVATIVE ACTION |
| ALL ACTIONS | Date: October 5, 2004<br>Time: 9:30 a.m.<br>Dept.: Courtroom 11<br>Judge: Honorable Martin J. Jenkins |



Dockets.Justia.com

## I. INTRODUCTION

Defendants have repeatedly attempted to stall the prosecution of plaintiffs' state court derivative action (the "State Derivative Action"). Defendants forced plaintiffs to file two separate motions to compel, unsuccessfully demurred to the complaint, filed a futile motion for protective order seeking a stay of discovery, and have recently taken a writ on the state court's order overruling their demurrer, which writ also asks the appellate court to stay the State Derivative Action. Despite all of their efforts, the state court has properly ordered defendants to participate in the discovery process. Nevertheless, defendants have not produced a single bit of responsive discovery. To date, plaintiffs have not received substantive responses to their interrogatories nor documents responsive to any of their outstanding document requests.

Now, in their continued desperation, defendants attempt to convince this Court to stay all discovery in the State Derivative Action. However, a review of the procedural history reflects that there is no valid basis for the interference of this Federal Court into the ongoing proceedings in the state court. There is no factual or legal basis for defendants' Motion for Stay of Discovery (the "Motion"), as none of the plaintiffs nor their counsel in the State Derivative Action are participating in this federal court action. As such, it is without doubt that plaintiffs in the State Derivative Action are not attempting to circumvent the Private Securities Litigation Reform Act of 1995's ("PSLRA") discovery stay. As is evident by defendants' continual attempts to avoid participating in proper discovery, this Motion is merely the result of a continued procedural tactic by defendants to delay the diligent prosecution of the more-advanced State Derivative Action in which the complaint has already been upheld against challenges to the pleadings and defendants have been ordered to participate in discovery.

## II. PROCEDURAL HISTORY IN STATE DERIVATIVE ACTION

On December 16, 2003, plaintiffs filed their shareholder derivative actions in San Mateo Superior Court. On January 27, 2004, pursuant to C.C.P. §§2019 and 2031, plaintiffs issued their first set of discovery requests. Defendants responded to these requests with only objections.[1] On

[1] After engaging in numerous meet and confer discussions, plaintiffs filed two motions to compel. The court denied both of plaintiffs' motions due to procedural defects.

June 2, 2004, plaintiffs personally served a notice of deposition on Gilead Sciences, Inc., which included a demand for production of certain documents. The documents requested were the final narrowly tailored version of the originally-served requests, as requested by plaintiffs in the prior motions to compel. Defendants then filed their motion for protective order. On July 14, 2004, after full briefing and oral argument, the state court denied defendants' motion and ordered them to produce all relevant discovery. Despite the fact that their motion for protective order was denied over a month ago, plaintiffs still have not received substantive responses or documents to any of their outstanding discovery requests.

On February 19, 2004, plaintiffs filed their Consolidated Shareholder Derivative Complaint (the "Consolidated Complaint"). After defendants' demurrer to the Consolidated Complaint was sustained, plaintiffs filed their Consolidated Amended Shareholder Derivative Complaint. After defendants again demurred, the state court denied defendants' demurrer and upheld all of the allegations of the complaint. Defendants have recently taken a writ on the demurrer ruling. In light of this writ, defendants have sought yet another stay of the State Derivative Action from the state court. Moreover, in their writ, defendants have also asked the Court of Appeals to stay all proceedings in the State Derivative Action, their fourth such request to stay discovery.

## III. THE STATE DERIVATIVE ACTION IS NOT SUBJECT TO A DISCOVERY STAY UNDER SLUSA

By this Motion, defendants seek to stay all discovery in the State Derivative Action based upon the PSLRA and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). However, the PSLRA only applies to federal securities law claims. Specifically, the PSLRA provides:

> ***In any private action arising under this title***, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. §78u-4(b)(3)(B) (emphasis added). Clearly this statute relates ***only*** to actions brought under certain sections of the federal securities laws. It is undisputed: ***this case is not brought under any "title" of those statutes***. There is simply no authority to support defendants' argument that the PSLRA discovery stay provision applies to the State Derivative Action.

It is without doubt that, under the PSLRA, there is an automatic stay of discovery in federal securities law class actions only. *Id.* Also, SLUSA added a provision to the PSLRA to address the "problem" where plaintiffs in a state court action seek to circumvent the PSLRA discovery stay in a federal court class action. This provision states:

> ***Circumvention of stay of discovery. Upon a proper showing***, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. §78u-4(b)(3)(D) (emphasis added); Memorandum of Points and Authorities in Support of Motion for Stay of Discovery in Factually-Related State Derivative Acion ("Defs.' Mem.") at 9. However, the mere existence of a derivative action in state court does ***not*** trigger this stay provision of the SLUSA.[2]

It is clear that, for a federal court to stay discovery, defendants must make a proper showing that the State Derivative Action was filed in an attempt to circumvent the discovery stay set forth by the PSLRA. Indeed, the above quoted SLUSA section is captioned "Circumvention of stay of discovery." 15 U.S.C. §78u-4(b)(3)(D); Defs.' Mem. at 8. As defendants have failed to make any showing - let alone a proper showing - that plaintiffs in the State Derivative Action are seeking to circumvent the PSLRA's discovery stay, this Court should deny defendants' Motion.

## IV. DEFENDANTS HAVE NOT DEMONSTRATED THE NEED FOR A STAY OF DISCOVERY IN THE STATE DERIVATIVE ACTION

Defendants have sought to have this Federal Court stay the discovery in the State Derivative Action. However, this request has been heard and rejected on numerous occasion. *See In re Dynegy, Inc. Sec. Litig.*, No. H-02-1571, slip op. (S.D. Tex. May 28, 2003); *In re Cisco Sys., Inc. Sec. Litig.*, No. C 01-20418 JW, slip op. (N.D. Cal. Jan. 30. 2002); *Marcano v. Vertex Pharms., Inc.*, No. 1:03-CV-11852-PBS, docket at Mar. 29, 2004 ("Electronic ORDER entered denying ... Motion for Injunctive Relief and to Stay Discovery") and Apr. 14, 2004 ("Electronic ORDER entered denying ... Motion for Reconsideration") (D. Mass.), attached to the Declaration of Marc M. Umeda as

---

[2] Moreover, the stay provided by SLUSA is ***not*** automatic, but requires a strong showing similar to that required for a federal stay of a state court proceeding under the Anti-Injunction Act 28 U.S.C §2283 - as reflected in the parallel language of those statutes. Defendants have failed to make such a showing in their pending Motion.

Exhibits A-C, respectively. This request should be rejected too.

### A. Plaintiffs Are Not Attempting to Circumvent the PSLRA's Discovery Stay

The statutory language of the PSLRA and SLUSA, the legislative history of these statutes and the case law cited by defendants make it abundantly clear that a federal court should stay discovery in a state action pursuant to 15 U.S.C. §78u-4(b)(3)(D) only if the plaintiff in the state action is attempting to circumvent the PSLRA's discovery stay. As plaintiffs in the State Derivative Action are not seeking to circumvent the PSLRA's discovery stay- in fact, defendants cannot even seriously allege it - a stay of discovery in the State Derivative Action is inappropriate.

#### 1. The SLUSA Discovery Stay Is Intended Solely to Prevent a Circumvention of the PSLRA's Discovery Stay

The SLUSA language upon which defendants rely clearly sets forth the purpose and intent of Congress in allowing federal courts to stay discovery in certain state proceedings. The relevant SLUSA section reads:

> Circumvention of stay of discovery. Upon a proper showing, a court may stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. §78u-4(b)(3)(D); Defs.' Mem. at 9. Therefore, the clear meaning of this statutory language shows that this discovery stay should only be considered by a federal court when plaintiffs in state court are seeking to circumvent the PSLRA's discovery stay. Defs.' Mem. at 9 ("federal courts were given this authority 'to prevent plaintiffs from circumventing the stay of discovery under the [PSLRA]....'"); *see Caminetti v. United States*, 242 U.S. 470, 485 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain ... the sole function of the courts is to enforce it according to its terms.") (citations omitted).[3]

---

[3] Defendants also make a weak argument that this Court should stay discovery in the State Derivative Action to avoid any "burden"on the defendants in this action. Defs.' Mem. at 9, 10, 12-14. However, defendants do not face any burden in this action as discovery is stayed pursuant to the PSLRA. Moreover, any supposed burden placed upon the parties to the State Derivative Action is the same burden that all parties to litigation face. Lastly, plaintiffs in the State Derivative Action will make available to the plaintiffs in this action a copy of any discovery produced in the State Derivative Action, if defendants request such or this Court so orders. Thus, defendants' concern about duplicative discovery is easily remedied.

Moreover, the legislative history of SLUSA - including the legislative history cited by defendants - clearly demonstrates that this SLUSA provision was added solely to prevent circumvention of the PSLRA's discovery stay.

> [Section 78u-4(b)(3)(D)] amends Section 27(b) of the Securities Act of 1933 to include a provision to prevent plaintiffs from circumventing the stay of discovery under the Reform Act by using State court discovery ....

*Newby v. Enron Corp.*, No. H-01-3624, 2002 WL 1001056, at *2 (S.D. Tex. May 1, 2002) (alteration in original). Also:

> Because circumvention of the stay of discovery of the Reform Act is a key abuse that this legislation is designed to prevent, the Committee intends that courts use this provision liberally, so that the preservation of State court jurisdiction of limited individual securities fraud claims does not become a loop hole through which the trial bar can engage in discovery not subject to the stay of the Reform Act.

*Id.*; Defs.' Mem. at 9.

Thus, in order to establish that this Court should enjoin discovery in the State Derivative Action, defendants must demonstrate that discovery in the State Derivative Action will be used to circumvent the automatic stay of discovery provisions of the PSLRA. Defendants have not and cannot make such a showing.

**2. Federal Courts Stay Discovery in State Actions Only if Plaintiffs Are Attempting to Circumvent the PSLRA's Discovery Stay**

The two cases cited by defendants demonstrate that a federal court will, pursuant to SLUSA, stay discovery in a state proceeding only if such discovery is sought to circumvent the PSLRA's discovery stay. In *In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 947 (S.D. Ohio 2003), the court, after quoting §78u-4(b)(3)(D), stated that "Section 78u-4(b)(3)(D) was added to prevent plaintiffs from utilizing state court actions to circumvent the stay of discovery imposed by §78u-4(b)(3)(B)." Further, the *DPL* court, in quoting the legislative history behind the SLUSA stay, stated that:

> Congress explained in the legislative history: [Section 78u-4 (b)(3)(D)] amends [Section 21D of the Securities Exchange Act of 1934] to include a provision to prevent plaintiffs from circumventing the stay of discovery under the [PSLRA] by using State court discovery, which may not be subject to those limitations, in any action filed in State court.

*Id.*(alterations in original). *See also In re Transcrypt Int'l Sec. Litig.*, 57 F. Supp. 2d 836, 847 (D. Neb. 1999) ("the whole purpose of the statute" is to prevent circumvention of the PSLRA discovery

stay).[4] With this purpose in mind, the *DPL* court granted the stay because:

> During oral argument, Stanley Chesley, an attorney representing some of the Plaintiffs in these consolidated cases [the federal action] as well as the Plaintiffs in Austern Trust [the state action], indicated that he anticipated sharing discovery obtained in that state court proceeding with the other counsel representing Plaintiffs in these consolidated actions. Therefore, it is apparent that the stay of discovery required by §78u-4(b)(3)(B) will be circumvented, if state court discovery is not stayed.

247 F. Supp. 2d at 950.[5]

*Newby*, the other case relied upon by defendants, affirms the district court's ability to stay discovery in a state case "upon a proper showing." In that case, one law firm had initiated seven different lawsuits alleging virtually the same facts and claims in both federal and state courts. 2002 WL 1001056 at *1. Given that there was one firm orchestrating all the state and federal lawsuits, there existed a serious threat for abuse.[6] Indeed it was clear that if the state plaintiffs were able to obtain documents that the federal court held should not be produced, the documents would be shared with the federal plaintiffs. Relying on the threat of shared discovery and the purpose of the SLUSA discovery stay to prevent circumvention of the PSLRA's discovery stay, the *Newby* court enjoined discovery in the state court actions. *Id.* at *3.[7] By contrast, there is no sharing agreement here, and

---

4 The district court in *Transcrypt*, 57 F. Supp. 2d at 847, also noted that the SLUSA discovery stay provision is discretionary not mandatory, and thus should be used sparingly:

> Moreover, the statute is discretionary, not mandatory; it says, "Upon a proper showing, a court may stay discovery...." Such wording does not indicate that Congress through the interests of protecting the besieged corporate defendants and promoting "strong financial markets" were so paramount as to require erection of impenetrable barriers around them, nor that allowing discovery to proceeding in state court actions would pose a serious threat to them in all cases. If it had, it would not have carved out so many exceptions to the general exclusivity of federal court jurisdiction; it would have required, rather than permitted, a stay of discovery in state court actions; and it would have used language more permissive than copying that from the anti-junction statute, 28 U.S.C §2283.

5 In acknowledgment of the seriousness of granting the discovery stay, the *DPL* court ordered an expedited schedule for considering the motion to dismiss in the federal action. *DPL*, 247 F. Supp. 2d at 951.

6 The court in *Newby* continued to cure the litigation abuses when it subsequently enjoined the same law firm from filing any new related actions without leave of court. *Newby v. Enron Corp.*, 302 F.3d 295 (5th Cir. 2002).

7 The *Newby* court relied on *In re BankAmerica Corp. Sec. Litig.*, 263 F.3d 795 (8th Cir. 2001), in enjoining the state court discovery. *Newby*, 2002 WL 1001056 at *3. In accordance with SLUSA's legislative intent, the *BankAmerica* court enjoined the state court discovery as the plaintiffs in the federal and state actions in *BankAmerica* were represented by the same counsel. *BankAmerica*, 263

the parties can easily prohibit the sharing of discovery with the federal class plaintiffs. In fact, the parties to the State Derivative Action are close to agreeing upon a proper confidentiality agreement. Such confidentiality agreement will contain a provision requiring plaintiffs to file any publicly available documents under seal, a standard provision for these types of confidentiality agreements. Thus, defendants' concern that a possible amended complaint in the State Derivative Action will be "readily accessible to the Federal Plaintiffs," Defs.' Mem. at 11, is a red herring. Despite this fact, defendants have chosen to seek to stay all discovery in the State Derivative Action by the federal court after the state court has already ordered defendants to participate in the discovery process.[8] But, no problem actually exists here because there are no overlapping representations of plaintiffs between the state and federal courts.

Although defendants assert that a discovery stay of the State Derivative Action is required to prevent a circumvention of the PSLRA discovery stay, Defs.' Mem. at 11-12, defendants do not, and cannot, allege that either plaintiffs are seeking to circumvent the stay.[9] First, and very importantly, none of the counsel for the plaintiffs in the State Derivative Action are involved in the federal securities action. Moreover, the discovery served in the State Derivative Action is brought pursuant to and in compliance with California state laws. C.C.P. §§2016 *et. seq*. Therefore, as plaintiffs in the State Derivative Action are merely prosecuting their action in accordance with California law, and not attempting to circumvent the PSLRA's discovery stay, defendants' Motion

---

F.3d at 798.

[8] Courts have restricted counsel from sharing discovery while a federal stay is in effect. For example, in *Lapicola v. Alternative Dual Fuels, Inc.,* No. 3-02-CV-0299-G, 2002 WL 531545 (N.D. Tex. Apr. 5, 2002), the court allowed discovery in the state securities action even while the PSLRA stayed discovery in the federal action. Significantly, the individual plaintiffs seeking discovery in the state securities action were the very same plaintiffs in the parallel federal action against the same defendants. Nevertheless, the court deemed defendants adequately protected from plaintiffs' use of discovery in the federal action by plaintiffs' representation that they would not use any discovery obtained in the state action to amend their federal complaint before a ruling on defendants' motion to dismiss the federal action.

[9] In fact, the state court plaintiffs are working with defendants to ensure that the federal plaintiffs do not receive information they should not.

must be denied.[10]

## V. DEFENDANTS HAVE NOT DEMONSTRATED THAT A STAY OF DISCOVERY IN THE STATE DERIVATIVE ACTION BY THIS FEDERAL COURT IS "NECESSARY IN AID OF ITS JURISDICTION" OR "TO PROTECT OR EFFECTUATE ITS JUDGMENTS" IN THE FEDERAL CLASS ACTION

The mere existence of related actions in state and federal court is not a sufficient showing to stay state court discovery under SLUSA. Rather defendants must make a "proper showing" that such a discovery stay by this federal court is "necessary in aid of its jurisdiction" or necessary "to protect or effectuate its judgments" in a federal securities class action. 15 U.S.C. §78u-4(b)(3)(D). Defendants have not demonstrated that discovery in the State Derivative Action will cause harm to the jurisdiction of the federal court or protect or effectuate its judgments in the pending class action.

### A. A Stay Is Not Necessary in Aid of This Court's Jurisdiction

"Although the discovery stay provisions are not limited to federal securities class actions, the PSLRA's legislative history indicates that class actions were the main focus of the PSLRA." *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166 n.4 (S.D.N.Y. 2001) (citations omitted). In *Tobias,* the Southern District of New York held that where a plaintiff brings a federal action alleging (i) federal securities law claims, with jurisdiction based upon federal question, and (ii) state law claims, with jurisdiction independently based upon diversity, and not under pendent jurisdiction, the same plaintiff may take discovery as to the state law claims despite the discovery stay of federal claims under PSLRA. *Id.* at 168-69. *Tobias* is particularly helpful here, as the State Derivative Action only alleges state law claims.

In denying the stay of discovery, the *Tobias* court noted the impropriety of staying a related state court action, especially as the higher showing is required for such a stay:

> Plaintiff could have brought its state claim in state court in a separate action. Such an action would not be precluded by [SLUSA], which effectively precludes litigation of securities class actions in state courts. Furthermore, if plaintiff did bring a separate state court action for the common law non-fraud claims ***it is highly unlikely that discovery in that action would be halted by a federal court.*** While a federal court

[10] Defendants' assertion that the state court plaintiffs will not be prejudiced by a discovery stay is wholly irrelevant to this Court's analysis. Nonetheless, plaintiffs would be prejudiced as defendants, yet again, are seeking to dismiss the State Derivative Action while simultaneously seeking to avoid producing relevant discovery to the state court plaintiffs which California law allows. The state court has already rejected defendants' attempts, and this Court should too. Moreover, defendants' argument that a stay is in Gilead's "best interests" is also irrelevant, and also previously rejected by the state court.

> does have the power to stay discovery in state court proceedings, the grounds on which it may do so are quite limited: "Upon a proper showing, a court may stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery...." Here, ***a federal court hearing only the federal securities claims would have no basis on which to stay discovery in a parallel state action involving non-fraud claims because the non-fraud claims would not interfere with the jurisdiction of the federal court or threaten its judgments in any way.***

*Id.* at 168-69 (emphasis added and citations omitted).[11]

### B. A Stay Is Not Necessary to Protect or Effectuate This Court's Judgments

Plaintiffs are aware of no "judgments" in the federal class action - and thus no "judgments" needing protection or effectuation. Accordingly, there is no basis for a stay of discovery in the State Derivative Action which could be "necessary" "to protect or effectuate" a federal judgment. *See Atl. Coast Line R.R.. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970) (United States Supreme Court vacated district court injunction because "that court has not yet proceeded to a final judgment in the case").[12]

## VI. CONCLUSION

In light of the foregoing, state court plaintiffs Mark Peng and Aaron Kaufman respectfully request that defendants' Motion for Stay of Discovery be denied in its entirety.

DATED: September 14, 2004

Respectfully submitted

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
MARC M. UMEDA
BRADLEY R. MATHEWS

s/ Marc M. Umeda

MARC M. UMEDA

1010 Second Ave., Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

[11] Plaintiffs are aware that the courts in *DPL* and *Newby* held that the court's jurisdiction was affected by the discovery, but cite to *Tobias* as the more reasoned ruling on this issue.

[12] Although, the court in *Newby* declared that "to protect and effectuate its judgments it is necessary to enjoin all discovery" in the state court action, no reasoning was supplied. *Newby*, 2002 WL 1001056 at *3.

FARUQI & FARUQI, LLP
NADEEM FARUQI
SHANE T. ROWLEY
DAVID H. LEVENTHAL
320 East 39th Street
New York, NY 10016
Telephone: 212/983-9330
Facsimile: 212/983-9331

Co-Lead Counsel for State Court Plaintiffs

G:\Gilead Sciences\Motions - Opps\Opp to Federal Stay\OPPtoGileadMTS3.wpd