Apple Inc. v. Psystar Corporation Doc. 1980


MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (Bar No. CA 85713)
J. BRUCE MCCUBBREY (Bar. No. CA 38817)
ROBERT D. BECKER (Bar No. CA 160648)
EUGENE L. HAHM (Bar No. CA 167596)
SHAWN G. HANSEN (Bar No. CA 197033)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for Plaintiff*
Large Scale Biology Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

**LARGE SCALE BIOLOGY CORPORATION**, a Delaware corporation,

Plaintiff,

vs.

**PRODIGENE, INC.**, a Delaware corporation,

Defendant.

And Related Counter-Action

Case No. 04-2069 SBA

**PLAINTIFF LARGE SCALE BIOLOGY CORPORATION'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND TO CONTINUE HEARING ON MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**

[[Proposed] Order and Declaration of Shawn G. Hansen filed concurrently herewith]

Judge: Hon. Saundra B. Armstrong

Plaintiff Large Scale Biology Corporation ("LSBC") hereby moves *ex parte* pursuant to Civil Local Rule 7-10 for leave to take expedited discovery in connection with its opposition to Defendant ProdiGene, Inc.'s ("ProdiGene") motion for preliminary injunction. The hearing on that motion is currently scheduled for October 19, 2004, and LSBC's opposition papers are currently due on September 28, 2004. Unless the requested relief is granted, LSBC will not be



Dockets.Justia.com

able to timely commence and complete vital discovery necessary to fully oppose ProdiGene's motion.

Specifically, LSBC seeks leave to serve a limited request for production of documents and to take the depositions of ProdiGene's current CEO, John W. Reiher ("Mr. Reiher"), and scientific consultant, John Howard ("Mr. Howard"), two witnesses who submitted substantive declarations in support of ProdiGene's motion for preliminary injunction. LSBC further moves the Court to continue the date of that hearing from October 19, 2004 to a date in December 2004. Such a continuance is necessary in order for LSBC to complete the requested expedited discovery and incorporate such discovery results in its opposition to ProdiGene's motion.

This Application is based on the accompanying Memorandum of Points and Authorities, the Declaration of Shawn G. Hansen in support of this Application, ProdiGene's Motion for Preliminary Injunction and attached affidavits of Mr. Reiher and Mr. Howard, and the records on file in this action,

Dated: September 14, 2004

MANATT, PHELPS & PHILLIPS, LLP
Ronald S. Katz
J. Bruce McCubbrey
Robert D. Becker
Shawn G. Hansen

By: s/ Shawn G. Hansen
Shawn G. Hansen
*Attorneys for Plaintiff*
LARGE SCALE BIOLOGY CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

LSBC filed its complaint for declaratory judgment of noninfringement, invalidity and unenforceability of ProdiGene's U.S. Patent No. 5,824,870 ("the '870 patent") on May 26, 2004. After serving its answer and filing a counterclaim alleging patent infringement, ProdiGene moved for a preliminary injunction on August 26, 2004. ProdiGene claims that, *inter alia*, LSBC method of constructing its aprotinin product, a protease inhibitor protein commercially marketed for medical, research, and biomanufacturing applications, infringes the '870 patent. In its Motion for Preliminary Injunction, ProdiGene asked the Court to preliminarily enjoin LSBC from making, using, importing or selling within the United States aprotinin produced from biopharmaceutical plant crops.

In support of its motion, ProdiGene relied upon the affidavit of its CEO, John W. Reiher for, *inter alia*, information regarding ProdiGene's products, the market for these products, ProdiGene's production of biopharmaceutical crops, and other aspects of ProdiGene's business. *See* Affidavit of John W. Reiher, at ¶ 2. In his affidavit, Mr. Reiher provided information on the '870 patent and the potential licensing discussions between ProdiGene and LSBC. *See id.* at ¶¶ 4-8, 12-16. Further, Mr. Reiher ultimately surmised that LSBC is liable for infringement of ProdiGene's '870 patent. *See id.* at ¶ 13.

Additionally, ProdiGene relied upon the affidavit of John Howard ("Mr. Howard"), a scientific consultant for ProdiGene since 2002 and founder and former CEO of the company from 1997 to 2001. *See* Affidavit of John Howard, at ¶¶ 1-2. Through his affidavit, Mr. Howard provided information on the alleged development of Aprotinin as a ProdiGene product, the production of biopharmaceutical corps by ProdiGene, the scientific and technical aspects of Aprotinin and Aprotinin products, and other aspects of ProdiGene's business and production of Aprotinin in general. *See id.* at ¶ 4. Likewise, Mr. Howard's affidavit ultimately concluded that LSBC's actions constitute infringement of ProdiGene's '870 patent. *See id.* at ¶ 22.

ProdiGene's motion for a preliminary injunction threatens to impose significant and irreparable injury to LSBC's business. In order to combat that motion, LSBC must be able to

take discovery to enable it to properly substantiate its non-infringement and invalidity defenses. As of yet, it has not had the opportunity to take discovery on these issues.

LSBC has requested that ProdiGene stipulate to expedited discovery limited to the issues raised by the motion for preliminary injunction. ProdiGene has refused that request, responding only that any discovery, including discovery related solely to the preliminary injunction, should be conducted as part of the overall discovery in this case. See Declaration of Shawn G. Hansen, ¶4. The timeline afforded by the Federal Rules of Civil Procedures, however, would not allow LSBC to complete and incorporate its necessary discovery into its opposition to ProdiGene's Motion for Preliminary Injunction. Accordingly, the Court should grant LSBC leave to conduct the expedited discovery requested in this Application. Additionally, so that LSBC has adequate time to prepare and integrate such discovery into its opposition, the Court should continue the date of the preliminary injunction hearing to mid-December, or such other date that will enable LSBC to complete and meaningfully incorporate its discovery into its opposition papers.

## II. ARGUMENT

### A. The Court Should Grant LSBC's Application For Expedited Discovery

Due to the expedited nature of such proceedings, expedited discovery is appropriate in connection with a motion for a preliminary injunction to enable the court to make a reasoned decision at the hearing on the preliminary injunction. *See*, *e.g.*, *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of the proceedings."); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) ("Further development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits."). *See also* Fed. R. Civ. P. 65(b) ("A shorter or longer time [than 30 days] may be directed by the court. . . . ."; *Equal Employment Opportunity Comm'n v. New Enterprise Stone and Lime Co., Inc.*, 74 F.R.D. 628, 630 (W.D. Penn. 1977).

In deciding whether to grant a party's request for expedited discovery, the Court must determine whether good cause exists to allow such discovery. *See Semitool, Inc. v. Tokyo*

*Electron America*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Accordingly, the Court declines to apply Notaro and instead applies the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery."). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition." *Id.*

LSBC seeks limited pretrial discovery to discover evidence relating to ProdiGene's '870 patent. Specifically, LSBC seeks leave to propound a document production request and to take immediately the depositions of ProdiGene's CEO, Mr. Reiher, and scientific consultant, founder, and former CEO, Mr. Howard, whose affidavits were submitted in support of ProdiGene's Motion for Preliminary Injunction. Absent such expedited discovery and continuance of the hearing date, LSBC will effectively be deprived of the benefit of discovery of such evidence prior to the preparation of its opposition to ProdiGene's Motion for Preliminary Injunction.

Good cause exists to allow this discovery: ProdiGene opened the door to discovery of information from Mr. Reiher and Mr. Howard, placing their testimony at issue by relying on affidavits from these individuals in its request for a preliminary injunction. LSBC should be allowed the right to question these individuals concerning the information contained in their affidavits. Moreover, LSBC should be afforded an opportunity to develop through discovery its other defenses to the preliminary injunction, such as its invalidity and non-infringement arguments. Because Large Scale Biology's valuable intellectual property interests are at stake in this lawsuit, the Court should allow this expedited discovery. Thus, good cause exists, and the burden to ProdiGene of producing documents on an expedited basis and promptly producing these individuals for deposition is minimal when compared to the detrimental repercussions a preliminary injunction would have upon LSBC's business.

**B. The Court Should Extend The Date Of The Preliminary Injunction Hearing**

The hearing for ProdiGene's Motion for Preliminary Injunction is scheduled for October 19, 2004. Should the Court grant Large Scale Biology's *ex parte* application seeking expedited discovery, LSBC respectfully requests that the Court also extend the date of this hearing to early

to mid-December 2004. LSBC will need time to review and evaluate any documents responsive to its production request (and possibly meet and confer regarding document production), to depose Messrs. Howard and Reiher, and to meaningfully integrate the documentary and deposition discovery in its opposition papers to ProdiGene's Motion for Preliminary Injunction. The current briefing and hearing schedule does not account for such discovery, therefore modest extension of time is warranted. Moreover, this modest continuance will impose minimal hardship, if any, on ProdiGene, which delayed filing its motion for preliminary injunction, whereas LSBC will suffer severe prejudice if it is unable to conduct necessary discovery prior to submitting its opposition papers.

## III. CONCLUSION

For the aforementioned reasons, LSBC respectfully requests that the Court grant its motion and allow it to take expedited discovery, and in addition, to extend the date of the preliminary injunction hearing from October 19, 2004 to mid-December 2004, to allow LSBC to adequately integrate evidence obtained through expedited discovery and prepare to its case.

Dated: September 14, 2004

MANATT, PHELPS & PHILLIPS, LLP
Ronald S. Katz
J. Bruce McCubbrey
Robert D. Becker
Shawn G. Hansen

By: s/ Shawn G. Hansen
Shawn G. Hansen
*Attorneys for Plaintiff*
LARGE SCALE BIOLOGY CORPORATION

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Eugene Hahm hereby attests that concurrence in the filing of this document has been obtained.*

20118440.1