Apple Inc. v. Psystar Corporation Doc. 2012

CHAD S. HUMMEL (Bar No. CA 139055)
DONALD R. BROWN (Bar No. CA 156548)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

ROBERT D. BECKER (Bar No. CA 160648)
MICHELLE GILLETTE (Bar No. CA 178734)
SHAWN G. HANSEN (Bar No. CA 197033)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for Defendant and Counterclaimant*
MUSICMATCH, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| GRACENOTE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MUSICMATCH, INC., a Washington corporation,<br><br>Defendant. | No. C 02-3162 CW<br><br>**MUSICMATCH'S REPLY BRIEF RE: DOCTRINE OF EQUIVALENTS ISSUE; AND**<br><br>**MOTION TO STRIKE GRACENOTE'S REPLY MEMORANDUM**<br><br>Trial Date: October 4, 2004<br>Courtroom No.: 2<br>Judge: Honorable Claudia Wilken |
| MUSICMATCH, INC., a Washington corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>GRACENOTE, INC., a Delaware corporation,<br><br>Counterclaim Defendant. | |



Dockets.Justia.com

## I. INTRODUCTION

Musicmatch respectfully submits this Reply Brief Re: Doctrine of Equivalents Issue and Motion to Strike Gracenote's Reply Memorandum to address the limited issue of whether the Court's Order Addressing Parties' Cross Motions for Summary Judgment Re: Patent Infringement ("Patent MSJ Order"), filed on August 26, 2004, properly disposed entirely of the issue of infringement of either of the two patents in suit.

Under the unambiguous case law cited by Musicmatch in its Brief Regarding Trial Issues filed on September 10, 2004, as Musicmatch clearly moved for summary judgment of non-infringement of both the '192 and '593 patents, and as Gracenote did not argue or offer evidence in its Opposition to that Motion that it should be denied based on a doctrine of equivalents theory, this Court's August 26 Patent MSJ Order clearly resolved all infringement issues in the case, including any issues regarding infringement by equivalence.[1]

Moreover, because Gracenote did not move for reconsideration of the Patent MSJ Order on the issue of non-infringement of the '192 patent in its August 30 Motion based on an argument – **raised for the first time in reply** – that "there are at least genuine issues of material fact whether Musicmatch infringes the '192 patent [...] under the doctrine of equivalents," that issue cannot form the basis of a "reconsideration," and Sections II(A)(1) and (2) of Gracenote's Reply in Support of Motion for Reconsideration of Order Addressing Parties Cross Motions for Summary Judgement Re: Patent Infringement ("Reply") should consequently be stricken. Because Gracenote failed to argue or offer any evidence supporting infringement under the doctrine of equivalents in either (a) its Opposition to Musicmatch's Motion for Summary Judgment or (b) in its Motion for Reconsideration, it cannot now do so in Reply to the Motion for Reconsideration. One can hardly imagine a more procedurally tardy assertion of a theory.

Finally, since Gracenote's Reply violates the page limits set forth in Civil Local Rule 7-4(b), Musicmatch respectfully moves the Court to strike Gracenote's Reply in its entirety.

[1] Gracenote did not move for reconsideration of the finding of non-infringement of the '593 patent at all – under either a literal infringement or doctrine of equivalents theory.

## II. ARGUMENT

Gracenote has not properly raised infringement by equivalence of any specific single claim of either patent in suit in its Patent Local Rule disclosures,[2] in its infringement expert report,[3] in its Opposition to Musicmatch's Motion for Summary Judgment, or in its Motion for Reconsideration filed on August 30, 2004. Rather, in its ***Reply brief*** in support of its Motion for Reconsideration of the Court's Patent MSJ Order, for the first time in this litigation, Gracenote argues that Musicmatch's summary judgment motion of non-infringement should have been denied based on this theory. As stated in Gracenote's Reply, "[t]he issue of equivalence only came into play after Gracenote submitted its responsive briefing and the Court erroneously found that the Jukebox did not determine an identifier for CDs based on TOC." [Reply, p. 5.]

It is axiomatic that it is improper for the moving party (here Gracenote on a Motion for Reconsideration) to introduce new legal arguments in the reply brief that were not presented in the moving papers. *Lujan v. National Wildlife Federation*, 497 US 871 (1990). If the court relies on new material or argument contained in the reply brief, it must afford the opposing party a reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.*, 145 F3d 1159, 1164-1165 (10th Cir. 1998).

Gracenote's repeated default on this issue is dispositive. In Gracenote's Final Infringement Contentions under Patent Local Rules 3-1(d) and 3-6 (a true and correct copy of which is attached hereto as Exhibit A), Gracenote was required to state with particularity "whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." It did not come close to meeting this requirement. Rather, Gracenote simply attempted to insert a kind of impermissible place-holder:

> Gracenote asserts that each element of each asserted claim is infringed literally by the Accused Instrumentalities. Should Musicmatch assert that any claim is not literally infringed by the Accused Instrumentalities, Gracenote reserves the right to argue that it is infringed under the Doctrine of Equivalents.

---

[2] Patent L.R. 3-1 required that Gracenote state with particularity "whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." Gracenote never did that. *See* Musicmatch's Motion in Limine No. 15 and Exhibit A thereto.

[3] Andy Johnson-Laird's Expert Report signed on February 9, 2004, (on file with the Court (Docket #497)) does not even mention infringement by equivalence.

[Exhibit A, Gracenote's Final Infringement Contentions, pp. 3-4.]

Compounding this failure, Gracenote incorporated by reference the infringement expert report of Andy Johnson-Laird into its Final Infringement Contentions. That report, however, makes absolutely no mention whatsoever of equivalence of any aspect of the Jukebox to any claims of the '192 patent.[4] In addition, the Declaration of Andy Johnson-Laird regarding infringement that Gracenote filed in support of its briefing on summary judgment makes no mention of any issues relating to the doctrine of equivalents. (A true and correct copy of the Declaration of Andy Johnson-Laird is appended hereto as Exhibit B). The failure by Gracenote to properly disclose any theory of infringement by equivalents has deprived Musicmatch of any meaningful opportunity to mount a defense to that claim. Consistent with *Genentech v. Amgen*, 289 F.3d 761 (Fed Cir. 2002), the Court can and should preclude Gracenote from proceeding under the doctrine of equivalents due to this failure to comply with the disclosure requirements under the Patent Local Rules.

In light of these deficiencies, Musicmatch therefore addresses now the sole issue the Court indicated at the pre-trial conference that it wanted the parties to address: whether doctrine of equivalents infringement remains in the case for trial in light of (a) Musicmatch's Notice of Motion for Summary Judgment, which clearly sought summary judgment of non-infringement and (b) the undisputed fact that Gracenote did not oppose that motion by arguing that any triable issues existed under a doctrine of equivalents theory or offering any evidence of infringement by equivalents.[5] As discussed below, the cases cited by Musicmatch in its Opposition to Gracenote's Motion for Reconsideration and Brief Regarding Trial Issues ("Opposition") stand for the proposition that, under these circumstances, no doctrine of equivalents infringement remains for trial. None of the cases on which Gracenote relies address the relevant procedural posture.

---

[4] On file with the Court (Docket #497).

[5] As detailed in Musicmatch's Motion *in Limine* No. 15, which is incorporated herein by this reference, Gracenote should be precluded from pursuing a theory of infringement under the doctrine of equivalents because it failed repeatedly to produce any evidence in support of and to disclose its intention to assert infringement under the doctrine of equivalents.

Gracenote concedes, as it must, that it has not submitted any evidence in support of infringement under the doctrine of equivalents, arguing instead that it "was not required to address such issues in its responsive briefing, or to submit evidence establishing a genuine issue of fact for trial." [Reply, p. 1.] On the contrary, a movant may prevail on summary judgment by pointing out the "absence of evidence to support the nonmoving party's case" with respect to an issue on which the non-movant bears the burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Where the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are obliged to grant partial or complete summary judgment." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co*., 520 U.S. 17, 39 (U.S. 1997). Because the Court has ruled as a matter of law that the Jukebox does not meet the "determining an identifier" claim limitation under the asserted claims of the '192 patent (Patent MSJ Order, p. 7), there can be no infringement under the doctrine of equivalents.[6]

Thus, in opposing Musicmatch's Motion, Gracenote had the burden on all infringement issues and presented no evidence in support of equivalence on so much as a single claim,[7] such as expert testimony or other evidence concerning the alleged equivalence of the Jukebox. To the extent Gracenote desired to make any distinction between its case for literal infringement and its case for infringement under the doctrine of equivalents, the time to raise the issue was in discovery, in the disclosures called for under the Patent Local Rules, in its expert report or deposition, and in opposition to Musicmatch's all- encompassing motion for summary judgment of noninfringement. Gracenote did not do so at any of those points.

For this reason, under *Celotex* and *Warner-Jenkinson*, Musicmatch is entitled to summary judgment on all infringement issues, including under the doctrine of equivalents, because there is no genuine issue of fact with respect to equivalence.

---

[6] Under *Warner-Jenkinson*, the doctrine of equivalents cannot be relied upon to "entirely vitiate a particular claim element." *Warner-Jenkinson,* 520 U.S. at 39.

[7] Realizing that it cannot now introduce evidence on equivalence, Gracenote states that "the evidence that would establish equivalence in this case is the very evidence that Gracenote argued should establish literal infringement." [Reply, p. 4.] This is unavailing because the Court has already decided that, based on the evidence before it, there is no genuine issue of fact regarding infringement because the Jukebox does not meet the identification requirements of the asserted claims.

The *American Seating* case quoted in Musicmatch's Brief Regarding Trial Issues was cited because it is directly on point and because it was extensively discussed and followed by the district court in *Revlon Consumer Prods. Corp. v. Estee Lauder Cos*., 2003 U.S. Dist. LEXIS 13004, 153 (SDNY 2003). As stated in *Revlon*, in response to a motion for summary judgment of noninfringement, the burden is on the patentee to: "(1) assert that it was claiming infringement under the doctrine of equivalents, and (2) come forward with evidence to support literal infringement or infringement under the doctrine of equivalents." *Id.* at 151. "Because [the patentee] failed to deliver any evidence of equivalence, summary judgment should be granted dismissing the infringement claim." *Id* at 155.

The *Revlon* case followed binding Federal Circuit precedent cited in Musicmatch's Opposition, *Intellicall, Inc. v. Phonometrics, Inc*., 952 F.2d 1384, 1389 (Fed. Cir. 1992):

> [The patentee] produced no evidence to establish that the limitations of claim 1 which were not met literally were met equivalently. Instead, [the patentee] argues that as non-movant on the non-infringement issue, it had no duty to submit evidence with respect to infringement under the doctrine of equivalents. This is legally incorrect. A movant may prevail by pointing out the "absence of evidence to support the nonmoving party's case" with respect to an issue on which the nonmovant bears the burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). As the United States Supreme Court stated therein:
> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element [i.e., factor] essential to that party's case, and on which that party will bear the burden of proof at trial.
>
> *Id*. at 322. Here, [the patentee] produced no evidence of the equivalency of the function performed by the [accused devices] to the function required by the means-plus-function limitation in claim 1. Such proof was an essential part of [the patentee's] case on which [the patentee] would bear the burden of proof at trial. *See Datascope Corp. v. SMEC, Inc*., 776 F.2d 320, 325, 227 USPQ 838, 842 (Fed. Cir. 1985). Thus, in light of Celotex, the district court properly granted Intellicall's motion for summary judgment of non-infringement under the doctrine of equivalents.

The cases cited by Gracenote in an attempt to create some doubt about Musicmatch's argument are completely inapposite. Unlike in this case, evidence and argument regarding infringement under the doctrine of equivalents were presented by the patentee in those instances. *See Lifescan, Inc. v. Home Diagnostics, Inc.,* 76 F.3d 358, 362 (Fed. Cir. 1996) (remanding for determination on infringement by equivalents because patentee "proferred substantial evidence" on equivalence and "a reasonable trier of fact could have found that the function/way/result test of equivalency is satisfied."); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 837 F.2d 1044 (where evidence of infringement by equivalence was considered by the court in rendering summary judgment, *i.e.*, there was a genuine factual dispute regarding equivalence, the court's analysis under the doctrine of equivalence was held to be error); *Wright Medical Technology v. Osteonics*, 122 F.3d 1440, 1445 (Fed. Cir. 1997) (remanding for consideration of infringement by equivalence where expert testimony regarding equivalence was before the court, thus creating triable fact issue); and *Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, 93 F.3d 1572, 1577 (Fed. Cir. 1996) (case remanded to determine whether fact issues existed on doctrine of equivalents infringement because district court had entered summary judgment in defendant's favor after Markman hearing, and where but record was unclear on whether plaintiff patentee had presented sufficient facts supporting equivalence theory at the appropriate procedural juncture).

In this case, unlike in the foregoing cases, Gracenote presented no evidence whatsoever to support a finding of infringement under the doctrine of equivalents in Opposition to Musicmatch's Motion. Therefore, there can be no genuine issue of fact on equivalence, and the Court's grant of summary judgment of noninfringement properly disposed entirely of that issue – even on the false assumption that Gracenote had properly disclosed its equivalence theories as required.

/

/

/

/

## III. **CONCLUSION**

For the foregoing reasons, the Court should not allow Gracenote to pursue at trial a theory of infringement under the doctrine of equivalents because that issue was decided in the Court's Patent MSJ Order granting Musicmatch's Motion. Further, Gracenote's Reply in support of reconsideration should be stricken as it violates Civil Local Rule 7-4(b) and as improperly raising entirely new issues.

DATED: September 16, 2004

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: s/ Robert D. Becker
Robert D. Becker
*Attorneys for Defendant and Counterclaimant*
MUSICMATCH, INC.

20118997.1