Archie S. Robinson, S.B. 34789
Thomas R. Fellows, S.B. 61097
John L. Winchester, S.B. 142175
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113
Telephone: 408/298-7120
Facsimile: 408/298-0477

Attorneys for Defendant
AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU, A Mutual Company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Defendant.<br>_______________________/ | No. C02-04976 RMW<br><br>**AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF'S REVISED DEPOSITION DESIGNATIONS**<br><br>Complaint Filed: October 15, 2002<br>Trial Date: September 13, 2004 |

Defendant, AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, objects to plaintiff, EMPLOYERS INSURANCE OF WAUSAU's revised deposition excerpts as follows:

**1. <u>Deposition of Yutian Gong Phinney</u>**

| **Page/Line** | **Objection** |
|---|---|
| 22:24-23:1 | Defendant's motion in limine #1 to exclude evidence of previous or subsequent AISLIC patent infringement policies, AISLIC's development of the policy, and AISLIC underwriting practices; Defendant's motion in limine #2 to exclude evidence regarding AISLIC's underwriting of Nu-Kote's patent infringement policy; Defendant's motion in limine #4 to exclude all extrinsic evidence, including evidence related to testimony concerning the underwriting intent behind the AISLIC patent infringement policy and lay opinion |

testimony concerning understanding of the policy. On September 14, 2004, the court ruled as follows:

"With respect to Wausau's motion to exclude evidence of existence or non-existence of previous or subsequent AISLIC patent infringement policies, it seems to me that's irrelevant.

AISLIC's development of the policy and AISLIC's underwriting practices, I think that's irrelevant, except that I will allow at this point evidence with respect to what risks the underwriters considered in developing the policy and determining the premium.

I may end up deciding that that it is totally irrelevant, but I'm not going to preclude evidence on it at this time.

With respect to motion in limine 2, introduction of any documentary or testimonial evidence of the facts surrounding the understanding, issuance, rescission, withdrawal of rescission, or cancellation of the infringement policy, it seems to me the only thing that's relevant in that grouping is what risks were considered in the underwriting and how the premium was determined.

It seems to me the rest is not really relevant. . .

The motion to exclude extrinsic evidence, I think I've discussed that.

The only extrinsic evidence that I think has potentially some relevance is testimony with respect to the risk that were underwritten and the determination of the premium and the, any marketing brochure pertaining to the policy and what coverage it provided." (Exhibit A, pp. 8:23-11:6)

| | |
|---|---|
| 24:1-24:25 | Id. It is also incomplete. |
| 29:3-30:5 | Id. |
| 30:13-31:10 | Id. No foundation. Legal conclusion. Parole evidence. |
| 39:10-39:24 | Id. |
| 40:24-41:1 | Id. |
| 41:10-42:1 | Id. |
| 42:2-42:4 | Id. |
| 42:13-42:25 | Id. |
| 45:20-45:22 | Id. |
| 63:11-63:15 | Id. |

///

///

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

## 2. Deposition of Richard Colton

| Page/Line | Objection |
| --- | --- |
| 10:13-11:3 | Id. Relevance. |
| 26:20-27:20 | Id. Expert opinion testimony of a lay witness. Legal conclusion. |
| 27:24-28:11 | Id. Expert opinion testimony of a lay witness. Legal conclusion. |
| 29:3-29:25 | Id. Expert opinion testimony of a lay witness. Legal conclusion. Parole evidence. Speculation. |
| 30:6-30:19 | Id. Expert opinion testimony of a lay witness. Legal conclusion. Parole evidence. Speculation. |
| 31:4-31:11 | Id. Expert opinion testimony of a lay witness. Legal conclusion. Parole evidence. Speculation. |
| 32:14-32:23 | Id. Expert opinion testimony of a lay witness. Legal conclusion. Parole evidence. Speculation. (See 31:12-17) |
| 33:9-33:21 | Id. Expert opinion testimony of a lay witness. Legal conclusion. Parole evidence. Speculation. (See 33:22-24) |
| 34:9-34:16 | Id. Expert opinion testimony of a lay witness. Legal conclusion. Parole evidence. Speculation. (See 34:4-7) |
| 36:11-36:23 | Id. |
| 37:14-37:20 | Id. Hearsay. |
| 38:5-39:8 | Id. Hearsay. |
| 39:9 | Id. |

## 3. Deposition of Stephen DiPasquale

| Page/Line | Objection |
| --- | --- |
| 13:15-13:24 | Id. |
| 17:18-18:7 | Id. |
| 19:1-19:7 | Relevance. |

///

///

///

///

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

4. **Deposition Robert Edward Ohmane**

| **Page/Line** | **Objection** |
|---|---|
| 12:12-13:4 | Id. |
| 18:11-18:20 | Id. |
| 20:11-20:15 | Id. |

5. **Deposition of Conrad John Naas**

| **Page/Line** | **Objection** |
|---|---|
| 26:19-26:25 | Id. |
| 29:9-29:21 | Id. |
| 35:6-35:23 | Id. Incomplete. |
| 36:5-36:16 | Id. |
| 45:18-47:5 | Id. |
| 47:13-47:25 | Id. |
| 48:1-48:12 | Incomplete. |
| 49:4-49:13 | Id. |
| 51:2-51:21 | Id. Incomplete. Asked and answered. |
| 54:25 | Id. Incomplete. Relevance. |
| 59:5-60:12 | Id. |
| 75:12-75:23 | Id. |

6. **Deposition of Anthony Codding**

| **Page/Line** | **Objection** |
|---|---|
| 28:2-6; 28:22-25 | Speculation. |
| 29:3-29:15 | Argumentative. |
| 31:17-25 | Id. |
| 34:18-34:22 | Id. |
| 35:5-35:9 | Id. |
| 37:14-39:18 | Speculation. Expert opinion of a lay witness. |
| 55:11-19 | Id. Irrelevant. |

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

| | |
|---|---|
| 56:22-57:3 | Incomplete. |
| 57:20-58:9 | Id. |
| 59:15-60:13 | Id. |

DATED: September 16, 2004

ROBINSON & WOOD, INC.

By:________________________
JOHN L. WINCHESTER, III
Attorneys for Defendant
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COPY

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY,<br>PLAINTIFF,<br>VS.<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br>DEFENDANTS. | C-02-04976 RMW<br>SAN JOSE, CALIFORNIA<br>SEPTEMBER 14, 2004<br>VOLUME 1<br>PAGES 1-132 |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF: LAW OFFICES OF MALCOLM A. MISURACA
BY: MALCOLM A. MISURACA
3961 MACARTHUR BLVD., SUITE 212
NEWPORT BEACH, CALIFORNIA 92660

MCALLISTER LAW GROUP
BY: MARLIS MCALLISTER
POST OFFICE BOX 1964
LOS ALTOS, CALIFORNIA 94023

FOR THE DEFENDANT: ROBINSON & WOOD, INC.
BY: JOHN L. WINCHESTER
227 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95113

OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

CHARGED FOR A PREMIUM AND HOW IT DETERMINED THAT PREMIUM, IN OTHER WORDS, WHAT RISKS IT BASED THAT PREMIUM ON, I'M NOT CONVINCED THAT THAT'S TOTALLY IRRELEVANT, AND I'M NOT CONVINCED THAT IF THERE WAS SOME MARKETING BROCHURE THAT EXPLAINED THE COVERAGE PROVIDED BY THE POLICY THAT THAT'S IRRELEVANT.

BUT OTHER THAN THAT, IT SEEMS TO ME THAT BASICALLY EQUITABLE FACTORS DON'T PLAY INTO THE ANALYSIS.

WITH THAT, WHY DON'T WE GO OVER THE IN LIMINE MOTIONS AND SEE IF I CAN REFINE WHAT I'VE SAID A LITTLE BETTER.

I'LL JUST -- WELL, WITH RESPECT TO, AND I THINK I'VE TALKED ABOUT IT, DEFENDANT'S MOTION IN LIMINE TO PRECLUDE WAUSAU'S DENYING THAT ITS POLICY COVERS PATENT INFRINGEMENT CLAIMS, I'M NOT GOING TO GRANT THAT MOTION AT THIS POINT.

BUT I AM GOING TO TELL YOU THAT I HAVE DIFFICULTY, AS I SAID BEFORE, SEEING HOW ONE COULD REASONABLY ARGUE THAT IT DOESN'T COVER PATENT INFRINGEMENT IN VIEW OF THE LANGUAGE IN THE ADVERTISING INJURY ENDORSEMENT.

WITH RESPECT TO WAUSAU'S MOTION TO EXCLUDE EVIDENCE OF EXISTENCE OR NON-EXISTENCE OF PREVIOUS OR SUBSEQUENT AISLIC PATENT INFRINGEMENT

POLICIES, IT SEEMS TO ME THAT'S IRRELEVANT.

AISLIC'S DEVELOPMENT OF THE POLICY AND AISLIC'S UNDERWRITING PRACTICES, I THINK THAT'S IRRELEVANT, EXCEPT THAT I WILL ALLOW AT THIS POINT EVIDENCE WITH RESPECT TO WHAT RISKS THE UNDERWRITERS CONSIDERED IN DEVELOPING THE POLICY AND DETERMINING THE PREMIUM.

I MAY END UP DECIDING THAT THAT IS TOTALLY IRRELEVANT, BUT I'M NOT GOING TO PRECLUDE EVIDENCE ON IT AT THIS POINT.

WITH RESPECT TO MOTION IN LIMINE 2, INTRODUCTION OF ANY DOCUMENTARY OR TESTIMONIAL EVIDENCE OF THE FACTS SURROUNDING THE UNDERWRITING ISSUANCE, RESCISSION, WITHDRAWAL OF RESCISSION, OR CANCELLATION OF THE INFRINGEMENT POLICY, IT SEEMS TO ME THE ONLY THING THAT'S RELEVANT IN THAT GROUPING IS WHAT RISKS WERE CONSIDERED IN THE UNDERWRITING AND HOW THE PREMIUM WAS DETERMINED.

IT SEEMS TO ME THE REST IS NOT REALLY RELEVANT.

THE MOTION TO EXCLUDE THE TESTIMONY OF PAUL STEINLAGE, IT DOES APPEAR THAT HE WAS NOT DISCLOSED.

IT ALSO APPEARS THAT, IF I'M READING THE PAPERS CORRECTLY, THAT THE ONLY RELEVANCE OF HIS

TESTIMONY WOULD BE BASICALLY TO EXPLAIN HOW THE SETTLEMENT IN THE BANKRUPTCY PROCEEDING WAS REACHED.

I THINK HE NEEDED TO BE DISCLOSED.

AND FRANKLY, I'M NOT CONVINCED THAT HE'S REALLY VERY IMPORTANT TO ANY ISSUE IN THE CASE, BECAUSE AT LEAST AS I UNDERSTAND IT, HE WOULD NOT TESTIFY THAT AISLIC WAS NOTIFIED AND CONSENTED TO THE SETTLEMENT.

HIS TESTIMONY WOULD ONLY BE OFFERED FOR THE PURPOSES OF EXPLAINING WHY CONSENT WAS NOT OBTAINED AND THAT THE SETTLEMENT WAS A GREAT DEAL.

AND I GUESS WHAT I'LL SAYING IS, ONE, I DON'T THINK IT'S AN ISSUE THAT'S REALLY THAT CONTESTED IN THE SENSE OF I HAVEN'T HEARD AISLIC TAKING THE POSITION THAT THE INDEMNITY SETTLEMENT, OR THE SETTLEMENT OF THE TWO CASES WAS UNREASONABLE.

THEIR POSITION IS THAT THEY WEREN'T -- THEY DIDN'T PROVIDE WRITTEN CONSENT AND DIDN'T PARTICIPATE IN THE NEGOTIATIONS.

SO THE BOTTOM LINE IS I'M INCLINED TO EXCLUDE HIS TESTIMONY.

THE MOTION TO EXCLUDE EXTRINSIC EVIDENCE, I THINK I'VE DISCUSSED THAT.

THE ONLY EXTRINSIC EVIDENCE THAT I THINK HAS POTENTIALLY SOME RELEVANCE IS TESTIMONY WITH RESPECT TO THE RISKS THAT WERE UNDERWRITTEN AND THE DETERMINATION OF THE PREMIUM AND THE, ANY MARKETING BROCHURE PERTAINING TO THE POLICY AND WHAT COVERAGE IT PROVIDED.

I THINK I'VE COVERED EMPLOYERS' MOTIONS.

AS I UNDERSTAND IT, WITH RESPECT TO MR. LIMBACH, THE OBJECTION IS TO TESTIMONY BEYOND WHAT'S IN HIS REPORT?

MR. MISURACA: WE HAVE WITHDRAWN THAT MOTION. I THINK WE MAY HAVE SPOKEN TO THAT LAST TIME.

THE COURT: OKAY. I WAS WONDERING WHY I WAS HAVING TROUBLE REMEMBERING IT.

OKAY. WOULD YOU REMIND ME OF WHAT ELSE IS LEFT OPEN ON YOURS, IF ANYTHING?

MR. MISURACA: I DON'T THINK ANYTHING MORE ON WAUSAU'S PART.

THE COURT: ALL RIGHT. I THINK, AS FAR AS OBJECTIONS TO PARTICULAR PIECES OF EVIDENCE, WE SHOULD JUST TAKE THOSE UP AS THEY ARISE, UNLESS THERE'S SOMETHING IN PARTICULAR THAT YOU THINK YOU NEED BEFORE WE START.

MR. MISURACA: I DO THINK WE NEED TO

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

Lee-Anne Shortridge

LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595