JOHN M. SKONBERG, Bar No. 069409
KRISTIN E. HUTCHINS, Bar No. 184429
TARA G. BEDEAU, Bar No. 230658
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendant
APPLERA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUGLAS TURNER,<br><br>Plaintiff,<br><br>v.<br><br>APPLERA CORPORATION, APPLIED BIOSYSTEMS DIVISION, and DOES 1-20,<br><br>Defendants. | Case No. C 03 4134 MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY ADJUDGMENT**<br><br>Date: October 22, 2004<br>Time: 9:00 a.m.<br>Dept: Courtroom 7<br>Judge: The Hon. Maxine M. Chesney<br>Complaint Filed: July 25, 2003<br>Trial Date: December 6, 2004 |

This matter came on for hearing as noticed at 9:00 a.m. on October 22, 2004, in the United States District Court Northern District pursuant to Defendant Applera's Motion for Summary Judgment. Plaintiff was represented by Stanley G. Hilton. Defendant Applera Corporation was represented by John M. Skonberg and Kristin E. Hutchins of Littler Mendelson, P.C. After having read and considered the pleadings submitted by the parties, and after full consideration of the arguments submitted by each party, and good cause appearing therefor,

THE COURT RULES AS FOLLOWS:

Plaintiff has failed to establish a prima facie case for age discrimination. First, the two alleged comments by supervisor Marriott cannot reasonably be interpreted to support any inference of age discrimination. Second, Plaintiff's statistics calculated from the reduction in force ("RIF") numbers provided by the Company do not take into account the relevant variables or focus

on the comparable decisionmaking group and thus cannot support an inference of discrimination for a prima facie case. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990). Moreover, because Plaintiff's position was eliminated as part of the RIF, no adverse inference of discrimination can be drawn. *Rose*, 902 F.2d at 1421.

Furthermore, the Company has articulated a legitimate, nondiscriminatory reason for Plaintiff's layoff, namely, the RIF. Plaintiff cannot establish that this reason is pretext for age discrimination based on the innocuous comments allegedly made by Marriott, or Plaintiff's statistics, which fail to take into account the relevant variables or focus on the comparable decisionmaking group. *Coleman v. The Quaker Oats Co.*, 232 F.3d 1217, 1283 (9th Cir. 2000).

Plaintiff's claim for age discrimination is hereby DISMISSED.

Plaintiff's claim for disability discrimination fails because he was not disabled. His moles, and the removal of those moles, did not limit him in a major life activity. Cal. Gov't Code §§ 12926(k). Moreover, Plaintiff admitted he has no evidence indicating he was laid off because of his moles or mole-removal procedures.

Plaintiff's claim for disability discrimination is hereby DISMISSED.

Plaintiff's claim for medical condition discrimination, based on his precancerous moles, fails because he did not have cancer or a genetic condition. The claim is hereby DISMISSED.

For all the foregoing reasons, Plaintiff's claim for wrongful termination in violation of public policy is hereby DISMISSED.

Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing fail because: (1) Plaintiff had no written contract of employment; (2) he signed an acknowledgement of his at-will status, which precludes the finding of an implied contract, *Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal. App. 4th 620, 630 (1995); and (3) regardless, a RIF constitutes good cause for separation as a matter of law. *Clutterham v. Coachmen Indus., Inc.*, 169 Cal. App. 3d 1223 (1985). Without a breach of contract, Plaintiff's claim for breach of the covenant of good faith and fair dealing also fails. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-52 (2000).

Plaintiff's claims for breach of contract and breach of the implied covenant for good faith and fair dealing are hereby DISMISSED.

Plaintiff's fraud claim fails because no representations were made to him concerning the circumstances under which he could be terminated, and, regardless, in light of his signed agreement containing at-will language, there could be no justifiable reliance. *Lorentz v. Carus Corp.*, 1992 U.S. Dist. LEXIS 12591, at *1 (N.D. Cal. July 14, 1992).

Plaintiff's fraud claim is hereby DISMISSED.

Defendant's motion for summary judgment is hereby GRANTED in its entirety.

IT IS SO ORDERED.

Dated: October____, 2004

THE HON. MAXINE M. CHESNEY
UNITED STATES DISTRICT COURT JUDGE

San_Francisco:31197208.1 008292.1044

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940