**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Miles L. Mitzner, Derivatively on Behalf of Nominal Defendant, Netflix, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>REED HASTINGS, W. BARRY MCCARTHY, JR., JAY C. HOAG, A. ROBERT PISANO, MICHAEL RAMSAY AND TIMOTHY M. HALEY,<br><br>Defendants,<br><br>v.<br><br>NETFLIX, INC.<br><br>Nominal Defendant. | CIVIL ACTION NO. 04-3310-BZ<br><br>**DECLARATION OF PROOF OF SERVICE OF WILLIAM B. FEDERMAN** |

William B. Federman, of lawful age, after being first duly sworn upon his oath, states as follows:

1. I am the attorney of record for Plaintiff Miles Mitzner in the referenced matter.

2. On September 2, 2004, original Waivers of Service of Summons were executed by attorney Cameron Hoffman of Wilson Sonsini Goodrich & Rosati, on behalf of the individual Defendants W. Barry McCarthy, Jr., A. Robert Pisano, Michael Ramsay, Jay C. Hoag, Timothy M. Haley and Reed Hastings.

3. On September 10, 2004, an original Waiver of Service of Summons was executed by attorney Cameron Hoffman of Wilson Sonsini Goodrich & Rosati, on behalf of Nominal Defendant Netflix, Inc.

4. Attached hereto are the originals of the executed Waivers.

FURTHER, AFFIANT SAYETH NOT.

DATED this 20th day of September, 2004.

s/William B. Federman
William B. Federman
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
(405) 235-1560/FAX: (405) 239-2112
***ATTORNEYS FOR PLAINTIFF***

I:\Netflix\Derivative-Mitzner\AffidavitProofService.doc

## WAIVER OF SERVICE OF SUMMONS

TO: Tod I. Zuckerman, Law Office of Tod I. Zuckerman

I acknowledge receipt of your request that I waive service of summons in the action of Miles L. Mitzner v. Reed Hastings, et al., (Netflix, Inc.) which is case number 04-3310 BZ in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 31, 2004, or within 90 days after that date if the request was sent outside the United States.

9/2/04
Date

Signature

Cameron Hoffman
Wilson Sonsini Goodrich & Rosati

As Attorney of Record for
Defendant W. Barry McCarthy, Jr.

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Tod I. Zuckerman, Law Office of Tod I. Zuckerman

I acknowledge receipt of your request that I waive service of summons in the action of Miles L. Mitzner v. Reed Hastings, et al., (Netflix, Inc.) which is case number 04-3310 BZ in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 31, 2004, or within 90 days after that date if the request was sent outside the United States.

9/2/04
Date

[signature]
Signature

Cameron Hoffman
Wilson Sonsini Goodrich & Rosati

As Attorney of Record for
Defendant A. Robert Pisano

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Tod I. Zuckerman, Law Office of Tod I. Zuckerman

I acknowledge receipt of your request that I waive service of summons in the action of Miles L. Mitzner v. Reed Hastings, et al., (Netflix, Inc.) which is case number 04-3310 BZ in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 31, 2004, or within 90 days after that date if the request was sent outside the United States.

9/2/04
Date

Signature

Cameron Hoffman
Wilson Sonsini Goodrich & Rosati

As Attorney of Record for
Defendant Michael Ramsay

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Tod I. Zuckerman, Law Office of Tod I. Zuckerman

I acknowledge receipt of your request that I waive service of summons in the action of Miles L. Mitzner v. Reed Hastings, et al., (Netflix, Inc.) which is case number 04-3310 BZ in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 31, 2004, or within 90 days after that date if the request was sent outside the United States.

9/2/04
Date

Signature

Cameron Hoffman
Wilson Sonsini Goodrich & Rosati

As Attorney of Record for
Defendant Jay C. Hoag

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Tod I. Zuckerman, Law Office of Tod I. Zuckerman

I acknowledge receipt of your request that I waive service of summons in the action of Miles L. Mitzner v. Reed Hastings, et al., (Netflix, Inc.) which is case number 04-3310 BZ in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 31, 2004, or within 90 days after that date if the request was sent outside the United States.

9/2/04
Date

Signature

Cameron Hoffman
Wilson Sonsini Goodrich & Rosati

As Attorney of Record for
Defendant Timothy M. Haley

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO: Tod I. Zuckerman, Law Office of Tod I. Zuckerman

I acknowledge receipt of your request that I waive service of summons in the action of Miles L. Mitzner v. Reed Hastings, et al., (Netflix, Inc.) which is case number 04-3310-BZ in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 31, 2004, or within 90 days after that date if the request was sent outside the United States.

9/2/04
Date

Signature

Cameron Hoffman
Wilson Sonsini Goodrich & Rosati

As Attorney of Record for
Defendant Reed Hastings

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO: Tod I. Zuckerman, Law Office of Tod I. Zuckerman

I acknowledge receipt of your request that I waive service of summons in the action of Miles L. Mitzner v. Reed Hastings, et al., (Netflix, Inc.) which is case number 04-3310 BZ in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 31, 2004, or within 90 days after that date if the request was sent outside the United States.

9/10/04
Date

Signature

Cameron Hoffman
Wilson Sonsini Goodrich & Rosati

As Attorney of Record for
Nominal Defendant Netflix, Inc.

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of a summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.