LOEB & LOEB LLP
ANDREW S. CLARE (State Bar No. 050289)
MARK D. CAMPBELL (State Bar No. 180528)
RACHEL SHUJMAN (State Bar No. 228910)
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4164
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Plaintiff and Counterclaim Defendant
TELEFLORA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELEFLORA LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FLORISTS' TRANSWORLD DELIVERY, INC., a Michigan corporation,<br><br>Defendant. | Case No. C-03-5858 JW (HRL)<br><br>**PLAINTIFF TELEFLORA LLC'S OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO TELEFLORA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 4, 2004<br>Time: 9:00 a.m.<br>Ctrm: 8, 4th Floor |

Plaintiff and Counterclaim Defendant Teleflora LLC objects to the declarations and exhibits submitted by Defendant and Counterclaimant Florists' Transworld Delivery, Inc. ("FTD") on the grounds set forth below:

## I. DECLARATION OF RICHARD BAUER

| EVIDENCE | TELEFLORA'S OBJECTIONS |
|---|---|
| 1. "Sometime in 2002, Teleflora told florists not to send Teleflora orders over the Mercury Network." ¶ 5, lns. 15-16. | Lacks foundation, vague as to the "florists" Teleflora made this purported statement. |
| 2. "By taking away that ability, Teleflora engendered ill-will with me and other Teleflora florists I know." ¶ 6, lns. 22-23. | Lacks foundation, conclusory, and contains improper opinion. |
| 3. "I believe that one of Teleflora's goals in changing the long-standing ability to send Teleflora orders over Mercury is to force florists to purchase Teleflora shop management systems." ¶ 6, p. 2, ln. 27- p. 3, ln. 2. | Lacks foundation, speculative, conclusory, and contains improper opinion. |
| 4. "As a result of Teleflora's refusal to allow Teleflora orders over the Mercury Network, Teleflora lost some of the orders it would have otherwise received from us." ¶ 7. | Conclusory and speculative. |
| 5. "I have no choice but to pay the reciprocity and sending surcharge fees, because Teleflora is the largest competitor in the market and I must have the ability to receive Teleflora orders." ¶ 9, lns. 13-15. | Lacks foundation and conclusory. |

## II. DECLARATION OF DANIEL BOLTE

| EVIDENCE | TELEFLORA'S OBJECTIONS |
| --- | --- |
| 6. "Sometime in 2002, Teleflora told florists not to send Teleflora orders over the Mercury Network and that florists would not be paid for any Teleflora orders sent over the Mercury Network." ¶ 5, lns. 21-23. | Lacks foundation, vague as to the "florists" Teleflora made this purported statement. |
| 7. "Teleflora stopped sending Teleflora Member Directors, so its members stores could no longer identify Teleflora member florists or send Teleflora orders over the Mercury Network." ¶ 5, lns. 23-25. | Lacks foundation, conclusory, and contains improper opinion. |
| 8. "By taking away that ability, Teleflora engendered ill-will with me and other Teleflora florists I know." ¶ 6, lns. 27-28. | Lacks foundation, conclusory, and contains improper opinion. |
| 9. "As a result of Teleflora's refusal to allow Teleflora orders over the Mercury Network, Teleflora lost some of the orders it would have otherwise received from us." | Conclusory and speculative. |
| 10. "In sum, Teleflora's refusal to allow florists with Advantage systems to send and receive Teleflora orders over the Mercury Network is costly, time-consuming and a step in the wrong direction." ¶ 10. | Irrelevant, lacks foundation, conclusory, and contains improper opinion. |

## III. DECLARATION OF GEORGE KANGANIS

| EVIDENCE | TELEFLORA'S OBJECTIONS |
| --- | --- |

| | |
|---|---|
| 11. “Teleflora sales personnel and other Teleflora agents are trained to disparage FTD and FTD’s technology products. Teleflora sales personnel are given written materials and binders to be used for such purposes.” ¶ 3. | Irrelevant, lacks foundation, and conclusory. |
| 12. “As the Executive Vice President of Sales, the FTD regional vice presidents of sales and the sales representatives they oversee report back to me much of the misinformation that they encounter in regional sales areas and on their sales routes.” ¶ 4. | Hearsay. |
| 13. “For a number of years, my salespeople in the field have reported that Teleflora representatives inform florists that FTD shop management systems are obsolete and defective, that FTD competes with florists through the FTD.com website and the FTD displays placed in grocery, home and hardware stores, and that doing business with FTD is risky because it is on the verge of bankruptcy.” ¶ 5, lns. 17-21. | Hearsay. |
| 14. “Based on my long experience in the floral wire service industry, I know that florists are likely to rely on the statements made by their Teleflora representatives, because of the long-term and close relationship that florists often develop with their regional representatives.” ¶ 6, lns. 22-24. | Irrelevant, speculative, conclusory, and contains improper opinion. |

| | |
|---|---|
| 15. “Many florists are unsophisticated as to technical issues involving computers and financial matters involving public corporations.” ¶ 6, lns. 25-26. | Irrelevant, speculative, conclusory, and contains improper opinion. |
| 16. “These florists depend on their floral wire service representatives for information.” ¶ 6, lns. 26-27. | Irrelevant, speculative, conclusory, and contains improper opinion. |
| 17. Because of this dependence on and trust in Teleflora representatives, my salespeople in the field must spend a lot of time attempting to correct the misinformation planted by Teleflora representatives.” ¶ 7, lns. 1-3. | Irrelevant, lacks foundation, and conclusory. |
| 18. “But it is not possible to neutralize the effect of this misinformation, because the misinformation is communicated in one-on-one settings, which is difficult to track.” ¶ 7, lns. 3-4. | Irrelevant, lacks foundation, and conclusory. |
| 19. Even with repeated attempts to discuss the facts with florists, FTD salespeople are not able to counteract Teleflora’s misinformation.” ¶ 7, lns. 6-7. | Irrelevant, lacks foundation, and conclusory. |
| 20. Teleflora’s misinformation campaign has resulted in florists deciding not to do business with FTD or reducing the amount of business they do with FTD, in favor of doing business with Teleflora.” | Irrelevant, lacks foundation, and conclusory. |

## IV. DECLARATION OF CAROLINE MITCHELL

| EVIDENCE | TELEFLORA'S OBJECTIONS |
|---|---|
| 21. Exhibit 7 (*see* ¶ 14(c)). | Lacks foundation. |
| 22. "These florists alone account for approximately 50 percent of the flowers-by-wire orders sent annually." | Lacks foundation. |
| 23. Exhibit 8 (*see* ¶ 14(c)). | Lacks foundation. |
| 24. Exhibit 9 (*see* ¶ 14(c)). | Lacks foundation, irrelevant. |
| 25. Exhibit 10 (*see* ¶ 14(d)). | Lacks foundation, irrelevant. |
| 26. "There is reason to believe that documents related to these purported justifications exist because businesses do not normally change long-standing practices without some justification or analysis." ¶ 14(i), lns. 2-4. | Lacks foundation, speculative, improper opinion. |
| 27. Exhibit 12 (*see* ¶ 14(i)). | Lacks foundation. |
| 28. Exhibit 13 (*see* ¶ 14(k)). | Lacks foundation. |
| 29. Exhibit 14 (*see* ¶ 14(k)). | Lacks foundation. |
| 30. Exhibit 15 (*see* ¶ 14(m)). | Lacks foundation. |
| 31. Exhibit 20 (*see* ¶ 14(n)). | Lacks foundation. |
| 32. Exhibit 17 (*see* ¶ 18). | Lacks foundation. |
| 33. Exhibit 18 (*see* ¶ 19). | Lacks foundation, irrelevant. |
| 34. Exhibit 1 (*see* ¶ 20). | Lacks foundation. |

## V. DECLARATION OF BILL VAN CLEAVE

| EVIDENCE | TELEFLORA'S OBJECTIONS |
|---|---|
| 35. "During the 1990s and continuing up until 2002, there was a long- | Lacks foundation. |

| | |
|---|---|
| standing course of conduct pursuant to which Teleflora's RTI shop management system (which Teleflora acquired when it acquired Redbook) facilitated the clearing of credit cards through FTD." ¶ 3 | |
| 36. "There was also a long-standing contractual arrangement between Teleflora and FTD pursuant to which florists could send Teleflora orders over the Mercury Network." ¶ 4. | Lacks foundation, hearsay, best evidence. |
| 37. "Teleflora terminated both of these courses of conduct." ¶ 5, ln. 15. | Lacks foundation. |
| 38. "By terminating each of these courses of conduct, Teleflora significantly altered the structure and character of the floral wire services and florist shop management systems market." ¶ 5, lns. 15-17. | Lacks foundation, conclusory, and contains improper opinion. |
| 39. "Teleflora's conduct frustrates the ability of new participants to participate in the market, diminishes the ability of existing participants – the main one of which is FTD – to compete against Teleflora, especially given the power Teleflora has in the market because of its size." ¶ 5, lns. 17-20. | Lacks foundation, conclusory, and contains improper opinion and legal conclusions. |

Dated: September 20, 2004

LOEB & LOEB LLP
ANDREW S. CLARE
MARK D. CAMPBELL
RACHEL SHUJMAN

By: /s/
Mark D. Campbell
Attorneys for Plaintiff
TELEFLORA LLC