Apple Inc. v. Psystar Corporation Doc. 2125

BAUTE & TIDUS LLP
Jeffrey A. Tidus (State Bar No. 89585)
Angel K. Leung (State Bar No. 210745)
801 South Figueroa Street, Suite 1100
Los Angeles, California 90017
Telephone: (213) 630-5000

Attorneys for Defendant
EXCEL TEST PREP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SINGH EDUCATIONAL SERVICES, INC., d.b.a. TestMasters, Plaintiff, vs. EXCEL TEST PREP, a California corporation, Defendant. | Case No. 03-5039 JSW<br><br>DEFENDANT EXCEL TEST PREP'S *EX PARTE* APPLICATION FOR AN ORDER TAKING ALL DEPOSITIONS OFF-CALENDAR AND STAYING THIS ACTION OR ALTERNATIVELY, STAYING DISCOVERY PENDING RULING ON EXCEL'S MOTION FOR SUMMARY JUDGMENT |

Defendant Excel Test Prep ("Excel") hereby applies *ex parte* for an order to:

1.) take all scheduled depositions off-calendar AND

2.) stay this action until the district court's decision in *Robin Singh Educational Services, Inc. v. Test Masters Educational Services, Inc.*, Southern District of Texas case no. H-03-3348 becomes final, OR

3.) stay all discovery in this action until this Court rules on Excel's Motion for Summary Judgment, currently scheduled for hearing on December 3, 2004.



BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

Dockets.Justia.com

This ex parte application is brought on the grounds that, on September 16, 2004, the district court in the Southern District of Texas granted summary judgment against plaintiff Singh Educational Services, Inc. ("Singh Educational") in *Robin Singh Educational Services, Inc. v. Test Masters Educational Services, Inc.*, Southern District of Texas case no. H-03-3348,[1] and determined that there was no issue of fact regarding secondary meaning and that *res judicata* barred Singh Educational from relitigating the issue of secondary meaning to establish trademark rights to the words "test masters".

In light of the Texas district court decision and the *res judicata* effect it will have on this action, Excel requests that this Court make the following orders while the Court addresses the *res judicata* issue: Order all scheduled depositions in this action be taken off-calendar. Further, Excel requests that this Court either: (1) stay this action until the Texas District Court's decision becomes final (either after the time to appeal has passed or after the Fifth Circuit Court of Appeals or U.S. Supreme Court renders a decision) or (2) stay all discovery in this action until this Court rules on Excel's motion for summary (which will rely on the Texas District Court's decision regarding secondary meaning), currently set for hearing on December 3, 2004.

//

---

[1]Excel gave this Court notice of this related matter on December 10, 2003. The motion granted by Judge Gilmore was essentially the same motion to dismiss under Rule 12(b)(6)that this Court has requested Excel to bring as a summary judgment motion. Judge Gilmore, after accepting additional briefing, converted the motion to dismiss into a summary judgment motion.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

This *ex parte* application is based upon the attached Memorandum of Points and Authorities, the Declaration of Jeffrey A. Tidus, and all supporting documents and exhibits filed concurrently herewith, the files and records of this action and such other evidence and argument as may be presented at the hearing on this Application.

Dated: September 22, 2004

BAUTE & TIDUS LLP

By: [signature]

Jeffrey A. Tidus
Attorneys for Defendant
EXCEL TEST PREP

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On September 16, 2004, the plaintiff Singh Educational Services, Inc. ("Singh Educational") was soundly defeated in the Southern District of Texas when the District Court ruled that it had no new facts regarding secondary meaning of its use of the words "test masters" and precluded it as a matter of law from re-litigating the issue against Test Masters Educational Services, Inc. ("Test Masters"). The court granted summary judgment against Singh Educational and brought the contentious, lengthy case to a close.

The Texas district court case involved the same trademark and virtually identical federal and state claims as this instant action against defendant Excel Test Prep ("Excel"). Excel had previously asserted collateral estoppel to dismiss Singh Educational's complaint while the Texas case was pending. Now that the Texas district court has entered a final judgment in that case and conclusively determined that Singh Educational cannot re-litigate the secondary meaning issue it previously lost in the Fifth Circuit Court of Appeals in order to establish trademark rights to the words "test masters," this case against Excel is ready to be disposed of. The parties have conducted extensive discovery and shortly, Excel will be filing its motion for summary judgment, which is set to be heard on December 3, 2004. Any further discovery in this case will only be a means for Singh Educational to harass Excel and drive up its litigation costs. The Texas district court has characterized this lawsuit as part of Robin Singh's "campaign of terror."[2] This Court should halt this campaign, order all scheduled depositions off-calendar and either (1) stay this action until the Texas district court judgment is

---

[2]Contempt Order, p. 22, Exhibit C to Declaration of Jeffrey A. Tidus.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

final or (2) stay all discovery until this Court rules on Excel's summary judgment.

## II. STATEMENT OF FACTS

### A. Summary of Proceedings

In December 2003, Excel filed its motion to dismiss based on collateral estoppel and argued that Singh Educational should be precluded from raising it claims against Excel based on the Fifth Circuit's decision. At that time, *Test Masters II*'s motion to dismiss based on *res judicata* was pending in the Texas district court. In May 2004, this Court heard Excel's motion to dismiss. While the Court declined to dismiss Singh Educational's complaint given the early procedural stage of the case, it noted that: "The court's view of this matter is that obviously it believes its ruling this morning is correct, but I think that this case is hanging by a thread on a number of grounds." (5/21/04 RT 22) As such, the Court directed the parties to develop the facts regarding the collateral estoppel issue during discovery so that the issue could be addressed in a motion for summary judgment. The parties have conducted a significant amount of discovery in this action and Excel is ready to move for summary judgment.

This case is set for trial on February 22, 2005. The discovery cut-off for all non-expert discovery is on October 1, 2004. Because of the impending discovery cut-off date, the parties have scheduled a number of depositions to occur in the last two weeks of September 2004. Excel's motion for summary judgment is set to be heard on December 3, 2004.

//

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

B. The Texas District Court Decisions in *Robin Singh Educational Services, Inc. v. Test Masters Educational Services, Inc.*, Southern District of Texas Case No. H-03-3348 ("*Test Masters II*")

1. Summary Judgment In Favor of Test Masters Educational Services, Inc. Based on *Res Judicata*

On September 16, 2004, the district court in the Southern District of Texas granted summary judgment in favor of Test Masters and against Singh Educational in *Robin Singh Educational Services, Inc. v. Test Masters Educational Services, Inc.*, Southern District of Texas case no. H-03-3348 ("*Test Masters II*"). *Test Masters II* was the second case filed against Test Masters over the trademark rights to the words "test masters." Singh Educational originally filed *Test Masters II* in the Central District of California (case no. 03-4436-PA) in June 2003, and had alleged that Test Masters was doing business in California under the name of Excel Test Prep. *Test Masters II* was transferred to the Southern District of Texas and consolidated *Test Masters Educational Services, Inc. v. Robin Singh*, case no. 99-2781 ("*Test Masters I*").

*Test Masters I* involved the same trademark and claims as *Test Masters II*. *Test Masters I* went to trial in February 2001 and was appealed to the Fifth Circuit Court of Appeals. In September 2002, the Fifth Circuit determined that Singh Educational had not proven at trial that its use of "test masters" had achieved secondary meaning.

After the District Court in Los Angeles transferred *Test Masters II* back to the Southern District of Texas, Test Masters moved for dismissal based on *res judicata*. Singh Educational argued that *res judicata* did not apply because it was entitled to re-litigate the secondary meaning issue to establish trademark rights to "test masters" because it had new facts.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

The district court, in a 27 page opinion, rejected Singh Educational's arguments, converted Test Masters' motion to dismiss into a summary judgment motion, and granted summary judgment in favor of Test Masters. (*Res Judicata* Order, Exhibit B to Declaration of Jeffrey A. Tidus) It found that the evidence Singh Educational submitted to demonstrate "new facts" of the dramatic growth of the company and its extensive marketing campaign since *Test Masters I* was unconvincing. (*Res Judicata* Order, p.23) It held that the sixteen months that elapsed between February 2001 (end of the trial of *Test Masters I*) to June 2003 (the filing of *Test Masters II*) was an insufficient passage of time to permit re-litigation of the secondary meaning issue. (*Res Judicata* Order, p. 22-25) The court determined that it was "very much in the public interest to bar further litigation of rights related to the TESTMASTERS mark because of the onerous burden placed on the Court and the parties in constantly relitigating this matter." (*Res Judicata* Order, p. 25) The court then concluded that there was no issue of fact with regard to the secondary meaning issue and granted summary judgment based on *res judicata*. (*Res Judicata* Order, p. 25)

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

2. Order Regarding Motion for Contempt Against Singh Educational

On the same day, the U.S. District Court in Texas granted summary judgment in favor of Test Masters, it issued its opinion on Test Masters' motion to hold Singh Educational in contempt for violating the District Court's prior order permanently enjoining Singh Educational from various acts involving "test masters." In a 24-page opinion, the court recounted the vexatious history between the parties through out the litigation of *Test Masters I* and *Test Masters II.* (Contempt Order, p. 2-4) It described Singh Educational's acts to circumvent the court's prior order, such as re-registering "test masters" with the U.S. Patent and Trademark Office and advertising "TESTMASTERS" with a ® even after the

court cancelled its prior registration. (Contempt Order, p. 7-8, 19-20) It also described numerous acts by Singh, his friends, employees and agents engaging in extra-judicial acts of harassment directed towards Test Masters. (Contempt Order, p. 13-18) While the court declined to hold Singh Educational in contempt, it made specific orders regarding what acts Singh Educational are permanently enjoined from and issued a strongly worded warning to Singh Educational and its attorneys:

> "Defendant Robin Singh's filing of numerous actions across the country, while arguably based on different facts and involving different parties, seems to this Court to be a part of Mr. Singh's campaign of terror. The courts should not have to be a part of such obviously vexatious litigation, and because this Court believes that the issues that have been raised in those suits bear a striking resemblance to this one, the Court is forwarding a copy of this order as well as its order on the *res judicata* issue to each of those courts. It is also the strong suggestion of this Court that [Test Masters] forward a copy of this order and the summary judgment order to any other court in which a similar action has been or may be filed.
>
> * * *
>
> [W]hile it seems quite clear to the Court that Mr. Singh is willing to spend unlimited amounts of money to continue this campaign of terror, the Court believes that Mr. Singh's lawyers have a moral, ethical and professional responsibility not to pursue litigation or take legal action -- however profitable it may be -- that is a vexatious example of the mean-spirited and callous greed that seems to have overtaken this country. 'Why can't we all just get along?'
>
> * * *
>
> So one more time, Mr. Singh, withdraw your application from the Patent and Trademark Office for the TESTMASTERS mark (or any version of that mark); and stop threatening and harassing [Test Masters], its agents and counsel."

(Contempt Order, p. 22-23.)

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

The district court expressly reserved the right to reconsider the contempt motion or entertain another one should Singh Educational continue engaging in contemptuous conduct. (Contempt Order, p. 23.)

## III. THIS COURT SHOULD ORDER ALL SCHEDULED DEPOSITIONS OFF-CALENDAR AND STAY THIS ACTION UNTIL THE DISTRICT COURT'S JUDGMENT IN *TEST MASTERS II* BECOMES FINAL OR STAY DISCOVERY IN THIS ACTION UNTIL IT RULES ON EXCEL'S MOTION FOR SUMMARY JUDGMENT

### A. The Texas District Court's Decision in *Test Masters II* Bars Singh Educational's Claims Against Excel

When two suits proceed simultaneously which involve the same claims or issues, *res judicata* is given to the first judgment entered. *Chicago, Rock Island & Pac. Railway Co. v. Schendel*, 270 U.S. 611, 616 (1926); *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). A district court judgment is final for the purposes of *res judicata*. *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1135 n.2 (9th Cir. 2001).

Both *Test Masters II* and this action involve the same trademark and virtually identical federal and state claims. In actuality, this case against Excel is the action that Singh Educational was unable to maintain against Test Masters in the Central District of California. Singh Educational will use the same evidence regarding the secondary meaning issue it used in opposing *Test Masters II*'s motion to dismiss on *res judicata* grounds. The Texas district court determined that Singh Educational had not presented any new facts regarding the secondary meaning issue. Moreover, it found that Singh Educational was precluded by law from re-litigating the issue because insufficient time has passed.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

This Court should give *res judicata* effect to the Texas district court's decision in *Test Masters II.* Although Singh Educational is free to appeal the Texas district court's decision, the decision is binding on this Court unless and until it is reversed on appeal. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004).

B. Singh Educational Maintains this Action Solely to Continue its "Campaign of Terror" Against Excel and the Israni Family.

From the outset of this action, Excel has maintained that Singh Educational was and is using the judicial system to engage in vexatious litigation and to pursue Robin Singh's personal vendetta against the Israni Family. The Texas district court explicitly noted Singh's vexatious intent in its opinion on Test Masters Educational Services, Inc.'s contempt motion when it stated that:

> "Defendant Robin Singh's filing of numerous actions across the country, while arguably based on different facts and involving different parties, seems to this Court to be a part of Mr. Singh's campaign of terror. "
> (Contempt Order, p. 22)

The vindictive motive behind Singh Educational's litigation against Excel was evident at the deposition of Radha Israni, the mother of the owner of Excel and the owner of Test Masters. ( Israni Deposition, Exhibit A to Declaration of Jeffrey A. Tidus) Within the first several minutes of Mrs. Israni's deposition, Singh Educational's counsel asked her if she has any children by another marriage. ( Israni Depo, p. 15) After an objection by Excel's counsel based on relevance, Singh Educational's counsel proceeded to ask Mrs. Israni if her husband had any children with another woman. ( Israni Depo, p. 16) This is a trademark infringement action. Questions regarding whether Mrs. or Dr. Israni had any children outside their marriage is clearly irrelevant and could not possibly lead to

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

the discovery of any admissible evidence to any claim Singh Educational may have. Those questions were simply designed to embarrass and harass the Israni family and was a blatant example of Singh Educational's continuing "campaign of terror."

A court has the authority to make such orders governing discovery "for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Civ. P. 26(d). Singh Educational and Robin Singh, in particular, are not entitled to use the judicial system as a vehicle pursue a personal vendetta, harass the opposing party and witnesses and drive up the litigation costs of a defendant, regardless of whether Singh has the means to finance such vexatious litigation. To prevent further harassment by Singh Educational and to allow this Court to address the *res judicata* effect of *Test Masters II*, this Court should order all scheduled depositions off-calendar. If the Court does not stay this entire action until *Test Masters II* becomes final, it should stay all discovery until it rules on Excel's summary judgment motion.

## IV. CONCLUSION

In light of the Texas district court's decision and its *res judicata* effect on this case, and to prevent Singh Educational from engaging in any more harassing discovery proceedings which forces Excel to incur unnecessary legal fees, Excel respectfully requests this Court to grant its *ex parte* application, order that all scheduled depositions be taken off-calendar, and either (1) stay this action unless

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

and until the District Court's decision becomes final OR (2) stay all discovery until this Court rules on Excel's motion for summary judgment based on *res judicata*.

Dated: September 22, 2004

BAUTE & TIDUS LLP

By: ______________________
Jeffrey A. Tidus
Attorneys for Defendant
EXCEL TEST PREP

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 801 South Figueroa Street, Suite 1100; Los Angeles, CA 90017; Tel: (213) 630-5000.

On this date, I served the following listed documents on the interested parties in this action as follows:

DEFENDANT EXCEL TEST PREP'S EX PARTE APPLICATION FOR AN ORDER TAKING ALL DEPOSITIONS OFF-CALENDAR AND STAYING THIS ACTION OR ALTERNATIVELY, STAYING DISCOVERY PENDING RULING ON EXCEL'S MOTION FOR SUMMARY JUDGMENT

DECLARATION OF JEFFREY A. TIDUS IN SUPPORT OF DEFENDANT EXCEL TEST PREP'S EX PARTE APPLICATION FOR AN ORDER TAKING ALL DEPOSITIONS OFF-CALENDAR AND STAYING THIS ACTION OR ALTERNATIVELY, STAYING DISCOVERY PENDING RULING ON EXCEL'S MOTION FOR SUMMARY JUDGMENT

_X_ By Personal Service I caused such envelope to be delivered by hand to the interested party as listed below.

_X__ By Facsimile to the names and fax numbers listed below.

___ By Federal Express ~ Next Business Day Delivery: by placing a true copy thereof in a sealed envelope(s) and addressed to the parties listed below.

___ By Mail: by placing a true copy thereof in a sealed envelope and addressed to the parties listed below. I placed such envelope(s) for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Thomas M. Norminton, Esq.
Norminton & Wiita
433 North Camden Drive, Suite 1111
Beverly Hills, California 90210-4416

☒ (FEDERAL) I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made, and I certify under penalty of perjury that the foregoing is true and correct.

☐ (FEDERAL - ATTORNEY) I hereby certify that I am a member of the Bar of the United States District Court, ***Central District*** of California, and I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2004 at Los Angeles, California.

______________________________
Nilo A. Cardeno

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000