Apple Inc. v. Psystar Corporation Doc. 2171

MICHAEL E. KINNEY
Bar No. 77018
Law Office of MICHAEL E. KINNEY
703 Second St.
Fourth Floor
Santa Rosa, CA 95404
(707) 527-4141
Fax (707) 579-9561

Attorney for Plaintiff
MARGARET BUEKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARGARET BUEKER,

Plaintiff,

vs.

SHEET METAL WORKERS= NATIONAL PENSION PLAN

Defendant.
_____________________________________/

No. C 04 3876 BZ

COMPLAINT

Plaintiff MARGARET BUEKER alleges as follows:

**JURISDICTION**

1. Plaintiff brings this action for declaratory, injunctive and monetary relief pursuant to ' 502(a)(1)(B) of the Employee Retirement Income Security Act of 1975\4 (AERISA@), 29 U.S.C. ' 1132(a)(1)(B). This Court has subject matter jurisdiction pursuant to section 502 of ERISA, 29 U.S.C. section 1132 and the Declaratory Judgment Act, 28 U.S.C. section 2201.

**VENUE**

2. Venue is proper in the Northern District of California pursuant to ERISA ' 502(e)(2), 29 U.S.C. ' 1132(e)(2), because Plaintiff resides in this District and the breaches alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. ' 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff=s claim occurred within this District.



Dockets.Justia.com

**INTRADISTRICT ASSIGNMENT**

3. This action arises in Sonoma County because Plaintiff resides there and the breaches alleged occurred in Sonoma County.

**PARTIES**

4. At all relevant times, Plaintiff MARGARET BUEKER is and was a beneficiary, as defined by ERISA ' 3(8), 29 U.S.C. ' 1102(8), in Defendant SHEET METAL WORKERS= NATIONAL PENSION PLAN (Athe Plan@), because she is the surviving spouse of Robert Bueker, a participant in the Plan. Plaintiff resides in Petaluma, County of Sonoma, California.

5. At all relevant times, the Plan is and was a pension plan within the meaning of ERISA ' 3(2), 29 U.S.C. ' 1002(2), and is and was administered in Alexandria, Virginia.

**FACTS**

6. On September 16, 1952, Plaintiff married Robert Bueker. She remained married to Mr. Bueker until his death on May 29, 2003.

7. From the early 1950s until the late 1980s, Mr. Bueker worked in the metal working industry and was a member of the Sheet Metal Workers Union. During this time, Mr. Bueker became a participant in the Plan.

8. In 1986, Mr. Bueker became disabled. He elected to take a AHusband and Wife Disability Pension@ commencing March 1987. Under the AHusband and Wife Disability Pension@ Mr. Bueker was to receive a flat monthly pension for the remainder of his life. Following Mr. Bueker=s death, Plaintiff was entitled to receive a monthly pension for life equal to one half of the monthly amount that Mr. Bueker had received prior to his death.

9. Commencing on or about March 1987, Mr. Bueker began receiving approximately $412.00 per month. Mr. Bueker believed that the amount of his pension had been miscalculated, and appealed to the Plan. The Plan denied the appeal. However, Mr. Bueker=s appeal contributed to a change in the Plan language as to how AHusband and Wife Disability Pension@ amounts would be calculated in the future. The Plan notified Mr. Bueker that he could

not receive the benefit of the new Plan language because the new language would only be effective for persons retiring on or after October 1987. Because Mr. Bueker=s efforts had contributed to the change in the Plan, the Plan offered Mr. Bueker the opportunity to change the start date of his pension to October 1987. Mr. Bueker took advantage of this offer, and repaid the Plan all of the money he had received prior to October 1987. Thereupon, Mr. Bueker began receiving monthly pension benefits from the Plan in the sum of $608 per month.

10. Beginning in or about May 1989, the Plan increased Mr. Bueker=s monthly benefit to $900 per month. The Plan did not provide an explanation to Mr. Bueker for this increase in his monthly benefits. Mr. Bueker continued to receive this sum, together with some small cost-of-living increases, until his death in May 2003.

11. On or about July 22, 2003, following notice of Mr. Bueker=s death, the Plan wrote to Plaintiff and told her that the May 1989 increase in Mr. Bueker=s benefits was a mistake by the Plan, and that Mr. Bueker had been overpaid by roughly $300 per month for the last fourteen years of his life. The Plan represented that Mr. Bueker had been overpaid $56,190. The Plan advised Plaintiff that, but for the overpayment to Mr. Bueker, Plaintiff would be entitled to a lifetime pension in the amount of $304 per month. The Plan further advised Mrs. Bueker that it was offsetting against her pension to recover the sum of $56,190. The Plan advised Mrs. Bueker that it was relying on Section 8.05(a) of the Plan Document in claiming the offset against her pension benefit. The Plan advised Plaintiff that she had six months in which to appeal the Plan=s decision to offset against Plaintiff=s pension benefit.

12. In September 2003, Plaintiff wrote to the President of the Sheet Metal Workers Union, complaining about the injustice of the Plan=s decision. The President of the Union wrote back to Plaintiff, sympathizing with her and advising her that she had the right to file an appeal of the Plan=s decision.

13. On or about December 19, 2003, The Plan wrote to Plaintiff and advised her that her letter to the President of the Union had been treated as an appeal of the Plan=s decision, and that her appeal was denied. The Plan based its decision on Section 8.05(a)(5) of the Plan Document.

14. On January 12, 2004, Plaintiff=s counsel wrote to the Plan and advised the Plan that Plaintiff was filing a timely appeal of the Plan=s decision of July 22, 2003. In the appeal, Plaintiff=s counsel raised the following grounds: that the proposed setoff was inequitable; that due to the Plan=s delay in raising the issue, the Plan had waived any right to recover from Plaintiff; that as a matter of law, the Plan could not offset Plaintiff=s benefit for an overpayment made to Mr. Bueker; and that the amount of the proposed offset was excessive as it attempts to reach too far into the past. Plaintiff=s counsel also requested records and documents from the Plan.

15. The Plan agreed to provide the documents requested by Plaintiff=s counsel and to allow Plaintiff=s counsel an opportunity to review the documents and supplement Plaintiff=s appeal. Subsequently, the Plan provided Plaintiff=s counsel with certain documents.

16. On or about June 7, 2004, Plaintiff=s counsel wrote to the Plan to supplement Plaintiff=s appeal in light of the documents provided. Plaintiff=s counsel pointed out that section 8.05 of the Plan document, relied upon by the Plan in claiming an offset, was not added to the Plan until 2003, and by the terms of the amendment of the Plan Document, section 8.05 was forward looking only, and did not affect pensions like Plaintiff=s that had already vested. Therefore, the Plan could not rely upon section 8.05 and was legally bound to provide Plaintiff benefits without setoff.

17. On or about June 28, 2004, the Plan denied Plaintiff=s appeal.

18. To date, Plaintiff has not received payment of any pension benefit from the Plan.

19. Plaintiff has exhausted her administrative remedies.

**FIRST CLAIM FOR RELIEF**

**[Claim for Benefits Pursuant to ERISA ' 502(a)(1)(B) Against All Defendants]**

20. Plaintiff incorporates Paragraphs 1-19 as though fully set forth herein.

21. ERISA ' 502(a)(1)(B), 29 U.S.C. ' 1132(a)(1)(B), permits a participant of a plan to bring a civil action to recover benefits due to her under the terms of the plan, to enforce her rights under the terms of the plan, and/or to clarify her rights to future benefits under the terms of the plan.

22. Plaintiff is entitled to a pension under the terms of the Plan. By failing to pay Plaintiff=s pension benefits, Defendants have violated and continue to violate, the terms of the Plan and Plaintiff=s rights thereunder. Plaintiff is entitled to recover the benefits due her under the Plan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court for judgment as follows:

1. Declare that Defendants violated the terms of the Plan and Plaintiff=s rights thereunder by failing to pay Plaintiff=s pension benefits;

2. Order Defendants to pay Plaintiff=s pension benefits pursuant to the terms of the Plan from June 2003 through the date judgment is entered herein together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

3. Declare Plaintiff=s right to receive future pension benefits under the terms of the Plan;

4. Award Plaintiff=s reasonable attorneys fees and costs of suit incurred herein pursuant to ERISA ' 502(g), 29 U.S.C. ' 1132(g); and

5. Provide such other and further relief as the Court deems just.

Dated: September 7, 2004 LAW OFFICE OF MICHAEL E. KINNEY

By: ____________________________
Michael E. Kinney
Attorney for Plaintiff