Apple Inc. v. Psystar Corporation Doc. 2190

SILVANO B. MARCHESI (SBN 42965)
County Counsel
JANET L. HOLMES (SBN 107639)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone: (925) 335-1800
Facsimile: (925) 335-1866

Attorneys for Defendant
CONTRA COSTA COUNTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CLINE,<br>Plaintiff,<br>v.<br>CONTRA COSTA COUNTY, HEALTH SERVICES DEPARTMENT,<br>Defendant. | No. C 03 - 0332 VRW<br>DEFENDANT'S FURTHER BRIEF RE: UNRUH ACT CLAIM |

INTRODUCTION

Defendant Contra Costa County brought a motion in limine to preclude plaintiff from presenting testimony or other evidence of matters relating to her claims under the Unruh Act (California Civil Code 51, et seq.), and claims or damages arising therefrom, as they are barred as a matter of law.

ARGUMENT AND AUTHORITIES

Plaintiff's Amended Complaint alleges violation of the "California Unruh Civil Rights Action, Civil Code §§51, et seq." (Amended Complaint, p. 3, l. 5). Plaintiff's Amended Complaint also seeks "Treble damages under the Unruh Civil Rights Act" (Amended Complaint, p. 4, l. 1).



Dockets.Justia.com

Despite plaintiff's suggestions to the contrary, her claim under California's Unruh Act is baseless as a matter of law. The Unruh Act was created to prevent business proprietors' intentional discrimination in public accommodation; it is not applicable in the employment arena. *Strother v. Southern California Permanente Med. Group*, 79 F.3d 859, 873-75; *Tannlund-McCoy v. Golden Gate Bridge, et al.*, 2003 U.S. Dist. LEXIS 13619 (U.S.D.C. N.D.CA 2003).

The court should not be fooled by plaintiff's attempt to obfuscate. The purpose of the Unruh Civil Rights Act is set forth plainly in Civil Code section 51(b):

> "All persons with the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services *in all business establishments* of every kind whatsoever." (emphasis added).

The Unruh Civil Rights Act (hereafter "Unruh Act") applies to *business establishments*, not public entity employers. The Act is designed to give equal access for all persons to movie theaters, sporting events, stores, bowling alleys, restaurants and bars, golf courses, amusement parks, and other *business establishments*. It has no bearing whatsoever on employment discrimination cases.

The Ninth Circuit and California courts have consistently held that the Unruh Act has no application in employment discrimination cases. *Rojo v. Kliger*, 52 Cal.3d 65,77 (1990); *Sprewell v. Golden State Warriors*, 266 F.3d 979,989 (9th Cir. 2001). And the Boy Scouts of America have been held not to be a business organization for purposes of the Unruh Act. *Curran v. Mt. Diablo Council, BSA,* 17 Cal. 4th 670.720 (1998). There, the California Supreme Court emphasized that the Unruh Act applies in the "proprietor-patron" arena, where goods or services are sold for a fee. The employer-employee relationship is not covered.

Plaintiff's Further Briefing on this issues refers to Civil Code section 52(f). Defendant presumes this is a typographical error. Civil Code section 51(f) and *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53,61 (2002) do not help plaintiff. The plain meaning of Civil Code section 51, as set forth in subsection (b), is that the Unruh Act applies to "business establishments," and not employment discrimination claims. Civil Code section 51(f) merely establishes that barriers to physical access at *business establishments* that are found to constitute

violations of Title III of the ADA (42 U.S.C. §12181, et seq.) may support an Unruh Act claim. There is nothing in Civil Code section 51(f) that suggests it expands the Unruh Act from "business establishments" to employment relationships.

A ruling on this matter prior to trial is important in that plaintiff's counsel has stated on the record in this court that plaintiff will dismiss her ADA claim if the Unruh Act claim is barred. The standards for plaintiff's prima facie case under the ADA and FEHA are different. ADA requires plaintiff to prove her disability substantially limits a major life activity. 42 U.S.C. §12102(2); 29 C.F.R. §1630.2(i),(j); *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 271 (9th Cir. 1996); see also *Johnson v. Peralta Community College District*, 1997 U.S. Dist. LEXIS 14005 (N.D. CA 1997), aff. 1998 U.S. App. LEXIS 7956 (9th Cir. 1998). FEHA requires that plaintiff prove her disability limits a major life activity. *Colmenares v. Braemar County Club*, 29 Cal. 4th 1019, 1022-23 (2003). Different evidence, arguments and jury instructions will apply if ADA discrimination is a part of this case, and unnecessary confusion may result.

CONCLUSION

Plaintiff should be precluded from presenting evidence of, or seeking damages for, any alleged violation of the Unruh Act, California Civil Code section 51, et seq. Therefore, Defendant respectfully requests its motion in limine be granted.

DATED: October 1, 2004

By:______________________________
JANET L. HOLMES
Deputy County Counsel
Attorneys for
CONTRA COSTA COUNTY