Apple Inc. v. Psystar Corporation Doc. 2193

BARBARA GIUFFRE (Bar No. 158180)
LAW OFFICES OF BARBARA GIUFFRE
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: 415/981-9114
Facsimile: 415/434-0513

Attorneys for Defendants
CHIRON CORPORATION and
KAMILLE FORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA PEREZ,<br>Plaintiff,<br>vs.<br>CHIRON CORPORATION, KAMILLE FORD and DOES 1 THRU 10, inclusive,<br>Defendants. | Case No.: 04-03993-JL<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS 2ND CAUSE OF ACTION, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br>**Time: 9:30 AM**<br>**Date: November 10, 2004**<br>**Ctrm: Mag. Judge Larson, Ctrm F, 15th Floor** |

## INTRODUCTION

Defendants Chiron Corporation ("Chiron") and Kamille Ford respectfully move to dismiss the Second Cause of Action in Plaintiff's Complaint, or, in the alternative, move for a more definite statement.

Plaintiff's Complaint fails to provide any underlying facts and it fails to identify any specific legal theory (pursuant to a statute, a regulation or common law) in its Second Cause of Action. Plaintiff merely alleges a cause of action it has labeled "common law causes of action." The entire cause of action has been pleaded as follows:



Dockets.Justia.com

**"<u>SECOND CAUSE OF ACTION</u>**

**<u>[Common Law Causes of Action]</u>**

13. Plaintiff incorporates by this reference paragraphs 1 through 11 of her First Cause of Action.

14. Defendants violated the public policy of the State of California, as set forth in statues and regulations, by their aforesaid acts and omissions."

(Plaintiff's Complaint).

This pleading is woefully legally insufficient, and should be dismissed. In the alternative, Defendants move for a more definite statement with regard to this Second Cause of Action. Currently, Defendant do not have sufficient notice to respond to Plaintiff's Complaint in any meaningful way. If left to stand as it is currently pleaded, Defendants would have insufficient information about the basis of this lawsuit against them to answer the complaint and to properly comply with their Initial Disclosure requirements.

## ARGUMENT

### A. THE SECOND CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD BOTH SUFFICIENT FACTS AND A COGNIZABLE LEGAL THEORY TO STATE A CAUSE OF ACTION.

A Rule 12(b)(6) motion is proper where there is *either* a "lack of a cognizable legal theory" *or* "the absence of sufficient facts alleged under a cognizable legal theory" to constitute a legal claim. *Balistreri v. Pacifica Police Dept* (9th Cir. 1990) 901 F. 2d 696, 699. Here, Plaintiff's Second Cause of Action lacks *both*.

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to plaintiff; (2) accept all well-pleaded allegations as true; and (3) determine whether plaintiff can prove any set of facts that would support a claim for relief. *Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 337-8.

In this case, a motion to dismiss is proper with respect to the Second Cause of Action because Plaintiff has stated far too little – it fails to state facts sufficient to constitute a claim, let alone name any legal theory under a specific California statute, regulation or common law by which Plaintiff believes she is entitled to legal relief.

### B. IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT UNDER FRCP 12(e) SHOULD BE GRANTED.

FRCP 12(e) provides that:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Here, Plaintiff's Second Cause of Action is unintelligible. It lacks the details upon which the Defendants can know the substance of the claim being stated against them. *See Cellars v. Pacific Coast Packaging, Inc.* (N.D. CA. 1999) 189 FRD 575, 578. Defendants' counsel has contacted Plaintiff's counsel and has asked Plaintiff if she would be willing to amend the complaint voluntarily. Plaintiff declined, advising Defendants to just bring their motion. Giuffre Dec., ¶ 2.

## CONCLUSION

For the foregoing reasons, defendants Chiron Corporation and Kamille Ford respectfully request that the motion to dismiss or in the alternative for a more definite statement be granted.

Dated: October 1, 2004 LAW OFFICES OF BARBARA GIUFFRE

By: ___________________________________
Barbara Giuffre

Counsel for Defendants
CHIRON CORPORATION and KAMILLE FORD