Apple Inc. v. Psystar Corporation

Doc. 2226

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555

October 6, 2004

**<u>VIA E-FILING AND HAND DELIVERY</u>**

The Honorable Fern M. Smith
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

*Re:* *Friskit, Inc. v. RealNetworks, Inc. et al.*, Case No. CV 03-5085-FMS;
**Motion to Compel Continuation of Rule 30(b)(6) Deposition of Plaintiff Friskit, Inc.**

Dear Judge Smith:

I write on behalf of Defendants RealNetworks and Listen.com ("RealNetworks").

On July 19, 2004, RealNetworks noticed the Rule 30(b)(6) deposition of Plaintiff. The notice sought a corporate representative to testify concerning the facts underlying Plaintiff's L.R. 3-1 Preliminary Infringement Contentions. Plaintiff did not object to proceeding with the deposition. On September 15, 2004, RealNetworks commenced the noticed deposition. Because of the breadth of Plaintiff's allegations, RealNetworks was unable to complete the deposition in a single day, and the witness was unavailable to proceed the following day. Accordingly, RealNetworks requested an additional session with the witness at a later date. Friskit did not object to providing a witness to testify for an additional day. Friskit refused, however, to produce the witness again until after RealNetworks provided Friskit with discovery regarding the accused products in this case. By this letter brief, RealNetworks requests the Court to order Friskit to produce its Rule 30(b)(6) witness without further delay.

Plaintiff may argue that Defendants should not need another day for this deposition. RealNetworks has proceeded through the deposition as quickly as possible. Friskit accuses over 20 RealNetworks products of infringement, however, and Plaintiff asserts these products infringe 58 claims in five separate patents. While Defendants have repeatedly asked Plaintiff to reduce its asserted claims, Plaintiff has refused. Furthermore, Friskit's contentions fail to adequately identify the features of the accused products Friskit contends infringe the asserted patent claims. This made obtaining the facts underlying Friskit's infringement contentions as to the many asserted claims necessarily a much more lengthy process. In any event, counsel for Friskit has represented on the record that Friskit does not object to providing its Rule 30(b)(6) designee for deposition for a second day. (30(b)(6) Deposition Transcript p. 361 line 4 – p. 364 line 8).



**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643
NEW YORK | 805 Third Avenue, 11th Floor, New York, New York 10022 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 201 Sansome Street, 6th Floor, San Francisco, California 94104 | TEL 415-986-5700 FAX 415-986-[illegible]
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2411
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Dockets.Justia.com

There is also no justification for Plaintiff's conditioning the timing of the continuation of the Rule 30(b)(6) deposition on unspecified unrelated discovery. Federal Rule of Civil Procedure 26(d) specifically provides that "methods of discovery may be used in any sequence, and *the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.*" (emphasis added). Moreover, RealNetworks is not seeking Plaintiff's future contentions. RealNetworks is seeking the facts underlying Plaintiff's existing preliminary infringement contentions. These contentions have not changed. In fact, nothing has occurred since the original notice of deposition, to which Plaintiff did not object, that would now require discovery before it can be completed.

Plaintiff may also argue that RealNetworks has sought to "delay" discovery as to its products. This is untrue. Any delay in exchange of confidential information is attributed to Plaintiff's failure to respond to RealNetworks' efforts to negotiate a protective order. RealNetworks included a draft protective order with its discovery requests to Plaintiff, which requests were served on April 7, 2004. Plaintiff, however, delayed responding to RealNetworks' efforts to negotiate for months at a time, even though RealNetworks has proposed a protective order in the form previously approved for use in patent litigation in this District. Notably, Plaintiff has not raised any issue regarding RealNetworks' discovery other than, as here, by way of a reaction to unrelated requests by RealNetworks for Plaintiff to do something.

RealNetworks therefore requests that the Court order Friskit to produce its Rule 30(b)(6) witness for the completion of the deposition without further delay.

Respectfully submitted,

/s/ David A. Perlson

50750/74136.1