THOMAS E. FRANKOVICH (State Bar #074414)
THUY M. HOANG (State Bar #221206)
THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600
Facsimile: 415/674-9900

Attorneys for Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS

JUNJI SUZUKI (State Bar No. 184783)
CAROL J. MARSHALL (State Bar No. 82442)
EDWARD S. MIYAUCHI (State Bar No. 230553)
MARSHALL SUZUKI LAW GROUP, LLP
150 Spear Street, Suite 725
San Francisco, CA 94105
Telephone: 415/618-0090
Facsimile: 415/618-0190

Attorneys for Defendant SYCAMORE CREEK VINEYARDS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREK MOLSKI, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SYCAMORE CREEK VINEYARDS, INC., a California corporation,<br><br>Defendant. | **CASE NO. C04-2254 RS**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**DATE:** **October 18, 2004**<br>**TIME:** **10:00 a.m.**<br>**JUDGE:** **Hon. James Ware**<br>**COURTROOM:** **#8, 4th Floor**<br>**ADDRESS:** **280 So. First St. San Jose, CA** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order, and request the Court to adopt it as its Case Management Order in this case.



Dockets.Justia.com

///

## DESCRIPTION OF THE CASE

**1.** This is an action brought by plaintiffs for discrimination based upon the defendants' alleged failure to comply with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code §§51 and 51.5, California Health & Safety Code §19955, *et seq.*, the California Disabled Persons Act, Cal. Civ. Code §§54, 54.1 and 54.3, and California Business & Professions Code §17200, *et seq.,* all of which relate to the denial of access to a place of public accommodation.

Plaintiff Jarek Molski, a person with a disability, alleges that on June 8, 2003, he visited defendants' Sycamore Creek Vineyards to taste wine. While he was at the winery, Mr. Molski says he encountered several architectural barriers to access including, but not limited to: a lack of proper accessible parking; lack of an accessible entrance; an inaccessible wine tasting area and an inaccessible public restroom. Plaintiff DREES is a non-profit membership organization whose mission is to promote the enforcement of federal and state disability access statutes as they pertain to places of public accommodation throughout California. Plaintiffs seek recovery in the form of injunctive relief, damages and attorneys' fees.

**2. The principal factual issues in dispute:**

a. whether architectural barriers existed and/or continue to exist at the SYCAMORE CREEK VINEYARDS which denied access to persons with disabilities;

b. whether removal of the alleged architectural barriers was or is readily achievable;

c. whether defendant made alterations and modifications to the SYCAMORE CREEK VINEYARDS which trigger the requirements of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and/or Title 24 of the California Code of Regulations;

d. whether and to what extent plaintiff JAREK MOLSKI suffered actual damages at the hands of defendant.

**3. The principal legal issues in dispute:**

None identified at this time.

///

///

**4. Other issues which remain unresolved [*e.g. service of process, jurisdiction or venue]:***

None.

**5. Parties who have not been served:**

None.

**6. Possible joinder of parties:**

None anticipated.

## CONSENT TO MAGISTRATE JUDGE FOR TRIAL

**7.** The Court has reassigned this case to the Honorable James Ware for all further proceedings.

## ALTERNATIVE DISPUTE RESOLUTION

**8.** The parties have stipulated to court-sponsored mediation.

## DISCLOSURES

**9.** The parties certify that they have made the following disclosures:

a. Plaintiffs' Witnesses:

1. Plaintiff JAREK MOLSKI
2. Patrick Connally, President
   Disability Rights Enforcement, Education Service
3. Brygida Molski
   6112 Dill Place
   Woodland Hills, CA 91367
   (818)710-6553
4. Employees of Sycamore Creek Vineyards whose identities are currently unknown to plaintiffs.
5. Experts to be designated.

b. Defendant's Witnesses:

1. Masao Inoue
   7379 Tulare Hill Drive
   San Jose, CA 95139
   408/227-7810
2. Pamela McLaughlin
   17048 Holiday Drive
   Morgan Hill, CA 95037

408/779-9690

3. Plaintiff JAREK MOLSKI's medical doctors whose identities are currently unknown to defendant

4. Plaintiff JAREK MOLSKI's mental care practitioners whose identities are currently unknown to defendant

5. Experts to be designated.

c. Plaintiffs' Documents:

1. Building records and plans have been requested, but not yet received, from the City of Morgan Hill. As public records, these documents are equally available to defendants. Nevertheless, upon request, courtesy copies will be provided at a cost of 25 ¢ per page as soon as they are available.

2. Receipt issued to plaintiff Jarek Molski by Sycamore Creek Vineyards on June 8, 2003.

3. Nine (9) photographs of the Sycamore Creek Vineyards taken by plaintiff Jarek Molski on June 8, 2003.

d. Defendant's Documents:

1. A set of Purchase and Closing Documents of Sycamore Creek Vineyards

2. Unanimous written consent in lieu of organizational meeting of directors of Sycamore Creek Vineyards, Inc.

3. Documents related to renovations, alterations, a modifications of site, if any. (Unknown at this time)

4. Building records and plans from the City of Morgan hill

e. Plaintiffs' Computation of Damages:

Plaintiffs seek injunctive relief ensuring that defendant will take all remedial measures necessary to make the Sycamore Creek Vineyards fully compliant with the Americans with Disabilities Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations. Once the injunctive relief aspects of this action are resolved, plaintiffs

will then be in a position to calculate and disclose to defendants plaintiffs' damages and attorneys' fees, costs and litigation expenses.

f. Defendant's Insurance Policy:

Possible partial coverage, not fully determined under Tokio Marine Insurance Policy.

**DISCOVERY**

**11.** The parties agree to the following discovery plan**:**

**a. Limitations on discovery tools:**

The parties request that the number of permissible interrogatories be increased to fifty (50) per party.

**b. The parties agree to the following limitations on the subject matter of discovery:**

None.

**c. Deadlines for completion of discovery:**

i. all discovery including experts: August 18, 2005

ii. simultaneous disclosure of experts: April 18, 2005

**TRIAL SCHEDULE**

**12. The parties request a trial date as follows:**

October 18, 2005

**13. The parties expect that the trial will last for the following number of days:**

5 days.

Dated: October 8, 2004

THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____________/s_________________
Thuy M. Hoang
Attorneys for Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation

Dated: October 8, 2004

MARSHALL SUZUKI LAW GROUP

By: ________/s/______________________
Carol J. Marshall
Attorneys for Defendant SYCAMORE CREEK VINEYARDS, INC.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _______________, 2004

_________________________________
Hon. James Ware
United States District Judge