Apple Inc. v. Psystar Corporation Doc. 2253

ROBERT L. MAINES, SBN 039977
GAY CROSTHWAIT DANFORTH, SBN 121944
BRYANT CLOHAN & BARUH, LLP
550 Hamilton Avenue, Suite 220
Palo Alto, California 94301
Telephone: [650] 324-1606
Facsimile: [650] 324-4613

Attorneys for Petitioner ROBERT S. GORDON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT S. GORDON,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH WOODRING, Warden of the Federal Correctional Institution at Lompoc, California,<br><br>Respondent. | **CASE NO. C04-04182 WHA (PR)**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM** |

PETITIONER ROBERT S. GORDON ("PETITIONER" OR "GORDON") FOR HIS PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM AGAINST RESPONDENT JOSEPH WOODRING ("RESPONDENT").

1. Petitioner GORDON is a citizen of the State of California and is presently a prisoner (Federal Registration No. 99523-111) incarcerated in the Federal Correctional Institution at Lompoc, California ("FCI Lompoc") the address of which is 3600 Guard Road, Lompoc, California 93436. Before his imprisonment beginning July 7, 2003, GORDON resided and continues to maintain his home in Palo Alto, California in this



Dockets.Justia.com

judicial district.

2. RESPONDENT WOODRING is employed by the United States of America as warden of FCI LOMPOC where GORDON is imprisoned, and resides in Lompoc, California.

3. Having made no prior petition for a writ of habeas corpus, GORDON respectfully makes this Petition for Writ of Habeas Corpus Ad Testificandum pursuant to 28 U.S.C. § 1651(a), and § 2241(c)(5) which expressly authorizes a prisoner's petition on grounds "it is necessary to bring him into court to testify or for trial." It is necessary and just and proper that GORDON be allowed to attend and testify in person at the jury trial of his pending civil action in the Superior Court of the State of California, County of Santa Clara, *Robert S. Gordon v. Marylyn Christensen* ("Christensen"), Case No. 1-03-CV 007371. Provided this petition is timely acted on, trial of that action is expected to be set for trial on a date certain, in all likelihood during the first quarter of 2005, at a trial setting conference on November 30, 2004. The trial is to be a jury trial in San Jose, California, estimated to last 8-10 days.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (e). GORDON was a citizen and resident of this judicial district at all relevant times, and the acts for which he was sentenced took place in this district. This action is related to the underlying criminal action in this Court in which GORDON was sentenced. That action is stayed pending a decision on GORDON's appeal of certain aspects of the judgment. This action is also related to a pending forfeiture action and a pending civil restitution action in this Court which are also stayed pending resolution of the appeal. All three actions have been recognized as related cases and assigned for all purposes to Judge

Jeremy Fogel and to Magistrate Judge Patricia V. Trumbull for certain purposes. These actions are: the underlying criminal action, *United States v. Robert S. Gordon*, Case No. CR 01-20077-JF (PVT); the forfeiture action, *United States v. 7900 Bald Eagle Drive, Park City, Utah, 7871 Redtail Court, Park City, Utah*, Case No. CV 02-02130 JF (PVT); and Cisco's restitution action *Cisco Systems, Inc. v. Robert S. Gordon*, Case No. CV 02-01862 JF (PVT).

5. GORDON's imprisonment is the consequence of having entered a plea of guilty to a superceding information charging him with two counts of wire fraud and one count of insider trading in the underlying criminal action, *United States v. Robert S. Gordon*. Based on his plea, GORDON was sentenced to a term of 66 months imprisonment and three years supervised release. A final order of restitution was also entered requiring GORDON to pay a total restitution amount of $27,397,206.84 all but approximately $5 million of which has been provisionally paid. GORDON filed an appeal of the restitution order concerning three items of restitution which account for the difference between the $17,683,106.29 in restitution which GORDON agrees he owes, and the $27, 397,206.48 he was ordered to pay. After briefing and oral argument on July 15, 2004, the U.S. Court of Appeals for the Ninth Circuit took the matter under submission for decision. No decision has yet been issued.

6. It is necessary within the meaning of 28 U.S.C. § 2241(c)(5) and critically important in the interests of justice that GORDON be allowed to appear and testify in person at the jury trial in *Gordon v.Christensen*, which this Court has the power to allow in exercise of its sound discretion. No security risk will result.

The amount in controversy in *Gordon v. Christensen* is more than $4 million. A summary of the complaint, and a true and correct copy of the first amended complaint

and of Christensen's answer in that action are attached hereto as Exhibit 1 and incorporated by this reference. The essence of GORDON's claims, among other things, is that he entrusted real and personal property having a value of about $ 6.5 million to Christensen to be held and used for his benefit and returned to him at his request; and that Christensen used about $2.25 million of the entrustments for his benefit; but refused to use the balance for his benefit or to return the property to him. Christensen's answer takes the position that the property in question was not entrusted to her, but was gifted outright to her, and that she is not obligated to return, and refuses to return, the property to GORDON.

As against Christensen, GORDON is entitled to the property he entrusted to her, lest she be unjustly enriched at his expense. Moreover, by reason of the order of restitution, the forfeiture action and the restitution action, the United States and Cisco, as well as GORDON, have a financial interest in the success of GORDON's action against Christensen and his recovery of property that is rightfully his, with which he may be able to satisfy the restitution order and their alleged claims, and without which he may not be able to satisfy their alleged claims. It is the case, for example, that approximately $5 million of the restitution order on appeal has not been paid by GORDON. Cisco's alleged restitution claims are for millions of dollars.

By the nature of GORDON's claims against Christensen, GORDON is not able effectively to aid and assist his attorney at trial and will not have a full and fair opportunity to litigate the claims unless he is able to appear and testify in person at the jury trial, as Christensen will appear and testify in person. As a matter of fact, what documentary evidence there is, is likely to be inconclusive, and the decisive evidence of the claims and defenses will be the personal testimony of GORDON and Christensen who are the only

witnesses who can have personal knowledge and directly testify as to whether GORDON's property in question was the subject of entrustments or gifts. As a practical matter, it is of enormous importance that the jury have the opportunity to make a personal evaluation of the nature and character of GORDON and Christensen as witnesses and the credibility and persuasiveness of their testimony in the course of in-person attendance and testimony of GORDON and Christensen at trial. For many reasons, trial testimony by GORDON by videotaped deposition is not an effective and adequate substitute for appearance and testimony in person, including the lack of an ability and flexibility to respond and adjust to unpredicted and unpredictable twists and turns in the course of a trial, which is especially true in a jury trial, in terms of testimony at trial and in terms of providing aid and assistance to his counsel in trial of the case.

**PRAYER**

WHEREFORE, PETITIONER ROBERT S. GORDON respectfully requests that his petition be granted and that a writ of habeas corpus ad testificandum be directed to RESPONDENT JOSEPH WOODRING such that GORDON be allowed to attend and testify in person in the jury trial of *Robert S. Gordon v. Marylyn Christensen*, and that the Court order that implementing logistics and details be carried out and arranged for by RESPONDENT, subject to further order of Court as may be necessary and appropriate.

DATED: October 1, 2004

BRYANT, CLOHAN & BARUH, LLP

By: /s/ Robert L. Maines
ROBERT L. MAINES

Attorneys for Petitioner
ROBERT S. GORDON

## VERIFICATION

ROBERT L. MAINES declares under penalty of perjury that the allegations of this petition are made in good faith and are true and correct on the basis of personal knowledge and business information and records and judicial notice, and that, in my professional judgment, the petition has merit and deserves to be granted in the sound discretion of the Court.

EXECUTED on October 1, 2004, at Palo Alto, California.

/s/ Robert L. Maines
Robert L. Maines

## VERIFICATION

ROBERT S. GORDON declares under penalty of perjury that he has authorized this petition to be made on his behalf and the allegations of this petition are made in good faith and are true and correct on the basis of personal knowledge and business information and records and judicial notice, and respectfully requests that the petition be granted in the sound discretion of the Court.

Executed on September 23, 2004 at Lompoc, California.

/s/ Robert S. Gordon
Robert S. Gordon

discretion of the Court.

EXECUTED on September ___, 2004, at Palo Alto, California.

______________________________
Robert L. Maines

**VERIFICATION**

ROBERT S. GORDON declares under penalty of perjury that he has authorized this petition to be made on his behalf and that on the basis of personal knowledge, business information and records and judicial notice the allegations of the petition are made in good faith and are true and correct and respectfully requests that the petition be granted in the sound discretion of the Court.

Executed on September 23, 2004 at Lompoc, California.

[signature]
Robert S. Gordon