Apple Inc. v. Psystar Corporation Doc. 2285

ANDREW P. SCLAR, ESQ. (SBN 112022)
ERICKSEN, ARBUTHNOT, KILDUFF, DAY
& LINDSTROM, INC.
111 Sutter Street, Suite 575
San Francisco, California 94104
Telephone No.: (415) 362-7126
Facsimile No.: (415) 362-6401

Attorneys for Defendant and Counterclaimant,
POKER INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| U2 HOME ENTERTAINMENT, INC., a California Corporation doing business as CENTURY HOME ENTERTAINMENT and TAI SENG ENTERTAINMENT (formerly TAI SENG VIDEO MARKETING)<br><br>Plaintiff,<br><br>v.<br><br>POKER INDUSTRIES, INC., a corporation whose state if incorporation is unknown, and DOES 1-200,<br><br>Defendants. | CASE NO. : C03-04130 JF<br><br>**DECLARATION OF ANDREW P. SCLAR IN SUPPORT OF DEFENDANT POKER INDUSTRIES INC.'S MOTION TO COMPEL PLAINTIFF U2 HOME ENTERTAINMENT INC. TO PROVIDE FURTHER RESPONSES TO DISCOVERY**<br><br>Date: November 16, 2004<br>Time: 10:00 a.m.<br>Location: 280 S. First Street, San Jose<br>Courtroom 2<br>Judge: Magistrate Howard R. Lloyd |



Dockets.Justia.com

I Andrew P. Sclar hereby declare:

1. I am an attorney at law licensed to practice before all the courts of the State of California and I am the managing partner of the San Francisco office of Ericksen, Arbuthnot, Kilduff, Day & Lindstrom Inc., the attorneys of record for Defendant Poker Industries Inc. in the above action. I am the attorney principally responsible in this office for handling this matter on behalf of Poker Industries. Thus, I am familiar with all of the records and files in this action. All of the declarations set forth below are of my own personal knowledge and if called as a witness I could and would testify competently to them.

2. On June 16, 2004 I drafted and caused to be hand delivered on Richard Idell, counsel of record for plaintiff U2, the following discovery requests: (1) First Set of Request for Production of Documents to Plaintiff, (2) First Set of Special Interrogatories to Plaintiff, and (3) First Set of Request for Admissions to Plaintiff. The First Set of Request for Production of Documents contained 250 requests, and the First Set of Special Interrogatories contained 24 interrogatories, and the First Set of Request for Admissions contained 39 requests.

3. Developing evidence in discovery to date strongly suggests that plaintiff U2's copyright claims are likely fatally defective or improper. However, further discovery is required to flush out all relevant evidence as to these copyright claims. In furtherance of this legitimate goal, defendant Poker propounded two sets of document requests pertaining to the original 229 foreign movie titles on June 16th and July 19th, and propounded a set of special interrogatories and request for admissions on June 16, 2004. These requests were propounded prior to plaintiff U2's amended complaint.

4. Pursuant to my grant of an extension, on July 27, 2004, my office received plaintiff's responses to the First Set of Request for Production of Documents, First Set of Special Interrogatories, and First Set of Request for Admissions. I reviewed these responses and found them to be deficient.

5. On July 19, 2004 I drafted and caused to be hand delivered on Richard Idell, counsel of record for plaintiff U2, the Second Set of Request for Production of Documents on

Plaintiff, pertaining to plaintiff's English version rights, if any, in the movie titles at issue here. This set contained request numbers 252-353.

6. Again, discovery to date strongly suggests that plaintiff U2 does not have an exclusive license to import and/or distribute in the United States English versions of these foreign movie titles, while the only versions that defendant Poker imported and distributed in the United States were English version DVDs.

7. On August 24, 2004, my office received plaintiff's responses to the Second Set of Request for Production of Documents to Plaintiff. I did not grant any extension of time in which to serve these responses. These responses were therefore late and all objections are waived.

8. Attached to this declaration as Exhibit 1 is a true and correct copy of Plaintiff U2's responses to Defendant Poker's First Set of Request for Production of Documents. Each document request is also set forth in this exhibit.

9. Attached to this declaration as Exhibit 2 is a true and correct copy of Plaintiff U2's responses to Defendant Poker's Second Set of Request for Production of Documents. Each document request is also set forth in this exhibit.

10. Attached to this declaration as Exhibit 3 is a true and correct copy of Plaintiff U2's responses to Defendant Poker's First Set of Special Interrogatories. Each interrogatory is also set forth in this exhibit.

11. Attached to this declaration as Exhibit 4 is a true and correct copy of Plaintiff U2's responses to Defendant Poker's First Set of Request for Admissions. Each request is also set forth in this exhibit.

12. On July 30, 2004, I drafted and sent an eight page meet and confer letter to plaintiff's counsel Patricia De Fonte, of Richard Idell's office, demanding that plaintiff substantially supplement its responses to the First Set of Request for Production of Documents. Attached to this declaration as Exhibit 5 is a true and correct copy of this meet and confer letter.

13. On August 18, 2004, I sent a another four page meet and confer letter to plaintiff's counsel Patricia De Fonte, demanding that plaintiff substantially supplement its responses to the

First Set of Request for Production of Documents and to produce all documents responsive thereto. Attached to this declaration as Exhibit 6 is a true and correct copy of this meet and confer letter.

14. Also on August 18, 2004, I sent a separate four page meet and confer letter to plaintiff's attorney Richard Idell demanding that plaintiff substantially supplement its responses to First Set of Special Interrogatories. Attached to this declaration as Exhibit 7 is a true and correct copy of this meet and confer letter.

15. Also on August 18, 2004, I sent a separate two page meet and confer letter to plaintiff's attorney Richard Idell demanding that plaintiff substantially supplement its responses to First Set of Request for Admissions. Attached to this declaration as Exhibit 8 is a true and correct copy of this meet and confer letter.

16. On August 25, 2004, I sent a two page meet and confer letter to plaintiff's counsel Richard Idell demanding that plaintiff substantially supplement its responses to the Second Set of Request for Production of documents and to produce all responsive documents thereto. Attached to this declaration as Exhibit 9 is a true and correct copy of this meet and confer letter.

17. Even after these multiple meet and confer attempts were made, Plaintiff has completely failed to provide non-evasive and non-argumentative written responses to these discovery requests, and has completely failed to produce the copyright chain of title and registration documentation requested. In addition, plaintiff U2 has failed to provide any documents or substantive responses as to their claimed actual damages, as to reasons for the delay in commencing this litigation, and as to U2's business existence. Consequently, defendant Poker now brings this motion to compel further responses and this motion to determine the sufficiency of plaintiff U2's responses to requests for admissions.

///

///

///

///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed on September 24, 2004 at San Francisco, California.

ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.

By: ____________/s/__________________________
ANDREW P. SCLAR
Attorneys for Poker Industries, Inc.