Apple Inc. v. Psystar Corporation Doc. 2317

PAUL A.TURCKE (admitted *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHTD.
Attorneys at Law
225 North 9th Street, Suite 420
Boise, Idaho 83702
Telephone: (208) 331-1800
Facsimile: (208) 331-1202

DENNIS PORTER (CSB #67176)
Attorney at Law
10112 Roadrunner Way
Redding, California 96003
Telephone: (530) 221-4129
Facsimile: (530) 221-1949

Attorneys for Defendant-Intervenors Desert Vipers et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation; SIERRA CLUB, a non-profit corporation; PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, a non-profit corporation; and DESERT SURVIVORS, a non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT, a federal Agency; and UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency,<br><br>Defendant,<br>and<br><br>DESERT VIPERS MOTORCYCLE CLUB; SAN DIEGO OFF-ROAD COALITION; CALIFORNIA ASSOCIATION OF 4 WHEEL DRIVE CLUBS; and THE BLUERIBBON COALITION,<br><br>Defendant-Intervenors. | Case No. CV 03-2509 SI<br>Related Case No. CV 03-3807 SI<br><br>MEMORANDUM IN OPPOSITION TO MOTION FOR PERMANENT INJUNCTION AND IN SUPPORT OF MOTION TO ALTER/AMEND JUDGMENT<br><br>Hearing Date: November 12, 2004<br>Courtroom: 10, 19th Floor<br>Time: 9:00 a.m. |



Dockets.Justia.com

## INTRODUCTION

Before the Court is a motion by Federal Defendants to alter or amend judgment addressing the Court's August 3, 2004, Order (Docket No. 100), as well as a motion by Plaintiffs seeking permanent injunctive relief (Docket No. 105). Pursuant to a series of stipulations, both motions are scheduled for hearing on November 12, 2004. Defendant-Intervenors Desert Vipers Motorcycle Club et al. hereby submit this memorandum in opposition to Plaintiffs' motion for injunctive relief and advise the Court and the parties of their support of, and concurrence in, the motion to alter/amend judgment.

## ARGUMENT

Plaintiffs are not entitled to the drastic relief they seek. Defendant-Intervenors join and concur in the arguments presented by Federal Defendants in their Response in Opposition to Plaintiffs' Motion for Injunctive Relief (Docket No. 112) and the accompanying Declaration of Linda Hansen. Without needlessly belaboring the issue, Defendant-Intervenors hereby attempt to supplement and expand upon those arguments.

### A. Plaintiffs' Request for Injunction Relies upon a Flawed Legal Foundation.

Plaintiffs incorrectly contend that the Court is "foreclosed" from conducting the "balancing of equity" typically necessitated by a request for injunction. Plaintiffs' Brief in Support of Motion for Injunctive Relief ("Plaintiffs' Brief") at 4. Admittedly, a motion for an injunction in an ESA case is not analyzed under the traditional injunction standard. Where the ESA's procedural requirements are at issue:

> Congress removed from the courts their traditional equitable discretion in injunction proceedings of balancing the parties' competing interests. The "language, history, and structure" of the ESA demonstrates Congress'

> determination that the balance of hardships and the public interest tips heavily in favor of protected species.

*National Wildlife Federation v. Burlington Northern Railroad*, 23 F.3d 1508, 1511 (9th Cir. 1994) (citations omitted). However, even one seeking an injunction in an ESA case must make some showing of irreparable injury:

> [T]hese cases do not stand for the proposition that courts no longer must look at the likelihood of future harm before deciding whether to grant an injunction under the ESA. Federal courts are not obligated to grant an injunction for every violation of law. The plaintiff must make a showing that a violation of the ESA is at least likely in the future.

*Id.* (citations omitted). Thus, a district court correctly denied a motion for preliminary injunction alleging impacts to Montana Grizzly Bear populations where there was a:

> lack of a showing of future harm to the bears…[and] the attempted showing of future harm was wholly insufficient to support injunctive relief, even in light of the fact that the "balance of hardships and the public interest should tip heavily in favor of endangered species."

*Id.* (quoting *Sierra Club v. Marsh*, 816 F.2d 1376, 1383 (9th Cir. 1987). Even if the ESA limits the full range of the Court's equitable discretion, movants must still establish irreparable injury and even the "sharply tipping" balance on hardships and the public interest allows the Court to consider these factors in an appropriate case.

Plaintiffs fail to make the necessary showing here. Instead, they rely on snippets from the voluminous administrative record based upon past activities to assert that the activities presently at issue under a new management scheme will place tortoise populations at risk or cause "degradation" of tortoise critical habitat. Plaintiffs' Brief at 6. Thus, Plaintiffs are complaining that new BLM restrictions on OHV travel will cause irreparable harm to tortoise populations. Plaintiffs offer no site-specific evidence to support their aggressive claims, while

BLM presents compelling justification for the substantive balance attempted by the plan amendments at issue. See, Declaration of Linda Hansen at ¶ 6. Plaintiffs have not made a showing of impending irreparable harm sufficient to justify their specific requests for injunctions dictating how BLM will authorize OHV use in the CDCA.

B. Plaintiffs Incorrectly Ask the Court to Oversee Management of the CDCA.

Plaintiffs cleverly invite the Court to issue an "injunction" which would bypass lengthy, complex and ongoing administrative processes. The Court should decline this invitation. As Federal Defendants note, the upshot of Plaintiffs' strategy here would be, through this Court, to force BLM to implement selected portions of the 1994 Recovery Plan. See, Defendants' Opposition Brief at 8. Such a request would necessarily and inappropriately require the Court to actively oversee BLM's continuing efforts to comply with the ESA's sweeping mandates. See, generally, *Norton v. SUWA*, 124 S.Ct. 2373 (2004). The Court has found that Federal Defendants proceeded upon a technically flawed definition of the term "adverse modification of critical habitat." Order dated August 3, 2004 at 10-14. Based upon this narrow finding Plaintiffs ask the Court to drastically and immediately rescind plan amendments and associated documents generated through lengthy public planning processes. Ironically, these very processes were conducted at Plaintiffs' insistence as a result of previous litigation. See, e.g., Notice of Filing Declaration and Exhibits Concerning the Status of Defendants' Compliance with Consent Decree (dated April 1, 2003) *Center for Biological Diversity v. BLM*, N.D. Cal. Case No. 00-927. The Court should neither allow nor encourage Plaintiffs' efforts to eviscerate BLM's discretion in managing the CDCA.

**CONCLUSION**

For the reasons stated herein and in Federal Defendants' memoranda, the Court should deny Plaintiffs' motion for injunctive relief and grant Federal Defendants' motion to alter or amend judgment.

Respectfully submitted this 22nd day of October, 2004.

MOORE SMITH BUXTON & TURCKE, CHARTERED

s/ Paul A. Turcke
Paul A. Turcke

DENNIS L. PORTER, ATTORNEY AT LAW

s/ Dennis L. Porter
Dennis L. Porter
Attorneys for Defendant-Intervenors

I, Paul A. Turcke, in accordance with section X of General Order 45, Electronic Case Filing, hereby attest that Dennis L. Porter has reviewed the pleading presented above, has concurred in the same, and has authorized the filing of this document bearing his signature with the Court.

s/ Paul A. Turcke
Paul A. Turcke
Attorney for Defendant-Intervenors