EXHIBIT A

Dockets.Justia

## SETTLEMENT AGREEMENT

This Settlement Agreement is made as of the date finally set forth below with respect to an action filed in San Mateo County Superior Court, styled HALF MOON BAY COASTSIDE FOUNDATION aka SAVE OUR BAY, BERNIE NEVES, OSCAR BRAUN and ANDREA BRAUN vs. COUNTY OF SAN MATEO, and DOES 1 to 100, inclusive, Case No. CIV 426174, and with respect to a Cross-Action filed thereto (collectively, the "Action").

Petitioners/Plaintiffs OSCAR BRAUN, ANDREA BRAUN, BERNIE NEVES, and HALF MOON BAY COASTSIDE FOUNDATION aka SAVE OUR BAY (hereinafter referred to as "Plaintiffs"), and Respondent/Defendant COUNTY OF SAN MATEO (hereafter referred to collectively as "County" or "Defendant"), for and in consideration of the terms stated herein, hereby agree as follows:

1. Plaintiffs will pay the additional amount of $12,000 to defendant County of San Mateo by July 1, 2004, in advance of a decision on the issuance of planning permits by the County. This will constitute full payment of all permit and investigation fees, for each and every permit which is the subject of this action, including planning permits, building permits and environmental health permits.

2. Once Plaintiffs pay the agreed-upon fees, within 40 days thereafter the County of San Mateo will make a decision on issuance of and grant planning permits for each and every permit which is the subject of this action.

3. After obtaining planning permits, Plaintiffs will then make separate applications for environmental health and building permits within 180 days.

4. In order to comply with Environmental Health requirements, Plaintiffs must show that Plaintiffs can comply with the requirements of the septic ordinance for the waste disposal system, and the well ordinance for the water source, both of which serve the affordable housing unit.

5. Plaintiffs do not waive Plaintiffs' right to argue that the well which serves the affordable housing unit is "grandfathered" under section 4.68.220 of the well ordinance because it was in existence on April 14, 1987.

6. As Plaintiffs do not concede that the well ordinance applies nor concede that a permit is even necessary, the Court will retain jurisdiction to determine the dispute over this "well" issue, in case the County of San Mateo concludes that Plaintiffs have not shown compliance with the well ordinance requirements.

7. All pending notices of violation or of nuisance filed by the County of San Mateo against Plaintiffs and the subject property will be expunged upon Plaintiffs' payment in full under Paragraph 1.

8. There is no release of any claims presently pending in the federal action between the parties, entitled Oscar Braun v. San Mateo County, U.S.D.C. Northern District of California, No. C-03-3415 MJJ, which is a civil rights action under 42 U.S.C. Section 1983 ("1983 Action"). Adjudication of the federal claims shall proceed without prejudice.

9. The County of San Mateo's agreement to these terms was approved by the Board of Supervisors on June 29, 2004.

10. Except for the obligations imposed by this Agreement and the limitations on this release as set forth in paragraph 8 above, Plaintiffs and Defendants mutually release and discharge the other party, and their successors and assigns, from all claims, rights, demands,

actions, obligations, and causes of action of whatever kind or nature in law, equity or otherwise, arising out of conduct or omissions, known or unknown, on or before the date of this Agreement that are the subject of the Action. This release, when effective, is a final and full release applying to all unknown and unanticipated claims as well as those known and anticipated arising out of the Action, including claims for costs and attorney's fees; however, as recited in paragraph 8 above, this Settlement Agreement and this release do not in any way limit or restrict the arguments Plaintiffs may pursue or the damages Plaintiffs may claim in the 1983 Action.

11. Plaintiffs and Defendant are on notice of and hereby specifically and expressly waive the provisions of California Civil Code Section 1542, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

12. The undersigned acknowledge that in executing this agreement they are relying solely upon the legal advice of the attorneys hereinafter named, who are the attorneys of their own choice, and further state that they have not relied on statements of any attorneys or other persons acting on behalf of the parties herein released.

13. The undersigned hereby agree to dismiss with prejudice the Action (including the Cross-Action therein) and authorize and instruct their attorneys to execute and file with the proper court, a dismissal with prejudice thereof, with each party to bear its own attorneys' fees and costs arising out of or connected with the Action.

14. This agreement is not for the benefit of any person or entity not a party to it. This agreement is not intended to constitute a third-party beneficiary contract. The only parties

released by this agreement are the named parties in the Action (and not any parties named solely by fictitious names), and the successors and assigns of the named parties.

**IN WITNESS WHEREOF** the undersigned hereby execute this AGREEMENT on:

July 2, 2004, at Redwood City, California.

Oscar Braun

Oscar Braun, individually and on behalf of
HALF MOON BAY COASTSIDE FOUNDATION

Andrea Braun

Andrea Braun

Bernie Neves

Bernie Neves

COUNTY OF SAN MATEO

Thomas F. Casey III

Thomas F. Casey III
County Counsel, County of San Mateo

APPROVED AS TO FORM:

William R. Warhurst

William R. Warhurst
Hannig Law Firm LLP
Attorneys for Plaintiffs

Miruni Soosaipillai

Miruni Soosaipillai
Deputy County Counsel, County of San Mateo
Attorneys for Defendant