SEYFARTH SHAW LLP
Kenwood C. Youmans (SBN: 68258)
David D. Kadue (SBN: 113578)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Gerald L. Maatman, Jr. *(Pro Hac Vice Pending)*
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603-5803
Telephone: (312) 346-8000
Facsimile: (312) 269-8869

Attorneys for Defendant
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

Apple Inc. v. Psystar Corporation Doc. 2367

| | |
|---|---|
| SHIRLEY "RAE" ELLIS and LEAH HORSTMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br><br>Defendant. | Case No. C04 3341 MHP<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

In response to the First Amended Complaint of Plaintiffs Shirley "Rae" Ellis and Leah Horstman ("Plaintiffs"), Costco Wholesale Corporation ("Defendant") states as follows for its answer and affirmative defenses:

## INTRODUCTION

1. Paragraph 1 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 1 purports to contain any allegations of fact, Defendant denies those allegations, except Defendant admits it operates membership-style stores selling merchandise to the public at wholesale prices.

2. Paragraph 2 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 2 purports to contain any allegations of fact, Defendant denies those allegations.

## JURISDICTION AND VENUE

3. Paragraph 3 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 3 purports to contain any allegations of fact, Defendant denies the same.

4. Paragraph 4 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 4 purports to contain any allegations of fact, Defendant denies those allegations.

## PARTIES

5. Answering paragraph 5, Defendant admits that Plaintiff Ellis is currently employed by Defendant. To the extent that Paragraph 5 purports to contain any additional allegations of fact, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 5, and therefore denies the same.

6. Answering paragraph 6, Defendant admits that Plaintiff Horstman was employed by Defendant until July 2004. Defendant also admits that Plaintiff Horstman resides in Alpine, California.

7. Answering paragraph 7, Defendant admits that it is a Washington corporation with warehouses located in California. Defendant also admits that its headquarters are in Issaquah, Washington.

## CLASS ALLEGATIONS

8. Paragraph 8 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 8 purports to contain any allegations of fact, Defendant denies those allegations.

9. Paragraph 9 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 9 purports to contain any allegations of fact, Defendant denies those allegations.

10. Paragraph 10 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 10 purports to contain any allegations of fact, Defendant denies those allegations.

11. Paragraph 11 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 11 purports to contain any allegations of fact, Defendant denies those allegations.

12. Paragraph 12 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 12 purports to contain any allegations of fact, Defendant denies those allegations.

13. Paragraph 13 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 13 purports to contain any allegations of fact, Defendant denies those allegations.

14. Paragraph 14 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 14 purports to contain any allegations of fact, Defendant denies those allegations.

15. Paragraph 15 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 15 purports to contain any allegations of fact, Defendant denies those allegations.

16. Paragraph 16 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 16 purports to contain any allegations of fact, Defendant denies those allegations.

17. Paragraph 17 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 17 purports to contain any allegations of fact, Defendant denies those allegations.

18. Paragraph 18 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 18 purports to contain any allegations of fact, Defendant denies those allegations.

19. Paragraph 19 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 19 purports to contain any allegations of fact, Defendant denies those allegations.

20. Paragraph 20 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 20 purports to contain any allegations of fact, Defendant denies those allegations.

## COSTCO'S GENERAL PRACTICE OF DISCRIMINATION

21. Answering paragraph 21, Defendant admits that it operates membership stores, mostly under the "Costco Wholesale" name. Defendant admits that it refers to its stores as warehouses. Defendant also admits that it offers three levels of membership. Defendant avers that it is a Fortune 500 Company that currently operates approximately 442 warehouses worldwide, with approximately 327 warehouses located in the United States and Puerto Rico. Defendant avers that it currently has approximately 42 million members covering approximately 23 million households. Defendant also avers that for the fiscal year ending August 31, 2003, it reported $41.69 billion in net sales. Defendant admits that it employs approximately 103,000 people worldwide, including over 78,000 full and part-time employees in the United States. To the extent that Paragraph 21 purports to contain any additional allegations of fact, Defendant expressly denies those allegations.

22. Answering paragraph 22, Defendant admits that, among others, it has the following positions in its warehouses: (1) hourly employees; (2) hourly supervisors; (3) Area Managers and Ancillary Managers; (4) Senior (Staff Level) Managers; (5) Assistant Warehouse Managers; and (6) General Managers. To the extent that Paragraph 22 purports to contain any additional allegations of fact, Defendant expressly denies those allegations.

23. Answering Paragraph 23, Defendant admits that its warehouses typically have one General Manager and that there are no warehouse-level positions with more authority than the General Manager. Defendant avers that General Managers report to the Vice Presidents within the district and region to which the warehouse is assigned. To the extent that Paragraph 23 purports to contain any additional allegations of fact, Defendant expressly denies those allegations.

24. Answering Paragraph 24, to the extent that it contains conclusions of law as opposed to allegations of fact, no answer is required. Defendant also avers that General Managers report to the Vice Presidents within the district and region to which the warehouse is assigned, and avers that it bases promotions on non-discriminatory factors such as merit and experience. Defendant otherwise denies the remaining allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Answering Paragraph 26, Defendant admits that openings in General Manager and Assistant Manager positions are not generally posted. Defendant otherwise denies the remaining allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Paragraph 29 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 29 purports to contain any allegations of fact, Defendant denies those allegations.

**CLAIM OF NAMED PLAINTIFF SHIRLEY "RAE" ELLIS**

30. Answering Paragraph 30, Defendant admits that Plaintiff Ellis was hired as an Assistant Manager in 1998. Defendant also admits that Plaintiff Ellis is currently an Assistant Manager at its Douglas County, Colorado warehouse.

31. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 31, and therefore denies the same.

32. Defendant denies each and every allegation contained in Paragraph 32.

33. Defendant denies each and every allegation contained in the first, second, fourth, fifth, and sixth sentences of Paragraph 33. To the extent that Paragraph 33 purports to contain any additional allegations of fact, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 33, and therefore denies the same, except Defendant admits that Plaintiff Ellis has expressed indefinite interest in promotion to a General Manager position in Southern California and has not been offered a General Manager position in any of approximately 100 California warehouses.

34. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 34, and therefore denies the same.

35. Defendant denies each and every allegation contained in Paragraph 35.

36. Defendant denies each and every allegation contained in Paragraph 36.

37. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 37, and therefore denies the same.

**CLAIM OF NAMED PLAINTIFF LEAH HORSTMAN**

38. Answering Paragraph 38, Defendant admits that Plaintiff Horstman was hired as a "caller" in May 1981. Defendant also admits that Plaintiff Horstman held the position of Receiving Manager at Costco's La Mesa, California warehouse when she left Costco in July 2004.

39. Answering Paragraph 39, Defendant admits that Plaintiff Horstman was a Costco employee for 23 years. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 39, and therefore denies the same.

40. Defendant denies each and every allegation contained in Paragraph 40, except Defendant admits that Plaintiff Horstman has not been offered a position of Assistant Manager.

41. Defendant denies each and every allegation contained in Paragraph 41.

42. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 42, and therefore denies the same.

43. Defendant denies each and every allegation contained in Paragraph 43.

44. Defendant denies that it has discriminated against Plaintiff or the class generally in any manner. To the extent that Paragraph 44 purports to contain any additional allegations of fact, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 44, and therefore denies the same.

## FIRST CLAIM FOR RELIEF

**(Title VII of the Civil Rights Act of 1964
42 U.S.C. §§ 2000(e), et. seq. on behalf of the Title VII class)**

45. Defendant incorporates its answers to Paragraphs 1 through 44 as and for its answer to Paragraph 45.

46. Paragraph 46 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 46 purports to contain any allegations of fact, Defendant denies those allegations.

47. Paragraph 47 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 47 purports to contain any allegations of fact, Defendant denies those allegations.

48. Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 48, and therefore denies the same.

49. Defendant denies each and every allegation contained in Paragraph 49.

50. Defendant denies each and every allegation contained in Paragraph 50.

51. Defendant expressly denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought by Plaintiffs in their First Amended Complaint.

## SECOND CLAIM FOR RELIEF

**(Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000(e), et. seq. on behalf of Title VII class)**

52. Defendant incorporates its answers to Paragraphs 1 through 51 as and for its answer to Paragraph 52.

53. Paragraph 53 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 53 purports to contain any allegations of fact, Defendant denies those allegations.

54. Paragraph 54 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 54 purports to contain any allegations of fact, Defendant denies those allegations.

55. Defendant denies each and every allegation contained in Paragraph 55.

56. Defendant denies each and every allegation contained in Paragraph 56.

57. Paragraph 57 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 57 purports to contain any allegations of fact, Defendant denies those allegations.

58. Defendant expressly denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought by Plaintiffs in their First Amended Complaint.

## THIRD CLAIM FOR RELIEF

**(California Fair Employment And Housing Act, Govt. Code §§ 12940, et. seq. on behalf of California subclass)**

59. Defendant incorporates its answers to Paragraphs 1 through 58 as and for its answer to Paragraph 59.

60. Paragraph 60 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 60 purports to contain any allegations of fact, Defendant denies those allegations.

61. Paragraph 61 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 61 purports to contain any allegations of fact, Defendant denies those allegations.

62. Defendant denies each and every allegation contained in Paragraph 62.

63. Paragraph 63 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 63 purports to contain any allegations of fact, Defendant denies those allegations.

## FOURTH CLAM FOR RELIEF

**(Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000(e), et. seq.)**

64. Defendant incorporates its answers to Paragraphs 1 through 63 as and for its answer to Paragraph 64.

65. Paragraph 65 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 65 purports to contain any allegations of fact, Defendant denies those allegations.

66. Defendant denies each and every allegation contained in Paragraph 66.

67. Defendant denies each and every allegation contained in Paragraph 67.

68. Paragraph 68 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 68 purports to contain any allegations of fact, Defendant denies those allegations.

69. Defendant expressly denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought by Plaintiffs in their First Amended Complaint.

## RELIEF ALLEGATIONS

70. Paragraph 70 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 70 purports to contain any allegations of fact, Defendant denies those allegations.

71. Paragraph 71 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 71 purports to contain any allegations of fact, Defendant denies those allegations.

## DENIAL OF PRAYER FOR PRAYER

Defendant expressly denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought by Plaintiffs in their First Amended Complaint. Defendant generally denies any allegations of Plaintiffs' First Amended Complaint not specifically admitted herein.

In further answer to the First Amended Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant states as follows for its affirmative defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, 42 U.S.C. § 2000e-5, California Code of Civil Procedure § 340, and California Government Code § 12960.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs have delayed inexcusably and unreasonably in the filing of this action, causing substantial prejudice to Defendant and, thus, Plaintiffs' claims are barred by the equitable doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs, by their conduct, are estopped to assert any cause of action against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Scope of Administrative Charge)**

To the extent Plaintiffs have asserted claims that were not raised in a complaint filed with the Equal Employment Opportunity Commission or the California Department of Fair Employment and Housing ("DFEH"), Plaintiffs have failed to exhaust their administrative remedies and such claims are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

To the extent that Plaintiffs make allegations or claims that were not made the subject of a timely complaint filed by or on their behalf with the DFEH as required by California Government Code §§ 12900 et seq., or to the extent Plaintiffs have not received a right-to-sue letter or otherwise exhausted their administrative remedies, the Court lacks jurisdiction with respect to any such allegations or claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs' class claims fail because Plaintiffs lack standing to assert such claims.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant alleges that Plaintiffs are not entitled to recover punitive damages since Defendant cannot be vicariously liable for discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

**TENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

To the extent that Plaintiffs seek punitive damages in their First Amended Complaint, they violate the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Defendant alleges that to the extent Plaintiffs and the class they seek to represent request an award of punitive damages via certification under Rule 23, that request violates Defendant's due process rights under the 14th Amendment as well as under the Rules Enabling Act.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Same Action)**

Defendant alleges that to the extent Plaintiffs and the class they seek to represent prove violations of Title VII or the FEHA, Defendant would have taken the same action in the absence of the impermissible motivating factor. *See* 42 U.S.C. section 2000e-5(g)(B).

WHEREFORE, Defendant prays:

1. That Plaintiffs take nothing by their First Amended Complaint;
2. For attorneys' fees and costs of suit; and
3. For such other and further relief as the Court deems just and proper.

DATED: November 4, 2004

SEYFARTH SHAW LLP

By [signature]
David D. Kadue
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Costco Wholesale Corporation ("Defendant") hereby demands trial by jury on all issues so triable that are raised by Plaintiffs' First Amended Complaint and the Answer of Defendant.

DATED: November 4, 2004

SEYFARTH SHAW LLP

By [signature]
David D. Kadue
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION