Apple Inc. v. Psystar Corporation Doc. 2368

KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JULIE A. ARBUCKLE (CSBN 193425)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7102
Fax: (415) 436-6748

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD MAHTESIAN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN W. SNOW, Secretary of the U.S. Department of Treasury; and THE U.S. DEPARTMENT OF TREASURY,<br><br>Defendants. | No. C 03-5372 MMC (Lead Case)<br><br>DECLARATION OF FRANK L. BUSH |



Dockets.Justia.com

# DECLARATION OF FRANK L. BUSH

I, Frank L. Bush, declare as follows:

1. During the period from May 1999 to August 2004, I was a Supervisory Equal Employment Opportunity Specialist (Technical Advisor), Treasury Complaint Center (Oakland, California) Internal Revenue Service (IRS), Department of the Treasury. I have personal knowledge of the following facts and could competently testify regarding these facts if called to do so.

2. Barbara M. Rizzo, Esq. was employed as an Equal Employment Opportunity Specialist (Investigator), GS-260-12, in my office – the Treasury Complaint Center in Oakland, California during the period from July 28, 2002 to October 25, 2002.

3. In this position with Treasury, Ms. Rizzo had professional responsibilities such as reviewing EEO complaints by Treasury employees, identifying potential witnesses, developing questions for them, and securing signed statements from them. Additionally, she would identify any documentary evidence needed for the investigation, and locate and copy that documentation. As an Equal Employment Opportunity Specialist with Treasury, Ms. Rizzo had the ability to obtain access to confidential information such as the personnel records and job applications of Treasury employees, and EEO complaints filed by Treasury employees and the investigations into those complaints. She also received training on Treasury's internal policies, practices, and procedures for the handling of EEO complaints.

4. I interviewed Ms. Rizzo and recommended that Treasury hire her in 2002. Prior to accepting employment with Treasury, Ms. Rizzo never informed me that she was representing her husband against Treasury, and I had no knowledge of that representation. At no time did Ms. Rizzo ever obtain written informed consent from Treasury allowing her to represent her husband against Treasury.

I declare under penalty of perjury that the foregoing is true and correct on this ___ day of October, 2004 in Oakland, California.

/s/

Frank L. Bush