Apple Inc. v. Psystar Corporation Doc. 2081

Robert L. Rediger, Esq. (Bar No. 109392)
Jessavel Y. Wong, Esq. (Bar No. 178056)
REDIGER, McHUGH & HUBBERT, LLP
555 Capitol Mall, Suite 1540
Sacramento, California 95814
Telephone: (916) 442-0033
Facsimile: (916) 498-1246

Attorneys for Defendant,
HERITAGE MARINA HOTEL, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES LOCAL 2,<br><br>Plaintiff,<br><br>vs.<br><br>VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD, SCHONFELD FAMILY TRUST, HERITAGE MARINA HOTEL LLC and DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | CASE NO. C042388 MHP<br><br>**DEFENDANT HERITAGE MARINA HOTEL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND ITS REQUEST FOR JUDICIAL NOTICE (FRCP Rule 12(b)(6); FRE 201)**<br><br>DATE: December 13, 2004<br>TIME: 2:00 pm.<br>COURTROOM: 15, 18th Floor<br>(The Honorable Judge Marilyn Hall Patel) |

## INTRODUCTION

On June 16, 2004, the Plaintiff HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES LOCAL 2 (hereinafter "LOCAL 2") filed a Complaint for Damages against the Defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST (hereinafter "SCHONFELD DEFENDANTS") and the HERITAGE MARINA HOTEL, LLC (hereinafter "HERITAGE").[1] LOCAL 2 alleges that the

1 A copy of the Complaint is attached hereto as Exhibit A.



Dockets.Justia.com

SCHONFELD DEFENDANTS, through their authorized agents Defendants VISTA INNS MANAGEMENT CO. and/or RPD VAGABOND ASSOCIATES A, LLC, were signatory to a collective bargaining agreement with LOCAL 2 covering the employees at the Vagabond Inn (hereinafter "CBA").[2]

In the Third Claim of LOCAL 2's Complaint (the only claim made against HERITAGE), LOCAL 2 alleges that the SCHONFELD DEFENDANTS entered into a contract with HERITAGE whereby HERITAGE agreed to expressly assume the CBA, that LOCAL 2 was the intended third party beneficiary of said contract under California Civil Code section 1559, and that HERITAGE breached said contract when it failed to abide by the terms of the CBA. Complaint at ¶¶ 35 through 37. HERITAGE now moves to dismiss LOCAL 2's Complaint against HERITAGE pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and in connection therewith, requests that the court take judicial notice of the written contract between HERITAGE and ROBERT SCHONFELD that LOCAL 2 alleges in its Complaint somehow obligates HERITAGE to the CBA.

## STATEMENT OF ISSUES

HERITAGE moves the Court for an order to dismiss the entire action against HERITAGE on the following grounds: (1) the CBA is not binding on HERITAGE even where the CBA contains a successorship clause; (2) LOCAL 2's third claim is preempted by Section 301 of the Labor Management Relations Act; (3) the purchase agreement for the Vagabond Inn does not support LOCAL 2's claim that HERITAGE expressly agreed to assume the CBA; and (4) LOCAL 2 cannot show that it was the intended third party beneficiary of the agreement governing the sale and purchase of the Vagabond Inn.

---

2 A copy of the CBA was attached as Exhibit A to the Complaint.

## STATEMENT OF FACTS

For purposes of HERITAGE's FRCP 12 (b)(6) motion, the facts alleged in the Complaint are assumed true. The SCHONFELD DEFENDANTS owned the Vagabond Inn located at 2550 Van Ness Avenue in San Francisco, California until the property was purchased by HERITAGE in 2003. Complaint at ¶¶ 6-9 and 13. LOCAL 2 is a labor union that represented the employees employed at the Vagabond Inn until sometime in or around January, 2004. Complaint at ¶ 4. The SCHONFELD DEFENDANTS were signatory to a CBA with LOCAL 2 that included a "Successorship Addendum." Complaint at ¶ 15 and Ex. A thereto. HERITAGE purchased the Vagabond Inn from the SCHONFELD DEFENDANTS in or about late 2003. Complaint at ¶ 13. In January, 2004, the SCHONFELD DEFENDANTS transferred ownership of the Vagabond Inn to HERITAGE, which has assumed ownership and management of the Vagabond Inn. Complaint at ¶¶ 21 and 24. HERITAGE has refused to assume the CBA and has replaced the employees who had been represented by LOCAL 2 with employees who are not represented by LOCAL 2. Complaint at ¶ 24.

## ARGUMENT

THE COURT SHOULD GRANT HERITAGE'S FRCP 12(b)(6) MOTION BECAUSE A SUCCESSOR EMPLOYER IS NOT OBLIGATED TO ASSUME A PREDECESSOR EMPLOYER'S LABOR AGREEMENT, LOCAL 2'S COMPLAINT AGAINST HERITAGE IS PREEMPTED BY FEDERAL LABOR LAWS, AND THE ONLY AGREEMENT GOVERNING THE SALE AND PURCHASE OF THE VAGABOND INN DOES NOT SUPPORT LOCAL 2'S CONTENTION THAT HERITAGE EXPRESSLY AGREED TO ASSUME THE CBA OR THAT LOCAL 2 IS AN INTENDED BENEFICIARY OF AN AGREEMENT BETWEEN HERITAGE AND THE SCHONFELD DEFENDANTS

A. The Standards For Granting A Motion Pursuant To FRCP 12 (b)(6)

A motion to dismiss pursuant to FRCP 12(b)(6) must be granted where the complaint fails to state a claim upon which relief can be granted. In evaluating a FRCP 12(b)(6) motion,

the court is not required to accept conclusory legal allegations cast in the form of factual allegations. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994).

A plaintiff with a legally deficient claim cannot survive a motion to dismiss simply by failing to attach a dispositive document on which it relied. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). If a plaintiff does not attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an authentic copy to the court without converting the motion into one for summary judgment. *Ibid.; Swords to Plowshares v. Smith*, 294 F.Supp.2d 1067, 1069-1070 (N.D.Cal. 2002). A defendant may use such referenced document in a FRCP 12(b)(6) motion to show that the document does not support the plaintiff's claim, entitling the defendant to an order of dismissal for failure to state a valid claim. *Branch v. Tunnel,* 14 F.3d 449, 454 (9th Cir. 1994); *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (the court may disregard allegations that contradict facts established by reference to documents of which the court may take notice).

B. <u>The CBA That Had Been In Effect Between The SCHONFELD DEFENDANTS and LOCAL 2 Is Not Binding On HERITAGE, Even Where That CBA Contains A Clause Purporting To Bind A Successor Employer</u>

It has long been established that a successor employer is not bound to a labor agreement that existed between a predecessor employer and the labor organization that represented the employees who were employed at the location. *N.L.R.B. v. Burns Int'l Sec. Serv.,* 406 U.S. 272 (1972) [92 S.Ct. 1571, 32 L.Ed.2d 61]. In addition, the existence of a "successorship clause" in the predecessor employer's collective bargaining agreement will not bind a successor employer to the substantive terms of the predecessor employer's collective bargaining agreement. *Howard Johnson Co., Inc. v. Detroit Local Joint Executive Bd., Hotel & Restaurant Employees & Bartenders Int'l Union, AFL-CIO*, 417 U.S. 249, 258, fn. 3 (1974) [94 S.Ct. 2236, 41 L.Ed2d

46]. In *New England Mechanical, Inc. v. Laborers Local Union 294*, 909 F.2d 1339 (9th Cir. 1990), the Ninth Circuit explained:

> In general, if an employer takes over another business, the employer is not bound by its predecessor's collective bargaining agreements. [Citations omitted.] At most the employer will be required to bargain with any unions that the predecessor employer had recognized. [Citations omitted.] Even then, the new employer will only have a duty to bargain with a union if the new employer is a "successor" employer.

*Id.* at 1342.

In the present case, HERITAGE, alleged as a separate entity from the SCHONFELD DEFENDANTS, assumed ownership and management of the Vagabond Inn. Complaint at ¶ 21. HERITAGE refused to assume the CBA that had been in place between the SCHONFELD DEFENDANTS and LOCAL 2. Complaint at ¶ 24. HERITAGE replaced the employees who had been represented by LOCAL 2 with employees who are not represented by LOCAL 2. Complaint at ¶ 24. In accordance with its well-established right under federal law, HERITAGE was not obligated to adopt the CBA and was entitled to replace the employees who had been represented by LOCAL 2 with employees who were not represented by LOCAL 2. *Howard Johnson, supra* at 260 and 262 (purchaser had the right to decline to hire any of the former employees if it so desired, and it was not obligated to arbitrate its liability under successorship provisions contained in the labor agreement between the predecessor employer and the union). Whether a new employer is a "successor employer" is a question of substantive federal labor law, the resolution of which is committed in the first instance to the National Labor Relations Board. In re Goodman, 873 F.2d 598, 602-603 (2d Cir. 1989), overruled on other grounds, Germain v. Conn. Nat'l Bank, 926 F.2d 191 (2d Cir. 1991); In re Bel Air Chateay Hospital, Inc., 611 F.2d 1248, 1251 (9th Cir. 1979).

C. <u>LOCAL 2's Attempt To Bind HERITAGE To the CBA By Application of California Civil Code Section 1559 Must Fail Because The State Law Is Preempted By Section 301 of the Labor Management Relations Act</u>

LOCAL 2's attempt to bind HERITAGE to the CBA by application of California Civil Code section 1559 (Complaint at ¶ ¶ 34 through 38) is preempted by Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185. Section 301 requires federal pre-emption of state law-based actions where national labor policy would be disturbed by conflicting state interpretations of labor contracts. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451 (1957) [77 S.Ct. 912, 1 L.Ed.2d 972]. Pre-emption occurs when a decision on the state claim "is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) [105 S.Ct. 1904, 85 L.Ed.2d 206]. Pre-emption also occurs when the application of state law to a dispute "requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 407 [108 S. Ct. 1877; 100 L. Ed. 2d 410] (1988). In order to determine whether HERITAGE failed to assume the terms of the CBA (as alleged in the Third Claim of the Complaint), this Court must examine the CBA. *Int'l Bro. Of Elec. Workers v. Hechler*, 481 U.S. 851, 862 (1987) [107 S. Ct. 2161; 95 L. Ed. 2d 791] (finding preemption where in order to determine the union's tort liability, the court had to examine the collective bargaining agreement to ascertain the nature and scope of the union's duty to plaintiff). For example, if LOCAL 2 alleges that HERITAGE breached its agreement by failing to recall certain individuals, as required under the CBA, the Court must examine the CBA to ascertain whether particular individuals had recall rights and are, therefore, entitled to damages.

Section 301 preempts a state claim even where resolution of the state claim will not involve the direct interpretation of a precise term of a collective bargaining agreement, but will require the court to mediate a dispute founded upon rights created by a collective bargaining

agreement. *Jones v. General Motors Corp.*, 939 F.2d 380, 382-383 (6th Cir. 1991). In *Vargas v. Geologistics Ams.,* 284 F.3d 232, 235 (1st Cir. 2002), for example, the court held that a breach of contract claim against a successor employer based on an alleged promise to employees that "the continuity of the acquired rights was guaranteed" was confirmatory of and founded on collective bargaining agreement rights and, therefore, preempted by Section 301. Here, LOCAL 2's breach of contract claim is inextricably intertwined with the terms of a labor contract because the contract upon which the third claim is based arises from the predecessor employer's alleged duties under the Successor Addendum to the CBA.

The application of state law to LOCAL 2's Third Claim will frustrate the body of federal labor law governing the duties of successor employers, which duties have been defined by federal law. *See e.g., Howard Johnson Co., Inc., supra,* 417 U.S. at 264-265. The need for federal uniformity in the interpretation and enforcement of labor contracts and the definition of the duties of successor employers mandate a finding that LOCAL 2 is precluded from evading the preemptive force of federal labor laws by casting its claim against HERITAGE as a state-law contract action.

D. <u>The Purchase Agreement Does Not Support Local 2's Claim That HERITAGE Expressly Agreed To Assume The Local 2 CBA</u>

In the alternative, if LOCAL 2's California Civil Code section 1559 claim is held not to be preempted by Section 301 of the Labor Management Relations Act as argued under C., *supra*, HERITAGE requests that the Court take judicial notice of the purchase agreement for the sale of the Vagabond Inn, which is Exhibit B to this motion. The purchase agreement effectuates the sale and purchase of the Vagabond Inn. The Court may take judicial notice of, and consider, the purchase agreement within the context of a motion to dismiss pursuant to FRCP 12(b)(6). First, the purchase agreement is the exclusive contract governing HERITAGE's purchase of the

Vagabond Inn, LOCAL 2 had notice of such agreement[3], and LOCAL 2 cannot question the authenticity of the document. *Yak v. Bank Brussels Lambert, BBL Holdings Inc.,* 252 F.3d 127, 130-131 (considering consulting agreements in deciding 12(b)(6) motion even though plaintiff did not mention such agreements in her complaint where agreements were integral to her complaint and plaintiff had notice of agreements). Second, judicial notice of the purchase agreement may be taken pursuant to Rule 201 of the Federal Rule of Evidence ("FRE") 201. *In the matter of Clinton Manges,* 29 F.3d 1034, 1042 (5th Cir. 1994) (judicial notice taken of sales agreement).

In its Complaint, LOCAL 2 alleges that the SCHONFELD DEFENDANTS entered into a contract with HERITAGE whereby HERITAGE agreed to expressly assume the CBA. Complaint at ¶¶ 35 through 37. The purchase agreement (Exhibit B), however, does not support LOCAL 2's Third Claim. The purchase agreement contains no language that supports LOCAL 2's bare assertion that HERITAGE expressly assumed the CBA. Paragraph 35 of the purchase agreement contains an integration clause that states:

> All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. . . . Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing signed by Buyer and Seller.

Finally, LOCAL 2 cannot show that it is the intended third party beneficiary of the purchase agreement that effectuated the sale and purchase of the Vagabond Inn. LOCAL 2's Complaint against HERITAGE is premised on California Civil Code section 1559 which provides, "A contract, made expressly for the benefit of a third person, may be enforced by

---

3 On about July 19, 2004, counsel for HERITAGE provided counsel for LOCAL 2 a copy of the purchase agreement for the sale of the Vagabond Inn.

him/her at any time before the parties thereto rescind it."

To recover as a third-party beneficiary, one must show that the contract in question was made expressly for his or her benefit. Cal. Civ. Code, § 1559; *Shutes v. Cheney,* 123 Cal.App.2d 256, 262 [266 P.2d 902] (1954).) "While it is not necessary that the third party be specifically named as a beneficiary . . ., nevertheless . . . "an intent to make the obligation inure to the benefit of the third party must have been clearly manifested by the contracting parties."" *San Francisco v. Western Air Lines, Inc.,* 204 Cal.App.2d 105, 120-121 [22 Cal.Rptr. 216] (1962). The intent to benefit the third person must appear from the terms of the agreement. *Ascherman v. General Reinsurance Corp.* 183 Cal. App. 3d 307, 311 [228 Cal. Rptr. 1] (1986). Exhibit B does not contain any language showing that LOCAL 2 is an intended beneficiary of the purchase agreement.

## CONCLUSION

Based on the foregoing, HERITAGE requests that the Court grant its motion to dismiss pursuant to FRCP 12(b)(6) and issue an order dismissing it from this action with prejudice.

Dated: November 8, 2004.

**REDIGER, McHUGH & HUBBERT, LLP**

By______________________
JESSAVEL Y. WONG
Attorneys for Defendant,
HERITAGE MARINA HOTEL, LLC