# EXHIBIT K

Dockets.Justia.com

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

Please provide the requested information for the following questions, pursuant to the definitions and instructions provided below:

## Question No. 1:

### Question No. 1a:
Please provide all documents concerning any negotiations between SET and SoCalGas for the purchase or sale of natural gas, transportation services, hub services, or storage services during the Discovery Period.

### Question No. 1b:
Please provide all documents concerning any transaction between SET and SoCalGas for the purchase or sale of natural gas, transportation services, hub services, or storage services during the Discovery Period.

### Question No. 1c:
Please provide all audio recordings of conversations between SET directors, officers, or employees and SoCalGas directors, officers, or employees concerning the purchase or sale of natural gas, transportation services, hub services, or storage services during the Discovery Period.

### Question No. 1d:
Please provide all documents concerning the operation of SoCalGas' gas transmission system during the Discovery Period.

### Question No. 1e:
Please provide all documents concerning SoCalGas' summer and winter balancing rules (e.g. OFOs, overnomination events, etc.), used during the Discovery Period.

### Question No. 1f:
Please provide all documents concerning SoCalGas Gas Acquisition (core procurement) department's procurement activities during the Discovery Period.

### ). 1g:
.e all documents concerning SoCalGas Gas Acquisition ment) department's use of storage during the Discovery

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

Period.

<u>**Question No. 1h:**</u>
Please provide all documents concerning SoCalGas' implementation of the Gas Cost Incentive Mechanism during the Discovery Period.

<u>**Question No. 1i:**</u>
Please provide all documents concerning any imbalance trades done with SoCalGas during the Discovery Period.

<u>**Question No. 1j:**</u>
Please provide all documents concerning any transactions done with SoCalGas in order to avoid imbalance penalties during the Discovery Period.

<u>**Question No. 2:**</u>

<u>**Question No. 2a:**</u>
Please provide all documents analyzing the natural gas prices that existed at the California Border during the Discovery Period.

<u>**Question No. 2b:**</u>
Please provide all documents concerning the natural gas price spikes that existed at the California Border during the Discovery Period.

<u>**Question No. 2c:**</u>
Please provide all documents concerning any alleged gas price manipulation in California physical and forward gas markets by any entity during the Discovery Period.

<u>**Question No. 3:**</u>

Deleted

<u>**Question No. 4:**</u>

<u>**Question No. 4a:**</u>
Please provide all documents concerning the effect of Enron or Enron On-Line on California physical and forward gas markets and prices during the Discovery Period.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

**Question No. 4b:**
Please provide all documents concerning the use of Enron On-Line by Enron or other market participants to manipulate, impact, or affect California physical or forward gas market prices during the Discovery Period.

**Question No. 5:**

Deleted

**Question No. 6:**

Please provide all documents concerning SET's misreporting of information to any gas trade publication during the Discovery Period.

**Question No. 7:**

Please provide all documents concerning SET's engaging in wash trading in California physical and forward gas markets during the Discovery Period.

**Question No. 8:**

**Question No. 8a:**
Please provide all documents provided to any state or government agency concerning the reporting of gas price information to gas trade publications during the Discovery Period.

**Question No. 8b:**
Please provide all documents provided to any state or government agency concerning the reporting of SET's engaging in wash trading in California physical and forward gas markets during the Discovery Period.

**Question No. 9:**

Please provide all instructions or guidelines provided to or circulated by SET's traders about gas purchasing in California physical or forward gas markets.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

**Question No. 10:**

Please provide all documents concerning SET's strategies for purchasing natural gas in California physical gas markets during the Discovery Period (1) to supply other market participants or end-users, (2) to supply generating plants owned by your company or affiliated companies that serve California, (3) as part of a gas supply portfolio used for general trading purposes in California gas markets, or (4) to repay gas loaned from SoCalGas, PG&E, or other California gas market participants.

**Question No. 11:**

Please provide all documents concerning SET's strategies for purchasing or utilizing gas storage in California during the Discovery Period.

**Question No. 12:**

Deleted

**Question No. 13:**

Please provide all documents concerning SET's strategies for contracting for or utilizing interruptible interstate pipeline capacity on the El Paso Natural Gas, Transwestern, Kern River, Mojave and PG&E Gas Transmission Northwest pipelines during the Discovery Period.

**Question No. 14:**

Please provide all daily, weekly, monthly, and quarterly position reports for SET's natural gas trades in California physical and forward gas markets during the Discovery Period.

**Question No. 15:**

[Electronic] Please provide the following data for gas purchases and sales in or around California (including, but not limited to, purchases and sales at Topock, Needles, Daggett, Ehrenberg, Blythe, Kern River Station, PG&E City Gate, Malin, and California in-state production) during the Discovery Period:

(a) Price

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

(b) Whether the price was fixed or indexed, and for indexed transactions, which index was used
(c) Whether the transaction was a purchase or a sale
(d) Counterparty name
(e) Quantity
(f) Term (start date and end date)
(g) Date of agreement
(h) Location

For any transactions that extend beyond one month, please provide price and quantity data by month.

**Question No. 16:**

[Electronic] Please provide the following data for gas purchases and sales in Western producing basins (including purchases and sales in the Permian, San Juan, Anadarko, Rocky Mountain and Western Canadian Sedimentary basins) for delivery into California during the Discovery Period:

(a) Price
(b) Whether the price was fixed or indexed, and for indexed transactions, which index was used
(c) Whether the transaction was a purchase or a sale
(d) Counterparty name
(e) Quantity
(f) Term (start date and end date)
(g) Date of agreement
(h) Location

For any transactions that extend beyond one month, please provide price and quantity data by month.

**Question No. 17:**

Deleted

**Question No. 18:**

[Electronic] Please provide the following transaction data for each gas futures, forward, or option contract or any other hedging instrument with a settlement location in the San Juan Basin, Permian Basin, Anadarko Basin,

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

within California, or at the California border during the Discovery Period:

(a) Type of instrument
(b) Transaction date
(c) Settlement date
(d) Purchase price
(e) Settlement price
(f) Quantity
(g) Settlement location
(h) Gain or loss
(i) Other relevant data (strike price for options contracts, options premiums, etc.)

**Question No. 19:**

Deleted

**Question No. 20:**

Deleted

**Question No. 21:**

Deleted

**Question No. 22:**

Deleted

**Question No.23:**

Deleted

**Question No. 24:**

Deleted

**Question No. 25:**

**Question No. 25a:**
[Electronic] Please provide your imbalance positions by day on the

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

SoCalGas and PG&E systems during the Discovery Period.

**<u>Question No. 25b:</u>**
Please provide your month ending imbalance positions on the SoCalGas and PG&E systems for each month during the Discovery Period.

**<u>Question No. 26:</u>**

[Electronic] Please provide the amount of all daily imbalance penalties that you incurred on the SoCalGas and PG&E systems separately by day for each day in which you incurred imbalance penalties during the Discovery Period.

**<u>Question No. 27:</u>**

Please provide the amount of all monthly imbalance penalties that you incurred on the SoCalGas and PG&E systems separately by month for each month in which you incurred imbalance penalties during the Discovery Period.

**<u>Question No. 28:</u>**

[Electronic] Please provide the following data for all imbalance trades on the SoCalGas or PG&E systems during the Discovery Period:
(a) Price
(b) Counterparty
(c) Quantity
(d) Transaction date
(e) Location (SoCalGas system or PG&E system)

**<u>Question No. 29:</u>**

Please provide organizational charts for SET's trading operations during the Discovery Period. The chart should identify by name and title the individuals involved in SET's trading operations and provide job descriptions for each position.

**<u>Question No. 30:</u>**

Please provide all documents discussing or analyzing the El Dorado power

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

plant's effect on California gas or electricity markets during the Discovery Period.

**Question No. 31:**

**Question No. 31a:**
Please provide all documents concerning any role that SET had in procuring natural gas for use by the El Dorado plant during the Discovery Period.

**Question No. 31b:**
Please provide all documents concerning any agreement under which SET procured natural gas or acted as the fuel supply agent for the El Dorado plant during the Discovery Period.

**Question No. 32:**

Deleted

**Question No. 33:**

**Question No. 33a:**
Please provide all documents prepared by SET (e.g any communications, emails, memos, presentations, and reports prepared by SET) that were sent, presented, or made available to SoCalGas during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward gas markets (including risk management issues). Nominations made using GasSelect may be excluded from your response.

**Question No. 33b:**
Please provide all documents prepared by SET (e.g any communications, emails, memos, presentations, and reports prepared by SET) that were sent, presented, or made available to SDG&E during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward gas markets (including risk management issues). Nominations made using GasSelect may be excluded from your response.

**Question No. 34:**

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

<u>Question No. 34a:</u>
Please provide all documents prepared by SoCalGas (e.g. communications, emails, memos, presentations, and reports prepared by SoCalGas) that were sent, presented, or made available to SET during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward gas markets (including risk management issues). Communications through GasSelect that are made to all SoCalGas shippers may be excluded from your response.

<u>Question No. 34b:</u>
Please provide all documents prepared by SDG&E (e.g. communications, emails, memos, presentations, and reports prepared by SDG&E) that were sent, presented, or made available to SET during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward gas markets (including risk management issues). Communications through GasSelect that are made to all SDG&E shippers may be excluded from your response.

<u>Question No. 35:</u>

Please provide all documents prepared by Sempra (e.g.communications, emails, memos, presentations, and reports by Sempra) that were sent, presented, or made available to SET during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward gas markets (including risk management issues).

<u>Question No. 36:</u>

Please provide all documents prepared by SET (e.g any communications, emails, memos, presentations, and reports prepared by SET) that were sent, presented, or made available to Sempra during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward gas markets (including risk management issues).

<u>Question No. 37:</u>

Deleted

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

**Question No. 38:**

Please provide all daily or periodic risk management reports, net open position reports or statistics, and value at risk reports or statistics pertaining to SET's natural gas trades in California physical and forward gas markets during the Discovery Period.

**Question No. 39:**

Please provide SET's risk management policies, procedures, guidelines, strategies, targets or goals during the Discovery Period.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

## DEFINITIONS

As used in this Request, the following terms have the meanings indicated:

1. The word "Document" shall include, but is not limited to, all physical or tangible things, including any and all writings, printed matter, correspondence, transcripts, minutes, telegrams, cables, telexes, video or audio tapes, recordings, films, photographs, negatives, memoranda, work papers, outlines, notes, doodles, drafts, press releases, news articles, diaries, employment records, time records, logs, statements, evaluations, appraisals, studies, ledgers, journals, books, records of account, registers, contracts, receipts, invoices, shipping slips, tax returns, reports, evaluations, dockets, filings and any other copy of whether sent or received. The term "document" shall also include any other form of reporting, storing, maintaining, or indexing such, information including, but not limited to, electronic storage, digital storage, shorthand notes, diagrams, magnetic card, e-mail or other information capable of reduction to or retrieval into tangible copy. The term "document" shall include any copy of any document to extent that such copy is not identical to the original.

2. The term "**[Electronic]**" prior to a data request question shall mean that the Documents sought in that particular data request are to be produced in electronic form on a Compact Disc ("CD"). The contents of the CD shall be organized in a fashion that identifies the data contained within the CD by the number of the data request question to which that data is responsive.

3. The use of any singular or plural shall include both the singular and the plural. The use of any word connoting gender (such as he, she or it) shall include all genders.

4. The term "Sempra" refers to Sempra Energy Corporation and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

5. The term "SoCalGas" refers to Respondent Southern California Gas Company and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

6. The term "SDG&E" refers to Respondent San Diego Gas and Electric Company and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

7. The term "SET" refers to Sempra Energy Trading and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

8. The term "SER" refers to Sempra Energy Resources and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

9. The term "SCE" refers to Southern California Edison Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

10. The term "CPUC" refers to the California Public Utilities Commission and any of its divisions (including but not limited to the Office of Ratepayer Advocates ("ORA") and the Energy Division), representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

11. The term "GCIM" refers to Applications and other proceedings before the CPUC that pertain to the Gas Cost Incentive Mechanism of SoCalGas.

12. The term "Subject Period" refers to the time period from March 2000 through May 2001.

13. The term "Discovery Period" refers to the time period from April 1, 1998 through May 31, 2002, inclusive.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

14. The term "California Border" refers to the following natural gas delivery points along the California border: Topock, Needles, Ehrenberg, Blythe, Daggett, and Kern River Station.

15. The term "El Paso" refers to the El Paso Natural Gas Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

16. The term "EPME" refers to El Paso Merchant Energy and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

17. The term "identify" when used herein with respect to a person means to state the name, employer during the Discovery Period and title or titles during the Discovery Period of such person and whether the person is currently employed by Sempra or an affiliate of Sempra.

18. The term "Transwestern" refers to the Transwestern Pipeline Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

19. The term "Mojave" refers to the Mojave Pipeline Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

20. The term "Kern River" refers to the Kern River Gas Transmission and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

21. The term "Gas Acquisition" refers to the SoCalGas Gas Acquisition Department or its successor entity.

22. The term "Gas Operations" refers to the SoCalGas Gas Operations Department or its successor entity.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

23. The term "California Production Sources" refers to any production area in the state of California which has the ability to deliver pipeline quality gas supplies into the SoCalGas pipeline system.

24. The phrases "California physical and forward gas markets," "California gas markets" and the like refer to the California natural gas market, which includes the wholesale natural gas market in: 1) the state of California and 2) Western US natural gas markets that deliver to California Border.

25. The term "concerning" as used herein means "constituting, referring to, memorializing, mentioning, discussing, explaining, analyzing summarizing or otherwise evidencing."

## INSTRUCTIONS

1. If any document request would call for an unduly burdensome production, Respondent should indicate the nature of the burden and propose a less burdensome alternative to provide the same information. SCE stands ready to meet and confer regarding same.

2. If any requested document is not or cannot be produced, it should be produced to the extent possible, and Respondent should indicate what document or portion of any such document is not or cannot be produced and the reason why it cannot be produced.

3. In producing Documents, Respondent should produce the original of each document requested together with all non-identical copies and drafts of that document including all copies which bear any marginalia, mark or notation not present on the original.

4. All Documents should be produced in the file, folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, copies of all labels or other identifying markings should be produced.

5. Documents attached to each other should not be separated.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-01**
Dated: 10/31/03

6. Documents not otherwise responsive to this request shall be produced if such Documents refer to, describe, or explain the attached Documents called for by this request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.

7. If Respondent claims that the attorney-client privilege, work-product doctrine or any other privilege is applicable to any Documents, it should provide the following information with respect to each such document:

a. the date of the document;
b. the identity of each and every author of the document;
c. the identity of each person who participated in the preparation of the document;
d. the identity of each and every person who received the document;
e. the identity of each and every person from whom the document was received; and
f. a description of the subject matter of the document, and each and every fact supporting the claim of privilege.

8. This Data Request shall be construed to encompass responsive Documents, wherever located, in the custody, possession or control of SoCalGas or its agent, employees, representatives, attorneys, accountants, or other persons acting or purporting to act on its behalf.

Prepared By: Leon Bass, Jr., Esq.
Title: Senior Attorney
Southern California Edison Company

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

Please provide the information requested in the following questions, pursuant to the definitions and instructions provided:

**<u>Question No. 1:</u>**

[Electronic] Please provide the following data for electricity purchases and sales in or around California (including, but not limited to, purchases and sales at SP15, NP15, Palo Verde, Mead, COB, NOB, Four Corners, and Mid-Columbia) during the Subject Period:

(a) Price
(b) Whether the price was fixed or indexed, and for indexed transactions, which index was used
(c) Whether the transaction was a purchase or a sale
(d) Counterparty name
(e) Quantity
(f) Term (start date and end date)
(g) Date of agreement
(h) Location

For any transactions that extend beyond one month, please provide price and quantity data by month.

**<u>Question No. 2:</u>**

[Electronic] Please provide the following transaction data for each electricity futures, forward, or option contract or any other hedging instrument with a settlement location in or around California (including, but not limited to, SP15, NP15, Palo Verde, Mead, COB, NOB, Four Corners, and Mid-Columbia) during the Subject Period:

(a) Type of instrument
(b) Transaction date
(c) Settlement date
(d) Purchase price
(e) Settlement price
(f) Quantity
(g) Settlement location
(h) Gain or loss

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

(i) Other relevant data (strike price for options contracts, options premiums, etc.)

**Question No. 3:**

**Question No. 3a:**

Please provide all documents concerning SET's role or strategy in scheduling or marketing the output of the El Dorado plant during the Discovery Period.

**Question No. 3b:**

Please provide all documents concerning any agreements under which SET scheduled or marketed electricity produced by the El Dorado plant during the Discovery Period.

**Question No. 4:**

[Electronic] Please provide, on a day-to-day basis during the Subject Period, Sempra Energy Trading's internal 24-month ahead (or as many months as available if less than 24) forward monthly electricity price curves for electricity markets in and around California (including, but not limited to, SP15, NP15, Palo Verde, Mead, COB, NOB, Four Corners, and Mid-Columbia). These curves should represent curves developed or used internally by Sempra Energy Trading based on vendor-supplied forward prices.

**Question No. 5:**

Please provide all documents that characterize relationship between California gas and electric markets during the Discovery Period. (Your response should include, but not be limited to, all documents that discuss or analyze the effects of gas market conditions (including gas prices, alleged gas price manipulation in the California physical and forward gas markets, or the behavior of other participants in the California physical and forward gas markets) on electricity markets, and the effects of electricity market conditions (including electricity prices, changes in electricity price caps, alleged electricity price manipulation in the California physical and forward

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

gas markets, or the behavior of other participants in the California physical and forward electricity markets) on gas markets.)

**Question No. 6:**

Please provide all documents concerning the effect of SoCalGas' activities in California physical and forward gas markets on California physical and forward electricity markets during the Discovery Period.

**Question No. 7:**

Please provide all documents prepared by SET (e.g. communications, emails, memos, presentations, and reports prepared by SET) that were sent, presented, or made available to SoCalGas or SDG&E during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward electricity markets (including risk management issues). Communications made through SoCalGas' GasSelect system may be excluded from your response.

**Question No. 8:**

Please provide all documents prepared by SoCalGas or SDG&E (e.g. communications, emails, memos, presentations, and reports prepared by SoCalGas or SDG&E) that were sent, presented, or made available to SET during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward electricity markets (including risk management issues). Communications made through SoCalGas' GasSelect system may be excluded from your response.

**Question No. 9:**

Please provide all documents prepared by Sempra (e.g. communications, emails, memos, presentations, and reports prepared by Sempra) that were sent, presented, or made available to SET during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward electricity markets (including risk management issues).

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

**Question No. 10:**

Please provide all documents prepared by SET (e.g. communications, emails, memos, presentations, and reports prepared by SET) that were sent, presented, or made available to Sempra during the Discovery Period, concerning market conditions or any Sempra subsidiary's plans in California physical and forward electricity markets (including risk management issues).

**Question No. 11**

**Question No. 11a:**

Please provide the financial results, by month, for SET's activities in California gas and electricity markets during the Discovery Period.

**Question No. 11b:**

Please provide all documents concerning the financial results, by month, for SET's activities in California gas and electricity markets that were presented to senior management of SET during the Discovery Period.

**Question No. 11c:**

Please provide all documents concerning the financial results, by month, for SET's activities in California gas and electricity markets that were presented to senior management of Sempra during the Discovery Period.

**Question No. 12:**

Please provide all documents concerning:

a) California electricity market conditions;
b) California gas market conditions;
c) El Paso's affect on the California gas market;
d) Enron's affect on the California gas market;
e) SoCalGas' affect on the California gas market;
f) Likely future prices in the California gas markets;

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

g) Likely future prices in the California electricity markets;
h) SET's current trading practices (e.g. as contained in a position report;
i) SET's plans for future trading positions in gas or electric industries;
j) SET's requests for exceptions to its risk management limits; or
k) SET;s pursuit of new gas or electricity sales

that were sent by SET traders, analysts, or managers in California markets to Mark Randle or vice versa during the Discovery Period.

**Question No. 13:**

Please provide all analysis reports that summarize SET's activities in California physical or forward gas and electricity markets during the Discovery Period that were prepared for David Messer (or his predecessor), President of Sempra Energy Trading, Steven Prince (or his predecessor), Chairman and Chief Executive Officer, Sempra Energy Trading, Donald Felsinger (or his predecessor), Group President of Sempra Energy Global Enterprises, or Mark Randle (or his predecessor), Vice President of Energy Risk Management, Sempra Energy.

**Question No. 14:**

Please identify all regularly scheduled meetings at SET that took place during the Discovery Period. Indicate the purpose of the meeting, the participants (including title) and indicate whether meeting minutes were recorded. Please also indicate whether any employees of Sempra (outside of Sempra Energy Trading) were present.

**Question No. 15:**

Please provide all meeting minutes and the handouts or other documents provided for those meetings identified in the previous question concerning SET's activities in California physical or forward gas and electricity markets (including risk management issues) during the Discovery Period.

**Question No. 16:**

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

Deleted

**Question No. 17:**

Please identify the individuals at Sempra Energy Trading responsible for negotiating the following types of transactions during the Discovery Period:

a) purchases and sales of natural gas (physical) at the California border and within California
b) purchases and sales of natural gas (physical) in the San Juan, Permian, Rocky Mountain, and Western Canadian supply areas
c) purchases and sales of natural gas (financials/derivatives-including future, forward, swap, and option contracts) at the California border and within California
d) purchases and sales of natural gas (financials/derivatives-including future, forward, swap, and option contracts) in the San Juan, Permian, Rocky Mountain, and Western Canadian supply areas
e) purchases and sales of electricity (physical) in or around California (including, but not limited to purchases and sales at SP15, NP15, Palo Verde, Mead, COB, NOB, Four Corners, and Mid-Columbia).
f) purchases and sales of electricity (financials/derivatives-including future, forward, swap, and option contracts) in or around California (including, but not limited to purchases and sales at SP15, NP15, Palo Verde, Mead, COB, NOB, Four Corners, and Mid-Columbia).

**Question No. 18:**

Please provide the name and title of the Sempra Energy Trading manager who oversees each of the employees specified in response to Question No. 17.

**Question No. 19:**

Are the individuals specified in your response to Question No. 17 permitted to implement trading positions without approval from their manager(s) specified in your response to Question No. 18?

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

**Question No. 20:**

Do the individuals specified in your response to Question No. 17 have to justify or provide the rationale to their manager for the trading positions they take? If so, please provide the documents that justify or provide the rationale for trading positions taken during the Discovery Period in California physical or forward gas and electricity markets.

**Question No. 21:**

Are the individuals specified in your response to Question No. 18 permitted to implement trading positions without approval from their manager(s)?

**Question No. 22:**

Do the individuals specified in your response to Question No. 18 have to justify or provide the rationale to their manager for the trading positions they take? If so, please provide the documents that justify or provide the rationale for trading positions taken during the Discovery Period in California physical or forward gas and electricity markets.

**Question No. 23:**

Does SET have to justify or provide the rationale to any employees of Sempra (corporate) or Sempra Energy Global Enterprises for the trading positions it takes? If so, please provide the documents that justify or provide the rationale for trading positions taken during the Discovery Period in California physical or forward gas and electricity markets.

**Question No. 24:**

Please provide the name and title of the SET employees who receive daily monitoring reports that track SET's California. natural gas and power trading positions (market-to-market, value-at-risk, or other measures of the value of these portfolios). If any Sempra employees (outside of Sempra Energy Trading) receive the reports, please provide their name and titles.

**Question No. 25:**

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

Please provide the name and title of the SET employees who have ultimate responsibility for approving the trading positions taken in SET's California natural gas and power portfolios.

**Question No. 26:**

Please provide the name and title of the Sempra Energy (corporate) employees who are notified, or participate in the approval process or design of the trading positions taken in SET's California natural gas and power portfolios.

**Question No. 27:**

Do the individuals listed in your response to Question No. 26 have the authority to request changes to the trading positions taken by SET?

**Question No. 28:**

Please provide the instructions and guidelines concerning electricity purchasing in California physical or forward electricity markets provided to SET's traders who bought, sold, traded, or otherwise transacted in California physical or forward electricity markets.

**Question No. 29:**

Please provide all documents concerning SET's strategies for purchasing or selling electricity in California physical electricity markets during the Discovery Period to supply other market participants or end-users or as part of an electricity supply portfolio used for general trading purposes in California electricity markets.

**Question No. 30:**

Please provide all daily, weekly, monthly, and quarterly position reports for your electricity trades in western US electricity markets during the Discovery Period.

**Question No. 31:**

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

Please provide all daily or periodic risk management reports, net open position reports or statistics, and value at risk reports or statistics pertaining to Sempra Energy Trading's electricity trades in Western U.S. physical and forward electricity markets during the Discovery Period.

**<u>Question No. 32:</u>**

Deleted

**<u>Question No. 33:</u>**

Please provide all presentations (including attachments, handouts, etc.) made by employees of Sempra Energy Trading to senior management of Sempra Energy or to Donald Felsinger during the Discovery Period concerning SET's activities in California physical and forward gas and/or electricity markets (include all presentations made after the Discovery Period that refer to activities during the Discovery Period).

**<u>Question No. 34:</u>**

Please provide all presentations (including attachments, handouts, etc.) to senior management of Sempra Energy Trading during the Discovery Period concerning SET's activities in California physical and forward gas and/or electricity markets (include all presentations made after the Discovery Period that refer to activities during the Discovery Period).

## DEFINITIONS

As used in this Request, the following terms have the meanings indicated:

1. The word "Document" shall include, but is not limited to, all physical or tangible things, including any and all writings, printed matter, correspondence, transcripts, minutes, telegrams, cables, telexes, video or audio tapes, recordings, films, photographs, negatives, memoranda, work papers, outlines, notes, doodles, drafts, press releases, news articles, diaries, employment records, time records, logs, statements, evaluations, appraisals,

studies, ledgers, journals, books, records of account, registers, contracts, receipts, invoices, shipping slips, tax returns, reports, evaluations, dockets, filings and any other copy of whether sent or received. The term "document" shall also include any other form of reporting, storing, maintaining, or indexing such, information including, but not limited to, electronic storage, digital storage, shorthand notes, diagrams, magnetic card, e-mail or other information capable of reduction to or retrieval into tangible copy. The term "document" shall include any copy of any document to extent that such copy is not identical to the original.

2. The term "**[Electronic]**" prior to a data request question shall mean that the Documents sought in that particular data request are to be produced in electronic form on a Compact Disc ("CD"). The contents of the CD shall be organized in a fashion that identifies the data contained within the CD by the number of the data request question to which that data is responsive.

3. The use of any singular or plural shall include both the singular and the plural. The use of any word connoting gender (such as he, she or it) shall include all genders.

4. The term "Sempra" refers to Sempra Energy Corporation and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

5. The term "SoCalGas" refers to Respondent Southern California Gas Company and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

6. The term "SDG&E" refers to Respondent San Diego Gas and Electric Company and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

7. The term "SET" refers to Sempra Energy Trading and its divisions, representatives, assigns and each of their present and former

officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

8. The term "SER" refers to Sempra Energy Resources and its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

9. The term "SCE" refers to Southern California Edison Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

10. The term "CPUC" refers to the California Public Utilities Commission and any of its divisions (including but not limited to the Office of Ratepayer Advocates ("ORA") and the Energy Division), representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

11. The term "GCIM" refers to Applications and other proceedings before the CPUC that pertain to the Gas Cost Incentive Mechanism of SoCalGas.

12. The term "Subject Period" refers to the time period from March 2000 through May 2001.

13. The term "Discovery Period" refers to the time period from April 1, 1998 through May 31, 2002, inclusive.

14. The term "California Border" refers to the following natural gas delivery points along the California border: Topock, Needles, Ehrenberg, Blythe, Daggett, and Kern River Station.

15. The term "El Paso" refers to the El Paso Natural Gas Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

16. The term "EPME" refers to El Paso Merchant Energy and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

17. The term "identify" when used herein with respect to a person means to state the name, employer during the Discovery Period and title or titles during the Discovery Period of such person and whether the person is currently employed by Sempra or an affiliate of Sempra.

18. The term "Transwestern" refers to the Transwestern Pipeline Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

19. The term "Mojave" refers to the Mojave Pipeline Company and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

20. The term "Kern River" refers to the Kern River Gas Transmission and any of its divisions, representatives, assigns and each of their present and former officers, directors, employees, agents, attorneys and other persons acting or purporting to act on any of their behalf.

21. The term "Gas Acquisition" refers to the SoCalGas Gas Acquisition Department or its successor entity.

22. The term "Gas Operations" refers to the SoCalGas Gas Operations Department or its successor entity.

23. The term "California Production Sources" refers to any production area in the state of California which has the ability to deliver pipeline quality gas supplies into the SoCalGas pipeline system.

24. "California physical and forward gas markets" or "California gas markets" (or the like) includes the wholesale natural gas market in: (1) the

state of California, and (2) the Western US natural gas markets that deliver to the California Border.

25. The term "concerning" as used herein means "constituting, referring to, memorializing, mentioning, discussing, explaining, analyzing, summarizing or otherwise evidencing."

## INSTRUCTIONS

2. If any document request would call for an unduly burdensome production, Respondent should indicate the nature of the burden and propose a less burdensome alternative to provide the same information. SCE stands ready to meet and confer regarding same.

3. If any requested document is not or cannot be produced, it should be produced to the extent possible, and Respondent should indicate what document or portion of any such document is not or cannot be produced and the reason why it cannot be produced.

4. In producing Documents, Respondent should produce the original of each document requested together with all non-identical copies and drafts of that document including all copies which bear any marginalia, mark or notation not present on the original.

5. All Documents should be produced in the file, folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, copies of all labels or other identifying markings should be produced.

6. Documents attached to each other should not be separated.

7. Documents not otherwise responsive to this request shall be produced if such Documents refer to, describe, or explain the attached Documents called for by this request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.

8. If Respondent claims that the attorney-client privilege, work-product doctrine or any other privilege is applicable to any Documents, it should provide the following information with respect to each such document:

*SOUTHERN CALIFORNIA EDISON COMPANY*
*ORDER INSTITUTING INVESTIGATION*
*I.02-11-040*
**Amended Data Request No.**
**SCE-SEMPRA ENERGY TRADING-02**
Dated: 10/31/03

a. the date of the document;
b. the identity of each and every author of the document;
c. the identity of each person who participated in the preparation of the document;
d. the identity of each and every person who received the document;
e. the identity of each and every person from whom the document was received; and
f. a description of the subject matter of the document, and each and every fact supporting the claim of privilege.

8. This Data Request shall be construed to encompass responsive Documents, wherever located, in the custody, possession or control of SoCalGas or its agent, employees, representatives, attorneys, accountants, or other persons acting or purporting to act on its behalf.

**Prepared By:** **Leon Bass, Jr., Esq.**
**Title:** **Senior Attorney**
**Southern California Edison Company**

# EXHIBIT L

**CPUC OII I.02-11-040**
**Document Productions to Southern California Edison**
**By Sempra Energy Trading Corp. through 11/10/04**

| BATES RANGE: | PRODUCTION: | DATE: |
|---|---|---|
| SET 00001 – SET 00508 | To SCE 552641-0089 (CPUC) #00001 – 00012 on CD | 11/24/03 |
| SET 0001a, SET 00004a and SET 509 | To SCE 552641-0089 (CPUC) | 01/13/04 |
| SET 00007a | To SCE 552641-0089 (CPUC) | 02/10/04 |
| SET 00510 – SET 00546 | To SCE 552641-0089 (CPUC) | 02/17/04 |
| SET 00001b – SET 00004b and SET 00547 | To SCE 552641-0089 (CPUC) | 02/20/04 |
| SET 00548 and SET 00549 | To SCE 552641-0089 (CPUC) | 02/27/04 |
| SET 01017 – SET 01585 | To SCE 552641-0089 (CPUC) | 03/08/04 |
| SET 01586 – SET 01656 | To SCE 552641-0089 (CPUC) | 03/09/04 |
| SET 01657 – SET 05987 | To SCE 552641-0089 (CPUC) | 03/22/04 |
| SET 05988 – SET 06056 | To SCE 552641-0089 (CPUC) | 03/22/04 |
| SET 05988 | To SCE 552641-0089 (CPUC) (CD) | 03/26/04 |
| SET 06057 | To SCE 552641-0089 (CPUC) (CD) | 04/08/04 |
| SET 06058 – SET 06191 | To SCE 552641-0089 (CPUC) | 04/07/04 |
| SET 06192 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 04/14/04 |
| SET 06193 – SET 08078 | To SCE 552641-0089 (CPUC) | 04/23/04 |
| SET 08079 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 05/03/04 |
| SET 08080 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 05/06/04 |
| SET 08081 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 05/14/04 |
| SET 08082 | To SCE 552641-0089 (CPUC) (CD of sound files) | 05/20/04 |

**CPUC OII I.02-11-040**
**Document Productions to Southern California Edison**
**By Sempra Energy Trading Corp. through 11/10/04**

| BATES RANGE: | PRODUCTION: | DATE: |
|---|---|---|
| SET 08083 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 06/10/04 |
| SET 08084 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 06/10/04 |
| SET 08085 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 07/07/04 |
| SET 08086 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 07/26/04 |
| SET 08087 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 07/26/04 |
| SET 08088 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 07/26/04 |
| SET 08089 – SET 08362 | To SCE 552641-0089 (CPUC) | 08/30/04 |
| SET 08363 – SET 19388 | To SCE 552641-0089 (CPUC) | 09/20/04 |
| SET 19389 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 10/15/04 |
| SET 19390 – SET 21624 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 10/19/04 |
| SET 21625 | To SCE 552641-0089 (CPUC) (Dolphin CD) | 11/03/04 |