Apple Inc. v. Psystar Corporation Doc. 2399 Att. 6



# STROOCK

*Via Overnight Mail*

September 3, 2004

Alan Z. Yudkowsky
Direct Dial 310-556-5829
AYudkowsky@stroock.com

California Court of Appeal
First Appellate District, Division Two
350 McAllister Street
San Francisco, California 94102

Re: Sempra Energy Trading Corp. v. The Public Utilities Commission of the State of California, Case No. A107476

To the Honorable Presiding Justice and Associate Justices:

I write, on behalf of Sempra Energy Trading Corp. ("SET"), in response to the August 30, 2004 letter (the "Letter") submitted by the Public Utilities Commission of the State of California (the "Commission") as a preliminary response to the Petition for Writ of Mandate (the "Petition") filed by SET in the above-referenced proceeding. The Commission's "preliminary response," however, is procedurally inappropriate and, more importantly, legally incorrect.

As a threshold matter, the Commission is the respondent – not the real party in interest[1] – in this proceeding. As such, its role "is that of a neutral party." Municipal Ct. v. Super. Ct., 5 Cal. 4th 1126, 1129 (1993). Moreover, in its role as the respondent court, the Commission "is not justified in taking an adversary role in writ proceedings" absent "issues which directly impact the efficient operation of the court or the court's budget" Howard Gunty Profit Sharing Plan v. Super. Ct., 88 Cal. App. 4th 572, 576 n.6 (2001) (striking a return filed by respondent superior court because it did not present issues relating to its efficient operations or its budget). Yet the Commission does not raise such issues in the Letter. Rather, it merely proffers the remedies that the Commission now believes to be available to SET. Thus, as a procedural matter, the Letter should be deemed improper and rejected for filing.

---

[1] Southern California Edison Company ("Edison") is the real party in interest here. Thus, Edison is the appropriate party to file a response to the Petition. See Eisenberg, Horvitz & Wiener, Cal. Prac. Guide: Civil Appeals & Writs §§ 15:143, 15.215 (The Rutter Group 2003). Edison, however, has not filed such a document, and the Court has not requested a preliminary opposition from the Commission.

50260964v2

**Exhibit W 388**



Dockets.Justia.com

Nonetheless, the Commission asserts that the Petition is meritless and should be summarily disposed of because SET has several adequate remedies at law. Specifically, the Commission contends that SET may file: (1) an appeal "at the close of this proceeding, directed at the full Commission;" or (2) an interlocutory appeal in front of the full Commission.

As will be discussed more fully below, the Commission is mistaken. First, SET is *not a party* in the Commission's Investigation 02-11-040 (the "Border Price Spike OII"), and thus – *according to Commission decisions* – has no right to appeal a final decision of the Commission. Second, the Commission's Rules of Practice and Procedure (collectively, the "Rules" or, individually, "Rule") do not provide a mechanism for interlocutory appeal. Lastly, SET has exhausted its administrative remedies.

1. Non-Parties Have No Right To Appeal Final Decisions Rendered By The Commission.

SET is a non-party in the Border Price Spike OII, and the Commission acknowledged as much in the discovery order at issue. In suggesting to this Court that "discovery issues are reviewable by the full Commission when the Commission reaches the merits of the underlying proceeding," however, the Commission seeks to evade the force of the distinction between parties and non-parties.

It is well-settled that only a *party* may file an appeal to the full Commission under such circumstances. As the Commission has repeatedly stated in its decisions: "[a] party to a Commission proceeding has certain rights that non-parties ... do not have. For example, a party has the right to participate in evidentiary hearings, file comments on a proposed decision, and appeal a final decision.... *Non-parties do not have these rights.*"[2] See, e.g., In re Implement Portions of AB 117 Concerning Community Choice Aggregation, 2003 WL 22348892, *12, CAL PUC (2003) (emphasis added); In re Renewables Portfolio Standard Program, 2004 WL 1792434, *8, CAL PUC (2004); In re Procedures and Incentives for Distributed Generation and Distributed Energy Resources, 2004 WL 614598, *16, CAL PUC (2004).

---

[2] SET observes that this description of parties' rights often appears under the heading "Party Status in Commission Proceedings." See, e.g., In re Renewables Portfolio Standard Program, 2004 WL 1792434, *8, CAL PUC (2004).

50260964v2

Exhibit W 389

Moreover, where – as here – the discovery order at issue involves payment for the reasonable costs of production and not the admissibility of evidence, it cannot "be reviewed by the Commission in determining the matter on its merits" pursuant to Rule 65 as asserted by the Commission. See Rule 65 ("The presiding officer shall rule on the *admissibility of all evidence*. Such rulings may be reviewed by the Commission in determining the matter on its merits.").[3] Accordingly, SET cannot file an appeal of the ALJ Ruling at the end of the Border Price Spike OII because SET, as a non-party, does not possess the right to do so, and the ALJ Rulings are not reviewable pursuant to Rule 65 in any event.

2. The Commission Does Not Provide A Method For Interlocutory Appeal Of Discovery Orders.

It is difficult to exhaust a remedy that does not exist, and as the Commission itself has often noted, the Rules "do not provide for interlocutory appeals of rulings issued by the presiding officer." In re Southern California Edison Company, 82 CPUC 2d 220, 1998 Cal. PUC Lexis 1080 (1998); Appeal of Examiner's Ruling by Miles Tank Lines and Edwin S. Acker Denied, 81 CPUC 389, 1977 Cal. PUC Lexis 1112, *3-5 (1977).

3. SET Has Exhausted Its Administrative Remedies.

Nonetheless, a review of Commission decisions reveals that the appropriate method for interlocutory appeal – although not provided for in the Rules or the California Public Utilities Code – is to file an appeal before the presiding ALJ and request an order referring the matter to the full Commission pursuant to Rule 65. See Rule 65 ("In extraordinary circumstances, where prompt decision by the Commission is necessary to promote substantial justice, the presiding officer may refer the matter to the Commission for determination."); see, e.g., In re Alternative Regulatory Frameworks for Local Exchange Carriers, 55 CPUC 2d 672, 676, 1994 Cal. PUC Lexis 485 (1994) (addressing appeal of ALJ's decision filed in front of ALJ that also requested full Commission review and ALJ referred to the Commission pursuant to Rule 65); In re California-American Water Co., 80 CPUC 2d 476, 1998 Cal. PUC Lexis 476, *11 (1998) (addressing interim appeal of ALJ decision referred by presiding officer pursuant to Rule 65); In re

---

[3] This conclusion is buttressed by the fact that Public Utilities Code § 1731 and the Rules on Practice and Procedure only provide a mechanism for a *party* to the proceeding to file an application for rehearing on a final Commission decision. Cal. Pub. Util. Code § 1731(b); Rules 85-86.7.

Southern California Edison Co., 49 CPUC 2d 218, 1993 WL 767171 (1993) (addressing motion referred by the ALJ "to the Commission in accordance with Rule 65").

This is precisely what SET did by filing its Motion For Reconsideration Of Administrative Law Judge Thorson's Ruling On Motion Concerning Discovery Costs; And, If Denied, Motion For Order Referring The Matter To The Commission For Determination Pursuant To Rule 65. The administrative law judge denied the motion and did not refer it to the full Commission. A motion to the full Commission at that point would render the plain language of Rule 65 meaningless. Indeed, the Commission itself has explicitly stated that "[u]nless a presiding officer refers a ruling to the Commission pursuant to Rule 65, there is no provision in the rules for consideration of a ruling prior to consideration on the merits." Appeal of Examiner's Ruling By Miles Tank Lines, 81 CPUC 389, 1977 WL 42878, *3 (1977). As such, the Commission's citation to Application of Pacific Gas and Electric Co., 23 CPUC 2d 352, 1986 CAL PUC Lexis 867, *2-3 (1986), merely stands for the proposition that the Commission does not follow its own Rules.

The Commission nevertheless contends that although its rules do not provide for such interlocutory appeals, they do not preclude them either. The Commission thus implicitly suggests that SET should have bypassed the ALJ, ignored Rule 65, and filed a motion in front of the full Commission rather than filing the Petition. However, one of the very cases cited by the Commission indicates that the proper procedure to present a motion to the full Commission is through a referral by the ALJ under Rule 65. In the Matter of the Joint Application of McCaw Communications of Santa Rosa, 32 CPUC 2d 556, 1990 CAL PUC Lexis 105, *5 (1990) (holding that while the Rules "do not provide for appeals ... from ALJ rulings," the presiding officer may refer the matter to the Commission for determination pursuant to Rule 65). Simply put, the Commission's contention that SET "has failed to pursue these available administrative remedies" is unsupported and without merit. In the same vein, the Commission's suggestion that SET should simply file a motion to be granted party status for purposes of pursuing its appeal is without merit. Again, the Rules do not provide for such a tactic and the single case cited by the Commission, In the Matter of the Joint Application of GTE Corp., 2004 CAL PUC Lexis 339, *5-6 (2004), was a special situation where before reaching its final decision, the Commission had already invited the non-party to file comments regarding



STROOCK & STROOCK & LAVAN LLP • LOS ANGELES • NEW YORK • MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

the very issue upon which it now sought party status for the limited purpose of filing a motion for reconsideration, Id.[4]

Lastly, the Commission misconstrues SET's arguments regarding party status. It is undisputed that SET is a non-party to the Border Price Spike OII. And SET has never suggested otherwise. Thus, the Commission's argument that SET "would have the right to petition for a normal writ of review in this Court" at the close of the proceeding simply is untenable because it is not a party. See Cal. Pub. Util. Code § 1756(a) ("any *aggrieved party* may petition for a writ of review in the court of appeal or the Supreme Court for the purpose of having the lawfulness of the original order or decision or of the order or decision on rehearing inquired into and determined") (emphasis added). Similarly unsustainable is the Commission's contention that, since SET argues in its Petition that the ALJ Rulings treat it like a party for purposes of cost recovery, SET is thereby entitled to pursue normal writ review as if it actually were a party.

Simply stated, the Commission's arguments are without merit and the Letter is procedurally defective; both should be rejected by this Court.

Respectfully yours,

Alan Z. Yudkowsky

cc: Attached Service List

---

[4] SET observes that although the Commission used an "e.g." cite, which is used to indicate that the "[c]ited authority states the proposition; other authorities also state the proposition, but citation to them would not be helpful or is not necessary," The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n et al. eds., 17th ed. 2003), a search of the Commission's California Public Utilities Reports database on Westlaw did not reveal another instance where such a motion was granted.

50260964v2

Exhibit W 392

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and neither a party to, nor interested in, the within action described as *Sempra Energy Trading Corp. v. The Public Utilities Commission of the State of California*, Case No. A107476. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On September 3, 2004, I served the foregoing document(s) described as: **Petitioner Sempra Energy Trading Corp.'s Letter Dated September 3, 2004, In Response to the August 30, 2004 Letter Submitted by the Public Utilities Commission of the State of California, Case No. A107476** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the addressees on the attached service list and in the manner indicated therein.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 3, 2004, at Los Angeles, California.

[signature]
Jeri Staley

50260964v2

**SERVICE LIST**
**A107476**

**VIA U.S. MAIL**
Leon Bass, Jr., Esq.
Southern California Edison Company
Legal Department
2244 Walnut Grove Avenue
Rosemead, CA 91770

**VIA U.S. Mail**
Randolph L. Wu
Mary F. McKenzie
Michael M. Edson
California Public Utilities Commission
Legal Division, 5th Floor
505 Van Ness Avenue
San Francisco, Ca 94102