A CERTIFIED TRUE COPY
DEC - 9 2004
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
DEC 14 2004
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
DEC - 9 2004
FILED
CLERK'S OFFICE

***DOCKET NO. 1606***

***JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE DEEP VEIN THROMBOSIS LITIGATION***

***Myra Gail Kaste, et al. v. Northwest Airlines, Inc., et al.*, C.D. California, C.A. No. 2:04-783**
***Jerry L. Hull v. Frontier Airlines, Inc., et al.*, S.D. California, C.A. No. 3:04-888**
***Rhonda O. Bell v. US Airways, Inc., et al.*, E.D. Pennsylvania, C.A. No. 2:03-5428**
***Marc Cohen, M.D. v. AMR Corp.*, E.D. Pennsylvania, C.A. No. 2:04-2439**
***Kimberly Hartnett, etc. v. US Airways, Inc.*, W.D. Pennsylvania, C.A. No. 2:01-2462**
***Scott Ogan, et al. v. Northwest Airlines, Inc., et al.*, W.D. Washington, C.A. No. 2:04-1341**

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL***

***TRANSFER ORDER***

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by certain defendants[1] in these actions and by plaintiffs in the *Hull*, *Bell* and *Cohen* actions to vacate the Panel's orders conditionally transferring these six actions to the Northern District of California for inclusion in the Section 1407 proceedings occurring there in this docket. The *Kaste* plaintiffs and co-defendant KLM Royal Dutch Airlines also oppose inclusion of *Kaste* in MDL-1606 proceedings. The *Hartnett* plaintiff favors inclusion of her action in MDL-1606 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of California, and that transfer of these actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that any pending or anticipated motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for reasons

---

* Judge Motz took no part in the decision of this matter.

[1] Central California *Kaste* action: Northwest Airlines, Inc. (Northwest); Southern California *Hull* action: Frontier Airlines, Inc., and Mesa Air Group, Inc.; Eastern Pennsylvania *Bell* action: US Airways, Inc. (US Air); Eastern Pennsylvania *Cohen* action: AMR Corp.; Western Pennsylvania *Hartnett* action: US Air; and Western Washington *Ogan* action: Northwest and The Boeing Company.

Dockets.Justia.com

expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Northern District of California was a proper Section 1407 forum for actions involving core questions concerning whether various aspects of airline travel cause, or contribute to, the development of deep vein thrombosis in airline passengers. *See In re Deep Vein Thrombosis Litigation,* 323 F.Supp.2d 1378 (J.P.M.L. 2004).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vaughn R. Walker for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman