JOHN C. STEIN, State Bar No. 39417
THE BOCCARDO LAW FIRM
111 W. St. John Street, Suite 1100
Community Bank Building
San Jose, CA 95113
Tel: (408) 298-5678
Fax: (408) 298-7503

FRANK A. JELINCH, State Bar No. 42890
LAW OFFICES OF FRANK A. JELINCH
20045 Stevens Creek Blvd., #1-E
Cupertino, CA 95014-2355
Tel: 408.366.6300
Fax: 408.252.3936

Attorneys for Plaintiff
SUSAN BARICEVIC

CECILY A. WATERMAN, State Bar No. 63502
BARBARA I. ANTONUCCI, State Bar No. 209039
MONA M. BADANI, State Bar No. 227389
MONA BADANI, State Bar No. 227389
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN BARICEVIC,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIPS ELECTRONICS NORTH AMERICAN CORPORATION, a business entity form unknown, PHILIPS CENTER FOR MANUFACTURING TECHNOLOGY, a business entity form unknown, and DOES 1-100, inclusive,<br><br>Defendant. | Case No. C-04-03716 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Judge: Hon. Judge Jeremy Fogel |



Dockets.Justia.com

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. A Brief Description of the Events Underlying the Action:

This action arises out of Plaintiff Susan Baricevic's employment with Philips Electronics North America Corporation ("PENAC"). Plaintiff was employed with PENAC from July 2000 to November 2001. On September 9, 2003, Plaintiff filed this action in Santa Clara County Superior Court against her former employer, PENAC, and her former supervisor, Jaap Stulp, alleging sex discrimination, national origin discrimination, harassment, retaliation, and refusal to accommodate her medical condition.

On August 5, 2004, Plaintiff voluntarily dismissed Jaap Stulp as an individual defendant in this matter. As a result, on September 2, 2004, PENAC removed the case from state court to federal court on diversity of citizenship grounds. Plaintiff alleges that she is a citizen of the State of California. PENAC is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in New York.

a. Plaintiff's Brief Description of Events:

Plaintiff alleges that, during her employment, she was discriminated against and harassed on the basis of her gender because PENAC fostered a culture of favoring males over females. Plaintiff further alleges she was discriminated against and harassed because PENAC favored Dutch employees over Americans such as herself. Plaintiff also contends that PENAC refused to accommodate her hand injury. Finally, Plaintiff alleges that the termination of her employment was in retaliation for her complaints of gender and Dutch favoritism discrimination to PENAC's human resources personnel.

b. Defendant's Brief Description of Events:

PENAC terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons. Plaintiff was employed as the Director of the Innovation and Industrial Support line of the business for the Center for Industrial and Manufacturing Technology ("CFT") division of PENAC. Plaintiff's position was eliminated due to the lack of profitability in that line

of business, the lack of business, the loss of personnel within that group, and the trend to move manufacturing off-shore.

2. The Principal Factual Issues Which the Parties Dispute:

a. Whether PENAC treated Plaintiff less favorably than other similarly situated men and persons of Dutch origin;

b. Whether Plaintiff suffered severe or pervasive harassment on the basis of her gender and/or national origin which altered the terms and conditions of her employment;

c. Whether PENAC terminated Plaintiff's employment because of her gender and/or national origin;

d. Whether Plaintiff complained about gender and/or national origin discrimination to PENAC's human resources personnel;

e. Whether PENAC terminated Plaintiff's employment in retaliation for her alleged complaints to human resources personnel;

f. Whether Plaintiff requested or otherwise communicated the need for an accommodation of her hand injury;

g. Whether PENAC reasonably accommodated Plaintiff's hand injury;

h. Whether Plaintiff suffered any damages as a result of any action taken by PENAC; and

i. Whether Plaintiff made reasonable efforts to seek and obtain comparable employment.

3. The Principal Legal Issues Which the Parties Dispute:

a. Whether PENAC's actions constituted discrimination and/or harassment on the basis of gender in violation of California's Fair Employment and Housing Act;

b. Whether PENAC's actions constituted discrimination and/or harassment on the basis of national origin in violation of California's Fair Employment and Housing Act;

c. Whether Plaintiff engaged in a protective activity;

d. Whether a causal connection exists between Plaintiff's alleged complaints and any adverse employment action;

e. Whether Plaintiff's hand injury is a protected medical condition;

f. Whether PENAC failed to accommodate any protected medical condition;

g. Whether any damages are owed to Plaintiff by PENAC; and,

h. Whether Plaintiff mitigated her damages.

4. Plaintiff has served all parties.

5. Plaintiff does not intend to add additional parties to this action.

## ALTERNATIVE DISPUTE RESOLUTION

6. The parties decline assignment of this case to a United States Magistrate Judge Patricia Trumbull for any purpose.

7. The parties stipulate to mediation.

8. No other information exists regarding ADR processes or deadlines.

## DISCLOSURES

9. The parties certify that they will make their initial disclosures as required by FRCP 26 by December 28, 2004, as ordered by the Court.

## DISCOVERY

10. The parties agree to the following discovery plan:

a. Non-Expert Discovery to be completed by August 2005.

b. Expert Discovery to be completed by September 2005.

c. Dispositive Motions to be heard by October 2005.

Dated: December 23, 2004 LAW OFFICES OF FRANK A. JELINCH

By

Frank A. Jelinch
Attorneys for Plaintiff
Susan Baricevic

Dated: December 27, 2004 MORGAN, LEWIS & BOCKIUS LLP

By

Barbara I. Antonucci
Attorneys for Defendant
Philips Electronics North America Corp.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

DATED: ________________

________________________
United States District Judge

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

DATED: ________________

_________________________
United States District Judge