Apple Inc. v. Psystar Corporation Doc. 2509

H. Ann Liroff (SB#113180)
Peter W. Daniel (SB #179107)
David M. Woolfe (SB#194318)
**HANNIG LAW FIRM LLP**
2991 El Camino Real
Redwood City, CA 94061
Telephone: (650) 482-3040
Facsimile: (650) 482-2820

Attorneys for Plaintiffs
Oscar Braun, Andrea Braun
and The Oscar A. Braun Trust
Dated 1996

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

[SAN FRANCISCO DIVISION]

| | |
|---|---|
| OSCAR BRAUN, ANDREA BRAUN and THE OSCAR A. BRAUN TRUST DATED 1996,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN MATEO,<br><br>Defendant. | Case No.: C 03-03415 MJJ<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S <u>FOURTEENTH</u> MOTION IN LIMINE TO EXCLUDE DOCUMENTS IN SUPPORT OF DAMAGES NOT PRODUCED WITH INITIAL DISCLOSURES<br><br>Trial Date: February 14, 2005<br>Time: 8:30 a.m.<br>Dept: Hon. Martin J. Jenkins |

Defendant's Fourteenth Motion in Limine seeks to exclude documents not previously produced, specifically plaintiffs' trial exhibits numbered 211, 216, 236, 241, 242 and 250.

Plaintiffs' Exhibit 211 is a letter dated October 25, 2002 from Bank of America stating that Bank of America is unable to approve a refinance application by the Brauns in part because of the "Building Code Violation that won't be able to be cleared." The information reflected in the document was made known to defendant well before the close of discovery. Mr. Braun testified at his deposition on August 10, 2004 that Bank of America had denied the application



Dockets.Justia.com

for just this reason. (O. Braun Deposition, page 186, lines 11-18; and page 187, pages 15-17.) Defendant's expert Monica Ip, in formulating her opinions and report, relied upon Mr. Braun's testimony. See Plaintiff's proposed Exhibit no. 238. Hence, the production of this document in December is non-prejudicial to defendants. A party "shall not, *unless such failure is harmless*, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information no so disclosed." (F.R.C.P. 37(c)(1) (emphasis added.)

Plaintiffs' Exhibit 216 is the Declaration of Jim Mattison, which is covered by defendant's Fifteenth Motion in Limine. Because that Motion is premised in part upon the same ground as the instant Motion, plaintiff's Opposition to defendant's Fifteenth Motion in Limine will also constitute its opposition to this Motion, insofar as it pertain to Exhibit 216.

Exhibit 236 is a current appraisal of plaintiffs' property that was obtained on September 15, 2004. The document was obtained late in the litigation as an appraisal of the Brauns' property for purposes of obtaining a refinance of the property was only made possible by the County's actions in recording notices of expungement of continuing nuisance and violations of building code on June 30, 2004 pursuant to the terms of a court settlement agreement. The document was obtained just two weeks prior to the close of discovery, and well after the Brauns were deposed. Hence, the production of this document in December is non-prejudicial to defendants. A party "shall not, *unless such failure is harmless,* be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information no so disclosed." (F.R.C.P. 37(c)(1) (emphasis added.)

Exhibit 241 is a letter dated November 1, 2004 from Statewide Bancorp granting a refinance on plaintiffs' property, which again was only made possible by recent actions taken by the County as a result of the settlement agreement in the mandamus action. As the document



Hannig Law Firm LLP
2991 El Camino Real
Redwood City, CA 94061
(650) 482-3040

was not received by plaintiffs until after the close of discovery, there is clearly no prejudice in the document having been produced in December.

Exhibit 242 is a County document that was provided to plaintiffs by the defendant. Defendant's argument for its exclusion based upon non-disclosure is thus inapposite. This document is the subject of defendant's Tenth Motion in Limine, where defendant argues for exclusion of the document on other grounds. Plaintiffs' opposition to that Motion addresses the issues raised therein.

Exhibit 250 will be a timeline of events. It is demonstrative evidence, not substantive evidence. Demonstrative evidence, including timelines, blow-ups and slides are often not revealed until the time of trial. Defendant can raise any objections it may have at that time.

For the foregoing reasons, defendant's Motion should be denied.

Dated: January 11, 2005 HANNIG LAW FIRM LLP

By: /s/___________________
H. Ann Liroff
Attorneys for Plaintiffs
Oscar Braun and Andrea Braun
and THE OSCAR A. BRAUN TRUST DATED 1996


Hannig Law Firm LLP
2991 El Camino Real
Redwood City, CA 94061
(650) 482-3040