DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JASON M. HEATH, State Bar No. 180501
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2049
Fax: (831) 454-2115

**Attorneys for Defendants County of Santa Cruz, Supervisor Mardi Wormhoudt, Supervisor Jan Beautz, Supervisor Ellen Pirie, Supervisor Mark Stone, Supervisor Tony Campos, Sheriff Mark Tracv, and Deputy Steve Watson**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| RACHEL BANUELOS, ANTHONY RODRIGUEZ, by his guardian ad litem, RACHEL BANUELOS,<br><br>Plaintiffs,<br>v.<br><br>MARK TRACY, et al.,<br><br>Defendants. | Case No. C04 02067 RMW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>**Date: January 21, 2004**<br>**Time: 10:30 a.m.**<br>**Ctrm: Six** |

The parties to this action jointly submit this Case Management Conference Statement and Proposed Order and request that the Court adopt it as its Case Management Order.

**<u>DESCRIPTION OF THE CASE</u>**

1. <u>A Brief Description Of The Events Underlying The Action</u>: Plaintiffs allege that in September 2003, Santa Cruz County Sheriff's Deputy Steve Watson (the school resource officer for Aptos High School) identified plaintiff Anthony Rodriguez as a suspected ga ng member, in part based on his alleged violation of school rules regarding dress which outlawed "gang style attire" according to the school's dress code. Plaintiffs further allege that other factors Deputy Watson considered in identifying Rodriguez as a suspected gang member included his presence in a specific

part of the campus known as the "Anchor" and the fact that he was allegedly associating with persons who were gang-affiliated. Plaintiffs allege that Deputy Watson questioned Mr. Rodriguez, searched his backpack, drafted a "gang card" indicating that plaintiff belonged to a street gang, and added his name to a computer gang database. Plaintiffs allege that Rodriguez has requested that his name be removed from this database because he is not a gang member and that his request has been refused.

2. <u>The Principal Factual Issues Which The Parties Dispute</u>: The parties agree that Deputy Steve Watson had contact with plaintiff Anthony Rodriguez in his role as a law enforcement officer. All other factual issues relevant to liability or damages are disputed at this point. This includes, but is not limited to, the following issues. Plaintiffs allege that Defendants associated with the Pajaro Valley Unified School District ("PVUSD") maintain a school dress code that is unconstitutionally vague and enforce that dress code, in part, through the activities of the Special Resource Officer, a Sheriff's deputy, housed at Aptos High School. PVUSD denies these allegations. Plaintiffs further allege that Defendants County of Santa Cruz and the County Board of Supervisors have established a policy for the identification of alleged gang members based on vague and uncertain criteria and that Defendants Tracy and Watson enforced this policy against plaintiff Rodriguez. The County defendants deny that they have established any such policy. Plaintiffs further allege that Defendants retain information about alleged gang members in a database shared with other law enforcement agencies and share information about individuals identified as gang members with agencies and individuals outside of law enforcement. Defendants deny these allegations as phrased.

3. <u>The Principal Legal Issues Which The Parties Dispute</u>: Plaintiffs have sued the defendants for alleged violations of the federal and state constitutional guarantees of due process and equal protection and freedom from unreasonable searches and seizure; plaintiffs also allege defendants are liable for invasion of privacy, false imprisonment, and intentional infliction of emotional distress based on the defendants' alleged conduct in detaining, searching, photographing, gathering information on a "gang card", disseminating said information on a database, and enforcing unconstitutionally vague standards of dress and conduct on plaintiff Rodriguez. Defendants contend

that plaintiff has failed to state a cause of action against them, that defendants acted in all times in good faith and within the boundaries of the law, and that they are immune to plaintiff's complaint under state and federal immunities more fully set forth in their responsive pleadings in this case. The parties agree that this Court has jurisdiction over this case and that venue is proper in this Court. All legal issues as to liability and damages are contested.

On October 15, 2004, the Court heard the motion to dismiss filed by the County defendants. The Court issued a tentative ruling granting the motion in part and denying the motion in part, but has not yet issued an Order on the motion. The Court's tentative ruling indicated: 1) the Section 1983 claims against Defendant Tracy are barred by absolute immunity; 2) the Section 1983 claims for damages against the County defendants acting in their official capacities do not provide a basis for damages, but could provide a basis for injunctive relief; 3) no claim is stated against the members of the Board of Supervisors on the facts alleged; 4) the claims by Rachel Banuelos are dismissed for failure to state a claim; 5) the motion to dismiss the state tort claims is denied; 6) the motion to dismiss the claims for equitable relief under Government Code section 11135 is denied; and 7) plaintiffs have thirty days leave to amend.

4. Other Factual Issues Which Remain Unresolved: The parties do not know of any unresolved factual issues that can be brought before the Court for resolution at this time.

5. The Parties Who Have Not Been Served And The Reasons: Not applicable. All parties have been served.

6. Additional Joinder Of Parties: Not applicable. The parties do not expect to add any parties to this lawsuit.

7. Consent To Assignment To A United States Magistrate Judge: Defendant Santa Cruz County filed a Declination To Proceed Before a United States Magistrate Judge and this case has been re-assigned to the Honorable Ronald M. Whyte.

## ALTERNATIVE DISPUTE RESOLUTION

8. Stipulation: The parties engaged in an ADR phone conference on October 6, 2004 and have agreed to mediation.

///

9. Other Information: The County defendants request that the Court continue this Case Management Conference for 90 days to allow the Court to file an Order on their motion to dismiss and allow plaintiffs to get their amended complaint on file.

## DISCLOSURES

10. The Parties Certify That They Have Made The Following Disclosures: The parties have served their initial disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1).

## DISCOVERY

11. The Parties Agree To The Following Discovery Plan: The parties plan to serve each other with interrogatories, requests for production of documents, and requests for admission. The parties intend to take depositions of relevant party and non-party witnesses and conduct whatever expert discovery is necessary consistent with court-ordered disclosure dates. The parties propose the following discovery dates:

| | |
|---|---|
| Proposed Fact Discovery Cut-Off Date: | December 1, 2005 |
| Proposed Date for Disclosure of Expert Witnesses: | October 14, 2005. |
| Proposed Date for Supp. Disclosure of Expert Witnesses: | October 28, 2005. |

Plaintiffs expect to take 10 depositions, propound 50 interrogatories, 50 demands for production of documents, and 50 requests for admission.

## TRIAL SCHEDULE

12. The Parties Request Trial and Trial-Related Dates As Follows:

| | |
|---|---|
| Law and Motion Cut Off (Last Day For Hearing): | February 3, 2006 |
| Final Pretrial Conference: | March 30, 2006 |
| Trial: | May 15, 2006 |

///

///

///

///

///

///

13. Anticipated Length Of Trial: The parties anticipate a 5 to 7-day trial.

Dated: January 12, 2005

DANA McRAE, COUNTY COUNSEL

By: JASON M. HEATH
JASON M. HEATH
Assistant County Counsel

**Attorneys for Defendants County of Santa Cruz, Supervisor Mardi Wormhoudt, Supervisor Jan Beautz, Supervisor Ellen Pirie, Supervisor Mark Stone, Supervisor Tony Campos, Sheriff Mark Tracv, and Deputy Steve Watson**

Dated: January 12, 2005

CALIF. RURAL LEGAL ASSISTANCE, INC.

By: GRETCHEN REGENHARDT
GRETCHEN REGENHARDT

**Attorneys for Plaintiffs Rachel Banuelos and Anthony Rodriguez**

Dated: January 12, 2005

NEEDHAM, DAVIS, KIRWAN & YOUNG, LLP

By: MARC. J. CARDINAL
MARC J. CARDINAL

**Attorneys for Defendants Pajaro Valley Unified School District, Mary Ann Mays, Rhea De Hart, Sharon Gray, Evelyn Volpa, Carol Roberts, Dan Hankemeier, Willie Yahiro, and Sandra Nichols**

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order filed by the parties is hereby adopted by the Court as the Case Management Order for this case and the parties are hereby ordered to comply with this Order. In addition, the Court orders:

Dated: __________________ ________________________________________

United States District Judge Ronald M. Whyte