FRANCES M. O'MEARA (SBN: 140600)
AMY K. JENSEN (SBN: 226589)
HINSHAW & CULBERTSON LLP
11601 Wilshire Boulevard
Suite 800
Los Angeles, CA 90025
Tel: (310) 909-8000
Fax: (310) 909-8001

Attorneys for Counter-Defendant
TOTAL DOLLAR MANAGEMENT EFFORT, LTD. DBA
TOTAL DOLLAR MANAGEMENT EFFORT INSURANCE BROKERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF NORTH AMERICA,<br><br>Counter-Claimant,<br><br>vs.<br><br>CAROL M. DIVITA,<br><br>Defendant.<br>__________________________________<br><br>CAROL M. DIVITA,<br><br>vs.<br><br>INSURANCE COMPANY OF NORTH AMERICA, TOTAL DOLLAR MANAGEMENT EFFORT, LTD. dba TOTAL DOLLAR MANAGEMENT EFFORT INSURANCE BROKERS, and ROES 1 through 50,<br><br>Counter-Defendants.<br>__________________________________ | Case No. C04 04477 CRB<br><br>**COUNTER-DEFENDANT TOTAL DOLLAR MANAGEMENT EFFORT, LTD. dba TOTAL DOLLAR MANAGEMENT EFFORT INSURANCE BROKERS ANSWER TO COUNTER-CLAIM**<br><br>**[Demand For Jury Trial]** |

Defendant TOTAL DOLLAR MANAGEMENT EFFORT, LTD. dba TOTAL DOLLAR MANAGEMENT EFFORT INSURANCE BROKERS (hereinafter "Counter-

Defendant" or "Total Dollar") unless otherwise specified), for itself alone and for no other defendants, and for an answer to the  filed by Counter-Claimant CAROL M. DIVITA (hereinafter "Counter-Claimant" or "Divita") unless otherwise specified) herein admit, deny and allege as follows:

## I. INTRODUCTION

1. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 1 of the Counter-Claim and on that basis, denies each and every allegation therein.

2. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 2 of the Counter-Claim and on that basis, denies each and every allegation therein.

3. Counter-Defendant admits that Total Dollar Management Effort, Ltd., dba Total Dollar Management Effort Insurance Brokers  is a company incorporated under the laws of the State of New York, is authorized to do business in the State of California, and is doing business in the State of California.

4. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 4 of the Counter-Claim and on that basis, denies each and every allegation therein.

## II. FACTUAL ALLEGATIONS

5. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in

paragraph 5 of the Counter-Claim and on that basis, denies each and every allegation therein.

6. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 6 of the Counter-Claim and on that basis, denies each and every allegation therein.

7. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 7 of the Counter-Claim and on that basis, denies each and every allegation therein.

8. Counter-Defendant expressly denies the allegations made in paragraph 8 of the Counter-Claim.

9. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 9 of the Counter-Claim and on that basis, denies each and every allegation therein.

10. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 10 of the Counter-Claim and on that basis, denies each and every allegation therein.

11. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 11 of the Counter-Claim and on that basis, denies each and every allegation therein.

12. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 12 of the Counter-Claim and on that basis, denies each and every allegation therein.

13. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 13 of the Counter-Claim and on that basis, denies each and every allegation therein.

14. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 14 of the Counter-Claim and on that basis, denies each and every allegation therein.

15. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 15 of the Counter-Claim and on that basis, denies each and every allegation therein.

16. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 16 of the Counter-Claim and on that basis, denies each and every allegation therein.

17. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 17 of the Counter-Claim and on that basis, denies each and every allegation therein.

18. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 18 of the Counter-Claim and on that basis, denies each and every allegation therein.

19. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 19 of the Counter-Claim and on that basis, denies each and every allegation therein.

20. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 20 of the Counter-Claim and on that basis, denies each and every allegation therein.

21. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 21 of the Counter-Claim and on that basis, denies each and every allegation therein.

22. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 22 of the Counter-Claim and on that basis, denies each and every allegation therein.

23. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 23 of the Counter-Claim and on that basis, denies each and every allegation therein.

24. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 24 of the Counter-Cliam and on that basis, denies each and every allegation therein.

25. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 25 of the Counter-Claim and on that basis, denies each and every allegation therein.

26. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 26 of the Counter-Claim and on that basis, denies each and every allegation therein.

27. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 27 of the Counter-Claim and on that basis, denies each and every allegation therein.

28. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 28 of the Counter-Claim and on that basis, denies each and every allegation therein.

29. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 29 of the Counter-Claim and on that basis, denies each and every allegation therein.

30. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 30 of the Counter-Claim and on that basis, denies each and every allegation therein.

31. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 31 of the Counter-Claim and on that basis, denies each and every allegation therein.

32. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 32 of the Counter-Claim and on that basis, denies each and every allegation therein.

33. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 33 of the Counter-Claim and on that basis, denies each and every allegation therein.

34. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 34 of the Counter-Claim and on that basis, denies each and every allegation therein.

35. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 35 of the Counter-Claim and on that basis, denies each and every allegation therein.

36. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 36 of the Counter-Claim and on that basis, denies each and every allegation therein.

37. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 37 of the Counter-Claim and on that basis, denies each and every allegation therein.

38. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 38 of the Counter-Claim and on that basis, denies each and every allegation therein.

39. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 39 of the Counter-Claim and on that basis, denies each and every allegation therein.

40. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 40 of the Counter-Claim and on that basis, denies each and every allegation therein.

41. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 41 of the Counter-Claim and on that basis, denies each and every allegation therein.

42. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 42 of the Counter-Claim and on that basis, denies each and every allegation therein.

43. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 43 of the Counter-Claim and on that basis, denies each and every allegation therein.

44. Counter-Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations made in paragraph 44 of the Counter-Claim and on that basis, denies each and every allegation therein.

**III. FIFTH CAUSE OF ACTION**

45. In response to paragraph 62 of the Counter-Claim, Counter-Defendant incorporates each and every response, denial and admission contained in paragraphs 1 through 44 above as though fully set forth herein.

46. Counter-Defendant expressly denies each and every allegation contained in paragraph 63 of the Counter-Claim.

47. Counter-Defendant expressly denies each and every allegation contained in paragraph 64 of the Counter-Claim.

/ / /

/ / /

/ / /

## IV. AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

48. Total Dollar alleges as a separate and distinct affirmative defense that Divita's Counter-Claim, and each and every claim contained therein, does not state facts sufficient to constitute any claim against Total Dollar.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

49. Total Dollar alleges as a separate and distinct affirmative defense that Divita and/or her predecessors in interest failed to mitigate their alleged damages. Therefore, Divita's action is barred in whole or in part by her failure to mitigate.

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

50. Total Dollar alleges as a separate and distinct affirmative defense that Divita's Counter Claim, and each purported cause of action therein, is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

51. Total Dollar alleges as a separate and distinct affirmative defense that Divita's entire action is barred pursuant to the doctrine of equitable estoppel.

/ / /

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

52. Total Dollar alleges as a separate and distinct affirmative defense that Divita's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

53. Total Dollar alleges as a separate and distinct affirmative defense that Divita waived, in whole or in part, all claims for damages against Total Dollar.

**SEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

54. Total Dollar alleges as a separate and distinct affirmative defense that Divita's claims are barred in whole or in part in that Divita lacks standing to assert each and every purported cause of action in the Counter-Claim against Total Dollar, and is not a proper party.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Capacity)

55. Total Dollar alleges as a separate and distinct affirmative defense that Divita's claims are barred in whole or in part in that Divita lacks capacity to assert each and every purported cause of action in the Counter-Claim against Total Dollar, and is not proper party.

**NINTH AFFIRMATIVE DEFENSE**

(Contributory Negligence)

56. Total Dollar alleges that Divita was negligent in and about the transactions alleged in the Counter-Claim and failed to

exercise due care for her own protection, and Divita’s damages, if any, directly and proximately resulted in whole or in part from their negligence. Accordingly, Divita’s damages must be reduced in proportion to Divita’s own fault or that of her agents or predecessors in interest in bringing about their damages.

**TENTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

57. Total Dollar alleges as a separate and distinct affirmative defense that the injuries and damages of which Divita now complains were proximately caused by the acts or omissions of Divita and/or other parties, persons and/or entities. Wherefore, if there is found to be fault o the part of Total Dollar which in any manner or degree contributed to Divita’s alleged damages, a finding should be made apportioning and affixing comparative fault of any and all parties or persons, whether named in this action or otherwise.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

58. Total Dollar alleges as a separate and distinct affirmative defense that Divita was negligent in and about the transactions alleged in the Counter-Claim and failed to exercise due care for her own protection, and Divita’s damages, if any, directly and proximately resulted in whole or in part from Divita’s own negligence. Accordingly, Divita’s damages must be reduced in proportion to Divita’s own fault in bringing about their damages.

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

(Intervening Superseding Causes)

59. Total Dollar alleges the injuries and damages of which Divita complains were proximately caused by the acts or omissions of other parties, persons and/or entities in that said acts or omissions were intervening and superseding causes of injuries and damages, if any, of which Divita complains, thus barring Divita from any recovery against Total Dollar.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

60. Total Dollar alleges as a separate and distinct affirmative defense that Divita is barred from recovery herein because she knowingly assumed all risks incident to the conduct alleged in the Counter Claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Consent)

61. Total Dollar alleges as a separate and distinct affirmative defense that Divita's claims are barred, in whole or in part, in that Divita, her agents or her predecessors in interest willfully and voluntarily consented, expressly and impliedly, after full and complete disclosure of all relevant and material facts, to any and all such act or acts, event or events, as to which she now complains.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Ratification)

62. Total Dollar alleges as a separate and distinct affirmative defense that Divita's claims are barred by reason of the fact that Divita or her predecessor in interest, upon being

fully informed or the acts and events of which she now complains, ratified and affirmed all conduct with respect to those acts and events.

**SIXTEENTH AFFIRMATIVE DEFENSE**

63. At all material times, Divita failed to comply with the terms and conditions of the subject insurance policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

64. At all material times, Divita failed to communicate to Total Dollar information in Divita's possession that was material to the risk.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

65. At all material times, Divita failed to communicate to Total Dollar the exact and whole truth in relation to all matters she represented on the insurance application for the subject policy.

**NINETEENTH AFFIRMATIVE DEFENSE**

66. At all material times, Divita breached the duty of utmost good faith in procuring the subject insurance policy.

**TWENTIETH AFFIRMATIVE DEFENSE**

67. At all material times, Divita failed to disclose the true ownership of the vessel to Total Dollar in procuring the subject insurance policy.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

68. At all material times, Total Dollar fully performed its obligations pursuant to the subject insurance policy or said obligations were excused.

/ / /

/ / /

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

69. At all material times, the loss alleged in the counter-claim was not covered by the subject policy.

**WHEREFORE**, Total Dollar prays as follows:

1. That Divita takes nothing by way of her Counter-Claim as against Total Dollar;

2. That as to Total Dollar, the Counter-Claim be dismissed with prejudice;

3. That Total Dollar recovers its costs of suit incurred herein, including reasonable attorneys fees; and

4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Counter-Defendant demands a jury trial for all claims stated herein.

Dated: December 29, 2004 HINSHAW & CULBERTSON LLP

By:______________________________

FRANCES M. O'MEARA
AMY K. JENSEN
Attorneys for Defendant
TOTAL DOLLAR MANAGEMENT EFFORT, LTD. DBA TOTAL DOLLAR MANAGEMENT EFFORT INSURANCE BROKERS

## V E R I F I C A T I O N

I have read the foregoing **COUNTER-DEFENDANT TOTAL DOLLAR MANAGEMENT EFFORT, LTD. dba TOTAL DOLLAR MANAGEMENT EFFORT INSURANCE BROKERS ANSWER TO COUNTER-CLAIM** and know its contents.

**CHECK APPLICABLE PARAGRAPH(S):**

(   ) I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true

( XX ) I am ( XX ) an officer (   ) a partner (   ) owner of Total Dollar Management Effort, Ltd. on the date of the incident alleged in the complaint, a party to this action, and am authorized to make this Verification for and on its behalf, I make this Verification for that reason. (   ) I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

( XX ) The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

(   ) I am one of the attorneys for, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this Verification for an on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 29, 2004 at New York, New York.

___________________/s/______________
Arthur Buhr, Jr., Declarant

**I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.**

HINSHAW & CULBERTSON LLP

By:______________________________

FRANCES M. O'MEARA