Apple Inc. v. Psystar Corporation Doc. 2548

Francine M. Kanne, Esq. # 139028
K. Brian Bathurst, Esq. # 211454
**DOWLING, AARON & KEELER, INC.**
6051 North Fresno Street, Suite 200
Fresno, California 93710
Tel: (559) 432-4500
Fax: (559) 432-4590
Attorneys for Plaintiffs
CANTERBURY MUSIC AND NUESTRA MUSIC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CANTERBURY MUSIC, a California General Partnership, and NUESTRA MUSIC, a California General Partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>MUSIC TALENT INTERNATIONAL, business entity, form unknown, and DOES 1-30 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATION OF OWNERSHIP IN COPYRIGHTS** |

## I. Nature of Action

1. This is an action for Declaratory Relief as to the ownership of certain U.S. Copyright Registrations under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

2. Since approximately 1971 and 1974, Plaintiffs Canterbury Music and Nuestra Music, respectively, have been the owners of certain U.S. Copyright Registrations in musical compositions. Plaintiffs Canterbury Music and Nuestra Music recently discovered that U.S. Copyright Registrations in musical compositions they believed they owned and controlled for over twenty-three (23) years, without interruption or notice from any adverse claimant, had been improperly and/or fraudulently assigned and recorded in the United States Copyright Office to



Dockets.Justia.com

another entity, Defendant Music Talent International ("MTI").

3. Plaintiffs Canterbury Music and Nuestra Music seek relief in the form of a Declaration from the Court that MTI has never held a valid assignment of the ownership interests in the U.S. Copyright Registrations at issue.

4. Pursuant to 17 U.S.C. § 508(b), Plaintiffs Canterbury Music and Nuestra Music respectfully request that the Court send a copy of its Declaratory Judgment to the Register of Copyrights, informing the Register of Copyrights that Plaintiffs Canterbury Music and Nuestra Music retain full ownership interest in the U.S. Copyright Registrations at issue.

## II. Basis for Relief Sought

5. Plaintiffs Canterbury Music and Nuestra Music are entitled to Declaratory Relief in that the present action involves an actual controversy pursuant to 28 U.S.C. §§ 2201-2202. Declaratory Relief will afford Plaintiffs Canterbury Music and Nuestra Music relief from the uncertainty giving rise to this proceeding.

6. Declaratory Judgments may be used to resolve issues across the full spectrum of the Copyright Act under 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57.

## III. Jurisdiction and Venue

7. This Court has jurisdiction of this action under 17 U.S.C. §§101 et. seq. and 28 U.S.C. § 1338 (a) because Defendant MTI's actions giving rise to the claims set forth in this Complaint were purposely and intentionally directed at Plaintiffs Canterbury Music and Nuestra Music, whose principal place of business is in this jurisdiction and who were both harmed in this jurisdiction by Defendant MTI's actions.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## IV. Intra District Assignment

9. This action is properly filed in the San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil Local Rule 3-2 (c) because a substantial part of the property that is the subject of the action and the acts alleged herein are situated in or occurred in San Francisco County.

DOWLING, AARON
& KEELER
INCORPORATED
6051 North Fresno St.
Fresno, California
93710

## V. The Parties

10. Plaintiff Canterbury Music is a California General Partnership with its principal place of business at 555 Kansas Street, San Francisco, CA.

11. Plaintiff Nuestra Music is a California General Partnership with its principal place of business at 555 Kansas Street, San Francisco, CA.

12. Defendant MTI is a business entity, form unknown. Plaintiffs Canterbury Music and Nuestra Music are informed and believe and thereon allege that Defendant MTI conducted business in New York City, New York and/or San Francisco, California.

13. The true names and capacities, whether individual, corporate, associate, or otherwise of all Defendants sued herein as DOES 1-30, are unknown to Plaintiffs; therefore Plaintiffs sue said Defendants by fictitious names. Plaintiffs will seek leave of Court to amend this Complaint for Declaratory Relief to state the true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and on this basis aver that said Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts set forth herein.

## VI. Background

14. On or about April 1971, in the San Francisco Mission District, the Latin Rock Group Malo was formed. Malo's founding members included Mr. Arcelio Garcia, Mr. Jorge Santana and Mr. Pablo Tellez.

15. Since approximately 1971, Messrs Garcia, Santana and Tellez have conducted Malo's music publishing business as a California General Partnership known as Canterbury Music.

16. Between the years 1971 and 1973, seventeen (17) musical compositions were registered and assigned to Canterbury Music. Summarized in Exhibit No. 1 and attached hereto as Exhibit Nos. 2-18 are true and correct copies of each of the seventeen (17) musical compositions registered and assigned to Canterbury Music as reflected in the official records of the U.S. Copyright Office.

17. In approximately 1973, two of Malo's founding members, Mr. Jorge Santana and

DOWLING, AARON
& KEELER
INCORPORATED
6051 North Fresno St.
Fresno, California
93710

Mr. Pablo Tellez, formed Nuestra Music, a California General Partnership operating as a music publishing business.

18. On or about January 1974, nine (9) musical compositions were registered and assigned to Nuestra Music. Summarized in Exhibit No. 19 and attached hereto as Exhibit Nos. 20-28 are true and correct copies of each of the nine (9) musical compositions registered and assigned to Nuestra Music as reflected in the official records of the U.S. Copyright Office.

19. On or about late 1979 to early 1980, Messrs. Garcia, Santana and Tellez separated to dedicate more of each individual's time to interests outside of the Canterbury Music General Partnership.

20. Despite the separation, Messrs. Garcia, Santana and Tellez continue to operate Canterbury Music as a California General Partnership to the present day. Since approximately 1991, the Canterbury Music General Partnership has been managed by Mr. Ronald Sansoe.

21. Messrs. Santana and Tellez continue to operate Nuestra Music as a California General Partnership to the present day. Since approximately 1991, the Nuestra Music General Partnership has been managed by Mr. Ronald Sansoe.

**VII. The Controversy Warranting Declaratory Relief**

22. Unknown to Mr. Jorge W. Santana, General Partner of Canterbury Music and Nuestra Music, on or about September 3, 1980, documents were recorded in the U.S. copyright office purporting to use Mr. Santana's signature to assign musical works held by Canterbury Music and Nuestra Music to Defendant MTI. These documents falsely, improperly and/or fraudulently purported to assign: (a) the seventeen (17) musical compositions registered and assigned to Canterbury Music as summarized in Exhibit No. 1 and contained in Exhibit Nos. 2-18 to Defendant MTI; and (b) the nine (9) musical compositions registered and assigned to Nuestra Music as summarized in Exhibit 19 and contained in Exhibit Nos. 20-28 to Defendant MTI. Attached hereto as Exhibit No. 29 is a copy of the improper and/or fraudulent assignment document from Canterbury Music to MTI, as recorded in Volume 1806, pages 144-146 of the records of the United States Copyright Office. Attached hereto as Exhibit No. 30 is a copy of the

DOWLING, AARON & KEELER
INCORPORATED
6051 North Fresno St.
Fresno, California
93710

improper and/or fraudulent assignment from Nuestra Music to MTI, as recorded in Volume 1806, pages 147-148 of the records of the United States Copyright Office.

23. At no time did Mr. Jorge Santana, General Partner of Canterbury Music and Nuestra Music, authorize any person, including any person at MTI, to execute, file, assign or use his signature on documentation that would record the assignment set forth in Exhibit Nos. 29 and 30.

24. At no time after recordation of any of the improper and/or fraudulent assignment records as set forth in Exhibit Nos. 29-30, were any attempts made by Defendant MTI or any other third party to claim any form of interest or entitlement to any of the identified musical compositions. Canterbury Music and Nuestra Music have conducted business activities (including licensing and collecting royalties) for their respective works without interruption or notice from any adverse claimant for over twenty-three (23) years. In fact, the improper and/or fraudulent assignments were not discovered until 2003, at which time one of Canterbury Music's General Partners, Mr. Arcelio Garcia, requested his counsel perform a voluntary due diligence audit.

25. At all times relevant to the matters stated herein, Mr. Santana was fully aware of and honored his duties of care and loyalty owed to his business partners, Messrs. Garcia (Canterbury Music General Partnership) and Tellez (Canterbury and Nuestra Music General Partnerships). Mr. Santana is not the sole owner of any copyright improperly and/or fraudulently conveyed, nor is he the duly authorized agent for Canterbury Music or Nuestra Music. At all times relevant to the matters stated herein, Mr. Santana could not, by his signature alone, effect a transfer of title to works held by Canterbury Music or Nuestra Music. Further, Mr. Santana never knowingly attempted, made or authorized such a transfer.

26. Under the United States Copyright Act, 17 U.S.C. § 204, a transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent. California Corporation law as it existed in 1980 controls

issues concerning the authority of a party to act on behalf of a General Partnership.

27. Under the then applicable statute, Cal. Corp. Code § 15009 (2), "[a]n act of a partner which is not apparently for carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners."

28. The act of transferring title to all of the copyright registrations held by a music publishing partnership is not an act that is for carrying on of the business of the partnership in the usual way. Such an act would make it impossible to carry on the ordinary business of the partnership. Therefore under the then applicable statute, Cal. Corp. Code § 15009 (3), such an act requires authorization by all partners of the partnership.

29. Since the inceptions of the Canterbury Music General Partnership and the Nuestra Music General Partnership, no single Canterbury Music General Partner or single Nuestra Music General Partner has ever been vested with any form of authority to effect transfer of title to any of Canterbury Music's or Nuestra Music's assigned U.S. Copyright Registrations.

30. Since the inceptions of the Canterbury Music General Partnership and the Nuestra Music General Partnership, neither Partnership has ever authorized any transfer of title to any of Canterbury Music's or Nuestra Music's assigned copyright registrations.

31. The seventeen (17) musical compositions registered and assigned to Canterbury Music as evidenced in Exhibit Nos. 2-18 were never transferred by operation of law nor by an instrument of conveyance, note or memorandum of the transfer signed by the owner of the rights conveyed or such owner's duly authorized agent.

32. The nine (9) musical compositions registered and assigned to Nuestra Music as evidenced in Exhibit Nos. 20-28 were never transferred by operation of law nor by an instrument of conveyance, note or memorandum of the transfer signed by the owner of the rights conveyed or such owner's duly authorized agent.

33. Plaintiffs Canterbury Music and Nuestra Music are entitled to Declaratory Relief in that the present action involves an actual controversy pursuant to 28 U.S.C. § 2201. Declaratory Relief will afford Plaintiffs relief from the uncertainty giving rise to this proceeding.

34. Declaratory Judgments may be used to resolve issues across the full spectrum of the Copyright Act under 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57.

**VIII. Prayer for Relief**

A. Plaintiff Canterbury Music respectfully requests the Court grant it relief in the form of a Declaratory Judgment that Defendant MTI has never held an ownership interest in the U.S. Copyright Registrations summarized in Exhibit No. 1 and contained in Exhibit Nos. 2-18.

B. Plaintiff Nuestra Music respectfully requests the Court grant it relief in the form of a Declaratory Judgment that Defendant MTI has never held an ownership interest in the U.S. Copyright Registrations summarized in Exhibit No. 19 and contained in Exhibit Nos. 20-28.

C. Pursuant to 17 U.S.C. § 508(b), Plaintiff Canterbury Music respectfully requests that the Court send a copy of its Declaratory Judgment to the Register of Copyrights, informing the Register of Copyrights that Canterbury Music retains full ownership interest in the U.S. Copyright Registrations in Exhibit Nos. 2-18.

D. Pursuant to 17 U.S.C. § 508(b), Plaintiff Nuestra Music respectfully requests that the Court send a copy of its Declaratory Judgment to the Register of Copyrights, informing the Register of Copyrights that Nuestra Music retains full ownership interest in the U.S. Copyright Registrations in Exhibit Nos. 20-28.

E. Plaintiffs respectfully request the Court Order such other and further relief as this Court may deem just and proper.

Dated: March 5, 2004 DOWLING, AARON & KEELER INC.

By:______/s/______________________________
K. Brian Bathurst
Attorneys for Plaintiffs
CANTERBURY MUSIC and NUESTRA MUSIC.

DOWLING, AARON
& KEELER
INCORPORATED
6051 North Fresno St.
Fresno, California
93710

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Arcelio R. Garcia – General Partner, Canterbury Music

Jorge W. Santana – General Partner, Canterbury Music and Nuestra Music

Pablo A. Tellez – General Partner, Canterbury Music and Nuestra Music

Dated: March 5, 2004

DOWLING, AARON & KEELER INC.

By: /s/
K. Brian Bathurst
Attorneys for Plaintiffs
CANTERBURY MUSIC and NUESTRA MUSIC.

F:\WPD\100\10675\Complaint(REV 7).doc

DOWLING, AARON & KEELER
INCORPORATED
6051 North Fresno St.
Fresno, California
93710