Apple Inc. v. Psystar Corporation Doc. 2595

LAW OFFICES OF S. CHANDLER VISHER
S. Chandler Visher (State Bar No. 52957)
44 Montgomery Street, Suite 3830
San Francisco, California 94104
Telephone: (415) 901-0500
Facsimile: (415) 901-0504

Attorneys for Plaintiff

DENNIS J. HERRERA, State Bar #139669
City Attorney
MIGUEL MARQUEZ, State Bar #184621
Deputy City Attorney
1 Dr. Carlton B. Goodlett Place Room 234
San Francisco, California 94102
Telephone: (415) 554-4694
Facsimile: (415) 554-4747
E-Mail: miguel.marquez@sfgov.org

Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE DUFFIN, parent of TYRE DUFFIN, a disabled child as defined by the Individuals with Disabilities Education Act, and CHILDREN'S LAW OFFICE by Carole Brill, attorney for Nadine and Tyre Duffin in a Due Process Proceeding as delineated by the Individuals with Disabilities Education Act,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | USCD No. C 04 4528 JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date Filed: February 25, 2005 |

The parties to this action jointly submit this Case Management Statement and request the Court to adopt it as the Case Management Order in the case.

//

//



Dockets.Justia.com

1) **Agenda Items**

a) **The basis for this Court's subject matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue.**

Response: This court has subject matter jurisdiction pursuant to 20 USC 1415(i)(2)(A) and 28 USC 1331. No issue exists with regards to personal jurisdiction or venue.

b) **The factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counterclaims and the defenses to those counterclaims.**

Response: Plaintiffs and defendant agree that the background facts and timeline of meeting/events are relevant, along with other facts, to the determination of whether plaintiffs are entitled to attorneys fees as prevailing party:

Background

Plaintiff NADINE DUFFIN is the mother of Tyre Duffin, a minor child enrolled in the defendant school district who is a disabled child as defined by the IDEA. Plaintiff NADINE DUFFIN retained CAROLE BRILL, an active member of the State Bar of California and the Director of CHILDREN'S LAW OFFICE, to represent her and Tyre to obtain the benefits of the IDEA for Tyre.

Plaintiff TYRE DUFFIN is a twelve year old child with severe mobility, communication, health and learning disabilities who is enrolled in the defendant school district. Plaintiff TYRE DUFFIN and plaintiff NADINE DUFFIN are collectively referred to herein as "Plaintiffs."

Plaintiff CHILDREN'S LAW OFFICE is a non-profit, charitable corporation that provides otherwise unavailable free legal services for children in areas such as education, special education and disabilities, child abuse, neglect and molestation.

Defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT (SFUSD or District) is a publicly financed school district which, among other things, administers programs and provides benefits as required under the IDEA.

<u>Tyre Duffin (DOB: 3-27-92)</u>
<u>Timeline of Meetings/Events</u>

| | |
|---|---|
| 2-15-02 | Letter from attorney Carole Brill to District complaining of late pickup of Student by school bus |

| | |
|---|---|
| 3-25-02 | The March 25, 2002 IEP described Tyre's level of performance, his grade as third grade, the equipment he used, specifics of his mainstream participation, transportation and nursing needs and the like. The March 25, 2002 IEP was the last agreed upon IEP until the Final Mediation Agreement of June 24, 2004. Tyre attended Bridge School, as a student in the 3rd grade during the 2001-2002 academic year with Parent agreeing to placement (signed IEP) |
| 2002-03 | Tyre transferred to Francis Scott Key Elementary, as a student in the 4th grade. |
| 4-8-03 | IEP meeting held where Ms. Duffin did not sign IEP |
| 5-15-03 | IEP meeting held where Ms. Duffin did not sign IEP |
| 5-27-03 | IEP meeting held where Ms. Duffin did not sign IEP |
| 8-6-03 | Carole Brill files for a Due Process hearing on behalf of Tyre Duffin |
| 8-6-03 | Carole Brill, on behalf of Tyre, files statement of exception to the above IEP meetings that were held on 4-8-03, 5-15-03, and 5-27-03. Plaintiffs summary of the statement is that nine items of exception are discussed including the need for each of the following:<br><br>a. A new talker;<br>b. Evaluations;<br>c. Equipment;<br>d. Nursing;<br>e. Transportation;<br>f. Support for school personnel;<br>g. Designated Instructional Services;<br>h. Training and on-going communication/consultation for Nadine Duffin;<br>i. Peer Interaction. |
| 8-29-03 | The District and Ms. Brill, representing Nadine and Tyre Duffin, engage in mediation which did not lead to a resolution. |
| 9-11-03 | "Final" Mediation Agreement proposed by District and faxed to Ms, Brill; no overall agreement was reached, but the parties agreed upon an assessment plan. |
| 10-8-03 | Ms. Brill wrote to the mediator and the District summarizing the status of the negotiations and outlined various proposed changes to the District's proposed "Final Mediation Agreement"- |
| 12-18-03 | IEP meeting held where Ms. Duffin did not sign IEP |
| 1-9-04 | IEP meeting held where Ms. Duffin did not sign IEP |
| 3-7-04 | IEP meeting held, not completed, continued to 3-11-04 |
| 3-11-04 | IEP meeting held where Ms. Duffin did not sign IEP |

//

| | | |
|---|---|---|
| 6-23-04 | Final Mediation Agreement whereby all Student issues are resolved except for possible payment of attorney fees. Plaintiffs claim that this Final Mediation Agreement also resolved issues relating to Tyre's requests for<br><br>a. A new talker;<br>b. Evaluations;<br>c. Equipment;<br>d. Nursing;<br>e. Transportation;<br>f. Support for school personnel;<br>g. Designated Instructional Services;<br>h. Training and on-going communication/consultation for Nadine Duffin;<br>i. Peer Interaction.<br><br>Defendant claims that this Final Mediation Agreement merely complied the particulars of all of the previous IEPs that Ms. Duffin did not previously sign. |
| 7-9-04 | Carole Brill requested attorney fees and expenses of $22,507 for 74.85 hours for services provided from the 8-6-03 filing for Due Process through the 6-23-04 Final Mediation Agreement |
| 8-5-04 | Attorney Chandler Visher requested payment of attorney fees on behalf of Carole Brill |

Defendant has no counterclaims.

c) **Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court.**

Response: There are no related proceedings nor any related cases pending before other judges of this court or before any other court.

d) **Whether all parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment.**

Response: Yes, all parties consent to the jurisdiction of Magistrate Judge Spero for all purposes.

e) **A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of FRCP 26.**

Response: The parties held a conference in accordance with Rule 26(f) on January 31, 2005. At the conference, the parties agreed that defendant will provide a copy of Tyre Duffin's entire IEP file to the plaintiffs by February 14, 2005. The parties agreed that

Tyre Duffin's complete IEP file contains all of the relevant documents subject to initial disclosure. Defendant will mark the IEP file Bates Numbers for ease of reference. The plaintiffs will then provide the defendant with any documents that they believe are relevant and subject to the initial disclosure requirement by February 28, 2005. Plaintiffs will mark any additional documents with Bates Numbers in continuing sequential order. This process will allow the parties to compile an agreed upon set of documents for this matter.

f) **A description of all pending motions and their current status.**

Response: There are no pending motions.

g) **A description of all motions expected before trial.**

Response: The parties agree that a legal question exists as to whether any plaintiff who requests a due process hearing can be entitled to attorney fees as the prevailing party if the case results in a binding mediation agreement through the IEP process, without a due process hearing, rather than a decision after a due process hearing. If, as plaintiffs believe, a plaintiff achieving such a mediation agreement may be so entitled, then the only other substantive issue here is whether the substantive results achieved in the mediation are sufficient to finds that plaintiffs are the prevailing parties so as to be entitled to fees as a matter of fact. If, as defendant believes, plaintiffs are not legally entitled to attorney fees under these circumstances, then defendant would prevail. Accordingly, the parties agree to file cross-motions for summary adjudication and/or summary judgment. Based on scheduling conflicts between the parties discussed at the Rule 26(f) conference, the parties propose the filing of cross-motions as follows: Defendant will file a motion for summary judgment by July 29, 2005. In response, Plaintiffs will file a cross-motion for summary adjudication and opposition to defendant's motion by August 12, 2005. Defendant will file an opposition to plaintiffs' motion for summary adjudication and a reply to the opposition by August 26, 2005. In response, plaintiffs' will file a reply to the opposition to their motion for summary adjudication by

September 2, 2005. The parties propose scheduling a hearing on the cross-motions for summary judgment/adjudication to be held on September 16, 2005.

h) **The extent to which new parties will be added or existing parties deleted, deadlines for adding and deleing parties, and deadlines for amendment of pleadings.**

Response: No new parties are expected to be added, nor are any existing parties expected to be deleted.

i) **The extent to which evidentiary, claim construction, or class certification hearings are anticipated.**

Response: No evidentiary, claim construction, or class certification hearings are anticipated.

j) **The scope of discovery to date and, separately, the scope of anticipated discovery, including limits that should be imposed on discovery and a proposed discovery plan pursuant to FRCP 26(f).**

Response: Initial disclosure as described in 1(e) will be completed by February 28, 2005. In an effort to save the court's time as well as attorneys' fees, the parties propose to bifurcate the issues and resolve the dispositive legal issue as discussed in 2(a) below Beyond initial disclosures, no further discovery is anticipated unless and until the plaintiffs prevail in their motion for summary adjudication. If plaintiffs prevail, then the parties request that the Court hold another Case Management Conference to discuss additional discovery, if any.

k) **The extent to which any special discovery or other problems or issues have arisen or are expected.**

Response: No special discovery or other problems or issues have arises or are expected to arise.

l) **Proposed deadlines and court dates, including trial date.**

Response: If the court allows the dispositive issues to be bifurcated, the only deadlines proposed are those for initial disclosure discussed in 1(e) and the motion for summary judgment and/or adjudication discussed in 1(g).

m) **The expected length of trial, approximate number of witnesses, experts, exhibits, and whether a jury is demanded.**

Response: It is premature at this time to determine the length of trial, the number of witnesses, experts and exhibits, and whether a jury trial is needed in light of the parties' proposal to bifurcate this matter.

n) **What damages and other relief are sought and what method is used to compute such damages.**

Response: Plaintiffs' claim for $22,507 in attorneys' fees for Ms. Brill's representation of Ms. Duffin through June 30, 2004 is based on the lodestar method of calculating fees. Plaintiffs additionally seek reimbursement of attorney fees incurred in the present action as allowed by law.

o) **ADR efforts to date and specific ADR plan for the case.**

Response: The parties believe there may be a role for mediation if the plaintiffs prevail on their cross-motion for summary adjudication.

p) **The extent to which a special master should be involved in the case.**

Response: A special master will not be needed in this case.

q) **A service list for all counsel that includes telephone and fax numbers.**

Response: See attached service list.

r) **Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.**

Response: There are no other matters at this time that the parties consider conducive to the just, speedy and inexpensive determination of this action.

2) **FRCP 16(c)**

a) **The formulation and simplification of the issues.**

Response: The parties propose to first resolve the dispositive legal issue of whether plaintiffs are entitled to attorneys' fees as a prevailing party under the circumstances of this case. The federal circuit courts appear to conflict in their treatment of this legal question, and as a result, the parties agree that by bifurcating the issues in this matter,

they may be able to resolve this dispute as a matter of law. This would save the court's time as well as additional attorneys' fees if the defendant prevails on its motion for summary judgment.

b) **The necessity or desirability of amendments to the pleadings.**

Response: There are no amendments to the pleadings.

c) **The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance ruling from the court on the admissibility of evidence.**

Response: See response to 1(e).

d) **The avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence.**

Response: See response to 2(c).

e) **The appropriateness and timing of summary adjudication under Rule 56.**

Response: See response to 1(g).

f) **The control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 27 through 37.**

Response: See response to 1(e) and 1(j).

g) **The identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial.**

Response: If the plaintiffs prevail on their cross-motion for summary adjudication, then the parties may engage in limited discovery and ADR. If the court allows for a bifurcated procedure, then the parties will not conduct further discovery beyond initial disclosures unless the plaintiffs prevail on their cross-motion for summary adjudication. Thus, the parties propose a further case management conference if plaintiffs prevail on their cross-motion for summary adjudication.

h) **The advisability of referring matters to a magistrate judge or master.**

Response: The parties have consented to a magistrate judge.

i) **Settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule.**

Response: See the response to 1(o).

j) **The form and substance of the pretrial order.**

Response: If the plaintiffs prevail on their cross-motion for summary adjudication, then the parties request that the Court hold an additional Case Management Conference to discuss pre-trial and trial matters.

k) **The disposition of pending motions.**

Response: N/A

l) **The need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems.**

Response: N/A

m) **An order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case.**

Response: See the response to 2(a).

n) **An order directing a party or parties to present evidence early in the trial with respect to manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c).**

Response: See the response to 2(a).

o) **An order establishing a reasonable limit on the time allowed for presenting evidence.**

Response: If the court allows this matter to be bifurcated, it would be appropriate to fashion such an order following a further case management conference.

p) **Such other matters as may facilitate the just, speedy and inexpensive disposition of the action.**

Response: There are no additional matters that may facilitate the just, speedy, and inexpensive disposition of the action.

**3) FRCP 26(f)**

a) **What changes should be made in the timing, form, or requirement for disclosures under 26(a), including a statement as to when disclosures under rule 26(a)(1) were made or will be made.**

Response: See the response to 1(g).

b) **The subjects on which discovery may be needed, when discovery should be completed, whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Response: See the response in 1(j).

c) **What changes should be made in the limitations on discovery imposed under these rules by local rule, and what other limitations should be imposed.**

Response: There should be no changes to the limitations on discovery.

d) **Any other orders that should be entered by the court.**

Response: There are no other orders that should be entered by the court.

Dated: 02-25-05

DENNIS HERRERA, CITY ATTORNEY

By: [signature]
Miguel Marquez, Deputy

Dated: ______________________

LAW OFFICES OF
S. CHANDLER VISHER

By: ______________________
S. Chandler Visher
Attorneys for Plaintiffs

Response: There are no additional matters that may facilitate the just, speedy, and inexpensive disposition of the action.

3) FRCP 26(f)

a) **What changes should be made in the timing, form, or requirement for disclosures under 26(a), including a statement as to when disclosures under rule 26(a)(1) were made or will be made.**

Response: See the response to 1(g).

b) **The subjects on which discovery may be needed, when discovery should be completed, whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Response: See the response in 1(j).

c) **What changes should be made in the limitations on discovery imposed under these rules by local rule, and what other limitations should be imposed.**

Response: There should be no changes to the limitations on discovery.

d) **Any other orders that should be entered by the court.**

Response: There are no other orders that should be entered by the court.

Dated: ______________________ DENNIS HERRERA, CITY ATTORNEY

By: ______________________

Miguel Marquez, Deputy

Dated: Feb 25, '05

LAW OFFICES OF
S. CHANDLER VISHER

By: [signature]
S. Chandler Visher
Attorneys for Plaintiffs