GAYLE ZICKGRAFF GREEN, #112272
**BINDER & MALTER, LLP**
2775 Park Ave.
Santa Clara, CA 95050
Telephone: 408-295-1700
Facsimile: 408-295-1531

Attorneys for Plaintiff,
Jean-Luc Grand-Clement

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEAN-LUC GRAND-CLEMENT,<br><br>Plaintiff,<br><br>v.<br><br>LAFAYETTE SOFTWARE, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 04-04956 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date: March 28, 2005<br>Time: 10:00<br>Place: Courtroom #8<br>280 N. First St., 4th Flr.<br>San Jose, CA |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**Description of Case**

1. Events Underlying the Action. It is alleged in the Complaint that on or about April 12, 2000, Plaintiff, a French national, residing in France, was hired to form and subsequently operate a new company, which would be known as Lafayette Software, Inc. (the "Company"). The majority shareholder, holding 86.5% of the shares, was Tribalgo International Trust, a trust jointly owned by Main Forte Sarl and Teuchos Holdings, SA. Plaintiff alleges that in consideration for his services, Jean Schittenhelm, the Director of Tribalgo International

Limited, Trustee of the Tribalgo International Trust, agreed to pay Plaintiff a monthly salary of $8,000, and to reimburse him for his expenses, including rent and utilities for a local residence. Plaintiff further alleges that the terms of the agreement were confirmed in correspondence from Plaintiff to Lionel Granouillac, the Company Treasurer, dated August 15, 2000 and that this agreement was ratified upon incorporation on the Company on or about June 23, 2000. Defendant denies that any such agreement was ever formed between Plaintiff and Defendant. Plaintiff alleges that he was paid pursuant to the terms of this agreement until approximately January 20, 2001. Plaintiff further alleges that a dispute arose between the real parties in interest resulting in the Company's inability to obtain funding. Plaintiff resigned from the Company on November 6, 2001. On or about November 23, 2001, Philippe Petitcolin was appointed President of Defendant Lafayette Software, Inc. Mr. Petitcolin denied the existence of the alleged agreement with Plaintiff and refused to pay Plaintiff the sums he claimed, instead reclassifying the amounts paid as personal expenses and listing them as a receivable of the Company. Defendant Lafayette Software, Inc. has filed counter-claims against Plaintiff based on his use of corporate assets to pay for personal and other inappropriate expenses without appropriate authorization and in contravention of his duties owed to the company.

2. Disputed Factual Issues. In its answer and cross-complaint Defendant disputes the existence and/or validity of the employment agreement with Plaintiff and alleges that by paying himself the disputed compensation, Plaintiff is guilty of breach of his fiduciary duty as an officer of the Company, abuse of control, waste of corporate assets and unjust enrichment. Defendant also contends that Plaintiff has committed gross mismanagement.

3. Disputed Legal Issues. The parties will likely disagree as to the rights and obligations of a corporate officer in the absence of an employment contract.

4. Other Factual Issues. Defendant Lafayette Software has ceased operation in the United States. Its assets and management are located in France. A dispute currently exists between and among various officers, directors, and shareholders of Defendant Lafayette Software in the Tribunal De Commerce De Versailles (Commercial Court of Versailles), France. On or about November 18, 2004, the French court appointed an "Administrateur Provisoire" with direction to resolve the dispute. The effect of the appointment on this case is unknown at this time.

5. Service. All parties have been served

6. Additional Parties. None.

7. Consent to Magistrate Judge. At Defendant's request this case has been reassigned to a United States District Court Judge.

**Alternative Dispute Resolution**

8. The parties filed a Stipulation and Proposed Order Selecting ADR Process on March 3, 2005. The parties have selected Mediation.

**Disclosures**

9. Plaintiff's Disclosures. The following information, along with copies of the identified documents, was sent to Defendant's counsel on March 15, 2005.

a. Witnesses:

(i.) Jean-Luc Grand Clement c/o Binder & Malter, LLP;

(ii.) Jean Schittenhelm, address currently unknown;

(iii.) Lionel Granouillac, address currently unknown;

(iv.) Jean-Pierre Bertrand, Teuchos Holding S.A., 10A Rue Blaise Pascal ZA de la Clef Saint Pierre 78990 Elancourt comparant par Me Emmanuel DRAI 53 Quai D'Orsay 75007 Paris;

(v.) Rick Orr, Cooley Godward LLP,
Five Palo Alto Square, 3000 El Camino Real,
Palo Alto, CA 94306, (650) 843-5000;

(vi.) Frank Rahmani, Cooley Godward LLP,
Five Palo Alto Square, 3000 El Camino Real,
Palo Alto, CA 94306, (650) 843-5000.

b. Documents:

(i.) Plaintiff's notes of April 12, 2000 meeting with Ouzi Koskas and April 14, 2000 meeting with Jean Schittenhelm;

(ii.) Correspondence dated August 12, 2000 (Lionel Granouillac);

(iii.) Correspondence dated June 14, 2001 (Jean Schittenhelm);

(iv.) Correspondence dated July 10, 2001(Jean-Pierre Bertrand);

(v.) Lafayette Software, Inc. Corporate Formation Reference Book, December 8, 2000;

(vi.) Lafayette Software, Inc. Business Plan dated August 8, 2001.

(vii.) Expense receipts.

c. A computation of damages has been provided.

d. There is no insurance agreement as requested by FRCP 26(a)(1)(D).

10. Defendant's Disclosures: Defendant provided initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on March 18, 2005.

**Discovery**

11. Plaintiff does not plan to undertake any discovery at this time, subject to receipt of Defendant's Initial Disclosures. Defendant anticipates the need for limited written discovery followed by several depositions, including that of the Plaintiff and several third parties all of whom reside in France. Defendant suggests the following schedule:

- Fact Discovery Cutoff: October 1, 2005

- Summary Judgment Filing Deadline: October 15, 2005
- Expert Discovery Cutoff: November 7, 2005
- Submit Pretrial Material: November 14, 2005
- Pretrial Conference: November 28, 2005
- Trial: December 12, 2005

**Trial Date**

12. Plaintiff requests a trial date in July or August, 2005. Defendant anticipates being prepared for trial in December 2005.

13. Plaintiff expects that the trial will last ½ day. Defendant anticipates a 3-4 day trial.

Dated: March 18, 2005

BINDER & MALTER, LLP

By: [signature]
Gayle Zickgraff Green
Attorney for Plaintiff

Dated: March 18, 2005

LATHAM & WATKINS, LLP

By: [signature]
James L. Day
Attorney for Defendant

## Case Management Order

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

a. Set deadlines for completing fact and expert discovery.

b. Set deadlines for submission of pretrial material.

c. Set date and time for pretrial conference.

d. Set a date and time for trial.

Dated:____________________

____________________________________
UNITED STATES DISTRICT JUDGE

GG/grandclement/pleadings/joint cmc3-18-05