**E-filed 3/22/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARGARET PRICE,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST AIRLINES FLIGHT ATTENDANTS' LONG-TERM DISABILITY PLAN, NORTHWEST AIRLINES, INC., and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendants. | Case Number C 03-05187 JF (HRL)<br><br>MEMORANDUM OF INTENDED DECISION FOLLOWING TRIAL ON ADMINISTRATIVE RECORD |

On December 1, 2004, the Court issued a written order denying the parties' cross-motions for summary judgment and requesting supplemental briefing as to the appropriate disposition of the instant matter pursuant to a *de novo* review of the administrative record. The parties subsequently submitted the requested briefing, and the Court has considered both the arguments contained therein and the evidence in the administrative record itself. For the reasons discussed below, the Court finds and concludes that Plaintiff was disabled as defined by the subject ERISA Plan and accordingly is entitled to benefits commencing ninety (90) days after her last day of work.



Dockets.Justia.com

The relevant medical opinions are summarized at pages 7-11 of the Court's order of December 1, 2004. Defendants concede that Plaintiff was disabled as of April 3, 2003, but they contend that she failed to provide satisfactory proof that she was continuously disabled during the ninety-day waiting period following her last day of work, which was August 10, 2002.[1]

On March 19, 2003, Defendant's medical expert, Dr. Nettrour, concluded that the opinions of four health care professionals who had examined and treated Plaintiff–Drs. Schlenger, Chang, Sylvain and Zucherman–did "not support [Plaintiff's] inability to work at a medium position during the time period of 8/10/02 though 11/8/02 and 11/9/02 through present." Approximately three months later, on June 23, 2003, having reviewed the report of a fifth doctor, Dr. Howard, Dr. Nettrour concluded that Plaintiff "would appear to be a candidate for only sedentary or light laboring activities, specifically no frequent bending or lifting weight greater than 20 pounds as of 4/3/03." Defendant contends that Dr. Howard's report contained significant new information that caused it to re-assess its position. Plaintiff, however, argues that Dr. Howard merely corroborated the information Plaintiff already had provided, thus establishing that Dr. Nettrour's initial conclusion was incorrect.

Sitting as the trier of fact and applying a *de novo* standard of review, the Court agrees with Plaintiff. Relying upon both a comprehensive physical examination of Plaintiff and an MRI taken on August 5, 2002, Dr. Howard concluded that Plaintiff suffered from "very advanced disc degeneration" and recommended surgery. The "new" information from Dr. Howard's report cited by Dr. Nettrour included "a clear history of sciatica to the level of the foot and findings of positive straight leg raise and decreased sensation consistent with right S1 radiculopathy," purportedly reflecting "a *new* onset for subjective weakness of the right lower extremity, corroborated by a positive straight leg raise on the right and decreased sensation along the S1 dermatome."

---

[1]Plaintiff argues that even if the Court were to find that she did not provide satisfactory proof of her disability prior to April 3, 2003, she nonetheless is entitled to benefits from that date forward. Defendant interprets the relevant provisions of the Plan as precluding benefits for a disability arising more than ninety (90) days after an employee's last day of work. In light of its determination that Plaintiff was continuously disabled as of August 10, 2002, the Court need not resolve this issue.

As Plaintiff notes pointedly in her supplemental briefing, none of this information was new. Evidence that Plaintiff was suffering from radiculopathy (i.e., radiating pain) was contained in the reports of each of Plaintiff's treating professionals, beginning with Dr. Schlenger's record dated August 15, 2002. A positive straight leg raise test and "weakness and numbness and tingling in [Plaintiff's] right lower extremity" were explicitly reported by Dr. Sylvain on December 5, 2002. Dr. Zucherman's report of February 7, 2003 was based on the same MRI and the same physical observations as Dr. Howard's report. Thus, if Plaintiff's was satisfactory to establish her disability as of April 3, 2003, as both Dr. Nettrour and Defendant's concede that it was, that same evidence should have been satisfactory to establish her disability during the ninety-day waiting period.

Separate and apart from the inconsistency in Dr. Nettrour's opinions, the Court finds on the basis of its independent review of the medical evidence that Plaintiff's showing that she was "unable to perform all the material duties of [her] regular occupation" as of August 10, 2002 is substantially more persuasive than Defendants' showing to the contrary. Dr. Nettrour never examined Plaintiff. The opinions of Plaintiff's five treating professionals are both internally consistent and consistent with each other. Notably, although Plaintiff's treating doctors may be faulted for their delay in responding to Defendant's inquiries during the claim review process, three of them–Drs. Schlenger, Chang and Sylvain–ultimately did complete the Plan's "Physical Ability Assessment" form, which is intended to relate a claimant's physical abilities and limitations to the actual duties of the claimant's job, and their respective assessments support the conclusion that Plaintiff was disabled as defined by the Plan. In contrast, while Dr. Nettrour opined that Plaintiff could work at a "medium position," there is, as Plaintiff correctly observes, nothing in the record that relates that opinion to the material duties of a flight attendant or even defines the term, "medium position.".

Accordingly, the Court intends to enter judgment in favor of Plaintiff for long-term disability benefits commencing November 8, 2002[2], prejudgment interest on benefits accrued but

---

[2]There appears a discrepancy in the briefs as to the appropriate commencement date for benefit payments assuming that Plaintiff was disabled as of August 10, 2002. The Court has fixed the commencement date as November 8, 2002 because that date is ninety days after

unpaid since that date, and attorney's fees and costs. Counsel for Plaintiff is directed to prepare appropriate findings of fact and conclusions of law as well as a form of judgment. If the parties are unable to agree on the amount of attorney's fees to be awarded, Plaintiff may file a noticed motion for attorney's fees.

s/ (electronic signature authorized)

DATED: March 22, 2005

JEREMY FOGEL
United States District Judge

---

Plaintiff's last day of work.

Copies of document electronically served.