Apple Inc. v. Psystar Corporation
Doc. 2705 Att. 3

# EXHIBIT D

Dockets.Justia.com

# Milberg Weiss Bershad & Schulman LLP

## THE FIRM'S PRACTICE, ACHIEVEMENTS AND ATTORNEY BIOGRAPHIES

Milberg Weiss Bershad & Schulman LLP is the most respected and effective plaintiff law firm in the United States. Founded in 1965, the Firm now has more than 120 lawyers, with principal offices in New York City and additional offices in Boca Raton, Florida; Wilmington, Delaware; Washington, D.C.; Seattle, Washington; and Los Angeles, California. The Firm's practice focuses on the prosecution of class and complex actions in many fields of commercial litigation, emphasizing securities, corporate fiduciary, consumer, insurance, healthcare, antitrust, mass tort, human rights, and related areas of litigation.

In the Firm's early years, its founding partners, Lawrence Milberg and Melvyn I. Weiss, built a new area of legal practice in representing shareholders' interests under the then recently amended federal procedure Rule 23, which allowed securities fraud cases, among others, to proceed as class actions. In the following decades, the Firm's lawyers obtained decisions that established important legal precedents in many of their areas of practice, and prosecuted cases that set benchmarks in terms of case theories, organization, discovery, trial results, methods of settlement, and amounts recovered and distributed to clients and class members.

Important milestones included the Firm's involvement in the *U.S. Financial* litigation in the early 1970s, one of the earliest large class actions, which resulted in the recovery of over $50 million by purchasers of the securities of a failed real estate development company; the Ninth Circuit decision in *Blackie v. Barrack* in 1975, which established the fraud-on-the-market doctrine for securities fraud actions; co-lead counsel position in the *In re Washington Public Power Supply System (WPPSS) Securities Litigation*, a seminal securities fraud action in the 1980s in terms of complexity and amounts recovered; representation of the Federal Deposit Insurance Corp. in a year-long trial to recover banking losses from a major accounting firm, leading to a precedent-setting global settlement; attacking the Drexel-Milken "daisy chain" of illicit junk-bond financing arrangements with numerous cases that resulted in substantial recoveries for investors; representing life insurance policyholders defrauded by "vanishing premium" and other improper sales tactics and obtaining large recoveries from industry participants; and ground-breaking roles in the multi-front attack on deception and other improper activities in the tobacco industry.

Milberg Weiss remains at the forefront in its areas of practice. Recently, it has obtained eve-of-trial settlements totaling $460 million in the *Raytheon* securities fraud litigation, representing the lead plaintiff New York State Common Retirement Fund; settled lawsuits by physician and medical association clients against CIGNA Healthcare and Aetna, which brought benefits in excess of $900 million and sweeping changes to the industry; and continued its work as a lead counsel in broad-based multi-defendant actions concerning misconduct in connection with IPOs and mutual funds.

The Firm also has a general corporate and securities practice representing privately and publicly held corporations in the areas of capital formation, mergers and acquisitions, and other commercial transactions.

The Firm is consistently active in pro bono litigation, highlighted by its leadership role in cases leading to recoveries of some $6 billion from Swiss and German banks and companies to benefit victims of the Holocaust and its recent efforts representing claimants of the September 11 Victim Compensation Fund.

The Firm's lawyers come from many different professional backgrounds. They include former federal or state prosecutors, private defense attorneys, and government lawyers. The Firm's ability to pursue all types of fraud is augmented by its 16-person team of investigators, headed by a former agent for the Federal Bureau of Investigation, and its four full-time forensic accountants.

In 2003, the partners of Milberg Weiss Bershad Hynes & Lerach LLP decided to separate into two groups, with Milberg Weiss Bershad & Schulman LLP serving as the continuing Firm.

Milberg Weiss has been responsible for more than $45 billion in recoveries during the life of the Firm. Examples of cases in which the Firm has taken lead roles include the *WPPSS* litigation, which resulted in settlements totaling $775 million; the *Lincoln Savings and Loan Litigation*, with total recoveries of $240 million out of $288 million in estimated total losses; the

*NASDAQ Market-Makers Antitrust Litigation*, which resulted in a $1.027 billion settlement; and actions against major life insurers, including Prudential and MetLife, where the Firm has recovered billions of dollars on behalf of policyholders who were the victims of alleged churning and other improper practices. In the securities fraud arena, the Firm's recent successes include *Raytheon*, *Oxford Health Plans* (settlements totaling $300 million), and *Lucent Technologies* ($600 million settlement). In addition, the Firm currently plays major roles in the litigation arising from the two largest scandals in the financial community -- the *IPO Securities Litigation*, in which the Firm serves as Chair of Plaintiffs' Executive Committee, and the *Mutual Funds Litigation*, in which the Firm is Co-Chair of Plaintiffs' Counsel's Steering Committee.

The Firm also has leadership positions in many important non-securities cases throughout the country, including its representation of physician groups in the *Managed Care Litigation* discussed above, and its lead counsel role in a major derivative action on behalf of shareholders of the Walt Disney Company challenging employment and severance matters concerning former Disney president Michael Ovitz, which is currently being tried in Delaware Chancery Court. For more information, please visit www.milbergweiss.com.

## JUDICIAL COMMENDATIONS

In ***In re September 11 Victim Compensation Fund***, Preliminary Hearing, Claim No. 212-003658 (Dec. 9 2003), Special Master Kenneth R. Feinberg stated the following regarding the Firm's commitment to the public interest:

> Let me say one more thing on the record before we adjourn, and please convey this to Mr. Weiss and to David Bershad. Once again, as I have learned over the years here in New York, the Milberg Weiss firm steps up to the plate in the public interest time and time again. The social conscience of the Milberg Weiss firm, acting through its excellent associates and partners, help deal with crises that confront the American people and others, and I am personally in the debt of Milberg Weiss for the work that it is doing, even under the gun with the December 22 deadline looming. I am once again in Milberg Weiss' debt for their extraordinary willingness to help out in the public interest, and I hope you'll relay that message back to the firm... they are second among none in terms of the public interest, and I'm very, very grateful, not only to you guys for doing this, but... for the firm's willingness to help out. I wanted to let everybody know that.

Mr. Feinberg echoed this sentiment in a subsequent hearing (September 11th Victim Compensation Fund Hearing before Special Master Kenneth R. Feinberg, May 11, 2004):

> I also note on the record that the pro bono service of the Milberg Weiss firm is well-known to lawyers and the public throughout the nation, and I'm grateful that this is one more example of how Milberg Weiss serves the nation.
>
> I want to note on the record the extraordinary professionalism and skill of counsel in the preparation of this claim. They have exhibited the finest character of the Bar, and I thank them for a job well done.

Milberg Weiss has been commended by countless judges all over the country for the quality of its representation in class action lawsuits. In ***In re Rite Aid Corp. Securities Litigation***, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003), Judge Dalzell commented on the skill and efficiency of Milberg Weiss attorneys in litigating the complex case:

> At the risk of belaboring the obvious, we pause to say a specific word about... the skill and efficiency of the attorneys involved...Milberg Weiss [was] extraordinarily deft and efficient in handling this most complex matter... they were at least eighteen months ahead of the United States Department of Justice in ferreting out the conduct that ultimately resulted in the write-down of over $1.6 billion in previously reported Rite Aid earnings... In short, it would be hard to equal the skill class counsel demonstrated here.

In ***In re Lucent Technologies, Inc. Securities Litigation***, No. 00 CV-621, slip op. at 14-15, 26 (D.N.J. Feb. 24, 2004), Judge Joel A. Pisano of the United States District Court for the District of New Jersey recently issued an Opinion approving the Settlement of the Lucent Technologies Securities Litigation, in which he complimented Milberg Weiss (Co-Lead Counsel for the Plaintiff Class) saying:

> [T]he attorneys representing the Plaintiffs are highly experienced in securities class action litigation and have successfully prosecuted numerous class actions throughout the United States. They are more than competent to conduct this action. Co-Lead Counsel diligently and aggressively represented Plaintiffs before this Court and in the negotiations that resulted in the Settlement . . . the efforts and ingenuity of Lead Plaintiffs and Lead Counsel resulted in an extremely valuable Settlement for the Benefit of the Class.

In ***In re IKON Office Solutions, Inc. Securities Litigation***, 194 F.R.D. 166, 195 (E.D. Pa. 2000), where Milberg Weiss served as co-lead counsel, Judge Marvin Katz of the United States District Court for the Eastern District of Pennsylvania commented on the skill and professionalism of plaintiffs' co-lead counsel:

> First, class counsel is of high caliber and has extensive experience in similar class action litigation... Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability both to prosecute the case effectively and to negotiate credibly. Similarly, defense counsel has a fine reputation and has displayed great skill in defending this complex class action. Their opposition to plaintiffs has been anything but token, and many of the battles on crucial issues were hard fought.
>
> Of particular note in assessing the quality of representation is the professionalism with which all parties comported themselves. The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filings in a timely manner even when under tight deadlines. This professionalism was also displayed in class counsel's willingness to cooperate with other counsel when appropriate... This cooperation enabled the parties to focus their disputes on the issues that mattered most and to avoid pointless bickering over more minor matters.

In ***In re NASDAQ Market-Makers Antitrust Litigation***, 187 F.R.D. 465, 474 (S.D.N.Y. 1998), in an opinion dated November 9, 1998, approving settlements totaling over $1.027 billion, Judge Sweet commented:

> Counsel for the Plaintiffs [Milberg Weiss] are preeminent in the field of class action litigation, and the roster of counsel for Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties in this action achieved.

In ***In re Prudential Insurance Co. of America Sales Practices Litigation***, 962 F. Supp. 572, 585-86 (D.N.J. 1997), vacated on other grounds, in approving the settlement of a nationwide class action against a life insurer for deceptive sales practices, where Milberg Weiss was co-lead counsel, Judge Wolin observed:

> [T]he results achieved by plaintiffs' counsel in this case in the face of significant legal, factual and logistical obstacles and formidable opposing counsel, are nothing short of remarkable.
>
> * * *
>
> Finally, the standing and professional skill of plaintiffs' counsel, in particular Co-Lead Counsel, is high and undoubtedly furthered their ability to negotiate a valuable settlement and argue its merits before this Court. Several members of plaintiffs' counsel are leading attorneys in the area of class action litigation.

At the Fairness Hearing, Judge Wolin stated that "there is no doubt that Class Counsel have prosecuted the interests of the class members with the utmost vigor and expertise." *In re Prudential Ins. Co. of Am. Sales Practices Litigation*, 962 F. Supp. 450, 519 (D.N.J. 1997) (emphasis added).

In approving a $100 million settlement in ***In re Prudential Securities Inc. Partnership Litigation***, 912 F. Supp. 97, 101 (S.D.N.Y. 1996), in which Milberg Weiss was one of the lead counsel, Judge Pollack noted that he had "had the opportunity at first hand to observe the quality of plaintiffs' class counsel's representation, both here and in prior complex litigation, and is impressed with the quality of Plaintiffs' Class Counsel."

In ***Roy v. The Independent Order of Foresters***, Civ. No. 97-6225 (SKC) at 32 (D.N.J. Aug. 3, 1999), in his opinion on class certification, Judge Chesler noted:

> The firm of Milberg Weiss, which is co-lead counsel for the plaintiff, was also counsel for the plaintiff class in the Prudential case. Thus, the adequacy of the plaintiff's representation is beyond reproach. Furthermore, the tremendous and unprecedented settlements which the Milberg firm has helped to secure for the plaintiff classes in both this case and the Prudential case are a testament to counsel's vigorous pursuit of the class interests.

In ***In re Buspirone Patent Litigation***, MDL Docket No. 1413 at 34:2-3 (S.D.N.Y. Nov. 6, 2003) (Final Approval Hearing Transcript), Judge Koeltl commented on plaintiffs' counsel:

> Let me say that the lawyers in this case have done a stupendous job.

In ***Kruman v. Christie's International***, PLC, 00 Civ. 6322 (LAK) at 36:13-16 (S.D.N.Y. June 2, 2003) (Final Approval Hearing Transcript), Judge Kaplan commented on class counsel's representation:

> I have satisfied myself in examining these papers that counsel involved in this case pursued this very difficult matter tenaciously, with skill, and got what I view to be an excellent result.

## NOTEWORTHY CLIENTS

Countless individual investors, funds and institutions are represented by Milberg Weiss including:

- The New York State and Local Retirement System. Milberg Weiss was selected by former New York State Comptroller H. Carl McCall and current comptroller Alex G. Hevesi to serve as one of the firms acting as special counsel for securities class action and derivative litigation. Milberg Weiss is currently representing the N.Y. State Common Retirement Fund in substantial securities fraud actions against Bayer AG, the Raytheon Corp. and Chubb.

- The State of New Jersey Pension Fund. Milberg Weiss was competitively selected by the Treasurer of the State of New Jersey to represent the state's $86 billion pension fund in its securities litigation against Sears Roebuck & Co. New Jersey was appointed lead plaintiff and Milberg Weiss lead counsel, after hard-fought motion practice.

- State of Ohio. In October 2003, the Firm was appointed special securities litigation counsel for the State of Ohio by the Attorney General. Currently, the Firm is representing the Ohio Tuition Trust Authority in the Putnam Mutual Fund litigation currently pending in the District of Maryland.

- Commonwealth of Pennsylvania. Milberg Weiss was competitively selected as panel counsel by the Commonwealth of Pennsylvania's State Employees' Retirement System, a $28 billion dollar fund.

- The Teachers' Retirement System of The State of Illinois. This $22 billion dollar pension fund appointed Milberg Weiss to serve as monitoring and securities litigation counsel.

- Ontario Public Service Employees Union Pension Trust Fund ("OPTrust"). Milberg Weiss is representing OPTrust as Lead Plaintiff in a securities fraud action against Nortel involving accounting fraud and other related misrepresentations.

- SEIU Local 144 Nursing Home Pension Fund and Hotel Front Insurance Fund. Milberg Weiss has represented these combined funds in several securities class actions, including actions against Procter & Gamble Company and Microstrategy, Inc., which settled for $48 million and $155 million, respectively.

- The Federal Deposit Insurance Corporation. Milberg Weiss represented the FDIC in claims arising out of the failure of the Butcher brothers' Tennessee banking empire. The case ultimately settled for $425 million after a full jury trial as part of a massive global settlement among the FDIC, RTC and Ernst & Whinney.

- The West Virginia Employer - Teamsters Joint Counsel No. 84 Pension Trust and Locals 175 and 505 Pension Trust. Milberg Weiss has recently represented these Taft-Hartley pension funds as Lead Plaintiff in the Lucent Technologies Corp. Securities Litigation, which settled for $600 million.

- The Firm represented IBM Corporation with Cravath, Swaine & Moore in class and derivative suits asserted against IBM in New York courts. The derivative litigation has been dismissed and the class litigation was defeated on a motion for summary judgment, thereafter sustained on appeal.

- In addition, the Firm has represented individuals, governmental entities and major corporations including CBS Corporation; T.V. Azteca, Mexico's second largest television network; Phar-Mor, Inc., formerly a nationwide discount pharmacy chain, and others in complex financial litigation.

## PROMINENT CASES

- ***In re Lucent Technologies, Inc. Securities Litigation***, No. 00cv621 (AJL) (D.N.J.). This settlement provides compensation of $600 million to aggrieved shareholders who purchased Lucent stock between October 1999 and December 2000.

- ***In re Raytheon Securities Litigation***, 99 CV 12142 (E.D. Mass.). This case concerned claims that a major defense contractor failed to write down assets adequately on long term construction contracts. In May 2004, Raytheon and its auditor PricewaterhouseCoopers LLP settled for a total of $460 million.

- Milberg Weiss served as co-lead counsel in ***In re Oxford Health Plans, Inc. Securities Litigation***, MDL Dkt. No. 1222 (CLB) (S.D.N.Y.), in which settlements totaling $300 million in cash were approved by the Court in June 2003. Plaintiffs alleged that Oxford Health Plans, Inc. issued fraudulent financial statements that misstated its premium revenues and medical claims expense. KPMG LLP, Oxford's outside auditor, was also named as a defendant and was alleged to have issued a materially false and misleading audit opinion on Oxford's financial statements for the year ended December 31, 1996.

- In ***In re Rite Aid Securities Litigation***, Master File No. 99-1349 (E.D. Pa.), Judge Stewart Dalzell approved class action settlements totaling $334 million against

Rite Aid ($207 million), KPMG ($125 million -- the second largest amount ever recovered from an accounting firm in a federal securities class action, and the largest ever against an auditor in a case where the securities claims were limited to claims under section 10(b), which requires proof of knowing or reckless misconduct), and certain former executives of Rite Aid ($1.6 million).

• ***In re Scheiner v. i2 Technologies, Inc.***, Civ. No. 3:01-CV-418-H (N.D. Tex.). May 2004 settlement of $84.85 million with i2 Technologies and certain individual defendants. Case alleged securities fraud against defendants relating to company's software product descriptions and alleged violations of Generally Accepted Accounting Principles.

• ***In re Initial Public Offering Securities Litigation***, 21 MC 92 (S.D.N.Y.). The Initial Public Offering Securities Litigation consists of 309 separate class actions involving more than 300 IPOs marketed between 1998 and 2000. The actions are coordinated for pre-trial purposes before U.S. District Court Judge Shira A. Scheindlin in the Southern District of New York. The defendants consist of the companies brought public, certain of their officers and directors and 55 of the investment banks that brought them public and underwrote various follow-on offerings. The lawsuits generally allege that the IPOs of these companies were manipulated by the investment banks to artificially inflate the market price of those securities and to conceal the amounts of compensation actually received by the underwriters and that these efforts were not disclosed to the investing public. A proposed settlement between the issuer defendants and their directors and officers and the plaintiffs has been preliminarily presented to the Court for review. The settlement would guarantee at least (or the first) $1 billion dollars to investors who are class members from the insurers of the issuers. The $1 billion guarantee is subject to reduction by potential recoveries from the 55 Underwriter Defendants against whom the cases will continue. A preliminary hearing has yet to be scheduled by the Court. Recently, Judge Scheindlin granted plaintiffs' motions for class certification in six class actions against the Underwriter Defendants, which were selected to serve as test cases.

• In ***In re Mutual Funds***, Milberg Weiss has been appointed as the co-chair of the plaintiffs' counsel's steering committee, which is responsible for prosecuting this ground-breaking litigation involving timing and late trading allegations against (and on behalf of) more than 16 mutual fund families and affiliated entities. Pursuant to an order by the Panel for Multidistrict Litigation, these cases are proceeding before four judges in the District of Maryland. As co-chair, Milberg Weiss is responsible for overseeing a steering committee comprised of approximately 10 firms which are working together to prosecute this highly complex litigation.

• The Firm was lead counsel in ***In re Prudential Insurance Co. Sales Practice Litigation***, Civ. No. 95-4707 (AMW) (D.N.J.), a landmark case which concerned securities claims as well as common law claims and which resulted in a recovery exceeding $4 billion for Prudential policyholders. The settlement was approved in a comprehensive decision handed down by the Third Circuit. Milberg Weiss has led the litigation of numerous other class actions involving alleged churning practices by other insurance companies and their agents, recovering billions of dollars in actions against major insurers, including MetLife, American Express/IDS, New York Life, ManuLife and John Hancock.

• In ***In re NASDAQ Market-Makers Antitrust Litigation***, MDL 1023 (S.D.N.Y.), Milberg Weiss served as court-appointed co-lead counsel for a class of investors. The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent history. After three and one half years of intense litigation, the case was settled for a total of $1.027 billion, the largest antitrust settlement ever.

• ***In re Washington Public Power Supply System Securities Litigation***, MDL 551 (D. Ariz.). A massive litigation in which Milberg Weiss served as co-lead counsel for a class that obtained settlements totaling $775 million after several months of trial.

• In ***In re American Continental Corp./Lincoln Savings & Loan Securities Litigation***, MDL 834 (D. Ariz.), Milberg Weiss served as the court-appointed co-lead counsel for a class of persons who purchased debentures and/or stock in American Continental Corp., the parent company of the now-infamous Lincoln Savings & Loan. The suit charged Charles Keating, other insiders, three major accounting firms, three major law firms, Drexel Burnham, Michael Milken and others with racketeering and violations of securities laws. Recoveries totaled $240 million on $288 million in losses. A jury also rendered verdicts of more than $1 billion against Keating and others.

• ***In re Exxon Valdez***, No. A89-095 Civ. (D. Alaska) and ***In re Exxon Valdez Oil Spill Litigation***, 3 AN-89-2533 (Alaska Super. Ct. 3d Jud. Dist.). Milberg Weiss is a member of the Plaintiffs' Coordinating Committee and co-chair of Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. A jury verdict of $5 billion was obtained and is currently on appeal.

• In *In re Managed Care Litigation*, MDL 1334 (S.D. Fla.). Final approval of a settlement between a nationwide class of physicians and defendant CIGNA Healthcare valued in excess of $500 million dollars was granted on April 22, 2004. A similar settlement valued in excess of $400 million involving a nationwide class of physicians and Aetna was approved by the Court on November 6, 2003. The settlements stem from a series of lawsuits filed in both state and federal court by physicians and medical associations currently pending against many of the nation's largest for-profit health insurers arising from conduct involving issues dating back to 1990. These settlements bring sweeping changes to the health care industry and involve improvements to physician-related business practices and provide for the establishment of an independent foundation dedicated to improving the quality of health care in America.

• ***In re Baldwin United Annuity Litigation***, No. M-21-35 (S.D.N.Y.). Milberg Weiss served as co-lead counsel in this consolidated proceeding on behalf of purchasers of annuities that was settled for over $160 million.

• ***In re MicroStrategy, Inc. Securities Litigation***, No. 00-473-A (E.D. Va.). Milberg Weiss served as co-lead counsel in this action, which alleged securities fraud based on a massive restatement. Settlements with the defendants totaled in excess of $150 million.

• ***In re Sunbeam Securities Litigation*** (No. 98-8258) (S.D. Fla) Milberg Weiss acted as co-lead counsel for the class. Plaintiffs alleged that Sunbeam, its auditor, and its management engaged in a massive accounting fraud which led to a restatement of over three years of previously reported financial results. The Court approved a combined settlement of over $140 million. The settlement amount included a $110 million settlement with Arthur Andersen, LLP, Sunbeam's auditor. The Andersen settlement is one of the largest amounts ever paid by a public accounting firm to settle claims brought under the federal securities laws. The settlement with the individuals was achieved on the eve of trial, and ended almost four years of litigation against Andersen and Sunbeam's insiders, including Albert Dunlap, Sunbeam's former Chairman and CEO. The settlement included a personal contribution from Dunlap of $15 million.

• In ***In re Computer Associates Securities Litigation***, Nos. 98-CV-4839, 02-CV-1226 (TCP) (E.D.N.Y.), Milberg Weiss served as co-lead counsel and obtained a pretrial settlement valued at over $134 million in these securities fraud class actions.

• In ***In re IKON Office Solutions, Inc. Securities Litigation***, MDL 1318, Docket No. 98-4286 (E.D. Pa.), Milberg Weiss served as co-lead counsel and obtained a pretrial settlement of $111 million in this securities fraud class action.

• In ***In re W.R. Grace & Co. (Official Committee of Asbestos Personal Injury Claimants v. Sealed Air. Corp. and Official Committee of Asbestos Personal Injury Claimants v. Fresenius Medical Care Holdings, Inc.)***, Nos. 02-2210 and 02-2211 (D. Del.), Milberg Weiss acted as lead counsel for the asbestos personal injury and property damage committees in two separate fraudulent conveyance actions within the W.R. Grace bankruptcy. The actions sought to return the assets of Sealed Air Corporation and Fresenius Medical Care Holdings (each of which had been Grace subsidiaries pre-bankruptcy) to the W.R. Grace bankruptcy estate. Complaints in both cases were filed in mid-March 2002, and agreements in principle in both cases were reached on November 27, 2002, the last business day before trial was set to begin in the Sealed Air matter. The total of the two settlements, which consisted of both cash and stock, was approximately $1 billion.

• ***In re Kruman v. Christie's International, PLC***, 284 No. 01-7309 (S.D.N.Y.), resulted in the first U.S. Court of Appeals holding that antitrust class actions on behalf of all purchasers injured worldwide can be brought in U.S. courts under U.S. law when an antitrust conspiracy has sufficient effects in the U.S. Decided in March 2002; led to successful settlement in 2003 of claims against Christie's and Sotheby's on behalf of purchasers and sellers at auctions outside the U.S.

• ***In re Tyco International Ltd., Securities Litigation***, MDL Docket No. 02-1335-B (D.N.H.). Milberg Weiss is co-lead counsel in this litigation, which involves claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Tyco and its former CEO, CFO, general counsel and certain former directors that arise out of Tyco's $5.8 billion overstatement of income and $900 million in insider trading, plus hundreds of millions of dollars looted by insiders motivated to commit the fraud. Claims are also made under the 1933 and 1934 Acts against PricewaterhouseCoopers, LLP, which is alleged to have published false audit opinions on Tyco's financial statements during the Class Period and to have failed to audit Tyco properly, despite knowledge of the fraud. In October 2004, the Court sustained the vast majority of plaintiffs' claims against Tyco and its former senior officers (Dennis Kozlowski, Mark Swartz, Mark Belnick and Frank Walsh), with the exception of one director, as well as Tyco's auditor, PwC.

• ***In re Nortel Networks Corp. Securities Litigation***, Civ. No. 01-CV-1855-RMB (S.D.N.Y.). This federal securities fraud class action was commenced in February 2001 against Nortel Networks Corp. and certain of its officers and directors. In February 2002, Milberg Weiss

was appointed to serve as sole Lead Counsel for the Class and for the Court-appointed Lead Plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund. In January 2003, the Court sustained the Complaint in its entirety, denying defendants' motion to dismiss and, in September 2003, certified a Class. In certifying the Class, the Court specifically rejected defendants' argument that those who traded in Nortel securities on the Toronto Stock Exchange (and not the New York Stock Exchange) should be excluded from the Class. The Second Circuit denied defendants' attempted appeal.

• ***In re Xerox Securities Litigation***, No. 3:99-CV-2374 (AWT) (D. Conn.) and ***Carlson v. Xerox Corp.***, No. 3:00-CV-1621 (AWT) (D. Conn.). Milberg Weiss was appointed co-lead counsel in both of these cases. The first case was brought on behalf of a class of purchasers of Xerox common stock from October 22, 1998 (when Xerox first claimed that it was benefiting from a restructuring) through October 7, 1999 (when Xerox finally disclosed the massive problems with the restructuring that affected its operations and the impact of these problems on its revenues) and alleged misrepresentations regarding Xerox's restructuring. The second case was brought on behalf of a class of purchasers of Xerox common stock from February 17, 1998 through June 28, 2002 and alleged misrepresentations and failure to disclose massive accounting improprieties. As a result of these alleged accounting improprieties, on June 28, 2002 (the last day of the Class Period), Xerox issued a $6.4 billion restatement of equipment sales revenues booked over a five year period.

• ***In re The Walt Disney Company Derivative Litigation***, C.A. No. 15452 (Del. Ch., New Castle County). Challenge to Employment Agreement which Board of Directors never reviewed or approved and to payment of severance package without Board oversight. This action is currently being tried in the Delaware Chancery Court.

• Milberg Weiss is prosecuting numerous class actions involving a major area of investment abuse: deceptive sales of deferred annuity tax shelters to investors for placement in retirement plans that are already tax-qualified. In ***Nelson v. Pacific Life Ins. Co.***, No. CV203-131 (S.D. Ga.) the district court denied defendants' motion to dismiss and discovery is underway. In ***American United Life Insurance Co. v. Douglas***, No. 29A02-0304-CV-350 (Ind. Ct. App.), denial of defendant's summary judgment motion was sustained on interlocutory appeal. The SEC and NASD have begun regulatory programs to address these problems.

• Milberg Weiss is co-lead counsel in ***In re Vivendi Universal, S.A. Securities Litigation***, 02 Civ. 5571 (RJH), a securities fraud class action on behalf of U.S. and foreign investors who purchased Vivendi ordinary shares or American Depository Shares. Plaintiffs allege that Vivendi embarked on a $77 billion acquisition spree in order to transform itself into a huge international conglomerate. Throughout the Class Period (October 30, 2000 through August 14, 2002), defendants (and in particular, Vivendi's former CEO and Chairman, Jean-Marie Messier, and Vivendi's former CFO, Guillaume Hannezo) reported strong revenue and earnings, and portrayed Vivendi as a company that was generating sufficient cash flow to satisfy its debt obligations on approximately $21 billion in debt that it had amassed in connection with financing its acquisition binge. However, plaintiffs allege that Vivendi's operations and financial condition were much weaker than what their public statements portrayed. Plaintiffs have already defeated defendants' motions to dismiss the complaint, and are in the midst of discovery that will take place in the U.S. and France (where French regulators are conducting their own formal investigations).

• ***Rabi Abdullahi v. Pfizer, Inc.***, 01 Civ. 8118 (WHP), (S.D.N.Y.). This is a case in which the Firm has brought claims under the Alien Tort Claims act on behalf of Nigerian children and their families who were enrolled in a clinical trial of a drug by Pfizer without their knowledge. Plaintiff alleges that Pfizer's conduct violated the international prohibition on medical experimentation without informed consent when children suffering from meningitis, whose families had brought them to a local hospital for treatment, were secretly enrolled in a clinical trial of the Pfizer drug, Trovan. Plaintiff survived a motion to dismiss for failure to state a claim. The action was then dismissed on forum non-conveniens grounds but the Second Circuit vacated that decision. The case is now back before the trial court.

• In ***In re General Instrument Corp. Securities Litigation***, No. 01-3051 (LR) (E.D. Pa.), Milberg Weiss served as co-lead counsel and obtained a pretrial settlement of $48 million in this securities fraud class action.

• ***In re Triton Energy Limited Securities Litigation***, Civil Action No. 5-98-CV-256 (E.D. Tex. Texarkana Division), settled for $42 million. Plaintiffs alleged that defendants misrepresented, among other things, the nature, quality, classification and quantity of Triton's Southeast Asia oil and gas reserves during the period March 30, 1998 through July 17, 1998.

• In ***Andrews v. AT&T***, No. CV 191-175 (S.D. Ga.). The Firm represented a class of persons who paid for premium-billed "900-number" calls that involved

allegedly deceptive games of chance, starting in 1993. Defendants included major long-distance companies, which approved the call programs and billed for the calls. Defendant MCI settled for $60 million in benefits; the class against AT&T was decertified on appeal and the Firm prosecuted the individual plaintiffs' claims, obtaining a jury verdict in 2003 for compensatory and punitive damages.

## PRECEDENT-SETTING DECISIONS

Milberg Weiss has consistently been a leader in developing the law for investors and consumers under the federal securities, antitrust and consumer protection laws. The Firm has represented individual and institutional plaintiffs in hundreds of class action litigations in federal and state courts throughout the country. In most of those cases, Milberg Weiss has served as lead or co-lead counsel for the class. The Firm has also been responsible for establishing many important precedents, including:

• ***Blackie v. Barrack***, 524 F.2d 891 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976). This is the seminal appellate decision on the use of the "fraud-on-the-market" theory, allowing investors who purchase stock at artificially inflated prices to recover even if they were personally unaware of the false and misleading statements reflected in the stock's price. The court stated that class actions are necessary to protect the rights of defrauded purchasers of securities.

• ***Novak v. Kasaks***, 216 F.3d 300 (2d Cir. 2000). The Firm was lead counsel in this seminal securities fraud case in which the Second Circuit undertook an extensive analysis of the statutory text and the legislative history of the PSLRA and pre-existing Second Circuit case law. Among other things, the Second Circuit held that the PSLRA's pleading standard for scienter was largely equivalent to the pre-existing Second Circuit standard and vacated the district court's dismissal which sought to impose a higher standard for pleading scienter under the PSLRA. The Second Circuit also rejected any general requirement that plaintiffs' confidential sources must be disclosed to satisfy the PSLRA's newly-enacted particularity requirements.

• ***In re Cabletron Systems, Inc.***, 311 F.3d 11 (1st Cir. 2002). The First Circuit joined the Second Circuit in allowing a complaint to be based on confidential sources. The Court also accepted the argument made by Milberg Weiss that courts should consider the amount of discovery that has taken place in deciding a motion to dismiss and that the lack of discovery will result in a less stringent standard for pleading securities fraud claims with particularity.

• ***Gebhardt v. ConAgra Foods, Inc.***, 335 F.3d 824 (8th Cir. 2003). This important decision upheld plaintiffs' claim that loss causation was properly alleged because "[p]aying more for something than it is worth is damaging." In so ruling, the Eighth Circuit reaffirmed a split on the issue of loss causation between circuits that measure loss as the difference between purchase price and the stock's true value at the date of purchase, and circuits that require that the alleged fraud cause a subsequent decline in value of the original investment. The issue is currently the subject of a case pending before the Supreme Court.

• ***In re Advanta Corp. Securities Litigation***, 180 F.3d 525 (3d Cir. 1999). Here, the Firm successfully argued that, under the PSLRA, the requisite scienter is pled by making an adequate showing that the defendants acted knowingly or with reckless disregard for the consequences of their actions. As urged by this Firm, the Third Circuit specifically adopted the Second Circuit's scienter pleading standard for pleading fraud under the PSLRA.

• ***In re NASDAQ Market-Makers Antitrust Litigation***, 169 F.R.D. 493 (S.D.N.Y. 1996). The court certified a class of millions of investors, who were harmed by an industry-wide conspiracy where NASDAQ market-makers set and maintained wide spreads, over defendants' strenuous objections.

• ***In re Initial Public Offering Securities Litigation***, 241 F. Supp. 2d 281 (S.D.N.Y. 2003). The Court sustained, in large part, the plaintiffs' complaints against more than 50 underwriters of high-tech stocks in one of the most comprehensive decisions issued under the securities laws. Milberg Weiss serves as the Chair of Plaintiffs' Executive Committee in this landmark litigation.

• ***Asher v. Baxter International, Inc.***, 377 F.3d 727 (7th Cir. 2004). In reversing and remanding the dismissal by the District Court, the Seventh Circuit resolved an important issue involving the PSLRA "safe harbor" for forward-looking statements in plaintiffs' favor. The Court held that whether a cautionary statement is meaningful is an issue of fact, because whether a

statement is meaningful or not depends in part on what the defendant knew as well as other issues of fact. Thus, this issue is not appropriately resolved on a motion to dismiss.

• In ***In re Vivendi Universal, S.A. Securities Litigation***, 2003 U.S. Dist. LEXIS 19431 (S.D.N.Y. Nov. 3, 2003), Judge Harold Baer upheld plaintiffs' claims under Section 10(b) of the Securities Exchange Act of 1934, which alleged that Vivendi and two of its former executives (CEO Jean-Marie Messier and CFO Guillaume Hannezo) did not disclose to investors that: (1) Vivendi's corporate acquisition programs had brought Vivendi to the brink of a potentially catastrophic liquidity crisis; (2) although it consolidated the financial results of several majority owned subsidiaries, Vivendi did not have access to the cash flows of these entities; (3) Vivendi failed to write down billions of dollars of impaired goodwill from prior acquisitions; and (4) one of Vivendi's U.S. subsidiaries improperly recognized revenue "up front" on the full value of long term contracts. The case is particularly notable because the court held that because of defendants' activities in New York promoting Vivendi stock, defendants' conduct was more than "merely prepatory" to the alleged fraudulent scheme, and thus the court had jurisdiction not only over purchasers of Vivendi ADRs on the NYSE, but also over the claims of foreign purchasers who purchased Vivendi ordinary shares on foreign exchanges.

• In ***Hunt v. Alliance North American Government Income Trust, Inc.***, 159 F.3d 723 (2d Cir. 1998), the Second Circuit reversed the district court's ruling, which denied plaintiffs a cause of action against defendants for failing to disclose that the Trust was unable to utilize proper "hedging" techniques to insure against risk of loss. In the Court's view, taken together and in context, the Trust's representations would have misled a reasonable investor.

• In ***Shaw v. Digital Equip. Corp.***, 82 F.3d 1194 (1st Cir. 1996), the First Circuit remanded plaintiffs' action after affirming, in part, Milberg Weiss' position that in association with the filing of a prospectus related to the issuance of securities, a corporate-issuer must disclose intra-quarter, materially adverse changes in its business, if such adverse changes constitute "material changes" the disclosure of which is required pursuant to the Securities Act of 1933.

• ***In re Salomon, Inc. Shareholders Derivative Litigation***, 68 F.3d 554 (2d Cir. 1995). The Second Circuit affirmed the district court's holding that derivative federal securities claims against defendants would not be referred to arbitration pursuant to the arbitration provisions of the Rules of the New York Stock Exchange, but would be tried in district court. Shortly thereafter, the case settled for $40 million, which is among the largest cash recoveries ever recorded in a derivative action.

• ***Kamen v. Kemper Financial Services***, 500 U.S. 90 (1991). The Supreme Court upheld the right of a stockholder of a mutual fund to bring a derivative suit without first making a pre-suit demand.

• ***Goldman v. Belden***, 754 F.2d 1059 (2d Cir. 1985). The Second Circuit reversed the district court's dismissal of a securities fraud complaint, in an important opinion clarifying the "fraud" pleading requirements of Federal Rules of Civil Procedure, Rule 9(b).

• ***Mosesian v. Peat, Marwick, Mitchell & Co.***, 727 F.2d 873 (9th Cir.), cert. denied, 469 U.S. 932 (1984). The Ninth Circuit upheld an investor's right to pursue a class action against an accounting firm, adopting statute of limitation rules for §10(b) suits that are favorable to investors.

• ***Hasan v. CleveTrust Realty Investors***, 729 F.2d 372 (6th Cir. 1984). The Sixth Circuit very strictly construed, and thus narrowed, the ability of a "special litigation committee" of the board of a public company to terminate a derivative action brought by a shareholder.

• ***Cowin v. Bresler***, 741 F.2d 410 (D.C. Cir. 1984). The Court of Appeals reversed the lower court's dismissal of the complaint. The Firm had sought the extraordinary remedy of the appointment of a receiver over the affairs of a public company due to the highly specific allegations of fraud, dishonesty and gross mismanagement by the corporation's controlling shareholders.

• ***Fox v. Reich & Tang, Inc.***, 692 F.2d 250 (2d Cir. 1982), aff'd sub nom, ***Daily Income Fund, Inc. v. Fox***, 464 U.S. 523 (1984). The court held that a derivative action to recover excessive advisory fees may be brought on behalf of an investment company without any prior demand on the board.

• ***Rifkin v. Crow***, 574 F.2d 256 (5th Cir. 1978). The Fifth Circuit reversed an order granting summary judgment for defendants in a §10(b) case, paving the way for future acceptance of the "fraud-on-the-market" rationale in the Fifth Circuit.

• ***Bershad v. McDonough***, 300 F. Supp. 1051 (N.D. Ill. 1969), aff'd, 428 F.2d 693 (7th Cir. 1970). The plaintiff obtained summary judgment for a violation of §16(b) of the Securities Exchange Act in which the transaction was structured by the defendants to look like a lawful option. The decision has been cited frequently in discussions as to the scope and purpose of §16(b).

• ***Heit v. Weitzen***, 402 F.2d 909 (2d Cir. 1968), rev'g, 260 F. Supp. 598 (S.D.N.Y. 1966). The court held that

liability under §10(b) of the Securities Exchange Act extends to defendants who were not in privity with the named plaintiffs or the class represented by the named plaintiffs.

• ***In re Cox v. Microsoft***, No. 03-2922 (App. Div. 1st Dep't, June 2004). First appellate ruling in New York state courts that class actions may be pursued in the New York state courts for some antitrust violations on behalf of indirect purchasers under New York deceptive practices laws as well as common law claims for unjust enrichment. May open the door to class action recovery of damages on behalf of New York purchasers of Microsoft software comparable to settlements reached in various other states such as California, where Microsoft settled for approximately $1 billion.

• ***In re JLM Industries, Inc. v. Stolt-Nielsen SA***, No. 3:03CV348 (D. Conn. June 24, 2003). Milberg Weiss succeeded in establishing that arbitration of horizontal conspiracy claims, arising under Section 1 of the Sherman Act, cannot be compelled on grounds that such claims do not "arise from" the injured person's purchase contract. (Currently on appeal and awaiting decision from the Second Circuit.)

• In ***Puckett v. Sony Music Entertainment***, No. 108802/98 (New York Co. 2002), Milberg Weiss achieved a precedent-setting decision in which a class action was certified against Sony Music Entertainment on behalf of a class of recording artists who were parties to standard Sony recording or production agreements entered into at any time during the period of January 1, 1965 to the date of the filing of the complaint in 1998. The complaint alleged that Sony had a policy of treating the value added tax on foreign sales of recordings improperly thereby impermissibly reducing the royalties paid or credited to the class members. Justice DeGrasse of the New York State Supreme Court determined that class certification was appropriate and that Gary Puckett (of Gary Puckett & the Union Gap) and jazz musician and composer Robert Watson were appropriate class representatives to represent the class of artists and producers to whom Sony accounts for foreign record royalties.

Additionally, in the context of shareholder derivative actions, Milberg Weiss has been at the forefront of protecting shareholders' investments by causing important changes in corporate governance as part of the global settlement of such cases. Cases in which such changes were made include:

• ***In re Marketspan Corporate Shareholder Litigation***, CV No. 98-15884 (N.Y. Sup. Ct.) (settlement agreement required modifications of corporate governance structure, changes to the audit committee and changes in compensation awards and the nominating committee);

• ***Abramsky v. Computer Sciences Corp.***, CV No. 98-00306-JBR (RLH) (D. Nev. 1998) (significant changes to the company's by-laws and governance procedures to enhance shareholder voting rights and the role of outside directors).

# Milberg Weiss Bershad & Schulman LLP

## THE FIRM'S PARTNERS

**MELVYN I. WEISS**, Senior and Founding Partner of Milberg Weiss Bershad & Schulman LLP, is a leading practitioner in the fields of securities, insurance, environmental, antitrust, and consumer litigation.

Mr. Weiss's expertise has been recognized on numerous occasions by courts appointing him to leadership positions in prosecuting complex litigations. Among the more prominent of the outstanding recoveries in cases where he has represented defrauded investors or consumers are the *Drexel/Milken* litigations (recoveries of over $1 billion for investors in, among others, *Columbia Savings & Loan* and *Executive Life Insurance Company of America)*; *In re Washington Public Power Supply System Securities Litigation* ($775 million recovered after the country's largest municipal bond default); *Butcher Bank Litigation* (leading to $400 million recovery on behalf of the FDIC against Ernst & Young); *Oxford Healthcare Securities Litigation* ($300 million); *Prudential Limited Partnership Litigation* ($200 million); *Mercedes Brake Defect Litigation* ($100 million in settlement benefits); life insurance policy holder cases against *Prudential Life Insurance* ($4 billion*), John Hancock* ($400 million), *New York Life* ($300 million), *ManuLife* ($500 million) and *Metropolitan Life* ($1.7 billion). He was a pro bono lead counsel in the *Swiss Bank Litigation* involving Holocaust confiscations, which settled for $1.25 billion, and was a lead counsel in recovering $5 billion for Holocaust victims from German banks and companies. He is presently Chair of the Plaintiff's Executive Committee prosecuting over 300 cases involving misconduct in connection with initial public offerings, in which a

partial settlement with some defendants of $1 billion has been announced.

Mr. Weiss received a B.B.A. in accounting from Baruch College of the City College of New York in 1957, and a J.D. degree from New York University School of Law in 1959. He was admitted to the Bar of the State of New York in 1960 and is presently a member of the Bar of the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits, and the United States Supreme Court.

Mr. Weiss has lectured extensively to lawyers, law students, and other professionals throughout the country and abroad. He has been a guest lecturer at the New York University School of Law, Stanford University Law School, Harvard Law School, Duke Law School, University of Buenos Aires (where he is an honorary professor), and at the Salzburg Seminar Foundation in Austria. He has addressed the New York State Society of Certified Public Accountants, National Association of Accountants, National Association of Internal Auditors, and in 1993 delivered the Abraham Briloff Distinguished Lecture at the State University of New York at Binghamton on the role of the auditor in our society. He has frequently been quoted as a leading authority on shareholder and consumer rights in the national media and he has testified before congressional committees on securities litigation and accountants' liability. Mr. Weiss is a Fellow of The American College of Trial Lawyers. He received the 1993 Arthur T. Vanderbilt Medal from New York University Law School, the highest award given annually to an outstanding alumnus, and is a member of the law school's Board of Trustees and a recipient of the Alumni Achievement Award.

Mr. Weiss is a member of the American Bar Association (from 1986-1988, he served as a Co-Chair of the Class and Derivative Committee of the Litigation Section; from 1983-1986, he served as a member of the FRCP Rule 23 Class Action Improvement Committee; and from 1976-1982, he served as a member of the Corporate Law Committee of the Banking and Business Law Section), the Association of the Bar of the City of New York, and the New York Inns of Court. In 2000, Mr. Weiss was selected by Chief Judge Edward R. Becker of the Third Circuit to serve as a member of the Third Circuit Task Force on Selection of Class Counsel.

Mr. Weiss was a Commissioner of the Nassau County Charter Revision Commission, which proposed the new legislative form of government for the county's 1.3 million residents. He has testified before the U.S. Senate on tort "reform" proposals. He is a director and a member of the Executive Committee of the Israel Policy Forum, an organization devoted to encouraging peace in the Middle East. Mr. Weiss serves on the Boards of Directors of the Salzburg Seminar Foundation; the Lawyers' Committee for Civil Rights Under Law; and The Drum Major Institute, a non-partisan organization dedicated to progressive public policy for social and economic fairness. Mr. Weiss is a member of the Board of Advisors for the American Constitution Society. He was also on the Board of the American Jewish Congress.

Mr. Weiss and his wife established the Melvyn and Barbara Weiss Public Interest Foundation at New York University School of Law to assist graduating public-interest lawyers in retiring their student loans. He has received the Anti-Defamation League's Gotham Award and Humanitarian Award; the United Jewish Appeal's Proskauer Award, given annually to an exemplary Jewish lawyer and humanitarian; the B'nai B'rith of Argentina Dignity & Justice Award for humanitarian activities; and the Ellis Island Medal of Honor from the National Ethnic Coalition of Organizations Foundation, Inc. Mr. Weiss is the International Chair of the Hatikva Project, which built a memorial on the site of the Israeli Embassy in Buenos Aires, which was destroyed by terrorists.

**DAVID J. BERSHAD** graduated from Cornell University in 1961 with an A.B. degree in philosophy. He graduated from Columbia Law School in 1964 and while there he participated in the Harlan Fiske Stone Moot Court Honors Competition and was elected a member of Phi Alpha Delta.

Mr. Bershad is a founding member of Milberg Weiss. He is primarily engaged in prosecuting complex securities and commercial litigations nationwide. He served as plaintiffs' liaison counsel in *In re Baldwin United Corporation Litigation*, M.D.L. No. 581 (S.D.N.Y.), and was prime negotiator of settlements aggregating more than $220 million, the largest federal securities class action settlement recorded at that time. Subsequently, he has led plaintiffs' counsel in a wide range of cases arising out of the federal securities laws, as well as antitrust and consumer laws. He has actively negotiated more than 100 complex class action settlements, including acting as prime negotiator and achieving a $1.07 billion settlement in *In re NASDAQ Market Makers Antitrust Litigation*, M.D.L. No.1023 (S.D.N.Y.), the largest antitrust class action settlement at that time. He recently acted as class lead counsel in securities class actions involving Rite Aid (settled in 2003 for approximately $300 million) and Lucent (global settlements of $600 million).

Mr. Bershad is a regular panelist on securities law matters for the Practising Law Institute, American Bar Association, American Conference Institute, Glasser

Legal Works, and American Law Institute-American Bar Association. He lectures on the topics of complex litigation, federal securities law, class actions and financial derivatives. He has contributed the plaintiffs' view in a book, *Securities Class Actions: Abuses and Remedies*, published by the National Legal Center for the Public Interest, and has debated the plaintiffs' view of the world before the Federalist Society. He has also appeared as a legal expert on CNBC and CNN regarding significant business related public interest issues. Mr. Bershad was recently profiled in Fortune magazine's feature story for his leading role in the *Lucent Technologies Shareholder Litigation*.

Mr. Bershad is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern District of New York, the United States Courts of Appeals for the Second, Third, Fourth, Seventh, and Ninth Circuits, and the U.S. Supreme Court.

**STEVEN G. SCHULMAN** graduated with a B.A. degree in history, *magna cum laude*, Phi Beta Kappa, from Williams College in 1973. He earned an M.A. degree (1975) and a M.A.L.D. degree (1976) in international relations from the Fletcher School of Law and Diplomacy at Tufts University. In 1980, Mr. Schulman received his J.D. degree. with honors from the University of Chicago Law School, where he served on *The University of Chicago Law Review* and was elected to the Order of the Coif. Thereafter, he served for one year as a law clerk to the Honorable Robert L. Kunzig of the United States Court of Claims in Washington, D.C., following which he associated with Cravath, Swaine & Moore in New York City.

Since joining Milberg Weiss in 1986, Mr. Schulman has been engaged in prosecuting a wide variety of securities fraud class actions and shareholder derivative actions. He has also been actively and extensively involved in shareholder litigations arising from mergers and acquisitions, many of which were litigated in Courts of the State of Delaware. Among Mr. Schulman's significant recent cases, he served as lead trial counsel in *In re MicroStrategy, Inc. Securities Litigation* (E.D. Va.), which settled for an amount in excess of $150 million. He has also served as lead counsel in the *Disney Shareholder Litigation* pending in the Delaware Court of Chancery, the *In re Nortel Networks Corporation Securities Litigation* pending in the Southern District of New York, the *In re Williams Securities Litigation* pending in the Northern District of Oklahoma and in the *In re Raytheon Securities Litigation* pending in the District of Massachusetts. He is also significantly involved in the Firm's groundbreaking litigation relating to Wall Street's IPO allocation practices.

Mr. Schulman frequently lectures and participates in professional education panels, some of which include: Civil Practice and Litigation Techniques in Federal and State Courts, organized by ALI-ABA Committee on Continuing Professional Education (11/16-18/00); Key Issues Facing Boards Of Directors: The Coming Tide in Securities Class Actions, organized by AIG, Freeborn & Peters, Milberg Weiss and the National Economic Research Associates (02/22/01); Leveraged Buyouts & Other Private Equity Investments, organized by City Bar Center for CLE - Association of the Bar of the City of New York (09/24/01); The 33rd Annual Institute on Securities Regulations, organized by Practicing Law Institute (11/7/01); Evolution of the Derivative Lawsuit, organized by Professional Liability Underwriting Society (02/06/02); Sarbanes-Oxley Act: Impact on Civil Litigation under the Federal Securities Laws, organized by ALI-ABA Committee on Continuing Professional Education (12/5/02); Corporate Governance and Disclosure, organized by Corporate Communications Broadcast Network (3/20/03); Seventh Circuit Judicial Conference Corporate Governance Roundtable, organized by The Seventh Circuit Bar Association (05/05/03); and The 35th Annual Institute on Securities Regulations, organized by Practising Law Institute (11/8/03); Life and Health Insurance and Financial Services Litigation: Fallout From "Canary", organized by ALI-ABA Committee on Continuing Professional Education (05/06/04). In addition, Mr. Schulman has co-authored several publications on the subject of securities and shareholder litigation: "Leveraged Buyouts – Issues From The Shareholder Plaintiffs' Perspective," (09/01 NY, NY); "Developments in Private Securities Litigation Standards and Other Significant Case Law Developments" (11/01 NY, NY); "Duties and Liabilities of Outside Directors to Ensure That Adequate Information and Control Systems Are in Place – A Study in Delaware Law and the Private Securities Litigation Reform Act of 1995" (02/02 NY, NY); "Sarbanes-Oxley Act: The Impact on Civil Litigation Under the Federal Securities Laws from the Plaintiffs' Perspective" (12/5/02, NY, NY); "The Plaintiff's Perspective on Shareholder Class and Derivative Actions Alleging Breach of Fiduciary Duty" (3/12/03, NY, NY); "Cutting Edge Issues in the New Millennium: Corporate Governance and the Courts - The Sarbanes-Oxley Act and the Impact on Civil Litigation Under the Federal Securities Laws from the Plaintiffs' Perspective" (5/5/03, Milwaukee, WI); "Fallout From "Canary": "Private Civil Litigation and Legal Remedies Beyond Regulatory Measures" (5/6/04, Washington D.C.).

Mr. Schulman is a member of the Association of the Bar of the State of New York, the American Bar Association, and the Federal Bar Council. A member of the Association of the Bar of the City of New York, Mr.

Schulman served on its Special Committee on Mergers, Acquisitions and Corporate Control Contests. He is a Presidential level member of the Association of Trial Lawyers of America (ATLA) and a Sustaining Fellow in the Roscoe Pound Institute. Mr. Schulman is a member of the Bars of the State of New York and the District of Columbia and is also admitted to practice before the District Court of the Southern, Northern, and Eastern Districts of New York.

**JEROME M. CONGRESS** received an A.B. degree with honors from Cornell University. From 1960 to 1962 he was a Fulbright Scholar at Oxford University, England, where he studied philosophy, politics and economics. He received an LL.B. degree *cum laude* from Harvard Law School where he was an editor of *Harvard Law Review* during 1963-1964.

Since graduating from law school, Mr. Congress has spent the bulk of his time in commercial and securities litigation.

Mr. Congress is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

**ARNOLD N. BRESSLER** graduated from Case Western Reserve University in 1971 with a B.A. degree, *magna cum laude*, and was elected to Phi Beta Kappa. In 1974 he graduated from Columbia Law School where he was a member of the Board of Editors of the *Columbia Law Review* and a Harlan Fiske Stone Scholar.

Mr. Bressler is a managing partner of the Firm and is the head of the Firm's Corporate Department, which represents primarily middle market (sales under $100 million) public companies as well as closely held and foreign owned corporations. Approximately 40% of the Department's time is devoted to securities related matters, 30% to mergers and acquisitions, and 30% to general corporate matters. The Firm is currently general counsel to a number of publicly traded corporations in the United States as well as several subsidiaries of foreign public corporations.

The Firm has represented companies on the New York and American Stock Exchanges as well as NASDAQ companies, taken companies public and managed secondary offerings. Mr. Bressler has specialized in corporate and securities law for over 25 years, primarily representing issuers. Mr. Bressler is the Firm's representative to ACL International, an association of international law firms with members in over 40 countries. Mr. Bressler has lectured in Europe and North America on U.S. securities and corporate laws.

Since 1994, Mr. Bressler has served as a director and officer of the Israel Humanitarian Foundation, which supports social service programs in Israel. From 1990 to 1996, he served as Vice Chairman of the Board of Directors of the Rodeph Sholom School, a private elementary school in New York City. Her is also a member of the Association of the Bar of the City of New York. He is admitted to practice in the courts of the State of New York and the State of New Jersey as well as the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey.

**MICHAEL C. SPENCER** graduated from Yale University in 1973 with a B.A. degree, *magna cum laude*, with distinction, in philosophy. While at Yale, he was elected to Phi Beta Kappa. Mr. Spencer received a J.D. degree from Harvard Law School, *cum laude*, in 1976.

After graduation, Mr. Spencer served as law clerk to the Honorable William Matthew Byrne Jr., United States District Court, Central District of California, in 1976-77. He then returned to New York and joined Cravath, Swaine & Moore as an associate, where he worked until 1986 on antitrust, banking, real estate, commercial and securities litigation matters. In his later years at Cravath, he represented the bond fund trustee in connection with bond defaults of Washington Public Power Supply System nuclear plants.

In 1986, Mr. Spencer joined Milberg Weiss as an associate and became a partner later that year. He worked on the WPPSS securities fraud litigation and many of the Firm's other cases, prominently including representation of the FDIC in its failed bank audit litigation involving the Butcher Brothers banks in Tennessee, which led to a year-long trial and a global settlement of all bank-related claims against Ernst & Whinney just before closing arguments to the jury in late 1992.

He has since worked on many of the Firm's securities fraud cases, as well as cases in other areas including representation of a broad coalition of union health care funds seeking to recover costs for treating smoking-related illnesses from the tobacco industry, Year 2000 litigation, cases involving alleged kickbacks in the mortgage insurance industry and consumer and securities fraud cases against insurance companies selling deferred annuities into qualified retirement plans.

Mr. Spencer is chair of the Firm's Technology Committee and serves on the Management Committee. Mr. Spencer is admitted to practice in the courts of the States of New York and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Central District of California,

and the United States Courts of Appeals for the Second, Third, Fourth, Seventh, Eleventh, and D.C. Circuits.

**ROBERT A. WALLNER** received his B.A. degree from the University of Pennsylvania in 1976 graduating *magna cum laude.* He attended New York University School of Law, earning his J.D. degree in May 1979. He was elected to the law school's Order of the Coif and served as an editor of *New York University Law Review.*

Prior to joining Milberg Weiss, Mr. Wallner was associated with Cravath, Swaine & Moore. He has litigated complex securities, consumer and antitrust class actions throughout the country. He currently represents investors in *In re Initial Public Offering Securities Litigation* (S.D.N.Y.), *In re Deutsche Telekom Securities Litigation* (S.D.N.Y.) and *In re CMS Energy Corporation Securities Litigation* (E.D. Mich.). He has also represented consumers in *In re Synthroid Marketing Litigation* (N.D. Ill.) and the *Mercedes-Benz Tire Litigation* (D.N.J.).

Mr. Wallner is a frequent lecturer on securities and complex litigation issues, and serves on the editorial board of *Securities Litigation Report*, published by Glasser LegalWorks.

Mr. Wallner is a member of the Association of the Bar of the City of New York where he served as a member of its Federal Courts Committee. He also served as a member of the faculty of the American Bar Association's First Annual National Institute on Securities Litigation and Arbitration, in June 1998. Mr. Wallner is admitted to the New York Bar and the United States District Court for the Southern and Eastern Districts of New York.

**SANFORD P. DUMAIN** attended Columbia University where he received his B.A. degree in 1978. He graduated *cum laude* from Benjamin N. Cardozo School of Law of Yeshiva University in 1981 and was Research Editor of *Cardozo Law Review*, 1980-1981. Mr. Dumain served as law clerk to Judge Warren W. Eginton, U.S. District Court, District of Connecticut 1981-1982. During the early years of his practice, he also served as an Adjunct Instructor in Legal Writing and Moot Court at Benjamin N. Cardozo School of Law.

Since joining Milberg Weiss in 1984, Mr. Dumain has represented plaintiffs in cases involving securities fraud, consumer fraud, insurance fraud and violations of the antitrust laws. He has lectured for ALI-ABA concerning accountants' liability and has prosecuted several actions against accounting firms.

During 1990, Mr. Dumain served on the trial team for a six-month trial in which the Firm represented the City of San Jose, California, that resulted in a verdict totaling over $18 million plus pre-judgment interest for the City against the defendants. The City's claims against two of the defendants were settled for $12 million while appeals to the Ninth Circuit were pending. Previously, settlements with eleven other defendants totaled over $12 million.

Judge Janet C. Hall of the District of Connecticut made the following comment in *In re Fine Host Securities Litigation*, (Docket No. 3:97-CV-2619 (JCH)): "The court also finds that the plaintiff class received excellent counseling, particularly from the Chair of the Plaintiffs' Executive Committee, Attorney Dumain."

Mr. Dumain is admitted to practice to the State Bar of New York, U.S. District Court for the Southern and Eastern Districts of New York and District of Connecticut, and U.S. Courts of Appeals for the First, Second, Sixth, Seventh and Eighth Circuits.

**GEORGE A. BAUER III** earned his B.B.A. degree *magna cum laude* in 1976 from Bernard M. Baruch College of the City University of New York, where he majored in accounting. He was awarded the Andrew J. Coppola prize in Law from Baruch College. Mr. Bauer attended New York University School of Law and graduated with a J.D. degree in 1979.

Mr. Bauer's practice concentrates on Class Action Settlements and Settlement Administration. He has played a lead role in documenting and effectuating many of the largest and most complex securities litigations settlements ever obtained, notably including: the $1.027 billion settlement of the *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023, (S.D.N.Y.); settlements relating to the $2 billion estate of the Drexel Burnham Lambert including *In re Drexel Burnham Lambert Group*, 90 Civ. 6954 (MP) (S.D.N.Y.) and the $1.3 billion settlement of the *In re Michael Milken & Associates Securities Litigation*, MDL 924 (S.D.N.Y.); settlements worth over $775 million in *In re Washington Public Power Supply Systems Securities Litigation*, MDL 551 (D. Ariz.); settlements including cash and securities worth over $615 million in *In re Lucent Technologies Inc. Securities Litigation*, Case No 00-CV-621 (JAP) (D. N.J.); the $300 million cash settlement of *In re Oxford Health Plans Inc., Securities Litigation*, MDL No. 1222 (CLB) (S.D.N.Y.); the $200 million settlement in *In re PaineWebber Limited Partnerships Litigation*, Master File No. 94-Civ.8547 (SHS)(S.D.N.Y.); the settlement for cash and securities worth over $137.5 million in *In re Microstrategy Inc. Securities Litigation*, Civil Action N. 00-473-A (E.D. Va, Alexandria Division); the settlements for securities worth over $133.5 million in *In re Computer Associates Class Action Securities Litigation*, Master File No. 98 Civ. 4839 (TCP), and *In re Computer Associates 2002 Class Action Securities*

*Litigation*, Master File No,.02-CV-1226 (TCP) (E.D.N.Y.); and the $110 million settlement in *In re Prudential Securities Inc. Limited Partnerships Securities Litigation*, MDL 1005 (MP) (S.D.N.Y.).

Mr. Bauer is a member of the Firm's Library Committee. He is also a member of the American Bar Association, the New York State Bar Association, the Association of Trial Lawyers of America, and the New York County Lawyers Association.

Mr. Bauer was admitted as a member of the New York Bar in January 1980 and is also admitted to the United States District Court for the Southern and Eastern Districts of New York. Mr. Bauer is admitted to practice before the United States Supreme Court and the United States Courts of Appeals for the Second and Fourth Circuits.

**BARRY A. WEPRIN** graduated from Harvard College in 1974. He received a J.D. degree from the New York University School of Law in 1978, and a master of public affairs from the Woodrow Wilson School of Princeton University in 1978. While in law school, Mr. Weprin was notes and comments editor of *New York University Law Review.*

After graduation, he served as law clerk to Judge Charles P. Sifton of the United States District Court for the Eastern District of New York. Following his clerkship, Mr. Weprin was associated with the law firm of Wachtell Lipton Rosen & Katz where he specialized in commercial and securities litigation. From 1985 to 1989 he served as general counsel to the New York State Housing Finance Agency and the New York State Medical Care Facilities Finance Agency, two agencies that issue tax exempt bonds for financing nonprofit medical facilities and qualified housing projects.

Since joining Milberg Weiss in 1989, Mr. Weprin has specialized in securities and insurance litigation. He has served as co-lead counsel in a number of complex securities class action litigations, including *In re All Star Inns Securities Litigation* (S.D.N.Y.), *In re York Research Securities Litigation* (S.D.N.Y.), and *Bharucha v. Reuters, PLC* (E.D.N.Y.). He was one of the principal attorneys in the sales practice litigations against The New York Life Insurance Company, The John Hancock Mutual Life Insurance Company, and The Prudential Life Insurance Company.

In approving the settlement in the *Allstar Inns* case, Judge Peter Leisure stated:

> We have a situation here which is a classic example of the benefits to be derived through the class action vehicle, to have the high quality representation of the class. The reputation of counsel . . . Barry Weprin of Milberg Weiss, precedes them to this court and I'm familiar in other matters with the case in which these lawyers work.
>
> The class was indeed fortunate to have lawyers of this caliber on this matter and the court is satisfied that the class was well-represented and had the benefits of the quality of representation that would not have otherwise been available if the class action vehicle had not been used.

Mr. Weprin has served as a town Councilman for the Town of Mamaroneck, New York, since January 1994. From 1992 through 1994 he was vice-chairman of the Town of Mamaroneck Housing Authority.

Mr. Weprin is a member of the American Bar Association, the Association of the Bar of the City of New York, the New York County Lawyers Association, and the New York State Bar Association. Mr. Weprin is admitted to practice in New York, the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

**DAVID A. P. BROWER** received his A.B. degree from Columbia College of Columbia University in 1979. He received his J.D. degree from Georgetown University Law Center in 1982, and attended the University of London in 1980, where he studied comparative and international commercial law.

Mr. Brower is a member of the National Association of Securities and Commercial Law Attorneys, and lectures before professional organizations in the areas of securities regulation and litigation. Mr. Brower has extensive experience in complex shareholder derivative and securities, commodities, consumer protection, environmental, antitrust, and RICO class action litigation.

Mr. Brower is admitted to the Bar of the State of New York, and admitted to practice before the Supreme Court of the United States; the United States Courts of Appeals for the First, Second, Fourth, Fifth, Sixth, Tenth and Eleventh Circuits; and the United States District Court for the Southern District of New York.

**RICHARD H. WEISS** received an A.B. degree *summa cum laude* from Princeton University in 1979. In 1980, he received an M.Phil. degree in international relations from Cambridge University, England. He graduated from Yale Law School in 1983.

Mr. Weiss is admitted to practice in the State of New York, the United States District Court for the Eastern and Southern Districts of New York, the United States Courts of Appeals for the Second and Sixth Circuits, United States Supreme Court, and the United States Claims Court.

**DEBORAH CLARK-WEINTRAUB** attended St. John's University and received a B.A. degree *summa cum laude* in 1981. She received the President's Award upon graduation for attaining the highest academic average among the graduates of St. John's College of Liberal Arts and Sciences. Ms. Weintraub attended Hofstra University School of Law and received her J.D. degree, with distinction, in 1986. She was a member of *Law Review* (1984-1985) and served as Research Editor (1985-1986). Following graduation, Ms. Weintraub served as a law clerk to the Honorable Jacob Mishler, United States District Judge, United States District Court for the Eastern District of New York (1986-1987). She joined Milberg Weiss in 1987 following her clerkship. Ms. Weintraub is a managing partner of the Firm and a member of its Diversity Committee.

Ms. Weintraub has extensive securities class action experience and has acted as one of plaintiffs' co-lead counsel in numerous securities class action cases that have obtained substantial recoveries for defrauded investors including *In re Oxford Health Plans, Inc. Securities Litigation*, MDL Dkt. No. 1222 (CLB) (S.D.N.Y.), in which a cash settlement of $300 million was obtained. Ms. Weintraub is currently serving as co-lead counsel for plaintiffs in numerous securities class action cases including *In re CVS Corporation Securities Litigation*, No. 01-11464 (JLT) (D. Mass.), and *In re Metromedia Fiber Network, Inc. Securities Litigation*, No. 01 Civ. 7353 (CLB) (S.D.N.Y.). Ms Weintraub is also one of the lead plaintiffs' counsel in *In re Mutual Funds Investment Litigation*, MDL Dkt. 1586 (D. Md.). This multidistrict litigation seeks to recoup the damages suffered by mutual fund shareholders caused by market timing and late trading activity.

Ms. Weintraub is the co-author of "Gender Bias and the Treatment of Women As Advocates," *Women in Law* (1998), and of the "Dissenting Introduction" defending the merits of securities class action litigation contained in the 1994 monograph *Securities Class Actions: Abuses and Remedies*, which was published by the National Legal Center for the Public Interest.

Ms. Weintraub is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and the New York County Lawyers' Association. Ms. Weintraub was admitted to the New York Bar in March 1987 and is also admitted to the United States District Court for the Southern and Eastern Districts of New York.

**BRAD N. FRIEDMAN** received an B.A. degree in government from Cornell University in 1982 and a J.D. degree *cum laude* from New York University School of Law in 1986, where he was a member of the Order of the Coif and an editor of the *New York University Law Review.* Upon graduation from law school, he began a one-year judicial clerkship with the Honorable Max Rosenn, United States Court of Appeals for the Third Circuit.

Mr. Friedman has recovered billions of dollars on behalf of injured plaintiffs, including as lead counsel in numerous "vanishing premium" and "churning" life insurance sales practice class actions (including cases again Prudential and Metropolitan Life). In 2002, Mr. Friedman acted as lead counsel on behalf of various asbestos committees in the W.R. Grace bankruptcy, and successfully recovered approximately $1 billion through a fraudulent conveyance litigation. Mr. Friedman also has an active securities and plaintiffs' mass tort practice.

Mr. Friedman is a member of the Federal Bar Council, the American Bar Association, the Association of Trial Lawyers of America, the New York State Bar Association and the New York City Bar Association. Mr. Friedman is admitted in the courts of the State of New York and New Jersey, as well as the United States Courts of Appeals for the Third and Fifth Circuits, and the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**JOSHUA H. VINIK** graduated with honors from the State University of New York at Oneonta in 1983 where he majored in economics. After graduating *cum laude* from Brooklyn Law School, Mr. Vinik clerked for Magistrate (now Judge) Carol B. Amon of the United States District Court for the Eastern District of New York.

Mr. Vinik's practice focuses primarily on class actions on behalf of defrauded investors, as well as complex commercial litigation, including accountants' liability actions and derivative actions. Mr. Vinik's extensive litigation efforts on behalf of aggrieved investors include many actions which have led to significant recoveries for investors, including *In re Baan Securities Litigation* (D.D.C.); *Lasky v. Brown (United Companies Financial Securities Litigation)* (M.D. La.), *Kaufman v. Motorola, Inc.* (N.D. Ill.) and *In re Salomon Inc. Shareholders Derivative Litigation* (S.D.N.Y.).

Mr. Vinik is a member of the American Bar Association, The New York State Bar Association and the Association of the Bar of the City of New York. Mr. Vinik is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second, Third, and Fifth Circuits.

**JEFF S. WESTERMAN** received his B.A. degree from Northwestern University in 1977, where he was selected to two senior honorary societies. He

received his J.D. degree from the University of Pittsburgh in 1980, where he was a member of *Law Review* from 1978 to 1980.

Mr. Westerman's practice is primarily in the areas of securities fraud class actions, shareholder derivative actions and corporate mergers and acquisition litigation. He has served as lead or co-lead counsel in cases resulting in significant corporate governance changes and shareholder recoveries totaling more than $330 million.

Mr. Westerman has also been the moderator or speaker for programs on complex litigation, developments in class action practice, settlements, the Sarbanes-Oxley Corporate Responsibility Act, shareholder derivative actions and trends in business litigation.

Mr. Westerman is an ex-officio member, and was a member (2001-2003) and Co-Chair (2002-2003) of the Central District of California Attorney Delegation to the United States Ninth Circuit Judicial Conference. He serves on the Central District of California, U.S. Magistrate Judge Merit Selection Panel (2003-present) and the standing committee on Attorney Discipline (2004-present). He is also a member of the Central District of California Attorney Settlement Officer Panel (1998-present ).

Mr. Westerman is currently the president of the Association of Business Trial Lawyers. He was on the Board of Governors (1997-2001), Treasurer (2001-2002), Secretary (2002-2003) and Vice President (2003-2004 ). He is also on the Board of Governors of the Consumer Attorneys Association of Los Angeles (2003-present).

Mr. Westerman is a member of the Los Angeles County Bar Complex Courts Bench-Bar Committee, and the Bench-Bar Civil Courts Committee; and served as Judge Pro Tem in the Los Angeles Small Claims Court in 1987-1988, 1990, 1992-1993 and 1996-1997. He is a member of the Los Angeles County and Federal Bar Associations. He was on the California State Bar Task Force on Complex Litigation, and Chair of the Judicial Education Subcommittee (1997).

Mr. Westerman is admitted to practice in the courts of the State of California, as well as the United States District Court for the Central District of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court.

**EDITH M. KALLAS** graduated from the Juilliard School in 1984 with a B.M. degree in music performance and from the Fashion Institute of Technology with an A.A.S., *summa cum laude.* She graduated with a J.D. from Benjamin N. Cardozo School of Law in 1987, where she was a member of the Moot Court Board.

Ms. Kallas is presently a Managing Partner of the Firm and concentrates her practice primarily in the areas of healthcare and securities litigation. Her clients include: the Medical Society of the State of New York, the Connecticut State Medical Society, the Medical Society of New Jersey, South Carolina Medical Association, Tennessee Medical Association, North Virginia Medical Societies, North Carolina Medical Society, Washington State Medical Association, Hawaii Medical Association, Alaska Medical Association, Vermont Medical Society, El Paso County Medical Society of Colorado, and the California Chiropractic Association.

Ms. Kallas is the co-author of "Gender Bias and the Treatment of Women As Advocates," *Women in Law* (1998). Ms. Kallas has also participated as a faculty member and/or speaker in the following conferences: "Class Action Health Care Litigation," ALI-ABA Health Care Law and Litigation Conference, 1999; "Class Actions: HMOs and Health Care Providers Under Attack," ALI-ABA Life and Health Insurance Litigation Conference, 2000; "Providers (Suits by Doctors and Hospital Class Actions)," ALI-ABA Health Care Law and Litigation Conference, 2000; "The Application of ERISA and RICO Theories in the Age of Managed Care," The Judges and Lawyers Breast Cancer Alert, 2000; "Health Care Litigation: What You Need to Know After Pegram," Practicing Law Institute, 2000; "Provider Suits by Doctors and Hospitals v. HMOs," ALI-ABA Health Care Law and Litigation Conference, 2001; The Joint Seminar Session of the School of Allied Health and Health Law Section at Quinnipiac University School of Law, 2001; The CLE Conference presented by the American Society of Medical Association Counsel, 2002; "The Unique Role of The Medical Society Effectively Litigating for Change in the Healthcare Arena", American Academy of Otolaryngology Presidential - Board of Governors Special Seminar 2002.

Ms. Kallas is a member of the Association of the Bar of the City of New York, the New York State Bar Association and the New York County Lawyers' Association. Ms. Kallas is admitted to the New York State Bar, the United States District Court for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second, Third and Sixth Circuits.

**WILLIAM C. FREDERICKS** graduated with high honors from Swarthmore College in 1983 with a B.A. degree in political science, and earned his M.Litt. degree in international relations from Oxford University (England) in 1988. In 1988, he also received his J.D. degree from Columbia University, where he was a three-time Harlan Fiske Stone Scholar, a Columbia University International fellow, an articles editor of *The Columbia*

*Journal of Transnational Law*, and the recipient of the Beck Prize in property law, the Toppan Prize in advanced constitutional law, and the Greenbaum Prize for written advocacy. A panel chaired by Justice Antonin Scalia also awarded Mr. Fredericks the Gov. Thomas E. Dewey Prize for best oral argument in the final round of the 1988 Harlan Fiske Stone Moot Court Competition. After graduating from law school, Mr. Fredericks clerked for the Hon. Robert S. Gawthrop III of the U.S. District Court for the Eastern District of Pennsylvania from 1988-89, and then worked as an associate at Simpson Thacher & Bartlett and Willkie Farr & Gallagher.

At Milberg Weiss, Mr. Fredericks specializes in securities and other complex commercial litigation. In the securities area, Mr. Fredericks has represented investors in numerous class actions in which Milberg Weiss has been appointed sole or co-lead counsel, including *In re Rite Aid Securities Litigation* (E.D. Pa.); *Bassman v. Union Pacific Corp.* (N.D.Tex.); *In re MobileMedia, Inc. Securities Litigation* (D.N.J.); *In re Olsten Corp. Securities Litigation* (E.D.N.Y.); *Chu v. Sabratek Corp.* (N.D. Ill.); *Schaffer v. Evolving Systems, Inc.* (D. Colo.); *In re New Era of Networks, Inc.* (D. Colo.); *Lirette v. Shiva Corp.* (D. Mass.); *Bell v. Fore Systems, Inc.* (W.D.Pa. 1998); *In re Cabletron Systems, Inc. Securities Litigation* (D.N.H.); *In re Vivendi Universal S.A. Securities Litigation* (S.D.N.Y.), and *Irvine v. Imclone Systems, Inc.* (S.D.N.Y.). Mr. Fredericks has also successfully represented several institutional clients (including Mexico's TV Azteca and Australia's Australis Media Group) in private commercial disputes at both the trial and appellate level. See, e.g., *National Broadcasting Co. (NBC) v. Bear Stearns & Co., et al.*, 165 F.3d 184 (2d Cir. 1999); *News Ltd. v. Australis Holdings Pty. Limited.*, 728 N.Y.S. 2d 667 (1st Dep't 2001) and 742 N.Y.S. 2d 190 (1st Dep't 2002).

Mr. Fredericks has been a panelist on various securities litigation programs sponsored by different organizations, including the Practising Law Institute. He is the author, most recently, of "Recent Developments in Civil Securities Fraud Litigation" (with Melvyn I. Weiss) published in *SEC Disclosure Accounting and Enforcement* (Glasser LegalWorks, April 2002).

Mr. Fredericks is a member of the Association of the Bar of the City of New York, and is a former chairman of the Association's Committee on Military Affairs and Justice. Mr. Fredericks is admitted to practice before the courts of New York State, the United States District Courts for the Southern and Eastern Districts of New York and the District of Colorado, and the United States Courts of Appeals for the Second, Third, Sixth and Tenth Circuits. He has also been admitted pro hac vice by, and argued before, the Supreme Court of the State of New Jersey (*see Kaufman v. I-Stat Corp.*, 165 N.J. 94 (2000).

**JANINE L. POLLACK** graduated from Rutgers University with high honors in 1986 with a B.A. degree, majoring in English and French. While at Rutgers, she was elected a member of Phi Beta Kappa. She also spent a semester studying at New York University in France. Ms. Pollack graduated from the University of Pennsylvania Law School in 1989, and was a member of the *Journal of International Business Law*.

Ms. Pollack is a member of the American Bar Association. She was admitted to the New York State Bar in 1990. She was also admitted to the New Jersey State Bar in 1989, as well as the U.S. District Court for the District of New Jersey. In 1990, Ms. Pollack was admitted to the U.S. District Court for the Southern and Eastern Districts of New York.

**KIRK E. CHAPMAN** graduated *cum laude* from Harvard University in 1985 with a B.A. degree in biochemistry. He received his J.D. in 1989 from the University of Chicago where he was a member of the *Legal Forum* publication. Mr. Chapman's major practice areas are securities fraud class actions and employment discrimination matters.

Mr. Chapman is admitted to practice in the Courts of the State of New York as well as the United States District Courts for the Southern and Eastern Districts of New York.

**SALVATORE J. GRAZIANO** graduated from New York University School of Law in 1991, *cum laude*. Upon graduation from law school, Mr. Graziano served as an assistant district attorney in the Manhattan District Attorney's Office until he joined Milberg Weiss in 1995.

Mr. Graziano is a member of the Firm's Management Committee. Mr. Graziano, an experienced trial attorney, has taken a leading role in a number of the Firm's major securities fraud class actions including cases against: Raytheon Company and PricewaterhouseCoopers LLP (total recoveries of $460 million); MicroStrategy, Inc. and PricewaterhouseCoopers LLP (total recoveries valued at approximately $200 million); i2 Technologies, Inc. (total recovery of $84.85 million (pending final court approval)); and Aetna Inc. (total recovery of $82.5 million).

Mr. Graziano has achieved significant legal precedent at the district and appellate court level nationwide, including the seminal Second Circuit decision of *Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000), interpreting the pleading standards of the Private Securities Litigation Reform Act of 1995.

Mr. Graziano is presently a member of the Financial Reporting Committee of the Association of the Bar of

the City of New York and previously served on the Securities Regulation Committee of the New York City Bar Association. Mr. Graziano has served as a panelist on numerous securities litigation programs. Mr. Graziano is admitted to practice before the courts of New York State, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second and Eleventh Circuits.

**DOUGLAS J. RICHARDS** earned his A.B. degree in 1977 from the University of Chicago, majoring in economics, and earned his J.D. degree in 1981 from Harvard Law School. Before joining Milberg Weiss in June 2000, he served for nearly three years as deputy general counsel of the Commodity Futures Trading Commission (CFTC) in Washington, D.C. Before joining the CFTC, he was a litigator for more than 12 years with O'Sullivan Graev & Karabell, LLP in New York, first as a litigation associate from 1985-89 and then as a litigation partner from 1989 to October 1997 when he left to join the CFTC. From 1981 to 1985, he was a litigation associate with Cahill Gordon & Reindel in New York.

Mr. Richards is a member of the American Bar Association (Antitrust Section), the Antitrust Section of the Association of the Bar of the City of New York, the Advisory Board of the American Antitrust Institute, and the New York State Bar Association (Commercial and Federal Litigation Section, Committee on Civil Practice Law and Rules).

An experienced commercial litigator with a particularly extensive background in litigation relating to trade regulation and corporate finance, Mr. Richards is admitted to practice before the United States Supreme Court; the U.S. Courts of Appeals for all Circuits except the First and Federal Circuits; the U.S. District Courts for the Southern, Eastern, Northern and Western Districts of New York; the District of Connecticut; and all New York State Courts. He has argued more than twenty appeals in the federal and state courts of appeals, including more than a dozen appeals in the Second Circuit.

**MICHAEL M. BUCHMAN** attended North Carolina State University's Textile Engineering & Management program, later graduating *cum laude* from Alfred University where he received a B.A. degree and divisional honors in history in 1988. In 1992, he received a J.D. degree from The John Marshall Law School where he was a member of an award winning International Moot Court team. The following year, he received an LL.M. degree in international antitrust and trade law from Fordham University School of Law.

Prior to joining the Firm, Mr. Buchman served as an assistant attorney general in the Antitrust Bureau of the New York State Attorney General's Office. Mr. Buchman's practice has been devoted heavily to nationwide litigation in federal and state courts focusing on the prosecution of complex antitrust, consumer protection and privacy class actions.

Mr. Buchman has recently spearheaded an effort, on behalf of consumers and third-party payors, to challenge a variety of practices by pharmaceutical companies designed to prevent lower priced, therapeutically equivalent generic drugs from entering the market or to otherwise artificially inflate brand name prescription drug prices. He has served in a leadership capacity in these cases many of which have been resolved successfully. *See In re Buspirone Antitrust Litigation*, MDL 1413 (S.D.N.Y.)(JGK) ($90 million settlement); *In re Relafen Antitrust Litigation*, 01-12222-WGY (D. Mass.) ($75 million settlement pending); *In re Augmentin Antitrust Litigation*, 02 Civ. 445 (E.D. Va., Norfolk Div.) (HCM) ($29 million settlement). He has also participated in the prosecution of *In re NASDAQ Market-Makers Antitrust Litigation*, MDL 1023 (S.D.N.Y.) (RWS), which is one of the largest antitrust settlements in the more than one hundred year history of the Sherman Act ($1.027 billion).

The author or co-author of articles in international and domestic legal publications concerning procedure or competition law issues, Mr. Buchman has also served as a lecturer for the Practising Law Institute on state unfair deceptive acts and practices statutes.

In addition to his admission to practice in Connecticut and New York, Mr. Buchman is admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York, the United States District Courts for Arizona and Connecticut, the United States Court of Appeals, Second Circuit, and the United States Court of International Trade.

**ARIANA J. TADLER** graduated from Hamilton College in 1989 with a B.A. degree. In 1992, she received her J.D. degree from Fordham University School of Law, where she was the articles and commentary editor of the *Fordham Urban Law Journal*, a member of the Moot Court Board and the 1990 recipient of the American Jurisprudence Award in Criminal Law. She is the co-author of "Damages in Federal Securities Litigation," *Securities Litigation 1991: Strategies and Current Developments*, Practising Law Institute, 1991.

Ms. Tadler has extensive experience litigating complex securities class actions, including certain high profile, fast-paced cases. In less than four years, she litigated three cases in the Eastern District of Virginia

(aka the "Rocket Docket"), including *In re MicroStrategy Securities Litigation*, in which plaintiffs' counsel negotiated settlements valued at more than $150 million with the company and the auditor. Ms. Tadler is also one of the principal liaison counsel on behalf of plaintiffs in *In re Initial Public Offering Securities Litigation*, which is pending before Judge Shira A. Scheindlin in the United States District Court for the Southern District of New York. In that capacity, she manages on a day-to-day basis 309 separate class actions which have been coordinated for pretrial purposes. Among the thousands of defendants in these actions are 55 of this nation's most prominent investment banks and more than 300 corporate issuers.

Ms. Tadler has been a selected speaker on various topics for numerous lectures and seminars nationwide at which she has. Recent conferences include: National Economic Research Associates: IPO Allocation; American Bar Association: Pros and Cons of Laddering Cases; Directors and Officers Symposium: An Overview of the Mediation Process; and Practising Law Institute, Symposium: "D&O Liability and Insurance 2004: Directors & Officers Under Fire." She is also a member of the Firm's Management Committee and Hiring Committee and one of seven partners chosen to mentor the Firm's associates.

Ms. Tadler is a member of the American Bar Association, the Association of Trial Lawyers of America, the New York State Bar Association and the New York County Lawyers Association. Ms. Tadler is also involved in various charity and community organizations. Ms. Tadler is admitted to the Bars of the States of New York and New Jersey, as well as the United States District Court for the Southern and Eastern Districts of New York, the District of New Jersey and the United States Court of Appeals for the Third Circuit.

**LEE A. WEISS** earned his undergraduate degree from Emory University in 1988 and his J.D. degree, with honors, from The George Washington University in 1991.

Mr. Weiss focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation. His extensive securities fraud litigation experience includes significant settlements for class members in *In re IKON Office Solutions Securities Litigation* (E.D. Pa.) and *In re Computer Associates Securities Litigation* (E.D.N.Y.). Additionally, Mr. Weiss currently represents purchasers of deferred variable annuties in several large fraud class actions in which Milberg Weiss is lead counsel, including *Nelson v. Pacific Life Insurance Company* (S.D. Ga.) and *Douglass v. American United Life Insurance Co.* (Ind.).

Mr. Weiss is a member of the Firm's Hiring and Technology Committees, and serves as a mentor to the Firm's associates. Mr. Weiss is also a member of the American Bar Association. In addition to the New York State Bar, Mr. Weiss is admitted to the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Fourth and Eleventh Circuits.

**LORI G. FELDMAN**, a member of the Firm, protects the rights of shareholders in federal and state courts across the nation.

Ms. Feldman is the daughter of retired public employees and understands the importance of protecting the investments of all workers and their families against corporate fraud. In 2002-2003 and 2004-2005, she was named a "Rising Star of Washington Law" by her fellow practitioners in Seattle. Rising Stars are considered to be Washington's top lawyers under the age of 40.

In addition to lecturing on class action practice, she currently serves as co-chair of the Continuing Legal Education Committee of the Federal Bar Association for the Western District of Washington.

Ms. Feldman's representative recoveries exceed $91 million. Recently, she recovered millions of dollars for class members in litigation involving SpectraLink Corporation (D. Colo.), Cutter & Buck (W.D. Wash.), InaCom (D. Del.), Secure Computing (N.D. Cal.) and Micro Focus (N.D. Cal.). She is currently representing shareholders in litigation involving, among several others, Washington Mutual, Inc. (W.D. Wash.), Amazon.com (W.D. Wash.), ConAgra Foods (D. Neb.), Rhythms Net Connections (D. Colo.), Gilead Sciences, Inc. (N.D. Cal.), Paradigm Medical (D. Utah), Digimarc Corporation (D. Oregon), Merix Corporation (D. Oregon) and drugstore.com (W.D. Wash.).

Ms. Feldman's zealous advocacy has resulted in important reported decisions by courts interpreting the federal securities laws, including but not limited to *Gebhardt v. ConAgra Foods, Inc.,* 335 F.3d 824 (8th Cir. 2003) (important loss causation and materiality appellate court ruling); *In re Rhythms NetConnections Securities Litigation,* 300 F. Supp. 2d 1081 (D. Colo. 2004) (denying motion to dismiss); *Kerns v. SpectraLink Corp.*, No. 2-D-263, 2003 U.S. Dist. Lexis 11711 (D. Colo. July 1, 2003) (granting class certification); *In re Secure Computing Corp.*, 184 F. Supp. 2d 980 (N.D. Cal. 2001) (denying motion to dismiss); *In re Spyglass, Inc. Securities Litigation*, 1999 U.S. Dist. LEXIS (N.D. Ill. July 21, 1999) (denying motion to dismiss).

Ms. Feldman is admitted to the Bars of the States of Washington and New York and her daily responsibilities include managing the Firm's Seattle practice.

**ELAINE S. KUSEL** graduated from Boston University in 1987 with B.A. degrees in economics and international relations. While working full time, Ms. Kusel attended The George Washington University Law School as a full time student, graduating in 1994.

Ms. Kusel represents clients in complex litigation stemming from corporate wrongdoing in a variety of areas, focusing particularly on federal securities and consumer fraud actions.

Most notably, Ms. Kusel played a leading role in the Firm's prosecution of a securities fraud action against Lucent Technologies in which lead counsel recovered more than $600 million for injured class members—the third largest securities settlement in history.

In addition, Ms. Kusel is the lead attorney in the *Abdullah v. Pfizer* case, in which she represents Nigerian children enrolled in a clinical trial by Pfizer without their families' informed consent. The *Abdullah* case is notable because it is one of the first cases in which a Court determined that plaintiffs could proceed with a claim under the Alien Tort Claims Act against a corporate defendant for claims other than those related to war time conduct.

Ms. Kusel also represents whistleblowers bringing federal Qui Tam cases on behalf of individuals who have uncovered fraud being committed by entities doing business with the federal government.

Prior to joining Milberg Weiss, Ms. Kusel pursued her interest in public interest work by spending eight years working in the U.S. House of Representatives, eventually serving as legislative director and counsel to a member of Congress serving on the House Commerce Committee.

Ms. Kusel co-chairs the Firm's Summer Associate Program and serves on the Firm's Diversity Committee. She also led the Firm's pro bono work with Trial Lawyers Care on behalf of the victims of September 11th. Ms. Kusel is a member of the Association of Trial Lawyers of America, the New York State Bar Association and the American Bar Association. Ms. Kusel is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern District of New York, and the Eastern District of Michigan.

**DANIEL B. SCOTTI** graduated from The George Washington University in 1990 with a B.B.A. degree in finance, and in 1993 received his J.D. degree from the Southwestern University School of Law where he was the recipient of American Jurisprudence Awards in both Criminal Law and Legal Writing. In 1994, Mr. Scotti received an LL.M. in securities regulation from the Georgetown University Law Center. Upon graduation, Mr. Scotti joined the litigation department of Prudential Securities Incorporated where he defended the firm at more than fifty securities arbitration hearings in just one year. From 1995 though 1997, Mr. Scotti was associated with the Chicago law firm of Ungaretti & Harris, where he continued to hone his skills as a securities litigator.

Mr. Scotti has extensive experience litigating a number of complex securities class actions which have resulted in very favorable settlements for class members, including: *In re MicroStrategy, Inc. Securities Litigation* (E.D. Va.); *In re Box Hill Systems Securities Litigation* (S.D.N.Y.); *In re Penn Treaty American Corp. Securities Litigation* (E.D. Pa.); *In re Motorola, Inc. Securities Litigation* (N.D. Ill.). In addition to prosecuting several prominent securities class actions, Mr. Scotti is currently litigating a copyright infringement action against Ted Koppel and ABC News on behalf of an award-winning freelance journalist. Mr. Scotti also co-chairs the Summer Associate Program for the Firm's New York office.

Mr. Scotti is a member of the New York State and American Bar Association. Mr. Scotti joined Milberg Weiss in 1997 and is licensed to practice in the state courts in New York, New Jersey, California and Illinois and before the U.S. District Courts for the Southern and Eastern Districts of New York, the Central District of California, and the Northern District of Illinois.

**RACHEL S. FLEISHMAN** graduated from New York University in 1989 with a B.A. degree in politics. She received her J.D. degree from St. John's University School of Law, *cum laude*, in 1992, where she was an articles editor for the *St. John's Law Review*. Ms. Fleishman served as a law clerk to United States District Judge Jed S. Rakoff.

Prior to joining Milberg Weiss in 2002, Ms. Fleishman was associated with the law firms Dewey Ballantine and Fried Frank Harris Shriver & Jacobson. At those firms, Ms. Fleishman's practice included a broad range of complex commercial and securities litigation, as well as representation of clients in SEC, NASD and criminal investigations. Ms. Fleishman's clients have included investment banks, top-tier banks, lending institutions and a variety of major manufacturing companies.

At Milberg Weiss, Ms. Fleishman's practice includes securities litigation and complex commercial litigation.

Ms. Fleishman is admitted to the bar in New York and Massachusetts. Ms. Fleishman is also admitted to practice before the Sixth and Eleventh Circuit Courts of Appeals and the United States District Courts in the Southern, Eastern and Western Districts of New York.

**BETH A. KASWAN** received her B.B.A. degree from the University of Miami in 1973 and her J.D.