Apple Inc. v. Psystar Corporation
Doc. 2710 Att. 2


# EXHIBIT C

SF/1248410v1

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| JAYNE PALMISANO and RICHARD PALMISANO, individuals, | ) | |
| Plaintiff(s), | ) | |
| vs. | ) | No. C 03-01607 RMW |
| OLIN CORPORATION, a corporation, Standard Fusee CORPORATION, doing business as ORION SAFETY PRODUCTS, a Delaware corporation, and DOES 1 through 50, | ) | |
| Defendant(s). | ) | |

- - - -

DEPOSITION OF JAMES COWART
Held at SEDGWICK, DETERT, MORAN & ARNOLD
One Embarcadero Center, Sixteenth Floor
San Francisco, California
Wednesday, March 9, 2005, 10:10 a.m.

- - - -

REPORTED BY: ELAINA BULDA-JONES, CSR 11720



BARKLEY Court Reporters

Q. Okay. And the last item under background, you reviewed the reports prepared by David Bauer, Eric Nichols, and Neil Shifron; is that true?
A. Yes.
Q. Did you review any other reports of experts in this case? 11:20AM
A. No.
Q. Have you reviewed any depositions that have been taken in this case?
A. Mr. Chiolero. 11:20AM
Q. Other than Mr. Chiolero's deposition which is actually attached to your report, any other depositions that have been taken in this case?
A. No.
Q. All right. What was the purpose in your mind of reviewing the reports of David Bauer, Eric Nichols and Neil Shifron? 11:20AM
A. Well, I wanted to get a general background on the content of their reports, and then, specifically, if they had addressed any of the -- anything in the time frame of Standard Fusee's operations, then I wanted to be able to comment on that. 11:21AM
Q. Did you -- taking them one at a time, did you find anything in Neil Shifron's report that 11:21AM

commented or addressed the Standard Fusee time frame?

A. Not really, no.

Q. How about Eric Nichols, same question.

A. Same answer, no. 11:21AM

Q. Same question for David Bauer.

A. Same answer, no.

Q. So since they didn't comment on the time period that you're addressing, you didn't have any comment on their reports? 11:22AM

A. Correct.

Q. Or criticisms of any of their reports?

A. No comments of any kind whatsoever.

Q. Praise, criticism, anything?

A. No comments. 11:22AM

Q. Okay.

MR. HAGSTROM: He was just bored and wanted to read something.

MR. RAPAZZINI: If you want boring, there are some others I could send you. 11:22AM

Q. Okay. If you flip to page 3, please, your first opinion.

MR. HAGSTROM: I want to get a copy so I don't have to keep looking over his shoulder.

MR. RAPAZZINI: Sure. 11:22AM

(Whereupon, a brief recess was taken.)

BY MR. RAPAZZINI:

Q. If you would take a look at page 3, please, your first opinion, Standard Fusee flare manufacturing operations and waste management practices controlled raw materials and product releases and minimized or eliminated product loss. 11:25AM

Did I read that correctly?

A. Yes.

Q. Okay. Then you have Sub A, raw materials storage prevented perchlorate release into the environment. Did I read that correctly? 11:25AM

A. Yes.

Q. Now we have got a paragraph underneath. I realize that this is -- could be deemed overbroad, but can you tell me the -- all of the sources of materials that -- whether it be documents or interviews, that you relied on in stating the facts contained under Sub A? 11:26AM

A. Under Sub A, I referred generally to the documents that we have already referred to. My interviews with plant personnel, my personal observations on the plant visits that I made. And I guess in general I would have to say on this opinion and on others I relied on my experience in 11:26AM 11:27AM



BARKLEY Court Reporters

required because perchlorate containing materials burn and explode. Exactly.

Q. Okay. If we can look at Sub C, one through five come from documents that are attached to your expert report; is that correct? 12:35PM

A. That's correct.

Q. And six is simply your conclusion from having reviewed items one through five; is that true?

A. Yes. 12:35PM

Q. Okay. Let's look at opinion number three. There is a Sub A, but it's only A. Which documents are you -- well, which documents are you referring to that provide a basis for the factual statements in Sub A under opinion three? 12:36PM

A. What I am talking about here is really an all inclusive conclusion that the waste management and safety plans and requirements at this facility prevented disposal to the air, to the ground, to the ground water at the site. So there is going to 12:37PM be -- I would say all the documents that we have talked about previously feed into this conclusion because it is a -- it's kind of a summary conclusion.

Q. Okay. Focusing on the "and were 12:37PM



BARKLEY Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA )
) ss.
COUNTY OF SACRAMENTO )

I, ELAINA L. BULDA, hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR 11720 issued by the Court Reporters Board of California and which is in full force and effect. (Fed. R. Civ. P. 28(a)).

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the witness was first duly sworn by me. (Fed. R. Civ. P. 28(a), 30(f)(1)).

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action. (Fed. R. Civ. P. 28).

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record

/ / /

of the testimony given by the witness. (Fed. R. Civ. P. 30(f)(1)).

Before completion of the deposition, review of the transcript [x ] was [ ] was not requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto. (Fed. R. Civ. P. 30(e)).

Dated: 03/16/04

STATE OF CALIFORNIA }
} ss.
COUNTY OF SAN FRANCISCO }

I, Georgia Hardstark, hereby certify:

I am an employee of Barkley Court Reporters, duly authorized agent for the deposition officer that stenographically recorded the testimony in the foregoing deposition and am authorized to execute this certificate.

The foregoing is a true and correct copy of the original transcript of the stated proceeding.

Dated 3/16/05.

G.W