**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Sandy A. Liebhard
Gregory M. Egleston
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy #134848
Michael Goldberg #188669
1801 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 201-9150

Attorneys for Movants Globis Capital Partners, L.P. and Shaye Hirsch

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO**

| | |
|---|---|
| BARBARA KELLER, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIPEX CORPORATION, DOUGLAS M. McBURNIE, WALID MAGHRIBI, PHILLIP A. KAGEL and CLYDE R. WALLIN,<br><br>Defendants. | **Index No. 05-CV-331 (WHA)**<br><br>Honorable William Alsup<br><br>Date: April 21, 2005<br>Time: 8:00 a.m.<br>Crtrm: 9 |

[Additional Captions Below]

**MOVANTS GLOBIS CAPITAL PARTNERS L.P. AND SHAYE HIRSCH'S MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFFS, AND FOR APPROVAL OF LEAD COUNSEL**

Dockets.Justia.com

| | | |
|---|---|---|
| COIL PARTNERS, LLC, Individually And On Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>SIPEX CORPORATION, WALID MAGHRIBI, PHIL KAGEL and RAY WALLIN,<br><br>Defendants. | ) | **Index No. 05-CV-392 (WHA)** |
| STEVE LEVY, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIPEX CORPORATION, CLYDE R. WALLIN and WALID MAGHRIBI,<br><br>Defendants. | ) | **Index No. 05-CV-505 (WHA)** |
| ALFRED H. JACOBSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIPEX CORPORATION, WALID MAGHRIBI and PHIL KAGEL,<br><br>Defendants. | ) | **Index No. 05-CV-712 (WHA)** |

## PRELIMINARY STATEMENT

Presently pending before the Court are four related securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Sipex Corporation ("Sipex" or the "Company") during the period of April 10, 2003 through and including January 20, 2005 (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Sipex, Douglas M. McBurnie, Walid Maghribi, Phillip A. Kagel, and Clyde R. Wallin (collectively, the "Individual Defendants").

Class members Globis Capital Partners, L.P. ("Globis") and Shaye Hirsch ("Hirsch") (collectively, the "Movants") hereby move this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a) consolidating the captioned actions for all purposes; (b) appointing Movants as lead plaintiffs in the Actions; and (c) approving Movants' selection of Bernstein Liebhard & Lifshitz, LLP ("Bernstein Liebhard") as lead counsel and Glancy Binkow & Goldberg, LLP ("Glancy Binkow") as liaison counsel for the Class.

During the Class Period: Globis suffered losses of $725,857 and Hirsch suffered losses of $19,164. Movants' collective losses total $745,021.

## STATEMENT OF FACTS

The Actions charge Sipex, Douglas M. McBurnie, Walid Maghribi, Phillip A. Kagel, and Clyde R. Wallin with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. More specifically, the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that the Company inappropriately recognized revenue on sales for which price protection, stock rotation and/or return rights were granted; (2) that the Company's financial results were in violation of Generally Accepted Accounting Principles ("GAAP"); (3) that the

Company lacked adequate internal controls; and (4) that as a result of the above, the Company's financial results were materially inflated at all relevant times.

On January 20, 2005, Sipex announced that the Company may restate its financial statements for the fiscal year ended December 31, 2003 and the fiscal quarters ended April 3, 2004, July 3, 2004 and October 2, 2004 due to the possible improper recognition of revenue during these periods on sales for which price protection, stock rotation and/or return rights may have been granted. The news shocked the market. Shares of Sipex fell $0.90 per share, or 23.44 percent, on January 21, 2005 to close at $2.94 per share, on unusually high volume.

Then, on March 11, 2005, Sipex announced that it would restate results for 2003 and the first three quarters of 2004 after an internal accounting investigation discovered improper revenue recognition on some of its sales. Sipex further stated that it would postpone filing its annual report for 2004, which was originally expected to be submitted to the Securities and Exchange Commission by March 17, 2005. The Company also determined that it had "internal control deficiencies that constituted 'material weaknesses'" as it strives to comply with accounting standards.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. See Casden v. HPL Techs., Inc., No. C-02-3510-VRW, 2003 U.S. Dist. LEXIS 19606, at *4-5 (N.D. Cal. Sept. 29, 2003). Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. See Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) ("It seems obvious that fifty-four separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact.").

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

### A. The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movants have an interest in moving these actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

## II. THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS

### A. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by

any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiff to represent plaintiffs and, as a result, should be appointed lead plaintiffs in the Actions.

**1. Movants Are Willing To Serve As Class Representative**

On January 24, 2005, counsel in the first-filed action, Barbara Keller v. Sipex Corporation, et al., 05-CV-331 (WHA), caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Sipex and the Individual Defendants, and which advised putative class members that they had until March 25, 2005 to file a motion to seek appointment as a lead plaintiff in the action.[1]

---

1 The Barbara Keller v. Sipex Corporation, et al., 05-CV-331 (WHA) action was filed on January 24, 2005. On January 24, 2005, the Notice was published over PRNewsWire. See Declaration of Michael Goldberg ("Goldberg Decl.") at Ex. B.

Movants have reviewed one of the complaints filed in the pending actions and have timely filed their motion pursuant to the Notice. In doing so, Movants have attached their certifications attesting to their willingness to serve as representative parties of the Class and provide testimony at deposition and trial, if necessary. See Goldberg Decl. Ex. A. Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Movants Have The Largest Financial Interest

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movants submit that they have the largest financial interest of any shareholder or group of shareholders in the Actions. Movants purchased collectively shares of Sipex and suffered losses of $745,021. See Goldberg Decl. Ex. C. These losses are significant enough to ensure that Movants have a sufficient financial stake to remain active participants in the Actions and oversee its vigorous prosecution by counsel. See Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1135-36 (C.D. Cal. 1999). See also House Conference Report No. 104-369, 104th Cong.1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N. 679, 730-31). Movants are not aware of any other moving party who has suffered larger losses. Accordingly, Movants are appropriate lead plaintiffs and satisfy the largest financial interest requirement to be appointed as lead plaintiff in the Actions. Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movants Satisfy The Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure

Sections 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also state that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] . . . the requirements of Rule 23 of the Federal Rules

of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. As discussed below, Movants satisfy the typicality and adequacy requirements under Rule 23(a).

The typicality requirement of Rule 23(a)(3) is satisfied when named plaintiffs have (1) suffered the same injuries as the absent class members; (2) as a result of the same course of conduct by the defendants; and (3) his, her, its claims are based on the same legal issues. See Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992); In re Cirrus Logic Sec. Litig., 155 F.R.D. 654, 657 (N.D. Cal. 1994); Haley v. Medtronic, Inc., 169 F.R.D. 643, 649 (C.D. Cal. 1994); Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D. Cal. 1985).

The claims asserted by Movants are typical of those of the Class. Movants, like the members of the Class, acquired shares of Sipex during the Class Period at prices artificially inflated by defendants' materially false and misleading statements, and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses result from defendants' common course of conduct. See Yamner v. Boich, No. C-92-20597, 1994 WL 514035, at *3 (N.D. Cal. Sept. 15, 1994); Blackie v. Barrack, 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975). Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

Movants are adequate representatives for the Class. There is no antagonism between their interests and those of the Class. Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## III. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiffs' selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Bernstein Liebhard and Glancy Binkow as the proposed lead counsel and liaison counsel, respectively, for the Class. Both firms have extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class. See Goldberg Decl. Exs. D and E. Therefore, the Court may be assured that if it grants this motion, the class members will receive high-caliber representation by skilled, experienced counsel.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Movants as lead plaintiffs for the Class in the Actions and all subsequently-filed, related actions; and (3) approve Movants' selection of Bernstein Liebhard and Glancy Binkow as lead counsel and liaison counsel, respectively, to represent the Class.

DATED: March 25, 2005

Respectfully submitted,

**GLANCY BINKOW & GOLDBERG, LLP**

By: ______________________
Lionel Z. Glancy
Michael Goldberg

1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**Liaison Counsel for Movants and Proposed Liaison Counsel for Plaintiffs and the Class**

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
Sandy A. Liebhard
Gregory M. Egleston
10 East 40th Street, 22nd Floor
New York, New York 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

**Attorneys for Movants and Proposed Lead Counsel for Plaintiffs and the Class**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the following was served upon counsel of record in the actions filed in this Court, First Class Mail prepaid, this 25th day of March, 2005:

1. **NOTICE OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS, APPROVAL OF COUNSEL, AND CONSOLIDATION OF THE RELATED ACTIONS**

2. **MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFFS, AND FOR APPROVAL OF LEAD COUNSEL**

3. **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS, APPROVAL OF COUNSEL, AND CONSOLIDATION OF THE RELATED ACTIONS**

4. **[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS, APPROVING LEAD PLAINTIFFS' CHOICE OF COUNSEL, AND CONSOLIDATING THE RELATED ACTIONS**

**Counsel for Plaintiffs:**

Robert S. Green, Esq.
**Green Welling LLP**
235 Pine Street, 15th Floor
San Francisco, CA 94104

Joseph J. Tabacco, Jr., Esq.
Christopher T. Heffelfinger, Esq.
**Berman Devalerio Pease & Tabacco, PC**
425 California Street, Suite 2025
San Francisco, CA 94104

Laurence D. Paskowitz, Esq.
**Paskowitz & Associates**
60 East 42nd Street
New York, NY 10165

Brian M. Felgoise, Esq.
**Law Offices of Brian M. Felgoise, PC**
261 Old York Road
Suite 423
Jenkintown, PA 19046

Daniel S. Sommers, Esq.
Jason M. Leviton, Esq.
Steven J. Toll, Esq.
**Cohen Milstein Hausfeld & Toll PLLC**
1100 New York Avenue NW
West Tower, Suite 500
Washington, DC 20005

Marc A. Topaz, Esq.
Richard A. Maniskas, Esq.
**Schiffrin & Barroway, LLP**
280 King of Prussia Road
Radnor, PA 19087

Elizabeth P. Lin, Esq.
Jeff S. Westerman, Esq.
**Milberg Weiss Bershad & Schulman LLP**
355 South Grand Ave, Suite 4170
Los Angeles, CA 90071

Patrick J. Coughlin, Esq.
Shawn A. Williams, Esq.
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
100 Pine Street, Suite 2600
San Francisco, CA 94111

William S. Lerach, Esq.
Darren J. Robbins, Esq.
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
401 B Street, Suite 1700
San Diego, CA 92101

**Counsel for Defendants:**

Keith E. Eggleton, Esq.
**Wilson Sonsini Goodrich & Rosati**
650 Page Mill Road
Palo Alto, CA 94304-1050

Michael Andrew Zwibelman, Esq.
**Heller Ehrman White & McAuliffe LLP**
333 Bush Street
San Francisco, CA 94104-2878

_______________________
Kyaa Heller