Apple Inc. v. Psystar Corporation
Doc. 2726

United States District Court
For the Northern District of California

**FILED**

MAR 28 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRIOT CONTRACT SERVICES, LLC,

Plaintiff,

v.

THE UNITED STATES NAVY MILITARY SEALIFT COMMAND,

Defendant.

_______________________________________/

No. C-04-5428 MJJ

**ORDER**

## INTRODUCTION

Before the Court is Defendant United States Navy Military Sealift Command's motion to dismiss or, in the alternative, to transfer to the United States Court of Federal Claims for lack of subject matter jurisdiction. Plaintiff Patriot Contract Services opposes Defendant's motion. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss without prejudice. Once Plaintiff has amended its complaint, the Court will consider Defendant's motion to transfer.

## FACTUAL BACKGROUND

For four years running, Plaintiff Patriot Contract Services ("Plaintiff or "Patriot") operated and maintained eleven Large Medium Speed Roll-On/Roll-Off ("LMSR") ships for the United States Navy Military Sealift Command ("Defendant" or "MSC"). LMSR vessels are a key component of the surge sealift capacity of the United States armed forces. The operator of the LMSR ships must

Dockets.Justia.com

maintain the vessels and be prepared to mobilize a full crew to deploy in support of military missions throughout the world on short notice.

On December 11, 2003, MSC solicited bids for the worldwide operation and maintenance of its eleven LMSR ships. On August 31, 2004, Defendant MSC awarded the contract for the operation and maintenance of nine of those vessels to AMSEA.[1] MSC contends that AMSEA's proposal represented the best overall value for the Government. Patriot filed a bid protest with the United States General Accountability Office ("GAO"). Before the GAO issued its final decision, Patriot withdrew its protest and filed the instant lawsuit.

On February 22, 2005, Plaintiff Patriot filed a motion for preliminary injunction, seeking to enjoin Defendant from transitioning the operation of the LMSRs from Patriot to AMSEA.[2] The same day, Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to transfer to the U.S. Court of Federal Claims.

## LEGAL STANDARD

A federal court must have jurisdiction over the subject matter of a suit in order for the action to proceed. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and the plaintiff bears the burden of proof that federal jurisdiction exists. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

## ANALYSIS

Defendant argues that the Court lacks subject matter jurisdiction over this action because the U.S. Navy Military Sealift Command, a division of the United States Department of Defense, a Government agency, is immune from suit. Plaintiff argues that the Suits in Admiralty Act ("SAA"), 46 U.S.C. Appx. §§ 741, *et seq.*, the statute conferring jurisdiction on the federal district courts in

---

[1] Two of the eleven LMSRs are not relevant here as they were set aside for small business participation. At issue here is the operation and maintenance of only nine LMSRs.

[2] Oral argument on Plaintiff's preliminary injunction motion will be heard on April 26, 2005 at 9:30 am in Courtroom 11.

admiralty actions against the United States, waives the Government's sovereign immunity.[3] Defendant contends that assuming, *arguendo*, that Plaintiff's lawsuit is an admiralty action,[4] the SAA only waives the sovereign immunity of the United States and does not provide consent for the *agencies* of the United States to be sued. The Court agrees with Defendant.

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Waivers of sovereign immunity are to be strictly construed in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Under the SAA, actions in admiralty "may be commenced against the United States, but not against a United States agency." *Williams v. United States*, 711 F.2d 893, 897 (9th Cir. 1983) (citing 46 U.S.C. § 745).

Here, Plaintiff has sued the U.S. Navy Military Sealift Command, which is a division of the U.S. Department of Defense, an administrative agency of the United States. Because the SAA's waiver of sovereign immunity does not apply to *agencies* of the United States, the Court has no subject matter jurisdiction over the instant lawsuit. Accordingly, Defendant's motion to dismiss is **GRANTED**. However, Plaintiff may amend its complaint to name and properly serve the United States as the party defendant. Should Plaintiff chose to amend its complaint, it must do so by April 8, 2005. Assuming Plaintiff properly amends its complaint, the Court will promptly consider Defendant's motion to transfer the action to the U.S. Court of Federal Claims for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: March 28, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] In its Complaint, Plaintiff Patriot also cites 28 U.S.C. § 1331 and the Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202) as bases for federal subject matter jurisdiction. However, those statutes do not waive the United States' immunity from suit. In its Opposition to Defendant's motion to dismiss for lack of subject matter jurisdiction, Plaintiff only addresses Defendant's SAA argument. Therefore, the Court assumes that Plaintiff contends only that sovereign immunity is waived by the SAA.

[4] Defendant argues, in the context of its alternative motion to transfer, that Plaintiff's claim is not an admiralty action and that the SAA cannot serve as a jurisdictional hook.