Apple Inc. v. Psystar Corporation Doc. 2737

DOROTHY D. Guillory
Attorney at Law, CSBN 114891
1271 Washington Avenue, # 380
San Leandro, CA 94577
(510) 639-2959
Fax: (510) 639-2961

VINCENT J. COURTNEY, CSBN 56801
SYLVIA COURTNEY, CSBN 85434
Courtney Law Offices
22 Battery Street, Suite 333
San Francisco, CA 94111
(415) 392-5040 Fax: (415) 392-3729

Attorneys for Plaintiff
JIMMIE'S LIMOUSINE SERVICE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE'S LIMOUSINE SERVICE, INC. dba JIMMIE'S<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, et al.<br><br>Defendant.<br>______________________________/ | No. C 04-3321 WHA<br><br>DECLARATION OF DOROTHY GUILLORY RE MEDIATION |

I, DOROTHY D. GUILLORY, DECLARE AS FOLLOWS:

1. I am the lead attorney of record for Plaintiff Jimmie's Limousine Service. I am familiar with the records and files in this action, along with facts concerning the attempted mediation of this matter, and can attest to them if called upon to do so.

2. This action is based on a complaint filed August 17, 2004 against the City, Jerry Brown and Lt. Poulson by Jimmie's Limousine Service, Inc., the owner and operator of a downtown Oakland entertainment complex, contending that Defendants, under color of law, have engaged in unlawful acts aimed at driving it out of business.



Dockets.Justia.com

3. On November 2, 2004, the parties stipulated to mediation, and the Court approved the selection of mediation as an ADR process on November 4, 2004. Mediator Gail Killefer was appointed on November 18, 2004.

4. On December 17, 2004, the court issued a case management order requiring private mediation to be concluded by February 25, 2005. However, the Court extended the deadline date for mediation to March 31, 2005, based on a stipulation presented to the Court by the parties explaining that the extension was necessary to conduct meaningful discovery in February and March, 2005, to aid in assessing and evaluating the strengths and weaknesses of their respective cases.

5. In the Stipulation presented to the Court, the parties represented that the discovery necessary to engage in a meaningful mediation included the depositions of Plaintiff's principals, Jimmie Ward and David Ward, and the depositions of Defendants Jerry Brown, former Police Chief Richard Word, former City Manager Robert Bobb, now a public official in Washington, D.C., and Larry Carroll, a former Assistant City Manager now located in Texas. The City attorney has stated that she is representing all former employees at their depositions.

6. Plaintiff presented Jimmie Ward for deposition on February 15, 2005, and David Ward for deposition on February 22, 2005. Although Plaintiff noticed the depositions of Defendants and defense witnesses in January, the City has only produced certain deponents for deposition, including Lt. Ed. Poulson, former Chief Word and a City Real Estate manager, Frank Fanelli.

7. The parties are now engaged in a discovery dispute, involving that very discovery which the parties represented to the Court was necessary to conduct meaningful mediation. The City, offering one reason or another, has failed and refused to set the depositions of Jerry Brown, former City Manager Robert Bobb, former Assistant City Manager Larry Carroll, and recently unilaterally canceled the deposition of another key witness, Sgt. White. In addition, after asking for a 17-day extension of time to respond to

written discovery, the City interposed untimely objections to practically every interrogatory Plaintiff propounded and to producing seminal documents. Plaintiff's counsel has asked the City Attorney to meet and confer about these issues, but she has declined the invitation because of her "trial schedule." If Plaintiff's further efforts to meet and confer are not successful, this discovery dispute will have to be submitted to the Court in accordance with the standing order re discovery for resolution.

8. On March 20, 2005, the City Attorney sent an e-mail message to the mediator, claiming that the parties had conducted "a significant amount of discovery," and that "A number of key depositions have already been commenced and concluded." That representation was not accurate. The message also stated that there was no settlement authority to settle the case and would be none until after the City's dispositive motion was filed and heard.

9. Plaintiff and its counsel, at all times, have been prepared and willing to participate in the mediation of this case by the March 31st deadline date. However, based on the fact that the City attorney claimed no settlement authority, and the fact that participating in such a mediation would be futile and a waste of time, the mediator took the mediation off calendar.

10. This late notice of the City's posture concerning the March 30th mediation, communicated ten (10) days before the mediation was to take place, caused great inconvenience for Plaintiff's principals, who canceled trips to the Southern region of the country to participate in the mediation, and for Plaintiffs' counsel, who rearranged their schedules to participate in the mediation and went to the trouble of preparing a mediation brief.

11. Plaintiff and its counsel are still willing to participate in mediation after the dispositive motion is heard, provided that the City is not playing games about mediation and will confer full settlement authority on its representatives. A realistic, second extension of the mediation deadline would be 30 days after the Court's ruling on

the City's dispositive motion, provided that the Court approves of such an extension.

I certify under penalty of perjury that the foregoing is true and correct.  Executed at Oakland, California on March 31, 2005.

*/s/ DOROTHY D. GUILLORY*

____________________________________

DOROTHY D. GUILLORY

Attorney for Plaintiff Jimmie's Limousine Service, Inc.

PROOF OF SERVICE

I declare that I am over the age of eighteen years and that I am not a party to this action. My business address is 1271 Washington Ave., #380, San Leandro, CA 94577. On March 31, 2005, I served the following documents:

DECLARATION OF DOROTHY GUILLORY RE MEDIATION

by sending the document via facsimile to (510) 238-6500 and by placing the document in the United States Mail at Oakland, California, addressed to:

Arlene M. Rosen
Senior Deputy City Attorney
City of Oakland
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California on March 31, 2005.

*/s/ DOROTHY D. GUILLORY*

______________________________

DOROTHY GUILLORY