Apple Inc. v. Psystar Corporation Doc. 2766

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

**SEAN P. DEBRUINE**
415.765.9585/fax: 415.765.9501
sdebruine@akingrump.com

April 5, 2005

Hon. Joseph Spero
United States Magistrate Judge
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco CA 94102

**Re: Realtek Semiconductor, Inc. v. Marvell Semiconductor, Inc.**
**Case No. C04-4265 MMC (JS)**

Dear Judge Spero:

Plaintiff Realtek Semiconductor, Inc. ("Realtek") hereby opposes defendant Marvell Semiconductor, Inc.'s ("Marvell") Motion to Shorten Time for Hearing on Defendant's Motion to Compel Supplemental Infringement Contentions. As set forth herein, Marvell fails to show that it would suffer any "substantial harm or prejudice" if its motion to compel is heard on the Court's regular schedule. Civ. L.R. 6-3(a)(3). As such, this motion should be denied.

Marvell's underlying assumption, that its motion to compel will be granted, is incorrect. Patent L.R. 3-1 is essentially a discovery device, meant to replace the series of interrogatories that would likely be served absent the rule. The rule by its very title recognizes that the disclosure of infringement contentions is "preliminary." There is no requirement that such disclosures be "perfect," and there is "no requirement that [plaintiff] thoroughly present and successfully defend its theories of infringement in the confines of a PIC chart." *Renesas Technology Corp. v. Nanya Technology Corp.*, 2004 WL 2600466 at * 5 (N.D. Ca. Nov. 10, 2004) (MJ Lloyd). Rather, the plaintiff need only "set forth 'particular theories of infringement with sufficient specificity to provide defendants with notice of infringement' beyond the claim language itself." *Id.* at 5 (quoting *Network Caching Technology Corp. v. Novell, Inc.*, 2002 WL21699799 at *4 (N.D. Ca. Mar. 21, 2002). Here, Realtek has done much more that "simply recite the claim language." *Id.* Realtek has provided, as Marvell recognizes, a detailed set of schematics for the accused products as a result of a thorough reverse engineering. Realtek has also provided a detailed comparison of the asserted claims, on an element by element basis, to the accused products. That analysis is more than sufficient to put Marvell on notice of Realtek's allegations and infringement theories. Marvell's complaints amount really to disputes regarding



Dockets.Justia.com

proper claim construction and the sufficiency of Realtek's proof, neither of which is required at this early stage. *See id.* at *4.

Nonetheless, Marvell offers the presumed merits of its motion to compel as the primary justification to shorten Realtek's time to respond. In particular, the Declaration of Craig C. Compton in Support of Defendant's Motion to Shorten Time at ¶2 offers the following allegation as support for this motion: "Realtek's Infringement Contentions fail to comply with Patent local Rules 3-1(c) and 3-1(d)." This argument bootstrapping of the worst kind and, as set forth above, it is simply not true.

Marvell also claims that its motion to compel should be heard (and presumably decided) in advance of upcoming Early Neutral Evaluation and Marvell's required Initial Disclosure of Prior Art. However, Marvell fails to offer any facts to establish that the supplemental disclosure it seeks from Realtek would have any effect on its ability to a) disclose relevant prior art or b) prepare for the ENE. In fact, the additional level of detail Marvell seeks from Realtek's *infringement contentions* are in no way necessary for Marvell to identify alleged *prior art.* Patent Local Rule 3-3 requires Marvell, in this case by April 28, 2005, to "identify each item of prior art that allegedly anticipates each claim or renders it obvious," including a description of the prior art references and a chart showing where each claim element is found in the reference or references. In addition, Marvell will be required to state whether the patent is intrinsically invalid for lack of enablement, indefiniteness or lack of a proper written description. *Id.* Realtek has fully disclosed the claims at issue in this case. Beyond that identification, Realtek's PICs have no bearing on Marvell's obligations. Marvell has failed to even allege *how* the additional detailed disclosures sought from Realtek have any effect on its ability to prepare its invalidity contentions. Similarly, Marvell fails to establish how the additional detail requested in its motion to compel is necessary for the ENE. Realtek has provided a detailed statement of its infringement allegations. Marvell has failed to show how the additional detail it seeks would have any effect on its preparation for the upcoming ENE.

Therefore, Marvell has failed to establish any "substantial harm or prejudice," Civ. L.R. 6-3(a)(3) and its motion to shorten time should therefore be denied.

Respectfully submitted, a
AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ Sean P. DeBruine

Sean P. DeBruine