Apple Inc. v. Psystar Corporation Doc. 2767

DENNIS P. FITZSIMONS, ESQ. (#144463)
MICHAEL S. ROMEO, ESQ. (#180978)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Facsimile: (510) 839-1897
Telephone: (510) 834-4350

JOHN M. ROSS, ESQ. (#54448)
STEPHEN D. KAUS, ESQ. (#57454)
JILL ROWE, ESQ. (#197713)
COOPER, WHITE & COOPER LLP
201 California Street, 17th Floor
San Francisco, CA 94111
Facsimile: (415) 433-5530
Telephone: (415) 433-1900

Attorneys for Defendants
OVE ARUP & PARTNERS CALIFORNIA LIMITED, sued herein by that name and as OVE ARUP & PARTNERS USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADVANCED MICROTHERM, INC.; HVAC SALES, INC.,

Plaintiffs,

vs.

NORMAN WRIGHT MECHANICAL EQUIPMENT CORPORATION; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; OVE ARUP & PARTNERS USA; OVE ARUP & PARTNERS CALIFORNIA LTD.; TEMPCO, INC., AFFILIATED ENGINEERS W, INC.; AMEC, INC.; GEORGE SPEIGHTS; AIR CONDITIONING COMPANY, INC.; INNOTEC, INC.; PRICE INDUSTRIES, INC.; and DOES 1-500,

Defendants.

AND RELATED CROSS-ACTIONS.

Case No.: C 04-02266 **JW**

**(San Jose Division)**
**(E-FILING CASE)**

OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Date: April 26, 2005
Time: 10:00 a.m.
Dept.: Courtroom 8, 4th Floor
Judge: Honorable James Ware

Complaint Filed: April 30, 2002

BOORNAZIAN, JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350



Dockets.Justia.com

## I. INTRODUCTION

The Plaintiff's Motion For Entry of Stipulated Protective Order implies that all parties have agreed to the Stipulated Protective Order submitted. This is false, as no Defendant has agreed to the version provided by the plaintiffs. On September 10, 2004, after a motion by the plaintiffs in the City and County of San Francisco Superior Court to enter a protective order, and months of meet and confer pursuant to the Court's order, Ove Arup, Norman Wright and the plaintiffs' then counsel of record agreed upon a Protective Order. **This agreed upon September 10, 2004 protective order is significantly different from the plaintiffs' currently submitted protective order**.

Moreover, on March 4, 2005, one week prior to filing the instant motion, the plaintiffs' attorney sent a letter to all parties circulating an attached protective order, specifically claiming in his email that the protective order included all previously agreed upon language. Plaintiffs continue this misrepresentation to the Court as the currently submitted version differs significantly from the September 10, 2004 version. At no time prior to making this motion did plaintiffs ever inform Defendants that they had unilaterally altered the September 10, 2004 version.

The Plaintiffs' motion papers are procedurally improper, which is fatal to plaintiffs' motion. Plaintiffs original filing did not include a notice and did not specify a hearing date. Defendant Ove Arup contacted plaintiffs' attorney to discuss the motion, but the plaintiffs' attorney never returned the phone call. Instead, plaintiffs' attorney filed revised documents, this time specifying a hearing date. The second filing is substantively unchanged from plaintiffs' first effort. The Plaintiffs' motion still does not comport with the Local Rules for noticed motions, does not comport with the Standing Orders for United States District Court, San Jose Division, and plaintiffs did not meet and confer in good faith prior to the filing of the motion. Plaintiffs have chosen not to submit a declaration to this Court, so the alleged facts submitted by the plaintiffs are not declared under penalty of perjury and no evidence is properly before this Court. Due to the many procedural defects, the Plaintiffs' motion should be denied outright.

Finally, if this Court is inclined to enter any protective order, it is requested that the court

BOORNAZIAN, JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

enter the September 10, 2004 Stipulated Protective Order as that Protective Order had been agreed to by Ove Arup, Norman Wright and the plaintiffs, and that had been circulated to all other parties who failed to object to its language.

## II. ISSUE TO BE DECIDED

1. Is the plaintiffs' failure to comply with the proper noticing procedures pursuant to Local Civil Rule 7-2 fatal to their motion?

2. Should the Court enter the Protective Order requested by plaintiff, the version agreed to by the parties on September 10, 2004, or none at all?

## III. STATEMENT OF FACTS

This case originally commenced by the plaintiffs in April 2002 in the City and County of San Francisco California Superior Court. On February 3, 2003 plaintiffs filed a Second Amended Complaint under seal. That seal was lifted in May of 2004. The Second Amended Complaint added new defendants, included a cause of action under the California False Claims Act, California Government Code §12650 et. seq., and raised Federal Questions in other causes of action. On June 9, 2004, Defendant Norman Wright Mechanical Corporation ("NSW") filed a Notice of Removal, bringing the Plaintiffs' Second Amended Complaint to this Court.

On February 23, 2004, the plaintiffs filed a Motion to Settle Terms of Protective Order. (Attached as Exhibit A to the Declaration of Michael S. Romeo (Hereinafter Romeo Dec., **Ex A**.) is a true and correct copy of Protective Order Plaintiffs sought to enter.) On March 29, 2004, the San Francisco County Superior Court heard the plaintiffs' motion and denied plaintiffs' motion to enter the protective order as submitted. The Court further ordered the parties to meet and confer regarding the wording of a stipulated protective order. Romeo Dec., ¶4.

Beginning on March 30, 2004, attorneys for defendants Ove Arup & Norman Wright and an attorney representing the plaintiffs, engaged in a lengthy meet and confer process. On March 30, 2004, the attorney representing plaintiffs forwarded a draft Stipulated Protective Order. (Romeo Dec., **Ex. B**.) Meet and confer occurred between the parties and the attorney for Norman Wright submitted a new Stipulated Protective Order. (Romeo Dec., **Ex. C**.) The parties continued

BOORNAZIAN, JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

to meet and confer thereafter.

By April 27, 2004, the parties had reached an agreement on the Stipulated Protective Order. On May 25, 2004, the attorney for plaintiffs sent a correspondence stating that, despite the previously agreed to protective order, he wished to make changes. Further meet and confer occurred.

Finally, on September 10, 2004, Roger Raphael, the plaintiffs' previous attorney from Lewis, Brisbois, Bisgaard & Smith, sent a letter to counsel stating that he was "enclosing the final version of the protective order", that included the last changes proposed by any party and all comments from all other parties. Mr. Raphael attached a copy of Stipulated Protective Order requesting that the parties sign the Order. (Romeo Dec., **Ex., D & E**.)

On March 2, 2005, Mr. Williams, plaintiffs' new counsel, sent out an e-mail to all counsel attaching a protective order. Mr. Williams wrote:

> "The Protective Order is derived from the Northern District's Form Protective Order, and also incorporates the comments of counsel from previous meet and confers on this subject. The bolded provisions reflect previously agreed to additions to the Form Protective Order, while the redlined provisions correspond to deletions to which I believe the parties agreed. The bolded provisions will not be given emphasis in the Protected Order submitted, and the redlined sections will be deleted from the document."

This is false. The version that Mr. Williams provided is significantly different than the version submitted by Roger Raphael and agreed to by the parties. Having misrepresented the need for any meet and confer process, Mr. Williams' letter arbitrarily and unilaterally imposed a March 10, 2005 deadline to respond to him regarding the protective order.

On March 10, 2005 plaintiffs filed the current motion. On March 10, 2005, counsel for Ove Arup left a message for Mr. Williams to discuss irregularities in noticing the plaintiffs' motion. Mr. Williams did not return the phone call. Instead, on March 11, 2005, Mr. Williams filed, apparently, an amended motion, including the date and time of the motion. (Romeo Dec., ¶9.)

BOORNAZIAN, JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

## IV. ARGUMENT

### A. Plaintiffs' Proposed Stipulated Protective Order Is Substantially Different Than The Agreed Upon Protective Order

Plaintiffs' motion contains several misstatements of fact. Plaintiffs' implication that the Protective Order submitted to the Court has been stipulated and agreed to by the other parties in this case is incorrect. The attorneys for Ove Arup, Norman Wright and the plaintiffs engaged in a lengthy meet and confer process, which culminated with the September 10, 2004 Stipulated Protective Order. Mr. Rafael, Plaintiffs' own counsel at the time, finalized and circulated the September 10, 2004 Stipulated Protective Order and wrote, "enclosed is the final version of the protective order in this case. The last changes proposed by any party . . . have been agreed to and added. . . ."

The September 10, 2004 protective order is substantially different than the Protective Order currently submitted by plaintiffs. The plaintiffs' current version includes language that was never discussed or agreed upon and deletes language that was specifically accepted. Plaintiffs' unilaterally created Protective Order, one that differs significantly from the previously agreed upon order, should not be entered.

For the Court's ease, each alteration from the agreed text is delineated below:

§2.1 - Plaintiffs' current version strikes out "outside counsel (and their support staff.) The stricken language was specifically agreed upon by the parties and should be left in. "Party" should be defined to include outside counsel and support staff.

§2.9 - The plaintiffs add the sentence "this includes any federal, state or local prosecuting authorities, including their investigators, to the extent that such authorities agree to be bound by the terms of this protective order." This language (which is bolded) was not included in the September 10, 2004 version and never agreed upon. This language should not be included because it is impossible to enforce. Public investigating entities that are not parties would not be controllable by the current parties in the lawsuit. The non-party public entities investigating agencies may have statutory bars to entering into confidentiality agreements. It is unknown what

BOORNAZIAN, JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

internal control would be placed on the information plaintiff proposes to provide them. If a public entity becomes a party, the Court and parties could then address that issue.

§5.3 - The first sentence of Plaintiffs' current version reads "If corrected, an ...." The parties previously agreed upon "If timely corrected, an...." The word "timely" should be included in order to ensure that delay does not occur.

§7.1 - The September 10, 2004 agreement included this language ", and will be stored in location consistent with the purposes of this Order, not including the offices of any party." This sentence had been agreed to be inserted right after "...this Order" and right before "When the litigation has been terminated...." This language is not currently in the plaintiff's version. This language should be inserted in order to ensure that no person could gain unsupervised access to the Protected Material.

§7.3 & §7.4 - All stricken portions in plaintiffs' current version were specifically agreed to and should be present in this Protective Order. The September 10, 2004 version includes this language. §7.3 deals with House Counsel. Currently, there are no attorneys designated as House Counsel, but the section should still be included if and when House Counsel get appointed. §7.4 deals with approving disclosure of Highly Confidential Material for Attorneys' Eyes Only to experts. This section was directly included so that the parties are able to control the dissemination of information to the experts.

§11 - The bolded sentence in plaintiffs' current version has been altered. It should read "All Protected Material stored in the form of computer files, including all abstracts and summaries, shall be deleted." The plaintiffs' version is not as inclusive or expressive. The agreed to version is less vague.

§12.4, 12.5, 12.6, 12.7 - Sections 12.4 through 12.7 are not included in the Plaintiff's current version. These sections were included in the September 10, 2004 Stipulation. They should be included. Each section is necessary to ensure the control of document dissemination.

**B. Plaintiffs' Motion Fails To Adhere To The Procedural Requirements And Must Be Denied**

BOORNAZIAN, JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

Plaintiffs Motion for Entry of Stipulated Protective Order does not comply with procedural requirements. Magistrate Judge Trumbull's standing order for cases referred to her for discovery provides that "all discovery matters shall be noticed in accordance with Civil Local Rule 7-2." Civil Local Rule 7-2 requires motions to be "filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Plaintiffs' original motion does not include a date or time for the motion. Moreover, the plaintiffs' original motion does not include a Notice, a Points & Authorities, or a declaration, all required by Civil Local Rule 7-2, 7-4 and 7-5. Plaintiffs' "amended" motion, does include a date and time for the hearing, but still lacks a formal Notice, Points & Authorities and a declaration. Plaintiffs' motion is still not in compliance with Local Rule 7-2, 7-4 and 7-5.

The lack of declaration is also fatal. The motion submitted by the plaintiffs' attorney does not constitute a declaration and therefore, there are no admissible facts before this Court. Without a proper declaration, there is no evidence before the Court and a proper foundation has not been laid for the documents submitted. The plaintiffs' attorney has not declared under penalty of perjury any of the statements or assertions made in the motion. The plaintiffs' incorrect statement that the protective order had been stipulated to is not even properly before this Court.

Plaintiffs additionally violate the Standing Order for the United States Northern District Court, which states: "Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must meet and confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice." Plaintiffs did not meet and confer with Ove Arup in setting the date. Ove Arup contacted plaintiffs' on March 10, 2005 specifically to discuss this motion. Plaintiffs did not return the phone call. Instead, plaintiffs' filed an amended motion, this time unilaterally setting a hearing date.

Plaintiffs have not complied with the proper motion procedures and therefore, plaintiffs' motion must be denied.

## V. CONCLUSION

For the reasons stated above, it is respectfully requested that this Honorable Court's Order

BOORNAZIAN, JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

deny the plaintiffs' Motion for Entry of Stipulated Protective Order and instead enter the agreed to September 10, 2004 Stipulated Protective Order.

DATED: April 4, 2005

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

/s/

By: ______________________________
DENNIS P. FITZSIMONS, ESQ.
MICHAEL S. ROMEO, ESQ.
Attorneys for Defendants
OVE ARUP & PARTNERS CALIFORNIA LIMITED, sued herein by that name and as OVE ARUP &PARTNERS USA

21934\342366

BOORNAZIAN,
JENSEN & GARTHE
555 12th STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350