Apple Inc. v. Psystar Corporation

Doc. 2768

John P. Makin, SBN 88853
Ciprian Dogaru, SBN 220556
GREENAN, PEFFER, SALLANDER & LALLY LLP
6111 Bollinger Canyon Road, Suite 500
San Ramon, CA 94583
Telephone: (925)866-1000
Facsimile: (925)830-8787

Attorneys for Defendants
GULF INSURANCE GROUP and
GULF UNDERWRITERS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| TRIDENT ENVIRONMENTAL AND ENGINEERING, INC.<br><br>Plaintiff,<br><br>vs.<br><br>GULF INSURANCE GROUP; GULF UNDERWRITERS INSURANCE COMPANY, and DOES 1 through 50,<br><br>Defendants. | Case No. C 04-00256 SBA<br><br>**DEFENDANTS' OPPOSITION TO TRIDENT'S MOTION FOR REVIEW OF TAXATION OF COSTS AND OBJECTION TO BILL OF COST**<br><br>Date: April 26, 2005<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Judge: Honorable Saundra B. Armstrong |

**THE GULF BILL OF COST WAS FILED TIMELY**

The Court entered judgment in favor of defendants Gulf Insurance Group and Gulf Underwriters Insurance Company ("Gulf") on February 3, 2005. *See*, Declaration of John P. Makin in Opposition to Trident's Motion for Review of Taxation of Costs and Objection to Bill of Cost ("Makin Decl.") ¶ 2, Ex. A. On February 4, 2005 Gulf e-filed with the Court its bill of cost and the supportive declaration of John P. Makin. *See,* Makin Decl. ¶ 3. The clerk of the Court then notified Gulf to submit the invoices substantiating the amounts claimed in the bill of cost. *See*, Makin Decl. ¶ 5. Gulf complied with the clerk's request on March 1, 2005. *See,* Makin Decl. ¶ 5. On March 2, 2005, the clerk taxed the requested



Dockets.Justia.com

costs. *See,* Makin Decl. ¶ 6 and Exhibit B.

Trident Environmental and Engineering, Inc. ("Trident") now claims that Gulf failed to timely file its bill of cost because it was not filed with the Court within fourteen days after entry of judgment. In fact, the bill of cost and supporting declaration were e-filed the day after the Court entered judgment. Trident erroneous claims that the bill of cost was filed on March 1, 2005 when Gulf submitted the invoices requested by the clerk. On March 1, 2005 Gulf simply submitted the invoices requested by the clerk, and enclosed the original bill of cost bearing the original February 4, 2005 signature and costs. Gulf's response to the clerk's request for information does not render the bill of cost untimely.

**TRIDENT DID NOT COMPLY WITH THE LOCAL RULES**

The procedure for objection to Gulf's bill of cost is set forth in the Northern District Local Rule 54-2(a):

> Within 10 days after service by any party of its bill for taxable costs, the party against whom costs are claimed must serve and file any specific objections to any item of costs claimed in the bill, succinctly setting forth the grounds for each objection.

Trident never objected, let alone established, that the costs submitted were unnecessary or unreasonable. *See,* Makin Decl. ¶ 4. Had Trident complied with the local rule and filed its objections, the clerk could have taken the objections in consideration and resolved any disagreements without burdening the Court with this motion.

**PRIVATE PROCESS SERVER COSTS ARE TAXABLE**

Trident cites to case law outside of the Ninth Circuit to assert that private process server costs "have been specifically disclaimed under 28 USC sect. 1920." This is not the law in the Ninth Circuit. In *Alflex Corporation v. Underwriters Laboratories, Inc.* the appeals court explicitly held that "private process servers' fees are properly taxed as costs." 914 F.2d 175, 178 (9th Cir. 1990). Section 1920(1) allows "[f]ees of the clerk and marshal" to be taxed as costs. In making marshal's fees taxable as costs in section 1920(1), "we believe Congress exhibited an intent to make service of process a taxable item." *Alflex Corporation, supra,* 914 F.2d at 178 (stating that now that the marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1)).

The process server fees Trident alleges as excessive were necessary. After the case was removed from state to federal court, Gulf's notice of removal and first motion were personally filed with the Court because an e-file account did not exist for the case at that time. Gulf e-filed all pleadings and documents after the clerk opened an e-account for the case. Therefore, the process server fees were reasonable and necessary, and, in the Ninth Circuit, are recoverable.

## CONCLUSION

For all of the foregoing reasons, Trident's motion should be dismissed and Gulf should be granted the costs as entered bu the clerk.

Dated: April 5, 2005

GREENAN, PEFFER, SALLANDER & LALLY LLP
John P. Makin
Ciprian Dogaru

By: /S/ Ciprian Dogaru

Attorneys for Defendants
GULF INSURANCE GROUP and
GULF UNDERWRITERS
INSURANCE COMPANY