Apple Inc. v. Psystar Corporation Doc. 2784

MURIEL B. KAPLAN, ESQ. (Bar No. 124607)
MICHELE R. STAFFORD, ESQ. (Bar No. 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94l05
Telephone: (4l5) 882-7900

Attorneys for Plaintiffs,
BAY AREA PAINTERS AND TAPERS
PENSION FUND, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS BENEFICIAL AND HOLIDAY FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; FRED INMAN, AND DAVID AYALA AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;<br><br>Plaintiffs,<br><br>v.<br><br>STOCKHAM CONSTRUCTION, INC.,<br><br>Defendant. | CASE NO.: C 05-1410 JL<br><br>**COMPLAINT** |

Parties

1. The Bay Area Painters and Tapers Pension Fund("Pension Fund"), the Bay Area Painters and Tapers Health Fund ("Health Fund"), The Bay Area Painters and Tapers Beneficial and Holiday Fund (“Holiday Fund”), and the Bay Area Painters and Tapers Apprenticeship Training Fund ("Apprenticeship Fund")are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Boards of Trustees



Dockets.Justia.com

of those Funds are the Funds' named fiduciaries under ERISA § 402(a), 29 U.S.C. § 1002(a). Fred Inman is a Chairman and David Ayala is the Secretary of the Joint Boards of Trustees of the Plaintiff Funds and are fiduciaries of Those Funds.

2. District Council 16 of the International Union of Painters and Allied Trades, ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3. Stockham Construction, Inc. is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). Harriet Anderson, individually, is a personal guarantor for the corporation.

4. The Pension Fund, Health Fund, Beneficial and Holiday Fund, Apprenticeship Funds, and their fiduciaries are herein referred to as "ERISA Plaintiffs."

Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization. Jurisdiction is proper in this District in that the Plaintiff union maintains its principal office in this District and its authorized officers and agents are engaged in representing or acting for its employee members in this District.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, Supplemental Jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

//

Venue

8. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiff funds, and dues, were administered during the period claimed herein, and where defendant therefore failed to fulfill its statutory and contractual obligations to the plaintiffs.

Bargaining Agreement

11. The Union and defendant entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues. That agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs are third party beneficiaries of that Bargaining Agreement.

12. Plaintiffs Board of Trustees are the assignees of monies due under the Bargaining Agreement for the Work Preservation Fund, a California non-profit organization; for the Labor Management Cooperation Initiative, and for the Administrative Fund (the "Funds").

13. Under the terms of said Bargaining Agreement and of the governing documents of the Plaintiff Plans which documents are incorporated into the Bargaining Agreement and made binding on defendant, defendant was required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, and to the Union for union dues, certain sums of money, the amounts of which are determined by the hours worked by employees of defendant, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendant agreed to pay

liquidated damages for each delinquent payment, together with interest on unpaid contributions at the rates set by the Bargaining Agreement from the day immediately following the date that each such payment became due, all as more fully set forth in said Bargaining Agreement.

## Facts

14. Defendant had failed to make any payment of contributions owing to the plaintiffs under the Bargaining Agreement for hours worked during the period from November, 2003 through May, 2004. In addition, Defendant failed to make timely payments of contributions for the months of May, July and October, 2003. Liquidated damages in the amount of 10% are owed by defendant in accordance with the terms of the Bargaining Agreement and/or ERISA for all late or unpaid contribution payments.

15. Plaintiffs became aware of defendant's delinquency and the accrual of liquidated damages due to the ERISA Plaintiff Funds and the Union. Defendant agreed to make monthly payments to satisfy the debt. Defendant did proceed to make the agreed upon payments as required, however, has now defaulted on its obligation. In addition to defaulting on the monthly payment obligation relative to past due amounts, defendant has also become delinquent in contributions again, for the months of January and February, 2005. Despite being provided with notice of its default, defendant has not made the required payments.

16. Defendant has a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments and refusing to make those payments has violated the law.

17. Defendant has a contractual duty under the Bargaining Agreement to timely make the required contributions, liquidated damages and interest to the Plaintiff ERISA Funds and to timely make the required payment of union dues to the Union, and by failing to make such timely payments has breached said duty.

18. Defendant's failure and refusal to timely submit the aforesaid payments was at all times, and still is, willful. Defendant's obligations pursuant to the Bargaining Agreement are continuing obligations; defendant continues to breach said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the Plaintiff Funds and the Union. Plaintiffs are

informed and believe, and therefore allege, that defendant will continue to willfully refuse to make said payments unless ordered by this Court to make the payments. Defendant's failure to timely make such payments in compliance with the Bargaining Agreement, has reduced the corpus of the Plaintiff Funds and operating ability of the Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to all Plaintiffs Funds and to the Union.

19. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless defendant is ordered specifically to perform all obligations required on defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against defendant as follows:

a. For unpaid contributions for hours worked as identified in detail above;

(1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

(2) To the Union in accordance with the Bargaining Agreement.

b. Liquidated damages on late paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of the Plaintiff Funds and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)( c), 29 U.S.C. Section 1132(g)(2©).

c. Interest on late paid and unpaid contributions and due, together with liquidated damages in accordance with and at the rate set by the Bargaining Agreement, the governing documents of the Plaintiff Funds and the ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues or where otherwise appropriate.

2. For any additional contributions and dues payable to plaintiffs at time of judgment,

plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the Plaintiff Funds, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

3. ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); reasonable attorneys' fees and costs in accordance with the Bargaining Agreement and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

4. For an order enjoining defendant from violating the terms of the Bargaining Agreement and the governing documents referred to therein.

5. That the Court retain jurisdiction of this case pending compliance with its orders.

6. For such other and further relief as the Court may deem just and proper.

Dated: April 6, 2005

SALTZMAN & JOHNSON LAW CORPORATION

By: ______________/s/______________
Michele R. Stafford
Attorneys for Plaintiffs