Apple Inc. v. Psystar Corporation Doc. 2834

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
A. William Urquhart (Bar No. 140966)
J.D. Horton (Bar No. 192836)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant
RFH, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS and CITY PARTNERSHIPS CO.,<br><br>Plaintiffs,<br><br>vs.<br><br>TEXTAINER EQUIPMENT INCOME FUND II, L.P., et al.<br><br>Defendants. | Case No. C 05 0969 (MMC)<br><br>JOINT MOTION FOR ADMINISTRATIVE RELIEF AND ~~[PROPOSED]~~ ORDER TO CONSOLIDATE AND SET SCHEDULE PURSUANT TO THIS COURT'S MODEL STIPULATION AND PROPOSED ORDER FOR SECURITIES FRAUD CLASS ACTIONS |

Defendants, through their respective counsel and pursuant to Civil L.R. 7-12, hereby bring this motion for administrative relief to consolidate *Gordon v. Textainer Financial Services*, et al., Case No. 05-01146 (MMC) and *Lewis, et al. v. Textainer Financial Services, et al.*, Case No. 05-0969 (MMC) and to set a schedule pursuant to this Court's Model Stipulation and Proposed Order for Securities Fraud Class Actions.

On April 7, 2005, counsel for plaintiff Alan P. Gordon, Trustee of the Gordon Family Trust (hereinafter "plaintiff Gordon") filed a Motion for Administrative Relief to Determine Whether Cases Should Be Deemed Related ("Motion to Deem Related"). Declaration of J.D. Horton dated April 19, 2005 ("Horton Decl."), Ex. A. In that motion, plaintiff Gordon informed the Court that he had entered negotiations with all parties in compliance with Civil L.R. 7-11.



Dockets.Justia.com

However, as plaintiff Gordon's motion sets forth, at that time no stipulated agreement had been reached with all parties to set a schedule in this action because counsel for Lewis plaintiffs, Gwendolyn Giblin, failed to take any position on the proposed stipulation. Motion to Deem Related at 2:17-26; Horton Decl., Ex. A.

Thereafter, Ms. Giblin informed the undersigned that she would agree to the stipulation if certain changes were made. The undersigned counsel agreed to the requested changes, so informed Ms. Giblin, and circulated the Stipulation for signatures. On April 14, 2005, an agreement was reached by all parties, including Lewis plaintiffs, stipulating to consolidate the cases and to set schedule of events. See e-mail from counsel for plaintiff Gordon to counsel for all parties, dated April 15, 2005; Horton Decl., Ex. B; see also Stipulation and Proposed Consolidation Order; Horton Decl., Ex. C.

During the course of the parties' negotiation of the consolidation stipulation, this Court granted plaintiff Gordon's Motion to Deem Related. Order of April 14, 2005; Horton Decl., Ex. D. Subsequently, counsel for Lewis plaintiffs took the position that this order abrogated the need for a "full-blown" consolidation order and stated that a stipulation for consolidation only should be entered, i.e., without providing for any matter other than a bare consolidation. E-mail from counsel for Lewis plaintiffs to counsel for plaintiff Gordon, dated April 15, 2005; Horton Decl., Ex. E. Ms. Giblin further took the position that the schedule could adequately be negotiated by lead plaintiffs' counsel once lead plaintiffs' counsel was appointed. Id.; Horton Decl., Ex. E. Counsel for plaintiff Lewis subsequently failed to respond to requests by counsel for plaintiff Gordon to enter the consolidation and scheduling stipulation as was agreed to only the day before. Horton Decl., Par. 5.

Defendants believe that consolidation of the two actions and adherence to the proposed schedule set forth in the attached stipulation would best serve judicial efficiency in this action. Rather than attempting to set a schedule piece-meal at a future date with lead plaintiffs' counsel—after such a determination is made by this Court—a schedule that all parties had previously agreed to could be entered by the Court at the outset, thus simplifying the administration of this case. Given the parties' previous agreement on this schedule, it would be a pointless expenditure

of the parties' money and this Court's resources to require the parties to now renegotiate these terms—and seek this Court's intervention, if necessary--at an undetermined time with lead plaintiffs' counsel that has yet to be determined. Worse, absent such an Order, Defendants will be forced to respond to two different complaints and the Court may be forced to address two Motions to Dismiss.

Ms. Giblin's reluctance to go forward with the previously agreed-upon stipulation may be born of a concern over positioning for lead counsel role in a consolidated case. Indeed, her desire that lead plaintiffs' counsel be granted liberty to deviate from the model stipulation is provided for in the stipulation itself. See, e.g., Stipulation and Proposed Consolidation Order, Para. 13-14 (providing that dates were set "unless otherwise agreed upon by the parties"); Horton Decl., Ex. C. If this is the case, defendants should not be placed in such a position because of any internecine concerns among plaintiffs' counsel in the two cases.

Defendants therefore respectfully request that the Court enter an order consolidating these cases and setting the schedule previously agreed to by all parties.

Dated: April 20, 2005

Respectfully submitted,

CLAUSEN LAW GROUP and
JACOBS LAW FIRM

By: /s Terry M. Gordon
TERRY M. GORDON
Attorneys for Textainer Defendants and
John A. Maccarone

JOHN G. JACOBS
JACOBS LAW FIRM
Attorneys for Textainer Defendants and
John A. Maccarone

QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP

By: /s J.D. Horton
J.D. HORTON
Attorneys for RFH, Ltd.

0649669.doc

## ORDER

Having considered defendants' Joint Motion for Administrative Relief and [Proposed] Order to Consolidate and Set Schedule Pursuant to This Court's Model Stipulation and Proposed Order for Securities Fraud Class Actions and finding good cause therefor,

IT IS HEREBY ORDERED, that:

1. Pursuant to Fed. R. Civ. P. 42(a), *Gordon v. Textainer Financial Services*, et al., Case No. 05-01146 (MMC) and *Lewis, et al. v. Textainer Financial Services, et al.,* Case No. 05-0969 (MMC are hereby consolidated into Civil Action No. C 05-00969 MMC for pretrial proceedings before this Court. The consolidated action shall be captioned: "In re Textainer Partnership Securities Litigation.;".

2. All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into Civil Action No. C 05-00969 MMC for pretrial purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is mailed to the party's counsel, pursuant to Paragraph 8, *infra.*

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

## MASTER DOCKET AND CAPTION

4. The docket in Civil Action No. C 05-00969 MMC shall constitute the Master Docket for the consolidated action.

5. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: TEXTAINER PARTNERSHIP SECURITIES LITIGATION | ) | Master File No. C 05-00969 MCC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | |
| | ) | |
| | ) | |

6. The file in Civil Action No. C 05-00969 MMC shall constitute a Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No. C-05-0969 MMC (Lewis)").

7. The parties shall file a Motion for Administrative Relief to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

(a) place a copy of this Order in the separate file for such action;

(b) serve on plaintiff's counsel in the new case a copy of this Order;

(c) direct that this Order be served upon defendants in the new case; and

(d) make the appropriate entry in the Master Docket.

8. After the Court has designated a Lead Plaintiff, pursuant to 15 U.S.C.§ 78u-4(a)(3)(B), the Lead Plaintiff shall designate a law firm or firms to serve as Lead Plaintiff's Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Plaintiff's Counsel shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead Plaintiff's

Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. Lead Plaintiff's Counsel shall be responsible for communications with the Court. Lead Plaintiff's Counsel shall maintain a master service list of all parties and counsel.

9. Defendants' counsel may rely upon agreements made with Lead Plaintiff's Counsel. Such agreements shall be binding on all plaintiffs.

10. Any counsel of record for a party in this action who is not a member of the Bar of this District is hereby admitted to practice *pro hac vice* in this action.

11. Defendants are not required to respond to the complaint in any action consolidated into this action, other than a consolidated complaint or a complaint designated as the operative complaint.

12. Lead Plaintiff shall file a consolidated complaint within thirty (30) days after filing of the order designating the Lead Plaintiff, unless otherwise agreed upon by the parties. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

13. Defendants shall respond to the consolidated complaint within thirty (30) days after service, unless otherwise agreed upon by the parties. If defendants file any motions directed at the consolidated complaint, the opposition and reply briefs shall be filed within thirty days and forty-five days, respectively, of that response, unless otherwise agreed upon by the parties.

14. The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by first-class mail, unless otherwise agreed upon by the parties.

15. Plaintiffs shall file a motion for class certification within thirty (30) days after service of the consolidated complaint unless otherwise agreed by the parties. Counsel shall propose to the Court a mutually agreeable schedule for class certification discovery and for briefing and hearing of such motion.

16. The following definitions shall presumptively apply in all discovery issued in this action:

(a) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(b) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(c) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d) Identify (with respect to documents). When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(e) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(f) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(g) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

17. The following rules of construction apply to all discovery requests:

(a) All/Each. The terms "all" and "each" shall be construed as all and each.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

18. Counsel for the parties shall notify their clients of their document preservation obligations pursuant to the federal securities laws and the Local Rules.

Dated: April 22, 2005




MAXINE M. CHESNEY
U.S. District Court Judge

0649669.doc