Apple Inc. v. Psystar Corporation Doc. 2841

KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

JEFFREY R. FINIGAN (CSBN 168285)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7232
Facsimile: (415) 436-7234
Email: jeffrey.finigan@usdoj.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HORACE PILLOR,<br><br>Defendant. | No. CR 05-00147 SI<br><br>**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE MANDATORY PRESUMPTION FROM 18 U.S.C. § 288**<br><br>Date: May 6, 2005<br>Time: 11:00 a.m.<br>Judge: Hon. Susan Illston |

## I. INTRODUCTION

The United States opposes defendant's Motion to Strike ("Motion") to the extent it seeks an order to "strike that provision from the statute." Motion 5. While the United States agrees that the presumption at issue can not be mandatory, the defense Motion goes too far in seeking to completely strike it from the statute. The presumption is a permissible one that the jury can be appropriately instructed on.

///

///

///



Dockets.Justia.com

## II. THE REBUTTABLE PRESUMPTION CONTAINED WITHIN 18 U.S.C. § 228(b) IS A LAWFUL PERMISSIBLE PRESUMPTION THAT MAY PROPERLY BE MADE BY THE JURY.

Although the legislative history of the Child Support Recovery Act ("CSRA") specifically states that ability to pay is not an element of the crime, Congress recognized that some proof of the obligor's ability to pay contributes to a showing of willful failure to pay the child support obligation. In June 1998, the Deadbeat Parents Punishment Act was passed, which included a rebuttable presumption on this point. The new Subsection 228(b) states that "[t]he existence of a support obligation that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period." 18 U.S.C. § 228(b).

Presumptions that relieve the government from proving an *element* of the crime violate the Due Process Clause. *Sandstrom v. Montana*, 442 U.S. 510 (1979). Such mandatory presumptions, even if rebuttable, impermissibly shift the burden of proof on the element of the offense onto the defendant. *Francis v. Franklin*, 471 U.S. 307 (1985). A permissive presumption, by contrast, "merely allows an inference to be drawn and is constitutional so long as the inference would not be irrational." *Yates v. Evatt*, 500 U.S. 391, 401 fn. 7 (1991). In enacting the Deadbeat Parents Punishment Act, Congress discussed the rebuttable presumption as it related to proof of the element of "willfulness." As the section-by-section analysis explained:

> Proposed section 228(b) ... states that the existence of a support obligation in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that period. Although "ability to pay" **<u>is not an element of the offense</u>**, a demonstration of the obligor's ability to pay contributes to a showing of willful failure to pay the known obligation. The presumption in favor of ability to pay is needed because proof that the obligor is earning or acquiring income or assets is difficult. Child support offenders are notorious for hiding assets and failing to document earnings. A presumption of ability to pay, based on the existence of a support obligation determined under state law, is useful in the jury's determination of whether the nonpayment was willful. An offender who lacks the ability to pay a support obligation due to legitimate, changed circumstances occurring after the issuance of a support order has state civil means available to reduce the support obligation and thereby avoid violation of the federal criminal statute in the first instance. In addition, the presumption of ability to pay set forth in the bill is rebuttable, a defendant can put forth evidence of his or her inability to pay.

143 Cong. Rec. S12667-01, S12667-68 (daily ed. Nov. 13, 1997)(emphasis added).

Thus, as stated in the foregoing analysis, the presumption does not violate the above-cited precedent defining an unconstitutional presumption because it does not require the jury or trier of fact to presume an element of the offense. Rather, it permits the jury, or trier of fact, to presume a *fact*, that the defendant had the ability to pay, in its determination of whether the government had proven the element of willfulness. This is where the authority cited by the defense errs, i.e. the district court in *Grigsby* incorrectly concluded that "§ 228(b) shifts the burden of persuasion to the defendant with respect to an element of the offense." *United States v. Grigsby*, 85 F.Supp.2d 100, 106 (D.R.I. 2000)(emphasis added). Ability to pay is not an element of the offense. The *Grigsby* court also erroneously found that the section "requires the defendant to convince the jury that he does not have the ability to pay the support obligation." *Id.* There is no such shift in the burden of proof, as the jury is not required to infer the elemental fact.

Therefore, it is suggested that the jury should be instructed that: (1) the presumption is related to a fact, not an element; (2) this fact may be rebutted by the defense; and (3) the presumption is permissive only, and does not require the jury to infer the relevant fact.

## III. SPEEDY TRIAL ACT IMPLICATIONS

The defendant made his initial appearance on the indictment on March 11, 2005. The defendant next appeared before this Court on March 18, 2005. Time has been excluded since March 18, 2005 pursuant to stipulation and order as well as by virtue of the filing of the defendants motions on April 6, 2005. *See* 18 U.S.C. § 3161(h)(8)(b)(iv) and (h)(1)(F). Time will continue to be excluded through the conclusion of the hearing on, or other prompt disposition of, the motions. No time was excluded between March 11 and 18, thus 6 days have elapsed on the speedy trial clock and 64 will remain from the date of disposition of the motions.

## IV. CONCLUSION

The United States respectfully requests that the Court deny the Motion to Strike while recognizing that the appropriate interpretation of the presumption at issue is that it is not mandatory. With respect to the defense request for referral to a settlement conference judge, it is

///

///

unclear how that is relevant to the disposition of the motion, but the United States does not concur with the request.

DATED: April 22, 2005

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

_____________/S/__________________
JEFFREY R. FINIGAN
Assistant United States Attorney