FRAMROZE M. VIRJEE (S.B. #120401)
CHRIS A. HOLLINGER (S.B. #147637)
DAVID L. HERRON (S.B. #158881)
O'MELVENY & MYERS LLP
275 Battery Street, 26th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984.8700
Facsimile: (415) 984.8701

Attorneys for Defendant
Citicorp Investment Services

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| DOUGLAS FRAZIER,<br><br>individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CITICORP INVESTMENT SERVICES, INC., DOES 1-25 inclusive,<br><br>Defendant. | Case No. CGC05-438782<br><br>**DEFENDANT CITICORP INVESTMENT SERVICES' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |

**EXHIBIT B**



Dockets.Justia.com

Defendant Citicorp Investment Services ("CIS"), incorrectly identified in the complaint as "Citicorp Investment Services, Inc.," for itself alone and for no other defendant, answers the unverified complaint herein (the "Complaint") as follows:

Pursuant to California Civil Procedure Code § 431.30, CIS denies each and every, all and singular, allegations of the Complaint, and also denies that plaintiff Douglas Frazier ("Plaintiff"), or any member of any class defined in the Complaint, was damaged in the sum or sums alleged or in any sum at all. CIS also denies that any of the claims alleged by Plaintiff in the Complaint properly may be adjudicated on a class-action basis.

AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFF ON HIS OWN BEHALF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF THE PURPORTED CLASS DEFINED IN THE COMPLAINT, CIS ALLEGES AS FOLLOWS:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, fail to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, may not be litigated in court because those claims are subject to mandatory, final and binding arbitration. Accordingly, this Court lacks jurisdiction over this action.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including without limitation, the statute of limitations

for claims under California Business & Professions Code § 17208, the limitations periods prescribed in or pertaining to New York Labor Law § 198, and California Civil Procedure Code §§ 338 and 340.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, cannot and should not be maintained on a class-action basis because those claims, and each of them, fail to meet the necessary requirements for class certification including, *inter alia*, typicality and commonality, because the Complaint purports to invoke the separate and distinct laws of different states.

**FIFTH AFFIRMATIVE DEFENSE**

Under the circumstances of this case, certification of a class action would violate CIS' rights under the United States Constitution and the California Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

Under the circumstances of case, certification of a class action would be improper because Plaintiff is not an adequate or appropriate representative of the purported class defined in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, are barred in whole or in part because Plaintiff lacks standing.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not an individual entitled to the protection of the New York wage/hour laws invoked in his Complaint and, therefore, neither Plaintiff nor any putative member of the purported class defined in the Complaint is entitled to relief under some or all of those New York laws.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's third cause of action, brought on behalf of himself and the putative members of the purported class defined in the Complaint, is barred in whole or in part because the alleged fines and/or deductions at issue were authorized in writing or otherwise by the employee(s) in question, and did not amount to a rebate or deduction

from the standard wage under a wage agreement or statute within the meaning of California law, and/or the alleged deductions were otherwise authorized by the California Labor Code, the California Industrial Welfare Commission's Wage Orders, or other applicable California law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, are barred in whole or in part because the "deductions" alleged were part of potential commission calculations made prior to payment of wages and, therefore, did not constitute deductions from wages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any finding of liability pursuant to the California Business & Professions Code would violate the Due Process Clauses of the United States and California Constitutions because, *inter alia*, the standards of liability under the Business & Professions Code are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**TWELFTH AFFIRMATIVE DEFENSE**

Any award of restitution under the California Business & Professions Code would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiff and the putative class members are estopped by their own conduct to claim any right to damages or other monetary relief from CIS.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by

Plaintiff's and the putative class members' unclean hands and/or inequitable or wrongful conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Injunctive relief is barred because Plaintiff's claims, and the claims of the putative members of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Injunctive relief is barred because Plaintiff, and the putative members of the purported class defined in the Complaint, have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because CIS has at all times acted in good faith, in conformity with and in reliance on statute, common law and the written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of governmental agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with applicable wage and hour laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because those claims have been released by the employee(s) in question.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

If any damages have been sustained by Plaintiff, or by any putative members of the purported class defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, CIS is entitled under the equitable doctrine of setoff and recoupment to offset all obligations owed by the Plaintiff or putative class members to CIS against any judgment that may be entered against CIS.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Any failure of CIS to perform the conditions of any alleged contract of employment between CIS and the Plaintiff and/or putative members of the purported class defined in the Complaint was excused by Plaintiff's and/or putative class members' breach of the terms and conditions of the contract.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Any failure of CIS to perform the conditions of any alleged contract of employment resulted from plaintiff's and/or putative class members' failure to perform their obligations under such contract, and such performance by Plaintiff, and/or putative class members, was a condition precedent to or concurrent with performance by CIS.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action for conversion fails because Plaintiff has not pled the misappropriation of, and CIS has not misappropriated, specifically-identified property.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action, and each of them, brought on behalf of himself and the putative members of the purported class defined in the Complaint, fail to state facts sufficient to constitute a claim or prayer for punitive damages.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to have equitable issues or matters of law tried to a jury, and Plaintiff's demand for a jury trial (if any) should be so limited.

WHEREFORE, Defendant Citicorp Investment Services prays as follows:

1. That the Complaint and each cause of action therein be dismissed with prejudice;

2. That Plaintiff take nothing by way of the Complaint;

3. That CIS be awarded its costs of suit and attorney's fees herein; and

4. That the Court order such other and further relief for CIS as the Court may deem just and proper.

Dated: March 24 , 2005.

O'MELVENY & MYERS LLP
FRAMROZE M. VIRJEE
CHRIS A. HOLLINGER
DAVID L. HERRON

By: [signature]
Chris A. Hollinger
Attorneys for Defendant
Citicorp Investment Services

LA3:1090645.2

## PROOF OF SERVICE BY MAIL

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 275 Battery Street, 26th Floor, San Francisco, CA 94111-3306. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On March 24, 2005 I served the following:

**DEFENDANT CITICORP INVESTMENT SERVICES' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid, and placing the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Cliff Palesky
Keith Ehrman
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133

Michael Rubin
Peder J. V. Thoreen
Altshuler, Berzon, Nussbaum
177 Post Street, Suite 300
San Francisco, CA 94108

Executed this 23rd day of March 2005, at San Francisco, California..

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Hector Pazos