Apple Inc. v. Psystar Corporation

Doc. 2849 Att. 2

# CITICORP INVESTMENT SERVICES

## REGISTERED REPRESENTATIVE AGREEMENT

Citicorp Investment Services is a member NASD/SIPC

Headquarters: One Court Square, 24th Floor
Long Island City, NY 11120

Revised 01/03/02

**EXHIBIT C**

Dockets.Justia.com

# CITICORP INVESTMENT SERVICES
# REGISTERED REPRESENTATIVE AGREEMENT

This Registered Representative Agreement (the "Agreement") is entered into by and between, you and Citicorp Investment Services ("CIS"), an affiliate of Citibank, N.A., Citibank, F.S.B. (collectively "Citibank") and a member of Citigroup, Inc.

It is your desire to be employed with CIS. In exchange for good and valuable consideration provided by CIS, the adequacy, sufficiency and receipt of which is acknowledged by you and which may include: employing you; training you; compensating you as described herein; carrying your securities license(s); licensing you with various states; providing you with office facilities; providing you with sales and marketing support; allowing you access to confidential and proprietary documents and information belonging to CIS and its affiliates; and transferring existing CIS accounts to you and/or providing you the opportunity to do business with customers of CIS and its affiliates, you agree as follows:

## 1. COMPLIANCE AND DISCIPLINARY REVIEW

a. You agree that you will comply with all applicable laws and the rules of all federal, state, and local governmental and regulatory agencies as well as those of any self regulatory organizations of which CIS is a member, including but not limited to, the National Association of Securities Dealers, Inc. ("NASD").

b. You further agree that you have received and will read the CIS Compliance Manual. By signing this Agreement, you agree that you are bound by, and will comply with, all of the policies and procedures that are contained therein, as they are amended and/or supplemented from time to time.

c. You further agree that you will comply with all applicable banking laws and regulations since CIS is wholly owned by a national bank. These laws and regulations include those that relate to books and records, solicitation of bank customers, and non-deposit investment activity performed on bank premises. You further agree that your obligation to comply with these laws and regulations will continue in the event that CIS is no longer owned by a bank.

d. You further agree that, if it reasonably appears that you have failed to comply with any of the rules and regulations referenced in this section, both external and internal, CIS may review your conduct with respect to the procedures described in the CIS Compliance Manual. Such a review could include referring the matter to the CIS Legal and/or Compliance Departments. Failing to comply with any of the rules or regulations referenced in this section could lead to additional disciplinary action up to and including termination.

2. SERVICES & LIMITATIONS

a. You agree to offer only such financial investments and services as CIS may authorize you to offer, including opening CIS brokerage accounts and taking securities brokerage orders for investments provided by or through CIS. You further agree to follow all CIS investment policies, which may change from time to time, including only recommending those investments, which are approved by CIS.

b. You further agree that you have no authority or power to bind or obligate CIS to any contract or other obligation. As such, you will not attempt, in any way, to do so nor will you hold yourself out or represent yourself to any customer or third party as having such power or authority.

3. PERFORMANCE/DUTY OF LOYALTY & GOOD FAITH

a. You agree to devote all of your time and efforts to the performance of your duties as an employee of CIS. You also agree that you are not now, nor will be, concerned or connected with any other business pursuit or outside business affiliation whatsoever, without the prior written consent of the CIS Compliance Department.

b. During your employment with CIS, you further agree that you owe CIS a duty of loyalty and good faith. As such, you agree that you will not, directly or indirectly, act for the benefit of any person, firm or corporation, other than CIS; or be employed by any other broker/dealer in any capacity. You also agree that you will not, either individually or in conjunction with any person, firm or corporation, violate or breach the terms of this Agreement.

c. You further agree that, during your employment and after, you will reasonably cooperate with CIS with respect to all customer complaints, investigations, arbitrations, litigations, mediations and regulatory matters for which CIS requests your assistance.

4. TERM & TERMINATION

a. Your employment shall commence as of your hire date with CIS and will terminate on the earliest of the following:

   1. your death, your permanent disability resulting in your inability to perform the essential functions of your position, or your adjudication of incompetancy; or

   2. you resign or your employment with CIS is terminated.

This term shall not apply to Sections 6, 7, 8, 9, and 10 regarding your post-employment obligations, which shall survive your termination, and any other sections and subsections, which, by their sense and context, are intended to survive the termination of this Agreement.

b. Nothing in this Agreement shall be construed as a promise of employment for a fixed term; you are an employee at will. CIS is free to terminate your employment for cause or no cause, at any time. You are free to resign for any reason or no reason, at any time.

## 5. COMPENSATION

a. For as long as you remain employed by CIS, CIS agrees to pay you in accordance with its compensation program for Registered Representatives as is in effect from time to time and which may be altered, changed or rescinded, without notice to you, at the discretion of CIS.

b. Your entitlement to any compensation, including but not limited to, advance commission payouts, bonuses or your vesting in any other type of benefit shall be determined in accordance with CIS' policies in effect at the time of your termination and/or with any other agreements you may have signed. You also agree that you shall have no right or interest in any revenue generated at CIS from any customer whose account you serviced, after your termination with CIS, regardless of whether your termination was voluntary or for cause.

c. You further agree to repay any amounts due and owing by you to CIS, upon demand. These can include, but are not limited to, amounts owed under any advance commission agreement; non-forgivable or accountable draws; and any other type loan or advance that CIS has made to you. Within 10 business days of your notification of the amount owed by you to CIS under this Agreement, you will tender payment, in the lawful money of the United States of America, to CIS during its regular business hours at CIS's office at One Court Square, Long Island City, NY 11120. In the event of your default, CIS, without notice to you, shall have the right, to the extent permissible under New York law, to withhold any amounts owed to you including any salary, commissions or any other type of compensation, bonus or award for any amounts owed under this Agreement. In addition, to the extent permissible under New York law, CIS shall have a lien, immediately reducible to cash, on any brokerage or bank account(s) in the name of the undersigned, whether singly, jointly or on which your name appears, that are maintained with CIS, Citibank, N.A. or Citibank F.S.B. To that end, you agree that you will not make any attempts to transfer any account maintained by you, either singly or jointly. Finally, you agree that you will remain liable for any unpaid portion owed under this Agreement and that your liability hereunder shall be binding upon your estate, heirs, successors and assigns.

## 6. CONFIDENTIAL AND PROPRIETARY RECORDS & INFORMATION

a. You understand that, during your employment with CIS, you will be allowed access to CIS' records and the information contained therein as well as the records and information of CIS' affiliates, including Citibank (the "CIS Information"). The CIS Information, which is not generally known to the public or unaffiliated third parties, is to be used for the sole purpose of conducting business on behalf of CIS.

b. The CIS Information includes, but is not limited to:

   1. documents/information about customers or customer leads, including names, addresses, telephone numbers, social security numbers; financial information, account transaction information, and information regarding customers' bank accounts;

   2. documents/information about marketing, sales, products and investment research; and

   3. documents/information about persons associated or employed by CIS or its affiliates including personnel files, performance evaluations, and compensation information.

c. The CIS Information also includes the documents/information of Citibank or any other CIS affiliate which were made available to you in the course of performing your duties when you were employed by Citibank or any other CIS affiliate before you became employed as a CIS Registered Representative.

d. All CIS Information, whether in original, duplicated, computerized, electronic, memorialized, handwritten or in any form, is confidential and proprietary, and is the sole and exclusive property of CIS and/or its affiliates. The CIS Information is entrusted to you while employed by CIS. You agree that you will not use the CIS Information or remove it from your office, except for the sole purpose of conducting business on behalf of CIS or its affiliates.

e. You acknowledge and agree that the CIS Information is extremely valuable to CIS and CIS takes all reasonable measures to maintain its confidentiality and to guard its secrecy. The CIS Information is developed and acquired by great expenditures of time, effort and money. The CIS Information is unique and cannot be lawfully duplicated or easily acquired. Therefore, you agree that the records and information that make up the CIS Information are the property of CIS and are deserving of trade secret status and protection.

f. You further agree that you will not divulge or disclose the CIS Information to any third party. Furthermore, you will not reveal to, or permit the CIS Information to become known to, any competitor of CIS either while you are employed with CIS or at any time thereafter.

g. You further agree that, upon your termination with CIS for any reason, whether voluntary or for cause, you will return all CIS Information in your possession. This includes CIS Information maintained in its original, duplicate, derivative, computerized and/or electronic form. This also includes any such information maintained in any other form including, but not limited to, Rolodexes, computer and/or electronic databases and/or programs, and privately maintained lists created by you or someone acting on your behalf.

h. You further agree to comply fully with the principles contained in the Citigroup Privacy Promise, attached hereto as Exhibit A and as may be amended from time to time, in dealing with all of the CIS Information you receive and in providing services to customers and recognize that violations of the same may violate federal banking laws.

i. You further agree that this Agreement does not terminate, supercede or otherwise negate your responsibility to comply with any other confidentiality agreement you signed with CIS and its affiliates, including Citibank.

j. You further agree that Citibank and any other CIS affiliate are third party beneficiaries under this Agreement and may take action against you to enforce their respective rights.

7. NON-SOLICITATION OF CUSTOMERS

a. Upon the termination of your employment with CIS, whether voluntary or for cause, you agree that, for a period of one year following your termination, you will not solicit, either directly or indirectly, individually or in concert with a third party, any customer of CIS or its affiliates, including Citibank, whose account you served or whose name you learned of during your employment with CIS or Citibank in any office or in any manner (the "Covered Customers"). The Covered Customers include customers of CIS whose accounts you specifically opened or were reassigned to you while you were employed by CIS. The Covered Customers also include customers of Citibank whose accounts were serviced by you or were reassigned to you and/or whose names you learned of, while you were employed by Citibank and before you became a CIS Registered Representative.

b. Your agreement to "not solicit" means that, for one year following your termination, you will not initiate any contact or communication of any kind including but not limited by, by mail, by telephone, by personal meeting, by e-

mail or by any other means, for the purpose of inviting, encouraging or requesting any customer of CIS or its affiliates, including Citibank, to:

1. transfer an account from CIS to you or any third party;
2. open a new account with you or any third party; or
3. surrender, redeem or terminate any product, service or relationship with CIS.

c. The provision of this section shall not prohibit you from soliciting or doing business with customers who are your immediate family members and relatives or any customer with whom you had an existing business relationship prior to your employment with CIS or any of its affiliates, including Citibank.

## 8. NON-SOLICITATION OF CIS REPRESENTATIVES

While you are employed by CIS and for a period of one year after your termination, whether voluntary or for cause, you agree that you will not engage in conduct, either individually or in concert with a third party, which, directly or indirectly, causes or attempts to cause any other CIS representatives, including but not limited to registered representatives, registered principals, independent contractors, other employees or agents, to terminate their employment, association, representation, agency or other relationship with CIS.

## 9. INJUNCTIVE RELIEF

a. You recognize and agree that the restrictions set forth in Sections 6, 7, and 8 of this Agreement are reasonable and necessary in order to protect the legitimate interests of CIS. You further recognize and agree that CIS will suffer immediate and irreparable harm as the result of the violation of any of these restrictions and that money damages will not be adequate to compensate CIS for such violation. Therefore, in the event you breach any of the restrictions contained in Sections 6, 7 and 8, CIS will be entitled to injunctive relief and **you consent to the issuance of a Temporary Restraining Order or a Preliminary Injunction or a Permanent Injunction that orders:**

1. you to immediately return to CIS all records constituting CIS Information, as defined in Section 6, and that you be enjoined and restrained from using and/or disclosing any information contained therein; and
2. that for a period of one year, you be enjoined and restrained from soliciting any customer of CIS or its affiliates, as defined in Section 7, whom you served or whose name became known to you during your

association with CIS in any office and in any capacity and/or where CIS Information was used in violation of Section 6.

b. You further agree that the terms of this section will apply to each and every customer whose account you have serviced or whose name became known to you while you were employed by CIS, in any office and in any capacity. This includes, but is not limited to, customers who you handled because of assignments, reassignments, walk-ins, cold calls, seminars, marketing efforts, referrals from affiliates, and any other referrals. This section will not apply to those customers exempted in Section 7(c).

c. For the purposes of this section, you further agree to submit to and confer jurisdiction on the United States District Court; the State Court which has original jurisdiction for the judicial district or county in which you last worked when you were associated with CIS; or any other forum that can render injunctive relief, including the NASD. You further agree that it is entirely within the discretion of CIS as to what forum such injunctive relief is sought.

d. You further agree that, in the event you resign from CIS voluntarily, you will take no action nor let action be taken on your behalf, either in a court or any other proceeding, to interfere with or inhibit in any way the rights of CIS under this section.

e. You further agree that, after the issuance of a temporary restraining order, preliminary injunction or permanent injunction and the parties agree or are ordered to arbitrate any dispute arising out of this agreement, you and CIS will request a hearing before the NASD. Furthermore, you and CIS agree that any court order shall stay in full force and effect until a Panel of Arbitrators is constituted in accordance with the NASD rules and until said Panel issues a final decision.

## 10. ARBITRATION

Not withstanding the terms of Section 9, you agree to arbitrate any dispute, claim or controversy between yourself and CIS, its employees, agents or independent contractors that involves, in any way, your employment with CIS, pursuant to the Rules of the NASD. In matters between you and any customer of CIS, you agree to arbitrate pursuant to the Rules of the NASD or any other arbitration forum that a CIS customer is entitled to utilize according to the then current CIS Customer Agreement.

## 11. ENTIRE AGREEMENT

This agreement is the entire agreement and supercedes any prior agreements and contemporaneous oral agreements of the parties concerning its subject matter.

12. AMENDMENTS, MODIFICATIONS & SEVERABILITY

a. No amendment, modification, supplement, termination, or waiver of or to any to any provision of this agreement shall be effective unless the same shall be in writing and signed by the parties to be bound, unless otherwise allowed under the terms of this agreement.

b. In the event any provision of this agreement shall be held invalid or unenforceable by any court of competent jurisdiction, such holding shall not invalidate or render unenforceable any other provision contained herein and the agreement will be construed as if the invalid or unenforceable provision were omitted. Furthermore, any determination that a provision is deemed to be invalid or unenforceable in any jurisdiction shall not invalidate or render it unenforceable such provision in any other jurisdiction.

13. ASSIGNMENTS

CIS may assign this Agreement and the representations, responsibilities and rights contained herein or resulting herefrom and the benefits and obligations shall inure to CIS' successors and assigns. You may not assign this Agreement.

14. INDEMNIFICATION

a. You agree to indemnify and hold CIS harmless against any and all losses or liabilities incurred by CIS as a result of: your breach of any of the obligations contained herein; any errors committed by you; violation by you of any of the rules and regulations referenced in Section 4; or violation by you of any policy or rule of CIS during the course of your employment with CIS.

b. You further agree that CIS shall have the right, to the full extent allowable under New York law, and without notice to you, to withhold amounts representing such losses or liabilities from any monies payable to you, or otherwise held by CIS for you, as compensation, bonus or otherwise.

15. GOVERNING LAW

This agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York without regard to its conflict of law principles. Furthermore, the rights and remedies accorded to you and CIS shall be determined in accordance with such laws.

16. REVIEW BY YOU

By signing this Agreement, you agree that you have read this Agreement in its entirety and understand all of its terms. You further agree that you have had the opportunity to discuss this Agreement with CIS and that you have had the

opportunity to consult with an attorney of your choice. You further agree that you knowingly and freely consent to abide by the terms contained herein.

## 17. HEADING DESCRIPTIONS

The heading descriptions contained in this agreement are for convenience purposes only and shall not, in any way, affect the meaning or construction of any section or provision of this agreement.

**AGREED TO:**

| Registered Representative | Citicorp Investment Services |
|---|---|
| [signature] | by: [signature] |
| Doug Frazier | MARK HOGLIN |
| Please print or type name | Please print or type name |
| Date: 3-25-03 | Title: AREA INVESTMENT MGR. |
| | Date: 3-27-03 |