Apple Inc. v. Psystar Corporation

Doc. 2862

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN WINICK, Cal. Bar No. 160815
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

FREDRIKSON & BYRON, P.A.
DAVID MARSHALL, MN BAR NO. 184457 (admitted pro hac vice)
GREG KARPENKO, MN BAR NO. 286473 (admitted pro hac vice)
Suite 4000
200 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

***Attorneys for Plaintiff Petters Company, Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETTERS COMPANY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BLS SALES, INC.; BARRY SMITH,; CAPRI, INC., TUAN TRAN, BARRY SMITH, AND GLOBAL WIN (ASIA) LIMITED,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS | CASE NO. C 04 2160 CRB<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS** |



Dockets.Justia.com

## LETTER OF REQUEST

1. Sender

The Honorable Charles R. Breyer of the United States District Court for the Northern District of California.

2. Recipient

The Registrar of the High Court of the Special Administrative Region of Hong Kong

3. a. Person to Whom The Executed Request Is To Be Returned

The Honorable Charles R. Breyer of the United States District Court for the Northern District of California at P.O. Box 36060, 450 Golden Gate Ave. San Francisco, CA 94102-3489.

b. Specification of the date by which the requesting authority requires receipt of the response to this Letter of Request:

Date: June 1, 2005.

4. In conformity with article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

5a. Requesting Judicial Authority

The Honorable Charles R. Breyer of the United States District Court for the Northern District of California of P.O. Box 36060, 450 Golden Gate Avenue, San Francisco, CA 94102-3489.

5b. To the Competent Authority of:

Hong Kong

5c. Names of Cases and any Identifying Numbers:

Petters Company, Inc. v. BLS Sales, Inc.; Barry Smith,; Capri, Inc., Tuan Tran, Barry Smith, and Global Win (Asia) Limited, and related cross-actions, Case No. C 04 2160 CRB

6. Names and Addresses of the Parties and the Representatives

a. Plaintiff

Petters Company, Inc. (hereinafter, "Petters")

Representatives: Steven Winick, Sheppard, Mullin, Richter & Hampton LLP, Four Embarcadero Center, 17th Floor, San Francisco, California 94111; David Marshall and Gregory Karpenko, Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota 554102.

b. Defendants

Helen Dang, Tuan Tran and Capri, Inc.

Representatives: Ken Keller, Krieg, Keller, Sloan, Reilley & Roman LLP 114 Sansome Street, 4th Floor, San Francisco, CA 94104

Global Win (Asia) Limited. Registered address: Room 803 Tung Hip Comm. Bldg., 248 Des Voeux Road Central, Hong Kong. Alternate address: Singga Commercial Building, 148 Connaught Road West, Hong Kong.

Representatives: Global Win (Asia) Limited was served with Petters' Amended Complaint in the above-captioned proceeding on March 12, 2005. Global Win (Asia) Limited has not responded to the Amended Complaint. Because Global Win (Asia) Limited has not responded, Petters does not know whether Global Win (Asia) Limited is represented by legal counsel.

Barry Smith and BLS Sales, Inc.

Representatives: Brent H. Blakely, Lederer Nojima Tagliaferro Lopresti & Blakely LLP, 1175 Wilshire Boulevard, Suite 1200, Los Angeles, California 90025.

c. Other Parties

Defendants Barry Smith and BLS Sales, Inc. have submitted third-party claims against Costco Wholesale Corporation. Costco Wholesale Corporation is represented by Norman Levine, of the law firm of Greenberg Glusker Fields Claman Machtinger & Kinsella LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 900067.

7. a. Nature and Purpose of the Proceedings

Breach of Contract, Fraud, Conversion, Quantum Meruit, damages

b. Background Facts and Summary of the Complaint

This case arises out of three separate transactions in which Plaintiff Petters Company, Inc. alleges that certain Defendants requested and obtained loans from Petters to finance their

sale of certain goods to Costco Wholesale Corporation. Petters alleges that the Defendants have defaulted on their loans and guaranties.

Transaction Number 1: According to Petters, in 2002, Barry Smith and Helen Dang negotiated a sale of Fendi, Gucci and Prada consumer goods to National Clothing Co., Inc., a subsidiary of Costco. Smith asked Petters to finance the transaction and Petters agreed. In connection with the 2002 financing, Petters made wire transfers to BLS totaling $3,640,000. In November 2003, BLS and Capri, Inc. signed a promissory note to Petters in the amount of $1,257,239 in connection with amounts owed on the financing provided by Petters. Barry Smith and Tuan Tran signed personal guaranties. Petters alleges that BLS, Capri, Inc., Barry Smith and Tuan Tran have defaulted on their contractual obligations and has asserted claims for breach of contract.

Transaction Number 2: According to Petters, in June 2003, Barry Smith and Helen Dang negotiated a new sale of Burberry Christian Dior and Prada goods to Costco. Once again, Barry Smith and Helen Dang needed outside financing for the transaction and asked Petters for a loan. Petters agreed to provide the financing and, on June 20, 2003, made two wire transfers totaling $968,360. In November 2003, BLS and Capri, Inc. signed a promissory note to Petters in the amount of $968,360 in connection with the amounts owed on the financing provided by Petters. Barry Smith and Tuan Tran signed personal guaranties. Petters alleges that BLS, Capri, Inc., Barry Smith and Tuan Tran have defaulted on their contractual obligations and has asserted claims for breach of contract.

Transaction Number 3: According to Petters, in October 2003, Smith and Dang negotiated a new transaction involving the sale of approximately $16 million in Coach goods to Costco. Smith asked Petters to finance the transaction. Petters alleges that the financing

consisted of two components: (1) a loan to Barry Smith and Helen Dang in the amount of 15% of the actual cost of the goods to be wired to the purported supplier of the goods, Global Win (Asia) Limited; and (2) a letter of credit to be opened in 2004. Petters agreed to provide the financing. On November 13, 2003, Petters wired $2,224,520.83 to the bank account of Global Win (Asia) Limited. The bank account, Bank Account 459-9-602077, is located at the Bonham Strand Branch of the Hong Kong and Shanghai Banking Corporation ("HSBC"), the address of which is 35-45 Bonham Strand East, Sheung Wan, Hong Kong Island, HKSAR. After Petters wired the money to Global Win (Asia) Limited's account, Costco cancelled the transaction. Petters alleges that Barry Smith and Helen Dang have refused to repay the loan and that Global Win (Asia) Limited has failed to return the wire transfer proceeds. Petters has asserted claims against Barry Smith and Helen Dang for breach of contract, quantum meruit and fraud. Petters has asserted claims against Global Win (Asia) Limited for quantum meruit and conversion.

c. Summary of Defense

With respect to Transaction Numbers 1 and 2, Defendants BLS, Capri, Barry Smith and Tuan Tran deny that they are liable on the promissory notes and guaranties. BLS, Capri, Barry Smith and Tuan generally assert that the promissory notes and guaranties are unenforceable.

With respect to Transaction Number 3, Helen Dang and Barry Smith deny that they have any liability to Petters. Helen Dang and Barry Smith deny that they received a loan from Petters. They also deny that they received any of the $2.2 million Petters wired to the bank account of Global Win (Asia) Limited. Helen Dang and Barry Smith further deny that they

made any fraudulent statements or omissions to Petters. Global Win (Asia) Limited did not respond to Petters' Amended Complaint and, therefore, has not asserted any defense to liability on Petters' claims for quantum meruit and conversion.

8. a. <u>Evidence To Be Obtained Or Other Judicial Act To Be Performed</u>

The District Court for the Northern District of California, pursuant to the matters stated above, seeks your assistance to grant an order that the HSBC produce copies of requested documents touching on the subject matters in question and for the purposes set out below and/or described below.

Helen Dang has taken the position that she does not control Global Win (Asia) Limited and that she did not receive any of the $2.2 million wired by Petters to Global Win (Asia) Limited on November 13, 2005. During discovery, Petters asked Helen Dang to describe what happened to the proceeds from the Petters wire transfer on November 13, 2003 to Global Win (Asia) Limited. Helen Dang answered Petters' Interrogatory as follows:

> On information and belief, the proceeds were wired directly from Petters to the Global Win (Asia) Limited bank account. On information and belief, the proceeds were then used by Global Win (Asia) Limited to start production on the 116,000 Coach products ordered by Costco in a purchase order to Petters. I had no involvement in the wire transfer. I did not have any access to the bank account or to the funds transferred by Petters. I have never received any proceeds related to the Petters wire transfer to Global Win (Asia) Limited, nor have I ever exercised any control or possession over the funds wire transferred by Petters to Global Win (Asia) Limited.

*See* Helen Dang's Answer to Petters' Interrogatory No. 8.

Petters has identified some circumstantial facts which cast doubt over Helen Dang's position that she did not receive any of the proceeds from the wire transfer and that she did not exercise any control or possession over the funds wire transferred by Petters to Global

Win (Asia) Limited. Accordingly, the identity of the individual in control of Global Win (Asia) Limited and the distribution of the funds wired to Global Win (Asia) Limited are live issues in the case.

The circumstantial facts referred to below suggest that Global Win (Asia) Limited may be a shell company controlled by Helen Dang.

First, Global Win (Asia) Limited does not have an office at address listed in its official registration documents filed with the Hong Kong authorities. Global Win (Asia) Limited also does not have an office at the address provided to Petters by Helen Dang.

Second, Helen Dang has admitted under oath that she personally prepared the Global Win (Asia) Limited invoice documenting Global Win (Asia) Limited's sale of Coach goods to Defendant BLS Sales, Inc.

Third, Helen Dang has admitted under oath that she is the individual who provided Petters with the instructions on how to wire money to Global Win (Asia) Limited and identified the account at HSBC.

Fourth, Petters has spoken with a representative of Global Win (Asia) Limited, who confirmed that Helen Dang controls Global Win (Asia) Limited. In December 2004, Scott Bayles, a Petters employee, telephoned the accounting firm of Albert Y.K. Lau and Company in Hong Kong. Albert Y.K. Lau and Company is listed as the "Presentor" on Global Win (Asia) Limited's Notification of First Secretary and Directors. A representative of Albert Y.K. Lau provided a telephone number for Global Win (Asia) Limited. Mr. Bayles telephoned the number and spoke to an individual who confirmed that it was the office of Global Win (Asia) Limited. Mr. Bayles subsequently telephoned the number a second time and asked to speak with Helen Dang. He was informed that Helen Dang was not in the office.

Mr. Bayles then asked if Helen Dang was the boss and was told that Helen Dang was the boss.

In light of the above, trial in this case will involve presentation of evidence on the identity of the individual who controls Global Win (Asia) Limited. The bank records requested in this Letter of Request will be used at trial to determine whether Helen Dang does in fact control Global Win (Asia) Limited and whether some or all of the proceeds wired by Petters to Global Win (Asia) Limited were transferred to Helen Dang or to other entities she controls.

b. Purpose of the Evidence or Judicial Act Sought

HSBC is not a bank organized in the United States and thus cannot be directly compelled to produce the documents sought. In addition, Global Win (Asia) Limited has failed to respond to the Amended Complaint served on it on March 12, 2005. Evidence is sought to prove that Helen Dang controls Global Win (Asia) Limited and that she received some or all of the wire transfer made by Petters to Global Win (Asia) Limited, as detailed above.

9. Documents to be Produced

a. Bank statements for Global Win (Asia) Limited's account, Bank Account 459-9-602077, stating the date, monetary amount, and recipient of all outgoing wire transfers from Global Win (Asia) Limited's account for November 2003.

b. Bank statements for Global Win (Asia) Limited's account, Bank Account 459-9-602077, stating the date, monetary amount, and recipient of all outgoing wire transfers from Global Win (Asia) Limited's account for December 2003.

c. Bank statements for Global Win (Asia) Limited's account, Bank Account 459-9-602077, stating the date, monetary amount, and recipient of all outgoing wire transfers from Global Win (Asia) Limited's account for January 2004.

10. Special Method of Delivery

Petters requests that the records be delivered to Robert Thomson at Jones Day, 31st Floor, Edinburgh Tower, The Landmark, 15 Queen's Road Central, Hong Kong. Petters also requests that HBSC provide a written certification, sworn or affirmed, by a custodian of records or other qualified person affirming/swearing that: (A) the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) the records were kept in the course of the regularly conducted activity of HBSC; and (C) the records were made by the regularly conducted activity as a regular practice.

11. <u>Date of Request</u>

April 25, 2005

10. <u>Signature and Seal of the Requesting Authority</u>




CHARLES R. BREYER
UNITED STATES DISTRICT