Apple Inc. v. Psystar Corporation Doc. 2883

Donald S. Edgar, Esq. (State Bar No. 139324)
Jeremy R. Fietz, Esq. (State Bar No. 200396)
Rex Grady, Esq. (State Bar No. 232236)
***THE LAW OFFICE OF DONALD S. EDGAR***
408 College Ave
Santa Rosa, CA 95401
Telephone: (707) 545-3200
Facsimile: (707) 578-3040

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORA OLSON, an individual; and DAVID OLSON, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & COMPANY, INC., a Corporation; MCKESSON CORPORATION, a Corporation; and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE No. C 05-01256 MHP<br><br>Assigned to Hon. Marilyn Hall Patel<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR STAY AND DECLARATION OF JEREMY R. FIETZ IN SUPPORT**<br><br>Date: May 23, 2005<br><br>Time: 2:00 p.m.<br><br>Place: Courtroom 15, 18th Floor |

## I. FEDERAL COURT AUTHORITY RECOGNIZES THE WISDOM IN DECIDING THE REMAND ISSUE BEFORE A MOTION TO STAY

Plaintiffs' Motion for Remand addresses the propriety of Federal Court jurisdiction in this matter and should be substantively determined before this Court rules on whether this matter ought to be indefinitely stayed pending determination of whether it will be transferred. Given the strength of the Plaintiffs' Motion for Remand, it is likely that the



Dockets.Justia.com

Defendants' Motion for Stay will become moot.

The Federal Court for the Northern District of California has addressed this exact issue many, many, many times. The opinions have universally acknowledged the propriety and wisdom in determining the threshold issue of remand before addressing a motion to stay. Specifically, the Court has held that:

> The fullest discussion of the methodological issues raised by simultaneous remand and stay motions in the MDL context appears in *Meyers v. Bayer AG,* 143 F.Supp.2d 1044, 10481049 (E.D.Wis.2001), which settles on **a sensible three-step approach. First, the court should give preliminary scrutiny to the merits of the motion to remand**. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.
>
> Conroy v. Fresh Del Monte Produce, Inc. N.D.Cal.,2004, 325 F.Supp.2d 1049, at 1053.

The Conroy decision stresses the efficiency of addressing the issue of remand first, finding that:

> **a stay would be judicially inefficient.** Although a stay would allow one court to rule on several pending questions of jurisdiction, it would require that court to apply the laws of separate states and separate circuits to each separate plaintiff's jurisdictional claims. This Court is readily familiar with federal law, Ninth Circuit law, and California law, the laws applicable to Plaintiff's motion and Complaint. Moreover, the parties have already fully briefed the issue of remand. Thus, **staying the motion will not save either party any time. Finally, it is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.**

Conroy, supra at1054.

Conroy is not the only case on point. Rather, one need only go to Westlaw's California Federal Court decisions and type in "motion to remand before motion for stay" to come up with literally dozens of cases with similar holdings:

> **Requests for transfer pending before the MDL Panel do not limit the pre-trial jurisdiction of the district court**. *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F.Supp.2d 1155, 1157 (E.D.Cal.2002) (citing Judicial Panel on Multidistrict Litigation Rule 1.5). ....
>
> **Plaintiffs' motion for remand raises questions as to the Court's jurisdiction, a preliminary issue that should be resolved early in the case.** *Id.* **Thus, the Court addresses Plaintiffs' motion for remand before considering Defendants' motion for stay**.
>
> Pacific Life Ins. Co. v. J.P. Morgan Chase & Co. C.D.Cal.,2003, 2003 WL 22025158 at 1.

And:

> **Motions to remand are often decided by the district court in which the motion was filed before consideration of transfer to the JPML**. See *e.g., Fung v. Abex Corp.*, 816 F.Supp. 569, 573 (N.D.Cal.1992) (ruling on Motion for Remand before recommending transfer to the JPML); *Morgan v. Asbestos Defendants*, 2003 WL 945987, *13 (N.D.Cal.2003) (remanding action to California Superior Court before potential transfer by JPML); *Schlitz v. A.P. Green Industries, Inc.,* 2002 WL 102608, * 1 (N.D.Cal.2002) (same).
>
> ...
>
> Defendant asserts that "remand motions are routinely deferred to transferee courts." (Opp., at 2.) In support of its position, Defendant first cites *Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1362 (C.D.Cal.1997). In *Rivers,* however, the district court held that a stay was appropriate in part because no jurisdictional questions were at issue. *Id.,* at 136162. **Indeed, motions to remand are often heard by a district court despite the fact that a relevant MDL Transferor Court has already been**

**created**. *See, e.g., Fung v. Abex Corp.*, 816 F.Supp. at 573. In *Fung,* plaintiffs claimed injuries from exposure to asbestos. *Id.,* at 570 71. Defendant removed to federal court. *Id.,* at 571. While the *Fung* court declined to rule on Defendants' Motion to Dismiss, it did choose to rule on Plaintiff's Motion for Remand in order to establish federal court jurisdiction. *See id.* Only after denying Plaintiff's Motion to Remand did the district court find it appropriate to notify the JPML of the action. *Id.* In the instant case, **it would not serve the interests of judicial economy to notify the JPML of an action that is not properly before the federal courts**. As discussed *supra,* because Defendant **in the instant action has clearly failed to demonstrate that removal was appropriate under 28 U.S.C. §1442, the only result of staying proceedings will be unnecessary delay**.

Baker v. Asbestos Defendants (BP), Textron, N.D.Cal.,2004, 2004 WL 2196814 at 3.

These are but a few of the many cases squarely on point. As discussed below, Merck's Motion for Stay is more about hiding the impropriety of its removal than any concern about judicial economy.

## II. DEFENDANT MISCHARACTERIZES THE STATUS OF MDL TRANSFER AS "PENDING"

Merck characterizes the transfer of this case as "pending", and any opposition to transfer as "futile". This is done ostensibly in an attempt to convince this honorable Court to grant a stay so that it has to do nothing, and can pass this remand problem on to someone else. Merck is both incorrect and underhanded in its attempts to highjack this California State Court case to the Federal Court in Louisiana.

According to the Judicial Multi-District Litigation Panel's own documents, the Panel lists this case as "Suspense".[1] There has been no transfer, no order of transfer, and not even a conditional order of transfer. If and when a conditional order of transfer is filed, Plaintiffs have

[1] Judicial Panel - Case Listing Report as of April 22, 2005 – attached hereto as Exhibit A.

the opportunity to file an opposition to the transfer. Plaintiff has filed a pre-emptory Notice of Opposition.[2] Plaintiffs' counsel, Jeremy Fietz, was contacted by Raynal Lee, a clerk of the Judicial MDL Panel on April 22, 2005, and was told by the clerk that the Notice of Opposition is premature because the case was not even subject to any transfer orders at all. She informed counsel that if the case was ordered for conditional transfer, counsel would be mailed a notice and then the time would commence for the filing of an Opposition. The Judicial Panel Rules, Rule 7.4(c), specifies that the filing of an Opposition, automatically halts the transfer process pending submission of papers, the setting of a hearing, oral arguments, and ultimately a decision by the Panel.[3]

In other words, while the case **may** be **someday** subject to a **conditional** transfer order, such potential transfer will be, and has already been, opposed. Such opposition automatically ceases any transfer, pending submissions, hearing, review, and decision. This case, is currently pending before this honorable Court, and is not going to be transferred to Louisiana -- at least not any time soon – and may never be transferred. Transfer is neither automatic nor "pending". Even if it were, case authority recognizes the propriety in determining remand as a threshold jurisdictional issue.

## V. SANCTIONS

Merck's counsel knows that the removal of this case was improper and is doing everything they can think of to stall, delay, and try to get this case sent to the bottom of the pile in Louisiana. Merck knows that the MDL Court is not likely to relish the idea of spending its MDL time on making a ruling as to remanding one California case, and Merck's counsel is no

[2] Notice of Opposition (without exhibits) is attached hereto as Exhibit B.

[3] Judicial Panel on MDL Rules are attached hereto as Exhibit C. See Declaration of Jeremy R. Fietz.

doubt hoping the impropriety of their removal never sees the light of day. This Opposition to Merck's Motion for Stay was yet another expense incurred as a result of Merck's improper removal. Plaintiffs hereby requests that fees for the work expended in the preparation of this Opposition be added to that sanctions request under Plaintiffs' Motion to Remand, to which they are entitled under 28 U.S.C. 1447(c). The Code provides:

> "(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. **An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal**. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

Plaintiffs' counsel Jeremy R. Fietz expended more than 10 hours in the preparation of this opposition. Declaration of Jeremy R. Fietz, Esq.. His reasonable and customary hourly fee is $250.00. Declaration of Jeremy R. Fietz, Esq.

## VI. CONCLUSION

Plaintiffs respectfully request that this Court immediately grant plaintiffs' Motion for Remand, with sanctions for the full amount of attorneys fees incurred preparing the Motion for Remand, the Reply, and this Opposition to Motion to Stay. Such an order remanding the case thus renders the defendant's motion moot and the Court without jurisdiction to issue such a stay.

Dated: April 28, 2005

LAW OFFICE OF DONALD S. EDGAR

By: Jeremy R. Fietz, Esq. (State Bar No. 200396)
THE LAW OFFICE OF DONALD S. EDGAR
408 College Avenue
Santa Rosa, CA 95401

## DECLARATION OF JEREMY R. FIETZ, ESQ.

I, JEREMY R. FIETZ, declare as follows:

1. I am an attorney licensed to practice in all of the courts of the state of California as well as the Northern District Court. I am an attorney with The Law Office of Donald S. Edgar, counsel for plaintiffs. As such I have personal knowledge of the following:

2. I have personal knowledge of the following facts and, if called as a witness could and would competently testify thereto.

3. According to the Judicial Multi-District Litigation Panel's own documents, the Panel lists this case as "Suspense". A true and correct copy of the Panel's case status is attached hereto as Exhibit A.

4. According to the clerk of the Panel, there has been no transfer, no order of transfer, and not even a conditional order of transfer. If and when a conditional order of transfer is filed, Plaintiffs have the opportunity to file an opposition to the transfer. Plaintiff has filed a pre-emptory Notice of Opposition. A true and correct copy of this Notice of Opposition (without exhibits) is attached hereto as Exhibit B.

5. Plaintiffs' counsel, Jeremy Fietz, was contacted by Raynal Lee, a clerk of the Judicial MDL Panel on April 22, 2005, and was told by the clerk that the Notice of Opposition is premature because the case was not even subject to any transfer orders at all. She informed counsel that if the case was ordered for conditional transfer, counsel would be mailed a notice and then the time would commence for the filing of an Opposition.

6. The Judicial Panel Rules, Rule 7.4(c), specifies that the filing of an Opposition, automatically halts the transfer process pending submission of papers, hearing,

and ultimately a decision by the Panel. A true and correct copy of the Judicial Panel Rules is attached hereto as Exhibit C.

7. I have expended at least 10 hours in the preparation of this motion. My reasonable and customary hourly fee is $250.00.

8. Pursuant to 28 U.S.C. 1447(c), I hereby request additional fees in the amount of ($250.00 x 10) $2500.00.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the forgoing is true and correct and that this declaration was executed in Santa Rosa, California, on April 28, 2005.

JEREMY R. FIETZ, ESQ.
Declarant

## PROOF OF SERVICE

I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401. On July 8th, 2004, I served the foregoing document(s) described as:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR STAY AND DECLARATION OF JEREMY R. FIETZ IN SUPPORT**

on the interested parties by placing ( ) the original ( X ) a true and correct copy thereof in a sealed envelope addressed as follows:

Michael Brown, Esq.
Thomas Yoo, Esq.
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213/457-8000
Facsimile: 213/457-8080
**Attorneys for Merck & Company, Inc.**

Steven J. Boranian, Esq.
R. Euna Kim, Esq.
REED SMITH LLP
Two Embarcadero Center,Suite 2000
San Francisco, CA 94111
Telephone:(415) 543-8700
Facsimile: (415) 391-8269
**Attorneys for Merck & Company, Inc.**

[X] VIA OVERNIGHT MAIL:

VIA : By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[ ] VIA U.S. MAIL:

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Santa Rosa, California.

[X] FEDERAL:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct and was executed on April 28, 2005

JEREMY R. FIETZ