Apple Inc. v. Psystar Corporation

Doc. 2912

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD HOWARD,

Plaintiff,

v.

BLUE RIDGE BANK, et al.,

Defendants.
____________________________________/

No. C 04-04619 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR A MORE DEFINITE STATEMENT**

On April 15, 2005, the Court heard oral argument on a motion to dismiss, motion to strike, and motion for a more definite statement filed by defendants Wells Fargo Financial Acceptance ("Wells Fargo") and Blue Ridge Bank ("BRB"). Having carefully considered the arguments of counsel and the papers submitted, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motions.

## BACKGROUND

This case arises out of plaintiff's displeasure with credit reports issued by credit reporting agencies, defendants Equifax, Experian, Intersection, and Trans Union ("credit agency defendants"), over the last two years. These credit agency defendants have prepared and issued consumer credit reports regarding plaintiff that allegedly contain "derogatory and inaccurate information." Compl. ¶ 11. This information was furnished to the credit agency defendants by defendants Wells Fargo Financial Acceptance ("Wells Fargo"), Credit Protection Association, and Blue Ridge Bank ("BRB") (collectively "furnisher defendants"). Id. at ¶¶ 9-10. According to plaintiff, he notified defendants about the inaccuracy of the information, but defendants have continued to report inaccurate information. Id. at ¶ 12.

Plaintiff brings claims for (1) negligent noncompliance with the federal Fair Credit Reporting Act

Dockets.Justia.com

("FCRA") against the credit agency defendants; (2) willful noncompliance with the FCRA by the credit agency defendants; (3) negligent noncompliance with the FCRA against the furnisher defendants; (4) willful noncompliance with the FCRA against the furnisher defendants; and (5) a violation of Cal. Bus. & Profs. Code § 17200. He seeks damages and injunctive relief.

Now before the Court is a motion by furnisher defendants Wells Fargo and BRB to dismiss plaintiff's fourth and fifth claims against them and to strike the portions of the complaint that request injunctive relief. In the alternative, defendants move for a more definite statement. Although defendants have filed separate motions, they are virtually identical, and thus the Court considers them together.

## LEGAL STANDARDS

### 1. Motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Fed. R. Civ. P. 12(b)(6) (2004). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### 2. Motion for more definite statement

Under Rule 12(e) of the Federal Rules of Civil Procedure "if the pleading to which a responsive

pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e) (2004).

## DISCUSSION

### I. Motion to dismiss

Defendants bring their motions to dismiss on two grounds: (1) that plaintiff's claim for willful noncompliance with Section 1681s-2 of the FCRA is insufficient because it fails to allege willfulness; and (2) that plaintiff's § 17200 claim is preempted by the FCRA.

#### A. Claim for willful noncompliance with the FCRA

As defendants point out, plaintiff's fourth cause of action, for willful noncompliance with the FCRA, uses the word "negligently" rather than "willfully" to describe their alleged failures to comply. See Compl. ¶ 29. Plaintiff acknowledges this "clerical error" and asks the Court to order that the word "negligently" be stricken and replaced with "willfully." The parties also dispute the sufficiency of the factual allegations underlying this claim.

The Court finds that this claim, even if corrected as requested, contains only the insufficient statement that "[d]efendants Blue Ridge, Credit Protection and Wells Fargo received notice of plaintiff's dispute from Equifax, Experian, Intersection and Trans Union and [willfully] failed to comply with the requirements of 15 U.S.C. § 1681s-2." Compl. ¶ 29. Plaintiff argues that this conclusory allegation, and his complaint generally, comply with Rule 8's liberal notice pleading standard, and that his complaint is written in this way because "[t]he particular problems and why they were caused are peculiarly within the knowledge of the defendants." Pl.'s Opp'n at 5:3-5. The Court disagrees that the relevant information is peculiarly within defendants' control, and finds the factual allegations insufficient as to defendants' willful noncompliance with the FCRA. Accordingly, defendants' motion is GRANTED and plaintiff's fourth claim is dismissed with leave to amend, both to correct the error in words and to allege facts which, if proven at trial, would support such a claim.

United States District Court
For the Northern District of California

**B. Section 17200 claim**

Defendants argue that the FCRA preempts § 17200 claims against the furnishers of information to credit agencies because the FCRA states that "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Plaintiff contends that § 17200 is not preempted because it is not inconsistent with the FCRA and merely provides an additional state remedy for the unlawful conduct giving rise to the FCRA claim.

While furnishers may be liable to private litigants under 15 U.S.C. § 1681s-2(b) based on the information they provide to credit agencies, see Nelson v. Chase Manhattan Bank, 282 F.3d 1057 (9th Cir. 2002), it appears that Congress intended the FCRA to be the sole remedy against these furnishers. Plaintiff contends that section 1681t(b)(1)(F)'s preemption of the "requirements and prohibitions" of state laws relating to the responsibilities of furnishers means that states may not impose different duties on furnishers than the FCRA does, but does not preclude additional state remedies like § 17200. He cites no authority for this argument, and the Court disagrees with his reading of § 1681t. Section 1681t(a), on which plaintiff relies, is a general provision stating that, "[e]xcept as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution or use of any information on consumers, except to the extent that those laws are inconsistent with any provisions of this subchapter, and then only to the extent of inconsistency." 15 U.S.C. § 1681t(a). Subsection (b) contains "general exceptions" to subsection (a), and provides that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to the subject matter regulated under" various specific FCRA provisions, including section 1681s-2. Id. at §§ 1681t(b)(1)(A)-(F). Thus, subsection (b) is the more specific provision, setting forth exceptions to the general rule of preemption expressed in subsection (a). The plain meaning of section 1681t(b)(1)(F) – that "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies" – expresses Congress's intent to preclude state law claims against furnishers of information, and instead to subject them solely to the FCRA. See 15 U.S.C. § 1681t(b)(1)(F).

Several courts have reached this same conclusion. See, e.g., Jaramillo v. Experian Information Solutions, Inc., 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001) ("it is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies'"); Hasvold v. First USA Bank, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002) ("federal law under the FCRA preempts plaintiff's claims [for defamation and invasion of privacy] against the defendant relating to it as a furnisher of information"); Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002) (finding preemption of state tort claims for negligence, defamation, invasion of privacy and outrage, and acknowledging that "there is no question that the statutory prohibition precludes suits under state consumer protection laws").[1]

This Court finds that Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit.

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's fifth claim for relief.[2]

## II. Motion to strike

### A. References to injunctive relief

Defendants move to strike the paragraphs in the complaint requesting injunctive relief on grounds that

---

[1] Contrary to plaintiff's contention, the holdings of Lin v. Universal Card Services, 238 F. Supp. 1147 (N.D. Cal. 2002) and Quigley v. Pennsylvania Higher Education, 2000 WL 1721069 (N.D. Cal. 2000), do not help his case. In Quigley, the court found that the plaintiff did not have a private right of action under the FCRA because his claim was brought under § 1681s-2(a) (which may "be enforced exclusively . . . by [] Federal agencies and officials and [] State officials"), and that he did not have a private right of action under the California Consumer Credit Reporting Agencies Act ("CCRAA") because "any private right of action under the California Civil Code based on the wrongful acts of a 'furnisher of information' is preempted by the FCRA." 2000 WL 1721069 at *8. In Lin, the court considered the preemption issue for a plaintiff who brought claims under both § 1681s-2(b) and CCRAA §§ 1785.25(a)-(c), and held that "[f]ederal law preempts the area of private consumer actions against furnishers of credit information." 238 F. Supp. at 1153. Both courts evaluated the scope of § 1681t(b)(1)(F)(ii), which expressly excludes from FCRA preemption Cal. Civil Code § 1785.25(a), a provision of the CCRAA. They reasoned that, while CCRAA § 1785.25(a) is expressly exempted from preemption, §§ 1785.25(g) and 1785.31, which afford plaintiffs a private right of action to sue furnishers, are not exempted, and are thus preempted. Lin and Quigley do not directly apply to Howard's § 17200 claim here, and they actually contemplate a far reach for FCRA preemption with respect to furnishers of information.

[2] The Court does not reach the question of the impact of Proposition 64 on plaintiff's § 17200 claim.

injunctive relief is not available to private litigants under the FCRA.[3] Plaintiff's FCRA claims are based on 15 U.S.C. §§ 1681n and 1681o, which enumerate the forms of relief available and include actual damages, attorneys' fees, and punitive damages for violations of § 1681n. Neither provision includes injunctive relief. Relying primarily on Washington v. Credit Services, Inc., 199 F.3d 263 (5th Cir. 2000), defendants argue that this omission is significant because other provisions of the FCRA expressly give the Federal Trade Commission authority to obtain injunctive relief. See 15 U.S.C. § 1681s(a); 15 U.S.C. § 45(b).

As plaintiff points out, federal courts are divided on the question of whether injunctive relief is available under the FCRA. Plaintiff relies on Andrews v. Trans Union Corp., 7 F. Supp. 2d 1056 (C.D. Cal. 1998), where a district court acknowledged a split in decisions among district courts regarding the availability of broad injunctive relief, and concluded that an individual plaintiff could obtain injunctive relief on his own behalf under the FCRA, and in any event could obtain broad injunctive relief under § 17200. 7 F. Supp. 2d at 1084.[4] Citing the general proposition that, "absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction," the Andrews court stated: "The FCRA contains no 'clear command' that injunctive relief is unavailable; therefore, it is available." F. Supp. 2d at 1084, citing Califano v. Yamasaki, 442 U.S. 682, 705, 99 S. Ct. 2545 (1979). That court did not undertake a statutory construction of the FCRA.

This Court is not persuaded by Andrews and instead concludes that the FCRA does clearly preclude injunctive relief. The Ninth Circuit has not addressed this issue.[5] But as the Fifth Circuit reasoned in Washington, the liability provisions of the FCRA, sections 1681n & o, set forth the remedies available to private litigants and include only damages and attorneys' fees. Elsewhere in the FCRA, injunctive relief is mentioned and available only to the FTC or other agencies enforcing the FCRA. Moreover, the Fifth Circuit

---

[3] This argument assumes that the Court dismisses the § 17200 claim as preempted.

[4] The § 17200 claim in that case was not preempted because it was brought against a credit reporting agency, not a furnisher of information.

[5] The only relevant Ninth Circuit authority affirmed, on other grounds, a district court decision certifying a class action on a claim for injunctive relief under the FCRA. The question of whether injunctive relief is appropriate for an individual plaintiff was not before the Court of Appeals, and it did not address this issue. See Greenway v. Information Dynamics, Ltd., 399 F. Supp. 1092, 1096-97 (D. Ariz. 1974), aff'd on other grounds, 524 F.2d 1145 (9th Cir. 1975).



United States District Court
For the Northern District of California

found telling the subsequent enactment of § 1681u, which provides consumers with a damages remedy against the government if it improperly obtains information for counterintelligence purposes, and specifically states: "in addition to any other remedy contained in this section, injunctive relief shall be available." 15 U.S.C. § 1681u(m); Washington, 199 F.3d at 269. The Court considers the express inclusion of injunctive relief in certain provisions of the FCRA and its omission from the provisions creating plaintiff's cause of action to be a sufficiently "clear command" from Congress that injunctive relief is not available to plaintiff.

Plaintiff argues that, even if the Court finds that injunctive relief is not available under the FCRA, it is available under § 17200 or under the California Consumer Credit Reporting Act ("CCRAA"), Cal. Civil Code § 1785.31. Because the Court finds that plaintiff's § 17200 claim is preempted by the FCRA, he cannot obtain an injunction for this claim. Plaintiff is not entitled to injunctive relief under the CCRAA either. Another district court has held that the provision of that statute providing for injunctive relief is preempted by the FCRA. See Lin v. Universal Card Services Corp., 238 F. Supp. 2d 1147, 1152 (N.D. Cal. 2002).

Accordingly, the Court GRANTS defendants' motion to strike the references to injunctive relief in the complaint.

**B. Allegation of notice to furnisher defendants**

Defendants also seek to strike the allegation in Paragraph 12 of the complaint that "[p]laintiff notified defendants that the entries were inaccurate, that he disputed the accuracy of the information defendants were reporting and the information in defendants' files on plaintiff." Compl. ¶ 12. According to defendants, the FCRA provides no private right of action against a furnisher of information based on its response to a notification of dispute directly from a consumer, and thus this allegation is immaterial.

The duties of furnishers of information are set forth in 15 U.S.C. § 1681s-2. Furnishers may be sued for violations of 15 U.S.C. § 1681s-2(b) under §§ 1681n and 1681o, which provide for private enforcement of various provisions of the FCRA. The Ninth Circuit has held that there is a private right of action under §§ 1681n and 1681o for a violation of § 1681s-2(b), but not for a violation of § 1681s-2(a). Nelson v. Chase Manhattan Mortgage Corp., supra, 282 F.3d 1057, 1059 (9th Cir. 2002). Section 1681s-2(a) prohibits a furnisher from providing inaccurate information to a credit agency after receiving notice of the inaccuracy from

the affected consumer. But, as the Ninth Circuit recognized in Nelson, § 1681s-2(c) expressly provides that sections 1681n & o do not apply to section 1681(a), and § 1681s-2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the state officials identified in [section 1681s]." Section 1681s-2(b) deals with the duties of furnishers after receiving notice from a credit agency that a consumer is disputing the accuracy of information, and the Court of Appeals has concluded that a consumer may bring an action against the furnisher of inaccurate information if the consumer has notified the credit agency itself. See Nelson, 282 F.3d at 1060.

While the Court agrees with defendants that Nelson governs this issue, it finds that Paragraph 12 of the complaint does not sufficiently specify which defendants were notified by plaintiff. Rather than striking this allegation, the Court ORDERS plaintiff to provide a more definite statement regarding his notification of defendants and their alleged violations of section 1681s-2, discussed further in Part III, below.

Accordingly, the Court DENIES defendants' motion to strike this portion of Paragraph 12 of the complaint.

## III. Motion for a more definite statement

Defendants contend that the complaint is too vague and ambiguous for them to frame a response because it does not state (1) what "derogatory and inaccurate information" the furnisher defendants provided to credit reporting agencies, or (2) how that information is derogatory or inaccurate. In addition, defendants ask the Court to order plaintiff to specifically identify which of the seven defendants he is referring to throughout the complaint.

The Court PARTIALLY GRANTS and PARTIALLY DENIES this motion. The Court finds that the allegations of the complaint are generally sufficient regarding the alleged furnishing and reporting of derogatory and inaccurate information, and that the processes of discovery are the appropriate avenues for defendants to learn what information plaintiff finds objectionable. Thus, the motion is DENIED as to that request.[6] However,

---

[6] At oral argument, plaintiff's counsel stated that he had repeatedly corresponded with both the credit agency defendants and the furnisher defendants regarding the inaccuracies in plaintiff's information, and that defendants' representations that they do not know what information plaintiff disputes are disingenuous, and may serve only to delay the litigation. The Court notes that, because the FCRA allows for an award of reasonable attorneys' fees, any dilatory tactics by defendants may be resolved at the end of the case if plaintiff prevails.



United States District Court
For the Northern District of California

the Court agrees with defendants that plaintiff must specifically identify which defendants engaged in each alleged violation of the FCRA. As mentioned above, because a private right of action exists against furnishers under 15 U.S.C. § 1681s-2(b) but not subsection (a) of that provision, plaintiff must provide a more definite statement regarding its notification of defendants and the statutory provision alleged violated by them. The motion is GRANTED as to this request by defendants.

United States District Court
For the Northern District of California

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss plaintiff's fourth claim with leave to amend; GRANTS defendants' motion to dismiss plaintiff's fifth claim with prejudice; GRANTS defendants' motion to strike references to injunctive relief; DENIES defendants' motion to strike portions of Paragraph 12 of the complaint; and PARTIALLY GRANTS and PARTIALLY DENIES defendants' motion for a more definite statement. [Docket ## 23, 26]

**IT IS SO ORDERED.**

Dated: 4/29/05

S/Susan Illston
SUSAN ILLSTON
United States District Judge