Apple Inc. v. Psystar Corporation
Doc. 2935

JAMES M. HANAVAN (State Bar # 66097)
CRAIGIE, MCCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 732-7788
Facsimile: (415) 732-7783

Attorneys for Defendant
VARSHA I. PATEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

ORGANIZATION FOR THE OADVANCEMENT OF MINORITIES WITH DISABILITIES SUING ON BEHALF DAVID SINGLETARY AND ITS MEMBERS; and DAVID SINGLETARY, An Individual

Plaintiffs,

vs.

RAMADA LIMITED –DOWNTOWN; RAMADA FRANCHISE SYSTEMS, INC.; SUMATI I PATEL-PAREEK; VARSHA I PATEL; PATEL, DAHYABHAI R (TRUSTEE/CONSERVATOR); PATEL, SHANTABEN D (TRSUTEE/SONSERVATOR/, LIVING TRUST; And DOES 1 THROUGH 10, Inclusive

Defendants.

Case No. C 04 3388 PJH

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT (FRCP 55(C))**

Date: June 15, 2005
Time: 9:00 a.m.
Courtroom: 3
Judge: Hon. Phyllis J. Hamilton

Action Filed: August 18, 2004
Trial Date: Not Set





Dockets.Justia.com

Varsha Patel submits her Memorandum of Points and Authorities in support of her motion to set aside default under Federal Rule of Civil Procedure 55(c).

**I. BACKGROUND**

On or around August 18, 2004, an action organization sued the "Ramada Limited – Downtown" in San Francisco and various other parties for claims relating to alleged discriminatory practices in public accommodations under the Americans with Disabilities Act (42 U.S.C. 12182(a) et seq.), related claims under the California Civil Code §§51, 52, 54 and 54.1, and negligence under Civil Code §1714(a), 2338, 3333, 3294 and Evidence Code §669(a). In particular, plaintiff's member and plaintiff, David Singletary, allegedly went to Defendants' Ramada Limited—Downtown facilities to utilize their good and/or services" and allegedly "had difficulty using the disabled parking, exterior path of travel, entrance, customer service counter and guestroom facilities at Defendants' establishment…" (Complaint, ¶10).

Plaintiff sued Varsha Patel, alleging that she was one of the "owners, operators and/or doing business as Ramada Limited—Downtown." (Complaint, ¶3). However, Varsha Patel clearly holds none of these positions. She is simply a consultant. (Patel Decl., ¶¶ 3, 5). Further, on December 16, 2004, Varsha Patel's counsel sent plaintiffs' counsel a letter informing him that "the undersigned represents I.M. Patel and S.I. Patel, a married couple who are the owners and operators of the Ramada Inn franchise on Seventh Street in San Francisco… The remaining named defendants are individuals who had no connection with the Ramada Inn franchise on Seventh Street. The Patels are presently traveling in India, and we understand they will be returning to California in January. In the meantime, we are authorized to accept service of a summons and complaint on behalf of the Patels. Please provide us with an amended complaint naming the Patels individually, and as doing business under the name of 'Ramada Limited—Downtown' at your earliest convenience." (Hanavan Declaration, Exhibit "A".)

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788· Facsimile: 415/732-7783

Notwithstanding the above, on December 15, 2004, plaintiff caused the clerk to enter a default against Varsha Patel. For the reasons discussed below, Ms. Patel requests that the default be set aside.

## II. DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides in pertinent part that "[f]or good cause shown the court may set aside an entry of default…" "Good cause" exists here on at least two independent grounds.

A. <u>Varsha Patel is Not a Proper Defendant</u>.

At the time the Complaint was filed, Varsha Patel was a consultant to the owners/franchisors of the Ramada Limited—Downtown. (Patel Decl., ¶¶ 3, 5). At no time was she in a position of authority, such as an owner, lessor, lessee or operator. (Patel Decl., ¶ 6). At this time, she is not affiliated with ownership of the motel in any way. (Patel Decl., ¶ 7).

Under the ADA statute cited by Plaintiffs, 42 U.S.C. §12182(a), "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates* a place of public accommodation." (Emphasis added).

Quite simply, Varsha Patel is not, and never has been, a "person who owns, leases (or leases to), or operates a place of public accommodation." In addition to having no ownership or leasehold interest in the Ramada Limited—Downtown, she cannot qualify as an "operator." In *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063 (5th Cir. 1995), the Circuit court found that: "To 'operate' in the context of a business operation, means 'to put or keep in operation,' The Random House College Dictionary 931 (Rev. ed. 1980), 'to control or direct the functioning of,'



CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783

Webster's II: New Riverside University Dictionary 823 (1988), 'to conduct the affairs of; manage,' The American Heritage Dictionary 1268."

Similarly, in *Howe v. Hull*, 874 F.Supp. 779 (N.D.Ohio 1994), a federal court found that the word "operate" "implies the per formance of some sort of function, in conjunction with a degree of sanctioned authority." (Id. at 787). The *Howe* court went on to prescribe guidelines for determining when a person "operates" a place of public accommodation within the meaning of Title III of the ADA: "[A]n individual may be liable as an operator of a public accommodation where (a) he or she is in a position of authority; (b) within the ambit of this authority he or she has both the power and discretion to perform potentially discriminatory acts; and (c) the discriminatory acts are the result of the exercise of the individual's own discretion, as opposed to the implementation of institutional policy or the mandates of superiors." (*Id.* at 788.)

These guidelines were considered in *Gluckenberger v. Boston University*, 957 F.Supp. 306 (D.Mass. 1997), and it was held that an assistant to the President of Boston University could not be considered an "operator" of the University's facilities because his "alleged role as an 'assistant' undermines the plaintiffs' argument that he exercises the authority, control, or discretion …necessary for one to be deemed an 'operator' of a place of public accommodation for the purpose of liability under Title III." (*Id.* at 323.)

Varsha Patel's responsibilitie s as a consultant of the Ramada Limited—Downtown plainly exclude her from the status of "operator." As such, Ms. Patel will move to dismiss the action against her at the appropriate time if Plaintiffs do not voluntarily dismiss earlier. The related state claims are equally inapplicable to Ms. Patel based on her lack of authority, control, or discretion over the accessibility features that are of concern to Plaintiffs.

Based on the foregoing, and the accompanying Declaration of Varsha Patel, the requirement that a "party in default …is required to make some showing of a meritorious defense

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788· Facsimile: 415/732-7783

as a prerequisite to vacating an entry of default" (*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1980)) has been satisfied here.

B. Varsha Patel's Failure to File An Answer Earlier Was Due to Excusable Neglect.

Varsha Patel failed to respond to the complaint because she thought an error had been made in that she is not involved in the ownership of the property. (Patel Decl., ¶¶ 3, 5-6). She is simply a consultant to the owners/franchisors of the Ramada Limited—Downtown. At no time during her employment was she in a position of authority, such as an owner, lessor, lessee or operator. (Patel Decl., ¶¶ 5-6).

C. Policy Factors Favor Relief.

Since provisions for relief are remedial in nature, they must be liberally applied. (*In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).

In *Mendoza v. Wight Vineyard Management*, 783 F.2d 941 (9th Cir. 1986), in which a default against the defendant was set aside, and summary judgment granted in favor of the defendants, the court said:

> The district court did not err in setting aside the defaults of the defendants Abreu and Forman. "Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so." *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975). The court' s discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). A decision on a motion to set aside a default is not an abuse of discretion unless the court is "clearly wrong" in its determination of good cause. *Provident Security Life Insurance Co. v. Gorsuch*, 323 F.2d 839, 842 (9th Cir. 1963). "' Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided



CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788· Facsimile: 415/732-7783

on their merits.' "*Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) (quoting 7 J. Moore, Moore's Federal Practice para. 60.19, at 232-33).

(*Mendoza v. Wight Vineyard Management*, *supra*, 783 F.2d 941, 945-46.)

In light of the policy factors favoring such relief, and the exceptionally strong grounds for granting relief to Varsha Patel, the interests of justice call for the entry of default being set aside.

## III. CONCLUSION

For the foregoing reasons, Varsha Patel requests that her motion to set aside default under Rule 55(c) be granted.

Dated: April ____, 2005

CRAIGIE, MCCARTHY & CLOW

By: ________________________________________
James M. Hanavan
Attorneys for Defendant VARSHA I. PATEL

CRAIGIE, McCARTHY & CLOW
Telephone: 415/732-7788 · Facsimile: 415/732-7783