Apple Inc. v. Psystar Corporation Doc. 2941 Att.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| JAYNE PALMISANO and RICHARD PALMISANO, individuals, | ) | |
| Plaintiff(s), | ) | |
| vs. | ) | No. C 03-01607 RMW |
| OLIN CORPORATION, a corporation, STANDARD FUSEE CORPORATION, doing business as ORION SAFETY PRODUCTS, a Delaware corporation, and DOES 1 through 50, | ) | |
| Defendant(s). | ) | |

\- - - -

DEPOSITION OF DONALD SMALLBECK
Held at SEDGWICK, DETERT, MORAN & ARNOLD
One Embarcadero Center, Sixteenth Floor
San Francisco, California
Tuesday, March 15, 2005, 10:10 a.m.

\- - - -

REPORTED BY: ELAINA BULDA-JONES, CSR 11720



EXHIBIT F

BARKLEY Court Reporters

Dockets.Justia.com

A. We do do duplicate samples from a predetermined percentage of the wells for -- as a quality control parameter.

Q. Did your study review those split samples?

A. Yes. If there was a duplicate sample, it was accounted for in this study. 01:07PM

Q. As an additional sample?

A. Not as an additional sample, but if the duplicate sample was a higher detect than the original sample, then the duplicate sample was used. 01:08PM

Q. And then the lower sample was also used?

A. Right.

Q. So the two sampling events could have actually been from the same day; is that correct? 01:08PM

A. Wait a minute. Go back and repeat the question.

Q. The two sample events --

A. Which two sampling events?

Q. You say that you used wells with between two to ten sampling events. 01:08PM

A. Correct.

Q. And you indicated, if I heard you correctly, if I understand you correctly, that some of the two sampling events may have been or were 01:08PM





BARKLEY Court Reporters

split samples taken on the same day.

A. No. What occurs is you go out on a given day to sample 20 wells. Randomly, you select two wells by which you will do a duplicate sample when you collect the initial sample as part of the 01:08PM precision testing associated with the sampling procedure, and you do both samples.

In this study, if the initial sample had a higher -- say the initial sample was 2.1 and the duplicate was 2.0, we used the 2.1. 01:09PM

Q. Okay.

A. We used the higher sample.

Q. You didn't also use the 2.0 to represent a separate sampling event?

A. No. 01:09PM

Q. That was my question.

A. That's why I didn't think I understood the question. The answer is no.

Q. When I am on the subject what I was looking for is, what is the minimum amount of time 01:09PM between sampling events for the 617 offsite wells that you considered?

A. What is the minimum amount of time?

Q. Yes.

Let me ask it a different way. In this 01:10PM



BARKLEY Court Reporters

## DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA )
) ss.
COUNTY OF SACRAMENTO )

I, ELAINA L. BULDA, hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR 11720, issued by the Court Reporters Board of California and which is in full force and effect. (Bus. & Prof. § 8016.)

I am not financially interested in this action and am not a relative or employee of any attorney of the parties, or of any of the parties. (Civ. Proc. § 2025 (k)(1).)

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the deponent was first duly sworn by me. (Civ. Proc. § 2025(r)(1).)

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record of the testimony given. (Civ. Proc. § 2025(r)(1).)

I have not and shall not offer or provide any services or products to any party's attorney or third party who is financing all or part of the action without first offering same to all parties or their attorneys attending the deposition and making same available at the same time to all parties or their attorneys. (Civ. Proc. § 2025(k)(2).)

I shall not provide any service or product consisting of the deposition officer's notations or comments regarding the demeanor of any witness, attorney, or party present at the deposition to any party or any party's attorney or third party who is financing all or part of the action, nor shall I collect any personal identifying information about the witness as a service or product to be provided to any party or third party who is financing all or part of the action. (Civ. Proc. § 2025(k)(3).)

Dated: 03/21, 2005