Stephen J. Kottmeier (State Bar No. 077060)
Jay M. Ross (State Bar No. 151750)
Tod C. Gurney (State Bar No. 199813)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

***mailing address:***
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Defendants
SHARP DEVELOPMENT COMPANY, INC. and
SHARP LAFAYETTE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.),<br><br>Debtor | Chapter 11<br><br>CASE NO. 01-10539<br><br>Adversary No. 03-56184 (PJW) |
| EXDS, INC. (f/k/a/ EXODUS COMMUNICATIONS, INC.),<br><br>Plaintiff,<br><br>v.<br><br>DEVCON CONSTRUCTION, INC.; SHARP DEVELOPMENT COMPANY, INC.; and SHARP LAFAYETTE, LLC,<br><br>Defendants. | CASE NO. C 05-787 PVT<br><br>**DECLARATION OF JAY M. ROSS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: June 7, 2005<br>Time: 10:00<br>Judge: Hon. Patricia V. Trumbull, Chief Magistrate Judge |

I, Jay M. Ross, declare:

1. I am member of the law firm of Hopkins & Carley, a Law Corporation, attorneys of record for defendants Sharp Development Company, Inc. and Sharp Lafayette, LLC ("Sharp") in the above-captioned matter and make this declaration in support of Sharp's motion for partial

summary judgment. The facts stated herein are true based upon my personal knowledge and, if called as a witness, I could competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the deposition of Randolph Lamb, Volume 1, taken on July 13, 2004, which I personally attended.

3. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the deposition of Kevin Bates, Volume 1, taken on July 15, 2004, which I personally attended.

4. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the deposition of Kevin Bates, Volume 2, taken on August 6, 2004, which I personally attended.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the letter from George Hurley to Kevin Bates dated January 27, 2000. Relevant excerpts from the deposition of Kevin Bates, Volume 2, and George Hurley, Volume 3, are also included with Exhibit 4.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the Lease Agreement between Sharp Development Company and Exodus Communications, Inc. dated March 7, 2000. Relevant excerpts from the deposition of Kevin Bates, Volume 1, are also included with Exhibit 5.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the Facsimile from Kevin Bates to Cory Keller dated March 28, 2000. Relevant excerpts from the deposition of Kevin Bates, Volume 2, and Cory Keller, Volume 1, are also included with Exhibit 6.

8. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Hamilton Southworth, Volume 1, taken on October 6, 2004, which I personally attended.

9. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Hamilton Southworth, Volume 2, taken on October 27, 2004, which I personally attended.

10. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the deposition of Hamilton Southworth, Volume 1, taken on October 28, 2004, which I personally attended.

11. Attached hereto as **Exhibit 10** is a true and correct copy of the letter from George

and Justin Reilly to Kevin Bates dated December 13, 1999. Relevant excerpts from the Rule 30(b)(6) deposition of Hamilton Southworth, Volume 1, also included with Exhibit 10.

12. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the deposition of Gary Filizetti, Volume 1, taken on November 8, 2004, which I personally attended.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the Standard Form of Agreement Between Sharp Lafayette, LLC and Devcon Construction, Inc. dated April 10, 2000. Relevant excerpts from the deposition of Gary Filizetti, Volume 1, are also included with Exhibit 12.

14. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Robert Lewis of Navigant Consulting Services, Inc., Volume 3, taken on November 11, 2004, which I personally attended.

15. Attached hereto as **Exhibit 14** is a true and correct copy of the Expert Report of Robert J. Lewis of Navigant Consulting Services, Inc., dated January 17, 2005.

16. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the deposition of George Hurley, Volume 1, taken on November 16, 2004, which I personally attended.

17. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the deposition of George Hurley, Volume 2, taken on November 17, 2004, which I personally attended.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the letter from George Hurley to Kevin Bates dated January 27, 2000, with attached Schedule "A" Cost Breakdown. Relevant excerpts from the deposition of George Hurley, Volume 1, also included with Exhibit 17.

19. Attached hereto as **Exhibit 18** is a true and correct copy of the letter from Daniel Devlin to George Hurley dated February 11, 2000. Relevant excerpts from the deposition of George Hurley, Volume 1, also included with Exhibit 18.

20. Attached hereto as **Exhibit 19** is a true and correct copy of the Exhibit B Shell Standards. Relevant excerpts from the deposition of George Hurley, Volume 1, are also included

with Exhibit 19.

21. Attached hereto as **Exhibit 20** are true and correct copies of Devcon's Purchase Orders for SC6 and SC7 issued by Exodus. Relevant excerpts from the deposition of George Hurley, Volume 2, are also included with Exhibit 20.

22. Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the deposition of Cory Keller, Volume 1, taken on November 29, 2004, which I personally attended.

23. Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from the deposition of Cory Keller, Volume 2, taken on November 30, 2004, which I personally attended.

24. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Cory Keller, Volume 1, taken on December 6, 2004, which I personally attended.

25. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Bret Sisney, Volume 1, taken on December 7, 2004, which I personally attended.

26. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Bret Sisney, Volume 3, taken on January 5, 2005, which I personally attended.

27. Attached hereto as **Exhibit 26** is a true and correct copy of excerpts from the deposition of John Sween, Volume 1, taken on December 16, 2004, which I personally attended.

28. Attached hereto as **Exhibit 27** is a true and correct copy of the memorandum from John Sween to George Hurley dated April 9, 2001. Relevant excerpts from the deposition of John Sween, Volume 1, are also included with Exhibit 27.

29. Attached hereto as **Exhibit 28** is a true and correct copy of excerpts from the deposition of Daniel Devlin, Volume 1, taken on January 10, 2005, which I personally attended.

30. Attached hereto as **Exhibit 29** is a true and correct copy of the letter from Daniel Devlin to George Hurley dated February 11, 2000. Relevant excerpts from the deposition of Daniel Devlin, Volume 1, are also included with Exhibit 29.

31. Attached hereto as **Exhibit 30** is a true and correct copy of excerpts from the

deposition of Justin Reilly, Volume 1, taken on February 1, 2005, which I personally attended.

32. Attached hereto as **Exhibit 31** is a true and correct copy of the email from Hamilton Southworth to Justin Reilly dated October 11, 2000. Relevant excerpts from the deposition of Justin Reilly, Volume 1, are also included with Exhibit 29.

33. Attached hereto as **Exhibit 32** is a true and correct copy of excerpts from the deposition of Thomas Furlong, Volume 1, taken on March 14, 2005, which I personally attended.

34. Attached hereto as **Exhibit 33** is a true and correct copy of excerpts from the deposition of Sylvester Ramirez, taken on December 10, 2004, which I personally attended.

35. Attached hereto as **Exhibit 34** is a true and correct copy of excerpts from the deposition of James Stoddart, Volume 1, taken on March 11, 2005, which I personally attended.

36. Attached hereto as **Exhibit 35** is a true and correct copy of excerpts from the deposition of John Farnan of Navigant Consulting Services, Inc., Volume 1, taken on August 31, 2004, which I personally attended, and Exhibit 4 to that deposition.

37. Attached hereto as **Exhibit 36** is a true and correct copy of excerpts from the deposition of John Farnan of Navigant Consulting Services, Inc., Volume 2, taken on September 1, 2004, which I personally attended.

38. Attached hereto as **Exhibit 37** is a true and correct copy of excerpts from the deposition of Paul DeGroot, Volume 1, taken on April 11, 2005, which I personally attended.

39. Attached hereto as **Exhibit 38** is a true and correct copy of the Supplemental Response EXDS, Inc. to Sharp's Interrogatories, Set One, served on July 9, 2004.

40. Attached hereto as **Exhibit 39** is a true and correct copy of the Exhibit D Commencement Date Memorandum dated September 30, 2000. This document was produced to EXDS by Sharp in the course of this litigation.

41. Attached hereto as **Exhibit 40** is a true and correct copy of the letter from George Hurley to Gary Filizetti dated April 17, 2001. This document was produced to EXDS and Sharp by Devcon in the course of this litigation.

42. Attached hereto as **Exhibit 41** is a true and correct copy of the Declaration of George Hurley date May 31, 2004. Relevant excerpts from the deposition of George Hurley,

Volume 2, are also included with Exhibit 41.

43. Attached hereto as **Exhibit 42** is a true and correct copy of excerpts from the deposition of Charles R. Austin, Volume 1, taken on October 26, 2004, which I personally attended.

44. Attached hereto as **Exhibit 43** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition of Hamilton Southworth, Volume 3, taken on October 28, 2004, which I personally attended.

45. Attached hereto as **Exhibit 44** is a true and correct copy of excerpts from the deposition of James Stoddart, Volume 3, taken on March 12, 2005, which I personally attended.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 29th day of April, 2005, at San Jose, California.

//s

Jay M. Ross