IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANG-KUI DONG,<br><br>Plaintiff,<br><br>vs.<br><br>APPLIED FUSION, INC., JEFF MUSGROVE, PATRICK DAVIS, MOHAMMED ANSARI, GEORGE SILVA, GREGORY GEDDIS, CITY OF SAN LEANDRO, OFFICER R LOPEZ and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: C-03-3698 SI<br><br>**(PROPOSED)** ORDER GRANTING MOTION OF DEFENDANTS APPLIED FUSION, INC.; JEFF MUSGROVE; MOHAMMED ANSARI AND GREG GEDDIS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF THE ISSUES |

Apple Inc. v. Psystar Corporation Doc. 2974 Att. 1

This matter came before this Court pursuant to notice on June 10, 2005. Moving parties Defendants Applied Fusion, Inc. ("AFI"), Jeff Musgrove ("J. Musgrove"); Mohammad Ansari ("Ansari"); and Greg Geddis ("Geddis") appeared through counsel, Burton F. Boltuch, of the Law Offices of Burton F. Boltuch. Plaintiff Guang-Kui Dong appeared through his counsel, Darryl Parker of the Premier Law Group. Also appearing on separate issues was Jennifer

Addams of Meyers, Nave, Riback, Silver & Wilson, counsel for the City of San Leandro and Officer Lopez.

The Court has read and considered the pleadings, evidence and oral argument of the parties in support and in opposition to Defendants' Motion for Summary Judgment. Having carefully considered the arguments of counsel and the papers submitted, and good cause appearing, the Court hereby GRANTS, in its entirety, the motion for summary judgment of Defendants AFI, J. Musgrove, Ansari and Geddis for the following reasons:

1. Plaintiff cannot maintain his Third Cause of Action for termination in violation of public policy because Plaintiff cannot establish that the mere summoning of the police and the subsequent termination of his at-will employment in October, 2002, in these circumstances, constitutes a termination in violation of public policy.

2. Plaintiff cannot maintain his Fourth Cause of Action because, as a matter of law, Plaintiff cannot establish that his termination was in retaliation for his complaints, even if the complaints are assumed to be protected complaints opposing unlawful discrimination. Thus there is no violation of the Fair Employment and Housing Act, of Title VII of the Civil Rights Act of 1964 and/or of §1981 of the Civil Rights Act of 1866.

3. Plaintiff cannot maintain his Fifth Cause of action for violation of the Lanterman-Petris-Short Act, Sections 5150, *et seq.*, of the California Welfare and Institutions Code because, as a matter of law, the detention and subsequent institutionalization of Plaintiff in October, 2002, were based on the independent decisions of the San Leandro Police and of qualified medical professionals at two different psychiatric institutions – John George Psychiatric Pavilion and Fremont Hospital.

4. Plaintiff cannot maintain his pendent state law claims set forth in the Sixth, Seventh, Eighth, Ninth and Twelfth Causes of Action since each of the claim sis dependent on the same premise – it was improper for AFI to summon the police on October 7, 2004. However, the summoning of the police was responsible and prudent, based on a good faith evaluation of the circumstances. Further, the San Leandro Police and the medical professionals at two separate psychiatric institutions made independent decisions to detain and institutionalize Plaintiff.

IT IS SO ORDERED:

DATED: ____________________

______________________________________
Susan Illston, United States District Court Judge