GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Sperlein@aol.com

Attorney for Plaintiff
IO GROUP, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>METROPOLE NEWS GROUP, LLC, a Delaware limited liability company, EASY PLANET, LLC, a Delaware limited liability company, RAINBOW ZONE, LLC, a Delaware limited liability company, STEPHANE PERRIN, an individual, JOHN CHOMEAU, an individual, and JOHN DOE, an individual's whose true identity is unknown to plaintiff,<br><br>Defendants. | No. **C-04-4367 (MEJ)**<br><br>***EX PARTE* APPLICATION FOR ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT, ALLOWING ADDITIONAL TIME TO SERVE NEW DEFENDANTS, AND REQUIRING DEFENDANTS TO PROVIDE ADDRESSES FOR ITS CO-DEFENDANTS SO THEY CAN BE SERVED**<br><br>**[~~PROPOSED~~] ORDER** |

To defendants Metropole News Group, LLC, et al. and their attorneys of record:

NOTICE IS HEREBY GIVEN that plaintiff Io Group, Inc. hereby applies *ex parte*, pursuant to Federal Rules of Civil Procedure 15(a) and Civil Local Rule 7-11, for an order 1) granting leave to file the attached First Amended Complaint adding parties Rainbow Zone, LLC, Stephane Perrin, John Chomeau, and John Doe, 2) allowing plaintiff additional time to serve the new defendants, and 3) requiring existing defendants to provide addresses for their co-defendants so



Dockets.Justia.com

they can be served. In support, plaintiff references its memorandum in support of its motion for preliminary injunction filed contemporaneously with this motion.

CONCISE STATEMENT OF RELIEF SOUGHT

Plaintiff moves for 1) leave of court to amend its complaint 2) additional time to serve defendants, and 3) requiring defendants to provide addresses for their co-defendants so they can be served.

MEMORANDUM OF POINTS AND AUTHORITIES

This is an action for copyright infringement based on the illegal copying and publishing of plaintiff's photographs on an Internet website owned and controlled by defendants. On October 18, 2004 plaintiff served upon defendants Metropole News Group, LLC and Easy Planet, LLC the Summons and Complaint in this action. Sperlein Declaration in Support of Motion for Preliminary Injunction at ¶2.

An individual, Stephane Perrin, who is not a member of the bar of this Court, filed an answer on behalf of the business entity defendants in violation of Civil Local Rule 3-9(b). Defendants failed to appear at the initial case management conference and the court continued the conference to March 24, 2004 and ordered defendants to engage counsel.

Subsequent to the filing of the complaint in this action, Stephane Perrin alleged in a communication with plaintiff's attorney that the business controlling the infringing website had been sold to a newly formed Delaware Limited Liability Company. *Id*. at ¶5. After the alleged sale, the infringing activity recommenced. Burford Declaration in Support of Motion for Preliminary Injunction at ¶11. These facts are presented in more detail in plaintiff's accompanying motion for preliminary injunction and supporting declarations and plaintiff hereby

incorporates those documents by reference. See Plaintiff's Motion for Preliminary Injunction and supporting documents.

**Leave to Amend Complaint -**

Plaintiff seeks leave to file its First Amended Complaint to add the newly formed corporate defendant, the individuals for whom the business entities act as alter egos and the individuals responsible for the original and continuing infringement of plaintiff's copyright registered works.

The First Amended Complaint amends the original Complaint by adding the defendants, Rainbow Zone, LLC, Stephane Perrin, John Chomea and John Doe as party defendants.

FRCP 15(a) dictates that leave to amend shall be freely given when justice so requires. FRCP15(a) ("[L]eave shall be freely given when justice so requires").

Plaintiff respectfully requests that the Court grant plaintiff leave to file its First Amended Complaint attached hereto as Exhibit A.

**Additional Time to Serve Defendants -**

Plaintiff also respectfully requests relief from Federal Rule of Civil Procedure FRCP 4(m) requiring service of the summons and complaint on all parties within 120 days and grant plaintiff an additional 120 days to serve the additional defendants.

Under FRCP 4(m) if plaintiff shows good cause for not serving defendants within 120 days of filing the complaint, the "court shall extend the time for service for an appropriate period." FRCP 4(m). Here, new facts occurred well after the filing and service of the original summons and complaint, including the formation of a new corporate entity (Rainbow Zone, LLC), transfer of the domain www.rainbow-zone.com to that new entity, and new and continued

acts of infringement. These new facts led to plaintiff's concurrent request to file an amended complaint. Plaintiff's failure to serve defendants within 120 days was reasonable.

**Requiring Defendants to Provide Address for Co-Defendants –**

Defendants have substantially delayed this matter by failing to engage counsel or participate in a Rule 26(f) conference. Rule 26(f) provides that the conference of the parties must take place "as soon as practicable" and that [t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, [and] for attempting in good faith to agree on the proposed discovery plan…" FRCP26(f). The deadline for meeting and conferring was January 27, 2005 and the deadline for exchanging initial disclosures was February 10, 2005. Defendants have failed to meet and confer regarding initial disclosures or to provide initial disclosures.

Local Rules require that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civil Local Rule 7-9(b). Defendants have failed to appear through a member of the bar of this Court

Civil Local Rule 3-16 requires parties to file a certification of interested entities. Mr. Perrin failed to attach to the answer he filed a certification of interested entities or persons.

The initial case management conference was scheduled for February 17, 2004. Mr. Perrin indicated to plaintiff's counsel that he would arrange to appear telephonically on behalf of defendants Metropole News Group, LLC and Easy Planet, LLC but failed to do so.

Facts presented in conjunction with Plaintiff's Motion for Preliminary Injunction filed concurrently with this motion, indicate that defendants are experts hiding identities. In fact they have set up a business entity, Easy Corp, LLC, for the unique purpose of creating corporate entities in the State of Delaware so individuals can operate Internet websites anonymously or

pseudonymously. Indeed when defendants were caught infringing on www.rainbow_zone.com, they simply created a new Delaware LLC, transferred the domain name to the new entity, and attempted to cover their tracks. See plaintiff's accompanying Motion for Preliminary Injunction and supporting declarations.

Whether through inadvertence or design, defendants have created substantial delays in this matter. But for those delays, plaintiff most likely would have already been able to obtain the names and addresses of the newly named defendants. If the information had not appeared in the initial disclosures or certification of interested parties, plaintiff could have requested it through discovery, however, defendants' failure participate in a Rule 26(f) discovery conference prevented discovery from commencing. If defendants do not provide the address of codefendants so that they can be quickly served with a copy of the First Amended Complaint and the Motion for Preliminary Injunction further delays will result. Some of the defendants may live outside of the United States and service on those parties may take several months from the time the proper address is obtained.

Defendant's failure to follow Federal Rules for Civil Procedure and Local Civil Rules, coupled with defendant's expertise in hiding identities warrant a judicial order instructing defendants to provide the addresses of codefendants named in the First Amended Complaint.

Dated: March 24, 2005

Respectfully submitted,

*/s/ Gill Sperlein*
GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

[~~PROPOSED]~~ ORDER

Having considered Plaintiff's Ex Parte Application for an Order Granting Leave to File its First Amended Complaint, and finding good cause therefore,

IT IS HEREBY ORDERED, that plaintiff is granted leave to file its First Amended Complaint.

IT IS FURTHER ORDERED, that plaintiff is granted 120 days from the day this order is entered to serve the party defendants added by the First Amended Complaint.

IT IS FURTHER ORDERED, that defendants Metrople News Group, LLC and Easy Planet, LLC within five days of this order provide to plaintiff Io Group, Inc. addresses for co-defendants Stephane Perrin, John Chomeau and John Doe.

Dated: April 5, 2005

