GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Sperlein@aol.com

Attorney for Plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IO GROUP, INC., a California corporation,

Plaintiff,

vs.

METROPOLE NEWS GROUP, LLC, a Delaware limited liability company, EASY PLANET, LLC, a Delaware limited liability company, RAINBOW ZONE, LLC, a Delaware limited liability company, STEPHANE PERRIN, an individual, JOHN CHOMEAU, an individual, and JOHN DOE, an individual's whose true identity is unknown to plaintiff,

Defendants.

CASE NO.: C-04-4367 (MEJ)

**FIRST AMENDED COMPLAINT:**

**(1) COPYRIGHT INFRINGEMENT;**
**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**
**(3) VICARIOUS COPYRIGHT INFRINGEMENT;**
**(4) MISAPPROPRIATION OF RIGHT OF PUBLICITY (COMMON LAW AND CAL. CIV. PRO. § 3344);**
**(5) UNFAIR COMPETITION, (COMMON LAW AND CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*); AND**
**(6) AN ACCOUNTING**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its creative works by defendants METROPOLE NEWS GROUP, LLC, a Delaware limited liability company, EASY PLANET, LLC, a Delaware limited liability company RAINBOW ZONE, LLC,



Dockets.Justia.com

a Delaware limited liability company, STEPHANE PERRIN, an individual, JOHN CHOMEAU, an individual, and JOHN DOE, an individual's whose true identity is unknown to plaintiff (collectively referred to as "defendants") and to enjoin defendants from future infringement. Defendants copied, published, sold, distributed and publicly displayed through an Internet website which they own, operate and control, certain Titan Media-owned images and audiovisual content.

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 121 Capp Street, Suite 200, San Francisco, California 94110. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

3. Defendant METROPOLE NEWS GROUP, LLC is a Delaware limited liability company, doing business as Easy Planet, LLC, Easy Corp, Ltd and www.rainbow-zone.com with its principle place of business in Wilmington, Delaware, that is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere. METROPOLE also claims to have offices in Manchester, England; London, England; and New York, New York. METROPOLE may also have business locations in Chicago, Illinois and Redwood City, California.

4. Defendant EASY PLANET, LLC, is a Delaware limited liability company, doing business as www.rainbow-zone.com with its principle place of business in Wilmington, Delaware, that is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere. EASY PLANET, LLC also claims to have offices in Manchester, England; London, England; and New York, New York.

5. STEPHANE PERRIN is an individual who is the sole owner of defendants Metropole News Group, LLC and Easy News Planet, LLC. Defendant STEPHANE PERRIN is a resident of London, England.

6. JOHN CHOMEAU is the webmaster for www.rainbow-zone.com. Plaintiff is informed and believes and based thereon alleges that JOHN CHOMEAU is Vice-President of Defendant METROPOLE NEWS GROUP, LLC.

7. JOHN DOE, is the individual or entity that actually owns, operates and receives revenue from the website www.rainbow-zone.com. JOHN DOE's true name is unknown to plaintiff. Plaintiff is informed and believes and based thereon alleges that JOHN DOE operates the www.rainbow-zone.com website entirely anonymously or pseudonymously.

## JURISDICTION

8. This Court has subject matter jurisdiction over plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10. The Court has personal jurisdiction over defendants. Defendants solicit, transact, and are doing business within the State of California; have committed unlawful and tortuous acts both within and outside the State of California causing injury in California; and are regularly doing or soliciting business or engaging in a persistent course of conduct in the State. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over defendants.

## INTRADISTRICT ASSIGNMENT

11. This action has previously been assigned to Magistrate Judge Maria-Elena James in the San Francisco Division.

## VENUE

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1392 and 1400(a).

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff Titan Media produces and distributes adult-oriented audiovisual works in video and DVD formats. Additionally, plaintiff maintains a website by and through which high-resolution versions of its photographic works and audiovisual content can be viewed by individuals who pay a monthly subscription fee. Users are allowed to view only and are not allowed to download or save materials to their home computers.

14. Plaintiff additionally sells the audiovisual works it produces in DVD and VHS format through various wholesale companies for further retail distribution.

15. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995) through 2004 when plaintiff received awards for Best Art Direction, Best Videography, Best Packaging and Best DVD Extras. Plaintiff has also received awards for Best Cinematography and Best Editing. In the current award year, plaintiff is nominated for twenty-seven awards, more than any other gay production studio. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

16. Plaintiff has a general compensation rate of $2,500 per image and $25,000 per video clip as specified in its standard Notice of Terms agreement which is posted on its website.

17. Plaintiff is informed and believes and based thereon alleges that defendants, and each of them, are online publishers with knowledge of copyright law.

18. www.rainbow-zone.com, the offending website at issue in this action and the site from which plaintiff's images are currently being publicly displayed was registered to defendant Easy Planet, LLC at the time this action was originally filed and Easy Planet, LLC was also listed as the administrative, billing and technical contact.

19. www.rainbow-zone.com is currently registered to defendants Rainbow Zone, LLC and John Chomeau. John Chomeau and Rainbow Zone, LLC are also registered as the administrative, technical and billing contacts.

20. At the time of the filing of the original complaint in this action, www.rainbow-zone.com listed defendant Metropole News Group, LLC on its contact page and provided contact information in both New York City and Wilmington Delaware. Customers were also provided contact information for Metropole News Group, Inc. upon joining with instructions to contact Metropole for customer support.

21. Subsequent to the filing of the original complaint, contact information on www.rainbow-zone.com was changed to Rainbow Zone, LLC, Customer Service, 1133 Broadway, Suite 706, New York, New York, 10010. Upon joining customers are still directed to Metropole News Group, Inc., Rainbow Zone Dept., 3422 Old Capitol Trail, Suite 700, Room 590, Wilmington, Delaware, 19808 for customer service.

22. Prior to the filing of the original complaint "© 1996-2004 Metropole News Group, Inc." appeared on various pages of www.rainbow-zone.com, indicating defendant Metropole News, LLC owned the copyrights for the website.

23. Subsequent to the filing of the original complaint, defendants changed the mark appearing on www.rainbow-zone.com to, "© 1996-2005 Rainbow Zone, LLC."

24. As on-line adult publishers, defendants knew or should have known a substantial portion of the adult entertainment business is centered in California and the vast majority of the major production studios are located in California.

25. www.rainbow-zone.com is a highly interactive subscription-based website. Customers must pay $39.95 a month to access and view the content on the site.

26. In early October, 2004, plaintiff's employees discovered and documented over seven hundred (700) Titan Media copyrighted still images being broadcast from www.rainbow-zone.com.

27. On October 18, 2004, plaintiff delivered to defendants Metropole News Group, LLC and Easy Planet, LLC a cease and desist letter demanding that they remove all Titan Media owned content from www.rainbow-zone.com and that they refrain from any future use of Titan Media content.

28. On February 23, 2005 plaintiff purchased a membership and began reviewing www.rainbow-zone.com for new or additional acts of infringements. Defendants summarily canceled plaintiff's membership without explanation on February 24th. Prior to cancellation plaintiff was able to identify and document fifty-two (52) additional infringements.

29. Plaintiff is informed and believes, and based thereon alleges, that defendants copy and publicly display from www.rainbow-zone.com the photographic and audiovisual works of numerous other producers without licensing or otherwise obtaining permission for such use and that the site is comprised almost entirely of pirated material.

30. To entice potential members to join the site defendants publicly display Titan Media images in a free area of the site, as if those images were representative of images owned or controlled by defendants and available within the password-protected areas of the site. As of February 24, 2005, defendants, and each of them, were publicly displaying at least twelve (12) plaintiff owned images in this manner.

31. Defendants, and each of them, publish images depicting actual sexual activity without maintaining documentation of the name and age of the models appearing in the depictions as required by 18 U.S.C. §2257.

32. Defendants, and each of them, solicit their subscribers to supply adult images to defendants which defendants then copy and publicly display on www.rainbow-zone.com without determining the ownership of the images, evaluating the rights of publicity of the individuals appearing in the images, or verifying the individuals appearing in the images are adults.

33. Each of the infringing acts occurred on servers owned, operated and controlled by defendants.

34. Each act of infringement occurred from the base domain www.rainbow-zone.com which was registered to defendant Easy Planet, LLC when plaintiff filed the initial complaint and which later was registered to defendant Rainbow Zone, LLC.

35. Plaintiff is informed and believes, and based thereon alleges, that there is an identity of interests and ownership between Defendants Metropole News Group, LLC, Easy Planet, LLC and Rainbow Zone, LLC on one hand and Defendants Stephane Perrin, John Chomeau and John Doe on the other.

36. Plaintiff is informed and believes and based thereon alleges that defendant Metropole News Group, LLC is the alter ego of defendants Perrin, Chomeau and Doe and there is

such unity of interest and ownership that the separate personalities of Metropole News Group, LLC and defendants Perrin, Chomeau and Doe do not exist.

37. Plaintiff is informed and believes and based thereon alleges that Easy Planet, LLC is the alter ego of defendants Perrin, Chomeau and Doe and there is such unity of interest and ownership that the separate personalities of Easy Planet, LLC and defendants Perrin, Chomeau and Doe do not exist.

38. Plaintiff is informed and believes and based thereon alleges that Rainbow Zone, LLC is the alter ego of defendants Perrin, Chomeau and Doe and there is such unity of interest and ownership that the separate personalities of Rainbow Zone, LLC C and defendants Perrin, Chomeau and Doe do not exist.

39. Plaintiff is informed and believes and based thereon alleges that Metropole News Group, LLC, Easy Planet, LLC and Rainbow Zone, LLC, and each of them is undercapitalized.

40. Plaintiff is informed and believes and based thereon alleges that Metropole News Group, LLC, Easy Planet, LLC and Rainbow Zone, LLC, and each of them registered as limited liability companies to fraudulently obscure the true identities of the individuals responsible for engaging in illegal acts including copyright infringement.

41. Failure to disregard the corporation identities would result in injustice.

42. Each of the photographic images at issue in this action is of obvious high production value and is easily discernable as a professional work.

43. Each of the photographs at issue in this action is registered to plaintiff with the United States Copyright Office.

44. Defendant Metropole News Group, LLC operates as a wholly owned subsidiary Easy Corp., Ltd, a company specializing in creating corporate identities in order to maintain the anonymity of online businesses and individuals.

**FIRST CAUSE OF ACTION**

(Copyright Infringement – 17 U.S.C. §501 )

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

45. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 44, inclusive.

46. Plaintiff holds with the United States Copyright Office duly and properly registered copyright certificates for each of the infringed works.

47. At all times relevant hereto, plaintiff has been the producer and owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by defendants on and from the website www.rainbow-zone.com.

48. Defendants, and each of them, copied and publicly displayed from servers and/or other hardware owned, operated and/or controlled by them, plaintiff's copyright protected photographs.

Defendants Willfully Infringed Plaintiff's Registered Copyrights

49. Defendants infringed the copyrights in plaintiff's creative works by reproducing, distributing and publicly displaying the works on and through the www.rainbow-zone.com website without proper approval or authorization of plaintiff.

50. Defendants, and each of them, knew they did not have permission to exploit plaintiff's works on the www.rainbow-zone.com website and knew or should have known their acts constituted copyright infringement.

51. On information and belief, defendants and each of them, made no attempt to discover the proper owners of the works before exploiting them, nor did they take measures to determine whether the works had been properly licensed.

52. Defendants, and each of them, continued to reproduce, publish and publicly display plaintiff's works even after receiving plaintiff's cease and desist letter.

53. Defendants' conduct was willful within the meaning of the Copyright Act. At a minimum, defendants acted with willful blindness to and in reckless disregard of plaintiff's registered copyrights.

54. As a result of its wrongful conduct, defendants, and each of them, are liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

55. Plaintiff is entitled to recover damages, which include its losses and any and all profits defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

56. In addition, because defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

57. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for defendants' wrongful conduct because, among other things, (a) plaintiff's copyrights are unique and valuable property which have no readily determinable market value, (b) defendants' infringement harms plaintiff's business reputation and goodwill such that plaintiff could not be made whole by any monetary award, and (c) defendants' wrongful conduct,

and resulting damage to plaintiff is continuing. Pursuant to 17 U.S.C. §502, plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting further infringement of plaintiff's copyrights.

58. In addition, plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement)

59. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 58, inclusive.

60. Some of defendants' subscribers engaged in direct copyright infringement of plaintiff's copyrighted works.

61. Defendants induced, caused and materially contributed to the infringing acts of its subscribers by allowing and encouraging those customers to copy and publicly display photographs without regard to the ownership of those photographs.

62. Defendants had knowledge of their registered members' infringing acts.

63. The acts and conduct of defendants, as alleged above in this First Amended Complaint constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION

(Vicarious Copyright Infringement)

64. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 63, inclusive.

65. Some of defendants' subscribers engaged in direct copyright infringement of plaintiff's copyrighted works.

66. Defendants had the right and ability to control the infringing acts of its subscribers.

67. Defendants obtained a direct financial benefit from the infringing activities of its subscribers.

68. The acts and conduct of defendants, as alleged above in this First Amended Complaint constitute vicarious copyright infringement.

**FOURTH CAUSE OF ACTION**

(Misappropriation of the Right of Publicity (Common Law and Cal. Civ. Pro. § 3344)

69. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 68, inclusive.

70. Plaintiff's copyrighted works embody images of actors all of whom executed written agreements with plaintiff through which plaintiff became the exclusive proprietor of the actors' rights of publicity in the performances embodied in plaintiff's creative works.

71. All rights of publicity in respect to those images have at all times been exclusively administered from within San Francisco, California.

72. Defendants infringed the rights of publicity owned and controlled by plaintiff by displaying photographs of the actors for commercial gain without plaintiff's consent.

73. By reasons of the actions alleged above, defendants, and each of them are directly, vicariously or contributory libel for these infringements to the rights of publicity assigned to plaintiff.

74. As a direct and proximate result of defendants' conduct as aforesaid, plaintiff has been damaged in an amount to be determined at trial.

75. Defendants acted deliberately to injure plaintiff and otherwise in conscious disregard of plaintiff's rights. Further, defendants performed these acts, or otherwise authorized,

ratified or had knowledge of them and thereby acted in conscious disregard of plaintiff's rights. Defendants' conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in losses to plaintiff and illicit gain of profit to defendants in an amount unknown at the present time.

76. The acts and conduct of defendants as alleged above in this First Amended Complaint constitute a misappropriation of the right of publicity pursuant to the common law of California.

77. The acts and conduct of defendants as alleged above in this First Amended Complaint constitute a misappropriation of the right of publicity in the form of the unauthorized commercial use of a photograph in violation of California Civil Code section 3344.

78. Defendants' conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in losses to plaintiff and illicit gain of profit to defendant in an amount unknown at the present time.

79. Plaintiff is informed and believes, and based thereon alleges, that the aforementioned acts of defendants were willful, oppressive, fraudulent and malicious and therefore, defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish defendants and to make examples of them to others as provided for in Cal. Civ. Code § 3344(a).

## FIFTH CAUSE OF ACTION

Unfair Competition – (Common Law and Cal. Bus. & Prof. Code § 17200 et seq.)

80. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 79, inclusive.

81. Defendants are engaged in unfair competition against plaintiff by reason of the conduct alleged herein, including the following:

a. Defendants have constructed an enormous website and have compiled a vast library of misappropriated content that is used to directly and unfairly compete against plaintiff and others similarly situated, including selling misappropriated content at substantially greater profit than compared to legally producing or licensing such content.

b. Defendants are unfairly competing with plaintiff and others by failing to retain documentation of the name, age and other related information for models appearing in matter that depicts sexually explicit conduct as required by 18 U.S.C. §2257, thereby gaining a competitive advantage vis-à-vis plaintiff and other adult website businesses who adhere to such regulations.

c. Defendants are deceiving consumers by misrepresenting the source or sponsorship of material on www.rainbow-zone.com by palming off the property of plaintiff as its own, by misrepresenting the ownership, sponsorship, nature, characteristics and identity of material on www.rainbow-zone.com.

d. Defendants' misrepresentations are wrongfully diverting consumer traffic from plaintiff's DVD and video sales and website subscription sales to www.rainbow-zone.com.

e. Defendants' conduct is injuring plaintiff's goodwill.

82. By the aforementioned conduct, plaintiff has directly suffered injuries.

83. Moreover, the acts and conduct of defendants render plaintiff's works readily available to the public in an easily downloadable format, thereby enabling further distribution and further harm to Plaintiff.

84. Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by defendants by virtue of defendants' wrongful conduct.

85. The conduct alleged herein has caused and is causing irreparable injury to plaintiff in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving plaintiff with no adequate remedy at law.

86. The acts and conduct of defendant, as alleged above in this First Amended Complaint constitute unfair competition as defined by California Common Law and California Business & Professions Code § 17200 et seq.

87. By reason of the foregoing, plaintiff is entitled to preliminary and permanent injunctive relief against defendant and all persons acting in concert with them, restraining them from further acts causing injury to plaintiff.

88. Plaintiff is entitled to its reasonable attorney's fees and costs.

89. Plaintiff is informed and believes, and based thereon alleges, that defendants' conduct has been undertaken with oppression, fraud and malice, and with the intent to injure plaintiff. Plaintiff is therefore entitled to an award of exemplary damages in an amount according to proof at trial.

90. Pursuant to California Business and Professional Code §17200 et. seg. plaintiff seeks an order of this Court ordering defendants to immediately cease such acts of unfair competition and enjoining defendants from continuing such acts. Plaintiff additionally requests an order disgorging defendants' ill-gotten gain and restitution of all monies wrongfully acquired by defendants by means of such acts of unfair competition and attorney's fee.

## FIFTH CAUSE OF ACTION

(Accounting)

91. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 90, inclusive.

92. Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and Cal. Civ. Code § 3344, to statutory damages or plaintiff's actual damages and all defendants' profits attributable to the illegal acts herein described.

93. The amount of compensatory damages due from defendants to plaintiff is unknown to plaintiff and cannot be ascertained without a detailed accounting by defendants of the precise number of subscribers to defendants' website and the number of "hits" to the website and various pages therein.

94. Accordingly, plaintiff is entitled to and hereby demands a full accounting from defendants.

## JURY DEMAND

95. Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against defendants that they have:

a. willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501 through its direct, vicarious and contributory acts;

b. willfully violated plaintiff's assigned rights of publicity in violation of California common law and Cal. Civ. Code §3344;

c. engaged in unfair competition in violation of California common law and Cal. Bus. & Prof. Code § 17200 *et. seq.;* and

d. otherwise injured the business reputation and business of plaintiff by defendants' acts and conduct set forth in this First Amended Complaint.

(2) That the Court issue injunctive relief against defendants, and that defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials protected by plaintiff Titan Media's registered copyrights;

(3) That the Court issue injunctive relief against defendants, and that defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from violating federal laws with regard to the operation of the website www.rainbow-zone.com including 18 USC 2257 and 47 U.S.C. §223(b)(2)(A);

(4) That the Court issue injunctive relief against defendants, and that defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from violating individual property rights including copyrights and rights of publicity with regard to the operation of the website www.rainbow-zone.com;

(5) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendants' possession or under its control;

(6) That the Court enter an order requiring a full and complete accounting of all amounts due and owing to plaintiff as a result of defendants' illegal activities;

(7) That the Court order defendants to pay plaintiff's general, special, actual and statutory damages as follows:

a. Plaintiff's damages and defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of plaintiff's copyrights;

b. Plaintiff's damages and defendants' profits pursuant to Cal. Civ. Code § 3344 or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344; and

c. Plaintiff's damages and defendants' profits pursuant to California common law and disgorgement pursuant to California Bus. & Prof. Code § 17200 et seq.

(6) That the Court order defendants to pay punitive damages pursuant to Cal. Civ. Code § 3344.

(7) That the Court order defendants to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504, California Bus. & Prof. Code § 17200 *et. seq.*, and Cal. Civ. Code § 3344(a).

(8) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: *April 6, 2005*

Respectfully submitted,

*/s/ Gill Sperlein*

GILL SPERLEIN
THE LAW OFFICE OF GILL SPERLEIN
Attorney for Defendant IO GROUP, INC.