Apple Inc. v. Psystar Corporation Doc. 3051

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
PETER J. KEITH, State Bar #206482
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3908
Facsimile: (415) 554-3837
E-mail: peter.keith@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT JACOBO,

Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. C03-3735 VRW (PR)

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFF VINCENT JACOBO'S "REQUEST COURT ORDER FOR ACCESS TO SAN FRANCISCO COUNTY JAIL'S LAW LIBRARY AND TO DIRECT THE 'PRISONER LEGAL SERVICES' TO PUT PLAINTIFF ON THE JAIL'S PRO PER LIST"**

Judge: Hon. Vaughn R. Walker
Place: 450 Golden Gate, Courtroom 6
Date: None
Time: None

Date Action Filed: August 11, 2003
Trial Date: None Set

## INTRODUCTION

Plaintiff Vincent Jacobo, a prisoner proceeding *pro se*, has filed a motion collateral to the merits of this case. Jacobo claims that he is being denied access to the law library at San Francisco County Jail, and requests that the Court (1) order the County Jail to give Jacobo access to the law library and (2) order Prisoner Legal Services to put Jacobo on the Jail's "pro per list." The Court should deny Jacobo's motion.



Dockets.Justia.com

## FACTS[1]

Plaintiff Vincent Jacobo is a maximum security prisoner. Jacobo was issued Notices of Rule Violations (NRVs) for conduct on March 30, 2005 and April 3, 2005. The NRVs were for Jacobo making weapons in his jail cell. Specifically, deputies twice found Jacobo making a spear out of a "channel changer" – a long pole that inmates use to reach the television to change the channel. Jacobo was warned not to make or keep weapons, but Jacobo defied this order and stated he would continue to make the weapons. As a result, Jacobo was disciplined and placed in lock-up for seven days, April 8 to April 15. As a result of being placed in lock-up, Jacobo was not allowed to use the law library for that one-week period.

Jacobo is one of eight prisoners housed in a maximum-security unit. For security reasons, only one maximum-security prisoner may use the law library at the same time. Maximum-security prisoners are allowed to use the law library on weekdays from 11 a.m. to 12:30 p.m.

Prior to April 8, Jacobo's last visit to the law library was on April 5. Following April 15 and through May 4, Jacobo visited the law library on the following dates:

Tuesday April 19, 2005
Wednesday April 20, 2005
Thursday April 21, 2005
Monday April 25, 2005
Tuesday April 26, 2005
Wednesday April 27, 2005
Friday April 29, 2005
Tuesday May 3, 2005
Wednesday May 4, 2005

## ARGUMENT

The Court should deny Jacobo's motion. There is no constitutional right to access to a prison law library. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, there is a constitutional right of access to the courts. To succeed on a claim of denial of access to the courts, a prisoner must show an actual injury to a non-frivolous legal proceeding arising from the defendants'

[1] The following facts are from the declaration of Sheriff's Department Captain Ideta, filed concurrently with this opposition.

alleged conduct. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, Jacobo makes generalized claims that he needs access to the law library to prosecute the pending case. However, Jacobo identifies no prejudice that resulted from the one-week restriction on his law library access. Moreover, given the frequency of Jacobo's use of the law library since he was placed in lock-up as discipline for making weapons, no prejudice would be expected.

Moreover, even if the temporary limit on access to the law library caused an actual injury to Jacobo, an actual injury is permissible if it is reasonably related to a legitimate penalogical interest. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Here, the jail's one-week lock-up of Jacobo served the *paramount* penalogical interest of preventing inmate violence.

Finally, to the extent that Jacobo insists that as a *pro se* plaintiff he is entitled to greater access to the law library, the facts demonstrate that Jacobo has ample access to the law library. Moreover, there is a legitimate penalogical interest in limiting the access of maximum security prisoners, where safety concerns require that they be kept segregated from other prisoners and those other prisoners in the jail must also have access to the law library. Finally, Jacobo is a pro se civil litigant whose suit arises from a discrete incident. His interest in more frequent access to law library is not equivalent to that of a pro se criminal or habeas corpus litigant, or even a litigant challenging an ongoing condition of confinement. *Lewis*, 518 U.S. at 354-55.

## CONCLUSION

For the foregoing reasons, the Court should deny Jacobo's motion.

Dated: May 11, 2005

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
PETER J. KEITH
Deputy City Attorney

By: Peter J. Keith
PETER J. KEITH
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO