KEVIN V. RYAN, CSBN 118321
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAKE SINGH<br>DHS A 72-111-112,<br><br>Petitioner,<br><br>v.<br><br>NANCY ALCANTAR, Field Office Director, Immigration and Customs Enforcement; TOM RIDGE, Secretary, Department of Homeland Security; JOHN ASHCROFT, Attorney General of the United States,<br><br>Respondents. | No. C 04-4389-PJH<br><br>**NOTICE OF CHANGE IN LAW REQUIRING TRANSFER OF PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS** |

The respondents hereby notify the Court that, on May 11, 2005, the President signed into law the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), (c), 119 Stat. 231 (2005). Section 106 of the REAL ID Act amends Section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a), to provide that the district courts lack jurisdiction to review any final removal order, whether through a habeas petition under 28 U.S.C. § 2241 or otherwise, thus overturning the United States Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001). Section 106(c) of the REAL ID Act provides that habeas petitions pending in district court on the effective

date of the Act, May 11, 2005, shall be transferred to the Court of Appeals, where it will be treated as a petition for review. Specifically, section 106(c) provides:

> Transfer of Cases – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply.

As the petitioner brought this habeas petition to challenge the legality of the final order of removal entered against him, this Court must transfer the habeas petition immediately to the United States Court of Appeals for the Ninth Circuit, where it will be treated as a petition for review.[1]

DATED: May16, 2005

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney

---

[1]If this Court determines for some reason that transfer to the United States Court of Appeals for the Ninth Circuit is not appropriate, the respondents respectfully request an opportunity to file an opposition to the habeas petition and will file such opposition within two weeks of the Court's determination that transfer is not appropriate.