Apple Inc. v. Psystar Corporation Doc. 3073

BILL LOCKYER
Attorney General of the State of California
MARETTA D. WARD
Deputy Attorney General
State Bar No. 176470
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-1384
Fax: (415) 703-5480
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**AFSHIN ADIBI; INTERNATIONAL PHARMACEUTICAL SERVICES,**

Plaintiffs,

**v.**

**CALIFORNIA STATE BOARD OF PHARMACY; PATRICIA HARRIS, as Executive Director, California State Board of Pharmacy,**

Defendants.

C 05 0605 EMC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Dockets.Justia.com

## TABLE OF CONTENTS


| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. PROCEDURAL HISTORY | 2 |
| A. State Investigations Revealed Illicit Sale of Controlled Substances By Plaintiffs | 2 |
| B. Trial Is Pending Against Plaintiffs in California State Court For Illegal Activity | 3 |
| III. FACTUAL BACKGROUND | 3 |
| A. The State Board Is Responsible For Regulating the Practice of Pharmacy | 3 |
| B. The Board Discovered Plaintiffs Are Operating Illegally | 4 |
| 1. Plaintiffs Illegally Exported Drugs Without A Federal DEA Registration | 4 |
| 2. Plaintiffs Operated As An Unlicenced "Retailer" | 4 |
| 3. Plaintiffs Exported Drugs In Violation of the U.S. Trade Embargo for Iran | 5 |
| 4. Plaintiffs Admit Ignoring State and Federal Laws on Controlled Substances | 5 |
| IV. LEGAL ARGUMENT | 5 |
| A. THE YOUNGER ABSTENTION DOCTRINE BARS THE FEDERAL COURT FROM HEARING THIS MATTER AND ACCORDINGLY THE CASE MUST BE DISMISSED | 5 |
| 1. The California State Proceedings Are Continuous and Ongoing | 6 |
| 2. Important California State Interests Are Implicated | 6 |
| 3. California State Court Is the Appropriate Forum For Raising Any Federal Issues | 7 |
| B. EQUITABLE RELIEF IN THIS CASE IS ALSO PRECLUDED BY THE BURFORD ABSTENTION DOCTRINE | 8 |
| C. THE COURT HAS NO JURISDICTION TO ENTERTAIN THE COMPLAINT BECAUSE CALIFORNIA HAS SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT | 9 |
| D. CALIFORNIA IS IMMUNE FROM SUIT AS THE STATE IS NOT A "PERSON" | 11 |

## TABLE OF CONTENTS (continued)


| | Page |
|---|---|
| E. THE BOARD OF PHARMACY HAS ABSOLUTE PROSECUTORIAL IMMUNITY FROM SUIT | 11 |
| V. CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

**Cases**


*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) 8, 9

*Butz v. Economou* 438 U.S. 478 (1978) 11

*City of Tucson v. U.S. West Communications, Inc.*, 284 F.3d 1128 (9th Cir. 2002) 8

*Cory v. White*, 457 U.S. 85, 90-91 (1982) 10

*Dubinka v. Judges of the Superior Court* 23 F.3d 218 (9th Cir. 1994) 7

*Employees of the Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279 (1973) 9

*Gilbreath v. Cutter Biological, Inc.* 931 F.2d 1320 (9th Cir. 1991) 11

*H.C. v. Koppel* 203 F.3d 610 (9th Cir. 2000) 6, 7

*Int'l Brotherhood of Electrical Workers, Local Union No. 1245 v. Public Service Commission*, 614 F.2d 206, 212 n.1 (9th Cir. 1980) 9

*Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 73 [120 S. Ct. 631, 640] (2000) 9

*Knudsen Corp. v. Nevada State Dairy Commission*, 676 F.2d 374, 376 (9th Cir. 1982) 9

*Mishler v. Clift*, 191 F.3d 998 (9th Cir. 1999) 11, 12

*New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989) 8

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) 10

*Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1 (1987) 7

*Romano v. Bible*, 169 F.3d 1182 (9th Cir. 1999) 11

| | Page |
|---|---|
| *Seminole Tribe of Florida v. Florida et al.* 517 U.S. 44 (1996) | 10 |
| *United States v. Morros,* 268 F.3d 695, 705 (9th Cir. 2001) | 8 |
| *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65 [109 S.Ct. 2304, 2310] (1988) | 10 |
| *Yakima Indian Nation v. Washington Dep't of Revenue,* 176 F. 3d 1241 (9th cir. 1999) | 10 |
| *Younger v. Harris,* 401 U.S. 37 (1971) | 5, 6 |

**Statutes**

| | |
|---|---|
| 42 U.S.C. § 1983 | 2, 10, 11 |
| Fed. R. Civ. Proc §12(b) (1) and (6) | 1, 9, 12 |
| California Business and Professions Code § 4059.5 (e) | 3 |

BILL LOCKYER
Attorney General of the State of California
MARETTA D. WARD
Deputy Attorney General
State Bar No. 176470
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-1384
Fax: (415) 703-5480
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AFSHIN ADIBI; INTERNATIONAL PHARMACEUTICAL SERVICES,**<br>Plaintiff,<br>v.<br>**CALIFORNIA STATE BOARD OF PHARMACY; PATRICIA HARRIS, as Executive Director, California State Board of Pharmacy,**<br>Defendant. | C 05 0605 EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |

## I. INTRODUCTION

Defendants, the California State Board of Pharmacy and Patricia Harris, Executive Director of the California State Board of Pharmacy hereby move this Court for an Order dismissing the action and complaint filed by Plaintiffs, Afshin Adibi and International Pharmacy on the grounds that the Court lacks jurisdiction over the subject matter of the complaint and that Plaintiffs fail to a state claim upon which relief may be granted pursuant to Fed. R. Civ. Proc §12(b) (1) and (6).[1]

The action filed by the Plaintiffs as to the California State Board of Pharmacy is barred in its entirety under the provisions of the United States Constitution as the State of California is immune to suit in the federal courts under the Eleventh Amendment as a matter of law. Agencies of

---

[1] Where the Court lacks jurisdiction pursuant to Fed. R.Civ. Pro 12(b) (1) the action must be dismissed. Additionally, the Plaintiffs compliant is insufficient as a matter of law, and must be dismissed with prejudice pursuant to Fed R. Civ. Pro. 12(b) (6).

the state are also immune. Consequently, the suit brought against the California State Pharmacy Board, an agency of the state, by Plaintiffs, citizens of California, is barred as a matter of law. Further, the instant suit is also barred as to the California State Board of Pharmacy because it is not a "person" within the meaning of 42 U.S.C. 1983 and accordingly is not subject to suit thereunder.

In addition to the foregoing, Plaintiffs' case is barred as to each Defendant under basic principles of abstention. Federal Courts have long recognized that the *Younger* abstention doctrine prohibits federal courts from interfering with pending state proceedings. The California State Court disciplinary action against Plaintiffs' respective licenses for the illegal sale and transfer of controlled substances in violation of California State and Federal Laws are continuous and ongoing. Under the *Younger* abstention doctrine, the federal court is without jurisdiction to entertain the complaint and it must be dismissed as a matter of law.

Furthermore, under the *Burford* abstention doctrine this matter is barred from consideration. The *Burford* doctrine recognizes that equitable relief is unavailable in the federal courts where state-court review is available on issues that bear on important state law policy matters. Accordingly, under the *Burford* abstention doctrine Plaintiffs' complaint and request for relief is barred as a matter of law.

## II. PROCEDURAL HISTORY

### A. State Investigations Revealed Illicit Sale Of Controlled Substances By Plaintiffs

Following a lengthy and complex investigation of Plaintiffs' illicit sale of controlled substances, executed without the required prescriptions and exported in violation of a United States trade embargo against Iran, the California State Pharmacy Board filed an action against Plaintiffs, Afshin Adibi and International Pharmacy, for multiple and serious violations of California State laws governing the State licenced practice of Pharmacy. An initial Accusation was filed. [2/] Following further investigation, a First Supplemental Accusation was filed against Plaintiffs. Subsequent to

---

[2] An "Accusation" is akin to a complaint and specifically delineates the charges for misconduct against the state licensee.

that and after receiving additional information of wrong doing, another investigation was conducted on additional charges and a Second Supplement Accusation was filed.

**B. Trial Is Pending Against Plaintiffs in California State Court For Illegal Activity**

This case was initially set for administrative trial in December 2003. The trial date was continued based on further investigations and in order to consolidate all of the charges and review additional information as it was received from other sources.

A trial date in that case is now pending in the State court and set for August 22, 2005.

Even though there is a pending trial date and proceedings in the State's case are ongoing, the Plaintiffs have filed suit in the Federal Court in an attempt to avoid having this matter heard through the appropriate legal channels. The Plaintiffs filed the instant complaint for declaratory judgment and injunction requesting that the Federal Court declare the State Court's laws unconstitutional and also requesting that the State of California and its representatives be enjoined from enforcing its laws against Plaintiffs.

## III. FACTUAL BACKGROUND

**A. The State Board Is Responsible For Regulating the Practice of Pharmacy**

The California State Board of Pharmacy and its Executive Director are charged with the responsibility of licensing California pharmacists and pharmacies including wholesale and retail enterprises. In conjunction with State licensing duties, the Board and its representatives are charged with enforcing the laws regarding the professional conduct of all State licensees and ensuring that the specific laws articulated by the California State Legislature pertaining to licenses and restrictions on dangerous drugs and controlled substances are followed. Included in the California State statutory scheme pertaining to regulation of pharmacy practice are specific provisions which require that a transferor or seller of dangerous drugs and controlled substances to locations outside of California do so in compliance with California State laws, in compliance with applicable Federal Laws and in compliance with the laws of the state or country to which said drugs may be transferred to or sold.[3/]

---

3. Section 4059.5 (e) of the California Business and Professions Code states that a "...dangerous drug or device shall not be transferred, sold or delivered to any person outside

**B. The Board Discovered Plaintiffs Are Operating Illegally**

**1. Plaintiffs Illegally Exported Drugs Without A Federal DEA Registration**

Plaintiff, Afshin Adibi is the President and owner of Plaintiff International Pharmaceutical Services and was licensed as a pharmacist in California in 1991. Several years later, in 1995 International Pharmaceutical Services was issued a wholesaler permit by the Board.
Following an investigation, the Board discovered that Plaintiffs had been operating illegally by dispensing dangerous drugs at retail without being licensed as a pharmacy. Moreover, the Board discovered that Plaintiffs were not registered with the Drug Enforcement Administration ("DEA") to purchase or dispense controlled substances. [4/] A separate DEA registration is required for each separate activity but on multiple occasions the Plaintiffs furnished and exported controlled substances in defiance of the laws.

**2. Plaintiffs Operated As An Unlicenced "Retailer"**

Even though Plaintiff, International Pharmacy, was licensed as a "wholesaler" the Plaintiffs participated in "retail" sales by exporting controlled substances and dangerous drugs directly to individual patients. Plaintiffs transferred these controlled substances without obtaining proof of authorized prescriptions.

/ /

/ /

/ /

---

this state, whether foreign or domestic, unless the transferor, seller or deliverer does so in compliance with the laws of this state of the United States and of the country to which the drugs or devices are to be transferred, sold or delivered. Compliance with laws of this state and the United States and of the state or country to which the drugs or devices are to be delivered shall include, but not be limited to, determining that the recipient of the drugs or devices is authorized to receive the drugs or devices."

[4] The Drug Enforcement Agency (DEA) is a federal agency responsible for enforcing laws and regulations governing narcotics and controlled substances. The DEA has an Internet Section devoted to the "suspicious sale of prescription and controlled substances over the Internet."

**3. Plaintiffs Exported Drugs In Violation of the U.S. Trade Embargo for Iran**

The Plaintiffs also dispensed and exported dangerous drugs and controlled substances to Iran which at times was under a United States trade embargo. The Plaintiffs took these illegal actions knowingly and without any prior government approval for their actions. In fact, the Plaintiffs exported drugs to foreign countries where they had not yet been approved for end use.

For example, the Plaintiffs also supplied and exported large amounts of Viagra to Japan when Viagra had not yet been approved for use in Japan by the Japanese government.

**4. Plaintiffs Admit Ignoring State and Federal Laws on Controlled Substances**

When confronted with what the investigators found, Plaintiff Adibi admitted to dispensing these drugs and controlled substances without prescriptions and stated that he did not have to abide by state and federal drug regulations since he was in the business of exporting drugs.The Plaintiffs also failed to keep meaningful records of acquisition and disposition of drugs as required by law. Consequently, it was impossible for the investigators to make a complete determination of the breadth and depth of wrongdoing on the part of the Plaintiffs.

After the initial investigation, the Board learned that the Plaintiffs were doing business on the Internet under various names and making claims that they could provide prescription drugs from the United States for sale in Japan without a prescription. Thus, the Plaintiffs engaged in the regular practice of furnishing dangerous drugs without a prescription in contravention of California State Law and Federal Laws.

## IV. LEGAL ARGUMENT

### A. THE YOUNGER ABSTENTION DOCTRINE BARS THE FEDERAL COURT FROM HEARING THIS MATTER AND ACCORDINGLY THE CASE MUST BE DISMISSED

Under the *Younger* abstention doctrine, this court cannot interfere with the pending State court action for discipline against Plaintiffs' licenses. *Younger v. Harris,* 401 U.S. 37[91 S. Ct. 746] (1971). The parties to this case have a pending trial date in August of 2005. Therefore, the California State court, which is the proper forum for adjudication of the charges against Plaintiffs, has jurisdiction over the parties and is set to make a determination.

The *Younger* abstention doctrine bars federal courts from interfering with pending state proceedings. *Younger v. Harris,* 401 U.S. 37 [91 S. Ct. 746] (1971). *Younger* abstention is triggered where the state proceedings interfered with are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000). All three conditions are met in the present action.

**1. The California State Proceedings Are Continuous and Ongoing**

The first condition is met in the present action because the California State court proceedings are active and ongoing. Multiple charging documents have been filed, the Plaintiffs have filed a responsive document, the parties have engaged in discovery and the matter is at issue and trial is currently pending in State Court before a Judge.

**2. Important California State Interests Are Implicated**

The second condition for *Younger* abstention is that the State proceedings implicate important state interests. The underlying California State proceedings are designed to resolve plaintiffs violation of California State Law as it pertains to the transfer and distribution of controlled substances as well as protect the integrity of the profession by ensuring that all California licensees practicing in the pharmacy profession are actually licenced for the services rendered and not engaging in conduct that is harmful to the California citizenry public health, safety and welfare. Since the professional licensing of pharmacists and enforcement of rules therein have been specifically and statutorily designated to California, these are issues of state concern within the state domain supporting *Younger* abstention. See generally, *H.C. v. Koppel,* 203 F.3d at 613.

Additionally, "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Ibid.* (citations omitted). This is particularly true in a field or area over which federal courts have no general jurisdiction and in which the state courts have a special expertise and experience. See generally, *H.C. v. Koppel,* 203 F.3d at 613. The State of California by and through the Board of Pharmacy has a vital interest in protecting and enforcing its laws. It also has expertise in the subject matter and execution of these

duties. The specific task that has been assigned to the Board by California's State Legislature through the statutory scheme and supporting California State regulations is to protect the health, safety and welfare of the people of California by ensuring the highest quality of affordable pharmacist care. Because of the essential role drug therapy plays in patient health, it is important that pharmacists' care is provided to patients by qualified professionals who adhere to state and federal requirements of practice.

Quite significantly, there are a vast range of highly potent drugs available to prescribers to treat disease in patients. To perform their intended function, these drugs must be properly prescribed, dispensed and used. Drugs that may save lives, alleviate paid and cure illnesses may also produce harmful effects and possibly kill if not dispensed and used correctly.

Also associated with prescription drugs, and of particular concern in this very case, are the problems of abuse, misuse, health care fraud and illegal trafficking. The Drug Enforcement Administration estimates that the annual diversion of legal prescriptions for illicit purposes is a $25 billion industry nationwide and growing. Consequently, the distribution and handling of dangerous drugs and devices must be carefully monitored, controlled and regulated. This obligation has been expressly delegated to California State. Without such controls, greater amounts of legal drugs can be diverted through manufacturers, wholesalers and pharmacies to the illicit market, resulting in substantial public danger and harm. (See, Request For Judicial Notice)

California has an overriding interest in licensing, monitoring and enforcing the laws as they apply to pharmacists and this duty has been expressly delegated to it. Thus, the second predicate of the *Younger* test is satisfied. *H.C. v. Koppel,* 203 F.3d at 613.

**3. California State Court Is the Appropriate Forum For Raising Any Federal Issues**

The final abstention-triggering condition is that the state proceedings provide an adequate forum for litigating federal claims. A state proceeding provides an adequate forum for *Younger* abstention purposes unless state procedural law clearly bars interposition of the federal claims. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 [107 S. Ct. 1519, 1527] (1987); *Dubinka v. Judges of the Superior Court,* 23 F.3d 218, 224 (9th Cir. 1994).

In the case at bar, the Plaintiffs are not prohibited from raising any of their asserted claims in California State Court. In fact, because of the vital interest and expertise in this area where there is no general federal jurisdiction, the California Courts are the appropriate forum for raising any challenges as the underlying issues are those of major State concern evidenced by the comprehensive California State statutory scheme.

**B. EQUITABLE RELIEF IN THIS CASE IS ALSO PRECLUDED BY THE BURFORD ABSTENTION DOCTRINE**

For similar reasons, this Court is also precluded from granting any equitable relief in this case by the abstention doctrine stated in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). As does *Younger, Burford* precludes interference with state judicial or administrative proceedings.

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989); accord *City of Tucson v. U.S. West Communications, Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002). "[D]istrict courts may abstain to avoid interfering with complex state administrative processes . . ." *City of Tucson*, 284 F.3d at 1133; *accord United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001). They are *advised* to do so to avoid the possible "'[d]elay, misunderstanding of local law, and needless federal conflict with the State policy [that] are the inevitable product of this double system of review.'" *Morros*, 268 F.3d at 704 (quoting *Burford*, 319 U.S. at 327).

In this instance, Plaintiffs *are already taking part in and are subject to the* California State Administrative process and have available to them a review of that process through a writ of mandate heard by the Superior Court. It is therefore clear that California has a comprehensive and complicated administrative process for regulation and/or discipline of professional licenses such as

the one held by Plaintiffs, which provides for review of administrative decisions by judges of the California State trial and appellate courts.

Yet, Plaintiffs ask, at this advanced stage in the California State proceedings to determine the ultimate status of the license, that this Court interfere with the state-designated process and interpose its judgment into that administrative and court-review process. Any such relief authored by this Court would undoubtedly "be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern" and is therefore an inappropriate remedy for a federal court sitting in equity. "The purpose of *Burford* abstention is to avoid federal intrusion into matters which are largely of local concern and which are within the special competence of local courts." *Int'l Brotherhood of Electrical Workers, Local Union No. 1245 v. Public Service Commission*, 614 F.2d 206, 212 n.1 (9th Cir. 1980). The regulation of pharmacists is just such an area of "local concern." Accordingly, abstention under *Burford* is proper, and dismissal is thus required under Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Knudsen Corp. v. Nevada State Dairy Commission*, 676 F.2d 374, 376 (9th Cir. 1982) ("*Burford* abstention normally requires dismissal of the federal action.").

### C. THE COURT HAS NO JURISDICTION TO ENTERTAIN THE COMPLAINT BECAUSE CALIFORNIA HAS SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT

The Plaintiffs' claims against the State of California should be dismissed because the Court lacks jurisdiction to hear them under the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United State by Citizens of another State, or by Citizens of Subjects of Any Foreign State.

U.S. Const. amend XI.

The Supreme Court has held that the Eleventh Amendment "does not provide for federal jurisdiction against non-consenting States." *Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 73 [120 S. Ct. 631, 640] (2000). "An unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Employees of the Dep't of Pub. Health &*

*Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 [93 S.Ct. 1614, 1616] (1973). California has not and does not consent to this lawsuit. "The Eleventh Amendment bars suit [in federal court] against a state or its agencies, unless the state unequivocally consents to a waiver of immunity." *Yakima Indian Nation v. Washington Dep't of Revenue*, 176 F. 3d 1241, 1245 (9th cir. 1999) (Citations omitted), cert. denied, 528 U.S. 1116 (2000). This jurisdictional bar applies regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 [104 S. Ct. 900, 908] (1984). Indeed, the Eleventh Amendment is an absolute bar to damages actions against a State and its officers, acting in their official capacities, in federal court under 42 U.S.C. §1983. See, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 [109 S.Ct. 2304, 2310] (1988). Although the most common application of this immunity is to prevent a federal court from imposing a money judgment against a state, sovereign immunity also bars suits for injunctive and declatory relief against a state. *Cory v. White*, 457 U.S. 85, 90-91 (1982).

The principle of sovereign immunity is a constitutional limitation the federal judicial power established in U.S. Const. art. III. The entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given. *Seminole Tribe of Florida v. Florida et al.* 517 U.S. 44, 54[116 S. Ct. 1114, 1123] (1996) In the case at bar, Plaintiffs qualify as citizens of California encompassed by the Eleventh Amendment and its applicable case law interpretations. As citizens, they are prohibited from suing the State of California in federal court. Moreover, California State has not consented to this suit or abrogated any protection under the Eleventh Amendment. Thus, the suit is barred as to California State. This is true for each of the claims in the complaint as the Eleventh Amendment protection extends to suits in equity as well as those for monetary damages. See, *Cory v. White*, 457 U.S. 85, 90-91 [102 S. Ct. 2325, 2330] (1982).

//

//

//

//

### D. CALIFORNIA IS IMMUNE FROM SUIT AS THE STATE IS NOT A "PERSON"

It is well-established that 42 U.S.C. § 1983 actions may only be brought against a "person." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64-65 109 [S.Ct. 2304, 2310] (1989). Indeed, section 1983 specifically states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The U.S. Supreme Court has ruled that "a state is not a 'person' within the meaning of section 1983." *Id.* at 65. The Ninth Circuit has consistently followed this rule. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Additionally, the Ninth Circuit has held and recognized that "arms of the state" are not persons under section 1983. Id. Therefore, the California State Board of Pharmacy must be dismissed with prejudice.

### E. THE BOARD OF PHARMACY HAS ABSOLUTE PROSECUTORIAL IMMUNITY FROM SUIT

Further disabling Plaintiffs' claims against the Board is another barrier layered on top of the barriers of the *Younger* and *Burford* doctrines, and Eleventh Amendment immunity: the absolute immunity from suit granted to the Board and its members/officers for actions taken in the course of its/their prosecutorial function(s).

Absolute immunity extends to state agencies and officials when they initiate an agency adjudication, or otherwise perform any function(s) analogous to judges and prosecutors. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (citing *Butz v. Economou*, 438 U.S. 478, 512-515 (1978)). In *Mishler v. Clift*, 191 F.3d 998, 1004-09 (9th Cir. 1999), for instance, the Ninth Circuit held that the Nevada Board of Medical Examiners and its members were entitled to absolute immunity as to judicial or quasi-judicial acts, including investigation and prosecution of discipline. The same

immunity to suit applies to the California State Pharmacy Board and its members and officers.[5] Accordingly, no suit against the Board can be initiated or maintained if it is based on quasi-judicial and/or prosecutorial function(s). Yet it is these function(s) to which Plaintiffs' Complaint is specifically addressed. On this basis as well, therefore, the Complaint should be dismissed, with prejudice, under either or both Rule 12(b)(1) and Rule 12(b)(6).

## V. CONCLUSION

Defendants California State Pharmacy Board and Patricia Harris, Executive Director of the California State Pharmacy Board, respectfully request that this Court grant the motion to dismiss with prejudice. Defendants have demonstrated that the action is prohibited as a matter of law. The action is also prohibited under the principles of the *Younger* and *Buford* abstention doctrines. Furthermore, this action is prohibited because the State is immune under the Eleventh Amendment of the United States Constitution and also because California State does not qualify as a person. In addition to all of the foregoing, the actions of the California State Board of Pharmacy and its officers are protected by prosecutorial immunity. Given that Plaintiffs are challenging the licensing, enforcement and regulation of thousands of pharmacists in the State of California, the issues raised should be and are properly before the California State Courts. In as much as the legislature has provided a comprehensive scheme for the adjudication of these issues, with the opportunity for the Plaintiffs to raise any legal concerns within that forum, the matter is properly before the California State court and is not subject to federal intervention.

DATED: May 15, 2005

BILL LOCKYER, Attorney General
of the State of California

MARETTA D. WARD
Deputy Attorney General

Attorneys for Defendants

---

5. In addition, California law expressly provides that no liability may arise from any denial, suspension, or revocation of a license. *See* Cal. Gov't Code § 818.4.