Apple Inc. v. Psystar Corporation Doc. 3089

JOHN D. GIFFIN, CASB NO. 89608
DARRELL C. CASB NO. 191773
KEESAL, YOUNG & LOGAN
A Professional Corporation
Suite 1500
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for
Defendants FOSS MARITIME COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE SCOTT,<br>Plaintiff,<br>vs.<br>FOSS MARITIME COMPANY,<br>Defendant | Case No. 05-01322 CRB<br>**DEFENDANT FOSS MARITIME COMPANY'S RESPONSE TO THE PLAINTIFF'S COMPLAINT** |

FOSS MARITIME COMPANY (Defendant) responds to the Plaintiff's Complaint as follows:

**<u>JURISDICTION</u>**

1. Defendant, admits those allegations contained in paragraphs 1 and 2 of Plaintiff's Complaint.

2. Defendant denies, in their entirety, those allegations contained in paragraphs 4, 5 and 6 of Plaintiff's Complaint.

3. In response to paragraphs 3 of Plaintiff's Complaint, Defendant Maritime



Dockets.Justia.com

admits that on or about January 10, 2005 the Plaintiff was employed by of Defendant as a crew member aboard a vessel. All other allegations contained therein are denied in their entirety.

## AFFIRMATIVE DEFENSES

1. FOR A FIRST SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint, and each purported cause of action therein, fails to state a cause of action.

2. FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, Defendant alleges that any injury or damage which allegedly occurred to Plaintiff resulted from the failure of Plaintiff to perform his duties in a workman-like manner and, therefore, proximately contributed to the happening of said alleged accident and injury, loss and damage, if any.

3. FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, Defendant alleges each and every provision of Section 183 of Title 46, United States Code, wherein, among other things, liability for loss of life or bodily injury aboard a ship is limited to $420.00 per ton of the vessel's weight.

4. FOR A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, Defendant alleges upon information and belief that at the time during which Plaintiff was employed by Defendant as a member of the crew of a vessel, he represented and warranted that he was and would continue to be competent and physically able to perform the duties required of him on said vessel, and that he would truly and in good faith perform any and all duties in the capacity in which he was employed; that Defendant relied on said representation and warranty on the part of Plaintiff, but that said representation and warranty was not true; and that, to the contrary, Plaintiff was not competent or able to perform the duties aforesaid; that said injuries to Plaintiff, if any, were caused proximately and solely by the fact that Plaintiff was not competent, and that the same did constitute a breach on the part of Plaintiff of said representation and warranty.

5. FOR A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, Defendant alleges that the Plaintiff's claim is barred by the limitation period set forth in the Uniform Statute of Limitations for Maritime Torts, 46 U.S.C. §763a, and the Federal Employers Liability Act 45 U.S.C. §56..

6. FOR A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, Defendant alleges that Plaintiff's injuries and damages, if any, were caused entirely or in part by the negligence or fault of third persons or entities, including Plaintiff's prior treating physicians and/or employers, and consequently Defendant is not liable therefore. The proportionate degree of negligence or fault of each such person or entity, whether parties to this action or not, should be determined and prorated or otherwise apportioned, and any judgment that might be entered against Defendant should be reduced by that degree of fault found to exist as to said other persons or entities.

WHEREFORE, Defendant prays that Plaintiff take nothing by his Complaint and that his Complaint be dismissed with prejudice, that Defendant be awarded the costs of suit herein, and for such other and further relief as the Court may deem just and proper.

DATED: May 18, 2005

JOHN D. GIFFIN
KEESAL, YOUNG & LOGAN
Attorneys for
Defendants FOSS MARITIME COMPANY

425368