CLIFF PALEFSKY, State Bar No. 77683
KEITH A. EHRMAN, State Bar No. 106985
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Tel: (415) 421-9292
Fax: (415) 403-0202
Email: cp@mhpsf.com
kaehrman@mhpsf.com

Attorneys for Plaintiff
SANDRA CALVERT

MELINDA S. RIECHERT, State Bar No. 65504
BRIAN L. JOHNSRUD, State Bar No. 184474
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel: (650) 843-4000
Fax: (650) 843-4001
Email: mriechert@morganlewis.com
bjohnsrud@morganlewis.com

Attorneys for Defendants
DIAGEO Guinness U.S.A. Inc. and
DIAGEO North America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDRA CALVERT,<br><br>Plaintiff,<br><br>vs.<br><br>GUINNESS UDV NORTH AMERICA, INC., a corporation, DIAGEO, a corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C-05-00294 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date of Filing: December 16, 2004 |

**1. Jurisdiction.**

This Court has diversity jurisdiction over this entire action. All parties are subject to the Court's jurisdiction. All parties have been served.

**2. Brief Description of Events Underlying the Action.**

This is a case involving claims for wrongful termination in violation of public policy, termination in violation of California Labor Code Section 1102.5, violation of California Business & Professions Code Section 17200, the Equal Pay Act, and sex discrimination under the California Fair Employment & Housing Act.

The plaintiff is Sandra Calvert ("Calvert"), who was a salesperson for Defendant Guinness UDV North America Inc., a.k.a., Guinness Bass Import Company ("GBIC"), which is a wholly-owned subsidiary of defendant Diageo North America. GBIC is in the business of marketing and distributing beer.

Calvert is a single mother. Calvert began working for GBIC in April 2002. In the summer of 2003, Calvert entered into a court-ordered custody arrangement, pursuant to which she was prohibited from relocating without prior court approval. Calvert alleges that she informed Defendants about these restrictions on her ability to relocate.

Calvert alleges that, throughout the course of her employment, she was treated less favorably than similarly situated men with respect to the terms and conditions of her employment. Calvert alleges that the discriminatory treatment included, but was not limited to, paying her salary and bonuses that were less than similarly situated men. Defendants deny Calvert's allegations.

In the spring of 2004, Calvert contacted Defendants' human resources department and complained that she was being treated less favorably than similarly situated men. She also claimed that her boss, Tom Curtin, was engaging in illegal pricing practices. Calvert alleges that Defendants retaliated against her for making these complaints by, among other things, placing her on a performance plan; assigning her to the Sam's Club account (with full knowledge that the assignment eventually would require relocation to Arkansas and that Calvert would be unable to

relocate); reducing the amount of Calvert's bonus; failing to find her a new position in the Company after the Sam's Club position was relocated to Arkansas, and terminating her employment. Defendants deny Calvert's retaliation allegations and submit that all employment actions involving Calvert were made based on legitimate business reasons.

**3. Legal Issues.**

1. Whether Defendants treated Calvert less favorably than similarly situated men with respect to the terms and conditions of her employment.
2. Whether Defendants retaliated against Calvert because she complained about alleged sex discrimination and unlawful pricing practices.
3. Whether Defendants engaged in unlawful or unfair business practices.
4. Whether Defendants violated the Equal Pay Act.
5. Whether Defendants discriminated against Calvert because of her gender.
6. Whether Plaintiff has been damaged by any unlawful conduct, and, if so, the amount of any alleged damages.

**4. Narrowing Of Issues.**

At this time, there are no known dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**5. Motions.**

Defendants anticipate filing a motion for summary judgment.

**6. Discovery.**

**a. Plaintiff's Anticipated Discovery:**

Plaintiff anticipates written discovery, including document requests and interrogatories, and at least five depositions of percipient witnesses, and expert witness discovery.

**b. Defendants' Anticipated Discovery:**

Defendants anticipate taking Plaintiff's deposition and the depositions of percipient witnesses identified by Plaintiff. Defendants also will propound written discovery, including document requests and interrogatories. Defendants also expect to conduct expert witness discovery.

7. **Confidentiality.**

The parties anticipate the need for a protective order for confidential documents disclosed in discovery. Neither party anticipates the need to file documents under seal at this time.

8. **Relief.**

Plaintiff seeks economic, general, and punitive damages, attorney's fees, liquidated damages, injunctive relief, an order restoring to the general public any funds acquired by any unlawful, unfair, or fraudulent business practice, interest, and costs of suit.

9. **Alternative Dispute Resolution.**

Plaintiff has agreed to mediate this dispute. At this time, Defendants agree to early neutral evaluation evaluation and may be amenable to mediation at a subsequent point in the litigation.

10. **Settlement.**

The parties agree to participate in a settlement conference with a U.S. Magistrate Judge after the close of non-expert discovery.

11. **Magistrate Judge Trials.**

Defendants do not consent to the assignment of this case to a U.S. Magistrate Judge for trial.

12. **Trial**

The parties propose a trial date in May 2006. The parties anticipate a 15 day jury trial.

13. **Related Cases.**

There are no related cases.

14. **Class Actions.**

This case is not a class action.

15. **Scheduling:**

a. Non-Expert Discovery to be completed by November 23, 2005;

b. Dispositive Motions to be heard by December 17, 2005;

c. Expert Discovery to be completed by February 10, 2006;

d. Pretrial Conference to be conducted on March 17, 2006; and

e. Trial requested on May 1, 2006

16. **Other Matters:**

The parties are not aware of any other matters at this time conducive to the just, speedy and inexpensive resolution of this matter.

17. **Disqualification and Recusal:**

The parties are not aware at this time of any persons, associations, firms, partnerships, corporations, or other entities that have either 1) a financial interest in the subject matter at issue or in a party to the proceeding or 2) any other kind of interest that could substantially affect the outcome of the proceeding.

Dated: May 19, 2005

McGUINN, HILLSMAN & PALEFSKY

By ______________________
Cliff Palefsky, Esq.
Attorneys for Plaintiff
Sandra Calvert

Dated: May 19, 2005

MORGAN, LEWIS & BOCKIUS LLP

By ______________________
Melinda S. Riechert

Attorneys for Defendants
DIAGEO Guinness U.S.A. Inc. and
DIAGEO North America, Inc.