KENNETH R. O'BRIEN, Bar No. 72128
LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way, Suite 390
Sacramento, CA 95833
Telephone: 916.561.5300
Fax: 916.561.0828

PAULA CHAMPAGNE, Bar No. 76545
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108
Telephone: 415.433.1940
Fax: 415.434.2302

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOLORES GALINDO,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES,<br><br>Defendant. | Case No. C-03-3671 PJH<br><br>**DEFENDANT AMERICAN AIRLINES INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION OF CLAIMS**<br><br>Date: June 1, 2005<br>Time: 9:00 a.m.<br>Courtroom: 13 |

**TABLE OF CONTENTS**


**PAGE**

I. INTRODUCTION ........ 1

II. LEGAL ARGUMENT ........ 1

A. No Triable Issue Of Fact Exists With Respect To Plaintiff's Claim For National Origin Discrimination ........ 1

B. No Triable Issue Of Fact Exists With Respect To Plaintiff's Claim Of Retaliation During Her Employment ........ 4

C. No Triable Issue Of Fact Exists As To Plaintiff's Third Cause Of Action For Retaliatory Termination ........ 6

III. CONCLUSION ........ 11

## Table of Authorities

Page

**CASES**

*Ashkin v. Time Warner Cable Corp.*,
52 F. 3d 140 (7th Cir. 1995) .......... 6

*Bradley v. Harcourt Brace and Co.*,
104 F.3d 267 (9th Cir. 1996) .......... 10

*Burrell v. Star Nursery, Inc.*,
170 F. 3d 951 (9th Cir. 1999) .......... 2, 4

*Cohen v. Fred Meyer, Inc.*,
686 F. 2d 793 (9th Cir. 1982) .......... 6

*Dowe v. Total Actions Against Poverty*,
145 F.3d 653 (4th Cir. 1998) .......... 6

*First Nat'l Bank of Ariz. v. Cities Service Co.*,
391 U.S. 253 (1968) .......... 3

*Jauregui v. City of Glendale*,
852 F. 2d 1128 (9th Cir. 1988) .......... 8, 9

*Jurado v. Eleven-Fifty Corp.*,
813 F. 2d 1406 (9th Cir. 1987) .......... 6

*Kearney v. Town of Wareham*,
316 F. 3d 18 (1st Cir. 2002) .......... 8

*Keenan v. Allan*,
91 F. 3d 1275 (9th Cir. 1996) .......... 2

*Little v. Republic Refining Co., Ltd.*,
924 F.2d 93 (5th Cir. 1991) .......... 11

*Roley v. New World Pictures, Ltd.*,
19 F. 3d 479 (9th Cir. 1994) .......... 3, 4

*S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*,
690 F. 2d 1235 (9th Cir. 1982) .......... 5

*Schuler v. Chronicle Broadcasting Co., Inc.*,
793 F.2d 1010 (9th Cir. 1986) .......... 11

*Steckl v. Motorola, Inc.*,
703 F. 2d 392 (9th Cir. 1983) .......... 5, 11

*Stender v. Lucky Stores, Inc.*,
803 F. Supp. 259 (N.D. Cal. 1992) .......... 8

*Tarin v. County of Los Angeles*,
123 F. 3d 1259 (9th Cir. 1997) .......... 8

*Villodas v. HealthSouth Corp.*,
338 F. Supp. 2d 1096 (D. Ariz. 2004) .......... 2

*Wallis v. J.R. Simplot Co.*,
26 F. 3d 885 (9th Cir. 1994) .......... 3

## TABLE OF AUTHORITIES
(CONTINUED)

PAGE

**STATUTES**

2 Cal. Code Regs. § 7287.8 .......... 5
2 Cal. Code Regs. § 7287.8(a)(1)(A)-(E) .......... 5
2 Cal. Code Regs. § 7287.8(a)(2)(A)-(B) .......... 6
Fed. R. Civ. Pro. 56(e) .......... 3

## I. INTRODUCTION

Absolutely nothing contained in Plaintiff's opposition papers changes the fact that she has no case. Plaintiff does not have any evidence that Mike Baum singled her out and required that she provide additional documents concerning her right to work in the United States because of her national origin. Indeed, Plaintiff was one of approximately 50 employees who were asked to update the information on their I-9 forms. Plaintiff brought in her passport, which was reviewed by Mr. Baum, and the subject was never raised again. Further, Plaintiff admitted at her deposition that this was the only incident that occurred which she interpreted as being a demeaning comment based upon her national origin. It is uncontroverted that Plaintiff has no evidence of racial animus whatsoever, and the opinions, conclusions and unsubstantiated accusations which she raises in an attempt to defeat summary judgment is nothing more than a smokescreen, which this Court should disregard. Plaintiff did not engage in any protected activity pursuant to the FEHA when she made complaints to Human Resources. Further, Mr. Baum had no knowledge of Plaintiff's complaints and thus Plaintiff cannot show causation between her activity and Mr. Baum's actions. Finally, Plaintiff's argument that Mr. Baum has given contradictory statements concerning the reasons he selected Plaintiff for the reduction in force is just that—argument. Mr. Baum's statements are not contradictory. He followed American's guidelines for a management reduction in force, which required him to consider the type and volume of work performed by his department and to evaluate the criticality of his employees. As he stated in his February 25, 2005 declaration, he determined that Plaintiff's role "was not critical to the operation." Nothing in Plaintiff's opposition suggests that this reason was pretextual.

## II. LEGAL ARGUMENT

### A. No Triable Issue Of Fact Exists With Respect To Plaintiff's Claim For National Origin Discrimination.

In a desperate attempt to stave off summary judgment, Plaintiff makes unsubstantiated accusations, contradicts her sworn deposition testimony, and attributes a discriminatory or retaliatory motive to every action Mr. Baum took with which Plaintiff disagrees. However, Plaintiff's reliance upon hearsay, speculation and opinion as to Mr. Baum's motives, and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

her subjective opinion concerning her own performance as compared to others simply do not create a dispute as to any material issues of fact.[1]

To survive summary judgment, Plaintiff must set forth, by affidavit or as otherwise provided in Rule 56, *specific facts* demonstrating that a genuine issue of material fact exists. She has not done so, and this Court has no obligation to "scour" the record in search of a genuine issue of triable fact. Rather, it is Plaintiff's burden to identify with reasonable particularity the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F. 3d 1275, 1279 (9th Cir. 1996). "Reliance on mere speculation, conjecture or fantasy cannot defeat a motion for summary judgment." *Villodas v. HealthSouth Corp.*, 338 F. Supp. 2d 1096, 1104-1105 (D. Ariz. 2004).

Plaintiff testified at her deposition that the *exclusive basis* on which she brought her claim for national origin discrimination was that in December 2001 she was asked to provide additional information to update her I-9 information. (Pltf. Depo., 41:7-14; 45:25-46:1-7, 61:11-62:3.)[2] Although Plaintiff now contends that Mr. Baum "refused" to accept her driver's license as identification and falsely told her there was an "unspecified problem" with her Social Security number, Plaintiff's testimony at her deposition was completely different. There, she testified that Mr. Baum told her there were *questions* regarding her Social Security number, and that she needed to provide him with either a birth certificate or her passport. When she asked him "what the problem was," he only stated that she needed to provide documentation. (Pltf. Depo., 42:11-24.) Plaintiff then brought in her passport the very next day, Mr. Baum looked at it and said "Okay," and never brought up this subject again. (Pltf. Depo., 44:7-23.) Plaintiff cannot now contradict her deposition testimony in order to oppose summary judgment. *Burrell v. Star Nursery, Inc.*, 170 F. 3d 951, 954 (9th Cir. 1999).

Plaintiff submits the declaration of Sandra Rodas in an attempt to establish that Mr. Baum questioned employees because of their national origin, Hispanic. However, Ms. Rodas, a former fleet service clerk, was asked to provide documentation to update her I-9 because she had an expired alien registration card, and her I-9 contained an incomplete Social Security number. She

---

[1] *See* Defendant's Objections to Declarations Submitted by Plaintiff, filed herewith.

[2] Excerpts to Plaintiff's deposition are attached to the Declaration of Kenneth R. O'Brien, Exhibit A, on file herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

was asked to bring in documentation to update her I-9 so she could continue to work. (Supp. Baum Decl., ¶¶ 22-26.) Plaintiff has no evidence that Human Resources only asked Hispanic employees for additional documentation for the I-9 audit or that it was Plaintiff's national origin that caused Mr. Baum to question her. Indeed, Plaintiff cannot present such evidence, for the 50 or so employees who were asked to update their I-9s included Hispanic, white, Asian, Pacific Islander and African-American employees. (Supp. Baum Decl., ¶ 23.) All that Plaintiff has is speculation that an impermissible reason motivated Mr. Baum's acts, and speculation is completely insufficient to create a triable issue of fact. *Wallis v. J.R. Simplot Co.*, 26 F. 3d 885, 890 (9th Cir. 1994); *Roley v. New World Pictures, Ltd.*, 19 F. 3d 479, 482 (9th Cir. 1994).

Plaintiff now contends that the basis for Mr. Baum's counselings and criticisms of her work performance could have been made because of her national origin or because of retaliation. That Plaintiff has no evidence of either discrimination or retaliation is glaringly revealed by Plaintiff's reference to her discussion of both these "allegations." (Pltf.'s Opp., 5:19-22.) A party opposing a motion for summary judgment must introduce sufficient evidence supporting the claimed factual dispute in order to require a jury to resolve the parties' different versions of the truth at trial. *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968). Thus, Plaintiff may not rest upon the mere allegations of her pleadings; rather, and as required by Rule 56(e), she can only meet her burden by setting forth "specific facts showing there is a genuine issue for trial." Fed. R. Civ. Pro. 56(e).

In opposition to American's motion, Plaintiff alleges Mr. Baum canceled training classes and then accused her of failing to hold the classes; criticized her for the loss of perishable goods; blamed her for the police visiting the homes of union members; and accused her of showing a confidential email to non-management employees. Plaintiff must do more than simply make allegations, voice opinion and offer speculation and conjecture. Mr. Baum did talk to Plaintiff about conducting loss and damage meetings because she was supposed to regularly schedule one meeting a month and did not. Mr. Baum did cancel a meeting which Plaintiff scheduled because it conflicted

with a crew chief meeting on May 8, 2001. (Baum Depo. 110:14-111:9; 111:18-112:6.)[3] Although Plaintiff alleges that Mr. Baum told another employee that she was responsible for the police visiting union members' homes during an investigation (Pltf. Decl., ¶ 18), Mr. Baum testified that he never told anyone that Plaintiff was responsible. (Baum Depo. 57:6-9.) In any event, Plaintiff has presented this Court with no evidence that Mr. Baum took any actions toward her *because she happened to be of Hispanic national origin or that his actions were retaliatory.*

While Plaintiff apparently refuses to accept any criticism about her performance at all and instead attributes discriminatory motives to Mr. Baum as well as blaming other employees for performance issues, one thing is clear—Plaintiff has not produced one iota of evidence to demonstrate that non-Hispanic employees who engaged in similar conduct were treated differently, that American conducted an audit of its employees' I-9 in order to discriminate against Hispanic employees or that Mr. Baum counseled Plaintiff not because of her performance but because she was Hispanic.

Finally, although Plaintiff now argues that Mr. Baum made repeated insults to her based upon her national origin (Pltf. Decl., ¶ 3), Plaintiff testified at her deposition that Mr. Baum *never* used any language toward her which contained slurs directed at her national origin. (Pltf. Depo., 33:12-18.) Moreover, when Plaintiff was asked what acts she believed were taken against her because of her national origin, she repeatedly answered *that she did not know.* (Pltf. Depo., 65:5-8.) Plaintiff cannot create a disputed issue of fact by now contradicting her deposition testimony. *Burrell v. Star Nursery, Inc.*, 170 F. 3d 951, 954 (9th Cir. 1999).

**B. No Triable Issue Of Fact Exists With Respect To Plaintiff's Claim Of Retaliation During Her Employment.**

Plaintiff has presented this Court with no evidence of retaliatory conduct taken towards her during her employment. Instead, she simply relies upon argument, opinion and speculation as to Mr. Baum's motives when he asked her to perform certain job duties and when he counseled her concerning her employment. *Roley, supra*, at 482 (plaintiff cannot meet her burden by

[3] These excerpts to the deposition of Mike Baum are attached to the Declaration of Paula Champagne as Exhibit A. All other excerpts to the deposition of Mike Baum cited in this memorandum are attached to the O'Brien Declaration as Exhibit C, already on file herein.

speculation or conjecture); *Steckl v. Motorola, Inc.*, 703 F. 2d 392, 393 (9th Cir. 1983) ("mere assertions" inadequate to create a triable issue of fact); *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F. 2d 1235, 1238 (9th Cir. 1982) (argument of counsel does not create a genuine issue of material fact).

Moreover, Plaintiff contradicts her deposition testimony yet again. Plaintiff admitted at her deposition that she had a lot of work to do and *did not have any problems with being asked to do more work.* (Pltf. Depo., 52:20-53:12.) Her job description required her to be "flexible and capable of adapting to constant change." (Baum Decl., Exh. A.) That job description specifically states that it is not designed to be interpreted as including all duties or responsibilities which may be required of the employee in the position. (Baum Decl., Exh. A.) Plaintiff also stated in writing that her definition of doing "an excellent job" is doing "more than [is] required to do." (Pltf. Depo., 55:1-8, Exh. 1.) Although Plaintiff argues that she was asked to perform duties which other employees should have performed, the fact remains that she was a member of management, her job description specifically stated it was not an all-inclusive list of duties, and there is no evidence Mr. Baum asked her to perform such duties to retaliate or discriminate against her. When Plaintiff performed some duties in an unsatisfactory manner, and when Mr. Baum received complaints about her, he counseled her. Plaintiff has presented no evidence that Mr. Baum had any discriminatory or retaliatory motive for counseling her, and Plaintiff has presented no evidence that any non-Hispanic employee engaged in similar conduct and were not counseled.[4]

The FEHA protects two type of conduct from retaliation: *opposition to* practices prohibited by the FEHA and *participation in* the proceedings of the DFEH or the FEHC. 2 Cal. Code Regs. § 7287.8. Opposition activity may consist of contacting the DFEH; opposing an employment practice which violates the FEHA; or contacting or communicating with a local civil rights agency regarding employment discrimination. 2 Cal. Code Regs. § 7287.8(a)(1)(A)-(E).

---

4 Plaintiff alleges in her brief that Mr. Baum falsely accused her of revealing information from personnel files. (Pltf. Opp. 7:6-7.) However, in her declaration, Plaintiff only states that Mr. Baum informed her that an employee had complained that she had revealed confidential information. (Pltf. Decl., ¶ 11.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

Participation activity may consist of contacting, communicating with or participating in the proceedings of the DFEH or the FEHC. 2 Cal. Code Regs. § 7287.8(a)(2)(A)-(B).

Plaintiff did not engage in either type of activity when she complained to Laurie Cleary and Pat Sakestaad of Human Resources. Her complaints were not about discrimination, but about the friction which existed between Plaintiff and Greta Betteo and the counseling she had received from Mr. Baum. (Pltf. Depo. 123:2-25, Exh. 4; 147:20-148:25, Exh. 7.)[5] Complaints about workplace friction or disagreements are not considered protected activity under the FEHA. *Ashkin v. Time Warner Cable Corp.*, 52 F. 3d 140, 144 (7th Cir. 1995) (complaints related to personality clash between two employees not protected activity); *Jurado v. Eleven-Fifty Corp.*, 813 F. 2d 1406, 1411 (9th Cir. 1987) (complaint based on personal disagreements not protected activity and insufficient to defeat summary judgment motion for retaliation.)

Finally, in order to unlawfully retaliate against Plaintiff, Mr. Baum had to have known of Plaintiff's complaints to Human Resources. It is undisputed that Mr. Baum did not know Plaintiff had ever complained to anyone in Human Resources while she was working at American. (Supp. Baum Decl., ¶ 2; Baum Depo. 204:17-25, 205:1-22.) Because Mr. Baum was completely unaware of any complaint made by Plaintiff—even if the complaints had been considered protected activity—Plaintiff cannot show any causation between her activity and any conduct engaged in by Mr. Baum. *Cohen v. Fred Meyer, Inc.*, 686 F. 2d 793, 796 (9th Cir. 1982) (plaintiff must produce evidence of a causal link between the employer's awareness that the plaintiff engaged in protected activity and the conduct taken.); *Dowe v. Total Actions Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998) (employer's knowledge of the protected activity is "absolutely essential").

### C. No Triable Issue Of Fact Exists As To Plaintiff's Third Cause Of Action For Retaliatory Termination.

Plaintiff filed a charge of discrimination on May 2, 2002, some two months after she left work on a leave of absence. (First Amended Complaint, Exh. B.) Plaintiff alleges that because Mr. Baum knew of her EEOC charge made one year earlier, her selection for the reduction in force

---

5 Plaintiff's complaint to Mr. Oebker, Exhibit C to her declaration, is dated March 4, 2002, the last day she worked (Exh. C, AA-354.) On March 15, 2002, Mr. Oebker wrote her, advising her he had investigated her claim of harassment and was unable to substantiate it. (Exh. C, AA-358.)



LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

in June 2003 was therefore retaliatory. Again, Plaintiff has presented no evidence of retaliation to this Court.

Plaintiff first argues that Mr. Baum acted with a retaliatory motive because he has given different reasons for Plaintiff's selection in the reduction in force. However, Mr. Baum has not given reasons which are contradictory. American's guidelines for management reduction in force, which Mr. Baum followed, provided that he was to evaluate the "criticality" of the employees in his organization as compared to other employees. (Baum Decl., Exh. H, p. AA-1331.) He was not only to consider the type of work his department did and would do in the foreseeable future, he also was to make his layoff selection so that he would be able to continue to accomplish the same work but with fewer employees. He was instructed by the guidelines to evaluate the criticality of each of his employees considering their specialized skills, knowledge, flexibility and work performance. (Baum Decl., Exh. H, p. AA-1328; Supp. Baum Decl., ¶ 4.)

Mr. Baum considered the fact that no one had replaced Plaintiff in her position as cargo claims coordinator for over a year; instead, her duties had been reassigned among the existing employees. Because the performance of the department had improved over that time (Supp. Baum Decl., ¶ 8), Mr. Baum believed Plaintiff's position to be the least critical in his department because her position simply no was longer necessary. (Supp. Baum Decl., ¶ 4.) As he stated in his declaration dated February 25, 2005, "I therefore determined that Plaintiff's role was not critical to the operation and selected her position for elimination." (Baum Decl., ¶ 17.) He also states in paragraph 18 that "This [that Plaintiff's role was not critical] was the sole reason I eliminated the cargo claims coordinator position." (Baum Decl., ¶ 18.)

Mr. Baum also evaluated the criticality of each of his employees pursuant to the reduction in force guidelines. (Supp. Baum Decl., ¶ 5-6, 13, 17.) When he logged on to American's website, he was asked to explain why the person he selected was less critical to his department. He therefore entered his assessment of Plaintiff—that her skills were limited and she was unable to multi-task—which he had completed pursuant to those guidelines. (Supp. Baum Decl., ¶ 7-12.) This assessment does not contradict his declaration that Plaintiff was not a critical employee.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

Plaintiff *admits* that she did not possess some of the skills and knowledge which were possessed by the five remaining CSMs (one of whom was Hispanic—Ms. Cuevas). Plaintiff only performed the role of acting CSM on occasion. (Pltf. Decl., ¶ 17.) Plaintiff had no experience in dealing with the environmental coordinator or the grounds security coordinator or in building shift bids for the fleet service clerks, agents and mail employees. (Pltf. Decl., ¶ 19.) Plaintiff had no experience in the mail operation. (Pltf. Decl., ¶ 20.) Plaintiff was not knowledgeable about facility maintenance or auditing dangerous goods, nor was she experienced in loss time or customer service manager forum representative duties. (Pltf. Decl., ¶ 20.) Plaintiff did not have the experience or knowledge to handle financial audits. (Pltf. Decl., ¶ 21.) She had no experience in managing head count, in the recycling program or in handling reductions in force and recalls. (Pltf. Decl., ¶ 21.)

Plaintiff further admits that there were complaints brought against her by Greta Betteo (Pltf. Decl., ¶ 12), and Plaintiff cannot dispute the fact that other employees brought complaints to Mr. Baum about her as well. (Baum Decl., ¶¶ 9, 13, 14 and 16.) Plaintiff was counseled by Mr. Baum for breaching confidentiality and for the friction with Ms. Betteo. (Baum Decl., ¶¶ 9, 11-16, Exhs. E, F, G.) She was finally asked to choose between correcting her performance or looking for work elsewhere at American. (Baum Decl., ¶ 15.)

Plaintiff has completely failed to establish that any causal connection exists between her filing an EEOC charge in May 2002 and her being selected for layoff in June 2003. *Tarin v. County of Los Angeles*, 123 F. 3d 1259, 1264 (9th Cir. 1997). Moreover, American has presented evidence of legitimate, non-discriminatory reasons for the elimination of Plaintiff's position. In order to defeat summary judgment, Plaintiff must show that American's proffered reasons for its actions were false and that the real reason was retaliation. *Kearney v. Town of Wareham*, 316 F. 3d 18, 25-26 (1st Cir. 2002). Plaintiff has not done so.

Plaintiff argues that American's reasons for selecting her for the reduction in force are false because American used subjective criteria, citing *Jauregui v. City of Glendale*, 852 F. 2d 1128, 1136 (9th Cir. 1988) and *Stender v. Lucky Stores, Inc.*, 803 F. Supp. 259, 320 (N.D. Cal. 1992) which cites to *Jauregui*. *Jauregui* is inapplicable because that case dealt with an Hispanic police officer who was denied promotion; the employer's decision was based in part upon subjective

criteria, such as interpersonal relationship skills. The plaintiff produced evidence that a white officer was promoted who also had been criticized for lack of interpersonal skills. *Id.* at 1135. In contrast, Plaintiff herein has identified no specific subjective criteria which American used in selecting her for the reduction in force. Mr. Baum personally worked with and observed his employees; he received complaints about Plaintiff; and he talked with and counseled her about her performance. He assessed her skills and performance, which were known to him and compared them with the skills and performance of his other employees. Plaintiff has not identified any subjective criteria which were used or which calls in to question American's selection decision. Moreover, Plaintiff has not identified any non-Hispanic employees who were similarly situated to Plaintiff but who were treated better, and Plaintiff ignores the fact that another Hispanic employee in Mr. Baum's department, Ms. Cuevas, was retained in employment.

It is undisputed that American had been reducing its workforce extensively, both before and after the events of September 11, 2001. It is undisputed that the management staff level at SFO Cargo shrank from 15, when Mr. Baum and Plaintiff began working there in June 2000, to only seven at the present time, including Mr. Baum. (Baum Decl., ¶ 16.) When Plaintiff's position was eliminated in June 2003, it was part of a system-wide reduction in force which eliminated a total of 30 cargo positions. (Baum Decl., ¶ 16.) At that time, Plaintiff had been off work for over 15 months, her responsibilities had been assumed by other employees, and she had not been cleared to return to work. To date, her position has never been reinstated. (Baum Decl., ¶ 16.) In addition, Mr. Baum followed the reduction in force guidelines and assessed the employees in his department. Based upon Plaintiff's performance problems, her skill and knowledge level and the fact that her position was no longer needed, he determined her position was the least critical one and should be eliminated. Plaintiff has not presented any evidence that American's stated reasons for selecting her for reduction in force—lack of criticality—is pretextual at all.

Plaintiff also claims that American's policy was not followed because Human Resources was to review Plaintiff's selection because she had made a complaint of discrimination against Mr. Baum. Plaintiff then alleges that no documents had been produced to indicate any such review took place. However, Plaintiff's argument is not evidence that American failed to follow its



LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

policy nor is it evidence of pretext. Karri Akerman, a senior representative for Human Resources, testified at her deposition that Human Resources conducts reviews of reductions in force.[6] Human Resources evaluates the reduction for adverse impact, and reviews whether any employees selected for layoff had made complaints. If there were complaints made against a manager, Ms. Akerman (or another Human Resources representative) would ensure that any complaint had been addressed appropriately and that appropriate action had been taken. (Akerman Depo. 16:3-17:6.) If a complaint was pending, or if Human Resources felt that a manager might not have handled a situation correctly, Human Resources could reverse the manager's selection decision. (Akerman Depo. 18:6-14; 19:1-22; 20:2-5.) While Ms. Akerman is the primary person who reviews data concerning reductions in force, there are others who perform such reviews as well. (Akerman Depo. 17:7-11.) Ms. Akerman, however, could not recall specific information concerning the June 2003 reduction. (Akerman Depo., 16:13-17.) Ms. Akerman's testimony does not support Plaintiff's argument that American did not follow its policies.

Finally, Plaintiff argues that her selection for reduction in force must have been retaliatory because two other management employees—Jerry Sorenson and Mary Ann Kerr—had performance issues. Plaintiff then contends Mr. Sorenson, a CSM, was intoxicated on the job. However, Plaintiff's contentions are a red herring because Mr. Sorenson transferred from San Francisco to Dallas in the spring of 2002 and thus was not considered by Mr. Baum at all during the reduction in force one year later in June 2003. (Supp. Baum Decl., ¶ 20.) Further, Mr. Baum never had any evidence of Mr. Sorenson's alleged intoxication. (Supp. Baum Decl., ¶¶ 18-19.) The fact that Plaintiff, in her opinion, thinks Ms. Kerr had performance issues does not establish that Mr. Baum retaliated against Plaintiff by laying her off.

It is axiomatic that Plaintiff's subjective view of her performance does not create a material dispute of fact. In *Bradley v. Harcourt Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996), the plaintiff was terminated and claimed sex discrimination. The defendant established it had legitimate nondiscriminatory reasons to terminate her, because of her poor performance and the fact

---

6 Excerpts from the deposition of Ms. Akerman are attached as Exhibit B to the Champagne Declaration filed herewith.

LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

that she asked a subordinate to lie. The Ninth Circuit held that an employee's subjective personal judgment of her competence alone does not raise a genuine issue of material fact. See *Schuler v. Chronicle Broadcasting Co., Inc.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (same). Similarly, an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, simply is not enough to survive a summary judgment motion. *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 96 (5th Cir. 1991) (plaintiff's own belief that his age motivated his employer's actions is of "little value").[7]

Finally, Plaintiff argues that her selection for the reduction in force did not save American money because she was on an unpaid leave of absence at the time. Plaintiff's argument is nonsensical, for as Mr. Baum explained, he had to reduce the number of *positions* in his department. He knew Suzanne Heck was transferring to Boston, so he eliminated her position and did not replace her. Had Plaintiff's position not been eliminated in the reduction, Plaintiff would have remained on a leave of absence. American allows employees to take medical leaves of up to five years with a return to their jobs. Thus, Plaintiff would have retained the right to return to work to her position had she not been selected for the reduction. (Supp. Baum Decl., ¶ 21.)

## III. CONCLUSION

Plaintiff's opposition is filled with accusations, speculation, opinion, hearsay and statements which contradict her sworn deposition testimony. She has failed to demonstrate that any material issues of fact exist concerning the reason Mr. Baum asked her for additional documentation concerning her I-9 form. She thus has no evidence of discrimination based upon her national origin. With respect to the complaints she made about Mr. Baum during her employment, she did not engage in protected activity; even assuming she did so, Mr. Baum had no knowledge of those complaints and thus she has failed to establish a causal connection between her complaints and any action taken by Mr. Baum. Finally, there is no triable issue of fact concerning her selection for the reduction in force. Plaintiff's position was eliminated as part of a Company-wide reduction in force,

---

[7] Plaintiff's contention that Mr. Baum purposefully delayed mailing her some paperwork does not create a disputed issue of fact. See Baum Decl., ¶¶ 15-16; *Steckl v. Motorola, Inc.*, 703 F. 2d 392, 393 (9th Cir. 1983) ("mere assertions" inadequate to create a triable issue of fact).



LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

which reductions have taken place over the last several years due to massive financial losses. Her responsibilities were assumed by other employees, and, as compared to other employees, she was considered the least critical employee in the department.

Accordingly, American requests that the Court grant its motion in its entirety.

Dated: May 19, 2005

Respectfully submitted,

PAULA CHAMPAGNE
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
AMERICAN AIRLINES, INC.

Firmwide:80026123.1 009001.1271



LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940