Apple Inc. v. Psystar Corporation Doc. 3118

MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900
Facsimile: (415) 882-9287

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; et al., Plaintiffs, v. STRAIGHT LINE CAULKING & WATERPROOFING, INC., Defendant. | CASE NO.: C 05-1367 JCS **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment in the within action may be entered in favor of the plaintiffs and against defendant Straight Line Caulking & Waterproofing, Inc. as follows:

1. Defendant entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. Pursuant to the Bargaining Agreement and the Trust Agreements of Plaintiff Funds as amended, which are incorporated into the Bargaining Agreement, defendant is indebted to plaintiffs in the sum of **$10,679.10** representing the underpaid portion of contributions found due and owing under the Bargaining Agreement following an audit of defendant's records for the period



Dockets.Justia.com

July 1, 1999 to January 31, 2003, under the Bargaining Agreement, liquidated damages of 20% and 6% per annum interest for these months; liquidated damages of $750.00 per month, plus 6% per annum interest; attorneys' fees and costs of this action as follows:

| | | |
|---|---|---|
| Amount found due on audit for the period July 1, 1999 to January 31, 2003: | | $8,622.45 |
| Contributions | $5,901.47 | |
| (Overpayments) | ($1,186.04) | |
| 10% Administrative Fee | $118.60 | |
| Interest | $2,358.27 | |
| 10% Liquidated Damages | $590.15 | |
| Testing Fees | $840.00 | |
| Liquidated Damages (additional 10% of contributions) | | $590.15 |
| Attorneys Fees (April 4, 2005 to May 11, 2005) | | $1,116.50 |
| Costs (filing & service) | | $ 350.00 |
| **TOTAL** | | $10,679.10 |

3. Defendant shall ***conditionally*** pay the amount of $9,498.80, which represents the amounts due in paragraph 2 above, less the liquidated damages of $1,180.30 (2 x $590.15), as follows: Beginning on June 1, 2005, and continuing on or before the 1st of every month thereafter for a period of 12 months (through May 1, 2006), defendant shall pay to plaintiffs the amount of **$814.00.**

i. Defendant shall have the right to increase the monthly payments at any time;

ii. Payments shall be applied first to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum from June 1, 2005, until paid in full, in accordance with plaintiffs' Trust Agreements;

iii. Payments shall be made to the "Glaziers Trust Funds," and delivered to Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105 **to be received on or before the 1st of each month as stated above**, or to such other address as may be specified by plaintiffs. In the event that any check is not timely submitted or submitted by

defendant but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered. If this occurs, plaintiffs shall make a written demand to defendant to cure said default. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs. If defendant elects to cure said default, all future payments shall be made by cashier's check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

iv. Prior to the final payment being made under this Stipulation, the Trustees shall determine whether the conditional waiver of liquidated damages owed by defendant shall be granted, pursuant to the terms of the Trust Agreements and Trust policies. For any liquidated damages not waived, defendant shall continue to make monthly payments in the amount stated in Paragraph 3 above, until this judgment is satisfied.

4. Beginning with contributions due for hours worked by defendant's employees during the month of May 2005, to be received by the Trust Funds no later than June 30, 2005, and for every month thereafter until this judgment is satisfied, defendant **shall remain current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. **Copies of defendant's monthly reports and contribution checks shall be faxed to plaintiffs' counsel at (415) 882-9287 prior to their mailing to the Trust Funds**. Failure by Defendant to remain current in its contributions due shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on those contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of contributions due to plaintiffs and the provisions of this agreement are in addition thereto.

5. It is further stipulated and agreed that Ralph William Titus, "RMO" of Defendant Straight Line Caulking & Waterproofing, Inc., shall personally guarantee payment of the amounts

owed by defendant to the plaintiffs, under the terms of this Stipulation. In consideration of the terms of this Stipulation, defendant, and Titus ("Guarantor"), submit herein to the jurisdiction of this Court and stipulate to the terms set forth herein for any additional payments due to Plaintiffs pursuant to paragraphs 3 and 4 herein.

6. In the event that Defendant or its Guarantor fails to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 4 above, then,

(A) The entire balance of **$10,679.10**, less principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon as provided in above paragraph 4 shall be immediately due, together with any additional attorneys' fees and costs under section (D) below.

(B) A writ of execution may be obtained against Defendant, and/or Guarantor Ralph William Titus without further legal action, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default.

(C) Defendant, and Guarantor Ralph William Titus waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. Judgment may be entered by a magistrate or a judge without the necessity of a noticed motion.

(D) Defendant, or Guarantor Ralph William Titus shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection of the amounts owed by defendant to plaintiffs under this Stipulation.

7. Any failure on the part of the plaintiffs to take any action against defendant or Guarantor Ralph William Titus as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant or Guarantor of any provisions herein.

8. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant and Guarantor for the collection of any additional contribution delinquencies found to be due for

the hours worked during the periods preceding the date of this Stipulation. Defendant and Guarantor specifically waive the defense of the doctrine of res judicata in any such action.

Dated: May 26, 2005 Straight Line Caulking & Waterproofing, Inc.

/s/
By: Ralph William Titus
Its: RMO

Dated: May 26, 2005 Ralph Titus

/s/
Individual Guarantor

Dated : June 2, 2005 SALTZMAN & JOHNSON LAW CORPORATION

By: /s/
Muriel B. Kaplan
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated:________________

_______________________________
UNITED STATES DISTRICT COURT JUDGE