ALSCHULER GROSSMAN STEIN & KAHAN LLP
Vincent K. Yip (No. 170665)
vyip@agsk.com
Terry D. Garnett (No. 151212)
tgarnett@agsk.com
Peter J. Wied (No. 198475)
pwied@agsk.com
Maxwell A. Fox (No. 200016)
mfox@agsk.com
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000

Attorneys for Defendants
AU OPTRONICS CORPORATION, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARP CORPORATION a.k.a. SHARP KABUSHIKI KAISHA,

Plaintiff,

vs.

AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION AMERICA, VIEWSONIC CORPORATION, BENQ CORPORATION, BENQ AMERICA, ENVISION PERIPHERALS INC. d/b/a AOC MONITORS, PROVIEW TECHNOLOGY, INC., SCEPTRE TECHNOLOGIES, INC., ACER, INC., AND ACER AMERICA CORPORATION,

Defendants.

CASE NO. C03-04244 MMC (JCS)

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE ON MISCELLANEOUS TOPICS**



Dockets.Justia.com

Defendants' Motions in Limine on Miscellaneous Topics came for hearing before this Court on July 12, 2005. The parties were represented by their respective counsel of record. The Court, having received and considered the parties' papers in support of and in opposition to Defendants' Motions in Limine on Miscellaneous Topics, having heard and considered the arguments of counsel:

IT IS HEREBY ORDERED that Defendants' Motions in Limine on Miscellaneous Topics are GRANTED,

and IT IS ORDERED that:

[(1) The Court will instruct the jury that during license negotiations between plaintiff Sharp Corporation and third party International Business Machines Corporation, (1) none of the patents-in-suit were discussed and (2) Sharp did not demand, and IBM did not pay, consideration for any of the patents-in-suit under the terms of either the 1986 or the 1996 license agreements between IBM and Sharp.] or, alternatively

[(1) Sharp is precluded from offering any evidence regarding its license agreements and negotiations with IBM.]

(2) Sharp is precluded from calling Brian Graham as a witness.

(3) Sharp's witnesses, including those called by deposition, are precluded from testifying about statements made during settlement negotiations between Sharp and AUO to show liability or the amount of alleged damages.

(4) Sharp's witnesses, including those called by deposition, are precluded from testifying about Sharp's alleged "history of innovation" and alleged "investment in technology" not related to the patents-in-suit.

(5) Attorney colloquy and objections shall be omitted from any deposition testimony presented to the jury.

IT IS SO ORDERED.

Date: ___________________ ______________________________________

United States District Judge