Apple Inc. v. Psystar Corporation Doc. 3212



# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

EMER LASCANO MANDOCDOC

(Name and Address of Defendant)

## CRIMINAL COMPLAINT [redacted]

CASE NUMBER: 4 05 70425 WDB

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 6, 2004 in Alameda county, in the Northern District of California defendant(s) did, (Track Statutory Language of Offense)

knowingly make material false statements in his security seal application,

in violation of Title 18 United States Code, Section(s) 1001(a)(2).

I further state that I am a(n) ICE Special Agent (Official Title) and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT.

CLASS E FELONY PENALTIES: Maximum Term of Imprisonment of Five Years
Maximum Supervised Release of One Year
Maximum Fine of $250,000
Mandatory Special Assessment of $100

SERVICE REQUESTED: No bail arrest warrant.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Approved As To Form: [signature]
AUSA: DENEE A. DILUIGI

[signature]
Name/Signature of Complainant: DEREK J. OHLANDER

Sworn to before me and subscribed in my presence,

6-17-05 at San Francisco, California
Date City and State

HON. MARIA-ELENA JAMES
Untied States Magistrate Judge
Name & Title of Judicial Officer

[signature]
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

Dockets.Justia.com

NORTHERN DISTRICT OF CALIFORNIA )
)
) ss. AFFIDAVIT
)
City of San Francisco, County of San Francisco )

## AFFIDAVIT OF DEREK J. OHLANDER

I, Derek J. Ohlander, a Special Agent with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), being duly sworn, depose and state:

## INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. I am a Special Agent with ICE, assigned to the office of the Special Agent in Charge, San Francisco, and have been employed by INS, now ICE, since 1996. I hold a Bachelor's degree from USC and completed Basic Police Training, Immigration Agent Training, and have eight years of experience as a Criminal Investigator. My training and experience covered matters of criminal law, federal rules of criminal procedure, investigative techniques, and violations of Title 18, United States Code, specifically including 18 U.S.C. § 1001 (False Statements or Entries Generally).

2. The statements contained in this affidavit are based on my personal knowledge and information related to me by the DHS as well as other federal, state, and local law enforcement officers.

3. This Affidavit is made in support of a complaint against EMER LASCANO MANDOCDOC ("MANDOCDOC") for a violation of Title 18, U.S.C., Section 1001(a)(2) – False Statement(s).

## APPLICABLE UNITED STATES CODE PROVISIONS

4. Title 18, United States Code, Section 1001 provides, in relevant part: "[e]xcept as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious,

or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, . . . both."

## FACTS TO SUPPORT PROBABLE CAUSE

5. In 2004, I received an assignment to conduct investigations into employment applications for OAK employees believed to be either undocumented aliens or serious felons working in secured areas of OAK. During the course of this investigation, I reviewed various employment documents, criminal history documents, and other relevant documents related to MANDOCDOC. The documents I reviewed revealed the following:

a. On December 6, 2004, MANDOCDOC applied to the United States Customs Inspectors for a security seal to work in secure areas of OAK. In applying for this seal, MANDOCDOC completed Customs Form 3078. Section 31 of Form 3078 asked whether the applicant has ever been convicted of any crime or offense in this country or elsewhere (other than traffic violations or violations occurring before the applicant's sixteenth birthday). MANDOCDOC answered Section 31 with a "NO".

b. When the Port of Oakland Aviation Security Office submitted MANDOCDOC's fingerprints to complete a criminal background investigation, the Port learned that MANDOCDOC had a criminal history. The Port then maintained the result report containing MANDOCDOC's criminal history obtained via submission of his fingerprints.

c. Querying law enforcement databases, I discovered that MANDOCDOC appeared to have a Federal Bureau of Investigation ("FBI") number of 383421XB7 and a California Identification Index ("CII") number of A23159103. After discovering that MANDOCDOC may indeed have a criminal history, I gathered court documents related to the FBI number and the CII number, including conviction information and certified copies of the fingerprints associated with the files. I also obtained the Port result report related to MANDOCDOC's criminal history.

d. On January 13, 2005 I submitted the certified copies of the fingerprints I gathered along with the fingerprints obtained from MANDOCDOC's OAK airport identification badge application for comparison analysis. The ICE Forensic Document Laboratory completed the fingerprint analysis and verified that the fingerprints associated with FBI number 383421XB7 and CII number A23159103 matched the Port result report related to MANDOCDOC's criminal history.

e. According to the criminal records associated with certified copies of MANDOCDOC's fingerprints, MANDOCDOC pled nolo contendere to a second degree burglary charge for which a conviction was entered and he received an 18 month term of probation. Criminal records also indicate that MANDOCDOC pled nolo contendere to the possession, manufacture, and sale of a dangerous

weapon for which he a conviction was entered and he received an 18 month term of probation.

PROBABLE CAUSE STATEMENT

6. I respectfully submit that the above presented facts establish probable cause to believe that EMER LASCANO MANDOCDOC knowingly made material false statements in his security seal applications to work inside a secured area of OAK, in violation of Title 18, United States Code, Section 1001(a)(2).

DEREK J. OHLANDER
Special Agent
U.S. DHS, ICE

Sworn and subscribed to before me
This 17 day of June, 2005

MARIA-ELENA JAMES
United States Magistrate Judge