PAUL, HASTINGS, JANOFSKY & WALKER LLP
WILLIAM S. WALDO (SB #73973)
M. KIRBY C. WILCOX (SB# 78576)
ELIZABETH A. FALCONE (SB #219084)
EMILY J. RATTE (SB #233241)
Twenty-Fifth Floor
515 South Flower Street
Los Angeles, CA 90071-2371
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
TRENDWEST RESORTS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. STEVEN WILEY, JAMES G. HARRIS, and FRED DINELEY, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRENDWEST RESORTS, INC. (TRI), a foreign corporation, JELD-WEN, INC., a foreign corporation, and Does 1-10,<br><br>Defendants. | No. C-04-4321-SBA<br><br>**DEFENDANT TRENDWEST RESORTS, INC.'S NOTICE OF ERRATA**<br><br>Date: August 9, 2005<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Date Filed: July 26, 2005<br>Judge: Hon. Saundra Brown Armstrong |

Defendant Trendwest Resorts, Inc., submits the following errata to its Notice of Motion and Motion to Transfer Venue, Memorandum of Points and Authorities in Support Thereof, and Declaration of William S. Waldo, filed on July 19, 2005. The Declaration of William S. Waldo was inadvertently filed without Exhibits A and B. An amended Declaration of William S. Waldo is filed concurrently herewith.

DATED: July 26, 2005

PAUL, HASTINGS, JANOFSKY & WALKER LLP
WILLIAM S. WALDO
M. KIRBY. C. WILCOX
ELIZABETH A. FALCONE
EMILY J. RATTÉ

By: /s/ William S. Waldo
WILLIAM S. WALDO

Attorneys for Defendant
TRENDWEST RESORTS, INC.

PAUL, HASTINGS, JANOFSKY & WALKER LLP
WILLIAM S. WALDO (SB #73973)
M. KIRBY C. WILCOX (SB# 78576)
ELIZABETH A. FALCONE (SB #219084)
EMILY J. RATTE (SB #233241)
Twenty-Fifth Floor
515 South Flower Street
Los Angeles, CA 90071-2371
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
TRENDWEST RESORTS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. STEVEN WILEY, JAMES G. HARRIS, and FRED DINELEY, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRENDWEST RESORTS, INC. (TRI), a foreign corporation, JELD-WEN, INC., a foreign corporation, and Does 1-10,<br><br>Defendants. | No. C-04-4321-SBA<br><br>***AMENDED* DECLARATION OF WILLIAM S. WALDO IN SUPPORT OF TRENDWEST'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT**<br><br>Date: August 9, 2005<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Date Filed: July 26, 2005<br>Judge: Hon. Saundra Brown Armstrong |

I, William S. Waldo, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California and before this Court. I am a partner with the law firm of Paul, Hastings, Janofsky & Walker LLP, attorneys of record for Trendwest Resorts, Inc.

2. If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3. Attached as Exhibit A is a true and correct copy of the complaint filed on April 19, 2005, in the Nevada District Court of Clark County, entitled *Ronnie Williams, on behalf of himself and all others similarly situated, v. Trendwest Resorts, Inc.*

4. Attached as Exhibit B is a true and correct copy of Trendwest's notice of removal filed on May 13, 2005, in the United States District Court for the District of Nevada.

Executed this 26th day of July, 2005, at Los Angeles, California.

/s/ William S. Waldo
WILLIAM S. WALDO

SF/373558.1

# EXHIBIT A

EXHIBIT A

COPY

SUMM
Mark Thierman, NSB 8285
7287 Lakeside Drive, Reno NV 89511
(775) 284-1500
Leon Greenberg, NSB 8094
633 S. 4th St. Las Vegas NV 89101
(702) 383-6085
Attorneys for Plaintiff

DISTRICT COURT
CLARK COUNTY, NEVADA

RONNIE WILLIAMS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARY SITUATED,

Plaintiff(s),

-vs-

TRENDWEST RESORTS, INC.

Defendant(s).

CASE NO. A 50272
DEPT. NO. XXI

**SUMMONS - CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   b. Serve a copy of your response upon the attorney whose name and address is shown below.

...

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted By:

[signature]
(Signature)

Name: Leon Greenberg, Esq.
Address: 633 South 4th Street - Suite 9
City/State/Zip: Las Vegas, Nevada 89101
Telephone: (702) 383-6085
Attorney for: Plaintiff

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

CHARLENE MARIANO APR 1 9 2005

By: Deputy Clerk DISTRICT COURT SEAL Date

Clark County Courthouse
200 South Third Street
Las Vegas, NV 89155

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

COPY

COMP

Mark R. Thierman, NSB 8285
Micheline N. Fairbank, NSB 8062
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Leon Greenberg, NSB 8094
A Professional Corporation
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
Telephone (702) 383-6085

Attorneys for Plaintiffs

FILED
APR 19 3 12 PM '05
[signature]
CLERK

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

A502729

RONNIE WILLIAMS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

TRENDWEST RESORTS, INC.,

Defendants.

Case No.: A502729

Dept. No.: XXI

CLASS ACTION COMPLAINT FOR VIOLATION OF STATE AND FEDERAL LABOR LAWS

Now comes Plaintiff, for himself and all others similarly situated, and allege the following upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or

more employees for and in behalf of himself or themselves and other employees similarly situated." A consent to sue form has been filed with this Complaint.

2. Venue is proper in the District Court of Nevada, Eighth Judicial District, because Defendant conducts business in Clark County Nevada, Plaintiff resides in Henderson, Nevada, Plaintiff worked for Defendant in Las Vegas, and the acts complained of herein happened in or around Las Vegas.

**BACKGROUND AND PARTIES**

3. Plaintiff Ronnie Williams ("Williams"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by his undersigned attorneys, brings this action against Defendant Trendwest Resorts, Inc. ("Trendwest" or "Defendant").

4. Trendwest is an Oregon Corporation, with its principal place of business in Redmond, Washington. Defendant is engaged in the business of selling real estate with offices in Washington, California, Oregon, Nevada, Florida, Idaho, Utah, Missouri, Arizona, Hawaii and various locations outside the United States.

5. Trendwest derives over $400 million per year of revenue from the developing, marketing, management and sales of fractional interests in "time-share" condominiums and resorts. Defendant's stock is traded on the New York Stock exchange under the symbol TWRI.

6. Less than fifty (50) percent of Trendwest's dollar volume of sales is made within any one state in which any of its establishments are located, such that Trendwest is not primarily

engaged in selling to or serving customers within this or any other single State.

7. Plaintiff Williams is an individual who resides in Henderson, Nevada. Williams worked for Trendwest from February 1994 until February 1, 2005. Williams worked in Trendwest's Las Vegas office from January 2002 until February 1, 2005. Trendwest paid Plaintiff and all other sales persons on a commission-only basis.

8. Upon information and belief, Trendwest employed hundreds of such inside sales persons within the United States on a commission only basis within the last three years.

9. Plaintiff seeks certification as a class of all salespersons who worked for Trendwest in any state other than California within the last three (3) years immediately preceding the filing of the Complaint, pursuant to 29 U.S.C. §216(b).

**FACTUAL ALLEGATIONS**

10. Trendwest employs salespersons like Plaintiff who either work at Defendants' marketing center at a condominium resort (on site) or in an office making telephone solicitations (off site) who are paid solely on a commission basis

11. Trendwest pays its sales force on commission-only basis. The amount of their pay does not depend upon the number of hours they worked in a given workweek, but upon the number of sales they make. They do not receive any guaranteed pay per workweek or any guaranteed minimum hourly wage. Trendwest salespeople regularly work in excess of forty (40) hours per week.

12. Trendwest, which is in the business of selling real estate, is not engaged in an industry having a "retail concept" as

that term is defined by the United States Department of Labor at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

13. Pursuant to Section 16(b) of the FLSA, Plaintiff brings this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of himself and all persons similarly situated within the class of salespersons employed by Trendwest in any State except California within three (3) years of the filing of this Complaint until entry of judgment after trial.

14. In respect to the Nevada State Law claims set forth in the Second and Third Claims for relief, the Plaintiff brings this action as a class action pursuant to N.R.C.P Rule 23 on behalf of himself and a subclass (the "Nevada Subclass") of all similarly situated salespersons employed by Trendwest in the State of Nevada within three (3) years of the filing of this Complaint until entry of judgment after trial.

15. Plaintiffs are informed and believe, and based thereon allege that there are at least 500 putative class members nationwide and over 100 Nevada Subclass members. The actual number of class and subclass members is readily ascertainable by a review of Trendwest's records through appropriate discovery.

16. The number of class members is so numerous that joinder is impracticable and would involve hundreds or thousands of actions. Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

17. There is a well-defined community of interest in the questions of law and fact affecting the class and the Nevada Subclass as a whole.

18. Proof of a common or single set of facts will establish the right of each member of both classes to recover. These common questions of law and fact predominate over questions that affect only individual class members. Plaintiff's claims are typical of those of the class and the Nevada Subclass.

19. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption, and 3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

20. Plaintiff will fairly and adequately represent the interests of the class and the Nevada Subclass, and has no interests that conflict with or are antagonistic to the interests of the class or the Nevada Subclass.

21. Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

22. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual

remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**FIRST CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

23. Plaintiff repeats the allegations set forth in paragraphs 1 through 22 as if each were separately and completely set forth herein.

24. The defendant Trendwest is in the business of developing and marketing time-share condominiums and resorts." Defendant is a real estate company required to be licensed by the Real Estate licensing authorities in the states in which it does business, and the inside sales persons within the overtime class described above are all required to be licensed by the states in which they conduct business.

25. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

26. There is an exemption from overtime compensation for inside salespersons employed by a retail establishment who are paid on a commission basis. Specifically, the relevant portion of the FLSA provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee ***of a retail***

> ***or service establishment*** for a workweek in excess of the applicable workweek specified therein, if: (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. [Emphasis added.]

27. The United States Code, 29 U.S.C. § 213(a)(2), defines the term "retail or service establishment" as an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.

28. The United States Department of Labor has defined the term "retail or service establishment" and recognized as retail sales or services in the particular industry at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

29. The business "of developing and marketing time-share condominiums and resorts" is not a retail business as that term is defined by the United States Department of Labor at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

30. Specifically, at 29 CFR 779.317, the United States Secretary of Labor has concluded that "real estate companies" do not have a "retail concept" and the sales people they employ are not exempt from overtime pursuant to 29 U.S.C. § 207(i).

31. By their conduct, as set forth herein, Defendant violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek and at certain times violated 29 U.S.C. § 206 by failing to pay a minimum wage to employees during certain weeks of employment.

32. As a result of the unlawful acts of Defendant, Plaintiff and the Plaintiff class members have been deprived of overtime pay and/or minimum wages in amounts to be proven at trial.

33. At all relevant times, Defendants were aware of the duties performed by the Plaintiffs and the FLSA Class. Defendants were also fully aware that the duties of Plaintiffs and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

34. Defendants' violations of 29 U.S.C. §207(a) and 29 U.S.C. § 206 were repeated, willful and intentional.

35. Plaintiff, on behalf of himself and all of the FLSA class members who chose to join this action by filing written consents to joinder with the Court, demand judgment against Defendants for the unpaid balance of overtime compensation and/or minimum wages, plus an equal amount as liquidated damages, along with reasonable attorneys' fees and costs of suit, and such other relief as the court deems proper and just.

**SECOND CLAIM FOR RELIEF UNDER NEVADA'S LABOR LAWS**

36. The plaintiff repeats the allegations set forth in paragraphs 1 through 35 as if each were separately and completely set forth herein.

37. The plaintiff brings this Second Claim for Relief against the defendant pursuant to NRS § 608.016 and NRS § 608.100 for payment of their full earned wages and all wages owed to them under any statute, NRS § 608.250, for non-payment of minimum wages, NRS § 608.018, for non-payment of overtime wages and NRS § 608.019, for payment of unpaid rest periods, on behalf of himself and the Nevada

Subclass members.

38. Pursuant to NRS § 608.016 and NRS § 608.100 the plaintiffs were entitled to the payment of their full wages for each hour or portion thereof that they worked in the amount promised by their contract of employment and the plaintiffs were also entitled to the full payment of any wages required by any statute or regulation, pursuant to NRS § 608.250 the plaintiffs were entitled to an hourly minimum wage, and pursuant to NRS § 608.018 those plaintiffs who were paid less than $7.73 an hour were also entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 8 hours a day or 40 hours a week, and the plaintiffs were not paid such required wages.

39. Pursuant to NRS § 608.019 the plaintiffs were entitled to paid rest time equal to 10 minutes for every 4 hours of work or major fraction thereof each day and the defendant failed to provide the paid rest time required by such statute.

40. The plaintiff on behalf of himself and the Nevada Subclass members, seeks, on this Second Claim for Relief, a judgment against defendant for unpaid wages and/or minimum wages and/or overtime wages and unpaid rest time, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs, and also seek an award of attorney's fees, interest and costs, as provided for by Nevada Law.

**THIRD CLAIM FOR RELIEF UNDER N.R.S. § 608.040**

41. The plaintiff repeats the allegations set forth in paragraphs 1 through 40 as if each were separately and completely set forth herein.

42. The plaintiff brings this Third Claim for Relief pursuant to Nevada Revised Statutes § 608.040.

43. The plaintiff, and numerous members of the Nevada Subclass, prior to the initiation of this litigation, were discharged or resigned from their employment with the defendant and at the time of such discharge or resignation were owed unpaid wages by the defendant.

44. The defendant has failed and refused to pay the plaintiff and numerous members of the Nevada Subclass their earned but unpaid wages, such conduct by the defendant constituting a violation of N.R.S. § 608.020, or § 608.030 and giving rise to a claim under N.R.S. § 608.040.

45. As a result of the foregoing the plaintiff seeks on behalf of himself and numerous similarly situated members of the Nevada Subclass, a judgment against the defendant for the penalty prescribed by Nevada Revised Statutes § 608.040, to wit, for a sum equal to up to thirty days wages, along with interest, costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff class members demand judgment against Defendant as hereinafter set forth, including, *inter alia*:

(a) Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendant to provide to Plaintiff with a list of all persons employed by it as salesperson during the past three (3) years, including the last known address and telephone

number of each person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(b) Determine the damages sustained by Plaintiffs and Plaintiff class members as a result of Defendants' violations of 29 U.S.C. §216(b), and award those damages against Defendants and in favor of Plaintiffs and all members of the FLSA Class, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(c) Certify the plaintiff's claims under Nevada law pursuant to N.R.C.P. § 23 as a class action and award an appropriate judgment against the defendant for damages to the plaintiff and the Nevada Subclass members;

(d) Award Plaintiffs and Plaintiff class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(e) Grant Plaintiff and the Plaintiff class members such other and further relief as the Court may deem just and proper.

Plaintiff further demands a trial by jury on all issues so

triable.

Submitted by the attorneys for the Plaintiffs and the Class,

Leon Greenberg Professional Corporation
The Thierman Law Firm

By: ____________________
Leon Greenberg, Esq.
Nevada Bar No.: 8094
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
(702) 383-6085
Attorney for Plaintiff

# EXHIBIT B

# EXHIBIT B

PATRICK HICKS (Nevada St. Bar # 4632)
RICK D. ROSKELLEY (Nevada St. Bar # 3192)
LITTLER MENDELSON
3960 Howard Hughes Pkwy, Ste 300
Las Vegas, Nevada 89109
Telephone: (702) 862-8800
Facsimile: (702) 862-8811

Attorneys for Defendant
TRENDWEST RESORTS, INC.

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD

2005 MAY 13 P 3:59

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CV-S-05-0605-RCJ-LRL

RONNIE WILLIAMS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

vs.

TRENDWEST RESORTS, INC.,

Defendants.

**DEFENDANT TRENDWEST RESORTS, INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PLAINTIFF RONNIE WILLIAMS AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Trendwest Resorts, Inc. ("Petitioner/Defendant") hereby removes this action from the District Court of Clark County, Nevada to the United States District Court for the District of Nevada. This removal is based on two alternative bases for removal: first, it is based on federal question jurisdiction, pursuant to 28 U.S.C. Sections 1331, 1367 and 1441(b), second, it is based on diversity of citizenship jurisdiction under 28 U.S.C. Sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9) and 1441(a) and (b). Removal is proper for the reasons stated below:

**REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

1. On or about April 19, 2005, plaintiff Ronnie Williams ("Plaintiff") filed a Complaint in the District Court of Clark County, Nevada entitled: "Ronnie Williams, on Behalf of

Himself and All Others Similarly Situated, Plaintiff(s) v. Trendwest Resorts, Inc., Defendant(s)," designated as Case No. A502729. The Complaint alleges the following three purported causes of action against Petitioner/Defendant: (1) alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, due to failure to pay overtime; (2) alleged violations of Nevada's labor laws, specifically Nevada Revised Statutes §§ 608.016, 608.100, 608.250, 608.018 and 608.019, for non-payment of wages, non-payment of overtime, unpaid rest periods, and failure to pay minimum wage; and (3) alleged violations of Nevada Revised Statutes §§ 608.040, 608.020 and 608.030, failure to pay wages at time of discharge. A copy of the Summons and Complaint are attached as Exhibit "A" to the Declaration of Rick D. Roskelley ("Roskelley Declaration"), attached hereto.

2. On April 25, 2005, Plaintiff, through his counsel, caused a copy of the Summons and Complaint to be served on Petitioner/Defendant. See ¶ 2 of Roskelley Declaration. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based and may be removed. No other initial pleadings were received by Petitioner/Defendant prior to May 13, 2005. Id. Accordingly, this Notice of Removal is being filed within thirty (30) days after receipt by Petitioner/Defendant of the initial pleading and is timely filed pursuant to 28 U.S.C. Section 1446(b).

3. Notice of this removal is being given to both the adverse party and the state court pursuant to 28 U.S.C. Section 1446(d). See ¶ 3 of Roskelley Declaration, which constitutes all process, pleadings and orders served on or by Petitioner/Defendant in this action. See Roskelley Declaration, ¶ 3.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. sections 1331 and 1367. Plaintiff's first cause of action is based entirely on alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 213. *See* Complt. ¶¶ 13, 23-35. Accordingly, Defendant may remove this action because it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441.

5. Pursuant to 28 U.S.C. section 1367(a), the Court has supplemental jurisdiction over plaintiff's remaining causes of action because they are substantially related to plaintiffs' first cause of action. Because these causes of action arise from the same common nucleus of operative

facts as do the first cause of action, all should be tried in one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over Plaintiff's entire Complaint. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

6. Accordingly, this entire action may properly be removed to this Court.

**REMOVAL BASED ON DIVERSITY JURISDICTION**

In the alternative, removal is appropriate based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

7. This is a civil action over which this Court has jurisdiction because of diversity of citizenship between the parties and the amount in controversy.

8. The Complaint, filed after February 18, 2005, commenced the action by Ronnie Williams, individually, and on behalf of the class of persons he seeks to represent. *See* Cmplt., ¶ 3.

9. According to the Complaint, there are "at least 500 putative class members nationwide." *See* Cmplt., ¶ 15.

10. The Complaint may be properly removed on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that it is a class action in which the named plaintiff, Ronnie Williams, is a citizen of a state different from Defendant and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, for the following reasons:

(a) Plaintiff alleges that he is a citizen of the State of Nevada within the meaning of 28 U.S.C. § 1332(a), because at all relevant times, he was domiciled in the State of Nevada. *See* Cmplt. ¶ 2.

(b) Defendant Trendwest Resorts, Inc. is an Oregon corporation with its principal place of business in Redmond, Washington. *See* Cmplt, ¶ 4. Consequently, Defendant is a citizen of the States of Oregon and Washington within the meaning of 28 U.S.C. § 1332(a). Thus, the named plaintiff is a citizen of a state different from Defendant.

(c) Pursuant to 28 U.S.C. § 1453(b), a class action "may be removed to a district court of the United States . . . without regard to whether any defendant is a citizen of the State in which the action is brought." In addition, a class action "may be removed by any defendant without the consent of all defendants."

(d) The amount in controversy exceeds $5,000,000. The Complaint alleges the existence of over 500 alleged putative class members. *See* Cmplt, ¶ 15. Plaintiff is seeking damages for alleged unpaid wages and overtime on behalf of each of those plaintiffs, as well as liquidated damages under 29 U.S.C. § 216(b). *See* Cmplt., Prayer for Relief.

11. The Court may not decline to exercise jurisdiction over the action pursuant to 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4), as Plaintiff cannot establish that at least one-third of the members of the proposed plaintiff classes are citizens of the State of Nevada. Plaintiff's Complaint alleges that there are at least 500 total putative class members, but only 100 within Nevada. *See* Cmplt, ¶ 15.

WHEREFORE, Petitioner/Defendant hereby removes the above-entitled action now pending in the District Court of Clark County, Nevada to this Court.

DATED: May 13, 2005

By: [signature]
PATRICK H. HICKS
RICK D. ROSKELLEY
LITTLER MENDELSON

Attorneys for Defendant
TRENDWEST RESORTS, INC.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89109-0920. On May 13, 2005, I served the within document(s):

**NOTICE OF REMOVAL**

.. by facsimile transmission at or about __________ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

X by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

.. by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

.. by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Leon Greenberg, Esq.
633 South Fourth Street, Suite 9
Las Vegas, NV 89101

Mark Thierman, Esq.
7287 Lakeside Drive
Reno, NV 89511

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice, it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 13, 2005, at Las Vegas, Nevada.

Michelle Cellini

# DECLARATION OF RICK D. ROSKELLEY

I, Rick D. Roskelley, declare and state as follows:

1. I am a shareholder in the law firm of Littler Mendelson, the attorneys of record for Defendant Trendwest Resorts, Inc. ("Defendant"), and am admitted to practice before this Court. Except as otherwise indicated, I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would testify competently thereto.

2. A true and correct copy of the Summons and Complaint in the form received by Defendant on April 25, 2005 is attached hereto. This copy is the initial pleading received by Defendant. As of today, no other initial pleadings have been received by Defendant.

3. Notice of this removal is being given both to the adverse party and to the State Court pursuant to 28 U.S.C. § 1446(d). True and correct copies of the Notice of Removal to the Adverse Party and to the State Court are attached hereto as and constitute all process, pleadings and orders served on or by Defendant in this action to date.

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct, executed this 13 day of May, 2005 in Las Vegas, Nevada.

Rick D. Roskelley

Las_Vegas:34534.1 041582.1000