Apple Inc. v. Psystar Corporation Doc. 3226

EDWIN J. WILSON, JR., No. 48881
Email: ewilson@ebhw.com
BRENDA AGUILAR-GUERRERO, No. 151257
Email: baguilar-guerrero@ebhw.com
ERICKSON, BEASLEY, HEWITT & WILSON LLP
483 Ninth Street, Suite 200
Oakland, California 94607
Telephone: (510) 839-3448; Fax: (510) 839-1622

Attorneys for Defendant
County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LIAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA CALIFORNIA, OFFICE OF COUNTY COUNSEL,<br><br>Defendant. | Case No. C05-00317 SI (WDB)<br><br>Date: August 12, 2005<br>Time: 9:00 a.m.<br>Courtroom: 10<br>Judge: Hon. Susan Illston<br><br>REPLY BRIEF IN SUPPORT OF DEFENDANT COUNTY OF ALAMEDA'S MOTION TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT |

Plaintiff's opposition fails to address the County of Alameda's motion to strike. Therefore, said motion should be granted in its entirety. Specifically, all references to exemplary damages (Plaintiff's Second Amended Complaint ["SAC"], p. 8:5-8; ¶60, 9:18-21) and all new allegations not authorized by the Order of Judge Illston granting Motion to Dismiss and Strike filed on June 8, 2005 (SAC, ¶¶ 4-5, p.8:5-8; ¶¶46 and 52; ¶60, 9:18-21) should be stricken.

Plaintiff's opposition also fails to address the point raised by the County in its motion to dismiss plaintiff's claim for intentional infliction of emotional distress that she has only added conclusory allegations and has not set forth sufficient *facts* to support the elements required to maintain a cause of action for intentional infliction of emotional distress. Instead, her opposition rests only on one argument, that Title VII can serve as the basis for her intentional infliction of


Dockets.Justia.com

emotional distress claim. This is nonsensical. She has already asserted a Title VII claim against the County. Intentional Infliction of Emotional Distress is a common law cause of action and cannot be asserted against a public entity. See *Cochran v. Herzog Engraving Co.*, 155 Cal.App.3d 405, 409 (1984).

Assuming, arguendo, that Title VII could serve as a basis for an intentional infliction of emotional distress claim, the County's motion to dismiss her intentional infliction of emotional distress claim should still be granted given she has once again failed to allege sufficient facts to support a cause of action for intentional infliction of emotional distress. She does not direct the court to any new facts she has alleged that support the outrageous conduct element or that establish severe emotional distress inflicted by the County. Instead, she seems to argue that discrimination can constitute outrageous conduct. The County does not dispute this fact. There are some instances where plaintiffs are subjected to discrimination that is so outrageous in character and so extreme in degree to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. However, in this case, plaintiff has not alleged any such facts. Accordingly, the County's motion to dismiss plaintiff's cause of action for intentional infliction of emotional distress should be granted without leave to amend. Given plaintiff's non-opposition to the County's motion to strike it should also be granted.

Dated: July 29, 2005

ERICKSON, BEASLEY, HEWITT & WILSON LLP

By /s/
Brenda Aguilar-Guerrero

Attorneys for Defendant
County of Alameda

Q:\Alameda County\Lias 1302\Pld\Dismiss Stk SAC - Reply.wpd