Apple Inc. v. Psystar Corporation Doc. 3234

Glenn E. Westreich (State Bar No. 100457)
Patrick T. Michael (State Bar No. 169745)
Beth L. Mitchell (State Bar No. 187460)
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for HANK SPACONE, on behalf of and as trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on behalf of and in the name of the At Home Liquidating Trust of At Home Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HANK SPACONE, on behalf of and as Trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on behalf of and in the name of the At Home Liquidating Trust of At Home Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>HANK SPACONE, on behalf of and as Trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on behalf of and in the name of the At Home Liquidating Trust of At Home Corporation, and JACQUELYN CRAWFORD, as Trustee for the At Home Liquidating Trust of At Home Corporation<br><br>Counterclaim Defendants. | **No. C 03 4739 CW (BZ)**<br><br>**AT HOME'S REPLY TO MICROSOFT'S OPPOSITION TO AT HOME'S OBJECTIONS TO THE MAGISTRATE'S ORDER DENYING AT HOME'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE** |



Dockets.Justia.com

## I. INTRODUCTION

Microsoft's Opposition merely highlights the fundamental issue to be determined – that is, whether in identifying the Accused Instrumentality as "Smart Tags functionality", but not listing all the various Microsoft application suites (such as Windows XP, Office 2003, Windows 2003 etc.) that implement or support the Accused Instrumentality, At Home is now limited to obtaining discovery relating to Smart Tags functionality as implemented in Office XP only.

At Home's position in this regard is straightforward. As Microsoft's Opposition properly states, Patent Local Rule 3-1 requires that the identification of the Accused Instrumentality "shall be as specific as possible." [Opposition, at 11:20-21.] At Home's infringement contentions can't be any more specific. Far from generally directing Microsoft to broad suites that literally include hundreds of features and functions, At Home has directed Microsoft to the one specific functionality that infringes – Smart Tags functionality. Microsoft knows full well that all of its application suites since Office XP (including Windows XP, Office 2003 and Windows 2003) support Smart Tags functionality, and its suggestion now that it somehow believed this patent infringement case was limited to Smart Tags functionality in only Office XP is not credible.

At Home's positions on these issues have been fully briefed in its Objections to Magistrate Zimmerman's Order Denying Plaintiff's Motion to Compel Production of Source Code. Thus, At Home will not belabor the Court with a recitation of these arguments, and instead limits the following Reply to the few legal and factual issues that require clarification based on Microsoft's Opposition.

## II. ANALYSIS

### A. Microsoft's Corporate Designee Confirmed That Not All Responsive Source Code Was Produced, Even With Respect To Office XP

At the June 28, 2005 deposition of Nobuya Higashiyama, Microsoft's corporate designee regarding source code and one of the primary coders for Smart Tags, Mr. Higashiyama specifically identified two source code files that were not produced and which were necessary for a full understanding of Smart Tags functionality in Office XP. Following that deposition, Microsoft produced those source code files to At Home. While At Home appreciates Microsoft's prompt production of that identified source code, and believes it now has a majority of the necessary Smart

Tags source code for Office XP (but still none beyond Office XP), Mr. Higashiyama's testimony and Microsoft's subsequent production plainly underscores the legitimacy of At Home's motion to compel source code and the fact that the order denying that motion was clear error. Microsoft has simply not produced all of the source code related to the functionality of Microsoft Smart Tags.[1]

**B. Microsoft's Notions of Relevance Under FRCP 26(b)(1) Are Misplaced**

Microsoft mistakenly suggests that the 2000 amendments to Rule 26(b) somehow require a higher relevance determination for this dispute. While discovery must be relevant to a "claim", relevance under Rule 26(b) still turns on whether the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1).

The "claim" here is, and always has been, a claim that Smart Tags functionality infringes U.S. Patent No. 6,122,647. At Home's Complaint alleged infringement through Microsoft's "making, using, selling and/or offering for sale, ***inter alia***, Microsoft Office XP products and developer tools, including ***the Smart Tags feature*** . . . ." [Complaint, Docket No. 1, at 3, ¶ 13 (emphasis added).] To the extent that this statement did not clearly specify infringement with respect to Smart Tags functionality, At Home's Preliminary Infringement Contentions disclose infringement "[a]s to all Asserted Claims," through Microsoft's "use and through third parties' use of ***Microsoft Smart Tags***," and that the claims were infringed "***by Microsoft's Smart Tags' functionality of dynamically generating hypertext links***." [Declaration of Paul E. Stinson In Support of At Home's Reply to Microsoft's Opposition to Production of Source Code, Docket No. 121, Exhibit B, at 2:19-22, 3:18-19, 4:12-135:1-2 (emphasis added).] And while true that At Home never mentioned applications suites other than Office XP by name, its Final Infringement Contentions again asserted infringement of "Smart Tags functionality" as "implemented in ***at least*** Microsoft Office XP applications."[2] [*Id.*, Exh. C, Plaintiff's Patent Local Rule 3-6(a) Final Disclosures (emphasis added).]

---

[1] Although Mr. Higashiyama's deposition took place prior to the filing of Microsoft's Opposition (but after the filing of At Home's Objections), Microsoft conveniently neglected to mention this testimony and its subsequent production in its Opposition.

[2] At Home also did not specifically mention the names of the third parties or the third party products which embodied Smart Tags and infringed the '647 patent, but Microsoft has made no objection to discovery of those matters.

At Home's complaint, infringement contentions (in compliance with the specificity requirements of the Patent Local Rules) and discovery responses have all consistently identified the Accused Instrumentality as Smart Tags functionality. [*Id.*, Exhibits A-C.] Similarly, source code for an accused software instrumentality is manifestly relevant—and *at least* likely to lead to the discovery of admissible evidence—for purposes of patent litigation. N.D. Cal. Patent L. R. 3-4(a) (party opposing claim of patent infringement must produce "[s]ource code . . . sufficient to show the operation of any aspects or elements of an Accused Instrumentality"); *OpenTV v. Liberate Techs.*, 219 F.R.D. 474, 478 (N.D. Cal. 2003) (where software claims are at issue in an infringement action, the underlying source code is relevant and subject to discovery); *Microsoft Corp. v. Multi-Tech Sys.*, 2001 U.S. Dist. LEXIS 23155 at *25-26 (D. Minn. Dec. 14, 2001) (same).[3] Thus, ***all*** of the source code for Smart Tags functionality, including that functionality in suites other than Office XP, is relevant to At Home's infringement claims and clearly discoverable.

### C. Microsoft's Assertion That At Home Should Have Referred to Source Code In Its Infringement Contentions Is Legally Incorrect and Factually Misleading.

At Home feels compelled to address briefly Microsoft's statement that At Home's decision "not to refer to any source code" in its infringement contentions is "tantamount to a concession that Microsoft's source code is irrelevant," and Microsoft's repeated references to its production of "over 5000 pages" of source code in May of 2004. [*E.g.*, Opposition, Docket No. 150, at 3:6-7, 5:10-12.]

1. <u>At Home is not required to specify source code in its infringement contentions.</u>

First, there is simply no authority for the proposition that a party alleging patent infringement must refer to source code in its infringement contentions. Of course, Microsoft has cited no authority for the proposition that source code must be included in infringement contentions—because there is none. The purpose of infringement contentions is not to "produce evidence of infringement," but to "provide defendants with notice of infringement beyond that which is provided by the mere language

---

[3] Consistent with *Multi-Tech*, and contrary to Microsoft's hyperbole [*e.g.*, Opposition at 6:19:20 (alleging that At Home sought "all of the source Code for Office XP")], At Home does not, and has never, sought the "whole universe" of Microsoft Office source code. *Multi-Tech*, 2001 U.S. Dist. LEXIS 23155 at *25-26. Rather, it has always sought those "portions of the source code for the products at issue [that] are relevant to this case." *Id.* at *26.

of the patents themselves." *Network Caching Tech., LLC v. Novell, Inc.*, 2003 U.S. Dist. LEXIS 9881, at *12-13 (N.D. Cal. Mar. 21, 2003).[4] "***Whether those theories may ultimately be vindicated through claim construction and at trial is an entirely separate matter from whether Patent LR 3-1 has been satisfied.***" *Id.* (emphasis added).[5]

2. Microsoft's so-called "5,000 page" production of source code is misleading.

Second, although Microsoft did produce "over 5000 pages" of source code in May of 2004, it conveniently omits to tell the Court that this production consisted of several bankers boxes of 8 ½ x 11 ***hard copy*** sheets of paper containing ***several hundred thousand lines*** of source code. Microsoft cannot seriously contend that this production was of any real use to At Home.

Despite Microsoft's knowledge that paper source code is essentially useless, despite Microsoft's obligation under FRCP 34(b) to produce this source code as it was kept "in the usual course of business," i.e., ***electronically***, and despite At Home's frequent, repeated requests for the source code in its electronic form, Microsoft did not produce any electronic code until January 11, 2005—five days ***after*** At Home's Final Infringement Contentions were due. [At Home's Reply to Microsoft's Opposition to Motion to Compel Production of Source Code, Docket No. 119, at 2:4-6.]

Microsoft has never once explained its 8-month refusal to produce the source code in electronic format, and its consistent and unapologetic references in the Opposition to its so-called source code production in May 2004 only emphasize Microsoft's willingness to ignore its obligations

---

[4] Again, any claim by Microsoft that it was unaware that the accused Smart Tags functionality related to more than Office XP is disingenuous, at best. As set forth in At Home's Objections, this understanding is confirmed by Microsoft's own discovery responses, which include numerous documents regarding the operation of Smart Tags in suites and applications other than Office XP. Notably, Microsoft chose not to address this fact in its Opposition.

[5] At Home emphasizes that it does not idly seek source code to satisfy its counsel or its experts that the Smart Tags functionality infringes the '647 patent: this may be determined from other documentation and the operation of Smart Tags themselves. But satisfying the "reasonable belief" standard required for bringing a patent suit is a far cry from actually demonstrating infringement at summary judgment or trial. While there is no requirement that a party "thoroughly present and successfully defend its theories of infringement in the confines of [an infringement contention] chart," *Network Caching Tech.*, 2003 U.S. Dist. LEXIS at *14, this is exactly what At Home will need to do in order to prove its case before a judge or jury. Thus, At Home has referred to the "necessary and relevant" nature of the source code and its "centrality . . . to this patent litigation." [Kaufman Declaration, Docket No. 120, ¶ 8.; Objections, at 7:18-19.] Despite Microsoft's attempts to denigrate those statements, At Home stands firmly by them in this Reply.

under the discovery rules.[6]

## III. CONCLUSION

For the foregoing reasons, At Home respectfully objects to Magistrate Zimmerman's Order Denying Plaintiff's Motion to Compel Production of Source Code, and requests that this Court reject that Order.

DATED: July 29, 2005

Respectfully submitted,

NIXON PEABODY LLP

By: ____________________

Glenn E. Westreich
Patrick T. Michael
Beth L. Mitchell
Attorneys for Plaintiff/Counterclaim Defendant
HANK SPACONE

---

[6] The same may be said of the "over 100,000 pages of additional documents" produced by Microsoft in 2004 [Opposition, at 3:8-11], which Microsoft did not produce in electronic form until ***five days after the discovery cut-off***, and only after At Home filed a letter brief with Magistrate Zimmerman outlining Microsoft's numerous discovery deficiencies. [Docket No. 139].

## PROOF OF SERVICE

**CASE NAME:** ***Spacone v. Microsoft Corporation***
**COURT:** **U. S. District Court Northern District of California (Oakland Division)**
**CASE NO.:** **C 03 4739 CW (BZ)**
**NP FILE NO.:** **313893.000016**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Two Embarcadero Center, Suite 2700, San Francisco, CA 94111-3996. On this date, I served the following document(s):

- **AT HOME'S REPLY TO MICROSOFT'S OPPOSITION TO AT HOME'S OBJECTIONS TO THE MAGISTRATE'S ORDER DENYING AT HOME'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

____: By First-Class Mail - I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

___: By Personal Service - I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

X : By Overnight Courier - I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

___: By Facsimile - From facsimile number (415) 984-8300 before 5:00 P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

**PLEASE SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct. Executed on **July 29, 2005** at San Francisco, California.

Tapa E. Tualaulelei

John V. Picone, III, Esq.
Katherine D. Prescott, Esq.
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

**Attorneys for Defendant:**
**MICROSOFT CORPORATION**

Frank E. Scherkenbach, Esq.
Kurt L. Glitzenstein, Esq.
Craig R. Smith, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Brett J. Williamson, Esq.
Nathaniel L. Dilger, Esq.
O'Melveny & Myers LLP
114 Pacifica, Suite 100
Irvine, CA 92618-3318
Telephone No.: (949) 737-2900
Facsimile No.: (949) 737-2300

**Attorneys for Counterclaim Defendant:**
**JACQUELYN CRAWFORD, on behalf of and as Trustee for the At Home Liquidating Trust**