Apple Inc. v. Psystar Corporation

Doc. 3251

# UNITED STATES DISTRICT COURT

**Office of the Clerk**
**DISTRICT OF NEVADA**
**Lloyd D. George U.S. Courthouse**
**333 Las Vegas Blvd South**
**Las Vegas, NV 89101**
**(702) 464-5400**

Filed
AUG 03 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

LANCE S. WILSON
Clerk of Court

CR-05-00426-JF

CYNTHIA JENSEN
Chief Deputy
Las Vegas

LINDA LEA SHARER
Chief Deputy
Reno

July 28, 2005

CLERK, U.S. DISTRICT COURT
District of N. California

RE: Transfer of Probation

USA vs Chang Huu Le

District of Nevada case #CR-S-99-0169-PMP(PAL)

Dear Sir:

Pursuant to the order for transfer of Jurisdiction of Probation, enclosed are certified copies of the Transfer of Jurisdiction, Indictment and Judgment for the above named defendant.

Please acknowledge receipt of the above documents on the enclosed copy of this letter.

Very truly yours,

LANCE S. WILSON, Clerk

BY: *Leslie McAnallen*
Leslie McAnallen, Deputy Clerk

Received:________________________ Case # assigned:________________________________

By:__________________________________

Dockets.Justia.com

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | CR-S-99-169-PMP(PAL) |
| DOCKET NUMBER *(Rec. Court)* | 0971 5:05CR00426-01 JF |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION | |
|---|---|---|---|
| Chang Huu Le<br>5178 Giusti<br>San Jose, CA 95111 | NEVADA | U.S. Probation Office | |
| | NAME OF SENTENCING JUDGE<br>Philip M. Pro | | |
| | DATES OF SUPERVISED RELEASE: | FROM<br>09/18/02 | TO<br>09/17/05 |

OFFENSE

Interstate Transportation of Stolen Securities - 18 § 2314

I hereby attest and certify on 7-28-05 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By [signature] Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

6/14/05
*Date*

[signature]
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7-5-05
Effective Date

[signature]
United States District Judge

MLM:dd

Probation Transfer: CR-05-00426-JF

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEVADA

ENTERED AND SERVED
MAR - 7 2001
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ______ DEPUTY

UNITED STATES OF AMERICA
V.
CHANG HUU LE

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: CR-S-99-169-PMP(PAL)

Deborah A. Trevino, AFPD
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) ONE OF THE INDICTMENT

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2314 | INTERSTATE TRANSPORTATION OF STOLEN SECURITIES | 09/22/98 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 12/15/53

Defendant's USM No.: 33980-048

Defendant's Residence Address:

North Las Vegas Detention Center
2222 Constitution Way
North Las Vegas, NV 89030

Defendant's Mailing Address:

North Las Vegas Detention Center
2222 Constitution Way
North Las Vegas, NV 89030

03/05/2001
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

PHILIP M. PRO, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

March 6, 2001
Date

DEFENDANT: CHANG HUU LE
CASE NUMBER: CR-S-99-169-PMP(PAL)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of THIRTY (30) MONTHS .

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ______________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on ______________ to ______________

at ______________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CHANG HUU LE
CASE NUMBER: CR-S-99-169-PMP(PAL)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term THREE (3) YEARS .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CHANG HUU LE
CASE NUMBER: CR-S-99-169-PMP(PAL)

## SPECIAL CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL NOT POSSESS ANY ILLEGAL CONTROLLED SUBSTANCES.

2. THE DEFENDANT SHALL NOT POSSESS, HAVE UNDER HIS CONTROL, OR HAVE ACCESS TO ANY FIREARM, EXPLOSIVE DEVICE, OR OTHER DANGEROUS WEAPONS, AS DEFINED BY FEDERAL, STATE, OR LOCAL LAW.

3. THE DEFENDANT SHALL SUBMIT TO THE SEARCH OF HIS PERSON, PROPERTY, RESIDENCE OR AUTOMOBILE UNDER HIS CONTROL BY THE PROBATION OFFICER, OR ANY OTHER AUTHORIZED PERSON UNDER THE IMMEDIATE AND PERSONAL SUPERVISION OF THE PROBATION OFFICER WITHOUT A SEARCH WARRANT TO ENSURE COMPLIANCE WITH ALL CONDITIONS OF RELEASE.

4. THE DEFENDANT SHALL PARTICIPATE IN AND SUCCESSFULLY COMPLETE A SUBSTANCE ABUSE TREATMENT PROGRAM, WHICH WILL INCLUDE DRUG TESTING, OUTPATIENT COUNSELING, OR RESIDENTIAL PLACEMENT, AS APPROVED AND DIRECTED BY THE PROBATION OFFICER.

5. IF DEPORTED, THE DEFENDANT SHALL NOT REENTER THE UNITED STATES WITHOUT LEGAL AUTHORIZATION.

6. IF NOT DEPORTED, THE DEFENDANT SHALL REPORT IN PERSON TO THE PROBATION OFFICE IN THE DISTRICT TO WHICH HE IS RELEASED WITHIN 72 HOURS OF DISCHARGE FROM CUSTODY.

DEFENDANT: CHANG HUU LE
CASE NUMBER: CR-S-99-169-PMP(PAL)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 3,910.00 |

☐ The determination of restitution is deferred until ______ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **TOTALS** | $ ______ | $ ______ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ ______________

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: CHANG HUU LE
CASE NUMBER: CR-S-99-169-PMP(PAL)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ ____________ due immediately, balance due

☐ not later than ____________________ , or
☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

**C** ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of $ __________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of $ __________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** X Special instructions regarding the payment of criminal monetary penalties:

**THE SPECIAL ASSESSMENT OF $100.00 IS DUE AND PAYABLE IMMEDIATELY.**
**THE RESTITUTION AMOUNT OF $3,910.00 IS PAYABLE AT THE RATE OF 30% OF DEFENDANT'S PRISON EARNINGS AND THEREAFTER AT THE RATE OF $150.00 PER MONTH WHILE ON SUPERVISED RELEASE.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: CHANG HUU LE
CASE NUMBER: CR-S-99-169-PMP(PAL)

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

X The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

Paragraph 9 should be amended to state "a fraudulently altered check".

**Guideline Range Determined by the Court:**

Total Offense Level: 13

Criminal History Category: V

Imprisonment Range: 30 to 37 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 3,000.00 to $ 30,000.00

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ 3,910.00

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: CHANG HUU LE
CASE CR-99-169-PMP(PAL)

# STATEMENT OF REASONS

X The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of a defendant's substantial assistance, or

☐ for the following specific reason(s):

I hereby attest and certify on 7-28-05 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By ______ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

I hereby attest and certify on 3-7-01 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By ______ Deputy

KATHRYN E. LANDRETH
United States Attorney
DANIEL R. SCHIESS
Assistant United States Attorney
701 E. Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 388-6336

21 4 14 PM '99

FILED
APR 21 1999
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ________ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL INDICTMENT |
| PLAINTIFF | ) | |
| | ) | CR-S-99-169 |
| VS. | ) | |
| | ) | VIOLATION: |
| CHANG HUU LE | ) | |
| | ) | 18 U.S.C. § 2314 - Interstate |
| DEFENDANT | ) | Transportation of Stolen Securities |

**THE GRAND JURY CHARGES THAT:** CR-S-99-00169-PMP (RLH)

On or about September 22, 1998, in the State and Federal District of Nevada and elsewhere,

**CHANG HUU LE,**

defendant herein, did unlawfully transport, transmit, and transfer and cause to be transported, transmitted, and transferred, in interstate commerce, from the State of California to the State of Nevada, a security taken by fraud, to wit, approximately nine cashier's checks purchased from AEA Credit Union, Sunnyvale, California, on or about September 22, 1998, of the value of $5,000 or more, knowing the same

. . .

. . .

to have been taken by fraud, in violation of Title 18, United States Code, Section 2314.

**DATED:** this 21 day of April, 1999.

**A TRUE BILL:**

FOREPERSON OF THE GRAND JURY

KATHRYN E. LANDRETH
United States Attorney

DANIEL R. SCHIESS
Assistant United States Attorney

I hereby attest and certify on 7-28-05 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By ____________ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA