FREDERICK V. GEISLER (SBN 70929)
BARRY SULLIVAN (SBN 136571)
JOSEPH HELGESON (SBN 228650)
STEPHENSON, ACQUISTO & COLMAN
303 NORTH GLENOAKS BOULEVARD, Suite 700
BURBANK, CALIFORNIA 91502-3226
Telephone: (818) 559-4477
Facsimile: (818) 559-5484

Attorneys for Plaintiffs,
LUCILE SALTER PACKARD
CHILDREN'S HOSPITAL AT STANFORD,
a Non-Profit California corporation, and
STANFORD HOSPITAL AND CLINICS,
a Non-Profit California corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a Non-Profit California corporation, and STANFORD HOSPITAL AND CLINICS, a Non-Profit California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FORTIS BENEFITS INSURANCE COMPANY, a For-Profit Minnesota Corporation; JOHN ALDEN LIFE INSURANCE COMPANY, a For-Profit Wisconsin Corporation; and Does 1–15, inclusive,<br><br>Defendants. | Case No.: CV 05-01731 JW (HRL)<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION REQUESTING CERTIFICATION PURSUANT TO 28 U.S.C. § 1292 (b)<br><br>Judge: Hon. James Ware<br>Date: Monday, Sept. 19, 2005<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT plaintiffs, LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD and STANFORD HOSPITAL AND CLINICS (collectively "Plaintiffs"), will move the Court at the time and date specified



Dockets.Justia.com

above, for a certification that the order of August 1, 2005, granting in part and denying in part defendants' motion to dismiss plaintiffs' claim pursuant to the Federal Rules of Civil Procedure, Rule 12 (b) (6), is appropriate for immediate appeal pursuant to 28 U.S.C. § 1292 (b).

The request will be made based upon this notice, the attached motion, and the records and electronically filed documents contained in the Court's file in this matter, and such further evidence, whether documentary or oral, as may be presented at the time of the noticed hearing.

Dated: August 10, 2005

Respectfully submitted,

By: /s/ Joseph Helgeson
Joseph Helgeson,
STEPHENSON, ACQUISTO & COLMAN
Attorneys for Plaintiffs

## MOTION FOR CERTIFICATION OF ORDER FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

## I.

## INTRODUCTION AND STATEMENT OF FACTS

On or about October 12, 2004, Plaintiff Lucile Salter Packard Children's Hospital at Stanford and Plaintiff Stanford Hospital and Clinics (collectively "Plaintiffs") filed a complaint in Santa Clara County Superior Court alleging five California state law claims: 1) breach of oral contract; 2) negligent misrepresentation; 3) quantum meruit; 4) estoppel; and 5) violation of Cal. Health & Safety Code § 1371.8. Plaintiffs alleged Defendants' failure to reimburse Plaintiffs for the medical treatment rendered to one of Defendants' members, despite Defendants' prior oral authorizations to treat.

Plaintiffs administratively amended their complaint twice to reflect the proper parties involved. On May 20, 2005, Plaintiffs filed and served a second amended complaint ("SAC"). Defendants subsequently removed the action on diversity grounds and filed a motion to dismiss the action for failure to state a claim upon which relief could be granted, pursuant to the Federal Rules of Civil Procedure, Rule 12 (b) (6) ("Motion to Dismiss").

Defendants' Motion to Dismiss was scheduled for hearing on July 25, 2005, before the Honorable James Ware. Pursuant to Civil L.R. 7-1(b), the motion was taken under submission. No oral argument was heard. The Court ordered Plaintiffs' breach of oral contract claim and quantum meruit claim dismissed with prejudice, permitting the remaining claims to stand. The Court, relying in part on Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co., 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000) explained that the breach of oral contract claim was dismissed because Plaintiffs (*i.e.*, the hospitals) would have to allege that Defendants (*i.e.*, the insurers) had promised to pay for treatment whether or not E.S. was covered under Defendants' policy. See Order Granting In Part

and Denying In Part Defendants' Motion to Dismiss ("Order") at p.5 ll.15-19 (E-Filed Document No. 14). The Court dismissed the quantum meruit claim also relying in part on the Cedars opinion, on the theory that Plaintiffs could not show that the services rendered were at Defendants' request. *Id*.

Plaintiffs contend that the holding in Cedars should not be used as a basis for dismissing Plaintiffs' breach of contract and quantum meruit causes of action, because the holding in Cedars derives from a *motion for summary judgment*, not a motion to dismiss, as in the case at bar. This is significant because the determinations in Cedars were premised upon *actual evidence* presented before the summary judgment motion was brought. The case at bar, however, is only in the pleading stage, and the pleadings do not make allegations incorporating the findings of Cedars. The evidentiary determinations made in Cedars should therefore not be read into Plaintiffs' pleadings in this case.

## II.

## INTERLOCUTORY APPEAL FROM THIS ORDER IS APPROPRIATE UNDER 28 U.S.C. § 1292 (b)

An otherwise interlocutory order may be the subject of a petition to the Appellate Court for permission to appeal pursuant to 28 U.S.C. section 1292 (b) and Federal Rules of Appellate Procedure, Rule 5, if the District Court certifies the order for appeal. Such an order must involve a controlling question of law as to which there is substantial ground for difference of opinion and where a resolution thereof will materially advance the termination of the litigation. Plaintiffs believe the order granting in part Defendants' motion to dismiss satisfies all three prerequisites, and therefore requests this court issue a certification order.

///

///

///

## III.

## THE ISSUE PRESENTED IS A CONTROLLING QUESTION OF LAW

Whether a health insuring entity (like Defendants) is *capable* of manifesting consent to enter into a direct contractual relationship with a medical provider (like Plaintiffs) for the purpose of paying for its insured's medical treatment, by verifying patient coverage and *authorizing* medical treatment, is a controlling question of law, upon which the Court's order (granting in part Defendants' motion to dismiss) turned. Therefore, the order satisfied the first requirement for the issuance of a certification permitting an immediate appeal pursuant to 28 U.S.C. § 1292 (b).

## IV.

## A SUBSTANTIAL BASIS EXISTS FOR DIFFERENCE OF OPINION REGARDING THE ISSUE OF LAW PRESENTED

In the present case, Defendants moved the District Court for an order dismissing Plaintiffs' causes of action pursuant to Federal Rules of Civil Procedure, Rule 12 (b) (6). This court's jurisdiction is based upon diversity of citizenship, and resolution of the dispute requires the application of California substantive law. Erie R.R. Co. v. Tompkins, 354 U.S. 64 (1938). Plaintiffs argue a substantial basis exists for difference of opinion regarding the issue of law presented, for the following reasons.

### A. The Court's Reliance on Cedars is Misplaced Because the Cedars Decision Derives From a Summary Judgment Motion Premised Upon Expert Opinion Evidence Which Has Not Been Pled in the Case at Bar.

The lynchpin of the Court's opinion dismissing Plaintiffs' contract cause of action with prejudice appears to stem from Defendants' reliance on the precedential value of the Central District's decision in Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co., 118

F.Supp.2d 1002 at 1008-1009 (C.D. Cal. 2000). In that case, as in the present case, a hospital sued a health insurer directly for breach of oral contract. The decision in Cedars, however, was premised upon *expert testimony* given during the course of a deposition – testimony which provided the basis for a motion for summary judgment. Specifically, during the course of the deposition, an expert for the hospital opined that an insurer's verification of coverage "is not the same as a promise to pay." *Id*. In light of this testimony, the Court in Cedars found that the hospital could not show Defendant's consent to contract, on the basis of a verification of coverage alone.

The pleadings in the present case, however, make no such allegations regarding the significance of verifications standing alone. In California, a party's intent to contract is judged objectively, according to what the parties' outward manifestations of consent would lead a reasonable person to believe. Weddington Productions, Inc. v. Flick, 60 Cal.App.4th 793, 811 (1998). It cannot be said that, *as a matter of law*, before any evidence or testimony has been presented to the Court, that a verification and authorization together cannot objectively demonstrate an insurer's intent to contract with a hospital. The factual and evidentiary findings in Cedars should not be read into Plaintiffs' pleadings.

### B. The Cedars Case is Inapposite Because Its Facts Did Not Involve an Insurer's Authorization for Treatment.

Unlike the case at bar, Cedars does not consider whether an insurer's verification of coverage, when coupled with an *authorization* for a specific number of days of treatment, suffices to show consent to enter into a direct contract with the hospital. In other words, the case does ***not*** determine as a matter of law whether an insurer is *capable* of manifesting assent by providing to the hospital both (1) a verification of coverage, and (2) a specific authorization for treatment for a set number of days (*e.g.*, "a minimum of two days..."). SAC at ¶ 16. The case merely addresses a set of facts in which only a

verification was received with no authorization. In fact, the court in Cedars points out that the hospital *denied* it ever received an authorization letter from the insurer for treatment. Cedars, *supra*, at 1007. The Court in Cedars therefore did not consider the ramifications of a valid authorization for a specific number of days of treatment (as alleged in the Second Amended Complaint, ¶ 16) for purposes of determining consent. Cedars only held that a verification of coverage, with nothing further, was insufficient to show a promise by the insurer to pay for the patient's covered treatment, given the facts put into evidence. Cedars at 1008. In short, the Court found that with *only a verification*, the hospital's claim for breach failed.

This distinction in Cedars is particularly significant because in that case, unlike here, the patient was admitted directly to an *emergency room*. Cedars at 1006. Under Cal. Health & Safety Code § 1371.4, when a patient is in emergent condition, a hospital is *obligated* to treat a patient and is *not required* to seek insurer authorization to be compensated by the insurer. Because a hospital is obligated to treat under such circumstances, and because an insurer is likewise obligated to pay, there is no need for an insurer to *authorize* treatment to ensure its members receive medical care; rather, both hospital and insurer are obligated by state law to perform their statutory duties. In the Cedars scenario, therefore, an insurer's authorization would be irrelevant – an insurer would have no cause for concern at the time of admission, because hospital was already obligated to treat an emergent patient. But these are not the facts pled here. In the present case, Plaintiffs were not under such an obligation.

In the case at bar, Plaintiffs pled not only that Defendants authorized but that an actual authorization number was provided to the hospital. (SAC at ¶¶ 16, 17, 23, 24, 29, 30, 34, 35, 38, 40, 41, 47, and 48.) This act of authorization must have carried some significance, particularly in light of the California's ***statutory prohibition on the rescission or modification of authorizations***. See Cal. Health & Safety Code § 1371.8 [Once an insurer authorizes medical treatment, that authorization cannot be modified or rescinded]. Given this statutory mandate, there is absolutely no incentive for an insurer to

render a superfluous authorization. It is therefore unclear what other purpose an insurer's act of authorizing medical treatment could serve, if not to manifest *some* form of request or intent by the insurer to enter into a direct contractual relationship with the hospital.

As the Court points out, in ruling on a motion to dismiss, the Court must accept all well pled allegations of material fact as true and construe said allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). The significance of Defendants' authorization (for medical treatment for a precise number of days) should therefore be construed in the light most favorable to Plaintiffs. As such, there is at least a substantial basis for difference of opinion as to whether, as a matter of law, Defendants' authorization provided to Plaintiffs is *capable* of demonstrating consent for Plaintiffs to treat this patient.

### C. Consent and Consideration Between Hospital and Insurer Is Apparent Because the Parties Agreed to the Same Thing in the Same Sense.

The Court's Order found that the consent for both parties to be bound was not mutual because the parties were not agreeing upon the same thing in the same sense. Apablasa v. Merrit & Co., 176 Cal.App.2d 719, 726 (1959). As with the Cedars case, however, Plaintiffs would point out that the determinations in Apablasa were made only after a hearing on the matter, allowing for the development of factual evidence tending to indicate the existence or nonexistence of an agreement. Apablasa at 721.

More importantly, though, Plaintiffs note that in the case at bar, at the outset of the patient's admission, they were under no obligation to treat (as the pleadings do not allege the patient was in "emergency" condition, or that some other treatment mandate applied). Defendants, however, *were* under a separate obligation to their insured, to provide for the insured's medical treatment should the need arise, by virtue of their position as health plan administrators. (SAC at ¶ 7). As such, they had every reason to act to ensure their member received proper medical treatment. Given the binding nature of medical

authorizations under California law, logic dictates an insurer would not have authorized treatment if it felt such action was unnecessary to ensure treatment for its insured. The law neither does nor requires idle acts. Cal. Civ. Code § 3532.

As such, consideration is evident from the facts pled – by authorizing a hospital to treat, an insurer relieves itself of the possibility of being sued by its insureds for bad faith and punitive damages (for failure to provide medical care while accepting premiums). It bargains for this relief by informing the hospital it will accept responsibility for paying the insured's bill. In other words, an insurer *authorizes* and agrees to pay a hospital so that the hospital will help the insurer fulfill its (perceived or actual) medical obligations to its insureds. Plaintiff cannot see how consent and consideration are lacking *as a matter of law* in such a relationship, and would argue that a substantial basis exists for difference of opinion on this issue.

## V.

## **AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE UNDERLYING LITIGATION**

The third prerequisite for a permissive appeal pursuant to § 1292 (b) is the requirement that an immediate appeal may materially advance the ultimate termination of this litigation. Here, a decision on the legal question, if decided in Plaintiffs' favor, would result in all causes of action being brought for trial at the same time, in a single action, rather than piecemeal in separate hearings premised on the same core facts. If decided in Defendants' favor, this would result in termination of the two causes of action. Therefore, this requirement is satisfied.

///

///

///

///

VI.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this court issue an order certifying the order of August 1, 2005 for immediate appeal pursuant to 28 U.S.C. § 1292 (b).

Respectfully submitted,

Dated: August 10, 2005 By: /s/ Joseph Helgeson

Joseph Helgeson,
STEPHENSON, ACQUISTO & COLMAN
Attorneys for Plaintiffs,
LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD and STANFORD HOSPITAL AND CLINICS