Apple Inc. v. Psystar Corporation Doc. 3284



HULETT HARPER STEWART LLP
KIRK B. HULETT, SBN: 110726
BLAKE MUIR HARPER, SBN: 115756
550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139
e-mail: kbh@huletthaper.com
bmh@hulettharper.com

WOLF POPPER LLP
LESTER L. LEVY
PATRICIA I. AVERY
EMILY MADOFF
ELIZABETH FERGUSON
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
e-mail: llevy@wolfpopper.com
pavery@wolfpopper.com
emadoff@wolfpopper.com
eferguson@wolfpopper.com

Attorneys for Plaintiffs Daniel Butzer, Laz Peterson, and Cindy Rio

ADR

Filed
AUG 2 3 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

FILED-BY-FAX

E-FILING

C05 03414 HRL

THE UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT – SAN JOSE DIVISION

| | |
|---|---|
| DANIEL BUTZER, LAZ PETERSON, and CINDY RIO On Behalf of Themselves Individually, All Others Similarly Situated and the General Publics,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC.,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |



Dockets.Justia.com

Plaintiffs, Daniel Butzer, Laz Peterson, and Cindy Rio on behalf of themselves individually, all others similarly situated and the general public, by their attorneys, allege the following upon information and belief, except for those allegations that pertain to Plaintiffs, which are based upon the respective Plaintiffs' personal knowledge:

## NATURE OF THE ACTION

1. Plaintiffs bring this class action to obtain damages and injunctive relief against Apple Computer, Inc. ("Apple," "Defendant," or the "Company") on behalf of themselves individually and a proposed class defined below (the "Class"), and in a representative capacity on behalf of the general public.

2. As alleged more fully below, the Apple PowerBook G4 series has been marketed, advertised, sold, and serviced by Apple through the use of false and/or misleading information concerning the memory capacity of the machines, otherwise known as "MB." These machines are sold with memory slots allowing for the expansion of the available memory for the computer. These laptops are being sold to the public with defects affecting the memory capacity or the ability to read the memory of the machines causing them to fail at a high rate. These defects have caused a high number and percentage of the PowerBook G4 laptops either to fail completely or become unusable in the manner in which they are supposed to be used because the supposed available memory on the laptops is unavailable to the computer's user. This memory defect extends to other series of Apple laptops as well, and Plaintiffs expressly reserve the right to amend this Complaint to include these other series.

3. Apple is aware that there were inherent problems in the reading of the available memory by the product's memory slots that would ultimately cause a large number of the PowerBook G4 laptops to shut down without warning and require the expensive repair or replacement of the motherboard in order to be usable at all, yet did not disclose them and has marketed the series as fit for use.

4. Apple has failed to issue any warnings of the problem and has not announced any recall or repair program to fix the problems causing the memory slots in the PowerBook G4 series to fail.

5. Apple continues to sell and members of the Class have continued to purchase these defective computers.

6. As result of Apple's misconduct, thousands of PowerBook G4 laptops have been bought by Plaintiffs and the Class. Defendant's misconduct has caused Plaintiffs and the Class to suffer memory failures of these laptops.

7. Plaintiffs assert claims under the California Unfair Competition Law ("UCL" or "§ 17200"), Business and Professions Code §§ 17200, *et seq.*, for False and Misleading Advertising ("FAL" or "§ 17500"), Business and Professions Code §§ 17500, *et seq.*; for violations of the Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, the Beverly-Song Consumer Warranty Act ("Song-Beverly Act"), Civil Code §§ 1790, *et seq.*; for breach of express warranty pursuant to Commercial Code § 2313; for breach of the implied warranty of merchantability pursuant to Commercial Code § 2314.

8. Plaintiffs seek damages and equitable relief, including the replacement and/or recall of the defective laptops, costs and expenses of litigation, including attorneys' fees, and all additional and further relief that may be available.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), as to the named Plaintiffs and every member of the proposed Class. The matter in controversy exceeds the jurisdictional amount and there are members of the Class that are citizens of States different from the Defendant's.

10. The claims asserted are governed by the laws of California. Apple's headquarters are based in Cupertino, California giving California a distinct nexus with the alleged harm and the Defendant. It is possible that the number of citizens of California is substantially larger than the number of citizens from any other State, and that the citizenship of the other members of the Class is dispersed among a substantial number of States.

11. Defendant Apple, a citizen of California, is the sole defendant from whom relief is sought by members of the Class, and whose alleged conduct forms the basis for the claims asserted by the Class.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this district, and Apple has at all relevant times been doing business in this district and throughout California and maintains its headquarters in Cupertino, California.

## THE PARTIES

13. Plaintiff Daniel Butzer purchased his PowerBook G4 laptop in June of 2004 through an authorized Apple dealer on the internet. Since that date, as described below, Butzer has experienced problems with the laptop computer and its lower memory slot. He has spent significant money to purchase the machine and had to replace memory which did not and still does not work.

14. Plaintiff Laz Peterson purchased his PowerBook G4 laptop online from the Applestore in October of 2003. Since that date, as described below, Peterson has experienced problems with the laptop computer and its lower memory slot.

15. Plaintiff Cindy Rio purchased her PowerBook G4 in April of 2005 from Connecting Point Computer Center. Since that date, as described below, she has experienced problems with the laptop computer and its lower memory slot.

16. Defendant Apple is a California corporation with its executive offices and principal place of business in Cupertino, Santa Clara County, California. Apple "designs, manufactures, and markets personal computers, related software, services, and peripherals and networking solutions." Apple's products are purchased by consumers worldwide as the Company sells its products "through its online, its own retail stores, its direct sales force, and third party wholesalers, resellers, and value added resellers."

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this class action on behalf of themselves and a nationwide Class of all persons in the United States who purchased Apple PowerBook G4 laptops.

18. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure and case law thereunder.

19. Numerosity (FRCP 23 (a)(1)): Members of the Class are so numerous that joinder

is impracticable. Plaintiffs believe that thousands of people have been damaged by Apple's conduct. The names and addresses of the members of the Class are identifiable through documents maintained by Apple and the members of the Class may be notified of the pendency of this action by published, mailed, and/or electronic notice.

20. Common Questions of Fact and Law (FRCP 23(a)(2)): Common questions of law and fact exist as to all members of the Class. These common legal and factual questions include, among other things:

a. Whether Apple made false and/or misleading statements concerning the defects inherent in the PowerBook G4 laptops;

b. Whether Apple knew, or was reckless in not knowing, that its statements about the performance and reliability of the PowerBook G4 laptops were false and/or misleading;

c. Whether the PowerBook G4 laptops experience memory failure;

d. Whether the PowerBook G4 laptops are defective and are not of merchantable quality;

e. Whether Apple concealed that the PowerBook G4 laptops experience memory failure at extraordinarily and unacceptably high rates, are inherently defective, and are not of merchantable quality;

f. Whether Apple's false or misleading statements of fact and Apple's concealment of material facts regarding the performance of the PowerBook G4 laptops were likely to mislead consumers;

g. Whether Apple has engaged in unfair, deceptive, or unlawful business practices with respect to the advertising, marketing, and sale of PowerBook G4 laptops;

h. Whether Apple has engaged in unfair, deceptive, untrue, or misleading advertising of the PowerBook G4 laptops;

i. Whether Apple has breached its warranties, both implied and express, to Plaintiffs and the members of the Class; and

j. Whether, as a result of Apple's misconduct, Plaintiffs and the Class are entitled to damages and/or equitable relief, and if so, the amount and nature of such relief.

21. Typicality (FRCP 23(a)(3)): Plaintiffs' claims are typical of the claims of each member of the Class. Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

22. Adequacy (FRCP 23(a)(4)): Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in complex class action litigation; and they intend to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

23. Superiority (FRCP 23(b)(3)): Treatment of this action as a class action is not only the appropriate method for the fair and efficient adjudication of the controversy, but is, in fact superior to all other available methods because:

a. The joinder of thousands of geographically diverse individual members of the Class is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. There is no special interest by the members of the Class in individually controlling prosecution of separate causes of action;

c. The individual claims of the members of the Class now may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, expensive, if not totally impossible, to justify individual actions;

d. When Defendant's liability has been adjudicated, claims of all members of the Class can be determined by the court and administered efficiently in a manner which is far less erroneous, burdensome, and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

e. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economics of time, resources, and limited pool of recovery;

f. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

g. This class action will assure uniformity of decisions among members of the Class; and

h. Without this class action, members of the Class will go uncompensated.

24. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Apple has acted on grounds generally applicable to the Class, making the requested relief appropriate with respect to both Plaintiffs and the members of the Class.

**SUBSTANTIVE ALLEGATIONS**

25. Apple is one of the world's largest computer manufacturers. "Apple is the only company in the personal computer industry that controls the design and development of the entire personal computer - from the hardware and operating system to sophisticated applications."

26. Apple represented and advertised the Apple PowerBook G4 laptops as a reliable, higher end, laptop option. "[T]he 15-inch PowerBook G4 boasts features few notebook computers can match." Apple's 2004 10-K described the PowerBook as "designed to meet the mobile computing needs of professionals and advanced consumer users." In describing the PowerBook G4 in its marketing speculation, Apple said:

> Go ahead and pinch yourself. You really do see a fast, full-featured notebook computer that weighs less than five pounds and gives you the power to burn your own CDs and DVDs. Of course, that's only one of many bells and whistles built into the 4.6-pound, 12-inch PowerBook G4. And at 5.6-pounds and 6.9-pounds, respectively, the 15-inch and 17-inc models continue to astonish even the die-hard road warrior.

27. The PowerBook G4 laptops are more expensive than many other laptops available on the market, typically priced in the $1,500 to $3,600 range depending on the memory and software options chosen by the consumer. The PowerBook G4 is offered with 2GB of memory for $3,600.

28. In 2004, 32% of Apple's Macintosh net sales was from the PowerBook and 19% of its total net sales was from the PowerBook. This product had higher sales than any other product sold by Apple during 2004.

29. The models within the PowerBook G4 series of laptops were marketed and sold with 512MB of memory. Apple boasts that the memory can be increased "up to 1.25GB" on the

12-inch model and "up to 2GB" on the 15 and 17-inch models. The 12-inch model has "256MB of memory installed on the logic board and 256MB of memory installed in the memory slot" (it only has one memory slot). The memory can be increased by replacing the memory chip installed in the memory slot with up to 1 gigabyte ("GB") of memory by "using a 1GB [chip] in the memory slot." The 15 and 17-inch models come with one 512MB of memory installed in the upper memory slot. The memory can be increased by installing a memory chip of up to 1GB in the lower memory slot and/or by replacing the 512MB memory chip in the upper memory slot with a memory chip containing up to 1GB of memory. By installing a 1GB chip in each of the memory slots, the user will have access to the 2GB of memory advertised by Apple. The User's Manual distributed with these computers instruct the consumer on how to add memory to reach its maximum capacity.

30. In order for the memory to be available to the computer, the computer must be able to "read" the memory installed in both slots. When the lower memory slot fails, as it has for the Plaintiffs and the members of the Class, then only half of the memory is available for use.

31. Since memory capacity helps determine the computer's speed and its ability to run different software applications, the total system memory is a material feature of the laptops.

32. The problem experienced by the Plaintiffs and the members in the Class is that the computer stops reading all of the memory that Apple has said it is capable of, in particular, it fails to read the memory available in the lower memory slot. Even if the problem is fixed, it is likely to recur.

33. Apple Support personnel falsely claim that they are unaware of any problems with the PowerBook G4 series in attempts to conceal the defects in this series of laptops. In fact, Apple has removed postings about the defect from its discussion forums.

34. To date, Apple has not taken effective action to remedy the defects in the PowerBook G4 laptops.

35. Despite being aware of the scope of the problems with the PowerBook G4 laptops, Defendant has failed to take substantial corrective action. Defendant has not notified its customers of the problems or advised them to have their laptops inspected to repair the defects.

36. Unless the Class is provided with notice and a recall and/or repair program instituted, many other users of PowerBook G4 laptops will eventually suffer the same fate, at considerable costs, expense, and loss as Plaintiffs has suffered and continues to suffer.

37. The experiences of the Plaintiffs are not unlike thousands of other Apple purchasers who have recounted their problems with the PowerBook G4 laptops on various website forums dedicated to the PowerBook G4 series, and demonstrate that misrepresented the quality and reliability of the PowerBook G4 laptops.

**Plaintiff Butzer**

38. Plaintiff Butzer purchased a PowerBook G4 laptop for approximately $2,600 from PC Connection. His computer came with 256MB in one memory slot and 512MB in the other memory slot.

39. In January of 2005, the 256MB chip was replaced with another 512MB chip.

40. In June of 2005, Butzer ascertained that only half of the memory was being read by the computer. Butzer purchased two new memory modules/chips at 1GB each and installed these into both memory slots. The computer still failed to read the memory installed in the lower memory slot. His computer, therefore, is unable to run the applications he needs and for which he purchased the laptop.

**Plaintiff Peterson**

41. Plaintiff Peterson purchased a PowerBook G4 laptop for approximately $3,200 from the Applestore online in October of 2003. His PowerBook G4 had one 512MB memory chip installed in the upper memory slot at the time of purchase.

42. Around January of 2004, Peterson added 256MB of memory to his PowerBook G4 in its lower memory slot. Peterson ordered the additional memory chip from Apple and installed it himself following the instructions in the User Manual provided by Apple.

43. Around August 3, 2005, Peterson ascertained that the lower memory slot was not reading any memory from the memory chip. Without the memory coming from both of the memory slots, Plaintiff Peterson is unable to work because the smaller memory capacity will not support the applications he needs.

**Plaintiff Rio**

44. Plaintiff Rio purchased a PowerBook G4 laptop from Connecting Point Computer Center.

45. Beginning in June 2005, Plaintiff Rio began experiencing problems in her PowerBook G4. The laptop would waffle between reading all of the 2GB of memory installed in the computer to reading only half of the memory. When Rio contacted Apple about the problem, she was told that it could not be fixed because the problem was intermittent. However, the problem is interfering with her ability to use the computer as she intended when she purchased her PowerBook G4.

46. Plaintiffs bring each of the following counts on behalf of the members of the Class.

**COUNT ONE**

**Violations of Unfair Competition Law**
**[Violation of Cal. Bus. & Prof. Code Sections 17200, *et seq.*]**

47. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

48. Defendant has engaged in unfair, unlawful, and fraudulent business practices as set forth above.

49. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*

50. Defendant's acts and practices are unfair and/or fraudulent in that it has deceived and/or is likely to deceive members of the consuming public.

51. Defendant's advertising was deceptive, unfair, and/or misleading with respect to the memory capacity of the Apple PowerBook G4 series.

52. Defendant marketed the PowerBook G4 laptops with the intent to induce the purchase of, and did induce the purchase of, these laptops in their defective condition and deceptively failed to disclose these defects as described above. Said marketing and sales,

including omissions, were so material and substantial as to make the marketing deceptive, untrue, and/or misleading. Defendant's acts and practices are unlawful because they violate Civil Code §§ 1572, 1709, 1710, 1770(a)(5), 1770(a)(7), and 1770(a)(9). Defendant's acts and practices are also unlawful because they violate Business and Professions Code §§ 17500, *et seq*. Specifically, Defendant's acts and practices are also unlawful because they violate the Song-Beverly Consumer Warranty Act, Civil Code §§ 1790, *et seq*.

53. Plaintiffs, on behalf of themselves individually and on behalf of the Class and the general public, seeks an order of this Court awarding damages and/or injunctive relief, including restitution, and all other relief allowed under §§ 17200, *et seq*., plus interest, attorneys' fees, and costs pursuant to, *inter alia*, Cal. Civ. Proc. Code § 1021.5.

## COUNT TWO

### Untrue and Misleading Advertising
### [Violation of Cal. Bus. & Prof. Code Sections 17500, *et seq.*]

54. Plaintiffs reallege and incorporate the above allegations as though fully set forth set forth herein.

55. Beginning in or before October of 2003, Apple engaged in advertising and marketing to the public and offered for sale PowerBook G4 laptops throughout the United States, including California, and the world.

56. Apple has engaged in the advertising and marketing alleged herein with an intent to directly or indirectly induce the purchase of PowerBook G4 laptops.

57. Apple's advertisements and marketing representations regarding the technical and other characteristics of PowerBook G4 laptops. including, but not limited to, its memory capacity, are false, misleading, and deceptive as set forth more fully above.

58. At the time it made and disseminated the statements alleged herein, Apple knew or should have known that the statements were deceptive, untrue, and/or misleading, and acted in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq*.

59. Apple actively concealed its knowledge that PowerBook G4 laptops contain inherent defects.

60. Plaintiffs, on behalf of themselves individually and the Class, seek damages and/or injunctive relief, and other relief allowable under §§ 17500, *et seq.*

## COUNT THREE

### [Violation of CLRA]

61. Plaintiffs reallege and incorporate the above allegations as though fully set forth set forth herein.

62. This claim arises under the Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.*

63. At all times relevant hereto, Plaintiffs were each a "consumer" as that term is defined in Civ. Code § 1761(d).

64. At all times relevant hereto, Apple's PowerBook G4 laptops constituted "goods" as that term is defined in Civ. Code § 1761(a).

65. At all times relevant hereto, Defendant constituted a "person" as that term is defined in Civ. Code § 1761(c).

66. At all times relevant hereto, Plaintiffs' purchase of Defendant's PowerBook G4 laptop constituted a "transaction" as that term is defined in Civ. Code § 1761(e).

67. At all times relevant hereto, Defendant provided "services" to Plaintiffs and the Class within the meaning of Civ. Code § 1761(b).

68. The CLRA provides in relevant part that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> * * *
>
> (5) Representing that goods . . . have . . . approval, characteristics, . . . uses, [or] benefits . . . which they do not have.
>
> * * *
>
> (7) Representing that goods . . . are of a particular standard, quality or grade . . . if they are of another.
>
> * * *

(9) Advertising goods . . . with intent not to sell them as advertised.

Civ. Code. § 1770(a).

69. Defendant made uniform written representations that the PowerBook G4 laptop is a high quality product that will perform as represented. These representations, as set forth above, were false, deceptive, and/or misleading and were in violation of the CLRA.

70. Plaintiffs are each a consumer under Civil Code § 1761(d). Civil Code § 1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770.

71. Plaintiffs are also entitled to equitable relief under the CLRA and bring this Count to seek injunctive relief against Defendant to recall and/or repair the PowerBook G4 series of laptops.

72. Plaintiffs and the Class also are entitled to recover attorneys' fees and costs pursuant to Civil Code §§ 1780 and 1781.

73. Plaintiffs will if necessary amend at a later date to seek monetary damages under the California Consumer Legal Remedies Act.

## COUNT FOUR

## [Breach of Express Warranty]

74. Plaintiffs reallege and incorporate the above allegations as though fully set forth set forth herein.

75. Under the explicit terms of Apple's warranty, PowerBook G4 laptops came with an express warranty.

76. Apple's written warranty stated that the PowerBook G4 laptops were free of defects in materials and workmanship.

77. Apple breached its express warranties, as set forth above, by supplying PowerBook G4 laptops in a condition where they did not meet the warranty obligations undertaken by Apple.

78. Apple has received timely notice of the breaches of warranty alleged herein pursuant to Commercial Code § 2607(3)(A).

79. In addition, Apple has received thousands of complaints and other notices from its customers worldwide advising Apple of the defects in the PowerBook G4 laptops, including hundreds (if not thousands) of residents of the United States. Despite this notice and Apple's knowledge, Apple refuses to honor its warranty, even though it knows of the inherent defect in the PowerBook G4 laptops.

80. Apple has failed to provide to Plaintiffs or the Class, as a warranty replacement, a product that conforms to the qualities and characteristics that Apple expressly warranted when it sold PowerBook G4 laptops to Plaintiffs and the Class.

81. Applying any warranty limitation to avoid the need to repair this particular defect would be unconscionable in that, *inter alia*, the PowerBook G4 laptops contained an inherent defect that was already present at the time of purchase. Apple knew, or was reckless in not knowing, about this defect, which could not be discovered by Plaintiffs and the members of the Class at the time of purchase, and purchasers lacked any meaningful choice with respect to the warranty terms.

82. As a result of Apple's breach of warranty, Plaintiffs and the Class have suffered damages in an amount to be determined at trial.

## COUNT FIVE

### [Breach of Implied Warranty of Merchantability]

83. Plaintiffs reallege and incorporate the above allegations as though fully set forth set forth herein.

84. Apple is a "merchant" within the meaning of Commercial Code § 2104.

85. The Apple laptops are "goods" within the meaning of Commercial Code § 2105.

86. Apple's implied warranty of merchantability arose out of and/or was related to the sales of the PowerBook G4 laptops.

87. As more fully set forth above, Apple has failed to comply with its obligations under its implied warranty of merchantability and have thus breached that warranty.

88. Plaintiffs and the Class have suffered and will continue to suffer damages as a result of Apple's breach of its warranty obligations. Accordingly, Plaintiffs and all Class members are entitled to recover damages under.

**COUNT SIX**

**Violation of Song-Beverly Consumer Warranty Act**
**[Violation of Cal. Civil Code Sections 1790, *et seq.*]**

89. Plaintiffs reallege and incorporate the above allegations as though fully set forth set forth herein.

90. The PowerBook G4 laptops are "consumer goods" within the meaning of Civil Code § 1791(a).

91. Apple's express warranty and implied warranty of merchantability arose out of and/or were related to the sales of the PowerBook G4 laptops.

92. As more fully set forth above, Apple has failed to comply with its obligations under its express warranty and its implied warranty of merchantability.

93. Plaintiffs and the Class have suffered and will continue to suffer damages as a result of Apple's failure to comply with its warranty obligations. Accordingly, Plaintiffs and all Class members are entitled to recover damages under the Song-Beverly Consumer Warranty Act, including damages, pursuant to Civil Code §§ 1791.1(d) and 1794.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the members of the Class pray for relief as follows:

A. For an order certifying the proposed Class herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent the Class;

B. Restitution and/or damages for injuries suffered by Plaintiffs and the Class in the maximum amount permitted by applicable law;

C. An order requiring Apple to immediately cease its wrongful conduct as set forth above; enjoining Apple from continuing to falsely market and advertise, conceal material information, and conduct business via the unlawful, unfair, and deceptive business acts and practices complained of herein; ordering Apple to engage in a corrective notice campaign; and

requiring Apple to refund to Plaintiffs and all the members of the Class the funds paid to Apple for these defective products;

D. Reasonable attorneys' fees and the costs of prosecuting this action;

E. Statutory pre-judgment interest; and

F. Such other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action so triable.

DATED: August 23, 2005

HULETT HARPER STEWART LLP
KIRK B. HULETT
BLAKE MUIR HARPER

BLAKE MUIR HARPER

550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619)338-1133
Facsimile: (619) 338-1139

WOLF POPPER LLP
LESTER L. LEVY
PATRICIA I. AVERY
EMILY MADOFF
ELIZABETH FERGUSON
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Attorneys for Plaintiffs

FILED-BY-FAX

HULETT HARPER STEWART LLP
KIRK B. HULETT. SBN: 110726
BLAKE MUIR HARPER, SBN: 115756
550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139
e-mail: kbh@huletthaper.com
bmh@huletthaper.com

WOLF POPPER LLP
LESTER L. LEVY
PATRICIA I. AVERY
EMILY MADOFF
ELIZABETH FERGUSON
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
e-mail: llevy@wolfpopper.com
pavery@wolfpopper.com
emadoff@wolfpopper.com
eferguson@wolfpopper.com

Attorneys for Plaintiffs Daniel Butzer, Laz Peterson, and Cindy Rio

THE UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT – SAN JOSE DIVISION

| | |
|---|---|
| DANIEL BUTZER, LAZ PETERSON, and CINDY RIO, On Behalf of Themselves Individually, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC.,<br><br>Defendants. | Case No.<br><br><u>CLASS ACTION</u><br><br>**CERTIFICATE OF INTERESTED PARTIES** |

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: August 23, 2005

HULETT HARPER STEWART LLP
KIRK B. HULETT
BLAKE MUIR HARPER

BLAKE MUIR HARPER

550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619)338-1133
Facsimile: (619) 338-1139

WOLF POPPER LLP
LESTER L. LEVY
PATRICIA I. AVERY
EMILY MADOFF
ELIZABETH FERGUSON
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Attorneys for Plaintiffs