Apple Inc. v. Psystar Corporation Doc. 3324

MILBANK, TWEED, HADLEY & McCLOY LLP
James Pooley (CA Bar No. 058041)
L. Scott Oliver (CA Bar No. 174824)
Anupam Sharma (CA Bar No. 229545)
Diana Luo (CA Bar No. 233712)
Five Palo Alto Square, Seventh Floor
3000 El Camino Real
Palo Alto, California 94306-2109
Telephone: (650) 739-7000
Facsimile: (650) 739-7100
jpooley@milbank.com; soliver@milbank.com;
asharma@milbank.com, dluo@milbank.com

Attorneys for Plaintiff and Counterdefendant
ESS TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TOWNSHEND PATENT LITIGATION | Master File No.: C-02-4833 JF (PVT) |
| This document relates to:<br><br>ESS TECHNOLOGY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRENT TOWNSHEND, an individual, and TOWNSHEND INTELLECTUAL PROPERTY, LLC, a California LLC,<br><br>Defendant. | This document related to: C-01-1300 JF<br><br>**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF LETTER ROGATORY**<br><br>**Date: Tuesday, October 4, 2005**<br>**Time: 10:00 a.m.** |
| AND RELATED COUNTERCLAIMS | |

PLEASE TAKE NOTICE that on Tuesday, October 4, 2005, at 10:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Patricia V. Trumbull, United States District Court, 280 South First Street, San Jose, California, ESS Technology, Inc. ("ESS") will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 28(b)(2) for an order that a Letter of Request issue to the appropriate authority having jurisdiction of civil causes in and for the Province of Ontario, Canada, to require the examination under oath of Nicholas J. DeRoma of Nortel Networks Corporation ("Nortel") by means of an



Dockets.Justia.com

open deposition on oral questions and for the production of documents thereby.

This motion is brought on the grounds that Nicholas J. DeRoma, the Chief Legal Officer of Nortel, has knowledge and information relevant to the subject matter of this action and is a permanent resident of Canada who does not plan to come to the United States of America within the foreseeable future.

This motion is based on this Notice of Motion and Motion, the accompanying Letter of Request (with attached Exhibit), the accompanying Declaration of L. Scott Oliver (with attached Exhibits), all pleadings and papers on file in this action, and upon such other matters as may be properly presented to the Court.

## STATEMENT OF ISSUE

1. Should a Letter of Request be issued to the appropriate authority having jurisdiction of civil causes in and for the Province of Ontario, Canada, to require the examination under oath of, and the production of documents by, Nicholas J. DeRoma, pursuant to Federal Rule of Civil Procedure 28(b)(2)?

## INTRODUCTION

This is an action in which ESS alleges patent misuse and breach of contract by Brent Townshend and Townshend Intellectual Property, L.L.C. (collectively as "Townshend"). In the counterclaim, Townshend alleges that ESS infringes seven of Townshend's United States Patents — U.S. Patent No. 5,801,695; U.S. Patent No. 5,809,075; U.S. Patent No. 5,859,872; U.S. Patent No. ,970,103; U.S. Patent No. 6,233,275; U.S. Patent No. 6,233,284; and U.S. Patent No. 6,400,770 (collectively the "patents-in-suit"). Each of the patents-in-suit is related as a continuation or continuation-in-part. Townshend alleges that the patents-in-suit generally relate to 56 kilobit per second ("kbps") modem technology and form the core technology for the V.90 standard adopted by the International Telecommunication Union ("ITU"). Nortel, through its acquisition of Bay Networks, has a license agreement pertaining to the patents-in-suit.

ESS seeks non-privileged testimony and documents from Nortel relating to this license agreement, negotiations leading up to this agreement, as well as information relating to the sales of modems under this license. ESS seeks only that information that is directly relevant to its

claims and defenses in this action, such as patent misuse, breach of contract and reasonable royalties for the patents-in-suit. On information and belief, Nicholas J. DeRoma, as the Chief Legal Officer of Nortel, has the authority to produce relevant documents and speak on behalf of the corporation. On information and belief, Nicholas J. DeRoma is a Canadian citizen and resident and is therefore outside the normal process for procuring testimony and documents under the Federal Rules of Civil Procedure. Accordingly, ESS asks the Court to issue the attached Letter of Request directed to the appropriate Canadian authority that has the power to request the testimony of, and the production of documents by, Nicholas J. DeRoma.

**ARGUMENT**

On March 12, 2001, ESS filed suit against Townshend in the United States alleging patent misuse and unenforceability of the patents-in-suit, as well as breach of contract. Townshend answered ESS's allegations on September 27, 2002, denying ESS's claims. Townshend also asserted counterclaims alleging infringement of the patents-in-suit, and demanded that ESS take a license to the patents-in-suit and pay royalties to Townshend. ESS denied the allegations of infringement in its answer on October 17, 2002.

ESS served Townshend with its First Set of Document Requests and its First Set of Interrogatories on April 17, 2003, and its Second Set of Document Requests on April 1, 2005. A primary focus of ESS's requests is the licenses for Townshend's modem-related technology encompassed by the patents-in-suit. As a result, ESS seeks financial information regarding the royalties paid by various licensees to the patents-in-suit. To place these per unit royalties in perspective, ESS also seeks the average selling prices, total units sold and profits for the modem-related products encompassed by the patents-in-suit.

On April 5, 1996, U.S. Robotics Access Corporation ("U.S. Robotics") became a Townshend licensee for the patents-in-suit. On June 18, 1997, Bay Networks, Inc. ("Bay Networks") obtained a license from U.S. Robotics for the x2 technology, a technology that Townshend contends is covered by the patents-in-suit. Therefore, Bay Networks became a sub-licensee of Townshend. In 1998, Bay Networks was acquired by Nortel. Consequently, Nortel effectively became a sub-licensee of Townshend. Additionally, by virtue of its acquisition,

Nortel has custody of all the information and documents relating to the license agreement between U.S. Robotics and Bay Networks, negotiations preceding this agreement, royalty payments pursuant to this agreement, and financial information on the products covered by this agreement that were sold by Bay Networks/Nortel.

In this lawsuit, Townshend's alleges that the patents-in-suit were incorporated in the V.90 standard, and mere practice of this standard by any modem manufacturer constitutes infringement of the patents-in-suit. If Townshend's allegation are valid, then Townshend is obligated to offer license to its patents on reasonable, non-discriminatory royalty rates to every modem-industry participant, including ESS. To the extent Townshend does not do that, ESS claims that Townshend's conduct amount to patent misuse and a breach of its contract with the ITU. Therefore, details of Townshend's licensing strategy are a critical aspect of this litigation and are relevant to ESS's claim that if Townshend's allegations are correct, then ESS is entitled to a license to the patents-in-suit at reasonable, non-discriminatory royalty rates. Financial details such as royalty payments, sales, volume, average selling prices, and profits on modem products provide details as to how other licensees of the patents-in-suit, such as Bay Networks and Nortel, have valued the licenses for the patents-in-suit. Terms of the license and communications leading up to the conclusion of the license are necessary to comprehend the non-discriminatory aspect or lack thereof of licenses to the patents-in-suit.

During discovery, Townshend has produced only the license agreement between Bay Networks and U.S. Robotics for the patents-in-suit. Townshend has not produced any other documents relating to this license, or any other financial information relating to this license and the products sold pursuant to this license -- information that is clearly responsive to ESS's discovery requests, and which is relevant to this litigation.

ESS believes that Nortel, by virtue of its acquisition of Bay Networks, has information and documents relevant and necessary to ESS's claims and defenses in the current action. ESS attempted to serve a subpoena on Nortel on July 27, 2005 at Nortel's Santa Clara, California branch office, which is located in the Northern District of California. The branch office, however, refused to receive service of the subpoena on behalf of the corporation. Nortel has no

other offices that are within the subpoena power of the Northern District of California.

Thus, in order to obtain information and documentation relevant and necessary to ESS's claims and defenses in the current action, ESS needs discovery from Nicholas J. DeRoma of Nortel, on at least the following subjects:

(1) All licenses, assignments and agreements involving the patents-in-suit, between Bay Networks/Nortel and any other party.

(2) All negotiations of licenses, assignments and agreements involving the patents-in-suit between Bay Networks/Nortel and any other party.

(3) Bay Networks' (and later Nortel's) revenue, average selling price, units sold and profits for the sale of modems from 1995 to the present.

(4) All payments Bay Network (and later Nortel) received from and paid to Townshend or any other party, including without limitation royalties for the licensing of the patents-in-suit.

As noted above, Nicholas J. DeRoma is a foreign national residing in Canada and is therefore outside the range of traditional discovery under the Federal Rules of Civil Procedure. Issuance of a Letter of Request is one method that can be employed to seek deposition testimony and documents from a nonparty foreign national witness outside the United States. Pursuant to Fed. R. Civ. P. 28(b)(2), ESS has prepared a Letter of Request submitted herewith. ESS seeks evidence from Nicholas J. DeRoma in the form of testimony and documents for use as evidence at trial.

## CONCLUSION

For the foregoing reasons, ESS respectfully requests that the Court grant this motion, execute the attached Letter of Request, and issue the Letter of Request to the appropriate authority having jurisdiction of civil causes in and for the Province of Ontario, Canada.

DATED: August 30, 2005

MILBANK, TWEED, HADLEY & McCLOY LLP

By: /s/

L. Scott Oliver
Attorneys For ESS Technology, Inc.

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

**LETTER OF REQUEST FOR THE TAKING OF EVIDENCE FROM NICHOLAS J. DeROMA**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION, to

THE APPROPRIATE JUDICIAL AUTHORITIES OF THE PROVINCE OF ONTARIO, CANADA:

The above named Court presents its compliments and requests the following assistance to obtain evidence to be used in a civil proceeding, *ESS Technology, Inc. v. Brent Townshend and Townshend Intellectual Property, L.L.C.*, now pending in the United States District Court for the Northern District of California, San Jose Division. A trial on the merits of this matter is scheduled to occur in San Jose, California.

This Court has determined that, in the interests of justice and to ensure a complete record, Mr. Nicholas J. DeRoma, the Chief Legal Officer of Nortel Networks Corporation ("Nortel"), who resides within your jurisdiction, needs to be examined as a witness under oath:

Last Known Residential Address:
UNKNOWN

Office Address
8200 Dixie Road, Suite 100
Brampton, Ontario L6T 5P6
Canada

This Court requests that the appropriate judicial authority of Canada compel the appearance of Mr. DeRoma to give video-taped deposition testimony and produce documents for use at trial.

## I. NATURE AND PURPOSE OF PROCEEDINGS AND SUMMARY OF FACTS

The following is a summary of the proceedings and facts as alleged by the parties to this action. This Court has not yet made findings of fact in the action.

Plaintiff and counterdefendant ESS Technology, Inc. ("ESS") is a California corporation with its principal place of business at 48401 Fremont Boulevard, Fremont, California, 94538. ESS is represented by James Pooley, Esq. and L. Scott Oliver, Esq., of MILBANK, TWEED, HADLEY & McCLOY, LLP, 5 Palo Alto Square, 3000 El Camino Real, 7th Floor, Palo Alto, California, 94306. ESS's Canadian counsel in this matter is Susan Wortzman, Esq., LERNERS, LLP, 80 Dufferin Ave, London, Ontario, Canada, N6A 4G4.

Defendant and counterclaimant Townshend Intellectual Property, L.L.C. is a California limited liability company with its principal offices at 1050 Noel Drive, Suite 102, Menlo Park, California, 94025. Defendant and counterclaimant Brent Townshend is the Managing Member of Townshend Intellectual Property, L.L.C. The defendants (collectively "Townshend") are represented by Robert P. Feldman, Esq., Colleen Bal, Esq., Jennifer A. Ochs, Esq. and Maura L. Rees, Esq., of WILSON, SONSINI, GOODRICH & ROSATI, Professional Corporation, 650 Page Mill Road, Palo Alto, California, 94304.

The proceeding for which evidence is required is a civil action for alleged patent misuse arising under the laws of the United States, Title 35, United States Code. The case is pending as Civil Action No. C-01-1300 JF in the United States District Court for the Northern District of California, San Jose Division. The Honorable Jeremy Fogel presides over the action. The Honorable Patricia V. Trumbull is the Magistrate Judge to whom the action is referred for discovery matters.

Brent Townshend is the named inventor on certain patents relating to technology allowing modems to reach speeds of up to 56 kilobits per second ("kbps") over telephone lines. These patents are now allegedly owned by Brent Townshend's successor-in-interest, Townshend Intellectual Property, L.L.C. On March 12, 2001, ESS filed suit against Townshend in the United States alleging patent misuse and unenforceability of seven related Townshend patents – U.S. Patent No. 5,801,695; U.S. Patent No. 5,809,075; U.S. Patent No. 5,859,872, U.S. Patent No. 5,970,103; U.S. Patent No. 6,233,275; U.S. Patent No. 6,233,284; and U.S. Patent No. 6,400,770 (collectively the "patents-in-suit"),[1] as well as breach of contract. Townshend answered ESS's allegations on September 27, 2002, denying ESS's claims. Townshend also asserted counterclaims alleging infringement of the patents-in-suit and demanded that ESS take a license to the patents-in-suit and pay royalties to Townshend. ESS denied the allegations of infringement in its answer on October 17, 2002.

Discovery in this action is in progress. ESS served Townshend with its First Set of Document Requests and its First Set of Interrogatories on April 17, 2003, and its Second Set of Document Requests on April 1, 2005. A primary focus of the discovery requests served by ESS relates to Townshend and its various licenses for its modem-related technology encompassed by the patents-in-suit. For example, Document Request No. 12 in ESS's First Set of Request for Production of Documents sought all documents referring to licensing negotiations between Townshend and other parties regarding modem technology. Document Request No. 9 sought, among other things, all documents referring or relating to U.S. Robotics. Document Request No. 29 sought all documents reflecting sales of modems by any entity.

---

[1] This action is one of three related patent infringement actions that are pending before the Court against three different defendants – *ESS Technology, Inc. v. Townshend Intellectual Property, L.L.C. v,* C-01-1300 JF; *Townshend Intellectual Property, L.L.C. v. Cisco Systems, Inc.,* C-02-4833 JF; *Townshend Intellectual Property, L.L.C. v. Agere Systems Inc.,* C-02-4836 JF. All of these actions have been consolidated for discovery, Markman hearing, and pre-trial proceedings. The same seven patents-in-suit are asserted against all three defendants.

On April 5, 1996, U.S. Robotics Access Corporation ("U.S. Robotics") became a Townshend licensee for the patents-in-suit. On June 18, 1997, Bay Networks, Inc. ("Bay Networks") obtained a license from U.S. Robotics for the x2 technology, a technology that Townshend contends is covered by the patents-in-suit. Therefore, Bay Networks became a sub-licensee of Townshend. In 1998, Bay Networks was acquired by Nortel. Consequently, Nortel effectively became a sub-licensee of Townshend. Additionally, by virtue of its acquisition, Nortel has custody of all the information and documents relating to the license agreement between U.S. Robotics and Bay Networks, negotiations preceding this agreement, royalty payments pursuant to this agreement, and financial information on the products covered by this agreement that were sold by Bay Networks/Nortel.

In this lawsuit, Townshend's alleges that the patents-in-suit were incorporated in the V.90 standard, and mere practice of this standard by any modem manufacturer constitutes infringement of the patents-in-suit. If Townshend's allegation are valid, then Townshend is obligated to offer license to its patents on reasonable, non-discriminatory royalty rates to every modem-industry participant, including ESS. To the extent Townshend does not do that, ESS claims that Townshend's conduct amount to patent misuse and a breach of its contract with the International Telecommunication Union ("ITU"). Therefore, details of Townshend's licensing strategy are a critical aspect of this litigation and are relevant to ESS's claim that if Townshend's allegations are correct, then ESS is entitled to a license to the patents-in-suit at reasonable, non-discriminatory royalty rates. Financial details such as royalty payments, sales, volume, average selling prices, and profits on modem products provide details as to how other licensees of the patents-in-suit, such as Bay Networks and Nortel, have valued the licenses for the patents-in-suit. Terms of the license and communications leading up to the conclusion of the license are necessary to comprehend the non-discriminatory aspect or lack thereof of licenses to the patents-in-suit.

During discovery, Townshend has produced ***only*** the license agreement between Bay Networks and U.S. Robotics for the patents-in-suit. Townshend has not produced any other documents relating to this license, or any other financial information relating to this license and the products sold pursuant to this license -- information that is clearly responsive to ESS's discovery requests, and which is relevant to this litigation.

ESS believes that Nortel, by virtue of its acquisition of Bay Networks, has information and documentation relevant and necessary to ESS's claims and defenses in the current action. ESS attempted to serve a subpoena on Nortel on July 27, 2005 at Nortel's Santa Clara, California branch office, which is located in the Northern District of California. The branch office, however, refused to receive service on behalf of the corporation. Nortel has no other offices that are within the subpoena power of the Northern District of California.

Nicholas J. DeRoma, as Chief Legal Officer of Nortel, has the authority to speak on behalf of the corporation. The evidence to be obtained is for use as evidence at trial. The parties cannot compel Nicholas J. DeRoma to appear at trial in the United States.

Given that the cut-off for fact discovery is October 21, 2005, this request is being made to secure non-privileged testimony and documents from Mr. DeRoma, an individual who resides in your jurisdiction. This is a proper and necessary request because it is related to ESS's claims and defenses and is necessary for a fair resolution of the issues that will come before the United States District Court at trial.

## II. THE SUBJECT MATTER ABOUT WHICH MR. DeROMA WILL BE EXAMINED

(1) All licenses, assignments and agreements involving the patents-in-suit, between Bay Networks/Nortel and any other party.

(2) All negotiations of licenses, assignments and agreements involving the patents-in-suit between Bay Networks/Nortel and any other party.

(3) Bay Networks' (and later Nortel's) revenue, average selling price, units sold and profits for the sale of modems from 1995 to the present.

(4) All payments Bay Network (and later Nortel) received from and paid to Townshend or any other party, including without limitation royalties for the licensing of the patents-in-suit.

## III. SPECIAL METHODS AND PROCEDURES

This Court respectfully requests that:

(1) you cause Mr. DeRoma to be summoned to attend an examination under oath at a time and place you determine and before you or another person authorized to administer oaths and preside over the examination;

(2) you permit Mr. DeRoma to be examined by counsel for ESS, by counsel for any other party in these consolidated actions (identified in footnote 1) who wish to participate in the deposition, and by counsel for Townshend, allowing full examination and cross-examination on the subject matter of this case, under the United States Federal Rules of Civil Procedure;

(3) you permit the examination to be videotaped and a verbatim transcript of the examination to be taken; and

(4) you order Mr. DeRoma to produce documents relevant to the subject matter of this case, including documents in Canada identified in Exhibit B attached hereto.

## IV. REQUEST FOR NOTIFICATION

This Court requests that the following persons be notified of the time and place of Mr. DeRoma examination:

The Honorable Patricia V. Trumbull
United States District Court for the Northern
District of California, San Jose Division
Courtroom 5 , 4th Floor
280 South 1st Street
San Jose, California 95113
Tel: (408) 535-5389

James Pooley, Esq.
L. Scott Oliver, Esq.
MILBANK, TWEED, HADLEY & McCLOY, LLP
5 Palo Alto Square
3000 El Camino Real, 7th Floor
Palo Alto, California, 94306
Tel: (650) 730-7000

Canadian Counsel
Susan Wortzman, Esq.,
LERNERS, LLP
80 Dufferin Ave
London, Ontario, Canada, N6A 4G4
Tel: (519) 672-4510

Robert P. Feldman, Esq.
Colleen Bal, Esq.
Jennifer A Ochs, Esq.
Maura L. Rees, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California, 94304
Tel: (650) 493-9300

## V. REIMBURSEMENT

Any fees and costs incurred in the execution of this Letter of Request will be borne by ESS.

## VI. RECIPROCITY

This Court is ready and willing to render similar assistance to your Courts when required and takes this opportunity to extend to you its highest consideration.

WITNESS, the signature and seal of The Honorable Patricia V. Trumbull, United States Magistrate Judge, United States District Court for the District of Northern California, San Jose Division, this ____ day of _______________, 2005.

____________________________________
Hon. Patricia V. Trumbull
United States Magistrate Judge

# EXHIBIT B

## EXHIBIT "B"

Pursuant to the applicable rules of Canada, ESS Technology, Inc. ("ESS") hereby requests that Nicholas J. DeRoma, on behalf of Nortel Networks Corporation ("Nortel"), produce for inspection and copying each of the documents falling within the categories specified in the individually numbered requests below, in accordance with the definitions and instructions contained herein.

Unless otherwise agreed by all parties, the inspection of documents shall take place within ten (10) days after service, at the law offices of LERNERS, LLP, 80 Dufferin Ave, London, Ontario, Canada, N6A 4G4.

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, "Townshend" means Brent Townshend and Townshend Intellectual Property, LLC and any parent, subsidiary, affiliate or division thereof, and includes any present and former directors, agents, representatives, executives, officers, employees, attorneys or any other persons acting or purporting to act on behalf of Townshend or Townshend Intellectual Property, LLC.

2. As used herein, "ESS" means ESS Technology, Inc. and any subsidiary, affiliate or division thereof, and includes any present and former directors, agents, representatives, executives, officers, employees, attorneys or any other persons acting or purporting to act on behalf of ESS.

3. As used herein, "you," or "your" shall include the named corporate entity, its officers, directors, agents, employees, representatives, servants, parents, subsidiaries, divisions, and any other related company.

4. As used herein, "Agere" shall include the named defendant in *Townshend v. Agere*, pending in the U.S. District Court for the Northern District of California, Case No. 02-4836 JF, and its officers, agents, employees, representatives, business units and divisions.

5. As used herein, "Cisco" shall include the named defendant in *Townshend v. Cisco*, pending in the U.S. District Court for the Northern District of California, Case No. 02-4833 JF, and its officers, agents, employees, representatives, business units and divisions.

6. As used herein, "the '103 Patent" refers to U.S. Patent No. 5,970,103.

7. As used herein, "the '770 Patent" refers to U.S. Patent No. 6,400,770.

8. As used herein, "the '284 Patent" refers to U.S. Patent No. 6,233,284.

9. As used herein, "the '538 Patent" refers to U.S. Patent No. 5,835,538.

10. As used herein, "the '075 Patent" refers to U.S. Patent No. 5,809,075.

11. As used herein, "the '695 Patent" refers to U.S. Patent No. 5,801,695.

12. As used herein, "the '872 Patent" refers to U.S. Patent No. 5,859,872.

13. As used herein, the phrase "the patents-in-suit" refers to one or more of the '075 Patent, the '695 Patent, the '872 Patent, the '103 Patent, the '770 Patent, the '284 Patent, and the '538 Patent, as well as any United States issued or pending utility applications, continuations, divisions, re-issues, re-examinations corresponding thereto, as well any foreign patents and applications corresponding thereto.

14. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

15. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

16. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

17. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

18. As used herein, "document" or "documents" shall be construed in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure, and to include the original and every non identical copy or reproduction (whether different from the original because of notes made on said copy or otherwise) in Nortel's possession, custody, or control. The term includes, without limitation, any of the items on the following representative list, whether printed or recorded or reproduced by any process, or written and/or produced by hand: letters; reports; agreements; communications, including internal company communications; notes; correspondence; electronic mail (e-mail); telegrams; memoranda; translations; summaries or records of telephone conversations; routing slips or memoranda; reproducible recordings on tape, discs, or the like; summaries or records of personal interviews and conversations; diaries; statistical statements; graphs; laboratory and research reports and records; notebooks of any character; specifications; instructions; motion or still pictures; minutes or records of conferences and meetings; lists of persons attending meetings or conferences; expressions of statements of policy; reports or summaries of interviews; reports or summaries of investigations; opinions, reports or studies by employees or consultants; patent appraisals; reports of patent searches; opinions of counsel; records or summaries of negotiations; contracts and agreements, including all modifications, drafts, memoranda, correspondence and any other document relating to said contracts; advertisements; circulars; trade letters; press releases; books; accounts; statements of account; calendars; appointment books; telephone logs; computer printouts and storage on computer-related media of all kinds (including, but not limited to, information stored on computer disks, tapes and/or drives); microfilm; handbooks; manuals; drafts of any documents; and

revisions of drafts of any documents. Any such document bearing on any sheet, side or margin thereof any marks (such as initials, stamped indicia, comments or notations of any kind) that are not a part of the original text or photographic reproduction thereof is to be considered a separate document.

19. As used herein, the term "thing" or "things" shall be construed in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, physical articles of every kind and nature that are not "documents," such as, by way of example only, samples, prototypes, models, and all other physical objects or items.

20. As used herein, the term "person" or "party" shall include, but is not limited to, any natural person; business or corporation, whether for profit or not; firm; partnership, or other non corporate business organization; charitable, educational, governmental, or other non profit institution, foundation, body, or other organization; or employee, agent, or representative of any of the foregoing.

21. As used herein, the phrase "this litigation" or "this lawsuit" shall mean the current litigation between Townshend and Agere, Cisco and ESS (collectively, the "defendants") pending in the U.S. District Court for the Northern District of California.

22. As used herein, the term "communication" shall mean an oral, written, or symbolic expression or interchange of any type, including but not limited to e-mails with any and all attachments.

23. As used herein, "relating to" any given subject shall mean, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, referring directly or indirectly to, in any way, the particular subject matter identified.

24. The document requests herein shall be deemed to include any and all relevant documents within the possession, custody or control of Nortel .

25. If, after conducting a reasonable investigation, a full answer cannot be provided for any request for the production of documents, state that such is the case and answer to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information.

26. Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

27. If any of the documents requested herein are no longer in Nortel's possession, custody or control, Nortel is requested to identify each such requested document by date,

type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

28. If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

29. The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available.

## DOCUMENTS AND THINGS REQUESTED

A. Documents and things relating to or referring to licenses, assignments and agreements involving the patents-in-suit, including licenses, assignments and agreements themselves, between you, including Nortel and Bay Networks, and any other party, including Townshend, relating to the patents-in-suit, including any license agreements between you and Townshend.

B. Documents and things relating to or referring to negotiations of licenses, assignments and agreements between you and any other party involving the patents-in-suit.

C. All documents and things relating to or referring to any payments you received from or paid to Townshend or any other party relating to the patents-in-suit.

D. All documents and things, including demand letters, you received from or provided to Townshend or any other party relating to or referring to the patents-in-suit.

E. Documents and things, including your communications with Wilson Sonsini Goodrich & Rosati P.C., Townshend or any other person, relating to or referring to the disclosure of any licenses and agreements involving the patents-in-suit to the defendants in this litigation.

F. Documents and things relating to or referring to your revenues, average selling prices, units sold and profits from the sale of modems from 1995 to the present, on a quarterly basis.

G. All documents and things relating to or referring to royalties received or paid by Nortel/Bay Networks for the licensing of the patents-in-suit.