Apple Inc. v. Psystar Corporation Doc. 3335

IRELL & MANELLA LLP
Morgan Chu (70446)
Jonathan S. Kagan (166039)
Mary Ann Novak (202502)
Elizabeth L. Rosenblatt (203196)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHARPER IMAGE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE MAY DEPARTMENT STORES COMPANY, a Delaware corporation, TARGET CORPORATION, a Minnesota corporation, IONIC PRO, LLC, a Delaware company, QWIK COOK, INC. d/b/a HOME TRENDS, a New York corporation, IDEAL PRODUCTS, LLC, a Nevis company, SYLMARK, INC., a Delaware corporation, SYLMARK, LLC, a Delaware company, FACTORIES2U, LLC, a California company, and CHAIM MARK BESS, an individual,<br><br>Defendants. | Case No. C-04-0824 CW (WDB)<br><br>Date: October 4, 2005<br><br>Time: 1:00 p.m.<br><br>Ctrm: 4 (3rd Floor)<br><br>Judge: Magistrate Judge Wayne D. Brazil |

**DEFENDANTS' MOTION TO COMPEL SHARPER IMAGE CORPORATION TO PROVIDE SUBSTANTIVE RESPONSES TO DISCOVERY REQUESTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**



Dockets.Justia.com

TABLE OF CONTENTS


Page

Motion And Notice Of Motion .......... 1

Memorandum Of Points And Authorities In Support Of Defendants' Motion To Compel .......... 1

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 3

A. Defendants Are Entitled To Discovery Relating To Consumer And Retailer Complaints About SI's Ionic Breeze Products .......... 3

B. Defendants Are Entitled To Testimony And Written Discovery From Prior Litigation .......... 5

C. Defendants Are Entitled To Discovery Concerning Consumer Confusion .......... 7

D. Defendants Are Entitled To Discovery Regarding SI's Support For The Public Representations It Has Made Regarding Its Products .......... 8

E. SI Should Be Compelled To Respond To Discovery Concerning The Identity Of Persons Consulted And Documents Relied Upon In Responding To Interrogatories .......... 14

1. Defendants Are Entitled To Know What Documents SI Used In Preparing Its Answers To The Interrogatories .......... 17

2. Defendants Are Also Entitled To Know The Identities Of Persons Consulted In Preparing The Interrogatory Answers .......... 18

III. CONCLUSION .......... 18

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AMF, Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) .......... 6

*Funai Elec. Co. v. Orion Elec. Co.*,
No. 02 Civ. 2605, 2002 U.S. Dist. LEXIS 14466 (S.D.N.Y. Aug. 7, 2002) .......... 17

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970) .......... 3

*Rite-Hite Corp. v. Kelley Co., Inc.*,
56 F.3d 1538 (Fed. Cir. 1995) .......... 4

*Storts v. Hardee's Food Sys.*,
No. 95-1036-MLB, 1996 U.S. Dist. LEXIS 20624 (D. Kan. Dec. 26, 1996) .......... 18

## MOTION AND NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 4, 2005, at 1:00 p.m., or as soon thereafter as the parties may be heard, in the courtroom of the Honorable Wayne D. Brazil, Courtroom 4, 3rd Floor, located at 1301 Clay Street, Oakland, California 94612, Defendants will, and hereby do, move the Court for an order compelling plaintiff Sharper Image Corporation ("SI") to produce documents in response to certain requests for production contained in Defendant Sylmark, Inc.'s First Set of Requests for Production of Documents and Defendant Ionic Pro, LLC's First, Second, and Third Sets of Requests for Production of Documents. It also seeks to compel substantive answers to certain interrogatories contained in Defendant Qwik Cook Inc.'s First Set of Interrogatories; Defendant Sylmark, Inc's First Set of Interrogatories; Defendant Ionic Pro, LLC's First Set of Interrogatories; Defendant Target Corporation's First Set of Interrogatories; Defendant Chaim Mark Bess's First Set of Interrogatories; and Defendant Sylmark, LLC's First Set of Interrogatories. Finally, it seeks an order compelling SI to provide substantive responses to certain requests for admission contained in Defendant Ionic Pro, LLC's Third Set of Requests for Admission.

This motion is based on the following Memorandum of Points and Authorities, the Declaration of Elizabeth L. Rosenblatt submitted concurrently herewith, all pleadings in this proceeding, all matters of which the Court may take judicial notice, and any argument and evidence that may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

## I. INTRODUCTION

This litigation involves activities relating to the ionic air purifiers manufactured by plaintiff Sharper Image Corporation ("SI") and defendant Ionic Pro, LLC ("Ionic Pro"). In February 2004, SI initiated a lawsuit alleging infringement of U.S. Patent No. 6,709,484 (the

"'484 patent") and U.S. Patent No. Des. 433,494 (the "'494 patent"), trade dress infringement, tortious interference, and unfair competition against the May Department Stores and other retailers who sold ionic air purifiers manufactured by Ionic Pro, as well as Ionic Pro itself. Defendants counterclaimed for declaratory judgment of invalidity and non-infringement, and Ionic Pro brought counterclaims for tortious interference with prospective economic advantage and unfair competition against SI.

SI has altogether refused to produce documents in response to several document requests and has declined to provide any substantive response to numerous interrogatories and requests for admission. This motion focuses on five categories of discovery for which SI has declined to provide any substantive response: (1) requests for documents relating to consumer and retailer complaints about SI's Ionic Breeze products; (2) requests for production seeking deposition transcripts, testimony, affidavits, and written discovery from similar suits involving SI's purported intellectual property rights in its ionic air purifiers; (3) requests for production seeking documents regarding consumer confusion; (4) discovery requests regarding various public representations SI has made regarding its own products; and (5) interrogatories seeking the identity of persons consulted and documents relied upon in responding to Defendants' discovery. Complete copies of the discovery requests at issue and SI's responses thereto are attached as Exhibits A through T to the Declaration of Elizabeth L. Rosenblatt In Support of Defendants' Motion to Compel Sharper Image Corporation To Provide Substantive Responses to Discovery Requests ("Rosenblatt Decl."). Defendants have attempted throught the meet and confer process to obtain the discovery to which they are entitled, without success. Rosenblatt Decl. ¶¶ 29 & Exs. U-AA. As the parties were unable to agree, Defendants now bring this motion to compel.

## II. ARGUMENT

### A. Defendants Are Entitled To Discovery Relating To Consumer And Retailer Complaints About SI's Ionic Breeze Products

Defendants move to compel the production of documents in response to the following document requests:[1]

| Request | SI's Response |
|---|---|
| Sylmark, Inc. Document Request No. 42: All documents constituting, reflecting, referring, or relating customer complaints regarding any Ionic Breeze product. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents not relevant to the claim or defense of any party. |
| Ionic Pro Document Request No. 86: All documents constituting, reflecting, referring, or relating to any retailer complaints regarding any Ionic Breeze product. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents not relevant to the claim or defense of any party. |

SI objected to these document requests – which seek information regarding customer and retailer complaints – on the basis of burden and relevance, and refused to produce any responsive documents.

Contrary to SI's assertion, however, documents responsive to these requests almost certainly contain highly relevant information that bears precisely on crucial damages issues as well as other pertinent issues in this case. First, such complaints are relevant to the determination of a reasonable royalty, inasmuch as the complaints indicate the value (or lack thereof) of the patented invention. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (factors in determining reasonable royalty include "the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer"). For example, if SI received complaints from consumers or retailers who did not like having to rotate its machine in order to clean the internal electrodes (as required by the '484 patent), this would suggest that consumers and retailers place a low value on the technology

[1] Defendants met and conferred with Sharper Image on several occasions regarding these discovery responses. Rosenblatt Decl. Ex. U; V; W; X. At each meet and confer call, SI refused to produce documents in response to these requests. The parties were unable to reach agreement with regard to any of these requests.

claimed in the '484 patent – and the reasonable royalty associated with the patent would be correspondingly low. Likewise, complaints about buzzing noises made by the SI machines that practice the '484 patent would suggest that the claimed technology of the '484 patent is ineffective and adds little value to products that practice it, as the claimed technology of the '484 patent is intended to alleviate such buzzing noises by cleaning away the debris that causes them.

Second, such consumer and retailer complaints are indicative of the causes of any reduction or increase in the sales or returns of those products. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) ("To recover lost profits damages, the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer.") Essentially, the Court must determine the value of the claimed technology in comparison to the value of other aspects of the products at issue, in establishing the quantum of damages, if any, to which SI is entitled. Trends in consumer or retailer complaints could suggest alternative reasons for dips in sales figures – suggesting that any harm SI suffered was not due to Ionic Breeze's entrance on the market, but rather other factors.

Third, complaints about the pricing of Ionic Breeze products might help establish that the parties were selling to different groups of consumers or retailers – in other words, that persons or stores carrying the much lower priced Ionic Pro air purifier would not have been interested in purchasing SI's more expense Ionic Breeze Quadra air purifier.

Finally, complaints about the product design of earlier or alternative versions of SI's Ionic Breeze products could evidence that changes were made to achieve better functionality – in other words, that elements of the trade dress SI asserts serve functional rather than ornamental purposes.

While SI also objected on the basis of burden, as it did to the majority of Defendants' document requests, it offered no explanation of any particular burden it would suffer as a result of being required to produce the documents sought by Requests no. 42 and 86. The information sought by these requests is a discrete category of information that should not be unduly burdensome to produce. Defendants should not be required to guess about what complaints SI may have received, or what effect those complaints have had on Sharper Image's sales or profitability. Given the potential relevance of this discovery to key issues in the case – and

particularly to damages issues – Defendants need for this discovery outweighs any burden on SI. Accordingly, Defendants respectfully request that the Court compel SI to produce all documents responsive to these two requests.

**B. Defendants Are Entitled To Testimony And Written Discovery From Prior Litigation**

Defendants move to compel the production of documents in response to the following requests:[2]

| **Request** | **SI's Response** |
|---|---|
| Sylmark, Inc. Document Request No. 35: All discovery requests and written responses thereto served in any legal proceeding (including any proceeding before the U.S. Patent and Trademark Office) involving the patents-in-suit, or in which SI alleged another party infringed one or more of the patents-in-suit, infringed SI's trade dress in any ionic air purifier, infringed SI's trademark rights in any Ionic Breeze product, and/or engaged in unfair competition, or in which another party alleged that one or more of SI's Ionic Breeze products infringed its intellectual property rights or that SI engaged in unfair competition. | Sharper Image incorporates by reference its General Objections. In addition, Sharper Image objects to this request on the grounds that it is overbroad and thus seeks documents not relevant to he claim or defense of any party. |
| Sylmark, Inc. Document Request No. 36: All deposition transcripts, testimony, declarations, and affidavits from any lawsuit in which SI alleged another party infringed one or more of the patents-in-suit, infringed SI's trade dress in any ionic air purifier, infringed SI's trademark rights in any Ionic Breeze product, and/or engaged in unfair competition or in which another party alleged that one or more of SI's Ionic Breeze products infringed its intellectual property rights or that SI engaged in unfair competition. | Sharper Image incorporates by reference its General Objections. In addition, Sharper Image objects to this request on the grounds that it is overbroad and thus seeks documents not relevant to the claim or defense of any party. Further, Sharper Image objects to this request to the extent it effects the rights of third parties seeking to prevent disclosure of proprietary, confidential information. |

These requests seek depositions transcripts, testimony, declarations, affidavits, and written discovery requests and responses from cases involving the patents in suit, SI's trademark or trade dress rights in its ionic air purifiers, and/or unfair competitions claims. During the meet and confer process, SI tentatively agreed to produce deposition transcripts of SI witnesses from one such lawsuit relating to what SI deemed to be (and Defendants agreed were included among the) topics relating directly to issues in the present suit, including the patents in suit, Sharper Image's

[2] Defendants met and conferred with Sharper Image on several occasions regarding these discovery responses. Rosenblatt Decl. Ex. U; V; W; X; Y. The parties were unable to reach agreement with regard to any of these requests.

purported trade dress, and marketing or sales of SI's IBQ. Rosenblatt Decl. Ex. X; ¶ 25. While SI produced deposition transcripts for two of the inventors of the '484 patent from *Sharper Image Corporation, et al. v. Honeywell International, Inc. et al.*, Case No. 02-4860 CW, it decided not to follow through on its tentative agreement to produce additional transcripts from that case, and ultimately refused to provide any other material responsive to these requests. Rosenblatt Decl. Ex. Y.

SI's objections to these requests are unfounded. There is no question that these requests are likely to lead to the discovery of admissible evidence, since they relate directly to discovery produced in litigation concerning the patents in suit, the trade dress in suit, or claims of unfair competition. Certainly, deposition transcripts and discovery responses regarding the patent and damage issues in those cases are likely to be directly pertinent to this litigation. Likewise, if SI has litigated trademark rights or trade dress rights in its Ionic Breeze products, discovery regarding the *Sleekcraft* factors in those cases is likely overlap substantially with or bear directly on the *Sleekcraft* analysis in this matter. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (listing factors bearing on likelihood of confusion, including strength of the mark, proximity of the goods, similarity of the marks, evidence of actual confusion, marketing channels used, type of goods and the degree of care likely to be exercised by the purchaser, defendant's intent in selecting the mark, and likelihood of expansion of the product lines). Additionally, deposition transcripts, declarations, and affidavits from SI's witnesses in prior matters bear on those witnesses' credibility in the instant case – particularly to the extent that any of those witnesses testified regarding subjects at issue in the present litigation, such as the scope of the patents in suit or the elements of the purported trade dress at issue.

Finally, contrary to SI's assertion, these requests are not overly broad. Instead, they seek only written discovery, depositions transcripts, testimony, declarations, and affidavits from pertinent litigation. In other words, they seek only the most critical pieces of information from SI's prior litigation – information that is not publicly available, but is undoubtedly easy to locate

in SI's litigation files. In light of this, Defendants' need for this relevant information plainly outweighs any burden its production would impose on SI.[3]

### C. Defendants Are Entitled To Discovery Concerning Consumer Confusion

Defendants move to compel the production of documents in response to the following document requests:[4]

| Request | SI's Response |
|---|---|
| Sylmark, Inc. Document Request No. 43: All documents constituting, reflecting, referring or relating to customer confusion regarding any Ionic Breeze product, on the one hand, and any air purifier offered by a third party, on the other hand. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request to the extent it seeks documents protected by the attorney client privilege and/or the attorney work product doctrine. In addition, Sharper Image objects to this request as overbroad and not relevant to the claim or defense of any party. |
| Ionic Pro Document Request No. 12: All documents constituting, reflecting, referring, or relating to customer confusion regarding any SI air purifier, on the one hand, and any product offered by another person, on the other hand. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request on the grounds that it is overbroad, unduly burdensome, and not relevant to the claim or defense of any party. Sharper Image further objects to this request to the extent it seeks documents not within its possession, custody, or control. |

Both of these document requests seek evidence (to the extent any exists) of consumer confusion between SI's ionic air purifiers and third party products. SI has refused to answer these requests, objecting to both requests on the basis that they are not relevant and are overbroad. But document requests seeking information related to consumer confusion are tailored to seek documents pertinent to the present litigation.

Documents regarding instances in which customers have confused an SI air purifier with a third party product may severely undermine SI's claim that there is a likelihood of confusion between the SI's purported trade dress in the IBQ and the Ionic Pro ionic air purifier. This is because any confusion between an SI air purifier and a product offered by another person may signal that there are various un-protectable factors that lead to confusion, and that any confusion

[3] SI also objects to Request No. 36 on the basis that it seeks third party confidential information. This objection is misplaced in that there is a protective order in place that can be used to protect such information. Moreover, this objection would not be a basis for SI's refusal to produce the deposition transcripts, testimony, declarations, and affidavits of its own witnesses.

[4] The parties met and conferred regarding these requests and responses on several occasions, and were unable to reach agreement regarding the sufficiency of SI's responses. Rosenblatt Decl. Ex. Z; U; W; X.

between the IBQ and the Ionic Pro ionic air purifier are based on these un-protectable features, rather than on the purported trade dress of the IBQ. For example, documents responsive to these requests may contain evidence tending to prove that consumers are easily confused by similarities in color, trade name or other features that are not asserted as part of SI's purported trade dress in the IBQ, such as the market ubiquity of the IBQ. *See* Rosenblatt Decl. Ex. W (color is not asserted as part of IBQ's trade dress). Such evidence would serve to rebut SI's claims that any likelihood of confusion between the IBQ and Ionic Pro ionic air purifier – to the extent any such likelihood of confusion exists – is based on protectable and asserted elements of SI's trade dress. By refusing to produce documents responsive to these requests, SI effectively attempts to expand the scope if its purported trade dress protection by denying Defendants the opportunity to discover weakness in SI's purported trade dress claims.

In addition, evidence of consumer confusion may function as an indicator of the strength of SI's purported trade dress. Evidence of confusion between the IBQ and third party products may indicate that certain features are commonly found in other air purifiers and, therefore, enjoy weaker protection than less common design elements would.

Finally, the asserted requests are not overbroad. Rather, they are narrowly tailored with an eye toward identifying only actual consumer confusion between SI's ionic air purifiers and third party products. This limited group of documents should not be burdensome to gather. The benefit to Defendants of gaining access to information that is highly probative of the strength of SI's purported trade dress greatly outweighs the burden on SI in producing it. Therefore, Defendants respectfully request that this Court compel SI to produce documents in response to these requests..

**D. Defendants Are Entitled To Discovery Regarding SI's Support For The Public Representations It Has Made Regarding Its Products**

Defendants move to compel responses and documents in response the following discovery requests:[5]

[5] The parties met and conferred regarding these requests and responses via letter and telephone on August 29 and August 31, 2005. Rosenblatt Decl. Ex. AA and ¶ 29 (narrative re: 8/31 conversation). The parties were unable to reach agreement regarding the sufficiency of SI's responses to these requests.

| Request | SI's Response |
|---|---|
| Ionic Pro Document Request No. 146: All documents relating to the basis of SI's representation that the Ionic Breeze Quadra, Ionic Breeze Quadra Compact, and Ionic Breeze GP comply with Part 15 of the FCC rules. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request to the extent it seeks documents protected by the attorney client privilege and/or attorney work product doctrine. Sharper Image also objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents not relevant to the claim or defense of any party is thus not reasonably calculated to lead the discovery of admissible evidence. |
| Ionic Pro Document Request No. 147: All documents relating to the basis of SI's representation that the Ionic Breeze Quadra, Ionic Breeze Quadra Compact, and Ionic Breeze GP comply with DHHS Rule 21 subchapter J. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request to the extent it seeks documents protected by the attorney client privilege and/or the attorney work product doctrine. Sharper Image also objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image also objects to this request because "DHHS Rule 21 subchapter J" is vague and incomprehensible. |
| Ionic Pro Document Request No. 148: All documents relating to the basis of SI's representation that the Ionic Breeze Quadra, Ionic Breeze Quadra Compact, and Ionic Breeze GP comply with DHHS Rule 21 subchapter H. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request to the extent it seeks documents protected by the attorney client privilege and/or the attorney work product doctrine. Sharper Image also objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image also objects to this request because "DHHS Rule 21 subchapter H" is vague and incomprehensible. |
| Ionic Pro Document Request No. 149: All documents relating to the energy consumption rates of the Ionic Breeze Quadra and the Ionic Breeze Quadra Compact. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this request to the extent it seeks documents protected by the attorney client privilege and/or the attorney work product doctrine. Sharper Image also objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| Ionic Pro RFA No 172: Admit that the Ionic Breeze Quadra does not comply with DHHS Rule 21 subchapter J. | Sharper Image objects to this request as not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image objects to this request as being vague and indefinite as to the phrase "DHHS Rule 21 subchapter J" and on that basis cannot truthfully admit or deny this request. |

| | |
|---|---|
| Ionic Pro RFA No 173: Admit that the Ionic Breeze Quadra Compact does not comply with DHHS Rule 21 subchapter J. | Sharper Image objects to this request as not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image objects to this request as being vague and indefinite as to the phrase "DHHS Rule 21 subchapter J" and on that basis cannot truthfully admit or deny this request. |
| Ionic Pro RFA No 174: Admit that the Ionic Breeze GP does not comply with DHHS Rule 21 subchapter J. | Sharper Image objects to this request as not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image objects to this request as being vague and indefinite as to the phrase "DHHS Rule 21 subchapter J" and on that basis cannot truthfully admit or deny this request. |
| Ionic Pro RFA No 175: Admit that the Ionic Breeze Quadra does not comply with DHHS Rule 21 subchapter H. | Sharper Image objects to this request as not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image objects to this request as being vague and indefinite as to the phrase "DHHS Rule 21 subchapter H" and on that basis cannot truthfully admit or deny this request. |
| Ionic Pro RFA No 176: Admit that the Ionic Breeze Quadra Compact does not comply with DHHS Rule 21 subchapter H. | Sharper Image objects to this request as not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image objects to this request as being vague and indefinite as to the phrase "DHHS Rule 21 subchapter H" and on that basis cannot truthfully admit or deny this request. |
| Ionic Pro RFA No 177: Admit that the Ionic Breeze GP does not comply with DHHS Rule 21 subchapter H. | Sharper Image objects to this request as not relevant to the claim or defense of any party and is thus not reasonably calculated to lead to the discovery of admissible evidence. Sharper Image objects to this request as being vague and indefinite as to the phrase "DHHS Rule 21 subchapter H" and on that basis cannot truthfully admit or deny this request. |
| Sylmark, LLC Interrogatory No. 6: If you deny Ionic Pro, LLC's Request for Admission No. 169, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 169 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |

| | |
|---|---|
| <u>Sylmark, LLC Interrogatory No. 7</u>: If you deny Ionic Pro, LLC's Request for Admission No. 170, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 170 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| <u>Sylmark, LLC Interrogatory No. 8</u>: If you deny Ionic Pro, LLC's Request for Admission No. 171, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 171 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| <u>Sylmark, LLC Interrogatory No. 9</u>: If you deny Ionic Pro, LLC's Request for Admission No. 172, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 172 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| <u>Sylmark, LLC Interrogatory No. 10</u>: If you deny Ionic Pro, LLC's Request for Admission No. 173, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 173 is vague and incomprehensible, and not relevant to the claim or defense of any party. |

| | |
|---|---|
| | Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| Sylmark, LLC Interrogatory No. 11: If you deny Ionic Pro, LLC's Request for Admission No. 174, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 174 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| Sylmark, LLC Interrogatory No. 12: If you deny Ionic Pro, LLC's Request for Admission No. 175, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 175 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| Sylmark, LLC Interrogatory No. 13: If you deny Ionic Pro, LLC's Request for Admission No. 176, state the basis for your denial and identify all facts, including but not limited to the Bates numbers of all documents, supporting your denial. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br>Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 176 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |
| Sylmark, LLC Interrogatory No. 14: If you deny Ionic Pro, LLC's Request for Admission No. 177, state the basis for your denial and identify all facts, including but not limited to the Bates | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine. |

| | |
|---|---|
| numbers of all documents, supporting your denial. | Subject to and without waiver of the foregoing objections, Sharper Image states that Request for Admission No. 177 is vague and incomprehensible, and not relevant to the claim or defense of any party. Consequently, the request seeks an admission that is not relevant to any issue in this action and is thus not reasonably calculated to lead to the discovery of admissible evidence. |

SI has flatly refused to answer each of the these discovery requests, which seek information concerning the basis for promises or representations that SI has made to the public regarding the IBQ, the IBQ Compact, and the Ionic Breeze GP. This information, however, is relevant to Defendant Ionic Pro's unfair competition counterclaims. Accordingly, Ionic Pro asks the Court compel SI to provide responses to these requests.

Ionic Pro is informed and believes that certain statements or representations SI has made about the IBQ, the IBQ Compact, and the Ionic Breeze GP are false. These false statements to the public are encompassed by Ionic Pro's unfair competition counterclaim. Specifically, SI's advertising and product manuals claim that the these SI air purifiers comply with Department of Health and Human Services ("DHHS") Rule 21 subchapter J, Part 15 of the FCC rules, and various wattage maximums. Ionic Pro is informed and believes, however, that, these statements are false. Additionally, SI claims that its ionic air purifiers treat asthma and allergies, which would require certification under DHHS Rule 21 subchapter H. Ionic Pro is informed and believes, however, that the referenced SI air purifiers do not conform to subchapter H. Ionic Pro, therefore, seeks discovery into Sharper Image's bases for making these claims. Because the discovery sought is directly relevant to Ionic Pro's counterclaim, Ionic Pro requests that the court order SI to provide complete responses to these requests.

SI also objects to Document Requests no. 147-148 and Requests for Admission no. 172-177 on the basis that they are vague and ambiguous as to DHHS Rule 21. This claim is surprising given the fact that SI's own instruction manuals claim that the IBQ, the IBQ Compact, and the Ionic Breeze GP comply with "DHHS Rule 21 subchapter J." Rosenblatt Decl. Ex. BB (instruction manuals). This statement is not vague and ambiguous. In fact, it very clearly

references the Department of Health and Human Service's Rule 21. Given SI's own representations of compliance with at least one section of DHHS Rule 21, SI should not now be heard to beg ignorance of that rule, and should be compelled to admit or deny the allegations contained in Ionic Pro's Requests For Admission no.172-177. As Interrogatories nos. 9-14 merely ask for the basis of SI's denial, if any, of Requests For Admission no. 172-177, SI's responses to these interrogatories should be updated to reflect any change in SI's responses.

These discovery requests are neither overbroad nor unduly burdensome. Rather, they are narrowly tailored to relate to specific claims that SI has made to the public and SI's basis for those claims. As discussed above, these requests seek discovery relevant to Defendants unfair competition counterclaims. Accordingly, any burden that this request may pose on SU is outweighed by Defendants' need for the discovery.

### E. SI Should Be Compelled To Respond To Discovery Concerning The Identity Of Persons Consulted And Documents Relied Upon In Responding To Interrogatories

Defendants move to compel responses to the following interrogatories:[6]

| Request | SI's Response |
|---|---|
| Bess Interrogatory No. 1: Identify all persons consulted in responding to this First Set of Interrogatories propounded by Chaim Mark Bess. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| Bess Interrogatory No. 2: Identify all documents referred to and/or relied upon in responding to this First Set of Interrogatories propounded by Chaim Mark Bess. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |
| Qwik Cook Interrogatory No. 1: Identify all persons consulted in responding to this First Set of | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney |

[6] The parties met and conferred regarding these requests and responses on several occasions, and were unable to reach agreement regarding the sufficiency of SI's responses. Rosenblatt Decl. Ex. U; W; X; AA; ¶ 29.

| Request | SI's Response |
|---|---|
| Interrogatories propounded by Qwik Cook, Inc. | client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| <u>Qwik Cook Interrogatory No. 2</u>: Identify all documents referred to and/or relied upon in responding to this First Set of Interrogatories propounded by Qwik Cook, Inc. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |
| <u>Sylmark, Inc. Interrogatory No. 1</u>: Identify all persons consulted in responding to this First Set of Interrogatories propounded by Sylmark, Inc. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| <u>Sylmark, Inc. Interrogatory No. 2</u>: Identify all documents referred to and/or relied upon in responding to this First Set of Interrogatories propounded by Sylmark, Inc. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |
| <u>Ionic Pro Interrogatory No. 1</u>: Identify all persons consulted in responding to this First Set of Interrogatories propounded by Ionic Pro, LLC. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| <u>Ionic Pro Interrogatory No. 2</u>: Identify all documents referred to and/or relied upon in responding to this First Set of Interrogatories propounded by Ionic Pro, LLC. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |

| Request | SI's Response |
|---|---|
| Target Interrogatory No. 1: Identify all persons consulted in responding to this First Set of Interrogatories propounded by Target Corporation. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| Target Interrogatory No. 2: Identify all documents referred to and/or relied upon in responding to this First Set of Interrogatories propounded by Target Corporation. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |
| Target Interrogatory No. 3: Identify all persons consulted in responding to Defendant Factories2U, LLC's First Set of Interrogatories. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| Target Interrogatory No. 4: Identify all documents referred to and/or relied upon in responding to Defendant Factories2U, LLC's First Set of Interrogatories. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |
| Target Interrogatory No. 5: Identify all persons consulted in responding to Defendant Ideal Products, LLC's First Set of Interrogatories. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| Target Interrogatory No. 6: Identify all documents referred to and/or relied upon in responding to Defendant Ideal Products, LLC's First Set of Interrogatories. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged |

| Request | SI's Response |
|---|---|
| | documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |
| Sylmark, LLC Interrogatory No. 1: Identify all persons consulted in responding to this First Set of Interrogatories propounded by Sylmark, LLC. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that its responses to these interrogatories were prepared by counsel pursuant to privileged communications with Sharper Image. |
| Sylmark, LLC Interrogatory No. 2: Identify all documents referred to and/or relied upon in responding to this First Set of Interrogatories propounded by Sylmark, LLC. | Sharper Image incorporates by reference its General Objections. Sharper Image objects to this interrogatory as calling for information protected by the attorney client privilege and/or the attorney work product doctrine.<br><br>Subject to and without waiver of the foregoing objections, Sharper Image states that all relevant, non-privileged documents referred to and/or relied upon in responding to these interrogatories will be produced as they are kept in the ordinary course of business. |

SI has objected to all interrogatories requesting the identities of people consulted in answering the interrogatories and documents relied on in answering the interrogatories. This objection and refusal to answer the interrogatories is improper. In a meet and confer call on August 31, 2005 SI stated that it would be willing to amend its interrogatory responses to reflect that the individual who verified the interrogatory responses consulted with counsel, but that in all other respects its position on these interrogatories was final.

**1. Defendants Are Entitled To Know What Documents SI Used In Preparing Its Answers To The Interrogatories**

Documents relied on in answering interrogatories are not privileged unless they are otherwise protected by attorney-client privilege or work product doctrine. *E.g., Funai Elec. Co. v. Orion Elec. Co.*, No. 02 Civ. 2605, 2002 U.S. Dist. LEXIS 14466, at *21 (S.D.N.Y. Aug. 7, 2002) . Here, the documents consulted by SI in answering the interrogatories are relevant because they provide Defendants with the ability to ensure that SI has produced every document that is relevant to the litigation. If a document has been consulted in answering Defendants' interrogatories and not been produced, Defendants can then request that the wrongfully withheld document be produced. Further, identifying the documents upon which it relied should not be burdensome for

SI, because, having been consulted, they are almost sure to be readily available. Thus, these documents should be produced (if they have not already been produced) or identified by Bates number (if they have already been produced). *E.g., id.*

**2. Defendants Are Also Entitled To Know The Identities Of Persons Consulted In Preparing The Interrogatory Answers**

Likewise, the identities of individuals consulted by counsel in gathering information to answer interrogatories are not protected by the attorney-client privilege. *Storts v. Hardee's Food Sys.*, No. 95-1036-MLB, 1996 U.S. Dist. LEXIS 20624, at *7 (D. Kan. Dec. 26, 1996) ("This question is commonly asked by attorneys when submitting interrogatories. The court is aware of no case law which has held that this information is protected by the attorney-client privilege."). California state law not only mirrors Federal law in this regard, but goes so far as to make the question *pro forma*. The Judicial Council of California has approved Question 1.1 of the California Form Interrogatories, which allows the propounding party to learn the identities of each person who assisted in the preparation of the interrogatory answers. *See* Rosenblatt Decl. Ex. CC. Defendants' interrogatory performs the same, valid purpose as California Form Interrogatory Question 1.1.

Finally, the identities of persons consulted are relevant because they provide Defendants with a necessary source of information regarding who has personal knowledge of various topics. This knowledge is essential to properly preparing for depositions of witnesses, as well as determining the witnesses to be called at trial. The burden of providing these identities is likely to be minimal, as the person who prepared the interrogatory responses almost surely kept a record of who was consulted in preparing such responses. Thus, Defendants respectfully request that this Court compel SI to respond in full to the above interrogatories by identifying the documents relied upon and persons consulted.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request entry of an order compelling SI to produce documents and provide full substantive responses to each of the discovery requests discussed above within 14 days of the hearing of this motion.

Dated: August 31, 2005

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
Jonathan S. Kagan
Mary Ann Novak
Elizabeth L. Rosenblatt

By: /s/ Elizabeth L. Rosenblatt
Elizabeth L. Rosenblatt
Attorneys for Defendants