Apple Inc. v. Psystar Corporation Doc. 3363

SCOTT J. WITLIN, State Bar No.: 137413
GLORIA C. JAN, State Bar No.: 165440
OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.
633 West Fifth Street, Suite 5300
Los Angeles, California 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045
scott.witlin@ogletreedeakins.com
gloria.jan@ogletreedeakins.com

Attorneys for Defendants
SimplexGrinnell, L.P. (erroneously named as Simplex Grinnell, LP and also erroneously sued as Grinnell Simplex Fire Protection)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TIMOTHY HITCH, MATTHEW LE BERE, DAVID WORSHAM, MICHAEL BENAVIDEZ, GARY JACKSON, EDDY SHELTON, SHERMAN GREEN, DARREL YOST, JUSTIN SHELTON, on behalf of themselves and others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SIMPLEX GRINNELL, LP; GRINNELL SIMPLEX FIRE PROTECTION; and DOES 1 through 30, inclusive,**<br><br>**Defendants.** | Case No. 3:05 CV 3235<br><br>**DEFENDANT SIMPLEXGRINNELL, L.P.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>**Date: September 27, 2005**<br>**Time: 9:30 a.m.**<br>**Location: 450 Golden Gate Ave. San Francisco, CA Courtroom 11**<br><br>**The Honorable Martin J. Jenkins** |



Dockets.Justia.com

## TABLE OF CONTENTS

Page

SUMMARY OF ARGUMENT .......... 1

ARGUMENT .......... 2

I. PLAINTIFFS' CAUSE OF ACTION FOR VIOLATION OF LABOR CODE SECTION 2810 FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. .......... 2

A. Labor Code Section 2810 Does Not Impose Obligations On Contractors Providing Labor Or Services. .......... 2

B. Plaintiffs' Complaint Is Insufficient To Allege a Violation of Section 2810(a). .......... 4

1. Plaintiffs Misinterpret Section 2810 .......... 5

2. The Two Actions Are Not Related .......... 6

C. Plaintiffs Concede That The Complaint Does Not Allege Injury As A Result Of A Violation Of A Labor Law Or Regulation In Connection With The Performance Of The Contract Or Agreement. .......... 7

II. PLAINTIFFS' CLAIM FOR VIOLATION OF CALIFORNIA LABOR CODE SECTION 2810 IS PREEMPTED BY FEDERAL LABOR LAW. .......... 8

III. PLAINTIFFS' CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 SHOULD BE DISMISSED. .......... 10

IV. PLAINTIFFS' REQUEST FOR STAY OF HEARING ON MOTION IS WITHOUT MERIT .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

*Livadas v. Bradshaw*, 512 U.S. 107 (1994) .......... 9

*Nash v. Florida Industrial Commission*, 389 U.S. 235, 88 S. Ct. 362 (1967) .......... 9

*San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S. Ct. 773 (1959) .......... 9

## STATE STATUTES

California Business & Professions Code Section 17200 .......... 10

California Labor Code Section 2810 .......... passim

California Labor Code Section 1194 .......... 3

## **REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## **SUMMARY OF ARGUMENT**

In their Opposition to this Motion to Dismiss, Plaintiffs continue to misread the very statute under which they purport to bring this action. Indeed, they stretch their misinterpretation to new lengths. Plaintiffs assert without support or clear analysis that Section 2810 of the Labor Code imposes substantive requirements and liability upon contractors such as Defendant.[1] Section 2810 plainly applies to "persons or entities" who enter into agreements *with* certain types of contractors, not to the contractors themselves.

Further, Plaintiffs misconstrue the burden-shifting provisions of Section 2810. Section 2810 (b) creates a rebuttable presumptive defense to a claimed violation of subdivision (a) if a written agreement for the contractor's services contain the ten categories of information enumerated in Section 2810(d). Plaintiffs attempt to reverse this provision to mean that if the required safe harbor elements are missing, then there is a presumption of *violation* of Section 2810. The statute does not create a presumption of violation for entities that do not avail themselves of the subdivision (d) safe harbor. Indeed, as set forth in the moving papers, the California Legislature did not require a written contract of any kind.

But Plaintiffs do not stop with this misreading of the statute; in their attempt to avoid dismissal of the instant action, they contend that Section 2810 creates a presumption of a violation of every other provision of the Labor Code if the subdivision (d) safe harbor is not utilized. They then attempt to fabricate a link between the instant action and an action Plaintiffs' counsel previously had filed. Plaintiffs cannot create such a relationship through their tortured misreading of Section 2810. Plaintiffs claim that the instant action is related to a previously filed

---

[1] Plaintiffs allege in the Complaint and argue in their opposition that Defendant is a contractor under Section 2810. Defendants do not contest this characterization for the purposes of this Motion.

suit is a fiction; the other action is not mentioned in the Complaint, nor are the allegations therein predicates for the allegations in the Complaint.

Further, Plaintiffs' attempt to rebut the assertion of federal labor law preemption is based upon a fundamental misunderstanding of the different types of labor law preemption. The claim of labor law preemption is based upon the provisions of Section 2810 that condition its protections upon whether the employees elect to engage in or refrain from union representation. This differential treatment is impermissible under federal labor law, and therefore the statute is preempted under the doctrine established in *San Diego Building Trades Council v. Garmon.*

For all of these reasons, and for those set forth below and in the moving papers, each and every cause of action asserted by Plaintiffs should be dismissed with prejudice and without leave to amend.

## ARGUMENT

### I. PLAINTIFFS' CAUSE OF ACTION FOR VIOLATION OF LABOR CODE SECTION 2810 FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

#### A. Labor Code Section 2810 Does Not Impose Obligations On Contractors Providing Labor Or Services.

Plaintiffs argue that Section 2810 of the California Labor Code must apply to Defendant as well as those who engage its services because as a contractor, it is also an "entity" that enters into contracts for construction labor services. (Opposition, p. 6.) While it may be accurate to characterize Defendant as an "entity," Plaintiff's overly simplistic theory completely ignores the plain language of the statute.

Section 2810(a) creates a distinction between a person or entity who engages the services of a contractor, on the one hand, and the contractor whom they might engage, on the other hand:

"*a person or entity* may not enter into a contract or agreement for labor or services with a *construction, farm labor, garment, janitorial, or security guard contractor*, where the *person or entity knows or should know* that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided."

The plain meaning of subdivision (a) is that it prohibits the contracting person or entity from knowingly entering into a contract that does not include sufficient funds. Moreover, Plaintiffs' assertions ignore another critical element of Section 2810(a): it does not place an obligation on all persons or entities who are parties to such contracts, but only upon the person or entity who enters into a contract *with* a construction, farm labor, garment, janitorial or security contractor. The related reporting requirements, as well as the contractual criteria for entitlement to a presumptive defense against such a claim, are imposed only on the contracting person or entity, not on the contractors themselves.

As set forth in greater detail in those excerpts, and in Defendant's moving papers at pp 7-8, Section 2810 was intended to impose on entities who hire contractors limited vicarious liability for failure to comply with applicable labor laws and regulations when they know (or have reason to know) the contractors will be non-compliant. Proponents of S.B. 179 (the bill that added Section 2810 to the Labor Code) argued that "while employers usually claim they are unaware of abuses committed by their contractors, the reality is just the opposite." See CA B. An., S.B. 179 Sen., 4/30/2003. Thus, the legislative history makes clear that the California legislature intended to create a cause of action against the entity engaging a covered contractor so that the entity cannot turn a blind eye to the abuses committed by the contractor. Of course, the contractors themselves already were responsible for their own violations. *See, e.g.,* Labor Code Section 1194 (minimum wage and overtime compensation).

While Plaintiffs make a generalized objection to the fact that Defendant has provided the Court with only portions of the legislative history of Labor Code

Section 2810, they have not proffered any contrary legislative history nor suggested that the portions attached are misleading in any way. And although Plaintiffs protest that the excerpts from the legislative history of Section 2810 do not support Defendants' argument, they offer no explanation of how their interpretation would be more consistent with legislative history.

Indeed, there is no legislative history that is contrary to the excerpts attached by Defendant to its Request for Judicial Notice; Defendant simply attached only the relevant portions for the Court's convenience.

Plaintiffs cannot state a valid claim for violation ofLabor Code Section 2810, and therefore, this claim should be dismissed *without* leave to amend.

**B. Plaintiffs' Complaint Is Insufficient To Allege a Violation of Section 2810(a).**

Even if California Labor Code Section 2810 had some application to Defendant, which it does not, Plaintiffs claim is also insufficient because it fails to state facts or even allege that Defendant violated subdivision (a) of Section 2810. Instead, Plaintiffs rest their claim solely on the implication that a failure to satisfy the enumerated criteria of the subdivision (d) *safe harbor*, constitutes liability under Section 2810. It plainly does not.

As set forth in our moving papers at pp. 8-9, the legislative history makes plain that the legislature was not *requiring* that any contractor reduce the information in subdivision (d) to writing or even that it utilize written contracts. *See* CA B. An., S.B. 179 Assem., 7/09/2003 ("Supporters emphasize that this bill does not require written contracts, rather it encourages them for sound business practices."). As a result, compliance with subdivision (d) creates a rebuttable presumption that there has been no violation of the statute. It does not follow that an alleged failure to meet those criteria establish a violation of the statute. That burden remains with Plaintiffs. Plaintiffs have not plead that Defendant's contracts lacked sufficient funds to comply with California's minimum labor standards or that

Defendant knew that to be the case.

Moreover, Plaintiffs take this mistaken argument one step further, even, and contend that the alleged failure to include these elements in a contract set forth a prima facie violation of each labor law violation alleged in an action separately filed by Plaintiffs' counsel, *Sprinklerfitters Union Local 709, et al. v. Simplex Grinnell, LP, et al.*, Northern District of California, Case No. C05-02469 (MHP) [the "Local 709 action"].

Plaintiffs' argument is flawed both in its interpretation of Section 2810 and its characterization of the instant action and the Local 709 action.

**1. Plaintiffs Misinterpret Section 2810**

Once again, Plaintiffs have misconstrued the provisions of Section 2810. Section 2810(b) creates a presumptive defense to a claimed violation *of subdivision (a):* where a written agreement for the contractor's services contain the ten categories of information enumerated in Section 2810(d), the person or entity entering into that contract enjoys a rebuttable presumption that there has been no violation of Section 2810(a):

> There is a rebuttable presumption affecting the burden of proof that there has been no violation of subdivision (a) where the contract or agreement with a construction, farm labor, garment, janitorial, or security guard contractor meets all of the requirements in subdivision (d).

Subdivision (d) simply sets forth some of the requirements a written agreement must satisfy in order for a person or entity to take advantage of the rebuttable presumption that there has been no violation of subdivision (a). The statute does *not* provide that contracts must be in writing nor that they must include those enumerated elements of subdivision (d), nor that failure to do so violates the law. Furthermore, the legislative history specifically points out that Section 2810 does not require a written contract. *See* CA B. An., S.B. 179 Assem., 7/09/2003 ("Supporters emphasize that this bill does not require written contracts, rather it encourages them for sound business practices."). Moreover, the statute does *not*

provide that the failure to include the enumerated elements in a written contract creates automatic liability under Section 2810(a).

Even more strained is Plaintiffs' attempt to contend that a failure to utilize the subdivision (d) defense creates a presumption of violation of every other provision of the California Labor Code. Even if the statute did create a rebuttable presumption of *violation* of Section 2810(a), which it does not, there is no corresponding presumption that any other laws were violated. At worst, subsection (b) creates a presumption that the "person or entity" charged with a violation of subsection (a) "knew or should have known" that the contractor had insufficient funds to comply with applicable laws.

**2. The Two Actions Are Not Related**

Plaintiffs also attempt to escape dismissal by contending that the defective claims in the instant action are linked to the claims in the Local 709 action. Plaintiffs' recitation of the proceedings of these two actions in their Opposition is misleading at best, and offered with no supporting citation to the Complaint in the instant action, no declaration or any other evidentiary support. Plaintiffs did not submit a declaration from their counsel nor copies of the complaint in the Local 709 action.

In actuality, the Local 709 action was filed in Alameda Superior Court on or about March 25, 2005, and removed to the United States District Court for the Northern District of California on or about June 16, 2005. [A true and correct copy of the Notice of Removal of Local 709 action is attached hereto for the Court's convenience as Exhibit A.] The Local 709 action was brought by three union plaintiffs and seven individual plaintiffs. Of the fourteen plaintiffs in the two actions, only five of the named plaintiffs overlap, nine named plaintiffs are unique to one of the actions.

The instant action was not filed in state court until July 11, 2005, nearly a month after the Local 709 action had been removed to federal court, and removed

to this Court on or about August 9, 2005.[2] [A true and correct copy of the Notice of Removal of the instant action is attached hereto as Exhibit B.]

There also is an identity of Plaintiffs' counsel in each action and she elected to file these two actions separately. Plaintiffs in the Local 709 action never sought to amend that complaint to include the claims asserted in the instant action.

Plaintiffs claim that the Compliant in the instant action incorporates by reference the Local 709 action is a fiction: the Local 709 action is not mentioned in the Complaint either by name or by implication.

Plaintiffs' request for leave to amend the Complaint to incorporate the allegations of the Local 709 action cannot avoid dismissal, furthermore, because regardless of Plaintiffs' contentions that the allegations in the Local 709 action are predicate acts for a violation of Section 2810, Defendant cannot be held liable under that statute for the reasons discussed above. Moreover, also as discussed above, a violation of Section 2810 would have no bearing upon any alleged violations of any other provisions of the Labor Code.

As such, Plaintiffs' claims under Labor Code section 2810 is insufficient to support a claim, and the cause of action should be dismissed without leave to amend.

### C. **Plaintiffs Concede That The Complaint Does Not Allege Injury As A Result Of A Violation Of A Labor Law Or Regulation In Connection With The Performance Of The Contract Or Agreement.**

In their Opposition, Plaintiffs do not contest that they have not pled any facts showing that they were "injured as a result of a violation of a labor law in connection with the performance of the contract or agreement," as required by

---

[2] Plaintiffs erroneously state in their Opposition that this action was removed solely on the basis of diversity jurisdiction (Opposition, p. 2), when in fact it was removed on the basis of both diversity and federal question jurisdiction, as well as the Class Action Fairness Act.

Section 2810(g)(1). Accordingly, Plaintiffs' cause of action for violation of Labor Code Section 2810 is insufficient and should be dismissed for this reason as well.

Moreover, as Mr. Hitch was not an employee of the Defendant, but rather was an employee of a competitor, it is clear that his claims should be dismissed with prejudice as he cannot establish any injury from a violation of labor law or regulation in connection with the performance of the contract.

## II. PLAINTIFFS' CLAIM FOR VIOLATION OF CALIFORNIA LABOR CODE SECTION 2810 IS PREEMPTED BY FEDERAL LABOR LAW.

Plaintiffs have demonstrated a complete misunderstanding of the federal labor law preemption doctrine as applied to this action. They argue that Defendant was not a signatory to a collective bargaining agreement and therefore Plaintiffs' claim cannot be preempted. (Opposition, pp. 8-9.) They also argue that the underlying violations of wage law fall outside the jurisdiction of the National Labor Relations Board.

While these arguments might have some bearing against an assertion that Plaintiffs' claims were preempted by Section 301 of the Labor Management Relations Act, Defendant does not contend that the underlying wage claims are preempted, or that the resolution of these claims are inextricably linked to the interpretation of a collective bargaining agreement.

Instead, the claim under Section 2810 is preempted because the statute itself impermissibly differentiates between employees who exercise their right to engage in protected concerted activity by electing to be represented by a union and those who elect to refrain from such union representation. Thus, the arguments raised by Plaintiffs are entirely irrelevant to the type of preemption Defendant asserts.

As discussed at pp. 9-12 of the moving papers, the issue here is that Section 2810(c) creates an exemption for persons or entities who execute a collective bargaining agreement with a union covering the work performed under the contract

for services. This means that employees who exercise their rights to be covered by a collective bargaining agreement are not entitled to the protections of Section 2810, and therefore are penalized by being barred from bringing a claim under Section 2810. On the other hand, employers of employees who are represented may gain a competitive advantage over employers whose employees have exercised the right to refrain from union representation. This latter group of employers may be negatively affected because the burdens and potential liability imposed by Section 2810 may make it more difficult to enter into contracts for labor or services.

This differential treatment is impermissible under federal labor law, and therefore the statute is preempted under the doctrine established in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S. Ct. 773 (1959). Under the *Garmon* preemption doctrine, states may not regulate activity that the NLRA protects, prohibits, or arguably protects or prohibits. This doctrine covers not only statutes that directly regulate protected concerted activity, but also statutes that condition benefits or penalties on whether employees exercise their rights to collectively bargain, such as Section 2810, regardless of whether a collective bargaining agreement is in place. *See Livadas v. Bradshaw*, 512 U.S. 107, 108 (1994); *Nash v. Florida Industrial Comm'n*, 389 U.S. 235, 239, 88 S. Ct. 362 (1967).

Here, like the state laws at issue in *Livadas* and *Nash*, Section 2810 impermissibly interferes with the operation of the NLRA by predicating the protections of the law on employees refraining or engaging in conduct protected by federal labor law. Therefore, even if the Section 2810 were held to apply to contractors such as Defendant, the statute would nonetheless be preempted by Federal labor law and, thus, unenforceable.

Accordingly, Plaintiffs' cause of action for violation of Labor Code Section 2810 is preempted by the NLRA under the *Garmon* doctrine, and should be dismissed with prejudice.

## III. PLAINTIFFS' CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 SHOULD BE DISMISSED.

For the reasons noted above and in Defendant's moving papers, Plaintiffs do not and cannot state a valid claim that Defendants violated California Labor Code Section 2810. Since Plaintiffs' claim for violation of Business and Professions Code Section 17200 is predicated entirely on Defendant violating Labor Code Section 2810, Plaintiffs' cause of action for violation of Business and Professions Code Section 17200 must fail and should be dismissed with prejudice. As with Plaintiffs' claim under Section 2810, leave to amend the Complaint would be futile because Section 2810 does not apply, on its face, to Defendant.

## IV. PLAINTIFFS' REQUEST FOR STAY OF HEARING ON MOTION IS WITHOUT MERIT

In the title of Plaintiffs' Opposition, they purport to request that this Motion be stayed pending consideration of their motion for consolidation. Plaintiffs offer no argument or evidence in support of that request, however. Indeed, the interests of judicial economy and efficiency favor denial of their request.

Plaintiffs' motion to consolidate this action with the Local 709 action is now set for hearing in Department 15, before Judge Marilyn Hall Patel, on October 17, 2005. [A true and correct copy of the Notice of Continuation of Motion for Consolidation of Actions is attached hereto as Exhibit C.] Defendant intends to oppose the motion to consolidate the two actions. It would be an inefficient use of judicial resources to stay consideration of this motion to dismiss pending a decision on the motion to consolidate. There would be no need to consolidate the actions if the instant action were to be dismissed; in contrast, even if the actions are consolidated, this motion to dismiss will still need to be decided. This motion to dismiss should therefore be decided first.

In addition, Defendant has also brought a motion to transfer venue of the Local 709 action to the Southern District of California, which is the more

convenient venue because the vast majority of the events and transactions alleged in that action occurred, and the witnesses and records are located there. The motion to transfer venue is also set for hearing on October 17, 2005 in Department 15. [A true and correct copy of the Notice of Motion to Transfer Venue is attached hereto as Exhibit D.] If the court transfers venue in the Local 709 action, there will also be no need to consider consolidating the two actions.

## **CONCLUSION**

Based on the foregoing, as well as the moving papers, each and every claim asserted by Plaintiffs in their Complaint should be dismissed with prejudice.

Dated: September 13, 2005

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.
SCOTT J. WITLIN
GLORIA JAN

By /s/ Scott J. Witlin
Scott J. Witlin

Attorneys for Defendants SimplexGrinnell, L.P. (erroneously named as Simplex Grinnell, LP and also erroneously sued as Grinnell Simplex Fire Protection)