Apple Inc. v. Psystar Corporation
Doc. 3366

MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN AND JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

"CHAMBERS COPY"

FILED

SEP 20 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; JOINT BOARD OF TRUSTEES of the NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; and GENE MASSEY as Trustee;<br><br>NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS WELFARE PLAN; JOINT BOARD OF TRUSTEES of the NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS WELFARE PLAN; and DOUGLAS CHRISTOPHER as Trustee;<br><br>GLAZIERS INDIVIDUAL ACCOUNT RETIREMENT PLAN; JOINT BOARD OF TRUSTEES of the GLAZIERS INDIVIDUAL ACCOUNT RETIREMENT PLAN; and JAMES GRAHAM as Trustee;<br><br>NORTHERN CALIFORNIA DISTRICT COUNCIL 16 APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; JOINT BOARD OF TRUSTEES of the NORTHERN CALIFORNIA DISTRICT COUNCIL 16 APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; and ALFRED SKIP WELTZ as Trustee; | CASE NO.: C 05-1532 MHP<br><br>**JUDGMENT PURSUANT TO STIPULATION** |



Dockets.Justia.com

I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND; JOINT BOARD OF TRUSTEES of the I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND; and JAMES WILLIAMS and RALPH TRALLO as co-Trustees;

GLASS AND GLAZING INDUSTRY TRUST FUND; and ALFRED SKIP WELTZ, as Trustee;

DISTRICT COUNCIL NO. 16, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,

Plaintiffs,

v.

ARCHITECTURAL GLASS CONSTRUCTION, INC.

Defendant

---

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment in the within action may be entered in favor of the plaintiffs and against defendant Architectural Glass and Construction, Inc. (AGCI) as follows:

1. AGCI entered into a series of valid collective bargaining agreements with the Northern California Glaziers Master Agreement between District Council No. 16 and Northern California Glass Management - an FCA Affiliate (hereinafter "Bargaining Agreements"). The Bargaining Agreements remain in full force and effect, requiring continued compliance, pending the outcome of a hearing at the NLRB.

2. Pursuant to the Bargaining Agreements and the Trust Agreements of the Trust Funds as amended, which are incorporated into the Bargaining Agreement, AGCI is indebted to Trust Funds in the sum of **$204,916.13** in accordance with Trust Agreements as follows, after crediting $110,709.66 paid by or on behalf of defendant for work performed from September 2004 through June 2005:

///

| | |
|---|---|
| Contributions (9/04 - 7/05) | $88,161.69 |
| Liquidated Damages (10% for 9/04, max of $750) | $750.00 |
| Liquidated Damages (20% for 10/04 - 6/05) | $34,979.31 |
| Liquidated Damages (20% for 7/05) | $821.57 |
| Interest (6% per annum through 12/31/04; 5% per annum beginning 1/1/05) to 8/31/05 | $3,815.33 |
| Audit Findings (11/1/01 - 10/31/03) | $42,197.48 |
| Attorneys Fees (2/16/05 - 9/1/05) | $32,477.25 |
| Costs (Filing, service) | $1,713.50 |
| **TOTAL** | **$204,916.13** |

3. Defendants shall *conditionally* pay the amount of **$161,067.51**, representing all above amounts, less $43,848.62, for the liquidated damages of $35,729.31 through June, 2005 and for 25% of attorneys fees of $8,119.31, conditioned on timely payments of all other amounts due hereunder. Upon the condition being met, $43,848.62 shall be waived.

(A) On or before September 10, 2005, defendant shall pay to plaintiffs the amount of **$10,000.00.** That payment shall be applied to work performed on defendant's De Anza College project and plaintiff's Stop Notice shall be amended accordingly, subject to the terms set forth under paragraph 10 below. Thereafter, beginning on October 10, 2005, and continuing on or before the 10th of every month thereafter for a total period of 20 months (through April 10, 2007), defendant shall pay to plaintiffs the amount of **$8,300.00**.

(B) Defendants shall have the right to increase the monthly payments at any time; or to prepay any future months without penalty. Any increased payment made by defendants shall be applied as if paid for the next month(s) due.

(C) Payments shall be applied first to unpaid interest. The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with plaintiffs' Trust Agreements.

(D) Payments shall be made to the Northern California Glaziers Trust Funds, and

delivered to Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA 94105 **on or before the 10th of each month as stated above**, or to such other address as may be specified by plaintiffs. Check payments will be deposited within 2 weeks of receipt.

(E) In the event that any check is not timely submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered. If this occurs, plaintiffs shall make a written demand to defendant to cure said default, to the following address: **200 Valley Drive, #6, Brisbane, CA 94005** unless defendant gives written notice to plaintiffs' counsel (see "D" above), of some other address for delivery. Notice shall at the same time be sent by plaintiffs to: Michael Mau, Esq., **950 Harrison Street, Suite 213, San Francisco, CA 94107-1078.** Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs.

(F) In the event of a check that cannot be negotiated, if defendant elects to cure said default, and plaintiffs elect to accept future payments, all future payments shall be made by cashier's check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

4. Until resolution of the matters pending the NLRB hearing, beginning with contributions due for hours worked by defendants' employees during the month of August, 2005, to be received by the Trust Funds no later than September 30, 2005, and for every month thereafter until this judgment is satisfied, defendant **shall remain current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. Failure by defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on those contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for

collection of current and future contributions and the provisions of this agreement are in addition thereto.

5. Plaintiffs agree that so long as defendants are not in default of this Stipulation, plaintiffs shall refrain from any legal action to satisfy this Judgment.

6. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendant, in writing, of any additional amounts owed pursuant to the Stipulation, which shall include, but not be limited to, liquidated damages and interest for any late paid contributions during the stipulated payment period and any additional attorneys fees and costs that have been incurred and are expressly made part of this judgment pursuant to paragraph 8 below. Said additional amounts shall be paid with the last payment, on or before April 10, 2007, or, at plaintiffs' option, payments may continue on a monthly basis until the balance is paid in full.

7. In the event that defendant fails to make any payment required under Paragraph 3 above, or fails to remain current in any contributions under paragraph 4 above, then,

(A) The entire balance of **$204,916.13** shall be immediately due, reduced by any principal payments received by plaintiffs, but increased by additional interest, any unpaid contributions then due, 20% liquidated damages and 5% per annum interest thereon as provided above and any additional attorneys' fees and costs as provided under paragraph 8 below.

(B) A writ of execution may be obtained against defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default.

(C) Defendant waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

8. Defendant shall pay all additional costs and attorneys' fees incurred by plaintiffs in this action, until this Judgment is satisfied.

9. Any failure on the part of the plaintiffs to take any action against defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant of any provisions herein.

10. In consideration of plaintiffs providing 20 months' time to defendant to satisfy the amounts due herein, it is stipulated and agreed that Kevin (Peter) Mesbah, principal of defendant Architectural Glass Construction, Inc., shall personally guarantee payment of the amounts owed by defendant to the plaintiffs, under the terms of this Stipulation, and Mesbah as "Guarantor" submits herein to the jurisdiction of this Court and stipulates to the terms set forth herein. However, defendant or Guarantor may, within 15 days' of entry of this Stipulation, provide to plaintiffs some other security acceptable to the plaintiffs, in the remaining amount of $194,916.13 (following receipt by plaintiffs of the initial $10,000.00 payment) such as a bond, Certificate of Deposit, or other cash account in the name of the plaintiff Trusts, to remain in effect throughout the period of this Stipulation, and the full Satisfaction of this Judgment. Upon acceptance of the form of security by plaintiffs, Mesbah shall be released as Guarantor, and defendant's first stipulated payment of $10,000 shall be applied to hours worked on the De Anza College job. At that time, plaintiffs shall reduce their Stop Notice accordingly.

11. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant (and Guarantor if applicable) for the collection of any additional contribution delinquencies found to be due, but not included herein, for the hours worked during the periods preceding the date of this Stipulation. Defendant and Guarantor specifically waive the defense of the doctrine of res judicata in any such action.

12. In the event of the filing of a bankruptcy petition by defendant or its Guarantor, the parties agree that any payments made by defendant or Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(C)(2) and shall not be claimed by defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless represent that no bankruptcy filing is anticipated.

13. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

14. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

Dated: September 12, 2005

ARCHITECTURAL GLASS CONSTRUCTION, INC.

By: /s/
Kevin (Peter) Mesbah

Its: /s/

Dated: September 12, 2005

By: Kevin (Peter) Mesbah

/s/
Individual Guarantor

Dated :September 14, 2005

SALTZMAN & JOHNSON LAW CORPORATION

By: /s/
Muriel B. Kaplan,
Michele R. Stafford,
Attorneys for Plaintiffs

**APPROVED AS TO FORM**

Dated: September 14, 2005

THE MAU LAW FIRM

By: /s/
Michael L. Mau
Attorneys for Defendant

IT IS SO ORDERED.

Dated: 9/15/05

UNITED STATES DISTRICT COURT JUDGE