Apple Inc. v. Psystar Corporation Doc. 3384

Deborah J. Broyles, CA State Bar No. 167681
Deborah R. Schwartz, CA State Bar No. 208934
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3601
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

E-Filing

ORIGINAL FILED
SEP 23 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATTY LEE KELM,<br>Plaintiff,<br>vs.<br>KAISER FOUNDATION HOSPITALS; GEORGE HALVERSON; DENISE DRYER; and ROSE CORINO;<br>Defendants. | Case No.: C 05 3856 MEJ<br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441(b)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Kaiser Foundation Hospitals ("Defendant") hereby removes to this Court the state court action described below. The statutory bases for the exercise of jurisdiction by this Court are 28 U.S.C. §§ 1331 and 1441(b). The claims set forth in plaintiff Patty Lee Kelm's Complaint, or parts thereof, arise under and/or are preempted by Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), and thus establish federal question jurisdiction.

///

///

///



Dockets.Justia.com

1. Plaintiff Patty Lee Kelm ("Plaintiff") filed a Complaint against Defendant in the Superior Court of the State of California, County of Alameda, entitled *Patty Lee Kelm v. Kaiser Foundation Hospitals, et al.*, Case No. RG05210112, on or about April 27, 2005 (hereinafter the "State Court Action"). A true and correct copy of Plaintiff's Complaint for Equitable Relief and Damages ("Complaint") and the Amendment To Complaint are attached hereto as Exhibit A, and is incorporated herein by this reference as if set forth in full.[1]

2. Defendant was properly served with a copy of the Summons and Complaint (and the Amendment to the Complaint) on August 25, 2005.[2] *See Murphy Bros., Inc. v. Michetti Pipi Stringing, Inc.*, 526 U.S. 344, 354 (1999). Defendant has received no papers or pleadings in this action other than those attached hereto as Exhibit A. This notice is timely in that it is filed within thirty (30) days of proper service of the Summons and Complaint on Defendant, which was the first time Defendant ascertained that the State Court Action was removable based on the preemptive effect of federal law. *See* 28 U.S.C. § 1446(b).

3. On September 22, 2005, Defendant filed its Answer to Plaintiff's Complaint in Alameda County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as Exhibit B.

4. The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1441(b), in that:

a. Plaintiff's Complaint alleges causes of action, *inter alia*, for breach of contract, breach of implied contract, and fraud and deceit, which arise under and are completely preempted by Section 301 of the Labor Management Relations Act. *See* 29 U.S.C. § 185(a).

b. Plaintiff's employment relationship was governed by the provisions of a collective bargaining agreement ("CBA") between Defendant and the Office & Professional

---

[1] Plaintiff filed her Complaint in the Alameda County Superior Court on or about April 27, 2005. On August 3, 2005, Plaintiff filed an Amendment To The Complaint, substituting Defendant's correct name (Kaiser Foundation Hospitals) for the incorrect name (Kaiser Permanente). Plaintiff did not serve the original Complaint or the Amendment to the Complaint on Defendant until August 25, 2005.

[2] Plaintiff has not served the individual defendants in this matter. Plaintiff has represented to Defendant that she plans to dismiss without prejudice the individual defendants.

Employees International Union, Local 250, a labor organization as defined in the National Labor Relations Act. *See* 29 U.S.C. § 152(5). A true and correct copy of the relevant portions of the CBA is attached hereto as Exhibit C.

c. United States District Courts have original jurisdiction over actions for breach of a collective bargaining agreement, which arise under Section 301 of the Labor Management Relations Act. *See* 29 U.S.C. § 185(a).

d. Removal is proper where federal law completely preempts and supplants state law. *Metropolitan Life Insurance Co. v. Taylor*, 64 (1987). Section 301 completely preempts all state law actions that require the interpretation of a collective bargaining agreement, even if those actions are not expressly characterized as Section 301 actions. *See e.g., Stallcop v. Kaiser Foundations Hospitals*, 820 F.2d 1044, 1049 (9th Cir. 1987) (plaintiffs' failure to mention collective bargaining agreement in complaint not dispositive; court will investigate and find preemption if complaint actually raises a Section 301 claim); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983) (when a state law claim actually arises under federal law, the court will recharacterize it accordingly to uphold removal). Thus, "if a state law claim is completely preempted by . . . § 301, the state law cause of action necessarily becomes a federal one and can be removed." *Milne Employees Ass'n. v. Sun Carriers*, 960 F.2d 1401, 1406 (9th Cir. 1991), *cert. denied*, 113 S.Ct. 2927 (1993).

e. Plaintiff's fifth cause of action for breach of contract, sixth cause of action for breach of covenant of good faith and fair dealing, and eighth cause of action for fraud are artfully pled Section 301 claims for violation of a collective bargaining agreement, because these causes of action require an interpretation of the CBA. This case is primarily based on Plaintiff's allegation that she was unfairly disciplined her for taking morphine at work. (Complaint ¶¶ 11, 23.) Plaintiff further alleges that Defendant's actions breached her employment contract with Defendant, because Defendant allegedly guaranteed that if grievances or complaints were filed against her, she would be given written notice and a meaningful opportunity to respond. (Complaint ¶¶ 29, 30, 33, 34, 38, 40.) Plaintiff further alleges that Defendant engaged in fraud by assuring her that she would have better job security with Defendant than she did with her prior employer. (Complaint ¶

49.) The collective bargaining agreement between Defendant and Local 250 specifically provides at Article IV, Section 22, p. 13 that "[Kaiser] has the duty and right to manage the Hospital and clinics and to direct the working forces. This includes the right to hire, transfer, promote, demote, layoff, *discipline and discharge employees*, subject to the terms of this Agreement and the grievance procedure." (Emphasis added.) It also provides at Article XXX a specific grievance and arbitration procedures to deal with employee disputes with management. Accordingly, Plaintiff's claim that Defendant unfairly disciplined her, or disciplined Plaintiff in a manner that breached the CBA, is substantially dependent upon an analysis of the terms and conditions of the collective bargaining agreement between Defendant and Plaintiff's union. Therefore, such claims are clearly preempted by the LMRA. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-998 (9th Cir. 1987) (former employee's claims for breach of oral employment contract and breach of the covenant of good faith and fair dealing preempted); *Garley v. Sandia Corp.*, 236 F.3d 1200, 1210 (10th Cir. 2001) (claims arising under CBA and implied contract claims "inextricably intertwined" with the CBA preempted); *Harris v. Alumax Mills Products, Inc.*, 897 F.2d 400 (9th Cir. 1990) (§ 301 preempts claim for breach of covenant of good faith and fair dealing); *Bale v. General Tel. Co. of Calif.*, 795 F.2d 775, 780 (9th Cir. 1986) (state law fraud claims -- *e.g.*, claims that the employer fraudulently promised terms more favorable than those provided in a CBA -- are preempted under § 301 if they require interpretation of a CBA).

5. Even if one of Plaintiff's causes of action do not arise under federal law, any such cause of action is transactionally-related to Plaintiff's other causes of action over which this Court does have federal question jurisdiction. Accordingly, any such cause of action is also removable and subject to this Court's supplemental jurisdiction under 28 U.S.C. §§ 1367(a) and 1441(c).

6. Attached to this Notice as Exhibits A and B are copies of all process, pleadings, and orders in Defendant's possession regarding the State Court Action.

7. Defendant is informed and believes that no other defendants have been served with the Summons and Complaint in this action.

8. By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it, specifically including, but not limited to, insufficient services of process and the absence of venue in this Court or in the Court from which this action has been removed.

9. For all of the foregoing reasons, the State Court Action is removable to this Court under 28 U.S.C. §§ 1331 and 1441(b).

Dated: September 23, 2005

THELEN REID & PRIEST LLP

By [signature]
Deborah J. Broyles
Deborah Schwartz
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

ENDORSED
FILED
ALAMEDA COUNTY
AUG - 3 2005
CLERK OF THE SUPERIOR COURT
By YASMIN REDDY Deputy

CHARLES J. KATZ, ESQ., SBN 68459
475 El Camino Real, Suite 300
Millbrae, CA 94030
Telephone: (650) 692-4100
Facsimile: (650) 692-2900

Attorney for Plaintiff
PATTY LEE KELM

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA (Unlimited Jurisdiction)

PATTY LEE KELM

Plaintiff,

vs.

KAISER PERMANENTE; GEORGE HALVERSON; DENISE DRYER; ROSE CORINO; and Does 1 through 20, inclusive,

Defendants.

Case No.: RG05210112

**AMENDMENT TO COMPLAINT**

**(Substituting Defendant's Correct for Incorrect Name)**

Plaintiff has now discovered that she designated a defendant in the complaint by an incorrect name. Plaintiff hereby amends the complaint to substitute the correct name for the incorrect name wherever it appears in the complaint.

| Correct Name | Incorrect Name |
|---|---|
| Kaiser Foundation Hospitals | Kaiser Permanente |

DATED: ~~June~~ Aug 3, 2005

[signature]
CHARLES J. KATZ, Attorney for Plaintiff PATTY LEE KELM



EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Kaiser Permanente; Geroge Halverson; Denise Dryer; Rose Corino; and Does 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Patty Lee Kelm

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER: *(Número del Caso):* RG05210112

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT COUNTY OF ALAMEDA
1225 Fallon Street
Oakland, CA 94612
Rene C. Davidson Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHARLES J. KATZ, ESQ. (SBN 68459) (650)692-4100 (650)692-2900 Fax
Law Offices of Charles J. Katz
475 El Camino Real, Suite 300
Millbrae, CA 94030

DATE: *(Fecha)* APR 2 7 2005 Clerk, by *(Secretario)* DOROTHY DUCKETT, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CHARLES J. KATZ, ESQ., SBN 68459
475 El Camino Real, Suite 300
Millbrae, CA 94030
Telephone: (650) 692-4100
Facsimile: (650) 692-2900

Attorney for Plaintiff
PATTY LEE KELM

ENDORSED
FILED
ALAMEDA COUNTY
APR 27 2005
CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA (Unlimited Jurisdiction)**

PATTY LEE KELM

Plaintiff,

vs.

KAISER PERMANENTE; GEORGE HALVERSON; DENISE DRYER; ROSE CORINO; and Does 1 through 20, inclusive,

Defendants.

Case No. RG05210112

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

1. Employment Discrimination - Cal. Gov't Code Section 12940
2. Employment Discrimination Common Law
3. Employment Discrimination - Retaliation - Cal. Gov't Code, Section 12940 (f)
4. Employment Discrimination - Retaliation - Common Law
5. Breach of Contract
6. Breach of Covenant of Good Faith and Fair Dealing
7. Failure to Prevent Discrimination - Cal. Gov't Code Section 12940
8. Fraud and Deceit
9. Harassment - Cal.Gov't Code Section 12940

**JURY TRIAL DEMANDED**

SACTO. SHERIFF'S CIVIL 2005 AUG 11 PM 3:45

Plaintiff alleges:

PRELIMINARY STATEMENTS

1. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants, DOES 1 to 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges, that each of the Defendants designated herein as a DOE is negligently or otherwise responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to the Plaintiff, as herein alleged.

2. At all times herein mentioned, each of the Defendants was the servant, agent, co-conspirator, and/or employee of each of the remaining Defendants, and was acting within the scope and course of his agency and employment, and/or pursuant to conspiracy.

3. Plaintiff Patty Lee Kelm is a 58-year-old white female who has been employed by Defendant, Mills Peninsula Hospital, (hereinafter referred to as "Plaintiff") since on or about August 13, 1997, as a medical assistant.

4. Defendant, Kaiser Permanente, hereinafter referred to as "Kaiser" was at all times pertinent hereto a sole proprietorship corporation, which at all times relevant hereto was organized and existed under and by virtue of the laws of the State of California, qualified to do business in California with its principal place of business in Oakland, California.

///

5. Defendant, George Halvorson (hereinafter referred to as "Halvorson") at all times pertinent hereto, was the President of Defendant, Kaiser.

6. Defendant, Rose Corino (hereinafter referred to as "Corino") at all times pertinent hereto, was the Nurse Manager of Defendant, Kaiser.

7. Defendant, Denise Dryer, (hereinafter referred to as "Dryer") at all times pertinent hereto, was the Supervisor of Defendant, Kaiser.

**FIRST CAUSE OF ACTION**
**(Employment Discrimination -**
**Cal. Gov't Code Section 12940 –** Age and Medical Disability
**(Against all Defendants)**

8. Plaintiff refers to and incorporates herein by reference Paragraphs 1 through 7 of the Preliminary Statements as though fully set forth herein at length.

9. Plaintiff was at all times material hereto an employee covered by Cal. Gov't Code Section 12940 prohibiting discrimination in employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex or sexual orientation.

10. Defendant, Kaiser was and is at all times material hereto an employer within the meaning of Cal. Gov't Code Section 12926 and, as such, barred from discriminating in employment decisions on the basis of age and medical disability as set forth in Cal. Gov't Code Section 12940, and because Plaintiff complained to management and other agencies regarding the wrongful actions.

11. Defendants have discriminated against Plaintiff on the basis of age and

medical disability in violation of Cal. Gov't Code Section 12940 by engaging in the following course of conduct:

Plaintiff was hired on August 13, 1997 as a medical assistant and has an approximate gross annual salary of $30,000. Plaintiff was loyal and satisfactorily performed her job duties. Plaintiff was singled out and treated differently for reasons based solely upon her age and medical disability, and Plaintiff was falsely suspected and accused of taking non-prescription drugs on May 2, 2003.

Plaintiff is an articulate and intelligent 58-year-old Caucasian female who has been a loyal and dedicated employee of Defendant Kaiser Permanente since August 13, 1997. As an older employee, in December 2002, Plaintiff suffered a heart attack and was off work for six weeks after heart surgery. In May 2003, Plaintiff was suffering from a serious chronic nerve damage condition, which required surgery to be scheduled in July 2003. On May 2, 2003, Plaintiff made a private telephone call regarding her medication. At that time, Defendant Dryer, a former supervisor, overheard Plaintiff's telephone conversation. Plaintiff suffered from chronic nerve damage and was on morphine for the past three months while at work, and Defendant was aware of this condition.

Dr. Lorraine Lee advised Plaintiff to telephone a request for an injection slip to obtain her medication, which was ten (10) milligrams of morphine. The pain medication was

prescribed to be administered upon request, to accommodate Plaintiff to work through the pain.

Despite management's knowledge of Plaintiff's medical disability, Defendant Dryer singled Plaintiff out for reasons based upon Plaintiff's age and medical disability and listened in on a private conversation in which Plaintiff was requesting an injection slip. Defendant Dryer then concluded that Plaintiff was trying to obtain restricted drugs. Defendant Dryer reported this telephone conversation to Defendant Corino, the Nurse Manager. Defendant Corino immediately investigated the injection room, taking the key to open the room and review the log. Also, the registered nurse, Heidi who gave the injection at the adult center, was questioned. Their actions were particularly offensive and harassing because management was aware that Plaintiff was on prescription morphine while working, and Plaintiff's evaluations were above satisfactory.

Plaintiff was then directed to appear in front of Defendant Dryer, Defendant Corino, and Ms. Velasquez. Plaintiff contacted her union representative, Linda Erickson, to represent Plaintiff at the meeting, which was scheduled at the hospital on May 22, 2003. Plaintiff was highly distressed over this humiliating and demeaning confrontation. Plaintiff has never taken drugs unlawfully, and had been under prescribed medication by her Kaiser physician for a medical disability for the past three months.

Plaintiff was informed that she was accused of taking illegal drugs. Plaintiff was further advised that the hospital had the right to a drug test, and that the hospital could discipline her up to termination. Plaintiff was advised by her union representative not to say anything, but Plaintiff was upset because she was innocent of any wrongdoing. Furthermore, although the hospital policy on drug testing was mandatory, this was not the policy when taking prescription medication for illness.

At the hearing Plaintiff defended herself by stating that she did not take any illegal drugs. Moreover, Plaintiff asked if anyone had ever seen her speak with slurred words or act as if she were drunk. Defendant Dryer responded, "yes, and no". This was particularly demeaning, because Plaintiff has never been drunk or under the influence of drugs. To suggest that Plaintiff appeared drunk or spoke with any slurred speech was false and contradicted the satisfactory evaluations Plaintiff had received for her job performance during this time.

Defendant Dryer suggested that Plaintiff appeared drunk or spoke with slurred speech or was otherwise under the influence of drugs. This false accusation was not only insulting, it was slanderous. Clearly, Defendant Dryer singled Plaintiff out for reasons based upon Plaintiff's age and medical disability and harassed, retaliated, and discriminated against Plaintiff by falsely accusing her of being under the influence of

drugs and/or alcohol. In fact, Plaintiff was making a telephone call for a prescribed medication based upon directions given to Plaintiff by her physician.

Dr. Lee directed Plaintiff to call her upon need to obtain a periodic dosage of ten (10) milligrams of morphine, so that Plaintiff could work through the pain. Despite these facts, Plaintiff was verbally counseled on May 22, 2003. Moreover, Plaintiff was misstated by management in the counseling session as having promised to only obtain the shot when Plaintiff was leaving work. This caused Plaintiff to take sick leave to obtain the pain medication as needed.

Plaintiff stated that she would try to call for her pain shot when she left work. However, that did not mean Plaintiff could control the pain and not take any medication until Plaintiff left work. The purpose of pain medication was to treat the pain as required. Plaintiff was not in control of the pain. The pain medication was to enable Plaintiff to work until Plaintiff received corrective surgery. This was a reasonable accommodation for Plaintiff's medical disability.

Plaintiff filed a grievance because of the false accusations made against Plaintiff, and the verbal counseling and prohibition of pain medication while at work. Plaintiff was falsely labeled as a drug user. Plaintiff was never tested for illegal drug use, and despite her defense that the medication was prescribed, management used Plaintiff as an example to others who might be abusing drugs or alcohol.

Before this incident, Plaintiff was never reprimanded for any drug or alcohol abuse. Plaintiff made it very clear that she was suffering from chronic nerve damage and that she was under medication until surgery. Plaintiff was on morphine for almost three months before she could receive surgery in July 2003. However, because of the false accusations made against Plaintiff and the subsequent verbal counseling that she received, Plaintiff was forced to take sick leave.

Plaintiff was singled out for reasons based upon her age and medical disability. Clearly, Defendant Dryer, a much younger supervisor, and other members of management singled Plaintiff out because she was 58-years of age and suffering from a medical disability which would require surgery and post operative recovery time.

Dr. Lee prescribed this medication to be taken upon request to enable Plaintiff to work through her shift, until surgery was scheduled. Therefore, Defendant Dryer violated Plaintiff's rights to reasonable accommodations for Plaintiff's medical disability. Because Plaintiff was wrongfully accused and verbally counseled, Plaintiff was forced to leave work after receiving pain medication and lost significant work time.

Plaintiff has also complained to the Human Resource Department that her rights were violated and Plaintiff complained to the Department of Human Services. Clearly, Plaintiff has a right to make a private telephone call to her doctor pursuant to

Plaintiff's doctor's recommendations, requesting periodic pain relief as prescribed by Plaintiff's treating Kaiser physician.

Management failed to correct the wrongful actions against Plaintiff. Instead of vindicating Plaintiff from drug and/or alcohol abuse, management tried to cover up its wrongful disciplinary actions against Plaintiff by making false accusations and issuing a counseling acknowledgement prohibiting Plaintiff from taking illegal drugs and/or alcohol while at work. Therefore, Plaintiff was prohibited from taking prescribed medication for pain relief at work.

12. Plaintiff filed timely Right to Sue Complaints with the California Department of Fair Employment and Housing, and received notices dated May 3, 2004, of the right to sue in a California Superior Court pursuant to Cal. Gov't Code Section 12965(b) permitting Plaintiff to bring this action. Said complaints and right to sue letters are attached as **Exhibit "A"** and incorporated herein by reference. Therefore, Plaintiff has exhausted all of her administrative remedies.

13. As a proximate result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking and performing the job duties of her employment, Plaintiff has and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof.

14. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

15. As a result of Defendants' discriminatory acts as alleged herein, Plaintiff has no plain, adequate, or complete remedy as to law and Defendants continue to engage in said alleged wrongful practices. Therefore, Plaintiff requests:

A. That she be reinstated in her former position, or comparable position, made whole and afforded all benefits attendant thereto that would have been afforded Plaintiff but for said discrimination; and,

B. That Defendant, its agents, successors, employees and those acting in concert with it be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein.

16. As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as provided by Cal. Gov't Code Section 12965(b).

**WHEREFORE**, Plaintiff prays for damages as hereinafter set forth.

///

///

///

///

**SECOND CAUSE OF ACTION**
**(Employment Discrimination -**
**Common Law – Age and Medical Disability**
**(Against all Defendants)**

17. Plaintiff refers to and incorporates herein Paragraphs 8 through 16 of the First Cause of Action as though fully set forth herein at length.

18. The public policy of the State of California, as set forth in state and federal statutes and the California Constitution, is strongly opposed to discrimination in employment including, but not limited to, denial of promotion and termination of employment, based solely upon age and medical disability.

19. Defendants' aforesaid conduct, set forth in Paragraph 11 of the First Cause of Action, violated the public policy of the State of California, and, as a result of the said acts, Plaintiff suffered damages as aforesaid.

**WHEREFORE,** Plaintiff prays for damages as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Employment Discrimination Retaliation-**
**Cal. Gov't Code Section 12940(f)**
**Retaliation for Age and Medical Disability**
**Against all Defendants)**

20. Plaintiff refers to and incorporates herein Paragraphs 1 through 7 of the Preliminary Statements as though fully set forth herein at length.

21. Plaintiff was at all times material hereto an employee covered by Cal. Gov't. Code Section 12940(f) prohibiting any person to retaliate against an employee

who opposes a discriminatory practice or asserts rights under the Fair Employment and Housing Act, in violation of Cal. Gov't Code Section 12940(f).

22. Defendant, Kaiser was and are at all times material hereto an employer within the meaning of Call Gov't Code Section 12926 and, as such, barred from discriminating or retaliating in employment decisions on the basis of age and medical disability, or as set forth in Cal. Gov't Code Section 12940(f), and because Plaintiff complained to management and other agencies regarding the wrongful action.

23. Defendants have discriminated and retaliated against Plaintiff on the basis of age, and medical disability because Plaintiff opposes a discriminatory practice or asserts rights under Cal. Gov't Code Section 12940(f) by engaging in the following course of conduct:

Plaintiff was hired on August 13, 1997 as a medical assistant and has an approximate gross annual salary of $30,000. Plaintiff was loyal and satisfactorily performed her job duties. Plaintiff was singled out and treated differently for reasons based solely upon her age and medical disability, and Plaintiff was falsely suspected and accused of taking non-prescription drugs on May 2, 2003.

Plaintiff is an articulate and intelligent 58-year-old Caucasian female who has been a loyal and dedicated employee of Defendant Kaiser Permanente since August 13, 1997. As an older employee, in December 2002, Plaintiff suffered a heart attack and was off work for six weeks after heart surgery. In May 2003, Plaintiff was suffering from a

serious chronic nerve damage condition, which required surgery to be scheduled in July 2003. On May 2, 2003, Plaintiff made a private telephone call regarding her medication. At that time, Defendant Dryer, a former supervisor, overheard Plaintiff's telephone conversation. Plaintiff suffered from chronic nerve damage and was on morphine for the past three months while at work, and Defendant was aware of this condition.

Dr. Lorraine Lee advised Plaintiff to telephone a request for an injection slip to obtain her medication, which was ten (10) milligrams of morphine. The pain medication was prescribed to be administered upon request, to accommodate Plaintiff to work through the pain.

Despite management's knowledge of Plaintiff's medical disability, Defendant Dryer singled Plaintiff out for reasons based upon Plaintiff's age and medical disability and listened in on a private conversation in which Plaintiff was requesting an injection slip. Defendant Dryer then concluded that Plaintiff was trying to obtain restricted drugs. Defendant Dryer reported this telephone conversation to Defendant Corino, the Nurse Manager. Defendant Corino immediately investigated the injection room, taking the key to open the room and review the log. Also, the registered nurse, Heidi who gave the injection at the adult center, was questioned. Their actions were particularly offensive and harassing because management was aware that Plaintiff was on

prescription morphine while working, and Plaintiff's evaluations were above satisfactory.

Plaintiff was then directed to appear in front of Defendant Dryer, Defendant Corino, and Ms. Velasquez. Plaintiff contacted her union representative, Linda Erickson, to represent Plaintiff at the meeting, which was scheduled at the hospital on May 22, 2003. Plaintiff was highly distressed over this humiliating and demeaning confrontation. Plaintiff has never taken drugs unlawfully, and had been under prescribed medication by her Kaiser physician for a medical disability for the past three months.

Plaintiff was informed that she was accused of taking illegal drugs. Plaintiff was further advised that the hospital had the right to a drug test, and that the hospital could discipline her up to termination. Plaintiff was advised by her union representative not to say anything, but Plaintiff was upset because she was innocent of any wrongdoing. Furthermore, although the hospital policy on drug testing was mandatory, this was not the policy when taking prescription medication for illness.

At the hearing Plaintiff defended herself by stating that she did not take any illegal drugs. Moreover, Plaintiff asked if anyone had ever seen her speak with slurred words or act as if she were drunk. Defendant Dryer responded, "yes, and no". This was particularly demeaning, because Plaintiff has never been drunk or under the influence

of drugs. To suggest that Plaintiff appeared drunk or spoke with any slurred speech was false and contradicted the satisfactory evaluations Plaintiff had received for her job performance during this time.

Defendant Dryer suggested that Plaintiff appeared drunk or spoke with slurred speech or was otherwise under the influence of drugs. This false accusation was not only insulting, it was slanderous. Clearly, Defendant Dryer singled Plaintiff out for reasons based upon Plaintiff's age and medical disability and harassed, retaliated, and discriminated against Plaintiff by falsely accusing her of being under the influence of drugs and/or alcohol. In fact, Plaintiff was making a telephone call for a prescribed medication based upon directions given to Plaintiff by her physician.

Dr. Lee directed Plaintiff to call her upon need to obtain a periodic dosage of ten (10) milligrams of morphine, so that Plaintiff could work through the pain. Despite these facts, Plaintiff was verbally counseled on May 22, 2003. Moreover, Plaintiff was misstated by management in the counseling session as having promised to only obtain the shot when Plaintiff was leaving work. This caused Plaintiff to take sick leave to obtain the pain medication as needed.

Plaintiff stated that she would try to call for her pain shot when she left work. However, that did not mean Plaintiff could control the pain and not take any medication until Plaintiff left work. The purpose of pain medication was to treat the

pain as required. Plaintiff was not in control of the pain. The pain medication was to enable Plaintiff to work until Plaintiff received corrective surgery. This was a reasonable accommodation for Plaintiff's medical disability.

Plaintiff filed a grievance because of the false accusations made against Plaintiff, and the verbal counseling and prohibition of pain medication while at work. Plaintiff was falsely labeled as a drug user. Plaintiff was never tested for illegal drug use, and despite her defense that the medication was prescribed, management used Plaintiff as an example to others who might be abusing drugs or alcohol.

Before this incident, Plaintiff was never reprimanded for any drug or alcohol abuse. Plaintiff made it very clear that she was suffering from chronic nerve damage and that she was under medication until surgery. Plaintiff was on morphine for almost three months before she could receive surgery in July 2003. However, because of the false accusations made against Plaintiff and the subsequent verbal counseling that she received, Plaintiff was forced to take sick leave.

Plaintiff was singled out for reasons based upon her age and medical disability. Clearly, Defendant Dryer, a much younger supervisor, and other members of management singled Plaintiff out because she was 58-years of age and suffering from a medical disability which would require surgery and post operative recovery time.

Dr. Lee prescribed this medication to be taken upon request to enable Plaintiff to work through her shift, until surgery was scheduled. Therefore, Defendant Dryer violated Plaintiff's rights to reasonable accommodations for Plaintiff's medical disability. Because Plaintiff was wrongfully accused and verbally counseled, Plaintiff was forced to leave work after receiving pain medication and lost significant work time.

Plaintiff has also complained to the Human Resource Department that her rights were violated and Plaintiff complained to the Department of Human Services. Clearly, Plaintiff has a right to make a private telephone call to her doctor pursuant to Plaintiff's doctor's recommendations, requesting periodic pain relief as prescribed by Plaintiff's treating Kaiser physician.

Management failed to correct the wrongful actions against Plaintiff. Instead of vindicating Plaintiff from drug and/or alcohol abuse, management tried to cover up its wrongful disciplinary actions against Plaintiff by making false accusations and issuing a counseling acknowledgement prohibiting Plaintiff from taking illegal drugs and/or alcohol while at work. Therefore, Plaintiff was prohibited from taking prescribed medication for pain relief at work.

**WHEREFORE,** Plaintiff prays for damages as hereinafter set forth.

///

///

**FOURTH CAUSE OF ACTION**
**(Employment Discrimination - Common Law – Retaliation- Cal. Gov't Code Section 12940(f)- Retaliation for Age and Medical Disability (Against all Defendants)**

24. Plaintiff refers to and incorporates herein Paragraphs 17 through 19 of the Second Cause of Action as though fully set forth herein at length.

25. The public policy of the State of California, as set forth in state and federal statutes and the California Constitution, is strongly opposed to discrimination in employment including, but not limited to, disciplinary actions, denial of promotion or termination of employment, based upon age and medical disability.

26. Defendants' aforesaid conduct, set forth in Paragraph 19 of the Second Cause of Action, violated the public policy of the State of California, and, as a result off the said acts, Plaintiff suffered damages as aforesaid.

**WHEREFORE**, Plaintiff prays for damages as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Breach of Contract)**
(Against Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino)

27. Plaintiff refers to and incorporates herein Paragraphs 1 through 7 of the Preliminary Statements as though fully set forth herein at length.

///

28. On or about August 13, 1997, Plaintiff was hired by Defendant, Kaiser as a Medical Assistant for Defendant.

29. The entire course of Plaintiff's employment with Defendant, Kaiser there existed an express and implied in fact employment contract between Plaintiff and Defendants, Kaiser, which included, but was not limited to, the following terms and conditions:

A. Plaintiff would be able to continue her employment with Defendant, Kaiser indefinitely so long as she carried out her duties in a proper and competent manner;

B. Plaintiff would be promoted so long as she carried out her duties in a proper and competent manner and her employment evaluations were marked *"successfully met"* or *"exceeded her duties"*;

C. Plaintiff would not be demoted, discharged or otherwise disciplined for other than good cause, with notice thereof;

D. Defendant, Kaiser, would not evaluate Plaintiff's performance in an arbitrary, untrue or capricious manner;

E. If grievances or complaints were lodged regarding Plaintiff's performance, she would be given written notice and a meaningful opportunity to respond;

F. Plaintiff was harassed, retaliated and discriminated against because of her age and medical disability and for complaining to Defendants and other agencies regarding the wrongful action.

30. This total employment contract was evidenced by various written documents, oral representations to Plaintiff by Defendant's agents and employees, and the parties' entire course of conduct, including the following:

A. Plaintiff is informed and believes and thereon alleges that portions of this contract are embodied in Defendant's written personnel policies and discipline procedures;

There was an established policy with Defendant, Kaiser known to Plaintiff and relied upon by Plaintiff that an employee such as Plaintiff, who had performed services as a good and faithful employee, would have secure employment tenure with Defendant; that an employee such as Plaintiff would be permitted to continue employment unless discharged for good and sufficient cause; that an employee such as Plaintiff with a grievance or complaint lodged against her would be provided a meaningful opportunity to respond; and that an employee such as Plaintiff would not be discharged or disciplined without good and sufficient cause;

C. Again and again during her employment, Plaintiff was told by her superiors, orally and in writing, that she was doing a satisfactory job. As a result of the above representations, Plaintiff came reasonably to expect and to rely on the promise of job security. Such statements and acts by Defendants communicated to Plaintiff the idea that she had performed satisfactorily and that her job was secure. Plaintiff in good faith, relied upon these representations and believed them to be true.

31. Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises, and representations as listed in Paragraphs 27 and 28 above,

led Plaintiff throughout her employment with Defendant Kaiser to reasonably believe that her employment was secure and that there thereby existed a contract of continuous employment with Defendant Kaiser. As independent consideration for this contract of continuing employment, and as evidence of Plaintiff's reliance thereon, at the time she began working for Defendant, Plaintiff gave up professional education and secure employment to accept employment with Defendant Kaiser. As further independent consideration, in addition to performing her regular duties as an employee of Defendant Kaiser. Plaintiff refrained from seeking any other employment and from time to time turned down, gave up, and refrained from pursuing other career opportunities.

32. Plaintiff understood, and continued employment, and duly performed all the conditions of the contract to be performed by her. Plaintiff has at all times been ready, willing, and able to perform, and has offered to perform all the conditions of this contract to be performed.

33. Despite the representations made to Plaintiff and the reliance she placed upon them, Defendant Kaiser failed to carry out its responsibilities under the terms of the employment contract in the following ways:

A. By subjecting Plaintiff to arbitrary, unfair, and dishonest performance evaluations;

B. By denying Plaintiff a meaningful opportunity to respond to grievances filed against her;

C. By refusing to allow Plaintiff to work while prescribed pain medication on a continuing basis including on or about May 22, 2003, in spite of Plaintiff's satisfactory job performance and after her complaints of discrimination because of her gender medical disability, and complaints about harassment and retaliation including the humiliating and demeaning manner in which she had been treated.

34. Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino breached the aforementioned total employment contract by arbitrarily evaluating Plaintiff, denying her the opportunity to respond to grievances, and discharging Plaintiff without regard to or in compliance with the requirements of the aforesaid agreement.

35. Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino further breached the aforementioned total employment contract by engaging in a course of conduct with the intent and effect of making Plaintiff's work environment unreasonably burdensome and oppressive, and then constructively demoting Plaintiff, by prohibiting her work hours.

36. As a proximate result of Defendants' breach of the total employment contract, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits which she would have received had defendants not breached said agreement, plus expenses incurred in obtaining substitute employment, all to her damage in an amount to be set forth according to proof.

**WHEREFORE**, Plaintiff prays for damages as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Breach of Covenant of Good Faith and Fair Dealing)**
(Against All Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino)

37. Plaintiff refers to and incorporates herein Paragraphs 1 through 7 of the Preliminary Statements as though set forth herein at length.

38. The aforesaid employment contract contained an implied covenant of good faith and fair dealing by which Defendant Kaiser, promised i.e. full cooperation to Plaintiff and her performance under said employment contract, and to refrain from doing any act which would prevent or impede Plaintiff from performing all the conditions of the contract to be performed by her or any act that would prevent Plaintiff's enjoyment of the fruits of said contact. Specifically, said covenant of good faith and fair dealing required Defendant Kaiser, to fairly, honestly, and reasonably perform the terms and conditions of the Agreement.

39. Plaintiff, as an individual employee, with no legal representation or prior experience in making such contracts as the one alleged herein, was in an inherently unequal bargaining position in her dealings with Defendant Kaiser, an established concern with millions of dollars in assets. In addition, once Plaintiff committed herself to the above-stated contract, and took the reasonable actions alleged herein in reliance, Plaintiff was placed in a particularly vulnerable position because she had

given up secure employment with her prior employer, and few openings exist in her field for persons of her experience and qualifications. She had entrusted her entire livelihood to Defendant's willingness to perform its obligations under the contract, and risked suffering grave harm if Defendant failed to perform. Defendant was aware of Plaintiff's vulnerability in this regard.

40. Plaintiff is informed and believes that Defendant Kaiser, breached its contract with Plaintiff without conducting any reasonable investigation concerning its obligations under said contract, without good or sufficient cause, for reasons extraneous to the contract, and for the purpose of frustrating Plaintiff's enjoyment of the benefits of the contract. Accordingly, Defendant breached its implied duty of good faith and fair dealing. Further, Defendant breached this covenant with regard to Plaintiff through its conduct in:

A. Subjecting Plaintiff to differential standards of conduct from other employees;

B. Denying Plaintiff the opportunity to respond to grievances filed against her;

C. Evaluating Plaintiff's performance in an arbitrary, pretextual, and untrue manner;

D. Removing Plaintiff's responsibilities for reasons that were arbitrary, pretextual, and untrue;

///

E. Refusing to allow Plaintiff to work while on prescribed pain medication, and retaliating against Plaintiff employment without cause and for reasons that have nothing to do with legitimate business justification;

F. Failing to follow its written personnel policies, or to apply the same personal practices to Plaintiff that it provides other employees.

41. As a result of Defendant's violations of said implied covenant of good faith and fair dealing, and the reprehensible and willful conduct toward Plaintiff, Plaintiff has suffered harm, as follows:

A. The destruction of Plaintiff's valuable property interests, i.e., her prospect of continuing future employment with Defendant and receipt of continued compensation;

B. Impairment and damage to Plaintiff's good name by causing her to be constructively demoted with the untrue implication to all future prospective employers that she had been disciplined or demoted for misconduct, incompetence, or unsatisfactory performance, and specifically that Plaintiff was a troublemaker and drug user said implications were and are completely untrue and totally without foundation; and,

C. Substantial losses in earnings, bonuses, deferred compensation, and other employment benefits and costs incurred in seeking and performing substitute employment.

42. The primary motivation of Plaintiff in making the above-stated contract was to obtain secure employment, and terms and conditions of employment, which would permit her growth and development at Defendant Kaiser as well as all rights of substantial autonomy, freedom of action, and a supportive work environment.

43. As a proximate result of Defendant's breach of implied covenant of good faith and fair dealing, Plaintiff has suffered, and continues to suffer losses in earning and other employment benefits, to her damage in an amount to be established at trial.

**WHEREFORE**, Plaintiff requests relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**(Failure to Prevent Discrimination)**
(Against All Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino)

44. Plaintiff refers to and incorporates herein Paragraphs 1 through 7 of the Preliminary Statements as though fully set forth herein at length.

45. Defendant Kaiser, was bound by its statutory and common law duties to provide a discrimination-free and retaliation-free workplace. Defendant Kaiser, failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring, in violation of its common law and statutory duties, e.g., Cal. Gov't Code Sections 12940(f) and (I).

46. Defendants Kaiser and Halverson, negligently trained, managed, or Supervised the employees who committed the discriminatory acts alleged herein, negligently failed to take all reasonable steps necessary to prevent the said acts, and

negligently ratified the discriminatory acts committed. Specifically, Defendants Kaiser and Halverson, failed to satisfactorily train Defendants Denise Dryer and Rose Corino as to the proper handling of sensitive issues related to age, medical disability, and complaints to management and other outside agencies regarding the wrongful action. Furthermore, Defendants Kaiser and Halverson failed to take affirmative steps to correct the discriminatory actions of Defendants Denise Dryer and Rose Corino following the unlawful harassment, retaliation, demotion, and constructive discharge of Plaintiff.

47. As a direct consequence of Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino acts and omissions, Plaintiff has suffered damages as aforesaid.

**WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Fraud and Deceit)**
(Against All Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino)

48. Plaintiff refers to and incorporates herein Paragraphs 1 through 7 of the Preliminary Statements and Paragraphs 25 through 34 of the Fifth Cause of Action, as though set forth herein.

49. By the above described acts incorporated herein, Defendants and each of them, individually and through their officers, partners, agents, and/or employees

acting within the scope of their employment, falsely and fraudulently and with the intent to deceive and defraud Plaintiff, represented to Plaintiff that she would not be harassed, retaliated, discriminated, demoted, and constructively demoted or discharged as an employee of Defendant Kaiser, as long as her work performance was satisfactory. Specifically, at the time she was offered employment with Defendant Kaiser. Plaintiff was assured by Defendant Kaiser, that Plaintiff would have better job security with Defendant Kaiser, than she did at her previous job. Defendant Kaiser and DOES 1 through 20, repeated all the above assurances on several occasions during Plaintiff's employment with Defendant Kaiser.

50. Said representations were false and Defendants knew them to be false, and intended not to be bound by such representations; in truth and in fact, Plaintiff was harassed, retaliated, and discriminated against, demoted, and constructively demoted, even though her work performance was exemplary.

51. Said representations were made for the purpose of inducing Plaintiff to enter into an employment contract with Defendant Kaiser and thereafter for the purpose of inducing Plaintiff to continue performing said employment.

52. Plaintiff was unaware of Defendants' intention not to be bound by the said representations, and justifiably believed and relied upon them, and was thereby induced to give up her prior employment to work for Defendant Kaiser and to give up, turn down, and refrain from seeking other more secure employment opportunities.

///

53. Plaintiff did not discover the fraud and deceit practiced upon her, as aforesaid, until being given notice of alleged performance problems and subsequently Plaintiff was harassed, retaliated, and discriminated against on an ongoing basis since May 22, 2003. Plaintiff would not with reasonable diligence have discovered the said fraud and deceit prior to that date in that Plaintiff was repeatedly misled by Defendants further same false representations, and prior May 22, 2003. Plaintiff had been given no indication that threats, termination, and ongoing harassment, retaliation, and discrimination was likely because of her work performance, or for any other reason.

54. As a proximate result of the representations of Defendants to Plaintiff, as aforesaid, Plaintiff will suffer substantial losses incurred in seeking and performing her job duties and employment, and has caused Plaintiff to suffer and continue to suffer embarrassment, humiliations, and anguish, all to her damage in an amount according to proof.

56. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

**WHEREFORE**, Plaintiff prays for damages as hereinafter set forth.

///

///

**NINTH CAUSE OF ACTION**
**(Harassment - Gov't Code Section 12940)**
(Against All Defendants Kaiser Permanente; George Halverson;
Denise Dryer; Rose Corino)

57. Plaintiff refers to and incorporates herein Paragraphs 1 through 7 of the Preliminary Statements as though fully set forth herein at length.

58. Plaintiff was at all times material hereto an employee covered by California Government Code Section 12940(h)(1) prohibiting harassment based upon race, national origin, gender, sexual harassment and medical disability.

59. Defendant employer was at all times material hereto an employer within the meaning of California Government Code Section 12926(c) and, as such, barred from harassing an employee based upon age, medical disability, and because of complaints to management and other agencies about the wrongful action.

60. Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino were at all times material hereto managers within the meaning of California Government Code Section 12940(h)(1) prohibited from harassing an employee based upon age, medical disability, and because of Plaintiff's complaints to management and other agencies regarding the wrongful action.

61. Defendants Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino harassment of Plaintiff included, but was not limited to, crude, hostile, derogatory and disparaging remarks against Plaintiff's age and medical disability, stating that Plaintiff was on drugs and walked and spoke like she was drunk or on drugs.

62. Plaintiff made numerous complaints regarding Defendants Dryer and Corino to Defendants Kaiser and Halverson but no steps were taken to prevent this harassment.

63. Plaintiff filed timely Right to Sue complaints with the California Department of Fair Employment and Housing, and received notices dated May 3, 2004, of the right to sue in a California Superior Court pursuant to Cal. Gov't Code Section 12965(b) permitting Plaintiff to bring this action. Said complaints and right to sue letters are attached as **Exhibit "A"** and incorporated herein by reference. Therefore, Plaintiff has exhausted all of her administrative remedies.

64. As a proximate result of Defendants' Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino and harassment of Plaintiff, Plaintiff has suffered and continues to suffer embarrassment, humiliation, and mental anguish all to her damage in an amount according to proof.

65. Defendant Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants and each of them in an amount to be determined according to proof.

///

///

66. As a result of Defendants' (Kaiser Permanente; George Halverson; Denise Dryer; Rose Corino) harassment and failure to take immediate and appropriate corrective action, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff requests relief as follows:

1. Injunctive relief requiring Defendants to refrain from further discriminatory acts and remedying past discrimination;
2. Actual damages in a sum to be ascertained at trial;
3. General damages in an amount within the jurisdiction of this Court;
4. Exemplary and punitive damages in an amount within the jurisdiction of this Court;
5. For reinstatement of Plaintiff to the position from which she was wrongfully harassed, retaliated, and discriminated against or a comparable position with Defendant Kaiser, and all benefits attendant thereto that would have been afforded Plaintiff but for said discrimination;
6. For a permanent injunction enjoining Defendants, their agents, successors, and employees and those acting in concert with them from engaging in each of the unlawful practices, policies, usages, and customs set forth herein;
7. Costs of suit, including reasonable attorney's fees;
8. Prejudgment interest; and,
9. Such relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated: April 21, 2005

Charles J. Katz.
Attorney for Plaintiff,
**Patty Lee Kelm**