STEPHEN M. KAPPOS, ESQ. (SBN 141371)
ROBINSON-KAPPOS
3550 ROUND BARN BLVD., SUITE 311
SANTA ROSA, CA 95403
(707) 522-0114

Attorney for Plaintiff
CREDITORS TRADE ASSOCIATION, INC.
DBA GREAT WESTERN COLLECTION BUREAU

ORIGINAL FILED 05 JUL 21 PM 4:13 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA E-Filing

PJH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDITORS TRADE ASSOCIATION, INC., DBA GREAT WESTERN COLLECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>DALTON CARPET LIQUIDATORS, INC., A CORPORATION, DBA DALTON CARPET LIQUIDATORS; KAREN M. POLLARD, INDIVIDUALLY; RONNIE POLLARD, AKA RONALD POLLARD, AKA RON POLLARD, INDIVIDUALLY,<br><br>Defendants,<br><br>DOES ONE TO TEN, | Case No. C 05 2983<br><br>COMPLAINT FOR MONEY DUE, BREACH OF WRITTEN CONTRACT FOR SERVICES SOLD AND PROVIDED, OPEN ACCOUNT, ACCOUNT STATED, QUANTUM MERIUT AND UNJUST ENRICHMENT<br><br>BY FAX |

JURISDICTION AND VENUE

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. 1332.

Venue is proper in United States District Court pursuant to the provisions of 28 U.S.C. §1391(a)(1) and (2). This is a civil action where jurisdiction is founded on diversity of citizenship. By virtue of its contacts with the Northern District of California, Defendants are subject to personal jurisdiction in this judicial district. Additionally, Plaintiff claims arise in this judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.


Dockets.Justia.com

Pursuant to Local Rule 3-2(d), this civil action shall be assigned to the San Francisco Division or the Oakland Division because the events arose in the County of Witfield.

Plaintiff alleges:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff, CREDITORS TRADE ASSOCIATION, INC. was, and is, a corporation organized and existing under the laws of the State of California and doing business under the fictitious name of GREAT WESTERN COLLECTION BUREAU (hereinafter "GWCB"). At all times herein mentioned, GWCB complied with the provision of Business and Professions Code Sections 17910-17917 and is a collection agency.

2. Plaintiff's assignor, owner of the account hereinafter described, assigned the account(s) to Plaintiff for collection. Plaintiff conducts its activities, as required by law, and has complied with Business and Professions Code Sections 17910-17917 where required. This action is not subject to Civil Code §§ 1812.10 or 2984.4.

3. Plaintiff is informed and believes and, based on such information and belief, alleges that Defendants, KAREN M. POLLARD and RONNIE POLLARD, AKA RONALD POLLARD, AKA RON POLLARD, is, and at all times herein mentioned were, individuals residing in Witfield, Georgia.

4. DALTON CARPET LIQUIDATORS, INC., DBA DALTON CARPET LIQUIDATORS, is a corporation.

5. Plaintiff is unaware of the true names and capacities of the Defendants sued here as DOES One through Ten, inclusive. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the fictitiously named Defendants was the agent or employee of all of the remaining Defendants and was, in doing the things herein alleged, acting within the scope of said agency.

## FIRST CAUSE OF ACTION
**(For Breach of Written Contract)**
**(All Defendants)**

6. Plaintiff refers to and incorporates by reference Paragraphs 1 through 5 above,

as though fully set forth herein.

7. On March 12, 2002, Defendants entered into a written contract with WITEX USA, INC. in Cobb County, Georgia wherein WITEX USA, INC. agreed to provide wholesale building and flooring materials to Defendants on credit and Defendants agreed to pay for said wholesale building and flooring materials upon the terms and conditions set forth in such written contract for said wholesale building and flooring materials. Attached as Exhibit A and incorporated herein by reference is a copy of the written contract.

8. Plaintiff's assignor performed all of its obligations under the terms of said contract except those obligations that were excused or prevented as a result of the Defendant's breach as alleged herein.

9. On or about September 24, 2004, Defendants, and each of them, breached said contract by failing to pay the sums due under the contract.

10. As a proximate result of Defendant's breach of contract, Plaintiff has sustained damages in the sum of $76,826.38 plus interest at the rate of ten percent (10%) per annum, from and after September 24, 2004.

**SECOND CAUSE OF ACTION**
**(For Services Sold and Performed -- Common Count)**
**(All Defendants)**

11. Plaintiff refers to and incorporates by reference Paragraphs 1 through 10 above, as through fully set forth herein.

12. Within the last four years, the Defendants, and each of them, became indebted to Plaintiffs' assignor in the sum of $76,826.38 for wholesale building and flooring materials sold and delivered by Plaintiff's assignor at the special request of Defendants, and each of them.

13. Neither the whole nor any part thereof has been paid, although demand therefor has been made, and there is now due, owing and unpaid from Defendants, and each of them, the sum of $76,826.38, together with interest thereon at the rate of ten percent (10%), from September 24, 2004 until judgment is entered in this matter.

///

///

**THIRD CAUSE OF ACTION**
**(Open Account)**
**(All Defendants)**

14. Plaintiff refers to and incorporates by reference Paragraphs 1 through 13 above, as though fully set forth herein.

15. Within four (4) years last past, Defendants, and each of them, became indebted to Plaintiff's assignor on an open book account in the sum of $76,826.38 for wholesale building and flooring materials sold to Defendants, and each of them, at their special instance and request and for which Defendants agreed to pay the above sum.

16. Neither the whole nor any part thereof has been paid, although demand therefor has been made, and there is now due, owing and unpaid, the sum of $76,826.38 with interest thereon at the rate of ten percent (10%) per annum from September 24, 2004.

17. Plaintiff is entitled to an award of attorney's fees pursuant CCP §1717.5.

**FOURTH CAUSE OF ACTION**
**(For Account Stated)**
**(All Defendants)**

18. Plaintiff refers to and incorporates by reference Paragraphs 1 through 16 above, as though fully set forth herein.

19. Within four (4) years last past, an account was stated in writing between Defendants, and each of them, and Plaintiff's assignor and on such statement a balance of $76,826.38 was found due and owing to Plaintiff's assignor from Defendants, and each of them. Defendants, and each of them, agreed to pay to Plaintiff's assignor said balance.

20. Although demanded by Plaintiff from Defendants, and each of them, neither the whole nor any part of the balance has been paid. There is now due, owing and unpaid the sum of $76,826.38 with interest thereon at the rate of ten percent (10%) per annum from September 24, 2004.

**FIFTH CAUSE OF ACTION**
**(Quantum Meriut)**
**(All Defendants)**

21. Plaintiff refers to and incorporates by reference Paragraphs 1 through 20 above, as though fully set forth herein.

22. At the request of Defendants, and each of them, Plaintiff's assignor, WITEX USA, INC., provided wholesale building and flooring materials to the Defendants. The wholesale building and flooring materials have a reasonable value of $76,826.38. The services have not been paid for despite numerous requests by Plaintiff's assignor.

**SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**(All Defendants)**

23. Plaintiff refers to and incorporates by reference Paragraphs 1 through 22 above, as though fully set forth herein.

24. Within four years last past and prior to the commencement of this action, Defendants, and each of the same, have been unjustly enriched by the receipt of goods, wares and merchandise, primarily wholesale building and flooring materials, in the operation of their business, in which Defendants, and each of the same, have used for purposes of their profit thereunder.

25. Defendants, and each of the same, have failed and refused, and continue to fail and refuse, to compensate Plaintiff and Plaintiff, therefore, has been damaged in the net amount of $76,826.38, plus interest as allowed by law.

WHEREFORE, Plaintiff prays judgment as follows:

1. For $76,826.38 plus interest thereon at the rate of ten percent (10%) per annum from September 24, 2004;

2. For attorney's fees pursuant to CCP §1717.5;

3. For costs of suit incurred herein, and

4. For such other and further relief as the court deems just and appropriate.

ROBINSON-KAPPOS

Dated: 7-12-05

By:______________________
STEPHEN M. KAPPOS, Attorneys for Plaintiff
CREDITORS TRADE ASSOCIATION, INC.
DBA GREAT WESTERN COLLECTION BUREAU

149080

Joey Lester
300-S.E
R1.

**WITEX**

Witex USA, Inc.
3850 Kennesaw 75 Parkway
Suite 200
Kennesaw, GA 30144
(770) 419-8558
FAX (770) 419-1227

## CONFIDENTIAL CREDIT APPLICATION

Company Name DALTON CARPET LIQUIDATORS, INC. Phone # (256) 543-9335 Fax # (256) 546-6158
Billing Address 105 SOUTH 8TH STREET
City GADSDEN State AL Zip 35903
Shipping Address (if different) 804 EAST BROAD STREET
City GADSDEN State AL Zip 35903

**PRINCIPLES:**
Name KAREN POLLARD Phone # (256) 492-4969
Title PRESIDENT S. S. # 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
Home Address 3745 BERNARD STREET
City GADSDEN State AL Zip 35903

**COMPANY INFORMATION:**
Type of Business FLOOR COVERING Date Business Started 1998
Federal Tax ID# 63-1264836 Sales Tax Exempt # 2800-17751 DUNS #
Branch Locations N/A
Subsidiary or Division of N/A Annual Sales 1848,751.65 (2001)
Proprietorship Partnership Corporation XX S-Corp.
If Incorporated, List Year and State of Incorporation 2001 ALABAMA
Individual Responsible for Issuing Purchase Orders RONNIE OR TERRY
Accounts Payable Contact Person JUDY BLACK

**TRADE REFERENCES:**
Supplier DOUG RAY MILLS (PREDIA) Phone # 800-226-8727
City CHATSWORTH State GA Zip 30705 Fax # 706-695-8885

Supplier UNITED WEAVERS (RICK) Phone # 800-241-5754
City DALTON State GA Zip 30720 Fax #

Supplier QUALITY FLOORING SUPPLIES (LARRY) Phone # 256-891-3985
City ALBERTVILLE State AL Zip 35951 Fax # 256-891-3986

**BANK REFERENCES:**
Bank Name AMSOUTH BANK Branch EASTSIDE
City EAST GADSDEN State AL Zip 35903
Officer's Name DEBORAH FORD Phone # 256-549-3613 Fax 256-549-3512
Account # 0006745210

The information contained herein is for the purpose of obtaining credit and is warranted to be true. I hereby authorize the firm to whom this application is being made to investigate the references listed pertaining to our credit and financial responsibility.

Signature Karen Pollard Date 3/12/2002
Title PRESIDENT
(Owner, Partner, Officer)

SE-DAL359

| | | | | |
|---|---|---|---|---|
| Credit: ✓ Approved | ___ Declined | Credit Limit $ 5000 | | Account # |
| Manager JM | Date 3/21/02 | PS JERJ | Customer Data Base 2390 | Display Cam 12 |

3/22/02 E

WITEX FLOORS WITEX WITEX FLOORS

(L2)

03/12/02 TUE 17:57 [TX/RX NO 5449]

Received 05-06-2005 10:05am From- To-A.HEAD/GWCB 421-4836 Page 002