Apple Inc. v. Psystar Corporation Doc. 3716

FEDERAL EXPRESS CORPORATION
Frederick L. Douglas (Admitted *Pro Hac Vice*)
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38125-8800
Telephone: 901.434.8519
Facsimile: 901.434.9271

SEYFARTH SHAW LLP
Gilmore F. Diekmann, Jr. (SBN 050400)
Patricia H. Cullison (SBN 101636)
Francis J. Ortman, III (State Bar No.: 213202)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: 415.397.2823
Facsimile: 415.397.8549

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION,
dba FEDEX EXPRESS (erroneously sued herein as
FedEx Corporation, dba FedEx Express)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, JOHN AZZAM, CHARLOTTE BOSWELL, TANDA BROWN, BERTHA DUENAS, PERNELL EVANS, CHARLES GIBBS, JANICE LEWIS, MARIA MUNOZ, KEVIN NEELY, LORE PAOGOFIE, DYRONN THEODORE, LASONIA WALKER and CHRISTOPHER WILKERSON,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX CORPORATION, a Delaware corporation, dba FEDEX EXPRESS,<br><br>Defendant. | Case No. C04-0098 SI<br><br>**DEFENDANT'S REPLY TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EDWARD ALVARADO'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 25, 2005<br><br>Time: 9:00 a.m.<br><br>Judge: Hon. Susan Illston<br><br>Complaint Filed: January 9, 2004 |



Dockets.Justia.com

## TABLE OF CONTENTS

Argument....................1

I. Plaintiff's Harassment and Discipline Claims Are Barred By the Applicable Statutes of Limitations....................1

A. Harassment Claim....................1

B. Discipline Claim....................2

II. Plaintiff Cannot Establish a Disparate Impact Claim....................2

III. Plaintiff Cannot Establish a Racial Harassment Claim....................2

IV. Plaintiff's Claim of Discrimination in Promotions Fails as a Matter of Law.................... 3

V. Plaintiff Cannot Establish That He Was Disciplined Because of His Race....................3

VI. Plaintiff's Retaliation Claim Fails As a Matter of Law....................4

A. Plaintiff Cannot Establish That He Suffered an Adverse Employment Action.................... 4

B. Plaintiff Cannot Establish a Causal Link Between the Protected Activity and Any Adverse Employment Action....................5

VII. Plaintiff Cannot Establish a Claim for Age Discrimination....................8

VIII. Plaintiff Cannot Establish A Claim for Race Discrimination as to Assignments ....................9

IX. Plaintiff Cannot Establish a Claim for Disability Discrimination....................10

A. Plaintiff Cannot Establish That He Is Disabled Within the Meaning of the ADA....................11

1. Plaintiff Is Not Substantially Limited in the Major Life Activity of Working....................12

X. Plaintiff Cannot Establish a Claim for Failure to Accommodate....................13

XI. Plaintiff Failed to Offer Sufficient Justification for the Relief Sought Under Fed. R. Civ. P. 56(f)....................14

CONCLUSION....................15

## TABLE OF AUTHORITIES

**Cases:** **Page:**

Allen v. Pacific Bell, SBC Communications,
12 F. Supp. 2d 1180 (C.D. Cal. 2002)....13-14

Bragdon v. Abbott,
524 U.S. 624 (1998)....12

Brundage v. County of Los Angeles Office of the Assessor,
57 Cal. App. 4th 228 (1997)....11

Colmenares v. Braemar Country Club, Inc.,
(2003) 29 Cal.4th 1019....8

Ditullio v. Village of Massena,
81 F. Supp. 2d 397 (N.D. N.Y. 2000),....12

Hobson v. Raychem Corp.
(1999) 73 Cal.App.4th 614....8, 10, 13

Hudson v. W. N.Y. BICS Div.,
No. 02-9270, 2003 U.S. App. LEXIS 18778
(2d Cir. Sept. 9, 2003)....1

Humphrey v. Memorial Hosps. Ass'n,
239 F.3d 1128 (9th Cir. 2001)....11

Jensen v. Wells Fargo Bank,
(2000) 85 Cal.App.4th 245....10

Lambert v. Genesse Hosp.,
10 F.3d 46 (2d Cir. 1993))....1

Morgan v. The Regents of the University of California,
88 Cal. App. 4th 52, 105 Cal. Rptr. 2d 652....6

Palmer v. United States,
794 F.2d 534 (9th Cir. 1986)....8

Prilliman v. United Air Lines, Inc.,
3 Cal.App.4th 935 (1997)....14

Raad v. Fairbanks N. Star Borough,
323 F.3d 1197 (9th Cir. 2003)....6

Sanders v. Arneson Products, Inc.,
91 F.3d 1351 (9th Cir. 1996)....10

Stephenson v. United Air Lines, Inc.,
No. C-97-4476 VRW, 2002 U.S. Dist. LEXIS 6937,
(N.D. Cal. Apr. 17, 2002)....14

Toyota Motor Mfg., KY, Inc. v. Williams,
534 U.S. 184 (2002)....11

Vasquez v. County of Los Angeles,
349 F.3d 634 (9th Cir. 2004)....6

**STATUTES**

Cal. Gov't Code § 12926(k)....11

42 U.S.C. § 12102(2)....11

29 C.F.R. § 1630.2(i)....12

29 C.F.R. § 1630.2(j)....12

29 C.F.R. § 1630.2(j)(3)(i)....12

Defendant, Federal Express Corporation ("FedEx"), replies to Plaintiff Edward Alvarado's ("Plaintiff") response in opposition to FedEx's motion for summary judgment and request for Rule 56(f) relief.

## ARGUMENT

### I. Plaintiff's Harassment and Discipline Claims Are Barred By the Applicable Statutes of Limitations.

#### A. Harassment Claim.

Plaintiff does not dispute that, to the extent any harassment claim is based on a derogatory comment allegedly made by Holstein in 1994, the claim is time-barred. Instead, Plaintiff states that his racial harassment claim is actually based on being assigned to the "top deck" and that his harassment claim is saved by the continuing violations doctrine. Pl.'s Opp., p. 20.[1]

Plaintiff cannot show that the alleged "assignments" are anything other than discrete acts, which do not fall within the continuing violation doctrine. See Hudson v. W. N.Y. BICS Div., No. 02-9270, 2003 U.S. App. LEXIS 18778, at *6 (2d Cir. Sept. 9, 2003) (citing Lambert v. Genesse Hosp., 10 F.3d 46, 53 (2d Cir. 1993)) (ruling that plaintiff's claims relating to discriminatory assignments did not fall under the continuing violation policy, because "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation.").

Plaintiff alleges that, in December 2000, Meeks changed Plaintiff's route because Plaintiff would not drive a smaller truck. Pl's Opp. p. 11. Plaintiff also alleges that, in 1999-2000, he did not receive adequate assistance with his routes. Pl's Opp. pp. 9, 10-11. To the

[1] "Pl.'s Opp., p. __" refers to Memorandum of Points and Authorities in Support of Edward Alvardo's Opposition to Defendants' Motion for Summary Judgment.

extent Plaintiff's harassment claim is based on these assignments or alleged lack of assistance, the claim is time-barred. Plaintiff did not file a DFEH complaint or EEOC charge alleging race or national origin discrimination within one year of these alleged incidents.

**B. Discipline Claim**

Plaintiff does not dispute that any claim based on the few instances of discipline Plaintiff received is also time-barred. Accordingly, the Court should dismiss Plaintiff's discriminatory discipline claims.

**II. Plaintiff Cannot Establish a Disparate Impact Claim.**

The Court has already ruled that Plaintiffs are improperly recasting a disparate treatment claim as a claim for disparate impact: "According to defendant, plaintiff has failed to observe the critical distinction between disparate impact and disparate treatment claims, and has in substance alleged a disparate treatment claim. The Court agrees." <u>See</u> Order Granting FedEx's Motion for Summary Judgment, p. 26. For this reason alone, Plaintiff's disparate impact claim fails. In any event, Plaintiff admits that he did not receive three disciplinary actions within a 12-month period, which is the basis of Plaintiff's disparate impact claim. Alvarado Dep. p. 61.

**III. Plaintiff Cannot Establish a Racial Harassment Claim.**

Plaintiff does not address the merits of a racial harassment claim in the argument section of his brief. Plaintiff has apparently abandoned this claim. In any event, Plaintiff has absolutely no evidence that he was subjected to treatment that a reasonable Mexican-American would find the workplace so racially hostile as to create an abusive working environment. To the extent Plaintiff bases a harassment claim on his assignment to assist with downloading freight, such claim fails as a matter of law. Plaintiff is employed as a shuttle driver. Plaintiff's "essential duties/responsibilities" require him to "LOAD[] AND UNLOAD[] AIRCRAFT, CONTAINERS

AND COMPANY VEHICLES." Alvarado Dep. pp. 79-80, Ex. 2. Plaintiff is not aware of any policy in the Employee Handbook or The People Manual requiring employees with less seniority to perform the more demanding work. Alvarado Dep. pp. 171-173. Also, this Court has already rejected the other Plaintiffs' attempts to state a claim of racial harassment based on work assignments. See Order Granting FedEx's Motion for Summary Judgment, pp. 21-24. Finally, Plaintiff has not proffered any evidence, as he must, linking any treatment of him to his national origin or race. Plaintiff admits that Caucasians were also required to work on topside. Alvarado Dep. p. 159.

## IV. Plaintiff's Claim of Discrimination in Promotions Fail as a Matter of Law.

Plaintiff cannot establish a failure to promote claim, because he never applied for any promotions. See Alvarado Dep. p. 29 (Plaintiff admits that there are no positions for which he sought a promotion that he did not receive.) In response to FedEx's statute of limitations argument, Plaintiff states that he subjectively believed he would have lost his current position if he had applied for another position and did not receive it. Pl's Opp. p. 20. This allegation does not satisfy the requirement that a plaintiff must have been denied a position to state a promotion claim. In any event, as this Court already ruled, Plaintiff's "subjective beliefs" regarding FedEx's promotion policy is insufficient to defeat summary judgment.

## V. Plaintiff Cannot Establish That He Was Disciplined Because of His Race.

Rather than addressing the merits of his discipline claim, Plaintiff asserts that the Court's recent certification of a class action makes summary judgment on the discipline claim improper. Pl.'s Opp. p. 27. Plaintiff fails to cite any case law to support his position that this Court should examine his alleged claims raised in another lawsuit. This Court has already stated that it cannot consider plaintiffs' citations to the complaint filed in Satchell v. FedEx as evidence of

differential treatment. Order Granting FedEx's Motion for Summary Judgment, p. 5. Whether Plaintiff has established a prima facie case of discriminatory discipline claim is limited to the facts raised in this lawsuit. The undisputed facts in this case demonstrate that Plaintiff was not subjected to an adverse employment action with respect to any discipline. Plaintiff has been employed with FedEx for over ten years and has received very few instances of discipline during his long tenure of employment. Plaintiff has not adduced any evidence that any discipline was issued because of discrimination.

## VI. Plaintiff's Retaliation Claim Fails As a Matter of Law.

### A. Plaintiff Cannot Establish That He Suffered an Adverse Employment Action.[2]

Plaintiff asserts that he suffered the following adverse employment actions: high risk assignments, negative job evaluations, deprivation of support services, going through hoops to get benefits, no reasonable lunch break, a change in schedule without notification, delayed and denied medical accommodations, and difficult and demanding work loads. Pl's Opp., p. 21. These incidents do not rise to the level of an adverse employment action as a matter of law.

First, Plaintiff's assignment to work the "top deck" or other perceived demanding work loads is not an adverse employment action, especially since his job duties require him to "load[] and unload[] aircraft, containers and company vehicles," to "operate mechanized ramp equipment as required to load and unload packages," and to "sort packages." Alvarado Dep. pp. 79-80, Ex. 2. Plaintiff is further required to "perform all other related duties as assigned." Alvarado Dep. pp. 79-80, Ex. 2. Plaintiff has not shown that this assignment altered the terms and conditions of his employment. Indeed, this Court has already rejected a contention that job

[2] Plaintiff refers in his opposition to the termination of his employment. Pl's Opp. p. 22. This is an error on Plaintiff's part because he is still employed by FedEx. Plaintiff is probably referring to another Plaintiff in this action whose employment was terminated. The case law relied upon by Plaintiff regarding terminations of employment is obviously inapposite.

assignments constitute discrimination. <u>See</u> Order Granting FedEx's Motion for Summary Judgment, pp. 19-20, 22-23,

Second, Plaintiff has not received any negative job evaluations. Plaintiff admits that he received a rating of 6.3 out of 7.0. Pl's Opp. p. 13. This is not a poor performance review. Plaintiff cannot show any adverse consequences from this performance review score. He has not received a reduction in pay or benefits, has not been denied a promotion, and has not been suspended or terminated. Plaintiff's subjective belief that this was not a good performance review is insufficient to create a genuine issue of material fact with respect to whether this was an adverse employment action.

Third, Plaintiff alleges a deprivation of support services, presumably his allegation that he did not have enough assistance with his routes. Even accepting this allegation as true for purposes of summary judgment, this simply does not rise to the level of an adverse employment action. Fourth, Plaintiff alleges that he had to go through "several hoops" to obtain benefits. FedEx is perplexed by this allegation because there are no factual statements in Plaintiff's opposition to support this assertion regarding benefits.

Finally, Plaintiff posits that he was denied a medical accommodation. Plaintiff does not support this allegation with any material facts. Plaintiff is still employed by FedEx as a full-time shuttle driver. Alvarado Dep. pp. 11-12. Plaintiff cannot explain how he has been denied any accommodation when he is still performing the job for which he was hired.

**B. Plaintiff Cannot Establish a Causal Link Between the Protected Activity and Any Adverse Employment Action.**

Plaintiff lists various examples of what he characterizes as "retaliatory acts" and asserts that they establish a <u>prima</u> <u>facie</u> case. Pl's Opp., p. 22. Even if there were an adverse employment action, Plaintiff has not presented any evidence of a causal link. First, Plaintiff

finds retaliation in Holstein's assignment of him to work the "top deck." Pl's Opp. p. 22. This argument founders on the undisputed facts. Plaintiff has not presented any evidence that Holstein was aware that Plaintiff had complained to a Human Resources Representative. Indeed, Plaintiff has presented a portion of Holstein's deposition testimony, but no testimony demonstrating that Holstein knew of Plaintiff's alleged complaint. This Court has already ruled that, in the absence of knowledge of the protected activity, a plaintiff cannot establish retaliation: "Viewing the evidence in the light most favorable to plaintiff, the Court can find no showing of that the hiring manager for the February 2004 courier position, Gary Meek, or Aaron Holstein knew about plaintiff's complaints." Order Granting FedEx's Motion for Summary Judgment, pp. 25-26. Even assuming that this "act" constitutes protected activity, Plaintiff cannot establish the necessary causal link. See Vasquez v. County of Los Angeles, 349 F.3d 634 (9th Cir. 2004); Raad v. Fairbanks N. Star Borough, 323 F.3d 1185, 1197 (9th Cir. 2003) (requiring proof that the particular principal who refused to hire plaintiff was aware of protected activity); Morgan v. The Regents of the Unv. Of Cal., 88 Cal. App. 4th 52, 105 Cal. Rptr. 2d 652 (Cal. App. 2000).[3]

Further, Plaintiff has not demonstrated that FedEx's legitimate, non-discriminatory reason for asking Plaintiff to assist with unloading freight was a pretext for retaliation. Plaintiff testified that he works only 45 minutes per day unloading freight. Alvarado Dep. pp. 65-70. Holstein advised Plaintiff that he needed Plaintiff's expertise in moving trucks out of the area. Alvarado Dep. p. 69. Plaintiff concedes that job assignments may be based on experience. Alvarado Dep. p. 74. Plaintiff is not aware of any policy in the Employee Handbook and The People Manual requiring employees with less seniority to perform the more demanding work. Alvarado Dep. pp. 171-173.

---

[3] Plaintiff refers to the continuing acts doctrine with regard to his retaliation claim. Pl.'s Opp., p. 23. As this Court has already ruled, the continuing violations doctrine does not apply to separate discrete acts.

Second, Plaintiff alleges that Craig Diggle "refused to allow him to load his truck at the necessary time, and critically delayed the Plaintiff's assistant, ultimately preventing Plaintiff from making his required deadlines" after Plaintiff requested a copy of a job description. Pl's Opp. p. 23. Plaintiff's mere request for a job description is not "protected activity." In any event, Plaintiff acknowledges that he received all of the information he requested from Diggle. Alvarado Dep. p. 81. Plaintiff has not adduced any evidence that Diggle took any action against Plaintiff because of Plaintiff's protected activity.

Third, Plaintiff alleges that Jovita Young gave him a low performance review score on May 4, 2004. Pl's Opp. p. 23. Young issued Plaintiff a performance review score of 6.3 out of 7.0. Pl's Opp. p. 13. Again, this is not a poor performance review score. Plaintiff's suggestion that this review affected his "ability to seek promotions" is completely unsupported by the record evidence. By his own admission, Plaintiff never sought a position that he did not receive. Plaintiff has not produced any evidence that a 6.3 score affected his ability to receive promotions. Further, Plaintiff has not presented any evidence that Young was aware that he had engaged in any protected activity. Moreover, Plaintiff alleges that he requested his personnel file, which is simply not protected activity.

Finally, Plaintiff contends that he filed complaints between December 1998 and November 1999 and received a documented counseling from Kenny Roberts in November 1999. Pl's Opp. p. 23.[4] Again, Plaintiff has not demonstrated that Roberts was aware that Plaintiff had engaged in any protected activity. Also, Plaintiff cannot demonstrate that the reason for this documented counseling is a pretext for retaliation. Plaintiff admits that he does not know if

---

[4] Plaintiff's retaliation claim based on the documented counseling in 1999 is time-barred under any of the controlling statutes of limitations.

Roberts issued this documented counseling because of discrimination. Alvarado Dep. p. 89. Plaintiff has not shown that Roberts had any retaliatory animus.

## VII. Plaintiff Cannot Establish a Claim for Age Discrimination.

Plaintiff asserts that he alleged a claim for age discrimination. Pl's Opp., pp. 23-24. A review of the complaint shows that Plaintiff did not assert a claim for age discrimination. See Complaint ¶¶ 284-323. Overall, the complaint is limited to claims for discrimination based on race, sex, gender, and wrongful termination. Plaintiff's argument on age discrimination should be ignored. See Hobson v. Raychem Corp. (1999) 73 Cal.App.4th 614, 629, overruled on other grounds, Colmenares v. Braemar Country Club, Inc. (2003) 29 Cal.4th 1019 (noting that "a party cannot successfully resist summary judgment on a theory which was not pleaded in the complaint.").

Even if Plaintiff had alleged an age discrimination claim, this claim fails as a matter of law. For a plaintiff to establish a prima facie case of age discrimination under a disparate treatment theory, he must show that he was: (1) a member of a protected class [age 40-70]; (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications. Palmer v. United States, 794 F.2d 534, 537 (9th Cir. 1986).

Plaintiff's employment has not been terminated; on the contrary, he is currently employed as a full-time shuttle driver. Even though Plaintiff is still employed, he bases an age discrimination claim on Meeks' alleged comment that he intended to get rid of "a lot of these old people here," when he became senior manager. Pl.'s Opp., p. 24. This is rank hearsay and should not even be considered by the Court. In any event, Meeks did not terminate Plaintiff's

employment. Nor has Plaintiff identified any adverse employment action to which he was subjected by Meeks or any other manager.

Additionally, Plaintiff bases an age discrimination claim on FedEx allegedly giving him tougher work assignments, tighter schedules and less assistance than other employees. Pl.'s Opp., p. 24.[5] Plaintiff presents absolutely no proof that any of this alleged conduct was done because of his age. Plaintiff has not identified any comparables or the ages of any comparables who were allegedly treated more favorably. Plaintiff offers only his speculation that he was subjected to age discrimination, which this Court noted is insufficient to avoid summary judgment: "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of material fact and defeat summary judgment." Order Granting FedEx's Motion for Summary Judgment, p. 4.

## VIII. Plaintiff Cannot Establish a Claim for Race Discrimination as to Assignments.

Plaintiff asserts that his race played a role in his assignment to work "top deck," to be given heavier routes, and to work long periods without a break. Pl.'s Opp., pp. 24-25. These are not adverse employment actions. Nevertheless, Plaintiff fails to offer any proof that his race played a role in any of these alleged assignments. In fact, his deposition testimony shows that race did not play a role in his work assignments. Plaintiff drives a larger truck than regular couriers, and admits that his routes and pickups are determined "by need." Alvarado Dep. pp. 24, 29-30. He admits that in his job as shuttle driver he picks up "bulk freight, stuff that would be too heavy or too numerous for a regular courier to be able to continue in a stop-and-go route." Alvarado Dep. p. 23. Plaintiff states, "if a courier runs into a situation where their regular pickup - - all of a sudden instead of six, seven, or eight medium-size boxes, they have 40 or 50 heavy,

[5] Plaintiff states that some of these incidents occurred in 1999 and 2000. Any allegations regarding discrimination in 1999 are barred by the applicable statute of limitations for the reasons discussed in FedEx's opening brief on pages 9-10.

big boxes, it will mess up their route because they can't work in their truck. My truck is a much bigger truck, open, and I can fit it in and them I'm called." Alvarado Dep. p. 30. Additionally, Plaintiff admits that his lunch and breaks are "all different," because he starts in the afternoon. Alvarado Dep. p. 57.

Plaintiff is not aware of any policy in the Employee Handbook or The People Manual that requires employees with less seniority to perform the more demanding work. Alvarado Dep. pp. 171-173. Accordingly, Plaintiff cannot establish a claim for race discrimination as to assignments.

## IX. Plaintiff Cannot Establish a Claim for Disability Discrimination.

Plaintiff asserts that he alleged a claim for disability discrimination based on his prostate condition. Pl's Opp., p. 25. A review of the complaint shows that Plaintiff did not assert a claim for disability discrimination. See Complaint ¶¶ 284-323. Overall the complaint is limited to claims for discrimination based on race, sex, gender, and wrongful termination. Thus, Plaintiff's argument on disability discrimination should be ignored and stricken from the response. See Hobson, 73 Cal.App.4th at 629 (noting that "a party cannot successfully resist summary judgment on a theory which was not pleaded in the complaint").

Even if Plaintiff had alleged a disability discrimination claim, it fails as a matter of law. In order to establish a prima facie of disability discrimination, Plaintiff must show that: (1) he suffers from a disability, (2) he is qualified for the position he holds or seeks, and (3) he suffered an adverse employment action because of his disability. Jensen v. Wells Fargo Bank (2000) 85 Cal.App.4th 245, 254; Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1353 (9th Cir. 1996).

Plaintiff cannot establish a prima facie case, because he cannot prove that he suffers from a disability within the meaning of the FEHA or that he suffered an adverse employment action.[6]

### A. Plaintiff Cannot Establish That He Is Disabled Within the Meaning of the ADA.

Under both FEHA and the ADA, a qualifying disability is defined as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such impairment; or
> (C) being regarded as having such an impairment.

Cal. Gov't Code § 12926(k); 42 U.S.C. § 12102(2). Interpreting this statutory language, the U.S. Supreme Court stated, "Merely having an impairment does not make one disabled for purposes of the ADA." Toyota Motor Mfg., KY, Inc. v. Williams, 534 U.S. 184, 195 (2002). Instead, a plaintiff must establish that the impairment "substantially limits" a "major life activity." In Toyota, the Court explained that the term "major life activity" refers to "those activities that are of central importance to daily life." Toyota, 534 U.S. at 197. As the Court stated, "[t]he word 'substantial' thus clearly precludes impairments that interfere in only a minor way with the performance of manual tasks from qualifying as disabilities. Id. at 197. Rather, the impairment must "prevent[] or severely restrict[]" the individual from performing a major life activity. Id. at 198. The Court also admonished that these terms must be strictly construed "to create a demanding standard for qualifying as disabled" under the ADA. Id. at 197 (emphasis added).

---

[6] Because the FEHA provisions relating to disability discrimination are based on the ADA, decisions interpreting federal anti-discrimination laws are relevant in interpreting the FEHA's similar provisions. Thus, they are analyzed together. See Humphrey v. Memorial Hosps. Ass'n, 239 F.3d 1128, 1133 n.6 (9th Cir. 2001). See also Brundage v. County of Los Angeles Office of the Assessor, 57 Cal. App. 4th 228, 235 (1997) (state and federal law analyze disability discrimination under the same framework).

As the ADA "is not operative . . . unless the impairment affects a major life activity," Bragdon v. Abbott, 524 U.S. 624, 637 (1998), the question is: Does Plaintiff's condition substantially limit one or more of his major life activities? Under EEOC regulations, "substantially limits" means, *inter alia*, "[u]nable to perform a major life activity that the average person in the general population can perform;" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j). "Major life activity" means "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Here, the activity at issue is "working."

### 1. Plaintiff Is Not Substantially Limited in the Major Life Activity of Working.

Plaintiff is not substantially limited in the major life activity of working, because he is not excluded from a broad range of jobs. Thus, he is not disabled:

> The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i); Sutton, 527 U.S. at 491. The courts have determined that the inability to work in the job of one's choice does not qualify as a substantial impairment on the major life activity of work. In Ditullio v. Village of Massena, 81 F. Supp. 2d 397, 407 (N.D. N.Y. 2000), the court found that the plaintiff was not substantially limited in the major life activity of working because the inability to perform a single job does not amount to a substantial

limitation in the major life activity of working. The court noted that the fact the plaintiff continued to be employed as a police officer by the defendant undermined his allegation that he was substantially limited in his ability to work. Id.

Likewise, Plaintiff here is not limited in the major life activity of working because he is still employed by FedEx as a full-time shuttle driver. Plaintiff does not even claim that he is unable to perform a single job—driving—much less a broad range of jobs. When a plaintiff can perform a broad range of jobs, he is not "disabled" from the major life activity of working. Sutton, 527 U.S. at 491. Accordingly, Plaintiff is not disabled within the meaning of the FEHA.

**X. Plaintiff Cannot Establish a Claim for Failure to Accommodate.**

Plaintiff asserts that he alleged a claim for failure to accommodate under FEHA. Pl's Opp., pp. 26-27. A review of the complaint shows that Plaintiff did not assert a claim for failure to accommodate. See Complaint ¶¶ 284-323. Overall the complaint is limited to claims for discrimination based on race, sex, gender, and wrongful termination. Thus, Plaintiff's argument on failure to accommodate should be ignored and stricken from the response. See Hobson, 73 Cal.App.4th at 629 (noting that "a party cannot successfully resist summary judgment on a theory which was not pleaded in the complaint").

Even if Plaintiff had alleged a claim for failure to accommodate, it fails as a matter of law. In order to establish a prima facie case of failure to accommodate, Plaintiff must provide proof of: (1) a disability covered by the FEHA, and (2) the employer's failure to reasonably accommodate the plaintiff's disability. If a plaintiff cannot show he is a qualified individual with a disability, a defendant is entitled to summary judgment on the failure to accommodate claim. Allen v. Pacific Bell, SBC Communications, 212 F. Supp. 2d 1180, 1192 (C.D. Cal. 2002). An important element of such a claim is that the employee must request reasonable accommodation

for the disability. Prilliman v. United Air Lines, Inc., 53 Cal.App.4th 935, 954 (1997). As discussed above, Plaintiff cannot establish that he has a disability covered by the FEHA. Thus, FedEx is entitled to summary judgment on this claim. Allen, 212 F. Supp. 2d at 1192.

Even if Plaintiff could establish that he has a covered disability, he cannot show that he made a reasonable request for an accommodation for a disability. See Stephenson v. United Air Lines, Inc., No. C-97-4476 VRW, 2002 U.S. Dist. LEXIS 6937, at *23-24 (N.D. Cal. Apr. 17, 2002) (dismissing the employee's claims on summary judgment because the employee did not make a good faith attempt to engage in the interactive process for providing accommodations with his employer and testified that he could perform his job well). Plaintiff presents only a handwritten letter in which he wrote that Gary Meeks changed his truck and that it was "very hard" on Plaintiff. McCoy Decl. Ex. P. The letter states that, "I told him driving a truck w/o an air assisted seat would hurt me inside due to my enlarged prostate condition." While this letter informed FedEx Plaintiff had a prostrate condition, it did not inform them that he had a "disability," for which he needed accommodation. Further, Plaintiff never provided any medical documentation regarding any restrictions connected with his prostate condition. Accordingly, Plaintiff cannot establish a claim of failure to accommodate.

## XI. Plaintiff Failed to Offer Sufficient Justification for the Relief Sought Under Fed. R. Civ. P. 56(f).

The Court has already denied Plaintiffs' request for Rule 56(f) relief on the basis that the "plaintiff here has not met his burden of establishing what documents he has not received that are 'essential' to his opposition." See Order Granting FedEx's Motion for Summary Judgment, p. 20. The Court also noted that FedEx's motion for summary judgment was filed and briefed after the discovery disputes had been resolved. Id. These same holdings apply to Plaintiff here.

## CONCLUSION

Based upon the foregoing, the Court should grant FedEx's motion for summary judgment and should dismiss Plaintiff's claims with prejudice.

DATED: October 17, 2005.

FEDERAL EXPRESS CORPORATION

By: ____________________
Frederick L. Douglas
Senior Counsel
Federal Express Corporation

Doc. No. 577470