Apple Inc. v. Psystar Corporation Doc. 3797

**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

November 14, 2005

**Via E-Filing, Email, and Hand Delivery**

The Honorable Susan Illston
United States District Court
for the Northern District of California
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

**RE:** ***Larry Bowoto, et al., v. ChevronTexaco Corporation***
**Case No. C-99-2506 SI**
**Reply Letter Brief re November 10, 2005, Order**

Dear Judge Illston:

This letter brief is in response to the letter brief of Robert A. Mittelstaedt of November 11, 2005, concerning this Court's November 10, 2005, minute order. Plaintiffs will oppose any attempt by defendants to expand the scope of the permissible questions to Robinson Uroupa beyond what was contemplated by the Court's order.

In the November 9, 2005, case management conference, Mr. Mittelstaedt represented that, because plaintiff John Ikenyan had stated that Mr. Uroupa had forged Obele Ignoni's verification, defense counsel should be entitled to follow up at Mr. Uroupa's upcoming deposition and confirm whether Mr. Ikenyan's statements were true. This Court allowed defense counsel to do so, subject to the limitations that such questions had not been asked previously and that only 10 minutes be allowed for such questions.

Pursuant to this Court's order, plaintiffs believe that defense counsel should be entitled to ask Mr. Uroupa whether the substance of Mr. Ikenyan's interrogatory responses is true. Mr. Ikenyan gave the following response to defendants' Interrogatory No. 154:

> [Obele Ignoni] told me he had talked to Robinson after his deposition and Robinson had said that Robinson had signed the document in Obele's name. When I returned to Port Harcourt, I asked Robinson if he had signed a document in Obele's name. Robinson said that he had and that he had told Obele he had done so some months before. Obele did not say to me that Robinson had actually told him about the document before the deposition. I do not know if Robinson really told Obele about the document before the deposition.

Following up on such testimony, plaintiffs believe that defendants are entitled to ask a limited set questions such as the following:



Dockets.Justia.com

> Did you sign the verification in Obele Ignoni's name?
>
> Did you tell John Ikenyan that you signed the verification in Obele Ignoni's name?
>
> Did you tell Obele Ignoni that you signed the verification in his name?
>
> Did you tell Obele Ignoni that you signed the verification in his name after his deposition?
>
> Did you tell Obele Ignoni that you signed the verification in his name several months before the deposition?

Mr. Uroupa has not been asked these precise questions before, and under the Court's order, defendants are entitled to ask them.

Defendants are not, however, limiting their proposed questions to what Mr. Ikenyan stated in his interrogatory responses. Instead, they propose to reopen questions to which this Court has already sustained plaintiffs' objections, such as "Did you ever talk with Obele about whether someone forged his name on Exhibit 808, the verification?" The Court sustained plaintiffs' objections to these questions on the ground of attorney-client privilege based on a showing by plaintiffs that at least some such conversations occurred in the presence of counsel or were undertaken at the direction of counsel. The Court should not revisit these rulings. Mr. Ikenyan's interrogatory responses suggest that there were some conversations that Mr. Uroupa had that were not conducted in the presence of or at the direction of counsel, but they do not establish that all such conversations were.

Defendants' broad questions about all such conversations, even those conducted at the direction of counsel, are not justified by Mr. Ikenyan's responses.

Mr. Ikenyan's interrogatory responses were the only basis for defense counsel's application to reopen this topic, and so their questions should be confined to exploring the truth of the statements made by Mr. Ikenyan. Even if this Court permits them to go beyond the boundaries of Mr. Ikenyan's responses, there is no basis for asking about any conversations that occurred within the presence of, or at the direction of, plaintiffs' counsel. Contrary to defense counsel's assertions that plaintiffs have waived any privilege attaching to such conversations, the conversations included in Mr. Ikenyan's response were those that were not carried out at the direction of, or in the presence of, counsel. Mr. Ikenyan did not testify about any privileged conversations, and plaintiffs continue to assert attorney-client, work product, and joint prosecution privileges for such conversations.

Finally, plaintiffs wish to reiterate that it is entirely possible that Mr. Uroupa will invoke his right against self-incrimination as to this entire line of questioning. Defendants are aware of this

possibility, and if it occurs defendants should not be able to use it as an argument for yet more discovery on this topic.

Respectfully submitted,

Cindy A. Cohn

cc: Robert Mittelstaedt