LINDA WENDELL HSU (SBN 162971)
JAMES R. TENERO (SBN 201023)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099
E-Mail: Lhsu@Selmanbreitman.com
E-Mail: Jtenero@Selmanbreitman.com

Attorneys for Defendant
STEADFAST INSURANCE COMPANY

Selman Breitman LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES E. ROBERTS-OBAYASHI CORPORATION, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEADFAST INSURANCE COMPANY, a corporation, and DOES 1 through 5, inclusive,<br><br>Defendants. | CASE NO. C 05 02079 MJJ<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date : November 29, 2005<br>Time : 2:00 p.m.<br>Judge: Hon. Martin J. Jenkins<br>Dept.: Ctrm. 11, 19th Floor |

Apple Inc. v. Psystar Corporation
Doc. 3801

The parties to the above-entitled action jointly submit this Subsequent Case Management Statement and Proposed Order.

**DESCRIPTION OF THE CASE**

1. **A brief description of the events underlying the action:** On or about December 23, 1996, plaintiff James E. Roberts-Obayashi Corporation ("Roberts-Obayashi"), a general contractor, and Old Oakland Housing Development Corporation ("Old Oakland"), an owner of property, allegedly entered into a written contract to construct a 98-unit condominium residential project

called Old Town Square in Oakland, California. The contract allegedly required Roberts-Obayashi to obtain liability insurance and to make Old Oakland as well as its agent, Keating Housing Initiatives, Inc. ("Keating"), additional insureds on its liability policy.

Construction of Old Town Square was completed in our about September 1998. On March 4, 1999 Roberts-Obayashi initiated a lawsuit in Alameda County Superior Court Case No. 809638-6 against Old Oakland for breach of contract, common counts, and foreclosure of mechanic's lien, claiming that Old Oakland failed to pay Roberts-Obayashi the final payment owing under the contract in the amount of $1,964,031.00 ("the Contract Action"). Old Oakland filed a cross-complaint against Roberts-Obayashi in the Contract Action for breach of contract, declaratory relief, and action on performance bond. The Contract Action was allegedly settled on October 27, 2000.

In the meantime, Old Oakland had sold individual units of Old Town Square to members of the public and conveyed its interests in the common areas to the Old Town Square I Owners Association ("the Homeowners Association"). On or about September 7. 2001, the Homeowners Association served a Notice to Builder on Roberts-Obayashi identifying various alleged construction defects. On May 3, 2002, the Homeowners Association filed a Complaint For Damages And Restitution (Construction Defects) against Old Oakland, Keating, and Roberts-Obayashi in Alameda Superior Court, Case No. 2002-049780 ("the Construction Defect Action").

Defendant Steadfast Insurance Company ("Steadfast") had

Selman Breitman LLP
ATTORNEYS AT LAW

issued policy number SCG 3779568-00 to Roberts-Obayashi effective August 31, 2000 to August 31, 2001. Steadfast renewed that policy through August 31, 2002.

On February 5, 2002, Old Oakland and Keating tendered the defense of the Construction Defect Action to Steadfast. On June 5, 2002, Roberts-Obayashi tendered the Construction Defect Action to Steadfast. After conducting an investigation, on December 24, 2002, Steadfast denied coverage for the Construction Defect Action. The denial was based on the Continuing Claim Exclusion in the Steadfast policies, which provides as follows:

> This policy does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of any claim against the insured which is alleged to be continuing in nature if the damage or any of it was known prior to the effective date of this policy. This exclusion will apply whether or not the cause of the damage was known prior to the effective date of this policy. In no event will this policy apply to any lawsuit against the insured if the filing date of the original complaint was prior to the effective date of this policy, whether or not the insured was a party, and whether or not the insured was served with process prior to the effective date of this policy.
>
> Claim, as used in this endorsement, means any demand for money, services or any suit.

This litigation follows.

Selman Breitman LLP
ATTORNEYS AT LAW

2. **The principal factual issues which the parties dispute:**

Steadfast has not yet filed an answer. Thus, Roberts-Obayashi does not yet know what, if any, affirmative allegations and defenses will be asserted by Steadfast. Roberts-Obayashi does dispute that there were no defects giving rise to coverage that were discovered in either and/or both of the Steadfast policy periods.

Steadfast disputes the following factual issues of which it is aware to date:

- That no one knew about the damage alleged in the Construction Defect Action until after the first Steadfast policy was issued.
- That the Contract Action was actually settled on October 27, 2000.
- That Old Oakland and Keating tendered the defense of the Construction Defect Action to Steadfast in or about September 2001; or that on October 22, 2001, Steadfast denied any such tender.
- That Steadfast ever assigned the defense of Roberts-Obayashi in the Construction Defect Action to the law firm of Dale, Braden & Hinchcliffe (or anyone else).
- That Steadfast ever stated it would assume the defense of Old Oakland and Keating after the Self Insured Retentions ("SIR") in its policies were paid.
- That Steadfast denied coverage on the basis of a settlement of the Construction Defect Action in June 2000.
- That Steadfast failed to investigate the tenders of

Selman Breitman LLP
ATTORNEYS AT LAW

defense and indemnity.

3. **The principal legal issues which the parties dispute:**

The parties' main legal dispute is whether the Continuing Claim Exclusion in the Steadfast policies applies to preclude coverage for the Construction Defect Action.

Steadfast also disputes that Roberts-Obayashi is the real party in interest in this case, and has filed two (2) Rule 12(b)(6) motions to dismiss the breach of contract and declaratory relief causes of action on that basis. This Court granted both motions on with leave to amend.

4. **The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:** None at this time.

5. **The parties which have not been served and the reason:** None.

6. **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:** Roberts-Obayashi may join Old Oakland and Keating pursuant to the Court's order on Steadfast's motion to dismiss, as described above.

7. **The following parties consent to assignment of this case to a United States Magistrate Judge for trial:** Steadfast previously consented to Magistrate Larson; Roberts-Obayashi objected. Roberts-Obayashi has requested a jury trial.

**ALTERNATIVE DISPUTE RESOLUTION**

8. The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is: By

way of background, trial in the Construction Defect Action was set to commence on October 24, 2005 before the Honorable Julia Spain in Department 521 of the Hayward Branch of the Alameda County Superior Court. However, Judge Spain has continued that trial until about February 2006. In the meantime, Judge Spain plans to hold a week-long settlement conference, but the dates for that conference have not yet been set.

Roberts-Obayashi and Steadfast are currently involved in informal settlement discussions. If those discussions are not successful, it is Roberts-Obayashi's and Steadfast's view that the most effective short-term ADR would be Steadfast's participation in the settlement conference in the Construction Defect Action. Long-term, Roberts-Obayashi and Steadfast are willing to agree to mediation and would agree to Randall Wulff as mediator.

9. **Please indicate any other information regarding ADR process or deadline:** None.

**DISCLOSURES**

10. **The parties certify that they have made the following disclosures:**

A. **Persons:**

(1) Theresa Adams, former employee of Steadfast.

(2) John Banister, Esq., counsel for Old Oakland and Keating in the Contract Litigation.

(3) Doug Kaufman, employee of Steadfast.

(4) Jax Kneppers, homeowner's association's expert.

(5) Mike Newfield, employee of West Coast Casualty, Roberts-Obayashi's third party administrator.

Selman Breitman LLP
ATTORNEYS AT LAW

(6) James Orellana, employee of Roberts-Obayashi.

(7) Larry Smith, employee of Roberts-Obayashi.

(8) Michael Velladao, Esq. and Margret Parke, Esq. of Sedgwick, Detert, Moran & Arnold, who represented Steadfast to respond to a subpoena issued by Old Oakland and Keating during the tender of the Construction Defect Litigation.

(9) Cameron Ward, Esq. of Dale, Braden & Hincliffe, counsel for Keating in the Construction Defect Litigation.

(10) Tim Winchester, Esq., current counsel for Roberts-Obayashi.

(11) William Zerkle, employee of Cambridge Integrated Services Group, Inc. a the third party administrator for Roberts-Obayashi.

**B. Documents:**

- Construction contract between Roberts-Obayashi, Old Oakland and Keating (Steadfast has a copy);
- All documents relating to the Contract Action (to be produced by Roberts-Obayashi);
- The Calderon notice in the Construction Defect Action (to be produced by Roberts-Obayashi);
- All expert reports generated pertaining to the subject project (to be produced by Roberts-Obayashi);
- Attorney's fees incurred by Old Oakland and Keating in the Construction Defect Action (to be produced by Roberts-Obayashi);
- The Steadfast policies (Roberts-Obayashi has copies);
- The relevant, non-privileged portions of Steadfast's

Selman Breitman LLP
ATTORNEYS AT LAW

claims file for the Calderon action and subsequent Construction Defect Action complaint (to be produced by Steadfast).

C. **Damage Computations:**

Roberts-Obayashi's demand to settle the bad faith litigation as of September 30, 2005 is as follows:

| | |
|---|---|
| Attorneys' fees paid to Dale, Braden firm to defend Keating in the Construction Defect Litigation | $87,381.63 ($112,381.63 less $25,000 SIR) |
| Amount awarded to Old Oakland in the Contract Action for defending the *Calderon* notice and pursuing tender of defense | $25,209,35 |
| Amount expended by Roberts-Obayashi opposing Old Oakland's motion for attorneys' fees in the Contract Action | $10,715.60 |
| *Brandt* fees | $49,990.03 |
| **Total** | **$173,296.61** |

D. **Insurance Agreements:**

The insurance agreements are the relevant Steadfast policies identified above.

**DISCOVERY**

11. **The parties agree to the following discovery plan:** The parties agree to limit the number of interrogatories to 25 per party, and to limit the number of depositions to 10 per party,

Selman Breitman LLP
ATTORNEYS AT LAW

unless a court order is obtained allowing for additional interrogatories or depositions.

There will be no limit on the number of document requests, requests for admissions, or subpoenas to third parties, although the parties reserve the right to file protective orders with the Court as necessary.

The parties agree to disclose their expert witnesses pursuant to FRCP 26(a)(2) 90 days before trial. Rebuttal experts, if any, will be disclosed 30 days thereafter.

All discovery will be completed 30 days before trial.

**TRIAL SCHEDULE**

12. **The parties request a trial date as follows:** The parties request a trial date in early July 2006.

13. **The parties expect that the trial will last for the following number of days:** 7-10.

DATED: November 11, 2005 McINERNEY & DILLON

By: [signature]
TIMOTHY F. WINCHESTER (SBN 54826)
Attorneys for Plaintiff
JAMES E. ROBERTS-OBAYASHI CORPORATION

DATED: November 14, 2005 SELMAN BREITMAN LLP

By: [signature]
LINDA WENDELL HSU (SBN 162971)
JAMES R. TENERO (SBN 201023)
Attorneys for Defendant
STEADFAST INSURANCE COMPANY

Selman Breitman LLP
ATTORNEYS AT LAW

## CASE MANAGEMENT ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:**

A. The Court agrees with the parties' proposal regarding ADR.

B. No further Case Management Conference is anticipated at this time.

C. No supplemental disclosures are contemplated at this time.

D. No specially set motions at this time.

E. The Court accepts the parties' limitations on disclosure and discovery as set forth above.

F. Experts will be disclosed 90 days before trial. Any rebuttal experts will be disclosed 30 days thereafter.

G. Deadline for completing fact and expert discovery is 30 days before trial.

H. Deadline for parties to meet and confer regarding pre-trial submissions is 30 days before trial.

I. Deadline for hearing motions directed to the merits of the case is 45 days before trial.

J. Deadline for submission of pre-trial material is 14 days before trial.

K. Date and time for pretrial conference is 14 days before trial.

L. Date and time for trial is July __, 2006 at __

a.m./p.m.

DATED: November 14, 2005

By: ______________________________
UNITED STATES DISTRICT JUDGE

Selman Breitman LLP
ATTORNEYS AT LAW