Apple Inc. v. Psystar Corporation Doc. 3818

JAQUELYNN POPE SBN 78600
WARSHAW & POPE
934 Hermosa Ave., Suite 14
Hermosa Beach, CA 90254
Tel. (310) 379-3410
Fax (310) 376-6817

KEITH FROMM, SBN 73529
914 Westwood Blvd., Suite 500
Los Angeles, CA 90024
Tel. (310) 556-0202
Fax (310) 476-6318

Attorneys for Plaintiff, North Pacifica LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH PACIFICA LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PACIFICA, et al.<br><br>Defendant | Case No.: C 01 4823 EMC<br><br>NORTH PACIFICA'S REQUEST THAT THIS COURT *SUA SPONTE* LIFT PROTECTIVE ORDER AS TO CITY0305 AND ORDER DOCUMENT UNSEALED.<br><br>Date: December 14, 2005<br>Time: 10:30 a.m.<br>Courtroom: C (Hon. Edward M. Chen) |

## INTRODUCTION

In its December 9, 2005 Reply in Support of its Motion for Sanctions, the Commission acknowledged that it was withdrawing its December 1, 2005 objection to North Pacifica's November 22, 2005 letter, which it had previously claimed violated this Court's February 4, 2005 protective order. The Commission stated that, since it had already submitted the November 22, 2005 letter as part of its sanctions motion herein, and since "its disclosure is less substantial", the Commission would therefore (finally) put the November 22, 2005 letter in the



Dockets.Justia.com

administrative record.

In fact, however, the disclosures in the November 22, 2005 letter, which the Commission itself filed in the public record, are virtually identical to and every bit as substantial as the "disclosures" in Briefs Number Three and Brief Number Four, as well as NP's Opposition to the Commission's Motion for Sanctions, which the Commission now seeks to have ordered under seal. Either, as NP contends, all of the "disclosures" do not violate the February 4, 2005 protective order, or, conversely, if the Commission is correct, all of them violate the February 4, 2005 protective order. In the latter event, the Commission itself has disclosed the protected content and has waived confidentiality.

Accordingly, plaintiff herein, requests that this Court issue an order *sua sponte* lifting its February 4, 2005 protective order as to the January 22, 2004 e-mail that was written by the attorney for the California Coastal Commission, Joel Jacobs, to an attorney for the City of Pacifica, Natalie West. NP requests that the Court order the e-mail, which is Bates stamped CITY0305, unsealed. The bases for NP's request are:

1. The Commission has waived any protection for the January 22, 2005 e-mail by disclosing its content in documents filed in the public record herein;

2. There is no basis to protect the e-mail, since its content was always intended to be disclosed publicly in Court;

3. The public's right to disclosure outweighs any claim to protection for this document.

1. THIS COURT HAS DISCRETION TO *SUA SPONTE* ORDER THE JANUARY 22, 2004 E-MAIL TO BE UNSEALED.

> It is undisputed that a district court retains the power to modify or lift protective orders that it has entered." In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir.), cert. denied, 484 U.S. 953, 98 L. Ed. 2d 370, 108 S. Ct. 344 (1987). The First Circuit has observed that HN12[A] protective order, like any ongoing injunction, is always subject

> <u>to the inherent power of the district court to relax or terminate the order, even after judgment</u>.
>
> This retained power in the court to alter its own ongoing directives provides a safety valve for public interest concerns, changed circumstances or any other basis that may reasonably be offered for later adjustment. Poliquin v. Garden Way, Inc., 989 F.2d 527, 535 (1st Cir. 1993) (citation omitted).

*Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004)

> <u>The law is clear that it is within the Court's discretion, sua sponte, to unseal the record</u>. See In re Cendant, 260 F.3d at 192. It is also beyond question that this Court retains the power to modify or lift seal orders that it has previously granted. Pansy, 23 F.3d at 784-85. Furthermore, because there exists an antecedent, extremely broad, right of access to judicial records and proceedings promoting "a pervasive common law right 'to inspect and copy public records and documents, including judicial records and documents," In re Cendant, 260 F.3d at 192, this Court intends to order the unsealing of the record.

*Zurich Am. Ins. Co. v. Rite Aid Corp., 345 F. Supp. 2d 497, 506-507 (D. Pa. 2004)* [Emphasis added.]

Here, NP seeks to have the protective order modified to exclude CITY0305 and unseal CITY0305 on the basis that circumstances have changed, in that the Commission itself has disclosed the content of the January 22, 2004 e-mail, and, even if it had not, NP does not believe that this Court intended to preclude the e-mail from being presented to the Commission itself, and/or used as evidence as to the issue of the Commission’s ability to act as an unbiased adjudicator. Further, although the January 22, 2004 e-mail was included in the February 4, 2005 protective order, the e-mail itself was never intended to remain confidential as the content was intended to be disclosed publicly to this Court as a defense to the City’s liability for damages. Since it was never intended to remain confidential, the public’s common law right of inspection should out-balance the right of the Commission to keep the document protected.

Moreover, _the Commission's own charter documents_, i.e. the Coastal Act of the Public Resources Code, declare there is a strong public policy in ensuring that all of the Commission's duties, responsibilities and quasi-judicial actions be conducted in an ***open***, objective and ***impartial*** manner, free of bias and abuse of authority. Clearly, by the terms of its own charter, any actions of or communications from the Commission itself that tend to show that the Commission's duties, responsibilities or quasi-judicial actions are not being conducted in an impartial manner _must be open to the public_ to be subjected to public scrutiny and possible judicial review:

> Public Resources Code §30320. (a) The people of California find and declare that the duties, responsibilities, and quasi-judicial actions of the commission are sensitive and extremely important for the well-being of current and future generations and that the public interest and *principles of fundamental fairness and due process of law* require that the commission conduct its affairs in an ***open***, objective, and ***impartial*** manner free of undue influence and the abuse of power and authority...

2. THE COMMISSION HAS WAIVED THE RIGHT TO HAVE THE E-MAIL SEALED BY PUBLICLY DISCLOSING ITS CONTENT.

The Coastal Commission has brought a Motion for Sanctions against NP in which it asserts that NP has violated this Court's February 4, 2005 protective order by NP's submitting to the Commission NP's Brief Three which includes as Exhibit "G" the January 22, 2004 e-mail that was written by the Commission's attorney, Joel Jacobs, on behalf of the Commission to an attorney for the City of Pacifica, Natalie West. The Commission also argues in its Motion for Sanctions that NP has violated the protective order by disclosing the "content" of the January 22, 2004 e-mail in NP's Brief Number Four, which NP also attempted to submit to the Commission for review by the Commissioners in preparation for the forthcoming 13569 hearing. Based on these arguments, the Commission's staff has refused to place either Brief Number Three or Brief Number Four in the administrative record or to permit them to be viewed by the Commissioners.

The Commission has also requested that this Court order to be sealed NP's December 7, 2005 Opposition to the Commission's Motion for Sanctions on the grounds that the Opposition also discloses the "content" of the January 22, 2004 e-mail.

However, the Commission itself has disclosed the content of the January 22, 2004 e-mail by appending, to the Commission's Motion for Sanctions, NP's November 22, 2005 letter to Joel Jacobs. That letter contains four discussions of the "content" of the January 22, 2004 e-mail:

1. "The e-mail concerns the likelihood that the Commission will find NP's permit to be appealable in the upcoming regulation 13569 hearing." (November 22, 2005 letter, p.2, emphasis added)

2. "Secondly, your action in predicting the outcome of the regulation 13569 hearing necessarily gives the impression that the Commission is biased…" (November 22, 2005 letter, p.5, emphasis added.)

3. Your position that NP cannot present the Commission's own e-mail, essentially a "smoking gun" as to the predetermined nature of its decision in a 13569 hearing, as evidence of the Commission's bias…" (November 22, 2005 letter, p. 8.)

4. "Here, it is undeniable that the Commission's own authorized attorney has already announced what the probable outcome of the 13569 hearing would be and encouraged another party, the City, to announce that probable outcome, in open court, to a federal judge." (November 22, 2005 letter, p. 9, emphasis added.)

The Commission has sought sanctions against NP for NP's Brief Number Four because it contends that:

> NP submitted another brief containing privileged material on November 22. That brief, "Brief No. 4", discusses the contents of CITY0305, the same privileged e-mail that was improperly attached to Brief No. 3.

Commission Motion for Sanctions, p.4:2-5.

However, a review of Brief Number Four makes it clear that the sentence in question, in Brief Number Four, is almost identical to the above statements in the November 22, 2005 letter. (Brief Number Four, p.3:17-19.) Thus the Commission itself has made virtually the same disclosure of content that it argues is an impermissible discussion in NP's Brief Number Four.

Further, in its Brief Number Three, NP actually quoted to the Commission some of the language from the January 22, 2004 e-mail, because NP did not believe that quoting language to the Commission, itself, from its *own* e-mail violated the February 4, 2005 protective order. (Brief Number Three, submitted for *in camera* review, at page 10:3-6.) Again, the quoted language in Brief Number Three is virtually identical to the language in the November 22, 2005 letter that is set forth above. Since that language has been disclosed by the Commission to the public as part of the November 22, 2005 letter, there is no basis to continue the protective order as to the January 22, 2004 e-mail, or to keep that e-mail under seal.

3. THE BURDEN REMAINS ON THE COMMISSION TO JUSTIFY A CONTINUED PROTECTIVE ORDER

During the pendency of a protective order, the burden remains on the party who sought the protective order, the Commission, to establish that that the confidentiality of the document is rationally entitled to continued protection:

> Moreover, a considerable amount of information concerning details of Ms. Kaplan's employment agreement, her compensation and the Rite Aid corporate scandal already has been disseminated in the public domain. The burden of rationalizing the confidentiality of

> each document sought to be sealed **remained** with Ms. Kaplan.
> See Pansy, 23 F.3d at 786. Therefore, because Ms. Kaplan has not presented this Court with a persuasive argument based on the legal standards set forth above, other than the federal tax returns of Bruce Sholk and Beth Kaplan, Joint Exhibits 134 to 137, the docket and entire record shall be unsealed.

*Zurich Am. Ins. Co. v. Rite Aid Corp.*, supra, p.p. 506-607.

Here, the Commission cannot sustain the burden of rationalizing the confidentiality of the January 22, 2004 e-mail because the Commission itself has made the content public.

4. THE CONTENT OF THE JANUARY 22, 2004 E-MAIL WAS NEVER INTENDED TO REMAIN CONFIDENTIAL.

The Commission further cannot sustain its burden of rationalizing the confidentiality of the January 22, 2004 e-mail because its contents were clearly not intended to remain confidential in the first place. Although the Court included the e-mail in the protective order along with the other documents for which the Commission asserted the Common Interest privilege, a review of the e-mail makes it clear that Jacobs intended for West to disclose to the Judge the likely outcome of the regulation 13569 hearing. That was the purpose of the disclosure. Since the information that has been disclosed in the November 22, 2005 letter, and in Briefs Number Three and Four was *never intended to remain confidential*, this Court should modify its protective order to exclude CITY 0305, and unseal the document.

5. THE COURT DID NOT INTEND TO BAR USE OF THE E-MAIL IN AN ADMINISTRATIVE PROCEEDING IN WHICH THE COMMISSION IS ACTING AS ADJUDICATOR

Finally, even if this Court does not find that the Commission has waived any confidentiality as to the January 22, 2004 e-mail by submitting the November 22, 2005 letter as part of the public record, and even if the Court does not find that the e-mail was never intended to remain confidential, NP does not believe that the Court intended to immunize the Commission from accountability for bias. NP therefore asks that this Court at least modify its

protective order to allow NP to submit the January 22, 2004 e-mail (and, thereby, without dispute, its Briefs 3 and 4) to the Commission as evidence of the Commission's own bias and as part of the administrative record in the Commission's scheduled 13569 hearing, so that the Commission, itself, as adjudicator in those quasi-judicial proceedings, may rule upon the evidentiary admissibility of that document and whether or not its placement in the administrative record should be under seal or otherwise, and, more importantly, so that a subsequent state court on writ proceedings may review both the Commission's evidentiary rulings and North Pacifica's claim that the January 22, 2004 e-mail and North Pacifica's Briefs 3 and 4, and accompanying evidence and legal authorities, establish bias on the part of the Commission.

Dated: December 11, 2005

Respectfully submitted,



JAQUELYNN POPE

Attorney for Plaintiff, North Pacifica LLC