Apple Inc. v. Psystar Corporation Doc. 4063

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 17, 2006

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

By Hand Delivery

The Honorable Martin Jenkins
Judge, U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *TheraSense, Inc. and Abbott Laboratories v. Becton Dickinson and Co. and related cases*; Case Nos. C04-2123 MJJ/BZ; C04-3327 MJJ/BZ; C04-3732 MJJ/BZ, United States District Court, Northern District of California ("*BD/Nova*" cases).

*Abbott Diabetes Care Inc., et al. v. Roche Diagnostics Corp., et al*; in the Case No. 05-3117 MJJ, United States District Court, Northern District of California ("*Roche/Bayer*" case).

Dear Judge Jenkins:

I write on behalf of all parties to the above-referenced cases. We are in receipt of the Court's order of March 16 regarding the number of claim terms to be construed and are writing to request a telephone conference with the Court to ask for some clarification on the order and to set the schedule for *Markman*-related proceedings going forward.

Abbott filed the *Roche/Bayer* case last August. At the time of that filing, the *Markman* hearing in the previously filed *BD/Nova* cases had already been scheduled for December 14, 2005. The *BD/Nova* cases involve four of Abbott's patents (*i.e.*, the '164, '890, '551, and '745 patents). Only two of those four patents (the '551 and '745 patents) are also being asserted against Roche and Bayer.

All of the parties attended a case management conference on September 7, 2005, and the Court decided that the *Markman* hearing in the *BD/Nova cases* would proceed as scheduled on December 14, 2005 on the two patents only at issue in the *BD/Nova* cases (*i.e.*, the '164 and '890 patents), and also decided that a consolidated *Markman* hearing in both cases would occur later as to the other two patents asserted against all of the defendants in both cases (*i.e.*, the '551 and '745 patents). The parties on both sides of the *BD/Nova* and *Roche/Bayer* cases present at the September case management conference believed that the Court had authorized



Dockets.Justia.com

submission of a maximum of 10 terms for construction at each *Markman* hearing. In other words, the parties understood that, absent leave of Court, only 10 terms could be submitted as to the '164 and '890 patents at the hearing on December 14, 2005, and that only 10 terms could be submitted as to the '551 and '745 patents at the Spring 2006 hearing.

Per the Court's direction, Abbott, Roche, and Bayer met and conferred on a schedule for the new case. The parties stipulated to a schedule (with Becton Dickinson and Nova agreeing to the same *Markman* date for the '551 and '745 patents in that schedule), and Abbott submitted it to the Court on September 22, 2005 (attached). The following day, there was a telephonic hearing, and the Court entered a minute order adopting the schedule (also attached). Under that schedule, the *Markman* briefs on the '551 and '745 patent terms were due on April 7 and 21, and the hearing on these patents in all cases was set for May 10, 2006.

Thereafter, Becton Dickinson, Nova, and Abbott met and conferred and reduced the claim terms in dispute on the '164 and '890 patents that would be heard on December 14, 2005 to ten terms. The briefs have already been filed on these terms, and a tutorial has occurred regarding those two patents. However, the *Markman* hearing in that case has not yet been rescheduled.

Meanwhile, Abbott, Becton Dickinson, Nova, Roche, and Bayer met and conferred on the terms at issue in the '551 and '745 patents and reduced the number of terms on these patents to ten. Another term has recently fallen out so there are currently nine terms in dispute as to the '551 and '745 patents. The parties filed separate joint claim construction statements for the *BD/Nova* case and the *Roche/Bayer* case, but the same nine terms are in dispute in each case. Thus, as to those two patents there are a total of only nine terms in dispute across all cases.

The parties are in receipt of the Court's March 16 order. The parties respectfully request that a telephonic conference be held to clarify the next steps to be taken and what schedule is in place going forward. The parties would like to make sure they understand how the claim terms are to be counted and divided amongst the patents and cases. Additionally, we seek clarification as to whether the May 10 hearing date is still on calendar, and if so, what patents would be at issue at that hearing. The briefing dates pegged to the May 10 date are rapidly approaching, but the March 30 date in the Court's order for new claim construction statements appears to us to be too close to the previously scheduled April 7 filing date for the briefs that had previously been agreed upon.

Additionally, no tutorial has yet taken place for the two patents asserted against all four defendants (Roche and Bayer did not participate in the tutorial the Court held this past week as it was set only in the *BD/Nova* cases). The parties believe that they should be able to

present a tutorial geared to the two patents at issue in their case, and would request that a date be set for such a tutorial.

The parties would appreciate it if Your Honor would propose a time for a telephone conference at the Court's earliest convenience.

Very truly yours,

Wesley E. Overson

Enclosures