Apple Inc. v. Psystar Corporation

Doc. 4063 Att. 2



# Exhibit B

Dockets.Justia.com

ROHIT SINGLA (#213057)
JASON RANTANEN (#229404)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
*Email: rohit.singla@mto.com*
*Email: jason.rantanen@mto.com*

JAMES W. CANNON, JR. (*pro hac vice*)
WILLIAM P. JOHNSON (*pro hac vice*)
BAKER BOTTS, LLP
98 San Jacinto Boulevard
Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2653
Facsimile: (512) 322-8353
*Email: jim.cannon@bakerbotts.com*
*Email: william.johnson@bakerbotts.com*

MARIA WYCKOFF BOYCE (*pro hac vice*)
BAKER BOTTS, LLP
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1922
Facsimile: (713) 229-2722
*Email: maria.boyce@bakerbotts.com*

DAVID G. WILLE (*pro hac vice*)
BAKER BOTTS, LLP
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6595
Facsimile: (214) 661-4595
*Email: david.wille@bakerbotts.com*

Attorneys for Plaintiffs
ABBOTT DIABETES CARE INC.
and ABBOTT LABORATORIES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERASENSE, INC., and ABBOTT LABORATORIES,<br><br>Plaintiffs,<br><br>vs.<br><br>BECTON, DICKINSON AND CO.,<br><br>Defendant. | CASE NO. C04-2123 MJJ<br>CASE NO. C04-3327 MJJ<br>CASE NO. C04-3732 MJJ<br><br>**PLAINTIFFS' PROPOSED CASE MANAGEMENT STATEMENT AND PROPOSED ORDER RELATING SOLELY TO REMAINING CLAIM CONSTRUCTION PROCEEDINGS FOR THE '551 AND '745 PATENTS IN SUIT** |
| AND RELATED CASES | |

## PLAINTIFFS' PROPOSED CASE MANAGEMENT STATEMENT AND PROPOSED ORDER RELATING SOLELY TO REMAINING CLAIM CONSTRUCTION PROCEEDINGS FOR '551 AND '745 PATENTS IN SUIT

Pursuant to the Court's direction at the September 7, 2005 Case Status Conference in this action, Plaintiffs Abbott Diabetes Care Inc., formerly known as TheraSense, Inc., and Abbott Laboratories submit this Case Management Statement and Proposed Order relating solely to the remainder of the claim construction proceedings to be completed on the two patents that will be the subject of the Court's May 10, 2006 Markman hearing.

**Description of the Cases**

These cases involve U.S. Patent Nos. 6,143,164, 5,820,551, 6,592,745, and 5,628,890 (the "Abbott patents"). The products at issue are blood-glucose test strips used for diabetes care, marketed by Becton, Dickinson and Co. ("BD") under a license from Nova Biomedical Corporation ("Nova"). Abbott Diabetes Care Inc., formerly known as TheraSense, Inc., ("ADC") and Abbott Laboratories ("Abbott Labs") (collectively "Abbott") allege that both BD and Nova willfully infringe the Abbott patents, entitling Abbott to damages and injunctive relief. The Defendants allege that they do not infringe the Abbott patents and that the Abbott patents are invalid, thereby entitling Defendants to declaratory judgments of non-infringement and patent invalidity.

The parties have already agreed, and the Court has previously ordered on July 14, 2005, that the claims of the '164 Patent and the '890 Patent will be construed at a claim construction hearing scheduled for December 14, 2005, for the Cases listed above (the "BD/Nova Cases"). The '551 Patent and the '745 Patent are also the subject of a patent infringement suit before this Court in Case No. C05-03117 MJJ (the "Roche/Bayer Case"). The '551 Patent and the '745 Patent for both the BD/Nova Cases and the Roche/Bayer Case will be construed at a claim construction hearing scheduled for May 10, 2006. This Case Management Statement

relates only to the remaining claim construction proceedings for the '551 Patent and the '745 Patent in the BD/Nova Cases, as the parties to the BD/Nova Cases have previously exchanged most of the claim construction submissions for the patents pursuant to the Court's July 14, 2005 Order. All other provisions of the Court's July 14, 2005 Order shall remain in effect.

**Proposed Schedule for Remainder of Claim Construction Proceedings for the '551 Patent and the '745 Patent**
(asterisks indicate dates under Northern District Patent Local Rules)

| Date | Event |
|---|---|
| September 23, 2005 at 1:30 PT | Case Management Conference (via telephone) |
| March 7, 2006 | Deadline for parties to file "Joint Claim Construction and Pre-Hearing Statement" |
| March 28, 2006 | Deadline for completion of discovery related to claim construction |
| April 7, 2006 | Deadline for parties to file opening briefs on claim construction |
| April 21, 2006 | Deadline for parties to file responsive briefs on claim construction |
| May 5, 2006 | Claim construction pre-hearing conference |
| May 10, 2006 at __:__ _.m. | Claim construction hearing |
| 30 days after Court's ruling on claim construction * | a. Deadline for Plaintiffs to serve "Final Infringement Contentions" as required by Patent Local Rule 3-6<br><br>b. Deadline for motions to amend the pleadings or to join other parties. |

| Date | Event |
|---|---|
| 50 days after Court's ruling on claim construction | a. Deadline for Defendants to serve "Final Invalidity Contentions" as required by Patent Local Rule 3-6<br><br>b. Deadline for Defendants to produce opinions of counsel -- if such opinions are to be relied upon to rebut Plaintiffs' claims of willfulness -- as required by Patent Local Rule 3-8<br><br>c. Close of fact discovery |
| 75 days after Court's ruling on claim construction | Deadline to serve initial expert reports on issues as to which a party has the burden of proof |
| 30 days after service of initial expert reports | Deadline to serve rebuttal expert reports |
| 30-day period after service of rebuttal expert reports | Period for conducting expert depositions; at the end of this period, expert discovery is closed |
| 30 days after close of expert discovery | Deadline for filing dispositive motions and supporting briefs |
| 21 days after filing of dispositive motions | Deadline for filing opposition briefs re dispositive motions |
| 14 days after filing of opposition briefs | Deadline for filing reply briefs re dispositive motions |
| 14 days prior to trial | Deadline for filing final pretrial statement |
| At a time convenient for the Court | Trial |

**Proposed Discovery Limitations**

1. Use of Percipient/Expert Testimony at the Claim Construction Hearing:

By March 7, 2006, the deadline for the parties to file the "Joint Claim Construction and Prehearing Statement" as required by Patent Local Rule 4-3, the parties must also notify each other whether they intend to submit percipient and/or expert testimony at the claim construction hearing, and if so, provide a brief description of the substance of each such witness's proposed testimony, so as to allow the other party to determine whether it wishes to depose the witness(es) prior to the hearing. Any party receiving notification that the other party intends to submit

percipient and/or expert testimony at the claim construction hearing will have 10 business days following receipt of such notification to designate a witness or witnesses in rebuttal to such testimony, and will also provide a brief description of the substance of each such witness's proposed rebuttal testimony, so as to allow the other party to determine whether it wishes to depose the witness(es) prior to the hearing.

DATED: September 22, 2005

BAKER BOTTS L.L.P.

James W. Cannon, Jr.

ATTORNEYS FOR PLAINTIFFS ABBOTT DIABETES CARE INC. AND ABBOTT LABORATORIES

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order Relating Solely to Remaining Claim Construction Proceedings for '551 and '745 Patents in Suit is hereby adopted by the Court and the parties are ordered to comply with this Order.

Dated: ____________________ By: ______________________________

Honorable Martin J. Jenkins
UNITED STATES DISTRICT JUDGE